**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § § | Case No. 25-90399 (CML) |
|  | § | **(Joint Administration Requested)** |
| Debtors.[1] | § | **(Emergency Hearing Requested)** |

**EMERGENCY MOTION OF DEBTORS FOR ORDER
(I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED
CREDITOR MATRIX AND A CONSOLIDATED LIST OF 30 LARGEST
UNSECURED CREDITORS AND (B) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION, (II) APPROVING FORM AND MANNER
OF NOTIFYING CREDITORS OF COMMENCEMENT OF CHAPTER 11
CASES AND OTHER INFORMATION, AND (III) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:00 A.M. (PREVAILING CENTRAL TIME) ON OCTOBER 1, 2025.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **THE DEBTORS HAVE REQUESTED THAT A HEARING BE CONDUCTED ON THIS MATTER ON OCTOBER 1, 2025, AT 9:00 A.M. (PREVAILING CENTRAL TIME).**
>
> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1-832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGELOPEZ." CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

### Relief Requested

1. By this motion (the "**Motion**"), pursuant to sections 107(c)(1)(A) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007(a)(1) and (d) and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9013-1(d) and 9037-1(b) of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the Debtors request entry of an order (i) authorizing the Debtors to (a) file a consolidated creditor matrix (the "**Consolidated Creditor Matrix**") and a consolidated list of the Debtors' thirty (30) largest unsecured creditors (the "**Consolidated Top 30 Creditors List**"), and (b) redact certain personally identifiable information of individual employees, directors, managers, interest holders, contractors, creditors, and any other individuals who may be parties in interest in these chapter 11 cases; (ii) approving the form and manner of notifying creditors of the commencement of these chapter 11 cases and other information; and (iii) granting related relief.

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Background**

3.  On September 24, 2025, Global Assets LLC and 12 of the Debtors in the above-captioned chapter 11 cases each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code. Commencing on September 28, 2025 (the "**Petition Date**"), First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

4.  Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules.

5.  Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"),[2] filed contemporaneously herewith and incorporated herein by reference.

**Jurisdiction and Venue**

6.  The Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

**Relief Requested Should be Granted**

A.    **Consolidated Creditor Matrix**

7.    Bankruptcy Rule 1007(a)(1) requires a debtor to file with its voluntary chapter 11 petition "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H." Fed. R. Bankr. P. 1007(a)(1). Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors. Such relief is permitted by the *Procedures for Complex Cases in the Southern District of Texas*.

B.    **Consolidated Top 30 Creditors List**

8.    Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Fed. R. Bankr. P. 1007(d). In complex chapter 11 cases filed in the Southern District of Texas, the lead debtor in a jointly administered complex case must "file a single, consolidated list of unsecured creditors on Official Form 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors." *See Procedures for Complex Cases in the Southern District of Texas*, Rule 14(a). Because a significant number of creditors may be shared between the Debtors, the Debtors request authority to file the Consolidated Top 30 Creditors List for all Debtors. The Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service. For the avoidance of doubt, the Debtors are not requesting authority in this Motion to (i) file consolidated schedules of assets and liabilities and statements of financial affairs or (ii) substantively consolidate the Debtors.

**C.     Redaction of Certain Personally Identifiable Information of Individuals**

9.     Section 107(c)(1)(A) of the Bankruptcy Code provides that "the [Court], for cause, may protect an individual . . . to the extent the court finds that disclosure of such information would create undue risk of identity theft," with respect to "[a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]." 11 U.S.C. § 107(c)(1)(A).  Bankruptcy Local Rule 9037-1(b) further authorizes the redaction of certain personally identifiable information of the Debtors' employees and other individuals.

10.     In addition, the European General Data Protection Regulation (the "**EU GDPR**"), and similar laws in other countries in which the Debtors and their affiliates operate, impose significant constraints on the processing (which includes the transferring or disclosure of) information relating to identified or identifiable individuals (which includes names and home addresses of individuals).  The EU GDPR applies to all organizations processing such information in the context of an establishment in a European Economic Area member state. Violators of the EU GDPR risk severe penalties, including the imposition of fines.  *See* General Data Protection Regulation (EU) 2016/679, art. 83(5).

