**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| **Debtors.**[1] | § | |

**MOTION OF DEBTORS FOR ORDER
EXTENDING TIME TO FILE (I) SCHEDULES OF ASSETS AND LIABILITIES,
(II) STATEMENTS OF FINANCIAL AFFAIRS, AND (III) RULE 2015.3 REPORTS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN 21 DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN 21 DAYS FROM THE DATE THIS MOTION WAS FILED.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases  (collectively, the "**Debtors**"), respectfully represent as follows:

### Relief Requested

1.      By this motion (the "**Motion**"), pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007(c), 2015.3, and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an order extending the deadlines by which the Debtors must file their (i) schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules and Statements**") and

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

(ii) initial reports of financial information with respect to entities in which their chapter 11 estates hold a controlling or substantial interest, as set forth in Bankruptcy Rule 2015.3 (the "**2015.3 Reports**"), in each case through and including November 21, 2025, without prejudice to the Debtors' ability to request additional extensions for cause shown.

2.  A proposed form of order granting the relief requested herein is annexed hereto as **<u>Exhibit A</u>** (the "**Proposed Order**").

<u>**Background**</u>

3.  On September 24, 2025, Global Assets LLC and 12 of the Debtors in the above-captioned chapter 11 cases each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  Commencing on September 28, 2025 (the "**Petition Date**"), First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

4.  Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

5.  Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions and First*

2

*Day Relief* (the "**First Day Declaration**"),[2] filed contemporaneously herewith and incorporated herein by reference.

## Jurisdiction and Venue

6.      The Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested Should be Granted

**A.      Cause Exists to Extend Time to File Schedules and Statements**

7.      Section 521(a) of the Bankruptcy Code requires a debtor to file schedules of assets and liabilities and statements of financial affairs unless the Court orders otherwise. 11 U.S.C. § 521(a)(1)(A)–(B).  These schedules and statements must be filed within 14 days after the petition date unless the bankruptcy court grants an extension of time "on motion for cause shown."  Fed. R. Bankr. P. 1007(c).

8.      Good and sufficient cause exists for granting an extension of the Debtors' deadline to file their Schedules and Statements.  To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to creditor claims, as well as the Debtors' assets, executory contracts, and unexpired leases.  This information is voluminous.  Collecting the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professionals in the near term, when these resources would be best used to ensuring a smooth transition into chapter 11 and addressing the immediate needs of the Debtors' business operations.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

9. The Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules and Statements. Given the amount of work entailed in completing the Schedules and Statements and the competing demands on the Debtors' limited number of employees with relevant knowledge and expertise, the Debtors may not be able to complete the Schedules and Statements properly and accurately within the required time period.

10. The Debtors, therefore, request that the Court extend the deadline for the Debtors to file the Schedules and Statements through and including November 21, 2025, without prejudice to the Debtors' right to request further extensions, for cause shown.

**B.      Cause Exists to Extend the Time to File the 2015.3 Reports**

11. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven (7) days before the date set for the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. Bankruptcy Rule 9006(b)(1) provides the Court with the ability to enlarge the period of time to file the 2015.3 Reports "for cause." Bankruptcy Rule 2015.3(d) also provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available." Fed. R. Bankr. P. 2015.3(d).

12. The Debtors consist of 112 separate entities, many of which hold a substantial or controlling interest in another entity within the meaning of Bankruptcy Rule 2015.3. These entities include complex and sizeable businesses, some of which operate overseas. Cause exists to extend the deadline for filing the 2015.3 Reports as requested herein based on (i) the size

4

and complexity of the Debtors' businesses and (ii) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

13. Extending the deadline for the initial Rule 2015.3 Reports also will enable, to the extent necessary, the Debtors to work with their financial advisors and the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") to determine the appropriate nature and scope of the 2015.3 Reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors respectfully request that the Court grant, for cause shown, an extension of the time by which the Debtors must either file their initial Rule 2015.3 Reports or file a motion with the Court seeking appropriate modifications of such reporting requirements through and including November 21, 2025, without prejudice to the Debtors' right to request further extensions for cause shown.

**<u>Reservation of Rights</u>**

14. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors or any liens satisfied pursuant to this Motion, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (vi) a waiver of the obligation of any party in interest to file a proof of claim, or (vii) an approval, assumption, or rejection of any unexpired lease or executory contract under section 365 of the Bankruptcy Code. The Debtors expressly reserve all rights with respect to the foregoing matters. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to

the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## Notice

16. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  September 29, 2025
       Houston, Texas

     */s/  Clifford W. Carlson*
     WEIL, GOTSHAL & MANGES LLP
     Gabriel A. Morgan (24125891)
     Clifford W. Carlson (24090024)
     700 Louisiana Street, Suite 3700
     Houston, Texas 77002
     Telephone:  (713) 546-5000
     Facsimile:  (713) 224-9511
     Email:  gabriel.morgan@weil.com
          clifford.carlson@weil.com

     -and-

     WEIL, GOTSHAL & MANGES LLP
     Matthew S. Barr (*pro hac vice* pending)
     Sunny Singh (*pro hac vice* pending)
     Andriana Georgallas (*pro hac vice* pending)
     Kevin Bostel (*pro hac vice* pending)
     Jason H. George (*pro hac vice* pending)
     767 Fifth Avenue
     New York, New York 10153
     Telephone:  (212) 310-8000
     Facsimile:  (212) 310-8007
     Email:  matt.barr@weil.com
          sunny.singh@weil.com
          andriana.georgallas@weil.com
          kevin.bostel@weil.com
          jason.george@weil.com

     *Proposed Attorneys for Debtors*
     *and Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on September 29, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson