United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 01, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | § § § | Case No. 25-90399 (CML) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § | |

**ORDER (I) AUTHORIZING DEBTORS TO (A) PAY
PREPETITION WAGES, SALARIES, EMPLOYEE BENEFITS, AND
OTHER OBLIGATIONS AND (B) CONTINUE COMPENSATION AND BENEFITS
PROGRAMS IN ORDINARY COURSE, AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated September 29, 2025 (the "**Motion**"),[2] of First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) pay Workforce Compensation Obligations and Employee Benefit Obligations and related expenses, fees, and costs attendant to the foregoing, and (b) maintain, and continue to honor and pay amounts with respect to the Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Date and as such may be modified or supplemented in the ordinary course of business; and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction and authority to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon consideration of the First Day Declaration; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Debtors are authorized, subject to the limitations herein, but not directed, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code, to (a) pay the Workforce Obligations, and (b) maintain, and continue to honor and pay amounts with respect to the Debtors' business practices, programs, and policies for their employees as such were in effect as of the Petition Date and as such may be modified or supplemented in the ordinary course of business, in the Debtors' discretion, and without the need for further Court approval; *provided that* the Debtors may not materially modify, alter, amend, terminate or implement the Workforce Compensation Obligations without the consent of the Required Lenders (as defined in the DIP Orders (as defined below)).

2. The Debtors are authorized, but not directed, to make any payments on account of the 2024 Discretionary Bonuses and to continue the Bonus Program postpetition;

*provided, however*, that this Order does not authorize the Debtors to satisfy obligations on account of the Bonus Program owed to Insiders.

3. Before honoring any prepetition Workforce Compensation Obligations that exceed the priority amounts set forth in sections 507(a)(4) and (a)(5) of the Bankruptcy Code for any Employee, the Debtors shall provide five (5) business days' advance notice to the U.S. Trustee, the Ad Hoc Group, and any statutory committee appointed in these chapter 11 cases that identifies (a) the title of the claimant, (b) the amount of the payment to such claimant, and (c) the proposed payment date; *provided*, that if the U.S. Trustee, the Required Lenders, or any statutory committee objects to such payment, the Debtors shall not make such payment in excess of the priority caps set forth in sections 507(a)(4) and 507(a)(5) without further order of the Court or written consent from the U.S. Trustee, the Required Consenting Lenders, or any statutory committee, as applicable.

4. The Debtors are further authorized, but not directed, to pay prepetition amounts due and owing in connection with the Supplemental Workforce Obligations and to continue to pay the Supplemental Workforce and Staffing Agencies for such services postpetition, as needed.

5. The Debtors are authorized, but not directed, to continue the Non-Insider Severance programs on a postpetition basis in the ordinary course of business and consistent with historical practice; *provided*, that nothing in this Order shall be deemed to authorize the payment of any amounts to Insiders under the Non-Insider Severance program.

6. The Debtors shall maintain a matrix of amounts paid related to the prepetition Non-Insider Severance made subject to the terms and conditions of this Order (the "**Employee Matrix**"), including the following information: (i) the title of the payee; (ii) the date and amount of the payment; (iii) the category of payment; and (iv) the Debtor or Debtors that

made the payment. The Debtors shall provide a copy of the Employee Matrix on a confidential basis to the U.S. Trustee and on a professionals' eyes only basis to any statutory committee appointed in these chapter 11 cases and the Ad Hoc Group by the last day of each month beginning on the last day of the first full month following the Petition Date. The Debtors shall not be required to file or publish the Employee Matrix.

7. The Debtors shall not make any payments to any Insider that would violate or permit the violation of 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any bonus or severance obligations to or on behalf of any Insider without further order of this Court. Notwithstanding the foregoing, nothing in this Order shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time or shall constitute a determination by the Court as to whether any individual entitled to payment pursuant to this Order is an Insider.

8. Neither this Order, nor any payments made by the Debtors pursuant to the Motion or this Order, shall be deemed to change the classification of any claim or to in any way change the rights or create new rights of any member of the Workforce or any other person, including, without limitation, the creation of any right to payment entitled to administrative expense priority pursuant to sections 503 and 507 of the Bankruptcy Code.

9. Each of the Banks at which the Debtors maintain their accounts relating to the payment of the Workforce Obligations are authorized to (i) receive, process, honor, and pay all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by or on behalf of the Debtors, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or electronic funds or automated clearing house transfers should be honored or dishonored

in accordance with this or any other order of this Court, whether such checks, drafts, wires, or electronic funds or automated clearing house transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

10. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds or automated clearing house transfers, and to replace any prepetition checks or electronic fund or automated clearing house transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

11. Nothing in the Motion or this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors or any liens satisfied pursuant to this Order, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (vi) a waiver of the obligation of any party in interest to file a proof of claim, or (vii) an approval, assumption, or rejection of any unexpired lease or executory contract under section 365 of the Bankruptcy Code.

12. Notwithstanding anything to the contrary contained in the Motion or this Order, any payment made or to be made pursuant to the authority granted herein, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or the Debtors' use of cash collateral (such orders,

the "**DIP Orders**") and any budget in connection with any use of cash collateral and/or postpetition debtor-in-possession financing authorized therein (subject to any permitted variances). To the extent there is any inconsistency between the terms of the DIP Orders and any action taken or proposed to be taken under this Order, the terms of the DIP Orders shall control. Nothing in the Motion or this Interim Order shall constitute a waiver or substitution of any consent right required under the DIP Orders.

13. The requirements of Bankruptcy Rule 6003(a) have been satisfied.

14. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

15. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

17. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  October 01, 2025

_____
Christopher Lopez
United States Bankruptcy Judge