## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIRST BRANDS GROUP, LLC**, *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |
| | § | |

## STIPULATION AND AGREED ORDER REGARDING PROCEDURES
## WITH RESPECT TO THE BENEFICIAL OWNERSHIP OF
## EQUITY INTERESTS IN THE DEBTORS

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) Patrick James, individually, Mayfair Enterprises, LLC, a Delaware limited liability company, Aztec Corporation, an Ohio corporation, and Brake Parts Holdings, Inc., a Delaware corporation (together with their successors and assigns, the "**Equity Holders**") and (ii) First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and together with the Equity Holders, the "**Parties**"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on September 24, 2025, Global Assets LLC and 12 debtor affiliates filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") with the Bankruptcy Court for the Southern District of Texas, Houston division (the "**Bankruptcy Court**");

**WHEREAS**, On September 28, 2025 (the "**Petition Date**"), First Brands Group, LLC

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

and 98 debtor affiliates each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court;

WHEREAS, First Brand Group, LLC is indirectly wholly-owned by First Brands Group Holdings, LLC ("**Holdings**");

WHEREAS, Holdings is directly or indirectly wholly-owned by the Equity Holders and, as of the date hereof, Patrick James directly owns all of the equity interests in the other Equity Holders;

WHEREAS, a number of the Debtors are treated as corporations for U.S. federal and applicable state and local tax purposes and have significant beneficial tax attributes (the "**Tax Attributes**") that are valuable assets of the applicable Debtor's estates, including net operating loss carryforwards ("**NOLs**"), disallowed interest expense carryforwards and certain other tax attributes.  The Debtors estimate that, as of December 31, 2024, the corporate Debtors collectively have U.S. federal tax NOLs of around $380 million, a portion of which is subject to prior limitations; and

WHEREAS, sections 382 and 383 of title 26 of the United States Code (the "**Tax Code**") limit a corporation's use of its NOLs, tax credits and certain other tax attributes to offset future income or tax after that corporation has undergone an ownership change ("**Ownership Change**").  Pursuant to section 382 of the Tax Code, an Ownership Change generally occurs when the percentage of a corporation's equity held (directly or by attribution) by one or more 5-percent shareholders (and certain groups of less-than-5% shareholders) increases by more than 50 percentage points above the lowest percentage of ownership owned by such holder(s) at any time during the relevant testing period (usually three-years).  In addition, an Ownership Change can occur with respect to a corporation where any person or group of persons constituting a "50-percent

shareholder" of such corporation within the meaning of section 382(g)(4)(D) of the Tax Code claims a worthlessness deduction in respect of its direct or indirect ownership in such corporation;

**IT IS HEREBY STIPULATED AND ORDERED THAT**

1.      To preserve the potential value of the Tax Attributes and ensure that the Debtors receive the full benefits of the automatic stay, no Equity Holder will take, without the Debtors' prior written consent or the prior approval of the Court, any action that could cause a Debtor to undergo an Ownership Change, substituting "35 percentage points" for "50 percentage points" (a "**Restricted Action**").

2.      For the avoidance of doubt, the following actions shall be treated as Restricted Actions:

A.   The sale or transfer, in whole or in part, directly or through attribution (without regard to the rule that disregards the ownership of stock attributed to another person), of any portion of its beneficial ownership in any equity interests (including any interests treated as equity for U.S. federal income tax purposes, including any options to acquire an equity interest) in a Debtor or any of its subsidiaries by an Equity Holder that could cause a Debtor to undergo an Ownership Change.

B.   The claiming of a worthlessness deduction, in whole or in part, with respect to any equity interests in a Debtor or in any entity that holds, directly or by attribution (without regard to the rule that disregards the ownership of stock attributed to another person), any equity interests in a Debtor.

3. For the avoidance of doubt, the following actions shall not be treated as Restricted Actions:

    A. The contribution by Mayfair Enterprises, LLC, of its interest in any of its wholly owned subsidiaries to a new wholly-owned subsidiary of Mayfair Enterprises, LLC.

    B. Any election to treat any such new subsidiary as a corporation for U.S. federal income tax purposes.

    C. Any transfers of interests in any such new subsidiary or any Equity Holder among the Equity Holders (so long as Patrick James continues to own, directly or through attribution, all of the equity interests in Holdings).

Dated: _____, 2025

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY:**

On behalf of the Debtors:

Dated:  October 2, 2025

 /s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
            clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
            sunny.singh@weil.com
            andriana.georgallas@weil.com
            kevin.bostel@weil.com
            jason.george@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*

On behalf of the Equity Holders:

Dated:  October 2, 2025

 /s/  Erica S. Weisgerber
DEBEVOISE & PLIMPTON LLP
M. Natasha Labovitz (admitted *pro hac vice*)
Erica S. Weisgerber (admitted *pro hac vice*)
Matthew J. Sorensen (admitted *pro hac vice*)
Christopher R. Ceresa (admitted *pro hac vice*)
66 Hudson Boulevard
New York, NY 10001
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836
Email:   nlabovitz@debevoise.com
            eweisgerber@debevoise.com
            mjsorensen@debevoise.com
            crceresa@debevoise.com

-and-

JONES WALKER LLP
Sean T. Wilson (24077962)
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810
Email: swilson@joneswalker.com


*Attorneys for Equity Holders*

**<u>Certificate of Service</u>**

I hereby certify that on October 2 , 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


*/s/  Clifford W. Carlson*
Clifford W. Carlson