# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | § § | Case No. 25-90399 (CML) |
| Debtors.¹ | § § § | (Jointly Administered) |

### ORDER GRANTING RAISTONE PURCHASING LLC – SERIES XXXII'S MOTION FOR THE APPOINTMENT OF AN EXAMINER PURSUANT TO SECTION 1104(c) OF THE BANKRUPTCY CODE

Upon the *Raistone Purchasing LLC – Series XXXII'S Motion for the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* (the "Motion")[2]; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been provided and no further notice being needed; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, it is hereby **ORDERED THAT**

1. The Motion is hereby granted as set forth herein.

2. The United States Trustee (the "U.S. Trustee") is directed, in consultation with Raistone, the Debtors and other parties in interest, to appoint a disinterested examiner (the "Examiner") in accordance with 11 U.S.C. § 1104(d).

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms not defined herein shall have the same meaning(s) as ascribed to them in the Motion.

2

3. The Examiner shall conduct a full investigation (the "Examiner Investigation") on the following topics (the "Investigation Topics"), report on the Investigation, and provide the recommendations as authorized and required under 11 U.S.C. § 1106(a)(3) and (4), except to the extent this Court orders otherwise:

- a. An investigation into potential claims and causes of action that may exist in favor of one or more of the Debtors, including with respect to current and former members of the governing bodies of the Debtors as well as current and former affiliates, equity holders, officers, and other insiders of the Debtors;

- b. An investigation into matters relating to the Debtors' prepetition factoring and other off-balance sheet financing processes;

- c. An investigation into the $2.3 billion that has accrued with respect to Third-Party Factoring arrangements as of the Petition Date and an accounting and tracing of the disposition of such amounts and potential recovery; and

- d. An accounting of Third-Party Factoring arrangements as of the Petition Date to determine the factor that owns such account factored receivables that (i) may have been paid to the Debtors prior to the Petition Date, but are unaccounted for and (ii) are received by the Debtors after the Petition Date

4. The Examiner, Raistone, the Debtors, any official committee appointed pursuant to 11 U.S.C. § 1102 (a "Committee"), the U.S. Trustee, and other parties in interest shall have the right to petition this Court to further expand the scope of the Investigation, if during the Investigation other relevant matters are revealed which the Examiner, Raistone, the Debtors, any Committee, the United States Trustee or other parties in interest believe should be brought to the attention of this Court; provided that, for the avoidance of doubt, any such expanded scope shall be subject to this Court's further approval.

5. The Examiner shall have access to the books and records of the Debtors concerning all matters related to the subjects of the Examiner Investigation, and the Examiner shall be allowed to examine the officers, employees, and corporate representatives of the Debtors with respect to all matters related to the subjects of the Examiner Investigation.

6. The Debtors shall pay the reasonable costs and expenses of the Examiner. The Examiner is authorized to retain counsel, financial advisers, and such other professionals if she or he determines that such retention is necessary to assist the Examiner with the Examiner Investigation, with such retention being subject to this Court's approval under 11 U.S.C. § 327. The Examiner shall be entitled to appear at hearings and be heard with respect to matters that are within the Examiner's duties, including extension of deadlines associated with the Examiner Investigation.

7. The Examiner shall be granted 90 days to complete the Investigation and submit the findings of the Examiner Investigation to this Court, and will be allowed reasonable extensions upon written request as is necessary for the Examiner to complete a full and fair investigation.

8. The Debtors, including the directors, managers, officers, and employees of the Debtors, and all affiliates, subsidiaries, and other companies under the control of the Debtors must:

   a. cooperate fully with the Examiner in connection with the Examiner's performance of duties;

   b. subject to any claim of privilege recognized by the federal courts, provide the Examiner all documents, discovery responses, testimony and other information that the Examiner deems relevant to the discharge of the Examiner's duties under this Order; and

   c. to the maximum extent possible, proceed with such discovery informally without requiring compliance with the time limits prescribed in the Federal Rules of Bankruptcy Procedure.

9. The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for the expenses pursuant to any procedures for interim compensation and reimbursement of expenses of professionals that are established in the above-captioned chapter 11 cases. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. §§ 330 and 331, and compensation and reimbursement of the

5

Examiner's professionals shall be determined pursuant to the standards equivalent to those set forth in 11 U.S.C. §§ 330 and 331.

10. Nothing in this Order shall impede the rights of the U.S. Trustee, the Debtors, the Examiner, Raistone, or any other party in interest to seek (or oppose) any other relief from this Court.

11. This Court shall retain jurisdiction over any matters arising from or relating to the implementation or interpretation of this Order.

Dated: _____, 2025
      Houston, Texas

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE