IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | § § § | Case No. 25-90399 (CML) |
|  | § § | (Jointly Administered) |
| Debtors.[1] | § |  |

**MOTION OF DEBTORS TO ESTABLISH
PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN 21 DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN 21 DAYS FROM THE DATE THIS MOTION WAS FILED.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

**Relief Requested**

1. By this motion (the "**Motion**"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the Debtors request entry of an order establishing an orderly and regular process

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

for the monthly allowance and payment of compensation and reimbursement of expenses for professionals whose retentions are approved by the Court pursuant to section 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 328, 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a).

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Background

3. On September 24, 2025 (the "**Petition Date**"), Global Assets LLC and 12 of the Debtors in the above-captioned chapter 11 cases each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code. Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

4. On October 9, 2025, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (Docket No. 313) (the "**Creditors' Committee**").

5. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

6. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth

in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22) (the "**First Day Declaration**"),[2] and is incorporated herein by reference.

### Jurisdiction and Venue

7. The Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Retention of Professionals

8. Given the size and complex nature of these chapter 11 cases, the Debtors require the assistance of a number of professionals to efficiently manage these proceedings. Accordingly, the Debtors have filed or shortly will file separate applications with the Court to employ and retain a number of professionals, including (i) Weil, Gotshal & Manges LLP, as attorneys to represent them in these chapter 11 cases, (ii) Lazard Frères & Co. LLC, as investment banker, (iii) Alvarez & Marsal North America, LLC, as financial advisor, (iv) Ernst & Young LLP, as tax advisor, and (v) Hilco Valuation Services, LLC, as appraiser (collectively, the "**Debtors' Professionals**"). The Debtors may also need to retain additional professionals in connection with the administration of these chapter 11 cases.[3]

9. The Debtors believe that establishing orderly procedures to pay the Debtors' Professionals, as well as attorneys and other professionals whose retentions are approved by the Court, including professionals retained by the Creditors' Committee, and that will be required to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

[3] The Debtors intend to file a motion pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code seeking authority to employ certain professionals used in the ordinary course of business (each, an "**Ordinary Course Professional**"). Ordinary Course Professionals will not be subject to the Interim Compensation Procedures. In addition, the Debtors have retained Kroll Restructuring Administration LLC ("**Kroll**"), as claims, noticing, and solicitation agent. Kroll is likewise not subject to the Interim Compensation Procedures.

3

file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code (collectively, with the Debtors' Professionals, the "**Retained Professionals**"), will streamline the administration of these chapter 11 cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all parties in interest. A streamlined process for serving interim fee applications and notices thereof will facilitate efficient review of the Retained Professionals' fees and expenses while saving the Debtors unnecessary copying and mailing expenses.

**Proposed Compensation and Reimbursement Procedures**

10. The Debtors propose that the payment of compensation and reimbursement of expenses of Retained Professionals be structured as follows (the "**Interim Compensation Procedures**"):

(i) On or before the **last day of each month** following the month for which compensation is sought, or as soon as is reasonably practicable thereafter, each Retained Professional seeking compensation shall send a monthly statement, reasonably detailed indicating the nature of the services rendered and expenses incurred (the "**Monthly Statement**"), by email to the following parties:

(a) the Debtors, c/o First Brands Group, LLC, 127 Public Square, Suite 5300, Cleveland, OH 44114 (Attn: Charles M. Moore, Chief Restructuring Officer (cmoore@alvarezandmarsal.com));

(b) proposed counsel for the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, TX 77002 (Attn: Gabriel A. Morgan, Esq. (gabriel.morgan@weil.com) and Clifford W. Carlson, Esq. (clifford.carlson@weil.com)) and 767 Fifth Avenue, New York, NY 10053 (Attn: Matthew S. Barr, Esq. (matt.barr@weil.com), Sunny Singh, Esq. (sunny.singh@weil.com), Andriana Georgallas, Esq. (andriana.georgallas@weil.com), Kevin Bostel, Esq. (kevin.bostel@weil.com), and Jason H. George, Esq. (jason.george@weil.com));

(c) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002 (Attn: Jayson B. Ruff, Esq. (jayson.b.ruff@usdoj.gov));

(d) counsel for the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg (Sgreenberg@gibsondunn.com), Stephen D. Silverman (Ssilverman@gibsondunn.com), AnnElyse Scarlett Gains (Agains@gibsondunn.com), and Katharine E. Scott (Kscott@gibsondunn.com)); and

(e) counsel for the Creditors' Committee.

(each, a "**Fee Notice Party**" and, collectively, the "**Fee Notice Parties**").

