## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **FIRST BRANDS GROUP, LLC**, *et al.*, | § | Case No. 25-90399 (CML) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

## APPLICATION OF DEBTORS FOR
## AUTHORITY TO RETAIN AND EMPLOY
## WEIL, GOTSHAL & MANGES LLP AS ATTORNEYS
## FOR DEBTORS EFFECTIVE AS OF PETITION DATE

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN 21 DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN 21 DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

### Relief Requested

1. By this Application, pursuant to sections 327(a), 328(a), 329, and 504 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

of Texas (the "**Bankruptcy Local Rules**"), the Debtors request entry of an Order (i) authorizing the retention and employment of Weil, Gotshal & Manges LLP ("**Weil**" or the "**Firm**") as attorneys for the Debtors effective as of the Petition Date (as defined herein) and (ii) granting related relief.

2.     The Debtors request that the Court approve the retention of Weil, under a general retainer, as their attorneys to perform the extensive legal services that will be required during these chapter 11 cases in accordance with Weil's normal hourly rates in effect when services are rendered and normal reimbursement policies.  In support of this Application, the Debtors submit the declaration of Matthew S. Barr, a partner of Weil, which is attached hereto as **Exhibit A** (the "**Barr Declaration**"), and the declaration of Charles M. Moore, which is attached hereto as **Exhibit B** (the "**Moore Declaration**").

3.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

## Background

4.     On September 24, 2025 (the "**Petition Date**"), Global Assets LLC and 12 of the Debtors in the above-captioned chapter 11 cases each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5.      On October 9, 2025, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (Docket No. 313) (the "**Creditors' Committee**").

6.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

7.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22) (the "**First Day Declaration**"),[2] incorporated herein by reference.

## Jurisdiction and Venue

8.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested Should Be Granted

9.      Section 327(a) of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]."  11 U.S.C. § 327(a).

10.      Employment of Weil, effective as of the Petition Date, is warranted under the circumstances of these chapter 11 cases.  Weil has provided, and will continue to provide, services valuable to the Debtors' prosecution of these chapter 11 cases.  *See, e.g.*, *In re Triangle*

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

*Chems, Inc.*, 697 F.2d 1280, 1288–89 (5th Cir. 1983) (indicating that bankruptcy courts have the power to enter an order authorizing the employment of an advisor to the debtor effective as of the petition date); *In re Arkansas Co.*, 798 F.2d 645, 648 (3d Cir. 1986) ("[T]he bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power.") (collecting cases). Further, Bankruptcy Local Rule 2014-1(b)(1) provides that an application for approval of the employment of a professional made within 30 days of the commencement of that professional's provision of services is deemed contemporaneous. Nonetheless, the Debtors are requesting approval effective as of the Petition Date out of an abundance of caution.

### Weil's Qualifications

11.     Since August 5, 2025, Weil has been advising the Debtors in connection with, among other things, their evaluation of potential strategic alternatives to preserve and maximize the Company's enterprise value and address their balance sheet and liquidity challenges. Most recently, Weil has assisted the Debtors in prepetition negotiations with the Debtors' key economic stakeholders, conducting an investigation into potential claims and causes of action that may be held by the Debtors, securing debtor-in-possession financing and use of cash collateral and provided services necessary to prepare for, and commence, these chapter 11 cases. In the process, Weil has become intimately familiar with the Debtors' capital structure and operations, as well as with the key stakeholders in these chapter 11 cases.

