IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**MOTION OF FIBRA NOVA**
**MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)**

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay modified, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**

**Represented parties should act through their attorney. There will be a hearing on this matter on November 18, 2025, at 10.00 A.M. in Courtroom 402, 515 Rusk, Houston, TX 77002.**

Banco Actinver, Sociedad Anónima, Institución de Banca Múltiple, Grupo Financiero Actinver, División Fiduciaria, as Trustee of the Irrevocable Management Trust, with Reversion Rights, identified with number 3078 ("Fibra Nova") by and through its undersigned counsel, respectfully submits this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A**, seeking to modify the automatic stay in the chapter 11 cases of the above-captioned debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a) and 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), (i) to the extent necessary, to permit Fibra Nova to seek relief against the Lessee (as

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

defined below); (ii) direct the Debtors to cause the Lessee to surrender and vacate the Leased Property (as defined below); and (iii) granting related relief. In support of this Motion, Fibra Nova respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 362(d) of the Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## BACKGROUND

### A. Relevant Case Background

3. On September 24, 2025 (the "Initial Debtors' Petition Date"), Global Assets LLC and 12 affiliated debtors each filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code and on September 28, 2025 (the "Other Debtors' Petition Date" and together with the Initial Debtors' Petition Date, the "Petition Date"), each other Debtor filed a voluntary petition for relief with the Court under the Bankruptcy Code commencing these chapter 11 cases (collectively the "Chapter 11 Cases").

4. Upon information and belief, the Debtors remain in possession of their property and continue to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are procedurally consolidated and jointly administered in accordance with Bankruptcy Rule 1015(b).

B. **Lease and Corporate Guaranty**

5. FRAM Group Operations Mexicali, S.A. De C.V., a non-debtor entity, (the "First Lessee") and Fibra Nova, as the Lessor, entered into that certain lease agreement dated May 17, 2024 (the "Lease") with respect to a plot of land with a surface area of approximately 63,126.37 square meters (approximately 679,485.91 square feet) located at Artemio de la Vega Verdayes #4281, Parque Industrial Bafar I, Ciudad Juarez, Chihuahua, Mexico (the "Leased Property"). The Lease was assigned by the First Lessee to Subensambles Internacionales, S. de R.L. de C.V., a non-debtor entity, (the "Lessee") by entering into an assignment agreement dated June 6, 2024, in accordance with the assignment requirements under the Lease (the "Assignment Agreement").

6. Subsequently, Debtor FRAM Group Operations, LLC (the "FRAM Group") and Fibra Nova entered into a corporate guaranty dated June 5, 2024 (ratified on June 6, 2024, the "Corporate Guaranty") pursuant to which FRAM Group, as Guarantor, unconditionally and irrevocably guaranteed the punctual payment of all rents and other amounts due and owing to Fibra Nova under the Lease and the prompt performance of all terms, conditions, covenants and agreements contained in the Lease.

7. Under Paragraph 7 of clause 5 of the Lease, the Lessee is required to pay the rent in monthly installments during the first ten (10) working days of each month of the Lease Term (as defined therein) or any of its extensions. However, the Lessee has systematically been late in the payment of the rent since January 1, 2025 (when the first rent payments were due under the Lease) and is in violation of the terms of the Lease (including failure to pay rent payments that are due and payable under the Lease).

8. On June 24, 2025, and September 10, 2025, Fibra Nova sent two demand letters (collectively, the "Demand Letters") to FRAM Group, requesting that it cure certain defaults in accordance with the terms of the Lease and Corporate Guaranty. The Demand Letters notified

3

FRAM Group that the Lessee had failed to pay rent for months of June, July, August and September resulting in amounts due and owing of approximately (1) $877,744.68 in rent; and (2) $164,447.54 in other charges – principally electric utility charges – due under the Lease. The Lessee is not a debtor in these Chapter 11 Cases, therefore, on information and belief, the Lease is not part of the Debtors' estates, and the Corporate Guaranty does not grant the Debtors any other interest in the Lease other than an obligation for punctual payment and performance of the terms of the Lease. Fibra Nova files this Motion and seeks modification of the automatic stay out of an abundance of caution to ensure that its actions against the Lessee to evict the Lessee, terminate the Lease and take control of the Leased Property do not in any way contravene the automatic stay in these Chapter 11 Cases.

## RELIEF REQUESTED

9. By this Motion, Fibra Nova respectfully seeks entry of an order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code, to the extent necessary, so that Fibra Nova can seek relief against the Lessee, including, but not limited to, evicting Lessee, terminating the Lease and taking control of the Leased Property and direct the Debtors to cause the Lessee to surrender and vacate the Leased Property.

## BASIS FOR RELIEF

**A. The Automatic Stay Should be Modified for Cause**

10. Section 362(d) of the Bankruptcy Code provides, in part, that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

4

>    (2) with respect to a stay of an act against property under subsection (a) of this section if—
>
>    (A) the debtor does not have an equity in such property; and
>
>    (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d)(1) and (2).

11. The term "cause" is not defined in the Bankruptcy Code and "is a broad and flexible concept which permits a bankruptcy court, as a court of equity, to respond to inherently fact-sensitive situations. *See In re Mirant Corp.*, 440 F.3d 238, 254 (5th Cir. 2006); *Scripps GSB I, LLC v. A Partners, LLC (In re A Partners, LLC)*, 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006) (*citing In re Indian River Estates, Inc.*, 293 B.R. 429, 433 (Bankr. N.D. Ohio 2003) (citing *In re Texas State Optical, Inc.*, 188 B.R. 552, 556 (Bankr. E.D. Tex. 1995)); *Reitnauer v. Texas Exotic Feline Found (In re Reitnauer)*, 152 F.3d 341, 343 n.4 (5th Cir. 1998). Bankruptcy courts are given broad discretion to fashion relief from the automatic stay and their orders lifting the automatic stay are reviewed only for abuse of discretion. *Marable v. Bank of New York Mellon*, 557 B.R. 521, 526 (E.D. Tex. 2016).

12. Courts in this district have held that a debtor's post-petition failure to make a payment is sufficient cause to justify relief from the stay. *See e.g. Marable,* 557 B.R. at 526-27 (*citing In re Hernandez,* No. 11-31893-H3-13, 2011 Bankr. LEXIS 2432, 2011 WL 2515980, at *3 (Bankr. S.D. Tex. June 22, 2011)) (A debtor's failure to make payments constitutes cause for granting a motion for relief from stay); *In re Ramos*, 540 B.R. 580, 594 (Bankr. N.D. Tex. 2015) ("[T]he court acknowledges that many cases come before it in which a debtor has missed post-petition mortgage payments and is confronted with a motion to lift stay from his or her mortgage lender at some point midway through her Chapter 13 plan. The stay is often lifted.") (emphasis omitted).

13. Given that "cause" for relief provides this Court with flexibility and is fact intensive, Fibra Nova maintains that the following facts for cause for relief is appropriate: (1) the Lessee is not a Debtor in these Chapter 11 Cases; (2) the Debtors do hold an interest in the Lease or the Leased Property therefore, upon information and belief, the Lease is not an asset of the Debtors' estates; (3) the Corporate Guaranty does not grant Debtor FRAM Group an interest in the Lease other than performance and payment obligations; (4) if relief is granted, Fibra Nova expects that the eviction of the Lessee from the Leased Property will have minimal interference with these Chapter 11 Cases.

14. Fibra Nova does not seek a modification of the stay to bring an action against the Debtors, including Debtor FRAM Group. Instead, Fibra Nova seeks a modification of the stay out of an abundance of caution to take action against the Lessee, a non-debtor entity and take control of the Leased Property to protect and preserve its value. Lessee has failed to pay the rent due and owing under the Lease resulting in an accrual of unpaid rent totaling $877,744.68 and Lessee continues to occupy the Leased Property. Further, the Lessee has accrued $164,447.54 in other charges relating to utility services consumed by the Lessee which it has also failed to pay. The failure to pay rent and other charges for the Leased Property is a breach of the terms of the Lease by the Lessee. Fibra Nova is considering taking certain actions against the Lessee as permitted under the Lease and local nonbankruptcy law. Such actions against the Lessee, a non-Debtor, should not interfere with the Debtors' Chapter 11 Cases.

15. Upon information and belief, the Lease is not property of the Debtors' estates as the Debtors are not party to the Lease. The Lessee has breached the terms of the Lease by failure to pay rent and other charges, including utilities, therefore, under the terms of the Lease, Fibra Nova is entitled to exercise all remedies available to it under the Lease and nonbankruptcy law.

6

Further, it is imperative that Fibra Nova take these actions in order to protect the value of the Leased Property so that the Lessee's neglect of its utility payments under the Lease does not cause any form of damage to the infrastructure of the Leased Property.

16. Although Debtor Fram Group has certain obligations in relation to the Lease pursuant to the Corporate Guaranty, this would not, in and of itself indicate that the Lease is part of the Debtors' estates. *Statesboro Mall, LLC v. Green (In re Green)*, 504 B.R. 675, 679 (Bankr. S.D. Ga. 2014) ("Debtor was not a party to the Lease….. Although the Debtor was responsible for the Tenant's performance as guarantor, the Debtor's liability was based upon the Guaranty, not an 'unexpired lease' within the meaning of § 365."). Under the Corporate Guaranty, Debtor FRAM Group is required to ensure punctual payment of all rents and other amounts due and owing to Fibra Nova under the Lease and prompt performance of all terms, conditions, covenants and agreements contained in the Lease. The Corporate Guaranty only contains obligations due and owing by FRAM Group to Fibra Nova, there is no performance due in return by Fibra Nova, therefore, the Corporate Guaranty is likely a non-executory contract in these Chapter 11 Cases. Further, the Corporate Guaranty does not contain any terms which grant the Debtors any other interest in the Lease other than an obligation for punctual payment and performance of the terms of the Lease.

17. Upon information and belief, the Lessee is a shell entity that is directly or indirectly controlled by Debtor FRAM Group. In light of the Lessee's material breaches of its obligations under the Lease, it is both appropriate and necessary that this Court enter an order directing Debtor FRAM Group to cause the Lessee to surrender and vacate the Leased Property forthwith. Given FRAM Group's control over the Lessee, such relief is warranted to ensure effective enforcement of the remedies under the Lease against a non-debtor entity and to prevent further

prejudice arising from the Lessee's continued occupancy and violation of its contractual obligations under the Lease. The Lessee is not entitled to claim, invoke, or otherwise derive any rights, privileges, or protections conferred upon, or available to, its affiliates in connection with these Chapter 11 Cases.

18. Accordingly, out of an abundance of caution, modification of the automatic stay is appropriate under the circumstances and it is appropriate for this Court to enter an order directing Debtor FRAM Group to cause the Lessee to surrender and vacate the Leased Property.

B. **The Court should grant relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(2) as the Debtors have no equity in the Lease and it is not necessary to an effective reorganization.**

19. The automatic stay may also be terminated with respect to property if a debtor does not have equity in the property and the property is not necessary for an effective reorganization. See 11 U.S.C. § 362(d)(2). Upon information and belief, the Debtors do not have an interest in the Lease, therefore, the Lease is not part of the Debtors' estates and the Debtors have no equity in the Lease.

20. Once the movant under section 362(d)(2) establishes that the debtor has no equity in the property, the burden then shifts to the debtor to prove that the property at issue is essential for an effective reorganization that is in prospect. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 375-76 (1998). Accordingly, 11 U.S.C. § 362(d)(2) further justifies modification of the automatic stay.

**CERTIFICATE OF CONFERENCE**

21. Fibra Nova certifies that prior to filing this Motion an attempt was made to confer with Debtors' counsel by email, by the following person on the following date and time: Jamila Justine Willis on October 14, 2025. An agreement could not be reached.

8

## **NOTICE**

22. Notice of this Motion has been provided to: (a) the Debtors and counsel for the Debtors; (b) the U.S. Trustee; (c) Subensambles Internacionales, S. de R.L. de C.V.; and (d) all parties having filed requests for notices in the Debtors' Chapter 11 Cases.  Fibra Nova submits that such notice constitutes good and sufficient notice of this Motion and all proceedings to be held thereon, and that no other or further notice need be given.

## **NO PRIOR REQUEST**

23. No prior request for the relief sought herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, Fibra Nova respectfully requests entry of an order substantially in the form attached to this Motion as **Exhibit A**, (i) permitting Fibra Nova to seek relief against the Lessee, (ii) directing the Debtors to cause the Lessee to surrender and vacate the Leased Property; and (iii) granting Fibra Nova such other and further relief as the Court deems just and proper.

Dated: October 23, 2025　　　　　　　　　　Respectfully submitted,
Dallas, Texas

**DLA PIPER LLP (US)**

By: */s/ Jason Hopkins*
**DLA Piper LLP (US)**
Jason Hopkins (Texas Bar No. 24059969)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4546
Facsimile: (214) 743-4545
Email: jason.hopkins@us.dlapiper.com

- and –

Jamila Justine Willis (*pro hac vice* pending)
Malithi P. Fernando (*pro hac vice* pending)
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: jamila.willis@us.dlapiper.com
　　　　malithi.fernando@us.dlapiper.com

*Counsel to Fibra Nova*

## **CERTIFICATE OF SERVICE**

I, Jason Hopkins, Esq., hereby certify that on October 23, 2025, a true and correct copy of the foregoing Motion was served via CM/ECF on all parties who are registered to receive e-filing notifications in this case.

　　　　　　　　　　　　　　　　　　　　*/s/ Jason Hopkins*
　　　　　　　　　　　　　　　　　　　　Jason Hopkins (Texas Bar 24059969)