**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | Case No. 25-90399 (CML) |
| Debtors. | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF M3 ADVISORY**
**PARTNERS, LP, AS FINANCIAL ADVISOR, EFFECTIVE AS OF OCTOBER 15, 2025**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") of First Brands Group, LLC and its affiliated debtors (collectively, the "Debtors") hereby files this application (the "Application") for the entry of an order, pursuant to sections 328(a), 330 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for the entry of an order, substantially in the form as attached as **Exhibit A** (the "Proposed Order"), (i) authorizing

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

the Committee to retain and employ M3 Advisory Partners, LP ("M3"), as financial advisor to the Committee in the Debtors' chapter 11 cases (the "Chapter 11 Cases"), effective as of October 15, 2025; and (ii) granting certain related relief.  In support of the Application, the Committee submits the declaration of Robert Winning (the "Winning Declaration"),[2] attached hereto as **Exhibit B** and incorporated herein by reference.  In support of the Application, the Committee respectfully represents as follows:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over the Chapter 11 Cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The relief requested is consistent with the U.S. Trustee Guidelines.  The Committee confirms its consent to the entry of a final order with respect to this Application if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

2.      Venue of the Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 328, 330, and 1103(a) Bankruptcy Code.  Relief is also proper pursuant to Bankruptcy Rules 2014 and 2016,

---

[2]      Consistent with paragraph 2 of the *Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix and a Consolidated List of 30 Largest Unsecured Creditors and (B) Redact Certain Personally Identifiable Information, (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information, and (III) Granting Related Relief* [Docket No. 193], M3 has redacted the names of individual employees, directors, managers, interest holders, contractors, creditors, and any other individuals who may be parties in interest in these Chapter 11 Cases and identified on **Schedule 1** and **Schedule 2** to the Winning Declaration.  An unredacted copy of this Application is being filed under seal and will be served on the Debtors and the Office of the United States Trustee.

Local Rules 2014-1 and 2016-1, and the *Procedures for Complex Cases in the Southern District of Texas*, effective January 1, 2023.

### Background

4.     On September 24, 2025 (the "Petition Date"), Global Assets LLC and 12 of the Debtors in the above-captioned Chapter 11 Cases each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.     The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Bankruptcy Local Rules. *See* Docket No. 9.

6.     On October 9, 2025, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed a nine-member Committee consisting of: (i) First-Citizens Bank & Trust Company; (ii) Motion Industries; (iii) Napier Park Global Capital (US) LP; (iv) Pension Benefit Guaranty Corporation; (v) Raistone Purchasing LLC-Series XXVIII; (vi) Yusin Brake Corporation; (vii) Fasanara Capital; (viii) Transend Logistics, LLC; and (ix) T.H.I. Group (Shanghai) LTD.  *See* Docket No. 313.  The Committee selected Raistone Purchasing LLC-Series XXVIII as the chairperson of the Committee.

7.     On October 13, 2025, the Committee selected Brown Rudnick LLP ("Brown Rudnick") as its lead counsel and Cole Schotz as its efficiency and local counsel.  On October 15, 2025, the Committee selected M3 as its financial advisor.  On October 21, 2025, the Committee selected Ducera Partners LLC as its investment banker.

8.      M3 began rendering services to the Committee immediately following its selection by the Committee.

## **Relief Requested**

9.      By this Application, the Committee respectfully requests that the Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, pursuant to sections 328(a), 330, and 1103(a) of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, authorizing the Committee to employ and retain M3 as its financial advisor in accordance with the terms and conditions set forth in this Application.  The Committee has selected M3 in furtherance of the efficient administration of the estates on behalf of the Committee.  The Committee seeks to retain M3 effective as of October 15, 2025, in accordance with Local Rule 2014-1 because M3 began providing services to the Committee as of such date.  The Committee believes that such retention is appropriate in these Chapter 11 Cases because the Committee required M3's assistance in providing services to the Committee since October 15, 2025.

## **M3's Qualifications**

10.      M3 is a nationally recognized financial advisory firm that has a wealth of experience in providing turnaround and restructuring advisory services and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

11.      M3 is well-qualified to serve as a financial advisor to the Committee.  On a combined basis, M3's senior professionals have worked on hundreds of restructurings as chief restructuring officer, advisor, principal, or independent director.  In doing this, M3 and its professionals have assisted and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to the Debtors' Chapter 11 Cases, as well as in some of the most significant cases in recent years.  **See,**

4

*e.g.*, *In re Everstream Solutions LLC*, No. 25 90144 (CML) (Bankr. S.D. Tex.); *In re Zen JV, LLC*, No. 25-11195 (JKS) (Bankr. D. Del.); *In re Party City Holdco Inc.*, No. 24-90621 (ARP) (Bankr. S.D. Tex.); *In re Zachary Holdings, Inc.*, No. 24-90377 (MI) (Bankr. S.D. Tex.); *In re Hornblower Holdings LLC*, No. 24-90061 (MI) (Bankr S.D. Tex.); *In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del.); *In re Barretts Minerals Inc.*, No. 23-90794 (MI) (Bankr S.D. Tex.); *In re Appharvest Products, LLC*, No. 23-90745 (DRJ) (Bankr S.D. Tex.); *In re Sorrento Therapeutics, Inc.*, No 23-90085 (DRJ) (Bankr S.D. Tex.); *In re Celsius Network* LLC, No. 22-10964 (MG) (Bankr. S.D.N.Y.); *In re Neiman Marcus Group LTD LLC,* No. 20-32519 (DRJ) (Bankr. S.D. Tex); *In re J. C. Penney Company, Inc.,* No 20-20182 (DRJ) (Bankr. S.D. Tex.); *In re Sanchez Energy Corporation, et al.*, No. 19-34508 (MI) (Bankr. S.D. Tex.); *In re Sears Holdings Corporation*, No. 18-23538 (RDD) (Bankr. S.D.N.Y.).

12.     The Committee seeks to retain M3 to provide financial advisory and bankruptcy consulting services to the Committee, as further detailed below.  The Committee is familiar with the professional standing and reputation of M3.  The Committee understands and recognizes that M3 has a wealth of experience in providing financial advisory services in restructurings and reorganizations across the United States and that its deep experience makes it highly qualified to perform the services required by the Committee in these cases.  M3 is recognized for providing its services in a cost-effective, efficient, and timely manner and has been performing such services for the Committee since October 15, 2025.

### Services to be Provided

13.     Subject to approval of this Court, M3 is expected to render, among other services, the following services to the Committee:

> a.     reviewing and analyzing the Debtors' operations, financial condition, business plan, strategy, retentions, outstanding

indebtedness and liabilities, and historical and go-forward operating forecasts;

b. assisting the Committee in evaluating any proposed debtor-in-possession financing or use of cash collateral;

c. reviewing the Debtors' cash management and intercompany accounting systems, practices, and procedures, as necessary;

d. advising the Committee in assessing the Debtors' executory contracts, including the impact of any assumption or rejection of contracts;

e. assisting and advising the Committee in connection with strategies to maximize recoveries for unsecured creditors;

f. assisting the Committee in evaluating, structuring, and negotiating the terms and conditions of the proposed plan of reorganization, or any alternative plan/transaction;

g. assisting the Committee in its analysis of the Debtors' plan of reorganization and related disclosure statement;

h. assisting the Committee and its legal counsel on any investigations of any acts or omissions of the Debtors, any of their stakeholders, or any third-parties relating to the Debtors;

i. analyzing the Debtors' assets and liabilities;

j. identifying and/or reviewing potential preference payments, fraudulent conveyances, alter ego, breach of duty, aiding and abetting and other causes of action each individual Debtor's estate may hold, including by providing forensic accounting advisory services as requested;

k. assisting in the evaluation of any asset sale process, including historical and projected financial and operational information provided (or to be provided) to prospective bidders, assessing potential buyers, and evaluating terms, conditions, and impact of any asset sale transactions proposed by the Debtors;

l. assisting in the evaluation of any potential financial statement adjustments, quality of earnings or other reports, or potential carve-outs;

m.   reviewing and evaluating pleadings filed with the Court, as appropriate;

n.   providing testimony, as required, in any proceeding before this Court; and

o.   providing other services incidental and ancillary to the foregoing and such other services as M3 and the Committee shall otherwise agree in writing.

### Professional Compensation

14.   Bankruptcy Code section 328(a) provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

15.   Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, M3 proposes to render its services on an hourly fee basis according to its standard and customary hourly rates for 2025 in effect when the services are rendered, which currently are as follows:

| Professional | Standard Rate |
|---|---|
| Managing Partner | $1,500 |
| Senior Managing Director | $1,390 |
| Managing Director | $1,150 - $1,290 |
| Senior Director | $1,120 |
| Director | $940 - $1,060 |
| Vice President | $840 |
| Senior Associate | $725 |
| Associate | $615 |
| Analyst | $500 |

16.   To the extent M3 uses the services of independent contractors (the "Contractors") in these Chapter 11 Cases, M3 shall: (a) pass through the cost of such Contractors to the Debtors at the same rate that M3 pays the Contractors; (b) seek reimbursement for actual out-of-pocket

expenses only; (c) ensure that the Contractors are subject to the same conflict checks and disclosures as required for M3, and (d) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

17.     From time to time in the normal course of business, M3 may adjust its billing rates upon notice to the Creditors Committee (with it being understood that M3 customarily adjusts its billing rates at the start of each calendar year and the rates set forth above reflect the adjustment made at the start of 2025).

18.     M3 and the Committee expressly reserve their rights pursuant to section 1129(a)(9)(A) of the Bankruptcy Code for M3 to receive the full amount of compensation based on the foregoing notwithstanding the terms of any cash collateral order or secured financing order now or hereafter entered in these Chapter 11 Cases providing for a limitation on the amount of fees payable to M3 for specified or general purposes.

19.     M3 will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, meals (out-of-town and local overtime), duplicating, research, messenger, and telephone charges.

20.     M3 will maintain detailed records of fees and expenses incurred in connection with the rendering of the financial advisory services described above, in accordance with applicable rules.

21.     In light of the foregoing, the Committee believes that M3's fee structure is reasonable, market-based, and designed to fairly compensate M3 for its work in these Chapter 11 Cases and to cover fixed and routine overhead expenses.

**<u>Disinterestedness; Lack of Adverse Interest</u>**

22.     To the best of the Committee's knowledge and based on the Winning Declaration, the Committee submits that M3 is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14).  The Committee submits that M3 currently neither holds nor advises any interest adverse to the Debtors' estates or the Committee, except as set forth in the Winning Declaration.  Further, except as set forth in the Winning Declaration, M3 has no connection with any Debtor, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

23.     M3 will not, while employed by the Committee, advise any other entity in connection with the Debtors' Chapter 11 Cases which has an adverse interest to the Debtors.

24.     The Committee has been informed that M3 is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise.  To the extent that M3 discovers any connection with any interested party or enters into any new relationship with any interested party, M3 will promptly supplement its disclosure to the Court.

25.     The Committee submits that the employment of M3 on the terms and conditions set forth herein is in the best interests of the Debtors, their creditors, the Committee and all parties in interest.

**<u>Indemnification</u>**

26.     M3 requests that the Debtors indemnify, hold harmless and pay the reasonable out-of-pocket legal or other expenses of M3 or any of its affiliates, partners, officers, directors, shareholders, agents, employees or controlling persons (collectively, the "<u>Indemnified Parties</u>") under certain circumstances, as described more specifically in **<u>Exhibit C</u>** hereto (the "<u>Indemnification Provisions</u>").

27.     Financial advisors seek indemnification for a variety of reasons.  The performance of M3's responsibilities require the exercise of professional judgment regarding difficult business and financial issues, as to which many persons may have diverse financial interests.  M3 intends to rely on the accuracy and completeness of the financial information and other information to be provided by the Debtors and third parties.  The Committee notes that, in the event an Indemnified Party acts with gross negligence or willful misconduct, the estates will be entitled to recover amounts paid pursuant to the Indemnification Provisions.

28.     The Committee and M3 believe that the proposed Indemnification Provisions are customary and reasonable for financial advisory engagements, both out-of-court and in chapter 11 proceedings.  Similar indemnification arrangements have been approved and implemented in other large chapter 11 cases, including in this district.

29.     The proposed Indemnification Provisions are also consistent with the standards that normally govern trustees and committees in chapter 11 cases.  *See Sherr v. Winkler*, 552 F.2d 1367, 1375 (10th Cir. 1977) (holding that a trustee is "(a) not liable, in any manner, for mistake in judgment where discretion is allowed, (b) liable personally only for acts determined to be willful and deliberate in violation of his duties and (c) liable, in his official capacity, for acts of negligence."); *In re Chi. Pac. Corp.*, 773 F.2d 909, 915 (7th Cir. 1985) (bankruptcy trustee can be personally liable only "for a willful and deliberate violation of his fiduciary duties"); *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 752–53 (4th Cir. 1993) (collecting cases).  Members of creditors' committees are also protected from liability in the absence of gross negligence.  *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000).  In fact, the Third Circuit has held that professionals employed by creditors' committees similarly should be protected from liability in the absence of gross negligence.  *Id*.

10

30.     For these reasons, indemnification agreements are common market practice, both inside and outside of bankruptcy cases, and it is the standard practice for firms like M3 to obtain indemnities of the kind outlined above.

## Basis for Relief

31.     By this Application, the Committee requests that the Court approve the compensation arrangements set forth herein pursuant to Bankruptcy Code sections 328(a), 330, and 1103(a).  The compensation arrangements are highly beneficial to the Debtors' estates as they provide the proper inducement for M3 to act expeditiously and prudently with respect to the matters for which it will be employed.  The compensation of M3 shall be subject to the standard of review only as set forth in Bankruptcy Code section 328 and not subject to any other standard of review; *provided*, *however*, that the U.S. Trustee shall retain the right to review M3's compensation based on the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

32.     The Committee has specifically selected M3 to serve as its financial advisor because of its extensive experience in advising parties in interest in large chapter 11 cases.

33.     Pursuant to Bankruptcy Code section 328(a), the Committee may retain M3 on reasonable terms and conditions.  The Committee submits that M3's terms of compensation and expense reimbursement as set forth herein are reasonable.

## Notice

34.     Notice of this Application has been given to (i) the U.S. Trustee; (ii) counsel for the Debtors; and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

11

**No Prior Request**

35.    No prior application for the relief requested herein has been presented to this Court or any other court.

**Conclusion**

WHEREFORE, the Committee respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: November 12, 2025

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST BRANDS GROUP, LLC, ET AL.**

By: */s/ Matthew McAlpine*
    Matthew McAlpine

*On behalf of Raistone Purchasing LLC-Series XXVIII, Chairperson of the Official Committee of Unsecured Creditors of First Brands Group, LLC, et al.*