IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | § § § | Case No. 25-90399 (CML) |
|   | § § | (Jointly Administered) |
| Debtors.[1] | § § |   |

**STIPULATION AND AGREED ORDER**
<u>**REGARDING REJECTION OF CERTAIN AGREEMENTS**</u>

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) First Brands Group LLC ("**FBG**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), (ii) Auto-Electricos de Mexico, S.A.P.I. de C.V., (iii) IBI Latin America, S. de R.L. de C.V., (iv) BPI Brake Manufacturing Juarez S.A. de C.V., (v) FRAM Group Operations Mexicali, S.A. de C.V., (vi) BPI Distribution Mexico, S.A. de C.V., (vii) Walbro Los Mochis, S. de R.L. de C.V., (viii) Cequent Electrical Products de Mexico, S. de R.L. de C.V., (ix) Subensambles Internacionales, S. de R.L. de C.V., (x) Hopkins Manufacturing de Mexico, S. de R.L. de C.V., (xi) Talleres Mecanicos Montserrat, S.A. de C.V., (xii) Trico Componentes, S.A. de C.V., (xiii) Tridonex, S. de R.L. de C.V.; (xiv) Resortes y Productos Metalicos, S. de R. L. de C.V.; (xv) Toledo Molding de México, S. de R.L. de C.V. (the parties listed in (ii)-(xv), the "**Non-Debtor Mexican Entities**"), (xvi) Archive Health, S. de R.L. de C.V. ("**Archive Mexico**"),

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

1

(xvii) Archive Health,[2] ("**Archive US**" and, together with Archive Mexico, "**Archive**") (collectively, the parties listed in (i)-(xvii), the "**Parties**" and each, a "**Party**").  The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on September 24, 2025 (the "**Petition Date**"), Global Asserts LLC and 12 debtor affiliates filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and, commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code with the Bankruptcy Court;

**WHEREAS**, on April 26, 2021, FBG and Casati Health, LLC entered into that certain *Master Agreement for Onsite Health Services* (the "**Master Agreement**"), pursuant to which Archive agreed to provide health clinic services at certain of the Debtors' workplace locations, subject to the terms and conditions of the Master Agreement;

**WHEREAS**, pursuant to the Master Agreement, certain of the Debtors and Archive US entered into statements of work (the "**US SOWs**" and, together with the Master Agreement, the "**Debtor Contracts**"), detailing the services to be provided at each workplace location;

**WHEREAS**, the Non-Debtor Mexican Entities and Archive Mexico entered into master agreements and statements of work (the "**Mexico Contracts**" and, together with the Debtor Contracts, the "**Contracts**"), detailing the services to be provided at each workplace location in Mexico.

---

[2] "Archive Health" shall mean successors-in-interest to Casati Health, LLC, Archive Health, LLC and certain of its affiliated entities, including Archive Health Medical, PLLC, Archive Health Medical Kansas, PA, and Archive Health Medical California, PC.

2

WHEREAS, since the Petition Date, the Debtors have reviewed their documents and records and created a list of all active US SOWs and Mexico Contracts, which are attached hereto as **Schedule 1**[3] and **Schedule 2**, respectively;

WHEREAS, Archive represents and agrees that, after investigation, (i) the sum of all postpetition amounts currently due and owing by Debtors to Archive US on account of postpetition services provided to the Debtors is $511,811.58 (the "**Agreed Postpetition Balance**") and (ii) the sum of all amounts currently due and owing by the Non-Debtor Mexico Entities to Archive Mexico on account of services provided to the Non-Debtor Mexico Entities is $775,120.17 (the "**Agreed Mexico Balance**");

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors that (i) the Debtors reject the Debtor Contracts, effective as of November 17, 2025 (the "**US Rejection Date**") and (ii) the Non-Debtor Mexican Entities terminate, and the Debtors reject, the Mexico Contracts effective as of November 28, 2025 (the "**Mexico Termination Date**"); and

WHEREAS, the Parties desire to enter into this Stipulation and Agreed Order to provide for the (i) rejection of the Debtor Contracts as of the US Rejection Date and (ii) termination of the Mexico Contracts as of the Mexico Termination Date.

**IT IS HEREBY STIPULATED AND ORDERED THAT**

1. The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

---

[3] Archive and the Debtors believe Schedule 1 includes all US SOWs; however, to the extent any other US SOW exists, such US SOW is also rejected in accordance with the terms of this Stipulation and Agreed Order.

2. This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court.

3. Upon entry of this Stipulation and Agreed Order by the Bankruptcy Court, (i) the Debtor Contracts shall be deemed rejected pursuant to section 365 of the Bankruptcy Code as of the US Rejection Date and (ii) the Mexico Contracts shall be deemed terminated and rejected by mutual agreement of the Parties as of the Mexico Termination Date.  To the extent Archive US wishes to assert a claim with respect to the rejection of the Debtor Contracts, it must submit a proof of claim within thirty (30) days of entry of this Stipulation and Agreed Order.  If Archive US does not timely file a proof of claim for its rejection damages, it will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan in the Debtors' chapter 11 cases and will forever be barred from asserting a claim for rejections damages and participating in any distributions made in connection with these chapter 11 cases on account of such rejection damages.

4. The Debtors and the Non-Debtor Mexican Entities shall be released from any payment and other obligations related to the Contracts arising after the US Rejection Date and the Mexico Termination Date, as applicable.

5. One (1) business day following the entry of this Stipulation and Agreed Order, in full and final satisfaction of each of (i) the Agreed Postpetition Balance and (ii) the Agreed Mexico Balance, the Debtors shall issue payment to Archive in the total amount of $450,000.00.  For the avoidance of doubt, Archive shall not assert (i) any administrative expense claims against the Debtors or (ii) any claim against the Non-Debtor Mexican Entities on account of the Agreed Postpetition Balance or the Agreed Mexico Balance.

6. Archive Mexico shall continue to provide certain services as agreed to by the Parties in writing (email being sufficient) to the Non-Debtor Mexican Entities until the Mexico

Termination Date (the "**Mexico Services**"). As consideration for the Mexico Services, the Debtors paid Archive Mexico (i) $650,000.00 MXN (~$35,100.00 USD) on November 21, 2025 and (ii) $1,528,544.72 MXN (~$82,541.42 USD) on November 24, 2025.

7. Except as otherwise provided herein, nothing in this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, secured claim, other priority claim, or unsecured claim; (e) a request or authorization to assume or assign any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, rights, or remedies under the Bankruptcy Code or any other applicable law.

8. Notwithstanding anything to the contrary contained in this Stipulation and Agreed Order, any payment made or to be made pursuant to the authority granted herein, and any authorization contained herein, shall be subject to and in accordance with the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608) (the "**Final DIP Order**"), and any budget in connection with the Final DIP Order authorized therein (subject to any permitted variances). To

the extent there is any inconsistency between the terms of the Final DIP Order and any action taken or proposed to be taken under this Stipulation and Agreed Order, the terms of the Final DIP Order shall control.  Nothing in this Stipulation and Agreed Order shall constitute a waiver or substitution of any consent right required under the Final DIP Order.

9. For the avoidance of doubt, nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim relating to the Contracts, or any other action to which one or more of the Debtors are a party that may be filed by Archive or any other party in the Debtors' chapter 11 cases.

10. Notwithstanding anything to the contrary herein, any and all causes of action of the Debtors under chapter 5 of the Bankruptcy Code or applicable law, and, for the avoidance of doubt, any and all causes of action of the Debtors with respect to any and all prepetition transfers between the Parties, and all of Archive's available rights and defenses thereto, are expressly preserved and are not waived.

11. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.  This Stipulation and Agreed Order may be executed in counterparts and/or by facsimile or other electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

12. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

13. This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

14. The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

15. Each party shall bear its own fees and costs in preparing and prosecuting this Stipulation and Agreed Order.

16. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

17. Notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

18. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Dated: _____, 2025

                                              _____
                                              Christopher Lopez
                                              United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated:  December 2, 2025

 /s/ Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
            Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
            sunny.singh@weil.com
            andriana.georgallas@weil.com
            kevin.bostel@weil.com
            jason.george@weil.com


*Proposed Attorneys for Debtors
and Debtors in Possession*

Dated: December 2, 2025

 /s/ Brendon D. Singh
TRAN SINGH LLP
Brendon D. Singh (24075646)
2502 La Branch Street
Houston, Texas 77004
Telephone: (832) 975-7300
Email: bsingh@ts-llp.com

*Attorney for Archive*

**Schedule 1**
**US Statements of Work**

| No. | Debtor Party | Workplace Location | Contract Description |
|---|---|---|---|
| 1. | First Brands Group, LLC | 6242 Garfield Ave<br>Cass City, MI 48726 | Clinical Statement of Work No. 20, dated April 30, 2024 |
| 2. | First Brands Group, LLC | N/A | Clinical Statement of Work No. 23, dated May 16, 2025 |
| 3. | First Brands Group, LLC | 3000 E Pioneer Pkwy<br>Arlington, TX 76010 | Clinical Statement of Work No. 10, dated May 8, 2025 |
| 4. | First Brands Group, LLC | 851 Jackson Street<br>Greenville, OH 45331 | Clinical Statement of Work No. 1, dated October 14, 2024 |
| 5. | First Brands Group, LLC | 200 S 4th St,<br>Albion, IL 62806 | Clinical Statement of Work No. 2, dated November 4, 2024 |
| 6. | First Brands Group, LLC | 1995 Billy Mitchell Blvd.<br>Brownsville, TX 78521 | Clinical Statement of Work No. 5, dated July 22, 2024 |
| 7. | First Brands Group, LLC | 1100 Corporate Drive<br>McHenry, IL 60050 | Clinical Statement of Work No. 7, dated November 4, 2024 |
| 8. | First Brands Group, LLC | 6700 Paredes Line Road<br>Brownsville, TX 78526 | Clinical Statement of Work No. 8, dated October 14, 2024 |
| 9. | First Brands Group, LLC | 705 N. Fayette Street<br>Fayette, OH 43521 | Clinical Statement of Work No. 9, dated October 14, 2024 |
| 10. | First Brands Group, LLC | 32901 W193rd<br>Edgerton, KS 66021 | Clinical Statement of Work No. 12 |
| 11. | First Brands Group, LLC | 1900 E Jefferson St<br>Warsaw, IN 46580 | Clinical Statement of Work No. 16, dated October 14, 2024 |
| 12. | First Brands Group, LLC | 1010 First Avenue<br>Jasper, IN 47546 | Clinical Statement of Work No. 18, dated October 14, 2024 |
| 13. | First Brands Group, LLC | 428 Peyton St<br>Emporia, KS 66801 | Clinical Statement of Work No. 19, dated October 14, 2024 |
| 14. | First Brands Group, LLC | 2400 Industrial Pkwy<br>Miami, OK 74354 | Clinical Statement of Work No. 21, dated October 14, 2024 |
| 15. | First Brands Group, LLC | 515 East Gypsy Lane Road<br>Bowling Green, OH 43402 | Clinical Statement of Work No. 22 |

| No. | Debtor Party | Workplace Location | Contract Description |
|---|---|---|---|
| 16. | First Brands Group, LLC | 11 E Park Drive Fayetteville, TN 37334 | Clinical Statement of Work No. 24 |

**Schedule 2**
**Mexico Contracts**

| Statements of Work | | | |
|---|---|---|---|
| No. | Non-Debtor Entity | Workplace Location | Contract Description |
| 1. | Auto-Eléctricos de México, S.A.P.I. de C.V. | Carretera Mexico Texcoco KM 19.5 Col. Los Reyes, La Paz, Estado de Mexico, C.P. 56400 | Clinical Statement of Work No. 1, dated November 27, 2023 |
| 2. | FRAM Group Operations Mexico City, S.A. de C.V. | Carretera Cuautitlán – Melchor Ocampo Edificio LCC-B006, Colonia Santo Tomás, C.P. 54803, Cuautitlán, Estado de México, México. | Clinical Statement of Work No. 1, dated September 1, 2025 |
| 3. | BPI Brake Manufacturing Juárez S.A. de C.V. | Blvd. Independencia No. 1451, Int. 4, Parque Industrial Intermex Oriente, Ciudad Juárez, Chihuahua, 32599 | Clinical Statement of Work No. 1, dated September 1, 2023 |
| 4. | BPI Brake Manufacturing Juárez S.A. de C.V | Boulevard Independencia No. 198-2, Lote Bravo, Ciudad Juárez, Chihuahua, México, C.P. 32695 | Clinical Statement of Work No. 2, dated September 8, 2023 |
| 5. | BPI Brake Manufacturing Juárez S.A. de C.V. | Ave. Enrique Pinocelli No. 9010, Parque Industrial Aerojuarez, Ciudad Juárez, Chihuahua, México, C.P. 32696 | Clinical Statement of Work No. 3, dated October 2, 2023 |
| 6. | BPI Brake Manufacturing Juárez S.A. de C.V. | Ave. Miguel de la Madrid No. 1200, Edificio 1, Lote Bravo, Ciudad Juárez, Chihuahua, México, C.P. 32695 | Clinical Statement of Work No. 4, dated October 24, 2023 |
| 7. | Cequent Electrical Products de Mexico, S. de R.L. de C.V. | Industrial Drive S/N, Edificio 11, Prologis Park, Reynosa, Tamaulipas, C.P. 88787 | Clinical Statement of Work No. 1, dated November 7, 2023 |
| 8. | Cequent Electrical Products de Mexico, S. de R.L. de C.V. | Ave. De los Nogales Lotes 4,5 y 6, Bloque 4 s/n, Parque Industrial Villa Florida, Reynosa, Tamaulipas, C.P. 88718 | Clinical Statement of Work No. 2, dated November 7, 2023 |
| 9. | FRAM Group Operations Mexicali, S.A. de C.V. | Blvd. Lázaro Cardenas No. 3101, Parque Industrial Cambridge, Progreso, Mexicali, Baja California, México, C.P. 21188 | Clinical Statement of Work No. 1, dated October 2, 2023 |
| 10. | Hopkins Manufacturing de México, S. de R.L. de C.V. | Oliver Cromwell # 2810, Parque Industrial Fernandez, Ciudad Juarez, Chihuahua, Mexico, C.P. 32649 | Clinical Statement of Work No. 1, dated March 11, 2024 |

| | | | |
|---|---|---|---|
| 11. | IBI Latin America, S. de R.L. de C.V. | Ave. Avante Aeropuerto No. 801, Parque Industrial Avante Aeropuerto, Apodaca, Nuevo León, C.P. 66643 | Clinical Statement of Work No. 1, dated November 13, 2023 |
| 12. | Subensambles Internacionales, S. de R.L. de C.V. | Ave. Prolongación Hermanos Escobar No. 7151-E, Parque Industrial Omega, Ciudad Juárez, Chihuahua, 32410<br><br>Ave. Prolongación Hermanos Escobar No. 7151-C, Parque Industrial Omega, Ciudad Juárez, Chihuahua, 32410 | Clinical Statement of Work No. 1, dated September 1, 2023 |
| 13. | Talleres Mecánicos Montserrat, S.A. de C.V. | Reforma Sur No. 27, Int. 5 y 7, Panzacola, Papalotla de Xicoténcatl, Tlaxcala, C.P. 90796 | Clinical Statement of Work No. 1, dated October 2, 2023 |
| 14. | Trico Componentes, S.A. de C.V. | Palma Mayor No. 231 (Esq. Privada Palma Mayor, Lote 1, Manzana 2), Fraccionamiento Parque Industrial Los Palmares, Matamoros, Tamaulipas, C.P. 87351 | Clinical Statement of Work No. 1, dated September 5, 2023 |
| 15. | Trico Componentes, S.A. de C.V | Ave. Michigan No. 200, Parque Industrial del Norte, Matamoros, Tamaulipas, C.P. 87316 | Clinical Statement of Work No. 2, dated September 5, 2023 |
| 16. | Tridonex, S. de R.L. de C.V. | Avenida Horizonte No. 16, Parque de la Ciudad Industrial, Matamoros, Tamaulipas, C.P. 87499 | Clinical Statement of Work No. 1, dated November 17, 2023 |
| 17. | Walbro Los Mochis, S. de R.L. de C.V. | Blvd. Macario Gaxiola 2924 Zona Industrial, Los Mochis, Ahome, Sinaloa, C.P. 81255 | Clinical Statement of Work No. 1, dated February 5, 2024 |
| 18. | Cequent Electrical Products de Mexico, S. de R.L. de C.V. | Ave. De los Nogales Lotes 4,5 y 6, Bloque 4 s/n, Parque Industrial Villa Florida, Reynosa, Tamaulipas, C.P. 88718 | Clinical Statement of Work No. 2, dated November 7, 2023 |
| 19. | Subensambles Internacionales, S. de R.L. de C.V. | Ave. Prolongación Hermanos Escobar No. 7151-E, Parque Industrial Omega, Ciudad Juárez, Chihuahua, 32410<br><br>Ave. Prolongación Hermanos Escobar No. 7151-C, Parque Industrial Omega, Ciudad Juárez, Chihuahua, 32410 | Clinical Statement of Work No. 1, dated September 1, 2023 |

| 20. | Toledo Molding de México, S. de R.L. de C.V. | Ave. Amistad 109, col. Zona Industrial, Apaseo el Grande, Guanajuato, México, Zip Code 38160. | Clinical Statement of Work No. 1, dated March 3, 2025 |
|---|---|---|---|
| 21. | BPI Brake Manufacturing Juárez S.A. de C.V. | Bulevar Independencia, Parque Industrial, American Industries Independencia II Ciudad Juárez, Chihuahua, México, Zip Code 32575 | Clinical Statement of Work No. 5. |

| Master Agreements ||| 
|---|---|---|
| No. | Non-Debtor Entity | Contract Description |
| 1. | Hopkins Manufacturing de México, S. de R.L. de C.V. | Master Agreement for Onsite Healthcare Services dated March 11, 2024 |
| 2. | BPI Brake Manufacturing Juarez, S.A de C.V. | Amendment Agreement to the Master Service Agreement for Onsite Health Services dated September 6, 2023 |
| 3. | Cequent Electrical Products de Mexico, S. de R.L. de C.V. | Amendment Agreement dated January 9, 2025 to the Master Agreement for Onsite Health Services dated November 7, 2023 |
| 4. | Auto-Eléctricos de México, S.A.P.I. de C.V. | Master Agreement for Onsite Health Services dated November 27, 2023 |
| 5. | FRAM Group Operations Mexicali, S.A. de C.V. | Master Agreement for Onsite Health Services dated October 2, 2023 |
| 6. | Cequent Electrical Products de Mexico, S. de R.L. de C.V. | Master Agreement for Onsite Health Services dated November 7, 2023 |
| 7. | IBI Latin America, S. de R.L. de C.V. | Master Agreement for Onsite Health Services dated November 13, 2023 |
| 8. | Resortes y Productos Metalicos, S. de R. L. de C.V., | Master Agreement for Onsite Health Services dated April 1, 2024 |
| 9. | BPI Brake Manufacturing Juarez S.A. de C.V. | Master Agreement for Onsite Health Services dated June 5, 2023 |

| | | |
|---|---|---|
| 10. | Toledo Molding de México, S. de R.L. de C.V. | Master Agreement for Onsite Health Services dated March 3, 2025 |
| 11. | Tridonex, S. de R.L. de C.V. | Master Agreement for Onsite Health Services dated November 17, 2025 |
| 12. | Walbro Los Mochis, S. de R.L. de C.V. | Master Agreement for Onsite Health Services dated February 5, 2024 |
| 13. | BPI Distribution México, S.A. de C.V. | Master Agreement for Onsite Health Services dated October 2, 2023 |
| 14. | FRAM Group Operations Mexico City, S.A. de C.V. | Master Agreement for Onsite Health Services dated September 1, 2025 |
| 15. | Novares Mexico Engine Components, S. de R.L. de C.V. | Master Agreement for Onsite Health Services dated August 4, 2025 |
| 16. | Novares Mexico, S.A. de C.V. | Master Agreement for Onsite Health Services dated October 1, 2025 |
| 17. | Talleres Mecánicos Montserrat, S.A. de C.V. | Master Agreement for Onsite Health Services dated October 2, 2023 |
| 18. | Trico Componentes, S.A. de C.V. | Master Agreement for Onsite Health Services dated September 5, 2023 |
| 19. | Subensambles Internacionales, S. de R.L. de C.V. | Master Agreement for Onsite Health Services dated June 5, 2023 |