**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, *et al*.,** | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**STATEMENT OF KATSUMI SERVICING, LLC AND REQUEST FOR APPROPRIATE LIMITATIONS RELATED TO THE APPOINTMENT OF THE EXAMINER**

Katsumi Servicing, LLC ("Katsumi"), by and through its undersigned counsel, hereby files this statement in connection with the United States Trustee's *Application to Approve Appointment of Examiner* [Dkt. No. 964] (the "Application") and requests that the Court impose appropriate limitations on other overlapping investigations, and respectfully submits as follows:

## STATEMENT

1. Katsumi supports the appointment of an examiner (the "Examiner") and has no objection to the selection of Martin De Luca to serve in such capacity. Three months into these cases, and despite expending significant efforts and estate resources investigating the prepetition conduct of the Debtors' former management, the Debtors still cannot explain how third-party factors were defrauded or identify those responsible.[2]

2. At the same time, Court filings indicate that the Official Committee of Unsecured

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] *See* December 19, 2025 Transcript of Rule 30(b)(6) Deposition of Debtors Regarding Third-Party Factoring Procedures Motion (deponent, Dan Jerneycic, Co-CRO), at 34:11-20 ("Q. What was the process by which First Brands fabricated invoices? **A. I don't know.** Q. Which particular individuals were involved in fabricating invoices? **A. I still don't know.** Q. To your knowledge have any current or former employees explained how the invoices were fabricated? **A. No. Not to my knowledge.**") (emphasis added).

Creditors (the "Committee") is pursuing a parallel investigation that overlaps with the Debtors' special committee's efforts. Indeed, Katsumi, like others, has received extensive and burdensome Bankruptcy Rule 2004 requests from both the Debtors and the Committee that are nearly-identical in scope. Of note, the Committee has even requested all documents that Katsumi has produced to the Debtors.

3. Under these circumstances, the Examiner—a disinterested, Court-appointed fiduciary—is best positioned to conduct a rigorous and non-redundant inquiry into the Debtors' prepetition conduct and to deliver transparency to all parties in interest. To ensure that the Examiner's crucial work proceeds efficiently and to avoid repetitive efforts that will unnecessarily burden third parties (some of which are the very victims of the Debtors' fraud), Katsumi suggests that this Court, consistent with Sections 1104 and 1106 of the Bankruptcy Code, direct other estate professionals to refrain from undertaking investigations that would only duplicate the Examiner's mandate.

4. Absent such limitations, multiple, overlapping investigations will impose additional and unnecessary cost and burdens on the actual victims of the fraud. So far during these cases, Katsumi has already incurred significant costs responding to formal and informal discovery requests from the Debtors, the Committee,[3] and multiple other parties.

5. Duplicative investigations will also materially increase administrative expenses (and may only compound victims' losses) at a time when the Debtors appear to be facing material

[3] By way of example, in addition to requesting all materials that Katsumi had already produced to the Debtors (which in itself is clearly duplicative), the Committee later asked for "a spreadsheet with backup of all invoices that Katsumi alleges are fraudulent"—work that squarely falls within the Examiner's mandate and which Katsumi can only assume the Committee would want to be undertaking itself. Email from Stephen Best, Partner, Brown Rudnick LLP to Charles S. Kelley, Partner, Mayer Brown LLP (Dec. 23, 2025). As potentially the largest unsecured creditor in these cases, and the party that might benefit most from the Committee conducting a thorough and independent investigation, Katsumi was surprised, to say the least, to receive such a request.

liquidity concerns. Rather than seeking to use estate assets or disputed receivables that may have been legitimately purchased by third-party factors to pursue an investigation that has failed to yield any significant results, the Debtors and the Committee should defer all prospective investigative work to the Examiner.

6. Accordingly, Katsumi submits that the Application should be granted and accompanied by clear limitations as to other estate professionals in regards to the scope of the Examiner's mandate, including that the Examiner will have primary (if not exclusive) responsibility, on behalf of the estate, for investigating the prepetition conduct of the Debtors and their agents.

Dated: December 30, 2025
Houston, Texas

*<u>/s/ Charles S. Kelley</u>*
**MAYER BROWN LLP**
Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, Texas 77002
Telephone: (713) 238-3000
Email: ckelley@mayerbrown.com

Sean T. Scott (admitted *pro hac vice*)
Kyle J. TumSuden (admitted *pro hac vice*)
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Email: stscott@mayerbrown.com
ktumsuden@mayerbrown.com

Richard A. Stieglitz (admitted *pro hac vice*)
Lauren C. Blanchard (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: rstieglitz@mayerbrown.com
lblanchard@mayerbrown.com

*Counsel to Katsumi Servicing, LLC*

**CERTIFICATE OF SERVICE**

I certify that on December 30, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which automatically sends notification of such filing to all attorneys of record.

*/s/ Charles S. Kelley*
Charles S. Kelley