IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, et al,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): **Evolution Credit Partners**[2]

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

    For appeals in a bankruptcy case
    and not in an adversary proceeding.
    ☐ Debtor
    ☒ Creditor
    ☐ Trustee
    ☐ Other (describe) _____

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed: Order (I) Authorizing Release of Certain Funds to the Debtors' Estate (II) Adjourning Hearing on Remaining Portions of Factoring Procedures Motion and Supplement; and (III) Granting Related Relief **[Docket No. 1133], attached hereto as Exhibit A.**

---

[1] A complete list of the debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Evolution Credit Partners means, collectively, Evolution Credit Opportunity Master Fund II-B, L.P., Evolution Credit Partners Trade Finance Master L.P. (as successor in interest to Evolution Credit Partners Trade Finance L.P.), Evolution Credit Opportunity Master Fund III-B, LP, and certain other Evolution affiliated funds.

4911-1040-0902

2. State the date on which the judgment, order, or decree was entered: December 31, 2025

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Evolution Credit Partners

   Jason S. Brookner
   Texas Bar No. 24033684
   **GRAY REED**
   1300 Post Oak Blvd., Suite 2000
   Houston, Texas 77056
   Telephone:   (713) 986-7000
   Facsimile:   (713) 986-7100
   Email:       jbrookner@grayreed.com

   **ELSBERG BAKER & MARURI PLLC**
   David Elsberg (admitted *pro hac vice*)
   Michael Duke (admitted *pro hac vice*)
   Vivek Tata (admitted *pro hac vice*)
   Ella Epstein (admitted *pro hac vice*)
   1 Penn Plaza, Suite 4010
   New York, NY 10119
   Telephone:   (212) 597-2600
   Email:       delsberg@elsberglaw.com
                mduke@elsberglaw.com
                vtata@elsberglaw.com
                eepstein@elsberglaw.com

   **PROSKAUER ROSE LLP**
   Vincent Indelicato (admitted *pro hac vice)*
   Matthew R. Koch (admitted *pro hac vice*)
   Eleven Times Square
   New York, NY 10036-8299
   Telephone:   (212) 969-3000
   Email:       vindelicato@proskauer.com
                mkoch@proskauer.com

   **PROSKAUER ROSE LLP**
   Charles A. Dale (admitted *pro hac vice*)
   One International Plaza
   Boston, MA 02110-2600
   Telephone:   (617) 526-9600
   Email: cdale@proskauer.com

4911-1040-0902

|   |   |   |
|---|---|---|
| 2. | First Brands Group, LLC | Gabriel A. Morgan |

<div style="padding-left: 3em;">

2.      First Brands Group, LLC      Gabriel A. Morgan
Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
609 Main Street, Suite 2900
Houston, TX 77002
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:   (713) 224-9511
Email:         gabriel.morgan@weil.com
               clifford.carlson@weil.com

**WEIL, GOTSHAL & MANGES LLP**
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:         matt.barr@weil.com
               sunny.singh@weil.com
               andriana.georgallas@weil.com
               kevin.bostel@weil.com
               jason.george@weil.com

</div>

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

       ☒    Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

4911-1040-0902

**Part 5: Sign Below**

    Respectfully submitted this 5th day of January 2026.

                                      **GRAY REED**

                              By: */s/ Jason S. Brookner*
                                    Jason S. Brookner
                                    Texas Bar No. 24033684
                            1300 Post Oak Blvd., Suite 2000
                            Houston, Texas 77056
                            Telephone:  (713) 986-7000
                            Facsimile:   (713) 986-7100
                            Email:          jbrookner@grayreed.com

                            - and -

                            **ELSBERG BAKER & MARURI PLLC**
                                  David Elsberg (admitted *pro hac vice*)
                                  Michael Duke (admitted *pro hac vice*)
                                  Vivek Tata (admitted *pro hac vice*)
                                  Ella Epstein (admitted *pro hac vice*)
                            1 Penn Plaza, Suite 4010
                            New York, NY 10119
                            Telephone:  (212) 597-2600
                            Email:          delsberg@elsberglaw.com
                                         mduke@elsberglaw.com
                                         vtata@elsberglaw.com
                                         eepstein@elsberglaw.com

                            - and –

                            **PROSKAUER ROSE LLP**
                                  Vincent Indelicato (admitted *pro hac vice*)
                                  Matthew R. Koch (admitted *pro hac vice*)
                            Eleven Times Square
                            New York, NY 10036-8299
                            Telephone:  (212) 969-3000
                            Email:          vindelicato@proskauer.com
                                         mkoch@proskauer.com

                            - and -

                            Charles A. Dale (admitted *pro hac vice*)
                            One International Plaza
                            Boston, MA 02110-2600
                            Telephone:  (617) 526-9600
                            Email:          cdale@proskauer.com

                            **COUNSEL TO EVOLUTION**

4911-1040-0902

## Certificate of Service

  The undersigned hereby certifies that on the 5th day of January 2026, he caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF system.

                  */s/ Jason S. Brookner*
                  Jason S. Brookner

## EXHIBIT A

## Judgment/Order Being Appealed

Docket No. 1133, Order (I) Authorizing Release of Certain Funds to the Debtors' Estate (II) Adjourning Hearing on Remaining Portions of Factoring Procedures Motion and Supplement; and (III) Granting Related Relief

4911-1040-0902

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 31, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | Case No. 25-90399 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | Re: Docket Nos. 807, 931, 1046 |

### ORDER (I) AUTHORIZING RELEASE OF CERTAIN FUNDS TO THE DEBTORS' ESTATES (II) ADJOURNING HEARING ON REMAINING PORTIONS OF FACTORING PROCEDURES MOTION AND SUPPLEMENT; AND (III) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Order (I) Establishing Third-Party Factoring Procedures for (A) the Review and Reconciliation of the Debtors' Receipts, and (B) the Release of Funds to the Debtors' Estates and the Third-Party Factors (II) Authorizing Customers to Remit Receivables without Liability; and (III) Granting Related Relief* (the "**Factoring Procedures Motion**" or "**Motion**") (Docket No. 807), the *Supplement to Debtors' Factoring Procedures Motion and Request for Emergency Relief* (the "**Supplement**") (Docket No. 931),[2] the *Declaration of Daniel Jerneycic in Support of Motion of Debtors for Order (I) Establishing Third-Party Factoring Procedures for (A) the Review and Reconciliation of the Debtors' Receipts, and (B) the Release of Funds to the Debtors' Estates and the Third-Party Factors; (II) Authorizing Customers to Remit Receivables Without Liability; and (III) Granting Related Relief* (the "**Jerneycic**

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion and Supplement.

**Declaration**") and the *Supplemental Declaration of Daniel Jerneycic in Support of Motion of Debtors for Order (I) Establishing Third-Party Factoring Procedures for (A) the Review and Reconciliation of the Debtors' Receipts, and (B) the Release of Funds to the Debtors' Estates and the Third-Party Factors; (II) Authorizing Customers to Remit Receivables Without Liability; and (III) Granting Related Relief* (Docket No. 996) (the "**Supplemental Jerneycic Declaration**" and, together with the Jerneycic Declaration, the "**Declarations**"); and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and the Debtors and certain other parties having stipulated to the relief set forth herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. Except as explicitly set forth herein, and subject to the Court's availability, the Hearing on approval of the Factoring Procedures Motion is adjourned to January 13, 2026 at 1:00 p.m. (Central Time).

2. Except as explicitly set forth herein, the deadline for all parties in interest, including the Third-Party Factors, to respond to the Factoring Procedures Motion is January 6, 2026 at 12:00 p.m. (Central Time).

3. In the First Reconciliation Report, which was served on the Notice Parties on December 12, 2025, and the representations made by the Debtors in the Declarations, the Debtors

divided the invoices covered therein into four categories, which they characterized as follows:[3] (i) invoices dated September 12, 2025 (the date on which the Debtors state that they ceased all third-party factoring) through September 28, 2025 (the "**Category 1 Invoices**"); (ii) invoices dated prior to September 12, 2025, for customers that are not identified on any of the lists of factored receivables provided by the Third-Party Factors (the "**Category 2 Invoices**"); (iii) invoices dated prior to September 12, 2025 that relate to customers that are identified on at least one of the Third-Party Factors' list, but which did not generate a match with any factored invoices based on records provided by the Third-Party Factors and the Debtors' matching criteria (the "**Category 3 Invoices**"); and (iv) invoices dated prior to September 12, 2025 that relate to customers that are listed on at least one of the Third-Party Factors' list and generated a match with at least one factored invoice (the "**Category 4 Invoices**").

4. As reflected in the First Reconciliation Report, $42,842,312.40 has been collected and held in Factored Receivables Account on account of Category 1 Invoices and $25,222,782.13 has been collected and held in Factored Receivables Account on account of Category 2 Invoices.

5. Upon entry of this Order, and except as set forth in Paragraph 6 hereof, the $42,842,312.40 that relate to the Category 1 Invoices and the $25,222,782.13 (subject to any reductions agreed to between the Debtors and the Creditors' Committee) that relate to the Category 2 Invoices shall be immediately released from the Factored Receivables Account into the Debtors' operating accounts and shall be deemed to be Collateral (as defined in the Final DIP Order) (collectively, the "**Released Funds**"); provided that the Released Funds shall be no more than $60 million in the aggregate.

---

[3] The Debtors' categories and characterizations of the categories are not binding on any other parties, including the Third-Party Factors.

6. Notwithstanding Paragraph 5, collections from Walmart Inc. or affiliated entities relating to receivables generated prior to the Petition Date shall not be distributed from the Factored Receivables Account or released to the Debtors absent further order of the Court.

7. With respect to the Category 3 Invoices and Category 4 Invoices, and any invoices or collections covered by Paragraph 6 hereof, any Notice Period and deadline for any Notice Party to serve an Objection thereto will be determined at the Hearing on approval of the Factoring Procedures Motion.

8. All parties will have 45 days from entry of this Order, which period may be extended by the Court for cause, to assert a claim to any invoice relating to the Released Funds. If it is determined by order of this Court or agreement by and between the Debtors, on one hand, and any objecting Third-Party Factor, on the other hand, that collections on any Category 1 Invoice or Category 2 Invoice should have been, or should be, paid to a Third-Party Factor, such Third-Party Factor shall be entitled to assert an administrative expense claim against the Debtor from whom the invoice was purchased equal to the amount of funds related to such invoice that were collected and released (the "**Factor Administrative Claim**") and shall be paid (including any interest earned on such receivable in accordance with paragraph 22(k) of the Final DIP Order), from the Factored Receivables Account within five (5) days of such determination or, if such amount is not available in the Factored Receivables Account on such date, within five (5) days from the date the necessary funds become available; *provided that* (i) any such Factor Administrative Claim shall be subject and subordinate to the Carve-Out (as defined in the Final DIP Order) and the approved superpriority administrative expense claims provided for under the Final DIP Order, (ii) there are sufficient funds in the Factored Receivables Account to satisfy such reimbursement, and (iii) no other Third-Party Factor asserts a superior claim to such invoice or funds that remains unresolved

or has been resolved in that Third-Party Factor's favor. In such event, the Factored Administrative Claim shall be automatically satisfied and discharged; *provided that* if the Factor Administrative Claim is not satisfied in full, the unsatisfied portion shall remain outstanding until paid and shall be an obligation of the applicable Debtor's estate. For the avoidance of doubt, the Third-Party Factors reserve the right to assert such Factor Administrative Claim against the Specified Administrative Claims Basket (as defined in the Final DIP Order), in accordance with the Final DIP Order.

9. The Court shall hold a status conference on February 23, 2026 at 10:00 a.m. (Central Time) with respect to the Debtors' response to pending discovery and other information requests regarding the Motion and Supplement, any impending deadlines set forth herein, and any other matters related thereto that the parties request to be considered at such conference.

10. Solely with respect to the Category 1 Invoices and Category 2 Invoices, this Order satisfies the requirement under paragraph 6 of the Final Cash Management Order that the Debtors disburse funds from the Factored Receivables Account only pursuant to an order of the Court.

11. Nothing contained in this Order or any payment made pursuant to the authority granted by this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, except as otherwise explicitly set forth herein, (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (vii) a waiver by any Third-Party Factor of any rights, objections or arguments not expressly

5

addressed herein; (viii) a final determination by the Court regarding ownership of any receivable or the proceeds thereof; or (ix) acceptance, agreement, or approval by the Court of the Debtors' proposed Third-Party Factoring Procedures. Furthermore, nothing herein shall prejudice the rights of any Third-Party Factor (or be deemed a waiver thereof) to challenge the Debtors' representations in the First Reconciliation Report or Declarations or the procedures set forth in the Motion and Supplement.

12. Nothing in the Motion, the Supplement, or this Order, shall constitute a waiver or substitution of any consent, right, obligation, or requirement under the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608) (the "**Final DIP Order**").

13. Without limiting the rights described in Paragraphs 6, 7, and 8 hereof, notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

14. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

15. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: December 31, 2025

_____
Christopher Lopez
United States Bankruptcy Judge