**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC et al.,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |
| | § | |

**GLOBAL NOTES AND
STATEMENTS OF LIMITATIONS, METHODOLOGY,
AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The Schedules of Assets and Liabilities (collectively, the "**Schedules**") and the Statements of Financial Affairs (collectively, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") filed by First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") pending in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), were prepared pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), by the Debtors' management with the assistance of the Debtors' advisors.

These *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, comprise an integral part of, and should be referred to and considered in connection with, any review of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "**Specific Notes**").[2]

Although the Debtors' management and advisors have made reasonable efforts to prepare and file the Schedules and Statements as complete and accurate as possible under the circumstances based on information available at the time of preparation, subsequent information

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   The fact that the Debtors have prepared a Global Note with respect to any particular Debtor's individual Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

or discovery may result in material changes to these Schedules and Statements and inadvertent errors, inaccuracies, or omissions may have occurred.  The Debtors' investigations and reconciliations are ongoing and, as such, the results thereof may result in revision, amendment, supplementation and/or adjustment of the Schedules and Statements.  The Debtors reserve all rights, but undertake no obligation, to amend or supplement the Schedules and Statements from time to time as is necessary or appropriate.

The Schedules and Statements are unaudited and subject to potential adjustment.  Because the Schedules and Statements contain unaudited information and remain subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete and accurate, although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information.  Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors or an admission with respect to their chapter 11 cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers), and the Debtors reserve all rights, but undertake no obligation, to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The Debtors and their advisors do not guarantee or warrant the accuracy or completeness of the data that is provided and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein and in the Schedules and Statements. While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist and other limitations described below impacted the Debtors' ability to do so in certain instances. The Debtors and their advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided, or to notify any third party should the information be updated, modified, revised or recategorized except as required by applicable law.  In no event shall the Debtors or their advisors be liable to any third party for any direct, indirect, incidental, consequential and/or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against any Debtor or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors and/or their advisors are advised or notified of the possibility of such damages.

The Schedules and Statements have been signed by Paul Kosturos, Chief Financial Officer of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Kosturos necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals.  Mr. Kosturos has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditors' contact information.

2

The Schedules and Statements, the Global Notes, and the Specific Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performances of the Debtors.

**Description of Cases and Reporting Dates**

On September 24, 2025, Debtor Global Assets LLC and 12 of the Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code, and commencing on September 28, 2025, First Brands Group LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code (the date each Debtor commenced its chapter 11 case, the "**Petition Date**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in the chapter 11 cases. The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas under Case No. 25-90399 (CML). On October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket No. 313). On January 9, 2026, the Bankruptcy Court entered an order appointing Martin De Luca, Esq. as examiner (the "**Examiner**") (Docket No. 1260). Additional information about these chapter 11 cases, court filings, and claims information is available on the Debtors' restructuring website: https://restructuring.ra.kroll.com/firstbrands.

Except as otherwise noted, the information provided in the Schedules and Statements represents the Debtors' data as of September 24, 2025 and September 28, 2025 (as applicable, the "**Reporting Dates**").

**Basis of Presentation**

For financial reporting purposes, prior to the Petition Date, the Debtors (excluding the SPV Debtors[3]) ordinarily prepared financial statements on a consolidated basis with their non-Debtor affiliates. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("**GAAP**"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the consolidated financial statements prepared by the Debtors and non-Debtor affiliates. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.

The Debtors attempted to attribute assets and liabilities, certain required financial information, and various cash disbursements to the appropriate Debtor entity. While the Debtors' enterprise resource planning (ERP) and accounting systems are maintained at the legal entity level,

---

[3]    For purposes of these Notes, "**SPV Debtors**" mean, collectively, Viceroy Private Capital, LLC, Eagle Casting Holdings, LLC and Carnaby Capital Holdings, LLC ("**Carnaby**") and each of Carnaby's Debtor subsidiaries.

3

the Debtors' accounting policies, processes, and historical practices were primarily designed to support consolidated reporting. As a result, certain allocations, reconciliations, or entity-level adjustments may not have been performed on a standalone basis, and it is possible that not all assets or liabilities have been recorded with complete accuracy at the individual legal entity level on the Schedules and Statements.

Moreover, given, among other things, the uncertainty surrounding the valuation and ownership of certain assets and the valuation and nature of certain liabilities, to the extent a Debtor shows more assets than liabilities, it is not an admission that the applicable Debtor was solvent as of the Petition Date or at any time prior to the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that the applicable Debtor was insolvent at the Petition Date or any time prior to the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value or the fair market value of the Debtors' assets.

### General Disclosures Applicable to Schedules and Statements

1. **Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, causes of action arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors' investigation efforts remain ongoing. The Debtors reserve all rights with respect to any claims and causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "**Causes of Action**") they may have. These Global Notes and the Schedules and Statements shall not be deemed a waiver of any such Causes of Action or in any way prejudice or impair the assertion of such Causes of Action.

2. **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, the Debtors may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured" or (iii) a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

4

3. **Claim Designations**. Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all rights to subsequently redesignate any claim as "contingent," "unliquidated," or "disputed" and to dispute, and to assert setoff rights, counterclaims, and defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, and classification. Listing a claim does not constitute an admission of liability or amounts due or owed, if any, in each case, by the Debtor against whom the claim is listed or by any of the other Debtors. Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

4. **Contingent Claim**. A claim that is dependent on the realization of some uncertain future event is a "contingent" claim.

5. **Disputed Claim**. A claim with respect to which the applicable Debtor and the claimant disagree as to the amount owed, whether any amount is owed, or the claim classification, is a "disputed" claim.

6. **Unliquidated Claim Amounts**. Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

7. **Undetermined Amounts**. The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

8. **Zero Dollar Amounts**. Amounts listed as zero are either $0 or unliquidated.

9. **Court Orders**. Pursuant to certain orders of the Bankruptcy Court in the Debtors' chapter 11 cases (the "**First Day Orders**"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees (Docket No. 187), claims of taxing authorities (Docket No. 196), insurance-related obligations (Docket Nos. 191 and 567), obligations to critical vendors, foreign vendors, and 503(b)(9) claimants (Docket Nos. 190 and 519), and obligations owed to customers (Docket Nos. 189 and 520). Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders. To the extent any such liabilities have been satisfied pursuant to a First Day Order, such liabilities generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights, but undertake no obligation, to amend or supplement their Schedules and Statements as is necessary or appropriate.

10. **Valuation**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Reporting Dates are reflected on the Schedules and Statements. Exceptions to this include operating cash, cash

equivalents, and certain other assets.  Operating cash is presented as bank balances as of the Petition Date.  Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may vary materially from fair market values.  Amounts ultimately realized may vary from net book value (or other value so ascribed) and such variance may be material.  Accordingly, the Debtors reserve all rights, but undertake no obligation,  to amend, supplement, and adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

11. **Allocation of Liabilities**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right, but undertake no obligation, to amend the Schedules and Statements as they deem appropriate in this regard.

12. **Excluded Assets and Liabilities**.  The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements.  The Debtors have excluded certain categories of assets, tax accruals, tax net operating losses, and liabilities from the Schedules and Statements, including accrued salaries, employee benefit accruals, accrued paid time off, accrued accounts payable, and deferred gains.  The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

13. **Confidential Information and Personally Identifiable Information**.  There may be instances where certain information in the Schedules and Statements is intentionally omitted, redacted, or modified due to, among other things, concerns for the privacy of an individual or the need for the Debtors to comply with applicable law, including the European General Data Protection Regulation ("**GDPR**").[4]  Any omissions or redactions in the Schedules and Statements

---

[4]  Pursuant to the *Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix and a Consolidated List of 30 Largest Unsecured Creditors and (B) Redact Certain Personal Identification Information, (II) Approving Form and Manner of Notifying Creditors of Commencement of Chapter 11 Cases and Other Information, and (III) Granting Related Relief* (Docket No. 193), the Debtors received authority from the Bankruptcy Court to redact (i) names, addresses, email addresses, and any other personally identifiable information of individual employees, directors, managers, interest holders, contractors, creditors, and any other individuals who may be parties in interest in these chapter 11 cases, and (ii) any other information required to be redacted pursuant to applicable law, including the GDPR.  Additionally, pursuant to Rule 9037-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas, the Debtors are authorized to redact to remove personal identification information or other content that is not relevant to a decision by the Bankruptcy Court.

are limited only to what the Debtors believe is necessary to protect the Debtors or the applicable third party or to comply with applicable law.  Upon request, the Debtors will provide interested parties with sufficient information to discern the nature of the listing.

14.     **Prior Acquisitions**.  The Debtors have historically grown through a series of acquisitions of stand-alone businesses over the past several years. These acquisitions spanned multiple jurisdictions and geographies and, in many cases, included the transfer of financial and operational data across differing accounting platforms and enterprise management systems. Generally, but not in all circumstances, these acquired businesses have continued to operate as separate, independent business units.  As a result of this acquisition activity, the underlying financial records relating to certain assets, liabilities, executory contracts, and other supporting and historical documentation of the Debtors may be incomplete, inconsistent, fragmented, or otherwise difficult to reconcile. Variability in legacy financial reporting systems, maintenance of accounts, and accounting practices across the Debtors' business units, including among acquired entities, has contributed to these limitations.  Accordingly, the Debtors reserve all rights, but undertake no obligation, to supplement and/or amend the Schedules and Statements in this regard.

15.     **Inventory**.  Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' inventory, the Debtors have listed such amounts as undetermined.  In addition, questions may exist as to which Debtor owns certain inventory based on prepetition transactions by and among Debtors and/or certain third parties.  These transactions are subject to an ongoing investigation by the Debtors and, in certain instances, the Examiner.  The listing of any inventory as being owned by a Debtor shall not be deemed an admission by the Debtors that such inventory is, in fact, owned by such Debtor.  The Debtors reserve all rights, but undertake no obligation, to supplement and/or amend the Schedules and Statements in this regard.

16.     **Property and Equipment**.  Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' owned property (including real property) and equipment, the Debtors have listed such amounts as undetermined. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  To the best of the Debtors' current knowledge, any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or should be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to same.

17.     **Executory Contracts**.  The Debtors have not set forth executory contracts as assets in the Schedules and Statements.  The Debtors' executory contracts have been set forth in Schedule G.  Although the Debtors have made reasonable efforts to attribute an executory contract to the appropriate Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses and the disparate record keeping practices across the Debtors' business units. Additionally, out of an abundance of caution, the Debtors have listed certain purchase orders on Schedule G. The inclusion of any purchase order, executory contract or unexpired lease on Schedule G does not constitute an admission or agreement that such purchase order is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code, nor does it reflect a determination regarding the

7

enforceability, validity, or assumption or rejection of any such purchase order, executory contract, or agreement.  Further, nothing in the Schedules and Statements is or should be construed as an admission as to the determination of the legal status of any contract or lease (including whether any contract or lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to same.  The Debtors reserve all of their rights with respect to the counterparties of any and all executory contracts, including the right to amend, supplement, or otherwise modify Schedule G.

18.     **Unexpired Leases**.  The Debtors have not included in the Schedules and Statements the future obligations of any operating leases.  Additionally, the Debtors have not included in the Schedules any right-of-use operating lease assets or liabilities related to FASB Accounting Standards Update 2016-2 because the Debtors do not possess any ownership interest in the corresponding properties and believe that the addition of these items would be cumbersome and unnecessary for understanding the value of the Debtors' estate.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F of the Schedules.  For certain property leases accounted for under GAAP as finance leases, the Debtors included the related leased property values as building assets in Schedule A/B, Part 9 and the related obligations as unsecured claims in Schedule E/F, Part 2. Nothing in the Schedules and Statements is or should be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to same.

19.     **Onset Leases**.  Prior to the Petition Date, certain of the Debtors entered into master lease agreements and related schedules with Onset Financial, Inc. ("**Onset**" and such leases, the "**Onset Leases**").  The Debtors have included the Onset Leases on Schedule G.  The inclusion of the Onset Leases on Schedule G does not constitute an admission that the Onset Leases are unexpired leases within the meaning of section 365 of the Bankruptcy Code, nor does it reflect a determination of the ownership of the property subject of the Onset Leases, nor the enforceability or validity of the Onset Leases.  On January 9, 2026, First Brands Group, LLC and certain Debtor affiliates commenced an adversary proceeding against Onset seeking, among other relief, to recharacterize the Onset Leases as disguised loans, rather than true leases.  The Debtors reserve all of their rights with respect to the Onset Leases, including all rights to dispute, recharacterize, reallocation, and otherwise restate, as applicable, their rights and obligations in respect of the Onset Leases and to dispute the existence, scope, validity, perfection, priority, and value of any liens or security interests granted in connection with the Onset Leases as well as the nature and extent of the underlying collateral.  Further, the listing of the Onset leases on Schedules D and/or Schedule F does not constitute an admission as to the secured status or priority of the Onset Leases nor does it reflect a determination of the ownership of the collateral allegedly pledged in connection with, or allegedly leased pursuant to the Onset Leases.

20.     **SPV Financing Arrangements**.  Prior to the Petition Date, certain of the SPV Debtors entered into financing arrangements, including inventory financing arrangements (collectively, the "**SPV Financing Arrangements**"), purportedly secured by collateral owned by the applicable SPV Debtors.  The Debtors have listed these financing arrangements on Schedule D.  The inclusion of the SPV Financing Arrangements on Schedule D does not constitute an admission that the obligations under such arrangements are secured, nor does it reflect a determination of the ownership of the collateral allegedly pledged in connection with the SPV

Financing Arrangements.  The Debtors reserve all of their rights with respect to the SPV Financing Arrangements, including all rights to dispute the existence, scope, validity, perfection, priority, and value of any liens or security interests granted in connection with the SPV Financing Arrangements, as well as the nature and extent of the underlying collateral.

21.     **Third-Party Factoring Liabilities**.  Prior to the Petition Date, the Debtors entered into arrangements with certain third parties ("**Third-Party Factors**") pursuant to which the Debtors would sell accounts receivable to such third parties ("**Third-Party Factoring**").  Pursuant to the Third-Party Factoring arrangements, in most cases the Debtors would receive payment from a customer on account of a receivable sold to a Third-Party Factor and were then required to turn over such payment to the applicable Third-Party Factor.  The Debtors' Third-Party Factoring is subject to ongoing review and investigation by the Debtors' advisors and the Examiner and such investigation may result in material adjustments to the amounts of the Debtors' factoring liabilities. The Debtors have listed liabilities related to their Third-Party Factoring on Schedule F but such inclusion does not constitute an admission as to the validity, status, or enforceability of any such obligation.  The full asserted loan value of each Third-Party Factor is listed on Schedule F for First Brands Group, LLC.  Individual Debtors with Third-Party Factoring arrangements list the amount of such liabilities as undetermined.  The Debtors reserve all of their rights with respect to the Third-Party Factoring liabilities, but undertake no obligation, to amend the reported amounts of Third-Party Factoring liabilities in this regard.

22.     **Contingent Assets**.  The Debtors may possess contingent and unliquidated claims against non-Debtor affiliates for various financial accommodations and similar benefits they have extended from time to time, including contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from, among other things, (i) letters of credit, (ii) notes payable and receivable, (iii) surety bonds, (iv) guarantees, (v) indemnities, and (vi) warranties.  Additionally, prior to the Petition Date, a Debtor, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.  Refer to each Statement, Part 3 Question 7, for lawsuits commenced prior to the Petition Date in which the Debtor was a plaintiff.

23.     **Intercompany Accounts**.  The Debtors maintain intercompany accounts in their books and records that record transfers of cash and other intercompany transactions among the Debtors' subsidiaries and affiliates.  Although efforts have been made to attribute these transactions to the correct legal entity, the Debtors reserve the right, but undertake no obligation, to modify or amend their Schedules and Statements to attribute such transactions to a different legal entity, as is necessary or appropriate.

Receivables and payables among the Debtors (each an "**Intercompany Receivable**" or "**Intercompany Payable**") are reported in the Schedules based upon the net intercompany balances as of the Petition Date.  Such amounts are listed as undetermined due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments.  To the extent that a Debtor owes an Intercompany Payable, it is reported on Schedule F as a liability of such Debtor.  To the extent that a Debtor has an Intercompany Receivable, it is reported on Schedule B as an asset of such Debtor.  It would be unduly burdensome and require significant resources for the Debtors to

allocate individual Intercompany Receivables and Intercompany Payables to specific Debtors, so such allocations are not reported in the Schedules.

For additional information regarding the Debtors' intercompany transactions and related cash management protocols, see *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System and Bank Accounts, (B) Implement Ordinary Course Changes to Cash Management System, and (C) Honor Certain Related Prepetition Obligations, (II) Granting Administrative Expense Priority for Postpetition Intercompany Claims, (III) Extending Time to Comply with Requirements of 11 U.S.C. § 345(b), and (IV) Granting Related Relief* (Docket No. 17) (the "**Cash Management Motion**").

24. **Guarantees and Other Secondary Liability Claims**. The Debtors have exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "**Guarantees**") in their secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they have been included in Schedule H for the applicable Debtor or Debtors. However, certain Guarantees embedded in the Debtors' secured financings, debt instruments, and other agreements may have been inadvertently omitted from Schedule H. Furthermore, Guarantees embedded in the Debtors' executory contracts and unexpired leases have been excluded from Schedule H. The Debtors reserve all of their rights, but undertake no obligation, to amend, supplement, and otherwise modify the Schedules to the extent that additional Guarantees are identified.

25. **Intellectual Property Rights**. The Debtors have exercised reasonable efforts to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all intellectual property rights. Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

26. **Mechanics' Liens**. The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, shippers', or similar liens that may attach, or have attached, to such inventories, property, and equipment.

27. **Estimates and Assumptions**. To prepare and file these Schedules and Statements, management was required to make certain estimates and assumptions that affected the reported amounts of the Debtors' assets and liabilities. The Debtors reserve all rights, but undertake no obligation, to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

28. **Fiscal Year**. The Debtors utilize an accounting schedule that does not always align with the calendar month end. The Debtors utilize a 5-4-4 accounting schedule which apportions the fiscal year into four discrete financial quarters, with each quarter comprised of thirteen weeks, consisting of a single five-week period, followed by two successive four-week periods. Furthermore, the Debtors observe a 52- to 53-week tax year, with the fiscal year concluding on the Saturday nearest to December 31.

29. **Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

30. **Claims of Third-Party Related Entities**. While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to such parties. Therefore, to the extent the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are designated as such.

31. **Interest in Subsidiaries and Affiliates**. Each Debtor's Schedule A/B, Part 4, Question 15 and Statements, Part 13, Question 25 schedules its ownership interests, if any, in subsidiaries and affiliates to the best of the Debtors' knowledge. Assets such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from market values. While reasonable efforts have been made to provide accurate and complete information, inadvertent errors and omissions may exist and the Debtors reserve all of their rights, but undertake no obligation, to revise, amend, supplement and/or adjust the Schedules and Statements accordingly.

32. **Paid Claims.** To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and will be enforceable by all parties, subject to Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights, but undertake no obligation, to amend and supplement the Schedules and Statements and take other action, including filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

33. **Master Agreements**. Contracts listed in the Schedules and Statements may be master agreements that cover relationships with certain of the Debtors. Where relevant, such agreements may have been listed in the Schedules and Statements of only the Debtor(s) where the applicable liabilities are booked. The Debtors reserve all rights, but undertake no obligation, to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate. Additionally, by listing a master agreement in these Schedules and Statements, the Debtors make no representation as to the severability of such agreement and its related contracts and leases, including any subleases, and the Debtors reserve any and all rights with respect to any arguments or claims it may have in regard to the severability of such agreements.

34.     **Setoffs and Recoupment**.  The Debtors, from time to time, may take and be subject to setoffs with customers and vendors in the ordinary course of business.  Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, returns, refunds, chargebacks, discounts, and negotiations and/or other disputes between the Debtors and their customers or vendors.  These setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, the Debtors did not independently verify these ordinary course setoffs and, therefore, certain ordinary course setoffs are or may not be included separately in the Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not aware.  The Debtors make no admission with respect to the ability of any party to effectuate any setoff or recoupment rights and reserve all rights to challenge any setoff rights and recoupments that may be asserted.

35.     **Insiders**.  In the circumstances where the Schedules and Statements require information regarding "insiders," the Debtors define "insiders" as (a) officers, directors, managers, and general partners, and anyone in control of a corporate debtor and their relatives; and (b) affiliates of the Debtor and insiders of such affiliates.  The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact (including that the party is an insider), right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the parties listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (1) the purposes of determining (a) control of the Debtors, (b) the extent to which any party exercised management responsibilities or functions, (c) corporate decision-making authority over the Debtors, or (d) whether such party could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability, or (2) any other purpose.  In addition, the Debtors have disclosed intercompany transfers between Debtors as transactions with insiders under the Schedules and Statements.  The Debtors and their advisors relied on available corporate documents and books and records to determine "insider" status.  While reasonable efforts have been made to provide accurate and complete information, inadvertent errors and omissions may exist and the Debtors reserve all of their rights, but undertake no obligation, to revise, amend, supplement and/or adjust the Schedules and Statements accordingly.

36.     **Indemnification**.  Certain of the Debtors' governing documents may provide for indemnification of its members, current and former officers, directors, managers, and current or former affiliates, officers, directors, managers, stockholders, partners, employees, representatives, or agents of its members, among others.  Further, the Debtors may have entered into separate agreements with certain officers, directors, and managers whereby the Debtors agreed to indemnify such parties in certain circumstances according to the particular terms or conditions set forth in those agreements.  The Debtors have not reached a determination as to whether certain potentially indemnified persons are eligible for indemnification under the terms of any applicable agreement.  The Debtors have separately listed on Schedule G certain contracts with such covered persons, but the Debtors reserve all rights with respect thereto, including the right to assert that

any individual is not entitled to indemnification and that the agreements do not constitute executory contracts.

37. **Payments**. The financial affairs and businesses of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their business (the "**Cash Management System**") (as described in the Cash Management Motion). Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right, but undertake no obligation, to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, as is necessary or appropriate. Payments made are listed by the legal entity making such payment notwithstanding that many such payments may have been made on behalf of another legal entity.

38. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

39. **Global Notes Control**. These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof. In the event that a Schedule or Statement differs from any Global Note, the Global Note shall control.

40. **"As Of" Information Date**. To the best of the Debtors' knowledge, and except as otherwise noted herein, the asset information provided herein represents the asset data of the Debtors as of the Reporting Dates. Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material. Accordingly, the Debtors reserve all rights, but undertake no obligation, to amend or adjust the value of each asset set forth herein. In addition, the amounts showing for total liabilities exclude items identified as "unknown," "disputed," "contingent," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

41. **Duplication**. Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosure would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

42. **Deferred Compensation Plan**. The Debtors maintain a non-qualified deferred compensation plan designed to provide benefits to a select group of management or highly compensated employees (the "**Deferred Compensation Plan**"). The Debtors maintain a "rabbi trust" for the purpose of paying benefits to participants of the Deferred Compensation Plan. The rabbi trust assets are currently invested in the Vanguard Federal Money Market Investor Fund (the "**Rabbi Trust Assets**") to fund the account balance liabilities associated with the Deferred Compensation Plan. However, in the event of bankruptcy, the Rabbi Trust Assets are subject to the claims of the Debtors' general creditors. The Debtors listed the Rabbi Trust Assets on Debtor First Brands Group, LLC's Schedule A/B. Claims related to the Deferred Compensation Plan have

been consolidated and reported on Debtor First Brands Group, LLC's Schedule F.  The liabilities related to the Deferred Compensation Plan are listed on First Brands Group, LLC's Schedule F. With respect to all information regarding Deferred Compensation Plan presented herein, employee names and addresses have been redacted for privacy purposes.  The listing of any asset or liability related to the Deferred Compensation Plan in the Schedules and Statements does not constitute any admission, conclusion, or waiver of any claim or right in any respect.  The Debtors reserve all of their rights to dispute, recharacterize, reallocate, and otherwise restate, as applicable, their rights and obligations in respect of the Deferred Compensation Plan.

43.     **Captive Insurance Program**.  The Debtors obtain general liability and property insurance coverage from captive insurance company Securus Insurance, LLC ("**Securus**"), a non-Debtor subsidiary wholly-owned by Debtor Viceroy Private Capital, LLC (the "**Captive Insurance Program**").  The Debtors have made reasonable efforts to ascertain their rights and obligations related to the Captive Insurance Program based on a diligent review of their books and records.  The Debtors have listed general liability and property claims covered under the Captive Insurance Program on the applicable Debtor's Schedule E/F.  The listing of any general liability or property claim in Schedule E/F does not constitute an admission, conclusion, or waiver in any respect.

**Specific Notes Regarding Schedule A/B**

1.     **Schedule A/B, Part 1, Question 3 – Checking, Savings, or Other Financial Accounts, CDs, etc**.  As of the Petition Date, the Debtors' Cash Management System was composed of 191 bank accounts (excluding accounts maintained by the non-Debtor affiliates). Further details with respect to the Cash Management System are provided in the Cash Management Motion.

2.     **Schedule A/B, Part 2, Questions 6–9 – Deposits and Prepayments**.  Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' deposits and prepayments, the Debtors have listed such amounts as undetermined.

3.     **Schedule A/B, Part 3, Questions 10–12 – Accounts Receivable**.  Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' accounts receivables, the Debtors have listed such amounts as undetermined.

4.     **Schedule A/B, Part 4, Question 15 – Investments**.  Only interests in subsidiaries that are owned directly by a Debtor entity are identified in Part 4.  The values of ownership interests in such subsidiaries have been listed as undetermined amounts because, due to the private nature of their ownership, the fair market value of such ownership cannot be readily determined, is dependent on numerous factors, and may differ significantly from net book value.

5.     **Schedule A/B, Part 5, Questions 18–26 – Inventory, Excluding Agricultural Assets**.  Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' inventory, the Debtors have listed such amounts as undetermined.

14

6. **Schedule A/B, Part 7, Questions 38–45 – Office Furniture, Fixtures, and Equipment; and Collectibles**. Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' office furniture, fixtures, equipment, and collectibles, the Debtors have listed such amounts as undetermined.

7. **Schedule A/B, Part 8, Questions 46–53 – Machinery, Equipment, and Vehicles**. Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' machinery, equipment, and vehicles, the Debtors have listed such amounts as undetermined.

8. **Schedule A/B, Part 9, Questions 54–58 – Real Property**. Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' real property, the Debtors have listed such amounts as undetermined.

9. **Schedule A/B, Part 10, Questions 59 - 64 – Intangibles and Intellectual Property.** Various patents, trademarks, and website domains owned and maintained by the Debtors are identified in Part 10. The Schedules do not list the value of such assets as the Debtors' advisors' understanding is that no recent appraisals have been performed. Various software licenses the Debtors use for their operations that hold minimal value are not included in the responses to Part 10.

10. **Schedule A/B, Part 11, Questions 72–78 – All Other Assets**. Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the amounts of the Debtors' other assets, the Debtors have listed such amounts as undetermined. As of the Petition Date, the Debtors maintained approximately 138 insurance policies administered by multiple insurance carriers. The insurance policies provide coverage for, among other things, the Debtors' property, general liability, automobile liability, cyber liability, umbrella coverage, fiduciary liability, pollution liability, and directors' and officers' liability (including tail coverage). The Debtors more fully describe such policies in the *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Continue Insurance Policies, Surety Bonds, and Letters of Credit and (B) Pay All Obligations With Respect Thereto, and (II) Granting Related Relief* (Docket No. 10). Any policies owned by suppliers to which Debtor entities may have been added as an additional insured are not included in the response to Question 73.

11. **Schedule A/B, Part 11, Question 74 – Causes of Action Against Third Parties**. While the Debtors believe they were diligent in their efforts to list causes of action against third parties, it is possible that certain causes of action may have been inadvertently excluded in the Debtors' response to Schedule A/B, Part 11, Question 74. Additionally, the Debtors may hold causes of action against other parties that have not formally been commenced, and thus any such causes of action have not been included on Schedule A/B, Part 11, Question 74. The causes of action asserted in the adversary proceedings against Patrick James et al. (Adv. Pro. Case No. 25-03803) and Onset et al. (Adv. Pro. Case No. 26-03005) (and any amendments thereto) have not been included on Schedule A/B, Part 11, Question 74 of each applicable Debtor-plaintiff but are

15

incorporated herein by reference.   The Debtors reserve all of their rights, but undertake no obligation, to amend or supplement their responses to Schedule A/B, Part 11, Question 74.

**Specific Notes Regarding Schedule D**

Except as otherwise agreed pursuant to a stipulation or agreed order or other order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  The Debtors have listed on Schedule D certain obligations arising under debt facilities, credit agreements, and similar financing arrangements, including, without limitation, certain supply chain financing facilities, based on information available as of the Petition Date. As disclosed elsewhere in the Schedules and Statements, the collateral, liens, and assets purported to secure such facilities are currently under review by the Debtors and their advisors. This review includes an evaluation of the existence, scope, validity, perfection, priority, and value of any liens or security interests, as well as the nature and extent of the underlying collateral.  As a result of this ongoing analysis, certain obligations listed on Schedule D may ultimately be determined to be partially or wholly undersecured or unsecured, notwithstanding their classification on Schedule D.  All amounts listed as "debt" on Schedule D reflect the gross amounts asserted or recorded under the applicable facilities as of the Petition Date, and do not represent a determination of the allowed amount of any secured claim, the value of collateral securing such claim, or the extent to which such claim is secured or unsecured.

The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates.  To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred, before the Petition Date.

The Debtors made reasonable, good faith efforts to identify all liens on Schedule D, but may have inadvertently failed to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Debtors performed Uniform Commercial Code searches or that a party may not have filed the requisite perfection documentation.  Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights that are unknown.  Therefore, the Debtors may have failed to list certain parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights on Schedule D.  Further, any changes to the status of any liens or security rights since the Petition Date may not be adequately reflected in Schedule D.  Therefore, the Debtors may have listed claims with secured status that have changed, or failed to list certain parties whose claims may be secured through rights of setoff, deposits or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights on Schedule D.  The Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or instrument related to a creditor's claim.   The amounts in Schedule D reflect outstanding principal and accrued and unpaid interest as well as other fees owed to the Debtors' secured creditors as of the Petition Date.

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is

16

intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, certain real property lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D.

**Specific Notes Regarding Schedule E/F**

1.      **Schedule E/F, Part 1, Question 2 – Creditors Holding Priority Unsecured Claims**. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all rights to dispute the amount and/or the priority status of any claim on any basis at any time.

As noted above, the Bankruptcy Court entered a First Day Order granting authority to the Debtors to pay certain prepetition employee wage and other obligations (Docket No. 187) (the "**Employee Wage Order**"). Pursuant to the Employee Wage Order, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, bonuses and other compensation, reimbursable employee expenses, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to and intend to pay or have paid pursuant to the Employee Wage Order. The Debtors also have not included accrued paid time off balances as of the Petition Date in the Schedules and Statements. The Debtors will make available to their employees accrued paid time off balances as of the date of their termination of employment with the Debtors and supplement the Schedules and Statements as necessary.

Additionally, the Bankruptcy Court entered a First Day Order granting authority to the Debtors to pay certain prepetition tax obligations (Docket No. 196) (the "**Taxes Order**"). Pursuant to the Taxes Order, the Bankruptcy Court granted the Debtors authority to pay certain taxes and fees. The Debtors have not listed on Schedule E/F certain tax-related obligations for which the Debtors have been granted authority to and intend to pay or have paid pursuant to the Taxes Order.

To the best of the Debtors' knowledge, all claims listed on Part 1 arose or were incurred before the Petition Date.

2.      **Schedule E/F, Part 2, Question 3 – Creditors Holding Nonpriority Unsecured Claims**. The Debtors have made reasonable efforts to list all non-priority unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records. As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP,

17

these amounts are estimates and have not been included on Part 2.  Accordingly, the information contained on Schedule E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligation to, amend Schedules D and E/F if and as they receive such invoices.

As a result of the Debtors' consolidated operations, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Part 2 may owe amounts to the Debtors and the Debtors may have valid setoff and recoupment rights with respect to any such amounts.  The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff rights or recoupment that may be asserted against the Debtors.  Additionally, certain creditors may assert mechanics' liens or other similar liens against the Debtors for amounts listed on Part 2.  The Debtors reserve all rights to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor.  In addition, certain claims listed on Part 2 may potentially be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

To the best of the Debtors' knowledge, all claims listed on Part 2 arose or were incurred before the Petition Date.

Part 2 does not include certain balances, including deferred liabilities, accruals, or reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Petition Date.

Schedule E/F, Part 2 and Statements, Part 3, Question 7, contain information regarding potential and pending litigation involving the Debtors.  In certain instances, the precise Debtor entity that is the named defendant in the litigation is unclear because, among other things, plaintiffs or potential plaintiffs have made generalized claims against "First Brands" as an enterprise, have incorrectly referenced the names of Debtor entities and/or their affiliates in their pleadings, and/or such plaintiffs' claims relate to legacy businesses that the Debtors have acquired prior to the Petition Date.  The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, or disputed in the Schedules and Statements.  To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor (even though the litigation may actually impact another Debtor or non-Debtor current or former affiliate of the Debtors).

Schedule E/F, Part 2 reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.  The Debtors reserve their rights, but undertake no obligation, to amend Schedule E/F to reflect such cure payments.  In addition, Schedule E/F, Part 2 does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F, Part 2.

18

Additionally, the Bankruptcy Court entered a First Day Order granting authority to the Debtors to pay certain prepetition obligations to customers (Docket Nos. 188, 520) (the "**Customer Programs Orders**").  Pursuant to the Customer Programs Orders, the Bankruptcy Court granted the Debtors authority to pay prepetition obligations to customers and continue customer programs in the ordinary course of business.  The Debtors have not listed on Schedule E/F certain customer-related obligations for which the Debtors have been granted authority to and intend to pay or have paid pursuant to the Customer Programs Orders.  The Debtors have also not scheduled claims related to customer warranty obligations on Schedule E/F, Part 2.

The claims of individual creditors may not reflect credits or allowances due from creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits or allowances, including the right to assert objections, setoffs rights, and recoupment.

The Court has authorized the Debtors to pay, in their discretion, certain unsecured claims pursuant to the First Day Orders.  Each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for postpetition payments made under some or all of the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F.  Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Bankruptcy Court, and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims, but incur not obligation to do so.

**Specific Notes Regarding Schedule G**

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts and unexpired leases (collectively, the "**Agreements**") on each of the Debtor's Schedule G, and while the Debtors have devoted substantial internal and external resources to identifying and providing the requested information for as many Agreements as possible and to ensuring the accuracy of Schedule G, the Debtors' collection and review of the Agreements is ongoing and inadvertent errors, omissions, or over-inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.  The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any Agreement set forth in Schedule G and to amend or supplement Schedule G as necessary.  The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each Agreement listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument or other document is listed thereon.

The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements,

19

amendments/letter agreements, master service agreements, non-disclosure agreements, and confidentiality agreements which may not be set forth in Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors reserve their rights, but undertake no obligation, to amend Schedule G at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Petition Date or is valid or enforceable. The inclusion of any contract in Schedule G also does not constitute an admission that such contract is a true lease.

The Debtors reserve all of their rights, claims, and causes of action with respect to the Agreements listed on Schedule G, including, but not limited to, the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including any intercreditor or intercompany agreement) related to a creditor's claim, to dispute the validity, status, or enforceability of any Agreement set forth in Schedule G, and to amend or supplement Schedule G as necessary. Further, the specific Debtor obligor to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such Agreements.

Certain of the Agreements may not have been memorialized and could be subject to dispute. Agreements that are oral in nature have not been included in Schedule G.

Certain of the Agreements listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions by the Debtors. The Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such Agreements.

**Specific Notes Regarding Schedule H**

In the ordinary course of their business, the Debtors may become subject to pending or threatened litigation and claims arising out of certain ordinary course of business transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are contingent, disputed, and/or unliquidated, such claims have not been set forth individually on Schedule H. However, some such claims may be listed elsewhere in the Schedules and Statements.

The inclusion of or failure to include any entity on Schedule H does not constitute a waiver or an admission that such entity is a co-debtor or co-liable with respect to any pending or threatened litigation. The Debtors reserve all rights with respect to any claims related to any pending or threatened litigation.

**Specific Notes Regarding Statements of Financial Affairs**

1.        **Statements, Part 1, Question 1 – Gross revenue from business.** Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the Debtors' gross revenue from business, the Debtors have listed the gross revenue from business as undetermined in response to Statements, Part 1, Question 1. The listing of such data as undetermined should not

20

be construed as a representation or warranty of the Debtors' current or future financial condition. The Debtors reserve all of their rights, but undertake no obligation, to amend their response to Statements, Part 1, Question 1.

2.      **Statements, Part 1, Question 2 – Non-business revenue.** Due to the Debtors' continued review, investigation, and reconciliation of their records, and given that such investigations and reconciliations may result in material adjustments to the Debtors' non-business revenue, the Debtors have listed the non-business revenue as undetermined in response to Statements, Part 1, Question 2. The listing of such data as undetermined should not be construed as a representation or warranty of the Debtors' current or future financial condition. The Debtors reserve all of their rights, but undertake no obligation, to amend their response to Statements, Part 1, Question 2.

3.      **Statements, Part 2, Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing This Case**. The payments disclosed in response to Statements, Part 2, Question 3 do not include payments to insiders (which are included in the response to Statements, Part 2, Question 4), transfers to bankruptcy professionals (which are included in response to Statements, Part 6, Question 11), or ordinary course compensation of individuals through salaries, wages, or related allowances, which are listed, to the extent required, on Statements, Part 2, Question 4. Any amounts owed to creditors that remain outstanding will appear on the Schedules for each of the Debtors, as applicable. In certain instances, including with respect to supply chain financing arrangements, the Debtors made payments through third-party platforms that subsequently disbursed such payments to the applicable funders or financing parties. In those instances where the Debtors were unable to allocate such payments among specific funders or financing parties based on the information reasonably available, the Debtors have identified the applicable third-party platform as the payment recipient for purposes of such disclosure.

4.      **Statements, Part 2, Question 4 – Payments or Other Transfers of Property Made Within 1 Year Before Filing This Case That Benefited Any Insider**. As set forth herein, in the circumstances where the Schedules and Statements require information regarding "insiders," the Debtors define "insiders" as (a) officers, managers, directors and managers, and anyone in control of a Debtor and their relatives; and (b) affiliates of the Debtor and insiders of such affiliates. The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact (including that the party is an insider), right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved. In situations where the Debtors made payments to an entity related to an insider, but such payments were not explicitly for the benefit of such insider, such transactions are disclosed on Statements, Part 2, Question 4 if they were made within 1 year before the Petition Date and Statements, Part 6, Question 13 if they were made between one to two years before the Petition Date.

5.      **Statements, Part 3, Question 7 – Legal Actions**. While the Debtors believe they were diligent in their efforts to list the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the Debtors were involved in any capacity within one year before the Petition Date, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to Statements, Part 3, Question 7. Additionally, the Debtors may have causes of action against other parties that have not formally been commenced, and thus any such causes of action have not been included on Statements, Part

21

3, Question 7. The Debtors reserve all of their rights, but undertake no obligation, to amend or supplement their response to Statements, Part 3, Question 7.

6. **Statements, Part 6, Question 11 – Payments Related to Bankruptcy**. All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to Statements, Part 6, Question 11. Due to the nature of certain of the Debtors' professionals' work, distinguishing payments related to the Debtors' bankruptcy cases from payments for services unrelated to the Debtors' bankruptcy cases can be difficult and unduly burdensome to ascertain. The payments disclosed on Statements, Part 6, Question 11 may, therefore, include certain amounts related to non-bankruptcy-related services performed for the Debtors prior to the Petition Date. Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

In addition, in response to Statements, Part 6, Question 11, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of their lenders or other creditors.

7. **Statements, Part 7, Question 14 – Previous Addresses**. Due to the Debtors' significant and frequent historical acquisitions, the commencement of the Debtors' occupancy of certain addresses would be difficult and unduly burdensome to determine. Accordingly, in response to Statements, Part 7, Question 14, the Debtors have listed the dates that the applicable locations were acquired in lieu of the dates when occupation was commenced.

8. **Statements, Part 13, Question 26 – Books, Records, and Financial Statements**. The Debtors provide certain parties such as banks, auditors, lenders, potential investors, vendors, and financial advisors with financial statements that may not be part of a public filing. The Debtors do not maintain detailed records tracking such disclosures.

9. **Statements, Part 13, Questions 28 and 29 – Current and Former Directors and Officers**. The Debtors and their advisors relied on available corporate documents and books and records to determine officer, director, managing member, general partner, member and controlling shareholder statuses. While reasonable efforts have been made to provide accurate and complete information, inadvertent errors and omissions may exist and the Debtors reserve all of their rights, but undertake no obligation, to revise, amend, supplement and/or adjust the responses to Statements, Part 13, Questions 28 and 29. Additionally, the start and end dates listed for individuals disclosed in response to Statements, Part 13, Question 29 refer to such individuals' start dates and end dates of employment with the Debtors, rather than their start dates and end dates for their positions with the Debtors as of the Petition Date.

22

**Fill in this information to identify the case:**

Debtor name     First Brands Group Holdings, LLC

United States Bankruptcy Court for the:     Southern District of Texas, Houston Division

Case number (If known):     25-90397 (CML)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

## Part 1: Summary of Assets

1. **Schedule A/B: Assets-Real and Personal Property** (Official Form 206A/B)

   1a. **Real property:**
   Copy line 88 from *Schedule A/B* ..................................................................  $     0.00

   1b. **Total personal property:**
   Copy line 91A from *Schedule A/B* ..............................................................  $     Undetermined

   1c. **Total of all property:**
   Copy line 92 from *Schedule A/B* ................................................................  $     Undetermined

## Part 2: Summary of Liabilities

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

   Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* .........................................  $     0.00

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

   3a. **Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F* ..................................  $     700,341.54

   3b. **Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ......................  + $     2,040,000,000.00*

4. **Total liabilities** .............................................................................................  $     2,040,700,341.54*
   Lines 2 + 3a + 3b

**\*Plus Undetermined Amounts**

**Fill in this information to identify the case:**

Debtor name   First Brands Group Holdings, LLC

United States Bankruptcy Court for the:   Southern District of Texas, Houston Division

Case number (If known)   25-90397 (CML)

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☒ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand** — $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1 | | __ __ __ __ | $ _____ |
| 3.2 | | __ __ __ __ | $ _____ |

4. **Other cash equivalents** *(Identify all)*

   4.1 _____  $ _____

   4.2 _____  $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.   $ _____ 0.00

## Part 2:   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☒ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

   |  | Current value of debtor's interest |
   |---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   7.1 _____  $ _____

   7.2 _____  $ _____

Debtor    First Brands Group Holdings, LLC                                                Case number (if known)  25-90397 (CML)
          Name

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   8.1  _____    $ _____

   8.2  _____    $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.                              $ _____0.00

---

## Part 3:   Accounts receivable

10. **Does the debtor have any accounts receivable?**

    ☑  No. Go to Part 4.

    ☐  Yes. Fill in the information below.

    |  | **Current value of debtor's interest** |
    | --- | --- |

11. **Accounts receivable**

    11a. 90 days old or less:  _____  —  _____  =  ......  →    $ _____
    
    face amount              doubtful or uncollectible accounts

    11b. Over 90 days old:    _____  —  _____  =  ......  →    $ _____
    
    face amount              doubtful or uncollectible accounts

12. **Total of Part 3**

    Current value on lines 11a + 11b = line 12. Copy the total to line 82.         $ _____0.00

---

## Part 4:   Investments

13. **Does the debtor own any investments?**

    ☐  No. Go to Part 5.

    ☑  Yes. Fill in the information below.

    | **Valuation method used for current value** | **Current value of debtor's interest** |
    | --- | --- |

14. **Mutual funds or publicly traded stocks not included in Part 1**

    Name of fund or stock:

    14.1 None _____   _____   $ _____0.00

    14.2 _____   _____   $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

    Name of entity:                                    % of ownership:

    15.1 See Attached Rider _____   _____ %   $ _____Undetermined

    15.2 _____   _____ %   $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

    Describe:

    16.1 None _____   _____   $ _____0.00

    16.2 _____   _____   $ _____

17. **Total of Part 4**

    Add lines 14 through 16. Copy the total to line 83.                           $ _____Undetermined

**\*Plus Undetermined Amounts**

---

Official Form 206A/B          **Schedule A/B: Assets - Real and Personal Property**          Page **2**

Debtor    First Brands Group Holdings, LLC                                   Case number (if known) 25-90397 (CML)
          Name

## Part 5:   Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒   No. Go to Part 6.

☐    Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 20. **Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 21. **Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| 22. **Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐   No

☐   Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐   No

☐   Yes. Book value  $ _____     Valuation method _____     Current value  $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐   No

☐   Yes

## Part 6:   Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☒   No. Go to Part 7.

☐   Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops-either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 29. **Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

| Debtor | First Brands Group Holdings, LLC | Case number (if known) 25-90397 (CML) |
|---|---|---|
| | Name | |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$ _____ 0.00

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

  ☐ No

  ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____ Valuation method _____ Current value $ _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

**Part 7:   Office furniture, fixtures, and equipment; and collectibles**

38  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 40. **Office fixtures** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 _____ | $ _____ | _____ | $ _____ |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

43. **Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Debtor | First Brands Group Holdings, LLC | Case number (If known) | 25-90397 (CML) |
|---|---|---|---|
| | Name | | |

## Part 8:   Machinery, equipment, and vehicles

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑  No. Go to Part 9.

☐  Yes. Fill in the information below.

| General Description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 _____ | $ _____ | _____ | $ _____ |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |

49. **Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |

51. **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52. **Is a depreciation schedule available for any of the property listed in Part 8?**

☐  No

☐  Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐  No

☐  Yes

Debtor    First Brands Group Holdings, LLC                                    Case number (if known)  25-90397 (CML)
          Name

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:  Intangibles and intellectual property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

Official Form 206A/B                    Schedule A/B: Assets - Real and Personal Property                    Page **6**

| Debtor | First Brands Group Holdings, LLC | Case number (if known) 25-90397 (CML) |
|---|---|---|
| | Name | |

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 11:   All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**

Description (include name of obligor)

None _____  ——  _____ = → $ _____ 0.00

Total Face Amount   Doubtful or uncollectible Amount

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| None | Tax Year _____ | $ _____ 0.00 |
|---|---|---|
| | Tax Year _____ | $ _____ |
| | Tax Year _____ | $ _____ |

**73. Interests in insurance policies or annuities**

See Attached Rider ..... $ _____ Undetermined

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

None ..... $ _____ 0.00

**Nature of Claim** _____

**Amount Requested** $ _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

None ..... $ _____ 0.00

**Nature of Claim** _____

**Amount Requested** $ _____

**76. Trusts, equitable or future interests in property**

None ..... $ _____ 0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

None ..... $ _____ 0.00

$ _____

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90. ..... $ _____ Undetermined

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No

☐ Yes

*Plus Undetermined Amounts

Debtor   First Brands Group Holdings, LLC _____   Case number (If known)   25-90397 (CML) _____
        Name

## Part 12:   Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of Property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ Undetermined | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* ............................................. → | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ Undetermined | |
| 91. **Total.** Add lines 80 through 90 for each column.............................91a. | $ Undetermined | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92.................................................................................   $ Undetermined

**\*Plus Undetermined Amounts**

Debtor Name:  First Brands Group Holdings, LLC                                          Case Number:  25-90397 (CML)

**Assets - Real and Personal Property**

**Part 4, Question 15:** Non-publicly traded stock interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture.

| Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture *(Name of entity:)* | % of Ownership | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| First Brands Group Intermediate, LLC | 100% | N/A | Undetermined |
| SC Collateral Finance, LLC | 100% | N/A | Undetermined |
| | | **TOTAL** | $0.00 <br> + Undetermined Amounts |

Debtor Name:  First Brands Group Holdings, LLC                                                                          Case Number:  25-90397 (CML)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| 0033 HIS Lloyd's, 1301 IGO Lloyd's, Convex Insurance UK, QBE UK Limited | Excess Liability | BMBDAOCC2024198 | Undetermined |
| AIG | Excess Liability | 015717599 | Undetermined |
| AIG | Employment Practices Liability / Fiduciary Liability | 038241355 | Undetermined |
| AIG | D&O | 038241357 | Undetermined |
| AIG | Commercial Crime | 038348765 | Undetermined |
| AIG | Aviation | AP07123451807 | Undetermined |
| AIG | Excess Liability | EXC30002039404 | Undetermined |
| Allianz | D&O | USF00003525 | Undetermined |
| Allianz | D&O | USF05648825 | Undetermined |
| Allianz | Auto Liability | USL02290424 | Undetermined |
| Allianz | General Liability | USL02290424 | Undetermined |
| Allianz | Foreign Employee Liability | USL02290424 | Undetermined |
| Allianz | Workers Compensation | USL02290424 | Undetermined |
| Allianz | Multinational | USL02290424 | Undetermined |
| Allianz | Property | USP00163625 | Undetermined |
| Allied World | D&O | 03147797 | Undetermined |
| AmTrust | D&O | EUW205355200 | Undetermined |
| ANV | D&O | ANV163622A | Undetermined |
| Applied | D&O | BFLXDOTOH01050002322001 | Undetermined |
| Arcadian (UK) | Excess Liability | B0509BOWCN2452842 | Undetermined |
| Arcadian (UK) | Excess Liability | US00107612LI24A | Undetermined |
| Arch | D&O | PCX100013405 | Undetermined |
| Argo Re Ltd. (BDA) | Excess Liability | B0509BOWCN2552458 | Undetermined |
| Ascot | D&O | MLXS251000212001 | Undetermined |

Debtor Name:  First Brands Group Holdings, LLC                    Case Number:  25-90397 (CML)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| ATRI | D&O | MLX100224100 | Undetermined |
| AXA XL | Excess Liability | B0509BOWCN2552976 | Undetermined |
| AXA XL | D&O | ELU20215125 | Undetermined |
| AXA XL | Pollution | XEC0057527 | Undetermined |
| AXIS | Excess Liability | BMBDAOCC2024197 | Undetermined |
| AXIS | D&O | P00100006807106 | Undetermined |
| AXIS | Commercial Crime | P00100050294905 | Undetermined |
| AXIS | Employment Practices Liability / Fiduciary Liability | P00100050295205 | Undetermined |
| Balance Partners | D&O | MLX100098503 | Undetermined |
| Beazley | Pollution | B0509BOWCI2250632 | Undetermined |
| Beazley | Pollution | B0509BOWCI2250633 | Undetermined |
| Beazley | Pollution | B0646JZA18531 | Undetermined |
| Beazley | D&O | V2A4E6250601 | Undetermined |
| Beazley | Pollution | W24803180101 | Undetermined |
| Beazley | Pollution | W25CA5190101 | Undetermined |
| Beazley | Pollution | W2C182200101 | Undetermined |
| Beazley | Pollution | W3179E220101 | Undetermined |
| Beazley | Pollution | W3568A230101 | Undetermined |
| Berkley | D&O | BPRO8120547 | Undetermined |
| Berkshire | Property | 42XPR32287404 | Undetermined |
| Berkshire | D&O | 47EMC31019006 | Undetermined |
| Berkshire | D&O | 47EMC34293601 | Undetermined |
| Bowhead | D&O | ACL05257400 | Undetermined |
| Bowhead | D&O | ECL05459900 | Undetermined |

Debtor Name:  First Brands Group Holdings, LLC

Case Number:  25-90397 (CML)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Canopius | D&O | SGC170900 | Undetermined |
| Celerity | D&O | CRDO000004400 | Undetermined |
| Chubb | D&O | G46865017008 | Undetermined |
| Chubb | Employment Practices Liability / Fiduciary Liability | J06461360 | Undetermined |
| Chubb | Pollution | PPLG47399105001 | Undetermined |
| Chubb | Pollution | PPLG47416371001 | Undetermined |
| Chubb | Pollution | PPLG72597424001 | Undetermined |
| Chubb | Umbrella | 38395737 | Undetermined |
| Chubb | Umbrella | XEUG7254383A004 | Undetermined |
| Chubb BDA | Property | VICEROY02320P03 | Undetermined |
| Chubb Bermuda | D&O | 40387001A | Undetermined |
| CNA | Property | RMP7035092903 | Undetermined |
| Crum & Forster | D&O | 5751082188 | Undetermined |
| Distinguished | D&O | VEL10025400 | Undetermined |
| DUAL Commercial LLC | Product Recall | CMR0000037502 | Undetermined |
| Endurance | D&O | DOX30001499505 | Undetermined |
| Endurance | Excess Liability | P00100043775005 | Undetermined |
| Everest | D&O | PC8EX00256251 | Undetermined |
| Everest | D&O | PC8EX00303251 | Undetermined |
| Everest | Property | RP8CF00167251 | Undetermined |
| Fast Track | Property | B0509MPSPB2500312 | Undetermined |
| Fast Track | Property | B0509MPSPB2500458 | Undetermined |
| Fast Track | Property | B0509MPSPB2500459 | Undetermined |
| GAIC | Special Risk - 3 Year | UKA302275124 | Undetermined |

Debtor Name:  First Brands Group Holdings, LLC     Case Number:  25-90397 (CML)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Great American | D&O | DFX1491246 | Undetermined |
| Guy Carp - Fronted by Zurich | Property | PPR675268302 | Undetermined |
| Hannover Re | Property | PR0426825000 | Undetermined |
| Hartford | D&O | 83PE042388425 | Undetermined |
| Hiscox | Property | UTS257309425 | Undetermined |
| Hudson | D&O | HE030313154 | Undetermined |
| Inigo Excess Consortium IGO 9299, Multiple Underswriters at Lloyd's London, Convex Insurance, UK Limited, QBE UK Limited, Rokstone Group Ltd, Multiple Underwriters, from Fast Track | Excess Liability | B0509BOWCN2552302 | Undetermined |
| Intact | D&O | MMX0007880725 | Undetermined |
| Intact | D&O | MMX0007930725 | Undetermined |
| Ironshore | Pollution | 004427600 | Undetermined |
| Ironshore | D&O | DO6NABXY3V006 | Undetermined |
| James River | D&O | P0000009396 | Undetermined |
| Lexington | D&O | 06995991800 | Undetermined |
| Lloyd's via RT | D&O | MR25ADC7 | Undetermined |
| Lloyd's via RT | D&O | MR25ADC8 | Undetermined |
| Markel | Property | CT4851A25MZA | Undetermined |
| Markel | D&O | MKLM3MXM000752 | Undetermined |
| MSIG | D&O | DOA3125038 | Undetermined |
| Multiple Underwriters at Lloyd's of London, Convex Insurance UK, QBE UK Limited | Excess Liability | B0509BOWCN2452841 | Undetermined |
| Munich Re | Property | 78A3XP000097502 | Undetermined |
| Munich Re | D&O | 8JA7PX000231800 | Undetermined |
| Munich Re | D&O | 8JA7PX000231900 | Undetermined |
| Old Republic | D&O | ORPRO13103159 | Undetermined |

Debtor Name:  First Brands Group Holdings, LLC                                     Case Number:  25-90397 (CML)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Orion | D&O | OII783DOX120250P | Undetermined |
| Pantheon | D&O | PNKSDO00001225 | Undetermined |
| Partner Re | Property | F628824 | Undetermined |
| QBE | D&O | 100044631 | Undetermined |
| Resilience | Cyber | 7200008910003 | Undetermined |
| RLI | D&O | EPG0024056 | Undetermined |
| RSUI | D&O | LHS715558 | Undetermined |
| Scor | Property | FA011243920251 | Undetermined |
| Scor | D&O | FA013308520251 | Undetermined |
| Securus Insurance,LLC | General Liability | 1GLPLOGL2024 | Undetermined |
| SECURUS Insurance,LLC - Fronted by Zurich | Property | PPR675268302 | Undetermined |
| Sompo | D&O | ADX30092383900 | Undetermined |
| Sompo | Property | ARP30078867700 | Undetermined |
| Starr | Pollution | 1000067835221 | Undetermined |
| Starr | Pollution | 1000067859221 | Undetermined |
| Starr | D&O | 1000625358251 | Undetermined |
| Starr | D&O | 1000625372251 | Undetermined |
| Starr | Property | 25SSLDOCD330061 | Undetermined |
| StarStone | D&O | DNO00513228P00 | Undetermined |
| Swiss Re | Product Recall | PRL200263705 | Undetermined |
| Tango | D&O | TSMSP1001401 | Undetermined |
| Templar | D&O | S0026XS00204900 | Undetermined |
| The Princeton Excess and Surplus Lines Insurance Company | Excess Liability | 5VA3FF000006900 | Undetermined |
| Travelers | General Liability | TC2JGLSA9P530467TIL24 | Undetermined |

Debtor Name:  First Brands Group Holdings, LLC

Case Number:  25-90397 (CML)

**Assets - Real and Personal Property**

**Part 11, Question 73:** Interests in insurance policies or annuities

| Interests in insurance policies or annuities (Description) | Policy Type | Policy Number | Current value of debtor's interest |
|---|---|---|---|
| Travelers | Auto Liability | TJCAP9P530455TIL24 | Undetermined |
| Vantage Risk | D&O | P04ML0000086870 | Undetermined |
| Vantage Risk (BDA) | Excess Liability | B0509BOWCN2552459 | Undetermined |
| Westfield | D&O | XSA466225K00 | Undetermined |
| Zurich | D&O | DOC147431903 | Undetermined |
| Zurich | D&O | DOC755127700 | Undetermined |
| Zurich | Business Travel Accident | GTU0553304 | Undetermined |
| Zurich | Marine Cargo | OC584639603 | Undetermined |
| Zurich | Property | PPR675268302 | Undetermined |
| | | **TOTAL** | $0.00 + Undetermined Amounts |

**Fill in this information to identify the case:**

Debtor name     First Brands Group Holdings, LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number (If known):     25-90397 (CML)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

---

**Part 1:**    List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

**Creditor's name**

**Describe debtor's property that is subject to a lien**

$ _____    $ _____

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**Creditor's name**

**Describe debtor's property that is subject to a lien**

$ _____    $ _____

**Creditor's mailing address**

**Describe the lien**

**Creditor's email address, if known**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Date debt was incurred**

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
    ☐ No. Specify each creditor, including this creditor, and its relative priority.

    ☐ Yes. The relative priority of creditors is specified on lines

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $ _____

---

Official Form 206D      **Schedule D: Creditors Who Have Claims Secured by Property**      Page 1 of 2

Debtor   First Brands Group Holdings, LLC _____   Case number (If known):   25-90397 (CML) _____
         Name

---

## Part 2:   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

**Fill in this information to identify the case:**

Debtor     First Brands Group Holdings, LLC

United States Bankruptcy Court for the:    Southern District of Texas, Houston Division

Case number    25-90397 (CML)
(If known)

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.
☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | **Total claim** | **Priority amount** |
|---|---|---|---|
| **2.1** **Priority creditor's name and mailing address**<br>ARIZONA DEPARTMENT OF REVENUE<br>1600 WEST MONROE STREET<br>PHOENIX, AZ 85007 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** Income Tax Liability - State | $ 500.00 | $ Undetermined |
| **Date or dates debt was incurred**<br><br>**Last 4 digits of account number**<br>**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |
| **2.2** **Priority creditor's name and mailing address**<br>BOONE COUNTY ADMINISTRATION BUILDING -<br>INCOME TAX SECTION<br>PO BOX 388<br>BURLINGTON, KY 41005 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** Income Tax Liability - Municipal | $ 1,455.47 | $ Undetermined |
| **Date or dates debt was incurred**<br><br>**Last 4 digits of account number**<br>**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |
| **2.3** **Priority creditor's name and mailing address**<br>CALIFORNIA FRANCHISE TAX BOARD<br>PO BOX 942857<br>SACRAMENTO, CA 94240-0040 | **As of the petition filing date, the claim is:**<br>*Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>**Basis for the claim:** Income Tax Liability - State | $ 688,641.33 | $ Undetermined |
| **Date or dates debt was incurred**<br><br>**Last 4 digits of account number**<br>**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8) | **Is the claim subject to offset?**<br>☑ No<br>☐ Yes | | |

Debtor   First Brands Group Holdings, LLC                                      Case number (*If known*)  25-90397 (CML)

Name

| Part 1: | Additional Page |
|---|---|

| Copy this page if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional PRIORITY creditors exist, do not fill out or submit this page. | Total claim | Priority amount |
|---|---|---|

**2.4 Priority creditor's name and mailing address**

MASSACHUSETTS DEPARTMENT OF REVENUE -
INCOME TAX SECTION
200 ARLINGTON STREET
CHELSEA, MA 02150

$ 3,901.00     $ Undetermined

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:** Income Tax Liability - State

**Last 4 digits of account number**

**Is the claim subject to offset?**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)
☑ No
☐ Yes

---

**2.5 Priority creditor's name and mailing address**

SOUTH CAROLINA DEPARTMENT OF REVENUE
ATTN: GENERAL COUNSEL
PO BOX 125
COLUMBIA, SC 29214

$ 5,843.74     $ Undetermined

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:** Income Tax Liability - State

**Last 4 digits of account number**

**Is the claim subject to offset?**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) (8)
☑ No
☐ Yes

---

**2.6 Priority creditor's name and mailing address**

$ ____     $ ____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number**

**Is the claim subject to offset?**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()
☐ No
☐ Yes

---

**2.7 Priority creditor's name and mailing address**

$ ____     $ ____

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Date or dates debt was incurred**

**Basis for the claim:**

**Last 4 digits of account number**

**Is the claim subject to offset?**

**SpecifyCode subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()
☐ No
☐ Yes

---

Debtor   First Brands Group Holdings, LLC
         Name                                                   Case number (if known) 25-90397 (CML)

---

## Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|

**3.1**

**Nonpriority creditor's name and mailing address**
CUSTOMER NAME ON FILE
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  Pending Litigation

**Date or dates debt was incurred**  Undetermined

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$                  Undetermined

---

**3.2**

**Nonpriority creditor's name and mailing address**
GLAS TRUST COMPANY LLC
3 SECOND STREET, SUITE 206
JERSEY CITY, NJ 07311

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  Guarantor Under Carnaby III Facility

**Date or dates debt was incurred**  7/6/2022

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$              100,000,000.00

---

**3.3**

**Nonpriority creditor's name and mailing address**
GLAS TRUST COMPANY LLC
3 SECOND STREET, SUITE 206
JERSEY CITY, NJ 07311

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  Guarantor Under Carnaby II Facility

**Date or dates debt was incurred**  5/31/2022

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$               60,000,000.00

---

**3.4**

**Nonpriority creditor's name and mailing address**
ONSET FINANCIAL, INC.
10813 S. RIVER FRONT PKWY
STE 4
SOUTH JORDAN, UT 84095

**As of the petition filing date, the claim is:**
*Check all that apply.*
☑ Contingent
☑ Unliquidated
☑ Disputed

**Basis for the claim:**  Guarantor Under Onset Master Leases Nos. OFI1445416 and OFI1545465 and Related Schedules

**Date or dates debt was incurred**  6/8/2022

**Last 4 digits of account number**

**Is the claim subject to offset?**
☑ No
☐ Yes

$            1,880,000,000.00

---

**3.5**

**Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

---

**3.6**

**Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

---

Debtor    First Brands Group Holdings, LLC                          Case number (If known):    25-90397 (CML)
          Name

| Part 3: | List Others to Be Notified About Unsecured Claims |

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | GLAS TRUST COMPANY LLC<br>C/O: DECHERT LLP<br>ATTN: ALLAN S. BRILLIANT<br>THREE BRYANT PARK<br>1095 AVE. OF THE AMERICAS<br>NEW YORK, NY 10036-6797 | Line 3.2<br>☐ Not listed.  Explain | |
| 4.2 | GLAS TRUST COMPANY LLC<br>C/O: DECHERT LLP<br>ATTN: ALLAN S. BRILLIANT<br>THREE BRYANT PARK<br>1095 AVE. OF THE AMERICAS<br>NEW YORK, NY 10036-6797 | Line 3.3<br>☐ Not listed.  Explain | |
| 4.3 | ONSET FINANCIAL, INC.<br>C/O: MORRISON FOERSTER LLP<br>ATTN: BENJAMIN BUTTERFIELD<br>2100 L STREET, NW<br>SUITE 900<br>WASHINGTON, DC 20037 | Line 3.4<br>☐ Not listed.  Explain | |
| 4.4 | ONSET FINANCIAL, INC.<br>C/O: MORRISON FOERSTER LLP<br>ATTN: JAMES NEWTON<br>250 W. 55TH STREET<br>NEW YORK, NY 10019-9601 | Line 3.4<br>☐ Not listed.  Explain | |
| 4.5 | | Line<br>☐ Not listed.  Explain | |
| 4.6 | | Line<br>☐ Not listed.  Explain | |
| 4.7 | | Line<br>☐ Not listed.  Explain | |
| 4.8 | | Line<br>☐ Not listed.  Explain | |
| 4.9 | | Line<br>☐ Not listed.  Explain | |

Debtor   First Brands Group Holdings, LLC
     Name

Case number (If known)   25-90397 (CML)

---

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5.**     Add the amounts of priority and nonpriority unsecured claims.

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ 700,341.54 |
| 5b. | **Total claims from Part 2** | 5b. + | $ 2,040,000,000.00<br>+ Undetermined Amounts |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ 2,040,700,341.54<br>+ Undetermined Amounts |

**Fill in this information to identify the case:**

Debtor name      First Brands Group Holdings, LLC

United States Bankruptcy Court for the:   Southern District of Texas, Houston Division

Case number (If known):   25-90397 (CML)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

**2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

| | | | |
|---|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | SUBSCRIPTION RENEWAL AGREEMENT DATED: 07/14/2023 AND ALL RELATED DOCUMENTS | ARCTIC WOLF NETWORKS, INC.<br>8939 COLUMBINE RD<br>SUITE 150<br>EDEN PRAIRIE, MN 55347 |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | SETTLEMENT AGREEMENT DATED: 03/20/2025 AND ALL RELATED DOCUMENTS | ARCTIC WOLF NETWORKS, INC.<br>8939 COLUMBINE RD<br>SUITE 150<br>EDEN PRAIRIE, MN 55347 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | MEMBER-SUPPLIER JOINDER AGREEMENT DATED: 07/23/2024 AND ALL RELATED DOCUMENTS | CINTAS CORPORATION NO. 2<br>6800 CINTAS BLVD.<br>MASON, OH 45040 |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | MANUFACTURING AND SUPPLY AGREEMENT DATED: 11/09/2022 AND ALL RELATED DOCUMENTS | CUSTOMER NAME ON FILE<br>ADDRESS ON FILE |
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | REPRESENTATIVE AGREEMENT PURSUANT TO VENDOR CHANGE REQUEST DATED: 02/27/2024 AND ALL RELATED DOCUMENTS | CUSTOMER NAME ON FILE<br>ADDRESS ON FILE |

| Debtor | First Brands Group Holdings, LLC | Case number (If known): 25-90397 (CML) |
|---|---|---|
| | Name | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|---|
| **2.6** | State what the contract or lease is for and the nature of the debtor's interest | AMENDMENT #1 TO PROJECT SERVICES AGREEMENT DATED: 04/15/2023 AND ALL RELATED DOCUMENTS | GLOBALLOGIC INC. 2535 AUGUSTINE DRIVE 5TH FLOOR SANTA CLARA, CA 95054 |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |
| | State what the contract or lease is for and the nature of the debtor's interest | | |
| | State the term remaining | | |
| | List the contract number of any government contract | | |

**Fill in this information to identify the case:**

Debtor name        First Brands Group Holdings, LLC

United States Bankruptcy Court for the:     Southern District of Texas, Houston Division

Case number (If known):      25-90397 (CML)

☐ Check if this is an amended filing

Official Form 206H
# Schedule H: Codebtors

12/15

Be as complete and accurate as possible.   If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | **Check all schedules that apply:** |
| 2.1 | Brake Parts Inc India LLC | 127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D<br>☑ E/F<br>☐ G |
| 2.2 | Carnaby Capital Holdings, LLC | 127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D<br>☑ E/F<br>☐ G |
| 2.3 | Carnaby Capital, LLC | 127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D<br>☑ E/F<br>☐ G |
| 2.4 | Carnaby FA Holdings, LLC | 127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D<br>☑ E/F<br>☐ G |
| 2.5 | Carnaby FA, LLC | 127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D<br>☑ E/F<br>☐ G |
| 2.6 | Carnaby Inventory Holdings II, LLC | 127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 | GLAS TRUST COMPANY LLC | ☑ D<br>☐ E/F<br>☐ G |

| Debtor | First Brands Group Holdings, LLC | | Case number (If known): | 25-90397 (CML) |
|---|---|---|---|---|
| | Name | | | |

| | **Additional Page if Debtor Has More Codebtors** |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.7 | Carnaby Inventory Holdings III, LLC | 127 Public Square Suite 5300 Cleveland, OH 44114 | GLAS TRUST COMPANY LLC | ☑ D ☐ E/F ☐ G |
| 2.8 | Carnaby Inventory Holdings IV, LLC | 127 Public Square Suite 5300 Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D ☑ E/F ☐ G |
| 2.9 | Carnaby Inventory II, LLC | 127 Public Square Suite 5300 Cleveland, OH 44114 | GLAS TRUST COMPANY LLC | ☑ D ☐ E/F ☐ G |
| 2.10 | Carnaby Inventory III, LLC | 127 Public Square Suite 5300 Cleveland, OH 44114 | GLAS TRUST COMPANY LLC | ☑ D ☐ E/F ☐ G |
| 2.11 | Carnaby Inventory IV, LLC | 127 Public Square Suite 5300 Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D ☑ E/F ☐ G |
| 2.12 | Eagle Casting Holdings, LLC | 127 Public Square Suite 5300 Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D ☑ E/F ☐ G |
| 2.13 | Eagle Casting, LLC | 127 Public Square Suite 5300 Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D ☑ E/F ☐ G |
| 2.14 | First Brands Group Intermediate, LLC | 127 Public Square Suite 5300 Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D ☑ E/F ☐ G |

Debtor   First Brands Group Holdings, LLC
Name

Case number (If known):   25-90397 (CML)

## Additional Page if Debtor Has More Codebtors

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|---|
| | Name | Mailing address | Name | Check all schedules that apply: |
| 2.15 | Trico Products Corporation | 127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D<br>☑ E/F<br>☐ G |
| 2.16 | Viceroy Private Capital, LLC | 127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 | ONSET FINANCIAL, INC. | ☐ D<br>☑ E/F<br>☐ G |
| 2.17 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.18 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.19 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.20 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.21 | | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.22 | | | | ☐ D<br>☐ E/F<br>☐ G |

**Fill in this information to identify the case and this filing:**

Debtor name   First Brands Group Holdings, LLC

United States Bankruptcy Court for the:   Southern District of Texas, Houston Division

Case number (If known)   25-90397 (CML)

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders*  (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1/20/2026
          MM / DD / YYYY

**X** /s/ Paul Kosturos
Signature of individual signing on behalf of debtor

Paul Kosturos
Printed name

Chief Financial Officer
Position or relationship to debtor