**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**STIPULATION AND AGREED ORDER REGARDING
ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM AND
REJECTION OF EXECUTORY CONTRACT OF RWI LOGISTICS LLC**

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**") and (ii) RWI Logistics LLC ("**RWI**" and, together with the Debtors, the "**Parties**" and each, a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on September 24, 2025 (the "**Petition Date**"), Global Assets LLC and twelve (12) debtor affiliates filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and, commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

1

**WHEREAS**, the Bankruptcy Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

**WHEREAS**, on October 9, 2025, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (Docket No. 313) (the "**Creditors' Committee**").

**WHEREAS**, on August 6, 2021, RWI and First Brands Group, LLC entered into that certain *Agreement for Brokerage of Motor Carriage Services* (as amended, modified, or otherwise supplemented, the "**Agreement**"), pursuant to which RWI provided transportation services for certain of the Debtors' locations.

**WHEREAS**, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Agreement as of the date of filing this Stipulation and Agreed Order.

**WHEREAS**, on March 11, 2026, RWI filed the *Motion to Compel Debtors' Payment of Administrative Expense Claim to RWI Pursuant to 11 U.S.C. § 503(b)(1)(A)* (Docket No. 2109) (the "**Administrative Expense Motion**"), asserting an administrative expense claim against the Debtors in the aggregate amount of $183,726.75 in connection with goods and/or services provided to the Debtors after the Petition Date (the "**Administrative Claims**").

**WHEREAS**, the Parties have entered into this Stipulation and Agreed Order with respect to full satisfaction of all administrative expense claims and other priority claims held and/or assertable by RWI, as set forth below.

**IT IS HEREBY STIPULATED AND ORDERED THAT:**

1. The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

2. This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court (the date of such approval, the "**Approval Date**").

3. Pursuant to section 365 of the Bankruptcy Code, the Agreement shall be deemed rejected as of the date of filing of this Stipulation and Agreed Order (the "**Rejection Date**") and the Agreement shall be deemed terminated without any further force or effect from the Rejection Date onward.

4. RWI shall have an allowed administrative expense claim in the amount of (i) $27,415.63 against Brake Parts Inc LLC, and (ii) $156,311.12 against FRAM Group Operations, LLC (together, the "**Allowed Administrative Claims**").

5. For the avoidance of doubt, other than the Allowed Administrative Claims, all other Administrative Claims filed or asserted by RWI shall be deemed withdrawn with prejudice and RWI shall not assert any other claims against the Debtors on account of the Administrative Claims.  RWI shall not seek payment of the Allowed Administrative Claims prior to (i) the effective date of Brake Parts Inc LLC's or FRAM Group Operations, LLC's chapter 11 plan, as applicable, or (ii) the dismissal or conversion of Brake Parts Inc LLC's or FRAM Group Operations, LLC's chapter 11 case to a case under chapter 7 of the Bankruptcy Code, as applicable.

6. Other than with respect to the Allowed Administrative Claims and any Rejection Damages Claims (as defined below), the Debtors are hereby released and forever completely discharged from, and RWI hereby waive(s), any and all causes of action and any other debts, obligations, rights, suits, damages, actions, derivative claims, remedies, and liabilities

3

against the Debtors whatsoever, whether known or unknown, foreseen or unforeseen, in law, at equity, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place following the Petition Date, including arising from or related in any way to the Administrative Claims or any Claims (as that term is defined in section 101(5) of the Bankruptcy Code) or any other cause of action related to the Administrative Claims.  For the avoidance of doubt, nothing in this paragraph [6], specifically, or in this Stipulation and Agreed Order, generally, shall affect the validity or allowance of any non-priority or non-secured prepetition claims filed by RWI, and all Parties reserve all rights with respect to such claims.

7.      Upon the Approval Date, the Administrative Expense Motion shall be deemed withdrawn with prejudice.

8.      The Debtors and the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("**Kroll**"), are authorized to take all actions necessary or appropriate to give effect to this Stipulation and Agreed Order, and Kroll is authorized to update the claims register to reflect the terms of, and in accordance with, this Stipulation and Agreed Order.

9.      Except as otherwise provided expressly herein, nothing contained in this Stipulation and Agreed Order shall (i) create, nor is anything herein intended to create, any rights in favor of or enhance the status of any Claim (as that term is defined in section 101(5) of the Bankruptcy Code) or any other cause of action held by any other person or entity or (ii) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim, except for the allowance and priority of the Allowed Administrative Claims in favor of RWI.

4

10. Except as otherwise provided expressly herein, nothing in this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim other than the Allowed Administrative Expense Claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication, admission, or finding that any particular claim is an administrative expense claim, secured claim, other priority claim, or unsecured claim; (v) a request or authorization to assume or assign any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of the Debtors' or any other party in interest's claims, rights, remedies, or defenses under the Bankruptcy Code or any other applicable law; or (viii) an admission of liability by the Debtors or any of their affiliates regarding any claim or cause of action arising from or in relation to any claims (other than the Allowed Administrative Claims) or any other matter.

11. For the avoidance of doubt, nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim that have or may be filed by RWI or any other party in the Debtors' chapter 11 cases.

12. RWI shall file a proof of claim for any rejection damages arising in connection with or related to the rejection of the Agreement within thirty (30) days of entry of this Stipulation and Agreed Order (the "**Rejection Damages Claims**").  If RWI does not timely file a proof of claim for its rejection damages, RWI will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan proposed in the Debtors' chapter 11 cases and will forever

be barred from asserting a claim for rejection damages and participating in any distributions made in connection with these chapter 11 cases on account of such rejection damages.

13.     Notwithstanding anything to the contrary herein, any and all of the Debtors' rights of setoff, recoupment, and any and all potential Claims (as that term is defined in section 101(5) of the Bankruptcy Code) and causes of action of the Debtors and/or the Creditors' Committee, including under chapter 5 of the Bankruptcy Code or applicable law, are expressly preserved.

14.     This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

15.     The Parties agree to bear their own costs and fees incurred in connection with this Stipulation and Agreed Order.

16.     This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

17.     The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

18.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

19.     The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

20.     The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

Dated: _____, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

7

**STIPULATED AND AGREED TO BY:**

Dated:  April 30, 2026

 /s/ Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
           Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  matt.barr@weil.com
           sunny.singh@weil.com
           andriana.georgallas@weil.com
           kevin.bostel@weil.com
           jason.george@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*

Dated:  April 30, 2026

 /s/ Ellen A. Kennedy
DINSMORE & SHOHL LLP
Ellen A. Kennedy
100 W. Main Street, Suite 900
Lexington, KY 40507
Telephone:  (859) 425-1020
Email: ellen.kennedy@dinsmore.com

*Attorney for RWI*