United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 05, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |
| | § | |

**STIPULATION AND AGREED ORDER BETWEEN
DEBTORS AND I&G DIRECT REAL ESTATE 34, LP
MODIFYING TERMS OF LEASE AGREEMENT AND PRIOR STIPULATION**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and I&G Direct Real Estate 34, LP (the "**Landlord**" and, together with the Debtors, the "**Parties**") hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**") as follows:

**RECITALS**

A.      On September 24, 2025, Global Assets LLC and twelve (12) debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

B.      The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

4923-3315-3456

No trustee has been appointed in these chapter 11 cases.  On October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket No. 113).

C.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

D.      The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      On January 24, 2019, Fram Group Operations, LLC (the "**Debtor Tenant**") and Landlord entered into that certain *Lease* (as may have been amended, modified, or supplemented from time to time, the "**Lease**") regarding certain nonresidential real property located at 1100 Worldwide Blvd., Hebron, Kentucky 41048 (the "**Leased Premises**").  Pursuant to the terms of the Lease, the Lease expired on March 31, 2026.

F.      On April 16, 2026, the Court entered the *Stipulation and Agreed Order Between Debtors and I&G Direct Real Estate 34, LP (I) Extending Term of Lease Agreement and (II) Extending Time to Assume or Reject Lease of Nonresidential Real Property* (the "**Original Stipulation**") (Docket No. 2449), pursuant to which, among other things, (i) the term of the Lease was extended through April 30, 2026 (subject to two (2) additional one (1) month terms upon written notice to the Landlord) and (ii) the deadline under section 365(d)(4) of the Bankruptcy Code for the Debtors to assume or reject the Lease was extended through June 30, 2026.

G.      On April 20, 2026, in accordance with paragraph 2 of the Original Stipulation, the Debtors provided notice to the Landlord extending the term of the Lease through May 31, 2026.

2

H. On April 16, 2026, the Court entered the *Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under The Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* (the "**Wind Down Order**") (Docket No. 2454).

I. In accordance with the Wind Down Order, the Debtors are engaging with a potential purchaser for certain assets located at the Leased Premises (the "**Wind Down Sale**").

J. The Parties enter into this Stipulation and Agreed Order to modify the terms of the Original Stipulation.

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, it is hereby **ORDERED** that:

1. The Parties agree to extend the term of the Lease through and including the earlier of (1) June 30, 2026, or (2) the closing date of the Wind Down Sale (the "**Extended Term**"). Within five (5) business days of entry of this Stipulation and Agreed Order, the Debtors shall place $368,782 (consisting of $304,880 in Basic Rent and $63,902 for Additional Rent for the month of June) in a segregated account for the benefit of the Landlord (the "**Segregated Funds**"). Upon the closing of the Wind Down Sale, the Debtors shall pay to the Landlord, from the proceeds of the Wind Down Sale, an amount equal to the prorated portion of such $368,782 corresponding to the period of the Extended Term. Following such payment, the Segregated Funds shall be remitted to the same Debtor account from which they were drawn and the Landlord shall have no interest in the Segregated Funds. The Debtor Tenant shall have no further right or option to extend or renew the Term, absent written consent of Landlord (email being sufficient).

2.      If the Wind Down Sale has not closed by June 30, 2026, Landlord shall be entitled to draw upon and apply the Segregated Funds by presenting this Stipulation and Agreed Order to the depository bank holding such funds, and the Debtor Tenant shall cause the Segregated Funds to be promptly paid to Landlord.

3.      Following entry of this Stipulation and Agreed Order, the automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified, to the extent applicable, without further notice, hearing, or order of the Court, to permit the Landlord to draw upon, apply, and/or retain the proceeds of any security deposit or letter of credit securing the Debtor Tenant's obligations under the Lease, in each case in accordance with the terms of the Lease and applicable law, and to take any actions required under the Lease that are necessary to permit such actions.

4.      Landlord is authorized to exercise its rights pursuant to the Lease and applicable law to lease the Leased Premises to third parties for the period following the expiration of the Extended Term without violation of the automatic stay and without further notice to any party, and without further order of the Court.

5.      Pursuant to sections 554(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any of the Debtors' property remaining at the Leased Premises, that has not been sold pursuant to the Wind Down Sale, following the expiration of the Extended Term (the "**Abandoned Property**") is hereby abandoned by the Debtors.  Following the expiration of the Extended Term, Landlord or its replacement tenant (or both) may dispose of any Abandoned Property as they so choose in their sole discretion without any liability of any kind whatsoever to Debtor Tenant or any other party and without further order of the Court.

6.      Except as otherwise provided herein, nothing in this Stipulation and Agreed Order or any action taken pursuant hereto is intended to be or shall be deemed as (i) an implication

or admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of, any claim; (iii) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

7.      The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

8.      The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry by the Bankruptcy Court.

9.      This Stipulation and Agreed Order is intended by the Parties to be (i) binding upon their successors, agents, or assigns, including bankruptcy trustees and estate representatives and (ii) an amendment to the Lease; *provided* that nothing in this Stipulation and Agreed Order shall constitute an assumption of the Lease pursuant to section 365 of the Bankruptcy Code.

10.     The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

11.     The Parties agree that each of them has had a full opportunity to participate in the drafting of, and obtain the advice of counsel with respect to, this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

12.     This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

13.     This Stipulation and Agreed Order shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

14.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Signed:  June 05, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY**:

Dated: June 4, 2026

 /s/  Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
          Clifford.Carlson@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Matt.Barr@weil.com
          Sunny.Singh@weil.com
          Andriana.Georgallas@weil.com
          Kevin.Bostel@weil.com
          Jason.George@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

 /s/  Bradley R. Foxman
**VINSON & ELKINS LLP**
Bradley R. Foxman
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Facsimile: (214) 220-7716
Email: bfoxman@velaw.com

*Attorneys for Landlord*

4923-3315-3456