**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 25-90399 (CML) |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Ref. ECF No. 2670, 2906** |

**JOINDER OF OFFICIAL COMMITTEE
OF UNSECURED CREDITORS TO DEBTORS'
OBJECTION TO UNITED STATES TRUSTEE'S MOTION
TO CONVERT OR DISMISS PURSUANT TO 11 U.S.C. § 1112(b)**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned chapter 11 cases of First Brands Group, LLC, and its affiliated debtors (collectively, the "**Debtors**") respectfully submits this joinder (the "**Joinder**") to the *Debtors' Objection to United States Trustee's Motion to Convert or Dismiss Pursuant to 11 U.S.C. § 1112(b)* [ECF No. 2906] (the "**Debtors' Objection**").[2]

**JOINDER**

1.      The Committee joins in the relief sought in and certain arguments in the Debtors' Objection and requests that the Motion be denied.  As set forth in the Debtors' Objection and the accompanying Moore Declaration, the U.S. Trustee cannot satisfy its burden to show cause for conversion or dismissal of these Chapter 11 cases, because the proposed Joint Plan would pay all

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Objection.

administrative expense claims and priority claims in full on the effective date such that there is no "substantial or continuing loss" and the Joint Plan shows a likelihood of rehabilitation. The Committee believes that the Joint Plan is the best path forward for all of the FBG Debtors' estates, and maximizes recovery for all of the FBG Debtors' creditors, including administrative and priority creditors.

2. For the avoidance of doubt, the Committee does not agree with every one of the Debtors' statements regarding what would or is likely to occur in the absence of the Joint Plan, any attempted enforcement of remedies by the DIP Lenders, and what actions a Chapter 7 Trustee could or would be able to take to maximize estate value. All arguments relating to such are expressly preserved. However, the Committee agrees with the Debtors that all administrative, priority, and unsecured creditors would be worse off in a conversion to Chapter 7 than under the Joint Plan.

3. The Committee believes there is a reasonable likelihood that the Joint Plan will be confirmed on the timeline set forth by the Debtors (or within a reasonable period of time), and that the FBG Debtors therefore qualify for the exception set forth in 11 U.S.C. § 1112(b)(2)(A). Unfortunately for all parties, there simply is no room in the budget for any alternative *but* conversion if this timeline is extended too far.

4. In the alternative, if the Court is inclined to grant the Motion, the Committee requests that the conversion order include an effective date for conversion not less than seven days after the order is entered—in other words, that there be a short window between entry of the order and conversion. This would permit the Committee and the Debtors to take any necessary steps to preserve estate value prior to conversion.

5.      The Committee expressly reserves all rights with respect to this Joinder and the Debtors' Objection, including, but not limited to, the right to supplement and join in any other filings and present further arguments in writing or orally at any hearing on the Motion, the Debtors' Objection, or this Joinder.  For the avoidance of doubt, nothing contained herein shall constitute a waiver of any of the rights or remedies of the Committee, all of which are expressly reserved.

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Committee respectfully requests that the Court deny the relief requested in the Motion.

*[Remainder of page intentionally left blank.]*

Dated: June 5, 2026
Dallas, Texas

Respectfully submitted,

*/s/ Ian R. Phillips*
Ian R. Phillips
Texas Bar No. 24091239
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
**COLE SCHOTZ P.C.**
901 Main Street, Suite 4120
Dallas, TX 75202
Telephone: (469) 557-9390
Facsimile: (469) 533-1587
iphillips@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com

*-and-*

Robert J. Stark, Esq. (admitted *pro hac vice*)
Jeffrey L. Jonas, Esq. (admitted *pro hac vice*)
Bennett S. Silverberg, Esq. (admitted *pro hac vice*)
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Andrew M. Carty, Esq. (admitted *pro hac vice*)
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
rstark@brownrudnick.com
jjonas@brownrudnick.com
bsilverberg@brownrudnick.com
kaulet@brownrudnick.com
acarty@brownrudnick.com

Sharon I. Dwoskin, Esq. (admitted *pro hac vice*)
Matthew A. Sawyer, Esq. (admitted *pro hac vice*)
**BROWN RUDNICK LLP**
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
sdwoskin@brownrudnick.com
msawyer@brownrudnick.com

*Counsel to the*
*Official Committee of Unsecured Creditors*

4

**CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing document to be served via the Court's ECF system on June 5, 2026.

*/s/ Ian R. Phillips*
Ian R. Phillips