**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |

**DECLARATION AND DISCLOSURE STATEMENT OF CINDI M. GIGLIO,
<u>ON BEHALF OF KATTEN MUCHIN ROSENMAN LLP</u>**

I, Cindi M. Giglio, hereby declare, pursuant to section 1746 of title 28 of the United States Code:

1.      I am a Partner of Katten Muchin Rosenman LLP located at 50 Rockefeller Plaza, New York, NY 10020 ("**Katten**").

2.      First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**"), have requested that Katten provide legal services (the "**Legal Services**") to the Debtors related to their wind down pursuant to the *Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 2454] (the "**Wind Down Order**").[2] Katten has consented to provide such Legal Services.

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]     Capitalized terms used herein but not otherwise defined have the meanings given in the Wind Down Order.

3.     Katten may have performed services in the past, may currently, and may in the future perform services, in matters unrelated to these chapter 11 cases, for persons that are parties-in-interest in the Debtors' chapter 11 cases.  As part of its customary practice, Katten is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties-in-interest in these chapter 11 cases.

4.     In these chapter 11 cases, Katten represents Hilco Global and certain of its subsidiaries and affiliates (collectively, "**Hilco**") in connection with the Debtors' engagement of Hilco as (i) appraiser pursuant to the *Order Authorizing Retention and Employment of Hilco Global as Appraisers for Debtors Effective as of October 7, 2025* [Docket No. 898]; and (ii) consultant pursuant to the Wind Down Order, which authorized the Debtors' entry into and performance under the Consulting Agreement (as defined in the Wind Down Order).  The Debtors have engaged Katten to perform the Legal Services in conjunction with Hilco's performance under the Consulting Agreement.  Although Katten has determined its representation of Hilco does not create a conflict of interest, out of an abundance of caution, Katten has obtained a conflicts waiver from the Debtors and Hilco with respect to the Legal Services.

5.     Certain Katten attorneys and paraprofessionals represent TecAlliance, a contract counterparty of the Debtors, in these chapter 11 cases.  None of the Katten attorneys that will provide Legal Services have represented or will represent TecAlliance in the chapter 11 cases.  Moreover, the Katten attorneys and paraprofessionals representing TecAlliance (i) have not represented Hilco in connection with the chapter 11 cases; (ii) will not perform the Legal Services for the Debtors; and (iii) will not have access to the confidential information related to Katten's representation of the Debtors or Hilco in the chapter 11 cases.

6. Prior to employment at Katten, one Katten attorney (the "**Walled Attorney**") represented First Citizens Bank & Trust Company and certain of its affiliates, a bank of the Debtors, and Pemberton, a supply chain financing party of the Debtors, in matters related to the chapter 11 cases. The Walled Attorney (i) has not represented Hilco in connection with the chapter 11 cases; (ii) will not perform the Legal Services for the Debtors; and (iii) will not have access to the confidential information related to Katten's representation of the Debtors or Hilco in the chapter 11 cases.

7. Except as disclosed in paragraphs 4-6, to the best of my knowledge, Katten does not perform any other services for parties-in-interest in connection with these chapter 11 cases.

8. Neither I, nor any partner of, or professional employed by Katten has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the partners and employees of Katten.

9. Based on the foregoing, I have determined that Katten, insofar as I have been able to ascertain, does not hold or represent any interest adverse to the Debtors or their estates, with respect to the matters for which Katten is to be retained.

10. The Debtors owe Katten $0.00 for prepetition services, the payment of which is subject to limitations contained in chapter 11 of title 11 of the United States Code.

11. As of September 24, 2025, the date on which the Debtors commenced certain of the above captioned chapter 11 cases, Katten was not a party to an agreement with the Debtors that provides for the indemnification by the Debtors of Katten in connection with the Legal Services.

12. Katten is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment,

if Katten should discover any facts bearing on the matters described herein, Katten will supplement the information contained in this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 8, 2026

By:  */s/ Cindi M. Giglio*
       Cindi M. Giglio