**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § § § | **(Jointly Administered)** |

**REQUEST OF SCOTLAND ENTERPRISES, INC.
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES
UNDER 11 U.S.C. § 503(b)(1)(A)**

**(Relating to Trico Products Corporation, Case No. 25-90472)**

---

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

---

Scotland Enterprises, Inc. ("Scotland Enterprises" or "Movant") files this request (this "Request") pursuant to sections 503(a), 503(b)(1)(A), and 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9014 of the Federal Rules of Bankruptcy Procedure, asking the Court to allow, and to direct payment of, an administrative expense in the amount of $20,928.00 for goods sold and delivered to, and accepted by, Trico Products

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Corporation ("Trico" or the "Debtor") after the commencement of its chapter 11 case. In support of this Request, Scotland Enterprises respectfully states as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

2.      On September 29, 2025 (the "Petition Date"), Trico filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code [Case No. 25-90472, Dkt. 1]. Trico's case is jointly administered under the chapter 11 case of its parent, First Brands Group, LLC (Case No. 25-90399). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Scotland Enterprises is a Mississippi corporation engaged in the manufacture and supply of products to automotive industry customers, including Trico. Scotland Enterprises has maintained a longstanding commercial relationship with Trico, regularly shipping goods to Trico's facility under agreed payment terms. Scotland Enterprises is identified in Trico's records as Vendor No. V-17099.

4.      Scotland Enterprises has filed a proof of claim against Trico asserting $500,751.59 in pre-petition obligations, of which $10,464.00 is asserted as an administrative priority claim under 11 U.S.C. § 503(b)(9) for goods received by Trico within twenty days before the Petition Date. This Request does not concern those pre-petition amounts; it seeks allowance and payment only of Scotland Enterprises' post-petition administrative expenses.

### III. <u>POST-PETITION DELIVERIES TO THE DEBTOR</u>

5.      After the Petition Date, Trico continued to order goods from Scotland Enterprises in the ordinary course of the Debtor's business operations, issuing Purchase Order No. 616892 (attached hereto as **Exhibit 1**) and Purchase Order No. 616893 (attached hereto as **Exhibit 2**) for adhesive products used in Trico's manufacturing operations. On October 7, 2025, Jessica Gonzalez, Trico's Strategic Sourcing Manager, confirmed by email that Trico would update its payment terms to Net 30 days for post-petition transactions and asked Scotland Enterprises to share its invoices so that Trico could process them for payment. A copy of this correspondence is attached hereto as **Exhibit 3**.

6.      In reliance on that commitment, Scotland Enterprises sold and delivered additional goods to Trico, which Trico accepted at its facility in Brownsville, Texas. Two post-petition invoices remain unpaid:

| Inv. No. | Inv. Date | Amount | Delivery Date | Carrier |
|---|---|---|---|---|
| 15626 | 12/05/25 | $10,464.00 | 12/05/25 | XPO (PRO 786-200144) |
| 15629 | 12/23/25 | $10,464.00 | 01/05/26 | Central Trans (341282606) |
|  | **TOTAL** | **$20,928.00** |  |  |

7.      ***Invoice 15626.*** Pursuant to Purchase Order No. 616892, Scotland Enterprises sold Trico 192 gallons of adhesive product, invoiced on December 5, 2025 in the amount of $10,464.00 on Net 30 terms. The goods were delivered to Trico's Brownsville facility on December 5, 2025 via XPO Logistics (PRO No. 786-200144), as confirmed by the signed XPO delivery receipt. A copy of Invoice 15626 and the delivery documentation is attached hereto as **Exhibit 4**.

8.       ***Invoice 15629.*** Pursuant to Purchase Order No. 616893, Scotland Enterprises sold Trico an additional 192 gallons of adhesive product, invoiced on December 23, 2025 in the amount of $10,464.00 on Net 30 terms. The goods were shipped via Central Transport (No. 341282606) and delivered to Trico's Brownsville facility on January 5, 2026, where the delivery receipt was signed by Trico receiving agent Enrique Zamarripa. A copy of Invoice 15629 and the delivery documentation is attached hereto as **Exhibit 5**.

9.       Scotland Enterprises made repeated requests for payment, including correspondence in January 2026 in which Trico's representative, Ely Tapia, indicated the invoices had been "processed for payment." However, no payment has been received by Scotland Enterprises as of the date of this Request.

## IV. LEGAL STANDARD

10.       Section 503(b)(1)(A) of the Bankruptcy Code provides that, after notice and a hearing, there shall be allowed as administrative expenses "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Such expenses are entitled to priority under section 507(a)(2), and an entity may timely file a request for their payment under section 503(a). 11 U.S.C. §§ 503(a), 507(a)(2).

11.       In the Fifth Circuit, "to qualify as an 'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee [or debtor-in-possession] that benefitted the estate." *Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*, 931 F.3d 432, 441 (5th Cir. 2019) (quoting *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)*, 258 F.3d 385, 387 (5th Cir. 2001)). A claimant establishes a prima facie case under section 503(b)(1)

"by evidence that (1) the claim arises from a transaction with the debtor-in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function as a going concern." *Toma Steel Supply, Inc. v. TransAmerican Natural Gas Corp. (In re TransAmerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992) (supplier of goods sold and delivered to debtor in possession post-petition entitled to administrative priority); *see also In re Jack/Wade Drilling, Inc.*, 258 F.3d at 387.

12.     A creditor may establish that its expenses are attributable to the estate "through evidence of either a direct request from the debtor-in-possession or other inducement via the knowing and voluntary post-petition acceptance of desired goods or services." *In re Whistler Energy II*, 931 F.3d at 441. This priority exists "to encourage third parties to provide necessary goods and services to the debtor-in-possession so that it can continue to conduct its business, thus generating funds from which prepetition creditors can be paid." *In re TransAmerican Natural Gas Corp.*, 978 F.2d at 1420.

## V. <u>THE POST-PETITION INVOICES QUALIFY AS ADMINISTRATIVE EXPENSES</u>

13.     Scotland Enterprises' post-petition invoices satisfy each element for administrative expense treatment:

(a)     ***The expenses arose from post-petition transactions with the estate.*** Both invoices reflect goods sold to Trico pursuant to purchase orders that Trico, as debtor in possession, issued after the Petition Date in the ordinary course of its business. (Exs. 1 and 2). Trico's Strategic Sourcing Manager confirmed in writing that Trico would pay for post-petition shipments on Net 30 terms (Ex. 3), and Trico accepted physical delivery of the goods at its facility, as the signed carrier delivery receipts confirm (Exs. 4 and 5).

(b)     ***The transactions benefitted the estate.*** The goods—industrial adhesive products that Trico ordered for its manufacturing operations—were supplied for use in the Debtor's ongoing business during this chapter 11 case. Trico's post-petition decision to continue purchasing from Scotland Enterprises, its agreement to updated payment terms,

its acceptance of the deliveries, and its representation that the invoices had been "processed for payment" all confirm that these transactions enhanced the estate's ability to operate as a going concern.

14.     Accordingly, the $20,928.00 in unpaid post-petition invoices constitutes an actual, necessary cost of preserving the estate entitled to administrative expense priority under 11 U.S.C. § 503(b)(1)(A).

## VI. RESERVATION OF RIGHTS

15.     Nothing in this Request waives or limits Scotland Enterprises' rights with respect to its pre-petition claims against Trico, including its claim under 11 U.S.C. § 503(b)(9), all of which are expressly reserved. Scotland Enterprises further reserves the right to supplement this Request and to assert any additional administrative expenses that may accrue.

## VII. CONCLUSION AND RELIEF REQUESTED

16.     WHEREFORE, Scotland Enterprises, Inc. respectfully requests that this Court:

(a)     Allow the claim of Scotland Enterprises, Inc. in the amount of $20,928.00 as an administrative expense of the estate of Trico Products Corporation (Case No. 25-90472) under 11 U.S.C. § 503(b)(1)(A);

(b)     Direct the Debtor to pay Scotland Enterprises, Inc. the sum of $20,928.00 forthwith, or at such time and in such manner as this Court deems appropriate;

(c)     Grant Scotland Enterprises, Inc. such other and further relief as this Court deems just and equitable.

Dated: June 10, 2026                    Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: */s/ Philip D. Racusin*
     SIMON W. HENDERSHOT, III
     State Bar No. 09417200
     trey@hchlawyers.com
     Philip D. Racusin
     State Bar No. 24054267
     pracusin@hchlawyers.com
     1800 Bering Drive, Suite 600
     Houston, Texas 77057
     Telephone: (713) 783-3110
     Facsimile: (713) 783-2809
     E-Service: eservice@hchlawyers.com

**ATTORNEYS FOR SCOTLAND ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2026, a true and correct copy of the foregoing Request was served (i) by the Court's CM/ECF system on all parties registered to receive electronic notice in these chapter 11 cases, and (ii) by electronic mail or first-class United States mail, postage prepaid, on the Debtors, counsel for the Debtors, the United States Trustee, counsel for the Official Committee of Unsecured Creditors, and the parties identified on the Master Service List maintained by the Debtors' claims and noticing agent.

*/s/ Philip D. Racusin*
Philip D. Racusin
4906-6384-7860, v. 2