**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| FIRST BRANDS GROUP, LLC *et al.*, | : | Case No. 25-90399 (CML) |
|  | : |  |
| Debtors.[1] | : | (Jointly Administered) |
|  | : |  |

**EXAMINER'S RESERVATION OF RIGHTS IN RESPONSE TO DEBTORS'**
**PROPOSED JOINT PLAN AND DISCLOSURE STATEMENT**

Martin De Luca, as the examiner ("**Examiner**") appointed in the above-captioned chapter 11 cases of First Brands Group, LLC and certain of its debtor affiliates (the "**Debtors**"), files this Reservation of Rights ("**Reservation**") in Response to the *Emergency Motion of Debtors for Entry of Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing; (III) Establishing Solicitation and Voting Procedures; (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures; (V) Establishing Preference Settlement Notice and Opt-In Procedures; (VI) Establishing Notice and Objection Procedures for Confirmation of Plan; and (VII) Granting Related Relief* (Docket No. 2914) (the "**Plan Motion**")  and respectfully states as follows:

1.       On May 4, 2026, the Examiner filed the *Examiner's Emergency Motion to Increase the Examination Budget* (Docket No. 2571) (the "**Budget Motion**").  The Court has not set the Budget Motion for hearing.  The Budget Motion requests an increase in the Examination Budget from $7 million to $10 million, and if granted, the approval of fees and expenses of the Examiner

---

[1]  A complete list of the Debtors in the Cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for the Cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

and his professionals would nevertheless be subject to the approval by the Court under section 330 of the Bankruptcy Code.  If such fees and expenses are allowed (in excess of the $7 million already reserved and paid to the Examiner and his professionals), the Examiner and his professionals will have administrative claims under sections 503(b)(2) of the Bankrtupcy Code.  Such allowed claims will be subject to the provisions set forth in section 1129(a)(9).

2.      The Debtors' request to establish the Administrative Expense Program is not a procedural request; it is substantive and should be considered in the context of plan confirmation, not on an emergency basis.

3.      The Examiner reserves his and his professionals' rights to object to the confirmation of any plan presented to the Court for confirmation that does not pay, on an effective date certain (which shall be a specific date set forth in a proposed order confirming such plan) any unpaid allowed fees and expenses of the Examiner and/or his professionals in full in cash.

4.      In the Debtors' latest proposed Plan, "**Litigation Trust Assets**" are defined to include, in part,

> **…** (vii) all books, records, and investigative and/or discovery findings of the FBG Debtors, including to the extent such records are owned or controlled by advisors to the FBG Debtors, any independent director or manager of the FBG Debtors, the Examiner and the advisors thereto (subject to a mutual agreement on cooperation/transfer), and the advisors to the Creditors' Committee; provided that (a) the FBG Debtors' Professionals, (b) any independent director or manager of the FBG Debtors, (c) *the Examiner and the advisors thereto* (*subject to a mutual agreement on cooperation/transfer*)…(emphasis added)[2]

While the Examiner appreciates the Debtors' addition of the proviso "subject to a mutual agreement on cooperation/transfer", no such agreement has been reached with any party.  The Examiner reserves the right to refuse and/or object to the turnover or transfer of any work product and/or documents, data or "books, records, and investigative and/or discovery findings" in the

---

[2] *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2907), p. 19.

possession or control of the Examiner and/or any of the Examiner's professionals or vendors, without an express and written "agreement on cooperation/transfer".

[Page left intentionally blank]

Dated: June 11, 2026.                  Respectfully submitted,

/s/ *Jesse Panuccio*
BOIES SCHILLER FLEXNER LLP
Jesse Panuccio (admitted *pro hac vice*)
401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(954) 356-0011
jpanuccio@bsfllp.com

BOIES SCHILLER FLEXNER LLP
Robert D. Gordon (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
(212) 446-2300
rgordon@bsfllp.com

BOIES SCHILLER FLEXNER LLP
Benjamin Waisbren (admitted *pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
bwaisbren@bsfllp.com

*-and-*

OKIN ADAMS BARTLETT CURRY LLP
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
Ryan A. O'Connor
Texas Bar No. 24098190
Email: roconnor@okinadams.com
Madeline M. Schmidt
Texas Bar No. 24130309
Email: mschmidt@okinadams.com
1113 Vine Street, Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 346.247.7158

*Counsel to the Examiner*

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2026, a true and correct copy of the foregoing Motion was served via the Court's CM/ECF system to all parties consenting to service through the same.

By:  /s/ *Matthew S. Okin*
Matthew S. Okin