**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| | § | |
| **Debtors.**[1] | § | |
| | § | |

**CARNABY SECURED LENDERS' STATEMENT AND
RESERVATION OF RIGHTS TO THE DEBTORS' DISCLOSURE STATEMENT**
Related to ECF Nos. 2907, 2912, 2914

The Carnaby Secured Lenders,[2] by and through their undersigned counsel, hereby file this statement and reservation of rights (the "Statement and Reservation of Rights") to the *Emergency Motion of Debtors for Entry of Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing; (III) Establishing Solicitation and Voting Procedures; (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing Preference Settlement Notice and Opt-In Procedures, (VI) Establishing Notice and Objection Procedures for Confirmation of Plan; and (VII) Granting Related Relief* [ECF No. 2914] (the "Emergency Motion").  In support of the Statement and Reservation of Rights, the Carnaby Secured Lenders respectfully submit as

---

[1]     A complete list of the Debtors in these Chapter 11 cases (the "Chapter 11 Cases") may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]     Capitalized terms not defined herein shall have the definition contained in the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [ECF No. 2912] (the "Disclosure Statement") and the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [ECF No. 2907] (the "Plan").

NA_DECHERT.95936274.9

follows:

<u>**STATEMENT**</u>

1.          Notwithstanding the Debtors' substantive changes to the Plan and Disclosure Statement since their prior plan structure, the revised Plan still contains serious deficiencies. While the Carnaby Secured Lenders are continuing to work with the Debtors and their advisors to address their concerns and do not seek to prevent solicitation on the Plan under conditional approval of the Disclosure Statement at this time, the Carnaby Secured Lenders have filed this Statement and Reservation of Rights to inform the Court of their concerns and to reserve their rights.  The Plan's infirmities include, among other things: [3] (i) its improper attempt to eliminate defenses that would otherwise be available to creditors of the SPV Debtors in future litigation; (ii) its detrimental effect on the estates of non-FBG Debtors (such as the SPV Debtors); and (iii) its failure to ensure that its release, exculpation, and injunction provisions do not adversely impact the SPV Debtors or their creditors.

**I.       The Plan is Fundamentally Flawed**

        **A.       The Plan Improperly Strips SPV Debtors' Creditors of Defenses and Skews Future Litigation in Favor of the Litigation Trust**

2.          The Plan purports to vest all Estate Claims of the FBG Debtors in the Litigation Trust "without recourse and free and clear of all Liens, Claims, encumbrances and Interests (legal, beneficial or otherwise)."  *See* Plan § 6.2(a).  The Plan further provides that the consolidation of Estate Claims in the Litigation Trust shall not entitle any defendants to assert defenses across

---

[3] This Statement and Reservation of Rights sets forth only some of the Carnaby Secured Lenders' concerns regarding to the content of the Plan and the Carnaby Secured Lenders reserve all rights to raise these as objections or additional objections to confirmation of the Plan and its contents by the applicable deadlines set by the Court.

multiple FBG Debtors or assert rights of setoff or offset across multiple FBG Debtors. *See id.* at § 6.2(c).

3.      Section 541(a) creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  "When a trustee pursues a cause of action under § 541(a), the trustee brings the action as successor to the debtor's interest in property and, as such, the trustee is subject to all defenses, including *in pari delicto*, that would have been available to the defendant against the debtor." *In re Motorwerks, Inc.*, 371 B.R. 281, 288 (Bankr. S.D. Ohio 2007); *see also In re Segerstrom*, 247 F.3d 218, 224 (5th Cir. 2001) ("When a trustee prosecutes a right of action derived from the debtor, the trustee stands in the shoes of the debtor…The trustee is subject to all defenses available against the debtor, and must prove all elements that the debtor herself would be required to prove."); *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996) (same); *Matter of Gebco Inv. Corp.*, 641 F.2d 143, 146 (3d Cir. 1981) (same).

4.      The Plan purports to circumvent this fundamental principle by truncating potential defendants' defenses in future litigation, particularly their ability to reduce their liabilities through the assertion of certain counterclaims and rights of setoff and recoupment.  This includes a denial of defendants' ability to assert defenses against multiple FBG Debtors as a collective enterprise through theories of alter ego or veil piercing.  *See* Plan § 6.2(b).

5.      The Plan's provisions are particularly prejudicial to creditors of the SPV Debtors, who may hold significant counterclaims and defenses against one or more FBG Debtors arising from the same transactions and relationships that underlie the Estate Claims brought by the Litigation Trust on behalf of other FBG Debtors.  The Plan purports to limit  potential rights and to grant the Litigation Trustee a greater interest in the Estate Claims than the FBG Debtors possess.

**B.      The Plan's Transfer of FBG Debtors' Privileges and Information to the Trusts Will Harm the SPV Debtors' Estates and Creditors**

6.      The Plan and Disclosure Statement purport to leave unaffected "Claims and Interests in the SPV Debtors" and to prohibit the FBG Debtor (or the Litigation Trust) from prosecuting "any claims owned by the SPV Debtors absent their consent or order of the Bankruptcy Court." *See* Plan § 1.2; Disclosure Statement Art. I.  Nevertheless, the Plan channels all FBG Debtors' privileges, books, records, and other materials relevant to any future litigation into the Litigation Trust (or into the Litigation Trust, ABL Collateral Trust and DIP Collateral Trust jointly) and places onerous restrictions on sharing such information.  *See* Plan § 6.2(c)-(f).

7.      Given the substantial overlap, of the FBG Debtors' and SPV Debtors' officers, directors, and management, the transfer of FBG Debtors' privileges and information to the Trusts will inevitably include transfers of privileges and information that constitute property of the SPV Debtors.  Yet, no provision has been made in the Plan for separating privileges and information that belong to the SPV Debtors' estates from property that belongs to the FBG Debtors' estates.  Without a mechanism to separate or share such rights the SPV Debtors, any subsequent trustee and their creditors' ability to pursue causes of action on their own behalf or those of the SPV Debtors' estates, or defend against claims will be inappropriately impaired.  In order to be confirmed, the Plan should be revised to preserve the interests of the SPV Debtors' estates, including applicable privileges and access to the relevant books and records of the SPV Debtors (including, where ownership is disputed or shared with the FBG Debtors).

**C.      The Plan's Release, Exculpation, and Injunction Provisions Cannot Impact the SPV Debtors and Their Creditors**

8.      The Plan expressly provides that its provisions apply only to Claims against and Interests in the FBG Debtors and not to any Claims against or Interests in the SPV Debtors.  *See* Plan § 1.2.  Although the Debtors' most recent iteration of the Disclosure Statement suggests that

4

the SPV Debtors' estates will retain their rights and causes of action, *see* Disclosure Statement Art. I.B.7, the Plan's release, exculpation, and injunction provisions do not expressly exclude the SPV Debtors or their creditors from these provisions' impact. S*ee generally* Plan §§ 13.4-6. Moreover, the Plan's exculpation provisions explicitly and impermissibly extend to conduct affecting the SPV Debtors' estates (*see id*. at 13.6) in violation of applicable law.

9. Only a plan of reorganization may provide a discharge of liabilities, and even then, only to the Debtor under such plan. 11 U.S.C. § 524(e); *see also In re Pacific Lumber Co*., 584 F.3d 229, 252 (5th Cir. 2009) ("Section 524(e) only releases the debtor, not co-liable third parties.") (finding that Section 524(e) did not authorize releases to non-Debtors). A chapter 7 liquidation provides no discharge to Debtors. 11 U.S.C. § 727(a)(1); *see also Matter of T-H New Orleans Ltd. Partnership*, 116 F.3d 790, 803–804 (5th Cir. 1997) (extending lack of discharge to liquidating plans under Chapter 11). Moreover, the Fifth Circuit has expressly held that a plan may not exculpate non-debtors. *Matter of Highland Capital Management, L.P. ("Highland Capital")*, 48 F.4th 419, 437 (5th Cir. 2022) (requiring that "[Fifth Circuit] precedent and § 524(e) require any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties."). Because the SPV Debtors are not reorganizing under the Plan, the Plan's exculpation and release provisions cannot properly extend to conduct related to the SPV Debtors' estates or impair the rights of their creditors.

10. Moreover, the Plan includes the members of the Debtors' Special Committees as Exculpated Parties, which is not permitted under the standard set forth by the Fifth Circuit in *Highland Capital*. *Id*. While the Plan applies only to Claims against and Interests in the FBG

Debtors, the Plan's exculpation provisions would exculpate all of the Exculpated Parties for all actions related to *every Debtor's estate*, including the SPV Debtors' estates.

> "To the fullest extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action based on, relating to, or in any manner arising from, in whole or in part, the Petition Date through the Effective Date: **the Debtors (including the governance, management, direct or indirect ownership, transactions with, or operation thereof) or their Estates**; . . ." *See* Plan § 13.6.

11. This expansion of the exculpation's scope beyond the FBG Debtors is in direct contravention of *Highland Capital*. *Id*.

12. The Plan's injunction provisions are similarly structured to ensure that creditors of SPV Debtors—whose claims are expressly excluded from the Plan's ambit—are prohibited from exercising their rights to pursue any claims against any of the Released Parties or Exculpated Parties—even where unrelated to the FBG Debtors—absent an affirmative ruling by the Court that such claims may be pursued. *See* Plan §§ 13.4(b) and (c).

**RESERVATION OF RIGHTS**

13. The Carnaby Secured Lenders expressly reserve all rights, claims, defenses, and arguments, whether legal or equitable with respect to the Disclosure Statement and the Plan, including, without limitation, the right to file an objection to confirmation of the Plan on these or other grounds or to amend, supplement, or modify this Statement and Reservation of Rights at or prior to the applicable deadlines to object to approval of the Disclosure Statement and the Plan, or at any other time as may be permitted by the Court. Nothing herein shall be deemed a waiver of any right or argument not expressly raised herein, and the Carnaby Secured Lenders reserve the right to raise additional objections, arguments, and evidence as further information becomes available, including upon the filing of the Plan Supplement and any other documents or motions filed in connection with the Plan or the Disclosure Statement.

Dated: June 11, 2026
Houston, Texas

Respectfully submitted,

*/s/ Allan S. Brilliant*
Allan S. Brilliant (admitted *pro hac vice*)
Gary J. Mennitt (admitted *pro hac vice*)
Stephen M. Wolpert (admitted *pro hac vice*)
Eric O. Hilmo (admitted *pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Email:  allan.brilliant@dechert.com
　　　　gary.mennitt@dechert.com
　　　　stephen.wolpert@dechert.com
　　　　eric.hilmo@dechert.com


-and-

John F. Higgins (TX Bar No. 09597500)
Megan Young-John (TX Bar No. 24088700)
James A. Keefe (TX Bar No. 24122842)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email:  jhiggins@porterhedges.com
　　　　myoung-john@porterhedges.com
　　　　jkeefe@porterhedges.com


**Counsel to the Carnaby Secured
Lenders**

**<u>Certificate of Service</u>**

I certify that on June 11, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins