**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**STIPULATION AND AGREED ORDER**
**AMONG DEBTORS AND STORE CAPITAL ACQUISITIONS, LLC**
**(I) MODIFYING TERMS OF LEASE AGREEMENT AND (II) EXTENDING**
**TIME TO ASSUME OR REJECT LEASES OF NONRESIDENTIAL REAL PROPERTY**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and STORE Capital Acquisitions, LLC (the "**Landlord**" and, together with the Debtors, the "**Parties**") hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**") as follows:

**RECITALS**

A.      On September 24, 2025, Global Assets LLC and twelve (12) debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

B.      The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these chapter 11 cases.  On October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket No. 113).

C.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

D.      The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      On March 17, 2021, FRAM Group Operations, LLC ("**Debtor Tenant**") and Landlord entered into that certain Master Lease Agreement (as may have been amended, modified, or supplemented from time to time, the "**Master Lease**") regarding certain nonresidential real property located at (i) 120 Ridgeview Center Drive, Duncan, South Carolina 29334 (the "**120 Ridgeview Premises**"), (ii) 851 Jackson Street, Greenville, Ohio 45331 (the "**851 Jackson Street Premises**"), (iii) 230 E. Walnut Street, Albion, Illinois 62806 (the "**230 E. Walnut Street Premises**"), (iv) 329 Industrial Drive, Albion, Illinois 62806 (the "**329 Industrial Drive Premises**"), (v) 549 S. Illinois Route 130, Albion, Illinois 62806 (the "**549 S. Illinois Route 130 Premises**"), (vi) 200 S. 4th Street, Albion, Illinois 62806 (the "**200 S. 4th Street Premises**"), and (vii) 301 Industrial Drive, Albion, Illinois 62806 (the "**301 Industrial Drive Premises**," and collectively, the "**Leased Premises**").

2

F. On April 16, 2026, the Bankruptcy Court entered the *Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 2453), extending the period within which the Debtors may assume or reject unexpired leases of nonresidential real property (the "**Assumption/Rejection Period**") through and including April 22, 2026.

G. On April 16, 2026, the Bankruptcy Court entered the *Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under The Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* (Docket No. 2454) (the "**Wind Down Order**").

H. In accordance with the Wind Down Order, the Debtors are engaging with a potential purchaser for certain assets located at certain of the Leased Premises (the "**Wind Down Sale**").

I. On April 23, 2023, the Bankruptcy Court entered the *Stipulation and Agreed Order Among Debtors, Store Capital Acquisitions, LLC, and Store Master Funding XIV, LLC Extending Time to Assume or Reject Leases of Nonresidential Real Property* (Docket No. 2531) extending the Assumption/Rejection Period for the Master Lease through and including June 30, 2026.

J. The Parties enter into this Stipulation and Agreed Order to (i) modify the terms of the Master Lease and (ii) extend the Assumption/Rejection Period.

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, it is hereby **ORDERED** that:

1. Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Assumption/Rejection Period for the Master Lease is extended through and including September 30, 2026.

2.      The Debtors shall surrender possession of the 120 Ridgeview Premises to the Landlord on June 30, 2026 and Landlord shall accept such surrender effective as of June 30, 2026.  As of June 30, 2026, the Debtors shall have no further obligations arising under the Master Lease solely with respect to the 120 Ridgeview Premises.

3.      The Debtors shall surrender possession of (i) the 230 E. Walnut Street Premises, (ii) the 200 S. 4th Street Premises, and (iii) 93,000 square feet also known as building 43 301 Industrial Drive Premises to the Landlord on the date of closing of the Wind Down Sale (the "**Closing Date**") and Landlord shall accept such surrender effective on the Closing Date.  As of the Closing Date, the Debtors shall have no further obligations arising under the Master Lease with respect to the 230 E. Walnut Street Premises, the 200 S. 4th Street Premises, and the 93,000 square feet also known as building 43 of the 301 Industrial Drive Premises.

4.      The Debtors shall surrender possession of the (i) 329 Industrial Drive Premises (ii) the 549 S. Illinois Route 130 Premises and (iii) the remaining 147,000 square feet of the 301 Industrial Drive Premises to the Landlord on the date that is 30 days after the Closing Date (the "**Post-Closing Surrender Date**") and Landlord shall accept such surrender effective on the Post-Closing Surrender Date.  As of the Post-Closing Surrender Date, the Debtors shall have no further obligations arising under the Master Lease with respect to the 329 Industrial Drive Premises, the 549 S. Illinois Route 130 Premises, and the remaining 147,000 square feet of the 301 Industrial Drive Premises.  Within five (5) business days following the Post-Closing Surrender Date, the Debtors shall pay Landlord rent prorated for the period of July 1, 2026 through and including the Post-Closing Surrender Date based on the monthly rent of $198,000 per month.

5.      The Debtors shall surrender possession of the 851 Jackson Street Premises to the Landlord on September 30, 2026 and Landlord shall accept such surrender effective on

4

September 30, 2026.  As of September 30, 2026, the Debtors shall have no further obligations arising under the Master Lease.  The Debtors shall pay Landlord $173,323 in monthly rent through September 30, 2026, pursuant to the terms of the Master Lease.

6.      The parties agree that the Master Lease shall be deemed rejected pursuant to section 365 of the Bankruptcy Code on September 30, 2026.  Notwithstanding anything to the contrary herein, Landlord shall not assert any claim for rent, occupancy, or other amounts accruing under the Master Lease with respect to any Leased Premises arising after the applicable surrender date of such Leased Premises.

7.      Pursuant to sections 554(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6007, any of the Debtors' property remaining at any Leased Premises following the applicable surrender date (the "**Abandoned Property**"), is hereby abandoned by the Debtors. Following the applicable surrender date, Landlord may dispose of any Abandoned Property as they so choose in their sole discretion without any liability of any kind whatsoever to Debtor Tenant or any other party and without further order of the Bankruptcy Court.

8.      Except as otherwise provided herein, nothing in this Stipulation and Agreed Order or any action taken pursuant hereto is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of, any claim; (iii) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (vii) an approval,

5

assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

9. The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

10. The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry by the Bankruptcy Court.

11. This Stipulation and Agreed Order is intended by the Parties to be (i) binding upon their successors, agents, or assigns, including bankruptcy trustees and estate representatives and (ii) an amendment to the Master Lease; *provided* that nothing in this Stipulation and Agreed Order shall constitute an assumption of the Master Lease pursuant to section 365 of the Bankruptcy Code.

12. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order. This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

13. The Parties agree that each of them has had a full opportunity to participate in the drafting of, and obtain the advice of counsel with respect to, this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

14. This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

15.     This Stipulation and Agreed Order shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

16.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Dated: _____, 2026
          Houston, Texas

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

7

**STIPULATED AND AGREED TO BY**:

Dated: June 12, 2026


 /s/  Clifford W. Carlson                                  /s/  Joel F. Newell                       
**WEIL, GOTSHAL & MANGES LLP**            **BALLARD SPAHR, LLP**
Gabriel A. Morgan (24125891)                     Joel F. Newell
Clifford W. Carlson (24090024)                    1 East Washington Street, Suite 2300
700 Louisiana Street, Suite 3700                   Telephone: (602) 798-5459
Houston, Texas 77002                                   Facsimile: (602) 798-5595
Telephone:  (713) 546-5000                          Email: newellj@ballardspahr.com
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
             Clifford.Carlson@weil.com            *Attorneys for Landlord*


-and-


**WEIL, GOTSHAL & MANGES LLP**
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Matt.Barr@weil.com
            Sunny.Singh@weil.com
            Andriana.Georgallas@weil.com
            Kevin.Bostel@weil.com
            Jason.George@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*