**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC**, *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Docket No. 2571** |

**DEBTORS' RESPONSE TO EXAMINER'S**
**EMERGENCY MOTION TO INCREASE THE EXAMINATION BUDGET**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), file this objection and reservation of rights ("**Objection**") to the *Examiner's Emergency Motion to Increase the Examination Budget* (Docket No. 2571) (the "**Motion**")[2] filed by Martin De Luca, as examiner (the "**Examiner**").  The Debtors respectfully represent as follows:

**Objection**

1.      The *Order Directing Appointment of an Examiner* (ECF No. 726) (the "**Examiner Order**") provides, among other things, that the Examination Budget "*shall not exceed* $7 million, inclusive of all costs, fees, and expenses of the Examiner and any professionals or services retained by or for the Examiner" (emphasis added) (the "**Examination Budget**").  Examiner Order ¶ 4.  The Examination Budget was carefully negotiated among the major parties in interest, including the U.S. Trustee, the Creditors' Committee, and the Ad Hoc Group of the

---

[1]      A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22).

Debtors' secured lenders whose cash collateral was used to fund it, and its terms and limits were well known to the Examiner and its professionals from the moment of their appointment.

2.      Despite the established Examination Budget, the Examiner now seeks entry of an order increasing it by $3 million—to a total of $10 million.  Of this amount, at least $2 million reflects expenses the Examiner has already incurred in excess of the approved budget, notwithstanding the Examiner's prior knowledge that the Ad Hoc Group did not consent to any increase or the use of its cash collateral to fund the increased fees and expenses.  *See* Motion ¶ 19. The remaining $1 million is sought to cover additional expenses for which the Examiner failed to reserve during the course of its investigation.  In short, the Examiner exceeded the Court-approved Examination Budget by $3 million (nearly 50% of the original budget), did so knowing that it did not have consent or prior judicial approval, and now asks this Court to require the estates to absorb the consequences.   The Motion should be denied for multiple reasons.

3.      *First*, the Examiner's request is inconsistent with the Examiner Order. While the Examiner Order provides a mechanism to request increases to the Examination Budget, after notice and hearing, a reasonable exercise of that mechanism would occur before incurring additional expenses—not after.  By the Examiner's own admission, the Examiner was aware that the Ad Hoc Group would not fund an increase, yet chose to incur excess expenses rather than managing its budget in line with the Examiner Order or seeking prior Court approval.   The Examiner's request to increase the budget after incurring such excess amounts is contrary to the letter and spirit of the Examiner Order.

4.      *Second*, the Debtors' liquidity cannot absorb the requested increase.  The Debtors have proposed a chapter 11 plan that is supported by the Creditors' Committee, the Ad Hoc Group, and the ABL Lenders.  In connection with securing such support, the Debtors

2

negotiated a confirmation budget pursuant to which the DIP Lenders and ABL Lenders have consented to continued use of cash collateral to fund the Debtors' estates through the confirmation process. The Debtors do not have flexibility in their budget to accommodate an additional $3 million obligation, and the Ad Hoc Group and ABL Lenders are unwilling to fund such an increase. Requiring the Debtors to pay an additional $3 million will divert critical liquidity away from the estates at a pivotal juncture in these cases and prioritize the Examiner's professionals over costs necessary for confirmation of the proposed plan.

5.      *Third*, the Examiner has failed to carry its burden. The Examiner has not demonstrated that exceeding the budget without consent or prior approval was necessary, nor has it shown how that unilateral decision benefits the estates. This Court has already approved a $7 million budget. The Debtors should not be required to bear additional obligations arising from the Examiner's decision to disregard the Examination Budget.

6.      Accordingly, the Debtors respectfully request that the Court deny the relief requested in the Motion.

## Reservation of Rights

7.      The Debtors reserve all rights to supplement or add to the legal and factual arguments raised in this Response on any basis whatsoever, at a future date. Nothing herein shall be interpreted as an admission that any claim described herein is valid, and the Debtors reserve all rights with respect thereto.

*[Remainder of this page intentionally left blank]*

Dated: June 15, 2026
        Houston, Texas

        */s/  Clifford W. Carlson*

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
         clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
         sunny.singh@weil.com
         andriana.georgallas@weil.com
         kevin.bostel@weil.com
         jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Service</u>**

 I hereby certify that on June 15, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


        */s/ Clifford W. Carlson*
        Clifford W. Carlson