**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** § | |
| § | **Chapter 11** |
| § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, § | **Case No. 25-90399 (CML)** |
| § | |
| § | **(Jointly Administered)** |
| **Debtors.**[1] § | |

**STIPULATION AND AGREED ORDER (A) ALLOWING SECURED CLAIM OF**
**ROYAL BANK OF CANADA, (B) AUTHORIZING LIMITED RELIEF**
**FROM THE AUTOMATIC STAY, AND (C) GRANTING RELATED RELIEF**

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**") and (ii) Royal Bank of Canada (together with its successors and assigns, "**RBC**" and, together with the Debtors, the "**Parties**" and each, a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

1.	**WHEREAS**, on February 27, 2025, RBC issued that certain Standby Letter of Credit (#10018386) in the face amount of $5.0 million for the benefit of Raloy Lubricantes, S.A. de C.V. (the "**Beneficiary**") for the account of Debtor FRAM Group Operations, LLC ("**FRAM Group**") and non-Debtor FRAM Group Operations, Mexico City ("**FRAM Group Mexico**," and together with FRAM Group, the "**Applicant**") as applicants (as amended on April 4, 2025, and as may have been further amended, amended and restated, supplemented or modified from time to time, the "**Letter of Credit**").

2.	**WHEREAS,** the Letter of Credit is subject to RBC's Terms and Conditions for

---

[1]	A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Standby Letters of Credit, dated February 18, 2025 (the "**Standard Terms**"), by which the Applicant and First Brands Group, LLC ("**First Brands Group**") agreed to be jointly and severally bound.

3.      **WHEREAS,** to secure FRAM Group's obligations and liabilities to RBC arising or incurred under the Letter of Credit and the Standard Terms relating to the Letter of Credit, FRAM Group, as Pledgor, executed that certain Pledge Agreement Deposit Account and Deposit Balances, dated February 18, 2025 (as may have been amended, amended and restated, supplemented or otherwise modified from time to time, the "**Pledge Agreement**"), pursuant to which it granted to RBC a security interest in that certain deposit account and deposit balance credited to such account bearing the contract number ending in x8492 (the "**Account**") at RBC's New York Branch.

4.      **WHEREAS,** the Account is also subject to a deposit control account agreement, dated February 6, 2025, between FRAM Group, as Customer, RBC, as Secured Party, and RBC's Three World Financial Center Branch, as Depositary, and as of June 1, 2026, the balance in the Account is $5,349,676.69.

5.      **WHEREAS**, on September 24, 2025, Global Assets LLC and 12 debtor affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and, commencing on September 28, 2025, and concluding September 29, 2025, First Brands Group and the remaining Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.[2]

6.      **WHEREAS**, the Bankruptcy Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28

---

[2]    FRAM Group filed its voluntary petition on September 29, 2025 (Case No. 25-90403).

U.S.C. § 157(b).

7.    **WHEREAS,** on February 25, 2026, the Beneficiary drew on the Letter of Credit in the full amount of $5.0 million, which draw RBC duly honored and paid on March 5, 2026.

8.    **WHEREAS,** RBC asserts that it holds a claim in the aggregate principal amount of $5.0 million plus $291,227.26 on account of interest, fees, commissions, indemnity amounts, costs and expenses (including legal fees and expenses), liabilities, and other Secured Obligations (as defined in the Pledge Agreement), including current and future accrued and unpaid interest thereon through June 11, 2026, that is secured by a security interest in the Account and all amounts credited to the Account (the "**Secured Claim**").

9.    **WHEREAS**, the Parties have entered into this Stipulation and Agreed Order with respect to the Secured Claim, as set forth below.

### IT IS HEREBY STIPULATED AND ORDERED THAT:

1.    The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

2.    This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court (the date of such approval, the "**Order Entry Date**").

3.    The Secured Claim is allowed as a secured claim pursuant to sections 502 and 506 of the Bankruptcy Code against Debtor FRAM Group in the amount of $5,291,227.26 (the "**Allowed Secured Claim**"), not subject to any defense, avoidance, reduction, setoff, recoupment, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), disallowance, impairment, claim, counterclaim, cross-claim, or any other challenge under the Bankruptcy Code or any applicable law or regulation by any person or entity.

4.    The automatic stay arising pursuant to section 362 of the Bankruptcy Code is hereby modified as of the Order Entry Date solely to permit RBC to set off the full amount of the Allowed Secured Claim against any and all amounts credited to the Account (or otherwise

apply such amounts to repay the Allowed Secured Claim in full), without any further notice or order, in full, final and indefeasible satisfaction of all claims of RBC arising under the Letter of Credit and the Standard Terms.

5.      Within five (5) business days after setoff of the amounts credited to the Account to satisfy the Allowed Secured Claim in full, RBC shall return to the Debtors any remaining amounts credited to the Account. Notwithstanding the foregoing, any amounts returned to the Debtors or their estates shall be applied subject to and in accordance with the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608) (the "**Final DIP Order**"), and any budget in connection with the Final DIP Order authorized therein (subject to any permitted variances).

6.      The Debtors and the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("**Kroll**"), are authorized to take all actions necessary or appropriate to give effect to this Stipulation and Agreed Order, and Kroll is authorized to update the claims register to reflect the terms of, and in accordance with, this Stipulation and Agreed Order, including reducing the Secured Claim to $0 upon payment in full of the Allowed Secured Claim from the amounts credited to the Account.

7.      This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the Secured Claim and supersedes all prior agreements and understandings relating to the Secured Claim.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

8.      This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy

Court.

9.    The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

10.    The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

11.    The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

12.    The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

13.    This Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

Dated:

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated: June 16, 2026

Dated: June 16, 2026

_/s/ Clifford W. Carlson_

_/s/ Elizabeth Feld_

WEIL, GOTSHAL & MANGES LLP
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Email:  Clifford.Carlson@weil.com

WHITE & CASE LLP
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Email: charles.koster@whitecase.com

-and-

and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted _pro hac vice_)
Sunny Singh (admitted _pro hac vice_)
Andriana Georgallas (admitted _pro hac vice_)
Kevin Bostel (admitted _pro hac vice_)
Jason H. George (admitted _pro hac vice_)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: matt.barr@weil.com
        sunny.singh@weil.com
        andriana.georgallas@weil.com
        kevin.bostel@weil.com
        jason.george@weil.com

WHITE & CASE LLP
Elizabeth Feld (admitted _pro hac vice_)
Richard Graham (admitted _pro hac vice_)
1221 Avenue of the Americas
New York, NY 10020
Email: efeld@whitecase.com
        rgraham@whitecase.com

_Attorneys for Royal Bank of Canada_

_Attorneys for Debtors and Debtors in
Possession_