**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**DECLARATION OF**
**NICHOLAS HAUGHEY IN SUPPORT OF**
**EMERGENCY MOTION OF DEBTORS FOR**
**ORDER (I) AUTHORIZING AND DIRECTING THE**
**UNITED STATES TRUSTEE TO APPOINT A COMMITTEE**
**OF RETIRED EMPLOYEES AND (II) GRANTING RELATED RELIEF**

I, Nicholas Haughey, pursuant to § 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I submit this declaration (the "**Declaration**") in support of the *Emergency Motion of Debtors for Order (I) Authorizing and Directing the United States Trustee to Appoint a Committee of Retired Employees and (II) Granting Related Relief* (Docket No. 3017) (the "**Motion**")[2] filed by First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "**Debtors**," and together with their non-Debtor affiliates, the "**Company**"), in these chapter 11 cases. The Motion seeks, among other things, entry of an order (i) authorizing and directing the U.S. Trustee to appoint the Retiree Committee of retired

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used but not otherwise defined in this Declaration shall have the meanings ascribed to them in the Motion or the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22), as applicable.

employees that receive benefits under the Retiree Benefit Arrangements that, at the time of retirement, are (a) not covered by a collective bargaining agreement or (b) covered by a collective bargaining agreement if the Union party thereto has not elected to serve as the authorized representative of persons receiving retiree benefits thereunder by the date of entry of the Proposed Order, and (ii) granting related relief, each as set forth therein.

2.  This Declaration is based on my personal knowledge, education, experience and review of documents and other information relevant to my testimony.  If called to testify, I could and would testify competently to the matters set forth in my Declaration.  My compensation is not contingent upon or influenced by the substance of my testimony or the outcome of the Motion.  I am authorized to submit this Declaration on behalf of the Debtors.

**Qualifications and Professional Background**

3.  I am a Managing Director at Alvarez & Marsal North America LLC ("**A&M**").  On September 5, 2025, A&M was retained by the Company to, among other things, assist with liquidity management and forecasting, identify cost-reduction opportunities, and undertake contingency preparations for a potential chapter 11 filing.  On September 24, 2025, Global Assets, LLC and twelve of the Debtors each filed with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), and commencing on September 28, 2025 (as applicable, the "**Petition Date**"), First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code.

4.  I have been a member of the A&M team working on this matter since shortly after our retention.  From the outset of A&M's retention, we have worked in coordination with the Debtors' other advisors on numerous activities to support the Debtors' restructuring efforts.  As a result of A&M's work with the Debtors, their affiliates, and the Debtors' other

advisors, I have become familiar with the Company's day-to-day operations, business and financial affairs, and the circumstances leading to the commencement of these chapter 11 cases.

5.     I have over seventeen years of experience providing turnaround consulting, advisory services, and executive leadership to organizations across a variety of industries. I earned my bachelor's degree in finance from Wofford College and my master's degree in accountancy from the University of Notre Dame. In 2016, after seven years providing consulting and advisory services at A&M, I departed to serve as Vice President of Finance for Dex Media, a provider of advertising and customer relationship management software to small and medium-sized businesses. During my three years with Dex Media, I helped guide the company through a successful pre-packaged bankruptcy reorganization and negotiated key terms of the exit financing package, which reduced the company's debt from more than $2 billion to $600 million. Following Dex Media's successful turnaround, I joined A&M's Restructuring & Turnaround group, where I have spent approximately the last seven years advising company-side clients on financial modeling, cash forecasting and analysis, and corporate restructuring. During that time, I led the Chapter 11 bankruptcy planning and preparation, asset sale analysis, and estate liquidation work for Dean Foods Company, the largest dairy bottling operation in the United States. Recently, I served as Chief Restructuring Officer of Red Lobster, a restaurant chain with approximately 550 locations in the United States and Canada and more than 25 franchised locations in Latin America and Asia.

6.     I have substantial experience serving either in senior management positions or as a restructuring advisor in large organizations and in assisting companies with stabilizing their financial condition, analyzing their operations, and developing a business plan to accomplish restructuring objectives. I regularly advise distressed companies on matters such as liquidity

3

management, cost reductions, mergers and acquisitions, negotiations with customers, and strategic planning.

**Timing and Necessity of Expedited Approval of the Motion**

7.     Certain of the Debtors are in the process of seeking approval of a proposed Plan[3] by the end of July. In connection with that process, my team and I prepared a budget, attached as Exhibit A to the *Declaration of Charles M. Moore in Support of (I) the Proposed Confirmation Schedule and (II) the Debtors' Objection to United States Trustee's Motion to Convert or Dismiss Pursuant to 11 U.S.C. § 1112(b)* (Docket No. 2911) (the "**Confirmation Budget**"), for the Debtors' estates through the proposed Confirmation Date of July 28, 2026.  The Confirmation Budget reflects the Debtors' ability to fund these cases only through the proposed Confirmation Date.  The Plan and the Confirmation Budget are the product of weeks of arm's length, good faith negotiations between the Debtors, the ABL Secured Parties, the Ad Hoc Group, and the Creditors' Committee.  The support of the Debtors' key stakeholders for the Plan is predicated on adherence to the Confirmation Budget.

8.     I understand from discussions with counsel that appointment of and negotiations with the Retiree Committee will be required for the Debtors to satisfy the requirements for confirmation under the Bankruptcy Code.  Accordingly, the Retiree Committee must be appointed as soon as possible.  The Debtors do not have, and have not received funding commitments for, the liquidity that would be necessary to confirm the Plan after the end of July.  As a result, any delay in appointment of the Retiree Committee could jeopardize the Debtors' ability to confirm the Plan on the timeline required by the Confirmation Budget and would likely

---

[3]     The "**Plan**" means the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2981).

force the Debtors to convert their chapter 11 cases to cases under chapter 7.  I believe that such a

result would significantly reduce creditor recoveries from those contemplated under the Plan.


*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: June 16, 2026
Atlanta, Georgia

/s/ Nicholas Haughey
Nicholas Haughey, Managing Director
Alvarez & Marsal North America LLC