# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

## STIPULATION AND AGREED ORDER
## BETWEEN DEBTORS AND CAL-SOUTHWEST HOLDINGS LTD., LLP
## (I) MODIFYING TERMS OF LEASE AND (II) FURTHER EXTENDING
## TIME TO ASSUME OR REJECT LEASE OF NONRESIDENTIAL REAL PROPERTY

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Cal-Southwest Holdings Ltd., LLP (the "**Landlord**" and, together with the Debtors, the "**Parties**") hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**") as follows:

## RECITALS

A.      On September 24, 2025, Global Assets LLC and twelve (12) debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

B.      The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these chapter 11 cases.  On October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket No. 113).

C.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

D.      The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      On March 8, 2019, Trico Products Corporation ("**Debtor Tenant**") and Landlord entered into that certain *Lease Agreement* (as may have been amended, modified, or supplemented from time to time, the "**Lease**") regarding certain nonresidential real property located at 2705 Quality Lane, Brownsville, TX 78526 (the "**Leased Premises**").

F.      On April 21, 2026, the Bankruptcy Court entered the *Stipulation and Agreed Order Between Debtors and Cal-Southwest Holdings Ltd., LLP Extending Time to Assume or Reject Lease of Nonresidential Real Property* (the "**Original Stipulation**") (Docket No. 2502), extending the period within which the Debtors may assume or reject unexpired leases of nonresidential real property (the "**Assumption/Rejection Period**") through and including June 30, 2026.

G.      On May 26, 2026, pursuant to the *Order (A) Authorizing and Approving the Debtors' Entry Into Stock and Asset Purchase Agreement with Flex-N-Gate for Sale of Debtors' Horizon Business Assets and Transferred Equity Interests Free and Clear Of Liens, Claims,*

*Encumbrances, and Interests, (B) Approving Assumption and Assignment Of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* (Docket No. 2800) (the "**Horizon Sale Order**"), the Debtors sold their Horizon Business to Buyer (each as defined in the Horizon Sale Order).  Historically, a portion of the Leased Premises consisting of approximately 65,500 sq. ft. as shown on **Exhibit A** attached hereto (the "**Horizon Space**") was used for the operations of the Horizon Business.  Following the sale of the Horizon Business, the Debtors understand that Buyer currently seeks to lease the Horizon Space.

H.      Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Parties hereby agree to extend the Assumption/Rejection Period for the Lease through and including August 31, 2026 (or such later date as may be agreed in writing (email being sufficient) between the Debtors and Landlord) (the "**Extension Date**").

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, it is hereby **ORDERED** that:

1.      Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Assumption/Rejection Period for the Lease is extended through and including the Extension Date.

2.      The Parties agree that as of July 1, 2026, the Lease shall be modified to reduce the Leased Premises from 150,000 sq. ft. to 84,500 sq. ft to exclude the Horizon Space. The Landlord is authorized to lease the Horizon Space to a new lessee, with such new lease beginning no earlier than July 1, 2026, *provided* that Landlord will, on or before July 1, 2026, and at its sole expense, (i) partition the Horizon Space from the remainder of the Leased Premises and provide for separate access to the two spaces, (ii) provide for separate utility switching and metering so that the two spaces can be utilized independently, and (iii) cause the locks to both the

3

Leased Premises and the Horizon Space to be changed so that each occupant may prohibit entry by the other to their respective area.

3.      Beginning July 1, 2026 and continuing each month until the Lease is assumed or rejected or otherwise expires, in accordance with the terms of the Original Stipulation and paragraph 4 hereof, Debtor Tenant shall pay Landlord $44,241.00 each month as Basic Rent and $11,661.00 as NNN charges (each as defined in the Lease).  For the avoidance of doubt, the Debtors shall only be responsible for any rent or expenses, including any utility or repair expenses, related to the reduced portion of the Leased Premises excluding the Horizon Space.

4.      The Parties agree that the other terms of the Original Stipulation shall remain in effect, including that the Lease is on a month-to-month basis and that the Lease shall be subject to termination by either the Debtor Tenant or Landlord upon thirty (30) days' prior written notice to the other party, *provided* that such termination shall not be effective prior to July 31, 2026.

5.      Except as otherwise provided herein, nothing in this Stipulation and Agreed Order or any action taken pursuant hereto is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of, any claim; (iii) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder; (vii) a waiver of any claims or causes of action that may exist against any Debtor; or (viii) an approval, assumption,

4

adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

6.     The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

7.     The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry by the Bankruptcy Court.

8.     This Stipulation and Agreed Order is intended by the Parties to be binding upon their successors, agents, or assigns, including bankruptcy trustees and estate representatives.

9.     The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

10.     The Parties agree that each of them has had a full opportunity to participate in the drafting of, and obtain the advice of counsel with respect to, this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

11.     This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

12.     This Stipulation and Agreed Order shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives or further order of the Bankruptcy Court.

13.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Dated: _____, 2026
         Houston, Texas

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY**:

Dated: June 18, 2026


 /s/  Clifford W. Carlson

**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
             Clifford.Carlson@weil.com


-and-


**WEIL, GOTSHAL & MANGES LLP**
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Matt.Barr@weil.com
            Sunny.Singh@weil.com
            Andriana.Georgallas@weil.com
            Kevin.Bostel@weil.com
            Jason.George@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*


 /s/  Joseph Foley

**CAL-SOUTHWEST HOLDINGS LLC**
Joseph Foley
42525 De Portola Rd
Temecula, CA 92592
Telephone: (951) 265-8984
Facsimile: (951) 302-9309
Email: joefoley1@gmail.com

*Manager of Landlord*

**Exhibit A**

