### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

### DEBTORS' MOTION FOR AN ORDER
### AUTHORIZING THE RELEASE OF CERTAIN FUNDS FROM
### THE FACTORED RECEIVABLES ACCOUNT IN ACCORDANCE
### WITH PRIOR ORDER AND STIPULATION WITH THIRD-PARTY
### FACTORS AND DISBURSEMENT OF SUCH FUNDS TO THE ABL AGENT

> IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

First Brands Group, LLC ("**FBG**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

### Relief Requested

1. Pursuant to sections 105(a) and 1107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 4001, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2002-1 and 4001-1 of the Bankruptcy Local Rules

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**") the Debtors request entry of an order authorizing the release of the $25.7 million from the Factored Receivables Account that was previously released and then returned to serve as adequate protection pending a determination of the validity, priority, and perfection of Evolution's asserted security interest, back into the Debtors' operating accounts, and granting related relief.

2.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Background

3.      On September 24, 2025, Global Assets LLC and 12 of the Debtors in the above-captioned chapter 11 cases each commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  Commencing on September 28, 2025, FBG and the remaining Debtors each commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee has been appointed in these chapter 11 cases.

4.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

5.      On October 9, 2025, the Office of the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (Docket No. 313).

6.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22), filed on September 29, 2025 and incorporated herein by reference.

7.      On June 12, 2026, the Court conditionally approved the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2982) (the "**Disclosure Statement**") of First Brands Group, LLC and certain affiliated Debtors (the "**FBG Debtors**") and entered an order (Docket No. 2990) (the "**Disclosure Statement Order**"), which, among other things, authorized the FBG Debtors to solicit votes on the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2981) (the "**Plan**").

## Jurisdiction

8.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Factored Receivables Account[2]

9.      In accordance with the final Cash Management Order,[3] the Debtors have been segregating all prepetition receipts in the Factored Receivables Account and such funds can only be released pursuant to an order of this Court.

10.     On December 31, 2025, the Bankruptcy Court entered the *Order (I) Authorizing Release of Certain Funds to the Debtors' Estates, (II) Adjourning Hearing on Remaining Portions of Factoring Procedures Motion and Supplement; and (III) Granting Related Relief* (the "**Initial Order**") (Docket No. 1133), which authorized the Debtors to release up to $60

---

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Cash Management Order, Initial Order, or Extension Stipulation (each as defined herein), as applicable.

[3]     "**Cash Management Order**" shall mean the *Final Order (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System and Bank Accounts, (B) Implement Ordinary Course Changes to Cash Management System, and (C) Honor Certain Related Prepetition Obligations, (II) Granting Administrative Expense Priority for Postpetition Intercompany Claims, (III) Extending Time to Comply with Requirements of 11 U.S.C. § 345(b), and (IV) Granting Related Relief* (Docket No. 604).

million (the "**Initial Released Funds**") from the Factored Receivables Account into the Debtors' operating accounts.

11.     On January 9, 2026, Evolution Credit Opportunity Master Fund II-B, LP, Evolution Credit Partners Trade Finance Master L.P., and Evolution Credit Opportunity Master Fund III-B, LP (collectively "**Evolution**") initiated an adversary proceeding (the "**Evolution Adversary Proceeding**") by filing its *Complaint* (Adv. Docket No. 1) (the "**Complaint**") against certain Debtors ("**Evolution Sellers**") and the Debtors' secured lenders, Defendants Bank of America, N.A., Wilmington Savings Fund Society, FSB, and GLAS USA LLC.

12.     On February 9, 2026, Evolution filed *Evolution's Emergency Motion for Adequate Protection* (Docket No. 1892) (the "**Adequate Protection Motion**"), requesting the Court order the Debtors to set aside $60.5 million in unencumbered cash to provide Evolution with adequate protection for its asserted claim, along with interest and attorneys' fees and expenses, pending the outcome of the Evolution Adversary Proceeding.

13.     On March 12, 2026, the Court entered the *Order Granting Evolution's Emergency Motion for Adequate Protection* (Docket No. 2127) (the "**Adequate Protection Order**"), requiring the Debtors to deposit $25.7 million into the Factored Receivables Account by March 19, 2026 (the "**Returned Funds**").  On March 19, 2026, the Debtors deposited the Returned Funds in the Factored Receivables Account.

14.     Following the Court's entry of the Adequate Protection Order, the Debtors reached an agreement with all of the Third-Party Factors (all except Evolution) to allow for the Returned Funds to be released back to the Debtors following certain outcomes in the Evolution Adversary Proceeding.  Specifically, on April 6, 2026, the Court entered the *Amended Stipulation and Agreed Order Further Extending Deadline to Assert Claim to Any Invoice Relating to*

*Released Funds* (Docket No. 2322) (the "**Extension Stipulation**"), which provides that if the Court grants summary judgment in the Evolution Adversary Proceeding determining that Evolution's alleged security interest in the Evolution Sellers' receivables is (i) not perfected, (ii) junior to the Prepetition Secured Parties, or (iii) not secured under section 506(a) of the Bankruptcy Code, the Third-Party Factors (besides Evolution) will not oppose any request of the Debtors to release the Returned Funds from the Factored Receivables Account; provided that any Returned Funds that are released shall be subject to the same objection deadline as stipulated in paragraph 1 therein.[4]

15.     On May 29, 2026, the Court entered the *Summary Judgment Order* (Adv. Docket No. 67), granting in part and denying in part the Defendants' motions for summary judgment and denying in part Evolution's cross motion for summary judgment.  The Court held that Evolution does not have a perfected security interest in all receivables of the Evolution Sellers and that Evolution's unperfected security interest does not have priority over the DIP Lenders' interest in the receivables.

### Relief Requested Should Be Granted

16.     As announced on the record before the Court on June 12, 2026, the Debtors, the Ad Hoc Group, and ABL Secured Parties reached a settlement concerning the terms of the funding and budget in connection with prosecuting the Plan (the "**Funding Settlement**"). Pursuant to the Funding Settlement, no later than July 10, 2026, the Debtors are required to seek to obtain the release of the Returned Funds back into the Debtors' operating accounts, and such Returned Funds, if and when released, will be used to pay down ABL Claims (as defined in the

---

[4]     Paragraph 1 of the Extension Stipulation provides that the "Debtors agree to extend the deadline in Paragraph 8 of the Factoring Procedures Order for the Third-Party Factors until further order of the Bankruptcy Court issued on at least fourteen (14) days' notice, which order may include any bar date or confirmation order."

Plan).  Thus, this Motion is a requirement under the Funding Settlement and is an essential component of the FBG Debtors' Plan and ability to bring these chapter 11 cases to a resolution.

17.     The ABL Secured Parties assert, and the Debtors do not contest, that the ABL Secured Parties hold a first priority lien in the Returned Funds, both as a result of their prepetition liens and the Adequate Protection Liens granted to them under the DIP Order.  The Debtors hold the proceeds of other ABL collateral sufficient to fund their agreed-to $15 million share of the budget to fund the Debtors through their confirmation hearing.  The release of the Returned Funds no later than July 10, 2026 was a material inducement to obtain the ABL Secured Parties' agreement to fund the budget pursuant to the Funding Settlement.[5]

18.     Moreover, the Released Funds constitute funds related to Category 1 Invoices and Category 2 Invoices (each as defined in the Initial Order),[6] which means such funds either relate to invoices dated (i) after the Debtors ceased all third-party factoring or (ii) before the Debtors ceased all third-party factoring, for customers that are not identified on any of the lists of factored receivables provided by the Third-Party Factors.  Thus, the Returned Funds relate to invoices that no Third-Party Factor likely purchased.   Indeed, all Third-Party Factors (all except Evolution) consented to the release of the Initial Released Funds.  Consistent with that prior consent, as now set forth in the Extension Stipulation, all Third-Party Factors (all except Evolution) have again consented to the release of the Returned Funds and preserved their rights to assert a claim to such funds in accordance with the Initial Order, as modified by the Extension

---

[5]     Notwithstanding this Motion and the ABL Secured Parties' agreement to fund the budget pursuant to the Funding Settlement, the ABL Secured Parties agree to abide by any order entered in the Evolution Adversary Proceeding that determines the relevant priority between the ABL Secured Parties and the DIP Secured Parties, including by turning over any property received by the ABL Secured Parties through this Motion and any related order to the DIP Agent if the Court determines that the DIP Secured Parties have priority over these amounts.

[6]     The Debtors use the defined categories (Category 1 Invoices and Category 2 Invoices) for ease of reference to the prior motion practice and orders relating to the Factored Receivables Account; however, the Debtors acknowledge that the Third-Party Factors (and this Court) have not expressly adopted the Debtors' various defined categories.

Stipulation. Since the Court granted summary judgment in the Evolution Adversary Proceeding determining that Evolution's alleged security interest in the Evolution Sellers' receivables is not perfected, the Extension Stipulation applies to bar the Third-Party Factors (besides Evolution) from opposing the Debtors' request to release the Returned Funds from the Factored Receivables Account.

19. Additionally, due to the Summary Judgment Order, at best, Evolution has an unperfected security interest in the Evolution Sellers' receivables that sits behind at least approximately $1.3 billion in new money DIP Claims and $3.3 billion in roll-up DIP Claims. However, unperfected security interests do not require adequate protection. *See In re Triplex Marine Maint., Inc.*, 258 B.R. 659, 673 (Bankr. E.D. Tex. 2000) (holding that unperfected security interests subordinated to the trustee's interest "are not entitled to adequate protection"); *In re Rogers*, 239 B.R. 883, 887 (Bankr. E.D. Tex. 1999) (holding that to establish a prima facie case for adequate protection, a movant must demonstrate a "valid, perfected lien upon estate property"); *In re Chama, Inc.*, 265 B.R. 662, 669 (Bankr. D. Del. 2000) (holding that a creditor was not entitled to adequate protection where it had an unperfected security interest in property, subject to avoidance); *In re First City Mortg. Co.*, 69 B.R. 765, 769 (Bankr. N.D. Tex. 1986) (vacating prior adequate protection order upon finding creditor held only an unperfected security interest avoidable under § 544).

20. This conclusion is consistent with the *Memorandum Opinion and Order* (Docket No. 1845) (the "**District Court Order**") entered by the United States District Court for the Southern District of Texas (the "**District Court**") in Evolution's prior appeal, in which the District Court ruled that "absent clear evidence or legal precedent that refutes the claimant's right to an asserted property interest, the claimant is entitled to adequate protection ***until an adversary***

*proceeding determines the validity, extent, and priority of the asserted property interest*." *See* District Court Order at 8 (emphasis added).  Pursuant to the District Court Order, since an adversary proceeding has now determined that Evolution's asserted property interest is not perfected, Evolution is no longer entitled to the benefit of adequate protection for its asserted property interest.  Accordingly, the Returned Funds are no longer required to be segregated for adequate protection of Evolution's asserted claim and the Debtors should be permitted to release the Returned Funds back into the Debtors' operating accounts.

### Reservation of Rights

21.     Nothing contained herein is intended to be or shall be construed as (i) an implication or admission as to the validity of any claim against the Debtors, (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, or (vi) an approval, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

### Debtors' Compliance with
### Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rule 6004(h)

22.     To implement the foregoing successfully, the Debtors request that the Court waive the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).  As explained above, pursuant to the Funding Settlement, the relief requested herein will permit the Debtors to pay down ABL Claims.  Accordingly, cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver

of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## Notice

23.     Notice of this Motion will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Previous Request

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Dated:     June 22, 2026
           Houston, Texas

      */s/  Clifford W. Carlson*

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:    gabriel.morgan@weil.com
          clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:    matt.barr@weil.com
          sunny.singh@weil.com
          andriana.georgallas@weil.com
          kevin.bostel@weil.com
          jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

10

## Certificate of Service

I hereby certify that on June 22, 2026 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 */s/ Clifford W. Carlson*
Clifford W. Carlson