United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 22, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |
| | § | |

**STIPULATION AND AGREED ORDER FURTHER EXTENDING TIME FOR THE
U.S. SECURITIES AND EXCHANGE COMMISSION TO TAKE ACTION, TO THE
EXTENT NECESSARY, TO DETERMINE THE NONDISCHARGEABILITY OF A
DEBT OWING TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. § 1141(d)(6)**

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and (ii) the U.S. Securities and Exchange Commission (the "**SEC**" and, together with the Debtors, the "**Parties**" and each, a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on September 24, 2025, Global Assets LLC and 12 debtor affiliates filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary case under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**WHEREAS**, section 1141(d)(6) of the Bankruptcy Code provides in relevant part that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt — (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit . . . ."

**WHEREAS**, Bankruptcy Rule 4007(c) provides that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)" of the Bankruptcy Code.

**WHEREAS**, a meeting of creditors pursuant to section 341 of the Bankruptcy Code was scheduled and held on October 30, 2025, at 10:00 a.m., prevailing Central Time.  Accordingly, pursuant to Bankruptcy Rule 4007(c), the initial deadline for a domestic governmental unit to file a complaint under section 523(c) of the Bankruptcy Code was December 29, 2025 (the "**Nondischargeability Deadline**").

**WHEREAS**, the Parties entered into that certain *Stipulation and Agreed Order Extending Time for the U.S. Securities and Exchange Commission to Take Action, to the Extent Necessary, to Determine the Nondischargeability of a Debt Owing to a Governmental Unit Pursuant to 11 U.S.C. § 1141(d)(6)* (Docket No. 1121), extending the Nondischargeability Deadline to March 29, 2026.

**WHEREAS**, the Parties entered into that certain *Stipulation and Agreed Order Further Extending Time for the U.S. Securities and Exchange Commission to Take Action, to the Extent Necessary, to Determine the Nondischargeability of a Debt Owing to a Governmental Unit Pursuant to 11 U.S.C. § 1141(d)(6)* (Docket No. 2189), further extending the Nondischargeability

Deadline to the earlier of (i) the first date set for the hearing on confirmation of any chapter 11 plan proposed by a Debtor in these chapter 11 cases and (ii) June 26, 2026.

**WHEREAS**, the SEC continues to investigate potential violations by certain of the Debtors.

**WHEREAS**, to the extent that the filing of a nondischargeability complaint under section 523(c) of the Bankruptcy Code may be necessary, the SEC seeks an extension of the Nondischargeability Deadline through and including September 25, 2026.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED** as follows:

1. The foregoing recitals are incorporated by reference into this Stipulation as though set forth fully herein.

2. The Parties agree that the Nondischargeability Deadline for the SEC to file a complaint to determine the dischargeability of debt under section 523(c) of the Bankruptcy Code, if necessary, is further extended through and including September 25, 2026, without prejudice to the SEC's right to seek further extensions of the Nondischargeability Deadline, and without prejudice to any of the Debtors' rights, objections or defenses related to the SEC or any claims or dischargeability actions asserted by the SEC.

3. Nothing contained in this Stipulation, or any actions taken by the Parties pursuant to the relief granted by an order approving the Stipulation shall be construed as: (i) a determination that section 523(c) of the Bankruptcy Code or Bankruptcy Rule 4007(c) applies, or that any deadline exists to seek a determination of nondischargeability under section 1141(d)(6) of the Bankruptcy Code; (ii) an admission as to the validity of any claim against the Debtors; or (iii) a

3

waiver or limitation of the Parties' rights under the Stipulation and Agreed Order, the Bankruptcy Code, and other applicable law.

4.      The deadline for the SEC to file a proof of claim in the chapter 11 cases is extended through and including the later of (i) the Nondischargeability Deadline (as extended pursuant to this Stipulation and Agreed Order) and (ii) any deadline established in the chapter 11 cases for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim.

5.      The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party.

6.      This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

7.      The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Signed:  June 22, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

4

**STIPULATED AND AGREED TO BY:**

Dated: June 18, 2026

 /s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
         Clifford.Carlson@weil.com


-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  matt.barr@weil.com
         sunny.singh@weil.com
         andriana.georgallas@weil.com
         kevin.bostel@weil.com
         jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

Dated: June 18, 2026

 /s/ Alan Maza
U.S. SECURITIES AND EXCHANGE
COMMISSION
Alan Maza
100 Pearl Street, Suite 20-100
York, NY 10004-2616
Telephone:  (212) 336-0095
Email:  MazaA@sec.gov

*Counsel for the U.S. Securities and*
*Exchange Commission*