**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |
| | § | |

**STIPULATION AND AGREED ORDER**
**BETWEEN DEBTORS AND EMPORIA PARTNERS, LLC FURTHER EXTENDING**
**TIME TO ASSUME OR REJECT LEASE OF NONRESIDENTIAL REAL PROPERTY**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and Emporia Partners, LLC (the "**Landlord**" and, together with the Debtors, the "**Parties**") hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**") as follows:

**RECITALS**

A.      On September 24, 2025, Global Assets LLC and twelve (12) debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

B.      The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

No trustee has been appointed in these chapter 11 cases. On October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket No. 113).

C.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

D.     The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.     On January 3, 2001, Hopkins Manufacturing Corporation ("**Debtor Tenant**"), as successor by merger to Hopkins Enterprises, Inc., and Landlord entered into that certain *Lease* (as may have been amended, modified, or supplemented from time to time, the "**Lease**") regarding certain nonresidential real property located at 428 Peyton Street, Emporia, Kansas 66801.

F.     On April 14, 2026, the Bankruptcy Court entered the *Stipulation and Agreed Order Between Debtors and Emporia Partners, LLC Extending Time to Assume or Reject Lease of Nonresidential Real Property* (Docket No. 2425), extending the period within which the Debtors may assume or reject the Lease (the "**Assumption/Rejection Period**") through and including June 30, 2026.

G.     Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Parties hereby agree to extend the Assumption/Rejection Period for the Lease through and including July 31, 2026 (or such later date as may be agreed in writing (email being sufficient) between the Debtors and Landlord) (the "**Extension Date**").

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, it is hereby **ORDERED** that:

1. Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Assumption/Rejection Period for the Lease is extended through and including the Extension Date.

2. Debtor Tenant shall pay to Landlord, when due, all amounts due under the Lease for the continued occupancy of the leased property from and after the date of this Stipulation and Agreed Order through the date that the Lease is either rejected or assumed.

3. Except as otherwise provided herein, nothing in this Stipulation and Agreed Order or any action taken pursuant hereto is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of, any claim; (iii) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

4. The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

5. The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry by the Bankruptcy Court.

6. This Stipulation and Agreed Order is intended by the Parties to be binding upon their successors, agents, or assigns, including bankruptcy trustees and estate representatives.

7.      The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

8.      The Parties agree that each of them has had a full opportunity to participate in the drafting of, and obtain the advice of counsel with respect to, this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

9.      This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

10.     This Stipulation and Agreed Order shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives or further order of the Bankruptcy Court.

11.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Signed:  June 24, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

4

**STIPULATED AND AGREED TO BY**:

Dated: June 23, 2026


 /s/  Clifford W. Carlson                      /s/  Matthew Cory Williams             
**WEIL, GOTSHAL & MANGES LLP**        **FULTZ MADDOX DICKENS PLC**
Gabriel A. Morgan (24125891)          Matthew Cory Williams
Clifford W. Carlson (24090024)        101 South Fifth Street, 27th Floor
700 Louisiana Street, Suite 3700      Louisville, Kentucky 40202
Houston, Texas 77002                  Telephone: (502) 588-2028
Telephone:  (713) 546-5000            Facsimile: (502) 588-2020
Facsimile:  (713) 224-9511            Email: Mwilliams@fmdlegal.com
Email:   Gabriel.Morgan@weil.com
         Clifford.Carlson@weil.com     *Attorneys for Landlord*


-and-


**WEIL, GOTSHAL & MANGES LLP**
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Matt.Barr@weil.com
         Sunny.Singh@weil.com
         Andriana.Georgallas@weil.com
         Kevin.Bostel@weil.com
         Jason.George@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*