United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 25, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  | § |  |
|---|---|---|
| **In re:** | § | **Chapter 11** |
|  | § |  |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
|  | § |  |
|  | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Docket No. 3017** |

**ORDER (I) AUTHORIZING AND DIRECTING THE UNITED STATES TRUSTEE
TO APPOINT A COMMITTEE OF RETIRED EMPLOYEES
AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated June 16, 2026 (the "**Motion**"),[2] of First Brands Group, LLC

and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 1114 and 105(a) of

the Bankruptcy Code, authorizing and directing the U.S. Trustee to appoint a committee

(the "**Non-Union Retiree Committee**") of retired employees that receive benefits under the

Retiree Benefit Arrangements that at the time of retirement were not covered by a collective

bargaining agreement (collectively, the "**Non-Union Retirees**"); and this Court having

jurisdiction and authority to consider the Motion and the relief requested therein pursuant to

28 U.S.C. §§ 157(a)–(b) and 1334(b); and consideration of the Motion and the requested relief

being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion

having been provided; and such notice having been adequate and appropriate under the

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims
and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter
11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon the Haughey Declaration and the record of any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth in this Order.

2. The U.S. Trustee is authorized and directed to appoint the Non-Union Retiree Committee as contemplated under section 1114(d) of the Bankruptcy Code.  The U.S. Trustee shall appoint such Non-Union Retiree Committee as soon as practicable following entry of this Order

3. The U.S. Trustee, in consultation with the Debtors, shall determine procedures for contacting and identifying candidates to serve on the Non-Union Retiree Committee.  Upon identifying the Non-Union Retirees who will serve on the Non-Union Retiree Committee, if any, the U.S. Trustee shall file the Appointment Notice on the Court's docket.

4. Upon its appointment, the Non-Union Retiree Committee shall be the authorized representative for the Non-Union Retirees for the limited purposes set forth in section 1114 of the Bankruptcy Code.  The Non-Union Retiree Committee shall have only those rights, powers, and duties conferred upon it pursuant to section 1114(b)(2) of the Bankruptcy Code.

5. The Non-Union Retiree Committee may retain professionals by filing a retention application before the Court pursuant to sections 328(a) and 1103(a) of the Bankruptcy

Code.  Any amounts payable to such professionals shall be subject to Court approval.  For the avoidance of doubt, the Non-Union Retiree Committee's professionals may seek interim compensation and reimbursement of reasonable and documented out-of-pocket expenses in accordance with the procedures set forth in the Interim Compensation Order[3].  All fees and expenses incurred by the professionals retained by the Non-Union Retiree Committee shall be held by the Debtors in a segregated account for the benefit of such professionals, and such professionals shall provide the Debtors with Weekly Statements (as defined in the DIP Order[4]) following their retention; *provided* that reasonable and documented fees and out-of-pocket expenses of legal counsel to the Non-Union Retiree Committee shall not exceed $100,000 in the aggregate, unless otherwise agreed to by the Debtors or ordered by the Court.

6.    On the Confirmation Date (as defined in the Plan),[5] the Non-Union Retiree Committee shall dissolve, and the members thereof shall be released and discharged from all rights and duties arising from, or related to, these chapter 11 cases; *provided* that the Non-Union Retiree Committee shall continue to exist for the sole purpose of prosecuting any final fee applications of the professionals of the Non-Union Retiree Committee.

7.    Nothing in the Motion or this Order is intended to be or shall be construed as (i) an admission as to the validity, priority or character of any claim against the Debtors (including any claim for any retiree benefits), (ii) an agreement or obligation to pay any claims,

---

[3]    The "**Interim Compensation Order**" means the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 699).

[4]    The "**DIP Order**" means the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608).

[5]    The "**Plan**" means the *Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3019), as amended and supplemented from time-to-time.

(iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (vi) a waiver of the obligation of any party in interest to file a proof of claim, or (vii) an approval, assumption, rejection, termination, or modification of any unexpired lease or executory contract (including any plan or agreement providing for retiree benefits) under section 365 of the Bankruptcy Code or otherwise.

8.      The Debtors and the U.S. Trustee are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9.      This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  June 25, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

4