**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  | § |  |
|---|---|---|
| **In re:** | § | **Chapter 11** |
|  | § |  |
| **FIRST BRANDS GROUP, LLC,** *et al.,* | § | **Case No. 25-90399 (CML)** |
|  | § |  |
| **Debtors.**[1] | § | **(Jointly Administered)** |
|  | § |  |

**STIPULATION AUTHORIZING DEEMED FILING OF CLAIMS BY KATSUMI
AND ALLOWING CLAIMS OF KATSUMI SOLELY FOR VOTING PURPOSES**

This Stipulation (this "Stipulation") is entered into by and among First Brands Group Holdings, LLC, its direct and indirect Debtor subsidiaries, and Viceroy Private Capital, LLC (as more specifically identified on **Exhibits A** and **B** hereto, collectively, the "FBG Debtors"), and Katsumi Servicing, LLC ("Katsumi", and together with the FBG Debtors, the "Parties").[2]  The Parties hereby stipulate as follows:

**RECITALS**

A.     In September 2025, First Brands Group, LLC and its debtor affiliates (collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

B.     As of this filing, no deadline or bar date for the filing of proofs of claim against the FBG Debtors has been established in the Chapter 11 Cases.

C.     On May 18, 2026, Katsumi filed a proof of claim against Premier Marketing Group,

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]     Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Further Revised Joint Plan (as such term is defined below).

LLC ("Premier") (Claim No. 2285) (as may be amended, supplemented, or otherwise modified from time to time, subject to any applicable order of the Bankruptcy Court approving a bar date, the "Premier POC"), one of the Debtors in the Chapter 11 Cases.

D.     On June 5, 2026, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2907) (the "Joint Plan") and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2912) (the "Disclosure Statement").

E.     On June 6, 2026, the FBG Debtors filed an emergency motion seeking conditional approval of the Disclosure Statement (Docket No. 2914) (the "Disclosure Statement Motion"), which requested, among other things, that a hearing to consider conditional approval of the Disclosure Statement take place on June 12, 2026 (the "Disclosure Statement Hearing").

F.     On June 12, 2026, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2981) (the "Revised Joint Plan") and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2982) (the "Revised Disclosure Statement").

G.     On June 12, 2026, the Bankruptcy Court entered an order conditionally approving the Revised Disclosure Statement setting a voting record date of June 15, 2026 (the "Voting Record Date").  At the conclusion of the hearing, Katsumi requested that the FBG Debtors reach agreement on a stipulation with respect to, among other things, the filing of the Premier POC as against each of the other FBG Debtors and the Voting Record Date, and the Parties have been in discussion since.

H.     The FBG Debtors agreed to provide Katsumi an extension of the Voting Record Date to June 26, 2026, to facilitate the negotiation of this Stipulation.

I.      On June 16, 2026, and June 17, 2026, respectively, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3019) (as may be amended, supplemented, or otherwise modified from time to time, the "Further Revised Joint Plan") and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3020) (as may be amended, supplemented, or otherwise modified from time to time, the "Further Revised Disclosure Statement").

J.      The Parties deem it preferable, expeditious, and in the interest of administrative efficiency to allow Katsumi to file a consolidated proof of claim against the FBG Debtors and, for purposes of voting on the Further Revised Joint Plan, to submit an aggregate ballot applicable to each FBG Debtor, each in accordance with the treatment as set forth herein.

**IT IS HEREBY STIPULATED AND ORDERED THAT**

1.      The Parties hereby agree that (i) the Premier POC shall be deemed, as of June 15, 2026, to have been timely filed by Katsumi against Premier and each of the other FBG Debtors as a non-priority unsecured claim in the amount of $1,506,968,721, and (ii) solely for purposes of voting to accept or reject the Further Revised Joint Plan, Katsumi shall have (a) an allowed General Unsecured Claim in the amount of $1,506,968,721 as against each of the FBG Debtors specified on **Exhibit A** hereto and (b) an allowed General Unsecured Claim in the amount of $1.00 as against each of the FBG Debtors specified on **Exhibit B** hereto, in each case, without the need to file any further or additional proof(s) of claim in any of the Chapter 11 Cases of the FBG Debtors.  Katsumi shall not have any other allowed claims for voting purposes.

2.      The Parties further agree that, for purposes of voting to accept or reject the Further Revised Joint Plan, Katsumi shall be entitled to cast one aggregate ballot to vote the claims set forth in clause (ii) of Paragraph 1 of this Stipulation for its vote as to each and every FBG Debtor on Exhibits A and B attached hereto.

3.      Nothing in this Stipulation is intended to be or shall be construed as an admission, including with respect to the allowance, validity, classification, priority, or anything else, regarding any claim that Katsumi may assert against the FBG Debtors for purposes of distributions or any other purpose other than voting on the Further Revised Joint Plan.  This Stipulation is intended solely for administrative convenience and shall not affect the substantive rights of the FBG Debtors, Katsumi, or any other party in interest with respect to the number, allowance, amount, validity, extent, or priority of any claim asserted by Katsumi (including as amended, supplemented or revised hereinafter, all of which shall be subject to this Stipulation and treated as set forth herein) or any objection, defense, offset, or counterclaim with respect thereto, other than as provided for herein.  The rights of all parties to object to and contest on any grounds the proofs of claim that Katsumi is hereby deemed to have filed against each of the FBG Debtors pursuant to this Stipulation as well as any other proof of claim are fully preserved and reserved.

4.      Except for the agreements and stipulations expressly set forth herein, nothing in this Stipulation shall constitute or be deemed to constitute a waiver, limitation, or impairment of the Parties' respective rights or defenses concerning the proofs of claim that Katsumi is hereby deemed to have filed against each of the FBG Debtors, all of which are expressly preserved and reserved.

5.      Katsumi reserves the right to, in accordance with applicable law and deadlines, (i) amend and/or supplement the proofs of claim deemed filed herein from time to time as it deems necessary or appropriate, (ii) file additional proofs of claim for additional claims which may be based upon the same or additional documents, and (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 with respect to claims covered by this Stipulation or any other claims.

4

6.      Except to the extent expressly set forth herein, nothing contained in this Stipulation shall be construed as limiting any of the Parties' rights, remedies, and interests under the Bankruptcy Code or applicable law.  Katsumi reserves any rights it may have with respect to (i) the jurisdiction of this Bankruptcy Court with respect to the subject matter of the proofs of claim deemed filed herein, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in these cases against or otherwise involving Katsumi; (ii) the right of trial by jury in any proceeding so triable in the Chapter 11 Cases or any proceedings related thereto; (iii) any procedural or substantive defenses with respect to, or rights with respect to, any claim that may be asserted against Katsumi by the FBG Debtors, any other party-in-interest, or any other person or entity whatsoever; (iv) any past, present, or future defaults or events of default; (v) the right to seek to have the reference withdrawn with respect to the subject matter of any claims asserted by Katsumi, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in the Chapter 11 Cases against or involving Katsumi; (vi) any right of subordination in favor of Katsumi of indebtedness or liens held by creditors of the applicable FBG Debtor; (vii) any rights of setoff or recoupment under 11 U.S.C. § 553, applicable law or any applicable agreement; (viii) any rights Katsumi may have pursuant to sections 362(b), 506(b), 510, 544, 545, 547, 548, 549, 550, 555, or 742 of the Bankruptcy Code; (ix) any additional claims or other rights Katsumi may have against the FBG Debtors or to any funds in the Factored Receivables Account; (x) a waiver or release of Katsumi's rights against any other entity or person liable for all or any part of the claims asserted herein, whether any affiliate of the FBG Debtors, an assignee, a guarantor, or otherwise; (xi) an election of remedies that waives or otherwise affects any other remedy that Katsumi is entitled to; (xii) a waiver of Katsumi's right to assert that no claims hereunder have been or may be discharged and to file other claims that are not covered by

5

this Stipulation; (xiii) a waiver of any obligation owed to Katsumi or any right to any security that may be determined to be held by it or for its benefit; or (xiv) any additional rights, claims, or defenses that may be available to Katsumi under the Bankruptcy Code, applicable law or in equity; *provided* that nothing in the Stipulation shall in any way impair, prevent, or affect the FBG Debtors' or any other party's rights to contest any of the foregoing rights or alleged rights of Katsumi.

7.      Except to the extent expressly set forth herein, the FBG Debtors reserve all of their rights, remedies, claims, defenses, and interests under the Bankruptcy Code, applicable non-bankruptcy law, and any applicable agreement, including but not limited to (i) the right to object to, contest, reduce, reclassify, subordinate, disallow, or expunge, in whole or in part, any claim asserted by Katsumi against any of the FBG Debtors, whether pursuant to this Stipulation, any proof of claim, or otherwise, on any grounds whatsoever, including without limitation, the validity, priority, extent, amount, nature, characterization, or allowability of any such claim; (ii) any and all claims, causes of action, or defenses of any kind or nature that any of the FBG Debtors may hold or assert against Katsumi, whether arising under the Bankruptcy Code or any applicable provisions of state or federal law; (iii) any procedural or substantive defenses, counterclaims, rights of setoff, or rights of recoupment under 11 U.S.C. § 553, applicable law, or any applicable agreement with respect to any claim asserted by Katsumi; (iv) any right to assert that any claim of Katsumi has been or may be discharged, released, satisfied, waived, or otherwise extinguished; (v) any right to seek to recharacterize, subordinate, or otherwise challenge the priority or treatment of any claim asserted by Katsumi; (vi) any right to amend, modify, or supplement the Further Revised Joint Plan or any related document in a manner that may affect the treatment, classification, or distribution on account of any claim asserted by Katsumi; or (vii) any additional rights, claims, or

defenses that may be available to the FBG Debtors under applicable law or in equity; *provided* that nothing in the Stipulation shall in any way impair, prevent, or affect Katsumi's or any other party's rights to contest any of the foregoing rights or alleged rights of the FBG Debtors.

8.      This Stipulation is without prejudice to any party's right to seek further relief from the Bankruptcy Court.

9.      This Stipulation shall not be modified, altered, amended, or vacated without the written consent of each of the Parties or by further order of the Bankruptcy Court.

10.     The Bankruptcy Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

**IT IS SO ORDERED**.

Signed:                    , 2026
Houston, Texas

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY**:

Dated: June 25, 2026

/s/  Clifford W. Carlson

**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
　　　　Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  matt.barr@weil.com
　　　　sunny.singh@weil.com
　　　　andriana.georgallas@weil.com
　　　　kevin.bostel@weil.com
　　　　jason.george@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*

By:  /s/  Charles S. Kelly

**MAYER BROWN LLP**

Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, Texas 77002
Telephone: (713) 238-3000
Email: ckelley@mayerbrown.com

Sean T. Scott (admitted *pro hac vice*)
Kyle J. TumSuden (admitted *pro hac vice*)
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Email: stscott@mayerbrown.com
　　　　ktumsuden@mayerbrown.com

Richard A. Stieglitz (admitted *pro hac vice*)
Lauren C. Blanchard (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: rstieglitz@mayerbrown.com
　　　　lblanchard@mayerbrown.com

*Counsel to Katsumi Servicing, LLC*

**Exhibit A**

| No. | Debtor Name | Case Number |
|---|---|---|
| 1. | First Brands Group, LLC | 25-90399 (CML) |
| 2. | ASC Industries, Inc. | 25-90408 (CML) |
| 3. | Autolite Operations LLC | 25-90402 (CML) |
| 4. | Brake Parts Inc LLC | 25-90477 (CML) |
| 5. | Carter Fuel Systems, LLC | 25-90422 (CML) |
| 6. | Champion Laboratories, Inc. | 25-90445 (CML) |
| 7. | FRAM Group Operations LLC | 25-90403 (CML) |
| 8. | Strongarm, LLC | 25-90419 (CML) |
| 9. | Trico Products Corporation | 25-90472 (CML) |
| 10. | Qualis Automotive, L.L.C. | 25-90474 (CML) |
| 11. | CWD, LLC | 25-90465 (CML) |
| 12. | Horizon Global Corporation | 25-90414 (CML) |
| 13. | Horizon Global Company LLC | 25-90415 (CML) |
| 14. | Horizon Global Americas Inc. | 25-90416 (CML) |
| 15. | Horizon International Holdings LLC | 25-90417 (CML) |
| 16. | Horizon Euro Finance LLC | 25-90418 (CML) |
| 17. | Cardone Industries, Inc. | 25-90493 (CML) |
| 18. | Carrand Companies, Inc. | 25-90413 (CML) |
| 19. | Carter Carburetor Holdings, LLC | 25-90424 (CML) |
| 20. | Carter Carburetor, LLC | 25-90432 (CML) |
| 21. | Global Reman Ventures, LLC | 25-90444 (CML) |
| 22. | Hopkins Acquisition, Inc. | 25-90411 (CML) |
| 23. | Hopkins Manufacturing Corporation | 25-90412 (CML) |
| 24. | Reman Management International LLC | 25-90429 (CML) |
| 25. | SDC TX, LLC | 25-90494 (CML) |
| 26. | Smart Choice, LLC | 25-90435 (CML) |
| 27. | Tridonex USA LLC | 25-90439 (CML) |
| 28. | Walbro LLC | 25-90430 (CML) |
| 29. | Walbro Midco LLC | 25-90425 (CML) |
| 30. | WEM US Co. | 25-90427 (CML) |

**Exhibit B**

| No. | Debtor Name | Case Number |
|---|---|---|
| 1. | Trico Technologies Corporation | 25-90396 (CML) |
| 2. | First Brands Group Holdings, LLC | 25-90397 (CML) |
| 3. | First Brands Group Intermediate, LLC | 25-90398 (CML) |
| 4. | Viceroy Private Capital, LLC | 25-90400 (CML) |
| 5. | FRAMAuto Holdings, LLC | 25-90401 (CML) |
| 6. | FRAM Group IP LLC | 25-90404 (CML) |
| 7. | Jasper Acquisition Corp. | 25-90405 (CML) |
| 8. | Jasper Rubber Products, Inc. | 25-90406 (CML) |
| 9. | Specialty Pumps Group, Inc. | 25-90407 (CML) |
| 10. | Heatherton Holdings, LLC | 25-90409 (CML) |
| 11. | PHNX Acquisition Corp. | 25-90410 (CML) |
| 12. | Premier Marketing Group, LLC | 25-90420 (CML) |
| 13. | AVM Export, Inc. | 25-90421 (CML) |
| 14. | Carter Fuel Export, Inc. | 25-90423 (CML) |
| 15. | UCI Acquisition Holdings (No. 4) LLC | 25-90426 (CML) |
| 16. | Dalton Corporation, Stryker Machining Facility Co. | 25-90428 (CML) |
| 17. | UCI-Airtex Holdings, Inc. | 25-90431 (CML) |
| 18. | Dalton Corporation, Ashland Manufacturing Facility | 25-90433 (CML) |
| 19. | Airtex Industries, LLC | 25-90434 (CML) |
| 20. | KTRI Holdings, Inc. | 25-90436 (CML) |
| 21. | Viper Acquisition, Inc. | 25-90437 (CML) |
| 22. | Viper Acquisition I, Inc. | 25-90438 (CML) |
| 23. | Airtex Products, LP | 25-90440 (CML) |
| 24. | Qualitor Acquisition Inc. | 25-90441 (CML) |
| 25. | UCI Pennsylvania, Inc. | 25-90442 (CML) |
| 26. | Qualitor, Inc. | 25-90443 (CML) |
| 27. | TAE Brakes, LLC | 25-90446 (CML) |
| 28. | Transportation Aftermarket Enterprise, LLC | 25-90447 (CML) |
| 29. | APC Parent, LLC | 25-90448 (CML) |
| 30. | Universal Auto Filter LLC | 25-90449 (CML) |
| 31. | TAE China Holdings, Inc. | 25-90450 (CML) |
| 32. | International Brake Industries, Inc. | 25-90451 (CML) |
| 33. | APC Intermediate Holdings, LLC | 25-90452 (CML) |
| 34. | Qualitor Subsidiary H, Inc. | 25-90453 (CML) |
| 35. | CWD Intermediate Holdings I, LLC | 25-90454 (CML) |
| 36. | Qualitor Subsidiary S, Inc. | 25-90455 (CML) |
| 37. | Fuel Filter Technologies, Inc. | 25-90456 (CML) |
| 38. | IBI International Holding Company, Inc. | 25-90457 (CML) |
| 39. | CWD Intermediate Holdings II, LLC | 25-90458 (CML) |
| 40. | Longman Enterprises, Inc. | 25-90459 (CML) |
| 41. | Pylon Manufacturing Corp. | 25-90461 (CML) |
| 42. | CWD Holding, LLC | 25-90462 (CML) |
| 43. | Qualitor Automotive, LLC | 25-90463 (CML) |
| 44. | Pylon South Bend, Inc. | 25-90467 (CML) |
| 45. | Qualis Enterprises, LLC | 25-90469 (CML) |
| 46. | KTRI Offshore Holdings, LLC | 25-90470 (CML) |
| 47. | BPI Acquisition Company, LLC | 25-90471 (CML) |
| 48. | Trico Holding Corporation | 25-90476 (CML) |
| 49. | Toledo Molding & Die, LLC | 25-90478 (CML) |
| 50. | UCI International Holdings Parent Inc. | 25-90479 (CML) |

2

| | | |
|---|---|---|
| 51. | BPI EC, LLC | 25-90480 (CML) |
| 52. | Dalton Corporation, Kendallville Manufacturing Facility | 25-90481 (CML) |
| 53. | Dalton Corporation, Warsaw Manufacturing Facility | 25-90482 (CML) |
| 54. | UCI International Holdings, Inc. | 25-90483 (CML) |
| 55. | Brake Parts Inc India LLC | 25-90484 (CML) |
| 56. | UCI International, LLC | 25-90485 (CML) |
| 57. | BPI Holdings International, LLC | 25-90486 (CML) |
| 58. | United Components, LLC | 25-90487 (CML) |
| 59. | Brake Parts Inc China LLC | 25-90488 (CML) |
| 60. | Eagle Machining, LLC | 25-90489 (CML) |
| 61. | Eagle Casting, LLC | 25-90491 (CML) |
| 62. | Dalton Corporation | 25-90492 (CML) |

2