United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 26, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re:  Docket No. 2954** |

**ORDER APPROVING THE (I) ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND (II) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**");[2] and the Debtors having properly filed with this Court and served on the Master Notice Parties a notice (Docket No. 2954) (the "**Assumption and Assignment Notice**") of their intent to assume and assign the executory contracts (the "**Contracts**") identified on **Schedule 1**, attached hereto, in accordance with the terms of the Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Assumption and Assignment Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order or the Assumption and Assignment Notice, as applicable.

**IT IS HEREBY ORDERED THAT:**

1.     The Debtors may assume and assign the Contracts as set forth herein, effective as of the latest of (i) the Closing Date, (ii) entry of this Order, or (iii) such other date as the Debtors and the counterparty or counterparties to any such Contract agree (the latest of such dates, the "**Effective Date**").   The Debtors shall file a notice with this Court informing the counterparties to the Contracts of the occurrence of the Effective Date (the "**Effective Date Notice**").   The Debtors will cause the Effective Date Notice to be served by first-class mail on the counterparties to the Contracts on **Schedule 1**.

2.     The Debtors may remove any Contract from, or otherwise amend, **Schedule 1** at any time prior to the applicable Effective Date.   If the Debtors remove any Contract from **Schedule 1** at any time prior to the applicable Effective Date, the Debtors shall include with the Effective Date Notice a modified **Schedule 1**, showing a final list of Contracts assumed and assigned and a blackline of the changes.

3.     The cure amounts, if any, with respect to the Contracts set forth on **Schedule 1**, attached hereto (the "**Cure Amounts**") shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.   The Debtors are authorized to pay the Cure Amounts.

4.     The Debtors or Assignee, as applicable, have or has provided adequate assurance of future performance with respect to all Contracts assumed or assumed and assigned pursuant to this Order to the extent required by section 365 of the Bankruptcy Code, and no further showing of adequate assurance is necessary.

5.     With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract pursuant to the Assumption and

2

Assignment Procedures and this Order shall be free and clear of (i) all liens (and any liens shall attach to the proceeds, if any, in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including claims and encumbrances that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s)).  For the avoidance of doubt, all provisions of the applicable assigned Contract will be binding on the applicable Assignee.

6.      The Debtors are hereby authorized in accordance with sections 363 and 365(b) and (f) of the Bankruptcy Code to (i) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts, (ii) execute and deliver to any applicable Assignee such documents as may be reasonably necessary to sell, assign, and transfer any such Contract, and (iii) pay any amounts, including cure amounts, due to the relevant counterparties to any such Contracts.

7.      In accordance with section 365(k) of the Bankruptcy Code, upon the Debtors' assumption and assignment of a Contract pursuant to this Order, the Debtors shall be relieved from any liability for any breach of such Construct occurring thereafter.

8.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable Effective Date.

9. Any and all anti-assignment provisions in the assumed Contracts, whether such provisions expressly prohibit or have the effect of restricting or limiting assignment of such executory contract, are unenforceable and prohibited pursuant to section 365(f) of the Bankruptcy Code.

10. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) except as expressly set forth herein, an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

11. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

13. Notwithstanding Bankruptcy Rule 6006(d), this Order shall be immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

15.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Signed: June 26, 2026

_____

Christopher Lopez
United States Bankruptcy Judge

5

## Schedule 1

### List of Assumed and Assigned Contracts[1]

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | CURE AMOUNT | EFFECTIVE DATE | ASSIGNEE (IF APPLICABLE) |
|---|---|---|---|---|---|---|
| 1. | MASTERCONTROL SOLUTIONS, INC. | MASTERCONTROL INVOICE NO. 54734 | CHAMPION LABORATORIES, INC. | $111,808.00 | Effective Date[2] | PGI Northstar LLC |
| 2. | ANXEBUSINESS, LLC | HOSTED PLM MANAGED SERVICES AGREEMENT, DATED AS OF MARCH 28, 2018, BY AND BETWEEN ANXEBUSINESS, LLC AND TRICO PRODUCS CORPORATION | TRICO PRODUCTS CORPORATION | $46,982.00 | Effective Date | PGI Northstar LLC |
| 3. | DATASERV, L.L.C, | ELECTRONIC DOCUMENT STORAGE SERVICE AGREEMENT RENEWAL AMENDMENT, DATED AS OF MAY 23, 2023, BY AND BETWEEN DATASERV, L.L.C. AND CHAMPION LABORATORIES, INC. | CHAMPION LABORATORIES, INC. | $44,022.00 | Effective Date | PGI Northstar LLC |
| 4. | ENTERPRISE DATA MANAGEMENT, INC. | ORDER FORM (CONTRACT NO. Q-DA216), DATED AS OF OCTOBER 1, 2025, BY AND BETWEEN ENTERPRISE DATA MANAGEMENT, INC. DBA DATALLIANCE AND FRAM GROUP CHAMPION | CHAMPION LABORATORIES, INC. | $15,450.00 | Effective Date | PGI Northstar LLC |

---

[1]   The inclusion of a Contract on this list does not constitute an admission (i) that a particular Contract is an executory contract within the meaning of the Bankruptcy Code, (ii) as to the executory or non-executory nature of the Contract, (iii) as to the expired or unexpired nature of such Contract, or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

[2]   "**Effective Date**" means the latest of (i) the Closing Date, (ii) the entry of the Assumption Order, or (iii) such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | CURE AMOUNT | EFFECTIVE DATE | ASSIGNEE (IF APPLICABLE) |
|---|---|---|---|---|---|---|
| 5. | IT SOLUTIONS GROUP, INC. | MASTER SERVICES AGREEMENT, BY AND BETWEEN IT SOLUTIONS GROUP, INC. AND CHAMPION LABORATORIES INC. | CHAMPION LABORATORIES, INC. | $13,500.00 | Effective Date | PGI Northstar LLC |
| 6. | KELLER SCHROEDER | KELLER SCHROEDER INVOICE NO. 53111 | CHAMPION LABORATORIES, INC. | $10,175.00 | Effective Date | PGI Northstar LLC |
| 7. | CLOUDANALYTICS ACCORDION PARTNERS LLC | CLOUDANALYTICS INVOICE NO. INV_185817_0024 | CHAMPION LABORATORIES, INC. | $6,833.00 | Effective Date | PGI Northstar LLC |
| 8. | ANXEBUSINESS, LLC | DIRECT-CONNECT AND WEBDX SUBSCRIPTION SERVICES AGREEMENT | CHAMPION LABORATORIES, INC. | $6,019.00 | Effective Date | PGI Northstar LLC |
| 9. | ENTERPRISE DATA MANAGEMENT, INC. DBA DATALLIANCE | DATALLIANCE INVOICE NO. DA16248 | CHAMPION LABORATORIES, INC. | $5,150.00 | Effective Date | PGI Northstar LLC |
| 10. | FORTRA, LLC | FORTRA INVOICE NO. V0000300635 | CHAMPION LABORATORIES, INC. | $2,458.00 | Effective Date | PGI Northstar LLC |
| 11. | INPUT TECHNOLOGIES INC. | INPUT TECHNOLOGIES INVOICE NO. 562504 | CHAMPION LABORATORIES, INC. | $2,430.00 | Effective Date | PGI Northstar LLC |
| 12. | MAPSYS, INC. | MAPSYS INVOICE NO. 91872 | CHAMPION LABORATORIES, INC. | $2,250.00 | Effective Date | PGI Northstar LLC |
| 13. | OPENTEXT INC. | OPENTEXT INVOICE NO. U2100088239 | CHAMPION LABORATORIES, INC. | $1,505.00 | Effective Date | PGI Northstar LLC |
| 14. | OPENTEXT INC. | OPENTEXT INVOICE NO. U2100083086 | CHAMPION LABORATORIES, INC. | $356.00 | Effective Date | PGI Northstar LLC |
| 15. | DATANATIONAL CORPORATION | DATANATIONAL INVOICE NO. 592116 | FRAM GROUP OPERATIONS LLC | $0.00 | Effective Date | PGI Northstar LLC |
| 16. | DASSAULT SYSTEMES | DASSAULT SYSTEM CUSTOMER LICENSE AND ONLINE SERVICES AGREEMENT | AUTOLITE OPERATIONS LLC | $0.00 | Effective Date | PGI Northstar LLC |
| 17. | FORTRA, LLC | INVOICE NO. V0000326989 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | CURE AMOUNT | EFFECTIVE DATE | ASSIGNEE (IF APPLICABLE) |
|---|---|---|---|---|---|---|
| 18. | FORTRA, LLC | FORTRA INVOICE NO. V0000282264 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 19. | DATA SYSTEMS INTERNATIONAL, INC. | MASTER SOFTWARE LICENSE AGREEMENT, DATED AS OF DECEMBER 22, 1999, BY AND BETWEEN DATA SYSTEMS INTERNATIONAL, INC. AND CHAMPION LABORATORIES, INC. | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 20. | DATA SYSTEMS INTERNATIONAL, INC. | DSI-CLOUD INVENTORY INVOICE NO. 12517 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 21. | DATASERV, L.L.C. | DATASERV INVOICE NO. 27412 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 22. | CAM LOGIC, INC. | CAM INVOICE NO. 11402 | TRICO PRODUCTS CORPORATION | $0.00 | Effective Date | PGI Northstar LLC |
| 23. | PRODATA COMPUTER SERVICE , INC. | SOFTWARE LICENSE AGREEMENT 2026, BY PRODATA COMPUTER SERVICES, INC. | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 24. | PRODATA COMPUTER SERVICES, INC. | PRODATA INVOICE NO. 518203 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 25. | INTEGRIFY, INC. D/B/A NUTRIENT | INTEGRIFY INVOICE NO. INVIN00756 | FIRST BRANDS GROUP, LLC | $0.00 | Effective Date | PGI Northstar LLC |
| 26. | INTEGRIFY, INC. D/B/A NUTRIENT | INTEGRIFY INVOICE NO. INVIN00755 | FIRST BRANDS GROUP, LLC | $0.00 | Effective Date | PGI Northstar LLC |
| 27. | HAWKEYE INFORMATION SYSTEMS, INC. | SOFTWARE LICENSE AGREEMENT WITH HAWKEYE INFORMATION SYSTEMS, INC. | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 28. | HAWKEYE INFORMATION SYSTEMS, INC. | HAWKEYE INVOICE NO. 88668 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 29. | DATANATIONAL CORPORATION | DATANATIONAL INVOICE NO. 94208 | FRAM GROUP OPERATIONS LLC | $0.00 | Effective Date | PGI Northstar LLC |

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | CURE AMOUNT | EFFECTIVE DATE | ASSIGNEE (IF APPLICABLE) |
|---|---|---|---|---|---|---|
| 30. | DATANATIONAL CORPORATION | DATANATIONAL INVOICE NO. 94230 | FRAM GROUP OPERATIONS LLC | $0.00 | Effective Date | PGI Northstar LLC |
| 31. | INTERACTIVE SYSTEMS, INC. | SOFTWARE LICENSE AND SERVICES AGREEMENT, DATED JULY 28, 2016 | FRAM GROUP OPERATIONS LLC | $0.00 | Effective Date | PGI Northstar LLC |
| 32. | INTERACTIVE SYSTEMS, INC. | INVOICE NO. 16019, DATED MARCH 22, 2021 | FRAM GROUP OPERATIONS LLC | $0.00 | Effective Date | PGI Northstar LLC |
| 33. | OPENTEXT INC. | OPENTEXT INVOICE NO. 9005124502 | TRICO PRODUCTS CORPORATION | $0.00 | Effective Date | PGI Northstar LLC |
| 34. | OPENTEXT INC. | OPENTEXT INVOICE NO. 9005497428 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 35. | MASTER CONTROL TECHNOLOGY | MASTERCONTROL SAAS SERVICE LEVEL TERMS, DATED DECEMBER 1, 2022 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 36. | Servit Inc | IBM ServiceElite Entitlement Verification, dated as of November 29, 2025 | UCI INTERNATIONAL HOLDINGS, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 37. | SERVIT, INC. | SERVIT INVOICE NO. 003186 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 38. | MASTERCONTROL SOLUTIONS, INC. | SAAS SERVICE LEVEL TERMS AGREEMENT DATED MAY 8, 2023 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 39. | EAC | EAC INVOICE NO. 147799 | FIRST BRANDS GROUP, LLC | $0.00 | Effective Date | PGI Northstar LLC |
| 40. | ROCKET SOFTWARE INC. | ROCKET SOFTWARE INVOICE NO. 2110205197 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 41. | SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC. | GLOBAL SOFTWARE LICENSE AND SERVICES AGREEMENT NO. 60066412, DATED AS OF JUNE 26, 2017, BY AND BETWEEN SIEMENS PRODUCT LIFECYCLE MANAGEMENT SOFTWARE INC. | TRICO PRODUCTS CORPORATION | $0.00 | Effective Date | PGI Northstar LLC |

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | CURE AMOUNT | EFFECTIVE DATE | ASSIGNEE (IF APPLICABLE) |
|---|---|---|---|---|---|---|
| | | AND TRICO PRODUCTS CORPORATION | | | | |
| 42. | FEDEX | FEDEX INVOICE NO. 2-100-41189 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 43. | T.L. ASHFORD & ASSOCIATES, INC. | LICENSE AGREEMENT, DATED AS OF MAY 15, 2012, BY AND BETWEEN T.L. ASHFORD & ASSOCIATES, INC. AND CHAMPION LABORATORIES, INC. | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 44. | T.L. ASHFORD & ASSOCIATES, INC. | INVOICE NO. 2026010455 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 45. | PHOCAS, INC. | PHOCAS AGREEMENT DATED: 02/04/2010 AND ALL RELATED DOCUMENTS | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |
| 46. | PHOCAS, INC. | PHOCAS INVOICE NO. INUSA024473 | CHAMPION LABORATORIES, INC. | $0.00 | Effective Date | PGI Northstar LLC |