**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | ) Case No. 25-90399 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**AEQUUM CAPITAL FINANCIAL II LLC'S OBJECTION TO**
**NOTICE OF FILING OF STIPULATION AND AGREED ORDER GRANTING**
**LEAVE, STANDING, AND AUTHORITY TO THE OFFICIAL COMMITTEE OF**
<u>**UNSECURED CREDITORS TO PROSECUTE CERTAIN CLAIMS**</u>

Aequum Capital Financial II LLC, in its capacity as administrative agent ("<u>Aequum</u>") for

the lenders (the "<u>Aequum Lenders,</u>" and together with Aequum, the "<u>Aequum Secured Parties</u>")

under a revolving credit facility (the "<u>Revolving Credit Facility</u>") to debtor Broad Street Financial,

LLC ("<u>Broad Street</u>" and together with Broad Street Financial Holdings, LLC ("<u>Parent</u>"), the

"<u>Broad Street SPVs</u>"), by and through its undersigned counsel, hereby objects (this "<u>Objection</u>")

to the *Notice of Filing of Stipulation and Agreed Order Granting Leave, Standing, and Authority*

*to the Official Committee of Unsecured Creditors to Prosecute Certain Claims* [Docket No. 3125]

(the "<u>Stipulation</u>") filed by the Official Committee of Unsecured Creditors (the "<u>Committee</u>").

1.      The Committee, continuing to pursue standing to assert baseless claims against

Aequum, has entered into a Stipulation with the Debtors in a transparent attempt to bypass

Aequum's opposition to the Committee's prior Standing Motion,[2] and this Court's substantive

---

[1]      A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]      The Standing Motion refers to the *Motion of the Official Committee of Unsecured Creditors for (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors Estates and (II) Exclusive Settlement Authority* [Docket No. 2685] (the "<u>Standing Motion</u>"), filed on May 15, 2026.

1

review of the Committee's Standing Motion on the merits. The Committee tellingly omits from the Stipulation any discussion of the law or application of the facts necessary to establish how the Debtors' mere belated consent to the Committee's request for standing somehow cures its Standing Motion of all defects highlighted in Aequum's Standing Motion Objection.[3] Indeed, such omission is a clear attempt to flaunt blackletter federal bankruptcy law and short circuit the proceedings the Committee itself instituted to obtain derivative standing barely a month ago.

2.      The test for derivative standing generally requires the Committee to obtain leave of the Court and establish that (1) its proposed claims are colorable, (2) the Debtors have unjustifiably refused to pursue the claims, and (3) granting the Committee standing serves the best interests of the estates. *E.g.*, *In re Enron Corp.*, 319 B.R. 128, 131–32 (Bankr. S.D. Tex. 2004) (citing *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 247 (5th Cir. 1988)).

3.      The fact that the Debtors consent to the Committee's request, does not automatically confer standing upon the Committee. Rather, courts hold that such consent merely satisfies the unjust refusal element. *See, e.g.*, *id.* at 132 ("The bankruptcy court found that Enron determined not to prosecute the claims but instead agreed to assign the prosecution to the committee. That constitutes the functional equivalent of the unjustifiable refusal test."); *see also Louisiana Department of Environmental Quality v. Tidewater Landfill LLC (In re Tidewater Landfill LLC)*, 674 B.R. 218, 225–26 (Bankr. E.D. La. 2025) (explaining that the test for derivative standing is "modified . . . when the trustee or debtor-in-possession consents," such that "consent is [a] necessary, but not sufficient condition for granting a creditor derivative standing"); *In re iPCS, Inc.*, 297 B.R. 283, 290–91 (Bankr. N.D. Ga. 2003) (explaining that "when the debtor-in-

---

[3]      The Standing Motion Objection refers to the *Objection to the Motion of the Official Committee of Unsecured Creditors for (I) Leave, Standing, and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors Estates and (II) Exclusive Settlement Authority* [Docket No. 2895] (the "Standing Motion Objection"), filed on June 5, 2026.

possession has consented to the suit, the court need not give strict consideration to the question of whether the debtor-in-possession has unjustifiably refused to initiate suit," but must still consider other applicable factors").

4.      As the foregoing cases demonstrate, even with the Debtors' consent, the Committee must still establish that (1) the proposed claims are colorable, (2) their prosecution is in the best interests of the estate, and (3) their prosecution is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings. *E.g.*, *Enron Corp.*, 319 B.R. at 132; *Tidewater Landfill*, 674 B.R. at 225–26; *iPCS*, 297 B.R. at 290–91. The Committee does not even attempt to establish in the Stipulation that those requirements are met, instead hoping the Court will overlook the law and allow the Committee to avoid confronting Aequum's already fully briefed opposition to the Committee's Standing Motion.

5.      Instead, the Committee relies on a passing reference to a two-page order entered in the *In re Exco Resources, Inc.* proceedings, stating—without elaborating—that the Committee "believe[s] that the Court has the authority to enter the Stipulation and Order notwithstanding Aequum's Objection for the reasons set forth in [the *Exco* order]." *See* Stipulation, at 2. The Committee's failure to explain its position is shocking. The *Exco* order on its face merely denied a motion to amend a prior order granting a motion to continue a hearing on a standing motion. *See In re Exco Resources, Inc.*, Case No. 18-30155 (Bankr. S.D. Tex. Apr. 8, 2019), ECF No. 1798. Judge Isgur appears to explain only that "[t]he Court will not force non-adverse parties," i.e., the *Exco* debtors and committee, "to litigate a settled dispute." *Exco Resources*, ECF No. 1799. Consequently, Judge Isgur **did not** enter an order approving a stipulation granting the *Exco* committee standing akin to the Stipulation the Committee filed here. Instead, the *Exco* committee effectively sought to withdraw its standing motion, as the parties reached a global resolution that

would be reflected in a plan of reorganization that would subsequently be filed in the cases. *Exco Resources*, ECF No. 1796. As a result, whatever the Committee may believe about the *Exco* order simply does not entitle them to make an end-run around the law regarding derivative standing in this circuit.

6.      Additionally, as explained in Aequum's Standing Motion Objection, Weil Gotshal, which signed the Stipulation for the Debtors, appears to lack authority to bind the Broad Street SPVs, i.e., Aequum's borrowers and the entities whose consent presumably would be necessary for granting derivative standing with respect to many, if not all, claims in the proposed complaint.[4]

7.      For the foregoing reasons, the Court should not entertain the Stipulation. The Committee's Standing Motion has been fully briefed and should be resolved on the merits—not by the Committee's baseless attempt to bypass decades of well-established law governing the Committee's request for derivative standing and the authority the Bankruptcy Code gives bankruptcy courts to grant such request.

## **CONCLUSION**

WHEREFORE, Aequum respectfully requests that the Court (a) enter an order denying the Stipulation and (b) grant Aequum such other and further relief as the Court deems just and proper.

---

[4]      On May 4, 2026, Weil Gotshal filed an amended answer for First Brands Group, LLC and Cardone Industries, Inc. in the adversary proceeding *Bank of America, et al. v. Aequum Capital Financial II LLC* (Adv. Pro. No. 26-03091) [Docket No. 25], withdrawing the answer they filed previously on behalf of the Broad Street SPVs. The amended answer stated it "does not reflect the answers . . . of Defendants Broad Street Financial, LLC and Broad Street Financial Holdings, LLC," and that the prior answer "shall be treated as null and void ab initio."

Respectfully submitted,

**BLANK ROME LLP**

Dated: July 3, 2026

/s/ Jennifer K. Malow
Jennifer K. Malow (Bar No. 3925677)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: Jennifer.Malow@blankrome.com

Kenneth J. Ottaviano
Stephanie K. Hor-Chen
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Telephone: (312)776-2500
Facsimile: (312) 776-2601
Email: Ken.Ottaviano@blankrome.com
         Stephanie.HorChen@blankrome.com

*Counsel for Aequum Capital Financial II LLC*

## CERTIFICATE OF SERVICE

I certify that on July 3, 2026, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Bankruptcy Court for the Southern District of Texas, using the CM/ECF system. The ECF system will send a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept service of this document by electronic means.

/s/ Jennifer K. Malow
Jennifer K. Malow

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

/s/ Jennifer K. Malow
Jennifer K. Malow

5