**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, *et al.*** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.** | § | **(Jointly Administered)** |

**NOTICE OF DOCUMENT PRODUCTION REQUESTS PURSUANT TO
BANKRUPTCY RULE 2004 TO THE CORPORATE REPRESENTATIVE
OF <u>CARDONE INDUSTRIES, INC.</u>**

TO:   Cardone Industries, Inc., 5501 Whitaker Ave., Philadelphia, PA 19124

PLEASE TAKE NOTICE that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, and in connection with the above-referenced bankruptcy proceeding, Husch Blackwell LLP, as counsel for Michael Bueno ("<u>Movant</u>"), requests that Cardone Industries, Inc. (the "Examinee") produce for inspection, copying, and use all documents in its possession, custody, or control referred to in **Exhibit A** attached hereto, which is incorporated herein by reference, by delivering a copy of the same to Tara LeDay at the address listed below or a mutually agreeable location, on or before the **21st day of July 2026 at 5:00 p.m.**

Dated:  July 7, 2026.                    Respectfully submitted,

                                         HUSCH BLACKWELL LLP

                                         By: */s/ Tara LeDay*         
                                         Tara LeDay (SBN 24106701)
                                         Tara.leday@huschblackwell.com
                                         Jennifer Pollan (SBN 24150828)
                                         Jennifer.pollan@huschblackwell.com
                                         HUSCH BLACKWELL LLP
                                         111 Congress Avenue, Suite 1400
                                         Austin, Texas 78701
                                         (512) 479-9758
                                         (512) 479-1101 *facsimile*

                                         ATTORNEYS FOR MICHAEL BUENO

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 7th day of July 2026, a true and correct copy of the *Notice of Document Production Requests Pursuant to Bankruptcy Rule 2004 to the Corporate Representative of Cardone Industries, Inc.* was served via this Court's ECF notification system to all parties registered to receive notification, which includes the Examinee.

*/s/ Tara LeDay*
Tara LeDay

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 6, 2026, counsel for Movant Michael Bueno conferred with counsel for Examinee by telephone regarding the document production requested herein. Counsel for Movant and counsel for Examinee further corresponded by email on July 7, 2026. Despite good-faith efforts, the parties were unable to reach agreement regarding a production schedule. Movant therefore files this Notice pursuant to Local Bankruptcy Rule 2004-1.

*/s/ Tara LeDay*
Tara LeDay

3

**EXHIBIT A**
**REQUESTS FOR PRODUCTION**

### Definitions and Instructions

1.      **Information Claimed as Privileged.** If you claim a privilege, or otherwise cloak from discovery, any Document responsive to one or more of the following Requests, you must simultaneously comply with Fed. R. Civ. P. 26(b)(5).

2.      **Destruction.** If any Document that is responsive to one or more of the following Requests has been destroyed, lost, or misplaced, you are to state when and under what circumstances such Document was destroyed, lost, or misplaced.

3.      **Electronically Stored Information.** Electronically stored information should be produced in the following format: single page tiff with a metadata load file, or in the alternative, multi-page .pdfs with each Document as a separate electronic file. The production should also be Bates labeled. Furthermore, all emails should be produced with their attachments.

4.      **Continuing in Nature.** All requests to produce Documents shall be deemed continuing in nature so as to require supplemental production if further Documents are obtained or discovered by You between the time You respond to these Requests and the final disposition of the Examinee's bankruptcy case. Such additional or supplemental information shall be furnished to Movant's attorneys within a reasonable time after it becomes known or is obtained.

### Definitions

1.      "Bankruptcy Case" shall mean the above styled and numbered bankruptcy case, *In re First Brands Group, LLC*, *et al.*, Case No. 25-90399 (CML), in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

2.      The "Examinee" shall refer to Cardone Industries, Inc., one of the above-captioned chapter 11 debtors and a defendant in the State Court Action.

3.      "Document" or "Documents" shall include, without limitation, information printed or reproduced or stored or recorded by any process, including electronically stored information as contemplated by FED. R. CIV. P. 26(f)(3)(c), or written, or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, as well as, without limitation, the following items, namely: agreements, notes, letters, correspondence, contracts, books, periodicals, printed publications, communications, intra office and interoffice communications, telexes, telegrams, memoranda, summaries or records of telephone conversations, summaries and research reports and notebooks, charts, lists, schedules, plans, drawings, photographs, diaries, studies, evaluations, worksheets, minutes or records of meetings including directors' meetings, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, maps, graphs, reports or opinions regarding oil and/or gas leases, real estate and/or mineral interest appraisals, opinions of counsel, agreements, contracts, nomination forms,

4

reports or summaries of negotiations, court papers, administrative agency papers, transcripts, brochures, pamphlets, advertisements, circulars, promotions material, trade letters, trade magazines and/or newsletters and/or other such trade news publications, press releases, videotapes, radio tapes, other audio tapes, pay stubs and/or receipts and/or other forms evidencing payment, electronic mail or web-based mail, web pages whether or not such web pages have been before or are now available online, story boards, recordings, drafts of Documents, and revisions of drafts of Documents.

4.      "Affiliates" shall refer to Examinee's affiliated companies, subsidiaries, predecessors, successors, and all other entities affiliated with Examinee that are among the debtors in the Bankruptcy Case.

5.      "Requests" shall mean the documents requested in this **Exhibit A**.

6.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

7.      The singular of any word includes the plural, and the plural includes the singular.

8.      "Relating to" shall mean concerning, citing, quoting, regarding, involving, representing, evidencing, constituting, discussing, mentioning, containing, analyzing, supporting, embodying, reflecting, identifying, incorporating, describing, commenting on, referring to, considering, recommending, dealing with or pertaining to, in whole or in part.

9.      "Insurance Policy" shall mean and refer to any and all liability insurance policies including, but not limited to, the policies maintained by the Examinee, its Affiliates, or any of the above-captioned chapter 11 debtors that may afford coverage for the claims asserted in the State Court Action, including all endorsements, declarations, amendments, and related Documents.

10.     "State Court Action" shall refer to the civil action styled *Michael Bueno v. Tara Porter, RMER Enterprises, Inc., d/b/a Automotive Specialists, and Cardone Industries Inc.*, Case No. 2025CV030137, pending in the District Court, County of Adams, Colorado.

11.     "Self-Insured Retention" shall mean any self-insured retention, deductible, retained limit, or similar coverage provision contained in or applicable to the Insurance Policy, including any obligation of Examinee to pay, fund, or satisfy any portion of a covered loss before or in lieu of the insurer's obligations being triggered.

12.     "Movant" shall refer to Michael Bueno, the plaintiff in the State Court Action and the movant in the above-captioned Bankruptcy Case.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1.** The complete Insurance Policy (including all endorsements, declarations, riders, amendments, applications, renewals, binders, and related

coverage documents) identified in, referenced by, or otherwise applicable to Michael Bueno's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1), ECF No. 3079, *In re First Brands Group, LLC, et al.*, Case No. 25-90399 (CML) (Bankr. S.D. Tex.), and any and all other primary, excess, umbrella, follow-form, claims-made, occurrence-based, or other liability insurance policies maintained by Examinee or its Affiliates that may provide coverage for, respond to, reimburse, indemnify, or otherwise satisfy, in whole or in part, the claims asserted in the State Court Action, together with all reservation-of-rights letters, coverage determinations, denial letters, notices of claim, notices of occurrence, coverage analyses, and communications with any insurer relating to such coverage.

**REQUEST FOR PRODUCTION NO. 2.** All Documents, communications, agreements, analyses, and other materials relating to any Self-Insured Retention, deductible, retained limit, or similar coverage provision contained in or applicable to the Insurance Policy, including without limitation all Documents concerning: (a) the amount of any Self-Insured Retention or deductible applicable to the claims at issue; (b) the satisfaction, exhaustion, funding, or administration of any Self-Insured Retention or deductible; (c) any obligation of Examinee to fund, pay, or otherwise satisfy any portion of a covered loss; (d) any communications between Examinee and any insurer, broker, claims administrator, or third-party administrator regarding the Self-Insured Retention or deductible; and (e) any communications, notices, correspondence, coverage analyses, coverage opinions, reservation-of-rights letters, denial letters, claims notes, claim files, or other Documents relating to whether the Insurance Policy affords coverage for the claims asserted in the State Court Action.