**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re:  Docket No. 1244** |

<u>**NOTICE OF ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS**</u>

<u>**BANKRUPTCY RULE 6006 NOTICE TO CONTRACT COUNTERPARTIES**</u>

**PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR RESPECTIVE NAMES AND EXECUTORY CONTRACTS LISTED ON <u>SCHEDULE 1</u> ANNEXED HERETO.**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Commencing on September 28, 2025, First Brands Group, LLC and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") each filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On November 21, 2025, the Debtors filed with the Bankruptcy Court a motion (Docket No. 758) (the "**Motion**") seeking, among other things, entry of an order approving procedures for the assumption or assumption and assignment of certain unexpired leases and executory contracts (the "**Contracts**").

On January 8, 2026, the Bankruptcy Court entered the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**").  An electronic copy of the Procedures Order can be accessed at https://restructuring.ra.kroll.com/firstbrands/.

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**Contract Assumption & Related Cure Costs**

In accordance with the Procedures Order, the Debtors hereby notify you that they have determined, in the exercise of their businesses judgment, that each contract with Microsoft Corporation ("**Microsoft**") set forth on **Schedule 1** attached hereto (collectively, the "**Microsoft Licensing Agreements**") is hereby assumed effective as of the date set forth on the schedule, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree (the "**Effective Date**").

In connection with assumption of the Microsoft Licensing Agreements, Microsoft and the Debtors have agreed to enter certain agreements amending the Microsoft Licensing Agreements to reflect various modifications and other terms, including, but not limited to, a reduction of the number of licenses granted to the Debtors and an extension of the term of the licensing arrangement through June 29, 2027 (the "**Amendment Agreements**").  The Amendment Agreements shall be effective upon entry of the Assumption Order (as defined below).

Each of the Contracts to be assumed and the Debtors' calculation of the proposed cure amount with respect thereto is set forth on **Schedule 1**, attached hereto.  The proposed cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

Absent an objection being timely filed, the Debtors may submit to the Bankruptcy Court a proposed order, substantially in the form attached hereto as **Exhibit A** (each such order, an "**Assumption Order**"), and the Bankruptcy Court may enter such order without a hearing, approving the assumption of each Contract which shall become effective on the applicable Effective Date set forth on **Schedule 1**, attached hereto, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.  If an objection is filed for fewer than all of the Contracts included on this Assumption Notice, the Debtors may submit a proposed Assumption Order for the Contract for which no objection was filed.

If an objection to the assumption of any Contract is timely filed and served in compliance with the foregoing and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates and shall provide at least seven (7) calendar days' notice of such hearing to each objecting party and the Objection Service Parties (as defined below).  If such objection is overruled, resolved or withdrawn, such Contract or Contracts shall be assumed as of the Effective Date set forth on **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

Parties seeking to object to the proposed assumption, as applicable, of a Contract must file a written objection[2] with the Court and serve such objection by email on:

> (i)     the Debtors, c/o First Brands Group, LLC, 127 Public Square, Suite 5300, Cleveland, OH 44114 (Attn:  Charles M. Moore, Interim Chief Executive

---

[2]     Any objection to the proposed assumption of a Contract listed in this Assumption Notice must state with specificity the Contract to which it is directed.  An objection to the proposed assumption of a Contract listed in

Officer (cmoore@alvarezandmarsal.com) and Daniel Jerneycic, Chief Restructuring Officer (djernycic@alvarezandmarsal.com));

(ii)     counsel for the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, TX 77002 (Attn: Clifford W. Carlson, Esq. (clifford.carlson@weil.com)) and 767 Fifth Avenue, New York, NY 10153 (Attn: Matthew S. Barr, Esq. (matt.barr@weil.com), Sunny Singh, Esq. (sunny.singh@weil.com), Andriana Georgallas, Esq. (andriana.georgallas@weil.com), Kevin Bostel, Esq. (kevin.bostel@weil.com), and Jason H. George, Esq. (jason.george@weil.com));

(iii)    the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002 (Attn: Jayson B. Ruff, Esq. (jayson.b.ruff@usdoj.gov) and Vianey Garza (vianey.garza@usdoj.gov));

(iv)    counsel for the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Stephen D. Silverman (ssilverman@gibsondunn.com), AnnElyse Scarlett Gains (agains@gibsondunn.com), Christina Brown (christina.brown@gibsondunn.com), Jonathan Dunworth (jdunworth@gibsondunn.com), Nicholas Rosshirt (nrosshirt@gibsondunn.com), and Katharine E. Scott (kscott@gibsondunn.com));

(v)     counsel for the Creditors' Committee, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com), Bennett Silverberg (bsilverberg@brownrudnick.com), Kenneth Aulet (kaulet@brownrudnick.com), Andrew Carty (acarty@brownrudnick.com)), One Financial Center, Boston, MA 02111 (Attn: Tristan Axelrod (taxelrod@brownrudnick.com) and Matthew Sawyer (msawyer@brownrudnick.com)), and Cole Schotz P.C., 901 Main Street, Suite 4120, Dallas, TX 75202 (Attn: Ian Phillips (iphillips@coleschotz.com), Seth Van Aalten (svanaalten@coleschotz.com), and Justin Alberto (jalberto@coleschotz.com));

(vi)    counsel for Microsoft, Fox Rothschild LLP, 1001 Fourth Avenue, Suite 4400, Seattle, WA 98154 (Attn: David Papiez (dpapiez@foxrothschild.com) and Maria Milano (mamilano@foxrothschild.com)); and

---

this Assumption Notice shall not constitute an objection to the assumption of any other Contract listed in this Assumption Notice, unless otherwise specified in such objection.

(vii)    any party that has requested notice pursuant to Bankruptcy Rule 2002 (the parties in subclauses (i)–(vi), collectively, the "**Objection Service Parties**"),

so as to be ***actually received*** by the Objection Service Parties no later than fourteen (14) calendar days, or such shorter period authorized by the Court, after the date the Debtors served this Notice.

The inclusion of any Contract on **<u>Schedule 1</u>** does not constitute an admission that a particular Contract is an executory contract within the meaning of the Bankruptcy Code.  All rights of the Debtors and the counterparties with respect thereto are reserved.

Dated: July 8, 2026
      Houston, Texas

                                          */s/  Clifford W. Carlson*

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
          clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
          sunny.singh@weil.com
          andriana.georgallas@weil.com
          kevin.bostel@weil.com
          jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

## Schedule 1

### List of Assumed Contracts[1]

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | CURE AMOUNT[2] | EFFECTIVE DATE |
|---|---|---|---|---|---|
| 1. | Microsoft Corporation | Business & Services Agreement: U0495500 | First Brands Group, LLC | $0.00 | June 30, 2026 |
| 2. | Microsoft Corporation | Master Agreement: E9615748 | First Brands Group, LLC | $0.00 | June 30, 2026 |
| 3. | Microsoft Corporation | Enrollment(s): 59254066, 5665703, 7739132, 9067687, 6955287, 7043951, and 5615293 | First Brands Group, LLC | $0.00 | June 30, 2026 |

[1]  The inclusion of a Contract on this list does not constitute an admission (i) that a particular Contract is an executory contract within the meaning of the Bankruptcy Code, (ii) as to the executory or non-executory nature of the Contract, (iii) as to the expired or unexpired nature of such Contract, or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

[2]  The Debtors previously paid Microsoft approximately $4 million in satisfaction of outstanding amounts owed under the Microsoft Licensing Agreements. No further cure amounts are owed by the Debtors to Microsoft in connection with the assumption of the Microsoft Licensing Agreements.