**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re:  Docket No. _____** |

**ORDER APPROVING THE (I) ASSUMPTION**
**OF EXECUTORY CONTRACTS AND (II) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**");[2] and the Debtors having properly filed with this Court and served on the Master Notice Parties a notice (Docket No. _) (the "**Assumption Notice**") of their intent to assume the executory contracts (the "**Contracts**") identified on **Schedule 1**, attached hereto, in accordance with the terms of the Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Assumption Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

---

[1]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]  Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order or the Assumption Notice, as applicable.

**IT IS HEREBY ORDERED THAT:**

1.      The Contracts are hereby assumed as set forth herein, effective as of the date set forth for such Contract on **Schedule 1**, attached hereto, or such other date as the Debtors and the Counterparty or Counterparties to any Contract agree (the "**Effective Date**").   The Contracts shall be amended pursuant to the Amendment Agreements as further described in the Assumption Notice.   The Amendment Agreements shall be effective upon entry of this Assumption Order.

2.      All amounts, including cure amounts, owed by the Debtors under the Contracts set forth on **Schedule 1** attached hereto (the "**Cure Amounts**") prior to the Effective Date have been paid by the Debtors, and no amount in excess thereof shall be paid for cure purposes.   Accordingly, the Debtors shall have no further liability or obligation with respect to defaults relating to the Contracts arising, accruing, or relating to the period prior to the Effective Date.

3.      The Debtors have provided adequate assurance of future performance with respect to all Contracts assumed pursuant to this Order to the extent required by section 365 of the Bankruptcy Code, and no further showing of adequate assurance is necessary.

4.      Any and all anti-assignment provisions in the assumed Contracts, whether such provisions expressly prohibit or have the effect of restricting or limiting assignment of such executory contract, are unenforceable and prohibited pursuant to section 365(f) of the Bankruptcy Code.

5.      Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the

Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) except as expressly set forth herein, an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

6.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8.     Notwithstanding Bankruptcy Rule 6006(d), this Order shall be immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2026
        Houston, Texas

_____
Christopher Lopez
United States Bankruptcy Judge

3

## Schedule 1

### List of Assumed Contracts[1]

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | CURE AMOUNT[2] | EFFECTIVE DATE |
|-----|--------------|-------------------------|--------|----------------|----------------|
| 1. | Microsoft Corporation | Business & Services Agreement: U0495500 | First Brands Group, LLC | $0.00 | June 30, 2026 |
| 2. | Microsoft Corporation | Master Agreement: E9615748 | First Brands Group, LLC | $0.00 | June 30, 2026 |
| 3. | Microsoft Corporation | Enrollment(s): 59254066, 5665703, 7739132, 9067687, 6955287, 7043951, and 5615293 | First Brands Group, LLC | $0.00 | June 30, 2026 |

---

[1]   The inclusion of a Contract on this list does not constitute an admission (i) that a particular Contract is an executory contract within the meaning of the Bankruptcy Code, (ii) as to the executory or non-executory nature of the Contract, (iii) as to the expired or unexpired nature of such Contract, or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

[2]   The Debtors previously paid Microsoft approximately $4 million in satisfaction of outstanding amounts owed under the Microsoft Licensing Agreements. No further cure amounts are owed by the Debtors to Microsoft in connection with the assumption of the Microsoft Licensing Agreements.