**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC**, *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**STIPULATION AND AGREED ORDER BETWEEN THE FBG DEBTORS**
**AND THE RAISTONE FACILITY PARTICIPANTS TEMPORARILY**
**ALLOWING CLAIMS OF RAISTONE FACILITY PARTICIPANTS**
**SOLELY FOR VOTING PURPOSES PURSUANT TO RULE 3018(a)(4)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

This Stipulation and Agreed Order (this "**Stipulation and Agreed Order**") is entered into by and among First Brands Group Holdings, LLC, its direct and indirect debtor subsidiaries, and Viceroy Private Capital, LLC (collectively, the "**FBG Debtors**"), by and through their counsel, and (ii) the entities listed on Schedule I attached hereto (collectively, the "**Raistone Facility Participants**") by and through their counsel (the FBG Debtors and the Raistone Facility Participants, each a "**Party**" and collectively, the "**Parties**"). The Parties hereby stipulate as follows:

**RECITALS**

A.       On September 24, 2025, and September 28, 2025, as applicable, First Brands Group, LLC and its debtor affiliates (collectively, the "**Debtors**") filed voluntary petitions for relief for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**")

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

B.      The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these chapter 11 cases.  On October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket. No. 113).

C.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

D.      The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.      On June 5, 2026, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2907) (the "**Joint Plan**") and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2912).

F.      On June 6, 2026, the FBG Debtors filed an emergency motion and proposed order establishing solicitation and voting procedures (Docket No. 2914) (the "**Solicitation Procedures**"), which, among other things, established the procedures for determining the amount of claims eligible to vote to accept or reject the Joint Plan.

G.      On June 12, 2026, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2981) (the "**Revised Joint Plan**") and

the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2982) (the "**Revised Disclosure Statement**").  Additionally, on June 12, 2026, the Bankruptcy Court entered the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-in Procedures, (V) Establishing Preference Settlement Notice and Opt-in Procedures, (VI) Establishing Notice and Objection Procedures for Confirmation of Plan, and (VII) Granting Related Relief* (Docket No. 2990) approving the Solicitation Procedures (the "**Solicitation Procedures Order**").

H.      On June 16, 2026, and June 17, 2026, respectively, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3019) (as may be amended, supplemented, or otherwise modified from time to time, the "**Further Revised Joint Plan**") and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3020) (as may be amended, supplemented, or otherwise modified from time to time, the "**Further Revised Disclosure Statement**").

I.      Pursuant to the Solicitation Procedures Order, the deadline for filing motions under Bankruptcy Rule 3018(a) is July 10, 2026 at 5:00 p.m. (Central Time).

J.      The FBG Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**FBG Debtors' Schedules**") list each Claim (as defined below) listed on Schedule I in the amount of $0.00 and/or as contingent, unliquidated, and/or disputed.

3

K.     Under the Solicitation Procedures, a claim scheduled at $0.00 or as contingent, unliquidated, or disputed for which no proof of claim has been filed is disallowed for voting purposes unless temporarily allowed by order of the Court or by stipulation between the FBG Debtors and the holder.

L.     Notwithstanding the FBG Debtors' Schedules, each Raistone Facility Participant holds or asserts a Class 7 General Unsecured Claim, as defined in the Further Revised Joint Plan, against certain of the FBG Debtors listed, and in the applicable amounts set forth, on Schedule I attached hereto (each a "**Claim**" and collectively, the "**Claims**").

M.     The Parties have entered into this Stipulation and Agreed Order providing for the temporary allowance of the Claims in the amount set forth on Schedule I solely for purposes of voting to accept or reject the Further Revised Joint Plan.

### IT IS HEREBY STIPULATED AND ORDERED THAT

1.     The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

2.     This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court.

3.     Pursuant to Bankruptcy Rule 3018(a), each Claim is temporarily allowed in the amounts set forth on Schedule I hereto (the "**Allowed Voting Amount**") solely for purposes of voting to accept or reject the Further Revised Joint Plan.  Each Raistone Facility Participant shall be entitled to cast an aggregate Class 7 (General Unsecured Claims) ballot (each, an "**Aggregate Ballot**") accepting or rejecting the Further Revised Joint Plan on account of the Claims it holds against the applicable FBG Debtors, in the Allowed Voting Amounts set forth for such Raistone Facility Participant on Schedule I.

4

4.      Notwithstanding any provision of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, any order of this Court or any approved proof of claim form that otherwise would require the Raistone Facility Participants to file separate proofs of claim against each applicable FBG Debtor listed on Schedule I, subject to approval of this Stipulation and Agreed Order by the Court, each Raistone Facility Participant may file a single Proof of Claim (the "**Consolidated POC**") for its respective Claims, including but not limited to, those Claims specified on Schedule I against First Brands Group, LLC, and such Consolidated POC shall be deemed filed against each FBG Debtor against which such Raistone Facility Participant asserts a Claim, as set forth on Schedule I, subject in all respects to any applicable deadline for filing Proofs of Claim that may be set in these chapter 11 cases.  Nothing in this Stipulation and Order shall limit, cap or otherwise restrict the Claims that each Raistone Facility Participant may assert in their respective Consolidated POC.

5.      Within two (2) business days following entry of this Stipulation and Agreed Order by the Bankruptcy Court, the FBG Debtors shall provide, or cause the Voting Agent (as defined in the Solicitation Procedures) to provide, a Solicitation Package (as defined in the Solicitation Procedures), including an Aggregate Ballot to each Raistone Facility Participant, reflecting the Allowed Voting Amount of such Raistone Facility Participant's Claim(s) against the applicable FBG Debtors, by electronic mail to the applicable email addresses provided by undersigned counsel to the Raistone Facility Participants.  Each Aggregate Ballot submitted by each Raistone Facility Participant shall be counted as a valid and timely vote on the Further Revised Joint Plan if actually received by the Voting Agent on or before the later of (i) the Voting Deadline (as defined in the Solicitation Procedures) and (ii) five (5) business days after the Raistone Facility Participant's receipt of such Aggregate Ballot, notwithstanding the Voting Deadline established

by the Solicitation Procedures; *provided* that the Raistone Facility Participants' Aggregate Ballots must be actually received by the Voting Agent no later than July 22, 2026 at 5:00 p.m. (Central Time).

6.      Nothing in this Stipulation and Agreed Order shall constitute or be construed as an admission by either Party as to the validity, amount, priority, classification, secured or unsecured status, or proper treatment of the Claim, or as an admission of any fact, liability, or wrongdoing by any Party.  This Stipulation and Agreed Order is entered into solely for the purpose of resolving the Raistone Facility Participants' voting rights with respect to the Further Revised Joint Plan in a consensual manner.

7.      For the avoidance of doubt, the allowance of the Claims for voting purposes shall not cap, fix, limit, reduce, or otherwise prejudice any Raistone Facility Participant's right to assert, file, amend, or seek allowance of its Claim in any amount for any and all purposes other than voting (including, without limitation, for purposes of distribution under the Further Revised Joint Plan or otherwise), or any Raistone Facility Participant's rights, claims, or defenses with respect to any preference, avoidance, or other cause of action that may be asserted against such Raistone Facility Participant.  Each Raistone Facility Participant expressly reserves all rights, claims, defenses, and arguments with respect to the ultimate allowance, amount, priority, classification, secured or unsecured status, and treatment of its Claim.

8.      For the avoidance of doubt, nothing in this Stipulation and Agreed Order shall limit or otherwise prejudice the FBG Debtors' rights to object to, contest, subordinate, reclassify, or otherwise challenge any of the Claims, including, for the avoidance of doubt, the Claims asserted in any Consolidated POC, asserted by any Raistone Facility Participant for any and all purposes other than voting, including, without limitation, with respect to the ultimate allowance, amount,

6

priority, classification, secured or unsecured status, and treatment of such Claims. The FBG Debtors expressly reserve all rights, claims, defenses, arguments, and causes of action with respect to the Claims.

9.      This Stipulation and Agreed Order shall be binding upon the Parties solely for purposes of voting on the Further Revised Joint Plan and any amended, modified, or supplemented version thereof; *provided*, *however*, that if the Further Revised Joint Plan is amended or modified in a manner that materially and adversely affects any Claim or the treatment thereof under the Further Revised Joint Plan, this Stipulation and Agreed Order shall be of no further force or effect with respect to such amended or modified plan as to the affected Raistone Facility Participant(s), unless such Raistone Facility Participant(s) consent in writing (e-mail being sufficient) to the continued application of this Stipulation and Agreed Order.

10.     The undersigned counsel who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party.

11.     This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent (e-mail being sufficient) of all Parties hereto or by further order of the Bankruptcy Court.

12.     This Stipulation and Agreed Order is intended by the Parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives.

13.     The Parties are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Stipulation and Agreed Order.

14.     The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation

and Agreed Order.  The Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.


Dated: _____, 2026
Houston, Texas

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY**:

Dated: July 9, 2026

 /s/  Clifford W. Carslon
**WEIL, GOTSHAL & MANGES LLP**

Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
       Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  matt.barr@weil.com
       sunny.singh@weil.com
       andriana.georgallas@weil.com
       kevin.bostel@weil.com
       jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

Dated: July 9, 2026

 /s/  Jacob R. Herz
**ORRICK, HERRINGTON & SUTCLIFFE LLP**

Richard Jacobsen (admitted *pro hac vice*)
Laura Metzger (admitted *pro hac vice*)
Emanuel Grillo (admitted *pro hac vice*)
Nicholas Poli (admitted *pro hac vice*)
Harry Murphy (admitted *pro hac vice*)
Ariel Roytenberg (admitted *pro hac vice)*
Jacob R. Herz (SDTX Federal Bar No. 3759822)
51 West 52nd Street
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Email: rjacobsen@orrick.com
       lmetzger@orrick.com
       egrillo@orrick.com
       npoli@orrick.com
       hmurphy@orrick.com
       aroytenberg@orrick.com
       jherz@orrick.com

-and-

Nicholas Sabatino (admitted *pro hac vice*)
400 Capitol Mall, Suite 3000
Sacramento, California 95814-4497
Telephone: (916) 329-7962
Facsimile: (916) 329-4900
Email: nsabatino@orrick.com

*Attorneys for the Raistone Facility*
*Participants*

9

**Schedule I**

Claims

1. Each of the following Claims related to the Sixth Amended and Restated Receivables Purchase Agreement dated as of May 14, 2024 (including any amendments, joinders, side letters, supplements, or related agreements the "**Receivables Purchase Agreement**") shall be asserted against each of the following FBG Debtors, solely for purposes of voting to accept or reject the Further Revised Joint Plan: First Brands Group, LLC, Trico Products Corporation, ASC Industries, Inc., Brake Parts Inc LLC, Cardone Industries, Inc., Carter Carburetor Holdings, LLC, Carter Carburetor, LLC, Carter Fuel Systems, LLC, Champion Laboratories, Inc., CWD, LLC, FRAM Group Operations LLC, Hopkins Manufacturing Corporation, Horizon Euro Finance LLC, Horizon Global Americas Inc., Horizon Global Company LLC, Horizon Global Corporation, Horizon International Holdings LLC, Qualis Automotive, L.L.C., Qualis Enterprises, LLC, Strongarm, LLC, Walbro LLC, Walbro Midco LLC, and WEM US Co.

| Raistone Facility Participant | Classification | Amount of Claim related to the Receivables Purchase Agreement |
|---|---|---|
| Nineteen77 Global Multi-Strategy Alpha Master Limited | Class 7 – General Unsecured | $36,999,106.60 |
| Nineteen77 Working Capital Finance Opportunistic Fund Master Limited | Class 7 – General Unsecured | $32,867,689.72 |
| Select Alternative Strategies II ICAV - UBS Working Capital Finance Opportunistic Fund (EU) | Class 7 – General Unsecured | $80,028,717.99 |
| Kili Purchasing LLC | Class 7 – General Unsecured | $19,269,175.43 |

2. Each of the following Claims related to the Supply Chain Finance Customer Agreement, dated as of August 15, 2019 (including any amendments, joinders, side letters, supplements, or related agreements the "**Supply Chain Finance Agreement**")shall be asserted against each of the following FBG Debtors, solely for purposes of voting to accept or reject the Further Revised Joint Plan: First Brands Group, LLC, Trico Products Corporation, ASC Industries, Inc., Brake Parts Inc LLC, Cardone Industries, Inc., Carter Carburetor Holdings, LLC, Carter Carburetor, LLC, Carter Fuel Systems, LLC, Champion Laboratories, Inc., FRAM Group Operations LLC, Hopkins Manufacturing Corporation, Horizon Euro Finance LLC, Horizon Global Americas Inc., Horizon Global Company LLC, Horizon Global Corporation, Horizon International Holdings LLC, Jasper Rubber Products, Inc., Strongarm, LLC, Toledo Molding & Die, LLC, Walbro LLC, Walbro Midco LLC, and WEM US Co.

| Raistone Facility Participant | Classification | Amount of Claim related to the Supply Chain Finance Agreement |
|---|---|---|
| Nineteen77 Global Multi-Strategy Alpha Master Limited | Class 7 – General Unsecured | $73,730,659.60 |
| Nineteen77 Working Capital Finance Opportunistic Fund Master Limited | Class 7 – General Unsecured | $13,541,060.67 |
| Select Alternative Strategies II ICAV - UBS Working Capital Finance Opportunistic Fund (EU) | Class 7 – General Unsecured | $32,219,854.05 |
| A&Q Metric SPC - Global Opportunistic II SP | Class 7 – General Unsecured | $248,202,143.32 |
| Ellington Global Asset Management LLC | Class 7 – General Unsecured | $1,475,524.36 |
| SCFNA, LLC | Class 7 – General Unsecured | $2,260,660.85 |
| SCFNC, LLC | Class 7 – General Unsecured | $5,906,886.79 |
| TFC Holdings, Ltd. | Class 7 – General Unsecured | $108,261,939.00 |
| Ivy Evergreen Fund LP | Class 7 – General Unsecured | $8,568,318.94 |
| Ivy Retail Finance LLC | Class 7 – General Unsecured | $6,103,629.89 |
| Ivy American Installment LLC | Class 7 – General Unsecured | $9,849,090.41 |
| FB Holdings Ltd. | Class 7 – General Unsecured | $34,377,168.41 |