**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **FIRST BRANDS GROUP, LLC,** *et al.,* | ) Case No. 25-90399 (CML) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

**VALEO NORTH AMERICA, INC. AND VALEO
SISTEMAS ELECTRICOS, S.A. DE C.V.'S APPLICATION FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Valeo North America, Inc. ("Valeo NA") and Valeo Sistemas Electricos, S.A. de C.V. ("Valeo Sistemas", and together with Valeo NA, "Valeo") hereby file this Application for Allowance and Payment of Administrative Expense Claim (this "Application"). In support of this Application, Valeo respectfully states as follows:

**Preliminary Statement**

1.      As of the date of this Application, $645,513.60 (the "Administrative Expense Claim") is overdue and owing to Valeo NA by Debtor Toledo Molding & Die, LLC ("TMD") for lighting, camera, and other automotive component parts delivered to TMD after the Petition Date and prior to Closing (as defined herein) of the sale of the Debtors' TMD business line, pursuant to

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

76114295

the Valeo Agreements (as defined herein) and the invoices attached hereto as **Exhibit A** (the "Outstanding Invoices"). Valeo hereby files this Application for allowance and payment of the Administrative Expense Claim pursuant to 11 U.S.C. § 503(b)(1)(A).

### Jurisdiction and Venue

2. This Court has jurisdiction to consider this Application under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue for this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are 11 U.S.C. §§ 105(a) and 503.

### Background

3. Valeo is a supplier of lighting, camera, and other automotive component parts to suppliers and original equipment manufacturers ("OEM") in the automotive industry.

4. On September 28, 2025 (the "Petition Date"), certain of the Debtors, including TMD, filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.

5. Prior to the Petition Date, Valeo NA and TMD entered into that certain Service Agreement, as amended, supplemented, or modified from time-to-time, including all purchase orders, releases, and other agreements issued in connection therewith (collectively, the "Service Agreement"), pursuant to which Valeo NA agreed to supply, and TMD agreed to purchase, 100% of TMD's requirements for certain components as a directed Tier 2 supplier to TMD. Also prior to the Petition Date, Valeo and TMD entered into that certain Commodity-Specific Multi-Party Agreement for Triangular Directed Tier 2 Sourcing, as amended, supplemented, or modified from time-to-time, including all purchase orders, releases, and other agreements issued in connection

2

therewith (collectively, the "Multi-Party Agreement", and together with the Service Agreement, the "Valeo Agreements").

6.     At TMD's direction, following the Petition Date and prior to the Closing, Valeo continued to supply component parts to TMD in accordance with the Valeo Agreements and other purchase and supply contracts, thereby supporting TMD's ability to service its OEM customers and maintain the going concern value of its operations for potential sale.

7.     On May 7, 2026, the Debtors filed their *Emergency Motion for Order (A) Approving Sale Transaction for Debtors' TMD Business Line, (B) Approving Assumption, Assignment, and Sale of Certain Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 2590] (the "Sale Motion"), seeking, among other things, authority to sell substantially all of the assets related to the Debtors' TMD business line to TNJ Ohio, LLC, an affiliate of JVIS USA (the "Buyer"), and to assume and assign certain executory contracts and unexpired leases, including the Valeo Agreements, to the Buyer in connection therewith (the "Sale Transaction").

8.     On May 8, 2026, the Debtors filed their notice of assumption and assignment of executory contracts and unexpired leases in connection with the Sale Transaction for TMD's business line [Docket No. 2616] (the "Assumption Notice"), which notice set forth the Debtors' purported cure costs with respect to the Valeo Agreements (the "TMD Proposed Cure Costs").

9.     On May 12, 2026, Valeo filed its objection to the Assumption Notice [Docket No. 2638] (the "Objection"), asserting that the TMD Proposed Cure Costs were materially understated and presenting Valeo's calculation of the costs needed to cure existing defaults under the Valeo Agreements ("Valeo Proposed Cure Costs"). The Valeo Proposed Cure Costs included, among other amounts, amounts related to the Outstanding Invoices, which consisted of: (i) $475,075.20

3

76114295

owed to Valeo NA under the Service Agreement and (ii) $170,438.40 owed to Valeo NA under the Multi-Party Agreement.

10.     After Valeo filed the Objection, Valeo and TMD engaged in good-faith negotiations regarding the disputed cure costs. In the negotiations, TMD acknowledged that the Outstanding Invoices were invoiced to TMD for component parts delivered to TMD after the Petition Date but explained that such Outstanding Invoices were not yet overdue. TMD indicated that such Outstanding Invoices would be paid by TMD or the Buyer when due in the ordinary course of business. In reliance on these representations and assurances by TMD, Valeo agreed to reduce the amount of its cure claim to remove the amounts attributable to the Outstanding Invoices.

11.     On May 14, 2026, the Court entered the *Order (A) Authorizing and Approving Sale of Debtors' Toledo Molding & Die Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 2675] (the "Sale Order"), and on May 15, 2026, the Sale Transaction closed ("Closing").

12.     On May 29, 2026, the Debtors filed an amended notice of assumption and assignment of executory contracts and unexpired leases in connection with the Sale Transaction [Docket No. 2843] (the "Amended Assumption Notice"), which notice set forth amended cure costs agreed by and between the Debtors and Valeo (the "Settled Cure Costs"). For the reasons explained above, the Settled Cure Costs did not include amounts related to the Outstanding Invoices.

13.     TMD has not disputed the Outstanding Invoices and each of the Outstanding Invoices is due and owing to Valeo as of the date set forth on the applicable Outstanding Invoice.

76114295

14.     As of the date of this Application, the Outstanding Invoices have not been paid by the Debtors or the Buyer, and the Administrative Expense Claim is overdue and owing to Valeo NA by the Debtors.

15.     The Administrative Expense Claim is comprised of (i) $475,075.20 owed to Valeo NA under the Service Agreement and (ii) $170,438.40 owed to Valeo NA under the Multi-Party Agreement.[2] **Exhibit A** hereto details the calculation of Valeo's Administrative Expense Claim.

<u>**Argument and Authorities**</u>

16.     Section 503(b) of the Bankruptcy Code requires the Debtors to pay for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). A prima facie case under section 503(b)(1) may be established by evidence that (1) the claim arises from a transaction with the debtor-in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function. *See Toma Steel Supply, Inc. v. Transamerican Natural Gas Corp. (In the Matter of Transamerican Natural Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992).

17.     The Fifth Circuit has interpreted § 503(b)(1)(A) to mean that "In order to qualify as an 'actual and necessary cost' . . . a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee that benefitted the estate." *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.),* 258 F.3d 385, 387 (5th Cir. 2001) (citing *Transamerican Natural Gas Corp.*, 978 F.2d at 1416).

18.     When third parties must continue to supply goods or services to a debtor, 11 U.S.C. § 503 plainly requires that their claims be afforded priority. *In re Jartan, Inc.*, 732 F.2d 584, 586

---

[2] While the Valeo contracting party performing under the Valeo Agreements is Valeo Sistemas and/or Valeo NA, the Outstanding Invoices direct payment to Valeo NA. As such, Valeo NA is the entity that is owed the Administrative Expense Claim. Hence, Valeo Sistemas is included as a co-applicant in this Application.

5

(7th Cir. 1984).  Such priority extends to the full extent that the third-party has benefited the bankruptcy. *United States Postal Service v. Dewey Freight System, Inc.*, 31 F.3d 620, 624 (8th Cir. 1994).

19.     Administrative expense priority is particularly appropriate where a debtor "[e]njoys the benefits of the contract pending assumption or rejection." *In re Smurfit-Stone Container Corp.*, 425 B.R. 735, 741 (Bankr. D. Del. 2010).  The value of the benefit to the estate is presumed to be the contract rate.  *Id.* at 741.  *See also*, *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("If the debtor-in-possession elects to continue to receive benefits from the other party to an executory contract pending a decision to reject or assume the contract, the debtor-in-possession is obligated to pay for the reasonable value of those services, which, depending on the circumstances of a particular contract, may be what is specified in the contract."); *In re Imperial Beverage Group, LLC*, 457 B.R. 490, 502 (Bankr. N.D. Tex. 2011) ("In determining the amount of Three Way's administrative expense claim for this period, the Court must determine the amount of benefit received by the estate, which is presumed to be the contract rate of rent.").

20.     At TMD's direction, Valeo continued to supply components to TMD following the Petition Date pursuant to the Valeo Agreements, thereby supporting TMD's ability to service its OEM customers and maintain the going concern value of its operations, which was essential to the Closing of the Sale Transaction. As a result of this postpetition supply of goods, Valeo properly and according to the terms and conditions of the Valeo Agreements, issued to TMD the Outstanding Invoices in the amount of $645,513.60: (i) $475,075.20 of which is owed to Valeo NA under the Service Agreement and (ii) $170,438.40 of which is owed to Valeo NA under the Multi-Party Agreement.  In support of this Application, the Declaration of David Arnould is attached hereto as **Exhibit B**.

76114295

21.     Valeo is entitled to the full amount of the Administrative Expense Claim, all of which arose following the Petition Date and prior to Closing as a result of TMD's postpetition direction to continue supply under the Valeo Agreements.

22.     To the extent TMD or its estate asserts any claims or amounts owed by Valeo to TMD, Valeo reserves any and all rights to setoff, recoup, or otherwise deduct such amounts against the Administrative Expense Claim pursuant to 11 U.S.C. § 553 and in accordance with applicable law.  Valeo also reserves all rights, remedies, and claims that it has or may have against TNJ Ohio, LLC, an affiliate of JVIS USA, the buyer of the Debtors' TMD business line, for recovery of the amounts owed to Valeo pursuant to the Outstanding Invoices. Valeo acknowledges that it is not entitled to a duplicative recovery on account of the Outstanding Invoices and should TNJ Ohio, LLC satisfy the Outstanding Invoices, Valeo will promptly withdraw this Application.

## Conclusion

Valeo respectfully requests that this Court enter an order (i) allowing Valeo an administrative expense claim in the amount of $645,513.60 and (ii) granting such other and further relief to which Valeo may be justly entitled.

July 9, 2026
Houston, Texas

/s/ Victoria Argeroplos

**JACKSON WALKER LLP**
Zachary McKay (TX Bar No. 24073600)
Victoria Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:      (713) 308-4134
Email:           zmckay@jw.com
                    vargeroplos@jw.com

-and-

7

76114295

8

**HONIGMAN LLP**
E. Todd Sable
Annie Dreisbach
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226-3506

Telephone:      (313) 465-7000
Email:          tsable@honigman.com
                adreisbach@honigman.com

*Co-Counsel to Valeo*

8

76114295

## CERTIFICATE OF SERVICE

I certify that on July 9, 2026, I caused a copy of this Application and declaration, with exhibits to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

Additionally, I hereby certify that this Application and declaration, with exhibits, filed in support of the Application are being served on: (i) counsel for the Debtors; (ii) counsel for the Official Committee of Unsecured Creditors by e-mail; and (iii) the Office of the United States Trustee, as follows:

Counsel for Debtors by Mail and E-Mail:

Weil, Gotshal & Manges LLP
Attn: Gabriel A. Morgan, Clifford W. Carlson
700 Louisiana Street, Suite 3700
Houston, TX 77002
gabriel.morgan@weil.com
clifford.carlson@weil.com

Weil, Gotshal & Manges LLP
Attn: Matthew S. Barr, Sunny Singh, Andriana Georgallas,
Jason H. George, Kevin Bostel
767 Fifth Avenue
New York, NY 10153
matt.barr@weil.com
sunny.singh@weil.com
andriana.georgallas@weil.com
kevin.bostel@weil.com
jason.george@weil.com

Counsel for the Official Committee of Unsecured Creditors by Mail and E-Mail:

Brown Rudnick LLP
Attn: Robert J. Stark, Jeffrey L. Jonas, Michael S. Winograd, Bennett S. Silverberg,
Kenneth J. Aulet, Andrew M. Carty, Elizabeth C. Castano
7 Times Square
New York, NY 10036
rstark@brownrudnick.com
jjonas@brownrudnick.com
mwinograd@brownrudnick.com
bsilverberg@brownrudnick.com
kaulet@brownrudnick.com
acarty@brownrudnick.com
ecastano@brownrudnick.com

9

76114295

Brown Rudnick LLP
Attn: Tristan G. Axelrod, Matthew A. Sawyer
One Financial Center
Boston, MA 02111
taxelrod@brownrudnick.com
msawyer@brownrudnick.com

Cole Schotz P.C.
Attn: Seth Van Aalten, Justin R. Alberto, Ian R. Phillips
svanaalten@coleschotz.com
jalberto@coleschotz.com
iphillips@coleschotz.com
901 Main Street, Suite 4120
Dallas, TX 75202

The Office of the United States Trustee by Mail and Email:

Office of the United States Trustee
Attn: Jayson B. Ruff
515 Rusk Street, Suite 3516
Houston, TX 77002
jayson.b.ruff@usdoj.gov

/s/ *Victoria Argeroplos*
Victoria Argeroplos

10

76114295