**EXHIBIT B**
**Declaration**

76114295

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| **FIRST BRANDS GROUP, LLC,** *et al.,* | ) | Case No. 25-90399 (CML) |
| | ) | |
| Debtors.[4] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF  DAVID ARNOULD**
**IN SUPPORT OF VALEO NORTH AMERICA, INC.'S AND**
**VALEO SISTEMAS ELECTRICOS, S.A. DE C.V.'S APPLICATION FOR**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

I, David Arnould, declare as follows:

1.      I am the Vice President of Finance at Valeo North America, Inc., supporting Valeo North America, Inc. and Valeo Sistemas Electricos, S.A. de C.V., among other entities (collectively, "Valeo"). I am familiar with Valeo's business records and record-keeping practices regarding Toledo Molding & Die, LLC ("TMD"), which I understand is a debtor in connection with the above-captioned bankruptcy case. I am competent to testify to the matters stated herein.

2.      I make this declaration based on knowledge gained as an employee of Valeo and my review of records that Valeo creates and maintains in the ordinary course of its business.

3.      Valeo is a supplier of lighting, camera, and other automotive component parts to suppliers and original equipment manufacturers ("OEM") in the automotive industry. Prior to Closing,[5] Valeo supplied such component parts to Debtor TMD for use in TMD's production of

---

[4] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[5] Capitalized terms not defined herein shall have the meanings ascribed to them in *Valeo North America, Inc.'s and Valeo Sistemas Electricos, S.A. de C.V.'s Application for Allowance and Payment of Administrative Expense Claim*.

76114295

assemblies and modules for certain OEM vehicle programs. Valeo regularly invoices its customers, including TMD, for the component parts that Valeo supplies.

4. Prior to September 28, 2025 (the "Petition Date"), Valeo NA and TMD entered into that certain Service Agreement, as amended, supplemented, or modified from time-to-time, including all purchase orders, releases, and other agreements issued in connection therewith (collectively, the "Service Agreement"), pursuant to which Valeo NA agreed to supply, and TMD agreed to purchase, 100% of TMD's requirements for certain components as a directed Tier 2 supplier to TMD. Also prior to the Petition Date, Valeo and TMD entered into that certain Commodity-Specific Multi-Party Agreement for Triangular Directed Tier 2 Sourcing, as amended, supplemented, or modified from time-to-time, including all purchase orders, releases, and other agreements issued in connection therewith (collectively, the "Multi-Party Agreement", and together with the Service Agreement, the "Valeo Agreements").

5. At TMD's direction, following the Petition Date, Valeo continued to supply component parts to TMD in accordance with the Valeo Agreements and other purchase and supply contracts, thereby supporting TMD's ability to service its OEM customers and maintain the going concern value of its operations for potential sale. Valeo continued invoicing TMD under the Valeo Agreements in the ordinary course of business.

6. I am a custodian of records of Valeo. Attached hereto as **Exhibit A** are ten (10) invoices (the "Outstanding Invoices") for component parts supplied to TMD. **Exhibit A** also contains a summary of the Outstanding Invoices, their respective due dates, and the calculation of the Administrative Expense Claim. The Outstanding Invoices relate to goods and services provided by Valeo to TMD pursuant to the Valeo Agreements following the Petition Date. The Outstanding Invoices are records kept in the course of Valeo's regularly conducted business activity.

76114295

7.      After Closing, each of the Outstanding Invoices became due and owing to Valeo by the date set forth in the applicable Outstanding Invoice. I created Exhibit A based on Valeo's books and records. As of the date of this Application, the Outstanding Invoices have not been paid by the Debtors or the Buyer.

8.      The Outstanding Invoices and summary included in Exhibit A were made at or near the time of the events recorded, by or from information transmitted by a person with knowledge of those events, and were kept in the course of Valeo's regularly conducted business activity. It was the regular practice of Valeo's business activity to make and keep such records.

9.      As of the date of this Application, the Outstanding Invoices have not been paid by the Debtors or the Buyer, and the Administrative Expense Claim is overdue and owing to Valeo NA by the Debtors.

10.     The Administrative Expense Claim is comprised of (i) $475,075.20 owed to Valeo NA under the Service Agreement and (ii) $170,438.40 owed to Valeo NA under the Multi-Party Agreement.'

11.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at TROY, MICHIGAN, this 9th day of July, 2026.

_____
David Arnould

---

6 While the Valeo contracting party performing under the Valeo Agreements is Valeo Sistemas and/or Valeo NA, the Outstanding Invoices direct payment to Valeo NA. As such, Valeo NA is the entity that is owed the Administrative Expense Claim.

76114295.7