**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**STIPULATION AND AGREED ORDER (I) REJECTING**
**CERTAIN UNEXPIRED EQUIPMENT LEASES AND SERVICE CONTRACTS**
**AND (II) RESOLVING MOTION OF CROWN EQUIPMENT CORPORATION**

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) Crown Equipment Corporation dba Crown Credit Company ("**Crown Credit**") and Crown Lift Trucks ("**Crown Lift Trucks**," and together with Crown Credit, "**Crown**"), and (ii) Fram Group Operations LLC, Dalton Corporation, Carter Fuel Systems, LLC, Champion Laboratories Inc., and Hopkins Manufacturing Corporation and their debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" and, together with Crown, the "**Parties**").  The Parties hereby stipulate and agree as follows:

**RECITALS**

A.      On September 24, 2025, Global Assets LLC and 12 debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

B.      The Bankruptcy Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      Crown and the Applicable Debtors (as defined below) are parties to certain unexpired lease agreements and service contracts identified on **Exhibit A** attached hereto (collectively, the "**Agreements**").

D.      On March 31, 2026, the Debtors filed the *Third Notice of Rejection of Certain Unexpired Leases and Executory Contracts and Abandonment of Property in Connection Therewith* (Docket No. 2268), proposing to reject Lease Schedule No. RA2622 with Crown Credit. An order approving the rejection of Lease Schedule No. RA2622 was entered by the Bankruptcy Court on April 21, 2026 (Docket No. 2499).

E.      On April 24, 2026, Crown filed *Crown Equipment Corporation's Motion Seeking to Compel Assumption or Rejection of Unexpired leases and Executory Contracts and Directing Debtors to Remit Post-Petition Lease Payment Pursuant to 11 U.S.C. §§ 365 and 503* (Docket No. 2532) (the "**Motion**") seeking to compel the Debtors to (i) assume or reject the Agreements and (ii) remit postpetition lease payments alleged to be due under the Agreements.

F.      The Parties have entered into this Stipulation and Agreed Order to resolve the Motion, as set forth below.

**NOW THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order by reference, it is hereby **ORDERED** that:

1.      This Stipulation and Agreed Order shall be of no force and effect unless and until approved by the Bankruptcy Court (the date of such approval, the "**Approval Date**").

2.      Pursuant to section 365(a) of the Bankruptcy Code, the agreements set forth on **Exhibit A** attached hereto shall be deemed rejected as of applicable rejection date listed on

**Exhibit A** (each such date, the "**Rejection Date**").  Crown is authorized to take possession of the equipment that is the subject of the Agreements, at its own expense, within five (5) business days of the filing of this Stipulation and Agreed Order and the Debtors shall reasonably cooperate in facilitating such transfer of possession; *provided* that Crown reserves its right to assert an administrative expense claim with respect to each battery charger that is hard wired into the building electrical grid and therefore Crown is unable to take possession, the fair market value of any equipment not returned, and any repairs necessary to returned equipment that would not otherwise be covered by the agreement related to such equipment; *provided*, *however*, that the Debtors' rights are reserved to review any claims for repairs.

3.      Upon the Approval Date, the Motion shall be deemed withdrawn.

4.      Crown shall have an allowed administrative expense claim against the Applicable Debtors[2] in the aggregate amount of $345,997.42 (as against each Applicable Debtor, an "**Allowed Administrative Claim**" and collectively against the Applicable Debtors, the "**Allowed Administrative Claims**"); *provided* that Crown shall not seek payment of an Allowed Administrative Claim prior to the earliest of (i) the effective date of any chapter 11 plan in the Applicable Debtor's chapter 11 case, (ii) the dismissal of the Applicable Debtor's chapter 11 case, or (iii) the conversion of the Applicable Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code, without prior written consent of the Debtors.

5.      The Debtors and their claims and noticing agent, Kroll Restructuring Administration LLC ("**Kroll**"), are authorized to take all actions necessary or appropriate to give effect to this Stipulation and Agreed Order, including that Kroll is authorized to update the claims register to reflect the terms of this Stipulation and Agreed Order.

---

[2]   "**Applicable Debtor**" means, with respect to any Allowed Administrative Claim, the Debtor against which such Allowed Administrative Claim is asserted, as reflected in **Exhibit A** attached hereto, and "**Applicable Debtors**" means all such Debtors, collectively.

6.      Subject to paragraph 2 above, Crown shall not assert any additional post-petition Claim (as that term is defined in section 101(5) of the Bankruptcy Code) or administrative expense claim against any Debtor arising under or relating to the Agreements; *provided, however,* that with respect to any Agreement listed on **Exhibit A** for which the Allowed Administrative Expense Claim is listed as "TBD," the Parties shall, following a final reconciliation, file a supplemental stipulation setting forth the agreed upon amount of each such Allowed Administrative Expense Claim.

7.      To the extent Crown wishes to assert a rejection damages claim with respect to the Agreements, Crown must submit a proof of claim on or before the later of (i) the deadline for filing proofs of claim established in the Applicable Debtor's chapter 11 case or (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the applicable Rejection Date.  If Crown does not timely file a proof of claim for its rejection damages, Crown will not be treated as a creditor with respect to such claim for voting on any chapter 11 plan proposed in the Debtors' chapter 11 cases and will forever be barred from asserting a claim for rejection damages and participating in any distributions made in connection with these chapter 11 cases on account of such rejection damages.

8.      Other than with respect to the Allowed Administrative Claims, nothing herein shall be construed as an admission of liability or waiver by the Debtors, Crown, or any of their affiliates regarding any claim or cause of action.

9.      Nothing contained in this Stipulation and Agreed Order, and no actions taken pursuant hereto, shall be deemed (i) an agreement or admission by the Debtors as to the validity, categorization, amount, or priority of any claim against any Debtor entity on any grounds, other than with respect the Allowed Administrative Claims; (ii) a waiver or impairment of any rights, claims, or defenses of the Debtors or any other party in interest to dispute any claim on any

grounds; (iii) a promise by the Debtors that any claim is payable pursuant to this Stipulation and Agreed Order; (iv) a waiver of the rights of the Debtors or any other party in interest under the Bankruptcy Code or any other law as to any other issue as to any claim; or (v) a grant of any third-party beneficiary status or bestowal of any additional rights on any third party.

10.    For the avoidance of doubt, nothing contained in this Stipulation and Agreed Order shall (i) other than with respect to the Agreements, be construed as approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (ii) create, nor is anything herein intended to create, any rights in favor of or enhance the status of any Claim (as that term is defined in section 101(5) of the Bankruptcy Code) or any other cause of action held by any other person or entity; or (iii) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11.    This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

12.    The undersigned who execute this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

13.    This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

14.     The Bankruptcy Court shall retain sole and exclusive jurisdiction over all matters related to this Stipulation and Agreed Order.

Dated: _____, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

STIPULATED AND AGREED TO BY:

Dated:  July 9, 2026

 _/s/  Clifford W. Carlson_                             _/s/  Christopher S. Baxter_
WEIL, GOTSHAL & MANGES LLP            SEBALLY SHILLITO + DYER
Gabriel A. Morgan (24125891)               Christopher S. Baxter
Clifford W. Carlson (24090024)              220 E. Monument Ave, Suite 500
700 Louisiana Street, Suite 3700             Dayton, Ohio 45402
Houston, Texas 77002                            Telephone:  (937) 222-2500
Telephone:  (713) 546-5000                    Facsimile:  (937)336-5560
Facsimile:  (713) 224-9511                      Email:   cbaxter@ssdlaw.com
Email:   gabriel.morgan@weil.com
          clifford.carlson@weil.com            *Attorneys for Crown*


-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
          sunny.singh@weil.com
          andriana.georgallas@weil.com
          kevin.bostel@weil.com
          jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

## Exhibit A

### Agreements

| Lease/Contract | Schedule Number | Applicable Debtor | Allowed Administrative Claim[3] | Applicable Rejection Date |
|---|---|---|---|---|
| Lease | RA2622 | Champion Laboratories, Inc. | $6,127.09 | March 31, 2026 |
| Lease | 40483285 | Fram Group Operations LLC | $78,848.08 | June 30, 2026 |
| Lease | 40483287 | Fram Group Operations LLC | $47,333.92 | June 30, 2026 |
| Lease | 40480234 | Fram Group Operations LLC | $5,565.52 | June 30, 2026 |
| Lease | RA6019 | Carter Fuel Systems, LLC | TBD | June 30, 2026 |
| Lease | RA6019-2 | Carter Fuel Systems, LLC | TBD | June 30, 2026 |
| Contract | 743473 | Carter Fuel Systems, LLC | $0 | June 30, 2026 |
| Contract | 854217 | Carter Fuel Systems, LLC | $0 | June 30, 2026 |
| Lease | RA2548 | Champion Laboratories, Inc. | $19,862.72 | June 30, 2026 |
| Lease | RA2530 | Champion Laboratories, Inc. | $47,404.52 | June 30, 2026 |
| Contract | 380352 | Champion Laboratories, Inc. | TBD | June 30, 2026 |
| Contract | 482377 | Champion Laboratories, Inc. | TBD | June 30, 2026 |
| Lease | RA6215 | Dalton Corporation | $26,925.48 | June 30, 2026 |
| Lease | RA6217 | Dalton Corporation | $13,203.80 | June 30, 2026 |
| Lease | RA6177 | Dalton Corporation | $13,462.74 | June 30, 2026 |
| Lease | 40481298 | Fram Group Operations LLC | $3,855.78 | June 30, 2026 |
| Lease | 40486785 | Fram Group Operations LLC | $8,834.98 | June 30, 2026 |
| Lease | 40488013 | Fram Group Operations LLC | $3,933.09 | June 30, 2026 |
| Lease | 40479182 | Fram Group Operations LLC | $28,070.60 | June 30, 2026 |
| Lease | 40482886 | Fram Group Operations LLC | $4,627.68 | June 30, 2026 |
| Lease | 40480232 | Fram Group Operations LLC | $6,589.38 | June 30, 2026 |
| Lease | 40479183 | Fram Group Operations LLC | $4,152.12 | June 30, 2026 |
| Contract | 201808FG-Q | Fram Group Operations LLC | TBD | June 30, 2026 |
| Lease | RA2611 | Hopkins Manufacturing Corporation | $27,199.92 | June 30, 2026 |
| Contract | FM1695 | Hopkins Manufacturing Corporation | $0.00 | June 30, 2026 |

---

[3] For any Allowed Administrative Expense Claim noted as "**TBD**" the Parties shall, following a final reconciliation, file a supplemental stipulation setting forth the agreed upon amount for each such claim.