**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re:  Docket No. 1244** |

**EIGHTH NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS**

> **BANKRUPTCY RULE 6006 NOTICE TO CONTRACT COUNTERPARTIES**
>
> **PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR RESPECTIVE NAMES AND EXECUTORY CONTRACTS LISTED ON SCHEDULE 1 ANNEXED HERETO.**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Commencing on September 28, 2025, First Brands Group, LLC and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") each filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On November 21, 2025, the Debtors filed with the Bankruptcy Court a motion (Docket No. 758) (the "**Motion**") seeking, among other things, entry of an order approving procedures for the rejection of certain unexpired leases and executory contracts (the "**Contracts**") and the abandonment of any personal property, including inventory, furniture, fixtures, equipment, and/or other material, at any premises subject to a lease under which one of the Debtors is a lessee.

On January 8, 2026, the Bankruptcy Court entered the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**").  An electronic copy of the Procedures Order can be accessed at https://restructuring.ra.kroll.com/firstbrands/.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**Contract Rejection**

In accordance with the Procedures Order, the Debtors hereby notify you that they have determined, in the exercise of their businesses judgment, that each Contract set forth on **Schedule 1**, attached hereto, is hereby rejected effective as of the date set forth on the applicable schedule, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree (the "**Rejection Date**").

Absent an objection being timely filed, the Debtors may submit to the Bankruptcy Court a proposed order, substantially in the form annexed hereto as **Exhibit A** (each such order, a "**Rejection Order**"), and the Bankruptcy Court may enter such order without a hearing, approving the rejection of each Contract which shall become effective on the applicable Rejection Date set forth on **Schedule 1**, attached hereto, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.  If an objection is filed for fewer than all of the Contracts included on this Rejection Notice, the Debtors may submit a proposed Rejection Order for the Contracts for which no objection was filed.

If an objection to the rejection of any Contract is timely filed and served in compliance with the foregoing and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates and shall provide at least seven (7) calendar days' notice of such hearing to each objecting party and the Objection Service Parties (as defined below).  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth on **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

Parties seeking to object to the proposed rejection of a Contract must file a written objection[2] with the Court and serve such objection by email on:

(i)     the Debtors, c/o First Brands Group, LLC, 127 Public Square, Suite 5300, Cleveland, OH 44114 (Attn:  Charles M. Moore, Interim Chief Executive Officer (cmoore@alvarezandmarsal.com) and Daniel Jerneycic, Chief Restructuring Officer (djernycic@alvarezandmarsal.com);

(ii)    counsel for the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, TX 77002 (Attn: Clifford W. Carlson, Esq. (clifford.carlson@weil.com)) and 767 Fifth Avenue, New York, NY 10153 (Attn: Matthew S. Barr, Esq. (matt.barr@weil.com), Sunny Singh, Esq. (sunny.singh@weil.com), Andriana Georgallas, Esq. (andriana.georgallas@weil.com), Kevin Bostel, Esq. (kevin.bostel@weil.com), and Jason H. George, Esq. (jason.george@weil.com));

---

[2]    Any objection to the proposed rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  An objection to the proposed rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in this Rejection Notice, unless otherwise specified in such objection.

(iii)    the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002 (Attn: Jayson B. Ruff, Esq. (jayson.b.ruff@usdoj.gov) and Vianey Garza (vianey.garza@usdoj.gov));

(iv)    counsel for the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Stephen D. Silverman (ssilverman@gibsondunn.com), AnnElyse Scarlett Gains (agains@gibsondunn.com), Christina Brown (christina.brown@gibsondunn.com), Jonathan Dunworth (jdunworth@gibsondunn.com), Nicholas Rosshirt (nrosshirt@gibsondunn.com), and Katharine E. Scott (kscott@gibsondunn.com));

(v)    counsel for the Creditors' Committee, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com), Bennett Silverberg (bsilverberg@brownrudnick.com), Kenneth Aulet (kaulet@brownrudnick.com), Andrew Carty (acarty@brownrudnick.com)), One Financial Center, Boston, MA 02111 (Attn: Tristan Axelrod (taxelrod@brownrudnick.com) and Matthew Sawyer (msawyer@brownrudnick.com)), and Cole Schotz P.C., 901 Main Street, Suite 4120, Dallas, TX 75202 (Attn: Ian Phillips (iphillips@coleschotz.com), Seth Van Aalten (svanaalten@coleschotz.com), and Justin Alberto (jalberto@coleschotz.com)); and

(vi)    any party that has requested notice pursuant to Bankruptcy Rule 2002 (the parties in subclauses (i)–(vi), collectively, the "**Objection Service Parties**"),

so as to be ***actually received*** by the Objection Service Parties no later than fourteen (14) calendar days, or such shorter period authorized by the Court, after the date the Debtors served this Notice.

Pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a counterparty to a Contract as a security deposit or other similar arrangements, such counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of this Court or consent of the Debtors.

Personal property that is subject to Contracts will be made available to each applicable lessor or counterparty "as is, where is," and the Debtors will negotiate in good faith with each applicable counterparty to determine a mutually convenient date and time for the applicable counterparty to retrieve its personal property. The Debtors make no representation or warranty regarding the condition or state of title of such property. If such property is non-serviceable, the Debtors are under no obligation to repair such property to make it serviceable. For the avoidance of doubt, if any personal property subject to a Contract has not been retrieved by the applicable counterparty by the later of the Rejection Date for the relevant Contract, or other date agreed to

between the Debtors and the applicable counterparty as set forth in this subparagraph, the Debtors will not be liable for any use or disposal of such remaining property.

To the extent you wish to assert a claim(s) with respect to rejection of your Contract(s), you must do so by the later of (i) the claims bar date established in these chapter 11 cases, if any, (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the Rejection Order is entered, and (iii) any applicable date established by further order of the Court.  **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (I) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (II) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (III) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

Dated:  July 10, 2026
          Houston, Texas

*/s/  Clifford W. Carlson*

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
            clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
            sunny.singh@weil.com
            andriana.georgallas@weil.com
            kevin.bostel@weil.com
            jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

## Schedule 1

## List of Rejected Contracts[1]

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | REJECTION DATE |
|---|---|---|---|---|
| 1. | ARAMARK UNIFORM SERVICES | SERVICE AGREEMENT DATED OCTOBER 18, 2018 FOR UNIFORM RENTAL AND RELATED SERVICES COVERING GARMETS, FLAME RESISTANT MERCHANDISE, RELATED SERVICES, AND OTHER ALLIED MERCHANDISE (WORK GARMENTS, MATS, SCRAPERS, TOWELS) | JASPER RUBBER PRODUCTS, INC | July 6, 2026 |
| 2. | ARAMARK UNIFORM SERVICES | FLAME RESISTANT SERVICE AGREEMENT DATED MARCH 21, 2019 FOR UNIFORM WORK GARMENT RENTAL (DENIM JEANS) | CHAMPION LABORATORIES, INC. | July 6, 2026 |
| 3. | ARAMARK UNIFORM SERVICES | SERVICE AGREEMENT DATED JUNE 10, 2019 FOR UNIFORM WORK GARMET RENTAL (PANTS, SHIRTS) | FRAM GROUP OPERATIONS LLC | July 6, 2026 |
| 4. | ARAMARK UNIFORM SERVICES | SERVICE AGREEMENT ADDENDUM AMENDING ORIGINAL AGREEMENT DATED OCTOBER 29, 2020. KEY AMENDMENTS: (1) ADDS WEEKLY RESTROOM SERVICES AND HAND SANITIZER PRODUCTS TO SERVICE ORDER (2) EXTENDS THE CONTRACT TERM TO THE LATER OF THREE YEARS FROM THE ADDENDUM SIGNING OR THE REMAINING ORIGINAL TERM | FRAM GROUP OPERATIONS LLC | July 6, 2026 |
| 5. | ARAMARK UNIFORM SERVICES | SERVICE AGREEMENT DATED MARCH 1, 2021 FOR UNIFORM RENTAL AND RELATED SERVICES COVERING GARMETS, FLAME RESISTANT MERCHANDISE, RELATED SERVICES, AND OTHER ALLIED MERCHANDISE ON PROVIDED ON SCHEDULE I (MATS, MOPS, WORK GARMENTS, TOWELS, CLEANING SUPPLIES, TOILETRIES) | FIRST BRANDS GROUP, LLC | July 6, 2026 |
| 6. | ARAMARK UNIFORM SERVICES | SERVICE AGREEMENT ADDENDUM DATED NOVEMBER 22, 2022 EXTENDING TERM FOR ADDITIONAL 38 MONTHS WITH API CAPPED AT 2% FOR 2023, 2024, 2025. INCLUDES WAIVER OF API RELIEF IN 2022 | JASPER RUBBER PRODUCTS, INC | July 6, 2026 |
| 7. | ARAMARK UNIFORM SERVICES | SERVICE AGREEMENT DATED MARCH 22, 2023 FOR UNIFORM RENTAL COVERING GARMETS, RELATED SERVICES, AND OTHER ALLIED MERCHANDISE (MATS, MOPS, WORK GARMENTS, TOWELS, CLEANING SUPPLIES, TOILETRIES) | HOPKINS MANUFACTURING CORPORATION | July 6, 2026 |

---

[1] The inclusion of a Contract on this list does not constitute an admission (i) that a particular Contract is an executory contract within the meaning of the Bankruptcy Code, (ii) as to the executory or non-executory nature of the Contract, (iii) as to the expired or unexpired nature of such Contract, or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | REJECTION DATE |
|---|---|---|---|---|
| 8. | ARAMARK UNIFORM SERVICES | SERVICE AGREEMENT DATED SEPTEMBER 19, 2023 FOR UNIFORM RENTAL AND RELATED SERVICES COVERING GARMETS, FLAME RESISTANT MERCHANDISE, RELATED SERVICES, AND OTHER ALLIED MERCHANDISE (HANGER STANDS, MATS, MOPS, WORK GARMENTS, TOWELS, CLEANING SUPPLIES, TOILETRIES) | HOPKINS MANUFACTURING CORPORATION | July 6, 2026 |
| 9. | VESTIS SERVICES, LLC (F/K/A ARAMARK UNIFORM & CAREER APPRAEL, LLC) | SERVICE AGREEMENT ADDENDUM DATED FEBRUARY 11, 2025 EXTENDING TERM OF CUSTOMER'S [JASPER RUBBER PRODUCTS INC] FOR ADDITIONAL 36 MONTHS | JASPER RUBBER PRODUCTS, INC | July 6, 2026 |
| 10. | VESTIS SERVICES, LLC (F/K/A ARAMARK UNIFORM & CAREER APPRAEL, LLC) | FIRST AMENDMENT TO SERVICE AGREEMENT DATED SEPTEMBER 2, 2025 AMENDING ORIGINAL AGREEMENT DATED MARCH 1, 2021. KEY AMENDMENTS: (1) NEW 104-WEEK TERM FROM SEPT 2, 2025 WITH AUTOMATIC MONTH-TO-MONTH RENEWAL; (2) 3% ANNUAL PRICE CAP REQUIRING CUSTOMER CONSENT; (3) SUPPLIER EXIT RIGHTS WITHOUT PENALTY IF BETTER PRICING/LEAD TIMES AVAILABLE OR SERVICE ISSUES PERSIST 30+ DAYS; (4) NO BUYBACK RESPONSIBILITY ON TERMINATION; (5) NO LIABILITY FOR GARMENTS >12 MONTHS OLD | FIRST BRANDS GROUP, LLC | July 6, 2026 |