**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**SIAM FUKOKU CO., LTD.'S APPLICATION FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2), Siam Fukoku Co., Ltd. ("SFC"), by the undersigned counsel, hereby files this *Application for Allowance and Payment of Administrative Expense Claim* (the "Application"), seeking entry of an order, substantially in the form attached hereto as **Exhibit B**, granting SFC: (a) an allowed administrative expense claim in the amount of $28,419.53, together with any and all other costs and expenses allowable under

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, Ohio 44114.

1

applicable law and (b) affording SFC's administrative expense claim priority status.  In support of this Application, SFC states as follows:

## JURISDICTION AND VENUE

1.        The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over the matters outlined in this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The bases for the relief requested herein are §§ 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

## BACKGROUND

4.        On September 24, 2025 and September 28, 2025 (collectively, the "Petition Date"), First Brands Group, LLC and its affiliates (the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors are authorized to operate their business and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

5.        SFC specializes in the manufacture of rubber and plastic products and has served as a key supplier of goods used in the Debtors' business operations, both before and after the Petition Date.

6.        Prior to the Petition Date, SFC delivered goods to Debtor Trico Products Corporation ("Trico") and held a prepetition claim.

7.        On November 4, 2025, the Court entered that certain *Final Order (I) Authorizing Debtors to Pay (a) Critical Vendor Claims, (b) Non-U.S. Vendor Claims, (c) Lien Claims, and (d) 503(B)(9) Claims, (II) Confirming Administrative Expense Priority of Undisputed Outstanding*

*Prepetition Orders, and (III) Granting Related Relief* [ECF No. 519] ("the "Critical Vendor Order"), whereby the Debtors were authorized to pay the prepetition claims of certain suppliers, including SFC.

8.      On or around December 10, 2025, SFC and Trico entered into that certain trade agreement (the "Trade Agreement")[2], in which SFC and Trico agreed to post-petition terms.

9.      Since the execution of the Trade Agreement, SFC has continued to supply goods to Trico and Trico has been able to continue manufacturing its own products from the use of SFC's goods.

10.      In January 2026, Trico submitted a postpetition purchase order to SFC, requesting the manufacture and delivery of goods with a required shipment date in March 2026 (the "Purchase Order"), attached hereto as **Exhibit A**.

11.      SFC timely manufactured the goods under the Purchase Order in order to meet the required shipment date.  Upon completion of the Purchase Order, SFC attempted to arrange delivery with Trico, however, Trico failed to coordinate delivery fulfillment.  As a result, SFC continues to hold the goods as inventory.

12.      The goods manufactured under the Purchase Order were produced at the request of Trico, in the ordinary course of business, and for the benefit of Trico's bankruptcy estate. Therefore, SFC's production of these goods constitutes an actual and necessary cost of preserving the bankruptcy estate under § 503(b)(1)(A).

13.      SFC seeks reimbursement in the amount of $28,419.53 for the finished goods that SFC manufactured and held in inventory pursuant to the Purchase Order placed by Trico under the Trade Agreement. Accordingly, SFC respectfully requests allowance and payment of an

---

[2] Due to a confidentiality provision contained therein, the Trade Agreement is not attached hereto.

administrative expense claim in the amount of $28,419.53 (the "Administrative Expense Claim"), for unpaid postpetition goods and services provided under the Trade Agreement.

## RELIEF REQUESTED

14.     By this Application, SFC requests an entry of an order, substantially in the form attached hereto as **Exhibit B**, (a) allowing SFC an administrative priority expense claim in the amount of $28,419.53 and (b) authorizing and directing the Debtors to pay the allowed administrative expenses to SFC.

## BASES FOR RELIEF REQUESTED

15.     Section 507(a)(2) of the Bankruptcy Code grants priority to "administrative expenses allowed under section 503(b)." 11 U.S.C. § 507(a)(2). Section 503(b)(1)(A) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate including wages, salaries, and commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A).

16.     "To qualify as an 'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee [or debtor-in-possession] that benefitted the estate." *Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*, 931 F.3d 432, 441 (5th Cir. 2019) (quoting *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)*, 258 F.3d 385, 387 (5th Cir. 2001)). Therefore, to establish entitlement to an administrative expense priority, a claimant must show: (1) that its claim arose "from a transaction with the debtor in possession," and (2) that the transaction involved "some inducement by the debtor-in-possession." *Id.* at 442.

17.     SFC is entitled to an administrative expense claim pursuant to section 503(b)(1)(A)

of the Bankruptcy Code. SFC's claim arose from a postpetition transaction with Trico. Trico requested goods from SFC in the ordinary course of Trico's postpetition operations and Trico actively negotiated and entered into the Trade Agreement with SFC, under which SFC agreed to continue supplying goods for the benefit of Trico's ongoing operations. Additionally, the Trade Agreement itself establishes inducement by Trico. *See In re Whistler Energy II, L.L.C.*, 931 F.3d at 442 ("[A] written post-petition agreement between a debtor-in-possession and a creditor constitutes inducement by the debtor-in-possession.").

18.     The administrative expenses claimed must also benefit the estate. *Id.* at 443. Pursuant to the Trade Agreement, Trico submitted purchase orders to SFC, and SFC manufactured and maintained finished goods inventory pursuant to the Purchase Order.  These finished goods were produced specifically for Trico at its direction, and it was necessary for SFC to manufacture such goods in advance to ensure timely delivery.  Debtors are required to pay "the full and ordinary cost of such goods and services, including overhead and incidental expenses," and the costs related to the Debtors' "ability to continue to conduct business as usual." *In re Whistler Energy II, L.L.C.*, 931 F.3d at 443-44.  The availability of goods or services is a benefit of the estate, regardless of whether the goods or services are used by the debtor.  *See In re Marquez Construction and Maintenance, LLC*, 675 B.R. 341, 348 (Bankr. W.D. Tex. 2025) (quoting *Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*, 931 F.3d 432, 444 (5th Cir. 2019)) ("conducting business as usual often requires that certain goods or services be available, even if ultimately not used . . . [t]herefore when the debtor-in-possession induces availability and the bankruptcy estate derives a benefit from it, the ordinary cost of ensuring such availability qualifies as an administrative expense.") Because the finished goods were manufactured specifically for Trico and which SFC has no alternative use for, nor can SFC sell the goods to mitigate its damages,

SFC is entitled to an administrative expense claim for the value of the finished goods inventory. Accordingly, SFC is entitled to $28,419.53, which constitutes its profits and costs reasonably incurred.

19.     SFC is therefore entitled to an allowed administrative expense claim in the amount of $28,419.53 for postpetition goods and services provided to Trico.

## NOTICE

20.     Notice of this Application will be provided to all parties registered to receive electronic notice through the Court's electronic case filing system.

## CONCLUSION

WHEREFORE, SFC respectfully requests that the Court enter an order substantially in the form attached hereto, (a) allowing the Administrative Expense Claim as an allowed administrative expense claim against the Debtors in the total amount of $28,419.53; (b) authorizing and directing the Debtors to pay such allowed administrative expense claim to SFC; and (c) granting SFC such other and further relief as the Court deems appropriate under the circumstances.

Dated: July 10, 2026                                    Respectfully submitted,

                                                        */s/ Josh Brandau*
                                                        Josh Brandau (#24124297)
                                                        BARNES & THORNBURG LLP
                                                        2121 N. Pearl Street, Suite 700
                                                        Dallas, TX 75201
                                                        Telephone: (214) 258-4185
                                                        Facsimile: (214) 258-4199
                                                        Email: jbrandau@btlaw.com

                                                        *Attorneys for Siam Fukoku Co., Ltd.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, a copy of the foregoing was served electronically on the date of filing through the Court's ECF System on all ECF participants registered in this case at the email address registered with the Court.

_/s/ Josh Brandau_
Josh Brandau