**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*[1] | § | |
| Debtor | | **Case No. 25-90399** |

## IA MECHANICAL INC.'S LIMITED OBJECTION TO SALE OF CERTAIN DALTON ASSETS AND REQUEST THAT MECHANIC'S LIEN ATTACH TO SALE PROCEEDS

*[relates to ECF 3128]*

IA Mechanical Inc. ("IA Mechanical"), a secured creditor of Debtor Dalton Corporation ("Dalton"), files this *Limited Objection* to the proposed sale of certain assets of Dalton and its affiliates to MiddleGround Capital and its designated purchaser entities (the "Sale"), as described in the *Notice Regarding Proposed Order in Furtherance of the Wind Down Order Regarding Sale of Certain Assets of Dalton Corporation, Warsaw Manufacturing Facility Inc., Dalton Foundries, Inc., and Stryker Machining Facility Co. to MiddleGround Capital* [Docket No. 3128] (the "Sale Notice"). In support, IA Mechanical respectfully states as follows:

### I.      Preliminary Statement

1.      IA Mechanical does not seek to prevent the Sale, provided that its valid and perfected mechanic's lien against the real property located at 1900 E. Jefferson Street, Warsaw, Indiana is preserved and attaches to the proceeds of the Sale with the same validity, priority, force, and effect that the lien had against the real property immediately before the Sale.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.

2.     IA Mechanical furnished substantial labor and materials to improve the Warsaw property at Dalton's request. Dalton failed to pay nine invoices totaling $502,750.71. Before the bankruptcy filing, IA Mechanical timely recorded a mechanic's lien against the Warsaw property.

3.     IA Mechanical has also filed Proof of Claim No. 1760 in these bankruptcy cases, asserting a secured claim based on its mechanic's lien.

4.     Debtors' counsel has confirmed in writing that Proof of Claim No. 1760 is classified as an "Other Secured Claim" in Class 2 and will be treated as such under the Debtors' Plan.

5.     The Sale Notice and proposed Sale Order contemplate the transfer of the property securing IA Mechanical's claim free and clear of liens. The proposed Sale Order also provides that liens against the transferred assets will attach solely to the applicable sale proceeds, with the same validity and priority they held against the transferred assets immediately before the Sale. IA Mechanical therefore requests that any order approving the Sale expressly provide that its mechanic's lien attaches to the identifiable proceeds attributable to the Warsaw property and that sufficient proceeds be segregated and preserved pending allowance, payment, or consensual resolution of Proof of Claim No. 1760.

## II.     Background

### A.  IA Mechanical's Work and Unpaid Claim

6.     IA Mechanical is a Georgia corporation with its principal office at 1465 Ventura Drive, Cumming, Georgia 30040.

7.     Dalton is an Indiana corporation and, before the proposed Sale, owned certain real property and improvements commonly known as 1900 E. Jefferson Street, Warsaw, Indiana

46580, including the parcels described in the Sale Notice and Purchase Agreement (collectively, the "Warsaw Property").

8.      On or about January 31, 2025, IA Mechanical provided Dalton a quote to furnish labor and materials for improvements to the Warsaw Property.

9.      Dalton accepted the quote and authorized IA Mechanical to proceed.

10.     IA Mechanical fully performed the work requested by Dalton and invoiced Dalton weekly.

11.     Dalton failed to pay the final nine invoices, totaling $502,750.71.

### B.  IA Mechanical's Mechanic's Lien

12.     On July 31, 2025, before Dalton commenced its bankruptcy case, IA Mechanical timely recorded its mechanic's lien against the Warsaw Property in the Office of the Recorder of Kosciusko County, Indiana as Instrument No. 2025071587 (the "Mechanic's Lien").

13.     The Mechanic's Lien secures the principal amount of $502,750.71, together with interest, attorneys' fees, costs, and any other amounts recoverable under applicable law.

14.     Because IA Mechanical recorded the Mechanic's Lien before the commencement of Dalton's bankruptcy case, the lien was perfected before the petition date.

15.     Under applicable Indiana law, the priority of the Mechanic's Lien relates back to the commencement of the work or furnishing of labor and materials, subject to applicable priority rules.

### C.  IA Mechanical's Proof of Claim

16.     IA Mechanical filed Proof of Claim No. 1760 in these bankruptcy cases based on the unpaid invoices and Mechanic's Lien.

17.     Proof of Claim No. 1760 asserts a secured claim against the Warsaw Property in the amount of at least $502,750.71, subject to interest, attorneys' fees, costs, and other amounts recoverable under applicable law.

18.     Debtors' counsel has confirmed in writing that Proof of Claim No. 1760 has been classified as an "Other Secured Claim" in Class 2 and will be treated as such under the Plan.

19.     Debtors' counsel further confirmed that a previously issued Class 7 General Unsecured Claim ballot was issued in error and would be invalidated.

**D.  The Proposed Sale**

20.     On July 2, 2026, the Debtors filed the Sale Notice at Docket No. 3128.

21.     The Sale Notice seeks approval of a sale to MiddleGround Capital and affiliated purchaser entities of certain real and personal property associated with Dalton's business operations.

22.     The assets proposed to be transferred expressly include real property and improvements located at 1900 E. Jefferson Street, Warsaw, Indiana, as well as machinery, fixtures, tools, equipment, inventory, and other property located there.

23.     The aggregate purchase price is $6,000,000, allocated as follows:

a.   $3,000,000 for real property; and

b.   $3,000,000 for machinery and equipment.

24.     The Purchase Agreement provides that Dalton Real Property, LLC will acquire the parcels associated with 1900 E. Jefferson Street.

25.     The Sale is proposed to be free and clear of all liens, liabilities, claims, and interests, other than expressly assumed liabilities.

4

26.     Paragraph 12 of the proposed Sale Order provides, in substance, that any lien, liability, claim, or interest in the transferred assets shall attach solely to the applicable net or gross sale proceeds with the same validity, priority, force, and effect, if any, that it had against the transferred assets immediately before the effective date of the Sale.

27.     IA Mechanical agrees that its lien may attach to the proceeds attributable to the Warsaw Property, provided that:

   a.  the lien attaches to those proceeds with the same validity, priority, extent, force, and effect that it had against the Warsaw Property;

   b.  sufficient proceeds are segregated and preserved;

   c.  the proceeds are not distributed pending resolution of IA Mechanical's claim and lien rights; and

   d.  IA Mechanical's rights are not prejudiced by any failure to receive prior notice of the Sale.

### III.     Limited Objection

**A. IA Mechanical Is Entitled to Adequate Protection of Its Interest in the Warsaw Property**

28.     Section 363(e) of the Bankruptcy Code provides that, upon request of an entity having an interest in property proposed to be sold, the Court shall prohibit or condition the sale as necessary to provide adequate protection of that interest.

29.     IA Mechanical holds a perfected prepetition mechanic's lien against the Warsaw Property.

30.     The Sale proposes to eliminate IA Mechanical's lien from the real property and transfer the property to the purchaser free and clear.

31.     IA Mechanical is therefore entitled to adequate protection of its secured interest.

5

32.     At minimum, adequate protection requires that IA Mechanical's lien attach to the proceeds attributable to the Warsaw Property with the same validity, priority, extent, force, and effect that the lien held against the real property immediately before the Sale.

33.     Adequate protection also requires preservation of sufficient proceeds pending determination or consensual resolution of the amount, validity, extent, and priority of IA Mechanical's secured claim.

**B. The Proposed Sale Order Already Contemplates That Liens Will Attach to Sale Proceeds**

34.     IA Mechanical's requested relief is consistent with the express terms of the proposed Sale Order.

35.     Paragraph 12 of the proposed Sale Order provides that liens against the transferred assets will attach solely to the applicable net or gross sale proceeds with the same validity, priority, force, and effect they held against the transferred assets before the Sale.

36.     IA Mechanical requests that the Sale Order expressly identify the Mechanic's Lien and Proof of Claim No. 1760 as protected by that provision.

37.     Without an express reservation and segregation of proceeds, IA Mechanical faces a material risk that the proceeds will be distributed before its claim and lien rights are resolved.

38.     A general statement that liens attach to proceeds is insufficient if the proceeds are not identifiable, segregated, and preserved.

39.     The Debtors should therefore be required to hold in a segregated account an amount equal to at least $502,750.71, plus a reasonable reserve for asserted interest, attorneys' fees, and costs, pending further order of the Court or written agreement with IA Mechanical.

**C. IA Mechanical Does Not Consent to Any Broader Extinguishment of Its Rights**

6

40.     IA Mechanical does not consent to the extinguishment, release, discharge, subordination, avoidance, or impairment of its Mechanic's Lien except to the limited extent that the lien transfers from the Warsaw Property to identifiable sale proceeds.

41.     IA Mechanical does not consent to any finding that its lien is invalid, avoidable, subordinate, unsecured, or subject to bona fide dispute.

42.     IA Mechanical does not consent to any distribution of the proceeds attributable to the Warsaw Property until its secured claim has been paid, allowed, or otherwise resolved.

43.     IA Mechanical further does not consent to any provision that would deem it to have waived its lien rights by failing to object before receiving actual and adequate notice of the Sale.

### IV.     Requested Modifications to the Sale Order

44.     IA Mechanical requests that the proposed Sale Order be modified to include the following language:

> Notwithstanding anything in this Order, the Purchase Agreement, the Wind Down Order, or any other document to the contrary, the mechanic's lien asserted by IA Mechanical Inc. against the real property and improvements located at 1900 E. Jefferson Street, Warsaw, Indiana, including the lien recorded in the Office of the Recorder of Kosciusko County, Indiana as Instrument No. 2025071587, as corrected by Instrument No. 2025120808, shall attach to the portion of the Sale proceeds attributable to such real property with the same validity, priority, extent, force, and effect, if any, that such lien had against the real property immediately before the Effective Date, subject to all rights, claims, objections, defenses, and challenges of the parties.

> Pending further order of the Court or written agreement between IA Mechanical Inc. and the Debtors or their successor, the Debtors shall segregate and shall not distribute Sale proceeds in an amount not less than $502,750.71, plus a reasonable reserve for asserted interest, attorneys' fees, and costs. Nothing in this Order constitutes a determination of the allowance, amount, validity, extent, priority, or enforceability of Proof of Claim No. 1760 or IA Mechanical Inc.'s mechanic's lien, and all rights of IA Mechanical Inc. with respect thereto are expressly preserved.

7

45.     This language will not interfere with the purchaser's acquisition of the Warsaw Property free and clear.

46.     Rather, it will implement the proposed Sale Order's existing lien-attachment provision, provide the adequate protection required by section 363(e), and preserve the parties' rights regarding the ultimate allowance and priority of IA Mechanical's claim.

## V.      Reservation of Rights

47.     IA Mechanical reserves all rights with respect to: Proof of Claim No. 1760; the validity, perfection, extent, and priority of the Mechanic's Lien; the value of its collateral; entitlement to interest, attorneys' fees, costs, and other amounts under applicable law and section 506(b) of the Bankruptcy Code, if applicable; the adequacy of notice of the Sale; the allocation of the Sale proceeds among the transferred real properties and other assets; the right to seek adequate protection, allowance of its secured claim, payment from proceeds, or other relief; and any objection to the Plan, claim objection, distribution, or other action affecting its rights.

## VI.     Reservation of Rights

WHEREFORE, IA Mechanical respectfully requests that the Court:

a)  condition approval of the Sale on IA Mechanical's Mechanic's Lien attaching to the proceeds attributable to the Warsaw Property with the same validity, priority, extent, force, and effect that it held against the Warsaw Property immediately before the Sale;

b)  require the Debtors to segregate and preserve not less than $502,750.71, plus a reasonable reserve for asserted interest, attorneys' fees, and costs, from the Sale proceeds pending further order or written agreement;

8

c)   prohibit the Debtors, any plan administrator, claims ombudsman, liquidating trustee, or other successor from distributing the reserved proceeds pending resolution of IA Mechanical's secured claim;

d)   include the proposed protective language set forth above in any order approving the Sale;

e)   preserve all rights of IA Mechanical with respect to Proof of Claim No. 1760 and the Mechanic's Lien; and

f)   grant IA Mechanical all other relief, at law or in equity, to which it may be entitled.

Respectfully submitted this 13th day of July, 2026.

*/s/ Elias M. Yazbeck*
Elias M. Yazbeck
Texas State Bar No. 24132103
The Law Office of Elias M. Yazbeck, PLLC
4119 Montrose Blvd., Suite 470
Houston, Texas 77006
Telephone: (281) 755-7320
Email: elias@yazbecklaw.com
**Attorney for IA Mechanical Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, a true and correct copy of the foregoing Notice of Appearance was served via the Court's CM/ECF system on all parties receiving electronic notice in this case.

*/s/ Elias M. Yazbeck*
Elias M. Yazbeck

9