**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*[1]** | § | |
| **Debtor** | | **Case No. 25-90399** |

**ORDER SUSTAINING IA MECHANICAL INC.'S LIMITED OBJECTION AND
PRESERVING MECHANIC'S LIEN AGAINST SALE PROCEEDS**

*[Resolves ECF _____]*

Upon consideration of IA Mechanical Inc.'s Limited Objection to Sale of Certain Dalton

Assets and Request That Mechanic's Lien Attach to Sale Proceeds (the "Limited Objection"); and

the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being

a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having determined that notice of the Limited Objection was

sufficient under the circumstances; and the Court having considered the Limited Objection, the

Notice Regarding Proposed Order in Furtherance of the Wind Down Order Regarding Sale of

Certain Assets of Dalton Corporation, Warsaw Manufacturing Facility Inc., Dalton Foundries,

Inc., and Stryker Machining Facility Co. to MiddleGround Capital [Docket No. 3128] (the "Sale

Notice"), the proposed sale order, the record in these Chapter 11 cases, and the arguments of the

parties, if any; and the Court having determined that the relief granted herein is necessary and

appropriate to provide adequate protection of IA Mechanical Inc.'s asserted interest in the property

being sold; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.

1. The Limited Objection is SUSTAINED to the extent set forth in this Order.

2. Any objection to the timeliness of the Limited Objection is OVERRULED. The Limited Objection shall be deemed timely filed and considered on its merits.

3. IA Mechanical Inc. ("IA Mechanical") asserts a mechanic's lien against certain real property and improvements commonly known as 1900 E. Jefferson Street, Warsaw, Indiana 46580, including the applicable parcels identified in the Sale Notice and related sale documents (the "Warsaw Property").

4. IA Mechanical's mechanic's lien was recorded in the Office of the Recorder of Kosciusko County, Indiana on July 31, 2025 as Instrument No. 2025071587 and was subsequently corrected by an Affidavit of Scrivener's Error recorded on December 22, 2025 as Instrument No. 2025120808 (collectively, the "Mechanic's Lien").

5. IA Mechanical filed Proof of Claim No. 1760 in these Chapter 11 cases, asserting a secured claim based on the Mechanic's Lien in the principal amount of $502,750.71, together with asserted interest, attorneys' fees, costs, and other amounts recoverable under applicable law.

6. Notwithstanding anything contained in the Sale Notice, the Purchase Agreement, the Wind Down Order, any order approving the sale of the Warsaw Property, or any other document or order to the contrary, the Mechanic's Lien shall attach to the proceeds of the sale attributable to the Warsaw Property with the same validity, priority, extent, force, and effect, if any, that the Mechanic's Lien had against the Warsaw Property immediately before consummation of the sale.

7. The attachment of the Mechanic's Lien to the sale proceeds shall be subject to all rights, claims, objections, defenses, setoff rights, recoupment rights, avoidance rights,

2

subordination rights, and challenges of the Debtors, their estates, IA Mechanical, the Creditors' Committee, any plan administrator, claims ombudsman, liquidating trustee, secured party, or other party in interest.

8. Pending further order of this Court or written agreement between IA Mechanical and the Debtors or their successor, the Debtors shall segregate and preserve from the sale proceeds an amount not less than $502,750.71, plus a reasonable reserve for IA Mechanical's asserted interest, attorneys' fees, costs, and other amounts recoverable under applicable law (the "Reserved Proceeds").

9. The Debtors, any plan administrator, claims ombudsman, liquidating trustee, disbursing agent, or other successor or representative of the Debtors shall not distribute, transfer, encumber, dissipate, or otherwise dispose of the Reserved Proceeds without:

   a. further order of this Court entered after notice to IA Mechanical and an opportunity to be heard; or

   b. the prior written consent of IA Mechanical.

10. The Reserved Proceeds shall be held in a segregated account and shall remain identifiable and traceable pending resolution of Proof of Claim No. 1760 and the Mechanic's Lien.

11. Nothing in this Order constitutes a determination or adjudication of:

   a. the allowance or amount of Proof of Claim No. 1760;

   b. the validity, perfection, priority, extent, or enforceability of the Mechanic's Lien;

   c. the value of the collateral securing Proof of Claim No. 1760;

   d. IA Mechanical's entitlement to interest, attorneys' fees, costs, or other amounts under applicable law or 11 U.S.C. § 506(b); or

    e.  the proper allocation of the sale proceeds among the Warsaw Property, other real property, machinery, equipment, inventory, or other transferred assets.

12. All rights of IA Mechanical with respect to Proof of Claim No. 1760, the Mechanic's Lien, the Reserved Proceeds, and any proceeds attributable to the Warsaw Property are expressly preserved.

13. Nothing in this Order shall impair the purchaser's rights under any final sale order to acquire the Warsaw Property free and clear of liens, claims, encumbrances, and interests, provided that IA Mechanical's Mechanic's Lien attaches to the Reserved Proceeds as provided herein.

14. To the extent of any inconsistency between this Order and the Sale Notice, the Purchase Agreement, the Wind Down Order, any sale order, or any related document, this Order shall control solely with respect to IA Mechanical, Proof of Claim No. 1760, the Mechanic's Lien, and the Reserved Proceeds.

15. IA Mechanical and the Debtors are authorized to enter into a stipulation resolving the treatment, allowance, payment, or other disposition of Proof of Claim No. 1760 and the Mechanic's Lien, subject to Court approval to the extent required.

16. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

SIGNED: _____

_____

CHRISTOPHER M. LOPEZ

UNITED STATES BANKRUPTCY JUDGE