**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, *et al.*** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors**[1]. | § | **(Jointly Administered)** |

---

**NOTICE OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION
BY TELEPHONE AND VIDEO TECHNOLOGY**

1.      This Notice is filed pursuant to BLR 9017-1(c)(2)(B) by Michael Bueno.

2.      This Notice pertains to the matters scheduled for hearing or trial in this case on July 21st at 10 am (prevailing central time).

3.      The party filing this Notice intends to call Michael Bueno to testify at the scheduled hearing or trial by telephone and video technology in accordance with the Honorable Christopher M. Lopez's court procedures.

4.      Any party-in-interest may object to this notice within 3 days of its filing on the Court's docket.  If no party-in-interest files a timely objection, the Court will allow the identified witnesses to give testimony remotely using the Court's telephone and video technology.  If the Court does not authorize the testimony to be taken remotely, the Court will schedule a date for the witness's testimony to be given live in open court.  Both the witness(es) and the objector must appear in person at the scheduled date.

5.      This Notice may be withdrawn at any time prior to the scheduled hearing or trial.

---

[1] A complete list of the debtors (the "**Debtors**" and each a "**Debtor**") in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Dated: July 14, 2026

/s/ Tara LeDay
Tara LeDay (SBN 24106701)
Tara.leday@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-9758
(512) 479-1101 *facsimile*

*Attorneys for Michael Bueno*

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, a true and correct copy of the *foregoing document* was served via this Court's ECF notification system to all parties registered to receive notification, which includes Debtors' counsel and the United States Trustee for the Southern District of Texas.

/s/ Tara LeDay
Tara LeDay

HB: 4927-2968-1085.1

## Exhibit A

**Declaration of Michael Bueno**

HB: 4927-2968-1085.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, *et al.*** | § | |
| | § | **Case No. 25-90399 (CML)** |
| Debtors4F[1]. | § | **(Jointly Administered)** |

DECLARATION OF MICHAEL BUENO IN SUPPORT OF MICHAEL BUENO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

I, Michael Bueno, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

## Background

1.     I am the movant in this proceeding and the plaintiff in the civil action styled Michael Bueno v. Tara Porter, RMER Enterprises, Inc., d/b/a Automotive Specialists, and Cardone Industries Inc., Case No. 2025CV030137, pending in the District Court, County of Adams, Colorado (the "**State Court Action**"). I am over eighteen years of age and competent to make this Declaration. I make this Declaration based on my own personal knowledge of the facts stated herein, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

2.     I submit this Declaration in support of my Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) (the "**Motion**"). Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

---

[1] A complete list of the debtors (the "**Debtors**" and each a "**Debtor**") in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

HB: 4927-2968-1085.1

3.    On May 15, 2023, I was involved in a motor vehicle collision with Tara Porter ("**Porter**"), another defendant in the State Court Action.

4.    Based on my investigation and understanding of the events, the hydroboost brake booster in Porter's 2003 Dodge Ram 2500 failed suddenly and catastrophically immediately prior to the collision, causing or contributing to a loss of braking function in Porter's vehicle.

5.    I am informed and believe that the hydroboost power brake booster installed in Porter's vehicle prior to the May 15, 2023, collision was a refurbished or remanufactured component produced, rebuilt, distributed, or otherwise placed into the stream of commerce by Cardone Industries, Inc. ("**Cardone**").

6.    I am further informed and believe that the failure of the hydroboost brake booster was due, in whole or in part, to the negligent, defective, or otherwise improper design, manufacture, rebuilding, refurbishment, inspection, testing, or distribution of the component by Cardone.

7.    As a direct and proximate result of the May 15, 2023, collision and the injuries I sustained therein, I have incurred substantial economic damages exceeding $1.2 million, including medical expenses exceeding $1,000,000.

8.    Immediately following the collision, I was treated for soft tissue and musculoskeletal injuries. Among my principal injuries was a significant shoulder injury, which was initially treated conservatively with dry needling.

9.    Following my last dry needling appointment, I developed a severe infection — specifically, septic arthritis and bacteremia — which required a prolonged hospital stay and substantially increased my medical expenses and suffering.

10.   Based on the foregoing facts, I filed suit against Porter, RMER Enterprises, Inc. d/b/a Automotive Specialists, and Cardone asserting claims including: (1) strict product liability –

HB: 4927-2968-1085.1

defective product; (2) strict product liability – failure to warn; (3) breach of implied warranty; and (4) negligence.

11.     On March 30, 2026, I filed the Second Amended Complaint and Jury Demand in the State Court Action, which added Cardone as a defendant. A true and correct copy of the Second Amended Complaint is attached to the Proof of Claim as **Exhibit A**.

12.     On September 29, 2025, Cardone and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Cases"). As a result, prosecution of the State Court Action against Cardone has been stayed by operation of the automatic stay under 11 U.S.C. § 362(a).

13.     On June 15, 2026, I filed an unliquidated, unsecured proof of claim (the "**Proof of Claim**") against Cardone in the Cases seeking recovery of over $1,000,000 in damages. The Proof of Claim was assigned claim number 2433. A true and correct copy of the Proof of Claim is attached to the Motion as **Exhibit B**.

14.     I did not receive insurance information from Cardone in connection with the State Court Action.

15.     My counsel also requested insurance documentation from Debtors' counsel. Debtors' counsel represented that it had requested such documentation from the Debtors but had not yet received it. To date, I have not received any information about the applicable insurance policies.

16.     I cannot proceed with the State Court Action against Cardone while the automatic stay remains in place. As a result, I am unable to access any insurance coverage that Cardone may maintain for the claims at issue, and I am unable to pursue my claims to final judgment.

HB: 4927-2968-1085.1

17.     If the stay is not lifted, I will continue to suffer prejudice in the form of delayed recovery for over $1.2 million in damages I have incurred, continued inability to access applicable insurance coverage, and inability to resolve my claims through the State Court Action.

18.     To the extent a final judgment against Cardone in the State Court Action exceeds applicable insurance coverage, I agree to seek recovery from the estate through my Proof of Claim and will not pursue collection efforts against the Debtors outside of the Cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2026.


_____

Michael Bueno

7

HB: 4927-2968-1085.1

## Exhibit B

## Proof of Claim

HB: 4927-2968-1085.1

**Exhibit C**

**Proposed Order**

HB: 4927-2968-1085.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.* | § | |
| | § | **Case No. 25-90399 (CML)** |
| Debtors5F[1]. | § | **(Jointly Administered)** |

### ORDER GRANTING MICHAEL BUENO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

This matter came before the Court upon consideration of *Michael Bueno's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)* (the "Motion")6F[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion; filed by the Movant, pursuant to which the Movant seeks relief from the automatic stay to proceed with the State Court Action, as more fully described in the Motion; the Court having considered the Movant's request and opposition thereto, if any; and it appearing that due and proper notice of the Motion has been provided under the circumstances; upon the arguments of counsel and the record of all proceedings before this Court; and it further appearing that good cause exists for the entry of an order granting the relief requested in the Motion; it is hereby:

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that the Movant is hereby granted relief from the automatic stay provisions of section 362 of the Bankruptcy Code and is permitted to proceed in the State Court Action to final judgment, and appeal, if applicable; and it is further

---

[1] A complete list of the debtors (the "**Debtors**" and each a "**Debtor**") in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

2

**ORDERED** that Movant shall collect the amount awarded in the final judgment rendered in the State Court Action from the proceeds of any applicable insurance policies, with Movant being entitled to pursue any amount of any settlement or final judgment awarded to it that is not recoverable from such insurance policies in these Cases through its Proof of Claim or by pursuing any non-debtor defendants; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

SIGNED _____, 2026.

_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

2

HB: 4927-2968-1085.1

Submitted by:

Tara LeDay (SBN 24106701)
tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Jennifer.pollan@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-9758
(512) 479-1101 *facsimile*

*Attorneys for Michael Bueno*