**<u>Exhibit A</u>**

**Kirschner Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**DECLARATION OF MARC S. KIRSCHNER**
**IN SUPPORT OF APPLICATION OF DEBTORS FOR ENTRY OF AN**
**ORDER AUTHORIZING THE RETENTION OF MARC S. KIRSCHNER AS**
**EXPERT CONSULTANT AND EXPERT WITNESS EFFECTIVE AS OF JUNE 20, 2026**

I, Marc S. Kirschner, declare, pursuant to 28 U.S.C. § 1746 of title 28 of the United States Code, under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I have been working with distressed companies and companies involved in bankruptcy proceedings for over 50 years, including as a bankruptcy/reorganization lawyer, chapter 11 and litigation trustee, financial advisor, investment professional, and fiduciary.

2. Except as otherwise indicated herein, the statements set forth below are based on my personal knowledge, my review of relevant documents, or my opinion based upon my experience.

**Qualifications**

3. I have been an active participant in the development of bankruptcy and reorganization practice over the last fifty (50) years in an area that is global in scope and has impacted many of the country's largest companies, including my involvement with many of the

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

largest and most complex "mega" cases in history.[2]  I have represented debtors, creditors, and creditor committees across a range of industries and have held various roles including bankruptcy/reorganization lawyer, chapter 11 and litigation trustee, financial advisor, investment professional, and fiduciary.  I am currently Senior Advisor to Teneo, a global consulting and financial advisory firm, and previously served as Senior Managing Director of Goldin Associates. I am also the Founder and President of Kirschner Consulting Company, which I founded in 2006 and through which I have provided consulting services from 2006 to 2014 and April 2023 to the present.

4.    I have extensive experience prosecuting and resolving large, complex claims on behalf of and against bankruptcy estates,[3] including billion-dollar claims resolution processes, and have served in fiduciary capacities as a chapter 11 trustee, plan administrator, and litigation trustee.[4]  In these roles, I have overseen complex factual investigations and pursued

---

[2]   *In re Mansfield Tire & Rubber Co.*, No. 679-01238 (JHW) (Bankr. N.D. Ohio 1993); *In re Drexel Burnham Lambert Grp., Inc.*, No. 90 B 10421 (FGC) (Bankr. S.D.N.Y. 1992); *In re Federated Dep't Stores, Inc.*, No. 90-10130 (JVA) (Bankr. S.D. Ohio 1990); *In re R.H. Macy & Co.*, No. 92-40477 (BRL) (Bankr. S.D.N.Y. 1992); *In re Resorts Int'l, Inc.*, No. 89-10119 (RG) (Bankr. D.N.J. 1989); *In re Coleco Indus., Inc.*, No. 88-11505 (PDA) (Bankr. S.D.N.Y. 1988); *In re Anchor Glass Container Co.*, No. 05-15606 (CPM) (Bankr. M.D. Fla. 2005); *In re ICO Global Commc'ns*, No. 99-02933 (MFW) (Bankr. D. Del. 1999); *In re Maxwell Newspapers, Inc.*, No. 91-15531 (REG) (Bankr. S.D.N.Y. 1991); *In re Shea & Gould*, No. 95-45978 (REG) (Bankr. S.D.N.Y. 1995); *In re Washington Group Int'l*, Inc., No. 01-31627 (GWZ) (Bankr. D. Nev. 2001); *In re Sterling Chemicals Holdings, Inc.*, No. 01-37805 (Bankr. S.D. Tex. 2001); *In re Refco, Inc., et al,* No. 05-60006 (RDD) (Bankr. S.D.N.Y. 2005); *In re Tribune Co.*, No. 08-13141 (KJC) (Bankr. D. Del. 2008); *In re Millennium Lab Holdings II, LLC*, No. 15-12284 (LSS) (Bankr. D. Del. 2015); *In re Le-Nature's Bottling Company Inc.*, No. 06-25454 (TPA) (Bankr. W.D. Pa. 2006); *Nine West Holdings, Inc.* No. 18-10947 (SC) (Bankr. S.D.N.Y. 2018); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054 (SGJ) (Bankr. N.D. Tex. 2019).

[3]   *In re ICO Global Communications*, No. 99-02933 (MFW) (Bankr. D. Del. 1999) (claims on behalf of Hughes Space and Satellite Company in excess of $1 billion); *In re Drexel Burnham Lambert Grp., Inc.*, No. 90 B 10421 (FGC) (Bankr. S.D.N.Y. 1992) (objections to claims of holders of $300 million of debt and spearheaded billions of dollars of litigation claims against Michael Milken, the founder of the junk bond business and dozens of other complex claims); *In re Coleco Indus., Inc.*, No. 88-11505 (PDA) (Bankr. S.D.N.Y. 1988) (products liability claims resolution process); *In re Physician's Res. Grp.*, No. 00-30748 (RCM) (Bankr. N.D. Tex. 2000) (resolution of hundreds of millions of dollars of physicians' claims).

[4]   *In re Refco Inc.*, No. 05-60006 (RDD) (Bankr. S.D.N.Y. 2005) (chapter 11 trustee of Refco Capital Markets, Ltd., and subsequently Plan Administrator and Litigation Trustee for the Refco Litigation Trust and Refco Private Actions Trust); *Tribune Litigation Trust* (*see In re Tribune Co.*, No. 08-13141 (KJC) (Bankr. D. Del. 2008)*; Millennium Health Corporate Claims Trust and Lenders Claims Trust* (*see In re Millennium Lab Holdings II,*

recoveries of billions of dollars of losses arising from fraud and management misconduct, including asserting claims for fraudulent transfer, preferential transfers, equitable subordination, recharacterization of leases, securities law violations, common law fraud, breach of fiduciary duty, professional malpractice, and related causes of action against financial institutions, private equity firms, professional firms, and individual officers and directors.  I previously founded and led the bankruptcy reorganization group at the New York office of Jones Day and served as Managing Director and General Counsel of Resurgence Asset Management, a distressed-securities investment advisor, where I was responsible for legal strategy and claims prosecution across the firm's investment portfolio.

5.    I also have substantial experience in fiduciary duty and corporate governance matters, having served on the boards of directors as well as governance and audit committees of several companies,[5] including as an independent director and as a member of special litigation committees responsible for overseeing complex litigation.  In these and other capacities, I have prosecuted claims against third parties for breach of fiduciary duties with asserted damages in the hundreds of millions of dollars.

6.    I have been the principal negotiator in settling numerous claims against third parties, and have testified in person or by declaration numerous times in support of settlements and of chapter 11 plans.  I have served as an expert witness and testified regarding the reasonableness of settlements and the claims resolution process in large, complex bankruptcy

---

*LLC*, No. 15-12284 (LSS) (Bankr. D. Del. 2015)*; Nine West Trust Advisory Board (see In re Nine West Holdings Inc.,* No 18-10947 (SCC) (Bankr. S.D.N.Y. 2018); *In re Yellowstone Mountain Club, LLC*, No. 08-61570 (RBK) (Bankr. D. Mont. 2008) (court-appointed trustee); *Le-Nature's Bottling Company Trust* (*see In re Le-Nature's Bottling Company Inc.*, No. 06-25454 (TPA) (Bankr. W.D. Pa. 2006)); *Highland Capital Management Litigation Sub-Trust* (*see In re Highland Cap. Mgmt., L.P.*, No. 19-34054 (SGJ) (Bankr. N.D. Tex. 2019)).

[5]    Spectrum Brands (Audit Committee and Governance Committee, 2010–2013); First Equity Card Corporation (sole independent director); Washington Mutual Bank Liquidating Trust and its Special Litigation Committee (Board of Directors, March 2012–2018).

matters, including as a rebuttal expert in multibillion-dollar residential mortgage-backed securities litigation, in which I rebutted the expert reports of four defense witnesses.[6]

7.　　　Many of the matters in which I have been involved present fact patterns similar to those at issue here, including insider arrests and indictments of insiders at the beginning of the case, fraud, concealment of financial misconduct, creation of false or misleading financial statements, off-balance-sheet transactions, disputed lease characterizations, and large-scale claims litigation.[7]  My experience in these matters reflects a consistent track record of investigating and litigating complex fraud-driven bankruptcies to successful resolution.

8.　　　I have also published and lectured extensively on bankruptcy and restructuring topics, including on strategies addressing the safe-harbor limitations of section 546(e) of the Bankruptcy Code, examining the definition of "financial institution" in connection with a "securities transaction," and issues of agency.

9.　　　I graduated from Dartmouth College in 1964, A.B., with distinction in economics, and from the University of Michigan Law School, J.D. cum laude, in 1967.  I became a member of the American College of Bankruptcy, an honorary institution, in 1994.

---

[6]　*In re RFC & ResCap Liquidating Trust Action*, No. 13-cv-3451 (SRN) (D. Minn.) (rebuttal expert report submitted December 22, 2017, addressing the reasonableness of settlements exceeding $8 billion against alleged damages exceeding $40 billion).

[7]　*In re Refco Inc.*, No. 05-60006 (extensive web of asset transfers against multiple affiliates and billions of quarterly and annual round trip loans which were used to hide massive losses, recorded as cash and then repaid which was covered up by sponsor; and establishment of procedures to resolve billions of dollars in disputed claims in a compressed time frame); *In re Millennium Lab Holdings II*, No. 15-12284 (Medicare fraud allegations); *Washington Group Int'l, Inc.* (acquisition of a company with fraudulent books and records that precipitated bankruptcy filing); *In re Highland Cap. Mgmt.,* No. 19-34054 (multi-billion dollar company owning a network of CLOs which were used to siphon assets out of the company); SEC receivership of Platinum Partners (financial advisor for SEC-appointed receiver in case with allegations of fraudulently inflated asset values, transfer of funds among affiliates, and operation of a Ponzi scheme); *In re Le-Nature's Bottling Company Inc.*, No. 06-25454 (litigation trust recovered more than $100 million against principal and other companies due to fraudulent bookkeeping); *In re PCH Associates,* 949 F.2d 585 (Bankr. S.D.N.Y. 1991) (successfully recharacterized a ground lease and sale leaseback agreement as a security agreement with an equitable mortgage).

**Fee and Expense Structure**

10.     The Fee and Expense Structure that I negotiated with the FBG Debtors at arm's length and in good faith consists of the following terms:

> (a)     a fixed fee of $200,000 through the completion of the Declaration;
>
> (b)     $1,500 per hour from completion of the Declaration through and including any hearing related to confirmation of the Plan; and
>
> (c)     reimbursement for any reasonable and documented out-of-pocket expenses in connection with my services.

11.     My fees and expenses are not contingent upon the opinions I provide or the outcome resulting from my Services.

**Disinterestedness**

12.     In connection with my proposed retention by the FBG Debtors in these cases, I undertook to determine whether I had any conflicts or other connections that might cause me to hold or represent an interest adverse to the FBG Debtors with respect to the matters on which I am to be employed.  I obtained from the FBG Debtors and/or their counsel the names of individuals and entities that may be parties-in-interest in these chapter 11 cases (the "**Potential Parties in Interest**").  The categories of the Potential Parties in Interest are listed on **Schedule 1**, annexed hereto.

13.     In preparing this Declaration, I have reviewed my connections with the Potential Parties in Interests.  Based on this review, to the best of my knowledge, I do not have an actual conflict of interest with any of the Potential Parties in Interest.  I have no connection to the FBG Debtors, their creditors, or any other parties in interest, except as follows:

> (a)     I have known and worked with Judge Alfredo Perez when he was a partner at Weil, Gotshal & Manges LLP, but am not now involved in a case before him;

5

(b)     Over the years I have worked with or against several of the law firms, financial advisory firms, and financial institutions, including Brown Rudnick, LLP, Quinn Emanuel Urquhart & Sullivan, LLP, and Milbank LLP, involved in the Debtors' chapter 11 cases in unrelated matters, but am not currently engaged by any such parties; and

(c)     I am currently the Litigation Trustee of the Nine West Holdings, Inc. Litigation Trust ("**NWHI Trust**").   Wilmington Savings Fund Society Bank ("**WSFS**") is on the trust's Board of Advisors.  I also use WSFS to hold and protect cash of the NWHI Trust and in many other trusts where I have been the trustee. WSFS is indenture trustee for certain of the FBG Debtors' debt.

14.     I do not believe that the foregoing connections create an actual conflict of interest.  Further, I do not hold or represent an interest adverse to the FBG Debtors or their estates in the matters for which I am being retained.  I am also aware of the various law firms that have appeared in the First Brands chapter 11 cases.  Throughout the course of my career I have been involved in matters in which certain of these firms were also involved.  If, at any time during the course of the Debtors' chapter 11 cases, I learn of any connection or engagement that may give rise to a conflict, I will promptly file with the Court a supplemental declaration identifying and specifying such involvement.

15.     I received no payments from the Debtors prior to the Petition Date, and I am not a prepetition creditor of the Debtors.

16.     I have no agreement with any non-affiliated person or entity to share with any such person or entity any compensation received in connection with my engagement with the FBG Debtors.

17.     Based upon the foregoing, I believe I am disinterested as defined in section 101(14) of the Bankruptcy Code and do not hold or represent an interest adverse to the FBG Debtors or their estates.

6

18.     The foregoing constitutes my statement pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1.

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: July 14, 2026
       New York, NY

                              /s/  Marc S. Kirschner
                              Marc S. Kirschner

## Schedule 1

### Categories of the Potential Parties in Interest

- Debtors
- Debtors' Trade and Brand Names for the Last 8 Years
- Debtors' Professionals
- Former Directors, Managers, and Officers of Debtors
- Current Directors, Managers, and Officers of Debtors
- Former Directors, Managers, and Officers of Non-Debtor Subsidiaries of FBG and Viceroy
- Current Directors, Managers, and Officers of Non-Debtor Subsidiaries of FBG and Viceroy
- Non-Debtor Subsidiaries of FBG and Viceroy
- Equity Owners and Other Affiliates
- Senior Facilities Agents & Lenders[1]
- SPV Facilities Agents & Lenders
- Senior Facilities, SPV Facilities, Factoring, and Supply Chain Financing Professionals
- Debtors' Banks
- Other Secured Parties – Issuers of Letters of Credit/UCC Lien Search Results
- Factoring Parties
- Supply Chain Financing Parties
- Other Lenders and Agents
- Bankruptcy Judges and Chambers Staff (Southern District of Texas)
- Clerk of the Court
- Benefit Providers (Workers Compensation/Pension Plans/Third Party Administrators)
- Employee Unions
- Insurance Carriers and Surety Bond Providers
- Landlords and Parties to Leases
- Litigation Counterparties/Notices
- Other Parties in Interest (Notices of Appearance/Equity Owner Professionals/Other Lender Professionals)
- Top 30 Creditors (Excluding Insiders)
- Official Committee of Unsecured Creditors—Members and Professionals
- Utilities (Providers/Brokers)
- Regulatory and Government (Federal, State, and Local)
- Debtors' Ordinary Course Professionals
- Company's Foreign Legal Counsel
- U.S. Attorney's Office (for the Southern District of Texas)
- United States Trustee and Staff (for the Southern District of Texas)
- Significant Customers
- Significant Vendors

---

[1] As of July 2, 2026.