**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.[1]** | § | **(Jointly Administered)** |
| | § | |

**APPLICATION OF FBG DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION OF MARC S. KIRSCHNER AS
EXPERT CONSULTANT AND EXPERT WITNESS EFFECTIVE AS OF JUNE 20, 2026**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN 21 DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN 21 DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

First Brands Group Holdings, LLC, its direct and indirect Debtor subsidiaries, and Viceroy Private Capital, LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**FBG Debtors**"), respectfully represent as follows in support of this application (the "**Application**"):

**Relief Requested**

1.      By this Application, pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

(the "**Bankruptcy Local Rules**"), the FBG Debtors request authority to retain and employ Marc S. Kirschner, effective as of June 20, 2026, to serve as an expert consultant and expert witness with respect to matters described herein and in accordance with the terms and conditions set forth herein.

2.      In support of the Application, the FBG Debtors submit the *Declaration of Marc S. Kirschner in Support of Application of Debtors for Entry of Order Authorizing Retention of Marc S. Kirschner as Expert Consultant and Expert Witness Effective as of June 20, 2026*, a copy of which is annexed hereto as **Exhibit A** (the "**Kirschner Declaration**").  Mr. Kirschner's Curriculum Vitae is annexed hereto as **Exhibit B**.

3.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit C** (the "**Proposed Order**").

## Background

4.      In September 2025 (the "**Petition Date**"), First Brands Group, LLC and its debtor affiliates each commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.[2]

5.      On October 9, 2025, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") (Docket No. 313).

---

[2]      On April 9, 2026, the Court entered the *Order (I) Converting Chapter 11 Cases of Evolution SPV Debtors to Cases Under Chapter 7; and (II) Granting Related Relief* (Docket No. 2110), which converted the chapter 11 cases of (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC (collectively, the "**Converted Debtors**") to cases under chapter 7. For purposes of this Application, the term Debtors does not include the Converted Debtors.

6.     The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

7.     Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22) (the "**First Day Declaration**"), incorporated herein by reference.

8.     On June 5, 2026, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2907) (as amended, supplemented, or otherwise modified from time to time, the "**Plan**")[3] and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2912) (as amended, supplemented, or otherwise modified from time to time, the "**Disclosure Statement**").

9.     On June 6, 2026, the FBG Debtors filed the *Emergency Motion of Debtors for Entry of Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing Preference Settlement and Objection Procedures for Confirmation of Plan, and (VI) Granting Related Relief* (Docket No. 2914), seeking conditional approval of the Disclosure Statement and scheduling of a combined hearing for the Court to

---

[3]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

consider final approval of the Disclosure Statement and confirmation of the Plan (the "**Combined Hearing**").

10.    On June 12, 2026, the Court entered the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing Preference Settlement and Objection Procedures for Confirmation of Plan, and (VI) Granting Related Relief* (Docket No. 2990), conditionally approving the Disclosure Statement and scheduling the Combined Hearing for July 28, 2026 at 9:00 a.m. (Central Time).

## Jurisdiction and Venue

11.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Kirschner's Qualifications

12.    The FBG Debtors seek to retain an expert of Mr. Kirschner's qualifications and expertise to assist them in connection with the upcoming Combined Hearing.  At the Combined Hearing, the FBG Debtors will seek final approval of the Disclosure Statement and confirmation of the Plan.  Based on certain objections to the Disclosure Statement, the FBG Debtors anticipate that certain parties will challenge the FBG Debtors' ability to achieve the Effective Date of the Plan, which will require, among other things, the payment in full of all Allowed Administrative Expense, Priority Tax, and Other Priority Claims.  The FBG Debtors' ability to achieve the Effective Date and the anticipated timing therefor will depend, in part, on the Litigation Trust's

4

ability to monetize the Estate Claims, the proceeds of which will be distributed to creditors, including administrative and priority creditors, in accordance with the Litigation Trust Waterfall.

13.     Mr. Kirschner's role as an expert will include analyzing and opining on the Estate Claims.  The FBG Debtors believe that retaining Mr. Kirschner to provide expert testimony in respect of these matters is in the best interests of their estates and creditors because, among other things, Mr. Kirschner has extensive experience in analyzing claims and causes of action for parties in bankruptcy and non-bankruptcy contexts.

14.     Mr. Kirschner has been a leading practitioner in bankruptcy and reorganization law for over fifty (50) years, playing significant roles in many of the largest and most complex "mega" cases in history.[4]  He has represented debtors, creditors, and creditor committees across a range of industries and had held various roles including bankruptcy/reorganization lawyer, chapter 11 and litigation trustee, financial advisor, investment professional, and fiduciary.  He is currently Senior Advisor to Teneo, a global consulting and financial advisory firm, and previously served as Senior Managing Director of Goldin Associates. He is also the Founder and President of Kirschner Consulting Company, which he founded in 2006 and through which he has provided consulting services from 2006 to 2014 and April 2023 to the present.

---

[4]     *In re Mansfield Tire & Rubber Co.*, No. 679-01238 (JHW) (Bankr. N.D. Ohio 1993); *In re Drexel Burnham Lambert Grp., Inc.*, No. 90 B 10421 (FGC) (Bankr. S.D.N.Y. 1992); *In re Federated Dep't Stores, Inc.*, No. 90-10130 (JVA) (Bankr. S.D. Ohio 1990); *In re R.H. Macy & Co.*, No. 92-40477 (BRL) (Bankr. S.D.N.Y. 1992); *In re Resorts Int'l, Inc.*, No. 89-10119 (RG) (Bankr. D.N.J. 1989); *In re Coleco Indus., Inc.*, No. 88-11505 (PDA) (Bankr. S.D.N.Y. 1988); *In re Anchor Glass Container Co.*, No. 05-15606 (CPM) (Bankr. M.D. Fla. 2005); *In re ICO Global Commc'ns*, No. 99-02933 (MFW) (Bankr. D. Del. 1999); *In re Maxwell Newspapers, Inc.*, No. 91-15531 (REG) (Bankr. S.D.N.Y. 1991); *In re Shea & Gould*, No. 95-45978 (REG) (Bankr. S.D.N.Y. 1995); *In re Washington Group Int'l*, Inc., No. 01-31627 (GWZ) (Bankr. D. Nev. 2001); *In re Sterling Chemicals Holdings, Inc.*, No. 01-37805 (Bankr. S.D. Tex. 2001); *In re Refco, Inc., et al*, No. 05-60006 (RDD) (Bankr. S.D.N.Y. 2005); *In re Tribune Co.*, No. 08-13141 (KJC) (Bankr. D. Del. 2008); *In re Millennium Lab Holdings II, LLC*, No. 15-12284 (LSS) (Bankr. D. Del. 2015); *In re Le-Nature's Bottling Company Inc.*, No. 06-25454 (TPA) (Bankr. W.D. Pa. 2006); *Nine West Holdings, Inc.* No. 18-10947 (SC) (Bankr. S.D.N.Y. 2018); *In re Highland Cap. Mgmt., L.P.*, No. 19-34054 (SGJ) (Bankr. N.D. Tex. 2019).

15.     Mr. Kirschner has extensive experience prosecuting and resolving large, complex claims on behalf of and against bankruptcy estates,[5] including billion-dollar claims resolution processes, and has served in fiduciary capacities as a chapter 11 trustee, plan administrator, and litigation trustee.[6]  In these roles, he has overseen complex factual investigations and pursued recoveries of billions of dollars of losses arising from fraud and management misconduct, including asserting claims for fraudulent transfer, preferential transfers, equitable subordination, recharacterization of leases, securities law violations, common law fraud, breach of fiduciary duty, professional malpractice, and related causes of action against financial institutions, private equity firms, professional firms, and individual officers and directors.

16.     Mr. Kirschner previously founded and led the bankruptcy reorganization group at the New York office of Jones Day and served as Managing Director and General Counsel of Resurgence Asset Management, a distressed-securities investment advisor, where he was responsible for legal strategy and claims prosecution across the firm's investment portfolio.

17.     Mr. Kirschner also has substantial experience in fiduciary duty and corporate governance matters, having served on the boards of directors as well as governance and

---

[5]   *In re ICO Global Communications*, No. 99-02933 (MFW) (Bankr. D. Del. 1999) (claims on behalf of Hughes Space and Satellite Company in excess of $1 billion); *In re Drexel Burnham Lambert Grp., Inc.*, No. 90 B 10421 (FGC) (Bankr. S.D.N.Y. 1992) (objections to claims of holders of $300 million of debt and spearheaded billions of dollars of litigation claims against Michael Milken, the founder of the junk bond business and dozens of other complex claims); *In re Coleco Indus., Inc.*, No. 88-11505 (PDA) (Bankr. S.D.N.Y. 1988) (products liability claims resolution process); *In re Physician's Res. Grp.*, No. 00-30748 (RCM) (Bankr. N.D. Tex. 2000) (resolution of hundreds of millions of dollars of physicians' claims).

[6]   *In re Refco Inc.*, No. 05-60006 (RDD) (Bankr. S.D.N.Y. 2005) (chapter 11 trustee of Refco Capital Markets, Ltd., and subsequently Plan Administrator and Litigation Trustee for the Refco Litigation Trust and Refco Private Actions Trust); *Tribune Litigation Trust* (*see In re Tribune Co.*, No. 08-13141 (KJC) (Bankr. D. Del. 2008) (court-appointed trustee))*; Millennium Health Corporate Claims Trust and Lenders Claims Trust* (*see In re Millennium Lab Holdings II, LLC*, No. 15-12284 (LSS) (Bankr. D. Del. 2015) (court-appointed trustee))*; Nine West Litigation Trust (see In re Nine West Holdings Inc.,* No 18-10947 (SCC) (Bankr. S.D.N.Y. 2018)) (court-appointed trustee); *In re Yellowstone Mountain Club, LLC*, No. 08-61570 (RBK) (Bankr. D. Mont. 2008) (court-appointed trustee); *Le-Nature's Bottling Company Trust* (*see In re Le-Nature's Bottling Company Inc.*, No. 06-25454 (TPA) (Bankr. W.D. Pa. 2006) (court-appointed trustee)); *Highland Capital Management Litigation Sub-Trust* (*see In re Highland Cap. Mgmt., L.P.*, No. 19-34054 (SGJ) (Bankr. N.D. Tex. 2019)).

audit committees of several companies,[7] including as an independent director and as a member of special litigation committees responsible for overseeing complex litigation. In these and other capacities, Mr. Kirschner has prosecuted claims against third parties for breach of fiduciary duties with asserted damages in the hundreds of millions of dollars.

18. Mr. Kirschner has been the principal negotiator in settling numerous claims against third parties, and has testified in person or by declaration numerous times in support of settlements and of chapter 11 plans. Mr. Kirschner has served as an expert witness and testified regarding the reasonableness of settlements and the claims resolution process in large, complex bankruptcy matters, including as a rebuttal expert in multibillion-dollar residential mortgage-backed securities litigation, in which he rebutted the expert reports of four defense witnesses.[8]

19. Many of the matters in which Mr. Kirschner has been involved present fact patterns similar to those at issue here, including arrests and indictment of insiders at the beginning of the cases, insider fraud, concealment of financial misconduct, creation of false or misleading financial statements, off-balance-sheet transactions, disputed lease characterizations, and large-scale claims litigation.[9] His experience in these matters reflects a consistent track record of investigating and litigating complex fraud-driven bankruptcies to successful resolution.

---

[7] Spectrum Brands (Audit Committee and Governance Committee, 2010–2013); First Equity Card Corporation (sole independent director); Washington Mutual Bank Liquidating Trust and its Special Litigation Committee (Board of Directors, March 2012–2018). In addition, Mr. Kirschner served on the boards of directors of many companies which were purchased by Resurgence.

[8] *In re RFC & ResCap Liquidating Trust Action*, No. 13-cv-3451 (SRN) (D. Minn.) (rebuttal expert report submitted December 22, 2017, addressing the reasonableness of settlements exceeding $8 billion against alleged damages exceeding $40 billion).

[9] *In re Refco Inc.*, No. 05-60006 (extensive web of asset transfers against multiple affiliates and billions of quarterly and annual round trip loans which were used to hide massive losses, recorded as cash and then repaid which was covered up by sponsor; and establishment of procedures to resolve billions of dollars in disputed claims in a compressed time frame); *In re Millennium Lab Holdings II*, No. 15-12284 (Medicare fraud allegations); *Washington Group Int'l, Inc.* (acquisition of a company with fraudulent books and records that precipitated bankruptcy filing); *In re Highland Cap. Mgmt.,* No. 19-34054 (multi-billion dollar company owning a network of CLOs which were used to siphon assets out of the company); SEC receivership of Platinum Partners (financial advisor for SEC-appointed receiver in case with allegations of fraudulently inflated asset values, transfer of funds

20.     Mr. Kirschner has also published and lectured extensively on bankruptcy and restructuring topics, including on strategies addressing the safe-harbor limitations of section 546(e) of the Bankruptcy Code examining the definition of "financial institution" in connection with a "securities transaction" and issues of agency.

21.     Mr. Kirschner graduated from Dartmouth College in 1964, A.B., with distinction in economics, and from the University of Michigan Law School, J.D. cum laude, in 1967.  He became a member of the American College of Bankruptcy, an honorary institution, in 1994.

**Scope of Services**

22.     Mr. Kirschner has agreed to provide services to the FBG Debtors in these chapter 11 cases in accordance with the terms and conditions set forth herein.  Mr. Kirschner is being retained through Weil, Gotshal & Manges LLP to provide expert consulting services and expert testimony regarding the FBG Debtors' claims and causes of action that will be transferred to the Litigation Trust if the Plan is confirmed, including anticipated proceeds to be generated from the Estate Claims (the "**Services**").

23.     Since he began work for the FBG Debtors on June 20, 2026, Mr. Kirschner has engaged with the FBG Debtors and their advisors to better understand the background of these cases, reviewed documents and other applicable materials associated with such claims and causes of action, and begun to prepare a declaration, which will serve as his expert report and details his

---

among affiliates, and operation of a Ponzi scheme); *In re Le-Nature's Bottling Company Inc.*, No. 06-25454 (litigation trust recovered more than $100 million against principal and other companies due to fraudulent bookkeeping); *In re PCH Associates,* 949 F.2d 585 (Bankr. S.D.N.Y. 1991) (successfully recharacterized a ground lease and sale leaseback agreement as a security agreement with an equitable mortgage).

analysis and opinions of the Estate Claims (the "**Declaration**").  Mr. Kirschner has indicated a willingness to provide the Services to the FBG Debtors on the terms described herein.

**Professional Compensation**

24.     Subject to Court approval, the FBG Debtors will compensate Mr. Kirschner in accordance with the following terms (the "**Fee and Expense Structure**"):

  a.  a fixed fee of $200,000 through the completion of the Declaration;

  b.  $1,500 per hour from completion of the Declaration through and including any hearing related to confirmation of the Plan; and

  c.  reimbursement for any reasonable and documented out-of-pocket expenses in connection with the Services.

25.     Mr. Kirschner's fees and expenses are not contingent upon the opinions he provides or the outcome resulting from his Services.

26.     The Fee and Expense Structure described above was negotiated at arm's length, and the FBG Debtors believe it constitutes fair and reasonable terms and conditions for the retention of Mr. Kirschner as an expert consultant and expert witness in accordance with sections 327(a) and 328(a) of the Bankruptcy Code.

27.     Due to the limited nature of Mr. Kirschner's Services, the FBG Debtors request that Mr. Kirschner's fees and expenses be paid without having to file monthly statements or interim and final fee applications; *provided* that the FBG Debtors will file a notice with the Court reflecting all payments made to Mr. Kirschner upon the conclusion of his Services.

**No Payments Made to Kirschner Prior to the Petition Date**

28.     Mr. Kirschner has received no payments from the Debtors prior to the Petition Date and is not a prepetition creditor of the Debtors.

**No Duplication of Services**

29.     The FBG Debtors believe that the Services provided by Mr. Kirschner will complement, and not duplicate, the services that other professionals will be providing to the FBG Debtors in the chapter 11 cases.  Specifically, Mr. Kirschner will carry out unique functions and will use reasonable efforts to coordinate with the FBG Debtors and the other professionals retained in the chapter 11 cases to avoid the unnecessary duplication of services.

**Kirschner's Disinterestedness**

30.     Section 327(a) of the Bankruptcy Code provides that, "[t]o be eligible for employment under § 327(a), a professional person must show that it (i) is disinterested; and (ii) does not hold or represent an interest adverse to the bankruptcy estate." *In re McDermott Int'l, Inc.*, 614 B.R. 244, 249 (Bankr. S.D. Tex. 2020) (*citing In re American Int'l Refinery, Inc.*, 676 F.3d 455, 461 (5th Cir. 2012)).  To the best of the FBG Debtors' knowledge, information, and belief, Mr. Kirschner is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and holds no interest adverse to the FBG Debtors or their estates in connection with the Services for which Mr. Kirschner is to be retained by the FBG Debtors.

31.     Except as provided in the Kirschner Declaration, Mr. Kirschner has no connections with creditors and other parties in interest in these chapter 11 cases.  Mr. Kirschner does not believe that any such connections disclosed in the Kirschner Declaration represent an interest adverse to the FBG Debtors' estates or otherwise create a conflict of interest regarding the FBG Debtors or these chapter 11 cases.

32.     To the extent that any new relevant facts or relationships bearing on the matters described herein are discovered or arise during the period of Mr. Kirschner's retention, Mr. Kirschner will file a supplemental declaration pursuant to Bankruptcy Rule 2014.

**Relief Requested Should Be Granted**

33.     The FBG Debtors seek authority to retain and employ Mr. Kirschner as an expert consultant and expert witness under section 327 of the Bankruptcy Code, which provides that a debtor may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under [the Bankruptcy Code]."  11 U.S.C. § 327(a).

34.     There is a lack of clarity in case law as to whether an expert witness that is retained solely for providing testimony at a confirmation hearing needs to be retained under section 327 of the Bankruptcy Code.  *Compare In re Cyrus II P'ship & Bahar Dev., Inc.*, 2008 Bankr. LEXIS 2317 at *5–6 (Bankr. S.D. Texas July 31, 2008) (finding that experts testifying in litigation ancillary to the chapter 11 cases were not required to be retained under section 327 of the Bankruptcy Code because their services were not central to the administration of the estate) *with In re Dunhill Resources, Inc.*, Case No. 03-41264 (WWS) (Bankr. S.D. Tex. Apr. 5, 2005) (Docket No. 502) (stating that the Court could not "imagine circumstances under which an expert could be engaged by a chapter 11 debtor or chapter 11 debtor's counsel for expertise and assistance on any issue fundamental to prosecution of a case under the Bankruptcy Code without that expert having to meet the requirements of § 327(a).")  Therefore, out of an abundance of caution, the FBG Debtors seek to formally retain Mr. Kirschner to ensure that he is able to receive compensation in connection with the Services.

35.     Employment of Mr. Kirschner, effective as of the June 20, 2026, is warranted under the circumstances of these chapter 11 cases.  The FBG Debtors are prosecuting a chapter 11 plan that will maximize the value of their estates for the benefit of all creditors.  The FBG Debtors have the burden to establish at the Combined Hearing that the Plan satisfies the requirements of section 1129 of the Bankruptcy Code.  Mr. Kirschner will provide expert

testimony on key issues at the Combined Hearing, including the anticipated amount of proceeds to be generated by the Litigation Trust, which will be used to satisfy Allowed Administrative Expense, Priority Tax, and Other Priority Claims.  Accordingly, his retention should be approved.

36.     The Fee and Expense Structure also should be approved.  Section 328(a) of the Bankruptcy Code provides that the FBG Debtors, "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Consistent with the plain language of section 328(a), the Fee and Expense Structure is reasonable in light of the Services being provided by Mr. Kirschner and therefore should be approved.

**Retroactive Relief is Appropriate**

37.     Further, the employment of Mr. Kirschner effective as of June 20, 2026 when he began his work for the FBG Debtors is warranted under the circumstances.  Mr. Kirschner has provided, and will continue to provide, services valuable to the FBG Debtors' chapter 11 cases. *See e.g., In re Triangle Chems, Inc.*, 697 F.2d 1280, 1288–1289 (5th Cir. 1983) (indicating bankruptcy courts have the power to enter an order authorizing retroactive employment of an advisor to the debtor); *In re Arkansas Co.*, 798 F.2d 645, 648 (3d. Cir. 1986) ("[T]he bankruptcy courts have the power to authorize retroactive employment of counsel and other professionals under their broad equity power.") (collecting cases).  Further, Bankruptcy Local Rule 2014-(b)(1) provides that an application for approval of employment made within 30 days of the commencement of the provision of services is deemed contemporaneous.  Accordingly, approval or Mr. Kirschner's employment, effective as of June 20, 2026, is appropriate as this Application has been filed within the 30-day period following commencement of Mr. Kirschner's Services.

**Notice**

38.     Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the FBG Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 14, 2026
         Chicago, IL

Respectfully submitted,

**FBG Debtors**

 /s/  Charles M. Moore
Name: Charles M. Moore
Title:   Interim Chief Executive Officer

13

## Certificate of Service

I hereby certify that on July 14, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Clifford W. Carlson
Clifford W. Carlson