**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**ORDER AUTHORIZING THE RETENTION OF MARC S. KIRSCHNER AS**
**EXPERT CONSULTANT AND EXPERT WITNESS EFFECTIVE AS OF JUNE 20, 2026**

Upon the application, dated July 14, 2026 (the "**Application**"),[2] of First Brands

Group Holdings, LLC, its direct and indirect Debtor subsidiaries, and Viceroy Private Capital,

LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively,

the "**FBG Debtors**"), for entry of an order, pursuant to sections 327(a) and 328(a) of the

Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1

and 2016-1, authorizing the FBG Debtors to retain and employ Marc S. Kirschner to serve as an

expert consultant and expert witness, effective as of June 20, 2026, as more fully set forth in the

Application; and upon consideration of the Kirschner Declaration; and this Court being satisfied,

based on the representations made in the Application and Kirschner Declaration, that Mr.

Kirschner is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the

Bankruptcy Code, and that Mr. Kirschner does not hold or represent an interest adverse to the FBG

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such term in the Application.

Debtors' estates; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application; and upon any hearing held on the Application; and all objections, if any, to the Application having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is necessary and in the best interests of the FBG Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.     The FBG Debtors are authorized pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, to employ and retain Mr. Kirschner as an expert consultant and expert witness, effective as of June 20, 2026, and to pay fees and reimburse expenses to Mr. Kirschner in accordance with the Fee and Expense Structure.

2.     All of Mr. Kirschner's compensation provided by the Fee and Expense Structure are approved pursuant to section 328(a) of the Bankruptcy Code, and Mr. Kirschner shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the Fee and Expense Structure.

3. Notwithstanding anything to the contrary herein, the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, or any order entered in these chapter 11 cases, Mr. Kirschner shall not be required to file any monthly, interim, or final fee application to receive compensation in accordance with the Fee and Expense Structure; *provided* that the FBG Debtors shall file a notice with the Court reflecting all payments made to Mr. Kirschner upon the conclusion of his Services.

4. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

5. To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

6. The FBG Debtors and Mr. Kirschner are authorized to take all action necessary to effectuate the relief granted in this Order.

7. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2026
     Houston, Texas

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

3