**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | **Re: Docket No. 3079** |
| | § | |

**OBJECTION TO MOTION FOR RELIEF
<u>FROM AUTOMATIC STAY FILED BY MICHAEL BUENO</u>**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this objection (the "**Objection**") to *Michael Bueno's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)* (Docket No. 3079) (the "**Motion**"), filed by Michael Bueno ("**Movant**"), and respectfully represent as follows:

<u>**Preliminary Statement**</u>

1.      Movant's request for relief from the automatic stay relating to its prepetition claim should be denied.  Movant seeks relief to continue state court litigation pending in the District Court, County of Adams, Colorado, Case Number  2025CV030137 (the "**State Court Action**"), asserting personal injury claims against Debtor Cardone Industries, Inc. ("**Cardone**") and other defendants.  Movant's only argument in favor of stay relief is that proceeds of the Debtors' insurance policies are not property of the estate.  However, Movant admits he filed the Motion without knowing what coverage may be available to cover the claims asserted in the State

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Court Action.  After the filing of the Motion, the Debtors learned that Cardone's insurance policy is subject to a $500,000 self-insured retention, which must be exhausted before the insurer will assume defense of the State Court Action.

2.      Movant has not met his burden to establish cause for relief from the automatic stay.  As set forth herein, courts, including those in this District, routinely deny stay relief requests when a policy covering a claim against a debtor is subject to a retention that would require a debtor to use estate resources to litigate a prepetition claim.  Further, as discussed below, permitting Movant to litigate the State Court Action now, only a week before the scheduled confirmation hearing on the Debtors' chapter 11 plan, would distract the Debtors and their advisors from their ongoing efforts to maximize value through these chapter 11 cases.  The Debtors' chapter 11 plan will provide for a claims reconciliation process that will facilitate a more efficient path to resolve Movant's claim, which will also likely include involvement from the Debtors' relevant insurer.

In sum, Movant has not demonstrated any facts or circumstances that amount to cause for relief from the automatic stay.  Accordingly, the Motion should be denied.  A proposed form of order denying the relief requested in the Motion is attached hereto as **Exhibit A**.

**Background**

A.      **General Background**

3.      In September 2025 (the "**Petition Date**"), First Brands Group, LLC and its Debtor affiliates each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to

2

sections 1107(a) and 1108 of the Bankruptcy Code.[2]  No trustee has been appointed in these chapter 11 cases.

4.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**").

5.      On October 9, 2025, the Office of the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (Docket No. 313).

6.      Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22), filed on September 29, 2025, and incorporated herein by reference.

### B.      State Court Action

7.      The State Court Action arises out of a motor vehicle accident that occurred on May 15, 2023.  In his Complaint,[3] Movant alleges he suffered personal injury when his vehicle was rear-ended by another vehicle driven by a co-defendant Tara Porter.

8.      The Complaint further alleges that "[u]pon information and belief," Ms. Porter "was aware that the brakes on her 2003 Dodge Ram 2500 were leaking brake fluid."[4]

---

[2]     On April 9, 2026, the Court entered the *Order (I) Converting Chapter 11 Cases of Evolution SPV Debtors to Cases Under Chapter 7; and (II) Granting Related Relief* (Docket No. 2396), converting the chapter 11 cases of (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC (collectively, the "**Converted Debtors**") to cases under chapter 7 of the Bankruptcy Code.  For purposes of this Objection, the Debtors does not include the Converted Debtors.

[3]     The Motion attaches Movant's operative second amended complaint as Exhibit A (the "**Complaint**").

[4]     Complaint ¶ 21.

Allegedly, Automotive Specialists serviced Ms. Porter's transmission, suspension alignment, and brakes between April 24 and May 11, 2023, shortly before the accident.[5]

9.      At the time of the accident, Ms. Porter's truck allegedly contained a refurbished or remanufactured hydroboost power brake booster that was "produced, rebuilt, distributed, or otherwise placed into the stream of commerce" by Cardone.[6]

10.      The Complaint alleges upon information and belief that the refurbished brake booster failed, causing or contributing to a loss of braking function in Ms. Porter's truck immediately prior to the collision.[7]   It also alleges that the collision occurred when Ms. Porter "disregarded traffic conditions."[8]

11.      In the Complaint, Movant asserts various claims against Cardone, including strict product liability claims.[9]   However, Movant did not include any expert report with his Motion in support of his allegation that the hydroboost power brake booster allegedly manufactured by Carone was defective.

12.      Based on the Debtors' initial review of its insurance policies, Cardone is likely insured for the claims asserted in the State Court Action under a general liability insurance policy (the "**Insurance Policy**") issued by The Hartford Insurance Group (the "**Insurer**") with a per-occurrence limit of $2,000,000 that applies after exhaustion of a self-insured retention of $500,000 per occurrence ("**SIR**").   The Insurance Policy provides that if the claim is within the SIR, then the insured, and not the Insurer, will have the duty to defend any lawsuit until the SIR is

---

[5]      Complaint ¶ 16.

[6]      Complaint ¶ 31.

[7]      Complaint ¶ 35.

[8]      Complaint ¶ 23.

[9]      Complaint ¶¶ 68–87.

exhausted. Cardone has not exhausted the SIR, and the Insurer has not assumed the defense of Cardone in the State Court Action.

13.     On April 8, 2026, the Debtors filed a Notice of Suggestion of Bankruptcy in the State Court Action notifying Movant of the Debtors' chapter 11 filings and the application of the automatic stay to the State Court Action.

14.     On June 15, 2026, Movant filed an proof of claim ("**Proof of Claim No. 2433**") asserting an unliquidated, non-priority, unsecured claim against Cardone related to the claims asserted in the State Court Action.

15.     On June 29, 2026, Movant filed the Motion, requesting relief from the automatic stay to prosecute the State Court Action.

**Objection**

16.     The automatic stay under Section 362 of the Bankruptcy Code applies to actions or proceedings against a debtor or against property of the estate. *See* 11 U.S.C. § 362. In particular, the automatic stay protects against, among other things, (i) "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case," (ii) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and (iii) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(1), (3) & (6).

17.     The automatic stay provides "one of the fundamental debtor protections provided by the bankruptcy laws." *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1146 (5th Cir. 1987). It is intended to "give[] the debtor a breathing spell from his creditors." *Id.* (the automatic stay "prohibits the proliferation of numerous claims in different forums against the debtor."). The automatic stay is "particularly important in

5

maintaining the status quo and permitting the debtor in possession or trustee to attempt to formulate a plan of reorganization."  3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2019) ("[W]ithout the stay, the debtor's assets might well be dismembered, and its business destroyed, before the debtor has an opportunity to put forward a plan for future operations.").

**I.      Movant Must Demonstrate "Cause" Exists to Lift the Automatic Stay**

18.      Although section 362(d) of the Bankruptcy Code authorizes a court to lift an automatic stay for "cause," section 362(d) does not offer guidance as to what constitutes "cause," and the reviewing court must determine whether cause exists on a case-by-case basis. *See, e.g., In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998); *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017) (explaining that whether "cause" exists is a fact-intensive inquiry "committed to the discretion of the bankruptcy judge … that must be determined on a case-by-case basis.").

19.      In determining whether to grant relief from the automatic stay to allow prepetition litigation against a debtor to proceed outside the bankruptcy forum, bankruptcy courts will often consider the following three factors: (i) whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, (ii) whether any hardship to a non-debtor of continuation of the stay outweighs any hardship to debtor, and (iii) whether the creditor has a probability of prevailing on the merits of the case.  *In re Samshi Homes, LLC*, No. 10-37643-H3-11, 2011 WL 3903054, at *3 (Bankr. S.D. Tex. Sept. 6, 2011).

20.      In addition, courts in this Circuit also have relied upon a set of twelve factors, the so-called "*Sonnax* Factors," when making such assessment.  *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990).  The *Sonnax* Factors include:

> (1)  whether relief would result in a partial or complete resolution of the issues;

6

(2)  lack of any connection with or interference with the bankruptcy case;

(3)  whether the other proceeding involves the debtor as a fiduciary;

(4)  whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5)  whether the debtor's insurer has assumed full responsibility for defending it;

(6)  whether the action primarily involves third parties;

(7)  whether litigation in another forum would prejudice the interests of other creditors;

(8)  whether the judgment claim arising from the other action is subject to equitable subordination;

(9)  whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12)  impact of the stay on the parties and the balance of harms.

*See Sonnax* at 1286.

21.     Although not all of the *Sonnax* factors may be relevant to each case,[10] "even slight interference with the administration [of the Debtors' estates] may be enough to preclude relief."  *Anderson v. Hoechst Celanese Corp. (In re U.S. Brass Corp.)*, 173 B.R. 1000, 1006 (Bankr. E.D. Tex. 1994), *modified*, 176 B.R. 11 (Bankr. E.D. Tex. 1994) (emphasis added); *see also In re W.R. Grace & Co.*, No. 01-01139, 2007 WL 1129170, at *2 n.7 (Bankr. D. Del. Apr. 13, 2007) ("The most important factor in determining whether to grant relief from the automatic stay . . . is the effect on such litigation on the administration of the estate.") (citation omitted).  Not every possible detriment to the creditor or estate independently justifies lifting the stay.  *In re Omni Lion's Run, L.P.*, 578 B.R. 394, 399 (Bankr. W.D. Tex. 2017).

22.     Moreover, where an unsecured creditor seeks relief from the automatic stay, such relief is granted only in extraordinary circumstances.  *In re Eagles Enters., Inc.*, 265 B.R. 671, 680 (E.D. Pa. 2001) ("Unsecured creditors are entitled to relief from an automatic stay only

---

[10]    *See In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).

in extraordinary circumstances"); *In re Stranahan Gear Co.*, 67 B.R. 834, 838 (Bankr. E.D. Pa. 1986) ("Several factors mitigate strongly against the allowance of any relief in this case—or in any but the most extraordinary set of circumstances—where the moving party is an unsecured creditor.").

23.     Critically, however, the party seeking stay relief—here, Movant—carries the initial burden on the stay relief, and only if the movant makes a *prima facie* case does the debtor need to respond.  *See In re Kowalsky*, 235 B.R. 590, 594 (Bankr. E.D. Tex. 1999) (citing *In re Sonnax*, 907 F.2d at 1280).  "If a movant fails to make a *prima facie* showing, the court should deny the relief requested."  *Id.* (citing *In re Keene Corp.*, 171 B.R. 180, 182 (Bankr. S.D.N.Y. 1994)).

24.     Here, the Motion is devoid of any compelling factual assertions supporting why Movant's specific circumstances warrant relief from the automatic stay.  However, as set forth below, the circumstances surrounding the State Court Action and the chapter 11 cases demand maintaining the stay.

## II.     Movant Has Not Established "Cause" for Relief from the Automatic Stay

### a.     Lifting the Stay Will Prejudice the Debtors

25.     A significant factor in determining whether the bankruptcy court should lift the automatic stay is whether allowing such action to proceed outside the bankruptcy forum would negatively affect the administration of the debtor's estate.  *Anderson v. Hoechst Celanese Corp. (In re U.S. Brass Corp.)*, 173 B.R. at 1006.  Courts typically will not grant relief from the automatic stay that would result in a debtor expending estate funds to exhaust a deductible or self-insured retention in an applicable insurance policy.  *See, e.g., In re iHeartMedia, Inc.*, No. 18- 31274 (MI), 2019 Bankr. Lexis 1617, at *12, 16 (Bankr. S.D. Tex. May 28, 2019) (denying motion to lift the

automatic stay to pursue a personal injury claim against the debtors, where the movant's "attempt to collect against the [i]nsurance [p]olicy directly affect[ed] the bankruptcy estate" due to the insurance policy's deductible); *In re Tailored Brands, Inc.*, No. 20-33900 (MI), 2021 WL 2021472, at *5 (Bankr. S.D. Tex. May 20, 2021) (finding that movant was not entitled to relief from discharge to pursue tort claims against the debtor in state court where the debtor's self-insured retention "effectively left [the debtors] uninsured" with respect to the movant's action); *In re CJ Holding Co.*, No. 16-33590 (DRJ), 2018 WL 3965225, at *2 (Bankr. S.D. Tex. Aug. 15, 2018) (finding that movant was not entitled to relief from stay to pursue his claims against the discharged debtor and its employee for which the discharged debtor would have vicarious liability when the insurance policy covering the claim was subject to a deductible).

26.    Here, as set forth above, the Insurance Policy that covers the claims asserted in the State Court Action is subject to a SIR.  The Debtors, therefore, would first need to exhaust the SIR before the Insurer would cover the defense costs and any liability resulting from the claim. The aforementioned caselaw is clear that when a debtor must expend estate resources to defend claims outside the bankruptcy court, such as in the instant case, the ensuing interference with the bankruptcy estate is sufficiently prejudicial so as to warrant maintaining the stay.  This is particularly true here, where the Debtors' liquidity is constrained, and the budget agreed to among the Debtors' key stakeholders for the confirmation process does not include any provision for defending state court personal injury litigation.  Moreover, the claims reconciliation process that will be provided for in the Debtors' chapter 11 will enable a more efficient resolution of Movant's claim, which will likely involve the Debtors' relevant insurer.

**b.** **The Balance of the Harms Clearly Favors the Debtors**

27.     Movant has not established that the harm he will experience if the stay is maintained outweighs the harm to the Debtors' estates if the stay is lifted.  For example, Movant has failed to demonstrate that he will experience any significant hardship from the continuation of the stay, and the Motion does not mention any specific prejudice suffered thus far—or that will be suffered in the future—by Movant if the stay is continued.[11]  Movant's only contention is that he will not be able to access insurance proceeds if the stay is lifted, but maintaining the stay for now should not impair his ability to access such insurance in the future when the time comes to reconcile his claim against the Debtors.

28.     Furthermore, Movant identifies no reason why the State Court Action must be litigated now rather than in the future as part of the Debtors' claims reconciliation process.  Movant has filed Proof of Claim No. 2433 to preserve his rights with respect to the claims asserted in the State Court Action, and his claim will receive the same treatment as other prepetition, general unsecured claims in the chapter 11 cases.  Accordingly, Movant has not established any significant hardship warranting relief from the stay, and certainly not any hardship that exceeds the prejudice to the Debtors if the stay were to be lifted.

**c.** **Movant Has Not Demonstrated a Likelihood of Prevailing on the Merits of His Claims**

29.     Nothing in the Motion implies, let alone establishes, that Movant is likely to prevail in the State Court Action.  There exist questions of fact in the State Court Action that the Debtors believe will be decided in their favor.  Indeed, the allegations in the Complaint raise

---

[11]     *See In re W.R. Grace & Co.*, No. 01-01139, 2007 WL 1129170, at *3 (Bankr. D. Del. Apr. 13, 2007) (noting that, to lift the automatic stay, the moving party "bears 'the heavy and possibly insurmountable burden of proving that the balance of hardships tips significantly in favor of granting relief.'") (quoting *In re Micro Design, Inc.*, 120 B.R. 363, 369 (E.D. Pa. 1990)).

serious doubts about the validity of the claims against Cardone. Co-defendant Automatic Specialists performed a brake service on the vehicle that struck Movant only days before the accident. In addition, Movant alleges that the co-defendant driver Ms. Porter was aware that her vehicle was leaking brake fluid. Further, Movant has produced no expert report in support of a claim of a product defect. Therefore, it seems much more likely that the accident was caused by the negligence of co-defendants, rather than any defect in a product allegedly manufactured by Debtor Cardone.

30. In any event, when taking into account the significant prejudice to the Debtors that would be caused by allowing the State Court Action to proceed and the lack of harm to Movant, whether Movant is likely to prevail in the State Court Action is not a strong factor weighing in favor of lifting the stay. *See In re Spansion, Inc.*, 418 B.R. 84, 97 (Bankr. D. Del. 2009) (finding that "the third factor is not crucial to [the court's] determination" because the other factors "weigh heavily in favor of staying the [action]"), vacated on other grounds, *Samsung Elecs. Co. v. Ad Hoc Consortium of Floating Rate Noteholders*, No. 09-0836 (RBK), 2010 WL 2636115, at *1 (D. Del. June 29, 2010); *see also In re Stewart*, 649 B.R. 755, 762 (Bankr. N.D. Ill. 2023) ("It has never been clear why the creditor's likelihood of success should matter to a lift-stay decision.").

d.  **Movant Fails to Satisfy the Relevant *Sonnax* Factors**

31. Movant's request for relief from the automatic stay similarly fails under application of the relevant *Sonnax* factors. For example:

- ***Lifting the stay will interfere with the bankruptcy case.*** As described above, the Insurer has not assumed the defense of Cardone and may take the position it has no duty to defend Cardone in the State Court Action until the SIR is exhausted. Lifting the automatic stay to allow the State Court Acton to proceed would thus require the Debtors to expend estate resources. Further, litigating the State Court Action in parallel with these chapter 11

cases may cause an unnecessary distraction for the Debtors and their professionals, who are currently preparing for a contested confirmation hearing, scheduled for July 28, 2026.  This factor weighs in favor of denying the Motion.

- ***The Debtors' insurers have not assumed full responsibility for defending it.***  The Insurer has not assumed the defense of Cardone in the State Court Action, and the Insurance Policy provides that the Debtors must first exhaust the SIR before the Insurer will cover defense costs and any liability for the claims asserted in the action.  This factor weighs in favor of denying the Motion.

- ***Litigation in state court may prejudice other creditors.***  As stated, the Debtors must expend estate resources to cover defense costs up to the SIR amount if stay relief is granted.  Such funds could otherwise be available to fund distributions to other creditors.  As a result, other creditors would be prejudiced by stay relief.  This factor weighs in favor of denying the Motion.

- ***The interests of judicial economy and the expeditious and economical resolution of the litigation do not require the stay to be lifted.***  Movant has not demonstrated an immediate need for stay relief to litigate the claims asserted in the State Court Action now, as opposed to as part of the claims reconciliation process.  This factor weighs in favor of denying the Motion.

- ***The parties are not ready for trial in the other proceeding.***  No trial date has been set in the State Court Action.  Likewise, the state court has not entered any scheduling order or set any pre-trial dates.  Cardone still seeks discovery on critical issues in the case, including causation, the extent of Movant's injuries, and the nature of the alleged defect.  Accordingly, the State Court Action is far from trial ready.  This factor weighs in favor of denying the Motion.

- ***The balance of the harms from lifting the stay weighs in the Debtors' favor.***  As described in detail above, the Debtors will be harmed if the stay were to be lifted, due to the erosion of estate assets and distraction during the chapter 11 cases, among other things.  On the other hand, Movant will experience little harm other than a potential for delay if the stay is not lifted.  This factor weighs in favor of denying the Motion.

32.     Though Movant does not substantively engage with the *Sonnax* factors in the Motion, these factors weigh heavily against granting Movant's request for relief from the automatic stay.  The Motion, therefore, should be denied.

**Reservation of Rights**

33.     The Debtors reserve all rights to supplement or add to the legal and factual arguments raised in this Objection and to object to the Motion, on any basis whatsoever, at a future date.  Nothing herein shall be interpreted as an admission that any claim described herein is valid, and the Debtors reserve all rights with respect thereto.

**Conclusion**

34.     For the reasons set forth herein, the Debtors respectfully request that the Motion be denied.

WHEREFORE, the Debtors respectfully requests that the Court deny the relief requested in the Motion.

Dated:  July 14, 2026
        Houston, Texas

        */s/  Clifford W. Carlson*
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:    gabriel.morgan@weil.com
          clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matt Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:    matt.barr@weil.com
          sunny.singh@weil.com
          andriana.georgallas@weil.com
          kevin.bostel@weil.com
          jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**<u>Certificate of Conference</u>**

Counsel to the Debtors conferred with counsel to Movant on July 6, 2026, in an attempt to resolve the Motion, but were unable to resolve the Motion.


        /s/  Clifford W. Carlson
        Clifford W. Carlson

**<u>Certificate of Service</u>**

I hereby certify that on July 14, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.


  */s/  Clifford W. Carlson*
Clifford W. Carlson