**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC**, *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | **Re: Docket No. 2818** |

**NOTICE OF FILING OF
STIPULATION AND AGREED ORDER BETWEEN
DEBTORS, ARC CGMARSC001, LLC, AND ARC CGLGNIN001,
LLC (I) MODIFYING THE AUTOMATIC STAY AND (II) AUTHORIZING
THE ABANDONMENT OF CERTAIN PROPERTY IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE** that on July 15, 2026, First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), entered into the *Stipulation and Agreed Order Between Debtors, ARC CGMARSC001, LLC, and ARC CGLGNIN001, LLC (I) Modifying the Automatic Stay and (II) Authorizing the Abandonment of Certain Property in Connection Therewith* (the "**Stipulation and Agreed Order**") with ARC CGMARSC001, LLC, and ARC CGLGNIN001, LLC (the "**Landlords**"). A copy of the Stipulation and Agreed Order is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with paragraph 4 of the Stipulation and Agreed Order, the Debtors seek to abandon certain Remaining Property[2] at the Leased Premises. A description of the Remaining Property and any known third party with a potential interest in the Remaining Property is set forth on **Exhibit B**. If the Stipulation and Agreed

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation and Agreed Order.

Order is approved by the Court, the Remaining Property shall be deemed abandoned without further notice or order of the Court, free and clear of liens, claims, interests, and encumbrances, and Landlords may sell or otherwise dispose of the Remaining Property without further notice or liability to the Debtors or any third party.

**PLEASE TAKE FURTHER NOTICE THAT**, any party that wishes to object to such abandonment of the Personal Property must, within fourteen (14) days of the service of this notice, inform the (i) Debtors via email (Clifford Carlson (clifford.carlson@weil.com), Kevin Bostel (kevin.bostel@weil.com), Angeline Leggiero (angeline.leggiero@weil.com) and Abe Rosen (abe.rosen@weil.com)), and (ii) Landlords via email (Bethany Simmons (bsimmons@loeb.com).

**PLEASE TAKE FURTHER NOTICE THAT**, absent timely notice of an objection the Court may enter the Stipulation and Agreed Order granting the relief requested therein.

Dated: July 15, 2026
Houston, Texas

/s/  Clifford W. Carlson

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:    gabriel.morgan@weil.com
          clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matt Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:    matt.barr@weil.com
          sunny.singh@weil.com
          andriana.georgallas@weil.com
          kevin.bostel@weil.com
          jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

3

**<u>Certificate of Service</u>**

I hereby certify that on July 15, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson

**Exhibit A**
**(Stipulation and Agreed Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**STIPULATION AND AGREED ORDER BETWEEN
DEBTORS, ARC CGMARSC001, LLC, AND ARC CGLGNIN001, LLC
(I) MODIFYING THE AUTOMATIC STAY AND (II) AUTHORIZING
THE ABANDONMENT OF CERTAIN PROPERTY IN CONNECTION THEREWITH**

This stipulation and order (the "**Stipulation and Agreed Order**") is entered into by and between (i) Strongarm, LLC ("**Strongarm**") and Carter Fuel Systems, LLC ("**Carter Fuel**"), as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively with their debtor affiliates, the "**Debtors**"), (ii) ARC CGMARSC001, LLC ("**Marion Landlord**"), and (iii) ARC CGLGNIN001, LLC ("**Logansport Landlord**") (together with the Marion Landlord, the "**Landlords**," and the Landlords together with the Debtors, the "**Parties**" and each, a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on September 24, 2025, Global Assets LLC and 12 debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and commencing on September 28, 2025, First Brands Group,

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court;

WHEREAS, the Bankruptcy Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409;

WHEREAS, Marion Landlord is the landlord to Strongarm (as successor in interest) under that certain *Absolute Net Lease Agreement*, dated August 31, 2015 (as amended, modified, or otherwise supplemented from time to time, the "**Marion Lease**").  Pursuant to the Marion Lease, Marion Landlord leased to Strongarm certain real property located at 3108 Highway 76 East, Marion, South Carolina 29571 (the "**Marion Premises**");

WHEREAS, Logansport Landlord is the landlord to Carter Fuel under that certain *Absolute Net Lease Agreement*, dated August 31, 2015 (as amended, modified, or otherwise supplemented from time to time, the "**Logansport Lease**," and together with the Marion Lease, the "**Leases**").  Pursuant to the Logansport Lease, Logansport Landlord leased to Carter Fuel certain real property located at 101 East Industrial Boulevard, Logansport, Indiana 46947 (the "**Logansport Premises**," and together with Marion Premises, the "**Leased Premises**");

WHEREAS, on April 16, 2026, the Bankruptcy Court entered the *Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 2453) extending to April 22, 2026 the deadline by which the Debtors may assume or reject unexpired leases of nonresidential real property pursuant to section 365(d)(4) of the Bankruptcy Code (the "**365(d)(4) Deadline**");

WHEREAS, on April 22, 2026, the 365(d)(4) Deadline expired with respect to the Leases without any further extension;

2

**WHEREAS**, on May 27, 2026, the Landlords filed the *Motion of ARC CGMARSC001, LLC and ARC CGLGNIN001, LLC for Order (I) Compelling Debtors (A) to Remove or Abandon Personal Property from Leased Premises and (B) to Remove any Hazardous Materials from Leased Premises, and (II) Allowing Administrative Expense Claim for Post-Rejection Rent and Remediation Costs and Expenses, and (III) Compelling Payment* (the "**Motion**") (Docket No. 2818) seeking, among other things, to compel the Debtors to abandon all personal property at the Leased Premises (the "**Remaining Property**");

**WHEREAS**, the Debtors have previously determined, in their business judgment, that abandonment of the Remaining Property is in the best interest of their estates;

**WHEREAS**, the Parties have entered into this Stipulation and Agreed Order to resolve the Motion and to agree to the abandonment of the Remaining Property.

### IT IS HEREBY STIPULATED AND ORDERED THAT

1. The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

2. This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court (the date of such approval, the "**Approval Date**").

3. Upon the Approval Date, the Motion is deemed withdrawn.

4. Pursuant to sections 554(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6007, the Debtors hereby abandon the Remaining Property as of April 23, 2026, without further notice or order of the Court, free and clear of liens, claims, interests, or other encumbrances. The automatic stay of section 362(a) of the Bankruptcy Code is hereby modified as of the Approval Date to permit the Landlords to obtain or maintain possession of the Remaining Property and dispose of the Remaining Property in the Landlords' sole discretion.  Following the Approval Date,

3

the Landlords may sell or otherwise dispose of the Remaining Property without further notice or liability to the Debtors or any third party.  The Landlords' rights to file a claim for the costs of disposal of such Remaining Property are fully reserved, as are the rights of any party in interest to object to any such claims.

5.      Marion Landlord shall have an allowed administrative expense claim, for postpetition rent and expenses incurred in April and May 2026, against Strongarm in the amount of $120,774.42 and Logansport Landlord shall have an allowed administrative expense claim against Carter Fuel in the amount of $159,680.58 (together, the "**Allowed Administrative Claims**" each, an "**Allowed Administrative Claim**" and, the Debtor against which the Allowed Administrative Claim is allowed the "**Applicable Debtor**"); *provided* that the Landlords shall not seek payment of an Allowed Administrative Claim prior to the earliest of (i) the effective date of any chapter 11 plan in the Applicable Debtor's chapter 11 case, (ii) the dismissal of the Applicable Debtor's chapter 11 case, or (iii) the conversion of the Applicable Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code, without prior written consent of the Debtors.

6.      The Debtors and their claims and noticing agent, Kroll Restructuring Administration LLC ("**Kroll**"), are authorized to take all actions necessary or appropriate to give effect to this Stipulation and Agreed Order, including that Kroll is authorized to update the claims register to reflect the terms of this Stipulation and Agreed Order.

7.      The Landlords reserve their rights to assert (i) administrative expense claims with respect to costs related to the removal of the Remaining Property from the Leased Premises and for rent and expenses that were incurred prior to the Approval Date, and (ii) claims for the Debtors' rejection of the Leases and unpaid amounts owed under the Leases for the period prior to the

4

Petition Date, and (iii) any other claims allowable under the Bankruptcy Code; *provided*, that the Debtors' rights to object to allowance and payment of such claims are fully preserved.

8.      Nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim relating to the Remaining Property or any other action to which one or more of the Debtors are a party that may be filed by the Landlords or any other party in the Debtors' chapter 11 cases.

9.      The relief set forth herein shall not be construed as an admission of liability by the Debtors regarding any claim or cause of action arising from or in relation to the Remaining Property or any other matter.

10.     This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

11.     Nothing contained in this Stipulation and Agreed Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, or (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

12.     The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party.

13.     This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

14.     Notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

15.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Dated: _____, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

6

**STIPULATED AND AGREED TO BY:**

Dated:  July 15, 2026

 /s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
         Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
         sunny.singh@weil.com
         andriana.georgallas@weil.com
         kevin.bostel@weil.com
         jason.george@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*

Dated:  July 15, 2026

 /s/  Bethany Simmons
LOEB & LOEB LLP
Bethany Simmons
345 Park Avenue
New York, New York
Telephone: (212) 407-4982
Facsimile: (202) 342-5219
Email: bsimmons@loeb.com

*Attorney for Landlords*

**Exhibit B**
**(Description of Remaining Property)**

| No. | Counterparty | Debtor | Leased Premises Address | Description of Remaining Property to be Abandoned and Any Known Third Party with An Interest in Such Remaining Property[1] |
|---|---|---|---|---|
| 1 | ARC CGMARSC001, LLC | Strongarm, LLC | 3108 Highway 76 East Marion, South Carolina 29571 | • Equipment:<br> o The DIP secured Parties<br> o Onset<br>• Inventory:<br> o The ABL Secured Parties |
| 2 | ARC CGLGNIN001, LLC | Carter Fuel Systems, LLC | 101 East Industrial Boulevard Logansport, Indiana 46947 | • Equipment:<br> o The DIP secured Parties<br> o Onset<br>• Inventory:<br> o The ABL Secured Parties |

---

[1] Capitalized terms used but not defined herein are given the meanings ascribed to such terms in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying The Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608).