United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 15, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |

**STIPULATION AUTHORIZING DEEMED FILING OF
CLAIMS BY GLAS TRUST COMPANY LLC, AS ADMINISTRATIVE AGENT
FOR THE CARNABY II AND III SECURED LENDERS AND ALLOWING CLAIMS
SOLELY FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018**

This Stipulation (this "Stipulation") is entered into by and among First Brands Group Holdings, LLC, its direct and indirect Debtor subsidiaries, and Viceroy Private Capital, LLC (as more specifically identified on **Exhibits A** and **B** attached hereto, collectively, the "FBG Debtors"), and GLAS Trust Company LLC (the "Administrative Agent"), as administrative agent for, and acting on behalf of and binding upon, the lenders party to the Carnaby II Credit Agreement (as defined below) and the Carnaby III Credit Agreement (as defined below) (collectively, the "Carnaby Credit Agreements," and the lenders party thereto, collectively, the "Carnaby Secured Lenders," together with the FBG Debtors, the "Parties").[2]  The Parties hereby stipulate as follows:

**RECITALS**

A.    On May 31, 2022, Carnaby Inventory II, LLC ("Carnaby II"), as borrower; First Brands Group, LLC ("FBG"), as servicer; First Brands Group Holdings, LLC ("FB Holdings") and Carnaby Inventory Holdings II, LLC ("Carnaby Holdings II"), as guarantors; the lenders

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]    Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to them in the Further Revised Joint Plan (as such term is defined below).

party thereto (the "Carnaby II Secured Lenders"); with GLAS Trust Company LLC serving as administrative agent thereunder, and acknowledged and agreed to by Brake Parts Inc LLC ("BPI"), BPI Brake Manufacturing Juarez, S.A. de C.V. ("BPIJ"), and BPI Braking Systems Mexico, S.A. de C.V. ("BPIM"), entered into a credit agreement, (the "Carnaby II Credit Agreement"), providing for a revolving credit facility in an aggregate principal amount of up to $60,000,000.

B.      On July 6, 2022, Carnaby Inventory III, LLC ("Carnaby III"), as borrower; FBG, as servicer; FB Holdings and Carnaby Inventory Holdings III, LLC ("Carnaby Holdings III"), as guarantors; the lenders party thereto (the "Carnaby III Secured Lenders," and together with the Carnaby II Secured Lenders, the "Carnaby Secured Lenders"); with GLAS Trust Company LLC serving as administrative agent thereunder, and acknowledged and agreed to by Trico Products Corporation ("TPC"), Trico Technologies Corporation ("TTC," and together with TPC, "Trico"), Trico Componentes, S.A. de C.V. ("TC"), and Subensambles Internacionales, S. de R.J. de C.V. ("SI"), entered into a credit agreement, (the "Carnaby III Credit Agreement"), providing for a revolving credit facility in an aggregate principal amount of up to $100,000,000.

C.      In September 2025, First Brands Group, LLC and its debtor affiliates (collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

D.      As of this filing, no deadline or bar date for the filing of proofs of claim against the FBG Debtors has been established in the Chapter 11 Cases.

E.      On June 5, 2026, the FBG Debtors filed the Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors (Docket No. 2907) (the "Joint Plan") and the

Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors (Docket No. 2912) (the "Disclosure Statement").

F.      On June 6, 2026, the FBG Debtors filed an emergency motion seeking conditional approval of the Disclosure Statement (Docket No. 2914) (the "Disclosure Statement Motion"), which requested, among other things, that a hearing to consider conditional approval of the Disclosure Statement take place on June 12, 2026 (the "Disclosure Statement Hearing").

G.      On June 12, 2026, the FBG Debtors filed the Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors (Docket No. 2981) (the "Revised Joint Plan") and the Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors (Docket No. 2982) (the "Revised Disclosure Statement").

H.      On June 12, 2026, the Bankruptcy Court entered an order conditionally approving the Revised Disclosure Statement setting a voting record date of June 15, 2026 (the "Voting Record Date").

I.      On June 16, 2026, and June 17, 2026, respectively, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3019) (as may be amended, supplemented, or otherwise modified from time to time, the "Further Revised Joint Plan") and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3020) (as may be amended, supplemented, or otherwise modified from time to time, the "Further Revised Disclosure Statement").

J.      On July 6, 2026, the Administrative Agent filed proofs of claim (Claim Nos. 2665, 2670, 2671, 2672, 2673, 2674, 2675) (the "Proofs of Claim") together with the Omnibus Addendum thereto (the "Addendum"), against each of the FBG Debtors identified in **Exhibits A** and **B** attached hereto.  Each Proof of Claim asserts claims arising under the

applicable Credit Agreement and the related Transaction Documents (as defined in the Addendum).

**IT IS HEREBY STIPULATED AND ORDERED THAT**

1.     The Parties hereby agree that (i) the Proofs of Claim shall be deemed, as of June 15, 2026, to have been timely filed by the Administrative Agent against each of the FBG Debtors identified on **Exhibits A** and **B** as non-priority unsecured claims in the amounts specified in the Proofs of Claim, and (ii) solely for purposes of the Carnaby Secured Lenders voting to accept or reject the Further Revised Joint Plan, the Carnaby Secured Lenders shall have (a) allowed General Unsecured Claims in the amounts specified on **Exhibit A** against FB Holdings and FBG, and (b) allowed General Unsecured Claims in the amounts specified on **Exhibit B** against each of BPI, TPC, and TTC.  Nothing in this Stipulation is intended to or shall be construed to cap or limit the amounts asserted under the Proofs of Claim.

2.     The Carnaby Secured Lenders shall not have any other allowed General Unsecured Claims for voting purposes.

3.     The Parties further agree that, for purposes of voting to accept or reject the Further Revised Joint Plan, the Carnaby Secured Lenders shall be entitled to cast a ballot to vote the claims referenced in Paragraph 1 of this Stipulation for their vote of General Unsecured Claims in Class 7 of the Plan against the applicable FBG Debtors and in the amounts set forth on **Exhibits A** and **B** attached hereto.

4.     Nothing in this Stipulation is intended to be or shall be construed as an admission, including with respect to the allowance, validity, classification, priority, or anything else, regarding any claim that the Administrative Agent or the Carnaby Secured Lenders may assert against the FBG Debtors for purposes of distributions or any other purpose other than voting on the Further Revised Joint Plan.  This Stipulation is intended solely for administrative convenience and shall not affect the substantive rights of the FBG Debtors, the Administrative

Agent, the Carnaby Secured Lenders, or any other party-in-interest with respect to the number, allowance, amount, validity, extent, or priority of any claim asserted by the Administrative Agent or the Carnaby Secured Lenders (including as amended, supplemented or revised hereinafter, all of which shall be subject to this Stipulation and treated as set forth herein) or any objection, defense, offset, or counterclaim with respect thereto, other than as provided for herein. The rights of all parties to object to and contest on any grounds the Proofs of Claim that the Administrative Agent is hereby deemed to have filed against each of the FBG Debtors pursuant to this Stipulation as well as any other proof of claim are fully preserved and reserved.

5.      Except for the agreements and stipulations expressly set forth herein, nothing in this Stipulation shall constitute or be deemed to constitute a waiver, limitation, or impairment of the Parties' respective rights or defenses concerning the Proofs of Claim.

6.      The Administrative Agent, on behalf of the Carnaby Secured Lenders, reserves the right to, in accordance with applicable law and deadlines, (i) amend and/or supplement the Proofs of Claim deemed filed herein from time to time as it deems necessary or appropriate, (ii) file additional Proofs of Claim for additional claims which may be based upon the same or additional documents, and (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 with respect to claims covered by this Stipulation or any other claims.

7.      Except to the extent expressly set forth herein, nothing contained in this Stipulation shall be construed as limiting any of the Parties' rights, remedies, and interests under the Bankruptcy Code or applicable law.  The Administrative Agent and the Carnaby Secured Lenders reserve any rights they may have with respect to (i) the jurisdiction of this Bankruptcy Court with respect to the subject matter of the Proofs of Claim deemed filed herein, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in these cases against or otherwise involving the Administrative Agent or the

5

Carnaby Secured Lenders; (ii) the right of trial by jury in any proceeding so triable in the Chapter 11 Cases or any proceedings related thereto; (iii) any procedural or substantive defenses with respect to, or rights with respect to, any claim that may be asserted against the Administrative Agent or the Carnaby Secured Lenders by the FBG Debtors, any other party-in-interest, or any other person or entity whatsoever; (iv) any past, present, or future defaults or events of default; (v) the right to seek to have the reference withdrawn with respect to the subject matter of any claims asserted by the Administrative Agent or the Carnaby Secured Lenders, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in the Chapter 11 Cases against or involving the Administrative Agent or the Carnaby Secured Lenders; (vi) any right of subordination in favor of the Administrative Agent or the Carnaby Secured Lenders of indebtedness or liens held by creditors of the applicable FBG Debtor; (vii) any rights of setoff or recoupment under 11 U.S.C. § 553, applicable law or any applicable agreement; (viii) any rights the Administrative Agent or the Carnaby Secured Lenders may have pursuant to sections 362(b), 506(b), 510, 544, 545, 547, 548, 549, 550, 555, or 742 of the Bankruptcy Code; (ix) any additional claims or other rights the Administrative Agent or the Carnaby Secured Lenders may have against the FBG Debtors; (x) a waiver or release of the Administrative Agent's or the Carnaby Secured Lenders' rights against any other entity or person liable for all or any part of the claims asserted herein, whether any affiliate of the FBG Debtors, an assignee, a guarantor, or otherwise; (xi) an election of remedies that waives or otherwise affects any other remedy that the Administrative Agent or the Carnaby Secured Lenders are entitled to; (xii) a waiver of the Administrative Agent's or the Carnaby Secured Lenders' right to assert that no claims hereunder have been or may be discharged and to file other claims that are not covered by this Stipulation; (xiii) a waiver of any obligation owed to the Administrative Agent or the Carnaby Secured Lenders, or any right to any security that may be determined to be held by it or for its benefit; or (xiv) any additional

6

rights, claims, or defenses that may be available to the Administrative Agent or the Carnaby Secured Lenders under the Bankruptcy Code, applicable law or in equity; *provided* that nothing in this Stipulation shall in any way impair, prevent, or affect the FBG Debtors' or any other party's rights to contest any of the foregoing rights or alleged rights of the Administrative Agent or the Carnaby Secured Lenders.

8.      Except to the extent expressly set forth herein, the FBG Debtors reserve all of their rights, remedies, claims, defenses, and interests under the Bankruptcy Code, applicable non-bankruptcy law, and any applicable agreement, including but not limited to (i) the right to object to, contest, reduce, reclassify, subordinate, disallow, or expunge, in whole or in part, any claim asserted by the Administrative Agent or the Carnaby Secured Lenders against any of the FBG Debtors, whether pursuant to this Stipulation, any Proof of Claim, or otherwise, on any grounds whatsoever, including without limitation, the validity, priority, extent, amount, nature, characterization, or allowability of any such claim; (ii) any and all claims, causes of action, or defenses of any kind or nature that any of the FBG Debtors may hold or assert against the Administrative Agent or the Carnaby Secured Lenders, whether arising under the Bankruptcy Code or any applicable provisions of state or federal law; (iii) any procedural or substantive defenses, counterclaims, rights of setoff, or rights of recoupment under 11 U.S.C. § 553, applicable law, or any applicable agreement with respect to any claim asserted by the Administrative Agent or the Carnaby Secured Lenders; (iv) any right to assert that any claim of the Administrative Agent or the Carnaby Secured Lenders has been or may be discharged, released, satisfied, waived, or otherwise extinguished; (v) any right to seek to recharacterize, subordinate, or otherwise challenge the priority or treatment of any claim asserted by the Administrative Agent or the Carnaby Secured Lenders; (vi) any right to amend, modify, or supplement the Further Revised Joint Plan or any related document in a manner that may affect the treatment, classification, or distribution on account of any claim asserted by the

Administrative Agent or the Carnaby Secured Lenders; or (vii) any additional rights, claims, or defenses that may be available to the FBG Debtors under applicable law or in equity; *provided* that nothing in the Stipulation shall in any way impair, prevent, or affect the Administrative Agent's, the Carnaby Secured Lenders', or any other party's rights to contest any of the foregoing rights or alleged rights of the FBG Debtors.

9.      This Stipulation is without prejudice to any party's right to seek further relief from the Bankruptcy Court.

10.     This Stipulation shall not be modified, altered, amended, or vacated without the written consent of each of the Parties or by further order of the Bankruptcy Court.

11.     The Bankruptcy Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

**IT IS SO ORDERED**.

Signed:  July 15, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated: July 14, 2026

/s/ Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Email: Gabriel.Morgan@weil.com
         Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: matt.barr@weil.com
         sunny.singh@weil.com
         andriana.georgallas@weil.com
         kevin.bostel@weil.com
         jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

/s/ Allan S. Brilliant
John F. Higgins (TX Bar No. 09597500)
Megan Young-John (TX Bar No. 24088700)
James A. Keefe (TX Bar No. 24122842)
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email:  jhiggins@porterhedges.com
         myoung-john@porterhedges.com
         jkeefe@porterhedges.com

-and-

Allan S. Brilliant (admitted *pro hac vice*)
Eric O. Hilmo (admitted *pro hac vice*)
**DECHERT LLP**
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Email:    allan.brilliant@dechert.com
         stephen.wolpert@dechert.com

*Counsel to the Carnaby Secured*
*Lenders*

9

**Exhibit A**

| No. | Debtor Name | Case Number | Allowed Voting Amount |
|---|---|---|---|
| 1. | First Brands Group Holdings, LLC (Guarantor – Carnaby II Credit Agreement) | 25-90397 (CML) | $160,717,187.33 |
| 2. | First Brands Group Holdings, LLC (Guarantor – Carnaby III Credit Agreement) | 25-90397 (CML) | $160,717,187.33 |
| 3. | First Brands Group, LLC (Servicer – Carnaby II Credit Agreement) | 25-90399 (CML) | $160,717,187.33 |
| 4. | First Brands Group, LLC (Servicer – Carnaby III Credit Agreement) | 25-90399 (CML) | $160,717,187.33 |

**Exhibit B**

| No. | Debtor Name | Case Number | Allowed Voting Amount |
|---|---|---|---|
| 1. | Brake Parts Inc LLC | 25-90477 (CML) | $29,811,490.03 |
| 2. | Trico Products Corporation | 25-90472 (CML) | $50,547,103.64 |
| 3. | Trico Technologies Corporation | 25-90396 (CML) | $50,547,103.64 |