**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| | § | **Case No. 25-90399 (CML)** |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | |
| | § | **(Jointly Administered)** |
| | § | |
| **Debtors.**[1] | § | |

**DECLARATION OF NATE WALKER IN SUPPORT OF EMERGENCY MOTION
FOR ORDER (A) APPROVING SALE TRANSACTION FOR CERTAIN
OF THE DEBTORS' EQUITY INTEREST AND RELATED ASSETS FREE AND
CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND
(B) GRANTING RELATED RELIEF**

NOW COMES Nate Walker of Husqvarna Group and files this declaration. Nate Walker makes this declaration under penalty of perjury as set forth below and in accordance with 28 U.S.C. § 1746:

1.      I am the General Counsel, NA & VP Litigation, Product Safey & Compliance for the Husqvarna Group ("Husqvarna"), which is a family of related entities. I am over eighteen years of age and competent to testify on the matters herein.

2.      Husqvarna includes Husqvarna Business Support AB ("Buyer"), the purchaser in the transaction contemplated in the *Emergency Motion for Order (a) Approving Sale Transaction for Certain of the Debtors' Equity Interest and Related Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, and (b) Granting Related Relief* ("Motion"). Capitalized terms used but not defined herein shall have the same meaning as defined in the Motion.

3.      All facts set forth in this Declaration are based upon my personal knowledge or my

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

review of relevant documents. I am authorized to submit this Declaration on behalf of Buyer and in support of the Motion. If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

4.    Buyer entered into negotiations with Debtors in February 2026 for the purchase of the Transferred Interests, as more particularly described in the Purchase Agreement, including (i) Debtor Carter Carburetor's equity interests in Walbro Japan; (ii) Debtor WEM's equity interests in Walbro FST; and (iii) certain related assets, including certain intercompany debt. The negotiations were conducted for several months, at arm's length, and with Buyer and the Debtors each represented by their respective counsel.

5.    Buyer has not engaged in any conduct that would indicate or constitute a lack of good faith.

6.    Buyer is not an insider of the Debtors.

7.    There is no common identity of directors, managers, controlling shareholders, or members exists between the Buyer and the Debtors.

8.    The Purchase Price was not controlled by an agreement among potential bidders at the sale.

9.    The Purchase Agreement was negotiated at arm's length and without collusion.

10.    The protections afforded by sections 363(f) and 363(m) of the Bankruptcy Code and the findings in the Sale Order regarding successor, transferee, and vicarious liability are a condition to Buyer's willingness to consummate the Sale Transaction.

[remainder of page blank – declarant signature page to follow]

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed this 10th day of July 2026.

Nate Walker

3