**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |
| | § | |

**STIPULATION AND AGREED ORDER BETWEEN DEBTORS AND
YUSEN LOGISTICS (CHINA) CO., LTD. MODIFYING THE AUTOMATIC STAY**

This stipulation and order (the "**Stipulation and Agreed Order**") is entered into by and between (i) Trico Products Corporation, Hopkins Manufacturing Corporation, Walbro LLC, Carter Carburetor, LLC, ASC Industries, Inc., Carter Fuel Systems, LLC, and FRAM Group Operations LLC, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "**Debtor Parties**," and collectively with its debtor affiliates, the "**Debtors**") and (ii) Yusen Logistics (China) Co., Ltd. ("**Yusen**" and, together with the Debtor Parties, the "**Parties**" and each, a "**Party**").  The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on September 24, 2025, Global Assets LLC and 12 debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and commencing on September 28, 2025, First Brands Group,

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court;

WHEREAS, Yusen previously arranged for the transportation of goods overseas for the Debtor Parties, and as of the date hereof, Yusen has shipped or has begun the shipment of various containers of goods, which are listed on **Exhibit 1** hereto (collectively, the "**Containers**");

WHEREAS, Yusen may assert claims against the Debtor Parties in connection with (i) goods provided to and services performed on behalf of the Debtor Parties, including on account of the Containers, and (ii) other charges and expenses, including but not limited to storage charges and customs duties, related to the Containers (the "**Asserted Claims**");

WHEREAS, Yusen is currently in possession of the Containers;

WHEREAS, the Debtor Parties have determined, in their business judgment, that abandonment of the Containers and the goods contained therein is in the best interest of its estate;

WHEREAS, the Debtor Parties notified certain potential parties in interest, including the ABL Lenders and the Ad Hoc Group (each as defined in the DIP Order),[2] of its intent to enter into this Stipulation and Agreed Order and such parties did not object to the abandonment of the Containers by the Debtor Parties;

WHEREAS, the Parties desire to enter into this Stipulation and Agreed Order to provide for the abandonment of the Containers and the goods contained therein and modification of the automatic stay for the limited purpose of effecting the matters set forth herein, and subject to the terms and conditions set forth below.

---

[2]   The "**DIP Order**" means the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608).

**IT IS HEREBY STIPULATED AND ORDERED THAT**

1.     The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

2.     This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court (the date of such approval, the "**Approval Date**").

3.     The automatic stay of section 362(a) of the Bankruptcy Code is hereby modified as of the Approval Date to permit Yusen to obtain or maintain possession of the Containers and dispose of the Containers and all goods contained therein in Yusen's sole discretion.  Pursuant to sections 554(a) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 6007, the Containers and all goods contained therein (the "**Abandoned Property**") are hereby abandoned by the Debtor Parties' estates as of the Approval Date, subject to paragraph 5 below.  Following the Approval Date, Yusen may sell or otherwise dispose of the Abandoned Property without further notice or liability to the Debtors or any third party, subject to paragraph 5 below.

4.     Upon the Approval Date, Yusen and each of its successors and assigns shall be deemed to have released, remised, and forever and completely discharged the Debtors and their estates from any and all claims (including any administrative expense claims) and causes of action and any other debts, obligations, rights, suits, damages, actions, derivative claims, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, in law, at equity, or otherwise, based in whole or in part on any act or omission, transaction, or other occurrence or circumstance existing or taking place after the Approval Date; *provided* that any claims of Yusen for goods or services rendered to the Debtors (i) after the Approval Date and (ii) that are unrelated to the Abandoned Property, and all of the Debtors' defenses thereto, are fully preserved.

5.      Any proceeds obtained by Yusen in connection with the sale or disposal of the Abandoned Property (the "**Proceeds**") shall reduce the Asserted Claims (first, from any allowed amount of the Asserted Claims) on a dollar-for-dollar basis; *provided* that any Proceeds received in excess of the Asserted Claims or any portion of the Asserted Claims that is allowed, as applicable, shall be returned by Yusen to the Debtors promptly, and by no later than seven (7) days from the earlier of the (i) receipt of such Proceeds or (ii) date on which such portion of the Asserted Claims is allowed by the Bankruptcy Court, as applicable.  Upon the closing of any sale or other disposition of Abandoned Property, Yusen shall promptly provide the Debtors with information sufficient to validate the amount of Proceeds generated from such sale or disposition, including a copy of any purchase agreement.

6.      Nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim relating to the Abandoned Property or any other action to which one or more of the Debtors are a party that may be filed by Yusen or any other party in the Debtors' chapter 11 cases.

7.      The relief set forth herein shall not be construed as an admission of liability by the Debtors regarding any claim or cause of action arising from or in relation to the Abandoned Property, the Asserted Claims, or any other matter.

8.      This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

9.      Nothing contained in this Stipulation and Agreed Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any

4

claim, (iii) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) a waiver of the obligation of any party in interest to file a proof of claim, (v) an agreement or obligation to pay any claims, or (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder.

10.     Notwithstanding anything to the contrary contained in this Stipulation and Agreed Order, any authorization contained herein shall be subject to and in accordance with the DIP Order and the DIP Budget (as defined therein).  To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken under this Stipulation and Agreed Order, the terms of the DIP Order shall control. Nothing in this Stipulation and Agreed Order shall constitute a waiver or substitution of any consent right required under the DIP Order.

11.     The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party.

12.     This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

13.     Notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

14.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby

consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Dated: _____, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated: July 15, 2026

 /s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
        Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
         sunny.singh@weil.com
         andriana.georgallas@weil.com
         kevin.bostel@weil.com
         jason.george@weil.com


*Attorneys for Debtors*
*and Debtors in Possession*

Dated: July 15, 2026

 /s/  Simon E. Fraser
Cozen O'Connor
Simon E. Fraser
1201 North Market Street
Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2011
Facsimile: (866) 472-2759
Email: SFraser@cozen.com

*Attorney for Yusen Logistics (China) Co., Ltd.*

## **Exhibit 1**

### **Containers**

| Container Number | |
|---|---|
| NYKU3687440 | NIDU5233990 |
| MOAU6774208 | HDMU2831094 |
| TGCU5039339 | HDMU6733028 |
| TEMU7953170 | HMMU6801922 |
| SMCU1096116 | HMMU7025422 |
| ONEU2492098 | KOCU4486659 |
| ONEU2372955 | KOCU4499168 |
| CAIU7994330 | KOCU4755465 |
| KKTU8169875 | KOCU5022375 |
| YMMU6856898 | KOCU4620562 |
| TRHU1871377 | HMMU2084166 |
| XHCU2876317 | TLLU2366628 |
| OOCU8112076 | TLLU2540257 |
| MEDU4142006 | TLLU2583264 |
| MSDU4231780 | GAOU6200558 |
| MSBU4052896 | TLLU2526407 |
| HAMU4364005 | KKFU8149010 |
| UACU5432391 | TCLU9120094 |
| UACU5432391 | FTAU2446584 |