**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.** [1] | § | |

**PRELIMINARY OBJECTION OF THE AD HOC GROUP TO EVOLUTION'S**
**EMERGENCY MOTION TO COMPEL SEGREGATION AND TURNOVER OF**
**POST-PETITION ACCOUNTS RECEIVABLE COLLECTED**

The ad hoc group represented by the undersigned counsel (the "Ad Hoc Group") hereby files this preliminary objection (the "Objection") to Evolution's request for emergency consideration of *Evolution's Emergency Motion to Compel Segregation and Turnover of Post-Petition Accounts Receivable Collected* [Docket No. 3144] (the "Motion"). [2]   In furtherance thereof, the Ad Hoc Group respectfully states as follows:

**OBJECTION**

1. The Ad Hoc Group respectfully requests, for the reasons set forth herein, that the Court deny the emergency relief requested in the Motion.

2. Evolution's request is not an emergency. To establish an emergency, the Bankruptcy Local Rules for the U.S. Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules") require Evolution to provide "a detailed statement why an emergency exists, and the date relief is needed to avoid the consequences of the emergency."  *See* Bankruptcy

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion or the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Docket No. 608] (the "Final DIP Order"), as applicable.

Local Rule 9013-1(i).  Yet Evolution identifies no emergency that exists or any consequences that might be avoided by allowing it to skirt every other party's right to due process and notice. As such, its request should be denied.

3.      Evolution asserts that the need for relief is immediate because the Debtors allegedly failed to segregate and turn over $21.5 million in collections (*Motion* ¶ 33) and that the Debtors failed to respond to a letter Evolution sent on July 3, 2026.[3] But Evolution's own conduct in these cases confirms this is not an emergency. Evolution admits that it stopped receiving facility-level reporting in ***March 2026***. *Id.* at ¶ 32.  It did not take any action regarding this issue until sending a letter to the Debtors 12 days ago. Having waited months, Evolution cannot manufacture an emergency by sending and then insisting on relief less than two weeks later. Self-created urgency is not the emergency contemplated by Bankruptcy Local Rule 9013-1(i).  *See In re Villareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993) ("[I]f an expedited hearing is sought, it must appear clearly from the pleadings not only that there is an emergency but also that it is not an emergency of the movant's own making"); *see also Talon Transaction Techs., Inc. v. Stoneeagle Servs., Inc.*, 2014 WL 6819846, at *2 (N.D. Tex. Dec. 4, 2014) (declining to grant emergency relief where petitioner had sufficient time to seek relief earlier).

4.      Moreover, Evolution's requested turnover relief is entirely improper.  Evolution has not proven it has any interest in these proceeds that it claims the Debtors failed to segregate— those issues are subject to an existing adversary proceeding that is pending before the Court.  *See*

---

[3]    The Ad Hoc Group is still evaluating the substantive issues and related facts raised by Evolution in the Motion and reserves all rights to address these issues on normal notice and/or when the Court orders the Motion to proceed and sets it for a hearing. It is the understanding of Counsel to the Ad Hoc Group, however, that the Debtors do not possess any available cash to segregate. For the avoidance of doubt, the Final DIP Order and the DIP Credit Agreement require $50 million in minimum liquidity to be maintained by the Debtors at all times, *see* DIP Credit Agreement § 7.14; Final DIP Order ¶ 2(a), and in connection with the plan process, that requirement has been reduced to $25 million, *see Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Docket No. 3019] (the "Joint Plan") § 2.3(d). That remaining $25 million is indisputably the DIP Lenders' cash collateral and subject to valid, indefeasible, superpriority DIP Liens.

*Evolution Credit Opportunity Master Fund II-B, LP et al. v. First Brands Grp., LLC, et al.,* Adv. Pro. No. 26-03006 (Bankr. S.D. Tex. filed Jan. 9, 2026).  Until it proves that it has a superior and indefeasible interest in the property, turnover is plainly improper.

5.      Finally, Evolution has not demonstrated that it will in fact be prejudiced by having its Motion heard no earlier than on normal notice as required by the Bankruptcy Code and related rules.  Evolution's serial requests for emergency relief across these cases and proceedings should not be entertained.

6.      Accordingly, the Court should deny Evolution's request for emergency consideration and schedule the Motion for hearing no earlier than the confirmation hearing.

### **Reservation of Rights**

7.      This Objection is filed without prejudice to, and with full reservation of, all rights, claims, defenses, and remedies available to the Ad Hoc Group under applicable law, contract, or otherwise.  The Ad Hoc Group expressly reserves the right to (i) supplement, amend, or modify this Objection; (ii) raise additional objections at or before any hearing on the Motion; (iii) introduce evidence, including by declaration or testimony, or arguments regarding any aspect of the relief sought in the Motion; and (iv) assert all claims or objections as necessary or appropriate in response to further developments or pleadings filed in this case or any other related case.

[*signature page follows*]

Dated: July 15, 2026
      Houston, Texas

Respectfully submitted,

/s/     *Tom A. Howley*

Tom A. Howley (Texas Bar No. 24010115)
Eric Terry (Texas Bar No. 00794729)
HOWLEY LAW PLLC
700 Louisiana Street, Suite 4220
Houston, TX 77002
Telephone: 713-333-9125
Email: tom@howley-law.com
      eric@howley-law.com

Scott J. Greenberg (admitted *pro hac vice*)
Jason Zachary Goldstein (admitted *pro hac vice*)
C. Lee Wilson (admitted *pro hac vice*)
Stephen D. Silverman (admitted *pro hac vice*)
Christina M. Brown (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Telephone: 212-351-4000
Email: sgreenberg@gibsondunn.com
      jgoldstein@gibsondunn.com
      clwilson@gibsondunn.com
      ssilverman@gibsondunn.com
      christina.brown@gibsondunn.com

-and-

AnnElyse Scarlett Gains (admitted *pro hac vice*)
Robert Marsters (admitted *pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
1700 M Street N.W.
Washington, D.C. 20036-3504
Telephone: 202-955-8500
Email: agains@gibsondunn.com
      rmarsters@gibsondunn.com

*Counsel to the Ad Hoc Group*

4

**<u>Certificate of Service</u>**

I certify that on July 15, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Tom A. Howley*

Tom A. Howley