**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**ORDER GRANTING EMERGENCY MOTION OF KATSUMI**
**SERVICING, LLC TO COMPEL DEBTORS' RESPONSES TO FIRST SET OF**
**INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Upon the motion (the "Motion")[2] of Katsumi Servicing, LLC ("Katsumi") for entry of an

order (this "Order") compelling First Brands Group, LLC and its debtor affiliates (collectively, the

"Debtors") to provide full, complete, verified, and non-evasive responses to Katsumi's First Set of

Interrogatories (Nos. 1–24) and produce all responsive, non-privileged documents to Katsumi's

First Request for Production of Documents (Nos. 1–31), and the Court finding that (a) the Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core

proceeding pursuant to 28 U.S.C. § 157(b), (c) venue is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409, (d) notice of the Motion and the opportunity for a hearing on the Motion was

sufficient under the circumstances and no other or further notice is necessary, (e) the Court may

enter a final order consistent with Article III of the United States Constitution, (f) this Court having

reviewed the Motion and having heard the statement of the relief requested therein at a hearing

before this Court, if any; and this Court having determined that the legal and factual bases set forth

---

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these Chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Motion.

in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Debtors shall, as soon as reasonably practicable after entry of this Order, provide full, complete, verified, and non-evasive responses to Katsumi's First Set of Interrogatories (Nos. 1–24), without the previously asserted objections that are overruled by this Order.

2. The Debtors shall, as soon as reasonably practicable after entry of this Order, produce all responsive, non-privileged documents to Katsumi's First Request for Production of Documents (Nos. 1–31), without the previously asserted objections that are overruled by this Order.

3. The Debtors' objections to the Discovery Requests, including but not limited to the objections that the Discovery Requests are "overbroad," "unduly burdensome," "not proportionate to the discovery needs of the Confirmation Hearing," "publicly available," already in Katsumi's possession, premature contention interrogatories, or deferring responses to witness declarations are overruled.

4. The Debtors' assertions of mediation privilege are overruled to the extent asserted as a basis to withhold factual information, business records, communications, or discoverable information that does not constitute a communication made during or in preparation for the mediation.

5. The Debtors' assertions of privilege as to the subject of the testimony of Charles Moore, including funds-flow tracing analysis, the investigation and claims analysis, all facts developed in the Special Committee Investigation, and all related work papers are overruled.

6.     The Debtors shall, as soon as reasonably practicable after entry of this Order, produce a privilege log compliant with Federal Rule of Civil Procedure 26(b)(5)(A) for all documents and communications withheld on the basis of any privilege, including but not limited to the attorney-client privilege, attorney work product doctrine, common interest privilege, joint defense privilege, and mediation privilege. The privilege log shall identify, for each withheld document or communication: (a) the date of the document or communication; (b) the author(s) and recipient(s); (c) the general subject matter; and (d) the specific privilege(s) asserted.

7.     The Confirmation Hearing is continued to a date to be determined to (a) allow Katsumi sufficient time to respond to the surprise testimony of Mr. Kirschner, (b) review and respond to Debtors' compelled supplemental productions and responses, and (c) obtain deposition testimony from Mr. Kirschner based on information disclosed in his July 14, 2026 declaration.

8.     Pursuant to Federal Rule of Civil Procedure 37(a)(5), the Debtors are directed to pay Katsumi's reasonable expenses, including attorneys' fees, incurred in connection with the Motion within seven (7) business days of the entry of this Order, in an amount to be established upon submission of an affidavit of fees by Katsumi's counsel.

9.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     Katsumi is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Motion.

3

12.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2026

Houston, Texas                                    _____

                                                  HON. CHRISTOPHER M. LOPEZ
                                                  UNITED STATES BANKRUPTCY JUDGE