# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, et al.,**[1] | § | **Case No. 25-90399 (cml)** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

---

**APPLICATION TO EMPLOY CHAMBERLAIN HRDLICKA WHITE WILLIAMS & AUGHTRY, P.C. AS COUNSEL FOR COMMITTEE OF NON-UNION RETIREES EFFECTIVE AS OF JULY 10, 2026**

---

> THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

The Official Committee of Non-Union Retirees (the "**Retiree Committee**") appointed in these cases (the "**Chapter 11 Cases**") of the above-captioned debtor and debtor-in-possession (the "**Debtors**") hereby files this application ("**Application**") for an order

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114..

authorizing the retention and employment of Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. ("**CHWWA**") as counsel to the Retiree Committee. In support of this Application, the Retiree Committee also files the (i) Declaration of Mark D. Sherrill of CHWWA in Support of the Application ("**Sherrill Declaration**"), attached hereto as **Exhibit A**.

**JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY**

1.      The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012).  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      The statutory bases for the relief requested are §§ 327(a), 330, and 1114(b) of title 11 of the United States Code of the Bankruptcy Code,[2] Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.[3]

3.      Venue is proper in pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This Court has constitutional authority to enter a final order regarding this matter because employment of professional persons by a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[4]

**BACKGROUND**

5.      On September 24 and 28, 2025 (collectively, the "**Petition Date**"), voluntary

---

[2]  Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

[3]  Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

[4]  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).

petitions for relief under chapter 11 of the Bankruptcy Code were filed by each of the Debtors. The Debtors have continued to operate their businesses and manage their affairs as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been appointed in these cases by the Office of the United States Trustee for the District of Delaware ("**U.S. Trustee**").

6.      On Jun 16, 2026, the Debtors filed an Emergency Motion for Order (i) Authorizing and Directing the United States Trustee to Appoint a Committee of Retired Employees and (ii) Granting Related Relief, which the Court granted on June 25, 2026. [5]

7.      On July 9, 2026, the U.S. Trustee appointed the Retiree Committee, consisting initially of the following members: (i) William R. Shrode; (ii) John David Gaither; and (iii) John Evans; and (iv) William K. Vinson. [6]

8.      On July 10, 2026, the Committee selected CHWWA as Retiree Committee counsel.

### **RELIEF REQUESTED**

9.      By this Application, pursuant to § 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Retiree Committee requests entry of the proposed order filed simultaneously with this Application, approving the employment and retention of CHWWA, effective as of July 10, 2026, as its counsel in connection with this Chapter 11 Cases.

10.     In light of CHWWA's bankruptcy, tax, ERISA and corporate and litigation

---

[5]  ECF Nos. 3017 and 3060, respectively.

[6]  ECF No. 3148.

practices, who routinely represent debtor's, creditors, trustees, and committees across a broad range of industries, it would be cost-effective for the Retiree Committee to retain CHWWA as its counsel. CHWWA is well suited to represent the Retiree Committee, having previously served as counsel to, inter alia, chapter 11 debtors, indenture trustees, ad–hoc groups, official committees of unsecured creditors, secured creditors, purchasers, and liquidating trustees.

11.     Pursuant to § 1103(a) of the Bankruptcy Code, the Retiree Committee requests that this Court approve the employment of CHWWA as its counsel to assistant in the negotiations with the Debtors concerning the treatment of retirement benefits in the Chapter 11 Cases.

12.     CHWWA has advised the Retiree Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative compensation order entered in this Chapter 11 Cases. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants, and staff who provide services to the Retiree Committee after application. These hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

13.     The current customary hourly rates of the CHWWA professionals anticipated to be primarily staffed on this matter are set forth in the chart below.

| Attorney/Paraprofessional | Status | Standard Hourly Rate | Discounted Hourly Rate |
|---|---|---|---|
| Mark D. Sherrill | Partner | $ 1,200.00 | $ 1,150.00 |
| Joshua A. Sutin | Partner | $ 850.00 | $ 825.00 |
| Jeffrey Della Rocco | Associate | $ 510.00 | $ 425.00 |
| Lara Anne Coleman | Paralegal | $ 395.00 | $ 365.00 |

14. Consistent with the firm's policy with respect to its other clients, CHWWA will charge the Retiree Committee for all charges and disbursements incurred in rendering services to the Retiree Committee. These customary items include, among other things, third copy providers for mailing, which includes copies and postage), third party conference lines, travel (limited), business meals, computerized research, witness fees, and other fees related to trials and hearings.

15. The Retiree Committee requests approval of the employment of CHWWA effective as of July 10, 2026. Such relief is warranted by the circumstances presented by this Chapter 11 Cases, including the tight timeframe between appointment of the Retiree Committee and the Debtors' plan confirmation hearing. The Retiree Committee's selection of CHWWA on July 10, 2026 necessitated that CHWWA immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtor's Chapter 11 Cases pending submission and approval of this Application.

**DISINTERESTEDNESS**

16. Based upon the Sherrill Declaration, attached as **Exhibit A**, the Committee is satisfied that (i) CHWWA attorneys represent no interest adverse to the Retiree Committee, the Debtors, its estate, or any other party in interest in the matters upon which it is to be engaged, and that its employment is in the best interest of the estate, (ii) CHWWA has no connection with the U.S. Trustee or any other person employed in the office of the U.S.

Trustee, and (iii) CHWWA has not been paid  any retainer against which to bill fees and expenses.

17.     To the best of the Retiree Committee's knowledge, CHWWA has no connection with creditors  or any other party in interest except as otherwise noted in the Sherrill Declaration.

**PRIOR APPLICATION**

18.     No prior application for the relief requested herein has been presented to this Court or any other court.

**WHEREFORE,** the Retiree Committee hereby respectfully requests that it be authorized to retain  and employ CHWWA as its lead counsel effective as of July 10, 2026, and that CHWWA be  paid such compensation as may be allowed by this Court, and for such other further relief as is  deemed just and proper.

Dated: July 15, 2026

Respectfully submitted,

THE COMMITTEE OF NON-UNION
RETIREES

By: _____
John Evans, Chair

35335642.v2