**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) )  Case No. 25-90399 (CML) |
| Debtors.[1] | ) )  Jointly Administered |
| | ) |

**EVOLUTION'S JOINDER TO LAM PARTIES',
KATSUMI'S EMERGENCY MOTIONS TO COMPEL
PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES**

Evolution[2] hereby joins in the *LAM Parties' Emergency Motion to Compel Production of Documents and Interrogatory Responses from Debtors* [Docket No. 3210] ("LAM Motion") and the *Emergency Motion of Katsumi Servicing, LLC to Compel Debtors to Produce Complete Responses and Documents in Response to Discovery Served Upon the Debtors, Including Katsumi Servicing, LLC's First Set of Interrogatories and First Request for Production of Documents and Other Issues* [Docket No. 3211] ("Katsumi Motion").

**JOINDER**

1.    Evolution served discovery requests on the FBG Debtors in connection with their proposed Plan.  *See* Exhibit 1 (FBG Debtors' Responses and Objections to Evolution's First Set of Requests for Production).  These requests seek substantially the same information as the requests served by the LAM Parties and Katsumi (the "LAM/Katsumi Requests"), and the FBG Debtors have taken the same wildly overbroad approach to privilege and common interest in connection with the LAM/Katsumi Requests.  *See* LAM Motion at Ex. D (Debtors' R&Os to LAM Parties' RFPs); Katsumi Motion at Ex. 2 (Debtors' R&Os to Katsumi's RFPs).

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] "Evolution" means, collectively, Evolution Credit Opportunity Master Fund II-B, L.P., Evolution Credit Partners Trade Finance Master, L.P. (as successor in interest to Evolution Credit Partners Trade Finance L.P.), Evolution Credit Opportunity Master Fund III-B, LP, and certain other Evolution affiliated funds.

2.      As they did in response to the LAM/Katsumi Requests, the FBG Debtors provided deficient responses to Evolution's requests and made blanket assertions of privilege unsupported by law.  Namely, in a meet-and-confer held on July 13, 2026, counsel for the FBG Debtors stated that the mediation privilege protected *every communication occurring after January 29, 2026* responsive to Evolution's requests, and that *all* responsive communications after March 27, 2026 are also shielded by the common interest privilege.  Today, after LAM and Katsumi filed their Motions, they reversed course on some, but not all, of their baseless privilege assertions.  *See* Ex. 2 (July 16, 2026 1:56pm email from C. Calabrese).  Material deficiencies in their productions from their groundless privilege assertions remain.

3.      For the reasons set out in the LAM and Katsumi Motions, the FBG Debtors' positions on privilege and common interest are untenable, and Evolution joins those Motions in full.[3]

4.      In addition to the points made in the LAM and Katsumi Motions, the Court should reject the FBG Debtors' assertion of common interest because it is inconsistent with binding Fifth Circuit precedent which sets out the "narrow[]" scope of the common interest privilege.  *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).  For the common interest privilege to apply, there must be a "*palpable threat of litigation* at the time of the communication." *Id.* at 711 (emphasis added).  The privilege only applies to "two types of communications … (1) communications between co-defendants in actual litigation and their counsel; and (2) communications between potential co-defendants and their counsel.  Courts have not extended the common legal interest privilege to generalized shared business interests." *Tonti Mgmt. Co. v. Soggy Doggie, LLC*, 2020 WL 9172077, at *4 (E.D. La. June 25, 2020) (emphasis added).

5.      It is inconceivable that *every* communication between the Debtors and the UCC, and the Debtors and the Ad Hoc Group, about the Estate Claims and related investigations *from*

---

[3] While Evolution has not served interrogatories on the FBG Debtors, it is plain that the responses provided to the LAM Parties' and Katsumi's interrogatories are insufficient.

***the beginning of these Chapter 11 cases*** is either a "communication[] between co-defendants in actual litigation and their counsel" or a "communication between potential co-defendants and their counsel," made under a "palpable threat of litigation." Yet that is what the FBG Debtors now claim. *See* Exhibit 2 (July 16, 2026 1:56pm email from C. Calabrese). The FBG Debtors' attempt to apply the common interest privilege to ***every*** communication after March 27, 2026 responsive to Evolution's requests (with a carveout for communications with the UCC, Ad Hoc Group, and ABL Lenders regarding Plan negotiations from March 27 through May 20) similarly stretches credulity. *See also United States v. El Paso Co*., 682 F.2d 530, 539 (5th Cir. 1982) ("[T]he attorney-client privilege may not be tossed as a blanket over an undifferentiated group of documents … The privilege must be specifically asserted with respect to particular documents." (internal citation omitted)); *Nguyen v. Excel Corp*., 197 F.3d 200, 206 n.16 (5th Cir. 1999) ("Blanket claims of privilege are disfavored … A bald assertion of privilege is insufficient." (cleaned up)); *Equal Emp. Opportunity Comm'n v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (discussing the requirement to produce a privilege log and noting that "[c]ontinual failure to adhere to Rule 26's prescription may result in waiver of the privilege where a court finds that the failure results from unjustified delay, inexcusable conduct, or bad faith" (internal citation omitted)).

6.      The prejudice from the FBG Debtors' discovery misconduct is compounded because there are only two business days until the Plan objection deadline and seven business days until the Plan confirmation hearing. The FBG Debtors should not be allowed to evade discovery and deny Evolution and similarly-situated creditors a genuine opportunity to develop a record and object to the Plan. The Plan confirmation deadline (and associated objection deadlines) should be extended until the FBG Debtors comply with their discovery obligations.

## CONCLUSION

7.      Evolution respectfully requests that the Court enter an order compelling the FBG Debtors to produce documents in response to Evolution's discovery requests, and extending the

Plan confirmation deadline and associated deadlines until the FBG Debtors have complied with their discovery obligations.

Respectfully submitted this 16th day of July 2026,

**GRAY REED**

By: */s/ Jason S. Brookner*
     Jason S. Brookner
     Texas Bar No. 24033684
     Emily F. Shanks
     Texas Bar No. 24110350
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:    (713) 986-7000
Facsimile:    (713) 986-7100
Email:    jbrookner@grayreed.com
     eshanks@grayreed.com

- and -

**ELSBERG BAKER & MARURI PLLC**
     Michael Duke (admitted *pro hac vice*)
     David Elsberg (admitted *pro hac vice*)
     Vivek Tata (admitted *pro hac vice*)
     Garrett Gerber (admitted *pro hac vice*)
     Andrew Parks (admitted *pro hac vice*)
     Ella Epstein (admitted *pro hac vice*)
350 Fifth Avenue, 38th Floor
New York, NY 10018
Telephone:    (212) 597-2600
Email:    mduke@elsberglaw.com
     delsberg@elsberglaw.com
     vtata@elsberglaw.com
     ggerber@elsberglaw.com
     aparks@elsberglaw.com
     eepstein@elsberglaw.com

- and -

**PROSKAUER ROSE LLP**
     Vincent Indelicato (admitted *pro hac vice*)
     Matthew R. Koch (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email:    vindelicato@proskauer.com
     mkoch@proskauer.com

- and -

Charles A. Dale (admitted *pro hac vice*)
One International Plaza
Boston, MA 02110-2600
Telephone:  (617) 526-9600
Email:        cdale@proskauer.com

- and -

Jordan E. Sazant (admitted *pro hac vice*)
70 West Madison St., Ste. 3800
Chicago, IL 60602
Telephone:  (312) 962-3500
Email:        jsazant@proskauer.com

## Certificate of Service

The undersigned hereby certifies that on the 16th day of July 2026, he caused a true and correct copy of the foregoing document by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

## Certificate of Accuracy

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Michael Duke*
Michael Duke

## Certificate of Conference

I hereby certify that I have made a good faith effort to resolve this discovery dispute without the Court's action.  Counsel for Evolution and the FBG Debtors met and conferred on July 13, 2026 but have not reached a consensual resolution.

*/s/ Michael Duke*
Michael Duke

# Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § § § | **Case No. 25-90399 (CML)** |
| | § § | |
| **Debtors.[1]** | § § | **(Jointly Administered)** |

**DEBTORS' RESPONSES AND OBJECTIONS TO**
**EVOLUTION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and other applicable law, First Brands Group LLC and its debtor affiliates ("**the Debtors**") by and through their undersigned counsel, hereby submits these responses and objections (the "**Responses**," and each specific response and objection, a "**Response**") to *Evolution's First Set of Requests for the Production of Documents to FBG Debtors*, dated June 23, 2026 (the "**Requests**," and each specific request for admission, a "**Request**") issued by Evolution (as defined in the Requests).  The Debtors expressly reserve their rights to supplement, modify, revise, or correct the Responses herein at any time in accordance with the applicable rules.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**RESERVATION OF RIGHTS**

1.      With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.

2.      The Debtors submit the Responses subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any Response herein or materials produced in response to any Request; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests, the Responses, or documents produced in response to the Requests; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity, and (d) the right to revise, correct, supplement, or clarify the Responses herein at any time.

3.      The Responses are made pursuant to and subject to the General Objections, Objections to Definitions, Objections to Instructions, and Specific Responses and Objections set forth herein.  The Debtors do not waive, and expressly preserve, all available objections.

4.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests.  By responding and objecting to the Requests or producing documents in response to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand, subpoena, request, action, or any other case brought by Evolution or any other party.

5.      Any document produced by the Debtors in response to the Requests does not constitute an admission or acknowledgement that any such Request is proper, that the information sought is relevant or admissible in any proceeding, or that requests for similar information will be

2

treated in a similar fashion.  Whether the Debtors have produced documents or responded to any particular Request should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Request.

6.      None of the Responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents responsive to any Request.  The Debtors do not represent that any responsive documents exist in response to any particular Request, but rather that they will undertake a reasonably diligent search across a reasonable universe of documents and produce non-privileged documents responsive to the Request (if any).

7.      The Debtors do not waive, and hereby assert and preserve, all applicable privileges and protections, including the attorney-client privilege, attorney-work-product doctrine, and any other applicable privilege or immunity.

8.      Any document produced by the Debtors in response to the Requests is produced pursuant to, and shall be subject to, the terms of the Protective Order (ECF No. 408) entered in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

## GENERAL OBJECTIONS

1.      These General Objections are applicable to the Requests in their entirety and are incorporated into each specific Response as if fully repeated therein.  The Objections to Definitions and Objections to Instructions shall likewise apply equally to any definition, instruction, or Request that incorporates that definition or instruction.  The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

2.      The Debtors object to the Requests insofar as they are overbroad, unduly burdensome, vague, ambiguous, redundant, harassing, or oppressive.  The Debtors further object to the Requests to the extent they seek the production of information that is neither relevant nor

proportionate to the discovery needs of these Chapter 11 Cases, including with respect to confirmation of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Dkt. No. 2981) (the "**Plan**"). The Debtors additionally object to the Requests to the extent they seek documents and communications that the Debtors have already produced to Evolution or their counsel in connection with these Chapter 11 Cases.

3.     The Debtors object to the Requests insofar as they seek the production of "all" or "any" documents and communications on the grounds that it is impracticable, overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases.

4.     The Debtors object to the Requests to the extent that they call for the production of documents not within the Debtors' possession, custody, or control, or for the production of documents not obtainable by means of a reasonably diligent search proportionate to the discovery needs of these Chapter 11 Cases.

5.     The Debtors object to the Requests to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work-product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; (d) the mediation privilege, and/or (e) any other applicable privilege, protection, or immunity from discovery. The Debtors reserve the right to redact any material covered by items (a) through (e) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

6.     The Debtors object to the Requests to the extent they call for the production of documents and the disclosure of information protected by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364).

7.      If the Debtors disclose any privileged information pursuant to the Requests, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege, rule, doctrine, immunity, or other protection.

8.      The Debtors object to the Requests to the extent that any Request may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third party.  The Debtors further object to the Requests to the extent they call for the production of documents or information covered by a non-disclosure agreement or other contract barring dissemination.

9.      The Debtors object to the Requests to the extent that they require any disclosure that may constitute a violation of any law or regulation.

10.      The Debtors object to the Requests to the extent they seek information that is already in the possession, custody, or control of Evolution and/or information that is in the public domain.  The Debtors further object to the Requests to the extent they seek information that is not kept by the Debtors in the ordinary course of business including, but not limited to, data compilations.

11.      The Debtors object to the Requests to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed.  The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Responses and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Requests.

12.      The Debtors object to the Requests, including without limitation, the Definitions and Instructions contained therein, to the extent they purport to impose on the Debtors any

requirement or obligation greater than, different from, or otherwise inconsistent with those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

13.     The following Responses are made solely for the purpose of the Chapter 11 Cases and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

14.     The Debtors object to the Requests to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response.

15.     The Debtors object to the Requests to the extent that they seek responses on a timeframe different from those imposed under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

16.     The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement the Responses to the Requests.

### OBJECTIONS TO DEFINITIONS

1.     The Debtors object to the Definitions to the extent they purport to extend beyond a reasonable scope, define words beyond their ordinary meaning, and/or impose obligations beyond those contained in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter. The Debtors will interpret the Requests reasonably and in good faith in accordance with common English usage and the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in the Plan.

2.      The Debtors object to Definition No. 5 ("Chapter 11 Cases") as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases as the defined term purports to include "the cases under Chapter 7 of the Bankruptcy Code for the Evolution SPV Debtors" and "any Adversary Proceedings filed in connection with such Chapter 11 Cases."

3.      The Debtors object to Definition 5 ("Communications") as overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent such term purports to include "any act or instance of transferring, transmitting, passing, delivering, giving, or recording information by oral, written or electronic means." The Debtors further object to Definition 5 to the extent that it purports to include the production of Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

4.      The Debtors object to Definition 9 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "employees, managers, officers, directors, agents, subsidiaries, special purpose vehicles, and affiliates." The Debtors will interpret "Debtors" as referring to First Brands Group, LLC and its debtor affiliates in these Chapter 11 Cases. A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Claims and Noticing Agent as detailed herein at footnote 1.

5.      The Debtors object to Definition 12 ("Documents") as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it purports to require the production of "any writing, record, or other tangible or intangible thing from which data or information can be obtained, translated, or decoded

by any means," drafts, original documents, non-identical copies, notes, work papers, and similar materials, and to the extent it purports to include materials that are publicly available or not within the Debtors' possession, custody, or control.

6.      The Debtors object to Definition 13 ("Electronically stored") as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases. The Debtors will produce all Electronically Stored Information consistent with the Debtors' prior productions made throughout these Chapter 11 Cases.

7.      The Debtors object to Definition 15 ("ESI") as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of the confirmation of the Plan.  The Debtors further object to this Definition the extent it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court. The Debtors will produce all Electronically Stored Information consistent with the Debtors' prior productions made throughout these Chapter 11 Cases.

8.      The Debtors object to Definition 28 ("Person") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term purports to encompasses "natural person, proprietorship, corporation, partnership, trust, joint venture, group, association organization, and entity regardless of form and all of its, directors, officers, employees, representatives, trustees, or agents."  The Debtors further object to this Definition to the extent it purports to requires that the Debtors produce documents outside their possession, custody, or control.

9. The Debtors object to Definition 29 ("You" and "Your") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "any and each of FBG Debtors' predecessors, successors, assigns, parent companies, subsidiaries, affiliates, legal

8

representatives, managers, directors, officers, employees, representatives, trustees, or agents." The Debtors will interpret "You" and "Your" as referring to the Debtors in these Chapter 11 Cases. The Debtors will interpret "Debtors" as referring to First Brands Group, LLC and its debtor affiliates in these Chapter 11 Cases. A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Claims and Noticing Agent as detailed herein at footnote 1.

10.     The Debtors object to Definition 27 ("including") and Definition 31 ("concerning," "reflecting," "relating to," and "regarding") as overbroad, unduly burdensome, vague, and ambiguous to the extent they purport to impose discovery obligations beyond those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in connection with confirmation of the Plan.

**OBJECTIONS TO INSTRUCTIONS**

1.     The Debtors object to the Instructions to the extent they purport to impose on the Debtors any obligation different from and/or broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery.

2.     The Debtors object to Instruction No. 1 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control, including to documents held by the Debtors' "current or former directors, officers, partners, members, employees, advisors, agents, representatives, subsidiaries, managing agents, affiliates, attorneys, accountants, auditors, investigators, servants, or other persons acting or purporting to act on"

9

Debtors' behalf.  The Debtors further object to Instruction No. 1 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors.

3.  The Debtors object to Instruction No. 2 as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it purports to require the production of documents already in Evolution's possession and not within the Debtors' possession, custody, or control.  The Debtors further object to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

4.  The Debtors object to Instruction No. 3 as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of the Plan, including to the extent it purports to require the production of "all drafts, and non-identical copies of such Documents or Communications[.]"  The Debtors further object to Instruction No. 3 to the extent that it purports to include the production of Documents and Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors also object to to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

5.  The Debtors object to Instruction No. 4 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal

Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

6.        The Debtors object to Instruction No. 5 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

7.        The Debtors object to the rules of construction set forth in Instruction No. 6 to the extent they purport to impose on the Debtors obligations to perform anything more than a reasonable search for responsive Documents and information.  The Debtors further object to Instruction No. 6 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

8.        The Debtors object to the rules of construction set forth in Instruction No. 7 to the extent they purport to impose on the Debtors obligations to perform anything more than a reasonable search for responsive Documents and information.  The Debtors further object to Instruction No. 6 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

9.        The Debtors object to Instruction No. 8 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal

11

Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

10.     The Debtors object to Instruction No. 9 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

11.     The Debtors object to Instruction No. 10 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

12.     The Debtors object to Instruction No. 11 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, mediation privilege, or which are otherwise protected from disclosure.  The Debtors further object to Instruction No. 11 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing, and extent of discovery in connection with confirmation of the Plan.  The Debtors finally object to Instruction No. 11 as unduly burdensome and not proportionate to the discovery needs of the Chapter 11 Cases.

13.     The Debtors object to Instruction No. 12 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege,

12

mediation privilege, or which are otherwise protected from disclosure. The Debtors further object to Instruction No. 12 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing, and extent of discovery in connection with confirmation of the Plan. The Debtors finally object to Instruction No. 12 as unduly burdensome and not proportionate to the discovery needs of the Chapter 11 Cases.

14. The Debtors object to Instruction No. 13 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court. The Debtors further object to Instruction No. 13 to the extent it purports to require that the Debtors produce privileged information.

15. The Debtors object to Instruction No. 15 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

16. The Debtors object to Instruction No. 16 to the extent they purport to impose on the Debtors obligations to perform anything more than a reasonable search for responsive Documents and information. The Debtors further object to Instruction No. 16 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

13

17.      The Debtors object to Instruction No. 17 (defining the "Relevant Period" as September 1, 2025 through the present) as overbroad, unduly burdensome, and not proportionate to the discovery needs for litigating the confirmation of the Plan to the extent it purports to require responses covering a period that is not relevant or proportionate to confirmation of the Plan, and the Debtors further object to any Interrogatory that purports to seek information predating the Relevant Period.

**SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**:

**All transcripts of any deposition (including exhibits thereto) taken in connection with the Chapter 11 Cases or any Adversary Proceeding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including because the Request broadly seeks all deposition transcripts and exhibits without regard to relevance. The Debtors further object to this Request to the extent it seeks information outside the Debtors possession, custody, or control. The Debtors additionally object to this Request to the extent it seeks confidential or highly confidential information. The Debtors also object to this Request as seeking information that is otherwise available to Evolution.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request that the Debtors are reasonably able to identify and collect.

14

**REQUEST FOR PRODUCTION NO. 2**:

**All responses to interrogatories or requests for admission (including all documents referenced therein or identified pursuant to Fed. R. Civ. P. Rule 33(d)) provided by any of the Debtors in connection with the Chapter 11 Cases or any Adversary Proceeding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it seeks "all responses to interrogatories or requests for admission" and "all documents referenced therein," without regard to relevance to confirmation of the Plan.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3**:

**All Documents and Communications exchanged among You and the Ad Hoc Group (or any of its members), the Creditors' Committee (or any of its members), or the ABL Lenders relating to the Premier Marketing Group Plan, the Premier Marketing Group Global Settlement, the Estate Claims Credit Bid Transaction, the Plan, or the Plan Settlement. The Documents and Communications responsive to this request include all communications relating to any terms or aspects of those plans, settlements or transactions, as well as all communications reflecting negotiations of those plans, settlements or transactions.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and

15

Communications.  The Debtors additionally object to this Request as vague and ambiguous regarding the meaning of "relating to any terms or aspects of those plans, settlements or transactions," which is also overbroad and unduly burdensome.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 4**:

**All Documents and Communications exchanged between You and Gerard Uzzi of Uzzi & Lall.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

16

**REQUEST FOR PRODUCTION NO. 5**:

All Documents and Communications relating to "Adverse Conduct" as defined in the Plan, including any and all Communications relating to any assessment or conclusion regarding which persons or entities engaged in "Adverse Conduct."

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**:

All Documents and Communications relating to substantive consolidation in connection with the Plan, including any and all Communications relating to any consideration of consolidating any Debtors for particular purposes, and any and all Communications relating to consolidation for purposes of any defenses to preference or other avoidance actions (in connection with the Preference Settlement as defined in the Plan or otherwise).

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the

discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**:

**All Documents and Communications relating to the Preference Settlement as defined in the Plan, including any and all Communications relating to eligibility to participate in the settlement.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 8**:

All Documents relating to the schedule of Specified Non-Released Parties in the Plan Supplement, including any and all Communications regarding the composition of the schedule and determinations regarding which persons or entities are included in the schedule.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents not relevant to confirmation of the Plan and seeks "all" Documents. The Debtors additionally object to this Request to the extent it seeks Documents protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**:

All Documents and Communications relating to the Estate Claims Marketing Process, including (i) all diligence materials provided to any potential bidders, prospective bidders, bidders, or other participants, including all Documents in the "data room"; (ii) all indications of interest received from any prospective bidder; (iii) all bids received; (iv) all indications of interest for any Estate Claims being sold; (v) all "teaser" materials or other information used to solicit potential or prospective bidders; (vi) any Documents or Communications provided to the Ad Hoc Group or the participants in the Estate Claims Credit Bid in connection with the Estate Claims; and (vii) any Documents or Communications exchanged with any potential bidder, prospective bidders, or other participants. This Request expressly encompasses any Documents and Communications provided to or exchanged with the Ad Hoc Group or other participants in the Estate Claims Marketing Process that are in any way connected to the Estate Claims Credit Bid Transaction or the Estate Claims..

19

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**:

**All Documents and Communications relating to the Estate Claims Credit Bid Transaction.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common

interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 11**:

**All Documents and Communications relating to the "causes of action" and "transactions" referenced by Charles M. Moore as described at Pages 24-25 and 131-132 of the transcript of the Conditional Disclosure Statement Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12**:

**All Documents and Communications reviewed by or relied upon by Charles M. Moore in connection with reviewing and signing the Plan, the Disclosure Statement, or any declaration submitted in connection therewith, or in connection with providing testimony at the Conditional Disclosure Statement Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are willing to meet and confer with Evolution regarding this request.

**REQUEST FOR PRODUCTION NO. 13**:

**All Documents and Communications relating to the Special Committee Investigation (as defined in the Disclosure Statement).**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common

22

interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 14**:

**All Documents and Communications relating to, reflecting, or forming the basis for the FBG Debtors' conclusion that "Based on the FBG Debtors' reasonable estimates, the FBG Debtors are estimating that the Effective Date is reasonably likely to occur in the second half of 2028, although the Effective Date may reasonably or in fact occur earlier or later than the second half of 2028." (Disclosure Statement at 27.).**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

23

**REQUEST FOR PRODUCTION NO. 15**:

**All Communications between You and the Ad Hoc Group (or any of its members) or the DIP Secured Parties (or any of those parties) between September 11, 2025 and September 28, 2025.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Communications not relevant to confirmation of the Plan and seeks "all" Communications. The Debtors additionally object to this Request to the extent it seeks Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are willing to meet and confer with Evolution regarding this Request.

**REQUEST FOR PRODUCTION NO. 16**:

**All Documents and Communications on which the FBG Debtors intend to rely at the Confirmation Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as premature to the extent it purports to require that the Debtors produce the documentary evidence on which the Debtors intend to rely in connection with the Confirmation Hearing in advance of the applicable deadlines. The Debtors additionally object to

this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will provide Documents and Communications, if any, responsive to this request on their witness and exhibit list to be filed in connection with the Confirmation Hearing.

**REQUEST FOR PRODUCTION NO. 17**:

**All Documents and Communications on which any witness called by the FBG Debtors has relied on or will rely on in connection with any testimony relating to the Confirmation Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as premature to the extent it purports to require that the Debtors produce the documentary evidence on which the Debtors intend to rely in connection with the Confirmation Hearing in advance of the applicable deadlines. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will provide Documents and Communications, if any, responsive to this request on their witness and exhibit list to be filed in connection with the Confirmation Hearing.

**REQUEST FOR PRODUCTION NO. 18**:

**All general ledgers and trial balances created for, or reflecting activity of, Brake Parts Inc., LLC.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtor objects to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it seeks Documents not relevant to the Plan and seeks "all" general ledgers and trial balances. The Debtors additionally object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

Dated:  July 7, 2026
   Houston, TX

/s/ Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson (2490024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Clifford.Carlson@weil.com

-and-

Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted pro hac vice)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
           Sunny.Singh@weil.com
           Robert.Berezin@weil.com
           Theodore.Tsekerides@weil.com
           Christine.Calabrese@weil.com

*Attorneys for Debtors and Debtors in Possession*

27

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 7, 2026, I caused the foregoing to be served upon counsel of record via electronic mail.


                                        */s/ Christine A. Calabrese*
                                        Christine A. Calabrese

# Exhibit 2

| | |
|---|---|
| **From:** | Calabrese, Christine |
| **To:** | Michael Duke; Patel, Keya; Ella Epstein; David Elsberg; Vivek Tata; Garrett Gerber; Andrew Parks; #Evolution; Fox, Rachel L. |
| **Cc:** | Tsekerides, Theodore; Berezin, Robert; Rhine, Fredrick; Aquila, Elaina; Ward, Jon; Project Overdrive Lit Associates; Jewett, Laura (LJ) |
| **Subject:** | RE: In re: First Brands Group, LLC, et. al — Debtors' Third Production in Response to Evolution's First Set of Requests for Production |
| **Date:** | Thursday, July 16, 2026 1:56:45 PM |

**External Sender** - From: ("Calabrese, Christine" <Christine.Calabrese@weil.com>)

Learn More

This message came from outside your organization.

Hi Michael – for the March 27-May 20 period, we are not asserting privilege between the Debtors and the UCC, AHG, and ABL regarding Plan negotiations.  We are, however, continuing to assert privilege with the UCC and the AHG on communications concerning the merits of the Estate Claims and related investigations.  As mentioned in my email, with respect to Estate Claims and related investigations, the Debtors and the UCC shared a common interest from the UCC's inception and the Debtors and the AHG shared a common interest from September 27, 2025, the date an agreement on the DIP was reached in principle.

**Christine A. Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

---

**From:** Michael Duke <mduke@elsberglaw.com>
**Sent:** Thursday, July 16, 2026 10:57 AM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Ella Epstein <eepstein@elsberglaw.com>; David Elsberg <delsberg@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Garrett Gerber <ggerber@elsberglaw.com>; Andrew Parks <aparks@elsberglaw.com>; #Evolution <001114-000001@elsberglaw.com>; Fox, Rachel L. <rfox@proskauer.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Rhine, Fredrick <Fredrick.Rhine@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Ward, Jon <Jon.Ward@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; Jewett, Laura (LJ) <Laura.Jewett@weil.com>
**Subject:** RE: In re: First Brands Group, LLC, et. al — Debtors' Third Production in Response to Evolution's First Set of Requests for Production

1

Hi Christine—are you asserting mediation privilege and the common interest doctrine from March 27 through May 20?  You say that you are producing "responsive non-privileged communications" from that period, but I do not know what you are treating as privileged because previously you were saying every document during that period was privileged. Thanks

Michael Duke

Partner [Bio]

_____

ELSBERG BAKER & MARURI PLLC [Web]
212.597.2605 (o)
901.870.6975 (m)

---

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Thursday, July 16, 2026 1:33 AM
**To:** Patel, Keya <Keya.Patel@weil.com>; Ella Epstein <eepstein@elsberglaw.com>; David Elsberg <delsberg@elsberglaw.com>; Michael Duke <mduke@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Garrett Gerber <ggerber@elsberglaw.com>; Andrew Parks <aparks@elsberglaw.com>; #Evolution <001114-000001@elsberglaw.com>; Fox, Rachel L. <rfox@proskauer.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Rhine, Fredrick <Fredrick.Rhine@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Ward, Jon <Jon.Ward@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; Jewett, Laura (LJ) <Laura.Jewett@weil.com>
**Subject:** RE: In re: First Brands Group, LLC, et. al — Debtors' Third Production in Response to Evolution's First Set of Requests for Production

Ella – further to Keya's email, we wanted to confirm that the Debtors will also be producing responsive non-privileged communications between the Debtors and the AHG, UCC, and/or ABL for the period March 27, 2026 (the close of formal mediation) to May 20, 2026 (the date the Debtors announced an agreement in principle with the AHG, UCC, and ABL on the record) regarding Plan negotiations.  The Debtors continue to assert the mediation/common interest privilege with the AHG, UCC, and ABL from May 20 to present.  For the avoidance of doubt, this does not change the Debtors' position with respect to Estate Claims and related investigations: the Debtors and the UCC shared a common interest from the UCC's inception and the Debtors and the AHG shared a common interest from September 27, 2025, the date an agreement on the DIP was reached in principle.  We anticipate making this production later in the day tomorrow.

Best,
Christine

**Christine A. Calabrese**

Weil, Gotshal & Manges LLP

+ 1 212 310-8083 Direct

+1 202 213-7892 Mobile

---

**From:** Patel, Keya <Keya.Patel@weil.com>
**Sent:** Wednesday, July 15, 2026 11:57 PM
**To:** Ella Epstein <eepstein@elsberglaw.com>; David Elsberg <delsberg@elsberglaw.com>; Michael Duke <mduke@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Garrett Gerber <ggerber@elsberglaw.com>; Andrew Parks <aparks@elsberglaw.com>; #Evolution <001114-000001@elsberglaw.com>; Fox, Rachel L. <rfox@proskauer.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Calabrese, Christine <Christine.Calabrese@weil.com>; Rhine, Fredrick <Fredrick.Rhine@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Ward, Jon <Jon.Ward@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; Jewett, Laura (LJ) <Laura.Jewett@weil.com>
**Subject:** RE: In re: First Brands Group, LLC, et. al — Debtors' Third Production in Response to Evolution's First Set of Requests for Production

Hi Ella,

This production volume contains documents relating to:
- Lien Searches (including bringdown searches and IP searches)
- Minutes of Meetings of the Special Committee of the Board of Managers of FBG
- Pre-mediation email communications with the UCC and/or the Ad Hoc Group and/or the ABL (January 1, 2026 through January 28, 2026)
- Surcharge Demand Letters
- As-filed Final DIP Order
- Cash Tracing Analysis
- Common Interest Agreement between Debtors, the UCC, and the Ad Hoc Group

The Debtors are working to produce the documents relied upon in Mr. Moore's declaration tomorrow.

Best,
Keya

---

**From:** Ella Epstein <eepstein@elsberglaw.com>
**Sent:** Wednesday, July 15, 2026 10:35 AM
**To:** Patel, Keya <Keya.Patel@weil.com>; David Elsberg <delsberg@elsberglaw.com>; Michael Duke <mduke@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Garrett Gerber <ggerber@elsberglaw.com>; Andrew Parks <aparks@elsberglaw.com>; #Evolution <001114-000001@elsberglaw.com>; Fox, Rachel L. <rfox@proskauer.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Calabrese, Christine <Christine.Calabrese@weil.com>; Rhine,

Fredrick <Fredrick.Rhine@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Ward, Jon <Jon.Ward@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; Jewett, Laura (LJ) <Laura.Jewett@weil.com>
**Subject:** RE: In re: First Brands Group, LLC, et. al — Debtors' Third Production in Response to Evolution's First Set of Requests for Production

Keya,

Can you please identify the contents of this production? Does it contain all the documents relied upon in the drafting of Mr. Moore's most recent declaration (Docket No. 3188)? Thank you.

Best,
Ella


Ella Epstein
Associate [Bio]

_____
ELSBERG BAKER & MARURI PLLC [Web]
212.597.2611 (o)
347.472.2272 (m)
(she/her/hers)

---

**From:** Patel, Keya <Keya.Patel@weil.com>
**Sent:** Wednesday, July 15, 2026 2:53 AM
**To:** Ella Epstein <eepstein@elsberglaw.com>; David Elsberg <delsberg@elsberglaw.com>; Michael Duke <mduke@elsberglaw.com>; Vivek Tata <vtata@elsberglaw.com>; Garrett Gerber <ggerber@elsberglaw.com>; Andrew Parks <aparks@elsberglaw.com>; #Evolution <001114-000001@elsberglaw.com>; Fox, Rachel L. <rfox@proskauer.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Calabrese, Christine <Christine.Calabrese@weil.com>; Rhine, Fredrick <Fredrick.Rhine@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Ward, Jon <Jon.Ward@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; Jewett, Laura (LJ) <Laura.Jewett@weil.com>
**Subject:** In re: First Brands Group, LLC, et. al — Debtors' Third Production in Response to Evolution's First Set of Requests for Production

**In re: First Brands Group, LLC, et. al — Debtors' Third Production in Response to Evolution's First Set of Requests for Production**

Counsel,

You will soon receive a CloudShare link to the Debtors' production volume. The information below lists the Bates range for the productions and the passwords to access the zip files:

      Production: FBG_CH1_003

Bates Range: FBG_CH1_00063364 - FBG_CH1_00089753
Password: ph#y20LwRodri0=i

The Debtors make this production subject to the governing Protective Order [ECF No. 408] entered in *In re First Brands Group, LLC, et al.* (Case No. 25-90399 (CML)) and the *Debtors' Responses and Objections to Evolution's First Set of Requests for Production of Documents*, dated July 7, 2026. To the extent that any privileged information is inadvertently produced, such production should not constitute a waiver of such applicable privilege. The Debtors reserve all rights.

Please contact us should you have any questions or issues accessing the documents.

Sincerely,
Keya Patel



**Keya Patel**
Associate
She/her/hers

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Keya.Patel@weil.com
+1 212 310 8408 Direct
+1 212 310 8007 Fax

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent

responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.