# Exhibit 2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.* | § | |
| | § | **Case No. 25-90399 (CML)** |
| Debtors[1]. | § | **(Jointly Administered)** |

## MICHAEL BUENO'S MOTION FOR
## RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

**This is a motion for relief from the automatic stay. If it is granted, the movant may act outside the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the Court may rule.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 21, 2026, at 10:00 a.m. CT BY AN AUDIO AND VIDEO CONNECTION ONLY.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGE LOPEZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

---

[1] A complete list of the debtors (the "**Debtors**" and each a "**Debtor**") in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Michael Bueno ("**Movant**"), through the undersigned counsel, moves for entry of an order pursuant to 11 U.S.C. § 362(d)(1), Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule L.B.R. 4001-1, granting limited stay relief to allow Movant to proceed with a state court personal injury and product liability lawsuit against Debtor Cardone Industries, Inc. ("**Cardone**") pending in the District Court, County of Adams, Colorado, styled as Michael Bueno *v.* Tara Porter, RMER Enterprises, Inc., d/b/a Automotive Specialists, and Cardone Industries Inc., Case No. 2025CV030137[2] (the "**State Court Action**"). Any recovery in the State Court Action shall be limited to the proceeds of any applicable insurance policies, to the extent such policies provide coverage for the claims at issue. In support of this Motion, Movant relies on the Declaration of Michael Bueno attached hereto as **Exhibit A** and respectfully states as follows.

### Preliminary Statement[3]

1. Cause exists to lift the automatic stay because doing so would result in no prejudice to the Debtor, the estate, or any of its creditors, and it would not interfere with the Bankruptcy Case. Movant seeks only to proceed with the State Court Action and ultimately recover against applicable insurance policies or non-debtor defendants, if any — relief that implicates no estate

---

[2] A true and correct copy of the operative complaint in the State Court Action, Plaintiff's Second Amended Complaint and Jury Demand ("**Second Amended Complaint**"), is attached the filed Proof of Claim as **Exhibit A.**

[3] Capitalized terms used but not defined in this preliminary statement shall have the meanings ascribed to them elsewhere in the Motion.

HB: 4916-3546-5399.5

assets and requires no administration by this Court. Good cause therefore exists to lift the automatic stay without further burden to the estate or its creditors.

Conversely, Movant will suffer substantial harm and prejudice if the automatic stay remains in place. Movant has incurred over $1.2 million in damages and is unable to avail itself of Cardone's existing insurance coverage so long as the stay prevents the State Court Action from proceeding. For the reasons set forth in greater detail below, the requested relief is warranted under section 362(d)(1) of the Bankruptcy Code.

## Jurisdiction and Venue

2.      The United States District Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory grounds for the relief requested herein are section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for this Court (the "Local Rules").

## Background

4.      On May 15, 2023, Movant was in a motor vehicle collision with Tara Porter ("**Porter**"), another defendant in the State Court Action. Bueno Decl. ¶ 3.

5.      Movant alleges in the State Court Action that the "hydroboost brake booster failed suddenly and catastrophically, causing or contributing to a loss of braking function in Defendant Porter's vehicle immediately prior to the May 15, 2023, collision." Ex. A ¶ 35; Bueno Decl. ¶ 4.

3

6. Movant further alleges that the "hydroboost power brake booster installed in Defendant Porter's 2003 Dodge Ram 2500 prior to the May 15, 2023, collision was a refurbished or remanufactured component produced, rebuilt, distributed, or otherwise placed into the stream of commerce by Defendant Cardone." *Id*. ¶ 31; Bueno Decl. ¶ 5.

7. Movant further alleges that "failure of the hydroboost brake booster was due, in whole or in part, to the negligent, defective, or otherwise improper design, manufacture, rebuilding, refurbishment, inspection, testing, or distribution of the component by Defendant Cardone." *Id.* ¶ 36; Bueno Decl. ¶ 6.

8. Movant has incurred over $1.2 million in economic damages as a result of his collision-related injuries, including medical expenses exceeding $1,000,000. Movant was treated for soft tissue and musculoskeletal injuries immediately following the collision. One of his main injuries included his shoulder, which was treated conservatively with dry needling. He received a substantial infection (septic arthritis and bacteremia) following his last dry needling appointment, resulting in a prolonged hospital stay. Bueno Decl. ¶¶ 7–9.

9. Based on these allegations, Movant's claims against Cardone include 1) strict product liability – defective product; 2) strict product liability – failure to warn; 3) breach of implied warranty and negligence. Bueno Decl. ¶ 10.

10. On September 29, 2025, Cardone and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing these chapter 11 bankruptcy cases (these "**Cases**").

11. On March 30, 2026, Movant filed the Second Amended Complaint, which added Cardone as a defendant.

4

HB: 4916-3546-5399.5

12. On June 15, 2026, Movant filed an unliquidated, unsecured proof of claim (the "**Proof of Claim**") against Cardone seeking over $1,000,000 in damages. The proof of claim was assigned claim number 2433.[4]

13. Movant did not receive insurance information from Cardone in connection with the State Court Action. See **Exhibit A** (Bueno Decl.) ¶ 14.

14. Movant requested insurance documentation from Debtors' counsel. Debtors' counsel has represented to Movant that Debtors' counsel has requested such documentation from the Debtors, but has not yet received it; to date, Movant has not received any information about the applicable insurance policies. Bueno Decl. ¶ 15.

15. Movant has discussed the requested relief with Debtors' counsel and understands based on those conversations that the Debtors do not consent to the requested relief.

## Relief Requested

16. Pursuant to section 362(d)(1) of the Bankruptcy Code and Bankruptcy Rule 4001, Movant seeks entry of an order, substantially in the form attached hereto as **Exhibit C**, granting immediate relief from the automatic stay so that Movant may proceed with the State Court Action to final judgment and collect on such judgment from the proceeds of any applicable insurance policies, to the extent such policies provide coverage for the claims at issue. The Movant further requests that the Court waive the 14-day stay imposed by Bankruptcy Rule 4001(a)(4).

---

[4] A true and correct copy of the Proof of Claim is attached hereto as **Exhibit B**.

HB: 4916-3546-5399.5

**Basis for Relief Requested**

**A.    Legal Standard Under Section 362(d)(1)**

17.    The Movant seeks relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, which provides:

> On request of a party in interest and after notice and a hearing, the court **_shall_** grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d)(1).

18.    The term "cause" is not defined in the Bankruptcy Code; whether cause exists is a fact-intensive inquiry that must be determined on a case-by-case basis.  *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017).  Bankruptcy courts are given "broad discretion" over whether to lift the stay and the "flexibility to address specific exigencies on a case-by-case basis." *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303 (5th Cir. 2005).  The movant for stay relief need only establish a factually and legally sufficient basis for relief to shift the burden onto the debtor to demonstrate that it is entitled to have the stay continue.  11 U.S.C. § 362(g); *see also In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986).

19.    "Because § 362(d) does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause exists on a case-by-case basis." *Hiller v. Hiller*, No. CV H-05-3008, 2006 WL 8446271, at *3 (S.D. Tex. July 28, 2006). "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact-sensitive situations." *In re Sentry Park, Ltd.*, 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988).  In determining cause, "[t]he bankruptcy court must balance the hardships of the parties and base a

6

HB: 4916-3546-5399.5

decision on whether to modify the automatic stay on the degree of hardship involved and the goals of the Bankruptcy Code." *Mooney v. Gill*, 310 B.R. 543, 546-547 (N.D. Tex. 2002).

20.     The Fifth Circuit has routinely held that "when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *Matter of Edgeworth*, 993 F.2d 51, 56 (5th Cir. 1993); *In re Equinox Oil Co., Inc.*, 300 F.3d 614, 618-19 (5th Cir. 2002) ("The overriding question when determining whether proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim. When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate."); *Tech. Lending Partners, LLC v. San Patricio Cnty. Cmty. Action Agency*, No. CV C-07-237, 2010 WL 11579814 at *4 (S.D. Tex. Sept. 2, 2010) (same).

21.     Where such insurance proceeds are not property of the estate, there is cause to lift the stay because "debtors-defendants will suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991); *see also In re Borbridge,* 81 B.R. 332 (E.D. Pa. 1988) (noting that "[t]he easiest ground for determining that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from non-estate property, such as an insurance or indemnity agreement"). Courts have also noted that even where insurance policies would not be sufficient to cover the claim, there was still cause to lift the automatic stay because "any amounts over and above the policy limits for which Debtors could be found liable would be classified as an unsecured claim against the estate." *In re Fowler*, 259 B.R. 856, 860 (Bankr. E.D. Tex. 2001).

7

**B.**   **Cause Exists to Grant Immediate Stay Relief Under Section 362(d) of the Bankruptcy Code Because the Applicable Insurance is Not Property of the Estate**

22.   Here, while the Debtors have not yet provided Movant with the applicable insurance policies, as a matter of Fifth Circuit law, proceeds of liability insurance policies are not property of the estate because the Debtor has no legally cognizable claim to such proceeds — the insurer's obligation runs to injured third parties, not to the insured debtor. *Matter of Edgeworth*, 993 F.2d 51, 55–56 (5th Cir. 1993). Accordingly, to the extent Cardone maintained liability insurance covering the claims at issue, there is cause to lift the automatic stay. *See In re Fernstrom Storage and Van Co.*, 938 F.2d at 736.

23.   Lifting the automatic stay would not interfere with the Cases. As noted above, proceeds of the applicable insurance policies are not property of the estate, and any payment thereof will have no effect on the Cases.  *Edgeworth*, 993 F.2d at 55–56. The estate's other creditors have no interest in the State Court Action; any liability will be discharged by Cardone's insurance carrier(s) or other excess carriers, not by the estate. Lifting the automatic stay and allowing Movant to proceed with the State Court Action will resolve all liability issues between Movant and Cardone, with any recovery limited to applicable insurance proceeds. This will further the interests of judicial economy and provide an expeditious resolution of liability without burdening the estate. On the other hand, Movant will suffer concrete prejudice if the stay remains in place: Movant cannot access applicable insurance coverage, cannot pursue the State Court Action to judgment, and cannot recover for over $1.2 million in damages. Bueno Decl. ¶¶ 16–17.

24.   To the extent that a final judgment against Cardone exceeds applicable insurance coverage, Movant stipulates it will seek recovery from the estate through its Proof of Claim and will not pursue collection efforts against the Debtors outside of these Cases. Bueno Decl. ¶ 18.

HB: 4916-3546-5399.5

25. Overall, there is sufficient cause for this Court to lift the automatic stay under section 362(d)(1) of the Bankruptcy Code. Accordingly, Movant requests that the Court grant the Motion in its entirety.

## Waiver of Bankruptcy Rule 4001(a)(4) Stay

26. Pursuant to Bankruptcy Rule 4001(a)(4), the Movant requests that the Court direct that any order granting relief from the stay is immediately enforceable and not subject to the customary 14-day stay.

## Reservation of Rights

27. Movant submits this Motion without prejudice to, and with a full reservation of, its rights, claims, defenses, and remedies, including the right to amend, modify, or supplement this Motion, to file another motion for further stay relief, to seek discovery, to raise additional objections, and to introduce any evidence at any hearing relating to this Motion, and without in any way limiting any other rights of Movant. Further, nothing herein limits Movant's rights to recover on its Proof of Claim or to pursue any non-debtor defendants in the event that Movant obtains a judgment or settlement in excess of any insurance proceeds.

## Notice

28. Notice of this Motion has been given in accordance with Local Rule 400-1.

## Conclusion

**WHEREFORE**, the Movant respectfully requests that this Court: (a) grant the Motion and enter the Proposed Order submitted with this Motion, (b) lift the automatic stay as requested herein, and (c) grant the Movant such other relief as the Court deems just and proper.

*[Remainder of page left blank; signature page follows.]*

HB: 4916-3546-5399.5

Dated: June 29, 2026
Austin, Texas

Respectfully Submitted,

*/s/ Tara LeDay*
Tara LeDay (SBN 24106701)
Tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Jennifer.pollan@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-9758
(512) 479-1101 *facsimile*

*Attorneys for Michael Bueno*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, a true and correct copy of the *foregoing document* was served via this Court's ECF notification system to all parties registered to receive notification, which includes Debtors' counsel and the United States Trustee for the Southern District of Texas.

*/s/ Tara LeDay*
Tara LeDay

## CERTIFICATE OF CONFERENCE

I hereby certify that beginning on June 11, 2026, Jennifer Pollan and I spoke with the Debtors' counsel several times via phone and email about the requested relief and Movant's intent to file the instant Motion. Debtors' counsel has not indicated that it consents to the requested relief.

*/s/ Tara LeDay*
Tara LeDay

10

**Exhibit A**

**Declaration of Michael Bueno**

HB: 4916-3546-5399.5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.* | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors**[1]. | § | **(Jointly Administered)** |
| | § | |

---

**DECLARATION OF MICHAEL BUENO IN SUPPORT OF MICHAEL BUENO'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §
362(d)(1)**

I, Michael Bueno, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following

is true and correct:

## Background

1.      I am the movant in this proceeding and the plaintiff in the civil action styled

Michael Bueno v. Tara Porter, RMER Enterprises, Inc., d/b/a Automotive Specialists, and Cardone

Industries Inc., Case No. 2025CV030137, pending in the District Court, County of Adams,

Colorado (the "**State Court Action**"). I am over eighteen years of age and competent to make this

Declaration. I make this Declaration based on my own personal knowledge of the facts stated

herein, except as to those matters stated on information and belief, and as to those matters I believe

them to be true.

---

[1] A complete list of the debtors (the "**Debtors**" and each a "**Debtor**") in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

12

2.      I submit this Declaration in support of my Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) (the "**Motion**"). Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

3.      On May 15, 2023, I was involved in a motor vehicle collision with Tara Porter ("**Porter**"), another defendant in the State Court Action.

4.      Based on my investigation and understanding of the events, the hydroboost brake booster in Porter's 2003 Dodge Ram 2500 failed suddenly and catastrophically immediately prior to the collision, causing or contributing to a loss of braking function in Porter's vehicle.

5.      I am informed and believe that the hydroboost power brake booster installed in Porter's vehicle prior to the May 15, 2023, collision was a refurbished or remanufactured component produced, rebuilt, distributed, or otherwise placed into the stream of commerce by Cardone Industries, Inc. ("**Cardone**").

6.      I am further informed and believe that the failure of the hydroboost brake booster was due, in whole or in part, to the negligent, defective, or otherwise improper design, manufacture, rebuilding, refurbishment, inspection, testing, or distribution of the component by Cardone.

7.      As a direct and proximate result of the May 15, 2023, collision and the injuries I sustained therein, I have incurred substantial economic damages exceeding $1.2 million, including medical expenses exceeding $1,000,000.

8.      Immediately following the collision, I was treated for soft tissue and musculoskeletal injuries. Among my principal injuries was a significant shoulder injury, which was initially treated conservatively with dry needling.

13

HB: 4916-3546-5399.3

9. Following my last dry needling appointment, I developed a severe infection — specifically, septic arthritis and bacteremia — which required a prolonged hospital stay and substantially increased my medical expenses and suffering.

10. Based on the foregoing facts, I filed suit against Porter, RMER Enterprises, Inc. d/b/a Automotive Specialists, and Cardone asserting claims including: (1) strict product liability – defective product; (2) strict product liability – failure to warn; (3) breach of implied warranty; and (4) negligence.

11. On March 30, 2026, I filed the Second Amended Complaint and Jury Demand in the State Court Action, which added Cardone as a defendant. A true and correct copy of the Second Amended Complaint is attached to the Proof of Claim as **Exhibit A**.

12. On September 29, 2025, Cardone and certain of its affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "Cases"). As a result, prosecution of the State Court Action against Cardone has been stayed by operation of the automatic stay under 11 U.S.C. § 362(a).

13. On June 15, 2026, I filed an unliquidated, unsecured proof of claim (the "**Proof of Claim**") against Cardone in the Cases seeking recovery of over $1,000,000 in damages. The Proof of Claim was assigned claim number 2433. A true and correct copy of the Proof of Claim is attached to the Motion as **Exhibit B**.

14. I did not receive insurance information from Cardone in connection with the State Court Action.

15. My counsel also requested insurance documentation from Debtors' counsel. Debtors' counsel represented that it had requested such documentation from the Debtors but had not yet received it. To date, I have not received any information about the applicable insurance policies.

HB: 4916-3546-5399.3

16.     I cannot proceed with the State Court Action against Cardone while the automatic stay remains in place. As a result, I am unable to access any insurance coverage that Cardone may maintain for the claims at issue, and I am unable to pursue my claims to final judgment.

17.     If the stay is not lifted, I will continue to suffer prejudice in the form of delayed recovery for over $1.2 million in damages I have incurred, continued inability to access applicable insurance coverage, and inability to resolve my claims through the State Court Action.

18.     To the extent a final judgment against Cardone in the State Court Action exceeds applicable insurance coverage, I agree to seek recovery from the estate through my Proof of Claim and will not pursue collection efforts against the Debtors outside of the Cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____6/26/2026_____, 2026.

**Signed by:**

E8E2E68B7D5C4B5...

Michael Bueno

15

HB: 4916-3546-5399.3

**Exhibit B**

**Proof of Claim**

**United States Bankruptcy Court, Southern District of Texas**

| Fill in this information to identify the case (Select only one Debtor per claim form): |
|---|

**Debtor Name and Case Number:**

Cardone Industries, Inc. (25-90493)

Modified Official Form 410

# Proof of Claim

04/25

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Michael Bueno

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Tara LeDay, Husch Blackwell LLP
Name
111 Congress Ave, Ste 1400
Number          Street
Austin            TX            78701
City                State          ZIP Code

Contact phone  512.479.1141

Contact email  tara.leday@huschblackwell.com

Uniform claim identifier (if you use one):

**Where should payments to the creditor be sent?** (if different)

Michael Bueno C/o Ramos Law
Name
3550 S Harlan St #253.
Number          Street
Lakewood            CO            80235
City                State          ZIP Code

Contact phone  720.547.7971

Contact email  mrobbins@ramoslaw.com

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.   Claim number on court claims registry (if known)_____       Filed on ___/___/___
                                                                                        MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____ Unliquidated .

Claimant has incurred significant damages, including substantial medical expenses, and the Claim is believed to be in excess of $1,000,000, exclusive of additional damages to be proven at trial.

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Personal Injury Tort/ Product Liability Lawsuit, See Addendum

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**Proof of Claim** page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). $_____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). $_____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. $_____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  6/15/2026
_____
MM / DD / YYYY

Signed by:

_E8E2E68B7D5C4B5..._
Signature

**Name of the person who is completing and signing this claim:**

| Name | Michael | | Bueno |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | |
|---|---|

| Company | c/o Ramos Law |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 3550 S Harlan St |
|---|---|
| | Number         Street |
| | Lakewood |

| | City | State | ZIP Code |
|---|---|---|---|
| | Lakewood | CO | 80235 |

| Contact phone | 720.547.7971 | Email | mrobbins@ramoslaw.com |
|---|---|---|---|

# Instructions for Proof of Claim

United States Bankruptcy Court                                    12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/firstbrands.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. § 503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. § 101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. § 507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. § 506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of § 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

If by first class mail:
First Brands Group, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

If by overnight courier or hand delivery:
First Brands Group, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at** https://restructuring.ra.kroll.com/firstbrands **via the link entitled "Submit a Claim."**

**Do not file these instructions with your form**

**ADDENDUM TO PROOF OF CLAIM**

**Cardone Industries, Inc.**
**Case No. 25-90493**

<u>Summary of Claim:</u>

Michael Bueno's ("**Bueno**" or "**Claimant**") claim (the "**Claim**") against debtor Cardone Industries, Inc. ("**Cardone**") arises out of a product liability lawsuit (the "**Lawsuit**") styled as *Michael Bueno v. Tara Porter, et al*, Case Number: 2025CV030137 currently pending in the District Court, County of Adams in Colorado. Cardone is a one of multiple defendants in the Lawsuit and the Lawsuit includes claims against Cardone for: 1) strict product liability; 2) failure to warn; 3) breach of implied warranty; and 4) negligence. The Lawsuit also includes claims against non-debtor defendants arising out of the same operative facts

The Claim constitutes a personal injury tort claim arising from bodily injuries allegedly caused by a defective product and related conduct. The Lawsuit requests that judgment be entered in Bueno's favor and against defendants in an amount sufficient to fully compensate him for all injuries, damages, and losses, including substantial bodily injuries, medical expenses, he sustained to the full extent allowed by law, including, without limitation, economic, non-economic, and physical impairment damages as provided for under Colorado law as well as interest, costs, and such other relief as the court deems just and appropriate.

The Lawsuit has not yet been litigated to judgment and thus the Claim is currently unliquidated. A true and correct copy of Plaintiff's Second Amended Complaint and Jury Demand, the operative complaint in the Lawsuit, is attached hereto as **<u>Exhibit A.</u>**

Other documentation may be available in support of Claimant's claim. Claimant reserves his right to supplement its exhibits. Claimant will make any other exhibits and other supporting documentation available upon receipt of a reasonable written request.

<u>Reservation of Rights</u>

Nothing contained in this Proof of Claim shall be deemed a waiver of any rights, claims, or defenses of the Claimant against the Debtors or any other party, all of which are expressly reserved. This Proof of Claim is filed out of an abundance of caution and does not constitute consent to the jurisdiction of the Bankruptcy Court for final adjudication of any non-core matters, including personal injury tort claims. Claimant expressly reserves all rights under *Stern v. Marshall*, 564 U.S. 462 (2011). Claimant further reserves all rights to a jury trial and to have any personal injury tort claim determined by a court of competent jurisdiction, including the United States District Court, pursuant to applicable law, including 28 U.S.C. § 157(b)(5). Nothing herein shall be deemed a waiver of Claimant's right to seek relief from the automatic stay to liquidate its claims in a non-bankruptcy forum. Claimant hereby reserves the right to alter, amend, supplement, modify, and/or withdraw this Proof of Claim at any and

-1758
HB: 4914-1269-1380.5

all times. Claimant reserves all rights to contest any effort to estimate the Claim for purposes of allowance, voting, or distribution

The submission of this Proof of Claim is subject to, not a waiver or release of, and Claimant hereby reserves:

    i.      Any lack of venue or jurisdiction by this Court over this case or any adversary action, contested matter, or other proceeding ("**Matter**") in this case;

    ii.     Any right to a jury trial in any Matter (this Proof of Claim shall constitute a demand for such jury trial);

    iii.    Any right to de novo review of any non-core Matter;

    iv.    Any right to contest and deny any and all claims, if any, asserted against Claimant;

    v.      Any right to withdrawal of the reference of this case or any Matter; and

    vi.    Any other rights, claims, actions, defenses and setoff or recoupment.

-1758
HB: 4914-1269-1380.5

# Exhibit A

| DISTRICT COURT, COUNTY OF ADAMS,<br>STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601 | |
|---|---|
| **PLAINTIFF**: MICHAEL BUENO<br><br>**V.**<br><br>**DEFENDANTS**: TARA PORTER, RMER ENTERPRISES, INC. d/b/a AUTOMOTIVE SPECIALISTS, and CARDONE INDUSTRIES, INC. | ▲**COURT USE ONLY**▲ |
| *Attorneys for Plaintiff*:<br>Madeline S. Robbins (#56547)<br>**RAMOS LAW**<br>10190 Bannock Street, Suite 200<br>Northglenn, Colorado 80260<br>Phone Number: (303) 733-6353<br>Fax Number: (303) 865-5666<br>E-mail: mrobbins@ramoslaw.com | Case Number: 2025CV030137<br><br>Division: C |
| **PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND** | |

Plaintiff Michael Bueno, by and through his attorneys, Ramos law, hereby submits his Second Amended Complaint for Damages and Jury Demand as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

1.      This lawsuit arises out of injuries, damages, and losses sustained by Plaintiff Michael Bueno ("Plaintiff" or "Mr. Bueno"), as a result of a motor vehicle collision involving Defendant Tara Porter ("Defendant Porter") on May 15, 2023.

2.      Plaintiff is and was, at all relevant times, a resident of the State of Colorado.

3.      Upon information and belief, Defendant Porter is and was, at all relevant times, a resident of the State of Colorado, residing at 10588 Ronald Lane, Northglenn, Colorado 80234.

4.	Upon information and belief, Defendant Automotive Specialists Inc. ("Defendant Automotive Specialists") is and was, at all relevant times, a Colorado Corporation in good standing to conduct business in the State of Colorado with a principal office street address of 11717 LL 9th St, Blanca, Colorado 81123.

5.	Upon information and belief, the registered agent for Defendant Automotive Specialists is located at 11717 LL 9th St, Blanca, Colorado 81123.

6.	All acts and omissions of Defendant Automotive Specialists' agents and/or employees described herein were undertaken within the course and scope of their agency and/or employment, and Defendant Automotive Specialists is vicariously liable for those acts and omissions under the doctrine of *respondeat superior*.

7.	Upon information and belief, Defendant Cardone Industries, Inc. ("Defendant Cardone") is and was, at all relevant times, a foreign corporation with a principal office street address of 5501 Whitaker Avenue. Philadelphia, Pennsylvania 19124.

8.	Upon information and belief, the registered agent for Defendant Cardone is Registered Agent Solutions, Inc., located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

9.	Defendant Carone has purposefully availed itself of the privilege of conducting activities in Colorado.

10.	This matter relates to Defendant Cardone's contacts with the State of Colorado.

11.	This Court has personal jurisdiction over the parties of this action pursuant to C.R.S. § 13-1-124.

12.     Pursuant to C.R.S.A. Const. Art. VI § 9, this Court has subject matter jurisdiction over this action because it involves a civil matter and District Courts are courts of general and original jurisdiction.

13.     Venue is appropriate before this Court pursuant to C.R.C.P. 98(c) because the tortious acts, as more fully described elsewhere in this action, occurred within the County of Adams.

## II.     GENERAL ALLEGATIONS

14.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

15.     On or about April 24, 2023, Defendant Porter's 2003 Dodge Ram 2500 (VIN 3D7KU28623G745260) was delivered to Defendant Automotive Specialists Inc. ("Automotive Specialists") in Westminster, Colorado, for inspection and service.

16.     Between April 24 and May 11, 2023, Defendant Automotive Specialists performed and billed for, among other work, the removal and replacement of the front brake pads and rotors, cleaning and lubrication of brake hardware, adjustment of the brakes, a transmission service, and a suspension alignment.

17.     At all relevant times, Defendant Automotive Specialists owed a duty to exercise reasonable care in diagnosing, servicing, and repairing Defendant Porter's 2003 Dodge Ram 2500's braking system, including the duty to properly inspect, replace, bleed, and test the brake components and to warn Defendant Porter of any dangerous condition.

18.     Defendant Porter's 2003 Dodge Ram 2500 was picked up at Automotive Specialists on May 11, 2023.

3

19. Upon information and belief, Defendant Automotive Specialists failed to warn or instruct Defendant Porter regarding any break-in or bedding-in steps, failed to caution her to avoid sudden or heavy braking, and failed to advise her to monitor brake pedal feel or fluid levels or to return for a follow-up inspection after service was completed on May 11, 2023.

20. Upon information and belief, Defendant Automotive Specialists further failed to provide written or verbal notice of any precautions, limitations, or testing procedures necessary to confirm that the braking system was functioning safely after the service was completed on May 11, 2023.

21. On May 15, 2023, at approximately 7:57 a.m., Mr. Bueno was driving his 2007 Honda Odyssey southbound on I-25 in Thorton, Colorado, when he stopped for traffic conditions ahead of him.

22. At or around that same time, Defendant Porter was operating her 2003 Dodge Ram 2500 southbound on I-25 directly behind Mr. Bueno.

23. At or around that same time, Defendant Porter disregarded traffic conditions and collided into the rear end of Mr. Bueno's 2007 Honda Odyssey.

24. The force of the May 15, 2023, collision caused by Defendant Porter pushed Mr. Bueno's vehicle into the rear end of a 2021 Volkswagen Jetta driven by Mr. Thomas Clark.

25. The force of the May 15, 2023, collision caused by Defendant Porter produced severe damage to the front and rear end of Mr. Bueno's 2007 Honda Odyssey.

26. Upon information and belief, prior to the May 15, 2023, collision, Defendant Porter was aware that the brakes on her 2003 Dodge Ram 2500 were leaking brake fluid.

27. Upon information and belief, prior to the May 15, 2023, collision, Defendant Porter was aware that the brakes on her 2003 Dodge Ram 2500 were malfunctioning and/or damaged.

4

28. Despite performing brake work days before the collision, upon information and belief, Defendant Automotive Specialists failed to properly inspect, install, or test the brake system; failed to ensure the hydroboost brake booster and related hydraulic lines were safe and leak-free; and failed to warn Defendant Porter of any residual hazards, resulting in catastrophic brake failure to her 2003 Dodge Ram 2500.

29. Following the collision, on or about May 15, 2023, Defendant Porter's 2003 Dodge Ram 2500 was towed to Defendant Automotive Specialists, for inspection and service.

30. Between May 15, 2023, and June 5, 2023, Defendant Automotive Specialists performed and billed for, among other work, the removal and replacement of the power brake booster with hydro boost power brake booster.

31. Upon information and belief, the hydroboost power brake booster installed in Defendant Porter's 2003 Dodge Ram 2500 prior to the May 15, 2023, collision was a refurbished or remanufactured component produced, rebuilt, distributed, or otherwise placed into the stream of commerce by Defendant Cardone.

32. Upon information and belief, Defendant Cardone is in the business of designing, manufacturing, rebuilding, refurbishing, distributing, and selling automotive components, including hydroboost brake booster systems, for use in consumer vehicles.

33. Upon information and belief, the hydroboost brake booster installed in Defendant Porter's vehicle was defective and unreasonably dangerous when it left the possession and control of Cardone, including but not limited to defects in design, manufacture, assembly, refurbishment, testing, or quality control.

5

34. Upon information and belief, the hydroboost brake booster was expected to and did reach Defendant Porter and/or Automotive Specialists without substantial change in its condition from the time it left Cardone's control.

35. Upon information and belief, the hydroboost brake booster failed suddenly and catastrophically, causing or contributing to a loss of braking function in Defendant Porter's vehicle immediately prior to the May 15, 2023, collision.

36. Upon information and belief, the failure of the hydroboost brake booster was due, in whole or in part, to the negligent, defective, or otherwise improper design, manufacture, rebuilding, refurbishment, inspection, testing, or distribution of the component by Defendant Cardone.

37. Upon information and belief, Defendant Cardone failed to exercise reasonable care in the design, manufacture, rebuilding, refurbishment, inspection, testing, and/or distribution of the hydroboost brake booster.

38. Upon information and belief, Defendant Cardone knew or should have known that a defect in the hydroboost brake booster could result in a sudden loss of braking capability, creating an unreasonable risk of harm to motorists, including Plaintiff.

39. Upon information and belief, Defendant Cardone failed to provide adequate warnings or instructions regarding the risks associated with the hydroboost brake booster, including the risk of sudden failure.

40. The defective and/or unreasonably dangerous condition of the hydroboost brake booster, as designed, manufactured, rebuilt, or distributed by Defendant Cardone, was a direct and proximate cause of the May 15, 2023 collision and Plaintiff's resulting injuries, damages, and losses.

6

41.     Mr. Bueno took every reasonable measure to avoid the May 15, 2023, motor vehicle collision.

42.     Mr. Bueno was not negligent nor at fault for the May 15, 2023, motor vehicle collision.

43.     Immediately following the May 15, 2023, motor vehicle collision, Mr. Bueno experienced discomfort in his neck, back, left shoulder, and head.

44.     Since the May 15, 2023, motor vehicle collision, Mr. Bueno has been evaluated, diagnosed, and treated for cervicalgia, cervical and thoracic sprain and strain, complete tear of left rotator cuff, subacromial bursitis of left shoulder, partial rupture of left biceps tendon, and sepsis from MSSAA bacteremia with resulting complications of L4-L5 spinal epidural abscess, arthritis of left elbow, deep vein thrombosis of left lower extremity, lumbar discitis.

45.     As a direct and proximate result of the negligent acts and omissions of Defendant Porter, Mr. Bueno has incurred past medical expenses exceeding $1,000,000.00 for treatment of his incident-related injuries.

46.     As a direct and proximate result of the negligent and unlawful conduct of Defendant Porter, Mr. Bueno has suffered, and will continue to suffer, injuries, damages, and losses, including but not limited to past and future medical expenses, lost wages, loss of earning potential, loss of enjoyment and quality of life, permanent physical impairment, pain and suffering, mental anguish, and emotional distress.

### III.     FIRST CLAIM FOR RELIEF
(*Negligence against Defendant Porter*)

47.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

48. At all relevant times, Defendant Porter owed a duty to Mr. Bueno and other drivers on the road to operate her vehicle in safe, careful, and reasonable manner.

49. Defendant Porter breached her duty of care to Mr. Bueno and was negligent in causing the May 15, 2023, motor vehicle collision by, *inter alia*:

a. Failing to use reasonable care in operation of her vehicle,

b. Failing to observe traffic conditions,

c. Failing to keep a proper lookout,

d. Failing to stop her vehicle,

e. Following too closely,

f. Failing to inspect her vehicle for proper brake functioning prior to its operation,

g. Failing to ensure her brakes were repaired and/or replaced prior to operating her vehicle,

h. Driving her vehicle in a careless and reckless manner, and

i. Such other and further acts and omissions constituting negligence to be revealed through discovery.

50. At all relevant times, the provisions of C.R.S. § 42-4-202 were in effect.

51. At all relevant times, C.R.S. § 42-4-202(a) provided that "[i]t is unlawful for any person to drive… on any highway any vehicle… which is in such unsafe condition as to endanger any person, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment…."

52. At the time of the occurrence in question in this case, Defendant Porter violated C.R.S. § 42-4-202(a) by operating her vehicle, which had malfunctioning and/or damaged brakes, in an unsafe condition.

53.     The purpose of C.R.S. § 42-4-202(a) is to protect persons such as Mr. Bueno from the types of injuries, damages, and losses sustained as a result of Defendant Porter's negligent acts and omissions.

54.     Defendant Porter's violation of C.R.S. § 42-4-202(a) constitutes negligence *per se*.

55.     At all relevant times, the provisions of C.R.S. § 42-4-1402 were in effect.

56.     At all relevant times, C.R.S. § 42-4-1402 provided that "[a] person who drives a motor vehicle… without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances, is guilty of careless driving."

57.     At the time of the occurrence in question in this case, Defendant Porter violated C.R.S. § 42-4-1402 by operating her vehicle in a careless manner.

58.     The purpose of C.R.S. § 42-4-1402 is to protect persons such as Mr. Bueno from the types of injuries, damages, and losses sustained as a result of Defendant Porter's negligent acts and omissions.

59.     Defendant Porter's violation of C.R.S. § 42-4-1402 constitutes negligence *per se*.

60.     As a direct and proximate result of the negligence and negligence *per se* of Defendant Porter, Plaintiff Michael Bueno has suffered injuries, damages, and losses, more fully described elsewhere herein.

## IV.     SECOND CLAIM FOR RELIEF
### (*Negligence against Defendant Automotive Specialists*)

61.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

62.     All negligent acts or omissions of Defendant Automotive Specialists' agents and/or employees are attributable to Defendant Automotive Specialists under the doctrine of *respondeat superior*.

9

63.     Between April 24 and May 11, 2023, agents and/or employees of Defendant Automotive Specialists agreed to and did perform repairs and maintenance on the Defendant Porter's 2003 Dodge Ram 2500, including removal and replacement of the front brake pads and rotors, cleaning and lubrication of brake hardware, adjustment of the brakes, transmission service, and a suspension alignment.

64.     Defendant Automotive Specialists owed Plaintiff and the motoring public a duty to perform all maintenance and repairs on the subject 2003 Dodge Ram 2500 in a careful, skillful, and reasonable manner.

65.     Defendant Automotive Specialists breached that duty by, *inter alia*:

   a.   Failing to properly inspect the vehicle's entire brake system, including the hydroboost brake booster and hydraulic lines, before and after replacing the front pads and rotors;

   b.   Failing to properly install, bleed, and test the front brake components it serviced;

   c.   Failing to detect or warn of any defective, worn, or leaking hydroboost brake booster, hoses, or related components;

   d.   Failing to advise Defendant Porter of necessary repairs or of the need for additional inspection or break-in procedures to ensure safe braking;

   e.   Failing to exercise reasonable care and the skill ordinarily possessed by automotive repair professionals;

   f.   Failing to perform the vehicle's repairs in a workmanlike manner;

   g.   Failing to return the vehicle in a reasonably safe and roadworthy condition; and

   h.   Such other and further acts and omissions constituting negligence to be revealed through discovery.

66.     As a direct and proximate result of Defendant Automotive Specialists' negligent acts and omissions, Defendant Porter's braking system suffered catastrophic loss of hydraulic pressure on May 15, 2023, causing Defendant Porter to rear-end Plaintiff's vehicle.

10

67. As a direct and proximate result of the negligence of Defendant Automotive Specialists, Plaintiff Michael Bueno has suffered injuries, damages, and losses, more fully described elsewhere herein.

## V.  THIRD CLAIM FOR RELIEF
### (*Strict Product Liability – Defective Product – against Defendant Cardone*)

68. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

69. Plaintiff is within the class of persons that Defendant Cardone should reasonably foresee as being subject to the harm caused by the defective hydroboost brake booster, including motorists such as Plaintiff who would be exposed to a sudden loss of braking capability.

70. Defendant Cardone is engaged in the business of designing, manufacturing, assembling, rebuilding, refurbishing, marketing, distributing, and/or otherwise placing hydroboost brake booster systems into the stream of commerce.

71. Upon information and belief, the hydroboost brake booster installed in Defendant Porter's vehicle was placed into the stream of commerce by Defendant Cardone in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design, manufacture, and/or refurbishment of the product.

72. Upon information and belief, the hydroboost brake booster was defective in design, manufacture, assembly, rebuilding, refurbishment, testing, and/or quality control and was unreasonably dangerous when it left the possession and control of Defendant Cardone.

73. Upon information and belief, the hydroboost brake booster reached Defendant Porter and/or Defendant Automotive Specialists without substantial alteration in the condition in which it was sold.

11

74. Upon information and belief, the hydroboost brake booster was unreasonably dangerous beyond the extent contemplated by ordinary consumers with ordinary knowledge common to the community regarding such products.

75. Upon information and belief, the hydroboost brake booster was defective, including but not limited to an unreasonable risk of sudden and catastrophic failure resulting in loss of braking capability.

76. Upon information and belief, Defendant Cardone failed to adequately design, study, inspect, and/or test the hydroboost brake booster, and further failed to adequately report the results of any such testing.

77. Defendant Cardone knew or should have known of the risk of injury associated with the hydroboost brake booster, including the risk of sudden brake failure, yet failed to take reasonable steps to correct the defect.

78. The product defects described herein were a substantial contributing cause of the hydroboost failure, the resulting loss of braking capability, and the subject collision.

79. As a direct and proximate result of the defective and unreasonably dangerous condition of the hydroboost brake booster, Plaintiff sustained serious injuries, damages, and losses as described elsewhere herein.

## VI.     FOURTH CLAIM FOR RELIEF
### (*Strict Product Liability – Failure to Warn – against Defendant Cardone*)

80. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

81. Upon information and belief, Defendant Cardone designed, manufactured, assembled, rebuilt, refurbished, marketed, and distributed the hydroboost brake booster and placed it into the stream of commerce.

12

82. Upon information and belief, the hydroboost brake booster was defective due to inadequate warnings, inadequate instructions, inadequate study, and/or inadequate testing.

83. Upon information and belief, Defendant Cardone failed to provide adequate warnings or instructions regarding the risks associated with the hydroboost brake booster, including but not limited to the risk of sudden failure and loss of braking capability.

84. Upon information and belief, the hydroboost brake booster was further defective due to the absence of warnings that would have properly notified users, mechanics, and consumers of the risk that failure of the component could result in an inability to stop the vehicle.

85. Defendant Cardone knew or should have known of the risk of injury associated with the hydroboost brake booster yet failed to provide adequate warnings to the consuming public.

86. The inadequate warnings, and the failure to provide warnings of any kind, were a substantial factor in causing the hydroboost failure and the resulting collision.

87. As a direct and proximate result of Defendant Cardone's failure to warn, Plaintiff sustained serious injuries, damages, and losses as described elsewhere herein.

## VII.   FIFTH CLAIM FOR RELIEF
### (*Breach of Implied Warranty against Defendant Cardone*)

88. Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

89. Upon information and belief, Defendant Cardone manufactured, rebuilt, refurbished, marketed, distributed, and/or otherwise placed the hydroboost brake booster into the stream of commerce.

90. Upon information and belief, Defendant Cardone impliedly warranted that the hydroboost brake booster was fit for its ordinary and intended purpose, including providing safe and reliable braking assistance.

13

91.     Plaintiff and others similarly situated are individuals whom Defendant Cardone could reasonably expect to use or be affected by the hydroboost brake booster.

92.     Upon information and belief, The hydroboost brake booster was defective and not fit for its ordinary purpose.

93.     Upon information and belief, Defendant Cardone breached its implied warranties by placing a defective and unreasonably dangerous product into the stream of commerce.

94.     Upon information and belief,  Defendant Cardone was on notice of similar defects and failures through prior incidents, complaints, testing, or other information available to it.

95.     Defendant Cardone's breach of warranty was a direct and proximate cause of the hydroboost failure, the resulting collision, and Plaintiff's injuries as described elsewhere herein.

## VIII.   SIXTH CLAIM FOR RELIEF
### (*Negligence against Defendant Cardone*)

96.     Plaintiff incorporates by reference each and every paragraph of this Complaint as if fully set forth herein.

97.     Defendant Cardone owed a duty to exercise reasonable care in the design, manufacture, rebuilding, refurbishment, inspection, testing, marketing, and distribution of the hydroboost brake booster.

98.     Upon information and belief, Defendant Cardone breached its duty of care by, *inter alia*:

      a.     Failing to properly design the hydroboost brake booster;

      b.     Failing to properly manufacture, rebuild, or refurbish the component;

      c.     Failing to adequately inspect and test the component;

      d.     Failing to implement adequate quality control procedures;

      e.     Failing to identify and correct defects;

f.      Failing to provide adequate warnings or instructions; and

g.      Such other and further acts and omissions constituting negligence to be revealed through discovery.

99.     Upon information and belief, the hydroboost brake booster was not altered or tampered with after leaving the possession and control of Defendant Cardone beyond ordinary installation and use.

100.    As such, the presence of the defect is attributable to Defendant Cardone's negligence.

101.    Upon information and belief, Defendant Cardone's negligence was a substantial contributing cause of the hydroboost failure, the loss of braking capability, and the subject collision.

102.    As a direct and proximate result of Defendant Cardone's negligence, Plaintiff sustained serious injuries, damages, and losses as described elsewhere herein.

## IX.      REQUEST FOR TRIAL BY JURY

103.    Plaintiff demands trial by jury for all claims set forth herein.

WHEREFORE, Plaintiff Michael Bueno, requests that judgement be entered in his favor and against Defendants in an amount sufficient to fully compensate him for all injuries, damages, and losses he sustained to the full extent allowed by law, including, without limitation, economic, non-economic, and physical impairment damages as provided for under Colorado law as well as interest, cost, and such other relief as this Court deems just and appropriate.

Respectfully submitted this 30th day of March, 2026.

RAMOS LAW
*This pleading is filed electronically pursuant to C.R.C.P. 121 § 1-26. The original signed pleading is in counsel's file.*

By: /s/ *Madeline S. Robbins*

15

Madeline S. Robbins (#56547)
*Attorneys for Plaintiff*

Address of Plaintiff:
c/o Ramos Law
10190 Bannock Street, Suite 200
Northglenn, Colorado 80260

17

**Exhibit C**

**Proposed Order**

HB: 4916-3546-5399.5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.* | § | |
| | § | **Case No. 25-90399 (CML)** |
| Debtors[1]. | § | **(Jointly Administered)** |
| | § | |

---

**ORDER GRANTING MICHAEL BUENO'S MOTION FOR**
**RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

This matter came before the Court upon consideration of *Michael Bueno's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)* (the "Motion")[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion; filed by the Movant, pursuant to which the Movant seeks relief from the automatic stay to proceed with the State Court Action, as more fully described in the Motion; the Court having considered the Movant's request and opposition thereto, if any; and it appearing that due and proper notice of the Motion has been provided under the circumstances; upon the arguments of counsel and the record of all proceedings before this Court; and it further appearing that good cause exists for the entry of an order granting the relief requested in the Motion; it is hereby:

**ORDERED** that the Motion is granted as set forth herein; and it is further

**ORDERED** that the Movant is hereby granted relief from the automatic stay provisions of section 362 of the Bankruptcy Code and is permitted to proceed in the State Court Action to final judgment, and appeal, if applicable; and it is further

---

[1] A complete list of the debtors (the "**Debtors**" and each a "**Debtor**") in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

HB: 4916-3546-5399.5

2

**ORDERED** that Movant shall collect the amount awarded in the final judgment rendered in the State Court Action from the proceeds of any applicable insurance policies, with Movant being entitled to pursue any amount of any settlement or final judgment awarded to it that is not recoverable from such insurance policies in these Cases through its Proof of Claim or by pursuing any non-debtor defendants; and it is further

**ORDERED** that this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

SIGNED _____, 2026.

_____
THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

2

Submitted by:

Tara LeDay (SBN 24106701)
tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Jennifer.pollan@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-9758
(512) 479-1101 *facsimile*

*Attorneys for Michael Bueno*