**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO.  25-90399 (CML)** |
| **FIRST BRANDS GROUP, LLC, *et al.,*** | § | |
| | § | |
| | § | |
| | § | |
| **DEBTOR** | § | **CHAPTER 11** |
| | § | **(Jointly Administered)** |
| | § | |

## OBJECTION OF TEXAS TAXING AUTHORITIES TO THE JOINT CHAPTER 11 PLAN OF FIRST BRANDS GROUP, LLC AND CERTAIN AFFILIATED DEBTORS (DOC 3019)

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, Cameron County, Tarrant County, Hidalgo County, City of McAllen, and Brownsville ISD, secured ad valorem tax creditors of the Debtor (herein collectively referred to as "Texas Taxing Authorities"), and file this Objection to the Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors (filed herein at Doc 3019) (the "Plan"), and would show the court as follows:

1. This Objection is made pursuant to 11 U.S.C. § 1129 and Bankruptcy Rule 3020(b).

2. Texas Taxing Authorities are fully secured ad valorem tax creditors which hold unavoidable first priority statutorily perfected liens against property of the estate pursuant to §§ 32.01 and 32.05 of the Texas Property Tax Code. *See In re Winns Stores, Inc.,* 177 B.R. 253 (Bkrtcy. W. D. Tex. 1995); *Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc.,* 894 S. W. 2d 841 (Tex. App.-Eastland 1995). These liens are *in solido* and attach on January 1 of each year to all personal

1

property of the property owner, and to property subsequently acquired. *In re Universal Seismic Associates, Inc.,* 288 F. 3d 205 (5th Cir. 2002). In addition to Texas Taxing Authorities' pre-petition claims for delinquent ad valorem property taxes for the pre-petition year 2025, Texas Taxing Authorities assert secured administrative expense claims for the post-petition 2026 tax year, as reflected in the proofs of claim filed or to be filed herein.

3.   Texas Taxing Authorities object to the confirmation of the Plan as proposed because it fails to comply with all the mandatory requirements for confirmation under 11 U.S.C. § 1129.

4.   Texas Taxing Authorities object to the proposed plan insofar as the treatment of the Secured Ad Valorem Tax Claims is unduly vague and provides no certainty about the proposed payment scheme for ad valorem taxes and accordingly does not comply with the requirements of 11 USC Sec. 1129 (a)(1) and 11 USC Sec. 1123 (a)(2) and (3).

5.   Specifically, the Plan presumably treats the Secured Ad Valorem Tax Claims as Priority Tax Claims, which is not a classified group of claims, yet reserves payment options that in fact render those claims as Impaired. As an Impaired Class, the Priority Tax Claims should be allowed to vote for or against the Plan as proposed.

6.   Additionally, Texas Taxing Authorities object to the Plan insofar as it may require a transfer of its' secured collateral into the DIP Collateral Trust free and clear of liens. As secured tax claims, the Texas Taxing Authorities' unavoidable liens must be retained against either the specific collateral or the proceeds from the sale of said collateral. Texas Taxing Authorities object to any plan provision that is intended to

reduce or otherwise adversely affect these statutory tax liens as being in violation of the provisions of 11 U.S.C. 1123 (a)(5)(E), 11 U.S.C. §1129 (a) (7), 11 U.S.C. §1129 (b) (2) (A).

7. Texas Taxing Authorities object to any Plan provision which allows for distribution of the proceeds of sale of its collateral to any inferior lienholders prior to the tax claims being paid in full. Any such distributions render the secured tax claims not adequately protected and subject to irreparable harm, and plan provisions which may allow for same violate the provisions of 11 U.S.C. §1129 (b) (2) (A).

8. Texas Taxing Authorities seek clarification that its claims will be paid with statutory interest as required by 11 U.S.C. §506 (b), until confirmation of the Plan. *Rankin V. DeSarno*, 89 F.3d 1123, 1130 (3rd Cir. 1996); *In Re Marfin Ready Mix Corp.*, 220 B.R. 148, 153-158 (Bankr. E. D. N. Y. 1998), citing *In re Parr Meadows Racing Association, Inc.*, 880 F. 2d 1540, 1549 (2d Cir. 1989) (county entitled to post-petition interest at statutory rate under §506 (b); *Galveston ISD v. Heartland Federal Savings and Loan Assoc.*, 159 B.R. 198 (S. D. Tex. 1993); *In re Davison*, 106 B.R. 1021 (Bankr. D. Neb. 1989). *See also:* Texas Property Tax Code § 33.01 and *11 U.S.C. §511*. The Plans' failure to provide statutory interest on the secured tax claims as set forth herein violates the provisions of 11 U.S.C. §1129 (a) (7).

9. Texas Taxing Authorities object to the proposed Plan insofar as it allows 180 days from the Plan's Effective Date for claims objections to be filed, plus an optional extension of such deadline for an additional 180 period at the sole discretion of the Claims Ombudsman. By the statutes referenced above, the secured ad valorem tax claims hold a secured status superior to all contractual or consensual lien creditors in

the case.  Payment of the tax claims in this case should be a paramount issue for the Plan proponents.   The Texas Taxing Authorities assert that all protest deadlines to contest the pre-petition tax claims have run and accordingly, these are final claims not subject to redetermination. *See* 11 U.S.C. §505 (a)(2)(C). The Texas Taxing Authorities assert that the taxes owed by the Debtor in this case are significant to the city, county and school governing bodies to which taxes are owed, are not subject to any redetermination, and accordingly assert that no Plan should be approved that allows for 6 months before a claim objection even needs to be filed.  The Texas Taxing Authorities vehemently object to the potential additional 180-day extension for claims objections as that relates to any Texas Taxing Authorities' claims.

10. Texas Taxing Authorities object to the proposed Plan insofar as it fails to provide that the 2026 administrative tax claims must be paid in cash and in full prior to their delinquency as required by 11 U.S.C. §1129 (a)(9)(A).

11. Texas Taxing Authorities object to the proposed Plan insofar as it contains no default provisions which may be required by 11 U.S.C. §1123 (a)(5)(G).

12. Lastly, in the event of a credit bid sale of assets which secure the ad valorem tax claims, there may be no sale proceeds to which the tax liens can attach or which may be used to pay the Texas Taxing Authorities' claims.  Accordingly, in the event of a credit bid by a junior lienholder, the property should be sold subject to the Texas Taxing Authorities' prepetition and post-petition tax liens, with the purchaser explicitly assuming the responsibility for paying the prepetition and post-petition taxes. Without this requirement, a credit bid by a junior lienholder is an attempt to avoid the consequences of foreclosing/seizing the property under applicable non-

bankruptcy law which would require it to take the property subject to the tax liens. As stated hereinabove, there is no legal or equitable basis for thus subordinating or avoiding the ad valorem tax liens, and any such attempt via the proposed Plan violates the provision of 11 U.S.C. §1129 (a) (7) and §1123 (a)(5)(E).

13. Texas Taxing Authorities hereby casts its' ballots against confirmation of the Plan in this case.

WHEREFORE, TEXAS TAXING AUTHORITIES pray that this Court deny the Confirmation of the Plan in this case and for such other relief as is just and equitable.

Respectfully Submitted,

**Linebarger Goggan Blair & Sampson, LLP**

By: */s/ Tara L. Grundemeier*
TARA L. GRUNDEMEIER
Email: Tara.Grundemeier@lgbs.com

*/s/ Diane W. Sanders*
DIANE W. SANDERS
Email: Diane.Sanders@lgbs.com

*/s/ John K. Turner*
JOHN K. TURNER
Email: John.Turner@lgbs.com

State Bar No. 16415500
LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 443-5114 (Facsimile)

***Attorneys for Cameron County, Hidalgo County, City of McAllen, & Tarrant County***

Perdue Brandon Fielder
Collins & Mott, LLP

/s/ *Melissa E. Valdez*
**Melissa E. Valdez**
Texas State Bar No. 24051463
**Angela K. Randermann**
Texas State Bar No. 24029787
1235 North Loop West, Suite 600
Houston, Texas 77008
Telephone: (713) 862-1860
Facsimile: (713) 862-1429
Email: Houstonbk@pbfcm.com

*Attorneys for Brownsville ISD*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objection to the Debtor's Joint Chapter 11 of Plan of Reorganization has been served electronically to the ECF participants in this case and additionally by First Class mail to the parties listed below on this 17th day of July, 2026:

First Brands Group, LLC
127 Public Square
Suite 5300
Cleveland, OH 44114

**DEBTOR**

Clifford William Carlson
Weil Gotshal and Manges
700 Louisiana Street
Suite 3700
Houston, TX 77002

**ATTORNEYS FOR DEBTOR**

US Trustee
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002

**U.S. TRUSTEE**

/s/ *Diane W. Sanders*

DIANE W. SANDERS

7