IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC**, *et al.* | § | |
| | § | **Case No. 25-90399 (CML)** |
| Debtors[1]. | § | **(Jointly Administered)** |

**REPLY OF MICHAEL BUENO IN SUPPORT OF HIS MOTION FOR RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(1)[2]**

Michael Bueno (**"Bueno"**) respectfully submits this reply (the **"Reply"**) in support of his

Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) (Docket No. 3079)

(the **"Motion"**) and in response to the *Objection to Motion for Relief from Automatic Stay Filed

by Michael Bueno* (Docket No. 3196) (the **"Objection"**) filed by First Brands Group, LLC and its

debtor affiliates (collectively, the **"Debtors"**). In support thereof, Bueno respectfully states as

follows:

**Preliminary**

1.      The Debtors' Objection rests almost entirely on assertions about the purported

effect of a self-insured retention ("**SIR**") contained in an insurance policy  (the "**Insurance Policy**")

that the Debtors have refused to produce. Despite acknowledging that they possess the Insurance

Policy, the Debtors have declined to provide it to Bueno—except as a condition of adjourning the

hearing—and have not attached it to the Objection. Bueno is apparently expected to accept the

Debtors' characterization of the SIR's effect on the insurer's obligations as dispositive, when in fact,

---

[1] A complete list of the debtors (the "**Debtors**" and each a "**Debtor**") in these chapter 11 cases may be obtained on
the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors'
service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms not otherwise defined shall have the meaning ascribed to them in the Motion.

the precise language of any SIR provision can significantly affect whether and when the insurer's duty to defend is triggered. Forced to act without the policy, Bueno was compelled to serve a Rule 2004 examination notice to obtain it. *See* ECF No. 3142. Even though they concede they have the policy, the Debtors refused to provide it prior to the hearing unless Bueno agreed to adjourn the hearing. The Debtors' decision to withhold the very document upon which they rely appears designed to hamstring Bueno at the hearing and should not be rewarded.

2.        The Objection also asks the Court to defer this matter until confirmation. But in the same breath, the Debtors concede that, as currently written, the plan will foreclose the relief sought in the Motion and force Bueno to liquidate his personal injury claim through the bankruptcy process. That is precisely what Bueno seeks to avoid. The automatic stay cannot be used as a tool to strip Bueno of his right to have his personal injury claim liquidated in a court of competent jurisdiction.

3.        As set forth below: (i) Bueno has made a prima facie showing of cause by identifying the existence of an insurance policy covering his claim, and the burden has shifted to the Debtors to rebut that showing—which they have failed to do because they have refused to produce or attach the Insurance Policy upon which they rely; (ii) deferral until confirmation is not a meaningful alternative because the Debtors' own plan, as currently written, would foreclose the very relief Bueno seeks; (iii) this Court, as a bankruptcy court, cannot liquidate Bueno's personal injury damages in any event, requiring liquidation to occur outside the bankruptcy claims reconciliation process; (iv) the balance of harms and the *Sonnax* factors weigh decisively in Bueno's favor; and (v) the Debtors' challenge to the merits of Bueno's claim is incorrect, premature, and self-inflicted— the automatic stay has prevented Bueno from conducting the very discovery and expert analysis the Debtors now fault him for lacking. The Motion should be granted.

HB: 4912-1055-3534.3

**Argument**

A.     **Bueno Has Established a Prima Facie Case for Cause; the Burden Has Shifted to the Debtors.**

4.     The Debtors assert that Bueno "has not met his burden to establish cause for relief from the automatic stay." Objection ¶ 2. This is incorrect.

5.     Once a movant establishes a *prima facie* case for relief, the burden shifts to the debtor to demonstrate why the stay should remain in place. *See In re Kowalsky*, 235 B.R. 590, 594 (Bankr. E.D. Tex. 1999). Bueno made his prima facie showing in the Motion: Debtor Cardone Industries, Inc. ("**Cardone**"), as the Debtors concede in their Objection, holds an insurance policy that covers the claims asserted in the State Court Action. *See Objection* ¶ 26 (noting that "the Insurance Policy covers the claims asserted in the State Court Action"). The existence of insurance coverage providing a source of recovery outside of estate assets is well-recognized as establishing "cause" to lift the automatic stay to permit personal injury litigation to proceed. *See, e.g., In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) (finding cause to lift stay where "the debtor is protected by liability insurance, so that a judgment against it will not deplete the estate"). That prima facie showing having been made, the burden shifted to the Debtors.

6.     The Debtors have not met that burden. Their entire rebuttal rests on the assertion that the Insurance Policy's SIR requires Cardone to exhaust $500,000 before the insurer assumes the defense, such that estate resources would be implicated if the stay is lifted. Objection ¶¶ 12, 25–26. But the Debtors have not attached the Insurance Policy to the Objection, nor have they produced it to Bueno despite Bueno's repeated requests and, ultimately, a formal Rule 2004 notice. Bueno is left to take the Debtors' word—in a brief filed by adverse counsel—for what the policy says and what legal consequences flow from the SIR.

3

HB: 4912-1055-3534.3

7.      That is not a sufficient rebuttal. "Bankruptcy courts have consistently held that the failure of a bankrupt insured to fund an SIR will not excuse the insurer's performance under the contract." *In re FF Acquisition Corp.*, 422 B.R. 64, 67 (Bankr. N.D. Miss. 2009); *In re Vanderveer Ests. Holding, LLC*, 328 B.R. 18, 25 (Bankr. E.D.N.Y. 2005), *aff'd sub nom. Am. Safety Indem. Co. v. Off. Comm. of Unsecured Creditors*, No. 05 CV 5877 ARR, 2006 WL 2850612 (E.D.N.Y. Oct. 3, 2006) ("Case law interpreting § 365 of the Bankruptcy Code makes it clear that . . . the failure of a bankrupt insured to fund a self-insured retention does not relieve the insurer of the obligation to pay claims under the policy."). Further, the language of a self-insured retention provision can significantly affect the scope and timing of an insurer's obligation to defend. For example, in *FF Acquisition Corp.* the Court read the insurance policy language to indicate that "The non-payment of the SIR would apply only to damages that might be payable under the policy and not to the costs of defense." 422 B.R. at 67. Accordingly, the Insurance Policy here could in fact require the insurer to provide a defense, notwithstanding the fact that the SIR has not been exhausted. Without the policy, it is impossible to know the effect of any SIR provision.

8.      A party cannot, on one hand, rely on a document as the centerpiece of its opposition to a motion and, on the other, withhold that document from the opposing party. The Debtors' conduct has made it impossible for Bueno to evaluate, test, or respond to the SIR argument with any precision. The Court should not permit the Debtors to benefit from this tactic. At the hearing, Bueno requests that the Court decline to credit the Debtors' characterization of the SIR's legal effect absent production of the policy.

**B.     Deferral Until Confirmation Is Not a Meaningful Alternative—The Plan as Written May Foreclose the Relief Bueno Seeks.**

9.      The Debtors suggest that Bueno should simply wait for the claims reconciliation process that will be established under the chapter 11 plan. Objection ¶¶ 2, 26, 28. But in the very

4

same Objection, the Debtors argue that the plan, as currently structured, will foreclose the relief Bueno seeks through the Motion and will require Bueno to liquidate his personal injury claim through the bankruptcy court's claims process.[3]

10.      That is precisely the outcome the Motion seeks to prevent. The suggestion that Bueno should wait for confirmation—only to have the confirmed plan eliminate his right to state court adjudication—is circular and prejudicial. Bueno's rights should be determined before plan confirmation forecloses them, not after.

**C.      This Court Cannot Liquidate Bueno's Personal Injury Damages.**

11.      The Debtors' argument that Bueno's claim can be resolved through the bankruptcy claims reconciliation process overlooks a fundamental limitation on this Court's authority. Congress has expressly excluded the liquidation of unliquidated personal injury tort claims from the bankruptcy court's core claims-allowance function. See 28 U.S.C. § 157(b)(2)(B). Because Bueno's claim arises from a motor vehicle accident in which he allegedly sustained personal injuries, it constitutes a personal injury tort claim. Objection ¶ 7.

12.      As a result, regardless of the claims reconciliation process contemplated by the plan, Bueno's damages cannot be liquidated through the ordinary claims-objection process before this Court. The claim will necessarily require liquidation in another forum. That reality substantially diminishes any efficiency gained by maintaining the stay and undermines the Debtors' contention that the bankruptcy claims process provides an adequate substitute for allowing the pending tort action to proceed.

13.      Moreover, because the Bankruptcy Court cannot liquidate Bueno's personal injury damages claim through the claims reconciliation process, maintaining the stay will not eliminate

---

[3] Bueno does not concede that the plan as written forecloses continuation of his action after confirmation and also reserves all rights to object to the plan.

HB: 4912-1055-3534.3

the need for separate litigation concerning liability and damages. Cause therefore exists under section 362(d)(1) to permit the pending state-court action to proceed. The state court is already familiar with the underlying facts, applicable state-law issues, and damages allegations. Allowing that action to continue will promote judicial economy, avoid duplicative litigation, and provide an efficient mechanism to liquidate Bueno's claim for purposes of administration in this case.

**D.      The Sonnax Factors and the Balance of Harms Favor Bueno**

14.      The Debtors invoke the Sonnax factors and the balance of harms to oppose the Motion, but their analysis is incomplete and, in key respects, undermined by their own refusal to produce the Insurance Policy.

15.      **Whether the insurer has assumed full responsibility for defending the Debtor (Sonnax factor 5).** The Debtors rely on this factor heavily, arguing that the insurer has not assumed Cardone's defense because the SIR has not been exhausted. Objection ¶¶ 12, 31. But as described above, this argument is based on a characterization of the Insurance Policy that Bueno has been denied the opportunity to verify. The Court should not treat this factor as established absent production of the policy. Moreover, depending on the actual policy language, the insurer may have a contemporaneous duty to defend that is not contingent on full SIR exhaustion.

16.      **Prejudice to the Debtors' estate.** The Debtors assert that lifting the stay would require them to expend estate funds to exhaust the $500,000 SIR. Objection ¶¶ 25–26. This assertion is not supported by the actual policy and should be discounted for that reason. Moreover, the cases the Debtors cite for the proposition that courts routinely deny stay relief in the presence of a SIR all involved situations where the debtors had actually produced the policy and demonstrated the SIR's effect on the insurer's obligations. The Debtors here have done neither.

17.      **Prejudice to Bueno from continuation of the stay.** The Debtors assert that Bueno will suffer "little harm" if the stay is maintained. Objection ¶ 27. But Bueno suffered personal

6

HB: 4912-1055-3534.3

injuries in a motor vehicle accident and has a right to have those claims adjudicated before memories fade, witnesses become unavailable, and evidence is lost. He has already been delayed by the Debtors' chapter 11 filing. The Debtors' plan, by the Debtors' own admission, will further foreclose his ability to obtain relief in state court. The prejudice to Bueno from continued delay is real and ongoing.

18.     **Judicial economy.** As noted above, this Court cannot liquidate Bueno's personal injury damages. Liquidation of the claim must occur outside of the bankruptcy claims reconciliation process. Maintaining the stay does not serve judicial economy; it merely delays the inevitable and prejudices Bueno in the interim.

### E.     The Debtors' Assessment of the State Court Action's Merit Is Incorrect, Premature and of Their Own Making.

19.     The Debtors argue that Bueno has not demonstrated a likelihood of prevailing on the merits and point, in particular, to the absence of an expert report. Objection ¶¶ 29, 31. This argument inverts the equities entirely.

20.     As an initial matter, their characterization of the merits is circular. The fact that other defendants may also bear responsibility does not negate Bueno's claims against Cardone, as the failure of the braking system may involve multiple contributing causes, including negligent service, continued operation of the vehicle, and a defect in the Cardone component. Indeed, the recent brake service and reported brake-fluid leak do not establish that the Cardone product was free from defect or that Cardone's conduct could not have contributed to the brake failure.

21.     The Debtors' effort to litigate the merits in the context of a stay-relief motion is misplaced. The issue before the Court is not whether Bueno will ultimately prevail, but whether cause exists to permit the claim to proceed to adjudication in the appropriate forum. Even under

HB: 4912-1055-3534.3

the Debtors' own authority, likelihood of success on the merits is not a significant factor in the analysis.

22.     Bueno has been unable to conduct any discovery in the State Court Action as a direct consequence of the automatic stay. The very stay that the Debtors are asking this Court to maintain has prevented Bueno from obtaining documents, taking depositions, retaining testifying experts, and developing the evidentiary record that the Debtors now fault him for lacking. The Debtors cannot impose a litigation standstill through the automatic stay and then use the resulting absence of developed evidence as a ground for denying stay relief. That is bootstrapping, not advocacy.

23.     The expert-report point is particularly telling. In order to conduct the type of expert analysis necessary to evaluate whether the hydroboost power brake booster at issue was defective, any testing of the subject device would necessarily involve destructive testing—that is, physical examination and analysis that would alter or consume the device. Out of an abundance of caution, and out of respect for the Debtors' rights as a party to the State Court Action, Bueno has deliberately refrained from proceeding with such testing pending resolution of this Motion. He did not want to take an irreversible step with respect to potential evidence without the Court's authorization to proceed. If, however, the Debtors' position is that Bueno should have pressed forward with destructive testing of the device in order to produce an expert report—notwithstanding the automatic stay—Bueno is prepared to do exactly that. He would welcome the opportunity to move forward with testing immediately. The Debtors cannot credibly complain about the absence of an expert report when the actions required to produce one have been held in abeyance out of deference to their own rights. In any event, as the Debtors concede, success on the merits is not a crucial factor in the

8

lift-stay analysis. *See* Objection (citing *In re Stewart*, 649 B.R. 755, 762 (Bankr. N.D. Ill. 2023) ("It has never been clear why the creditor's likelihood of success should matter to a lift-stay decision.")).

## RESERVATION OF RIGHTS

24.     Bueno submits this Reply without prejudice to, and with a full reservation of, his rights, claims, defenses, and remedies, including without limitation the right to amend, modify, or supplement the Motion or this Reply, to file additional motions for stay relief on any basis, to seek discovery (including under Bankruptcy Rule 2004), to raise additional objections to the Debtors' plan or disclosure statement, and to introduce any evidence at any hearing relating to the Motion. Nothing herein shall be deemed a waiver of any right or defense available to Bueno under applicable law, including his right to have his personal injury tort claim liquidated in a court of competent jurisdiction pursuant to 28 U.S.C. § 157(b)(5). Further, nothing herein limits Bueno's rights to recover on his Proof of Claim or to pursue any non-debtor defendants in the event that Bueno obtains a judgment or settlement in excess of any available insurance proceeds.

## CONCLUSION

25.     For the foregoing reasons, Bueno respectfully requests that this Court grant the Motion and modify the automatic stay to permit Bueno to prosecute the State Court Action to determine liability and liquidate his claim. To the extent the Debtors continue to rely on the Insurance Policy and its purported SIR provisions in opposition to the Motion, Bueno further requests that the Debtors be required to produce the Insurance Policy, including all endorsements and attachments. Bueno requests such other and further relief as the Court deems just and proper.

9

HB: 4912-1055-3534.3

Dated: July 17, 2026
      Austin, Texas

Respectfully Submitted,

*/s/ Tara LeDay*
Tara LeDay (SBN 24106701)
Tara.leday@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Jennifer.pollan@huschblackwell.com
HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
(512) 479-9758
(512) 479-1101 (fax)

*Attorneys for Michael Bueno*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, a true and correct copy of the *foregoing document* was served via this Court's ECF notification system to all parties registered to receive notification, which includes Debtors' counsel and the United States Trustee for the Southern District of Texas.

*/s/ Tara LeDay*
Tara LeDay

HB: 4912-1055-3534.3