# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**DEBTORS' RESPONSES AND OBJECTIONS TO KATSUMI SERVICING, LLC'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and other applicable law, First Brands Group LLC and its debtor affiliates ("**the Debtors**") by and through their undersigned counsel, hereby submits these responses and objections (the "**Responses**," and each specific response and objection, a "**Response**") to *Katsumi Servicing, LLC's First Request for Production of Documents From First Brands In Connection with the Plan and Disclosure Statement*, dated June 22, 2026 (the "**Requests**," and each specific request for documents, a "**Request**") issued by Katsumi (as defined in the Requests).  The Debtors expressly reserve their rights to supplement, modify, revise, or correct the Responses herein at any time in accordance with the applicable rules.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**RESERVATION OF RIGHTS**

1.      With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.

2.      The Debtors submit the Responses subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any Response herein or materials produced in response to any Request; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests, the Responses, or documents produced in response to the Requests; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity, and (d) the right to revise, correct, supplement, or clarify the Responses herein at any time.

3.      The Responses are made pursuant to and subject to the General Objections, Objections to Definitions, Objections to Instructions, and Specific Responses and Objections set forth herein.  The Debtors do not waive, and expressly preserve, all available objections.

4.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests.  By responding and objecting to the Requests or producing documents in response to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand, subpoena, request, action, or any other case brought by Katsumi or any other party.

5.      Any document produced by the Debtors in response to the Requests does not constitute an admission or acknowledgement that any such Request is proper, that the information sought is relevant or admissible in any proceeding, or that requests for similar information will be

2

treated in a similar fashion.  Whether the Debtors have produced documents or responded to any particular Request should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Request.

6.      None of the Responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents responsive to any Request.  The Debtors do not represent that any responsive documents exist in response to any particular Request, but rather that they will undertake a reasonably diligent search across a reasonable universe of documents and produce non-privileged documents responsive to the Request (if any).

7.      The Debtors do not waive, and hereby assert and preserve, all applicable privileges and protections, including the attorney-client privilege, attorney-work-product doctrine, and any other applicable privilege or immunity.

8.      Any document produced by the Debtors in response to the Requests is produced pursuant to, and shall be subject to, the terms of the *Agreed Protective Order* (Dkt. 408) entered in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

## GENERAL OBJECTIONS

1.      These General Objections are applicable to the Requests in their entirety and are incorporated into each specific Response as if fully repeated therein.  The Objections to Definitions and Objections to Instructions shall likewise apply equally to any definition, instruction, or Request that incorporates that definition or instruction.  The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

2.      The Debtors object to the Requests insofar as they are overbroad, unduly burdensome, vague, ambiguous, redundant, harassing, or oppressive.  The Debtors further object to the Requests to the extent they seek the production of information that is neither relevant nor

proportionate to the discovery needs of these Chapter 11 Cases, including with respect to confirmation of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Dkt. No. 2981) (the "**Plan**").  The Debtors additionally object to the Requests to the extent they seek documents and communications that the Debtors have already produced to Katsumi or their counsel in connection with these Chapter 11 Cases.

3.    The Debtors object to the Requests insofar as they seek the production of "all" or "any" documents and communications on the grounds that it is impracticable, overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases.

4.    The Debtors object to the Requests to the extent that they call for the production of documents not within the Debtors' possession, custody, or control, or for the production of documents not obtainable by means of a reasonably diligent search proportionate to the discovery needs of these Chapter 11 Cases.

5.    The Debtors object to the Requests to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work-product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; (d) the mediation privilege, and/or (e) any other applicable privilege, protection, or immunity from discovery.  The Debtors reserve the right to redact any material covered by items (a) through (e) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

6.    The Debtors object to the Requests to the extent they call for the production of documents and the disclosure of information protected by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364).

7.      If the Debtors disclose any privileged information pursuant to the Requests, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege, rule, doctrine, immunity, or other protection.

8.      The Debtors object to the Requests to the extent that any Request may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third party. The Debtors further object to the Requests to the extent they call for the production of documents or information covered by a non-disclosure agreement or other contract barring dissemination.

9.      The Debtors object to the Requests to the extent that they require any disclosure that may constitute a violation of any law or regulation.

10.      The Debtors object to the Requests to the extent they seek information that is already in the possession, custody, or control of Katsumi and/or information that is in the public domain. The Debtors further object to the Requests to the extent they seek information that is not kept by the Debtors in the ordinary course of business including, but not limited to, data compilations.

11.      The Debtors object to the Requests to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed. The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Responses and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Requests.

12.      The Debtors object to the Requests, including without limitation, the Definitions and Instructions contained therein, to the extent they purport to impose on the Debtors any

requirement or obligation greater than, different from, or otherwise inconsistent with those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

13.     The following Responses are made solely for the purpose of the Chapter 11 Cases and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

14.     The Debtors object to the Requests to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response.

15.     The Debtors object to the Requests to the extent that they seek responses on a timeframe different from those imposed  under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

16.     The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement the Responses to the Requests.

## OBJECTIONS TO DEFINITIONS

1.     The Debtors object to the Definitions to the extent they purport to extend beyond a reasonable scope, define words beyond their ordinary meaning, and/or impose obligations beyond those contained in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.  The Debtors will interpret the Requests reasonably and in good faith in accordance with common English usage and the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in the Plan.

2.      The Debtors object to Definition 9 ("Adversary Proceeding") as overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the discovery needs of the Chapter 11 cases as the defined term purports to include "any adversary proceeding filed in, arising in, arising under, or related to the Chapter 11 Cases."

3.      The Debtors object to Definition 10 ("Communications") as overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases.  The Debtors further object to Definition 10 to the extent that it purports to include the production of Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364) or any other applicable privilege.

4.      The Debtors object to Definition 15 ("Chapter 11 Cases") as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases as the defined term purports to include "the cases under Chapter 7 of the Bankruptcy Code for the Evolution SPV Debtors" and "any Adversary Proceedings filed in connection with such Chapter 11 Cases."

5.      The Debtors object to Definition 16 ("concerning," "referencing," "regarding," "reflecting," "relating to," and "in connection with") and Definition 40 ("including") as overbroad, unduly burdensome, vague, and ambiguous to the extent they purport to impose discovery obligations beyond those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in connection with confirmation of the Plan.

6.      The Debtors object to Definition 24 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "employees, managers, officers,

7

directors, agents, representatives, subsidiaries, special purpose vehicles, and affiliates." The Debtors will interpret "Debtors" as referring to First Brands Group, LLC and its debtor affiliates in these Chapter 11 Cases. A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Claims and Noticing Agent as detailed herein at footnote 1.

7. The Debtors object to Definition 26 ("Documents") as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it purports to require the production of documents of "any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however, printed, produced, reproduced, coded, or stored, of any kind or description, whether sent or received or not, including original copies, drafts, and both sides thereof, and including . . . computer programs, microfilms, microfiche, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing," and to the extent it purports to include materials that are publicly available or not within the Debtors' possession, custody, or control, including to the extent it purports to require the production of documents "regardless of their authority, preparer, or origin[.]"

8. The Debtors object to Definition 37 ("First Brands") and Definition 68 ("You" or "Your") as overbroad, unduly burdensome, vague, and ambiguous to the extent the terms encompass "employees, managers, officers, directors, agents, subsidiaries, and special purpose vehicles." The Debtors will interpret "You" and "Your" as referring to the Debtors in these Chapter 11 Cases. The Debtors will interpret "Debtors" as referring to First Brands Group, LLC and its debtor affiliates in these Chapter 11 Cases. A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Claims and Noticing Agent as detailed herein at footnote 1.

**OBJECTIONS TO INSTRUCTIONS**

1. The Debtors object to the Instructions to the extent they purport to impose on the Debtors any obligation different from and/or broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery.

2. The Debtors object to Instruction No. 1 (defining the "Relevant Period" as September 1, 2025 through the present) as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require responses covering a period that is not relevant or proportionate to confirmation of the Plan, and the Debtors further object to any Request that purports to seek information predating the Relevant Period.

3. The Debtors object to Instruction No. 2 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control, including to documents held by the Debtors' "agent, representatives, advisors, or professionals." The Debtors further object to Instruction No. 2 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors.

4. The Debtors object to Instruction No. 3 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

5. The Debtors object to Instruction No. 4 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of

9

the Court.  The Debtors further object to Instruction No. 4 to the extent that it purports to include the production of Documents and Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege.

6.      The Debtors object to Instruction No. 5 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.  The Debtors further object to Instruction No. 5 to the extent that it purports to include the production of Documents and Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege.

7.      The Debtors object to Instruction No. 6 as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it purports to require the production of "all drafts of Documents in addition to final versions of Documents."  The Debtors further object to Instruction No. 6 to the extent that it purports to include the production of Documents and Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege.  The Debtors also object to the extent that this Instruction purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

8.      The Debtors object to Instruction No. 7 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal

Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court. Unless otherwise stated in the Debtors' Specific Objections and Responses to Document Requests herein, the Debtors will work in good faith to identify and produce responsive, non-privileged Documents and Communications for each Request, to the extent they exist.

9. The Debtors object to Instruction No. 9 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, mediation privilege, or which are otherwise protected from disclosure. The Debtors further object to Instruction No. 6 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing, and extent of discovery needs of these Chapter 11 Cases.

10. The Debtors object to Instruction No. 10 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, mediation privilege, or which are otherwise protected from disclosure. The Debtors further object to Instruction No. 6 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing, and extent of the discovery needs of these Chapter 11 Cases.

11. The Debtors object to Instruction No. 13 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control. The Debtors

11

further object to Instruction No. 13 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors.  The Debtors further object to Instruction No. 13 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to privilege, work product immunity or other immunity from discovery.  The Debtors further object to Instruction No. 13 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in the Relevant Motions.

12.     The Debtors object to Instruction No. 14 to the extent it purports to impose on the Debtors obligations to perform anything more than a reasonable search for responsive Documents and information.  The Debtors further object to Instruction No. 14 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

13.     The Debtors object to Instruction No. 15 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control.  The Debtors further object to Instruction No. 15 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors.  The Debtors also object to Instruction No. 15 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

12

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1**:

**All transcripts of any deposition (including exhibits thereto) taken in connection with the Chapter 11 Cases or any Adversary Proceeding, except for transcripts at which Katsumi or its undersigned counsel appeared.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including because the Request broadly seeks all deposition transcripts and exhibits without regard to relevance. The Debtors further object to this Request to the extent it seeks information outside the Debtors possession, custody, or control. The Debtors additionally object to this Request to the extent it seeks confidential or highly confidential information.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request that the Debtors are reasonably able to identify and collect.

**REQUEST FOR PRODUCTION NO. 2**:

**All responses to interrogatories or requests for admission (including all documents referenced therein or identified pursuant to Fed. R. Civ. P. Rule 33(d)) provided by any of the Debtors in connection with the Chapter 11 Cases or any Adversary Proceeding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it seeks "all responses to

13

interrogatories or requests for admission" and "all documents referenced therein," without regard to relevance to confirmation of the Plan.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3**:

**All Communications provided to or exchanged with the Examiner or the Examiner's professionals in connection with the Chapter 11 Cases or any Adversary Proceeding. This Request specifically includes all notes taken at any meeting with the Examiner or the Examiner's professionals and all notes documenting Communications provided to or exchanged with the Examiner or the Examiner's professionals.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request as seeking Documents and Communications expressly protected from disclosure by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364). The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents produced to, provided to or exchanged with the Examiner or the Examiner's professionals in connection with the Chapter 11 Cases or any Adversary Proceeding, including any and all supplemental or additional Documents produced to, provided to or exchanged with the Examiner or the Examiner's professionals, whether based on further follow up, interviews, requests for further clarification or supplementation, or otherwise.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors further object to this Request as seeking Documents and Communications expressly protected from disclosure by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364).  The Debtors additionally object to this Request as directly seeking documents that are protected from production by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364).  The Debtors also object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents and Communications exchanged among You and the DIP Secured Parties (or any of its members), the Ad Hoc Group (or any of its members), the Creditors' Committee (or any of its members), the Special Committee (or any of its members), or the ABL Lenders relating to the Premier Marketing Group Plan, the Premier Marketing Group

**Global Settlement, the Estate Claims Credit Bid Transaction, the Plan, or the Plan Settlement. The Documents and Communications responsive to this request include all communications relating to any terms or aspects of those plans, settlements or transactions, as well as all Communications reflecting negotiations of those plans, settlements or transactions. For the avoidance of doubt, this Request specifically includes (i) all Communications, Documents, summaries, charts or other information related to (in any respect) any Cause of Action, Estate Claim or other claim, cause of action, or asset to be included in, contributed to or otherwise retained for inclusion in the Litigation Trust or the Litigation Trust Assets and (ii) any and all Documents and Communications exchanged among the Debtors' financial advisors (or any personnel of the Debtors' financial advisors) and any other Person.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request as vague and ambiguous regarding the meaning of "relating to any terms or aspects of those plans, settlements or transactions," which is also overbroad and unduly burdensome. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**:

**All Documents and Communications relating to or referencing the Litigation Trust or the Litigation Trust Assets, including any Cause of Action, Estate Claim or other claim, cause of action, or asset to be included in, contributed to or otherwise retained in the**

16

**Litigation Trust or the Litigation Trust Assets, including any and all estimations, valuations, projections, forecasts, and lists (and any drafts of the foregoing) relating to the foregoing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**:

**All Documents and Communications exchanged between You and Gerard Uzzi of Uzzi & Lall.  This Request specifically includes any and all Documents and Communications exchanged among the Ad Hoc Group (or any of its members or respective professionals), the Special Committee (or any of its members or respective professionals) and/or the Creditors' Committee (or any of its members or respective professionals) and Gerard Uzzi of Uzzi & Lall on which Debtors or any of Debtors' representatives, counsel, financial advisors, or other professionals were copied, forwarded, or otherwise included as recipients.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents

and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8**:

**All Documents and Communications relating to "Adverse Conduct" as defined in the Plan, including any and all Communications relating to any assessment or conclusion regarding which Persons or Entities engaged in "Adverse Conduct."**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**:

**All Documents and Communications identifying any Person or Entity that may be characterized as having engaged in Adverse Conduct.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by the Debtors in Request for Production No. 8.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**:

**All Documents and Communications relating to substantive consolidation in connection with the Plan, including any and all Communications relating to any consideration of consolidating any Debtors for particular purposes, and any and all Communications relating to consolidation for purposes of any defenses to preference actions or other avoidance actions, whether in connection with the Preference Settlement or otherwise. This Request specifically includes all analyses, reports, assessments or investigations performed by Debtors or any of their professionals into the whether substantive consolidation of some or all of the Debtors is or was factually accurate or appropriate.**

19

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 11**:

**All Documents and Communications relating to the Estate Claims Marketing Process, including (i) all diligence materials provided to any potential bidders, prospective bidders, bidders, or other participants, including all Documents in the "data room"; (ii) all indications of interest received from any prospective bidder; (iii) all bids received; (iv) all indications of interest for any Estate Claims being sold; (v) all "teaser" materials or other information used to solicit potential or prospective bidders; (vi) any Documents or Communications provided to the Ad Hoc Group or the participants in the Estate Claims Credit Bid in connection with the Estate Claims; (vii) any Documents or Communications exchanged with any potential bidder, prospective bidders, or other participants; and (viii) any and all data rooms containing or purporting to contain any information regarding the assets, businesses, entities, operations, inventory, receivables or causes of action provided to prospective bidders or purchasers. This Request expressly includes any Documents and Communications provided to or exchanged with the Ad Hoc Group or other participants in the Estate Claims Marketing Process that are in any way connected to the Estate Claims Credit Bid Transaction or the Estate Claims.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the

20

Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12**:

**All Documents and Communications relating to or referencing the "claims," "causes of action," "transactions," or consideration paid, in each instance without any limitation, as referenced by Charles M. Moore as described at Pages 24-25 and 131-132 of the transcript of the Conditional Disclosure Statement Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13**:

**All Documents and Communications reviewed by or relied upon by Charles M. Moore in connection with reviewing and signing the Plan, the Disclosure Statement, or any declaration submitted in connection therewith, or in connection with providing testimony at the Conditional Disclosure Statement Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are willing to further meet and confer with Katsumi regarding this request.

**REQUEST FOR PRODUCTION NO. 14**:

**All Documents and Communications relating to or referencing the Special Committee Investigation.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the

22

discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 15**:

**All Communications between You and the Ad Hoc Group (or any of its members) or the DIP Secured Parties (or any of those parties) between September 1, 2025 and September 28, 2025.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Communications not relevant to confirmation of the Plan and seeks "all" Communications.  The Debtors additionally object to this Request to the extent it seeks Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16**:

All Documents and Communications produced to any other Person in connection with the Confirmation Hearing or the Conditional Disclosure Statement Hearing.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17**:

All Documents and Communications on which the Debtors intend to rely at the Confirmation Hearing.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as premature to the extent it purports to require that the Debtors produce the documentary evidence on which the Debtors intend to rely in connection with the Confirmation Hearing in advance of the applicable deadlines. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client

privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will provide Documents and Communications responsive to this request on their witness and exhibit list to be filed in connection with the Confirmation Hearing.

**REQUEST FOR PRODUCTION NO. 18**:

**All Documents and Communications on which any witness called by the Debtors has relied on or will rely on in connection with any testimony relating to the Confirmation Hearing, including any and all Documents and Communications on which any such witness shall be called to testify regarding any Cause of Action, Estate Claim or other claim, cause of action, or asset to be included in, contributed to or otherwise retained for inclusion in the Litigation Trust or the Litigation Trust Assets.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as premature to the extent it purports to require that the Debtors produce the documentary evidence on which the Debtors intend to rely in connection with the Confirmation Hearing in advance of the applicable deadlines.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will provide Documents and Communications responsive to this request on their witness and exhibit list to be filed in connection with the Confirmation Hearing.

25

**REQUEST FOR PRODUCTION NO. 19**:

All Documents and Communications relating to, reflecting, or forming the basis for the Debtors' statement on Page 27 of the Disclosure Statement that "Based on the FBG Debtors' reasonable estimates, the FBG Debtors are estimating that the Effective Date is reasonably likely to occur in the second half of 2028, although the Effective Date may reasonably or in fact occur earlier or later than the second half of 2028."

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20**:

All Documents and Communications relating to, reflecting, constituting, or forming the basis for related to when the Effective Date is reasonably likely to occur.  This Request includes all such analyses, estimates, projections, forecasts or other information prepared by any plan proponent or its respective professionals.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the

discovery needs of these Chapter 11 Cases including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by Katsumi in Request for Production No. 19.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21**:

**All Documents and Communications relating to the ABL Collateral Trust Assets, including all Communications relating to the exclusion of assets therefrom. This Request specifically includes any summaries, notes, accountings, or assessments relating to outstanding receivables or invoices that remain uncollected and the Debtors' interests (or purported) interests therein.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

27

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 22**:

**All Documents and Communications relating to the Preference Settlement as defined in the Plan, including any and all Communications relating to eligibility to participate in the Preference Settlement, the benefits afforded to Preference Settlement Electing Creditors, the releases to be granted by Preference Settlement Electing Creditors under Section 13.5(b) of the Plan, the contribution of Direct Creditor Claims to the Litigation Trust, and the governance, procedures and protections applicable to the prosecution of Preference Actions.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 23**:

**All Documents and Communications comprising or relating to the Plan Supplement or any document, materials, agreements constituting to be contained in the Plan Supplement, including the schedule of Specified Non-Released Parties and any and all Communications regarding the composition of such schedule and assessments and determinations regarding which Persons are included in such schedule.**

28

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection, including the request for all Communications regarding the composition of such schedule and assessments and determinations regarding which  Persons are included in such schedule.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 24**:

**All Documents and Communications relating to the conditions precedent to the occurrence of the Effective Date set forth in Section 12.1(o) of the Plan, including Documents and Communications sufficient to show any facts, circumstances, or contingencies presently known that may prevent or delay the satisfaction of such condition.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and

29

Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by Katsumi in Requests for Production Nos. 19 and 20.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 25**:

**All Documents and Communications relating to the Debtors' assessment, analysis, or consideration of the consequences of nonoccurrence of the Effective Date, including (i) any steps, actions, or processes that would need to be taken to reverse, unwind, or otherwise remediate the effects of actions already undertaken in furtherance of the Plan or the Effective Date, (ii) any contingency planning or proposed remedial solutions in the event the Effective Date does not occur within a reasonable period following the projected date of occurrence, and (ii) any analysis of the procedural, operational, or legal implications of such nonoccurrence, including the identification of all transactions, transfers, or other actions that would need to be reversed or unwound.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, including Katsumi's request for analyses related to contingency planning, unwinding, and the procedural, operation, or legal implications of such nonoccurrence.

The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by Katsumi in Requests for Production Nos. 19, 20, and 24.  The Debtors further object to this Request as containing multiple discrete subparts that should be counted as separate Requests.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26**:

**To the extent the Debtors or any plan proponent contends that Debtors' prepetition management and/or the operations of any or all of the Receivables Sellers observed, maintained, complied with or otherwise respected the separateness or corporate formalities of any Receivables Sellers, all Documents or Communications referencing, related to or otherwise identifying Debtors' prepetition actions, communications or business practices relating to the prepetition treatment of those corporate formalities, including:**

a. **All minutes of any prepetition meeting of the board of directors or managers (or any committee or sub-committee thereof) of the Receivables Sellers;**
b. **All Documents evidencing the transactions conducted in the bank accounts of each Receivables Seller, in each case sufficient to show when and from whom payments and receipts of monies were received, to whom such payments and receipts were directed, and how such payments and receipts were used;**
c. **All Documents evidencing how proceeds from the purchase of receivables by Katsumi and the other Factors were used, distributed or applied by First Brands or its prepetition management (or any Entities controlled by prepetition management) from and after January 1, 2023 through the Petition Date, including any and all Documents sufficient to identify which Debtor and non-Debtor entities' obligations such proceeds were applied to, used for, directed to, or expended on.**
d. **Documents supporting the Debtors' or any plan proponent's contention that the Receivables Sellers respected their corporate formalities with regard to the use of assets, including expenditures paid and payments or distributions of cash by such Receivables Sellers relating to or for obligations of other Debtors;**
e. **Any and all Documents sufficient to track or trace the use of cash from the Debtors' accounts in which any proceeds from sales of receivables by the Receivables Sellers was deposited, wired or transferred; and**
f. **All Documents and Communications that constitute, contain, reference or relate to Debtors' or any of their professionals' analysis, assessment, or investigation of the Debtors' use of cash or proceeds resulting from any Factor's purchase of receivables from June 2022 through and including the Petition Date.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan, seeks "all" Documents and Communications, and to the extent it requires the Debtors to produce information outside their possession, custody, or control, including to the extent Katsumi requests the Debtors produce documents held by the plan proponents. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. The Debtors further object to this Request as containing multiple discrete subparts that should be counted as separate Requests. The Debtors also object to the extent that Katsumi's Request for "all Documents sufficient to track or trace the use of cash from the Debtors' accounts in which any proceeds from sales of receivables by the Receivables Sellers was deposited, wired, or transferred," is impractical and overly burdensome to produce in its entirety prior to the Confirmation Hearing. The Debtors also object to this Request to the extent it requires the Debtors to take a position regarding whether Debtors' prepetition management and/or the operations of any or all of the Receivables Sellers observed, maintained, complied with or otherwise respected the separateness or corporate formalities of any Receivables Sellers. The Debtors do not take a position with respect to separateness or corporate formalities in these Responses.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 27**:

All Documents and Communications relating to the segregation of invoices, receipts or collections in respect of any Third-Party Factoring (as defined in the Disclosure Statement) arrangements from September 1, 2025 through September 28, 2025.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it seeks documents and information not relevant for the discovery needs of these Chapter 11 Cases as confirmation does not turn on the collection of the factored receivables and to the extent this Request seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 28**:

All Documents and Communications purporting to preserve privilege of any kind (including common interest, joint defense protection, mediation privilege or otherwise), confidentiality, or otherwise protect from disclosure any Documents or Communications exchanged among or between the Debtors, the DIP Secured Parties (or any of their members), the Prepetition Secured Parties (or any of their members), the Ad Hoc Group (or any of its members), the ABL Lenders, and/or Creditors' Committee (or any of its members), including any written agreements, protocols, confidentiality undertakings, common interest agreements, joint defense agreements, mediation agreements, or other arrangements governing information sharing among any such parties.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the

Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29**:

**All Documents and Communications relating to (i) the amount, timing, or likelihood of recoveries or distributions under or from the Litigation Trust, the Litigation Trust Assets, the DIP Collateral Trust, the DIP Collateral Trust Assets, the ABL Collateral Trust, the ABL Collateral Trust Assets, or the Estate Claims; (ii) the time required to satisfy DIP A Claims, Roll-Up Claims, Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, First Lien Claims, Second Lien Claims, ABL Claims, General Unsecured Claims, or Subordinated Claims; or (iii) the timing or likelihood of the occurrence of the Effective Date.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors further

object to this Request as containing multiple discrete subparts that should be counted as separate Requests.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 30**:

**All Documents and Communications relating to the Litigation Trust Cash Funding, Initial Litigation Trust Funding Commitments, Litigation Trust Backstop Commitments, Additional Litigation Trust Funding, Litigation Trust Funding Agreements, DIP Collateral Trust Funding, DIP Collateral Trust Funding Contributors, or any actual or potential financing, funding, backstop, commitment, contribution, draw, default, decline-to-fund determination, or replacement funding source for the Litigation Trust or the DIP Collateral Trust, including any Documents or Communications concerning efforts to raise, syndicate, allocate, backstop, approve, document, enforce, or decline any such funding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by the Debtors in Requests for Production Nos. 6 and 29.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 31**:

All Documents and Communications relating to or forming the basis for any responses to Katsumi Servicing, LLC's First Set of Interrogatories to First Brands in Connection with the Plan and Disclosure Statement served on First Brands on or about the date hereof.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce those non-privileged documents that the Debtors specifically reference in its responses to *Katsumi Servicing, LLC's First Set of Interrogatories to First Brands in Connection with the Plan and Disclosure Statement* served on July 10, 2026.

Dated: July 10, 2026
Houston, Texas

/s/ Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson (2490024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:    Clifford.Carlson@weil.com

-and-

Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted pro hac vice)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Email:    Matt.Barr@weil.com
            Sunny.Singh@weil.com
            Robert.Berezin@weil.com
            Theodore.Tsekerides@weil.com
            Christine.Calabrese@weil.com

*Attorneys for Debtors and Debtors in Possession*

37

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2026, I caused the foregoing to be served upon counsel of record via electronic mail.

/s/ Christine A. Calabrese
Christine A. Calabrese

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| | § | |
| **Debtors.**[1] | § | |

**DEBTORS' RESPONSES AND OBJECTIONS TO KATSUMI SERVICING, LLC'S
FIRST SET OF INTERROGATORIES TO FIRST BRANDS
IN CONNECTION WITH THE PLAN AND DISCLOSURE STATEMENT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") through Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and other applicable law, First Brands Group, LLC and its debtor affiliates (collectively, the "**Debtors**"), by and through their undersigned counsel, hereby submit these responses and objections (the "**Responses**," and each specific response and objection, a "**Response**") to Katsumi Servicing, LLC's ("**Katsumi**") First Set of Interrogatories to First Brands in Connection with the Plan and Disclosure Statement, dated June 22, 2026 (the "**Interrogatories**," and each specific interrogatory, an "**Interrogatory**"). The Debtors expressly reserve their right to supplement, modify, revise, or correct the Responses herein at any time in accordance with the applicable rules.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**RESERVATION OF RIGHTS**

1.      With all of their rights expressly reserved, the Debtors respond to the Interrogatories in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.  The following Responses are made for the sole purpose of the above-captioned proceeding.

2.      The Debtors submit the Responses subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein or materials produced in response to any Interrogatory; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Interrogatories, the Responses, or documents produced in response to the Interrogatories; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity, and (d) the right to revise, correct, supplement, or clarify the Responses at any time.

3.      The Responses are made pursuant to and subject to the General Objections, Objections to Definitions, Objections to Instructions, and Specific Responses and Objections set forth herein.  The Debtors do not waive, and expressly preserve, all available objections.

4.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Interrogatories.  By producing documents (if any) in response to the Interrogatories, the Debtors do not intend to waive, and do not waive, any defenses to the Interrogatories or any other demand, subpoena, request, or action.

5.      Any document produced by the Debtors in response to the Interrogatories does not constitute an admission or acknowledgement that any such Interrogatory is proper, that the

information sought is relevant or admissible in any proceeding, or that requests for similar information will be treated in a similar fashion. Whether the Debtors have produced documents or objected to any particular Interrogatory should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Interrogatory.

6. None of the Responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents or information responsive to any Interrogatory unless expressly stated.

7. The Debtors do not waive, and hereby assert and preserve, all applicable privileges and protections, including the attorney-client privilege, attorney-work-product doctrine, and any other applicable privilege or immunity.

8. Any documents that the Debtors may produce in response to the Interrogatories are produced pursuant to, and shall be subject to, the terms of the *Agreed Protective Order* (Dkt. 408) (the "**Protective Order**") entered in the Chapter 11 Cases.

## GENERAL OBJECTIONS

1. These General Objections are applicable to the Interrogatories in their entirety and are incorporated into each specific Response as if fully repeated therein. The Objections to Definitions and Objections to Instructions shall likewise apply equally to any instruction, definition, or Interrogatory that incorporates that instruction or definition. The Debtors reserve the right to assert additional objections to the Interrogatories as necessary and/or appropriate.

2. The Debtors object to the Interrogatories insofar as they are overbroad, unduly burdensome, vague, ambiguous, redundant, harassing, or oppressive. The Debtors further object to the Interrogatories as seeking information that is neither relevant nor proportionate to the discovery needs of the combined hearing detailed in the Scheduling Order (the "**Confirmation**

3

**Hearing**"), including with respect to confirmation of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Dkt. 3019] (the "**Plan**") and approval of the related *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Dkt. 3020] (the "**Disclosure Statement**").

3. The Debtors object to the Interrogatories insofar as they seek the information contained in, or the production of, "all" or "any" Documents and Communications on the grounds that it is impracticable, overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.

4. The Debtors object to the Interrogatories to the extent that they call for the production of documents not within the Debtors' possession, custody, or control, or for the production of documents not obtainable by means of a reasonably diligent search proportional to the discovery needs for litigating the confirmation of the Plan.

5. The Debtors object to the Interrogatories to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work-product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; (d) the mediation privilege; and/or (e) any other applicable privilege, protection, or immunity from discovery. The Debtors reserve the right to redact any material covered by items (a) through (e) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

6. If the Debtors disclose any privileged information pursuant to the Interrogatories, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege, rule, doctrine, immunity, or other protection.

7.     The Debtors object to the Interrogatories to the extent that any Interrogatory may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third party.  The Debtors further object to the Interrogatories to the extent they call for the production of Documents or information covered by a non-disclosure agreement, confidentiality agreement, protective order, or other contract barring or limiting dissemination.

8.     The Debtors object to the Interrogatories to the extent that any Interrogatory may be construed as seeking the disclosure of information covered by the Protective Order.

9.     The Debtors object to the Interrogatories to the extent that they require any disclosure that may constitute a violation of any law or regulation.

10.    The Debtors object to the Interrogatories to the extent they seek information that is already in the possession, custody, or control of Katsumi and/or information that is in the public domain.  The Debtors further object to the Interrogatories to the extent they seek information that is not kept by the Debtors in the ordinary course of business.  And the Debtors object to the Interrogatories to the extent they purport to seek the creation of Documents or data compilations that are not created and/or are kept in the Debtors' ordinary course of business.

11.    The Debtors object to the Interrogatories to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed.  The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Debtors' responses, objections, and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Interrogatories.

5

12. The Debtors object to the Interrogatories to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response.

13. The Debtors object to the Interrogatories, including the instructions and definitions contained therein, to the extent that they purport to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

14. Any response to the Interrogatories is made solely for the purpose of this contested matter and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

15. The Debtors hereby object and respond to the Interrogatories to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement the Responses to the Interrogatories.

16. The Debtors object to the Interrogatories, and to the Instructions, to the extent they purport to require information or document production on a timeline that is not established by, and that is inconsistent with, the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing Preference Settlement Notice and Opt-In Procedures, (VI) Establishing Notice and Objection Procedures for Confirmation of Plan, and (VII) Granting Related Relief* [Dkt. 2990] (the "**Scheduling Order**"), the Federal Rules, the Bankruptcy Rules, and the Local Rules, including to the extent the Interrogatories purport to require that verified answers be served by July 9, 2026.

17.     The Debtors further object to the Interrogatories, and to the Instructions, to the extent they are not proportionate to the discovery needs of the Confirmation Hearing.

18.     The Debtors object to the Interrogatories to the extent they seek the disclosure of mediation information protected by the *Agreed Mediation Orders* [Dkt. Nos. 1822, 2005, 2186]. The Debtors will not produce any such mediation information.

19.     The Debtors respond to the Interrogatories solely on behalf of the Debtors and debtors in possession in the above-captioned chapter 11 cases, and will produce responsive, non-privileged Documents within the Debtors' possession, custody, or control.  Notwithstanding the definition of "Debtors," "You," and "Your," the Debtors do not respond on behalf of, and do not purport to speak for, the estates of any SPV Debtors whose chapter 11 cases have been converted to cases under chapter 7 or any chapter 7 trustee therefor, the Examiner, the Creditors' Committee, the DIP Secured Parties, the ABL Secured Parties, the Ad Hoc Group, or any other Person, each of which is a separate party in interest, and the Debtors do not undertake to produce Documents within the possession, custody, or control of any such separate party that are not also within the Debtors' possession, custody, or control.

20.     Where the Debtors state in a Response that they will produce Documents, or will answer by producing documents pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive, non-privileged Documents within their possession, custody, or control as described in that Response, and, except as expressly stated therein, are withholding from production Documents responsive to that Interrogatory on the basis of the objections asserted herein.

21.     The Debtors also object to these Interrogatories to the extent they purport to impose any additional burden of proof on the Debtors.

22.     The verification of these Interrogatories provided by Charles M. Moore excludes any purely legal issues, including analyses related to privilege and the legal interpretation of the Plan.

## OBJECTIONS TO INSTRUCTIONS

1.     The Debtors object to the Instructions to the extent they purport to impose on the Debtors any obligation different from and/or broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law, or court orders governing the proper scope, timing, and extent of discovery in connection with confirmation of the Plan.

2.     The Debtors object to Instruction No. 1 (defining the "Relevant Period" as September 1, 2025 through the present) as overbroad, unduly burdensome, and disproportionate to the discovery needs for litigating the confirmation of the Plan to the extent it purports to require responses covering a period that is not relevant or proportionate to confirmation of the Plan, and the Debtors further object to any Interrogatory that purports to seek information predating the Relevant Period, including Interrogatory No. 6, which purports to reach back to January 1, 2023.

3.     The Debtors object to Instruction No. 2 to the extent it purports to impose any requirement greater than or different from those required under Rule 33 of the Federal Rules. Subject to and without waiving their objections, the Debtors will serve verified answers in accordance with Rule 33 of the Federal Rules.

4.     The Debtors object to Instruction No. 3 to the extent it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, and the Local Rules, including any obligation to describe efforts to obtain information beyond what those rules require.

5.      The Debtors object to Instruction No. 5 to the extent it purports to require the Debtors to identify withheld information or to provide a privilege log or other showing greater than or different from that required by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable orders of the Court, including with respect to information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, or the joint defense privilege.

6.      The Debtors object to Instruction No. 6 to the extent it purports to impose requirements greater than or different from those permitted under Rule 33(d) of the Federal Rules. The Debtors reserve the right to answer any Interrogatory by specifying and producing business records in accordance with Rule 33(d) of the Federal Rules.

7.      The Debtors object to Instruction No. 8 (construing "and" and "or" disjunctively or conjunctively, and as broadly as necessary) as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to expand the scope of any Interrogatory beyond what is relevant and proportionate to confirmation of the Plan.

8.      The Debtors object to Instruction No. 9 to the extent it purports to impose any continuing or supplemental obligation greater than or different from that provided for under Rule 26(e) of the Federal Rules.

## OBJECTIONS TO DEFINITIONS

1.      The Debtors object to the Definitions to the extent they purport to extend beyond a reasonable scope and/or the natural meaning of the terms defined therein. The Debtors will interpret the Interrogatories reasonably and in good faith in accordance with common English usage and the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules,

case law, or court orders governing the proper scope, timing, and extent of discovery in connection with confirmation of the Plan.

2.      The Debtors object to Definition No. 6 ("Communications") as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the discovery needs for litigating the confirmation of the Plan, and to the extent it purports to encompass Communications protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege, protection, or immunity from discovery.

3.      The Debtors object to Definition No. 9 ("Chapter 11 Cases") as overbroad and disproportionate to the discovery needs for litigating the confirmation of the Plan to the extent it purports to encompass the chapter 7 cases of the Evolution SPV Debtors and any Adversary Proceedings, and thereby to seek information concerning matters and parties on whose behalf the Debtors do not respond and that are not within the Debtors' possession, custody, or control.

4.      The Debtors object to Definition No. 10 (defining "concerning," "referencing," "regarding," "reflecting," "relating to," and "in connection with") and Definition No. 26 (defining "including") as overbroad, unduly burdensome, vague, and ambiguous to the extent they purport to impose discovery obligations beyond those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law, or court orders governing the proper scope, timing, and extent of discovery in connection with confirmation of the Plan.

5.      The Debtors object to Definition No. 13 ("Debtors"), Definition No. 24 ("First Brands"), Definition No. 43 ("You" or "Your"), and Definition No. 31 ("Person") as overbroad, unduly burdensome, vague, and ambiguous, and as disproportionate to the discovery needs for litigating the confirmation of the Plan, to the extent they purport to encompass employees,

10

managers, officers, directors, agents, representatives, subsidiaries, special purpose vehicles, non-debtor affiliates, or any other Person purporting to act on behalf of any such party, and thereby purport to require the Debtors to search for or provide information or Documents that are not within the Debtors' possession, custody, or control, including the information and Documents of separately represented parties. As set forth in the General Objections, the Debtors respond solely on behalf of the FBG Debtors and debtors in possession in these chapter 11 cases.

6.      The Debtors object to Definition No. 33 ("Plan") and Definition No. 16 ("Disclosure Statement") to the extent they refer to and incorporate superseded versions of those documents. The operative Plan is the Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors [Dkt. 3019] (the "Plan"), and the operative disclosure statement is the related Disclosure Statement [Dkt. 3020] (the "Disclosure Statement"), and the Debtors respond to the Interrogatories by reference to those operative documents, as each may be further amended, supplemented, or otherwise modified.

7.      The Debtors object to Definition No. 17 ("Documents") as overbroad, unduly burdensome, and disproportionate to the discovery needs for litigating the confirmation of the Plan, including to the extent it purports to require the identification or production of drafts, non-identical copies, notes, work papers, and similar materials, and to the extent it purports to include materials that are publicly available, protected from disclosure, or not within the Debtors' possession, custody, or control.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1**:

**Identify each Person who participated in, was consulted regarding, or has knowledge of the negotiation, drafting, or formulation of the Plan, the Plan Settlement, the Premier Marketing Group Plan, or the Premier Marketing Group Global Settlement, including each such Person's role and the subject matter of such Person's knowledge.**

11

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as overbroad and unduly burdensome because it purports to require that the Debtors identify "*each Person*," which is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing.  The Debtors further object to this Interrogatory as vague and ambiguous to the extent it refers to the "Premier Marketing Group Plan" and the "Premier Marketing Group Global Settlement," which the Interrogatories define by reference to a separate plan document and which are not the Plan or the Plan Settlement that are the subject of these Interrogatories.  The Debtors further object to this Interrogatory on the grounds that it seeks information protected by the mediation privilege, including in seeking "each Person's role and the subject matter of such Person's knowledge."  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege, protection, or immunity from discovery.  Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

**INTERROGATORY NO. 2**:

**Identify each Person who participated in, was consulted regarding, or has knowledge of the Estate Claims Marketing Process, including the role of each such Person and the dates of such Person's involvement.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as overbroad and unduly burdensome because it purports to

12

require that the Debtors identify "*each Person*," which is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege, including to the extent it purports to require that the Debtors provide "the role of each such Person and the dates of such Person's involvement."

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive non-privileged Documents and Communications concerning the Estate Claims Marketing Process from which non-privileged responsive information may be derived.

**INTERROGATORY NO. 3**:

**Identify each Person or Entity that First Brands contends engaged in Adverse Conduct, and for each such Person or Entity, describe with particularity: (a) the specific conduct that constitutes Adverse Conduct; (b) the date(s) on which such conduct occurred; (c) how and when First Brands became aware of such conduct; and (d) any investigation or analysis undertaken by First Brands or its professionals to assess whether such conduct constitutes Adverse Conduct.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors further object to this

13

Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent it purports to require that the Debtors "describe with particularity" the information requested in subparts (a)-(d).  The Debtors further object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi.  The Debtors also object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including because the definition of Adverse Conduct, in connection with the Specified Non-Released Parties, must be "determined by a Final Order of the Bankruptcy Court." The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: information responsive to this Interrogatory can be determined by reviewing the adversary proceedings that the Debtors have filed in connection with these Chapter 11 Cases and the Specified Non-Released Parties Schedule (Plan Supplement Exhibit 8 [Dkt. 3046-8]).  In addition, Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter.  In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 4**:

**Identify each Cause of Action, Estate Claim or other claim or cause of action to be included in, contributed to, or otherwise retained for inclusion in the Litigation Trust or the Litigation Trust Assets, and for each such Cause of Action, Estate Claim or other claim or cause of action, state: (a) the nature and legal basis of the claim; (b) the parties against whom the claim may be asserted; (c) the estimated value of the claim; (d) the methodology used to arrive at such valuation; and (e) the Person(s) who performed or directed such valuation.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors additionally object to this Interrogatory to the extent it seeks information that is publicly available. For example, the Causes of Action, Estate Claims, and other claims and causes of action to be transferred to, contributed to, or retained for the Litigation Trust are identified in the Schedule of Retained Causes of Action (Plan Supplement Exhibit 1 [Dkt. 3046-1]), which preserves such claims on a non-exclusive basis pursuant to section 1123(b)(3) of the Bankruptcy Code, and in the Litigation Trust Agreement (Plan Supplement Exhibit 4 [Dkt. 3046-4]). The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: the Causes of Action, Estate Claims, and other claims and causes of action to be transferred to, contributed to, or retained for the Litigation Trust are identified in the Schedule of Retained Causes of Action (Plan Supplement Exhibit 1 [Dkt. 3046-1]), which preserves such claims on a non-exclusive basis pursuant to section 1123(b)(3) of the Bankruptcy Code, and in the Litigation Trust Agreement (Plan Supplement Exhibit 4 [Dkt. 3046-4]). Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials

15

underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 5**:

**Identify all outstanding receivables or invoices that remain uncollected and are related to any Third-Party Factoring arrangement, including: (a) the identity of each obligor; (b) the amount outstanding; (c) the current status of collection efforts; and (d) the Debtors' assessment of the collectability of such receivables.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as seeking information that is overbroad, unduly burdensome, and neither relevant nor proportionate to the discovery needs of the Confirmation Hearing. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors also object to this Interrogatory to the extent it seeks information that is more appropriate to seek through a different discovery mechanism. The Debtors further object to this Interrogatory to the extent it seeks information that is not in the Debtors' possession, custody, or control and/or already in Katsumi's possession, custody, or control. The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive non-privileged documents concerning the Third-Party Factoring arrangement that are within the Debtors' possession,

custody, or control and from which any non-privileged information requested by subparts (a) through (d) may be derived, to the extent such records exist and can be discovered without undue burden.

**INTERROGATORY NO. 6**:

**Describe with particularity how proceeds from the purchase of receivables by Katsumi and the other Factors were used, distributed, or applied by First Brands or its prepetition management (or any Entities controlled by prepetition management) from January 1, 2023 through the Petition Date, including the identity of each Debtor and non-Debtor entity whose obligations such proceeds were applied to, used for, directed to, or expended on.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as seeking information that is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing, including because it seeks a prepetition tracing of the use of factoring proceeds that is not relevant to the Combined Hearing or confirmation of the Plan. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege, including any tracing analysis performed by the Debtors or their advisors. The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and as seeking information that is, in part, already in Katsumi's possession, custody, or control.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules and subject to the Protective Order, the Debtors will produce non-privileged summaries tracing the use of factoring proceeds. The Debtors further refer Katsumi

17

to the Plan and the Disclosure Statement, including the description of the Debtors' prepetition factoring and other off-balance-sheet financing arrangements set forth in the Disclosure Statement. In addition, Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter.  In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 7**:

**Describe the criteria, methodology, and process used to determine which Persons are included on the schedule of Specified Non-Released Parties, including: (a) who made such determinations; (b) when such determinations were made; (c) the factual basis for including each Person on such schedule; and (d) whether any Person was considered for inclusion but ultimately excluded, and if so, the basis for such exclusion.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as seeking information protected the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.  The Debtors further object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including as set forth in the Plan and the Schedule of Specified Non-Released Parties.  The Debtors further

18

object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: the Schedule of Specified Non-Released Parties was prepared by the Debtors and their advisors, in consultation with the Ad Hoc Group and the Creditors' Committee, pursuant to the common interest and mediation privileges. All Documents and Communications concerning the development of the Schedule of Specified Non-Released Parties are protected by privilege, including as attorney work product and/or pursuant to the mediation privilege and/or common interest privilege.

**INTERROGATORY NO. 8**:

**Identify each witness the Debtors intend to call at the Confirmation Hearing, and for each such witness, state: (a) the subject matter of the expected testimony; (b) the witness's relationship to the Debtors; and (c) all Documents and Communications on which such witness has relied or will rely in connection with such testimony.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors further object to this Interrogatory to the extent it purports to require that the Debtors disclose their witnesses in advance of filing their witness and exhibit list.

Subject to and without waiving any objections, the Debtors respond as follows: the Debtors will disclose their witnesses on the witness and exhibit list, which the Debtors will file in accordance with the Local Rules in advance of the Confirmation Hearing.

**INTERROGATORY NO. 9**:

**Identify each Cause of Action, Estate Claim or other claim or cause of action contemplated to be included in the Litigation Trust or the Litigation Trust Assets, and for each such claim or cause of action, state: (a) the nature and legal basis of the claim or cause of action; (b) the identity of each defendant or potential defendant; (c) the current status of any proceedings related thereto; and (d) the estimated value of the claim or cause of action.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it purports to impose obligations on the Debtors that conflict with the Scheduling Order. The Debtors will file witness declaration(s) and their witness and exhibit list consistent with the Scheduling Order and as appropriate under the timeline of these Chapter 11 Cases leading up to the Combined Hearing. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors also object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including as set forth in the Plan Supplement and Litigation Trust Agreement. The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

The Causes of Action, Estate Claims, and other claims or causes of action contemplated to be included in the Litigation Trust are identified in the Schedule of Retained Causes of Action (Plan Supplement Exhibit 1 [Dkt. 3046-1]) and the Litigation Trust Agreement (Plan Supplement Exhibit 4 [Dkt. 3046-4]); the Debtors refer Katsumi to those documents.  Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 10**:

**Describe with particularity the Debtors' forecasted duration or timeline to monetize each Cause of Action, Estate Claim, or other claim or cause of action to be included in the Litigation Trust or the Litigation Trust Assets, and for each such claim or cause of action, state: (a) the projected timeline for prosecution; (b) the forecasted amount of recoveries on such timeline; and (c) all assumptions underlying such forecasts.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling

basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 11**:

**Describe with particularity the Debtors' forecasted duration or timeline satisfy the First Return Threshold, the Second Return Threshold, and the Final Return Threshold, and for each such threshold, state all assumptions underlying such forecasts.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 12**:

**Identify each Administrative Expense Claim and Other Priority Claim to be satisfied prior to the Effective Date, and for each such claim, state: (a) the asserted amount of such claim; (b) the projected allowed amount of such claim; and (f) the Debtors' methodologies for estimating such allowed amount.**

**RESPONSE**:

22

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 13**:

**Describe with particularity whether the Special Committee (or any of its members) or the Debtors investigated whether any Prepetition Secured Parties or DIP Secured Parties engaged in prepetition conduct for which claims can be asserted against such parties, including: (a) the scope and nature of such investigation; (b) who conducted or directed such investigation; (c) the period of time covered by such investigation; (d) the conclusions reached; and (e) whether any claims were identified that could be asserted against such secured parties. If no such investigation was conducted, state the reasons why not.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense

23

privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors

and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this

Interrogatory as not proportionate to the discovery needs of the Confirmation Hearing including

because the information requested is irrelevant given the releases set forth and approved in the

*Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash*

*Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II)*

*Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay;*

*and (IV) Granting Related Relief* [Dkt. 608] (the "**Final DIP Order**").

**INTERROGATORY NO. 14**:

**Describe with particularity the Debtors' work and conclusions under applicable state law as to which Causes of Action, Estate Claims or other claims or causes of action may be transferred or contributed to the Litigation Trust or the Litigation Trust Assets, including (a) the specific state law analyses performed; (b) the identity of the professionals who performed such analyses; (c) the conclusions reached for each such claim or cause of action; and (d) any such claim or cause of action that the Debtors have determined cannot be transferred or foreclosed upon and the basis for such determination.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to

Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the

Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further

object to this Interrogatory on the grounds that it seeks a legal conclusion.  The Debtors further

object to this Interrogatory to the extent it seeks information protected by the attorney-client

privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense

privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors

and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this

Interrogatory as seeking information that is neither relevant nor proportionate to the discovery

needs of the Confirmation Hearing.  Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

**INTERROGATORY NO. 15**:

**Identify all uncollected prepetition receivables or invoices under the Third-Party Factoring arrangements for which the Debtors believe they have rights to obtain payment (without regard to whether such prepetition receivables were sold to a customer or third-party factor), including for each such receivable: (a) the receivable number; (b) the amount; (c) the date of the receivable; (d) the date payment was due; (e) any related credit memos; (f) the seller; (g) the account obligor; and (h) the number of days delinquent.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory as seeking information that is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing, and as overlapping with Interrogatory No. 5.  The Debtors further object to this Interrogatory to the extent it seeks information that is already in Katsumi's possession, custody, or control.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive non-privileged documents concerning the Third-Party Factoring arrangement that are within the Debtors' possession,

custody, or control and from which any non-privileged information requested by subparts (a) through (h) may be derived, to the extent such records exist.

**INTERROGATORY NO. 16**:

**Identify all Litigation Trust Class 1 Funding Contributors, and for each such contributor, state: (a) the name of the contributor; (b) the name and title of the representative communicating the commitment on behalf of each lender; (c) the amounts committed to fund by each contributor; (d) the terms and conditions of such funding commitment; (e) all documentary evidence supporting the fact that each contributor has committed to fund such amounts; and (f) the Debtors' assessment of, or concerns regarding, the risk of non-funding by any such contributor.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory to the extent it purports to require that the Debtors provide information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege, including with respect to subpart (f), "the Debtors' assessment of or concerns regarding the risk of non-funding." The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent subpart (b) seeks "the name and title of each representative communicating each commitment on behalf of each lender." The Debtors additionally object to this Interrogatory as seeking information that is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing, including with respect to the level of detail requested.

Subject to and without waiving any objections, the Debtors respond as follows: the Debtors do not currently know the identity of the Litigation Trust Class 1 Funding Contributors.

26

**INTERROGATORY NO. 17**:

Identify the total aggregate amount of anticipated fees and expenses of the DIP Collateral Trust.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory and as calling for speculation. The Debtors also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors additionally object to this Interrogatory to the extent it seeks information outside of the Debtors' possession, custody, or control. The Debtors further object to this Interrogatory as the information is not in the Debtors' possession, custody, or control. Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

**INTERROGATORY NO. 18**:

Identify the amount of Allowed DIP A Claims to be paid or satisfied from sources other than litigation recoveries, including: (a) the projected amounts and timing of such payments; and (c) the sources of repayment.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it purports to impose obligations on the Debtors that conflict with the Scheduling Order. The Debtors further object to this Interrogatory to the extent

27

it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  Subject to the foregoing objections, the Debtors are willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 19**:

**Identify the total aggregate amount of anticipated Professional Fee Claims to be incurred from the Conditional Disclosure Statement Hearing to the Confirmation Hearing, and for each Professional Fee Claim, state: (a) the Professional and (b) the estimated amount of such Professional's Professional Fee Claim.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory and as calling for speculation.  The Debtors further object to this Interrogatory to the extent it purports to impose obligations on the Debtors that are inconsistent with Section 2.3(e) of the Plan ("Professional Fee Claims") .  The Debtors additionally object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.  The Debtors also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including pursuant to the monthly fee statements and interim fee applications

28

filed on the docket in these Chapter 11 Cases.  The Debtors additionally object to this Interrogatory to the extent it seeks information outside of the Debtors' possession, custody, or control.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive non-privileged Documents and Communications concerning the total aggregate amount of anticipated Professional Fee Claims.

**INTERROGATORY NO. 20**:

**Identify the total aggregate amount of anticipated professional fees to be incurred under Section 2.3(e) of the Plan, including: (a) the professionals anticipated to incur such fees, (b) the estimated amount of fees to be incurred by each such professional, (c) any anticipated limitations on such compensation; and (d) the process for winding down professional engagements.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory and as calling for speculation.  The Debtors further object to this Interrogatory to the extent it purports to impose obligations on the Debtors that are inconsistent with Section 2.3(e) of the Plan ("Professional Fee Claims").  The Debtors additionally object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent it seeks information that is not relevant to the Combined Hearing.  The Debtors also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this

29

Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including pursuant to the monthly fee statements and interim fee applications filed on the docket in these Chapter 11 Cases.  The Debtors additionally object to this Interrogatory to the extent it seeks information outside of the Debtors' possession, custody, or control.  Subject to the foregoing objections, the Debtors will not respond to this Interrogatory and are willing to meet and confer.

**INTERROGATORY NO. 21**:

**Describe with particularity the Debtors' assessment of when the Effective Date is reasonably likely to occur, including (a) the factual and legal bases for such assessment and (b) the criteria by which the Debtors propose that failure be determined.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory to the extent it purports to require that the Debtors disclose their witnesses in advance of filing their witness and exhibit list.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling

basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 22**:

**Describe with particularity the Debtors' assessment of any Direct Creditor Claims that may be contributed to the Litigation Trust, including: (a) the identity of the holder of each such claim; (b) the estimated value of each such claim; and (c) the basis for such valuation.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory to the extent it purports to require that the Debtors disclose their witnesses in advance of filing their witness and exhibit list.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 23**:

**State the Debtors' intent with respect to all claims against non-debtor affiliates, including: (a) whether such claims will be transferred to the Litigation Trust; (b) during the pendency of the post-Confirmation period, who has exclusive rights over all claims**

31

**transferred to the Litigation Trust, including the right to determine whether to pursue, settle, or litigate such claims; and (c) the governance and oversight mechanisms applicable to the exercise of such rights.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.  The Debtors additionally object to this Interrogatory as vague and ambiguous with respect to the phrase "all claims against non-debtor affiliates."  The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.  The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving any objections, the Debtors respond as follows:  The scope of the Causes of Action transferred to the Litigation Trust, the exclusive rights over those claims during the post-Confirmation period, and the information requested by subparts (a)-(c) are set forth in the Plan and the Litigation Trust Agreement, filed as Exhibit 4 to the Plan Supplement (Dkt. 3046-4); the Debtors refer Katsumi to those documents.

**INTERROGATORY NO. 24**:

**Describe with particularity the Litigation Trust Backstop Commitments, including: (a) any commitment parties and (b) the amounts committed.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory to the extent it seeks information that is confidential or competitively sensitive or that is subject to the Protective Order.  The Debtors further object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including as set forth in the Litigation Trust Backstop Agreement filed as Exhibit 5 to the Plan Supplement (Dkt. 3046-5).  The Debtors further object to this Interrogatory as unduly burdensome and not proportionate to the discovery needs of the Confirmation Hearing to the extent it purports to require that the Debtors "describe with particularity" the details of the Litigation Trust Backstop Commitments, which is equally available to Katsumi.

Subject to and without waiving any objections, the Debtors respond as follows:  the Debtors refer Katsumi to the Litigation Trust Backstop Agreement, filed as Exhibit 5 to the Plan Supplement (Dkt. 3046-5), which sets forth the Litigation Trust Backstop Commitments, including the commitment parties requested by subpart (a) and the amounts committed requested by subpart (b).

33

Dated:   July 10, 2026
         Houston, Texas

/s/ Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson (2490024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Clifford.Carlson@weil.com

-and-

Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted pro hac vice)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Matt.Barr@weil.com
         Sunny.Singh@weil.com
         Robert.Berezin@weil.com
         Theodore.Tsekerides@weil.com
         Christine.Calabrese@weil.com

*Attorneys for Debtors and Debtors in Possession*

34

**VERIFICATION**

I, Charles M. Moore, am authorized to verify the Responses to Interrogatory Nos. 1 through 24 on behalf of the Debtors in the above-captioned cause of action.  I am the Chief Executive Officer of First Brands Group, LLC, and I have read Katsumi Servicing, LLC's Interrogatory Nos. 1 through 24, as well as the Debtors' responses thereto.  I either have personal knowledge that the matters stated herein are true, or I am informed and believe that such matters are true and on those grounds, certify that the same are true and correct.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States of America that the facts set forth in the Responses to Interrogatory Nos. 1 through 24 are true and correct.

Dated: July 10, 2026

/s / Charles M. Moore
Charles M. Moore

35

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2026, a true and correct copy of the foregoing document was served upon counsel of record via electronic mail.

/s/ *Christine A. Calabrese*
Christine A. Calabrese

36