**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**STIPULATION AND AGREED ORDER BETWEEN FBG DEBTORS AND PBGC**

This Stipulation and Order (this "**Stipulation and Agreed Order**") is entered into by and among (i) First Brands Group Holdings, LLC, First Brand Group Holdings, LLC's direct and indirect Debtor subsidiaries, and Viceroy Private Capital, LLC (collectively, the "**FBG Debtors**") and (ii) Pension Benefit Guaranty Corporation ("**PBGC**") (together with the FBG Debtors, the "**Parties**"). The Parties hereby stipulate and agree as follows:

**WHEREAS**, in September 2025, the FBG Debtors each commenced a case under chapter 11 case of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

**WHEREAS**, prior to the commencement of the chapter 11 cases, certain of the FBG Debtors sponsored and maintained single-employer defined benefit pension plans, including: (i) the Cardone Industries, Inc. Union Employees' Pension Plan (sponsored by Cardone Industries, Inc.); (ii) the Dalton Corporation, Warsaw Manufacturing Facility Pension Plan (sponsored by Dalton Corporation, Warsaw Manufacturing Facility); and (iii) the Retirement Plan for Bargaining

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Unit Employees of Fostoria and Greenville (sponsored by FRAM Group Operations, LLC) ((i) – (iii), collectively, the "**Pension Plans**");

**WHEREAS**, on June 12, 2026, the FBG Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 2981) (as may be amended from time to time, the "**Chapter 11 Plan**");[2]

**WHEREAS**, on June 12, 2026, the Parties executed that certain *PBGC Settlement Term Sheet* (the "**Term Sheet**"), which provides for, among other things, a consensual termination of the Pension Plans effective as of April 30, 2026 (the "**Trusteeship Agreements**"); and

**WHEREAS**, the Parties have entered into this Stipulation and Agreed Order as set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:**

1.    ***Entry Into Trusteeship Agreements***.  The entry into the Trusteeship Agreements by the applicable FBG Debtors is hereby approved and ratified.

2.    ***Allowance of PBGC Claims***.  PBGC's claims against the FBG Debtors in connection with the Pension Plans (collectively, the "**PBGC Claims**") hereby are allowed against each FBG Debtor as a General Unsecured Claim in the amount of $6,516,000 (the "**Allowed PBGC Claims**").  The Allowed PBGC Claims shall supersede and replace any proofs of claim filed by PBGC against the FBG Debtors with respect to the Pension Plans in the FBG Debtors' chapter 11 cases and the treatment of the Allowed PBGC Claims pursuant to the Chapter 11 Plan shall be in full and final satisfaction of the PBGC Claims, including the Allowed PBGC Claims.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Chapter 11 Plan.

PBGC shall be entitled to cast one aggregate ballot to vote the Allowed PBGC Claims against each FBG Debtor.  For the avoidance of doubt, nothing in this Stipulation and Agreed Order shall affect the liabilities related to the Peterson Spring Corporation Consolidated UAW Retirement Income Plan (the "**Peterson Plan**"), including any proofs of claim PBGC filed with respect to the Peterson Plan.

3.    *Release.*  PBGC hereby fully releases, remises, and forever completely discharges any and all Claims and Causes of Actions and any debts, obligations, rights, suits, damages, actions, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, in law, at equity or otherwise, in connection with the Pension Plans (including, but not limited to, any claims for the Pension Plans' (i) unfunded benefit liabilities, (ii) unpaid minimum required contributions, (iii) PBGC flat-rate and variable-rate premiums under ERISA Section 4006(a)(3), and (iv) PBGC termination premiums under ERISA Section 4006(a)(7) ((i) – (iv), collectively, the "**Pension Plan Claims**")), whether arising before or after the Effective Date, against all FBG Debtors (including the post-Effective Date FBG Debtors and any successors-in-interest to the FBG Debtors, including any liquidation or litigation trust under the Chapter 11 Plan or any purchaser of assets under section 363 of chapter 11 of the Bankruptcy Code); *provided* that, for the avoidance of doubt, the foregoing release shall not prohibit PBGC from receiving a distribution under the Chapter 11 Plan or through the FBG Debtors' bankruptcy cases on account of the Allowed PBGC Claims; *provided further* that all of PBGC's Pension Plan Claims against non-Debtor members of the FBG Debtors' controlled group shall remain in full force and effect and not impaired in any respect whatsoever.

4.    *Release Carve Out*.  Notwithstanding any provision in this Stipulation and Agreed Order, the Chapter 11 Plan, or the Confirmation Order to the contrary, no provision contained in

this Stipulation and Agreed Order, the Chapter 11 Plan, the Confirmation Order, the Bankruptcy Code (including section 1141 thereof), or any other document filed in the FBG Debtors' bankruptcy cases shall be construed as discharging, releasing, exculpating or relieving any Person (other than the FBG Debtors) from any fiduciary duties or liabilities under Title I of ERISA with respect to the Pension Plans.  PBGC and the Pension Plans shall not be enjoined or precluded from enforcing such fiduciary duties or liabilities under Title I of ERISA as a result of any of the provisions of the Chapter 11 Plan, the Confirmation Order, the Bankruptcy Code, or any other document filed in the FBG Debtors' bankruptcy cases.

5.      ***Preservation of Records***.  To the extent that, on the date the Confirmation Order is entered, PBGC has not yet become the trustee for a Pension Plan or if PBGC has not yet completed the transition of the Pension Plans to PBGC, then (i) the FBG Debtors shall transfer the documents and records necessary for the administration of the Pension Plans to the Wind Down Administrator; (ii) the Wind Down Administrator shall store and preserve such records for twelve (12) months after the date the Confirmation Order is entered; (iii) the Wind Down Administrator must provide at least sixty (60) days' notice to PBGC before disposing of such records; and (iv) the Wind Down Administrator shall, upon reasonable notice, make such documents available to PBGC for inspection and copying.  For the avoidance of doubt, following the transition of the Pension Plans to PBGC, including the transfer of the documents and records necessary for the administration of the Pension Plans to PBGC, neither the FBG Debtors nor the Wind Down Administrator shall have any obligation to store, preserve, or keep copies of any such documents or records.

6. Kroll Restructuring Administration LLC, as claims and noticing agent, is hereby authorized to update the claims register for these chapter 11 cases to reflect this Stipulation and Agreed Order.

7. The undersigned who executes this Stipulation and Agreed Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreed Order on behalf of such Party and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order. This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

8. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of each of the Parties or by further order of the Bankruptcy Court.

9. The Bankruptcy Court shall retain sole and exclusive jurisdiction over all matters related to this Stipulation and Agreed Order.

Dated: _____, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated:  July 17, 2026

 /s/  Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
            clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (*pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  matt.barr@weil.com
          sunny.singh@weil.com
          andriana.georgallas@weil.com
          kevin.bostel@weil.com
          jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

Dated:  July 17, 2026

 /s/   Erin C. Kim
**PENSION BENEFIT GUARANTY CORPORATION**
Jack Lund, General Counsel
Craig T. Fessenden, Deputy General Counsel
Erin C. Kim, Assistant General Counsel
(admitted *pro hac vice*)
Mai Lan G. Rogers, Attorney (admitted *pro hac vice*)
Faheem A. Mahmooth, Attorney (admitted *pro hac vice*)
445 12th Street, SW
Washington, DC 20024
Telephone:  (202) 229-3946
Email:  rodgers.mailan@pbgc.gov
          efile@pbgc.gov

*Attorneys for Pension Benefit Guaranty Corporation*

## CERTIFICATE OF SERVICE

I certify that on July 17, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson