IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-90399-CML** |
| | § | |
| **FIRST BRANDS GROUP, LLC., et al.** | § | |
| | § | |
| | § | **(Jointly Administered)** |
| **DEBTORS** | § | **CHAPTER 11 CASE** |

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

### APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

**GOLDSTAR WAREHOUSING, LTD.**, a "Claimant" and a "Landlord", and being a Texas Limited Partnership, and its affiliate **Loera Customs Brokerage, Inc**., a Texas Corporation and provider of leasehold services and file this "Application for Allowance and Payment of Administrative Expenses" ("Application") as creditors of the Debtor, **Carter Fuel Systems, LLC** a Tenant under several non-residential real estate leases, more specifically described hereinafter, requesting the allowance and payment of administrative expenses for post-petition accrued and unpaid leasehold rents and related

charges under §§365(d)(3) and 503(b) set forth herein, and in support thereof would show the following:

**JURISDICTION AND VENUE.**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the current Standing Order of Reference from the United States District Court for the Southern District of Texas. This is a "Core Proceeding" as defined by 28 U.S.C. §157(b). The statutory predicate for the relief requested is provided by §§ 365(d)(3) and 503(b) and 507 of Title 11, United States Code ("Code").Claimants confirms their consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue for this case and this Application in this District is proper under 28 U.S.C. §§1408 and 1409.

**PRELIMINARY STATEMENT.**

2. Claimant's claim relates to post-petition accrued and unpaid rent and charges for the described leased warehouse spaces and the unpaid invoices relating to the provision of bonded warehouse and distribution services to the Debtor tenant by Loera Customs Brokerage, Inc. ("Loera"). The bonded and unbonded goods and cargo delivered by Debtor to Claimant's warehouses and Loera's activities and services related to the loading and unloading and general warehouse services in its handling and storage of Debtor's bonded and unbonded cargo and goods are subject to the "Warehousing Service Agreement", dated September 15, 2016 entered into

3.   by Debtor and Loera ("Warehouse Charges"), and, along with the Loera "Terms and Conditions of Service" and in accordance with the regulations and required documentation of the United States Customs Service.

## BACKGROUND.

4.   Prepetition Claimant entered certain written Leases attached as **EXHIBITS-A 1-6** with the Debtor, Carter Fuel Systems, LLC, as Tenant, and the Claimant, as Landlord, leased the following:

a.   premises and improvements and fixtures thereon, located at 1325 N. Central Avenue, Brownsville, Cameron County, Texas, comprised of approximately 13,000 sq. ft. of warehouse space. A true and correct copy of the Lease is attached hereto and incorporated herein as **Exhibit-A-1.** The rent and Charges comprising the indebtedness accruing post-petition on the Debtor's foregoing described Lease account with

Claimant is not less than **$82,565.33**, exclusive of contractual interest, attorneys' fees and costs.; and

b.   premises and improvements and fixtures thereon, located at 1555 N. Central Avenue, Suite "B", Brownsville, Cameron County, Texas, comprised of approximately 31,250 sq. ft. of warehouse space. A true and correct copy of the Lease is attached hereto and incorporated herein as **Exhibit-A-2.** The rent and Charges comprising the indebtedness accruing post-petition on the Debtor's foregoing described Lease account with Claimant is not less than **$117,045.12**, exclusive of contractual interest, attorneys' fees and costs.; and

c.   premises and improvements and fixtures thereon, located at 1555 N. Central Avenue, Suite "C", Brownsville, Cameron County, Texas, comprised of approximately 31,250 sq. ft. of warehouse space. A true and correct copy of

the Lease is attached hereto and incorporated herein as **Exhibit-A-3.** The rent and Charges comprising the indebtedness accruing post-petition on the Debtor's foregoing described Lease account with Claimant is not less than **$121,638.88**, exclusive of contractual interest, attorneys' fees and costs.; and

d.    premises and improvements and fixtures thereon, located at 5925 E. 14th St., Suite "B", Brownsville, Cameron County, Texas, comprised of approximately 32,500 sq. ft. of warehouse space. A true and correct copy of the Lease is attached hereto; and incorporated herein as **Exhibit-A-4.** The rent and Charges comprising the indebtedness    accruing post-petition on the Debtor's foregoing described Lease account with Claimant is not less than **$145,140.11**, exclusive of contractual interest, attorneys' fees and costs.; and

e.    premises and improvements and fixtures thereon, located at 5925 E. 14th St., Suite "C", Brownsville, Cameron County, Texas, comprised of approximately 32,500 sq. ft. of warehouse space. A separate Lease for Suite "C" was not executed between Claimant and Debtor and the parties essentially performed the terms and their respective obligations in accordance with those terms of the Lease on Suite "B" and in accordance with the terms contained in the "Warehousing Service Agreement" and the Loera "Terms and Conditions of Service" described hereinafter. The rent and Charges comprising the indebtedness **Exhibit-A-5** accruing post-petition on the Debtor's foregoing described Lease account with Claimant is not less than **$127,733.76,**, exclusive of contractual interest, attorneys' fees and costs.; and

f.    premises and improvements and fixtures thereon, located at 4601 Jaime J.

<u>Zapata, Brownsville, Cameron County, Texas</u>, comprised of approximately 57,025 sq. ft. of warehouse space. A true and correct copy of the Lease is attached hereto and incorporated herein as **Exhibit-A-6.**; The rent and Charges comprising the indebtedness accruing post-petition on the Debtor's foregoing described Lease account with Claimant is not less than **$243,766.54**, exclusive of contractual interest, attorneys' fees and costs.;

g.  In support of the Debtor's use, occupancy and conducting business on the Leasehold premises, Debtor had previously entered into a "Warehousing Service Agreement" dated September 15, 2016 with the Landlord's affiliate Loera Customs Brokerage, Inc. ("Loera"). Loera agreed to furnish Debtor with utilities, and certain goods, materials, supplies, machinery, moving equipment, and other services and labor in connection with the Debtor's business conducted on the Premises located at 5925 E. 14th St., Suite "C", <u>Brownsville, Cameron County, Texas</u>, comprised of approximately 32,500 sq. ft. of warehouse space. A true and correct copy of the Warehousing Service Agreement is attached hereto and incorporated herein as **Exhibit--1**. The Loera "Terms and Conditions of Service" were also applicable to the business relationship between the Debtor and the Landlord and Loera which is attached hereto and incorporated herein as **Exhibit--2.** Detail of the charges comprising the indebtedness accruing post-petition on the Debtor's foregoing described agreement and account with Claimant is not less than **$221,714.85**, exclusive of contractual interest, attorneys' fees and costs and is attached hereto as **Exhibit-3**.; and

5. The rent and charges comprising the indebtedness accruing post-petition on the Debtor's foregoing described Lease accounts and agreements with Claimants is not less than **$837,889.74**, owed to Claimant Goldstar, and, not less than **$221,714.85** owed to Claimant Loera, exclusive of contractual interest, attorneys' fees and costs. Claimant Loera's claim is secured by the liens created in favor of Landlord Goldstar and Loera by the Leases and agreements comprising **Exhibit - 1** and **Exhibit -2** and those liens created in favor of Landlord and Loera  by the Texas Property Code and the lien provided by the Texas Constitution and other applicable laws.

## BASIS FOR RELIEF.

6. The Bankruptcy Code generally provides administrative priority to claims for "the actual, necessary costs and expenses of preserving the estate," including wages, salaries, or commissions for services rendered after the commencement of the case. *See* 11 U.S.C.§ 503(b)(1)(A). Section 365(d)(3) of the Code, however, which is relevant to the instant case because it involves an unexpired non-residential lease and provides in pertinent part that "[t]he trustee shall timely perform all the obligations of the debtor, ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." Judge Marvin Isgur in this District acknowledged in In re Simbaki, Ltd., 2015 WL 1593888 (Bankr. S. D. Tex. April 6, 2015) that the caselaw relating to the application of §365(d)(3) follows three different approaches, being, (1.) the Majority Approach, and (2.) a Minority

Approach, and (3.) the **_Midway_** Approach fashioned by the Fourth Circuit Court of Appeals in *CIT Commc'n Fin. Corp. v. Midway Airlines Corp.(In re Midway Airlines Corp.)*, 406 F.3d 229 (4th Cir. 2005). The **_Midway_** approach classifies the unpaid post-petition rent as an

"administrative expense claim under.§503(b), [but not] under the specific provision of.§503(b)(1)(A)." Id. at 236.  Judge Isgur concluded that "[b]y classifying unpaid rent owed under §365(d)(3) as a §503(b) administrative claim independent of §503(b)(1)(A), a landlord need not show that the rent provided a reasonable benefit to the estate." In re Simbaki at P. 7.

7.      Claimant has established that the Debtor has breached the Lease with Claimant Landlord by  its continued occupancy of the leased premises but its failure to pay rent coming due under the terms of the Leases for the period beginning from the Petition date, including "Stub Rent", through May of 2026 which is within the time period required in §365(d)(3). Having established the §365(d)(3) grounds, Claimant asserts it is entitled to  an  allowed administrative claim under 503(b), provided, however by applicable case law, Claimant is not burdened with having to show the bankruptcy estate received a benefit as required by 503(b)(1). See *In re  Imperial Beverage Group LLC*, 457 B.R. 490, 498  (N.D. Tex. 2011). (Noting the majority of cases hold ". . . that §365(d)(3) gives the Landlord an automatic administrative expense claim for the post-petition lease obligations that arise while the debtor decides to assume or reject the lease."). The landlord under an unexpired lease of non-residential real property is entitled to an administrative expense claim for unpaid post-petition lease obligations that occur before the lease is rejected  but need not establish the "benefit to the estate" factor which is otherwise required  for a claim to be accorded administrative status under §503(b)(1)(A) of the Code. See *In re  Imperial Beverage Group*

*LLC*, 457 B.R. 490, 498-499  (N.D. Tex. 2011); *In re Amber Stores, Inc.*, 193 B.R. 819, 825 (Bankr. N. D. Tex. 1996). *In re Twigland Fashions, Inc*., 198 B.R. 199, 201 (W. D. Tex. 1996). Accordingly, pursuant to §365(d)(3) grounds and §§503(b) and 507(a)(1)  of the Code, landlord Goldstar Warehousing Ltd. and its affiliate Loera Customs Brokerage, Inc. are entitled to payment of  accrued and unpaid rents and charges arising post-petition under its leases with the Debtor, Carter Fuel Systems, LLC,  as  administrative expenses.

## RESERVATION OF RIGHTS

8.    Claimants do not intend to waive and hereby do not waive any rights they may otherwise assert    against the Debtor with respect to services provided or use provided to Debtors regarding the leasehold after the Effective Date of any Plan(s) of Debtors.  Claimants reserve all of their respective rights to amend and/or supplement their  Claims  asserted in this Application as the circumstances may require.

## NOTICE

9.    Claimant is providing notice of this Application to: (i) the United States Trustee; (ii) the Debtors; (iii) the counsel for the Debtor; (iv) and  all parties registered to receive notice through the Court's CM/ECF System which includes the United States Trustee and counsel for the Creditor's Committee and counsel for the Debtors and others. Claimant submits that, in light of the nature of the relief requested by this Application, no other or further notice need be given.

## NO PRIOR REQUEST

10.    No previous request for the relief sought herein has been made to this or any other court.

11.  **Proposed Order.** A Proposed Order is attached to this Application.

**CONCLUSION AND PRAYER**

Based on the reasons set forth herein, Claimant respectfully requests that the Court enter the **Proposed Order**, substantially in the form attached hereto, granting the allowance and payment of the Claimant Goldstar Warehousing, Ltd. claim in the amount of **$837,889.74**, pursuant to §365(d)(3) grounds and §§503(b) and 507(C)(2) of the Code, and granting the allowance and payment of the Claimant Loera Custom Brokerage, Inc.  claim in the amount of **$221,714.85** pursuant to §365(d)(3) grounds and §§503(b) and 507(C)(2) of the Code, and that the Court grant Claimants such other and further relief, at law or in equity, to which Claimants may each show itself to be justly entitled.

Dated; July 18, 2026.

**LAW OFFICES OF JOHN WALLIS HARRIS**
514 Thelma Drive
San Antonio, Texas 78212-2455
(210) 365-3006
E-Mail: jwharris@johnwharrislaw.com

**By /s/ John W. Harris**
John W. Harris
State Bar No. 09074300
Southern District Bar No. 7937
**Co-Counsel for Goldstar Warehousing, Ltd. and Loera Customs Brokerage, Inc.**

**CERTIFICATE OF ACCURACY**

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2026 a true and correct copy of the foregoing Application was served upon all parties receiving service via the Court's electronic case filing system (CM/ECF), including the Debtor and Debtor's counsel and the United States Trustee and counsel for the Creditor's Committee.

*/s/ John W. Harris*
**John W. Harris**

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-90399-CML |
| | § | |
| FIRST BRANDS GROUP, LLC., et al. | § | |
| | § | |
| | § | (Jointly Administered) |
| DEBTORS | § | CHAPTER 11 CASE |

**ORDER GRANTING APPLICATION FOR ALLOWANCE AND FOR PAYMENT OF ADMINISTRATIVE EXPENSES OF GOLDSTAR WAREHOUSING LTD.AND ITS AFFILIATE LOERA CUSTOMS BROKERAGE, INC**

On this day came to be considered the "Application for Allowance and Payment of Administrative Expenses of Goldstar Warehousing, Ltd and its Affiliate Loera Customs Brokerage, Inc.." ("Application") filed by Goldstar Warehousing, Ltd. and its affiliate Loera Customs Brokerage, Inc.("Claimants") and the Court having considered the Application, and having found that sufficient Notice and opportunity to object to the Application has been provided to the creditors and parties in interest under the circumstances, and that any objections to the Application have been withdrawn or overruled,

IT IS THEREFORE ORDERED that the relief requested by the Application is hereby approved and Granted as provided herein; and

IT IS ORDERED that Goldstar Warehousing Ltd. is hereby awarded the sum of $**837,889.74** as an allowed administrative claim pursuant to §§365(d) and 503(a) and 507(a)(1) under Title 11, United States Code; and

IT IS ORDERED that Loera Customs Brokerage, Inc.is hereby awarded the sum of $**221,714.85** as an allowed administrative claim pursuant to §§365(d) and 503(a) and 507(a)(1) under Title 11, United States Code; and

IT IS ORDERED that this Order is effective upon entry and the Debtors are hereby authorized and directed to pay the sum of $**837,889.74**, to Goldstar Warehousing, Ltd. and to pay the sum of $**221,714.85** to Loera Custom Brokerage, Inc. on the next business date immediately following the date of entry of this Order on the Docket for this case notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and

IT IS ORDERED that the Court retains jurisdiction over the matters arising from or related to the implementation, interpretation, or enforcement of this order.

Signed: July ___ , 2026.

                                        _____

Christopher M. Lopez
United States Bankruptcy Judge