United States Bankruptcy Court
Southern District of Texas

**ENTERED**
January 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |

**AGREED MEDIATION ORDER
APPOINTING JUDGE MARVIN ISGUR AS MEDIATOR**

**WHEREAS**, on September 24, 2025, Global Assets LLC and 12 of the Debtors in the above-captioned chapter 11 cases each filed with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with this Court a voluntary case under chapter 11 of the Bankruptcy Code;

**WHEREAS**, the Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas;

**WHEREAS** on October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket No. 313) (the "**Creditors' Committee**");

**WHEREAS**, on November 7, 2025, the Court entered the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting*

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**DEBTORS' EXHIBIT NO. 1
Page 1 of 5**

*Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608) (the "**Final DIP Order**");[2]

**WHEREAS**, various disputes have arisen during the chapter 11 cases with respect to, among other things, purported security and ownership interests in assets of the Debtors, inter-Debtor and other intercompany disputes, funding for the chapter 11 cases, and resolution of the chapter 11 cases; and

**WHEREAS**, the Debtors (including, for the avoidance of doubt, Viceroy Private Capital, LLC ("**Viceroy**"), Eagle Casting Holdings, LLC, Carnaby Capital Holdings, LLC ("**Carnaby**"), and each of Carnaby's Debtor subsidiaries), Benjamin Duster, in his capacity as independent manager of Viceroy (the "**SPV Independent Manager**"), the Ad Hoc Group, the ABL Lenders, and the Creditors' Committee have agreed to participate in mediation to attempt to resolve all such disputes among such parties on the terms and conditions set forth herein.

Upon agreement of the Parties, **IT IS HEREBY ORDERED THAT:**

1. The Debtors, the SPV Independent Manager, the Ad Hoc Group, the ABL Lenders, and the Creditors' Committee (collectively, with any other parties who agree to participate in the Mediation with the foregoing entities' and the Mediator's consent, the "**Parties**") shall participate before the Honorable Marvin Isgur, United States Bankruptcy Judge for the Southern District of Texas (the "**Mediator**"), in non-binding mediation conferences or mediation

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms under the Final DIP Order.

**DEBTORS' EXHIBIT NO. 1**

**Page 2 of 5**

sessions as the Mediator deems appropriate to attempt to resolve any issues among the Parties (the "**Mediation**").

2.      The Mediation shall terminate on the earlier of (a) the date on which the Mediator determines that the Mediation has terminated (and advises the Parties of such determination); (b) February 13, 2026 (unless such date is extended with consent of the Parties and the Mediator); (c) the date any Party files a Challenge (as defined in the Final DIP Order); (d) the date any Party files a motion to convert the chapter 11 case of any Debtor to chapter 7; and (e) the date any chapter 11 case of a Debtor converts to chapter 7.

3.      One or more principals for each Party that have settlement authority, as well as lead counsel for each Party, shall attend, or otherwise be accessible telephonically during, the Mediation and such other conferences as the Mediator deems appropriate.  Co-counsel, investment bankers, and financial advisors may also participate in the Mediation.  Any additional participants in the Mediation shall become subject to all of the provisions of this Order.

4.      The Mediator is authorized to mediate such issues between the Parties as he determines appropriate in these cases or as otherwise agreed among the Parties.

5.      The Mediator has absolute discretion as to the Parties, timing, means, and methods of the Mediation; *provided* that the Mediation shall be non-binding and no mediation or other position papers shall be required of any Party.

6.      The Mediator shall mediate these cases in his capacity as a United States Bankruptcy Judge and shall have full, unqualified judicial immunity in his role as the Mediator.

7.      The Mediator may not be called as a witness in this or any other proceeding concerning his role as the Mediator in these cases, or concerning these chapter 11 cases.

**DEBTORS' EXHIBIT NO. 1**
**Page 3 of 5**

8.    The Mediation will be considered confidential settlement discussions pursuant to Rule 408 of the Federal Rules of Evidence made applicable by Federal Rules of Bankruptcy Procedure 9017 and any equivalent or comparable state law.  Any (a) discussions among the Parties, including discussions with or in the presence of the Mediator; (b) mediation statements or any other documents or information provided to the Mediator or the Parties in the course of the Mediation; (c) correspondence, draft resolutions produced in connection with, or as a result of, the Mediation; and (d) offers and counteroffers ((a) through (d), collectively, the "Mediation Information"), shall be (i) strictly confidential; (ii) subject to disclosure only to the Mediator and the Parties to which the Mediation Information is provided; (iii) not constitute a waiver of any existing privileges or immunities or otherwise adversely affect the privileged nature of such information (even if such privileged information is produced during the Mediation); and (iv) not be admissible, discoverable or otherwise used for any purpose in any proceeding outside of the Mediation, including any judicial or administrative proceeding.  No person, including counsel, shall in any way disclose to any person not expressly permitted to see Mediation Information under this Order or to any court, including, without limitation, in any pleading or other submission to any court, any such Mediation Information, unless all Parties to the Mediation consent to disclosure.  The confidentiality provisions in this paragraph 9 shall not prevent a Party from using or disclosing materials and information it has created (with exclusively its own information) in any way it sees fit (subject to other applicable law) and does not prevent the use or disclosure of materials and information that is a matter of public knowledge, provided that the material and information did not become public knowledge through an act or omission of a Party other than the Party who created it.  For the avoidance of doubt, any communications and submissions in connection with the Mediation may be designated "for advisors' eyes only" (or

4

**DEBTORS' EXHIBIT NO. 1**
**Page 4 of 5**

other similar designation) without prejudice to the rights of any Party to object to or challenge such designation.

9.      The Parties, the Mediator, and all participants in the Mediation shall protect proprietary information.

10.      The Mediation shall be subject to paragraphs 48–57 of the Procedures for Complex Cases in the Southern District of Texas; *provided* that nothing herein shall alter, modify, or otherwise prejudice or impair any of the Parties' rights or obligations under any pre-existing confidentiality agreements or protective orders, all of which shall remain in full force and effect.

11.      The Parties and their respective counsel shall participate in the Mediation in good faith and comply with all directions issued by the Mediator.

12.      This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  January 29, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

5

**DEBTORS' EXHIBIT NO. 1**
**Page 5 of 5**