**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § § | **Case No. 25-90399 (CML)** |
| | § § § | |
| **Debtors.**[1] | § § | **(Jointly Administered)** |
| ------------------------------------------------------ | § | |

**DEBTORS' RESPONSES AND OBJECTIONS TO LAM PARTIES'
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and other applicable law, First Brands Group LLC and its debtor affiliates ("**the Debtors**") by and through their undersigned counsel, hereby submits these responses and objections (the "**Responses**," and each specific response and objection, a "**Response**") to the *LAM Parties' First Request For Production Of Documents*, dated June 17, 2026 (the "**Requests**," and each specific request for admission, a "**Request**") issued by the LAM Parties (as defined in the Requests).  The Debtors expressly reserve their rights to supplement, modify, revise, or correct the Responses herein at any time in accordance with the applicable rules.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

## RESERVATION OF RIGHTS

1. With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.

2. The Debtors submit the Responses subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any Response herein or materials produced in response to any Request; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests, the Responses, or documents produced in response to the Requests; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity, and (d) the right to revise, correct, supplement, or clarify the Responses herein at any time.

3. The Responses are made pursuant to and subject to the General Objections, Objections to Definitions, Objections to Instructions, and Specific Responses and Objections set forth herein. The Debtors do not waive, and expressly preserve, all available objections.

4. The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests. By responding and objecting to the Requests or producing documents in response to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand, subpoena, request, action, or any other case brought by the LAM Parties or any other party.

5. Any document produced by the Debtors in response to the Requests does not constitute an admission or acknowledgement that any such Request is proper, that the information sought is relevant or admissible in any proceeding, or that requests for similar information will be

2

treated in a similar fashion.  Whether the Debtors have produced documents or responded to any particular Request should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Request.

6. None of the Responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents responsive to any Request.  The Debtors do not represent that any responsive documents exist in response to any particular Request, but rather that they will undertake a reasonably diligent search across a reasonable universe of documents and produce non-privileged documents responsive to the Request (if any).

7. The Debtors do not waive, and hereby assert and preserve, all applicable privileges and protections, including the attorney-client privilege, attorney-work-product doctrine, and any other applicable privilege or immunity.

8. Any document produced by the Debtors in response to the Requests is produced pursuant to, and shall be subject to, the terms of the Protective Order (ECF No. 408) entered in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

## GENERAL OBJECTIONS

1. These General Objections are applicable to the Requests in their entirety and are incorporated into each specific Response as if fully repeated therein.  The Objections to Definitions and Objections to Instructions shall likewise apply equally to any definition, instruction, or Request that incorporates that definition or instruction.  The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

2. The Debtors object to the Requests insofar as they are overbroad, unduly burdensome, vague, ambiguous, redundant, harassing, or oppressive.  The Debtors further object to the Requests to the extent they seek the production of information that is neither relevant nor

3

proportionate to the discovery needs of these Chapter 11 Cases, including with respect to confirmation of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Dkt. No. 2981) (the "**Plan**"). The Debtors additionally object to the Requests to the extent they seek documents and communications that the Debtors have already produced to the LAM Parties or their counsel in connection with these Chapter 11 Cases.

3. The Debtors object to the Requests insofar as they seek the production of "all" or "any" documents and communications on the grounds that it is impracticable, overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases.

4. The Debtors object to the Requests to the extent that they call for the production of documents not within the Debtors' possession, custody, or control, or for the production of documents not obtainable by means of a reasonably diligent search proportionate to the discovery needs of these Chapter 11 Cases.

5. The Debtors object to the Requests to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work-product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; (d) the mediation privilege, and/or (e) any other applicable privilege, protection, or immunity from discovery. The Debtors reserve the right to redact any material covered by items (a) through (e) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

6. The Debtors object to the Requests to the extent they call for the production of documents and the disclosure of information protected by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364).

4

7. If the Debtors disclose any privileged information pursuant to the Requests, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege, rule, doctrine, immunity, or other protection.

8. The Debtors object to the Requests to the extent that any Request may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third party. The Debtors further object to the Requests to the extent they call for the production of documents or information covered by a non-disclosure agreement or other contract barring dissemination.

9. The Debtors object to the Requests to the extent that they require any disclosure that may constitute a violation of any law or regulation.

10. The Debtors object to the Requests to the extent they seek information that is already in the possession, custody, or control of the LAM Parties and/or information that is in the public domain. The Debtors further object to the Requests to the extent they seek information that is not kept by the Debtors in the ordinary course of business including, but not limited to, data compilations.

11. The Debtors object to the Requests to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed. The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Responses and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Requests.

12. The Debtors object to the Requests, including without limitation, the Definitions and Instructions contained therein, to the extent they purport to impose on the Debtors any

5

requirement or obligation greater than, different from, or otherwise inconsistent with those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

13.     The following Responses are made solely for the purpose of the Chapter 11 Cases and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

14.     The Debtors object to the Requests to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response.

15.     The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement the Responses to the Requests.

## OBJECTIONS TO DEFINITIONS

1.     The Debtors object to the Definitions to the extent they purport to extend beyond a reasonable scope, define words beyond their ordinary meaning, and/or impose obligations beyond those contained in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.  The Debtors will interpret the Requests reasonably and in good faith in accordance with common English usage and the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in the Plan.

2.     The Debtors object to Definition No. 5 ("Chapter 11 Cases") as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases as the defined

term purports to include "the cases under Chapter 7 of the Bankruptcy Code for the Evolution SPV Debtors" and "any Adversary Proceedings filed in connection with such Chapter 11 Cases."

3. The Debtors object to Definition No. 6 ("Communications") as overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent such term purports to include "any recorded oral or written communication of any kind." The Debtors further object to Definition No. 6 to the extent that it purports to include the production of Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

4. The Debtors object to Definition No. 10 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "employees, managers, officers, directors, agents, subsidiaries, special purpose vehicles, and affiliates, including the Evolution SPV Debtors." The Debtors will interpret "Debtors" as referring to First Brands Group, LLC and its debtor affiliates in these Chapter 11 Cases. A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Claims and Noticing Agent as detailed herein at footnote 1.

5. The Debtors object to Definition No. 22 ("including") as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to impose discovery obligations beyond those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery.

7

6.        The Debtors object to Definition No. 29 ("You" or "Your") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "employees, managers, officers, directors, agents, subsidiaries, and special purpose vehicles."  The Debtors will interpret "You" and "Your" as referring to the Debtors in these Chapter 11 Cases.

## **OBJECTIONS TO INSTRUCTIONS**

1.        The Debtors object to the Instructions to the extent they purport to impose on the Debtors any obligation different from and/or broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery.

2.        The Debtors object to Instruction No. 1 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control.  The Debtors further object to Instruction No. 1 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors.  The Debtors also object to Instruction No. 1 to the extent it calls for the production of "all" responsive Documents, which is overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases.

3.        The Debtors object to Instruction No. 2 to the extent it purports to impose on the Debtors obligations to perform anything more than a reasonable search for responsive Documents and information.  The Debtors further object to Instruction No. 2 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

**DEBTORS' EXHIBIT NO. 16**
**Page 8 of 26**

4.      The Debtors object to Instruction No. 3 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control.  The Debtors further object to Instruction No. 3 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors.  The Debtors further object to Instruction No. 3 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors broadly produce all Communications.  The Debtors further object to Instruction No. 3 to the extent it purports to require the production of Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  Subject to the Specific Responses and Objections set forth herein, where applicable, the Debtors will conduct a reasonable search for responsive Communications across a limited set of relevant custodians.

5.      The Debtors object to Instruction No. 4 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or which are otherwise protected from disclosure.  The Debtors further object to Instruction No. 4 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing, and extent of discovery.  The Debtors finally object to Instruction No. 4 as unduly burdensome and not proportionate to the discovery needs of these Chapter 11 Cases.

6.      The Debtors object to Instruction No. 5 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.  The Debtors further object to Instruction No. 5 as vague, ambiguous, overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases.

7.      The Debtors object to Instruction No. 7 to the extent it purports to impose on the Debtors obligations to perform anything more than a reasonable search for responsive Documents and information.  The Debtors further object to Instruction No. 7 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.  The Debtors further object to Instruction No. 7 to the extent it purports to require the production of Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1**:

**All transcripts of any deposition (including exhibits thereto) taken in connection with the Chapter 11 Cases or any Adversary Proceeding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including because the Request broadly seeks all

10

**DEBTORS' EXHIBIT NO. 16**
**Page 10 of 26**

deposition transcripts and exhibits without regard to relevance.  The Debtors further object to this Request to the extent it seeks information outside the Debtors' possession, custody, or control.  The Debtors additionally object to this Request to the extent it seeks confidential or highly confidential information.  The Debtors also object to this Request as seeking information that is otherwise available to the LAM Parties.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request that the Debtors are reasonably able to identify and collect.

**REQUEST FOR PRODUCTION NO. 2**:

**All responses to interrogatories or requests for admission (including all documents referenced therein or identified pursuant to Fed. R. Civ. P. Rule 33(d)) provided by any of the Debtors in connection with the Chapter 11 Cases or any Adversary Proceeding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it seeks "all responses to interrogatories or requests for admission" and "all documents referenced therein," without regard to relevance to confirmation of the Plan.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3**:

**Copies of all Documents the Debtors have produced to any party in connection with the Chapter 11 Cases or any Adversary Proceeding.**

11

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including because the Request broadly seeks "all Documents the Debtors have produced to any party" without regard to relevance to confirmation of the Plan. The Debtors also object to this request as duplicative to the extent this Request seeks Documents already produced by the Debtors to the LAM Parties or their counsel in connection with these Chapter 11 Cases. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 4**:

**Unredacted copies of all filings in the Chapter 11 Cases and any Adversary Proceedings to the extent such filings were made under seal and are not publicly available on the court's docket.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it seeks Documents not relevant to confirmation of the Plan. The Debtors further object to this Request to the extent it purports to

require that the Debtors produce unredacted copies of filings in the Chapter 11 Cases and Adversary Proceedings filed under seal by another party such that the disclosure of sealed information is not within the Debtors' control.

Subject to and without waiving any objections, the Debtors are willing to meet and confer with the LAM Parties regarding this Request.

**REQUEST FOR PRODUCTION NO. 5**:

**All Documents and Communications provided to or exchanged with the Examiner or the Examiner's professionals in connection with the Chapter 11 Cases or any Adversary Proceeding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks documents and information not relevant to confirmation of the Plan and seeks "all" Documents and Communications responsive to this Request. The Debtors further object to this Request as seeking Documents and Communications expressly protected from disclosure by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364). The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 6**:

**All Documents and Communications exchanged among You and the Ad Hoc Group (or any of its members), the Creditors' Committee (or any of its members), or the ABL Lenders relating to the Premier Marketing Group Plan, the Premier Marketing Group Global Settlement, the Estate Claims Credit Bid Transaction, the Plan, or the Plan Settlement. The Documents and Communications responsive to this request include all communications relating to any terms or aspects of those plans, settlements or transactions, as well as all communications reflecting negotiations of those plans, settlements or transactions.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request as vague and ambiguous regarding the meaning of "relating to any terms or aspects of those plans, settlements or transactions," which is also overbroad and unduly burdensome. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 7**:

**All Documents and Communications exchanged between You and Gerard Uzzi of Uzzi & Lall.**

14

**DEBTORS' EXHIBIT NO. 16**
**Page 14 of 26**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8**:

**All Documents and Communications relating to "Adverse Conduct" as defined in the Plan, including any and all Communications relating to any assessment or conclusion regarding which persons or entities engaged in "Adverse Conduct."**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common

15

interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**:

**All Documents and Communications relating to substantive consolidation in connection with the Plan, including any and all Communications relating to any consideration of consolidating any Debtors for particular purposes, and any and all Communications relating to consolidation for purposes of any defenses to preference or other avoidance actions (in connection with the Preference Settlement as defined in the Plan or otherwise).**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**:

**All Documents and Communications relating to the Preference Settlement as defined in the Plan, including any and all Communications relating to eligibility to participate in the settlement.**

16

**DEBTORS' EXHIBIT NO. 16**
**Page 16 of 26**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 11**:

**All Documents relating to the schedule of Specified Non-Released Parties in the Plan Supplement, including any and all Communications regarding the composition of the schedule and determinations regarding which persons or entities are included in the schedule.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents not relevant to confirmation of the Plan and seeks "all" Documents.  The Debtors additionally object to this Request to the extent it seeks Documents protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed*

17

*Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12**:

**All Documents and Communications relating to the Estate Claims Marketing Process, including (i) all diligence materials provided to any potential bidders, prospective bidders, bidders, or other participants, including all Documents in the "data room"; (ii) all indications of interest received from any prospective bidder; (iii) all bids received; (iv) all indications of interest for any Estate Claims being sold; (v) all "teaser" materials or other information used to solicit potential or prospective bidders; (vi) any Documents or Communications provided to the Ad Hoc Group or the participants in the Estate Claims Credit Bid in connection with the Estate Claims; and (vii) any Documents or Communications exchanged with any potential bidder, prospective bidders, or other participants. This Request expressly encompasses any Documents and Communications provided to or exchanged with the Ad Hoc Group or other participants in the Estate Claims Marketing Process that are in any way connected to the Estate Claims Credit Bid Transaction or the Estate Claims.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

18

**REQUEST FOR PRODUCTION NO. 13**:

**All Documents and Communications relating to the Estate Claims Credit Bid Transaction.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 14**:

**All Documents and Communications relating to the "causes of action" and "transactions" referenced by Charles M. Moore as described at Pages 24-25 and 131-132 of the transcript of the Conditional Disclosure Statement Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and

19

Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15**:

**All Documents and Communications reviewed by or relied upon by Charles M. Moore in connection with reviewing and signing the Plan, the Disclosure Statement, or any declaration submitted in connection therewith, or in connection with providing testimony at the Conditional Disclosure Statement Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are willing to meet and confer with the LAM Parties regarding this request.

**REQUEST FOR PRODUCTION NO. 16**:

**All Documents and Communications relating to the Special Committee Investigation (as defined in the Disclosure Statement).**

20

**DEBTORS' EXHIBIT NO. 16**
**Page 20 of 26**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 17**:

**All Documents and Communications relating to, reflecting, or forming the basis for the Debtors' conclusion that "Based on the FBG Debtors' reasonable estimates, the FBG Debtors are estimating that the Effective Date is reasonably likely to occur in the second half of 2028, although the Effective Date may reasonably or in fact occur earlier or later than the second half of 2028." (Disclosure Statement at 27.)**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents

21

and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 18**:

**All Communications between You and the Ad Hoc Group (or any of its members) or the DIP Secured Parties (or any of those parties) between September 11, 2025 and September 28, 2025.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Communications not relevant to confirmation of the Plan and seeks "all" Communications. The Debtors additionally object to this Request to the extent it seeks Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are willing to meet and confer with the LAM Parties regarding this Request.

**REQUEST FOR PRODUCTION NO. 19**:

**All Documents and Communications produced to any other Entity in connection with the Confirmation Hearing or the Conditional Disclosure Statement Hearing.**

22

**DEBTORS' EXHIBIT NO. 16**
**Page 22 of 26**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any documents produced to date responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20**:

**All Documents and Communications on which the Debtors intend to rely at the Confirmation Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as premature to the extent it purports to require that the Debtors produce the documentary evidence on which the Debtors intend to rely in connection with the Confirmation Hearing in advance of the applicable deadlines. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the

23

*Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will provide Documents and Communications responsive to this request on their witness and exhibit list to be filed in connection with the Confirmation Hearing.

**REQUEST FOR PRODUCTION NO. 21**:

**All Documents and Communications on which any witness called by the Debtors has relied on or will rely on in connection with any testimony relating to the Confirmation Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as premature to the extent it purports to require that the Debtors produce the documentary evidence on which the Debtors intend to rely in connection with the Confirmation Hearing in advance of the applicable deadlines.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will provide Documents and Communications responsive to this request on their witness and exhibit list to be filed in connection with the Confirmation Hearing.

**DEBTORS' EXHIBIT NO. 16**
**Page 24 of 26**

Dated:  July 1, 2026
       Houston, Texas

*Clifford W. Carlson*

**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson (2490024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:    Clifford.Carlson@weil.com


-and-


Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted *pro hac vice*)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Email:    Matt.Barr@weil.com
       Sunny.Singh@weil.com
       Robert.Berezin@weil.com
       Theodore.Tsekerides@weil.com
       Christine.Calabrese@weil.com

*Attorneys for Debtors and Debtors in Possession*

25

## CERTIFICATE OF SERVICE

I hereby certify that, on July 1, 2026, the foregoing was served upon counsel for the LAM Parties via electronic mail.

*Christine A. Calabrese*
Christine A. Calabrese