**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § § | **Case No. 25-90399 (CML)** |
|  | § § | **(Jointly Administered)** |
| **Debtors.[1]** | § § |  |

**DEBTORS' RESPONSES AND OBJECTIONS TO KATSUMI SERVICING, LLC'S
FIRST SET OF INTERROGATORIES TO FIRST BRANDS
IN CONNECTION WITH THE PLAN AND DISCLOSURE STATEMENT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") through Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and other applicable law, First Brands Group, LLC and its debtor affiliates (collectively, the "**Debtors**"), by and through their undersigned counsel, hereby submit these responses and objections (the "**Responses**," and each specific response and objection, a "**Response**") to Katsumi Servicing, LLC's ("**Katsumi**") First Set of Interrogatories to First Brands in Connection with the Plan and Disclosure Statement, dated June 22, 2026 (the "**Interrogatories**," and each specific interrogatory, an "**Interrogatory**"). The Debtors expressly reserve their right to supplement, modify, revise, or correct the Responses herein at any time in accordance with the applicable rules.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

# RESERVATION OF RIGHTS

1.      With all of their rights expressly reserved, the Debtors respond to the Interrogatories in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.  The following Responses are made for the sole purpose of the above-captioned proceeding.

2.      The Debtors submit the Responses subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein or materials produced in response to any Interrogatory; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Interrogatories, the Responses, or documents produced in response to the Interrogatories; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity, and (d) the right to revise, correct, supplement, or clarify the Responses at any time.

3.      The Responses are made pursuant to and subject to the General Objections, Objections to Definitions, Objections to Instructions, and Specific Responses and Objections set forth herein.  The Debtors do not waive, and expressly preserve, all available objections.

4.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Interrogatories.  By producing documents (if any) in response to the Interrogatories, the Debtors do not intend to waive, and do not waive, any defenses to the Interrogatories or any other demand, subpoena, request, or action.

5.      Any document produced by the Debtors in response to the Interrogatories does not constitute an admission or acknowledgement that any such Interrogatory is proper, that the

2

information sought is relevant or admissible in any proceeding, or that requests for similar information will be treated in a similar fashion. Whether the Debtors have produced documents or objected to any particular Interrogatory should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Interrogatory.

6. None of the Responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents or information responsive to any Interrogatory unless expressly stated.

7. The Debtors do not waive, and hereby assert and preserve, all applicable privileges and protections, including the attorney-client privilege, attorney-work-product doctrine, and any other applicable privilege or immunity.

8. Any documents that the Debtors may produce in response to the Interrogatories are produced pursuant to, and shall be subject to, the terms of the *Agreed Protective Order* (Dkt. 408) (the "**Protective Order**") entered in the Chapter 11 Cases.

## GENERAL OBJECTIONS

1. These General Objections are applicable to the Interrogatories in their entirety and are incorporated into each specific Response as if fully repeated therein. The Objections to Definitions and Objections to Instructions shall likewise apply equally to any instruction, definition, or Interrogatory that incorporates that instruction or definition. The Debtors reserve the right to assert additional objections to the Interrogatories as necessary and/or appropriate.

2. The Debtors object to the Interrogatories insofar as they are overbroad, unduly burdensome, vague, ambiguous, redundant, harassing, or oppressive. The Debtors further object to the Interrogatories as seeking information that is neither relevant nor proportionate to the discovery needs of the combined hearing detailed in the Scheduling Order (the "**Confirmation**

3

**Hearing**"), including with respect to confirmation of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Dkt. 3019] (the "**Plan**") and approval of the related *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Dkt. 3020] (the "**Disclosure Statement**").

3.      The Debtors object to the Interrogatories insofar as they seek the information contained in, or the production of, "all" or "any" Documents and Communications on the grounds that it is impracticable, overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.

4.      The Debtors object to the Interrogatories to the extent that they call for the production of documents not within the Debtors' possession, custody, or control, or for the production of documents not obtainable by means of a reasonably diligent search proportional to the discovery needs for litigating the confirmation of the Plan.

5.      The Debtors object to the Interrogatories to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work-product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; (d) the mediation privilege; and/or (e) any other applicable privilege, protection, or immunity from discovery.  The Debtors reserve the right to redact any material covered by items (a) through (e) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

6.      If the Debtors disclose any privileged information pursuant to the Interrogatories, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege, rule, doctrine, immunity, or other protection.

**DEBTORS' EXHIBIT NO. 18**
**Page 4 of 36**

7.      The Debtors object to the Interrogatories to the extent that any Interrogatory may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third party.  The Debtors further object to the Interrogatories to the extent they call for the production of Documents or information covered by a non-disclosure agreement, confidentiality agreement, protective order, or other contract barring or limiting dissemination.

8.      The Debtors object to the Interrogatories to the extent that any Interrogatory may be construed as seeking the disclosure of information covered by the Protective Order.

9.      The Debtors object to the Interrogatories to the extent that they require any disclosure that may constitute a violation of any law or regulation.

10.      The Debtors object to the Interrogatories to the extent they seek information that is already in the possession, custody, or control of Katsumi and/or information that is in the public domain.  The Debtors further object to the Interrogatories to the extent they seek information that is not kept by the Debtors in the ordinary course of business.  And the Debtors object to the Interrogatories to the extent they purport to seek the creation of Documents or data compilations that are not created and/or are kept in the Debtors' ordinary course of business.

11.      The Debtors object to the Interrogatories to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed.  The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Debtors' responses, objections, and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Interrogatories.

12.     The Debtors object to the Interrogatories to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response.

13.     The Debtors object to the Interrogatories, including the instructions and definitions contained therein, to the extent that they purport to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

14.     Any response to the Interrogatories is made solely for the purpose of this contested matter and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

15.     The Debtors hereby object and respond to the Interrogatories to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement the Responses to the Interrogatories.

16.     The Debtors object to the Interrogatories, and to the Instructions, to the extent they purport to require information or document production on a timeline that is not established by, and that is inconsistent with, the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing Preference Settlement Notice and Opt-In Procedures, (VI) Establishing Notice and Objection Procedures for Confirmation of Plan, and (VII) Granting Related Relief* [Dkt. 2990] (the "**Scheduling Order**"), the Federal Rules, the Bankruptcy Rules, and the Local Rules, including to the extent the Interrogatories purport to require that verified answers be served by July 9, 2026.

17.     The Debtors further object to the Interrogatories, and to the Instructions, to the extent they are not proportionate to the discovery needs of the Confirmation Hearing.

18.     The Debtors object to the Interrogatories to the extent they seek the disclosure of mediation information protected by the *Agreed Mediation Orders* [Dkt. Nos. 1822, 2005, 2186]. The Debtors will not produce any such mediation information.

19.     The Debtors respond to the Interrogatories solely on behalf of the Debtors and debtors in possession in the above-captioned chapter 11 cases, and will produce responsive, non-privileged Documents within the Debtors' possession, custody, or control.  Notwithstanding the definition of "Debtors," "You," and "Your," the Debtors do not respond on behalf of, and do not purport to speak for, the estates of any SPV Debtors whose chapter 11 cases have been converted to cases under chapter 7 or any chapter 7 trustee therefor, the Examiner, the Creditors' Committee, the DIP Secured Parties, the ABL Secured Parties, the Ad Hoc Group, or any other Person, each of which is a separate party in interest, and the Debtors do not undertake to produce Documents within the possession, custody, or control of any such separate party that are not also within the Debtors' possession, custody, or control.

20.     Where the Debtors state in a Response that they will produce Documents, or will answer by producing documents pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive, non-privileged Documents within their possession, custody, or control as described in that Response, and, except as expressly stated therein, are withholding from production Documents responsive to that Interrogatory on the basis of the objections asserted herein.

21.     The Debtors also object to these Interrogatories to the extent they purport to impose any additional burden of proof on the Debtors.

**DEBTORS' EXHIBIT NO. 18**
**Page 7 of 36**

22.     The verification of these Interrogatories provided by Charles M. Moore excludes any purely legal issues, including analyses related to privilege and the legal interpretation of the Plan.

## OBJECTIONS TO INSTRUCTIONS

1.     The Debtors object to the Instructions to the extent they purport to impose on the Debtors any obligation different from and/or broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law, or court orders governing the proper scope, timing, and extent of discovery in connection with confirmation of the Plan.

2.     The Debtors object to Instruction No. 1 (defining the "Relevant Period" as September 1, 2025 through the present) as overbroad, unduly burdensome, and disproportionate to the discovery needs for litigating the confirmation of the Plan to the extent it purports to require responses covering a period that is not relevant or proportionate to confirmation of the Plan, and the Debtors further object to any Interrogatory that purports to seek information predating the Relevant Period, including Interrogatory No. 6, which purports to reach back to January 1, 2023.

3.     The Debtors object to Instruction No. 2 to the extent it purports to impose any requirement greater than or different from those required under Rule 33 of the Federal Rules. Subject to and without waiving their objections, the Debtors will serve verified answers in accordance with Rule 33 of the Federal Rules.

4.     The Debtors object to Instruction No. 3 to the extent it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, and the Local Rules, including any obligation to describe efforts to obtain information beyond what those rules require.

8

5. The Debtors object to Instruction No. 5 to the extent it purports to require the Debtors to identify withheld information or to provide a privilege log or other showing greater than or different from that required by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable orders of the Court, including with respect to information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, or the joint defense privilege.

6. The Debtors object to Instruction No. 6 to the extent it purports to impose requirements greater than or different from those permitted under Rule 33(d) of the Federal Rules. The Debtors reserve the right to answer any Interrogatory by specifying and producing business records in accordance with Rule 33(d) of the Federal Rules.

7. The Debtors object to Instruction No. 8 (construing "and" and "or" disjunctively or conjunctively, and as broadly as necessary) as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to expand the scope of any Interrogatory beyond what is relevant and proportionate to confirmation of the Plan.

8. The Debtors object to Instruction No. 9 to the extent it purports to impose any continuing or supplemental obligation greater than or different from that provided for under Rule 26(e) of the Federal Rules.

## OBJECTIONS TO DEFINITIONS

1. The Debtors object to the Definitions to the extent they purport to extend beyond a reasonable scope and/or the natural meaning of the terms defined therein. The Debtors will interpret the Interrogatories reasonably and in good faith in accordance with common English usage and the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules,

9

case law, or court orders governing the proper scope, timing, and extent of discovery in connection with confirmation of the Plan.

2.      The Debtors object to Definition No. 6 ("Communications") as overbroad, unduly burdensome, vague, ambiguous, and disproportionate to the discovery needs for litigating the confirmation of the Plan, and to the extent it purports to encompass Communications protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege, protection, or immunity from discovery.

3.      The Debtors object to Definition No. 9 ("Chapter 11 Cases") as overbroad and disproportionate to the discovery needs for litigating the confirmation of the Plan to the extent it purports to encompass the chapter 7 cases of the Evolution SPV Debtors and any Adversary Proceedings, and thereby to seek information concerning matters and parties on whose behalf the Debtors do not respond and that are not within the Debtors' possession, custody, or control.

4.      The Debtors object to Definition No. 10 (defining "concerning," "referencing," "regarding," "reflecting," "relating to," and "in connection with") and Definition No. 26 (defining "including") as overbroad, unduly burdensome, vague, and ambiguous to the extent they purport to impose discovery obligations beyond those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law, or court orders governing the proper scope, timing, and extent of discovery in connection with confirmation of the Plan.

5.      The Debtors object to Definition No. 13 ("Debtors"), Definition No. 24 ("First Brands"), Definition No. 43 ("You" or "Your"), and Definition No. 31 ("Person") as overbroad, unduly burdensome, vague, and ambiguous, and as disproportionate to the discovery needs for litigating the confirmation of the Plan, to the extent they purport to encompass employees,

10

managers, officers, directors, agents, representatives, subsidiaries, special purpose vehicles, non-debtor affiliates, or any other Person purporting to act on behalf of any such party, and thereby purport to require the Debtors to search for or provide information or Documents that are not within the Debtors' possession, custody, or control, including the information and Documents of separately represented parties. As set forth in the General Objections, the Debtors respond solely on behalf of the FBG Debtors and debtors in possession in these chapter 11 cases.

6.      The Debtors object to Definition No. 33 ("Plan") and Definition No. 16 ("Disclosure Statement") to the extent they refer to and incorporate superseded versions of those documents. The operative Plan is the Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors [Dkt. 3019] (the "Plan"), and the operative disclosure statement is the related Disclosure Statement [Dkt. 3020] (the "Disclosure Statement"), and the Debtors respond to the Interrogatories by reference to those operative documents, as each may be further amended, supplemented, or otherwise modified.

7.      The Debtors object to Definition No. 17 ("Documents") as overbroad, unduly burdensome, and disproportionate to the discovery needs for litigating the confirmation of the Plan, including to the extent it purports to require the identification or production of drafts, non-identical copies, notes, work papers, and similar materials, and to the extent it purports to include materials that are publicly available, protected from disclosure, or not within the Debtors' possession, custody, or control.

### SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

**Identify each Person who participated in, was consulted regarding, or has knowledge of the negotiation, drafting, or formulation of the Plan, the Plan Settlement, the Premier Marketing Group Plan, or the Premier Marketing Group Global Settlement, including each such Person's role and the subject matter of such Person's knowledge.**

11

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as overbroad and unduly burdensome because it purports to require that the Debtors identify "*each Person*," which is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing.  The Debtors further object to this Interrogatory as vague and ambiguous to the extent it refers to the "Premier Marketing Group Plan" and the "Premier Marketing Group Global Settlement," which the Interrogatories define by reference to a separate plan document and which are not the Plan or the Plan Settlement that are the subject of these Interrogatories.  The Debtors further object to this Interrogatory on the grounds that it seeks information protected by the mediation privilege, including in seeking "each Person's role and the subject matter of such Person's knowledge."  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege, protection, or immunity from discovery.  Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

**INTERROGATORY NO. 2**:

**Identify each Person who participated in, was consulted regarding, or has knowledge of the Estate Claims Marketing Process, including the role of each such Person and the dates of such Person's involvement.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as overbroad and unduly burdensome because it purports to

12

require that the Debtors identify "*each Person*," which is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege, including to the extent it purports to require that the Debtors provide "the role of each such Person and the dates of such Person's involvement."

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive non-privileged Documents and Communications concerning the Estate Claims Marketing Process from which non-privileged responsive information may be derived.

**INTERROGATORY NO. 3**:

**Identify each Person or Entity that First Brands contends engaged in Adverse Conduct, and for each such Person or Entity, describe with particularity: (a) the specific conduct that constitutes Adverse Conduct; (b) the date(s) on which such conduct occurred; (c) how and when First Brands became aware of such conduct; and (d) any investigation or analysis undertaken by First Brands or its professionals to assess whether such conduct constitutes Adverse Conduct.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this

13

Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent it purports to require that the Debtors "describe with particularity" the information requested in subparts (a)-(d).  The Debtors further object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi.  The Debtors also object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including because the definition of Adverse Conduct, in connection with the Specified Non-Released Parties, must be "determined by a Final Order of the Bankruptcy Court." The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: information responsive to this Interrogatory can be determined by reviewing the adversary proceedings that the Debtors have filed in connection with these Chapter 11 Cases and the Specified Non-Released Parties Schedule (Plan Supplement Exhibit 8 [Dkt. 3046-8]).  In addition, Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter.  In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 4**:

**Identify each Cause of Action, Estate Claim or other claim or cause of action to be included in, contributed to, or otherwise retained for inclusion in the Litigation Trust or the Litigation Trust Assets, and for each such Cause of Action, Estate Claim or other claim or cause of action, state: (a) the nature and legal basis of the claim; (b) the parties against whom the claim may be asserted; (c) the estimated value of the claim; (d) the methodology used to arrive at such valuation; and (e) the Person(s) who performed or directed such valuation.**

14

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors additionally object to this Interrogatory to the extent it seeks information that is publicly available. For example, the Causes of Action, Estate Claims, and other claims and causes of action to be transferred to, contributed to, or retained for the Litigation Trust are identified in the Schedule of Retained Causes of Action (Plan Supplement Exhibit 1 [Dkt. 3046-1]), which preserves such claims on a non-exclusive basis pursuant to section 1123(b)(3) of the Bankruptcy Code, and in the Litigation Trust Agreement (Plan Supplement Exhibit 4 [Dkt. 3046-4]). The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: the Causes of Action, Estate Claims, and other claims and causes of action to be transferred to, contributed to, or retained for the Litigation Trust are identified in the Schedule of Retained Causes of Action (Plan Supplement Exhibit 1 [Dkt. 3046-1]), which preserves such claims on a non-exclusive basis pursuant to section 1123(b)(3) of the Bankruptcy Code, and in the Litigation Trust Agreement (Plan Supplement Exhibit 4 [Dkt. 3046-4]). Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials

underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 5**:

**Identify all outstanding receivables or invoices that remain uncollected and are related to any Third-Party Factoring arrangement, including: (a) the identity of each obligor; (b) the amount outstanding; (c) the current status of collection efforts; and (d) the Debtors' assessment of the collectability of such receivables.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as seeking information that is overbroad, unduly burdensome, and neither relevant nor proportionate to the discovery needs of the Confirmation Hearing.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors also object to this Interrogatory to the extent it seeks information that is more appropriate to seek through a different discovery mechanism.  The Debtors further object to this Interrogatory to the extent it seeks information that is not in the Debtors' possession, custody, or control and/or already in Katsumi's possession, custody, or control.  The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive non-privileged documents concerning the Third-Party Factoring arrangement that are within the Debtors' possession,

16

custody, or control and from which any non-privileged information requested by subparts (a) through (d) may be derived, to the extent such records exist and can be discovered without undue burden.

**INTERROGATORY NO. 6**:

**Describe with particularity how proceeds from the purchase of receivables by Katsumi and the other Factors were used, distributed, or applied by First Brands or its prepetition management (or any Entities controlled by prepetition management) from January 1, 2023 through the Petition Date, including the identity of each Debtor and non-Debtor entity whose obligations such proceeds were applied to, used for, directed to, or expended on.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as seeking information that is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing, including because it seeks a prepetition tracing of the use of factoring proceeds that is not relevant to the Combined Hearing or confirmation of the Plan. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege, including any tracing analysis performed by the Debtors or their advisors. The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and as seeking information that is, in part, already in Katsumi's possession, custody, or control.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules and subject to the Protective Order, the Debtors will produce non-privileged summaries tracing the use of factoring proceeds. The Debtors further refer Katsumi

17

**DEBTORS' EXHIBIT NO. 18**
**Page 17 of 36**

to the Plan and the Disclosure Statement, including the description of the Debtors' prepetition factoring and other off-balance-sheet financing arrangements set forth in the Disclosure Statement. In addition, Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter.  In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 7**:

**Describe the criteria, methodology, and process used to determine which Persons are included on the schedule of Specified Non-Released Parties, including: (a) who made such determinations; (b) when such determinations were made; (c) the factual basis for including each Person on such schedule; and (d) whether any Person was considered for inclusion but ultimately excluded, and if so, the basis for such exclusion.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as seeking information protected the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.  The Debtors further object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including as set forth in the Plan and the Schedule of Specified Non-Released Parties.  The Debtors further

object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: the Schedule of Specified Non-Released Parties was prepared by the Debtors and their advisors, in consultation with the Ad Hoc Group and the Creditors' Committee, pursuant to the common interest and mediation privileges. All Documents and Communications concerning the development of the Schedule of Specified Non-Released Parties are protected by privilege, including as attorney work product and/or pursuant to the mediation privilege and/or common interest privilege.

**INTERROGATORY NO. 8**:

**Identify each witness the Debtors intend to call at the Confirmation Hearing, and for each such witness, state: (a) the subject matter of the expected testimony; (b) the witness's relationship to the Debtors; and (c) all Documents and Communications on which such witness has relied or will rely in connection with such testimony.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors further object to this Interrogatory to the extent it purports to require that the Debtors disclose their witnesses in advance of filing their witness and exhibit list.

Subject to and without waiving any objections, the Debtors respond as follows: the Debtors will disclose their witnesses on the witness and exhibit list, which the Debtors will file in accordance with the Local Rules in advance of the Confirmation Hearing.

**INTERROGATORY NO. 9**:

**Identify each Cause of Action, Estate Claim or other claim or cause of action contemplated to be included in the Litigation Trust or the Litigation Trust Assets, and for each such claim or cause of action, state: (a) the nature and legal basis of the claim or cause of action; (b) the identity of each defendant or potential defendant; (c) the current status of any proceedings related thereto; and (d) the estimated value of the claim or cause of action.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it purports to impose obligations on the Debtors that conflict with the Scheduling Order. The Debtors will file witness declaration(s) and their witness and exhibit list consistent with the Scheduling Order and as appropriate under the timeline of these Chapter 11 Cases leading up to the Combined Hearing. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors also object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including as set forth in the Plan Supplement and Litigation Trust Agreement. The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

20

**DEBTORS' EXHIBIT NO. 18**
**Page 20 of 36**

The Causes of Action, Estate Claims, and other claims or causes of action contemplated to be included in the Litigation Trust are identified in the Schedule of Retained Causes of Action (Plan Supplement Exhibit 1 [Dkt. 3046-1]) and the Litigation Trust Agreement (Plan Supplement Exhibit 4 [Dkt. 3046-4]); the Debtors refer Katsumi to those documents.  Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 10**:

**Describe with particularity the Debtors' forecasted duration or timeline to monetize each Cause of Action, Estate Claim, or other claim or cause of action to be included in the Litigation Trust or the Litigation Trust Assets, and for each such claim or cause of action, state: (a) the projected timeline for prosecution; (b) the forecasted amount of recoveries on such timeline; and (c) all assumptions underlying such forecasts.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling

21

basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 11**:

**Describe with particularity the Debtors' forecasted duration or timeline satisfy the First Return Threshold, the Second Return Threshold, and the Final Return Threshold, and for each such threshold, state all assumptions underlying such forecasts.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 12**:

**Identify each Administrative Expense Claim and Other Priority Claim to be satisfied prior to the Effective Date, and for each such claim, state: (a) the asserted amount of such claim; (b) the projected allowed amount of such claim; and (f) the Debtors' methodologies for estimating such allowed amount.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 13**:

**Describe with particularity whether the Special Committee (or any of its members) or the Debtors investigated whether any Prepetition Secured Parties or DIP Secured Parties engaged in prepetition conduct for which claims can be asserted against such parties, including: (a) the scope and nature of such investigation; (b) who conducted or directed such investigation; (c) the period of time covered by such investigation; (d) the conclusions reached; and (e) whether any claims were identified that could be asserted against such secured parties.  If no such investigation was conducted, state the reasons why not.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense

**DEBTORS' EXHIBIT NO. 18**
**Page 23 of 36**

privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as not proportionate to the discovery needs of the Confirmation Hearing including because the information requested is irrelevant given the releases set forth and approved in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Dkt. 608] (the "**Final DIP Order**").

**INTERROGATORY NO. 14**:

**Describe with particularity the Debtors' work and conclusions under applicable state law as to which Causes of Action, Estate Claims or other claims or causes of action may be transferred or contributed to the Litigation Trust or the Litigation Trust Assets, including (a) the specific state law analyses performed; (b) the identity of the professionals who performed such analyses; (c) the conclusions reached for each such claim or cause of action; and (d) any such claim or cause of action that the Debtors have determined cannot be transferred or foreclosed upon and the basis for such determination.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory on the grounds that it seeks a legal conclusion.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as seeking information that is neither relevant nor proportionate to the discovery

needs of the Confirmation Hearing.  Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

**INTERROGATORY NO. 15**:

Identify all uncollected prepetition receivables or invoices under the Third-Party Factoring arrangements for which the Debtors believe they have rights to obtain payment (without regard to whether such prepetition receivables were sold to a customer or third-party factor), including for each such receivable: (a) the receivable number; (b) the amount; (c) the date of the receivable; (d) the date payment was due; (e) any related credit memos; (f) the seller; (g) the account obligor; and (h) the number of days delinquent.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory as seeking information that is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing, and as overlapping with Interrogatory No. 5.  The Debtors further object to this Interrogatory to the extent it seeks information that is already in Katsumi's possession, custody, or control.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive non-privileged documents concerning the Third-Party Factoring arrangement that are within the Debtors' possession,

25

custody, or control and from which any non-privileged information requested by subparts (a) through (h) may be derived, to the extent such records exist.

**INTERROGATORY NO. 16**:

**Identify all Litigation Trust Class 1 Funding Contributors, and for each such contributor, state: (a) the name of the contributor; (b) the name and title of the representative communicating the commitment on behalf of each lender; (c) the amounts committed to fund by each contributor; (d) the terms and conditions of such funding commitment; (e) all documentary evidence supporting the fact that each contributor has committed to fund such amounts; and (f) the Debtors' assessment of, or concerns regarding, the risk of non-funding by any such contributor.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory to the extent it purports to require that the Debtors provide information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege, including with respect to subpart (f), "the Debtors' assessment of or concerns regarding the risk of non-funding." The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent subpart (b) seeks "the name and title of each representative communicating each commitment on behalf of each lender." The Debtors additionally object to this Interrogatory as seeking information that is neither relevant nor proportionate to the discovery needs of the Confirmation Hearing, including with respect to the level of detail requested.

Subject to and without waiving any objections, the Debtors respond as follows: the Debtors do not currently know the identity of the Litigation Trust Class 1 Funding Contributors.

26

**INTERROGATORY NO. 17**:

Identify the total aggregate amount of anticipated fees and expenses of the DIP Collateral Trust.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory and as calling for speculation.   The Debtors also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.   The Debtors additionally object to this Interrogatory to the extent it seeks information outside of the Debtors' possession, custody, or control.   The Debtors further object to this Interrogatory as the information is not in the Debtors' possession, custody, or control.   Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

**INTERROGATORY NO. 18**:

Identify the amount of Allowed DIP A Claims to be paid or satisfied from sources other than litigation recoveries, including: (a) the projected amounts and timing of such payments; and (c) the sources of repayment.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.   The Debtors further object to this Interrogatory to the extent it purports to impose obligations on the Debtors that conflict with the Scheduling Order.   The Debtors further object to this Interrogatory to the extent

27

it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  Subject to the foregoing objections, the Debtors are willing to meet and confer regarding this Interrogatory.

**INTERROGATORY NO. 19**:

> **Identify the total aggregate amount of anticipated Professional Fee Claims to be incurred from the Conditional Disclosure Statement Hearing to the Confirmation Hearing, and for each Professional Fee Claim, state: (a) the Professional and (b) the estimated amount of such Professional's Professional Fee Claim.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory and as calling for speculation.  The Debtors further object to this Interrogatory to the extent it purports to impose obligations on the Debtors that are inconsistent with Section 2.3(e) of the Plan ("Professional Fee Claims") .  The Debtors additionally object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.  The Debtors also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including pursuant to the monthly fee statements and interim fee applications

28

filed on the docket in these Chapter 11 Cases. The Debtors additionally object to this Interrogatory to the extent it seeks information outside of the Debtors' possession, custody, or control.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive non-privileged Documents and Communications concerning the total aggregate amount of anticipated Professional Fee Claims.

**INTERROGATORY NO. 20**:

**Identify the total aggregate amount of anticipated professional fees to be incurred under Section 2.3(e) of the Plan, including: (a) the professionals anticipated to incur such fees, (b) the estimated amount of fees to be incurred by each such professional, (c) any anticipated limitations on such compensation; and (d) the process for winding down professional engagements.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory and as calling for speculation. The Debtors further object to this Interrogatory to the extent it purports to impose obligations on the Debtors that are inconsistent with Section 2.3(e) of the Plan ("Professional Fee Claims"). The Debtors additionally object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent it seeks information that is not relevant to the Combined Hearing. The Debtors also object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors further object to this

Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including pursuant to the monthly fee statements and interim fee applications filed on the docket in these Chapter 11 Cases.  The Debtors additionally object to this Interrogatory to the extent it seeks information outside of the Debtors' possession, custody, or control.  Subject to the foregoing objections, the Debtors will not respond to this Interrogatory and are willing to meet and confer.

**INTERROGATORY NO. 21**:

**Describe with particularity the Debtors' assessment of when the Effective Date is reasonably likely to occur, including (a) the factual and legal bases for such assessment and (b) the criteria by which the Debtors propose that failure be determined.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory to the extent it purports to require that the Debtors disclose their witnesses in advance of filing their witness and exhibit list.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling

30

basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 22**:

**Describe with particularity the Debtors' assessment of any Direct Creditor Claims that may be contributed to the Litigation Trust, including: (a) the identity of the holder of each such claim; (b) the estimated value of each such claim; and (c) the basis for such valuation.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors further object to this Interrogatory to the extent it purports to require that the Debtors disclose their witnesses in advance of filing their witness and exhibit list.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter. In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 23**:

**State the Debtors' intent with respect to all claims against non-debtor affiliates, including: (a) whether such claims will be transferred to the Litigation Trust; (b) during the pendency of the post-Confirmation period, who has exclusive rights over all claims**

31

**DEBTORS' EXHIBIT NO. 18**
**Page 31 of 36**

transferred to the Litigation Trust, including the right to determine whether to pursue, settle, or litigate such claims; and (c) the governance and oversight mechanisms applicable to the exercise of such rights.

RESPONSE:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors further object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing. The Debtors additionally object to this Interrogatory as vague and ambiguous with respect to the phrase "all claims against non-debtor affiliates." The Debtors further object to this Interrogatory as containing multiple discrete subparts that should be counted as separate interrogatories. The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving any objections, the Debtors respond as follows: The scope of the Causes of Action transferred to the Litigation Trust, the exclusive rights over those claims during the post-Confirmation period, and the information requested by subparts (a)-(c) are set forth in the Plan and the Litigation Trust Agreement, filed as Exhibit 4 to the Plan Supplement (Dkt. 3046-4); the Debtors refer Katsumi to those documents.

INTERROGATORY NO. 24:

Describe with particularity the Litigation Trust Backstop Commitments, including: (a) any commitment parties and (b) the amounts committed.

32

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory to the extent it seeks information that is confidential or competitively sensitive or that is subject to the Protective Order. The Debtors further object to this Interrogatory to the extent it seeks information that is a matter of public record or otherwise equally available to Katsumi, including as set forth in the Litigation Trust Backstop Agreement filed as Exhibit 5 to the Plan Supplement (Dkt. 3046-5). The Debtors further object to this Interrogatory as unduly burdensome and not proportionate to the discovery needs of the Confirmation Hearing to the extent it purports to require that the Debtors "describe with particularity" the details of the Litigation Trust Backstop Commitments, which is equally available to Katsumi.

Subject to and without waiving any objections, the Debtors respond as follows: the Debtors refer Katsumi to the Litigation Trust Backstop Agreement, filed as Exhibit 5 to the Plan Supplement (Dkt. 3046-5), which sets forth the Litigation Trust Backstop Commitments, including the commitment parties requested by subpart (a) and the amounts committed requested by subpart (b).

33

Dated:   July 10, 2026
          Houston, Texas

/s/ Clifford W. Carlson
**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson (2490024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:    Clifford.Carlson@weil.com


-and-

Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted pro hac vice)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Email:    Matt.Barr@weil.com
          Sunny.Singh@weil.com
          Robert.Berezin@weil.com
          Theodore.Tsekerides@weil.com
          Christine.Calabrese@weil.com


*Attorneys for Debtors and Debtors in Possession*

## VERIFICATION

I, Charles M. Moore, am authorized to verify the Responses to Interrogatory Nos. 1 through 24 on behalf of the Debtors in the above-captioned cause of action.  I am the Chief Executive Officer of First Brands Group, LLC, and I have read Katsumi Servicing, LLC's Interrogatory Nos. 1 through 24, as well as the Debtors' responses thereto.  I either have personal knowledge that the matters stated herein are true, or I am informed and believe that such matters are true and on those grounds, certify that the same are true and correct.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States of America that the facts set forth in the Responses to Interrogatory Nos. 1 through 24 are true and correct.


Dated: July 10, 2026


*/s / Charles M. Moore*
Charles M. Moore

35

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2026, a true and correct copy of the foregoing document was served upon counsel of record via electronic mail.

/s/ *Christine A. Calabrese*
Christine A. Calabrese

**DEBTORS' EXHIBIT NO. 18**
**Page 36 of 36**