**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § § § | **Case No. 25-90399 (CML)** |
| | § § § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**DEBTORS' RESPONSES AND OBJECTIONS TO KATSUMI SERVICING, LLC'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned proceeding by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and other applicable law, First Brands Group LLC and its debtor affiliates ("**the Debtors**") by and through their undersigned counsel, hereby submits these responses and objections (the "**Responses**," and each specific response and objection, a "**Response**") to *Katsumi Servicing, LLC's First Request for Production of Documents From First Brands In Connection with the Plan and Disclosure Statement*, dated June 22, 2026 (the "**Requests**," and each specific request for documents, a "**Request**") issued by Katsumi (as defined in the Requests). The Debtors expressly reserve their rights to supplement, modify, revise, or correct the Responses herein at any time in accordance with the applicable rules.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

## RESERVATION OF RIGHTS

1.      With all of their rights expressly reserved, the Debtors respond to the Requests in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.

2.      The Debtors submit the Responses subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any Response herein or materials produced in response to any Request; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Requests, the Responses, or documents produced in response to the Requests; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity, and (d) the right to revise, correct, supplement, or clarify the Responses herein at any time.

3.      The Responses are made pursuant to and subject to the General Objections, Objections to Definitions, Objections to Instructions, and Specific Responses and Objections set forth herein.  The Debtors do not waive, and expressly preserve, all available objections.

4.      The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Requests.  By responding and objecting to the Requests or producing documents in response to the Requests, the Debtors do not intend to waive, and do not waive, any defenses to the Requests or any other demand, subpoena, request, action, or any other case brought by Katsumi or any other party.

5.      Any document produced by the Debtors in response to the Requests does not constitute an admission or acknowledgement that any such Request is proper, that the information sought is relevant or admissible in any proceeding, or that requests for similar information will be

2

treated in a similar fashion.  Whether the Debtors have produced documents or responded to any particular Request should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Request.

6.      None of the Responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents responsive to any Request.  The Debtors do not represent that any responsive documents exist in response to any particular Request, but rather that they will undertake a reasonably diligent search across a reasonable universe of documents and produce non-privileged documents responsive to the Request (if any).

7.      The Debtors do not waive, and hereby assert and preserve, all applicable privileges and protections, including the attorney-client privilege, attorney-work-product doctrine, and any other applicable privilege or immunity.

8.      Any document produced by the Debtors in response to the Requests is produced pursuant to, and shall be subject to, the terms of the *Agreed Protective Order* (Dkt. 408) entered in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").

## GENERAL OBJECTIONS

1.      These General Objections are applicable to the Requests in their entirety and are incorporated into each specific Response as if fully repeated therein.  The Objections to Definitions and Objections to Instructions shall likewise apply equally to any definition, instruction, or Request that incorporates that definition or instruction.  The Debtors reserve the right to assert additional objections to the Requests as necessary and/or appropriate.

2.      The Debtors object to the Requests insofar as they are overbroad, unduly burdensome, vague, ambiguous, redundant, harassing, or oppressive.  The Debtors further object to the Requests to the extent they seek the production of information that is neither relevant nor

3

proportionate to the discovery needs of these Chapter 11 Cases, including with respect to confirmation of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Dkt. No. 2981) (the "**Plan**"). The Debtors additionally object to the Requests to the extent they seek documents and communications that the Debtors have already produced to Katsumi or their counsel in connection with these Chapter 11 Cases.

3.      The Debtors object to the Requests insofar as they seek the production of "all" or "any" documents and communications on the grounds that it is impracticable, overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases.

4.      The Debtors object to the Requests to the extent that they call for the production of documents not within the Debtors' possession, custody, or control, or for the production of documents not obtainable by means of a reasonably diligent search proportionate to the discovery needs of these Chapter 11 Cases.

5.      The Debtors object to the Requests to the extent that they call for the production of documents and the disclosure of information subject to: (a) the attorney-work-product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; (d) the mediation privilege, and/or (e) any other applicable privilege, protection, or immunity from discovery. The Debtors reserve the right to redact any material covered by items (a) through (e) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

6.      The Debtors object to the Requests to the extent they call for the production of documents and the disclosure of information protected by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364).

4

7. If the Debtors disclose any privileged information pursuant to the Requests, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege, rule, doctrine, immunity, or other protection.

8. The Debtors object to the Requests to the extent that any Request may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information made confidential by law or agreement, or other information of the Debtors or any third party. The Debtors further object to the Requests to the extent they call for the production of documents or information covered by a non-disclosure agreement or other contract barring dissemination.

9. The Debtors object to the Requests to the extent that they require any disclosure that may constitute a violation of any law or regulation.

10. The Debtors object to the Requests to the extent they seek information that is already in the possession, custody, or control of Katsumi and/or information that is in the public domain. The Debtors further object to the Requests to the extent they seek information that is not kept by the Debtors in the ordinary course of business including, but not limited to, data compilations.

11. The Debtors object to the Requests to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed. The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Responses and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Requests.

12. The Debtors object to the Requests, including without limitation, the Definitions and Instructions contained therein, to the extent they purport to impose on the Debtors any

5

requirement or obligation greater than, different from, or otherwise inconsistent with those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

13.     The following Responses are made solely for the purpose of the Chapter 11 Cases and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

14.     The Debtors object to the Requests to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response.

15.     The Debtors object to the Requests to the extent that they seek responses on a timeframe different from those imposed under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

16.     The Debtors hereby object and respond to the Requests to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement the Responses to the Requests.

## OBJECTIONS TO DEFINITIONS

1.     The Debtors object to the Definitions to the extent they purport to extend beyond a reasonable scope, define words beyond their ordinary meaning, and/or impose obligations beyond those contained in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other rules, applicable law, or other court orders governing the proper scope, timing, and extent of discovery in this contested matter.  The Debtors will interpret the Requests reasonably and in good faith in accordance with common English usage and the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in the Plan.

2.      The Debtors object to Definition 9 ("Adversary Proceeding") as overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the discovery needs of the Chapter 11 cases as the defined term purports to include "any adversary proceeding filed in, arising in, arising under, or related to the Chapter 11 Cases."

3.      The Debtors object to Definition 10 ("Communications") as overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases.  The Debtors further object to Definition 10 to the extent that it purports to include the production of Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364) or any other applicable privilege.

4.      The Debtors object to Definition 15 ("Chapter 11 Cases") as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases as the defined term purports to include "the cases under Chapter 7 of the Bankruptcy Code for the Evolution SPV Debtors" and "any Adversary Proceedings filed in connection with such Chapter 11 Cases."

5.      The Debtors object to Definition 16 ("concerning," "referencing," "regarding," "reflecting," "relating to," and "in connection with") and Definition 40 ("including") as overbroad, unduly burdensome, vague, and ambiguous to the extent they purport to impose discovery obligations beyond those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in connection with confirmation of the Plan.

6.      The Debtors object to Definition 24 ("Debtors") as overbroad, unduly burdensome, vague, and ambiguous to the extent the term encompasses "employees, managers, officers,

7

directors, agents, representatives, subsidiaries, special purpose vehicles, and affiliates." The Debtors will interpret "Debtors" as referring to First Brands Group, LLC and its debtor affiliates in these Chapter 11 Cases. A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Claims and Noticing Agent as detailed herein at footnote 1.

7.     The Debtors object to Definition 26 ("Documents") as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it purports to require the production of documents of "any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however, printed, produced, reproduced, coded, or stored, of any kind or description, whether sent or received or not, including original copies, drafts, and both sides thereof, and including . . . computer programs, microfilms, microfiche, all other records kept by electronic, photographic, or mechanical means, and things similar to any of the foregoing," and to the extent it purports to include materials that are publicly available or not within the Debtors' possession, custody, or control, including to the extent it purports to require the production of documents "regardless of their authority, preparer, or origin[.]"

8.     The Debtors object to Definition 37 ("First Brands") and Definition 68 ("You" or "Your") as overbroad, unduly burdensome, vague, and ambiguous to the extent the terms encompass "employees, managers, officers, directors, agents, subsidiaries, and special purpose vehicles." The Debtors will interpret "You" and "Your" as referring to the Debtors in these Chapter 11 Cases. The Debtors will interpret "Debtors" as referring to First Brands Group, LLC and its debtor affiliates in these Chapter 11 Cases. A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Claims and Noticing Agent as detailed herein at footnote 1.

## OBJECTIONS TO INSTRUCTIONS

1.       The Debtors object to the Instructions to the extent they purport to impose on the Debtors any obligation different from and/or broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery.

2.       The Debtors object to Instruction No. 1 (defining the "Relevant Period" as September 1, 2025 through the present) as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require responses covering a period that is not relevant or proportionate to confirmation of the Plan, and the Debtors further object to any Request that purports to seek information predating the Relevant Period.

3.       The Debtors object to Instruction No. 2 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control, including to documents held by the Debtors' "agent, representatives, advisors, or professionals." The Debtors further object to Instruction No. 2 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors.

4.       The Debtors object to Instruction No. 3 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

5.       The Debtors object to Instruction No. 4 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of

9

the Court.  The Debtors further object to Instruction No. 4 to the extent that it purports to include the production of Documents and Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege.

6.      The Debtors object to Instruction No. 5 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.  The Debtors further object to Instruction No. 5 to the extent that it purports to include the production of Documents and Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege.

7.      The Debtors object to Instruction No. 6 as overbroad, unduly burdensome, ambiguous, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it purports to require the production of "all drafts of Documents in addition to final versions of Documents."  The Debtors further object to Instruction No. 6 to the extent that it purports to include the production of Documents and Communications that are protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege.  The Debtors also object to the extent that this Instruction purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

8.      The Debtors object to Instruction No. 7 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal

Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court. Unless otherwise stated in the Debtors' Specific Objections and Responses to Document Requests herein, the Debtors will work in good faith to identify and produce responsive, non-privileged Documents and Communications for each Request, to the extent they exist.

9. The Debtors object to Instruction No. 9 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, mediation privilege, or which are otherwise protected from disclosure. The Debtors further object to Instruction No. 6 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing, and extent of discovery needs of these Chapter 11 Cases.

10. The Debtors object to Instruction No. 10 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, mediation privilege, or which are otherwise protected from disclosure. The Debtors further object to Instruction No. 6 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing, and extent of the discovery needs of these Chapter 11 Cases.

11. The Debtors object to Instruction No. 13 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control. The Debtors

further object to Instruction No. 13 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors. The Debtors further object to Instruction No. 13 to the extent that it calls for the generation of a privilege log with respect to documents that are subject to privilege, work product immunity or other immunity from discovery. The Debtors further object to Instruction No. 13 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in the Relevant Motions.

12. The Debtors object to Instruction No. 14 to the extent it purports to impose on the Debtors obligations to perform anything more than a reasonable search for responsive Documents and information. The Debtors further object to Instruction No. 14 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

13. The Debtors object to Instruction No. 15 as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases to the extent it purports to require that the Debtors produce information outside their possession, custody, or control. The Debtors further object to Instruction No. 15 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors. The Debtors also object to Instruction No. 15 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

12

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1**:

**All transcripts of any deposition (including exhibits thereto) taken in connection with the Chapter 11 Cases or any Adversary Proceeding, except for transcripts at which Katsumi or its undersigned counsel appeared.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including because the Request broadly seeks all deposition transcripts and exhibits without regard to relevance. The Debtors further object to this Request to the extent it seeks information outside the Debtors possession, custody, or control. The Debtors additionally object to this Request to the extent it seeks confidential or highly confidential information.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request that the Debtors are reasonably able to identify and collect.

**REQUEST FOR PRODUCTION NO. 2**:

**All responses to interrogatories or requests for admission (including all documents referenced therein or identified pursuant to Fed. R. Civ. P. Rule 33(d)) provided by any of the Debtors in connection with the Chapter 11 Cases or any Adversary Proceeding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it seeks "all responses to

13

interrogatories or requests for admission" and "all documents referenced therein," without regard to relevance to confirmation of the Plan.

Subject to and without waiving any objections, the Debtors will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3**:

**All Communications provided to or exchanged with the Examiner or the Examiner's professionals in connection with the Chapter 11 Cases or any Adversary Proceeding. This Request specifically includes all notes taken at any meeting with the Examiner or the Examiner's professionals and all notes documenting Communications provided to or exchanged with the Examiner or the Examiner's professionals.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request as seeking Documents and Communications expressly protected from disclosure by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364). The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 4**:

All Documents produced to, provided to or exchanged with the Examiner or the Examiner's professionals in connection with the Chapter 11 Cases or any Adversary Proceeding, including any and all supplemental or additional Documents produced to, provided to or exchanged with the Examiner or the Examiner's professionals, whether based on further follow up, interviews, requests for further clarification or supplementation, or otherwise.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request as seeking Documents and Communications expressly protected from disclosure by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364). The Debtors additionally object to this Request as directly seeking documents that are protected from production by the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364). The Debtors also object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5**:

All Documents and Communications exchanged among You and the DIP Secured Parties (or any of its members), the Ad Hoc Group (or any of its members), the Creditors' Committee (or any of its members), the Special Committee (or any of its members), or the ABL Lenders relating to the Premier Marketing Group Plan, the Premier Marketing Group

15

**Global Settlement, the Estate Claims Credit Bid Transaction, the Plan, or the Plan Settlement.  The Documents and Communications responsive to this request include all communications relating to any terms or aspects of those plans, settlements or transactions, as well as all Communications reflecting negotiations of those plans, settlements or transactions.  For the avoidance of doubt, this Request specifically includes (i) all Communications, Documents, summaries, charts or other information related to (in any respect) any Cause of Action, Estate Claim or other claim, cause of action, or asset to be included in, contributed to or otherwise retained for inclusion in the Litigation Trust or the Litigation Trust Assets and (ii) any and all Documents and Communications exchanged among the Debtors' financial advisors (or any personnel of the Debtors' financial advisors) and any other Person.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request as vague and ambiguous regarding the meaning of "relating to any terms or aspects of those plans, settlements or transactions," which is also overbroad and unduly burdensome.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**:

**All Documents and Communications relating to or referencing the Litigation Trust or the Litigation Trust Assets, including any Cause of Action, Estate Claim or other claim, cause of action, or asset to be included in, contributed to or otherwise retained in the**

16

**Litigation Trust or the Litigation Trust Assets, including any and all estimations, valuations, projections, forecasts, and lists (and any drafts of the foregoing) relating to the foregoing.**

RESPONSE:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

REQUEST FOR PRODUCTION NO. 7:

**All Documents and Communications exchanged between You and Gerard Uzzi of Uzzi & Lall.  This Request specifically includes any and all Documents and Communications exchanged among the Ad Hoc Group (or any of its members or respective professionals), the Special Committee (or any of its members or respective professionals) and/or the Creditors' Committee (or any of its members or respective professionals) and Gerard Uzzi of Uzzi & Lall on which Debtors or any of Debtors' representatives, counsel, financial advisors, or other professionals were copied, forwarded, or otherwise included as recipients.**

RESPONSE:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents

17

and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8**:

**All Documents and Communications relating to "Adverse Conduct" as defined in the Plan, including any and all Communications relating to any assessment or conclusion regarding which Persons or Entities engaged in "Adverse Conduct."**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**:

**All Documents and Communications identifying any Person or Entity that may be characterized as having engaged in Adverse Conduct.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by the Debtors in Request for Production No. 8.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**:

**All Documents and Communications relating to substantive consolidation in connection with the Plan, including any and all Communications relating to any consideration of consolidating any Debtors for particular purposes, and any and all Communications relating to consolidation for purposes of any defenses to preference actions or other avoidance actions, whether in connection with the Preference Settlement or otherwise. This Request specifically includes all analyses, reports, assessments or investigations performed by Debtors or any of their professionals into the whether substantive consolidation of some or all of the Debtors is or was factually accurate or appropriate.**

19

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 11**:

**All Documents and Communications relating to the Estate Claims Marketing Process, including (i) all diligence materials provided to any potential bidders, prospective bidders, bidders, or other participants, including all Documents in the "data room"; (ii) all indications of interest received from any prospective bidder; (iii) all bids received; (iv) all indications of interest for any Estate Claims being sold; (v) all "teaser" materials or other information used to solicit potential or prospective bidders; (vi) any Documents or Communications provided to the Ad Hoc Group or the participants in the Estate Claims Credit Bid in connection with the Estate Claims; (vii) any Documents or Communications exchanged with any potential bidder, prospective bidders, or other participants; and (viii) any and all data rooms containing or purporting to contain any information regarding the assets, businesses, entities, operations, inventory, receivables or causes of action provided to prospective bidders or purchasers. This Request expressly includes any Documents and Communications provided to or exchanged with the Ad Hoc Group or other participants in the Estate Claims Marketing Process that are in any way connected to the Estate Claims Credit Bid Transaction or the Estate Claims.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the

20

Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12**:

**All Documents and Communications relating to or referencing the "claims," "causes of action," "transactions," or consideration paid, in each instance without any limitation, as referenced by Charles M. Moore as described at Pages 24-25 and 131-132 of the transcript of the Conditional Disclosure Statement Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 13**:

**All Documents and Communications reviewed by or relied upon by Charles M. Moore in connection with reviewing and signing the Plan, the Disclosure Statement, or any declaration submitted in connection therewith, or in connection with providing testimony at the Conditional Disclosure Statement Hearing.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors are willing to further meet and confer with Katsumi regarding this request.

**REQUEST FOR PRODUCTION NO. 14**:

**All Documents and Communications relating to or referencing the Special Committee Investigation.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the

22

discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 15**:

**All Communications between You and the Ad Hoc Group (or any of its members) or the DIP Secured Parties (or any of those parties) between September 1, 2025 and September 28, 2025.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Communications not relevant to confirmation of the Plan and seeks "all" Communications. The Debtors additionally object to this Request to the extent it seeks Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16**:

All Documents and Communications produced to any other Person in connection with the Confirmation Hearing or the Conditional Disclosure Statement Hearing.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17**:

All Documents and Communications on which the Debtors intend to rely at the Confirmation Hearing.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as premature to the extent it purports to require that the Debtors produce the documentary evidence on which the Debtors intend to rely in connection with the Confirmation Hearing in advance of the applicable deadlines.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client

privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will provide Documents and Communications responsive to this request on their witness and exhibit list to be filed in connection with the Confirmation Hearing.

**REQUEST FOR PRODUCTION NO. 18**:

**All Documents and Communications on which any witness called by the Debtors has relied on or will rely on in connection with any testimony relating to the Confirmation Hearing, including any and all Documents and Communications on which any such witness shall be called to testify regarding any Cause of Action, Estate Claim or other claim, cause of action, or asset to be included in, contributed to or otherwise retained for inclusion in the Litigation Trust or the Litigation Trust Assets.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as premature to the extent it purports to require that the Debtors produce the documentary evidence on which the Debtors intend to rely in connection with the Confirmation Hearing in advance of the applicable deadlines.  The Debtors additionally object to this Request to the extent it seeks Documents and Communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will provide Documents and Communications responsive to this request on their witness and exhibit list to be filed in connection with the Confirmation Hearing.

**REQUEST FOR PRODUCTION NO. 19**:

All Documents and Communications relating to, reflecting, or forming the basis for the Debtors' statement on Page 27 of the Disclosure Statement that "Based on the FBG Debtors' reasonable estimates, the FBG Debtors are estimating that the Effective Date is reasonably likely to occur in the second half of 2028, although the Effective Date may reasonably or in fact occur earlier or later than the second half of 2028."

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20**:

All Documents and Communications relating to, reflecting, constituting, or forming the basis for related to when the Effective Date is reasonably likely to occur. This Request includes all such analyses, estimates, projections, forecasts or other information prepared by any plan proponent or its respective professionals.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the

discovery needs of these Chapter 11 Cases including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by Katsumi in Request for Production No. 19.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21**:

**All Documents and Communications relating to the ABL Collateral Trust Assets, including all Communications relating to the exclusion of assets therefrom. This Request specifically includes any summaries, notes, accountings, or assessments relating to outstanding receivables or invoices that remain uncollected and the Debtors' interests (or purported) interests therein.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 22**:

**All Documents and Communications relating to the Preference Settlement as defined in the Plan, including any and all Communications relating to eligibility to participate in the Preference Settlement, the benefits afforded to Preference Settlement Electing Creditors, the releases to be granted by Preference Settlement Electing Creditors under Section 13.5(b) of the Plan, the contribution of Direct Creditor Claims to the Litigation Trust, and the governance, procedures and protections applicable to the prosecution of Preference Actions.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 23**:

**All Documents and Communications comprising or relating to the Plan Supplement or any document, materials, agreements constituting to be contained in the Plan Supplement, including the schedule of Specified Non-Released Parties and any and all Communications regarding the composition of such schedule and assessments and determinations regarding which Persons are included in such schedule.**

28

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection, including the request for all Communications regarding the composition of such schedule and assessments and determinations regarding which Persons are included in such schedule.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 24**:

**All Documents and Communications relating to the conditions precedent to the occurrence of the Effective Date set forth in Section 12.1(o) of the Plan, including Documents and Communications sufficient to show any facts, circumstances, or contingencies presently known that may prevent or delay the satisfaction of such condition.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and

29

Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by Katsumi in Requests for Production Nos. 19 and 20.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 25**:

**All Documents and Communications relating to the Debtors' assessment, analysis, or consideration of the consequences of nonoccurrence of the Effective Date, including (i) any steps, actions, or processes that would need to be taken to reverse, unwind, or otherwise remediate the effects of actions already undertaken in furtherance of the Plan or the Effective Date, (ii) any contingency planning or proposed remedial solutions in the event the Effective Date does not occur within a reasonable period following the projected date of occurrence, and (ii) any analysis of the procedural, operational, or legal implications of such nonoccurrence, including the identification of all transactions, transfers, or other actions that would need to be reversed or unwound.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, including Katsumi's request for analyses related to contingency planning, unwinding, and the procedural, operation, or legal implications of such nonoccurrence.

30

The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by Katsumi in Requests for Production Nos. 19, 20, and 24. The Debtors further object to this Request as containing multiple discrete subparts that should be counted as separate Requests.

Subject to and without waiving any objections, the Debtors are not aware of any non-privileged Documents or Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26**:

**To the extent the Debtors or any plan proponent contends that Debtors' prepetition management and/or the operations of any or all of the Receivables Sellers observed, maintained, complied with or otherwise respected the separateness or corporate formalities of any Receivables Sellers, all Documents or Communications referencing, related to or otherwise identifying Debtors' prepetition actions, communications or business practices relating to the prepetition treatment of those corporate formalities, including:**

    a. **All minutes of any prepetition meeting of the board of directors or managers (or any committee or sub-committee thereof) of the Receivables Sellers;**

    b. **All Documents evidencing the transactions conducted in the bank accounts of each Receivables Seller, in each case sufficient to show when and from whom payments and receipts of monies were received, to whom such payments and receipts were directed, and how such payments and receipts were used;**

    c. **All Documents evidencing how proceeds from the purchase of receivables by Katsumi and the other Factors were used, distributed or applied by First Brands or its prepetition management (or any Entities controlled by prepetition management) from and after January 1, 2023 through the Petition Date, including any and all Documents sufficient to identify which Debtor and non-Debtor entities' obligations such proceeds were applied to, used for, directed to, or expended on.**

    d. **Documents supporting the Debtors' or any plan proponent's contention that the Receivables Sellers respected their corporate formalities with regard to the use of assets, including expenditures paid and payments or distributions of cash by such Receivables Sellers relating to or for obligations of other Debtors;**

    e. **Any and all Documents sufficient to track or trace the use of cash from the Debtors' accounts in which any proceeds from sales of receivables by the Receivables Sellers was deposited, wired or transferred; and**

    f. **All Documents and Communications that constitute, contain, reference or relate to Debtors' or any of their professionals' analysis, assessment, or investigation of the Debtors' use of cash or proceeds resulting from any Factor's purchase of receivables from June 2022 through and including the Petition Date.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan, seeks "all" Documents and Communications, and to the extent it requires the Debtors to produce information outside their possession, custody, or control, including to the extent Katsumi requests the Debtors produce documents held by the plan proponents. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection. The Debtors further object to this Request as containing multiple discrete subparts that should be counted as separate Requests. The Debtors also object to the extent that Katsumi's Request for "all Documents sufficient to track or trace the use of cash from the Debtors' accounts in which any proceeds from sales of receivables by the Receivables Sellers was deposited, wired, or transferred," is impractical and overly burdensome to produce in its entirety prior to the Confirmation Hearing. The Debtors also object to this Request to the extent it requires the Debtors to take a position regarding whether Debtors' prepetition management and/or the operations of any or all of the Receivables Sellers observed, maintained, complied with or otherwise respected the separateness or corporate formalities of any Receivables Sellers. The Debtors do not take a position with respect to separateness or corporate formalities in these Responses.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

32

**REQUEST FOR PRODUCTION NO. 27**:

All Documents and Communications relating to the segregation of invoices, receipts or collections in respect of any Third-Party Factoring (as defined in the Disclosure Statement) arrangements from September 1, 2025 through September 28, 2025.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent it seeks documents and information not relevant for the discovery needs of these Chapter 11 Cases as confirmation does not turn on the collection of the factored receivables and to the extent this Request seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 28**:

All Documents and Communications purporting to preserve privilege of any kind (including common interest, joint defense protection, mediation privilege or otherwise), confidentiality, or otherwise protect from disclosure any Documents or Communications exchanged among or between the Debtors, the DIP Secured Parties (or any of their members), the Prepetition Secured Parties (or any of their members), the Ad Hoc Group (or any of its members), the ABL Lenders, and/or Creditors' Committee (or any of its members), including any written agreements, protocols, confidentiality undertakings, common interest agreements, joint defense agreements, mediation agreements, or other arrangements governing information sharing among any such parties.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the

33

Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 29**:

**All Documents and Communications relating to (i) the amount, timing, or likelihood of recoveries or distributions under or from the Litigation Trust, the Litigation Trust Assets, the DIP Collateral Trust, the DIP Collateral Trust Assets, the ABL Collateral Trust, the ABL Collateral Trust Assets, or the Estate Claims; (ii) the time required to satisfy DIP A Claims, Roll-Up Claims, Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, First Lien Claims, Second Lien Claims, ABL Claims, General Unsecured Claims, or Subordinated Claims; or (iii) the timing or likelihood of the occurrence of the Effective Date.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors further

34

object to this Request as containing multiple discrete subparts that should be counted as separate Requests.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 30**:

**All Documents and Communications relating to the Litigation Trust Cash Funding, Initial Litigation Trust Funding Commitments, Litigation Trust Backstop Commitments, Additional Litigation Trust Funding, Litigation Trust Funding Agreements, DIP Collateral Trust Funding, DIP Collateral Trust Funding Contributors, or any actual or potential financing, funding, backstop, commitment, contribution, draw, default, decline-to-fund determination, or replacement funding source for the Litigation Trust or the DIP Collateral Trust, including any Documents or Communications concerning efforts to raise, syndicate, allocate, backstop, approve, document, enforce, or decline any such funding.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, common interest privilege, mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege or protection. The Debtors also object to this request as duplicative to the extent this Request seeks Documents requested by the Debtors in Requests for Production Nos. 6 and 29.

Subject to and without waiving any objections, the Debtors will produce non-privileged Documents and Communications responsive to this Request, if any.

**REQUEST FOR PRODUCTION NO. 31**:

**All Documents and Communications relating to or forming the basis for any responses to Katsumi Servicing, LLC's First Set of Interrogatories to First Brands in Connection with the Plan and Disclosure Statement served on First Brands on or about the date hereof.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Request as overbroad, unduly burdensome, and not proportionate to the discovery needs of these Chapter 11 Cases, including to the extent this Request seeks Documents and Communications not relevant to confirmation of the Plan and seeks "all" Documents and Communications. The Debtors further object to this Request to the extent it seeks documents and communications protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or protection.

Subject to and without waiving any objections, the Debtors will produce those non-privileged documents that the Debtors specifically reference in its responses to *Katsumi Servicing, LLC's First Set of Interrogatories to First Brands in Connection with the Plan and Disclosure Statement* served on July 10, 2026.

36

Dated:  July 10, 2026
       Houston, Texas

*/s/ Clifford W. Carlson*
**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson (2490024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:    Clifford.Carlson@weil.com

-and-

Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted pro hac vice)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Email:    Matt.Barr@weil.com
        Sunny.Singh@weil.com
        Robert.Berezin@weil.com
        Theodore.Tsekerides@weil.com
        Christine.Calabrese@weil.com

*Attorneys for Debtors and Debtors in Possession*

**DEBTORS' EXHIBIT NO. 19**
**Page 37 of 38**

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2026, I caused the foregoing to be served upon counsel of record via electronic mail.

*/s/ Christine A. Calabrese*
Christine A. Calabrese

**DEBTORS' EXHIBIT NO. 19**
**Page 38 of 38**