IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-90399-CML |
| | § | |
| FIRST BRANDS GROUP, LLC., et al. | § | |
| | § | |
| | § | (Jointly Administered) |
| DEBTORS | § | CHAPTER 11 CASE |

## APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

**PYRAMID WAREHOUSING, LTD.**, a "Claimant" and a "Landlord", and being a Texas Limited Partnership, files this "Application for Allowance and Payment of Administrative Expenses" ("Application") as a Landlord and creditor of the Debtor, **Carter Fuel Systems, LLC** a Tenant under a non-residential real estate lease, more specifically described hereinafter, requesting the allowance and payment of administrative expenses for post-petition accrued and unpaid leasehold rents and related charges under §§ 365(d)(3) and 503(b) set forth herein, and in support would show the following:

**JURISDICTION AND VENUE.**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the current Standing Order of Reference from the United States District Court for the Southern District of Texas. This is a "Core Proceeding" as defined by 28 U.S.C. §157(b). The statutory predicate for the relief requested are §§ 365(d)(3) and 503(b) and 507 of Title 11, United States Code ("Code"). Claimant confirms its consent to the entry

of a final order by the Court in connection with this Application to the extent that it is later determined that the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue for this case and this Application in this District is proper under 28 U.S.C. §§1408 and 1409.

**PRELIMINARY STATEMENT**.

2. Claimant's claim relates to post-petition accrued and unpaid rent and related charges for the described leased warehouse space and the unpaid invoices relating to the provision of bonded warehouse and distribution services to the Debtor by Loera's Customs Brokerage, Inc. ("Loera"). The bonded and unbonded goods and cargo delivered by Debtor to Claimant's warehouses and Loera's activities and services related to the loading and unloading and general warehouse activities in its handling and storage of Debtor's bonded and unbonded cargo and goods are subject to the "Warehousing Service Agreement", dated September 15, 2016 entered into by Debtor and Loera, and, along with the Loera "Terms and Conditions of Service" and in accordance with the regulations and required documentation of the United States Customs Service.

**BACKGROUND.**

3.  Pursuant to a written Lease dated February 11, 2018 entered prepetition with the Debtor, Carter Fuel Systems, LLC, as Tenant, the Claimant, as Landlord, leased the premises and improvements and fixtures thereon, located at 4402 Austin Rd., Brownsville, Cameron County, Texas, comprised of approximately 9000 sq. ft. of warehouse space. The Lease and Account Detail is attached hereto and incorporated herein as **Exhibit-A**.  In support of Debtor's use, occupancy and conducting business on the Leasehold premises, Debtor had previously entered into a "Warehousing Service Agreement" dated September

15, 2016 with the Landlord's affiliate Loera Customs Brokerage, Inc. ("Loera"). Loera agreed to furnish Debtor with certain goods, materials, supplies, machinery, moving equipment, and other services and labor in connection with the Debtor's business conducted on the Premises. A true and correct copy of the Warehousing Service Agreement is attached hereto and incorporated herein as **Exhibit-A-1**. The Loera "Terms and Conditions of Service" were also applicable to the business relationship between the Debtor and the Landlord and Loera which is attached hereto and incorporated herein as **Exhibit-A-2.**. Claimant's claim is secured by the liens created in favor of Landlord and Loera by Section 8.04 of the Lease and agreements comprising Exhibits A-1 and A-2. and those liens created in favor of Landlord by the Texas Property Code and the lien provided by the Texas Constitution.

## BASIS FOR RELIEF.

4.  The Bankruptcy Code generally provides administrative priority to claims for "the actual, necessary costs and expenses of preserving the estate," including wages, salaries, or commissions for services rendered after the commencement of the case. *See* 11 U.S.C.§ 503(b)(1)(A). Section 365(d)(3) of the Code, however, which is relevant to the instant case because it involves an unexpired non-residential lease, provides that "[t]he trustee shall timely perform all the obligations of the debtor, ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." Claimant has established that the Debtor has breached the Lease with Claimant by its

continued occupancy of the leased premises but its failure to pay rent coming due under the terms of the Lease for the period beginning from the Petition Date, including "Stub Rent", through May of 2026 which is within the time period required in §365(d)(3). Having established the §365(d)(3) grounds, Claimant asserts it is entitled to an allowed administrative claim under 503(b), provided, however by applicable case law, Claimant is not burdened with having to show the bankruptcy estate received a benefit as required by 503(b)(1). See *In re Imperial Beverage Group LLC*, 457 B.R. 490, 498 (N.D. Tex. 2011). (The majority of cases hold ". . . that §365(d)(3) gives the Landlord an automatic administrative expense claim for the post-petition lease obligations that arise while the debtor decides to assume or reject the lease.").

5. The landlord under an unexpired lease of non-residential real property is entitled to an administrative expense claim for unpaid post-petition lease obligations that occur before the lease is rejected but need not establish the "benefit to the estate" factor which is otherwise required for a claim to be accorded administrative status under §503(b)(1)(A) of the Code. See *In re Imperial Beverage Group LLC*, 457 B.R. 490, 498-499 (N.D. Tex. 2011); *In re Amber Stores, Inc.*, 193 B.R. 819, 825 (Bankr. N. D. Tex. 1996). *In re Twigland Fashions, Inc.*, 198 B.R. 199, 201 (W. D. Tex. 1996). Judge Marvin Isgur in In re Simbaki, LTD. 2015 WL 1593888 (Bankr. S.D. Tex. April 6, 2015) opined that "[b]y classifying unpaid rent owed under §365(d)(3) as a §503(b) administrative claim independent of §503(b)(1)(A), a landlord need not show that the rent provided a reasonable benefit to the estate" *See* In re

Simbaki at P. 7.

6. Accordingly, pursuant to §365(d)(3) grounds and §§503(b) and 507(C)(2) of the Code, Landlord Pyramid Warehousing, Ltd. is entitled to payment of accrued and unpaid rents and charges arising post-petition under its lease with the Debtor as administrative expenses.

## RESERVATION OF RIGHTS

7. Claimant does not intend to waive and hereby does not waive any rights it may otherwise assert against the Debtor with respect to services provided or use provided to Debtors regarding the leasehold after the Effective Date of any Plan(s) of Debtors. Claimant reserves all of its respective rights to amend and/or supplement its Claims asserted in this Application as the circumstances may require.

## NOTICE

8. Claimant is providing notice of this Application to: (i) the United States Trustee; (ii) the Debtors; (iii) the counsel for the Debtor; (iv) and all parties registered to receive notice through the Court's CM/ECF System which includes the United States Trustee and counsel for the Creditor's Committee and counsel for the Debtors and others. Claimant submits that, in light of the nature of the relief requested by this Application, no other or further notice need be given.

## NO PRIOR REQUEST

9. No previous request for the relief sought herein has been made to this or any other court.

10. **<u>PROPOSED ORDER.</u>**   A Proposed Order is attached.

<u>**CONCLUSION AND PRAYER**</u>

11. Based on the reasons set forth herein, Claimant respectfully requests that the Court enter the **Proposed Order**, substantially in the form attached hereto**,** granting the allowance and directing the payment of Claimant's claim of **<u>$29,052.88</u>** pursuant to §365(d)(3) grounds and §§503(b) and 507(C)(2) of the Code and that the Court grant Claimant such other and further relief, at law or in equity, to which Claimant may show itself to be justly entitled.

Submitted this 19th day of July, 2026.

**Law Offices of John Wallis Harris**
514 Thelma Drive
San Antonio, Texas 78212-2455
(210) 365-3006
E-Mail: jwharris@johnwharrislaw.com

**By <u>/s/ John W. Harris</u>**
   John W. Harris
   State Bar No. 09074300
   South. Dist. Bar No.7937
**Co-Counsel for Pyramid Warehousing, Ltd.**

<u>**CERTIFICATE OF ACCURACY**</u>

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 19, 2026, a true and correct copy of the foregoing Application was served upon all parties receiving service via the Court's electronic case filing system (CM/ECF), including the Debtor and Debtor's counsel and the United States Trustee and counsel for the Creditor's Committee.

*/s/ John W. Harris*
**John W. Harris**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-90399-CML** |
| | § | |
| **FIRST BRANDS GROUP, LLC., et al.** | § | |
| | § | |
| | § | **(Jointly Administered)** |
| **DEBTORS** | § | **CHAPTER 11 CASE** |

**ORDER GRANTING APPLICATION FOR ALLOWANCE AND PAYMENT OF**
**ADMINISTRATIVE EXPENSES OF PYRAMID WAREHOUSING LTD.**

On this day came to be considered the "Application for Allowance and Payment of Administrative Expenses of Pyramid Warehousing, Ltd ("Application") filed by Pyramid Warehousing, Ltd. ("Claimant") and the Court having considered the Application, and having found that sufficient Notice and opportunity to object to the Application has been provided to the creditors and parties in interest under the circumstances, and that any objections to the Application have been withdrawn or overruled,

IT IS THEREFORE ORDERED that the relief requested by the Application is hereby approved and Granted as provided herein; and

IT IS ORDERED that Pyramid Warehousing Ltd. is hereby awarded the sum of **$29,052.88** as an allowed administrative claim pursuant to §§365(d) and 503(a) and 507(a)(1) under Title 11, United States Code; and

IT IS ORDERED that this Order is effective upon entry and the Debtor is hereby authorized and directed to pay the sum of $**29,052.88**, to Pyramid Warehousing, Ltd. on the next business date immediately following the date of entry of this Order on the Docket for this case notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and

IT IS ORDERED that the Court retains jurisdiction over the matters arising from or related to the implementation, interpretation, or enforcement of this order.

Signed: July ___ , 2026.

_____
Christopher M. Lopez
United States Bankruptcy Judge