**Exhibit F**
**July 12, 2026 Email from C. Calabrese**

| | |
|---|---|
| **From:** | Calabrese, Christine <Christine.Calabrese@weil.com> |
| **Sent:** | Sunday, July 12, 2026 2:15 PM |
| **To:** | Waldock, Katherine P.; Herring, Angela K.; Aquila, Elaina; Cassel, Michael H.; Heath, Paul E. (Vinson & Elkins LLP); Struble, Matthew D. (Vinson & Elkins LLP); Kleinhaus, Emil A.; Furchtgott, Theodore R. |
| **Cc:** | Tsekerides, Theodore; Berezin, Robert; Barr, Matt; Singh, Sunny (Weil, Gotshal & Manges LLP); Carlson, Clifford; Patel, Keya; Lane, Jack; Project Overdrive Lit Associates; George, Jason; Ferrier, Kyle; Findlay, Loren; Rhine, Fredrick |
| **Subject:** | RE: First Brands \| Debtors' Responses & Objections to LAM Parties' RFPs |

**\*\*External Email-Use Caution\*\***

Kate,

Let's discuss these topics, and any follow-up questions you may have, tomorrow during our meet and confer.  Overall, we are working to finalize further documents (including communications) for production later today and anticipate substantial completion by Wednesday (if not sooner).  We disagree with any suggestion of delay or prejudice: the Debtors have already made substantial productions, and the confirmation hearing is over two weeks away.

- ***Regarding a privilege log***, we are willing to discuss the scope of a categorical privilege log tomorrow.

- ***Regarding the Debtors' custodial collection***, we have collected communications from the following Weil custodians for the periods (1) September 1, 2025-September 28, 2025 and (2) January 1, 2026-January 29, 2026 (the start of mediation).  From this universe, we are working to produce responsive non-privileged communications.

    1. Matt Barr
    2. Sunny Singh
    3. Cliff Carlson
    4. Andriana Georgallas
    5. Jason George
    6. Loren Findlay
    7. Kyler Ferrier
    8. Taylor Jones
    9. Kevin Bostel

- ***Regarding additional productions***, as noted above, we are working to finalize further documents for production later today and anticipate substantial completion by Wednesday (if not sooner).

- ***Regarding categories with no non-privileged documents***, we will update you tomorrow.

- ***Regarding discussions with the AHG re: Estate Claims / information relevant to the Estate Claims Marketing Process***,  you initially asked that we "confirm that in the mediation process, there was no discussion of the merits or value of the Estate Claims or sharing of information that would be relevant to the Estate Claims Marketing Process with the Ad Hoc Group or the participants in the Estate Claims Credit Bid Transaction."  This question encroaches on the mediation privilege.  We can discuss in more detail tomorrow.

1

Best,
Christine


**Christine A. Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

---

**From:** Waldock, Katherine P. <KPWaldock@wlrk.com>
**Sent:** Friday, July 10, 2026 12:49 PM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Herring, Angela K. <AKHerring@wlrk.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Cassel, Michael H. <MHCassel@wlrk.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.COM>; Furchtgott, Theodore R. <TRFurchtgott@wlrk.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

Christine,

We are increasingly concerned about the timing of discovery in relation to depositions and our objection deadline, including the delays in production, interrogatory responses, and meet and confer sessions. While reserving all rights and further responses, our responses to your points are below:

1. On the first point, a privilege log is required by the Federal Rules and required here.  As confirmed again by your email, the Debtors are asserting that "common interest" and "mediation" privileges "significantly" limit or eliminate the need to produce or even collect responsive communications with the Ad Hoc group and others.   While we will review your interrogatory responses, we are not aware of any legal basis to avoid providing even a categorical log showing — for supposedly privileged communications — who communicated with whom, when, on what topic, and why the communications are privileged. Without that information, we cannot assess your privilege theories.  Given the timing of the hearing, the required log should have been produced already.  In addition, your email says the Debtors have collected custodial communications and are running domain limiters. That was not previously clear.  Please tell us whose communications have been collected, from what time period, and exactly what limiters have been used.  We asked for this same information almost a week ago (in Michael's email below) and have not gotten a straightforward response.  The delay in providing standard ESI-related responses to discovery requests, including custodians/search terms, is again prejudicial given the litigation schedule.

2. On the second point, we have repeatedly asked when additional productions will be made and are still not getting straightforward responses.  When do the Debtors expect to substantially complete their productions?

3. On the third point, we understood that you were still consulting with the restructuring team to identify and provide additional information about categories for which there are no non-privileged documents, since several of your responses and objections say that the Debtors will produce non-privileged materials "if any."  If you have now confirmed that there are responsive, non-privileged materials in response to those

requests that will be produced, and the only RFPs for which you contend no non-privileged materials exist are Nos. 7, 9, 11, and 19, please let us know.

4. On the fourth point, we will withhold further comment until we see the interrogatory responses and declarations.

5. On the fifth point, we understand you to be saying that, as a result of mediation privilege, the Debtors do not need to disclose (a) whether they had any communications with a bidder for their assets (the Ad Hoc Group) regarding those assets and their value or (b) any such communications. We disagree: whether the Debtors, who are supposedly selling their assets, shared information about the assets with one bidder but not others is relevant and not remotely privileged. More broadly, your response shows exactly why a privilege log is needed and overdue: under Rule 26(b), the burden is on the producing party to explain what communications are being withheld, and on what grounds, so other parties can assess whether there is a valid privilege claim. Rule 26(b) does not contemplate or permit a process whereby requesting parties need to formulate the right interrogatories or email inquiries to ferret out positions like the one you're taking on the "fifth point." Moreover, we read your response as confirming that you are withholding otherwise responsive communications with the Ad Hoc Group regarding the Estate Claims dated after the mediation concluded on the basis of privilege; if no such communications exist, please inform us of that.

In addition, please let us know if you're available to meet on Monday morning.

Best,
Kate

**Katherine P. Waldock**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1631 (Direct) | +1 (212) 403-2000 (Fax)
KPWaldock@wlrk.com | www.wlrk.com

---

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Thursday, July 9, 2026 9:37 PM
**To:** Waldock, Katherine P. <KPWaldock@wlrk.com>; Herring, Angela K. <AKHerring@wlrk.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Cassel, Michael H. <MHCassel@wlrk.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Furchtgott, Theodore R. <TRFurchtgott@wlrk.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny (Weil, Gotshal & Manges LLP) <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

| **\*\*External Email-Use Caution\*\*** |
| --- |

Kate,

Please see below detailing the Debtors' responses to your email. Regarding the LAM Parties' interrogatories, the Debtors are finalizing responses and will provide them tomorrow.

Additionally, we tentatively held tomorrow at 1pm to confer regarding the Debtors' interrogatory responses. Because we will be providing our interrogatory responses tomorrow, and given conflicts on the Debtors' end, let's please

reschedule for early next week.  In advance of that, and as detailed below, the Debtors are continuing to work to address the LAM Parties' discovery requests as quickly as possible.

1.  On your first point, the Debtors are not taking any "categorical positions" regarding custodial collection and review.  That is an incorrect articulation of our position.  Rather, as set forth in the Debtors' responses and objections, we are asserting privileges—for example, the common interest and mediation privilege with the Ad Hoc Group—across certain periods that significantly limit (and in some circumstances likely eliminate) any responsive non-privileged communications on topics including Estate Claims and Plan negotiations.  For periods where the Debtors believe that non-privileged communications likely exist, the Debtors have collected custodial communications and are running domain-limiters (*i.e.* communications with @gibsondunn) rather than key-word search terms to identify non-privileged communications for production.  In our view, this is the most efficient approach for producing responsive non-privileged documents.  We do not believe that a privilege log is appropriate and do not agree that the Debtors will prepare a privilege log.  Rather, our forthcoming Interrogatories will provide further detail regarding the scope of our privilege assertions, and the Debtors are willing to further meet and confer on this topic.  Depending on the outcome of further conversations, we may be willing to consider a categorical privilege log.

2.  On your second point, we disagree with your characterization of the documents that the Debtors have produced to date.  For example, you say that "materials such as the data room for the Estate Claims Marketing Process have not been produced"; however, this is incorrect – these documents were produced in the Debtors' first production and can be found at FBG_CH1_00001095 – FBG_CH1_00014683.  We have also produced documents related to factoring (FBG_CH1_00044054 – FBG_CH1_00044099), over a dozen of the Debtors' prior productions in these chapter 11 cases, among other categories of documents we have produced that you omit entirely.  We are also actively working to make additional productions, and as noted above, have already collected custodial emails and are identifying responsive non-privileged communications for production.  If you would like to propose search terms or other parameters, we will consider them.

3.  On your third point, we disagree that the Debtors "committed to provide additional information" regarding any of the points that you detail.  We also disagree with your characterization of each item enumerated in your email and state our positions below:

    o  Regarding what you describe as a "non-custodial, manual process," the Debtors are working to identify – outside of custodial collections – non-privileged responsive documents and communications (for example, any responsive materials that may have been exchanged with third-parties and other "go-get" documents like board minutes and materials).  This is an efficient and standard practice and is in addition to custodial collections.

    o  Regarding "categories for which the Debtors contend no non-privileged responsive communications exist," we refer you to our responses and objections.

    o  Regarding bidder communications, the Debtors are collecting and will produce communications with potential bidders who are participating in the marketing process (we are not asserting privilege with respect to these communications).

    o  Regarding RFP 15, we continue to maintain that this request is vague, ambiguous, overbroad, etc.  As I requested during our call, it would be very helpful (and appropriate) for you to further clarify what the LAM Parties are seeking so that the Debtors can determine whether these are documents that we can reasonably identify and produce.  We will discuss further with Mr. Moore to determine whether there is a universe of documents that we can reasonably identify and provide, but need further clarification.

    o  Regarding RFP 18, we will revert tomorrow on our position.

4. <u>On your fourth point</u>, the Debtors anticipate filing witness declarations by early next week.

5. <u>On your fifth point</u>, the topics discussed during mediation are protected by the mediation privilege.  The Debtors will not disclose this information.

**Christine A. Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

---

**From:** Waldock, Katherine P. <KPWaldock@wlrk.com>
**Sent:** Thursday, July 9, 2026 12:03 PM
**To:** Herring, Angela K. <AKHerring@wlrk.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Cassel, Michael H. <MHCassel@wlrk.com>; Calabrese, Christine <Christine.Calabrese@weil.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Furchtgott, Theodore R. <TRFurchtgott@wlrk.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

Christine,

Thank you for meeting and conferring with us on July 7.  We write to follow up on several issues discussed during the call.

1. You indicated that the Debtors are withholding a substantial number of documents on privilege grounds, including by taking categorical positions that the Debtors believe excuse them from custodial collection and review.  Given the extent of those asserted withholdings, and consistent with FRCP 26(b)(5)(A), we need a privilege log as soon as possible that is sufficient to permit us to evaluate the Debtors' privilege claims and the appropriateness of your approach to collection.  Please advise when you will provide such a log.  The log should also include explanations for your privilege positions based on the Mediation Order or other protective orders, as we do not see the basis for the broad categorical position that you are taking.

2. We remain concerned by the pace and scope of the Debtors' document production.  The Debtors have had our requests since June 17—22 days ago, whereas the confirmation hearing is coming up in only 19 days.  Yet responsive productions remain largely limited to off-the-shelf items like depositions, pleadings, and documents produced to other parties earlier in the case.  And materials such as the data room for the Estate Claims Marketing Process have not been produced even though they have been available to potential bidders for weeks.  Given the expedited schedule the Debtors seek, delayed production of responsive materials is highly prejudicial.  Please provide a timeline for future productions and the date by which the Debtors expect their production to be substantially complete.

3. We understood the Debtors committed to provide additional information regarding the points below.  Please confirm that understanding regarding:
   - the non-custodial, manual process being used to identify and collect responsive materials;
   - categories for which the Debtors contend no non-privileged responsive communications exist;

- whether any non-privileged bidder communications responsive to RFP 12 exist and, if so, production of those materials (and confirmation that the Debtors are not asserting privilege over any bidder communications);
- the scope of materials responsive to RFP 15 concerning documents reviewed or relied upon by Mr. Moore; and
- the Debtors' position regarding privilege assertions for communications during the period covered by RFP 18.

4. Please inform us when your declarations will be filed.

5. Please confirm that in the mediation process, there was no discussion of the merits or value of the Estate Claims or sharing of information that would be relevant to the Estate Claims Marketing Process with the Ad Hoc Group or the participants in the Estate Claims Credit Bid Transaction.

Best,
Kate

**Katherine P. Waldock**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1631 (Direct) | +1 (212) 403-2000 (Fax)
KPWaldock@wlrk.com | www.wlrk.com

---

**From:** Herring, Angela K. <AKHerring@wlrk.com>
**Sent:** Sunday, July 5, 2026 4:56 PM
**To:** Aquila, Elaina <Elaina.Aquila@weil.com>; Cassel, Michael H. <MHCassel@wlrk.com>; Calabrese, Christine <Christine.Calabrese@weil.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Waldock, Katherine P. <KPWaldock@wlrk.com>; Furchtgott, Theodore R. <TRFurchtgott@wlrk.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny (Weil, Gotshal & Manges LLP) <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

11am on Tuesday works for us – we'll send a zoom. Please include my colleagues Kate Waldock and Theodore Furchtgott on future correspondence.

---

**From:** Aquila, Elaina <Elaina.Aquila@weil.com>
**Sent:** Sunday, July 5, 2026 12:02 PM
**To:** Cassel, Michael H. <MHCassel@wlrk.com>; Calabrese, Christine <Christine.Calabrese@weil.com>; Herring, Angela K. <AKHerring@wlrk.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny (Weil, Gotshal & Manges LLP) <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

**External Email-Use Caution**

Michael,

Thank you for your email, and we hope you had a good Fourth of July as well. We appreciate your patience and address each point below.

1. Meet and Confer: We are available on Tuesday from 11:00–11:30, 1:00–2:30, or after 5:00 ET.

2. Interrogatory Responses:  Please ensure all discovery-related emails copy the litigation team, all of whom are included on this response.  We don't think that your self-imposed deadline is something the Debtors were obligated to meet, but, that said, are working on preparing responses.  You will have our responses no later than until July 9 —which remains ten days ahead of the current objection deadline and is in line with when we will be providing interrogatory responses to other parties.

3. Document Production: The production served to date is the first of what will be numerous productions in this matter. We are continuing to collect and review responsive documents and will be providing an additional production as soon as we are able.

We look forward to speaking with you Tuesday.

Elaina Aquila | Weil
Tel:  +1 212 310 8814
Cell: +1 646 469 2168

---

**From:** Cassel, Michael H. <MHCassel@wlrk.com>
**Sent:** Saturday, July 4, 2026 5:13 PM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Herring, Angela K. <AKHerring@wlrk.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

Christine,

Happy Fourth of July – we hope you all are enjoying the holiday.  Although we would prefer not to send discovery e-mails on a holiday, given the Debtors' desire to hold a confirmation hearing at the end of this month, these matters will need to be addressed as soon as possible.

1. Please update us on a time for your meet-and-confer as soon as possible; we have been requesting your availability for a meet-and-confer since *Tuesday*.  In a highly expedited litigation such as this one, a week-long delay in setting up a time to meet-and-confer is unworkable.

2. The Debtors failed to respond to our interrogatories by the deadline.  When can we expect to see responses to those?  Again, given the highly expedited nature of this litigation, we would have

7

expected to see responses as soon as possible, so that we can be in a position to discuss those responses on the meet-and-confer.

3.  The first document production appears quite sparse, consisting of only 812 documents, most of which appear to be off-the-shelf materials such as depositions and pleadings.  The Debtors have had our Document Requests since **June 17**.  Please provide your search terms and custodians as soon as possible.  We will also expect to see a privilege log, and can discuss timing and scope of that log on the meet-and-confer.  Please also update on your timing for further productions, which will need to be quite expeditious given the compressed nature of the schedule here.

We look forward to discussing on Tuesday.

All the best,

**Michael H. Cassel**
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street | New York, NY 10019
+1 (212) 403-1047 (Phone) | +1 (646) 581-0854 (Mobile)
MHCassel@wlrk.com | www.wlrk.com

---

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Thursday, July 2, 2026 4:16 PM
**To:** Herring, Angela K. <AKHerring@wlrk.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Cassel, Michael H. <MHCassel@wlrk.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny (Weil, Gotshal & Manges LLP) <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

> **\*\*External Email-Use Caution\*\***

Thanks, Angie.  We're confirming times on Tuesday that would work on our end and will circle back.

**Christine A. Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

---

**From:** Herring, Angela K. <AKHerring@wlrk.com>
**Sent:** Thursday, July 2, 2026 9:48 AM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Cassel, Michael H. <MHCassel@wlrk.com>

**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

Following up on Kate Waldock's note from Tuesday, please propose some times to meet and confer.
Thanks,
Angie

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Wednesday, July 1, 2026 11:35 PM
**To:** Herring, Angela K. <AKHerring@wlrk.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Cassel, Michael H. <MHCassel@wlrk.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny (Weil, Gotshal & Manges LLP) <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

**\*\*External Email-Use Caution\*\***

Thank you, Angie.

**Christine A. Calabrese**

Weil, Gotshal & Manges LLP
+ 1 212 310-8083 Direct
+1 202 213-7892 Mobile

**From:** Herring, Angela K. <AKHerring@wlrk.com>
**Sent:** Wednesday, July 1, 2026 6:42 PM
**To:** Calabrese, Christine <Christine.Calabrese@weil.com>; Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Cassel, Michael H. <MHCassel@wlrk.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** RE: First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

Christine,
We have executed the protective order - please see attached.
Thanks,
Angie

**From:** Calabrese, Christine <Christine.Calabrese@weil.com>
**Sent:** Wednesday, July 1, 2026 6:37 PM
**To:** Heath, Paul E. (Vinson & Elkins LLP) <pheath@velaw.com>; Struble, Matthew D. (Vinson & Elkins LLP) <mstruble@velaw.com>; Kleinhaus, Emil A. <EAKleinhaus@WLRK.com>; Herring, Angela K. <AKHerring@wlrk.com>; Cassel, Michael H. <MHCassel@wlrk.com>
**Cc:** Tsekerides, Theodore <theodore.tsekerides@weil.com>; Berezin, Robert <robert.berezin@weil.com>; Barr, Matt <Matt.Barr@weil.com>; Singh, Sunny (Weil, Gotshal & Manges LLP) <sunny.singh@weil.com>; Carlson, Clifford <Clifford.Carlson@weil.com>; Aquila, Elaina <Elaina.Aquila@weil.com>; Patel, Keya <Keya.Patel@weil.com>; Lane, Jack <Jack.Lane@weil.com>; Project Overdrive Lit Associates <Project.Overdrive.Lit.Associates@weil.com>; George, Jason <Jason.George@weil.com>; Ferrier, Kyle <Kyle.Ferrier@weil.com>; Findlay, Loren <Loren.Findlay@weil.com>
**Subject:** First Brands | Debtors' Responses & Objections to LAM Parties' RFPs

**\*\*External Email-Use Caution\*\***

Counsel,

Please find attached the Debtors' responses and objections to the *LAM Parties' First Request For Production of Documents*.  We are finalizing our first production, which we anticipate making in the next day or so.  Can you please confirm that the LAM Parties have executed the Protective Order entered in this matter at Docket No. 408?

Best,
Christine



**Christine A. Calabrese**
Counsel
Pronouns: She/her/hers

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
christine.calabrese@weil.com
+1 212 310 8083 Direct
+1 202 213 7892 Mobile

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

==================================================
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message

and any attachments.

Thank you in advance for your cooperation and assistance.
=================================================

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.