**Exhibit B**
**LAM Parties' First Set of RFPs**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**LAM PARTIES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, made applicable herein by Federal Rules of Bankruptcy Procedure 9014, 7026 and 7034, the LAM Parties,[2] by and through their undersigned counsel, hereby serve their First Requests for Production of Documents (the "***Requests for Production***" or "***Requests***", each a "***Request for Production***" or "***Request***") on First Brands Group, LLC and its debtor and non-debtor affiliates (together, "***First Brands***"). The Requests are served in connection with the Debtors' Chapter 11 Plan and the Settlement Motion (each as defined below).  On or before 5:00 p.m. EST on July 1, 2026, First Brands must produce the requested Documents and tangible things to the undersigned attorneys, including by e-mail to eakleinhaus@wlrk.com, mhcassel@wlrk.com, akherring@wlrk.com, pheath@velaw.com and mstruble@velaw.com.

---

[1]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]  The LAM Parties are Leucadia Asset Management LLC, acting through its Point Bonita Capital Division ("***LAM***"), LAM Trade Finance Group LLC ("***LAM TFG***"), and LAM TFG I SPV LLC ("***LAM SPV***").

**DEFINITIONS[3]**

1.      "***ABL Lenders***" has the meaning set forth in the Plan.

2.      "***Ad Hoc Group***" has the meaning set forth in the Plan.

3.      "***Adversary Proceeding***" means any adversary proceeding filed in connection with the Chapter 11 Cases and includes each of the proceedings described in Section IV.K and IV.L of the Disclosure Statement.

4.      "***Bankruptcy Code***" has the meaning set forth in the Plan.

5.      "***Chapter 11 Cases***" means, with respect to each of the Debtors, each and every one of such Debtor's cases under chapter 11 of the Bankruptcy Code commenced in the Bankruptcy Court, and also includes the cases under Chapter 7 of the Bankruptcy Code for the Evolution SPV Debtors.  The term Chapter 11 Cases includes any Adversary Proceedings filed in connection with such Chapter 11 Cases.

6.      "***Communications***" means any recorded oral or written communication of any kind, including among other things e-mails and text messages.

---

[3] Capitalized terms not defined have the meanings ascribed to them in the Plan.

4935-0947-7814

7.      "*Conditional Disclosure Statement Hearing*" means the hearing held on June 12, 2026 on the *Emergency Motion of Debtors for Entry of Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing; (III) Establishing Solicitation and Voting Procedures; (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures; (V) Establishing Preference Settlement Notice and Opt-In Procedures; (VI) Establishing Notice and Objection Procedures for Confirmation of Plan; and (VII) Granting Related Relief* [Dkt. 2914] and the *Motion to Convert or Dismiss Case* [Dkt. 2670] filed by the United States Trustee.

8.      "*Confirmation Hearing*" has the meaning set forth in the Plan.

9.      "*Creditors' Committee*" has the meaning set forth in the Plan.

10.     "*Debtors*" means each of the debtors and debtors in possession in the above-captioned chapter 11 cases, together with each of their employees, managers, officers, directors, agents, subsidiaries, special purpose vehicles, and affiliates, including the Evolution SPV Debtors.

11.     "*DIP Secured Parties*" has the meaning set forth in the Plan.

12.     "*Disclosure Statement*" means the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* filed at Dkt. No. 2982, including all exhibits and schedules thereto, as may be amended, supplemented, or otherwise modified from time to time, and which is prepared and distributed in accordance with sections 1125, 1126(b), and 1145 of the Bankruptcy Code and Bankruptcy Rules 3016 and 3018.

13.     "*Documents*" has the same meaning as in Fed. R. Civ. P. 34.

14.     "*Entity*" has the same meaning as in the Bankruptcy Code.

4935-0947-7814

15.    "*Estate Claims*" has the meaning set forth in the Plan.

16.    "*Estate Claims Credit Bid Transaction*" has the meaning set forth in the Plan.

17.    "*Estate Claims Marketing Process*" has the meaning set forth in the Disclosure Statement.

18.    "*Evolution SPV Debtors*" has the meaning set forth in the Disclosure Statement.

19.    "*Examiner*" has the meaning set forth in the Disclosure Statement.

20.    "*FBG Debtors*" has the meaning set forth in the Plan.

21.    "*First Brands*" means the Debtors, together with all non-debtor subsidiaries or affiliates and each of their employees, managers, officers, directors, agents, subsidiaries, and special purpose vehicles.

22.    "*including*" shall mean "including, without limitation."

23.    "*Litigation Trust Assets*" has the meaning set forth in the Plan.

24.    "*Plan*" means the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* filed at Dkt. No. 2981, including all exhibits and schedules thereto, as may be amended, supplemented, or otherwise modified from time to time.

25.    "*Plan Settlement*" has the meaning set forth in the Plan.

26.    "*Plan Supplement*" has the meaning set forth in the Plan.

27.    "*Premier Marketing Group Global Settlement*" has the meaning set forth in the Premier Marketing Group Plan.

28.    "*Premier Marketing Group Plan*" means the Chapter 11 Plan of Premier Marketing Group, LLC filed at Docket No. 2733 in the above-captioned case, as it had been amended, revised and/or supplemented.

29.    "*You*" *or* "*Your*" means First Brands.

-4-

4935-0947-7814

## **INSTRUCTIONS**

1.      These Requests seek all responsive Documents within Your possession, custody, or control.  Documents in Your possession, custody, and control are presumed to include Documents in the possession, custody, or control of professionals, advisors, and others employed on Your behalf.  The Requests below require You to search for and produce Documents or Communications in the custody, possession or control of any of First Brands' professionals or advisors (including all prepetition professionals and advisors) or any of their respective subsidiaries or affiliates.

2.      Each copy of a Document that differs in any way from another copy of that Document (by marginalia, highlighting, completeness/incompleteness, inclusion/exclusion of attachments, or otherwise) should be considered a separate Document and produced separately. The Requests call for production of all drafts of Documents in addition to final versions of Documents.

3.      A Request for Communications between You and another entity includes Communications by and between each side's respective professionals, advisors, and others employed on Your or such entity's behalf.

4.      If any document or information requested is claimed to be immune from discovery on the grounds of privilege or other exemption, then identify for each such document or information the purported privilege or exemption claimed, state the basis for the privilege or exemption asserted, and describe the information alleged to be privileged in detail sufficient to determine whether the privilege has been properly invoked, as and to the extent required by Federal Rule of Civil Procedure 26(b)(5), made applicable by Bankruptcy Rules 7026 and 9014.

5.      Any use of the word "including" means "including, without limitation."

4935-0947-7814

6.      Unless otherwise stated, the time period for these Requests is from September 1, 2025 to the present.

7.      These Requests are continuing.  If further information or Documents come into the possession of, or are brought to the attention of, You or Your agents, attorneys, employees, or representatives, You are required to supplement your responses and production.

**<u>REQUESTS FOR PRODUCTION</u>**

**<u>REQUEST FOR PRODUCTION NO. 1:</u>**    All transcripts of any deposition (including exhibits thereto) taken in connection with the Chapter 11 Cases or any Adversary Proceeding.

**<u>REQUEST FOR PRODUCTION NO. 2:</u>**    All responses to interrogatories or requests for admission (including all documents referenced therein or identified pursuant to Fed. R. Civ. P. Rule 33(d)) provided by any of the Debtors in connection with the Chapter 11 Cases or any Adversary Proceeding.

**<u>REQUEST FOR PRODUCTION NO. 3:</u>**    Copies of all Documents the Debtors have produced to any party in connection with the Chapter 11 Cases or any Adversary Proceeding.

**<u>REQUEST FOR PRODUCTION NO. 4:</u>**    Unredacted copies of all filings in the Chapter 11 Cases and any Adversary Proceedings to the extent such filings were made under seal and are not publicly available on the court's docket.

**<u>REQUEST FOR PRODUCTION NO. 5:</u>**    All Documents and Communications provided to or exchanged with the Examiner or the Examiner's professionals in connection with the Chapter 11 Cases or any Adversary Proceeding.

**<u>REQUEST FOR PRODUCTION NO. 6:</u>**    All Documents and Communications exchanged among You and the Ad Hoc Group (or any of its members), the Creditors' Committee (or any of its members), or the ABL Lenders relating to the Premier Marketing Group Plan, the Premier Marketing Group Global Settlement, the Estate Claims Credit Bid Transaction, the Plan, or the Plan Settlement.  The Documents and Communications responsive to this request include all communications relating to any terms or aspects of those plans, settlements or transactions, as well as all communications reflecting negotiations of those plans, settlements or transactions.[4]

**<u>REQUEST FOR PRODUCTION NO. 7:</u>**    All Documents and Communications exchanged between You and Gerard Uzzi of Uzzi & Lall.

---

[4] To the extent you assert that any responsive Documents and Communications are subject to mediation privilege, your privilege log should demonstrate the basis for such assertion, including information sufficient to show the dates for which such privilege is being claimed.

4935-0947-7814

**REQUEST FOR PRODUCTION NO. 8:**     All Documents and Communications relating to "Adverse Conduct" as defined in the Plan, including any and all Communications relating to any assessment or conclusion regarding which persons or entities engaged in "Adverse Conduct."

**REQUEST FOR PRODUCTION NO. 9:**     All Documents and Communications relating to substantive consolidation in connection with the Plan, including any and all Communications relating to any consideration of consolidating any Debtors for particular purposes, and any and all Communications relating to consolidation for purposes of any defenses to preference or other avoidance actions (in connection with the Preference Settlement as defined in the Plan or otherwise).

**REQUEST FOR PRODUCTION NO. 10:**   All Documents and Communications relating to the Preference Settlement as defined in the Plan, including any and all Communications relating to eligibility to participate in the settlement.

**REQUEST FOR PRODUCTION NO. 11:**   All Documents relating to the schedule of Specified Non-Released Parties in the Plan Supplement, including any and all Communications regarding the composition of the schedule and determinations regarding which persons or entities are included in the schedule.

**REQUEST FOR PRODUCTION NO. 12:**    All Documents and Communications relating to the Estate Claims Marketing Process, including (i) all diligence materials provided to any potential bidders, prospective bidders, bidders, or other participants, including all Documents in the "data room"; (ii) all indications of interest received from any prospective bidder; (iii) all bids received; (iv) all indications of interest for any Estate Claims being sold; (v) all "teaser" materials or other information used to solicit potential or prospective bidders; (vi) any Documents or Communications provided to the Ad Hoc Group or the participants in the Estate Claims Credit Bid in connection with the Estate Claims; and (vii) any Documents or Communications exchanged with any potential bidder, prospective bidders, or other participants. This Request expressly encompasses any Documents and Communications provided to or exchanged with the Ad Hoc Group or other participants in the Estate Claims Marketing Process that are in any way connected to the Estate Claims Credit Bid Transaction or the Estate Claims.

**REQUEST FOR PRODUCTION NO. 13:**    All Documents and Communications relating to the Estate Claims Credit Bid Transaction.

**REQUEST FOR PRODUCTION NO. 14:**    All Documents and Communications relating to the "causes of action" and "transactions" referenced by Charles M. Moore as described at Pages 24-25 and 131-132 of the transcript of the Conditional Disclosure Statement Hearing.

**REQUEST FOR PRODUCTION NO. 15:**    All Documents and Communications reviewed by or relied upon by Charles M. Moore in connection with reviewing and signing the Plan, the Disclosure Statement, or any declaration submitted in connection therewith, or in connection with providing testimony at the Conditional Disclosure Statement Hearing.

**REQUEST FOR PRODUCTION NO. 16:**    All Documents and Communications relating to the Special Committee Investigation (as defined in the Disclosure Statement).

4935-0947-7814

**REQUEST FOR PRODUCTION NO. 17:**   All Documents and Communications relating to, reflecting, or forming the basis for the Debtors' conclusion that "Based on the FBG Debtors' reasonable estimates, the FBG Debtors are estimating that the Effective Date is reasonably likely to occur in the second half of 2028, although the Effective Date may reasonably or in fact occur earlier or later than the second half of 2028."  (Disclosure Statement at 27.)

**REQUEST FOR PRODUCTION NO. 18:**   All Communications between You and the Ad Hoc Group (or any of its members) or the DIP Secured Parties (or any of those parties) between September 11, 2025 and September 28, 2025.

**REQUEST FOR PRODUCTION NO. 19:**   All Documents and Communications produced to any other Entity in connection with the Confirmation Hearing or the Conditional Disclosure Statement Hearing.

**REQUEST FOR PRODUCTION NO. 20:**   All Documents and Communications on which the Debtors intend to rely at the Confirmation Hearing.

**REQUEST FOR PRODUCTION NO. 21:**   All Documents and Communications on which any witness called by the Debtors has relied on or will rely on in connection with any testimony relating to the Confirmation Hearing.

Dated:  June 17, 2026
Houston, Texas

*/s/ Paul E. Heath*
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Matthew D. Struble (TX 24102544)
845 Texas Avenue, Suite 4700
Houston, TX  77002
Tel:  713.758.2222
Email: pheath@velaw.com
          mstruble@velaw.com

**WACHTELL, LIPTON, ROSEN & KATZ**
Emil A. Kleinhaus (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
51 West 52nd Street
New York, NY  10019
Tel:  212.403.1332
Email:  eakleinhaus@wlrk.com
          akherring@wlrk.com
          mhcassel@wlrk.com

*COUNSEL TO LEUCADIA ASSET MANAGEMENT LLC, LAM TFG, AND LAM SPV*

-8-

4935-0947-7814