**Exhibit C**
**LAM Parties' First Set of Interrogatories**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § § § | **(Jointly Administered)** |

## LAM PARTIES' FIRST SET OF INTERROGATORIES IN CONNECTION WITH PLAN CONFIRMATION

Pursuant to Federal Rules of Civil Procedure 26 and 33, made applicable by Federal Rules of Bankruptcy Procedure 9014, 7026 and 7033, the LAM Parties,[2] by and through their undersigned counsel, hereby serve this first set of interrogatories (the "***Interrogatories***") on First Brands Group, LLC and its debtor and non-debtor affiliates (together, "***First Brands***"). The Interrogatories are served in connection with the Confirmation Hearing (as defined below). A response is to be served as soon as practicable and no later than 5:00 p.m. EST on July 2, 2026, including by e-mail to eakleinhaus@wlrk.com, mhcassel@wlrk.com, akherring@wlrk.com, pheath@velaw.com and mstruble@velaw.com.

## DEFINITIONS

1.  "***Ad Hoc Group***" has the meaning set forth in the Plan.

2.  "***Administrative Expense Claims***" has the meaning set forth in the Plan.

3.  "***Adverse Conduct***" has the meaning set forth in the Plan.

---

[1]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]  The LAM Parties are Leucadia Asset Management LLC, acting through its Point Bonita Capital Division ("***LAM***"), LAM Trade Finance Group LLC ("***LAM TFG***"), and LAM TFG I SPV LLC ("***LAM SPV***").

4.     "*Bankruptcy Code*" has the meaning set forth in the Plan.

5.     "*Communications*" means any recorded oral or written communication of any kind, including among other things e-mails and text messages.

6.     "*Conditional Disclosure Statement Hearing*" means the hearing held on June 12, 2026 on the *Emergency Motion of Debtors for Entry of Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing; (III) Establishing Solicitation and Voting Procedures; (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures; (V) Establishing Preference Settlement Notice and Opt-In Procedures; (VI) Establishing Notice and Objection Procedures for Confirmation of Plan; and (VII) Granting Related Relief* filed at Dkt. 2914 and the *Motion to Convert or Dismiss Case* filed at Dkt. 2670 by the United States Trustee.

7.     "*Confirmation Hearing*" has the meaning set forth in the Plan.

8.     "*Debtors*" means each of the debtors and debtors in possession in the above-captioned chapter 11 cases, together with each of their employees, managers, officers, directors, agents, subsidiaries, special purpose vehicles, and affiliates, including the Evolution SPV Debtors.

9.     "*Deficiency Claim*" means a claim of a creditor secured by a lien on property in which the estate has an interest to the extent that the value of such creditor's interest in such property is less than the amount of such creditor's claim.

10.     "*DIP A Claims*" has the meaning set forth in the Plan.

11.     "*DIP Secured Parties*" has the meaning set forth in the Plan.

12. "*Disclosure Statement*" means the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* filed at Dkt. No. 3020, including all exhibits and schedules thereto, as may be amended, supplemented, or otherwise modified from time to time, and which is prepared and distributed in accordance with sections 1125, 1126(b), and 1145 of the Bankruptcy Code and Bankruptcy Rules 3016 and 3018.

13. "*DIP Secured Parties*" has the meaning set forth in the Plan.

14. "*Documents*" has the same meaning as in Fed. R. Civ. P. 34.

15. "*Effective Date*" has the meaning set forth in the Plan.

16. "*Entity*" or "*entity*" has the same meaning as in the Bankruptcy Code.

17. "*Estate Claims*" has the meaning set forth in the Plan.

18. "*Estate Claims Credit Bid Transaction*" has the meaning set forth in the Plan.

19. "*Estate Claims Marketing Process*" has the meaning set forth in the Disclosure Statement.

20. "*Evolution SPV Debtors*" has the meaning set forth in the Disclosure Statement.

21. "*FBG Debtors*" has the meaning set forth in the Plan.

22. "*First Brands*" means the Debtors, together with all non-debtor subsidiaries or affiliates and each of their employees, managers, officers, directors, agents, subsidiaries, and special purpose vehicles.

23. "*including*" shall mean "including, without limitation".

24. "*Litigation Trust*" has the meaning set forth in the Plan.

25. "*Litigation Trust Assets*" has the meaning set forth in the Plan.

26. "*Litigation Trust Waterfall*" has the meaning set forth in the Plan.

27. "*Person*" has the meaning set forth in the Plan.

-3-

28.      "**Plan**" means the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* filed at Dkt. No. 3019, including all exhibits and schedules thereto, as may be amended, supplemented, or otherwise modified from time to time, and which is prepared and distributed in accordance with sections 1125, 1126(b), and 1145 of the Bankruptcy Code and Bankruptcy Rules 3016 and 3018.

29.      "**Plan Supplement**" means the *Notice of Filing of (I) Plan Supplement and (II) Liquidation Analysis* filed at Dkt. No. 3046, including all exhibits and schedules thereto, as may be amended, supplemented, or otherwise modified from time to time.

30.      "**Privileges**" means the attorney-client privilege, the work-product doctrine, the common-interest or joint-defense privilege, mediation privilege, or any similar doctrine or immunity that You contend permits You to withhold information otherwise discoverable.

31.      "**Secured Claim**" means a claim of a creditor secured by a lien on property in which the estate has an interest to the extent of the value of such creditor's interest in the estate's interest in such property.

32.      "**You**" *or* "**Your**" means First Brands.

33.      If an Interrogatory is quoting from another Document, capitalized terms used within the quotation have the meaning ascribed to them in such Document.

## INSTRUCTIONS

1.      The terms used in these Interrogatories are to be given their most expansive and inclusive interpretation unless otherwise expressly limited.  The terms "all," "any," and "each" shall each be construed as encompassing any, all, each, and every. The singular form of a word shall include the plural and vice versa.  The terms "and" or "or" shall be both conjunctive and disjunctive.  The term "including" means "including without limitation."

2.       These Interrogatories shall be deemed continuing in nature.  In the event First Brands becomes aware of or acquires additional responsive information, such additional information is to be promptly produced.

3.       Where an objection is interposed to these Interrogatories, the objection shall state with specificity all bases and grounds for the objection.

4.       If any responsive information or documents is known to have existed and cannot now be located or has been destroyed, discarded, or otherwise disposed of, set forth a complete statement of the circumstances surrounding such loss, destruction, discarding or other disposition.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Disclose the identity of each witness that You may use at the Confirmation Hearing to present evidence or testimony under Fed. R. Evid. 702, 703, or 705, and for each such witness, provide (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) all facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases, in which during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.[3]

### **INTERROGATORY NO. 2:**

Disclose the identity of each witness that You may use at the Confirmation Hearing to present evidence or testimony under Fed. R. Evid. 701 as "lay opinion" testimony regarding any Estate Claim, and for each such witness, provide (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) all facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv)

---

[3] For the avoidance of doubt, the facts or data that must be disclosed in response to this Interrogatory includes all facts or data that You or Your attorneys have provided and that the expert considered in forming the opinions to be expressed, any assumptions that You or Your attorneys provided and that the expert relied on in forming the opinions to be expressed, requires disclosure of any material considered by the expert, from whatever source, that contains factual ingredients, and includes any facts or data considered by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified at trial or by deposition; and (vi) a statement of the compensation to be paid for the witness' testimony in the case.[4]

**INTERROGATORY NO. 3:**

Disclose the identity of each witness that You may use at the Confirmation Hearing to present evidence or testimony other than under Fed. R. Evid. 701, 702, 703, or 705 or otherwise not disclosed in response to Interrogatories No. 1 and No. 2, and for each such witness, provide a summary of the facts or opinions as to which the witness is expected to testify.

**INTERROGATORY NO. 4:**

Disclose the identity of each individual employed by the Debtors or the Debtors' Professionals or otherwise in the Debtors' control with knowledge of underlying facts related to the subject-matter of the testimony expected to be given by each of the witnesses disclosed in response to Interrogatories Nos. 1, 2 or 3, but that You will not call as a witness at the Confirmation Hearing.

**INTERROGATORY NO. 5:**

To the extent You intend to present evidence at the Confirmation Hearing regarding any Estate Claims, identify the Estate Claims with respect to which You intend to present evidence and describe the evidence You intend to present, including any evidence regarding (i) the identity of the defendants or potential defendants; (ii) the amount sought to be recovered through such Estate Claim; and (iii) the value or valuation, if any, that You ascribe to such Estate Claim, including any range of values as appropriate, and any assessment You will present regarding the merits of such claim, defenses to the claim, collectability, or any other factors bearing on value.

**INTERROGATORY NO. 6:**

State whether You intend to present testimony or evidence relating to the value, viability, collectability, or likelihood of success of an Estate Claim or on related topics that was not disclosed to all bidders, potential bidders, or prospective bidders as part of the Estate Claims Marketing Process or that is in any way based on or informed by information or evidence that was not made available to all bidders, all potential bidders, or all prospective bidders, including

---

[4] For the avoidance of doubt, the facts or data that must be disclosed in response to this Interrogatory includes all facts or data that You or Your attorneys have provided and that the witness considered in forming the opinions to be expressed, any assumptions that You or Your attorneys provided and that the witness relied on in forming the opinions to be expressed, and requires disclosure of any material considered by the witness, from whatever source, that contains factual ingredients, and includes any facts or data considered by the witness in forming the opinions to be expressed, not only those relied upon by the witness.

any such information that You claim is subject to applicable Privileges or non-public.  If so, describe such evidence or information with particularity.

**INTERROGATORY NO. 7:**

Describe in detail the basis for Your statement in the Plan Supplement's Liquidation Analysis that "The FBG Debtors are running a marketing process for the Estate Claims and there currently is no indication that a third party is willing to acquire the Estate Claims in an amount sufficient to satisfy the DIP A Claims (which following the Liquidation Date would accrue interest at the default rate) and provide equal or greater value to the FBG Debtors' other constituents compared to the proposed chapter 11 Plan."  In particular, describe in detail all indications, communications, or other interactions with any third parties with respect to the Estate Claims Marketing Process that in any way relate to the value that a third party is willing to pay for the Estate Claims or their interest in participating in a bidding process, including all information You provided to any such third party, any diligence requests or information requests they made to You, and any statements made regarding the value of the Estate Claims.

**INTERROGATORY NO. 8:**

State whether any information has at any time been shared with or otherwise made available to the Ad Hoc Group (or any member thereof) or any participant in the Estate Claims Credit Bid Transaction that in any way relates to the Estate Claims or the value of such Estate Claims that was not made available to all bidders, all potential bidders, or all prospective bidders as part of the Estate Claims Marketing Process.  If so, describe such information with particularity.

**INTERROGATORY NO. 9:**

State whether, in responding to these Interrogatories or any document requests propounded by the LAM Parties or any other parties in connection with the Confirmation Hearing, You are withholding any Communications, Documents or information reflecting Communications with the Ad Hoc Group or any participant in the Estate Claims Credit Bid Transaction that in any way relate to any Estate Claims or the Estate Claims Credit Bid Transaction or otherwise assert the right to do so on the basis that You and the Ad Hoc Group or participants in the Estate Claims Credit Bid Transaction share a common interest in the subject-matter of such Communications.  If so, please describe the nature of the common interest that such parties share, the identity of such parties, the date on which You contend such common interest began, and a description of the materials being withheld on such basis.

**INTERROGATORY NO. 10:**

Do You contend that, if the Estate Claims Credit Bid Transaction is selected as the winning bid following the Estate Claims Marketing Process, the monetization and distribution of the Litigation Trust Assets in accordance with the Litigation Trust Waterfall will be distributions on account of assets that will have been purchased under section 363 of the Bankruptcy Code by the DIP Secured Parties and transferred to the Litigation Trust, such that any distributions from the Litigation Trust will be distributions of proceeds from the DIP Secured Parties' properly

acquired property, and not of property of the Debtors' estates following the consummation of the Estate Claims Credit Bid Transaction?

**INTERROGATORY NO. 11:**

Do You contend that creditors in Classes 4, 5, and 6 (as defined in the Plan) have Secured Claims, and not only Deficiency Claims, at each and every FBG Debtor entity?  If not, state which of the FBG Debtors that Classes 4, 5, and 6 (as defined in the Plan) have Secured Claims against, and at which FBG Debtors they possess only Deficiency Claims against.

**INTERROGATORY NO. 12:**

State Your basis for separate classification of the Deficiency Claims of Classes 4, 5, and 6 (as defined in the Plan) and the claims in Class 7 (as defined in the Plan).

**INTERROGATORY NO. 13:**

If You contend that the Class 3 Litigation Trust Interests (as defined in the Disclosure Statement) are being provided to the FBG Debtors in consideration for the sale of the Estate Claims as part of the Estate Claims Credit Bid Transaction for distribution to their respective creditors, how are the FBG Creditors allocating the Class 3 Litigation Trust Interests received as part of the Estate Claims Credit Bid Transaction among each of the Debtors?

**INTERROGATORY NO. 14:**

Section 5.1 of the Plan states that:  "Pursuant to sections 363 and 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, and the releases contained in the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests, and controversies relating to the contractual, legal, equitable, and subordination rights that a holder of a Claim or Interest may have with respect to any Claim against or Interest in an FBG Debtor and any distribution to be made on account of such Claim or Interest. The Plan shall be deemed a motion to approve the compromises and settlements contained in the Plan, including the Plan Settlement. Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims, Interests, and controversies, including the Plan Settlement, as well as a finding by the Bankruptcy Court that such compromise and settlement is in the best interests of the FBG Debtors, their Estates, and holders of such Claims and Interests, and is fair, equitable, and reasonable. The compromises, settlements, and releases described herein shall be deemed non-severable from each other and from all other terms of the Plan."

Section 5.2(a) of the Plan states that: "Pursuant to sections 105(a), 361, 363, 364, 1123(b)(3)(A), and 1123(b)(6) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration of the distributions and other benefits provided under the Plan, the provisions of the Plan effect a compromise and settlement among the FBG Debtors, the Ad Hoc Group, and the Creditors' Committee (the '**Plan Settlement**'). The compromises and settlements included in the Plan Settlement are each (i) integrated with and dependent on all other compromises and settlements contemplated in connection with the Plan and (ii) necessary and integral to the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Plan Settlement under sections 105(a), 361, 363, 364, 1123(b)(3)(A), and 1123(b)(6) of the Bankruptcy Code and Bankruptcy Rule 9019, as well as a finding by the Bankruptcy Court that the Plan Settlement is fair, equitable, reasonable and in the best interests of the FBG Debtors' Estates. The terms of the Plan Settlement are reflected below."

Section 12.3 of the Plan states that: "If the Effective Date does not occur, the Plan shall be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall (i) constitute a waiver or release of any Claims by or against or any Interests in the FBG Debtors, (ii) prejudice in any manner the rights of any Entity, or (iii) constitute an admission, acknowledgement, offer, or undertaking by the FBG Debtors or any other Entity; *provided* that the foregoing shall not alter the protections afforded to any Person under sections 363(m) or 364(e) of the Bankruptcy Code to the extent applicable to any transactions consummated in connection with the Plan following entry of the Confirmation Order."

If the Effective Date does not occur, specify which sections or subsections of Articles II, IV, V, VI, VII, VIII, IX, X, XI, XIII, XIV, and XV of the Plan that You contend will become null and void pursuant to the first portion of Section 12.3 of the Plan, and which sections or subsections that You contend will remain in effect by virtue of the protections afforded to a Person under sections 363(m) and 364(e) of the Bankruptcy Code as set forth in the second portion of Section 12.3 of the Plan?

**INTERROGATORY NO. 15:**

Do You contend that the marketing process for and the purchase of the Estate Claims pursuant to the Estate Claims Credit Bid Transaction or the Estate Claims Marketing Process is subject to the release and injunction provisions of Section 13.4, Section 13.5(a), Section 13.6, and Section 13.8 of the Plan, such that the Litigation Trust Assets that were marketed and are intended to be sold pursuant to the Estate Claims Credit Bid Transaction do not include any Estate Claims released, exculpated, or enjoined under the Plan?

**INTERROGATORY NO. 16:**

State the basis for Your contention that each entity listed on the Schedule of Non-Released Parties in the Plan engaged in Adverse Conduct.

**INTERROGATORY NO. 17:**

State whether You have waived or intend to waive any Privileges relating to any of the Estate Claims or the Litigation Trust Assets, in connection with the Estate Claims Marketing Process, or in connection with the matters to be decided at the Confirmation Hearing. If You have waived or intend to waive any Privileges, describe with particularity the subject-matter of such waiver or intended waiver and the scope of such waiver or intended waiver.

-10-

Dated:  June 24, 2026
Houston, Texas

_/s/  Paul E. Heath_____
**VINSON & ELKINS LLP**
Paul E. Heath (TX 09355050)
Matthew D. Struble (TX 24102544)
845 Texas Avenue, Suite 4700
Houston, TX  77002
Tel:  713.758.2222
Email: pheath@velaw.com
      mstruble@velaw.com

**WACHTELL, LIPTON, ROSEN & KATZ**
Emil A. Kleinhaus (admitted *pro hac vice*)
Michael H. Cassel (admitted *pro hac vice*)
Angela K. Herring (admitted *pro hac vice*)
51 W. 52nd Street
New York, NY  10019
Tel:  212.403.1332
Email: eakleinhaus@wlrk.com
      akherring@wlrk.com
      mhcassel@wlrk.com

***COUNSEL TO LEUCADIA ASSET MANAGEMENT LLC, LAM TFG, AND LAM TFG SPV***