IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § | Chapter 11 |
| First Brands Group, LLC, et al.,[1] | | Case No. 25-90399 (cml) |
| Debtors. | | Jointly Administered |

---

**OBJECTION OF THE OFFICIAL COMMITTEE OF NON-UNION RETIREES
TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF FIRST BRANDS
GROUP, LLC AND CERTAIN AFFILIATED DEBTORS**

---

The Official Committee of Non-Union Retirees (the "**Retiree Committee**") files this

*Objection to Confirmation of the Joint Chapter 11 Plan of First Brands Group, LLC and Certain*

*Affiliated Debtors* (the "**Objection**"), and in support thereof, respectfully states as follows:

## I.  BACKGROUND

1.      On September 24, 2025, Global Assets LLC and 12 of the above-captioned debtors

(the "**Debtors**") each filed with the Court a voluntary petition for relief under chapter 11 of title

11 of the  U.S. Code (the "**Bankruptcy Code**").  Commencing on September 28, 2025, First

Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary petition under

chapter 11.

2.      The Debtors are authorized to continue to operate their business and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

No trustee has been appointed in these cases.

3.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

4.      On June 25, 2026, the Court entered its *Order (I) Authorizing and Directing the United States Trustee to Appoint a Committee of Retired Employees, and (II) Granting Related Relief* (the "**Retiree Committee Order**").[2]  Pursuant to the Retiree Committee Order, the Office of the United States Trustee appointed four individuals to the Retiree Committee and filed its *Notice of Appointment of Committee of Retirees* on July 9, 2026.[3]

5.      On June 16, 2026, the Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "**Plan**").[4]  In connection with the Plan, the Debtors filed their *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "**Disclosure Statement**") on June 17, 2026.[5]

6.      The Disclosure Statement provides: "Under the Bankruptcy Code, the Plan must prove for the continuation of all retiree benefit obligations in accordance with the terms of the applicable arrangement, subject to any modifications authorized by the Bankruptcy Court pursuant to section 1114 of the Bankruptcy Code.  The FBG Debtors may seek modifications to the Retiree Plan in advance of the confirmation hearing."[6]

---

[2]  ECF No. 3060.

[3]  ECF No. 3148.

[4]  ECF No. 3019.

[5]  ECF No. 3020.

[6]  Disclosure Statement, § IV(U).

7.      On July 14, 2026, the Debtors filed their *Emergency Motion for Order (i) Authorizing Debtors to Modify Retiree Benefits and (ii) Granting Related Relief* (the "**Retiree Benefit Motion**").[7]   The Retiree Benefit Motion requests an order of the Court allowing the termination of the retiree benefits of the Debtors' non-union retirees, effective seventeen (17) days after the filing of the Retiree Benefit Motion.

## II.  OBJECTION

8.      Section 1129(a) of the Bankruptcy Code provides:

The court shall confirm a plan only if all of the following requirements are met:

> … (13) The plan provides for the continuation after its effective date of payment of all retiree benefits… at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits.[8]

9.      As quoted above, section 1129(a)(13) refers to two subsections of section 1114 of the Bankruptcy Code.  First, section 1114(e)(1)(B) provides, in pertinent part:

> Notwithstanding any other provision of this title, the debtor in possession, or the trustee if one has been appointed under the provisions of this chapter (hereinafter in this section "trustee" shall include a debtor in possession) shall timely pay and shall not modify any retiree benefits, except that… the trustee and the authorized representative of the recipients of those benefits may agree to modification of such payments, after which such benefits as modified to be paid by the trustee.[9]

10.     Second, section 1114(g) provides:

> The court shall enter an order providing for modification in the payment of retiree benefits if the court find that –

---

[7] ECF No. 3194.

[8] 11 U.S.C. § 1129(a)(13).

[9] 11 U.S.C. § 1114(e)(1)(B).

(1) The trustee has, prior to the hearing, made a proposal that fulfills the requirements of subsection (f);

(2) The authorized representative of the retirees has refused to accept such proposal without good cause; and

(3) Such modification is necessary to permit the reorganization of the debtor and assures that all creditors, the debtor, and all of the affected parties are treated fairly and equitably, and is clearly favored by the balance of the equities.[10]

11.     Pursuant to section 1114(b)(2) of the Bankruptcy Code and the Retiree Committee Order, the Retiree Committee is the "authorized representative" with respect to non-union retirees.[11]

12.     Synthesizing the statutes quoted above, the Plan may be confirmed only if it proposes the payment of retiree benefits:

(a) at the same level as required prior to the petition date,

(b) at a modified level agreed to by the trustee and the Retiree Committee, or

(c) at a modified level ordered by the court, which may occur only if

(i) the trustee makes a qualifying proposal,

(ii) the court determines that the Retiree Committee rejected the proposal without good cause, *and*

(iii) the court further determines:
(A) that the modification is necessary to permit the reorganization of the debtor,
(B) the modification assures that all creditors, the debtor, and all of the affected parties are treated fairly and equitably, and
(C) the modification is favored by the balance of the equities.

13.     Here, the Debtors cannot establish any of those required showings.  First, as evidenced by the Retiree Benefits Motion, the Debtors do not intend to continue making payments for retiree benefits at the same level as required prior to the petition date.  Second, the Debtors and

---

[10] 11 U.S.C. § 1114(g).

[11] 11 U.S.C. § 1114(b)(2).

the Retiree Committee have not reached an agreement with respect to modifications of retiree benefits.

14.     Third, the Debtors have not obtained, and cannot obtain, an order of Court that includes the findings required under section 1114(g) of the Bankruptcy Code.  The hearing on the Retiree Benefit Motion is scheduled to be contemporaneous with the hearing on Plan confirmation, but as discussed more fully in the Retiree Committee's objection to the motion, the Debtors will be unable to meet their burden with respect to the Retiree Benefit Motion.  The Retiree Committee's refusal to accept the Debtors' proposal was performed with good cause, considering that the proposal offered effectively no value to retirees.  The proposed modification is not necessary to permit the reorganization of the debtor, which is not a remote possibility in these cases.  The proposed modification does not assure fair and equitable treatment of all creditors, debtors, and affected parties.  Finally, the equities clearly disfavor allowing the proposed modification, which would disproportionately burden the Debtors' retirees.  As a result, the Debtors will be unable to succeed on the Retiree Benefit Motion.

15.     Because the Plan does not provide for the continued payment of all retiree benefits "at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of this title," it is unconfirmable pursuant to section 1129(a)(13) of the Bankruptcy Code.[12]

16.     Separately, the Retiree Committee further objects because it and its members should be among the "Released Parties" under the Plan.  Section 1114(b)(2) of the Bankruptcy Code provides that a committee of retired employes should have the "same rights, powers, and duties as committees appointed under sections 1102 and 1103 of this title." 11 U.S.C. § 1114(b)(2). The definition of "Released Party" under the Plan includes "the Creditors' Committee and each of

---

[12] 11 U.S.C. § 1129(a)(13).

its members." Plan, § 1.1. To give meaning to section 1114(b)(2), the Retiree Committee and its members should be provided the same protective rights.

WHEREFORE, the Retiree Committee respectfully requests that the Court (a) sustain this Objection and deny confirmation of the Plan as presently proposed; and (b) grant the Retiree Committee such other and further relief as the Court deems just.

Dated: July 20, 2026
      Houston, Texas

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY, P.C.


By:     */s/ Mark D. Sherrill*
      Mark D. Sherrill (TBN 24034678)
      1200 Smith Street, Suite 1400
      Houston, TX 77002
      Telephone:   (713) 658-1818
      Facsimile:    (713) 658-2553
      e-mail: mark.sherrill@chamberlainlaw.com

*Proposed Counsel for The Official*
*Committee Of Non-Union Retirees*