United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 20, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re:  Docket No. 1244** |

**ORDER APPROVING THE (I) REJECTION OF CERTAIN
UNEXPIRED LEASES; (II) AND ABANDONMENT OF PROPERTY IN
CONNECTION THEREWITH; AND (III) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**");[2] and the Debtors having properly filed with this Court and served on the Master Notice Parties a notice (Docket No. 3094) (the "**Rejection Notice**") of their intent to reject the unexpired leases (the "**Leases**") identified on **Schedule 1**, attached hereto, and to abandon any personal property, including fixtures, furniture, and other equipment, at a leased premises as of the Rejection Date (such assets, the "**Remaining Property**") in accordance with the terms of the Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order.

best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Leases are hereby rejected as set forth herein, effective as of the date set forth for each Lease on **Schedule 1**, attached hereto; *provided* that the rejection date for real property leases will be the later of (i) the Debtors' unequivocal surrender of the Leased Premises via the delivery of any keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable lease counterparty, or in the absence of delivering such keys and codes, providing notice to the landlord or Counterparty that such party may enter and re-let the Leased Premises, and (ii) the date provided for herein (the "**Rejection Date**").

2.      The Remaining Property remaining at the leased premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances; *provided* that, notwithstanding anything to the contrary herein, the Debtors are not authorized to abandon any hazardous materials and shall remove all such materials prior to the Rejection Date.

3.      With respect to any Remaining Property abandoned at one of the Debtors' leased premises, the applicable landlord or other designee shall be free, after the Rejection Date, notwithstanding the automatic stay, to dispose of such Remaining Property without liability to any party and without further notice or order of the Court; and the applicable landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to any such claims.

4.      If a Counterparty has a claim for damages as a result of the Debtors' rejection of any applicable Leases set forth in the Rejection Notice, such Counterparty must submit

a proof of claim on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the entry of this Order, and (iii) any applicable date established by further order of this Court.  If no proof of claim is timely filed, such Counterparty shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

5.      Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) except as expressly set forth herein, an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

6.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7.      Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8.      The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

9.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


Signed: July 17, 2026

_____

Christopher Lopez
United States Bankruptcy Judge

## Schedule 1

## List of Rejected Leases[1]

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES[2] | REJECTION DATE |
|---|---|---|---|---|---|
| 1. | BBJ VENTURES, LLC | Commercial and Industrial Lease Agreement, dated May 30, 2023, for 1219 Hatcher Street, Emporia, Kansas 66801, between BBJ Ventures, LLC and Hopkins Manufacturing Corporation, and all related agreements | Hopkins Manufacturing Corporation | • the ABL Secured Parties,<br>• Onset | June 30, 2026 |
| 2. | HYG FINANCIAL SERVICES, INC. | Master Lease Agreement, dated October 26, 2015, together with equipment schedules and amendments, between HYG Financial Services, Inc. (Formerly NMGH Financial Services, Inc.) and Toledo Molding & Die, LLC (Formerly Toledo Molding & Die, Inc.) | Toledo Molding & Die, LLC | N/A | June 30, 2026 |

---

[1]   The inclusion of a Lease on this list does not constitute an admission (i) that a particular Lease is an unexpired lease within the meaning of the Bankruptcy Code, (ii) as to the executory or non-executory nature of the Lease, (iii) as to the expired or unexpired nature of such Lease, or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Lease.

[2]   Capitalized terms used but not defined herein are given the meanings ascribed to such terms in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying The Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608).

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES[2] | REJECTION DATE |
|---|---|---|---|---|---|
| 3. | MAC MONTACARGAS CORPORATION | Rental Agreements, for the following forklifts at 6700 Paredes Line Road, Brownsville, Texas 78526:<br>Serial: 169E01862; Model: FR18K-3<br>Serial: 831983; Model: FB18MFU-12<br>Serial: 831993; Model: FB18MFU-12<br>Serial: 830715; Model: FB20MU-12<br>Serial: 169E01017; Model: FR23K-3<br>Serial: 831919; Model: FB18MU-12 | First Brands Group, LLC, Trico Products Corp., Carter Fuel Systems, LLC, and Horizon Global Corporation | N/A | June 30, 2026 |
| 4. | MILLWOOD HOLDINGS, LLC | Lease, dated December 26, 1995, for 3255 West Hamlin Road, Rochester Hills, Michigan 48309, between Millwood Holdings, LLC and Trico Products Corporation, and all related agreements | Trico Products Corporation | • the ABL Secured Parties, | June 30, 2026 |
| 5. | PHOENIX JCR BROWNSVILLE INDUSTRIAL INVESTORS LLC | Lease, dated November 22, 2021, for 6700 Paredes Line Road, Brownsville, Texas 78526, between Phoenix JCR Brownsville Industrial Investors LLC and First Brands Group, LLC, and all related agreements | First Brands Group, LLC | • the DIP Secured Parties<br>• the ABL Secured Parties,<br>• Onset | June 30, 2026 |
| 6. | RICOH USA, INC. | Lease Agreement for Ricoh Equipment dated March 11, 2024 between Ricoh USA, Inc. and Dalton Corporation | Dalton Corporation | N/A | June 30, 2026 |

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES[2] | REJECTION DATE |
|---|---|---|---|---|---|
| 7. | RICOH USA, INC. | Lease Agreement for Ricoh Equipment dated January 20, 2025 between Ricoh USA, Inc. and Eagle Machining LLC | Eagle Machining LLC | N/A | June 30, 2026 |
| 8. | WELLS FARGO EQUIPMENT FINANCE, MANUFACTURER SERVICES GROUP | Equipment Lease Agreement dated as of April 17, 2024 between Wells Fargo Equipment Finance, Manufacturer Services Group and Brake Parts Inc LLC for Crown Equipment Corporation Equipment | Brake Parts Inc LLC | N/A | June 30, 2026 |
| 9. | WELLS FARGO FINANCIAL LEASING, INC. | Equipment Lease Agreement dated as of April 11, 2024 between Wells Fargo Financial Leasing, Inc. and Hopkins Manufacturing Corporation | Hopkins Manufacturing Corporation | N/A | June 30, 2026 |
| 10. | WELLS FARGO VENDOR FINANCIAL SERVICES, LLC | Equipment Lease Agreement dated December 5, 2023 between Wells Fargo Vendor Financial Services, LLC and Toledo Molding & Die, LLC | Toledo Molding & Die, LLC | N/A | June 30, 2026 |