**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| | § | |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | § | Case No. 25-90399 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | |

**LIMITED OBJECTION OF LBA RV-COMPANY XVII, LP TO CONFIRMATION OF
JOINT CHAPTER 11 PLAN OF FIRST BRANDS GROUP, LLC AND CERTAIN
AFFILIATED DEBTORS**

LBA RV-Company XVII, LP ("Landlord"), by and through its undersigned counsel, submits this limited objection to *Confirmation of Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Docket No. 3019] (the "Proposed Plan") and respectfully represents as follows:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1.    On September 24, 2025 (the "Petition Date"), Global Assets LLC and twelve of the Debtors in the above-captioned chapter 11 cases each filed a voluntary case under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Commencing on September 28 and 90, 2025, First Brands Group, LLC and the remaining Debtors, including Brake Parts Inc LLC, filed their voluntary cases under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed and Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

2.      Landlord, as successor-in-interest to Patterson Industrial Center, LLC, and debtor Brake Parts Inc LLC, as successor-in-interest to Affinia Group Inc., as tenant, are parties to that certain Industrial Space Lease, dated September 9, 2010, as subsequently amended (the "Patterson Lease"), for office, warehouse and distribution center space commonly known as Suite 100 of Keystone Pacific Boulevard, Patterson, California, consisting of approximately 394,000 rentable square feet in the Keystone West Business Park (the "Patterson Facility"). Monthly rent and charges under the Patterson Lease currently aggregate the sum of $308,174.90 per month. The Patterson Lease, among other things, provides for (a) the payment of the tenant's share of certain operating expenses and real property taxes on an estimated basis, subject to annual reconciliation and (b) a security deposit of $162,489.49.

3.      On October 9, 2025, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors [Docket No. 313] (the "Committee").

4.      Debtors' Chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1 [Docket No. 9].

5.      On June 12, 2026, this Court conditionally approved the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Docket No. 3020] (including any exhibits, schedules, modifications, amendments or supplements, the "Disclosure Statement") of the FBG Debtors[2] and entered its order [Docket No. 2990] (the "Disclosure Statement Order") approving the Disclosure Statement and granting

---

[2]    Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Proposed Plan.

related relief.  The Disclosure Statement Order, among other things, authorized the FBG Debtors to solicit votes to accept the Proposed Plan, filed on June 16, 2026.

6.     The Patterson Lease, which is involved in part of the "wind down" of Debtors' Brake Parts assets, has not, to date, been assumed or rejected.  The current deadline for Debtors to assume or reject the Patterson Lease is July 31, 2026 [*see* Docket No. 3105], after the scheduled Combined Hearing on the Proposed Plan and Disclosure Statement.

## II.    ARGUMENT

### A.    THE PROPOSED PLAN IMPROPERLY IMPAIRS CREDITORS' RIGHTS OF SETOFF

7.     The injunction provisions of the Proposed Plan (at Article XIII at § 13.4(b)) are overbroad, improperly seeking to enjoin claimants from:

> *asserting any right of setoff of any kind against any obligation* due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action unless (x) such Entity has timely asserted such setoff right either in a *filed proof of claim, or in another document filed with the Bankruptcy Court explicitly preserving such setoff or that otherwise indicates that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise* or (y) such right to setoff arises under a postpetition agreement with the FBG Debtors or (i) an executory contract or (ii) *an unexpired lease*, in the case of (i) and (ii), that has been *assumed by the FBG Debtors as of the Confirmation Date* ...

(Emphasis added.)

8.     While restricting the exercise of setoff by creditors, the Proposed Plan inequitably preserves the exercise of setoff and recoupment by the FBG Debtors, the ABL Collateral Trust, the DIP Collateral Trust, and the Litigation Trust.  *See* Proposed Plan at § 3.3.

9.     Additionally, as a practical matter, given the status of the Patterson Lease in these Chapter 11 cases, any restrictions on the potential exercise of setoff that require, or are conditioned on, action by Landlord before the Confirmation Date impose additional burdens

since a decision whether to reject, or assign, the Patterson Lease will not have been made and implemented by the Confirmation Date.

10. Under Fifth Circuit law, the provisions of Bankruptcy Code section 553 have precedence over the discharge provided by Section 1141. *See*, *e.g.*, *In re Luongo*, 259 F.3d 323, 333 (5th Cir. 2001); *Gilmour v. Aetna Health, Inc.*, 2018 WL 4937072, at *4-5 (W.D. Tex. 2018); *see also In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1274-1277 (9th Cir. 1992); *In re Ronnie Dowdy, Inc.*, 314 B.R. 182, 187 (Bankr. E.D. Ark. 2004).

11. Although Section 553 does not create a right of setoff, it preserves any such right under applicable non-bankruptcy law. Here, Debtors seek to restrict the application of setoff unless a party asserting setoff has filed a pleading with the Bankruptcy Court on or before the Effective Date. *See* Article XIII at § 13.4 of Proposed Plan. "Courts within and outside this Circuit have reasoned that the Bankruptcy Code does not impose any additional procedural mechanism on a creditor seeking to assert an equitable right of setoff" beyond the requirements of Bankruptcy Code section 553. *Gilmour v. Aetna Health, Inc.*, *supra*, 2018 WL 4937072 at *4. Accordingly, there is no basis for the additional procedural requirements sought to be imposed by Debtors here.[3]

---

[3] Even more clearly than setoff, the equitable remedy of recoupment survives plan confirmation. *See Megafoods Stores v. Flagstaff Realty Associates (In re Flagstaff Realty Associates),* 60 F.3d 1031, 1036 (3d Cir. 1995) (equitable remedy of recoupment survives plan confirmation). Under the Fifth Circuit's definition of recoupment, i.e., allowing a defendant to reduce liability on a claim by "asserting a claim against the plaintiff which arose out of the same transaction" (*see U.S. Abatement Corp. v. Mobil Exploration & Producing U.S., Inc. (In re U.S. Abatement Corp.)),* 79 F.3d 393, 398 (5th Cir. 1996), the reconciliation and adjustment of estimated charges and expenses under real property leases, such as provided by the Patterson Lease, involve the plain application of the doctrine of recoupment. As this Court explained in *Northstar Offshore Group, LLC v. Oil Peregrine & Gas LP (In re Northstar Offshore Group, LLC),* 2018 WL 4445082, at *3 (Bankr. S.D. Tex. 2018), "[t]he key feature which distinguishes recoupment from setoff is that a creditor's claim against a debtor arises from the same transaction as the debtor's claim. Since recoupment is not subject to the claims allowance process, a debtor has no interest in property that is subject to a right of recoupment." *See also In re Madigan*, 270 B.R. 749, 754 (9th Cir. BAP 2001) (holding that recoupment is unaffected by discharge because it is neither a claim against estate property nor a debt).

12.     The provisions of the Proposed Plan that purport to improperly add procedural restrictions to limit or restrict the exercise of setoff by creditors should be removed from the Proposed Plan.

## III.     JOINDER

13.     The Patterson Landlord joins in any objections to confirmation of the Proposed Plan filed by Debtors' other real property landlords.

## IV.     CONCLUSION

The restrictions on the potential exercise of setoff contained in the Proposed Plan are contrary to applicable law and should be stricken from the Proposed Plan.

Dated: July 20, 2026

/s/ Robert L. LeHane
**KELLEY DRYE & WARREN LLP**
Robert L. LeHane, Esq.
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: rlehane@kelleydrye.com

-and-

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
Ivan M. Gold (admitted *pro hac vice*)
3 Embarcadero Center, 25th Floor
San Francisco, CA 94111-4074
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: igold@allenmatkins.com

*Counsel for LBA RV-Company XVII, LP*