**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

------------------------------------------------------------x
                                               :

In re:                                 :     Chapter 11

                                      :

FIRST BRANDS GROUP, LLC, *et al*.,    :     Case No. 25-90399 (CML)

                                      :

           Debtors.                 :     (Jointly Administered)

                                        :

------------------------------------------------------------x

### *GARZA* WARN PLAINTIFFS' OBJECTION TO FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF DEBTORS' CHAPTER 11 PLAN

The *Garza* WARN Plaintiffs, by counsel, respectfully object to final approval of the Debtors' Disclosure Statement (the "Disclosure Statement") and confirmation of the Debtors' Chapter 11 Plan (the "Plan") because they fail to identify or disclose the classification and treatment of the WARN Act claims currently pending against the Debtors. As a result, the Disclosure Statement and Plan do not comply with the requirements of the Bankruptcy Code or Bankruptcy Rule 3016, and confirmation should be denied unless and until the Disclosure Statement and Plan are amended to adequately address those claims, or the Court holds that the claims otherwise survive.

### I.      BACKGROUND

1.      The Objectors represent former employees asserting claims under the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq., arising from post-petition employment terminations. (Adversary Proceeding No. 26-03038, ECF No. 1). Those claims are presently being litigated before this Court and remain unresolved.

2.      Because the pending WARN claims may constitute administrative expense claims, priority wage claims, general unsecured claims, or some combination thereof, the manner in which the Plan classifies and treats those claims is material to confirmation.

## II.     THE PLAN DOES NOT SATISFY THE REQUIREMENTS OF §§ 1123 AND 1129

3.      Section 1123(a) requires a Chapter 11 plan to designate classes of claims and specify the treatment afforded to each class. 11 U.S.C. § 1123(a)(1)-(4). Likewise, confirmation is permitted only if the Plan complies with the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). The Plan classifies claims in Articles III and IV but contains no classification or treatment for the pending WARN Act claims.

4.      A bankruptcy court may confirm a Chapter 11 plan only if all requirements of 11 U.S.C. § 1129(a) are satisfied. These requirements include: (1) compliance with the Bankruptcy Code; (2) proponent compliance with the Code; (3) good faith proposal of the plan; (7) the best interests of creditors test — each impaired creditor must receive at least what they would receive in a Chapter 7 liquidation; (8) acceptance by each impaired class; (9) proper treatment of administrative and priority claims; (10) acceptance by at least one impaired class; and (11) feasibility — confirmation must not be likely to be followed by liquidation or further reorganization. 11 U.S.C.A. § 1129.

5.      **Violation of Priority Rules Under § 1129(a)(9).**  Of particular importance when WARN Act claims are pending, § 1129(a)(9) requires that the plan provide for the payment of priority claims under 11 U.S.C. § 507(a).  11 U.S.C.A. § 1129.  Courts have consistently held that pre-petition WARN Act claims are entitled to fourth-level priority as wages under 11 U.S.C. § 507(a)(4), up to the statutory cap, with any excess treated as general unsecured claims. *In re Powermate Holding Corp.*, 394 B.R. 765, 771–773 (Bankr. D. Del. 2008); *see also In re United*

*Furniture Indus., Inc.*, 672 B.R. 297, 304–10 (Bankr. N.D. Miss. 2025). Section 1129(a)(9) mandates that a plan provide for the payment of priority claims under § 507(a). 11 U.S.C.A. § 1129 (West). A plan that distributes assets to general unsecured creditors or equity holders while ignoring WARN Act priority wage claims violates this requirement and cannot be confirmed over the objection of the WARN Act claimants. Section 1129(b) prohibits the confirmation of priority-violating plans over the objection of an impaired class of creditors.

6.      Additionally, Section 1129(a)(9)(A) requires that, absent the consent of the claimant, a chapter 11 plan provide for payment in cash of the full amount of each allowed administrative expense claim on the effective date or otherwise provide treatment consistent with the Bankruptcy Code. 11 U.S.C. § 1129(a)(9)(A).

7.      The Plan acknowledges this statutory requirement in Article II. Specifically, Section 2.1(a) provides that holders of Allowed Administrative Expense Claims shall receive either: (i) cash payable by the Litigation Trust and/or the DIP Collateral Trust in an amount equal to the Allowed Administrative Expense Claim, payable in accordance with the applicable trust waterfalls; or (ii) "such other treatment consistent with the provisions of section 1129(a)(9) of the Bankruptcy Code."

8.      However, merely reciting the requirements of § 1129(a)(9) does not satisfy them. The Plan elsewhere creates a detailed and complex waterfall structure governing distributions from the Litigation Trust and DIP Collateral Trust, including reserves for disputed claims and multiple classes of trust beneficiaries. *See* Plan §§ 6.5, 7.4, 9.4.

9.      The Garza WARN Plaintiffs have asserted claims arising from post-petition layoffs and contend that those claims qualify, in whole or in part, as administrative expense claims under

11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2). Those claims remain pending in the adversary proceeding and have not yet been adjudicated.

10.     Notwithstanding the pendency of those claims, the Plan fails to explain how any WARN Act administrative expense claims, if allowed, will actually be paid in full. Although Section 2.1 references payment by the Litigation Trust and/or DIP Collateral Trust, the Plan does not identify:

- whether funds sufficient to satisfy all potential administrative expense claims have been reserved;

- which trust bears responsibility for payment of disputed WARN administrative claims;

- how disputed WARN administrative claims will be treated pending allowance;

- whether sufficient assets exist to satisfy such claims in full before distributions are made to junior constituencies; or

- how the Court can determine that the Plan is feasible with respect to these mandatory priority obligations.

11.     Indeed, the Plan defines Administrative Expense Claims broadly to include claims entitled to priority under §§ 503(b), 507(a)(2), and 507(b), but expressly excludes only Professional Fee Claims, DIP Claims, Roll-Up Claims, Intercompany Claims, and Priority Tax Claims. Nothing in the definition excludes WARN Act administrative expense claims.

12.     Because the Plan neither classifies nor meaningfully addresses the treatment of the Garza WARN administrative expense claims if they are allowed, creditors and the Court cannot determine whether the Plan actually complies with § 1129(a)(9)(A). A debtor cannot obtain confirmation by simply incorporating the statutory language while failing to demonstrate that the Plan contains a workable mechanism to satisfy all allowed administrative expense claims in full.

13. Accordingly, confirmation should be denied unless the Debtors amend the Plan to provide a definite mechanism ensuring payment in full of all allowed administrative expense claims—including any WARN Act claims that are ultimately allowed as administrative expenses—or otherwise establish compliance with § 1129(a)(9)(A). Because the Plan presently fails to demonstrate compliance with this mandatory confirmation requirement, confirmation must also be denied under § 1129(a)(1), which requires that a plan comply with all applicable provisions of the Bankruptcy Code.

14. **Feasibility Concerns Under § 1129(a)(11).** Where WARN Act claims are substantial, as is the case here, and the plan makes no provision for their potential payment, the plan may fail the feasibility test. This "feasibility" standard requires that "the Plan is workable and has a reasonable likelihood of success." *In re Tonopah Solar Energy, LLC*, 657 B.R. 393, 407 (D. Del. 2022) (feasibility satisfied because the plan provided an adequate financial cushion to address the contingent litigation claims).

15. Where a plan, such as here, provides no reserve or other mechanism to address substantial unresolved WARN Act claims, confirmation then fails the feasibility requirement. That concern is particularly acute here. The Garza Plaintiffs seek to represent a class of nearly 1,000 former employees, and potentially more, across numerous First Brands subsidiaries. The resulting WARN Act exposure could amount to many millions of dollars. Confirming the Plan without accounting for that contingent liability risks leaving the reorganized entity unable to satisfy the claims if they are ultimately allowed, thereby undermining the Plan's feasibility.

16. **Best Interests of Creditors Under § 1129(a)(7).** Section 1129(a)(7) requires that each holder of an impaired claim who has not accepted the plan receive or retain property having a value that is not less than the amount such holder would receive if the debtor were liquidated

5

under Chapter 7. 11 U.S.C. § 1129(a)(7). This "best interests of creditors" test cannot be satisfied unless the Court can determine how an impaired creditor's claims will be classified and treated under the Plan. Here, the Garza WARN Plaintiffs have not accepted the Plan and expressly object to confirmation because the Plan fails to identify how the Debtors intend to classify or treat the pending WARN Act claims. Instead, the Disclosure Statement under the Plan merely acknowledges the existence of the adversary proceeding and the pending motions to dismiss, without providing any mechanism for the allowance, reservation, or payment of those claims if they are ultimately allowed. In the absence of that information, neither the Court nor the WARN Plaintiffs can evaluate whether the Plan satisfies the requirements of § 1129(a)(7). Here, the Garza WARN Plaintiffs have not accepted the Plan and expressly object to confirmation because the Plan does not identify how the Debtors intend to classify, reserve for, or satisfy the pending WARN Act claims. Rather, the Plan merely acknowledges the existence of the adversary proceeding and the pending motions to dismiss, leaving creditors and the Court without any explanation of how those claims will be treated if they are ultimately allowed. As a result, the Court cannot determine whether the Plan satisfies § 1129(a)(7).

17. **Good Faith Under § 1129(a)(3).** A plan proposed in bad faith cannot be confirmed. 11 U.S.C.A. § 1129 (West). A plan that ignores WARN Act claims in an adversary proceeding for the purpose of eliminating them without proper resolution could similarly be found to lack good faith. (*See In re Marsh Fairway Corp.*, 148 B.R. 721, 723 (Bankr. D.N.H. 1992)) (where the bankruptcy court denied confirmation and dismissed the case where the debtor's plan was essentially a litigation strategy, characterizing such a plan as a "plan for litigation" rather than a "plan of reorganization," which falls outside the intended purposes of Chapter 11).

18.     Given the silence, the proposed Plan does not satisfy 1123 or 1129 with respect to the WARN claims. The Plan does not identify whether the Debtors contend the WARN claims are:

- administrative expense claims under §§ 503 and 507(a)(2);
- priority wage claims under § 507(a)(4) or (5);
- general unsecured claims;
- disputed claims subject to reserve procedures; or
- are entitled to some other treatment.

19.     Nor does the Plan explain whether any reserve will be established pending resolution of the adversary proceeding, whether distributions will be withheld pending allowance of the claims, or how those claims will participate if allowed.

20.     Absent this information, neither the Court nor affected creditors can determine whether the Plan satisfies the mandatory requirements of § 1123 or whether confirmation is appropriate under § 1129(a)(1).

### III.     THE DISCOSURE STATEMENT FAILS TO PROVIDE ADEQUATE INFORMATION UNDER BANKRUPTCY RULE 3016

21.     Bankruptcy Rule 3016 requires that a disclosure statement describe the treatment of claims with sufficient specificity to permit creditors to understand how their claims will be treated and to intelligently evaluate whether to support or object to confirmation. The Disclosure Statement must provide creditors with adequate notice of the rights afforded to them under the proposed reorganization. The proposed Disclosure Statement (and Plan) does not satisfy that requirement.

22.     The WARN Plaintiffs are actively litigating their claims against the Debtors before this Court in Adversary Proceeding No. 26-03038. Those claims are not hypothetical or contingent

future claims—they are pending claims that the Debtors have chosen to litigate while simultaneously seeking confirmation of a Chapter 11 Plan.

23.     Despite the pending litigation, neither the Plan nor the Disclosure Statment contain any provision identifying the WARN claims or explaining how they will be treated. *See* Articles III, IV, X. Specifically, the Disclosure Statement fails to disclose:

- whether the Debtors contend the WARN claims constitute administrative expense claims, priority wage claims, general unsecured claims, or another category of claims;

- whether the Debtors dispute the priority or allowance of those claims;

- whether reserves will be established pending resolution of the adversary proceeding;

- whether distributions attributable to those claims will be withheld pending adjudication; or

- how the holders of those claims will participate under the Plan if their claims are ultimately allowed.

24.     Because the Plan is silent regarding the treatment of an entire category of claims currently being litigated before this Court, the WARN Plaintiffs and other creditors are unable to determine the effect confirmation will have on their rights. The omission deprives affected creditors of the notice contemplated by Bankruptcy Rule 3016 and prevents meaningful evaluation of whether the Plan complies with the Bankruptcy Code.

## IV.     CONFIRMATION IS PREMATURE

25.     The WARN Plaintiffs do not ask this Court, through this objection, to determine the ultimate allowance, amount, priority, or administrative status of their WARN Act claims. Those issues remain pending before this Court in the adversary proceeding and will be resolved through the appropriate claims allowance process. Rather, the objection is considerably narrower.

26.     The Debtors have elected to proceed with confirmation while simultaneously litigating the WARN claims, yet the Plan contains no mechanism whatsoever to address those pending claims, other than noting that a motion to dismiss is pending. See Plan Disclosure Statement, ECF No. 3020 at 70–71. Whether the Debtors ultimately contend the WARN claims are entitled to administrative priority, priority wage treatment, general unsecured treatment, or some other classification, the Plan must disclose that position and explain how those claims will be administered under the Plan.

27.     Without such disclosure, neither creditors nor the Court can determine whether the Plan complies with 11 U.S.C. §§ 1123 and 1129, whether similarly situated creditors are receiving equal treatment, whether appropriate reserves exist for disputed claims, or whether confirmation will improperly prejudice the rights of the WARN Plaintiffs.

28.     Simply put, confirmation should not proceed while an entire category of actively litigated claims remains unaddressed by the Disclosure Statement/Plan.  At a minimum, the Debtors should be required to amend the Plan to expressly identify the classification and treatment of the WARN claims and to provide an appropriate mechanism governing distributions pending resolution of the adversary proceeding.

## V.      RESERVATION OF RIGHTS

29.     The WARN Plaintiffs expressly reserve all rights regarding:

- allowance of their claims;
- administrative expense status;
- priority status;
- classification;
- distributions under any confirmed plan;

- any objections to amended plan provisions; and

- any additional confirmation objections that may arise.

## VI.    CONCLUSION

30.    The proposed Plan (and Disclosure Statement) fails to identify the classification and treatment of the pending WARN Act claims and therefore does not satisfy the requirements of 11 U.S.C. §§ 1123 and 1129 or Bankruptcy Rule 3016.

31.    Accordingly, the WARN Plaintiffs respectfully request that the Court deny final approval of the Disclosure Statement and confirmation unless and until the Debtors amend the Disclosure Statement and Plan to expressly identify the classification and treatment of the pending WARN Act claims, together with such other and further relief as the Court deems just and proper.

Dated: July 20, 2026.                    Respectfully submitted by,

/s/ John J. Sparacino
**MCKOOL SMITH, PC**
John J. Sparacino (SBN 18873700)
S. Margie Venus (SBN 20545900)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
jsparacino@mckoolsmith.com
mvenus@mckoolsmith.com

-and-

J. Gerard Stranch, IV *(Pro Hac Vice)*
Mariah S. England *(Pro Hac Vice)*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mengland@stranchlaw.com

10

Lynn A. Toops *(Pro Hac Vice)*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
ltoops@cohenandmalad.com

Samuel J. Strauss *(Pro Hac Vice)*
Raina C. Borrelli*
**STRAUSS BORRELLI, PLLC**
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
T: (872) 263-1100
F: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

*\* Pro Hac Vice* application to be submitted

*Counsel for Plaintiffs and the Proposed Class*

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 20, 2026, a true and correct copy of the foregoing document

was served via the Court's Electronic Notification System on all parties entitled to such notice.

*/s/ John J. Sparacino*
John J. Sparacino