**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| FIRST BRANDS GROUP, LLC, et al.,[1] | § | Case No. 25-90399 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**LIMITED OBJECTION OF THE TEXAS COMMISSION**
**ON ENVIRONMENTAL QUALITY TO THE JOINT CHAPTER 11 PLAN**
**OF FIRST BRANDS GROUP, LLC AND CERTAIN AFFILIATED DEBTORS**

The Texas Commission on Environmental Quality (the "TCEQ"), by and through the

Office of the Texas Attorney General, files this Limited Objection (the "Limited Objection") to

*Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "Plan")

[Dkt. No. 3019], and respectfully states as follows:

**I.     RELEVANT BACKGROUND**

1.     On June 12, 2026, the Debtors filed the Plan in conjunction with *Joint Disclosure*

*Statement for Debtor's Joint Plan of Reorganization* (the "Disclosure Statement"). *See* Dkt. Nos.

2981 and 2982.

2.     On June 16, 2026, Debtors filed the *Joint Chapter 11 Plan of First Brands Group,*

*LLC and Certain Affiliated Debtors* [Dkt No. 3019] and the *Disclosure Statement for Joint Chapter*

*11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Dkt. No. 3020]. On June 17,

2026, the Debtors filed the *Notice of Filing of (I) Solicitation Version of Chapter 11 Plan and*

*Disclosure Statement and (II) Redlines*. *See* Dkt. No. 3021.

---

[1] A complete list of the Debtors in the Chapter 11 Cases may be obtained on the website of the Claims and Noticing Agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

## II.   LIMITED OBJECTION

3.      Certain Debtors hold accounts, permits, and registrations with TCEQ, including, in certain cases, air and stormwater permits and solid waste registrations. TCEQ is generally not opposed to the Plan but wants to ensure that all applicable laws and regulations are followed in connection with the Plan and that public health and natural resources are protected.

4.      To that end, TCEQ respectfully requests the following language be added to the final Confirmation Order:

> *Nothing in this Confirmation Order, the Plan, any amendments thereto, or related documents, discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim");[2] (ii) any Claim of a Governmental Unit arising on or after the Confirmation Date;[3] (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date;[4] or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors.[5] Nor shall anything in this Order enjoin or*

---

[2] *See Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1277 (5th Cir. 1994) (holding that the alleged claim was not discharged in the bankruptcy proceeding because such claim arose after the filing of the bankruptcy petition and did not fall within the definition of a claim in 11 U.S.C. § 101(5)); *see also In re National Gypsum Co.*, 139 B.R. 397, 405 (Tex. N.D. 1992) ("A claim exists only if before filing of the bankruptcy petition, the relationship between the debtor and the creditor contained all the elements necessary to give rise to a legal obligation -- "a right to payment" -- under the relevant non-bankruptcy law.").

[3] *See In re Pavlovich*, 952 F.2d 114, 119 (5th Cir. 1992) ("Creditors whose claims arise from and after confirmation are not barred by the event of confirmation from asserting such claims, except to the extent that they arise from pre-confirmation acts."); see also Harrington v. Purdue Pharma L.P., 603 U.S. 204, 214 ("a bankruptcy court's order confirming a plan 'discharges the debtor from any debt that arose before the date of such confirmation,' except as provided in the plan, the confirmation order, or the code." (citing 11 U.S.C. § 1141(d)(1)(A)).

[4] *See In re Halo Wireless, Inc.*, 684 F.3d 581, 587 (5th Cir. 2012) (emphasizing the importance of the exception to the automatic stay in 11 U.S.C. § 362(b)(4) because such exception "discourages debtors from submitting bankruptcy petitions either primarily or solely for the purpose of evading impending governmental efforts to invoke the governmental police powers to enjoin or deter ongoing debtor conduct which would seriously threaten the public safety and welfare" (citing *In re McMullen*, 386 F.3d 320, 324–25 (1st Cir. 2004)); *see also In re Gandy*, 327 B.R. 796, 805 (Bankr. S.D. Tex. 2005) (holding that "the enforcement of state environmental laws falls within the gambit of the police and regulatory powers excepted [from the automatic stay] by [11 U.S.C.] § 362(b)(4)").

[5] 11 U.S.C. § 524(e); *see also Hernandez v. Larry Miller Roofing, Inc.*, 628 F. App'x 281, 289 (5th Cir. 2016) (reaffirming that § 524(e) does not limit the ability to bring suit against any persons other than the debtor for a liability); *see also In re Prescription Home Health Care, Inc.*, 316 F.3d 542, 550 (5th Cir. 2002) (holding that the bankruptcy court did not have jurisdiction over the IRS's liability against a non-debtor); see also Harrington v. Purdue Pharma L.P., 603 U.S. 204, 214 ("[W]e hold only that the bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seeks to discharge claims against a nondebtor without the consent of affected claimants.").

*otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.*

*Further, nothing in this Confirmation Order, the Plan, any amendments thereto, or related documents, authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.[6] Nothing in this Order shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit.[7] Nothing in this Order shall affect any setoff or recoupment rights of any Governmental Unit.[8] Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.[9]*

*For the avoidance of doubt, the Texas Commission on Environmental Quality opts out of any and all releases provided in the Plan.*

### III.   CONCLUSION

WHEREFORE, the Texas Commission on Environmental Quality respectfully asks the Court to enter relief consistent with this Limited Objection and grant such other relief as the Court deems just and proper.

---

[6] *In re Braniff Airways, Inc.*, 700 F.2d 935, 924 (5th Cir. 1983) (holding that, in the bankruptcy context, "any transfer of a state or federal regulatory license or certificate is subject to the continuing jurisdiction and approval of the applicable agency"); *see also In re Welker*, 163 B.R. 488, 489 (Bankr. N.D. Tex. 1994) (holding that the Bankruptcy Code does not supersede or preempt statutory requirements or public policy interests by compelling the transfer of a debtor's property without compliance with statutory rules and regulations).

[7] *In re Halo Wireless, Inc.*, 684 F.3d 581, 591–92 (5th Cir. 2012) (noting generally that investigations by a governmental entity of post-confirmation actions are excepted from the automatic stay); *In re Velo Holdings Inc.*, 501 B.R. 188, 194 (Bankr. S.D.N.Y. 2013) (holding that the state did not violate injunctive provisions of a confirmed plan by issuing a civil investigative demand for information relating to the debtors' post-confirmation business practices).

[8] *See In re Luongo*, 259 F.3d 323, 333 (5th Cir. 2001) (holding that "a debtor's discharge in bankruptcy does not bar a creditor from asserting its right to set off"); *see also In re Holyoke Nursing Home, Inc.*, 372 F.3d 1, 5 (1st Cir. 2004) (recognizing a governmental entity's right to recoupment because to allow any overpayments to become property of the bankruptcy estate would mean that the estate might apply a portion of government-provided funds to satisfy the debtor's other debts).

[9] *See In re Prescription Home Health Care, Inc.*, 316 F.3d 542, 550 (5th Cir. 2002) (holding that the bankruptcy court did not have jurisdiction over the IRS's tax liability claim against a non-debtor despite language attempting to waive such liability in the plan); *In re Apex Oil Co., Inc.*, 406 F.3d 538, 542 (8th Cir. 2005) (noting that while a "bankruptcy court is in the best position to interpret its own orders," Congress also granted state courts concurrent jurisdiction to consider post-confirmation bankruptcy issues) (citing 28 U.S.C. § 1334(b)); *see also Whitehouse v. LaRoche*, 277 F.3d 568, 576 (1st Cir. 2002) (noting that the bankruptcy courts have original but not exclusive jurisdiction over the adjudication of certain defenses).

Dated: July 20, 2026

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Chief for Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
**LAYLA D. MILLIGAN**
Texas State Bar No. 24026015
Southern Dist. Bar No. 38000
**ROMA N. DESAI**
Texas State Bar No. 24095553
Southern Dist. Bar No. ME005162
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov

ATTORNEYS FOR THE TEXAS COMMISSION ON
ENVIRONMENTAL QUALITY

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on July 20, 2026.

*/s/ Layla D. Milligan*
**LAYLA D. MILLIGAN**
Assistant Attorney General