**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>ASCEND ELEMENTS, INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 26-90440 (CML)<br><br>(Jointly Administered) |

**ORACLE'S LIMITED OBJECTION TO, AND RESERVATION OF RIGHTS REGARDING, DEBTORS' SALE MOTION AND RELATED SECOND NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Oracle America, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 cases, submits this limited objection and reservation of rights ("Rights Reservation") regarding both: (1) *Debtors' Emergency Motion for Entry of Orders (I)(A) Approving Bid Procedures, (B) Authorizing Designation of a Stalking Horse Bidder, (C) Scheduling An Auction, Related Deadlines, and a Sale Hearing, and (D) Granting Related Relief; and (II)(A) Approving the Sale of Debtors' Assets, (B) Approving the Assumption and Assignment of Certain Contracts, and (C) Granting Related Relief* [Dkt. No. 50] ("Sale Motion"); and (2) *Second Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Dkt. No. 488] ("Assumption Notice")[1], filed by Ascend Elements, Inc., et al. ("Debtors").

## I.    INTRODUCTION

In connection with the Sale Motion, the Debtors seek Bankruptcy Court authority to, among other things, assume and assign certain executory contracts between the Debtors and

---

[1] Oracle is aware that the last day to file an objection to the Assumption Notice is 6/27/26. However in order to save duplicate filings, Oracle incorporates its objection to the Assumption Notice in this Rights Reservation.

Oracle.   Oracle objects to, and reserves its rights regarding, the proposed assumption and assignment for several reasons.

First, the targeted Oracle agreements are, or pertain to, one or more licenses of intellectual property which are not assignable absent Oracle's consent pursuant to both the underlying license agreement(s) and applicable law.

Second, the Assumption Notice does not provide a complete description of the contracts and lacks relevant information, precluding identification of certain targeted agreements. Oracle is in the process of reviewing its records, but at present it appears that the agreements identified for assumption and assignment have recently expired and may no longer be executory.   Therefore, at this time, Oracle is unable to determine either which contract may be assumed and assigned or the accuracy of the proposed cure amount.

Third, if Oracle's agreements are being assumed and assigned to R3 Lithium, Inc. ("R3 Lithium") in connection with the sale of the Covington, Georgia assets, no adequate assurance information has been provided.   Therefore, Oracle is unable to determine whether the potential assignee will be capable of performing under the terms of the contracts.

Finally, the APA (defined below) contemplates provision of transition services, which may entail the unauthorized shared use of Oracle's licenses, in a manner which is not permitted by Oracle's agreements.  Oracle objects to any unauthorized shared use of its licenses.

Accordingly, Oracle requests that the Court deny the Debtors' request for authority to assume and assign, transfer, or share use of, any Oracle agreement without Oracle's consent.

## II.      FACTUAL BACKGROUND

The Debtors filed the above captioned cases on April 9, 2026. An order directing joint administration was entered shortly thereafter. The Debtors continue to operate as debtors in possession.

On April 10, 2026 the Debtors filed the Sale Motion seeking Court authority to sell substantially all of the Debtors' assets.

On June 20, 2026 the Debtors filed their *Notice of (I) Designation of R3 Lithium, Inc. as Successful Bidder for the Debtors' Covington, Georgia Assets and (II) Cancellation of Auction*

*With Respect To Such Assets.* [Dkt No 487] ("Notice").  Attached as Exhibit "A" to the Notice is the Asset Purchase Agreement between the Debtors and R3 Lithium ("APA"). The APA contemplates a Transition Services Agreement ("TSA") which will be included as part of the closing documents. *See* APA §2.3 (g) and 2.4(f).

The TSA has not been filed with the Court and it is unclear which services will be provided between the Debtors and R3 Lithium.  Therefore, Oracle reserves all rights in the event any provision in the APA, or TSA, purports to authorize the shared use of Oracle's licensed software, whether post-closing, or at any other time.

On June 20, 2026, the Debtors filed the Assumption Notice.  It identifies two Oracle agreements ("Oracle Agreements"). The stated cure for each of the Oracle Agreements is $0.  The Oracle Agreements are identified as follows:

| Contract Counterparty Name | Contracts Name | Debtor Name | Cure Amount |
|---|---|---|---|
| Oracle America, Inc. | Software Service Agreement, dated 10/02/2025 | Ascend Elements, Inc. | $0.00 |
| Oracle America, Inc. | Software Service Agreement, Dated Jun, 2025 | Ascend Elements, Inc. | $0.00 |

It is unclear whether the Debtors intend that the Oracle contracts identified in the Assumption Notice are being assumed and assigned in connection with the sale to R3 Lithium. Therefore, Oracle needs clarity on this issue.   Oracle files this Rights Reservation in order to preserve its rights to the extent the Debtors elect to assume and assign any Oracle agreement in connection with either the sale to R3 Lithium or any other successful bidder or purchaser.

## III.    ARGUMENT

### A.    Debtors May Not Assume And Assign Any Oracle Agreement Absent Oracle's Consent Because The Oracle Agreements May Pertain To One Or More Licenses Of Intellectual Property.

Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor.  *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir. 2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

Oracle's agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, pursuant to Bankruptcy Code section 365, the Debtors may not assume and assign any Oracle agreement without Oracle's consent. For the reasons discussed herein, Oracle does not consent to the Debtors' proposed assumption and assignment of the Oracle Agreements at this time.

### B. The Debtors Have Not Adequately Identified The Oracle Agreements To Be Assumed and Assigned.

The Assumption Notice does not provide sufficient information for Oracle to determine which contracts are at issue.  If Oracle's assessment of the contracts identified is correct, the contracts may have recently expired and therefore may no longer be executory.  Given the lack of specific and complete information in the contract description, Oracle is unable to determine whether it is evaluating the correct agreements.

The Assumption Notice also should identify the support renewal and underlying master agreement. Because the support agreements and master agreements relate to the underlying license agreements as part of substantially the same transactions, they constitute integrated contracts which may not be separately assumed and assigned – if that is the Debtors' intent.  *See, e.g., In re Interstate Bakeries Corporation*, 751 F.3d 955, 961-2 (8th Cir. 2014); *In re Buffets Holdings*, 387 B.R. 115 (Bankr. D. Del. 2008).  An executory contract must be assumed in its entirety and "[c]orrespondingly, all of the contracts that comprise an integrated agreement must either be assumed or rejected, since they all make up one contract." *In re Taylor-Wharton Int'l LLC*, 2010 WL 4862723, at *3 (Bankr. D. Del. Nov. 23, 2010) (citing *In re Exide Tech.*, 340 B.R. 222, 228 (Bankr. D. Del. 2006)).   Under California law,[2] made applicable by the Oracle Agreements, "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."  Cal. Civ. Code § 1642.

In order to clarify which Oracle contracts the Debtors hope to assume and assign, Oracle requests that the Debtors specify the targeted contracts' (1) identification or contract number; (2) date; (3) associated support renewal; and (4) governing license agreement. This information will enable Oracle to evaluate whether the Oracle Agreements are assignable, supported, expired, or in default, and, if in payment default, the appropriate cure amount. Additionally, the information will allow Oracle to assess whether Oracle may accept performance from an entity other than the

---

[2] *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB), 2013 WL 2663193, at *3 (Bankr. S.D.N.Y. June 13, 2013) ("State law governs the question whether an agreement is divisible or indivisible for the purposes of assumption and rejection under Bankruptcy Code § 365.")

Debtors. Oracle reserves its right to be heard on this issue until after the Oracle Agreements the Debtors seek to assume and assign are identified with greater specificity.

### C.      The Debtors May Not Have Provided The Correct Cure Amount.

Before assuming and assigning any executory contract, the Debtors must cure (or provide adequate assurance of a prompt cure of) any default under the subject contracts. 11 U.S.C. § 365(b)(1). The Debtors have identified a cure amount of $0 for the Oracle Agreements.  Since the Debtors have not provided a clear and complete description of the contract(s) they seek to assume and assign, Oracle is unable to determine whether the cure amount is accurate, or even be sure of the contract to which it relates.  Oracle needs more information about which Oracle agreements may be assumed and assigned in order to confirm the accuracy of the proposed cure amount in the Assumption Notice.  Therefore, Oracle reserves its right to be heard further regarding the cure until after the contracts the Debtors seek to assume and assign are identified with enough specificity to allow Oracle to determine the corresponding cure amount.

### D.      The Debtors Have Not Provided Adequate Assurance of Future Performance By the Assignee.

Before assuming and assigning any executory contract, the Debtors must provide adequate assurance of future performance. 11 U.S.C. § 365(b)(1).  If the Debtors are proposing to assume and assign the Oracle Agreements to R3 Lithium, as of the date of this Rights Reservation, no adequate assurance information has been provided.

To satisfy Bankruptcy Code section 365(b), Oracle requests that the Debtors provide the following information for R3 Lithium or any ultimate purchaser: (1) financial bona fides; (2) confirmation that the purchaser is not an Oracle competitor; and (3) confirmation that the ultimate assignee will (a) execute an Oracle Assignment Agreement and related documentation which identifies with specificity the Oracle executory contract(s) to be assigned; and, if appropriate (b) enter into an Oracle Master License Agreement. Absent these assurances, Oracle cannot determine the proposed assignee's creditworthiness, its suitability as an Oracle customer, or its ability to adequately perform under the terms of the Oracle Agreements.   Until the

information described above is provided, the Debtors have not complied with the requirements of section 365(b)(1)(C).

### E. The Oracle Agreements Do Not Authorize Simultaneous Use By The Debtors and the Stalking Horse.

The APA contemplates that certain transition services will be provided between the Debtors and R3 Lithium.   It is unclear which services will be provided under the TSA and the TSA has not been filed with the Court.  This omission precludes Oracle from determining how, or if, its contracts will be affected.

Simultaneous use of, and access to, Oracle's licensed software may exceed the scope of the permitted uses under the Oracle Agreements.  Such usage would potentially result in an unauthorized "splitting" of the licenses between the Debtors and R3 Lithium. Oracle objects to the extent that any transitional or shared use arrangement purports to grant to both the Debtors and R3 Lithium the right to shared use of the Oracle licenses beyond the licenses' terms. Oracle reserves all rights regarding any transitional use, including under any the APA or TSA, pending Oracle's further review of the same.

## IV. CONCLUSION

For the reasons set forth above, Oracle respectfully requests that the Court deny the Debtors' request for authority to assume and assign, transfer or share use of the Oracle Agreements, or any Oracle agreement. Oracle reserves its right to be heard further on all issues set forth herein.

DATED:  June 23, 2026            By:___/s/ Jason Blackstone_____

Jason Blackstone
Texas Bar No. 24036227
jblackstone@buchalter.com
**BUCHALTER LLC**
100 Crescent Ct., Suite 700
Dallas, Texas 75201
Telephone: (214) 263-7500

Local Counsel for Creditor,
Oracle

Shawn M. Christianson
**BUCHALTER LLP**
425 Market Street, Suite 2900
San Francisco, California 94105-2491
Telephone:  (415) 227-0900
Facsimile:  (415) 227-0770
schristianson@buchalter.com

**ORACLE AMERICA, INC.**
Alice Miller
500 Oracle Parkway
Redwood City, California  94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Oracle