**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 Cases |
| FIRST BRANDS GROUP, LLC, *et al.*, | Case No. 25-90399 (CML) |
| Debtors. | Jointly Administered |

**ORACLE AMERICA, INC.'S OBJECTION AND RESERVATION OF RIGHTS REGARDING THE DEBTORS' JOINT CHAPTER 11 PLAN OF FIRST BRANDS GROUP, LLC AND CERTAIN AFFILIATED DEBTORS ("RIGHTS RESERVATION")**

Oracle America, Inc. ("Oracle"), a creditor and contract counter-party in the above-captioned Chapter 11 case, submits this Rights Reservation in response to the *Joint Chapter11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Dkt. No. 3019] ("Plan") filed by First Brands Group, LLC, et al. ("Debtors"). In support of the Rights Reservation, Oracle states:

## I.    INTRODUCTION

Through the Plan, the Debtors seek Bankruptcy Court authority to, among other things, assume, assume and assign, or reject certain executory contracts.   At the time of filing this Rights Reservation, and as discussed further below, it is unclear whether the Debtors intend to assume, assume and assign or reject Oracle's contracts. Oracle has reached out to Debtors' counsel for clarification about these issues and hopes to receive additional information regarding Oracle's contracts prior to the confirmation hearing. Given the timing however, Oracle files this Rights Reservation to preserve its right to be heard pending receipt of the requested clarification.

.

BUCHALTER 111512723v1                                    -1-

If Debtors intend to assume and assign or transfer any Oracle agreements, based on the case's current posture, Oracle wishes to be heard regarding the proposed assumption and assignment, for Oracle's agreements are, or pertain to, one or more licenses of intellectual property, and therefore may not be assumed or assumed and assigned absent Oracle's consent. If assumption or assumption and assignment is contemplated, Oracle does not currently consent to the proposed assumption or assumption and assignment because the Debtors have neither cured all outstanding invoices, nor given adequate assurance that such amounts will be paid in connection with any proposed assumption and assignment. Accordingly, Oracle hereby reserves all of its rights regarding any proposal by the Debtors to transfer, assume, or assume and assign any Oracle contract.

## II.      FACTUAL BACKGROUND

The above captioned case was filed on September 28, 2025 ("Petition Date"), and an order directing joint administration was entered shortly thereafter.

Prior to the Petition Date, the Debtors and Oracle entered into an Oracle Master Agreement as well as an Oracle Cloud Services Agreement and related ordering documents for software support, and cloud services (collectively, the "Oracle Agreements").

On June 16, 2026, the Debtors filed the Plan, which provides for rejection of all executory contracts upon the Confirmation Date, with certain exceptions, including those contracts that were previously assumed or rejected, are subject to a pending motion to assume or that may be transferred to the DIP Collateral Trust[1] or Litigation Trust in connection with the Estate Claims Credit Bid Transaction or DIP Collateral Credit Bid Transaction ("collectively, the "Transactions"). The Plan states:

> (a) As of and subject to the occurrence of the Confirmation Date, all executory contracts and unexpired leases to which any of the FBG Debtors are a party shall be deemed rejected by the FBG Debtors except for an executory contract or unexpired lease that: (i) was previously assumed or rejected by the FBG Debtors pursuant to a Final Order of the Bankruptcy Court or assumed and assigned pursuant to a Final Order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a separate assumption or rejection motion or request

---

[1] Capitalized terms not defined herein shall have the same meaning as those set forth in the Plan.

BUCHALTER 111512723v1                    -2-

filed by the FBG Debtors on or before the Effective Date; (iv) is a contract, lease, or other agreement or document entered into in connection with the Plan; (v) is a contract, lease, or other agreement or document transferred to the FBG Debtors in connection with the Estate Claims Credit Bid Transaction or DIP Collateral Credit Bid Transaction and subsequently transferred to the DIP Collateral Trust or Litigation Trust on or before the Confirmation Date. For the avoidance of doubt, the FBG Debtors may seek to assume, assume and assign, or reject an executory contract or unexpired lease at any time prior to the Confirmation Date, including pursuant to the Contracts Procedure Order or otherwise in accordance with applicable bankruptcy law; *provided* that the FBG Debtors shall not assume and assign any executory contract or unexpired lease to the DIP Collateral Trust or Litigation Trust without the consent of the Ad Hoc Group SteerCo (such consent not to be unreasonably withheld, conditioned, or delayed).

*See*, Art. 11.1.

It is unclear as of the date of filing this Rights Reservation whether the Oracle Agreements will be rejected, assumed, or assumed and assigned by the Debtors or whether they might fall into the category of being transferred to the Litigation Trust or DIP Collateral Trust via the Transactions contemplated in the Plan. Oracle has an extensive relationship with the Debtors and throughout the case the Debtors have been renewing the Oracle Agreements, which prompted Oracle's inquiry to Debtors' counsel and the filing of the this Rights Reservation. If Debtors intend to assume, assume and assign or transfer the Oracle Agreements, all outstanding invoices must be paid in cure.

## III.   ARGUMENT

### A.   The Debtors May Not Assume or Assume and Assign the Oracle Agreements Absent Oracle's Consent Because the Agreements Pertain to One or More Licenses of Intellectual Property

Section 365(c) of the Bankruptcy Code provides, in relevant part:

> The trustee may not assume or assign any executory contract ... of the debtor ... if (1)(A) applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor ..., whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties; and (B) such party does not consent to such assumption or assignment.

Federal law makes non-exclusive copyright licenses non-assignable absent consent of the licensor. *See In re Catapult Entertainment, Inc.*, 165 F.3d 747 (9th Cir. 1999), *cert. dismissed*, 528 U.S. 924 (1999) (patent law renders non-exclusive patent licenses personal and non-assignable under Bankruptcy Code § 365(c)(1)); *In re Sunterra Corp.*, 361 F.3d 257, 271 (4th Cir.

2004) (holding that a debtor was statutorily barred by § 365(c)(1) from assuming a computer software license where contract counterparty did not consent to the assumption); *see also In re Trump Entm't Resorts, Inc.*, 526 B.R. 116, 126 (Bankr. D. Del. 2015) ("Non-exclusive patent and copyright licenses create only personal and not property rights in the licensed intellectual property and so are not assignable."); *In re Rupari Holding Corp.*, 573 B.R. 111, 119 (Bankr. D. Del. 2017) (holding that the debtor could not assume and assign a trademark license without the consent of the non-debtor licensor).

The Plan contemplates that prior to the Confirmation Date, certain executory contracts may be assumed or assumed and assigned by the FBG Debtors or transferred to either the DIP Collateral Trust or Litigation Trust via the Transactions. Oracle reserves all of its rights to the extent that any of the Oracle Agreements are targeted for assumption or assumption and assignment in connection with the Transactions, or otherwise. The Oracle Agreements are, or pertain to, non-exclusive licenses of copyrighted software. Therefore, the Debtors must obtain Oracle's consent before seeking to assume or assume and assign the Oracle Agreements. At this time, for the reasons discussed above, Oracle does not consent to the assumption or assumption and assignment of the Oracle Agreements.

**B.     In Order to Assume or Assume and Assign the Oracle Agreements, the Debtors Must Cure All Arrearages.**

Before assuming or assuming and assigning an unexpired executory contract, a debtor must (1) cure (or provide adequate assurance of a prompt cure of) any defaults under the subject contracts, and (2) provide adequate assurance of future performance under the contract. *See* 11 U.S.C. § 365(b)(1).  Absent the foregoing, a debtor may not assume unexpired executory contracts.

If the Debtors intend to assume or assume and assign the Oracle Agreements, any outstanding cure amounts must be paid.  Once Oracle has a better understanding of the anticipated treatment of its contracts, it will be able to assess the correct cure amount.  Oracle reserves its right to object to the cure amount in the event the Debtors ultimately seek to assume, assume and assign, or transfer any Oracle agreements.

BUCHALTER 111512723v1                                                     -4-

**C.      Unless the Debtors Provide Adequate Assurance of Future Performance, the Court Should Not Allow Assumption or Assumption and Assignment of Oracle's Contracts.**

In addition to requiring that defaults be cured, Section 365(b)(2) of the Bankruptcy Code obligates a debtor to provide adequate assurance of future performance under the contract before the executory contract may be assumed.  *See* 11 U.S.C. § 365(b)(2).  In light of the Debtors' present failure to provide either adequate assurance of prompt payment of the cure, or of future performance under the contracts, Oracle is unable to determine whether Debtors have complied, or will comply, with all of the requirements of section 365(b) of the Bankruptcy Code. Accordingly, Oracle reserves its rights to be heard regarding all assumption, assumption and assignment and cure issues.

## IV.      CONCLUSION

For the reasons set forth above, Oracle respectfully requests that the Court deny assumption, assumption and assignment, or transfer of any Oracle contracts in the absence of Oracle's consent and Debtors' confirmation that they will cure the outstanding amounts due and owing to Oracle.

BUCHALTER 111512723v1                              -5-

111529794v1

Dated: July 20, 2026

<u>/s/ Jason Blackstone</u>
Jason Blackstone
Texas Bar No. 24036227
jblackstone@buchalter.com
**BUCHALTER LLP**
100 Crescent Ct., Suite 700
Dallas, Texas 75201
Telephone: (214) 263-7500


Local Counsel for Oracle

Shawn M. Christianson, Esq.
**BUCHALTER LLP**
425 Market Street, Suite 2900
San Francisco, California 94105
Telephone:  (415) 227-0900
Facsimile:  (415) 227-0770

Alice Miller, Esq.
**ORACLE AMERICA, INC.**
500 Oracle Parkway
Redwood City, California  94065
Telephone:  (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Oracle

"

111529794v1