**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.* | § | **CASE NO. 25-90399 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |

---

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BPP CANNONBALL**
**PARK A LP FKA BPP SHIRAZ PARK A LP TO CONFIRMATION OF PLAN**

---

**COMES NOW** BPP Cannonball Park A LP fka BPP Shiraz Park LP ("**BPP Cannonball**" or "**Landlord**")), by and through its counsel Singer & Levick, P.C., and files its *Limited Objection and Reservation of Rights of BPP Cannonball Park A LP fka BPP Cannonball Shiraz Park A LP to Confirmation of Plan* ("**Objection**") and, in support of same, would respectfully show as follows:

1.      The Debtors are parties to two (2) non-residential real property leases (the "**Leases**") with BPP Cannonball each of which own and lease certain non-residential property that are warehouses and industrial properties located on East Bonelli Street in City of Industry, California. During the Bankruptcy Case, Debtors have maintained operations at both of the BPP Cannonball's locations.

2.      On September 24, 2025, Global Assets LLC and twelve (12) debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  Commencing on September 28, 2025, First Brands Group,

---

[1]   A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://restructuring.ra.kroll.com/firstbrands -- the Debtors' service address for these Chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

3. On April 23, 2026, the Court entered the *Stipulation and Agreed Order Between Debtors and BPP Cannonball Park A LP Extending Time To Assume or Reject Lease for Nonresidential Real Property* (**Dkt. No. 2526**)(the "**Stipulation**') in which the Court approved the agreement between the Debtors and BPP Cannonball extending the period of time under section 365(d) of the Bankruptcy Code for assumption or rejection of leases through July 31, 2026 (the "**Extension Date**").

4. On June 5, 2026, Debtors filed their *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (**Dkt.2907**), which was amended on June 12, 2026 (**Dkt.2981**), and on June 16, 2026, filed the Solicitation Version of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (**Dkt.3019**) (together, the "**Plan**").

5. On June 5, 2026, Debtors filed their *Disclosure Statement for the Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (**Dkt.2912**), which was amended on June 12, 2026 (**Dkt.2982**) and on September 30, 2024, filed the Solicitation Version of the *Disclosure Statement for the Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (**Dkt.3020**) (together, the "**Disclosure Statement**").

5. On June 12, 2026, the Court entered that certain *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing*

*Preference Settlement Notice and Opt-In Procedures, (VI) Establishing Notice and Objection Procedures for Confirmation of Plan, and (VII) Granting Related Relief* (**Dkt.2990**).

6.    On June 23, 2026, the Debtors filed the *Notice of Plan Supplement and Liquidation Analysis* (**Dkt.3046**).  On Schedule I, one of BPP Cannonball's properties at 14528 Bonelli Street in City of Industry, CA is listed as a location with machinery and equipment which is part of DIP Collateral Trust Assets but the other location also on Bonelli Street is not listed so it is unknown whether the Debtors meant to include both locations or only one.

## OBJECTION AND BASIS THEREFORE

7.    Under 11.1(a) of the Plan,

As of and subject to the occurrence of the Confirmation Date, all executory contracts and unexpired leases to which any of the FBG Debtors are a party shall be deemed rejected by the FBG Debtors  except for an executory contract or unexpired lease that: (i)  was previously assumed or rejected by the FBG Debtors pursuant to a Final Order of the Bankruptcy Court or assumed and assigned pursuant to a Final Order of the Bankruptcy Court; (ii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iii) is the subject of a separate assumption or rejection motion or request filed by the FBG Debtors on or before the Effective Date; (iv) is a contract, lease, or other agreement or document entered into in connection with the Plan; (v) is a contract, lease, or other agreement or document transferred to the FBG Debtors in connection with the Estate Claims Credit Bid Transaction or DIP Collateral Credit Bid Transaction and subsequently transferred to the DIP Collateral Trust or Litigation Trust on or before the Confirmation Date.  For the avoidance of doubt, the FBG Debtors may seek to assume, assume and assign, or reject an executory contract or unexpired lease at any time prior to the Confirmation Date, including pursuant to the Contracts Procedure Order or otherwise in accordance with applicable bankruptcy law; provided that the FBG Debtors shall not assume and assign any executory contract or unexpired lease to the DIP Collateral Trust or Litigation Trust without the consent of the Ad Hoc Group SteerCo (such consent not to be unreasonably withheld, conditioned, or delayed).

8.    As of the filing of this Objection, neither lease has been assumed or rejected. Only one of the locations is listed as a location with machinery and equipment consisting of the DIP Collateral Trust Assets but there is no mention of whether the Lease will be assumed and assigned

to either of the Collateral Trusts or to a third party. Moreover, the period of time for assumption or rejection of the Leases expires on July 31, 2026.

9. Due to the uncertainty surrounding the status of the Leases and whether its Leases will be assumed and assigned, or rejected, the Landlord files this Limited Objection and Reservation of Rights. Section 11.1 of the Plan mentions a possibility of a lease being assumed and assigned to the DIP Collateral Trust or the Litigation Trust but the Landlord has not seen a list of proposed assumed leases. To the extent that the Debtors make any attempt at a last-minute assumption, the Landlord objects to any proposed assumption without its consent, without any proper showing of adequate assurance as required under Section 365 of the Bankruptcy Code, and without payment of any and all cure amounts, including all post-petition rental obligations owed.

10. With respect to any rejection of the Leases, Landlord is concerned about the timing of the rejection of this Lease. Under the Plan, the Leases will be rejected as of the Effective Date. If the Confirmation Order is entered on the day of hearing which is presently scheduled for July 28, 2026, then the Effective Date could be as early as or on or around mid-August of 2026. Since the premises underlying both the Leases are full of Debtors' personal property, it is difficult to see how either space will be cleared out as of the rejection date. The Landlord objects to any rejection date before the premises can be returned to Landlord in a "broom clean" condition unless the Debtors are willing to pay the rental objections and take on the obligations for the surrender of the space to the Landlord in a "broom clean" condition.

11. In addition, the Plan does not contain any language regarding abandonment and disposal of personal property. Any Confirmation Order needs to be clarified to include language stating that upon rejection of any Lease, any personal property left at the premises on the rejected

date is deemed abandoned, and that Landlord shall have the right to dispose of any abandoned property without the need of further Order of the Court.

12.     Any Confirmation Order needs to be clarified so that the rejection claim bar date will be thirty (30) days **after** the later of (1) the date an Order authorizing the rejection is entered; (2) the date that the premises is actually surrendered to the Landlord in a "broom clean" condition or (3) the Effective Date of the Plan.  Finally, the Confirmation Order needs to be clarified to protect the Landlord's rights to setoff its security deposit against its prepetition and rejection claims as section 9.11 of the Plan appears to require a motion for relief from stay to preserve such rights. Section 553 of the Bankruptcy Code preserves the right of setoff and the Debtors should not be able to restrict it by improper language in the Plan.

## RESERVATION OF RIGHTS

13.     BPP Cannonball reserves its right to supplement this Objection prior to any final determination by the Court regarding the assumption and assignment and/or rejection of either of the Leases, including the amount and payment required for purposes of cure under Section 365 of the Bankruptcy Code if assumed and assigned.

14..     If either Lease is assumed and assigned, BPP Cannonball further reserves the right to object to any other relief sought by the Debtors in connection with any proposed assignment including, without limitation, any proposed showing of adequate assurance of future performance for any purchaser if assigned, as well as any issues regarding the financial condition and ability of any proposed assignee to meet the heightened requirements for assumption and assignment of contracts and leases as set forth in Section 365 of the Bankruptcy Code.

15.     If the Leases are rejected, the Landlord files this Objection and Reservation of Rights to reserve and preserve any and all rights of both Landlords in connection with any rejection

of their Lease, including the timing of the rejection of such Lease. It is my client's understanding that the warehouses are filled with inventory and equipment.

16. This Reservation of Rights is not intended to be, nor should be construed as, a waiver by BPP Cannonball of any of its rights under the Leases, the Bankruptcy Code, or applicable law. BPP Cannonball files this Objection to reserve and preserve any and all rights BPP Cannonball has in connection with its individual Leases. For avoidance of doubt, BPP Cannonball is not opting into the third party releases.

17. BPP Cannonball further reserves all rights to object to any other relief sought by the Debtors in connection with confirmation of the Plan. BPP Cannonball joins in any objections by any other Landlords to the Plan.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, BPP Cannonball Park A LP fka BPP Shiraz Park A LP requests that the Court enter an Order:

(a) requiring Debtors to comply with all obligations under the Leases pursuant to 11 U.S.C. § 365(d)(3) pending the actual assumption and/or rejection of either of the Leases;

(b) clarifying that any Confirmation Order includes language that

(i) to the extent the Debtors continue to occupy the premises covered by the Lease post-confirmation that the Debtors will continue to pay rental obligations and the Lease will not be rejected until the property is surrendered:

(ii) upon rejection of any Lease, any personal property left at the premises is deemed abandoned, and Landlord shall have the right to dispose of any abandoned property without the need of further Order of the Court, and

(iii)    providing that the rejection claim bar date will be thirty (30) days **after** the later of (1) the date an Order authorizing the rejection is entered; (2) the date that the Premises is actually surrendered to the Landlord in a "broom clean" condition or (3) the Effective Date of the Plan; and

(c)    granting the Landlord such additional and further relief as the Court may deem to be just and proper.

**DATED:  July 22, 2026[2]**

---

[2] By agreement between Debtor and BPP Cannonball, BPP Cannonball has up to and through July 22, 2026 at 5:00 p.m. in which to file its objection to confirmation of the Plan.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF BPP CANNONBALL PARK A LP FKA BPP SHIRAZ PARK A LP TO CONFIRMATION OF PLAN – Page 7**

Respectfully submitted,

SINGER & LEVICK, P.C.

By:      /s/ *Michelle E. Shriro*
Michelle E. Shriro
State Bar No. 18310900

16200 Addison Road, Suite 140
Addison, Texas  75001
Phone:  972.380.5533
Fax:  972.380.5748
Email: mshriro@singerlevick.com

ATTORNEYS FOR:
BPP SHIRAZ PARK A LP

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, which includes the parties as shown below, on this 22nd day of July, 2026.

| DEBTORS: | COUNSEL FOR THE DEBTORS: |
|---|---|
| First Brands Group, LLC, *et al.*<br>127 Public Square, Suite 5300<br>Cleveland, OH 44114<br>**VIA ECF Noticing through their attorney** | Clifford W. Carlson<br>Gabriel A. Morgan<br>Weil, Gotshal & Manges LLP<br>700 Louisiana Street, Suite 3700<br>Houston, TX 77002<br>**VIA ECF Noticing**<br><br>Matthew S. Barr<br>Sunny Singh<br>Andriana Georgallas<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>**VIA ECF Noticing** |
| **US TRUSTEE:**<br>Jayson B. Ruff<br>Office of the US Trustee<br>515 Rusk Avenue, Suite 3516<br>Houston, TX 77002<br>**VIA ECF Noticing** | |

/s/ *Michelle E. Shriro*
Michelle E. Shriro