**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP,** | § | **Case No. 25-90399 (CML)** |
| **LLC,** *et al.,* | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**DECLARATION OF ALEX ORCHOWSKI OF**
**KROLL RESTRUCTURING ADMINISTRATION LLC**
**REGARDING THE (I) SOLICITATION OF VOTES AND TABULATION OF**
**BALLOTS CAST ON THE JOINT CHAPTER 11 PLAN OF**
**FIRST BRANDS GROUP, LLC AND CERTAIN AFFILIATED DEBTORS AND**
**(II) SOLICITATION AND COLLECTION OF THIRD-PARTY RELEASE OPT-IN**
**ELECTIONS MADE THROUGH BALLOTS, THIRD-PARTY RELEASE**
**OPT-IN FORMS, AND PREFERENCE SETTLEMENT OPT-IN FORMS**

I, Alex Orchowski, pursuant to 28 U.S.C. § 1746, hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a Director of Restructuring Administration at Kroll Restructuring Administration LLC ("**Kroll**"), located at 1 World Trade Center, 285 Fulton Street, 31st, Floor, New York, New York 10007.  I am over the age of eighteen and not a party to the above-captioned chapter 11 cases.

2.      I submit this declaration (the "**Declaration**") with respect to (a) the solicitation and tabulation of votes cast on the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors*, dated June 16, 2026 (Docket No. 3019) (as may be amended, modified, restated, or supplemented), (the "**Plan**") and (b) the solicitation and collection of elections to opt-in to the third-party releases set forth in Section 13.5(b) of the Plan (the "**Third-Party**

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**Releases**") submitted through a Ballot, Third-Party Release Opt-In Form, and/or Preference Settlement Opt-In Form.[2]  Except as otherwise noted, all facts set forth herein are based on my personal knowledge, knowledge that I acquired from individuals under my supervision or from the Debtors or their professionals, and my review of relevant documents.  I am authorized to submit this Declaration on behalf of Kroll.  If I were called to testify, I could and would testify competently as to the facts set forth herein.

3.       This Court authorized Kroll's retention as the claims, noticing, and solicitation agent to the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") pursuant to the *Order Authorizing Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent*, dated September 29, 2025 (Docket No. 12) (the "**Retention Order**").  The Retention Order authorizes Kroll to assist the Debtors with, among other things, (a) the receipt and collection of Claims and maintenance and management of the official Claims Register, (b) the service of solicitation materials to the parties entitled to vote to accept or reject the Plan, and (c) the tabulation, reconciliation, and reporting of votes cast as part of the solicitation.  Kroll and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

**Solicitation and Voting Procedures**

4.       The procedures for the solicitation and tabulation of votes to accept or reject the Plan and elections to opt-in to the Third-Party Releases (collectively, the "**Solicitation and Voting Procedures**") are set forth in the *Disclosure Statement for Joint Chapter 11 Plan First Brands Group, LLC and Certain Affiliated Debtors,* dated June 17, 2026 (Docket No. 3020) (the "**Disclosure Statement**"), the Ballots distributed to parties entitled to vote on the Plan, and the

---

[2]     All capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or Disclosure Statement Order (each as defined herein), as applicable.

*Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of the Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing Preference Settlement Notice and Opt-In Procedures, (VI) Establishing Notice and Objection Procedures for Confirmation of Plan, (VII) Granting Related Relief,* dated June 12, 2026 (Docket No. 2990) (the "**Disclosure Statement Order**"). Kroll adhered to the Solicitation and Voting Procedures and distributed (or caused to be distributed) Solicitation Packages (including Ballots), Non-Voting Packages, Preference Settlement Opt-In Forms, and other materials to holders of Claims and Interests under the Plan. I supervised solicitation and tabulation services performed by Kroll employees.

5.      The Disclosure Statement Order established June 15, 2026, as the record date for determining which holders of Claims and Interests were entitled to vote on the Plan and/or receive the applicable materials relating to solicitation and confirmation (the "**Voting Record Date**"). Pursuant to the Plan and the Solicitation and Voting Procedures, holders of Claims as of the Voting Record Date in the following Classes were entitled to vote to accept or reject the Plan (collectively, the "**Voting Classes**"):

| Voting Classes | |
|---|---|
| **Plan Class** | **Class Description** |
| 3 | Roll-Up Claims[3] |
| 4 | First Lien Claims |
| 5 | Second Lien Claims |
| 6 | ABL Claims |

---

[3]     At the direction of the Debtors, Kroll tabulated Ballots received in Classes 3, 4, 5, and 6 against the FBG Debtors obligated for the respective Claims under the respective debt documents.

3

| 7 | General Unsecured Claims |
| 8 | Subordinated Claims |

Because the Plan does not contemplate substantive consolidation for voting purposes, the voting results for each of the Voting Classes are reported as separate subclasses for each of the applicable FBG Debtors (each a "**Voting Subclass**").  No other Classes were entitled to vote on the Plan and the remaining Classes (1, 2, 9, and 10) comprise the "**Non-Voting Classes**."

### Service and Transmittal of Solicitation Packages, Non-Voting Packages, and Preference Settlement Opt-In Forms to Holders of Claims as of the Voting Record Date

6.　　In accordance with the Solicitation and Voting Procedures, Kroll worked closely with the Debtors and their advisors to identify the holders of Claims entitled to vote in the Voting Classes as of the Voting Record Date, and to commence distribution of Solicitation Packages to those holders of Claims by June 18, 2026 (the "**Mailing Deadline**").[4]  Kroll also worked closely

---

[4]　Pursuant to Sections D and G of the Solicitation and Voting Procedures, after the Mailing Deadline, on July 6, 2026, Kroll served a total of five (5) Class 7 Ballots listing $1.00 voting amounts on the United States of America and U.S. Customs and Border Protection with respect to Claims that were wholly contingent, unliquidated, and/or disputed, which replaced and superseded five (5) Class 7 Ballots in the aggregated voting amount of $889,457,868 which were previously issued to such creditors.

Additionally, pursuant to Sections D and G of the Solicitation and Voting Procedures, after the Mailing Deadline, on July 2, 2026, Kroll served a total of seven (7) Class 7 Ballots with an aggregated voting amount of $24,897,681.21 on Fasanara Securitization S.A., acting in respect of its Compartment BW because it had not initially been served with a Solicitation Package due to the inadvertent classification of its Claims as Class 2 (Other Secured Claims).  On July 8, 2026 and July 14, 2026, Kroll served Class 7 Ballots on the following parties because such creditors had previously been excluded from solicitation due to their Claim(s) having been incorrectly identified as amended by later-filed Proofs of Claim:

a.　　The Oslo Nevada Trust Barry D. Rudolph as Transferee of IFG North America, LLC trading as The Interface Financial Group was sent a Class 7 Ballot listing a voting amount of $805,894.74,

b.　　Durham BDR LLC as Transferee of IFG North America LLC trading as The Interface Financial Group was sent a Class 7 Ballot listing a voting amount of $772,354.13,

c.　　RMO MSF PTY LTD ATF Muirhead Family Superannuation Fund as Transferee of IFG North America LLC trading as The Interface Financial Group was sent a Class 7 Ballot listing a voting amount of $198,971.17,

d.　　David Willsher & Anne Willsher ATF Willsher Family Superannuation Fund as Transferee of IFG North America LLC trading as The Interface Financial Group was sent a Class 7 Ballot listing a voting amount of $105,181.46,

e.　　Thread Bank as Transferee of IFG North America LLC trading as The Interface Financial Group was sent a Class 7 Ballot listing a voting amount of $2,656,701.90,

f.　　GS Financial Network Inc. as Transferee of IFG North America LLC trading as The Interface Financial Group was sent a Class 7 Ballot listing a voting amount of $847,710.15,

g.　　Sharon Casey as Transferee of IFG North America LLC trading as The Interface Financial Group

with the Debtors and their advisors to identify the holders of Claims in the Non-Voting Classes as of the Voting Record Date and to coordinate the distribution of Non-Voting Notices, including Third-Party Release Opt-In Forms to those holders by the Mailing Deadline.  Finally, Kroll worked closely with the Debtors and their advisors to identify the holders of Claims entitled to participate in the Preference Settlement and to coordinate the distribution of the Preference Settlement Opt-In Forms to those holders by the Mailing Deadline.

7.      In addition, in accordance with the Solicitation and Voting Procedures, Kroll mailed the Combined Hearing Notice to all known holders of Claims and Interests against the FBG Debtors regardless of whether such holder was included in the Voting Classes.[5]  The Combined Hearing Notice contained a QR code, which led users to a section of  Kroll's case website (the "**Solicitation Materials Tab**") which contained electronic versions of the Disclosure Statement with all annexes and exhibits thereto, including the Plan, and the Disclosure Statement Order (without exhibits and annexes, except for Exhibit 2, the Solicitation and Voting Procedures).[6]

---

|   |   |
|---|---|
|   | was sent a Class 7 Ballot listing a voting amount of $767,811.27, |
| h. | Tracy Fu as Transferee of IFG North America LLC trading as The Interface Financial Group was sent a Class 7 Ballot listing a voting amount of $678,487.50, |
| i. | Staples was sent a Class 7 Ballot listing a voting amount of $3,999.41, |
| j. | Cal On Packaging Inc was sent a Class 7 Ballot listing a voting amount of $161,186.99, and |
| k. | International Chemical Company was sent a Class 7 Ballot listing a voting amount of $53,642.49. |

Finally, pursuant to Sections D and G of the Solicitation and Voting Procedures, after receiving an updated register as of the Voting Record Date from the administrative agent for the Side-Car Term Loan Claims, GLAS USA LLC, on July 16, 2026, Kroll served superseding Class 4 Ballots with revised voting amounts on all holders of Side-Car Term Loan Claims identified in the updated register provided by GLAS USA LLC.

[5]   In accordance with paragraph 15 of the Disclosure Statement Order, Kroll did not send a Solicitation Package, including the Combined Hearing Notice, or Non-Voting Package (as applicable) to the following claimants: (a) holders of Claims whose Claims were paid in full during these chapter 11 cases, (b) holders whose prior mailings in these chapter 11 cases were returned as undeliverable and did not provide a forwarding address as of the Voting Record Date, and (c) holders of Claims and Interests in Class 9 (Intercompany Claims) and Class 10 (FBG Debtor Interests).

[6]   Pursuant to paragraph 9 of the Disclosure Statement Order, any party for which the QR Code imposed a hardship was entitled under the Solicitation and Voting Procedures to request and receive a paper copy or USB flash drive that included copies of the Plan and Disclosure Statement at no cost to the creditor.

8.      A detailed description of Kroll's distribution of Solicitation Packages, Non-Voting Packages, and Combined Hearing Notice to holders of Claims and Interests identified as of the Voting Record Date, including any corrective or supplemental service, is set forth in Kroll's *Affidavit of Service of Solicitation Materials*, filed July 23, 2026 (Docket No. 3347).

**Service and Transmittal of Plan Supplement**

9.      On June 23, 2026, the Debtors filed the *Notice of Filing of (I) Plan Supplement and (II) Liquidation Analysis* (Docket No. 3046) attaching exhibits which supplement the Plan (collectively, the "**Plan Supplement**"), as well as the Liquidation Analysis.  The Debtors also filed the *Notice of (I) Filing of Plan Supplement and Liquidation Analysis, (II) Combined Objection Deadline for Final Approval of Disclosure Statement and Plan, and (III) Related Deadlines* (Docket No. 3049) on June 23, 2026 (the "**Plan Supplement Notice**").  Pursuant to the Solicitation and Voting Procedures, Kroll mailed the Plan Supplement Notice to all known holders of Claims and Interests against the FBG Debtors regardless of whether such holder was included in the Voting Classes.  On July 14, 2026, the Debtors filed the *Declaration of Charles M. Moore in Support of Confirmation of FBG Debtors' Chapter 11 Plan* (Docket No. 3188) and the *Declaration of Marc S. Kirschner* (Docket No. 3190) (collectively, the "**Confirmation Declarations**").  The Plan Supplement and the Confirmation Declarations were uploaded to the Solicitation Materials Tab on Kroll's website and accessible through the QR code populated on the Combined Hearing Notice.

10.     A detailed description of Kroll's distribution of Plan Supplement Notice to holders of Claims and Interests identified as of the Voting Record Date, including any corrective or supplemental service, is set forth in Kroll's *Affidavit of Supplemental Service of Solicitation Materials*, filed July 23, 2026 (Docket No. 3346).

**Service and Transmittal of Solicitation Packages for Claims after the Voting Record Date**

11.    At the direction of the Debtors, Kroll served and transmitted a number of Solicitation Packages after the Mailing Deadline for Proofs of Claim filed after the Voting Record Date of June 15, 2026, through and including July 10, 2026[7] (the "**Additional Solicitation Period**").  Kroll worked with the Debtors to solicit these Claims according to the Solicitation and Voting Procedures, including the procedures for determining the amount of Class 7 General Unsecured Claims for voting purposes.

12.    There were 191 Proofs of Claim filed during the Additional Solicitation Period. Kroll served 152 Ballots on behalf of these Proofs of Claim in accordance with the Solicitation and Voting Procedures and applying the same procedures for processing Proofs of Claim thereunder.[8]  The Ballots were served on a rolling basis weekly beginning on June 29, 2026, and ending on July 14, 2026.

13.    A detailed description of Kroll's service of the additional Solicitation Packages described in paragraphs 11 and 12 above with respect to Proofs of Claim filed during the Additional Solicitation Period is set forth in Kroll's *Affidavit of Supplemental Service of Solicitation Materials*, filed July 23, 2026 (Docket No. 3346).

**Voting Stipulations**

14.    The FBG Debtors entered into a number of Voting Stipulations,[9] which provided for the service of ballots whereby claimants could vote their respective claims against multiple

---

[7]    Under the Disclosure Statement Order, July 10, 2026, was the Rule 3018(a) Motion Deadline.

[8]    Kroll did not serve Ballots on behalf of 39 Proofs of Claim filed during the Additional Solicitation Period because such Proofs of Claims did not assert Claims in a Voting Class.

[9]    "**Voting Stipulations**" means the (i) *Stipulation Authorizing Deemed Filing of Claims by Katsumi and Allowing Claims of Katsumi for Voting Purposes* (Docket No. 3071) (the "**Katsumi Voting Stipulation**"); (ii) *Stipulation and Agreed Order Between the FBG Debtors and the Raistone Facility Participants Temporarily Allowing Claims of Raistone Facility Participants Solely for Voting Purposes Pursuant to Rule 3018(a)(4) of the Federal Rules of Bankruptcy Procedure* (Docket No. 3154); (iii) *Stipulation Authorizing Deemed Filing of Claims by GLAS Trust Company LLC, as Administrative Agent for the Carnaby II and III Secured Lenders and Allowing Claims Solely for Voting Purposes Pursuant to Bankruptcy Rule 3018* (Docket No. 3199); (iv) *Stipulation Authorizing Deemed*

FBG Debtors by completing and submitting a single ballot in accordance with the terms set forth in the applicable Voting Stipulation (collectively, the "**Aggregate Ballots**").  Kroll served and tabulated each Aggregate Ballot pursuant to the terms of the applicable Voting Stipulation.[10]

**Tabulation Process**

15.        In accordance with the Solicitation and Voting Procedures, Kroll received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan.  Each Ballot submitted to Kroll was date-stamped, scanned (if submitted on paper), assigned a ballot number, entered into Kroll's voting database, and processed in accordance with the Solicitation and Voting Procedures.  To be included in the tabulation results as valid, a Ballot must have been (a) properly completed pursuant to the Solicitation and Voting Procedures, (b) executed by the relevant Holder entitled to vote on the Plan (or such Holder's authorized signatory, or is entitled to vote on behalf of such Holder), and (c) timely delivered to Kroll via an approved method of delivery set forth in the Solicitation and Voting Procedures so that (in each instance) it was actually received by Kroll by 5:00 p.m. (Central Time) on July 20, 2026 (the "**Voting and Election Deadline**"), or by any extension of the Voting and Election Deadline upon agreement by the Debtors.[11]

---

*Filing of Claims by LAM TFG and Allowing Claims of LAM TFG Solely for Voting Purposes* (Docket No. 3220); and (v) *Stipulation and Agreed Order Between FBG Debtors and PBGC* (Docket No. 3283).

[10]   Kroll originally served individual Ballots electronically to the voting parties specified in the Katsumi Voting Stipulation on June 26, 2026.  Kroll invalidated these Ballots and served Aggregate Ballots electronically, as required by the Katsumi Voting Stipulation, on July 16, 2026, to comply with the Katsumi Voting Stipulation.

[11]   The Debtors agreed to extend the Voting and Election Deadline for IP XXII 193 Street, LLC and IP VIII 185th Street, LLC to 11:59 p.m. (Central Time) on July 20, 2026.  The Debtors also agreed to extend the Voting and Election Deadline for the ABL Lenders to 11:59 p.m. (Central Time) on July 21, 2026.  Further, the Debtors agreed to extend the Voting and Election deadline for First Citizens Bank to 11:59 p.m. (Central Time) on July 22, 2026.

16.     All valid Ballots cast by holders entitled to vote in the Voting Classes and received by Kroll on or before the Voting and Election Deadline were tabulated pursuant to the Solicitation and Voting Procedures.

17.     The final tabulation of votes cast by timely and properly completed Ballots received by Kroll is attached hereto as **Exhibit A** (the "**Comprehensive Final Tabulation**").

18.     The final tabulation of votes cast by timely and properly completed Ballots relating only to Claims as of the Voting Record Date, including Claims voted pursuant to a Voting Stipulation entered after the Voting Record Date, received by Kroll is attached hereto as **Exhibit B** (the "**Voting Record Date Claims Tabulation**," together with the Comprehensive Final Tabulation, the "**Tabulations**").

19.     A report of all Ballots received by Kroll that were excluded from the Tabulations, and the reason(s) for the exclusion of such Ballots, is attached hereto as **Exhibit C**.[12]

### Opt-Ins to Third-Party Releases

20.     Ballots distributed to holders of Claims against the FBG Debtors entitled to vote included instructions regarding how to "opt-in" to the Third-Party Releases.  Third-Party Release Opt-In Forms distributed to holders of Claims in the Unimpaired Non-Voting Classes and holders of DIP A Claims also included instructions for such holders concerning how to "opt-in" to the Third-Party Releases.  Additionally, Preference Settlement Opt-In Forms distributed to Preference Settlement Eligible Creditors instructed that holders who opt-into the Preference Settlement via the Preference Settlement Opt-In Form would be granting the Third Party-Releases notwithstanding if such holder did not "opt in" to granting the Third-Party Releases in such holder's Ballot or Third-Party Release Opt-In Form.[13]

---

[12]   Exhibit C includes a reporting of Ballots received by Kroll between the Voting and Election Deadline and 11:59 p.m. (Central Time) on July 22, 2026.

[13]   A final tabulation of all Preference Settlement Opt-In Forms received for purposes of opting-in to the Preference

21.     As of the Voting and Election Deadline, Kroll received 2,504 valid Ballots, Release Opt-In Forms, and/or Preference Settlement Opt-In Forms[14] in which the relevant box to elect to "opt-in" to the Third-Party Releases or the Preference Settlement was checked.

22.     For the avoidance of doubt, this Declaration does not certify the validity or enforceability of any Third-Party Releases "opt-in" election, as applicable, received by Kroll either via a Ballot, Preference Settlement Opt-In Form, or Release Opt-In Forms, and Kroll provides this information for reporting and informational purposes only.

        To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing information concerning the distribution, submission, and tabulation of Ballots, and the distribution, submission, and collection of Release Opt-In Forms and Preference Settlement Opt-In Forms in connection with the Plan is true and correct.

Dated: July 24, 2026
New York, New York                     /s/ Alex Orchowski
                                       Alex Orchowski
                                       Director of Restructuring Administration
                                       Kroll Restructuring Administration LLC

---

Settlement is not included in this Declaration because the Preference Settlement Opt-In Deadline is forty-five (45) days following the Confirmation Date.

[14]    For the avoidance of doubt, the deadline to submit Preference Settlement Opt-In Forms is not until forty-five (45) days following the Confirmation Date.  A reporting of the Preference Settlement Opt-In Forms has been included in this Declaration solely for the purpose of providing the number of elections to opt-in to the Third-Party Releases received by Kroll as of the Voting and Election Deadline.

10