United States Bankruptcy Court
Southern District of Texas

**ENTERED**

January 29, 2026

Nathan Ochsner, Clerk

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | ) | Case No. 25-90399 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket Nos. 1370, 1372** |

### AGREED ORDER GRANTING EMERGENCY MOTION
### OF AEQUUM CAPITAL FINANCIAL II LLC FOR ENTRY
### OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the emergency motion (the "Motion")[2] of Aequum Capital Financial II LLC, in its capacity as administrative agent ("Aequum") for the lenders (the "Aequum Lenders," and together with Aequum, the "Aequum Secured Parties") under a revolving credit facility to Debtor Broad Street Financial, LLC ("Broad Street"), seeking entry of an order granting relief from the automatic stay; and consideration of the Motion being a core proceeding under 28 U.S.C. § 157(b); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided; and the Court having considered the Declaration of Eric Weisheit and the arguments of counsel; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED to the extent set forth herein, as stipulated and agreed by the Debtors.

---

[1] A complete list of Debtors in these chapter 11 cases (the "Chapter 11 Cases") may be obtained on the website of Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2.      The Aequum Secured Parties are granted relief from the automatic stay provisions of section 362(a) solely to the extent necessary to allow the Aequum Secured Parties, subject to the other terms and reservations contained herein, to enforce their liens, security interests, rights, and remedies under their loan documents and applicable non-bankruptcy law against the Cardone inventory located at 3000 E Pioneer Pkwy, Ste. 190, Arlington, TX 76010 in which they assert senior liens (such inventory, the "Actionable Collateral").  Any findings of fact set forth herein shall be binding solely with respect to matters arising out of the Motion and the relief granted pursuant to this Order and shall not be deemed or construed to have a preclusive effect, or to constitute collateral estoppel, with respect to any other claim, cause of action, or unrelated proceeding in these Chapter 11 Cases or any other court.  Subject in all respects to paragraph 6 herein, the Debtors shall, upon written request by the Aequum Secured Parties, promptly provide access to the Aequum Secured Parties (or their designated agents) to all Actionable Collateral, and shall expedite the orderly turnover of possession of the Actionable Collateral to the Aequum Secured Parties, and shall not impede, delay, or condition such turnover of possession of the Actionable Collateral to the Aequum Secured Parties.  Upon entry of this Order, subject in all respects to paragraph 6 herein, the Aequum Secured Parties shall have the right to assume possession of the Actionable Collateral, and the right to remove, sell, and dispose of the Actionable Collateral, and the Debtors and their affiliates shall cooperate with such removal, sale, or disposition and shall not impede, delay, or condition the same.

3.      The Debtors will cooperate in good faith with the Aequum Secured Parties and their representatives, agents and advisors to enable the monitoring, valuation, tracking, and management of the Actionable Collateral.  Such cooperation may include, among other things, providing reasonable access to historical data, pricing information, books and records related to

the Actionable Collateral, and any systems, platforms, or software used by the Debtors to track or manage the Actionable Collateral. Any reasonable out-of-pocket costs incurred in providing such access shall be borne and paid in advance by the Aequum Secured Parties, provided that such costs are disclosed in writing in advance. The Debtors will use commercially reasonable efforts to continue permitting the Aequum Secured Parties to use of any such systems, platforms, or software.

4. Notwithstanding anything provided herein, (a) nothing shall constitute a waiver of any claims, liens, security interests, interests, rights, remedies, or causes of action held by any party (including the Prepetition Secured Parties and DIP Lenders (each as defined in the Final DIP Order)) in respect of the Actionable Collateral, which are expressly reserved, and (b) this Order does not constitute a determination that any actions taken by the Aequum Secured Parties pursuant to this Order comply with applicable non-bankruptcy law. Nothing herein shall constitute a determination as to the nature, extent, or priority of the Aequum Secured Parties' or any other party's liens, security interests, rights, or remedies with respect to the Actionable Collateral, including any right to an accounting. The entry of this Order shall not operate as or be interpreted as a release or waiver, expressly or implicitly, of any claims, liens, security interests, interests, rights, remedies, or causes of action held by any party in interest (including the Aequum Secured Parties) in respect of the Debtors, the Aequum Secured Parties, the DIP Secured Parties, or the Prepetition Secured Parties relating to the Actionable Collateral, and the rights, privileges, and defenses of all parties in interest in respect thereto are reserved. For the avoidance of doubt, any interests that any party has against the Actionable Collateral, if any, shall attach to the proceeds of any sale or other disposition of such Actionable Collateral, with the same priority and to the same extent as such interests attached to the Actionable Collateral

immediately prior to such sale or disposition, to the extent permissible under applicable law, and subject to the Aequum Secured Parties' rights and defenses under applicable law.

5. Absent the consent of the Aequum Secured Parties, from and after the entry of this Order, the Debtors shall not sell or transfer (including, without limitation, pursuant to a sale under Section 363 of the Bankruptcy Code) any inventory that constitutes Actionable Collateral or otherwise use any other asset, including, without limitation, cash collateral that constitutes Actionable Collateral. Subject in all respects to paragraph 6 herein, the Debtors shall maintain the Actionable Collateral in its present location, keep it insured against all hazards, pay all taxes and assessments when due, and deliver evidence of such insurance and tax payments to the Aequum Secured Parties upon request.

6. Following entry of this Order, the Aequum Secured Parties agree to pay in advance the reasonable and necessary costs and expenses of the Debtors on or after the entry of this Order in connection with maintaining, preserving, removing, storing, selling, or otherwise disposing of the Actionable Collateral (the "Costs and Expenses") where (i) the Debtors have provided the Aequum Secured Parties with reasonable advanced notice of the Costs and Expenses, and (ii) the Aequum Secured Parties consented in writing to such Costs and Expenses. The Debtors will not be obligated to undertake any actions for which they have provided the Aequum Secured Parties with reasonable advance notice of the Costs and Expenses which the Aequum Secured Parties have declined to pay, and shall not in any event be liable for Costs and Expenses otherwise payable by the Aequum Secured Parties by failing to provide advanced notice of the same. The Aequum Secured Parties shall not be required to pay for any costs or expenses they have declined to pay (subject to the reservations of rights in paragraph 7 herein).

The Debtors shall have no obligation to take any actions with respect to the Actionable Collateral to prevent diminution or otherwise.

7. The Debtors and any subsequently appointed trustee reserve all rights to bring claims against the Aequum Secured Parties and/or the Actionable Collateral pursuant to section 506(c) of the Bankruptcy Code or the section 552 "equities of the case" exception, including for allowed professional fees and expenses and other costs allocable to Broad Street and the Aequum Secured Parties reserve all rights and defenses with respect to the foregoing.

8. Subject to paragraph 7, and without waiving the Debtors' interest in any surplus, if any, under applicable non-bankruptcy law, any proceeds realized by the Aequum Secured Parties from the enforcement, sale, or disposition of the Actionable Collateral may, subject to paragraph 4, be applied by the Aequum Secured Parties, in their sole discretion, and shall not constitute property of the Debtors' estates.

9. The *Stipulation and Agreed Order Regarding Adequate Protection of the Aequum Secured Parties* (Docket No. 1018) (the "Prior Stipulation") is hereby terminated by mutual agreement of the parties thereto; *provided* that the Aequum Secured Parties' withdrawal of prior motions shall not be affected by such termination, and the Challenge Deadline (as defined in the Prior Stipulation) shall survive such termination. The Debtors shall not be required to perform any further obligations under the Prior Stipulation, including but not limited to payment of accrued or go-forward Aequum Secured Party Fees and Expenses (as defined in the Prior Stipulation).

10. Upon entry of this Order, the Aequum Secured Parties shall withdraw with prejudice: (a) the *Emergency Motion of Aequum Capital Financial II LLC for Entry of an Order Granting Relief from the Automatic Stay* (Docket No. 1370); (b) the *Emergency Motion of*

*Aequum Capital Finance II LLC for Entry of an Order (I) Prohibiting Use of Cash Collateral, or, in the Alternative, (II) Conditioning Use of Aequum Collateral and Cash Collateral* (Docket No. 1372); (c) *Aequum Capital Financial II LLC's Preliminary Objection and Reservation of Rights to Emergency Motion of Debtors for Order (I) Approving (A) Bidding Procedures for Sale of Assets of the Debtors, (B) Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (C) Assumption and Assignment Procedures, (II) Authorizing Designation of Stalking Horse Bidders, (III) Scheduling Auction and Sale Hearing, and (IV) Granting Related Relief* (Docket No. 1371); and (d) *Aequum Capital Financial II LLC's Limited Objection and Reservation of Rights to Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (Docket No. 139).  Upon entry of this Order, the Aequum Secured Parties shall withdraw without prejudice the *Motion of Aequum Capital Financial II LLC for Entry of an Order (I) Dismissing Chapter 11 Case of Debtor Broad Street Financial, LLC, or, in the Alternative, (II) Granting Relief from the Automatic Stay, or (III) Appointing Chapter 11 Trustee* (Docket No. 631); provided, however, that the Aequum Secured Parties agree that they shall not refile a motion seeking the relief requested in the foregoing motion unless one or more of the following occurs: (i) a breach by the Debtors of any of the terms of or obligations under this Order; (ii) the commencement of an adversary proceeding or other action by the Debtors in any court or by another party in interest, in these Chapter 11 Cases (or in a related proceeding): (a) relating to the nature, extent, or priority of the Aequum Secured Parties' liens, security interests, rights, or remedies in respect of the Aequum Secured Parties' collateral;

(b) relating to the ownership of the Aequum Secured Parties' collateral, (c) asserting a competing interest in or related to the Aequum Secured Parties' collateral, (d) seeking the turnover of any proceeds related to the Aequum Secured Parties' collateral, (e) asserting any claims against the Aequum Secured Parties or Broad Street including avoidance actions under chapter 5 of the Bankruptcy Code, or (f) seeking to levy or surcharge the Aequum Secured Parties' collateral pursuant to section 506(c) of the Bankruptcy Code or otherwise or for application the section 552 "equities of the case" exception in respect of the Aequum Secured Parties' collateral; (iii) the Debtors or any other party in interest commence any proceeding (including, without limitation, seeking an appeal, modification, or vacatur of this Order) to interfere, impede, delay or take any other action to interfere, impede, or delay, the Aequum Secured Parties' exercise of their rights with respect to the Aequum Secured Parties' collateral as permitted by this Order; or (iv) the filing of any motion seeking the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code or upon the motion for or the appointment of a chapter 11 trustee in these Chapter 11 Cases. Except as expressly provided herein, the entry of this Order is without prejudice to, and does not constitute a waiver, expressly or implicitly, of: (a) the Debtors', the DIP Secured Parties', the Prepetition Secured Parties', and the Aequum Secured Parties' rights to seek any other or supplemental relief; (b) subject to the limitations in the immediately preceding sentence, the Aequum Secured Parties' rights under the Bankruptcy Code or applicable non-bankruptcy law, including, without limitation, the right to request dismissal of any of the Chapter 11 Cases or successor cases, conversion of any of the Chapter 11 Cases to cases under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers; or (c) any other rights, claims, or privileges (whether legal, equitable, or otherwise) the Debtors, the DIP

**Aequum's Exhibit 2**
**Page 7 of 8**

Secured Parties, the Prepetition Secured Parties, and the Aequum Secured Parties may have whether arising out of these Chapter 11 Cases or otherwise.

11. Any liens and security interests of the Aequum Secured Parties shall attach to the proceeds of any sale or other disposition of the Aequum Secured Parties' collateral, with the same validity, priority and extent as such liens and security interests attached to such collateral immediately prior to such sale or disposition.

12. This Order shall be binding on any chapter 7 or chapter 11 trustee, examiner, purchaser, or other successor in interest to the Debtors or their estates.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry. The stay period under Bankruptcy Rule 4001(a)(3) is hereby waived.

14. The Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Signed: January 29, 2026

_____

Christopher Lopez
United States Bankruptcy Judge

8

**Aequum's Exhibit 2**
**Page 8 of 8**