United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 25, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | § § | Case No. 25-90399 (CML) |
| Debtors.[1] | § § § | (Jointly Administered) |
| BANK OF AMERICA, N.A. as Administrative Agent and Collateral Agent to the ABL Lenders; WILMINGTON SAVINGS FUND SOCIETY, FSB as 1L and 2L Term Loan Agent and as DIP Agent; and GLAS USA LLC as Side Car Loan Agent, | § § § § § § § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Adversary No. 26-03091 (CML) |
| AEQUUM CAPITAL FINANCIAL II LLC; FIRST BRANDS GROUP LLC; CARDONE INDUSTRIES, INC.; BROAD STREET FINANCIAL, LLC; and BROAD STREET FINANCIAL HOLDINGS, LLC, | § § § § § § § § | |
| Defendants. | § § | |

## ORDER GRANTING PRELIMINARY INJUNCTION

Before the Court is Plaintiffs' *Application for Preliminary Injunction and Request for Hearing* [Docket No. 30] (the "**Application**").[2] After review of Plaintiffs' Application, along with the Complaint, the pre-hearing briefs filed by Plaintiffs and Aequum Capital Financial II LLC

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these Chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not defined herein are given the meanings ascribed to such terms in the Application.

Aequum's Exhibit 5
Page 1 of 5

("**Aequum**," and together with Plaintiffs, the "**Parties**"), and attached documents, and after consideration of all evidence and arguments of counsel presented at the hearings held on June 11 and 17, 2026 (collectively, the "**Hearing**"), and based on the Court's findings of fact and conclusions of law set forth in the Court's oral ruling after the conclusion of the Hearing (the "**Oral Ruling**"), which findings and conclusions are expressly incorporated by reference herein in all respects, the Court has determined that Plaintiffs have satisfied the four factors required for a preliminary injunction under Federal Rule of Civil Procedure 65(a), applicable in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7065, and has determined that a preliminary injunction is warranted and necessary to prevent Plaintiffs from suffering irreparable harm. Accordingly, the Court **GRANTS** Plaintiffs' Application, and awards preliminary injunctive relief to the extent set forth in the Oral Ruling.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      Aequum, its respective members, directors, officers, agents, servants, employees, affiliates, and attorneys, and all those acting in concert or participating with it, are **ENJOINED** from taking any action to sell, transfer, distribute or otherwise dispose of the Inventory Collateral, including, any accounts receivable, cash, or other proceeds thereof, unless such sale, transfer, distribution or disposition complies with the terms and conditions of this Order. This preliminary injunction will continue until a final judgment on the merits is entered by this Court in the above-captioned Adversary Proceeding, such Adversary Proceeding is otherwise fully resolved, or entry of an order that modifies or alters this Order.

2.      For the avoidance of doubt, Aequum may, but is not required to, sell or dispose of any remaining Inventory Collateral in a commercially reasonable manner and in accordance with

- 2 -

the terms of this Order but shall at all times take reasonable steps to preserve the value of the Inventory Collateral.

3.    Upon receipt, Aequum shall promptly (i) deposit any proceeds of sales of Inventory Collateral not subject to an automatic cash sweep, transfer, or similar mechanism and received on or after June 15, 2026 (the "**Sale Proceeds**"), less an amount equal to the Unpaid Sales Expenses (as hereinafter defined) (the "**Net Sale Proceeds**"), into a separate account and held in escrow (the "**Sales Proceeds Account**"), which account shall be subject to the terms of this Order; and (ii) notify Plaintiffs of the source, date, and amount of such Sale Proceeds received and provide evidence of all transfers into the Sales Proceeds Account. "**Unpaid Sales Expenses**" means any unpaid reasonable, customary and documented expenses incurred by Aequum relating directly to commercially reasonable sales of any Inventory Collateral and collection of the Sales Proceeds (but, for the avoidance of doubt, not including the professional fees of any of the Parties), and consented to by Bank of America, N.A., as Administrative Agent and Collateral Agent to the ABL Lenders (the "**ABL Agent**"). For the avoidance of doubt, the ABL Agent's consent shall not be unreasonably withheld or delayed. In the event of any disputes regarding the Unpaid Sales Expenses under this Order, such disputed amounts shall be deposited in the Sales Proceeds Account pending the earlier of (a) agreement of the Parties and (b) further order of the Court.

4.    Aequum shall promptly notify the depository bank at which the Sales Proceeds Account is held, all other parties claiming an interest in the Inventory Collateral and any Sales Proceeds of the entry of this Order (including without limitation any party claiming a right to an automatic cash sweep, transfer or similar mechanism applicable to the Sales Proceeds) and shall promptly direct all purchasers of the Inventory Collateral and account debtors to remit all Sale Proceeds for deposit into the Sales Proceeds Account and shall take such other reasonable and

necessary actions to assure that the Sales Proceeds will not be subject to any automatic cash sweep, transfer or similar mechanism required under or triggered by Aequum's existing warehouse credit facility with Wells Fargo Bank, N.A. or any successor facility (the "**Warehouse Facility**"), including without limitation any automatic sweep of funds from Aequum's accounts into the Warehouse Facility.

5.      In the event any Sale Proceeds required to be deposited in the Sales Proceeds Account pursuant to this Order are not promptly deposited in the Sales Proceeds Account, Aequum shall promptly (i) notify Plaintiffs of the source and amount of such Sale Proceeds, and (ii) cause an amount of funds equal to the amount of such Sale Proceeds to be transferred into the Sales Proceeds Account. All such funds shall be deemed proceeds of the Inventory Collateral and shall be subject to the parties' liens to the extent determined by the Court.

6.      The Sales Proceeds Account shall be maintained such that no other funds shall be deposited in the Sales Proceeds Account or comingled with the Sales Proceeds and, provided further, that no funds shall be withdrawn from the Sales Proceeds Account without joint written instructions from Plaintiffs and Aequum or further order of the Court.

7.      The respective liens asserted by the parties in the Inventory Collateral shall attach to the proceeds of any sale or other disposition of such Inventory Collateral, including, without limitation, the Sales Proceeds in the Sales Proceeds Account, and nothing shall constitute a waiver of any claims, liens, security interests, interests, rights, remedies, or causes of action held by any party as set forth in the Oral Ruling.

8.      No bond is required for this Preliminary Injunction to become effective.

9.      Except as expressly modified by the Oral Ruling or this Order, the *Agreed Order Granting Emergency Motion of Aequum Capital Financial II LLC for Entry of an Order Granting*

- 4 -

*Relief from the Automatic Stay* [Main Case, Docket No. 1820] otherwise remains in full force and effect.

10.     This Preliminary Injunction is effective immediately upon all persons having active or constructive knowledge of this Order, which must be served on Defendants through their counsel, by e-mail, no later than 12:00 midnight the day this Order is signed.

11.     This Court retains jurisdiction to resolve any disputes arising from or related to the implementation and enforcement of this Order.

Signed: June 25, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

- 5 -