United States Bankruptcy Court, Southern District of Texas

**Fill in this information to identify the case (Select only one Debtor per claim form):**

**Debtor:** Broad Street Financial Holdings, LLC

**Case Number:** 25-90386

Modified Official Form 410

# Proof of Claim

4/25

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. **Who is the current creditor?** | Aequum Capital Financial II LLC | |
| | Name of the current creditor (the person or entity to be paid for this claim) | |
| | Other names the creditor used with the debtor | |

2. **Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom?

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Address1: Blank Rome LLP c/o Ken Ottaviano | Address1: c/o Eric Weisheit |
| Address2: 444 West Lake Street, Suite 1650 | Address2: 10 S. Wacker, Suite 1115 |
| Address3: | Address3: |
| Address4: | Address4: |
| City: Chicago | City: Chicago |
| State: IL | State: IL |
| Postal Code: 60606 | Postal Code: 60606 |
| Country: | Country: |
| Contact phone (312) 776-2511 | Contact phone (847) 644-9002 |
| Contact email Ken.Ottaviano@blankrome.com | Contact email ericweisheit@aequumcapital.com |

**Uniform Claim Identifier (if you use one)**

4. **Does this claim amend one already filed?**
☑ No
☐ Yes.   Claim number on court claims registry (if known) _____   Filed on ___/___/___
                                                                          MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

**Claim Number: 886**

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$ $44,796,970.81_____ .  **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached Rider._____

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:      See attached Rider._____

**Basis for perfection:**      See attached Rider._____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                              $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**      $44,796,970.81_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| | | | Amount entitled to priority |
|---|---|---|---|
| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. | **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No | |
| | | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Ben Thompson*   11/06/2025

_____          _____
Electronic Signature                  Date

**Name of the person who is completing and signing this claim**

| | | | |
|---|---|---|---|
| Name | Ben Thompson | | |
| | First name | Middle name | Last name |
| Title/Company | Vice President, Aequum Capital Financial II LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| | c/o Castlelake, L.P. | | |
| Address | 250 Nicollet Mall, Suite 900 | | |
| | Number          Street | | |
| | Minneapolis | MN | 55401 |
| | City | State | ZIP Code          Country |
| Contact phone | 612-851-3000 | Email | Ben.thompson@castlelake.com |

**Additional Noticing Addresses (if provided):**

**Additional Address 1**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
Postal Code:
Country:

Contact Phone:
Contact Email:

**Additional Address 2**
Name:
Address1:
Address2:
Address3:
Address4:
City:
State:
 Postal Code:
 Country:

Contact Phone:
Contact Email:

**Additional Supporting Documentation Provided**

☑ Yes
☐ No

-------------------------------------------------------------------------------------------------------

 Attachment Filename:

Rider to Proof of Claim (Aequum_First Brands)(for filing).pdf

KROLL

Docusign Envelope ID: 56AEF77E-A7A9-4BE5-8C88-E2A5B0B16F90

**United States Bankruptcy Court, Southern District of Texas**

| Fill in this information to identify the case (Select only one Debtor per claim form): |
| --- |
| **Debtor Name and Case Number:** |
| Broad Street Financial Holdings, LLC (25-90386) |

Modified Official Form 410

# Proof of Claim                                                          04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

---

| **Part 1:** | **Identify the Claim** |
| --- | --- |

**1. Who is the current creditor?**

Aequum Capital Financial II LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
| --- | --- |
| Ken Ottaviano | Eric Weisheit |
| Name | Name |
| 444 West Lake Street, Suite 1650 | 10 S. Wacker, Suite 1115 |
| Number        Street | Number        Street |
| Chicago        IL        60606 | Chicago        IL        60606 |
| City        State        ZIP Code | City        State        ZIP Code |
| Contact phone 312.776.2511 | Contact phone (847) 644-9002 |
| Contact email Ken.Ottaviano@blankrome.com | Contact email ericweisheit@aequumcapital.com |

Uniform claim identifier (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.   Claim number on court claims registry (if known)_____   Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

---

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

---

6. **Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

---

7. **How much is the claim?**   $ _____ 44,796,970.81 _____ . **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See attached Rider.

---

9. **Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe:  See attached Rider.

**Basis for perfection:**  See attached Rider.

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $ _____

**Amount of the claim that is secured:**   $ _____

**Amount of the claim that is unsecured:** $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____ 44,796,970.81

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

---

10. **Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____

---

11. **Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

---

**Proof of Claim**                                                      page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No<br><br>❑ Yes. *Check one:*<br><br>❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>❑ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>❑ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>❑ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies.<br><br>* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment. | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____ |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☑ No<br><br>❑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑   I am the creditor.

❑   I am the creditor's attorney or authorized agent.

❑   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    11/05/2025
                    MM / DD / YYYY

DocuSigned by:

*Ben Thompson*
F9CC72649E80431...

Signature

**Name of the person who is completing and signing this claim:**

Name    Ben Thompson
        First name          Middle name          Last name

Title    Vice President

Company    Aequum Capital Financial II LLC c/o Castlelake, L.P.
           Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    250 Nicollet Mall, Suite 900
           Number          Street

           Minneapolis                    MN          55401
           City                           State       ZIP Code

Contact phone    612-851-3000                    Email Ben.thompson@castlelake.com

## OMNIBUS RIDER TO PROOFS OF CLAIM FILED BY
## AEQUUM CAPITAL FINANCIAL II LLC, AS ADMINISTRATIVE AGENT

Aequum Capital Financial II LLC, in its capacity as administrative agent ("Administrative Agent") for the Lenders (as defined below), submits this omnibus rider in support of its proofs of claim (this rider together with all exhibits and the proofs of claim, the "Claim") asserting a secured claim against Broad Street Financial, LLC ("Broad Street") and Broad Street Financial Holdings, LLC ("Parent," and together with Broad Street, the "Subject Debtors"). As of the Initial Petition Date (as defined below), Administrative Agent asserts a claim in an amount not less than $44,796,970.81, consisting of outstanding principal, accrued and unpaid interest (including default interest where applicable), fees, costs and other charges, together with all amounts payable under section 506(b) of title 11 of the United States Code (the "Bankruptcy Code") (collectively, the "Prepetition Indebtedness").

### A.      The Loan Documents.

1.      Broad Street, as borrower, Parent, First Brands Group, LLC ("FBG"), the lenders party thereto from time to time (together with their respective successors and assigns, collectively, the "Lenders"), and Administrative Agent are parties to that certain Credit Agreement, dated as of March 28, 2024 (as amended, restated, supplemented or otherwise modified from time to time, the "Credit Agreement"), pursuant to which the Lenders provided to Broad Street a revolving loan credit facility in the maximum principal amount of $45,000,000. All indebtedness, liabilities, and obligations of Broad Street under the Credit Agreement and the other Loan Documents (as defined in the Credit Agreement), whether now existing or hereafter arising, including all "Obligations" as defined in the Credit Agreement, are referred to herein collectively as the "Obligations."

2.      Parent guaranteed the Guaranteed Obligations pursuant to Article XII of the Credit Agreement.

3.      To secure the Obligations, Subject Debtors entered into that certain Pledge and Security Agreement, dated as of March 28, 2024 (as amended, restated, supplemented or otherwise modified from time to time, the "Security Agreement"), in favor of Administrative Agent, granting Administrative Agent for the benefit of the Lenders continuing first-priority liens on, security interests in, assignments of, and pledges of, among other things, all "Collateral" (as defined in the Security Agreement), including, without limitation, all Accounts; all Cash; all Chattel Paper (including, without limitation, all Tangible Chattel Paper and all Electronic Chattel Paper); all Commercial Tort Claims; all Contracts, together with all Contract Rights arising thereunder; all Deposit Accounts; all Documents; all Equipment; all Financial Assets; all Fixtures; all General Intangibles; all Goods; all Governmental Authorizations; all Instruments; all Intellectual Property Collateral; all Inventory; all Investment Property, all Pledged Stock and other Pledged Collateral; all letters of credit and Letter-of-Credit Rights; all Licenses; all Proceeds of insurance; all Receivables; all other personal property; all Securities Accounts, Money, Securities and other investments therein, and all Security Entitlements in respect thereof; all Software and all recorded data of any kind or nature, regardless of the medium of recording; all Supporting Obligations relating to any of the foregoing; and all accessions to, substitutions and replacements for and Proceeds and products of the foregoing, together with all books and Records, customer lists, credit files, computer files, programs, printouts and other computer materials and Records related thereto and any General Intangibles at any time evidencing or relating to any of the foregoing and all collateral security and Guarantees given by any Person with respect to any of the foregoing.

4.       As additional security for the Obligations, Broad Street collaterally assigned, transferred and set over to Administrative Agent and granted to Administrative Agent, a Lien on all of Broad Street's rights under the Purchase Agreement, the Sale Agreement and the Parent Purchase Agreement (each as defined in the Collateral Assignment Agreement) pursuant to that certain Collateral Assignment of Documents dated as of March 28, 2024 (as amended, amended and restated, restated, supplemented, modified or otherwise in effect from time to time, the "Collateral Assignment Agreement"), by Subject Debtors in favor of Administrative Agent.

5.       Broad Street established a collection account at HSBC Bank USA, N.A. and entered into that certain Deposit Account Control Agreement, dated as of June 6, 2024, by and among Broad Street, Administrative Agent, and HSBC Bank USA, N.A., pursuant to which Administrative Agent holds control over such account and the proceeds therein.

6.       Administrative Agent also filed UCC financing statements with the Delaware Secretary of State, perfecting its liens on the Collateral.

7.       Prior to the Initial Petition Date, certain Events of Default occurred under the Credit Agreement and the other Loan Documents. Administrative Agent delivered a notice of default to Subject Debtors, among other things, stating its intent to exercise voting and other rights and that interest would accrue at the Default Rate consistent with the Credit Agreement.

8.       Due to the voluminous size of the Loan Documents, the Loan Documents are not attached hereto, but may be available upon request by contacting Administrative Agent's counsel at the following address:

> Blank Rome LLP
> Attn: Kenneth J. Ottaviano, Esq.
> 444 West Lake Street, Suite 1650
> Chicago, Illinois 60606
> Ken.Ottaviano@blankrome.com

**B.      The Bankruptcy Filing.**

9.      On September 24, 2025 (the "Initial Petition Date"), Subject Debtors and certain affiliates commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. On September 29, 2025, FBG and remaining affiliates filed related chapter 11 petitions.

10.      As of the Initial Petition Date, the outstanding Obligations owed under the Credit Agreement and the other Loan Documents totaled not less than $44,796,970.81, plus (i) all accrued and unpaid interest, fees, expenses (including, without limitation, the reasonable and documented fees and expenses of Administrative Agent's and Lender's attorneys, consultants, attorneys, consultants, accountants, experts and financial advisors required to be reimbursed by Subject Debtors pursuant to the Credit Agreement), (ii) costs, other charges or amounts paid, incurred or accrued by Administrative Agent and Lenders prior to the Initial Petition Date, and (iii) other obligations incurred in connection therewith, in each case in accordance with the terms of the Credit Agreement and related Loan Documents, plus all interest, fees, costs and other charges allowable under section 506(b) of the Bankruptcy Code.   The breakdown of the outstanding Prepetition Indebtedness known to Administrative Agent as of this filing is as follows:

| | |
|---|---:|
| Outstanding Principal Owed to Aequum Capital Financial II LLC | $22,163,514.07 |
| Outstanding Principal Owed to Pathward, National Association | $22,163,514.07 |
| Interest Accrued | $408,990.71 |
| Fees | $0 |

| Legal Expenses | $60,951.96 |
|---|---|
| **Total:** | $44,796,970.81 |

### C. <u>Reservation of Rights.</u>

11.     The Claim is not intended to be, and shall not be, construed as (i) an election of remedies, (ii) a waiver of any defaults, or (iii) a waiver or limitation of any rights, remedies, claims or interests of Administrative Agent and/or the Lenders.

12.     Administrative Agent reserves all its rights to seek payment as an oversecured creditor of all amounts to which it may be entitled under 11 U.S.C. § 506.

13.     Administrative Agent reserves the right to amend and supplement the Claim at any time and from time to time and in any respect, including, but not limited to, for purposes of fixing, increasing or amending in any respect the amounts referred to herein, asserting administrative claim status or super-priority administrative claim status for all or any portion of any of the amounts claimed herein, asserting Administrative Agent's claim(s) for all amounts to which it may be entitled under 11 U.S.C. § 506 and adding or amending the description of the Credit Agreement, other documents or instruments and related information further describing its claim.

14.     The Claim is filed without prejudice to Administrative Agent's rights under the Bankruptcy Code or otherwise, including, but not limited to, any and all rights of setoff and recoupment.   Administrative Agent expressly preserves all its rights and claims against the Subject Debtors under the Bankruptcy Code and applicable non-bankruptcy law.

15.     Administrative Agent does not consent to the surcharge of the Collateral (or such collateral as may be provided by certain orders of the Court) by Debtors' estates, their

representatives or any other person or party-in-interest pursuant to 11 U.S.C. §506(c) or otherwise.

16.      The Claim is not subject to setoff or counterclaim.

Electronic Proof of Claim Confirmation:  3950-1-DFINK-456759786

Claim Electronically Submitted on (UTC) :  2025-11-06T02:39:01.667Z

Submitted by:  Aequum Capital Financial II LLC
jennifer.malow@blankrome.com

**KROLL**