**Exhibit 30**

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
November 07, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § § | **Case No. 25-90399 (CML)** |
| | § § | **(Jointly Administered)** |
| Debtors.[1] | § § | |

**FINAL ORDER
(I) AUTHORIZING DEBTORS TO (A) CONTINUE
USING EXISTING CASH MANAGEMENT SYSTEM
AND BANK ACCOUNTS, (B) IMPLEMENT ORDINARY COURSE
CHANGES TO CASH MANAGEMENT SYSTEM, AND (C) HONOR
CERTAIN RELATED PREPETITION OBLIGATIONS, (II) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY FOR POSTPETITION
INTERCOMPANY CLAIMS, (III) EXTENDING TIME TO COMPLY WITH
REQUIREMENTS OF 11 U.S.C. § 345(b), AND (IV) GRANTING RELATED RELIEF**

Upon the motion, dated September 29, 2025 (the "**Motion**"),[2] of First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of interim and final orders, pursuant to sections 105, 345, 363, 364, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (i) authorizing the Debtors to (a) continue using their existing Cash Management System, (b) implement changes to their Cash Management System in the ordinary course of business, and (c) honor certain prepetition obligations related to the Cash Management System, (ii) grant administrative expense priority for Intercompany Claims, (iii) extend time to comply with the requirements of section 345(b) of the Bankruptcy Code to the extent they apply to the Bank

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Accounts, and (iv) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction and authority to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon consideration of the First Day Declaration; and this Court having entered an order granting the relief requested in the Motion on an interim basis (Docket No. 222) (the "**Interim Order**"); and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Debtors are authorized, but not directed, pursuant to sections 105(a) and 363 of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained before the Petition Date, to collect and disburse cash in accordance with the Cash Management System, and to make ordinary course changes to their Cash Management System without further order of this Court, including to open and close bank accounts, subject to the limitations contained in this Final Order; *provided* without limitation that the Debtors give prior notice of any material changes to the Cash Management System, including

2

with respect to Intercompany Transactions, closing or opening of any Bank Accounts, and Bank Fees, to counsel to the official committee of unsecured creditors (the "**Creditors' Committee**"). For the avoidance of doubt, nothing in this Final Order shall authorize the Debtors to (a) pay, reimburse, or settle (directly or indirectly) claims of "insider[s]" (as that term is defined in section 101(31) of the Bankruptcy Code), or "professional persons" (as that phrase appears in section 327(a) of the Bankruptcy Code) absent line-item approval in an Approved Budget (as defined in the DIP Orders) or (b) modify, alter, amend, terminate or implement a new Cash Management System and related programs (including Intercompany Transactions), policies or benefits without the consent of Required Lenders (as defined in the DIP Orders).

2.     The Debtors are further authorized, but not directed, to (i) designate, maintain, and continue to use their existing Bank Accounts, as listed on **Schedule 1** hereto (the "**Bank Account List**"), in the names and with the account numbers existing immediately before the Petition Date, (ii) deposit funds in, and withdraw funds from, such Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, and other debits, (iii) pay any Bank Fees and other charges or payment obligations associated with the Bank Accounts and the Cash Management System, whether arising before or after the Petition Date, under the terms of and in accordance with their contractual arrangements with the Debtors, (iv) otherwise perform their obligations under the documents governing the Bank Accounts and the Bank Fees, and (v) treat their prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

3.     The Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, in accordance with the terms of the documents governing the Bank Accounts, and to receive, process, honor, and pay, to the extent sufficient funds are available for

deposit in the applicable Bank Accounts to cover such payments, any and all checks, drafts, wires, credit card payments, and ACH transfers issued, presented, or drawn on the Bank Accounts on and after the Petition Date by the holders, makers, or payors thereof, as the case may be.

4. The Debtors are authorized, but not directed, with the consent of the Required Lenders, to open new bank accounts and close any existing Bank Accounts in the ordinary course of business, and any relevant bank is authorized to honor the Debtors' requests to open or close such Bank Accounts; *provided*, that, all accounts opened by any of the Debtors on or after the Petition Date at any bank, shall, for purposes of this Final Order, (i) be deemed a Bank Account as if it had been listed on the Bank Account List; (ii) except for Bank Accounts of the SPV Debtors, be subject to deposit account control agreements acceptable to the Required Lenders, unless otherwise agreed by the Required Lenders; and (iii) be at a bank that has executed a Uniform Depository Agreement ("**UDA**") with the U.S. Trustee or at a bank that is willing to immediately execute such an agreement; *provided*, that the Debtors will notify the U.S. Trustee and counsel to the Creditors' Committee within 14 days after opening a new Bank Account or closing an existing Bank Account. Nothing in the Motion or this Final Order shall be deemed to authorize the Debtors to accelerate any payments not otherwise due and payable.

5. Notwithstanding anything to the contrary in this Final Order, unless otherwise ordered by the Court, the Debtors shall not (i) close any Bank Accounts relating to any prepetition third-party factoring arrangement or receivables facility (each a "**Receivables Facility**") or (ii) terminate any Bank Account relating to a Receivables Facility that is subject to an account control agreement, lockbox agreement or similar agreement or arrangement without the consent of the relevant parties.

6.  The FBG Debtors shall direct, to the extent received by the FBG Debtors, and segregate (and continue with any prepetition segregation) all collections regardless of whether received prepetition or postpetition into the Factored Receivables Account (as defined in the Interim Order) and shall not disburse any such segregated funds from such account pending further order of this Court after notice to all affected parties and all such parties being provided an opportunity to be heard; *provided* that the Debtors shall not be required to segregate any funds received on account of any postpetition sale and related invoice. Unless otherwise ordered by this Court after notice to all affected parties and all such parties being provided an opportunity to be heard, no bank, creditor, or any other party or entity may set off or recoup, or exercise any other rights, defenses or remedies against any funds held in the Factored Receivables Account. All rights, claims, and remedies of the FBG Debtors, the counterparties to such arrangements, the DIP Secured Parties (as defined in the DIP Orders), and the Prepetition Secured Parties (as defined in the DIP Orders) are expressly preserved, including without limitation the right of any counterparties to argue that amounts collected are required to be held in trust for such counterparties or remitted to accounts held or controlled by such counterparties. For the avoidance of doubt, (i) neither this Final Order nor the documents governing the Factored Receivables Account grants or shall be deemed to grant any security interests, liens, claims, or encumbrances in, to, or on the Factored Receivables Account or any amounts therein in favor of the bank at which the Factored Receivables and any amounts therein are held or maintained, and (ii) the mere maintenance of the Factored Receivables Account at any such bank shall in no way impact the priority of the counterparties to such arrangements' security interest in the funds in the Factored Receivables Account.

7.     The Debtors shall provide the counterparties to any Receivables Facility on a confidential basis with weekly reporting of the amount on deposit in the Factored Receivables Account.  Beginning November 15, 2025, the Debtors shall provide the counterparties to any Receivables Facility on a confidential basis with bi-weekly reporting of the (i) total receivables collected, (ii) the entities that made payments on account of any Receivables Facility, (iii) the applicable invoice numbers corresponding to such payments, and (iv) the amounts of such payments.  The Debtors and each counterparty to any Receivables Facility will reasonably consult with each other from time to time with respect to the segregation of factored receivables.  The Debtors shall provide the reporting of this paragraph 7 to (i) the U.S. Trustee on a confidential basis, and (ii) the Ad Hoc Group Advisors (as defined in the DIP Orders) on a confidential basis, and (iii) and counsel to the Creditors' Committee on a confidential, professional eyes' only basis.

8.     Subject to the limitations provided in this Final Order, the Debtors are authorized to continue to enter into and engage in the Intercompany Transactions in the ordinary course; *provided* that the Debtors are not authorized to provide any Intercompany Loans absent the consent of the Required Lenders; *provided further* that the Debtors shall provide three (3) days' advance notice to the Creditors' Committee before providing any such Intercompany Loan, and if the Creditors' Committee objects to the Debtors providing such Intercompany Loan before the end of such three (3) day period and such objection remains unresolved, the Debtors shall not make such Intercompany Loan without further order of this Court.  Unless otherwise ordered by this Court, the SPV Accounts[3] shall remain segregated from the rest of the Cash Management System,

---

[3]     "**SPV Accounts**" refers to those Bank Accounts listed as "Special Purpose Vehicle" accounts in the Bank Account List.

and there shall be no Intercompany Transactions between the SPV Debtors and any of the other Debtors.

9.        Subject to the terms of this Final Order, the Debtors are authorized to set off mutual postpetition obligations relating to intercompany receivables and payables between Debtors and Non-Debtor Affiliates through the Cash Management System in the ordinary course of business consistent with prepetition practices.  All postpetition payments from a Debtor or a Non-Debtor Affiliate to another Debtor under any postpetition Intercompany Transaction are hereby accorded administrative expense status; *provided* that any such administrative expense status claim shall be subordinate and subject to the Carve Out (as defined in the DIP Orders) and approved superpriority administrative expense claims provided for under the DIP Orders.  All proposed Intercompany Transactions between Debtors and between Debtors and Non-Debtor Affiliates shall only be authorized if expressly approved in accordance with the Approved Budget. Notwithstanding anything to the contrary herein, no FBG Debtor may set off against any obligation owed to any SPV Debtors, and no SPV Debtor may set off against any obligation owed to any FBG Debtor, pending further order of the Court.

10.        The Debtors shall maintain, and cause their Non-Debtor Affiliates to maintain, accurate and current records with respect to all transfers of cash and non-cash setoffs (including Intercompany Transactions) so that all prepetition and postpetition transfers and transactions, including the Intercompany Transactions, may be readily ascertained, traced, and recorded properly, and shall make such records available to the U.S. Trustee and Ad Hoc Group Advisors, on a confidential basis, and counsel and advisors to each of the Creditors' Committee and any counterparty to a Receivables Facility, on a confidential, professionals' eyes only basis, upon reasonable request.

7

11.     The Debtors are authorized to use their existing Business Forms substantially in the forms used immediately prior to the commencement of these chapter 11 cases, without use of "debtor in possession" on any of their Business Forms; *provided*, that, the Debtors will use reasonable efforts to have electronic checks include the legend referring to the Debtors as "Debtors-in-Possession" as soon as practicable following entry of this Final Order.

12.     To the extent that the Bank Accounts and Cash Management System are inconsistent with the requirements of section 345(b) of the Bankruptcy Code, the Debtors shall have 30 calendar days (or such additional time as the U.S. Trustee may agree to) from the entry of this Final Order within which either to come into compliance with section 345(b) of the Bankruptcy Code with respect to the Bank Accounts listed on the Bank Account List or to make such other arrangements as agreed to by the U.S. Trustee, with the consent of the Required Lenders and the Creditors' Committee.  Such extension is without prejudice to the Debtors' rights to request a further extension or waiver of the requirements of section 345(b) of the Bankruptcy Code at a later date.

13.     Each of the Banks is authorized to debit the Debtors' Bank Accounts in the ordinary course of business without the need for further order of this Court for:  (i) all drafts, checks, wire transfers, electronic funds transfers, ACH transfers, or other items drawn on the Debtors' accounts which are cashed or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (ii) all checks or other items deposited in one of Debtors' accounts with the Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (iii) all undisputed prepetition and postpetition amounts outstanding, if any, owed to the Bank as Bank Fees for the maintenance of

the Cash Management System and charge back returned items to the Bank Accounts in the ordinary course.

14. The Banks are authorized to accept and rely on all representations and instructions made by the Debtors with respect to whether any checks, drafts, wires, or ACH transfers or other payment order drawn or issued by the Debtors prior to, on, or subsequent to the Petition Date should be honored or dishonored pursuant to this Final Order or any other order of this Court, without any duty to inquire otherwise. Such Banks and financial institutions shall not have liability to any party as a result of their reliance on any representations or instructions of the Debtors as provided herein, nor shall any Bank or financial institution honoring any check or other item as a result of a good faith error be liable to any party therefor.

15. Subject to the limitations otherwise stated herein, the Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds or automated clearing house transfers, and to replace any prepetition checks or electronic fund or automated clearing house transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Final Order or any other order of this Court.

16. Subject to the limitations otherwise stated herein, the Debtors are authorized to continue the Credit Card Program in the ordinary course and continue using, and performing their obligations under, the Credit Cards, including paying any obligations related thereto, regardless of whether such obligations arose prior to, on, or after the Petition Date.

17. For the avoidance of doubt, and notwithstanding anything to the contrary herein, this Order does not (i) provide the Debtors or any other person with any rights in favor of cash deposited by customers of Novares US LLC and Novares US Engine Components

9

(together, "**Novares**") into segregated accounts held by non-debtors for the benefit of FactoFrance S.A. and affiliates (the "**FactoFrance Accounts**") unless the parties have rights pursuant to applicable non-bankruptcy law or (ii) authorize the Debtors or Novares to take any action outside of the ordinary course of business with respect to the FactoFrance Accounts. Further, for the avoidance of doubt, to the extent any lien of FactoFrance is a valid, binding, enforceable, properly perfected, and non-avoidable prepetition lien on Collateral (a "**FactoFrance Lien**"), nothing set forth in this Final Order or the DIP Documents grants or shall be deemed to grant any lien of senior or equal priority as to any FactoFrance Lien, provided that nothing in this Order shall operate to approve, perfect, or otherwise elevate any FactoFrance Lien.

18. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment made or to be made pursuant to the authority granted herein, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, entered by the Court approving the Debtors' entry into any postpetition debtor-in-possession financing facility and/or the Debtors' use of cash collateral (such orders, the "**DIP Orders**") and any budget in connection with any use of cash collateral and/or postpetition debtor-in-possession financing authorized therein (subject to any permitted variances). To the extent there is any inconsistency between the terms of the DIP Orders and any action taken or proposed to be taken under this Final Order, the terms of the DIP Orders shall control. Nothing in the Motion or this Final Order shall constitute a waiver or substitution of any consent right required under the DIP Orders.

19. Nothing in the Motion or this Final Order or any payment made pursuant to the authority granted by this Final Order is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors or any liens satisfied pursuant to this Final Order,

(ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (vi) a waiver of the obligation of any party in interest to file a proof of claim, or (vii) an approval, assumption, or rejection of any unexpired lease or executory contract under section 365 of the Bankruptcy Code.

20. Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

21. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Final Order.

23. This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Signed: November 07, 2025

_____

Christopher Lopez
United States Bankruptcy Judge

11

**Schedule 1**

**Bank Account List**

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 1. | Airtex Products LP | Bank of America | 8856 | Collection |
| 2. | Airtex Products LP | Wells Fargo | 8904 | Collection |
| 3. | ASC Industries Inc | Bank of America | 6878 | Collection |
| 4. | ASC Industries Inc | Bank of America | 6572 | Disbursement |
| 5. | BPI EC LLC | Bank of America | 4406 | Collection |
| 6. | BPI Holdings International LLC | Bank of America | 6343 | Collection |
| 7. | Brake Parts Inc India LLC | Bank of America | 6348 | Collection |
| 8. | Brake Parts Inc LLC | Bank of America | 0974 | Disbursement |
| 9. | Brake Parts Inc LLC | Bank of America | 7312 | Collection |
| 10. | Brake Parts Inc LLC | Bank of America | 7294 | Collection |
| 11. | Brake Parts Inc LLC | Bank of America | 7827 | Disbursement |
| 12. | Brake Parts Inc LLC | Bank of America | 7299 | Disbursement |
| 13. | Brake Parts Inc LLC | Bank of America | 3205 | Collection |
| 14. | Brake Parts Inc LLC | Bank of America | 3213 | Collection |
| 15. | Cardone Industries, Inc | Bank of America | 3264 | Collection |
| 16. | Cardone Industries, Inc | Bank of America | 3269 | Disbursement |

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 17. | Cardone Industries, Inc | Bank of America | 3725 | Disbursement |
| 18. | Cardone Industries, Inc | Citizens | 6317 | Disbursement |
| 19. | Cardone Industries, Inc | Citizens | 5639 | Disbursement |
| 20. | Cardone Industries, Inc | Citizens | 5647 | Collection |
| 21. | Cardone Industries, Inc | Citizens | 5655 | Collection |
| 22. | Cardone Industries, Inc | Citizens | 6309 | Disbursement |
| 23. | Cardone Industries, Inc | Citizens | 6325 | Disbursement |
| 24. | Cardone Industries, Inc | Citizens | 2329 | Disbursement |
| 25. | Cardone Industries, Inc | JP Morgan Chase | 3159 | Disbursement |
| 26. | Cardone Industries, Inc | JP Morgan Chase | 0101 | Collection |
| 27. | Cardone Industries, Inc | JP Morgan Chase | 6101 | Collection |
| 28. | Carnaby FA, LLC | HSBC | 5207 | Special Purpose Vehicle |
| 29. | Carnaby Inventory Holdings II, LLC | HSBC | 5525 | Special Purpose Vehicle |
| 30. | Carnaby Inventory Holdings III, LLC | HSBC | 5436 | Special Purpose Vehicle |
| 31. | Carnaby Inventory Holdings IV, LLC | HSBC | 5509 | Special Purpose Vehicle |
| 32. | Carnaby Inventory II, LLC | HSBC | 4324 | Special Purpose Vehicle |
| 33. | Carnaby Inventory III, LLC | HSBC | 5258 | Special Purpose Vehicle |
| 34. | Carnaby Inventory IV, LLC | HSBC | 5363 | Special Purpose Vehicle |

2

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 35. | Carter Carburetor Holdings, LLC | Bank of America | 3720 | Disbursement |
| 36. | Carter Carburetor Holdings, LLC | Bank of America | 3221 | Collection |
| 37. | Carter Carburetor Holdings, LLC | Bank of America | 3226 | Disbursement |
| 38. | Carter Carburetor LLC | Bank of America | 3744 | Disbursement |
| 39. | Carter Carburetor LLC | Bank of America | 3240 | Collection |
| 40. | Carter Carburetor LLC | Bank of America | 3245 | Disbursement |
| 41. | Carter Fuel Systems LLC | Bank of America | 6892 | Collection |
| 42. | Carter Fuel Systems LLC | Bank of America | 6577 | Collection |
| 43. | Carter Fuel Systems LLC | Bank of America | 7002 | Collection |
| 44. | Carter Fuel Systems LLC | Bank of America | 7021 | Disbursement |
| 45. | Carter Fuel Systems LLC | Bank of America | 6999 | Collection |
| 46. | Carter Fuel Systems LLC | Bank of America | 7007 | Disbursement |
| 47. | Champion Laboratories Inc | Bank of America | 1396 | Disbursement |
| 48. | Champion Laboratories Inc | Bank of America | 1879 | Collection |
| 49. | Champion Laboratories Inc | Bank of America | 6216 | Disbursement |
| 50. | Champion Laboratories Inc | Bank of America | 7710 | Disbursement |
| 51. | Champion Laboratories Inc | Bank of America | 6224 | Collection |
| 52. | Champion Laboratories Inc | Wells Fargo | 9092 | Collection |

3

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 53. | Champion Laboratories Inc | Wells Fargo | 9100 | Collection |
| 54. | CWD LLC | Wells Fargo | 4362 | Collection |
| 55. | CWD LLC | Bank of America | 1476 | Disbursement |
| 56. | CWD LLC | Bank of America | 7715 | Disbursement |
| 57. | CWD LLC | Bank of America | 7901 | Collection |
| 58. | CWD LLC | Wells Fargo | 4354 | Collection |
| 59. | Dalton Corporation | CIBC | 5872 | Collection |
| 60. | Dalton Corporation | CIBC | 1110 | Concentration |
| 61. | Eagle Casting, LLC | HSBC | 5479 | Concentration |
| 62. | Eagle Machining, LLC | HSBC | 5487 | Concentration |
| 63. | First Brands Group LLC | Bank of America | 6975 | Concentration |
| 64. | First Brands Group LLC | Bank of America | 6262 | Collection |
| 65. | First Brands Group LLC | Bank of America | 6808 | Disbursement |
| 66. | First Brands Group LLC | Bank of America | 9394 | Investment |
| 67. | First Brands Group LLC | Bank of America | 2114 | Disbursement |
| 68. | First Brands Group LLC | Bank of America | 0657 | Disbursement |
| 69. | First Brands Group LLC | US Bank | 1400 | Investment |
| 70. | First Brands Group LLC | SouthState | 4957 | Investment |
| 71. | First Brands Group LLC | Bank United | 9656 | Collection |
| 72. | First Brands Group LLC | Bank United | 9161 | Investment |

4

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 73. | FRAM Group Operations LLC | Bank of America | 9571 | Collection |
| 74. | FRAM Group Operations LLC | Bank of America | 2869 | Disbursement |
| 75. | Global Assets LLC | HSBC | 5606 | Special Purpose Vehicle |
| 76. | Heatherton Holdings LLC | Bank of America | 7106 | Collection |
| 77. | Heatherton Holdings LLC | Bank of America | 7120 | Disbursement |
| 78. | Hopkins Manufacturing Corp | US Bank | 5565 | Collection |
| 79. | Hopkins Manufacturing Corp | US Bank | 0366 | Collection |
| 80. | Hopkins Manufacturing Corp | US Bank | 2289 | Collection |
| 81. | Hopkins Manufacturing Corp | Bank of America | 7724 | Collection |
| 82. | Hopkins Manufacturing Corp | Bank of America | 7729 | Disbursement |
| 83. | Hopkins Manufacturing Corp | Bank of America | 3947 | Disbursement |
| 84. | Horizon Euro Finance, LLC | Bank of America | 3189 | Collection |
| 85. | Horizon Euro Finance, LLC | Bank of America | 3202 | Disbursement |
| 86. | Horizon Euro Finance, LLC | Bank of America | 3688 | Disbursement |
| 87. | Horizon Global Americas Inc | Bank of America | 2305 | Disbursement |
| 88. | Horizon Global Americas Inc | Bank of America | 3919 | Collection |
| 89. | Horizon Global Americas Inc | Bank of America | 3933 | Disbursement |
| 90. | Horizon Global Americas Inc | PNC | 7144 | Collection |
| 91. | Horizon Global Americas Inc | PNC | 7152 | Disbursement |
| 92. | Horizon Global Americas Inc | PNC | 4125 | Disbursement |

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 93. | Horizon Global Americas Inc | PNC | 4133 | Disbursement |
| 94. | Horizon Global Company LLC | Bank of America | 3938 | Collection |
| 95. | Horizon Global Company LLC | Bank of America | 3952 | Disbursement |
| 96. | Horizon Global Company LLC | Bank of America | 2324 | Disbursement |
| 97. | Horizon Global Company LLC | PNC | 6286 | Collection |
| 98. | Horizon Global Corporation | PNC | 7128 | Collection |
| 99. | Horizon Global Corporation | PNC | 7136 | Collection |
| 100. | Horizon Global Corporation | PNC | 8825 | Disbursement |
| 101. | Horizon Global Corporation | PNC | 9641 | Disbursement |
| 102. | Horizon Global Corporation | PNC | 4117 | Disbursement |
| 103. | Horizon Global Corporation | PNC | 4512 | Disbursement |
| 104. | Horizon Global Corporation | PNC | 2136 | Collection |
| 105. | Horizon International Holdings, LLC | HSBC | 1008 | Collection |
| 106. | Horizon International Holdings, LLC | HSBC | 1016 | Collection |
| 107. | IBI International Holding Company Inc. | CIBC | 8233 | Disbursement |
| 108. | International Brake Industries, Inc | Bank of America | 3617 | Collection |
| 109. | International Brake Industries, Inc | Bank of America | 3631 | Disbursement |
| 110. | International Brake Industries, Inc | Bank of America | 2263 | Disbursement |
| 111. | International Brake Industries, Inc | CIBC | 0583 | Disbursement |
| 112. | International Brake Industries, Inc | CIBC | 5431 | Disbursement |
| 113. | International Brake Industries, Inc | CIBC | 5596 | Disbursement |
| 114. | International Brake Industries, Inc | CIBC | 8906 | Disbursement |
| 115. | Jasper Rubber Products, Inc. | Bank of America | 6637 | Collection |
| 116. | Jasper Rubber Products, Inc. | Bank of America | 6651 | Disbursement |

6

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 117. | Jasper Rubber Products, Inc. | Bank of America | 9299 | Disbursement |
| 118. | Jasper Rubber Products, Inc. | BMO | 9210 | Collection |
| 119. | Jasper Rubber Products, Inc. | BMO | 9236 | Disbursement |
| 120. | Jasper Rubber Products, Inc. | BMO | 9244 | Collection |
| 121. | Patterson Inventory Holdings LLC | HSBC | 5347 | Special Purpose Vehicle |
| 122. | Patterson Inventory LLC | HSBC | 5215 | Special Purpose Vehicle |
| 123. | Premier Marketing Group LLC | Bank of America | 7149 | Collection |
| 124. | Premier Marketing Group LLC | Bank of America | 7163 | Disbursement |
| 125. | Pylon Manufacturing Corp | CIBC | 5423 | Disbursement |
| 126. | Pylon Manufacturing Corp | Bank of America | 31490 | Disbursement |
| 127. | Pylon Manufacturing Corp | Bank of America | 7739 | Disbursement |
| 128. | Pylon Manufacturing Corp | Bank of America | 7734 | Collection |
| 129. | Pylon Manufacturing Corp | CIBC | 5588 | Collection |
| 130. | Pylon Manufacturing Corp | CIBC | 7633 | Collection |
| 131. | Qualis Automotive, LLC | Wells Fargo | 0287 | Collection |
| 132. | Qualis Automotive, LLC | Bank of America | 7753 | Collection |
| 133. | Qualis Automotive, LLC | Bank of America | 1414 | Disbursement |
| 134. | Smart Choice LLC | Citizens | 8417 | Collection |
| 135. | Starlight Inventory Holdings I LLC | HSBC | 5410 | Special Purpose Vehicle |

7

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 136. | Starlight Inventory I LLC | HSBC | 5304 | Special Purpose Vehicle |
| 137. | StrongArm LLC | Bank of America | 7507 | Collection |
| 138. | StrongArm LLC | Bank of America | 7649 | Collection |
| 139. | StrongArm LLC | Bank of America | 7521 | Collection |
| 140. | StrongArm LLC | Bank of America | 7540 | Disbursement |
| 141. | StrongArm LLC | Bank of America | 7526 | Disbursement |
| 142. | Tae Brakes LLC | CIBC | 0025 | Disbursement |
| 143. | Tae Brakes LLC | CIBC | 7111 | Collection |
| 144. | TAE China Holdings, Inc. | CIBC | 5639 | Disbursement |
| 145. | Toledo Molding & Die, LLC | Bank of America | 7277 | Disbursement |
| 146. | Toledo Molding & Die, LLC | Bank of America | 7272 | Collection |
| 147. | Toledo Molding & Die, LLC | PNC | 0956 | Collection |
| 148. | Toledo Molding & Die, LLC | HSBC | 5877 | Collection |
| 149. | Toledo Molding & Die, LLC | PNC | 0964 | Collection |
| 150. | Toledo Molding & Die, LLC | PNC | 2548 | Disbursement |
| 151. | Toledo Molding & Die, LLC | Bank of America | 0699 | Disbursement |
| 152. | Toledo Molding & Die, LLC | Bank of America | 9945 | Disbursement |
| 153. | Transportation Aftermarket Enterprise | CIBC | 5415 | Disbursement |
| 154. | Transportation Aftermarket Enterprise | CIBC | 5570 | Collection |
| 155. | Trico Products Corporation | Bank of America | 6897 | Collection |
| 156. | Trico Products Corporation | Bank of America | 6910 | Disbursement |

8

| | Legal Entity | Financial Institution | Last Four Digits of Bank Account Number | Account Type |
|---|---|---|---|---|
| 157. | Trico Products Corporation | Bank of America | 0327 | Disbursement |
| 158. | Trico Products Corporation | Bank of America | 7088 | Collection |
| 159. | Trico Products Corporation | Bank of America | 0205 | Disbursement |
| 160. | Trico Products Corporation | Bank of America | 0213 | Collection |
| 161. | Trico Products Corporation | Bank of America | 0221 | Disbursement |
| 162. | Trico Products Corporation | Bank of America | 7101 | Disbursement |
| 163. | Trico Products Corporation | Bank of America | 9909 | Disbursement |
| 164. | UCI International, LLC | Wells Fargo | 8920 | Collection |
| 165. | United Components, LLC | Wells Fargo | 9118 | Collection |
| 166. | United Components, LLC | Wells Fargo | 9340 | Collection |
| 167. | United Components, LLC | Wells Fargo | 9126 | Collection |
| 168. | United Components, LLC | Wells Fargo | 9134 | Collection |
| 169. | Universal Auto Filter, LLC | Wells Fargo | 4377 | Collection |
| 170. | Universal Auto Filter, LLC | Wells Fargo | 4222 | Collection |
| 171. | Viceroy Private Capital, LLC | City National | 5307 | Special Purpose Vehicle |
| 172. | Walbro LLC | Bank of America | 7415 | Collection |
| 173. | Walbro LLC | Bank of America | 7434 | Disbursement |

9

| | **Legal Entity** | **Financial Institution** | **Last Four Digits of Bank Account Number** | **Account Type** |
|---|---|---|---|---|
| 174. | Walbro LLC | Bank of America | 9775 | Disbursement |
| 175. | Walbro LLC | JP Morgan Chase | 8573 | Collection |
| 176. | WEM US Co | JP Morgan Chase | 8995 | Collection |

10