# EXHIBIT 3

## ORBIAN SYSTEM USE AND SUPPLIER PAYMENT AND DISCOUNT AGREEMENT

### (US Suppliers)

This Orbian System Use and Supplier Payment and Discount Agreement (this "Agreement"), is among VERCYFi LLC                                        , a Colorado                   LLC ("Supplier"), Orbian Corp. ("Orbian"), and Orbian Financial Services XXVI LLC ("OFS" and, together with Orbian, the "Orbian Entities") and is effective as of the date it is executed by the Orbian Entities as set forth on the signature page.

### Background

A.   Supplier enters into commercial trade transactions with First Brands Group, LLC and/or any one or more of its permitted affiliates (each, a "Buyer") for the sale of goods and/or provision of services that result in accounts receivable owed by Buyer to Supplier (the "Receivables").

B.   To facilitate the processing and payment of the Receivables, Supplier and Buyer will utilize a certain web-based settlement system provided by Orbian (the "Orbian System").

C.   Supplier, in its sole discretion, may offer to sell to OFS, and OFS may purchase from Supplier, certain Receivables under this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, terms, conditions, representations and warranties contained herein, and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Supplier and the Orbian Entities agree as follows:

**1.       Definitions.**

"Discount Offer" is defined in subparagraph 7 (a).

"Discount Proceeds" is defined in the Pricing Schedule.

"Discount Purchase" means the purchase by OFS and the simultaneous sale and assignment by Supplier of a Receivable to OFS at a price equal to the Discount Proceeds.

"Documentation" means all information provided by Orbian describing the use of the Orbian System.

"Payment Notification" means, with respect to a Receivable owed by Buyer, the notification sent by the Buyer to the Orbian Entities and Supplier through the Orbian System notifying Supplier that Buyer has instructed Orbian to make payment from funds provided by the Buyer of a specified amount on a specified date in full payment of a Receivable owed by Buyer to Supplier.

"Pricing Schedule" means the pricing schedule attached hereto.

"Purchased Receivable" means a Receivable purchased by OFS in an all-cash, true sale, non-recourse transaction under this Agreement.

**2.       Grant of Right to Use the Orbian System.** Orbian grants to Supplier a non-exclusive, non-transferable right to use the Orbian System solely for the purposes contemplated by this Agreement. The right to use shall terminate upon termination of this Agreement. Orbian, its parent, subsidiaries, affiliated companies, assigns and licensors retain title to, and ownership of, all proprietary rights in and to the Orbian System (including but not limited to copyright,

patent and trademark rights as well as revisions, upgrades, updates, derivative works and other improvements to the Orbian System). Supplier agrees to use the Orbian System in accordance with the Documentation and any updates/upgrades provided by Orbian.

**3.**     **Restrictions on Use**. Supplier will not: (a) modify, adapt, alter, translate, decompile, disassemble or otherwise reverse engineer the Orbian System; (b) rent, lease, loan or distribute the Orbian System in whole or in part; (c) use the Orbian System to provide third party services; or (d) use the Orbian System for investment or arbitrage functions or purposes, for any money laundering purpose or in contravention of any law or regulation.

**4.**     **Security and Reliance**. The parties hereto agree to use the Orbian System to send all communications under this Agreement. The Orbian Entities shall be entitled to rely upon any communication which Orbian believes in good faith to be given or made by Supplier, irrespective of any error or fraud contained in the communication or the identity of the individual who sent the communication.

**5.**     **IT Acknowledgements**. Supplier acknowledges and agrees: (a) that there will be downtime from time to time when the Orbian System cannot be accessed; and (b) that Supplier is responsible for providing and maintaining, and Orbian has no liability or responsibility in respect of, computer equipment or utility services that Supplier utilizes to access the Orbian System.

**6.**     **Settlement for Non-Purchased Receivables**. Unless Supplier and OFS have executed a Discount Purchase with respect to a Receivable:

(a)     Orbian will make payment to Supplier's designated bank account on the payment date specified in the Payment Notification for each Receivable solely from funds deposited by the Buyer and made available to Orbian for payment of the specific Receivable. Supplier acknowledges and agrees that: (i) it shall have no right to receive any funds from Orbian unless and until such funds have been made available to Orbian by the Buyer; and (ii) if such funds are not made available to Orbian, then Supplier's payment recourse shall continue to be to the Buyer and not to Orbian or OFS.

(b)     In the event that insufficient funds are deposited by the Buyer with respect to the aggregate amount owed by the Buyer under Payment Notifications due or past due on such payment date, the amounts so deposited by the Buyer shall constitute payment by the Buyer in respect of, and Orbian shall allocate such funds to, such Payment Notifications (and the respective Receivable) in accordance with their respective due dates (with the Payment Notifications with the earliest due date paid first) and pro-rata among Payment Notifications with the same due date, and Supplier's payment recourse for any deficiency shall continue to be to the Buyer and not to the Orbian Entities.

(c)     If sufficient funds are deposited by the Buyer with respect to the aggregate amount owed by the Buyer under Payment Notifications due or past due on such payment date, the amounts deposited by the Buyer and paid over to Supplier by Orbian shall constitute full payment by the Buyer in respect of amounts due to Supplier with respect to the specific Receivable.

**7.**     **Purchased Receivables**.

(a)     **Discount Offers**. Supplier may either at its manual request, or automatically (depending on the discount method selected), offer to sell a given Receivable to OFS (a "Discount Offer") at a price equal to the Discount Proceeds. All Discount Offers will be made by Supplier through the Orbian System.

(b)     **Acceptance of Discount Offer**. OFS, in its sole and absolute discretion, may accept Supplier's Discount Offer and execute a Discount Purchase by depositing the Discount Proceeds in Supplier's designated bank account. Each Discount Offer shall remain open until the earlier of its acceptance by OFS through the Orbian System,

its revocation by Supplier in writing or through the Orbian System or its rejection by OFS in writing or through the Orbian System.

(c) **Purchase of Receivables**. Supplier agrees that, simultaneously with the deposit of Discount Proceeds in Supplier's designated bank account, Supplier: (i) sells, transfers and legally assigns to OFS all of Supplier's present and future right, title and interest in, to and under the Purchased Receivable; (ii) irrevocably designates OFS to receive payment of the amount specified in the related Payment Notification with respect to the Purchased Receivable; and (iii) has no further rights against the Buyer with respect to the Purchased Receivable. Supplier agrees that its obligations under this Agreement and any Discount Offers issued by it shall not be affected by the invalidity, unenforceability, existence, performance or non-performance of the relevant underlying transaction, which (and any liability for which) shall be between Supplier and Buyer only. It is the intention of Supplier and OFS that each Discount Purchase constitutes an irrevocable true sale and absolute legal assignment that will provide OFS with the full benefits of ownership of the Purchased Receivable. Each purchase of a Purchased Receivable shall be non-recourse except in the cases of fraud or mistake.

(d) **Representations, Warranties and Covenants of Supplier Related to Discount Purchases**. Supplier represents and warrants to OFS as of the date each Discount Offer is accepted by OFS that:

(i)    the Supplier will account for each Discount Purchase hereunder in its books and financial statements as a sale and legal assignment of the Purchased Receivable, consistent with generally accepted accounting principles;

(ii)   the underlying transactions between the Supplier and the Buyer provide for the payments of all amounts due relating to the Purchased Receivable in U.S. Dollars;

(iii)  each Receivable to which a Discount Offer relates is the exclusive property of Supplier, free and clear of all security interests, liens or claims of any kind (including, without limitation, judgment and tax liens) and the Supplier has good and marketable title thereto, which is freely transferable by the Supplier without the consent of any other person or entity; and

(iv)   each Discount Offer, and all other transactions between OFS and Supplier, have been and will be made in good faith and without intent to hinder, delay or defraud the creditors of Supplier and each sale and legal assignment of a Purchased Receivable is made in the ordinary course of Supplier's business.

(e) **Designated Payee**. Supplier hereby acknowledges that the designation of OFS as the designated payee pursuant to Clause 7 (c) (ii) herein is absolute and final and agrees not to attempt to challenge, withdraw or revoke such designation. Supplier will not designate any other entity other than OFS (or its assigns) as the designated payee with respect to any Purchased Receivable.

(f) **Waiver**. Supplier hereby knowingly and voluntarily waives any and all legal or equitable defenses, setoffs, deductions and claims that might otherwise be available to contest, negate, reduce, disaffirm or otherwise impact OFS's rights in Purchased Receivables. Supplier shall not purport to amend, waive, settle or otherwise modify any Purchased Receivables, or the amount thereof, with the Buyer.

(g) **No Encumbrance**. Supplier shall not: (i) sell, assign or transfer any right, claim or interest in any Purchased Receivable hereunder once a Discount Purchase has been closed; (ii) grant, authorize, consent to, or suffer to exist any security interest, lien or other claim or encumbrance on any Purchased Receivable hereunder other than in favor of OFS; or (iii) execute or file, or authorize, consent to or suffer to exist the filing of any financing statement or other similar filing relating to any Purchased Receivable hereunder other than in favor of OFS.

(h)      **Financing Statement Filing.** Supplier hereby authorizes OFS to file a Uniform Commercial Code financing or continuation statement relative *only* to Purchased Receivables to complete true sale requirements. Such filings will apply *only* to Purchased Receivables for which the Discount Proceeds have already been paid, and will not affect any other receivable, asset or general intangible of Supplier.

**8.      Indemnification.** (a) Supplier hereby agrees to indemnify the Orbian Entities from and against any and all claims, damages, expenses, costs, losses and liabilities (including, without limitation, reasonable attorneys' fees) arising out of or resulting from (whether directly or indirectly): (i) any dispute (including without limitation, claims that services were not rendered or goods not delivered), claim, offset or defense of the Buyer and with respect to the payment of any Receivable which (A) arises from the fraud, negligence or other wrongdoing of the Supplier and (B) results in the Buyer not making a payment with respect to a Payment Notification related to such Receivables in a timely manner; (ii) the fraud, gross negligence or willful misconduct of Supplier; it being understood that except as expressly set forth above, Supplier shall not be liable to indemnify or pay the Orbian Entities with respect to any credit losses with respect to any Payment Notification (and any Receivable related thereto) resulting from the Buyer's failure to pay; or (iii) the material breach of this Agreement by Supplier.

(b)      The Orbian Entities hereby agree to indemnify the Supplier from and against any and all claims, damages, expenses, costs, losses and liabilities (including, without limitation, reasonable attorneys' fees) arising out of or resulting from (whether directly or indirectly): (i) the fraud, gross negligence or willful misconduct of the Orbian Entities; or (ii) the material breach of this Agreement by the Orbian Entities.

**9.      General Representations and Warranties of the Parties.** (a) Each Party represents and warrants to the other Parties that this Agreement: (i) constitutes the legal, valid and binding obligation of it, enforceable against it in accordance with its terms; and (ii) does not violate or conflict with (A) any laws applicable to it, (B) the organizational documents of it, (C) any contract or agreement to which it is a party or by which it is bound or (D) any court or administrative order applicable to it.

(b)      Supplier represents and warrants that: (i) the underlying transactions between the Supplier and the Buyer (A) were not the product of duress or fraud (including, without limitation, fraud in the inducement) on the part of the Supplier, (B) are not illegal, (C) are for the sale and delivery of goods or services in the ordinary course of Supplier's business and (D) are not, to the best of Supplier's knowledge, the subject of any actual litigation or arbitration proceeding; and (ii) it shall comply with all relevant laws and regulations applicable to this Agreement and transactions conducted using the Orbian System including, without limitation, all applicable sanctions and export control laws.

(c)      The Orbian Entities represent and warrant that except as expressly provided in this Agreement, no representation, warranty, term or condition, express or implied, statutory or otherwise, is given or assumed by the Orbian Entities in respect of: (i) the Orbian System; (ii) Supplier's underlying commercial transactions or terms and conditions with the Buyer; or (iii) the goods or services related to the underlying transactions. All such representations, warranties, terms and conditions are excluded, except to the extent that this exclusion is prohibited by law. Without limiting the foregoing, Supplier understands that neither OFS nor Orbian is giving any representation or warranty regarding the foregoing as to condition, performance, fitness for purpose, suitability, merchantability, quality or otherwise, or of non-infringement, except as expressly provided herein.

**10.      Waivers; Severability.** No failure or delay in exercising any right or remedy under this Agreement will constitute a waiver of that right. If any provision of this Agreement is or becomes illegal, invalid, or unenforceable under any applicable law, the remaining provisions of this Agreement will remain in full force and effect.

**11.      Limitation of Liability.** In the absence of gross negligence or willful misfeasance on its part in the performance of its duties hereunder, no Orbian Entity shall be liable for any action taken, suffered, or omitted, or in accordance with any direction or request of Supplier. Neither Supplier nor any Orbian Entity shall be liable to the other for any indirect, exemplary, special, punitive, incidental, or consequential damages or loss, even if advised of the

possibility of such loss or damage. Neither Orbian Entity nor Supplier shall be liable for any claims, liabilities, or expenses due to forces beyond their respective reasonable control, including without limitation strikes, work stoppages, acts of war or terrorism, insurrection, revolution, nuclear or natural catastrophes or acts of God, and interruptions, loss or malfunctions of utilities, communications, or computer (software or hardware) services. Supplier hereby acknowledges and agrees that OFS shall have no duties or obligations to Supplier whatsoever under this Agreement other than its obligation to effect a Discount Purchase if it accepts a Discount Offer in its sole discretion, and shall have no liability to Supplier hereunder with respect to any obligation of Orbian or with respect to the Orbian System.

12.      No Implied Duties, Third Party Beneficiaries. Neither Orbian Entity owes any duty or obligation other than as expressly stated in this Agreement. Neither Orbian Entity owes any duties or obligations to any person or entity that is not a party to this Agreement. Nothing herein, express or implied, shall give to any person or entity, other than the Supplier and the Orbian Entities as well as their respective successors and assigns to the extent permitted under this Agreement, any benefit of any legal or equitable right, remedy or claim hereunder.

13.      No Assignment. Neither Supplier nor Orbian may assign or delegate any of its rights or obligations, and OFS may not delegate any of its obligations (but may at any time assign its rights) under this Agreement without the prior written consent of the other parties hereto; provided, however, that upon written notice to Supplier, either Orbian Entity may assign its rights and obligations under this Agreement in whole or in part to any subsidiary or affiliate of any Orbian Entity, or to any corporation or other entity into which any Orbian Entity may be merged or converted or with which it may be consolidated, or any corporation or other entity resulting from any merger, conversion or consolidation to which any Orbian Entity may be a party.

14.      Termination. Either Orbian Entity or the Supplier may terminate this Agreement upon prior written notice to the other with immediate effect upon ten (10) days' written notice. However, (a) either Orbian Entity or the Supplier may terminate this Agreement immediately upon notice of material breach of this Agreement by the other party hereto and (b) either Orbian Entity may terminate this Agreement immediately if at any time Supplier is insolvent or is the subject of any case, action or proceeding relating to bankruptcy, reorganization, insolvency, or other similar laws for the relief of debtors.

15.      Survival. If this Agreement is terminated then this Agreement shall become invalid and of no further force and effect, provided however, that all security, indemnification, payment and reimbursement obligations and all limitation of liability provisions contained in this Agreement shall survive and remain in full force and effect notwithstanding such termination.

16.      Governing Law; Arbitration. This Agreement and all matters arising out of or in any way relating to this Agreement shall be construed in accordance with and governed by the substantive laws of California (without regard to choice of law principles). All disputes arising out of or in connection with this Agreement shall be submitted to the American Arbitration Association ("AAA") and shall be finally settled without recourse to the ordinary courts of law under the Rules of Arbitration of the AAA by one arbitrator appointed in accordance with said Rules. The place of arbitration shall be San Diego, California. The application of the United Nations Convention on Contracts for the International Sale of Goods of April 11, 1980 and the UNIDROIT Convention on International Factoring (Ottawa) shall be excluded.

17.      Notices, Etc. Any notice to be given under this Agreement shall be sent to the applicable address specified below. This Agreement may not be modified except in writing and signed by the parties hereto. This Agreement may be executed in counterparts, each of which shall be an original and all of which shall constitute the same agreement.

*Signature on following page*

IN WITNESS WHEREOF, each of the parties hereto has executed this Agreement as of the date and year set forth below the signature block for the Orbian Entities.

Corporate Name:

**VERCYFi LLC**

Signature:

*Thomas B Wenz*

Thomas B Wenz (Aug 20, 2024 16:08 MDT)

Name: Thomas B Wenz

Title: CFO

Address:
6984 E 1st Avenue
Denver, CO 80230

Date Signed: Aug 20, 2024

Orbian Corp.
Orbian Financial Services XXVI LLC

Signature:

*Christina H. Nguyen*

Christina H. Nguyen (Aug 21, 2024 08:53 PDT)

Name: Christina H. Nguyen

Title:   General Counsel

Date Signed by OFS: Aug 21, 2024