**Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| | § | |
| **Debtors.¹** | § | |

**DEBTORS' RESPONSES AND OBJECTIONS TO LAM PARTIES' FIRST SET OF
INTERROGATORIES IN CONNECTION WITH PLAN CONFIRMATION**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "**Federal Rules**"),

made applicable to the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") through Rules

7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the

"**Local Rules**"), and other applicable law, First Brands Group, LLC and its debtor affiliates

(collectively, the "**Debtors**"), by and through their undersigned counsel, hereby submit these

responses and objections (the "**Responses**," and each specific response and objection, a

"**Response**") to the *LAM Parties' First Set of Interrogatories to First Brands in Connection with*

*Plan Confirmation*, dated June 24, 2026 (the "**Interrogatories**," and each specific interrogatory,

an "**Interrogatory**").  The Debtors expressly reserve their right to supplement, modify, revise, or

correct the Responses herein at any time in accordance with the applicable rules.

**RESERVATION OF RIGHTS**

1.      With all of their rights expressly reserved, the Debtors respond to the

Interrogatories in good faith and in accordance with the Federal Rules, the Bankruptcy Rules, the

---

¹ A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Local Rules and/or any other rules, law, or court order governing the proper scope, timing, and extent of discovery in these proceedings.  The following Responses are made for the sole purpose of the above-captioned proceeding.

2.	The Debtors submit the Responses subject to, without intending to waive, and expressly preserving: (a) any objections as to the competence, relevance, materiality, privilege, and/or admissibility into evidence of any response herein or materials produced in response to any Interrogatory; (b) the right to object to other discovery procedures involving or relating to the subject matter of the Interrogatories, the Responses, or documents produced in response to the Interrogatories; (c) any objections to overbreadth, undue burden, vagueness, or ambiguity, and (d) the right to revise, correct, supplement, or clarify the Responses at any time.

3.	The Responses are made pursuant to and subject to the General Objections, Objections to Definitions, Objections to Instructions, and Specific Responses and Objections set forth herein.  The Debtors do not waive, and expressly preserve, all available objections.

4.	The Debtors do not admit, adopt, or acquiesce in any factual or legal contention, assertion, assumption, characterization, or implication contained in the Interrogatories.  By producing documents (if any) in response to the Interrogatories, the Debtors do not intend to waive, and do not waive, any defenses to the Interrogatories or any other demand, subpoena, request, or action.

5.	Any document produced by the Debtors in response to the Interrogatories does not constitute an admission or acknowledgement that any such Interrogatory is proper, that the information sought is relevant or admissible in any proceeding, or that requests for similar information will be treated in a similar fashion.  Whether the Debtors have produced documents

or objected to any particular Interrogatory should not be interpreted as an admission that the Debtors accept or admit the existence of any fact(s) set out or assumed by such Interrogatory.

6. None of the Responses shall be construed as admitting that the Debtors have in their possession, custody, or control any documents or information responsive to any Interrogatory unless expressly stated.

7. The Debtors do not waive, and hereby assert and preserve, all applicable privileges and protections, including the attorney-client privilege, attorney-work-product doctrine, and any other applicable privilege or immunity.

8. Any documents that the Debtors may produce in response to the Interrogatories are produced pursuant to, and shall be subject to, the terms of the *Agreed Protective Order* (Dkt. 408) (the "**Protective Order**") entered in the Chapter 11 Cases.

### GENERAL OBJECTIONS

1. These General Objections are applicable to the Interrogatories in their entirety and are incorporated into each specific Response as if fully repeated therein. The Objections to Definitions and Objections to Instructions shall likewise apply equally to any instruction, definition, or Interrogatory that incorporates that instruction or definition. The Debtors reserve the right to assert additional objections to the Interrogatories as necessary and/or appropriate.

2. The Debtors object to the Interrogatories insofar as they are overbroad, unduly burdensome, vague, ambiguous, redundant, harassing, or oppressive. The Debtors further object to the Interrogatories as seeking information that is neither relevant nor proportionate to the discovery needs of the combined hearing detailed in the Scheduling Order (the "**Confirmation Hearing**"), including with respect to confirmation of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Dkt. 3019] (the "**Plan**") and approval of the related

*Disclosure Statement for Joint Chapter 11 Plan of First Brands, LLC and Certain Affiliated Debtors* [Dkt. 3020] (the "**Disclosure Statement**").

3.      The Debtors object to the Interrogatories insofar as they demand that the Debtors identify "all," "any," or "each" Person, Document, or Communication on the grounds that such demands are impracticable, overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.

4.      The Debtors object to the Interrogatories to the extent that they seek information or the identification of Documents not within the Debtors' knowledge, possession, custody, or control, or obtainable only through investigation or inquiry that is not proportionate to the discovery needs of the Confirmation Hearing.

5.      The Debtors object to the Interrogatories to the extent that they call for the disclosure of information subject to: (a) the attorney-work-product doctrine; (b) the attorney-client privilege; (c) the common interest privilege; (d) the mediation privilege and/or (e) any other applicable privilege, protection, or immunity from discovery.  The Debtors reserve the right to redact any material covered by items (a) through (e) of this paragraph, as well as to demand the return and/or destruction of any document and all copies thereof that are protected by such privilege, rule, doctrine, or immunity.

6.      If the Debtors disclose any privileged information pursuant to the Interrogatories, the disclosure is inadvertent and shall not constitute a waiver of the applicable privilege, rule, doctrine, immunity, or other protection.

7.      The Debtors object to the Interrogatories to the extent that any Interrogatory may be construed as seeking the disclosure of information that contains and/or constitutes private, confidential, financial, personal, commercial, competitively sensitive, or trade secret information

made confidential by law or agreement, or other information of the Debtors or any third party. The Debtors further object to the Interrogatories to the extent they call for the production of Documents or information covered by a non-disclosure agreement or other contract barring dissemination.

8.     The Debtors object to the Interrogatories to the extent that any Interrogatory may be construed as seeking the disclosure of information covered by the Protective Order.

9.     The Debtors object to the Interrogatories to the extent that any Interrogatory may be construed as seeking the disclosure of information covered by the *Supplemental Agreed Protective Order between the Debtors and the Examiner* [Dkt. 1364] entered in the Chapter 11 Cases.

10.     The Debtors object to the Interrogatories to the extent that they require any disclosure that may constitute a violation of any law or regulation.

11.     The Debtors object to the Interrogatories to the extent they seek information that is already in the possession, custody, or control of the LAM Parties and/or information that is in the public domain. The Debtors further object to the Interrogatories to the extent they seek information that is not kept by the Debtors in the ordinary course of business. And the Debtors object to the Interrogatories to the extent they purport to seek the creation of Documents or data compilations that are not created and/or are kept in the Debtors' ordinary course of business.

12.     The Debtors object to the Interrogatories to the extent that they incorporate allegations, characterizations, and/or assertions that are disputed. The Debtors do not admit the correctness of any such allegations, characterizations, or assertions and the Debtors' responses, objections, and/or production of documents shall not be deemed an admission of any allegation, characterization, and/or assertion contained in the Interrogatories.

5

13.     The Debtors object to the Interrogatories to the extent they seek legal conclusions or require the Debtors to form a legal conclusion to provide a response.

14.     The Debtors object to the Interrogatories, including the instructions and definitions contained therein, to the extent that they purport to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

15.     Any response to the Interrogatories is made solely for the purpose of this contested matter and shall not be used with respect to any other matter, in any other proceeding, or for any other purpose whatsoever.

16.     The Debtors hereby object and respond to the Interrogatories to the best of their present knowledge and reserve their rights to revise, correct, amend, and/or supplement the Responses to the Interrogatories.

17.     The Debtors object to the Interrogatories, and to the Instructions, to the extent they purport to require information or document production on a timeline that is not established by, and that is inconsistent with, the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing Preference Settlement Notice and Opt-In Procedures, (VI) Establishing Notice and Objection Procedures for Confirmation of Plan, and (VII) Granting Related Relief* [Dkt. 2990] (the "**Scheduling Order**"), the Federal Rules, the Bankruptcy Rules, and the Local Rules, including to the extent the Interrogatories purport to require that verified answers be served by July 9, 2026.

18.     The Debtors further object to the Interrogatories, and to the Instructions, to the extent they are not proportionate to the discovery needs of the Confirmation Hearing.

19.     The Debtors object to the Interrogatories to the extent they seek the disclosure of information protected by the *Agreed Mediation Orders* [Dkts. 1822, 2005, 2186].  The Debtors will not produce any such mediation information.

20.     The Debtors respond to the Interrogatories solely on behalf of the Debtors and debtors in possession in the above-captioned chapter 11 cases, and will produce responsive, non-privileged Documents within the Debtors' possession, custody, or control.  Notwithstanding the definition of "Debtors," "You," and "Your," the Debtors do not respond on behalf of, and do not purport to speak for, the estates of any SPV Debtors whose chapter 11 cases have been converted to cases under chapter 7 or any chapter 7 trustee therefor, the Examiner, the Creditors' Committee, the DIP Secured Parties, the ABL Secured Parties, the Ad Hoc Group, or any other Person, each of which is a separate party in interest, and the Debtors do not undertake to produce Documents within the possession, custody, or control of any such separate party that are not also within the Debtors' possession, custody, or control.

21.     Where the Debtors state in a Response that they will produce Documents or will answer by specifying business records pursuant to Rule 33(d) of the Federal Rules, the Debtors will produce responsive, non-privileged Documents within their possession, custody, or control as described in that Response, and, except as expressly stated therein, are withholding from production Documents responsive to that Interrogatory on the basis of the objections asserted herein.

22.     The Debtors also object to these Interrogatories to the extent they purport to impose any additional burden of proof on the Debtors.

23.     The verification of these Interrogatories provided by Charles M. Moore excludes any purely legal issues, including analyses related to privilege and the legal interpretation of the Plan.

## OBJECTIONS TO DEFINITIONS

1.     The Debtors object to the Definitions to the extent they purport to extend beyond a reasonable scope and/or the natural meaning of the terms defined therein.  The Debtors will interpret the Interrogatories reasonably and in good faith in accordance with common English usage and the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law, or court orders governing the proper scope, timing, and extent of discovery in these Chapter 11 Cases..

2.     The Debtors object to Definition No. 5 ("Communications") as overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent such term purports to include "any recorded oral or written communication of any kind."  The Debtors further object to Definition No. 5 to the extent it purports to encompass Communications protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, mediation privilege, or any other applicable privilege, protection, or immunity from discovery.

3.      The Debtors object to Definition No. 8 ("Debtors"), Definition No. 22 ("First Brands"), and Definition No. 32 ("You" or "Your") as overbroad, unduly burdensome, vague, ambiguous, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent they purport to encompass employees, managers, officers, directors, agents, subsidiaries, special purpose vehicles, and affiliates, including the Evolution SPV Debtors, and thereby purport to require the Debtors to search for or provide information or Documents that are

not within the Debtors' possession, custody, or control, including the information and Documents of separately represented parties.  As set forth in the General Objections, the Debtors respond solely on behalf of the FBG Debtors and debtors in possession in these Chapter 11 Cases.

4.      The Debtors object to Definition No. 9 ("Deficiency Claim") as overbroad, vague, ambiguous, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent it purports to encompass deficiency claims not contemplated by the Plan in these Chapter 11 Cases.

5.      The Debtors object to Definition No. 23 ("including") as overbroad, unduly burdensome, vague, and ambiguous to the extent they purport to impose discovery obligations beyond those set forth in the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law, or court orders governing the proper scope, timing, and extent of discovery in these Chapter 11 Cases.

6.      The Debtors object to Definition No. 30 ("Privileges") to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

7.      The Debtors object to Definition No. 9 ("Secured Claim") as overbroad, vague, ambiguous, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent it purports to encompass Secured Claims not contemplated by the Plan.  The Debtors will interpret "Secured Claim" to have the same meaning set forth in the Plan.

8.      The Debtors object to Definition No. 33 to the extent it purports to impose on the Debtors any obligation different from and/or broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules,

case law, or court orders governing the proper scope, timing, and extent of discovery in these Chapter 11 Cases.

**OBJECTIONS TO INSTRUCTIONS**

1.      The Debtors object to the Instructions to the extent they purport to impose on the Debtors any obligation different from and/or broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law, or court orders governing the proper scope, timing, and extent of discovery in these Chapter 11 Cases.

2.      The Debtors object to Instruction No. 1 (construing "all," "any," and "each" as encompassing any, all, each, and every "and" and "or" disjunctively or conjunctively, and as broadly as necessary) as overbroad, unduly burdensome, vague, and ambiguous to the extent it purports to expand the scope of any Interrogatory beyond what is relevant and proportionate to these Chapter 11 Cases.

3.      The Debtors object to Instruction No. 2 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

4.      The Debtors object to Instruction No. 3 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those required under the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any other applicable law, rules, or orders of the Court.

5.      The Debtors object to Instruction No. 4 as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing to the extent it purports to require

10

that the Debtors produce information outside their possession, custody, or control.  The Debtors further object to Instruction No. 4 to the extent it purports to require disclosures beyond what is reasonably known to the Debtors.  The Debtors also object to Instruction No. 4 to the extent it seeks to impose on the Debtors any obligation different from and broader than that provided for, required by, or permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, and/or any applicable rules, case law or court orders governing the proper scope, timing and extent of discovery in these Chapter 11 Cases.

**SPECIFIC RESPONSES AND OBJECTIONS**

**INTERROGATORY NO. 1**:

**Disclose the identity of each witness that You may use at the Confirmation Hearing to present evidence or testimony under Fed. R. Evid. 702, 703, or 705, and for each such witness, provide (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) all facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases, in which during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.**

**RESPONSE:**

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter.  In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**<u>INTERROGATORY NO. 2</u>**:

**Disclose the identity of each witness that You may use at the Confirmation Hearing to present evidence or testimony under Fed. R. Evid. 701 as "lay opinion" testimony regarding any Estate Claim, and for each such witness, provide (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) all facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified at trial or by deposition; and (vi) a statement of the compensation to be paid for the witness' testimony in the case.**

**<u>RESPONSE</u>**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling

basis thereafter.  In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 3**:

**Disclose the identity of each witness that You may use at the Confirmation Hearing to present evidence or testimony other than under Fed. R. Evid. 701, 702, 703, or 705 or otherwise not disclosed in response to Interrogatories No. 1 and No. 2, and for each such witness, provide a summary of the facts or opinions as to which the witness is expected to testify.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory to the extent it purports to require that the Debtors disclose their witnesses in advance of filing their witness and exhibit list.

Subject to and without waiving any objections, the Debtors respond as follows: the Debtors will disclose their witnesses on the witness and exhibit list, which the Debtors will file in accordance with the Local Rules in advance of the Confirmation Hearing.

**INTERROGATORY NO. 4**:

**Disclose the identity of each individual employed by the Debtors or the Debtors' Professionals or otherwise in the Debtors' control with knowledge of underlying facts related to the subject-matter of the testimony expected to be given by each of the witnesses disclosed in response to Interrogatories Nos. 1, 2 or 3, but that You will not call as a witness at the Confirmation Hearing.**

13

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as overbroad, unduly burdensome, oppressive, and not proportionate to the discovery needs of the Confirmation Hearing, including because it seeks irrelevant information.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

**INTERROGATORY NO. 5:**

**To the extent You intend to present evidence at the Confirmation Hearing regarding any Estate Claims, identify the Estate Claims with respect to which You intend to present evidence and describe the evidence You intend to present, including any evidence regarding (i) the identity of the defendants or potential defendants; (ii) the amount sought to be recovered through such Estate Claim; and (iii) the value or valuation, if any, that You ascribe to such Estate Claim, including any range of values as appropriate, and any assessment You will present regarding the merits of such claim, defenses to the claim, collectability, or any other factors bearing on value.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense

privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter.  In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 6**:

**State whether You intend to present testimony or evidence relating to the value, viability, collectability, or likelihood of success of an Estate Claim or on related topics that was not disclosed to all bidders, potential bidders, or prospective bidders as part of the Estate Claims Marketing Process or that is in any way based on or informed by information or evidence that was not made available to all bidders, all potential bidders, or all prospective bidders, including any such information that You claim is subject to applicable Privileges or non-public. If so, describe such evidence or information with particularity.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent it purports to require that the Debtors "describe . . . evidence or information with particularity."

Subject to and without waiving any objections, the Debtors respond as follows: Information informing a response to this Interrogatory will be reflected in witness declarations to be filed in prosecution of the Plan, and materials underlying those declarations will be produced on a rolling basis thereafter.  In responding to this Interrogatory, the Debtors are not waiving their right to file additional or supplemental declarations thereafter.

**INTERROGATORY NO. 7**:

**Describe in detail the basis for Your statement in the Plan Supplement's Liquidation Analysis that "The FBG Debtors are running a marketing process for the Estate Claims and there currently is no indication that a third party is willing to acquire the Estate Claims in an amount sufficient to satisfy the DIP A Claims (which following the Liquidation Date would accrue interest at the default rate) and provide equal or greater value to the FBG Debtors' other constituents compared to the proposed chapter 11 Plan." In particular, describe in detail all indications, communications, or other interactions with any third parties with respect to the Estate Claims Marketing Process that in any way relate to the value that a third party is willing to pay for the Estate Claims or their interest in participating in a bidding process, including all information You provided to any such third party, any diligence requests or information requests they made to You, and any statements made regarding the value of the Estate Claims.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege, including the subject matter of any Person's knowledge to the extent it would reveal a privileged communication or attorney work product.

Subject to and without waiving any objections, pursuant to Rule 33(d) of the Federal Rules, the Debtors state that—in response to the *LAM Parties' First Request for Production of Documents* dated June 24, 2026, including those documents responsive to Request for Production Nos. 12 and 13—the Debtors have produced and/or will produce on a rolling basis documents from which information responsive to this Interrogatory may be derived or ascertained.

**INTERROGATORY NO. 8**:

**State whether any information has at any time been shared with or otherwise made available to the Ad Hoc Group (or any member thereof) or any participant in the Estate Claims Credit Bid Transaction that in any way relates to the Estate Claims or the value of such Estate Claims that was not made available to all bidders, all potential bidders, or all prospective bidders as part of the Estate Claims Marketing Process. If so, describe such information with particularity.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors additionally object to this Interrogatory as vague and ambiguous to the extent it seeks information that "in any way relates to the Estate Claims or the value of Estate Claims" is vague and ambiguous.  The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion.  The Debtors further object to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of these

Chapter 11 Cases to the extent it purports to require that the Debtors describe shared information "with particularity."

Subject to and without waiving any objections, the Debtors respond as follows: any Documents and Communications exchanged between the Debtors and the Ad Hoc Group relating to the Estate Claims are protected by the common interest privilege, and any materials exchanged during mediation would also be protected by the mediation privilege (in addition to the common interest privilege).  The Debtors assert that the mediation privilege applies from January 29, 2026 when the Court entered the initial mediation order (Dkt. 1822) through present as related to topics concerning the Estate Claims, the Plan, and the Plan Settlement.  The Debtors additionally assert that the common interest privilege applies from September 27, 2026 to present as related to certain topics, including the Estate Claims.  The Debtors are not claiming privilege with respect to Documents and Communications exchanged with any bidders participating in the Estate Claims Marketing Process.

**INTERROGATORY NO. 9**:

**State whether, in responding to these Interrogatories or any document requests propounded by the LAM Parties or any other parties in connection with the Confirmation Hearing, You are withholding any Communications, Documents or information reflecting Communications with the Ad Hoc Group or any participant in the Estate Claims Credit Bid Transaction that in any way relate to any Estate Claims or the Estate Claims Credit Bid Transaction or otherwise assert the right to do so on the basis that You and the Ad Hoc Group or participants in the Estate Claims Credit Bid Transaction share a common interest in the subject-matter of such Communications. If so, please describe the nature of the common interest that such parties share, the identity of such parties, the date on which You contend such common interest began, and a description of the materials being withheld on such basis.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the

Debtors object to this Interrogatory as seeking information that is better obtained through the meet and confer process taking place in connection with the *LAM Parties' First Request for Production of Documents*.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion.  The Debtors additionally object to this Request as overly broad, vague, and ambiguous because it seeks Documents and Communications "that in any way relate to any Estate Claims or the Estate Claims Credit Bid Transaction."  The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the discovery needs of the Confirmation Hearing to the extent it purports to require that the Debtors essentially prepare a privilege log.

Subject to and without waiving any objections, the Debtors respond as follows: any Documents and Communications exchanged between the Debtors and the Ad Hoc Group relating to the Estate Claims are protected by the common interest privilege, and any materials exchanged during mediation would also be protected by the mediation privilege (in addition to the common interest privilege).  The Debtors assert that the mediation privilege applies from January 29, 2026 when the Court entered the initial mediation order (Dkt. 1822) through present as related to topics concerning the Estate Claims, the Plan, and the Plan Settlement.  The Debtors additionally assert that the common interest privilege applies from September 27, 2026 to present as related to certain topics, including the Estate Claims.  The Debtors are not claiming privilege with respect to Documents and Communications exchanged with any bidders participating in the Estate Claims Marketing Process.

19

**INTERROGATORY NO. 10**:

Do You contend that, if the Estate Claims Credit Bid Transaction is selected as the winning bid following the Estate Claims Marketing Process, the monetization and distribution of the Litigation Trust Assets in accordance with the Litigation Trust Waterfall will be distributions on account of assets that will have been purchased under section 363 of the Bankruptcy Code by the DIP Secured Parties and transferred to the Litigation Trust, such that any distributions from the Litigation Trust will be distributions of proceeds from the DIP Secured Parties' properly acquired property, and not of property of the Debtors' estates following the consummation of the Estate Claims Credit Bid Transaction?

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory and as calling for speculation. The Debtors further object to this Interrogatory as neither relevant to confirmation of the Plan nor proportionate to the discovery needs of the Confirmation Hearing. The Debtors additionally object to this Interrogatory to the extent it calls for a legal conclusion or determination regarding the Plan. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

**INTERROGATORY NO. 11**:

Do You contend that creditors in Classes 4, 5, and 6 (as defined in the Plan) have Secured Claims, and not only Deficiency Claims, at each and every FBG Debtor entity? If not, state which of the FBG Debtors that Classes 4, 5, and 6 (as defined in the Plan) have Secured Claims against, and at which FBG Debtors they possess only Deficiency Claims against.

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing. The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving any objections, the Debtors respond as follows: the First Lien Claims in Class 4 are treated as unsecured under the Plan; the Second Lien Claims in Class 5 are treated as unsecured under the Plan; and the ABL Claims in Class 6 are treated as secured claims under the Plan. The collateral securing the ABL Claims is to be transferred to the ABL Collateral Trust, and the amount of any deficiency claims, if any, will depend on the proceeds generated by the ABL Collateral Trust.

**INTERROGATORY NO. 12**:

**State Your basis for separate classification of the Deficiency Claims of Classes 4, 5, and 6 (as defined in the Plan) and the claims in Class 7 (as defined in the Plan).**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client

privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing.  The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving any objections, the Debtors respond as follows:  the Claims in Classes 4, 5, and 6 arise out of different credit agreements with the Debtors, whereas the Claims in Class 7 are general unsecured claims.  The holders of such claims have different legal rights against the estates.  Therefore, they are separately classified.

**INTERROGATORY NO. 13**:

**If You contend that the Class 3 Litigation Trust Interests (as defined in the Disclosure Statement) are being provided to the FBG Debtors in consideration for the sale of the Estate Claims as part of the Estate Claims Credit Bid Transaction for distribution to their respective creditors, how are the FBG Creditors allocating the Class 3 Litigation Trust Interests received as part of the Estate Claims Credit Bid Transaction among each of the Debtors?**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory.  The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of

the Confirmation Hearing.  The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving any objections, the Debtors respond as follows: pursuant to the Plan Settlement set forth in Section 5.2 of the Plan, the Plan provides for the consolidation of the FBG Debtors solely for distribution purposes under the Plan.  Accordingly, there is no need to allocate trust interests among the FBG Debtors.

**INTERROGATORY NO. 14**:

**Section 5.1 of the Plan states that: "Pursuant to sections 363 and 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, and the releases contained in the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Interests, and controversies relating to the contractual, legal, equitable, and subordination rights that a holder of a Claim or Interest may have with respect to any Claim against or Interest in an FBG Debtor and any distribution to be made on account of such Claim or Interest. The Plan shall be deemed a motion to approve the compromises and settlements contained in the Plan, including the Plan Settlement. Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise and settlement of all such Claims, Interests, and controversies, including the Plan Settlement, as well as a finding by the Bankruptcy Court that such compromise and settlement is in the best interests of the FBG Debtors, their Estates, and holders of such Claims and Interests, and is fair, equitable, and reasonable. The compromises, settlements, and releases described herein shall be deemed non-severable from each other and from all other terms of the Plan."**

**Section 5.2(a) of the Plan states that: "Pursuant to sections 105(a), 361, 363, 364, 1123(b)(3)(A), and 1123(b)(6) of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration of the distributions and other benefits provided under the Plan, the provisions of the Plan effect a compromise and settlement among the FBG Debtors, the Ad Hoc Group, and the Creditors' Committee (the 'Plan Settlement'). The compromises and settlements included in the Plan Settlement are each (i) integrated with and dependent on all other compromises and settlements contemplated in connection with the Plan and (ii) necessary and integral to the Plan. Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Plan Settlement under sections 105(a), 361, 363, 364, 1123(b)(3)(A), and 1123(b)(6) of the Bankruptcy Code and Bankruptcy Rule 9019, as well as a finding by the Bankruptcy Court that the Plan Settlement is fair, equitable, reasonable and in the best interests of the FBG Debtors' Estates. The terms of the Plan Settlement are reflected below."**

**Section 12.3 of the Plan states that: "If the Effective Date does not occur, the Plan shall be null and void in all respects and nothing contained in the Plan or the Disclosure Statement shall (i) constitute a waiver or release of any Claims by or against or any Interests**

23

in the FBG Debtors, (ii) prejudice in any manner the rights of any Entity, or (iii) constitute an admission, acknowledgement, offer, or undertaking by the FBG Debtors or any other Entity; *provided* that the foregoing shall not alter the protections afforded to any Person under sections 363(m) or 364(e) of the Bankruptcy Code to the extent applicable to any transactions consummated in connection with the Plan following entry of the Confirmation Order."

If the Effective Date does not occur, specify which sections or subsections of Articles II, IV, V, VI, VII, VIII, IX, X, XI, XIII, XIV, and XV of the Plan that You contend will become null and void pursuant to the first portion of Section 12.3 of the Plan, and which sections or subsections that You contend will remain in effect by virtue of the protections afforded to a Person under sections 363(m) and 364(e) of the Bankruptcy Code as set forth in the second portion of Section 12.3 of the Plan?

RESPONSE:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors further object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including to the extent it presents a speculative hypothetical not relevant to the confirmation hearing or the Debtors' burden in connection with confirmation. The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion. Subject to the foregoing objections, the Debtors will not respond to this Interrogatory.

INTERROGATORY NO. 15:

Do You contend that the marketing process for and the purchase of the Estate Claims pursuant to the Estate Claims Credit Bid Transaction or the Estate Claims Marketing Process is subject to the release and injunction provisions of Section 13.4, Section 13.5(a), Section 13.6, and Section 13.8 of the Plan, such that the Litigation Trust Assets that were

24

**marketed and are intended to be sold pursuant to the Estate Claims Credit Bid Transaction do not include any Estate Claims released, exculpated, or enjoined under the Plan?**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory in the context of these Chapter 11 Cases. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege. The Debtors also object to this Interrogatory to the extent it calls for a legal conclusion.

Subject to and without waiving any objections, the Debtors respond as follows: the claims that are being released, exculpated, or enjoined under the Plan are not being sold as part of the Estate Claims Credit Bid Transaction or the Estate Claims Marketing Process.

**INTERROGATORY NO. 16**:

**State the basis for Your contention that each entity listed on the Schedule of Non-Released Parties in the Plan engaged in Adverse Conduct.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as a premature contention interrogatory. The Debtors further object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work-product doctrine, the common interest privilege, the joint defense

25

privilege, the mediation privilege, the *Supplemental Agreed Protective Order* between the Debtors and the Examiner (Dkt. 1364), or any other applicable privilege.  The Debtors additionally object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the discovery needs of the Confirmation Hearing, including because the definition of Adverse Conduct, in connection with the Specified Non-Released Parties, must be "determined by a Final Order of the Bankruptcy Court."  The Debtors further object to this Interrogatory to the extent it calls for a legal conclusion.  The Debtors also object to this Interrogatory to the extent it purports to impose any additional burden on the Debtors beyond what is required for the Debtors to satisfy the requirements for confirmation of the Plan.

Subject to and without waiving any objections, the Debtors respond as follows: the Debtors' contention is informed by documents that have been and will be produced in connection with the confirmation hearing, including documents underlying the witness declarations that the Debtors will file in support of Plan confirmation, the plea allocutions of Andy Brumbergs and Stephen Graham, the indictments of Patrick James and Ed James, the Examiner's Report, the complaints filed in the adversary proceedings commenced by the Debtors against Patrick James, Ed James, and Onset (among other defendants), and the testimony of Charles Moore in connection with the Patrick James adversary proceeding, among other Documents and Communications that the Debtors will produce in advance of the Confirmation Hearing.

**INTERROGATORY NO. 17**:

**State whether You have waived or intend to waive any Privileges relating to any of the Estate Claims or the Litigation Trust Assets, in connection with the Estate Claims Marketing Process, or in connection with the matters to be decided at the Confirmation Hearing. If You have waived or intend to waive any Privileges, describe with particularity the subject-matter of such waiver or intended waiver and the scope of such waiver or intended waiver.**

**RESPONSE**:

In addition to the foregoing Reservation of Rights, General Objections, Objections to Definitions, and Objections to Instructions, all of which are incorporated herein by reference, the Debtors object to this Interrogatory as seeking a legal conclusion.  The Debtors further object to this Interrogatory as seeking information that is inappropriate for witness verification.

Subject to and without waiving any objections, the Debtors respond as follows: the Debtors have not waived and do not intend to waive any Privileges "relating to any of the Estate Claims or the Litigation Trust Assets, in connection with the Estate Claims Marketing Process, or in connection with the matters to be decided at the Confirmation Hearing."

Dated:  July 10, 2026
       Houston, Texas

*/s/ Clifford W. Carlson*

**WEIL, GOTSHAL & MANGES LLP**
Clifford W. Carlson (2490024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:    Clifford.Carlson@weil.com

-and-

Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Robert S. Berezin (admitted *pro hac vice*)
Theodore E. Tsekerides (admitted pro hac vice)
Christine A. Calabrese (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile:  (212) 310-8007
Email:    Matt.Barr@weil.com
         Sunny.Singh@weil.com
         Robert.Berezin@weil.com
         Theodore.Tsekerides@weil.com
         Christine.Calabrese@weil.com

*Attorneys for Debtors and Debtors in Possession*

## **VERIFICATION**

I, Charles M. Moore, am authorized to verify the Responses to Interrogatory Nos. 1 through 17 on behalf of the Debtors in the above-captioned cause of action.  I am the Chief Executive Officer of First Brands Group, LLC, and I have read the LAM Parties' Interrogatory Nos. 1 through 17, as well as the Debtors' responses and objections thereto.  I either have personal knowledge that the matters stated herein are true, or I am informed and believe that such matters are true and on those grounds, certify that the same are true and correct.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States of America that the facts set forth in the Responses to Interrogatory Nos. 1 through 17 are true and correct.

Dated: July 10, 2026

/s / Charles M. Moore
Charles M. Moore

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2026, a true and correct copy of the foregoing document was served upon counsel of record via electronic mail.

/s/ *Christine A. Calabrese*
Christine A. Calabrese
