IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRISTATE CAPITAL BANK,      )
                            )
              Plaintiff,    )
                            )    Cleveland, Ohio
       vs.                  )
                            )    Civil Action
RED ROCK STAMPING, LLC,     )    Number 09:CV1455
                            )
              Defendant.    )

                    - - - - -
        TRANSCRIPT OF PROCEEDINGS HAD BEFORE

           THE HONORABLE GREG WHITE,

         MAGISTRATE JUDGE OF SAID COURT,

           ON THURSDAY, JULY 15, 2010
                    - - - - -
APPEARANCES:
For the Plaintiff:      Brad A. Sobolewski
                        Christopher P. Fisher
                        Ulmer & Berne - Cleveland
                        1100 Skylight Office Tower
                        1660 West Second Street
                        Cleveland, OH 44113
                        216-583-7092

For the Defendant:      Patrick J. Keating
                        Buckingham, Doolittle & Burroughs
                        - Akron
                        Ste. 300
                        3800 Embassy Parkway
                        P.O. Box 1500
                        Akron, OH 44333
                        330-376-5300

Official Court Reporter:  Cynthia D. Lee, RPR
                          U.S. District Court
                          Suite 7-183
                          801 W. Superior Avenue
                          Cleveland, Ohio 44113
                          216-357-7186

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

FBG_CH1_00096763

**DEBTORS' EXHIBIT NO. 17**
**Page 1 of 6**

2

THURSDAY, JULY 15, 2010

THE COURT:  All right.

Let in the record reflect that we're here on case number 09CV1455, Tristate Capital Bank versus Red Rock Stamping LLC, et al.  We've had a couple of days in session, I guess, of mediation.  I believe we have reached a settlement, for which I would ask -- will have counsel to begin stating that for the record.

MR. FISHER:  Okay.  The material terms, as I understand them, are Mr. James will pay to Tristate $400,000 by August 31, 2010; and pay $100,000 by December 1, 2010; and five more $100,000 payments every six months thereafter, for a total of $600,000 over time; for a total of $1,000,000 paid to settle the case.

In exchange, or in five days, the bank will obtain, or Mr. James will give the bank a cognovit note.  On that note will be Mr. James, Hawthorn and CCG.

We will, the bank will, transfer to Mr. James its interest in Red Rock and Tremont, and in exchange and as part of the settlement the parties will enter mutual release.

And in that release will be a hold harmless provision holding the bank harmless for any association in Red Rock or Tremont or related to its liquidation of assets of Red Rock and Tremont.

FBG_CH1_00096764

3

Mr. James will provide a sworn financial statement, and counsel for the parties will work in good faith to work out the details of what the form of that financial statement will be.

And I think those are the material terms.

THE COURT:  The condition that the bank would guaranty they at least own the note and can convey, which is what I think you --

MR. KEATING:  Yes, one other point.

We would also need the bank to provide acceptive warranty as to the actual principle and interest amount due on the note.

MR. FISHER:  Okay.

MR. KEATING:  But we understand beyond that the assignment is without recourse, and the hold harmless as to what the bank may or may not have done and the condition of collateral, we understand that.

MR. FISHER:  And while we're talking about the power to convey, we also, obviously, probably in every settlement agreement, as representation by Mr. James, that he has the authority to enter into the settlement agreement.

MR. KEATING:  Of course.  And just to clarify, the defendants, it may not be Mr. James that acquires ownership of the note, it may be a nominee, or new entity to be created.  I believe that would be no problem for the bank,

FBG_CH1_00096765

DEBTORS' EXHIBIT NO. 17
Page 3 of 6

as opposed to Mr. James individual.

MR. FISHER:  No, no problem.

THE COURT:  Anything else?

MR. FISHER:  Of course, the Court retains jurisdiction, or we agree the Court retains jurisdiction, and get us through the settlement, and enforce the settlement agreement thereafter.

MR. KEATING:  There will be, once the document -- there is dismissal with prejudice.  The cognovit note can come, state or Federal Court, if subsequent default.

THE COURT:  How long before you get an entry to me, some kind of journal entry?

MR. KEATING:  We're motivated to get it done as quickly as possible.  I'll start working on the master settlement agreement.  You start working on the personal --

THE COURT:  Within a month?

MR. KEATING:  Well, the payment, August 31st, we're looking at everything that's got to be done, absolutely.

MR. FISHER:  I think we should be able to get the settlement agreement drafted.

THE COURT:  Middle of August, August 16th?

MR. KEATING:  Sure.

MR. FISHER:  The other thing, I don't think this should be a problem, but because the trust -- or Mrs. James

FBG_CH1_00096766

5

in her capacity as trustee of the trust is a party to the litigation, we would want her acknowledgment of the --

MR. KEATING:  She would sign the settlement agreement, mutual release of claims, no problem.

MR. SOBOLEWSKI:  And, of course, Red Rock and Tremont would as well enter mutual --

MR. KEATING:  Quite frankly, we don't want the bank to release Red Rock and Tremont.  They're obligated on a note that we're going to acquire.  We can't have that.

MR. FISHER:  There is a sort of circularity problem.

THE COURT:  You can take it.

MR. KEATING:  Obviously, what we intend to do is acquire the note.  We would take a judgment against Red Rock and Tremont and then through creditors bill, or whatever, see if we can recover any money from TRW and Autoliv.  Who knows what we're going to go through there.  We want the ability to do that.

So we don't want the bank, quite frankly, to release Red Rock and Tremont.  If you want it, you go back the other way, we don't have a problem.  We don't have a problem because you're going to be out of the picture anyway.

MR. FETTEROLF:  We just want the bank released.

MR. KEATING:  I wouldn't think you would have a

FBG_CH1_00096767

6

problem with that.

MR. FISHER:  Right.  I think that's fine.

THE COURT:  So we're good.  I think that's it.
Okay.

(Court Adjourned.)

C E R T I F I C A T E

I certify that the foregoing is a correct

transcript from the record of proceedings in the

above-entitled matter.

s/Cynthia D. Lee
Cynthia D. Lee, Official Court Reporter
U.S. District Court - Suite 7-183
801 W. Superior Avenue
Cleveland, Ohio 44113
(216) 357-7186

FBG_CH1_00096768