| | |
|---|---|
| **From:** | James, Edward[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=F0AC8FFDA06742F789B1F5FF3 C3B4673-ED.JAMES] |
| **Sent:** | Fri 7/29/2022 5:10:18 PM (UTC) |
| **To:** | rematwood@onsetfinancial.com[rematwood@onsetfinancial.com]; Kumar, Shekhar[Shekhar.Kumar@firstbrandsgroup.com]; Scott Finlinson[sfinlinson@onsetfinancial.com] |
| **Cc:** | Baker, Michael[Michael.Baker@firstbrandsgroup.com] |
| **Subject:** | RE: [External]:RE: Carnaby Inventory IV, LLC |

Remington

Candidly I have held up signatures on my end when I heard the UCC item has not been put to bed. I am intending to provide $80 million of additional Inventory funding under the Carnaby IV structure to Onsett but can't have the same UCC 1 logic that was put bed becoming an issue again . Let's have Kristen recirculate the documentation without the UCC 1 against FBG and I will authorize signatures to be released

Regards

**From:** Remington Atwood <rematwood@onsetfinancial.com>
**Sent:** Friday, July 29, 2022 9:59 AM
**To:** James, Edward <ed.james@firstbrandsgroup.com>; Kumar, Shekhar <Shekhar.Kumar@firstbrandsgroup.com>; Scott Finlinson <sfinlinson@onsetfinancial.com>
**Cc:** Baker, Michael <Michael.Baker@firstbrandsgroup.com>
**Subject:** Re: [External]:RE: Carnaby Inventory IV, LLC

EXTERNAL SENDER - CAUTION: This email originated from outside of our organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Thank you Ed,

We understand and are working with the current funding partner on the question. We just needed to confirm with you. I think it was helpful getting Scott up to speed as he wasn't on the original call last transaction.

I also don't believe we've seen signed docs on this one yet.
We'll need those asap if we hope to get this wrapped up.

Thanks

Get Outlook for iOS

**From:** James, Edward <ed.james@firstbrandsgroup.com>
**Sent:** Friday, July 29, 2022 10:49:13 AM
**To:** Kumar, Shekhar <Shekhar.Kumar@firstbrandsgroup.com>; Scott Finlinson <sfinlinson@onsetfinancial.com>; Remington Atwood <rematwood@onsetfinancial.com>

CONFIDENTIAL

FBG_CH1_00096196

**Cc:** Baker, Michael <Michael.Baker@firstbrandsgroup.com>
**Subject:** RE: [External]:RE: Carnaby Inventory IV, LLC

Remington/Scott

Understanding that Justin is out for his family duties, I wanted to know if we need to jump on a call to discuss as I need to get this funded today... The communication below is exactly the same as how I did the first transaction on this profile.. Not sure why there will be a difference of opinion when the transaction with the SPE will exactly the same as the previous transaction

**From:** Kumar, Shekhar <Shekhar.Kumar@firstbrandsgroup.com>
**Sent:** Friday, July 29, 2022 9:31 AM
**To:** Scott Finlinson <sfinlinson@onsetfinancial.com>
**Cc:** James, Edward <ed.james@firstbrandsgroup.com>; Baker, Michael <Michael.Baker@firstbrandsgroup.com>
**Subject:** RE: [External]:RE: Carnaby Inventory IV, LLC

Hi Scott:

Looping in Ed who can speak to this better in case my description is incorrect.  We weren't expecting to have a UCC filed against any of the FBG family, however, given the auto-release provisions.  To clarify the structure, the SPE is the user of the inventory while it is subject to the Onset facility.  The SPE holds the inventory in a facility that only holds the SPE's collateral and is controlling it throughout the process.  The ultimate purchaser of the inventory from the SPE may be a Carter or other related FBG entity, but at that point the inventory no longer be subject to the Onset facility (and will be replaced to the extent required by the documentation).  To the extent there is any bailee relationship, it would be with the SPE entity that is controlling the inventory.  We'd be fine with a filing against that SPE entity.

Best,
 Shekhar

**From:** Scott Finlinson <sfinlinson@onsetfinancial.com>
**Sent:** Friday, July 29, 2022 12:07 PM
**To:** Kumar, Shekhar <Shekhar.Kumar@firstbrandsgroup.com>
**Subject:** RE: [External]:RE: Carnaby Inventory IV, LLC

EXTERNAL SENDER - CAUTION: This email originated from outside of our organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Shekhar,

  Thanks for this additional information.  It's very helpful.

  Counsel for our underwriter raised another question: do we know who will have physical possession

FBG_CH1_00096197

**DEBTORS' EXHIBIT NO. 69**
**Page 2 of 6**

of the inventory once Carnaby has acquired it? I understand that the inventory is all related to fuel pumps. I don't have all the details on this, but I understood that the inventory is related to the Carter fuel pumps – is that correct? If so, is there a Carter fuel pumps business entity that will be deemed to have possession of the inventory? In other words, who is physically stocking the inventory, putting it on shelves, moving it as needed.   If we can identify the entity that will have possession of the inventory, then that is where our underwriter would like to file a UCC Bailor/Bailee.

   On our side, we assumed that First Brands Group would be the entity to have possession of the inventory. I don't have enough details here, but I don't think this is correct, is it?

   Let me know your thoughts on this.
Thanks,
Scott

Scott Finlinson
General Counsel
Onset Financial, Inc.



274 West 12300 South
Draper, UT 84020

801.878.0600

onsetfinancial.com

**From:** Kumar, Shekhar <Shekhar.Kumar@firstbrandsgroup.com>
**Sent:** Thursday, July 28, 2022 5:06 PM
**To:** Scott Finlinson <sfinlinson@onsetfinancial.com>
**Subject:** RE: [External]:RE: Carnaby Inventory IV, LLC

Hi Scott:

We have a few different baskets we could use, but for something like this we'd generally be relying on Section 7.05(v) under the ABL that permits unlimited dispositions of inventory so long as the Payment Conditions are satisfied and we deliver an updated Borrowing Base Certificate (which is not required to be delivered prior to the sale). We are well within the Payment Conditions given our ABL is undrawn (with the only utilization thereunder being approximately $60M of undrawn L/Cs) and deliver BofA updating borrowing base certificates monthly, which will be pro forma for this sale. On the term loan side we'd generally look to make the disposition pursuant to the unlimited basket in Section 7.05(h) (same basket under both the 1L and 2L). That provision allows us unlimited dispositions so long as it is made for fair market value, at least 75% of the consideration is cash and there is no ongoing EoD. We are comfortable that each of those requirements is satisfied with the disposition to the SPE.

Best,

CONFIDENTIAL

FBG_CH1_00096198

Shekhar

**From:** Scott Finlinson <sfinlinson@onsetfinancial.com>
**Sent:** Thursday, July 28, 2022 6:56 PM
**To:** Kumar, Shekhar <Shekhar.Kumar@firstbrandsgroup.com>
**Subject:** RE: [External]:RE: Carnaby Inventory IV, LLC

EXTERNAL SENDER - CAUTION: This email originated from outside of our organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Shekhar,

I'm still working on this issue with our underwriter. I'm hopeful that we can get there, but I don't have resolution yet.

This issue has NOT yet come up, but I'm anticipating this issue. Specifically, I want to be able to give our under the specific language from the Credit Agreements that allows the inventory to come out from those liens free and clear.

I see the section you referenced in your email (2nd to last paragraph of Section 7.05). This section says, however, that "to the extent that any Collateral is disposed of as expressly permitted by this Section 7.05 . . ." What part of Section 7.05 do you look to for disposing of the inventory free and clear. I see that subsection 7.05(b) applies to inventory, but this language expressly requires it to be in the ordinary course. I also note that Subsection 7.05(d) requires a transfer to the Loan Party, and the SPE (i.e., Carnaby Inventory IV, LLC) isn't listed as a Loan Party.

Let me know what you think.

Thanks,
Scott

Scott Finlinson
General Counsel
Onset Financial, Inc.



274 West 12300 South
Draper, UT 84020

801.878.0600

onsetfinancial.com

**From:** Kumar, Shekhar <Shekhar.Kumar@firstbrandsgroup.com>
**Sent:** Thursday, July 28, 2022 12:32 PM
**To:** Scott Finlinson <sfinlinson@onsetfinancial.com>
**Subject:** [External]:RE: Carnaby Inventory IV, LLC

CONFIDENTIAL

FBG_CH1_00096199

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Scott:

Our Credit Agreements actually include auto-release language that permits for an automatic release of the ABL, 1L and 2L liens upon any sale that is permitted under the Credit Agreement (irrespective of whether the sale is in the ordinary course or not), which is why we do not view the UCC filing as needed. I've attached copies of our credit agreements here for your reference. Section 7.05 of each of the Credit Agreements includes a variety of different dispositions baskets that we have available for purposes of the initial sale to the SPE. The penultimate paragraph of Section 7.05 in each of the Credit Agreements also includes the below auto-release language, which would automatically release the agent's liens upon the sale to the SPE.

Auto-Release Language:
To the extent that any Collateral is disposed of as expressly permitted by this Section 7.05 to any Person other than a Loan Party, such Collateral shall be sold free and clear of the Liens created by the Loan Documents, and the Administrative Agent shall be authorized to take (and shall take) any actions deemed
appropriate in order to effect the foregoing.

Best,
Shekhar

**From:** Scott Finlinson <sfinlinson@onsetfinancial.com>
**Sent:** Thursday, July 28, 2022 1:59 PM
**To:** Kumar, Shekhar <Shekhar.Kumar@firstbrandsgroup.com>
**Subject:** Carnaby Inventory IV, LLC

EXTERNAL SENDER - CAUTION: This email originated from outside of our organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Shekhar,

Hope all is well. I'm working on this new Carnaby Inventory IV, LLC transaction. I understand that First Brands is selling the inventory to Carnaby Inventory IV, and then this Carnaby entity will assign the inventory over to Onset. We have a new underwriter on this transaction and they are asking if we can file a UCC-1 against First Brands, because First Brands will be the "User" of the equipment. We've looked at this issue before and we often do file a UCC-1 against a "User" of the equipment (in this case, inventory), but we designate the filing as a Bailor/Bailee filing.

Are you ok if we file a Bailor/Bailee filing against First Brands in connection with this transaction?

Additionally, can you give my your rational for showing that the inventory is sold from First Brands to Carnaby Inventory IV, free and clear of any liens from First Brands? I know that goods sold in the ordinary course are sold free and clear of existing liens, but are we able to qualify this transaction as

FBG_CH1_00096200

in the ordinary course?

Will you let me know your thoughts on this issue.  Happy to get on a call and discuss if that would help.

Thanks,
Scott

Scott Finlinson
General Counsel
Onset Financial, Inc.



274 West 12300 South
Draper, UT 84020

801.878.0600

onsetfinancial.com

CONFIDENTIAL

FBG_CH1_00096201