# EXHIBIT 48

| | |
|---|---|
| **From:** | Calabrese, Christine |
| **To:** | O"Brien, Elliott; Dunne, Dennis; Blazek, Hannah; Leblanc, Andrew; Laukitis, Lisa; Dexter, Erin; Kestecher, Jason; Michael, Brian R.; Cohen, Carrie H.; Kotliar, Bryan; Fiotto, Anthony S.; Butterfield, Benjamin W.; Koch, Julia; Newton, James A.; MoFo_FBG; #First Brands_SPC; #FirstBrandsLit; dperry@munsch.com; Smith, Garrick; Valentine, Heather; Ramos, Katherine |
| **Cc:** | Berezin, Robert; Tsekerides, Theodore; Singh, Sunny; Carlson, Clifford; Bostel, Kevin; George, Jason; Ferrier, Kyle; Aquila, Elaina; Lorente Sorolla, Juan; Nicholson, Tansy |
| **Subject:** | [EXT] First Brands | Onset 30(b)(6) Notice |
| **Date:** | Sunday, July 19, 2026 7:45:19 PM |
| **Attachments:** | 2026.07.10 - Rule 30b6 Notice re Plan.pdf |

Counsel,

Pursuant to our prior agreement, please see below for the Debtors' informal responses and objections to Onset's 30(b)(6) Notice (attached), reserving all rights and objections.  In addition, while not being presented as a 30(b)(6) witness, the Debtors are also presenting Mr. Kirschner for deposition with respect to the Debtors' position on the opinions contained in his declaration that may also be responsive to certain of the noticed topics.

The Debtors' witness designations for each Topic set forth in Onset's 30(b)(6) Notice, in addition to the specific objections set forth in the table below, are subject to the following general objections (the "**General Objections**"):

- **First**, where a topic purports to require a 30(b)(6) witness to testify about legal conclusions, interpretations, or analyses, the Debtors object on the ground that such testimony is outside the scope of testimony appropriate for a corporate witness pursuant to Federal Rule of Civil Procedure 30(b)(6) and also to the extent such request purports to require testimony on privileged information.  The Debtors will present their designated corporate witness to testify as to *facts* but will not present a corporate witness to testify on legal conclusions, interpretations, or analyses.

- **Second**, where a topic purports to require the disclosure of privileged information, the Debtors object on the ground that this impermissibly invades privilege.  The Debtors' designated corporate witness will not provide testimony on information that is protected by the mediation privilege, common interest privilege, attorney-work-product privilege, attorney-client privilege, or any other applicable privilege or immunity.  The Debtors will present their designated corporate witness to testify to non-privileged factual information responsive to the noticed topics.

Incorporating the above General Objections into each response below, the Debtors' designate Charles Moore to testify on the topics identified in Onset's 30(b)(6) Notice, subject to the above General Objections and the following Specific Objections:

| Topic | | Specific Objections |
|---|---|---|
| 1 | Litigation Trust funding, including but | Subject to the above General Objections, the |

| | | |
|---|---|---|
| | not limited to the terms of the funding and how such terms were determined, any marketing process with respect to the funding, the proposed sources for the funding (including any consideration of alternative sources), and any analyses, models, projections, or estimates of potential recoveries for the parties providing the Litigation Trust funding. | Debtors will present Mr. Moore to testify to facts relating to this Topic. |
| 2 | Litigation Trust proceeds, including but not limited to projected timing of proceeds distribution and projected amounts, and any analyses, models, projections, or estimates of potential proceeds for the parties benefiting from the Litigation Trust proceeds | Subject to the above General Objections, the Debtors will present Mr. Moore to testify to facts relating to this Topic. |
| 3 | The Debtors' decision to file the FBG Plan for only the FBG Debtors, and FBG Plan's effect on the Debtors for which the FBG Plan was not filed. | Subject to the above General Objections, the Debtors will present Mr. Moore to testify to facts relating to this Topic. |
| 4 | The quantum of Administrative Expense Claims the FBG Debtors must satisfy in order for the FBG Plan to go effective, and how the FBG Debtors expect to satisfy such administrative expense claims. | Subject to the above General Objections, the Debtors will present Mr. Moore to testify to facts relating to this Topic. |
| 5 | The projected Effective Date of the FBG Plan in the second half of 2028 (as described in the Disclosure Statement), including the Debtors' process for estimating such date and the expected timeline to reach the Effective Date. | Subject to the above General Objections, the Debtors will present Mr. Moore to testify to facts relating to the Estate Claims. |



**Christine A. Calabrese**
Counsel
Pronouns: She/her/hers

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
christine.calabrese@weil.com
+1 212 310 8083 Direct
+1 202 213 7892 Mobile

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.