United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Docket No. 3109** |

**ORDER (I) DIRECTING TRUSTEE TO TURN OVER AND DELIVER
TRUST ASSETS TO THE DEBTORS; (II) AUTHORIZING THE
DEBTORS TO EXERCISE OWNERSHIP RIGHTS OVER SUCH ASSETS;
(III) AUTHORIZING TERMINATION OF TRUST; (IV) AUTHORIZING
TERMINATION OF DEFERRED COMPENSATION PLAN EFFECTIVE
AS OF PETITION DATE; AND (V) GRANTING RELATED RELIEF**

Upon the motion, dated July 1, 2026 (the "**Motion**")[2] of First Brands Group, LLC

and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 105(a), 363(b), 541,

542, and 543 of the Bankruptcy Code and Bankruptcy Rule 6004, (i) authorizing and directing the

Trustee to transfer the Trust Assets to the Debtors' estates, (ii) authorizing the Debtors to exercise

their ownership rights over the Trust Assets, (iii) authorizing the Debtors and the Trustee to

terminate the Trust and discharge all of the Trustee's obligations to the Trust after all of the Trust

Assets have been transferred to the Debtors, (iv) authorizing the Debtors to terminate the Deferred

Compensation Plan retroactive to the Petition Date, and (v) granting related relief, all as more fully

set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief

requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the relief requested in the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates, creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Trust Assets constitute property of the Debtors' estates under section 541 of the Bankruptcy Code, subject in all respects to the Final DIP Order,[3] including any liens, claims, priorities, adequate protection rights, consent rights, cash collateral restrictions, and budget requirements provided therein.

2.      The Trustee shall transfer the Trust Assets to the Debtors.

3.      The Debtors are authorized to exercise any and all of their ownership rights over the Trust Assets.  The Debtors' exercise of their ownership rights over the Trust Assets represents a reasonable exercise of the Debtors' sound business judgment under section 363 of the Bankruptcy Code.

---

[3]    "**Final DIP Order**" means *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608).

4.     Upon turnover of all of the Trust Assets to the Debtors, (i) Principal Trust Company, as Trustee, shall be deemed to have fulfilled its duties under the Trust Agreement with respect to the Debtors and their Participants and their beneficiaries in accordance with the terms of the applicable Trust Agreement and applicable law, (ii) the Debtors and the Trustee are authorized to terminate the Trust, (iii) Principal Trust Company, as Trustee, shall not be liable to the Debtors, any of the Participants or their beneficiaries, or any of the Debtors' creditors for any actions taken in furtherance of this Order, and (iv) Principal Life Insurance Company, as recordkeeper of the First Brands Group LLC Deferred Compensation Plan, shall not be liable to the Debtors, any of the Participants or their beneficiaries, or any of the Debtors' creditors for any actions taken in furtherance of this Order.

5.     Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are, in the exercise of their reasonable business judgment, authorized to terminate the Deferred Compensation Plan, effective as of the Petition Date.

6.     Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

7.     Nothing in the Motion or this Order shall constitute a waiver, modification, impairment, limitation, or substitution of any consent, right, obligation, remedy, lien, claim, priority, superpriority administrative expense claim, adequate protection right, cash collateral restriction, budget requirement, or other requirement under the Final DIP Order, or any rights of the Debtors' postpetition lenders, prepetition secured parties, or any agent or representative thereto.

8.      Nothing in this Order shall remove or alter any indemnification rights (i) of the Trustee under the Trust Agreement, or (ii) of Principal Life Insurance Company under any recordkeeping service agreement.

9.      Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

10.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

12.     This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed:  July 24, 2026

_____
Christopher Lopez
United States Bankruptcy Judge