# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Rebecca Sivitz**
+1 (617) 772-8339
Rebecca.Sivitz@weil.com

BY E-MAIL

October 28, 2025

Erica Weisgerber, Esq.
Partner
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
eweisgerber@debevoise.com

**Re:   Cease and Desist**
         *In re: First Brands Group, et al.*, **Case No. 25-90399 (CML)**

Dear Ms. Weisgerber:

We write on behalf of First Brands Group and its debtor affiliates (collectively "**First Brands**" or the "**Debtors**"), as debtors and debtors in possession in chapter 11 cases before the Honorable Judge Christopher M. Lopez in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  As explained further below, it has come to the Debtors' attention that your clients, Global Technology Partners, LLC ("**Global Technology**") and Patrick James, have solicited or are actively attempting to solicit First Brands employees, and have deliberately misled such employees about their future employment at First Brands.  Not only is this conduct in plain violation of Mr. James' Resignation Agreement (as defined below), but also gives rise to independent legal claims, including, without limitation, tortious interference with First Brands' employment and business relationships, causing harm to the Debtors' estate for which Debtors would be entitled to damages.

**Please direct your clients to immediately cease and desist from all direct *or indirect* solicitation of the Debtors' employees.  The Debtors reserve all rights to pursue action against Global Technology and Mr. James for their past, and any future, conduct in this regard.**

As you know, Mr. James' October 12, 2025 Resignation Agreement (the "**Resignation Agreement**") provides, among other things:

> Except (i) as agreed to between Executive's legal counsel, Debevoise, and counsel for the debtors, Weil, or (ii) as agreed to in any definitive Transition Protocol, **Executive shall not directly, indirectly, explicitly or implicitly communicate (orally, electronically, or otherwise) with the Company (including any officers, directors, managers, or Board members thereof), or any employees of the Company about any matters in any way**

CONFIDENTIAL                                                                      FBG_CH1_00095548

Ms. Erica Weisgerber
October 28, 2025
Page 2

**Weil, Gotshal & Manges LLP**

**relating to the Company** or the Chapter 11 Proceedings, except as required by law or legal process. Executive likewise agrees that Executive shall not communicate (orally, electronically, or otherwise) with any investors, lenders, vendors, customers, or other affiliated parties or each of the respective advisors, of, for or in the Company about any matters in any way relating to the Company or the Chapter 11."

Resignation Agreement at § 7 (emphasis added). For the reasons explained more fully below, Mr. James, who controls Global Technology, is plainly in violation of the Resignation Agreement, in several respects.

*First*, the Debtors understand that Global Technology is actively informing First Brands employees that Global Technology plans to purchase First Brands' European businesses. Even more disturbing, Global Technology is informing select First Brands employees that they will soon be working for Global Technology. In this regard, Global Technology, presumably at Mr. James' direction, is actively interfering with First Brands' relationships with its subsidiaries and employees thereof, which subsidiaries are assets of the Debtors' estates. As stated above, Global Technology is controlled by Mr. James. Moreover, Mr. James' Resignation Agreement prohibits *indirect* communication with First Brands officers, directors, managers, board members, and employees. By using Global Technology to communicate with First Brands employees and, indeed, interfere in their employment relationship with First Brands, Mr. James has clearly violated Section 7 of his Resignation Agreement.

*Second*, we are also informed that Frederic Sipahi, a close associate of Mr. James, has also engaged in similar conduct, *i.e.*, contacting First Brands employees ostensibly to solicit them for employment elsewhere. Given Mr. James and Mr. Sipahi's close personal relationship, we have no choice but to conclude that Mr. James is attempting to use Mr. Sipahi as a conduit to engage in behavior that would otherwise be proscribed. Assuming this conclusion is accurate (which would be easy to corroborate via discovery), Mr. James is, of course, indirectly soliciting First Brands employees in violation of the Resignation Agreement.

With regards to the above, the Debtors have specifically been informed of a planned meeting in France wherein a number of First Brands employees who have active employment contracts with First Brands were invited to attend, presumably, to improperly solicit them away from employment with the Debtors.

*Third*, as of the date of this letter, the Debtors are aware of at least two additional examples of material violations of Mr. James' Resignation Agreement:

- The Debtors understand that October 1, 2025, Annalisa Sivieri, Group Cash Director, was transferred from First Brands to Novares Group S.A.S ("**Novares**"), or one of its subsidiaries, in Italy.

CONFIDENTIAL

FBG_CH1_00095549

Ms. Erica Weisgerber
October 28, 2025
Page 3

- The Debtors understand that on or about October 13, 2025, Diana Salim, AR & Treasury Director located in Bucharest, received an offer letter to move to Novares, or one of its subsidiaries, in Romania.

Here again, Mr. James has plainly violated Section 7 of his Resignation Agreement by using Novares to indirectly contact, and, indeed, hire or extend offers to, First Brands employees. Moreover, their movement necessarily involves a breach of this Agreement. There is simply no way for these employees to have been moved without direct or indirect communication with Mr. James, either directly or through his controlled entities. It is also extremely likely that the prohibited conduct does not stop with these two employees.

Setting aside the Resignation Agreement, Mr. James' conduct also represents blatant tortious interference with First Brands' contractual relationships with its employees and its business relationships with its subsidiaries. Such interference will inevitably harm First Brands, which would be entitled to seek damages from Mr. James in an amount representative of such harm.

Finally, Mr. James' conduct is also having an adverse impact on the property of the bankruptcy estate by, among other things, attempting to exercise control over property of the estate (*e.g.*, First Brands' European businesses). The Debtors cannot allow this conduct to continue.

Please direct your clients to immediately cease engaging in this behavior and, further, please provide prompt written confirmation that Global Technology and Mr. James will cease and desist from engaging in these actions.

This letter is not an exhaustive statement of the Debtors' position, nor is it a waiver of any of the Debtors' rights, all of which are expressly reserved, including, without limitation, the right to seek relief from the Bankruptcy Court.

Sincerely,

*Rebecca Sivitz*

Rebecca Sivitz

**DEBTORS' EXHIBIT NO. 135**
**Page 3 of 3**