11.     Here, cause exists to authorize the Debtors to redact (i) names, addresses, email addresses, and any other personally identifiable information of the Debtors' current and former individual employees, directors, managers, interest holders, contractors, creditors, and any other individuals who may be parties in interest in these chapter 11 cases, and (ii) any other information required to be redacted pursuant to applicable law, including the EU GDPR, from the Consolidated Creditor Matrix, the Consolidated Top 30 Creditors List, and any other documents, including affidavits of service and schedules of assets and liabilities and statements of financial affairs, filed or to be filed with the Court in these chapter 11 cases.  Such information could be used to, among other things, perpetrate identity theft, and poses potential safety concerns.

Additionally, such disclosure risks violating the EU GDPR to the extent applicable, which could expose the Debtors to potential civil liability and significant financial penalties.

        12.      The Debtors propose to provide, upon request, unredacted versions of the Consolidated Creditor Matrix, Consolidated Top 30 Creditors List, and any other applicable documents to (i) the Court, (ii) the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"), and (iii) counsel to any official committees appointed in these chapter 11 cases.

**D.**      **Service of Notice of Commencement of These Chapter 11 Cases**

        13.      Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases. Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code." Fed. R. Bankr. P. 2002(a)(1). Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

        14.      The Debtors, through Kroll Restructuring Administration LLC ("**Kroll**"), their proposed claims and noticing agent, propose to serve the notice of commencement substantially in the form attached as **Exhibit 1** to the Proposed Order (the "**Notice of Commencement**") to all parties entitled to notice of commencement of these chapter 11 cases, to advise them of commencement of these chapter 11 cases and the section 341 meeting of creditors. Service of the Notice of Commencement on the Consolidated Creditor Matrix will not only prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Consolidated Creditor Matrix but also preserve judicial resources and prevent creditor confusion through the efficient service of critical

information. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and proper in these chapter 11 cases.

15. In addition, the Debtors propose to publish, within seven days after entry of the Proposed Order or as soon as practicable thereafter, the Notice of Commencement once in the national edition of *The New York Times*. The Debtors submit that publication of the Notice of Commencement in the manner set forth herein is the most practical method by which to notify creditors and other parties in interest who do not receive the Notice of Commencement by mail of the commencement of these chapter 11 cases, and constitutes an efficient use of the estates' resources.

16. For the foregoing reasons, the relief requested is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these chapter 11 cases.

## Bankruptcy Rule 6003(a) Has Been Satisfied

17. Pursuant to Bankruptcy Local Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003. Bankruptcy Rule 6003(a) provides that, to the extent relief is needed to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting a motion to "use, sell, or lease property of the estate, including a motion to pay all or a part of a claim that arose before the petition was filed" or a motion to "incur any other obligation regarding the property of the estate" prior to 21 days after the Petition Date. Fed. R. Bankr. P. 6003(a). As explained above and in the First Day Declaration, the Debtors would suffer immediate and irreparable harm if the relief sought herein is not promptly granted. Accordingly, the Debtors submit that the relief requested herein is needed to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

**Reservation of Rights**

18. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors or any liens satisfied pursuant to this Motion, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (vi) a waiver of the obligation of any party in interest to file a proof of claim, or (vii) an approval, assumption, or rejection of any unexpired lease or executory contract under section 365 of the Bankruptcy Code.  The Debtors expressly reserve all rights with respect to the foregoing matters.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

**Notice**

19. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

**No Previous Request**

20. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 29, 2025
       Houston, Texas

       /s/ Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: gabriel.morgan@weil.com
       clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (*pro hac vice* pending)
Sunny Singh (*pro hac vice* pending)
Andriana Georgallas (*pro hac vice* pending)
Kevin Bostel (*pro hac vice* pending)
Jason H. George (*pro hac vice* pending)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: matt.barr@weil.com
       sunny.singh@weil.com
       andriana.georgallas@weil.com
       kevin.bostel@weil.com
       jason.george@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

I hereby certify that on September 29, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                  */s/ Clifford W. Carlson*
                                                  Clifford W. Carlson