Any Retained Professional that fails to submit a Monthly Statement for a particular month or months may subsequently submit a consolidated Monthly Statement that includes a request for compensation earned or expenses incurred during previous months.

(ii) Each Fee Notice Party shall have 14 days after delivery of a Monthly Statement to review it. Upon expiration of such 14-day period, the Debtors are authorized and directed to pay the Retained Professional an amount (the "**Actual Monthly Payment**") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Statement (the total amount requested being the "**Maximum Monthly Payment**") that are not subject to an objection pursuant to subparagraph (iii) below.

(iii) If a Fee Notice Party objects to a Monthly Statement, the objecting party shall, within 14 days after delivery of the Monthly Statement, deliver via email a written notice upon the respective Retained Professional and each of the other Fee Notice Parties (the "**Notice of Objection to Monthly Statement**") setting forth with reasonable detail the nature of the objection and the amount at issue. Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after delivery of the Notice of Objection to Monthly Statement, the objecting party shall file its objection (the "**Objection**") with the Court within three (3) business days and serve such Objection on the respective Retained Professional and each of the other Fee Notice Parties. Thereafter, the Retained Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the amount in dispute pursuant to the Objection (the "**Disputed Amount**") or (ii) forgo payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties.

(iv) Beginning with the period ending December 31, 2025, and at three-month intervals thereafter (each, an "**Interim Fee Period**"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an interim fee application (each, an "**Interim Fee Application**") for payment of compensation and reimbursement of expenses sought in the Monthly Statements served during such Interim Fee Period and prepared in accordance with the Interim Compensation Procedures. Each Interim Fee Application shall consist of (i) the Complex Case Fee Application Coversheet, the form of which is located on the Court's website, (ii) a copy of the invoices for the Interim Fee Period (if hourly) or a calculation of the fee due for the Interim Fee Period (if non-hourly), unless already included in the applicable Monthly Statements, (iii) an itemized list of expenses for which reimbursement is requested (if not contained in the copies of the invoices), unless already included in the applicable Monthly Statements, (iv) a narrative discussion, (v) a summary of the Monthly Statements that are the subject of such Interim Fee Application, (vi) the amount of fees and expenses paid to date or subject to objection, (vii) the deadline for parties to file objections, and (viii) a proposed order in the form located on the Court's website. Fee Notice Parties shall have 21 days after service of an Interim Fee Application, which service may be by email, to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including December 31, 2025. Notwithstanding anything to the contrary in the Interim Compensation Procedures, a Retained Professional may file a fee application in accordance with any procedures established by a chapter 11 plan filed in these cases and confirmed by the Court.

(v) Retained Professionals shall file their Interim Fee Applications on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period; *provided* that the failure to file an Interim Fee Application on such date shall not be the basis for objection to or disallowance of the fees and expenses of any Retained Professional.

(vi) The Debtors will request that the Court consider the Interim Fee Applications once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(vii) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses

under these Interim Compensation Procedures, unless otherwise ordered by the Court.

11. The Debtors request that the Court limit service of Monthly Statements, Interim Fee Applications, and final fee applications (each, a "**Final Fee Application**" and, together with the Interim Fee Applications, the "**Applications**") to the Fee Notice Parties. The Debtors further request that all other parties that have filed a notice of appearance and requested notice of pleadings in these chapter 11 cases shall be entitled to receive only notice of hearings on the Applications (the "**Hearing Notices**"). Serving the Applications and the Hearing Notices in this manner will permit the parties most active in these chapter 11 cases to review and object to the Retained Professionals' fees and will save unnecessary duplications and mailing expenses.

## Relief Requested Should Be Granted

12. Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Section 331 of the Bankruptcy Code provides in relevant part as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. *Id.* § 105(a). Thus, the Court has ample authority to enter an order authorizing the Interim Compensation Procedures requested herein.

7

13. The proposed Interim Compensation Procedures would enable the Debtors to monitor closely the costs of administration, forecast cash flows, and implement efficient cash management procedures. They would also allow the Court and key parties in interest, including the U.S. Trustee, to ensure the reasonableness and necessity of the compensation and reimbursement requested.

14. For the foregoing reasons, the relief requested is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in these chapter 11 cases. Accordingly, the Court should establish the Interim Compensation Procedures.

## Notice

15. Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

16. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated:  October 15, 2025
       Houston, Texas

    /s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
       clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
       sunny.singh@weil.com
       andriana.georgallas@weil.com
       kevin.bostel@weil.com
       jason.george@weil.com

*Proposed Attorneys for Debtors
and Debtors in Possession*

## Certificate of Service

      I hereby certify that on October 15, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                      */s/ Clifford W. Carlson*
                                                      Clifford W. Carlson