12.     As a result of its prepetition engagement and in conjunction with their work preparing the Debtors for a chapter 11 filing, Weil possesses an in-depth knowledge of the Debtors' capital structure and has gained additional insight into the current condition of the Debtors' industry, business, and operations. Since its engagement, Weil has been extensively

involved in, among other things, (i) negotiations with the Debtors' key stakeholders, (ii) analyzing strategic alternatives with respect to the Debtors' capital structure and restructuring, (iii) conducting an investigation, review, and analysis, on behalf of the independent Special Committee, of potential claims and causes of action that may be held by the Debtors, including, among others, with respect to the Company's prepetition factoring practices and off-balance sheet financing, (iv) securing and negotiating the terms of the debtor-in-possession financing and use of cash collateral with the Ad Hoc Group, the prepetition ABL Lenders, and four off-balance sheet lenders to certain of the SPV Debtors, and (v) preparing for the commencement and prosecution of these chapter 11 cases. Accordingly, the Debtors believe Weil is uniquely situated with the necessary background to address the potential legal issues that may arise in the context of the Debtors' chapter 11 cases.

13.     The Debtors have selected Weil as their attorneys because of the Firm's extensive general experience and knowledge, including Weil's recognized expertise in the field of debtors' protections, creditors' rights, and the administration of cases under chapter 11 of the Bankruptcy Code. For example, Weil currently represents or has represented, among others, the following debtors and their affiliates: Valves and Controls US, Inc.; TPI Composites, Inc.; Everstream Solutions LLC; Broadway Realty I Co., LLC; AIO US, Inc.; DRF Logistics, LLC; Mobileum, Inc.; Steward Health Care System LLC; Cano Health Inc.; Terraform Labs Pte. Ltd.; Air Methods Corporation; Western Global Airlines, Inc; PacificCo Inc.; Serta Simmons Bedding, LLC; Core Scientific, Inc.; Kabbage, Inc.; Phoenix Services Topco, LLC; VIVUS, Inc.; SAS AB; Talen Energy Supply, LLC; Ruby Pipeline; L.L.C.; All Year Holdings Ltd.; ORG GC Midco, LLC; CBL & Associates Properties, Inc.; Tenrgys LLC; Evergreen Gardens Mezz LLC; Basic Energy Services, Inc.; Norwegian Air Shuttle ASA; Utex Industries, Inc.; Fieldwood Energy LLC;

Briggs & Stratton Corporation, et al.; Brooks Brothers Group, Inc.; NPC International, Inc.; CEC Entertainment, Inc.; Chisholm Oil and Gas Operating, LLC; 24 Hour Fitness Worldwide; Skillsoft Corporation; Exide Technologies, LLC; Gavilan Resources, LLC; Chinos Holdings, Inc.; SpeedCast International Limited; RentPath Holdings, Inc.; Fairway Group Holdings Corp.; Kingfisher Midstream LLC; EP Energy Corporation; Halcon Resources Corporation; Syncreon Automotive (UK) Ltd.; Insys Therapeutics, Inc.; Fusion Connect, Inc.; CTI Foods, LLC; Ditech Holding Corporation; PG&E Corporation and Pacific Gas and Electric Company; Checkout Holding Corp.; Waypoint Leasing Holdings Ltd.; LBI Media, Inc.; The Nordam Group, Inc.; Southeastern Grocers, LLC; Claire's Stores, Inc.; and Tops Holding Company LLC.

14.     The Debtors have been informed that Gabriel A. Morgan and Clifford W. Carlson, partners of Weil, as well as other attorneys of Weil who will be employed in these chapter 11 cases, are members in good standing of, among others, the Bar of the State of Texas and the United States District Court for the Southern District of Texas.

15.     Accordingly, Weil is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and effective manner.

## Scope of Services

16.     The employment of Weil under a general retainer, and in accordance with its normal hourly rates and disbursement policies in effect from time to time, is appropriate and necessary to enable the Debtors to execute faithfully their duties as debtors and debtors in possession and to prosecute these chapter 11 cases.  Subject to further order of this Court, it is proposed that Weil be employed to render the following professional services:

> a.     take all necessary actions to protect and preserve the value of the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of

disputes in which the Debtors are involved, and the preparation of objections to claims filed against the Debtors' estates;

b.   prepare on behalf of the Debtors, as debtors in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtors' estates;

c.   take all necessary actions in connection with the investigation, review, analysis, and prosecution, on behalf of the independent Special Committee, of potential claims and causes of action that may be held by the Debtors;

d.   take all necessary actions in connection with any value-maximizing transaction the Debtors may pursue, any chapter 11 plan and related disclosure statement and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates; and

e.   perform all other necessary legal services in connection with the prosecution of these chapter 11 cases; *provided, however*, that to the extent Weil determines that such services fall outside of the scope of services historically or generally performed by Weil as lead debtors' counsel in a bankruptcy case, Weil will file a supplemental declaration.

17.   In an effort to preserve and maximize the value of the Debtors' assets, including their ownership in direct and indirect non-Debtor subsidiaries, Weil's services may include counsel to or related to such non-Debtor subsidiaries. Such services will be billed under a separate task code.

18.   It is necessary for the Debtors to employ attorneys to render the foregoing professional services. Weil has stated its desire and willingness to act in these chapter 11 cases and render the necessary professional services as attorneys for the Debtors.

19.   In addition to this Application, the Debtors have filed, or expect to file shortly, applications to employ: (i) Kroll Restructuring Administration LLC, as claims and noticing agent and solicitation agent; (ii) Lazard Frères & Co. LLC, as investment banker; (iii) Alvarez & Marsal North America, LLC ("**Alvarez & Marsal**"), as financial advisor; (iv) Ernst & Young LLP, as tax advisor; and (v) Hilco Valuation Services, LLC, as appraiser. The

Debtors may also file applications to employ additional professionals, in connection with the administration of these chapter 11 cases and the Debtors' ordinary course operations.

20.     As described in the Barr Declaration, Weil will work with the Debtors' other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtors in these chapter 11 cases to prevent duplication of services and ensure these chapter 11 cases are administered in the most efficient fashion possible.  The efficient coordination of efforts of the Debtors' attorneys and other professionals will greatly add to the progress and effective administration of these chapter 11 cases.

## Weil's Disinterestedness

21.     To the best of the Debtors' knowledge, the partners of, counsel to, and associates of Weil do not have any connection with, or any interest adverse to, the Debtors, their creditors, or any other party-in-interest, or their respective attorneys and accountants, except as may be set forth in the Barr Declaration.

22.     Based upon the Barr Declaration, the Debtors believe that Weil is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that Weil will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new material relevant facts or relationships are discovered, Weil will supplement its disclosure to the Court.

## Professional Compensation

23.     As set forth in the Barr Declaration, for the 90 days prior to the Petition Date, Weil received payments and advances in the aggregate amount of $9,036,921.12 for professional services performed and to be performed, including the commencement and

prosecution of these chapter 11 cases.  Weil has a remaining credit balance in favor of the Debtors for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with these chapter 11 cases in the amount of $69.68 (the "**Fee Advance**").[3]

24.     The Debtors understand and have agreed that Weil hereafter will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**Fee Guidelines**"), and any further orders of the Court (the "**Orders**") for professional services performed and expenses incurred after the Petition Date.

25.     Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Orders, and the Fee Guidelines, the Debtors propose to compensate Weil for services rendered at its customary hourly rates that are in effect from time to time, as set forth in the Barr Declaration, and to reimburse Weil according to its customary reimbursement policies.  The Debtors respectfully submit that Weil's rates and policies stated in the Barr Declaration are reasonable.

## Notice

26.     Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

---

[3]     In addition to, and separate and apart from, the Fee Advance, Weil also holds retainers from Debtor Global Assets GmbH and certain non-debtor subsidiaries of the Debtors (each, an "**Entity**") in the aggregate amount of $685,000, which retainers remain the property of each respective Entity.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 22, 2025
      Cleveland, Ohio

**FIRST BRANDS GROUP, LLC**
(and each of its debtor affiliates as Debtors and Debtors in Possession)

_____
Name: Charles M. Moore
Title:  Interim Chief Executive Officer

**<u>Certificate of Service</u>**

I hereby certify that on October 22, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson
