**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, et al.,**[1] | § | |
| | § | **Case No. 25-90399 (cml)** |
| **Debtors.** | § | |
| | § | **Jointly Administered** |

---

**EMERGENCY MOTION OF THE OFFICIAL COMMITTEE OF
NON-UNION RETIREES TO MODIFY ORDER (I) AUTHORIZING AND
DIRECTING THE UNITED STATES TRUSTEE TO APPOINT A COMMITTEE
OF RETIRED EMPLOYEES AND (II) GRANTING RELATED RELIEF**

---

> **This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
> **Represented parties should act through their attorney.**
>
> <span style="color:red">**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**</span>

The Official Committee of Non-Union Retirees (the "**Retiree Committee**") files this

*Emergency Motion to Modify Order (i) Authorizing and Directing the United States Trustee to*

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

*Appoint a Committee of Retired Employees and (ii) Granting Related Relief* (the "**Motion**"), and in support thereof, respectfully states as follows:

## I.  Relief Requested

1.       On June 25, 2026, the Court entered its *Order (I) Authorizing and Directing the United States Trustee to Appoint a Committee of Retired Employees, and (II) Granting Related Relief* (the "**Retiree Committee Order**").[2]

2.       This Motion requests that the Court modify the Retiree Committee Order in two limited respects:  to extend the life of the Retiree Committee and/or to increase the budget (the "**Budget**") of the Retiree Committee, <u>only</u> if certain contingencies occur, as discussed below.

## II.  Background

3.       On September 24, 2025, Global Assets LLC and 12 of the above-captioned debtors (the "**Debtors**") each filed with the Court a voluntary petition under chapter 11 of title 11 of the U.S. Code (the "**Bankruptcy Code**").  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary petition under chapter 11 of the Bankruptcy Code.

4.       The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these cases.

5.       The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1

---

[2]    ECF No. 3060.

of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

6.      On June 16, 2026, the Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (docket no. 3019) (the "**Plan**").  In connection with the Joint Plan, the Debtors filed their *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "**Disclosure Statement**") on June 17, 2026.[3]

7.      A confirmation hearing (the "**Confirmation Hearing**") on the Plan is scheduled for July 28, 2026.  As of the date of this filing, approximately twenty-five (25) objections to the confirmation of the Plan have been filed.

8.      Pursuant to the Retiree Committee Order, the Office of the United States Trustee appointed four individuals to the Retiree Committee and filed its *Notice of Appointment of Committee of Retirees* on July 9, 2026.[4]

9.      The Retiree Committee constitutes the "authorized representative" under section 1114(b) of the Bankruptcy Code with respect to non-union retirees.  On information and belief, the United Automobile, Aerospace and Agricultural Implement Workers of America ("**UAW**") and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers International Union on behalf of Local Union No. 4863 (the "**USW**" and collectively with the UAW, the "**Unions**") constitute the "authorized representative" with respect to unionized retirees.[5]

---

[3]      ECF No. 3060.

[4]      ECF No. 3148.

[5]      *See* 11 U.S.C. § 1114(b)-(c).

10.     The Retiree Committee Order contains two provisions pertinent to this Motion. First, it provides that "reasonable and documented fees and out-of-pocket expenses of legal counsel to the Non-Union Retiree Committee shall not exceed $100,000 in the aggregate, unless otherwise agreed to by the Debtors or ordered by the Court."[6]  Second, the order provides that on "the Confirmation Date (as defined in the Plan), the Non-Union Retiree Committee shall dissolve, and the members thereof shall be released and discharged from all rights and duties arising from, or related to, these chapter 11 cases."[7]

11.     On July 11, 2026, the Debtors issued a proposal (the "**Proposal**") to the Retiree Committee.  On July 14, 2026, the counsel for the Debtors and for the Retiree Committee met to discuss the Proposal.

12.     On July 14, 2026, the Debtors filed their *Emergency Motion for Order (i) Authorizing Debtors to Modify Retiree Benefits and (ii) Granting Related Relief* (docket no. 3194) the "**Retiree Benefit Motion**").  The Retiree Benefit Motion requests an order of the Court allowing the termination of the retiree benefits of the Debtors' non-union retirees, effective seventeen (17) days after the filing of the Retiree Benefit Motion, which is the same treatment as provided under the Proposal.

13.     Substantially contemporaneous with the filing of this Motion, the Retiree Committee is filing an objection (the "**Retiree Benefit Objection**") to the Retiree Benefit Motion.

### III.  Jurisdiction and Venue

---

[6]     The $100,000 cap on fees and expenses quoted above from paragraph 5 of the Retiree Committee Order shall be referred to herein as the "**Budget**." *See* Retiree Committee Order, ¶ 5.

[7]     *Id*. at ¶ 6.

14.     The Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### IV.  Bases for Relief

16.     Section 105(a) of the Bankruptcy Code provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[8] The relief requested herein is necessary and appropriate to carry out the provisions in section 1114 of the Bankruptcy Code.[9]  Further, the language of the Retiree Committee Order leaves open the possibility of modifications by further order of the Court.

17.     Based on those authorities, the Retiree Committee requests modification of the Retiree Committee Order in two possible circumstances.  *First*, as noted above, a number of objections have been filed to the Debtors' Plan, which suggests that it is plausible that the Court will deny or otherwise delay confirmation.  The Budget for the Retiree Committee was created in anticipation of a condensed period of negotiations.  Indeed, absent the modifications requested herein, the most likely scenario is for the Retiree Committee to exist for approximately twenty (20) days.  If, however, the Court denies confirmation and the Debtors attempt to reformulate the Plan, the Budget may be unsuitable for a multi-month process.  Therefore, in the event that the Court has not entered an Order confirming the Plan within fourteen (14) days of the Confirmation Hearing, the Retiree Committee requests an increase in the Budget in the amount of $25,000 for each calendar month until the time at which the Court confirms some form of chapter 11 plan.

---

[8]     11 U.S.C. § 105(a).

[9]     *See generally* 11 U.S.C. § 1114.

18.     *Second*, the Retiree Committee requests modifications to allow it to pursue an Appeal (as defined below).  In the event that the Retiree Committee is unable to reach an amicable resolution with the Debtors pursuant to section 1114(e)(1)(B), the outcome of the Retiree Benefits Motion will be of paramount importance for retirees in this case.  The Retiree Committee makes a number of legal arguments in the Retiree Benefit Objection, including on the basis of the plain meaning of statutory language in section 1114(g)(3).[10]   In contrast, the Debtors cite to older cases out of the Southern District of New York ("**SDNY**") and the Eastern District of Michigan for support of the proposition that the clause "necessary to permit the reorganization of the debtor" may mean "necessary to permit the confirmation of a chapter 11 plan."[11]  The Retiree Committee vigorously opposes that interpretation, and believes that if presented with the same issues, the present-day Fifth Circuit would be more receptive to plain meaning arguments than the 1991 SDNY or the 2000 Eastern District of Michigan.

19.     If the Court grants the Retiree Benefits Motion (an "**Adverse Ruling**"), the Retiree Committee wishes to have the ability to appeal (an "**Appeal**") the Adverse Ruling.  The language quoted above from the Retiree Committee Order, however, would severely limit the Retiree Committee's ability to prosecute an Appeal.  At present, the Retiree Committee is to be dissolved immediately upon Plan confirmation.  Considering that the confirmation hearing and the hearing on the Retiree Benefit Motion are set for the same day, the Retiree Committee may not even have an ability to file a notice of appeal before its dissolution, much less prosecute an Appeal.

20.     Ensuring the Retiree Committee's ability to pursue an Appeal puts it in a similar position to that of the Unions, which are the other "authorized representatives" in these cases.  *See*

---

[10]     *See* 11 U.S.C. § 1114.

[11]     *See* Retirement Benefits Motion, ¶ 51.

11 U.S.C. § 1114(c).  It would be inequitable if the Unions were able to pursue an appeal of such an order while the similarly situated Retiree Committee could not.

21.    Further, preserving the Retiree Committee's ability to appeal an Adverse Ruling on the Retiree Benefit Motion is consistent with traditional concepts of due process.[12]

22.    In the interests of preserving its right to pursue an Appeal, the Retiree Committee requests the following modifications:

- Paragraph 6 of the Retiree Committee Order should be modified to provide that the Retiree Committee shall dissolve upon the later of (a) the Confirmation Date (as defined in the Plan), and (b) the existence of a final order with respect to the Retiree Benefits Motion; and

- Paragraph 5 of the Retiree Committee Order should be modified to provide that (a) in the event that the Retiree Committee elects to exercise its right to appeal an Adverse Ruling, the Budget shall be increased by an additional $150,000 solely for the purpose of prosecuting the Appeal, and (b) in the event that the Court does not confirm the Plan within fourteen days of the originally scheduled Confirmation Hearing, the Budget is increased by $25,000 for each calendar month prior to plan confirmation.

WHEREFORE, the Retiree Committee respectfully requests that the Court (a) grant the Motion, (b) modify the Retiree Committee Order to extend the life of the Retiree Committee and increase the Budget, as described herein, and (c) grant the Retiree Committee such further relief as the Court deems just.

Dated: July 20, 2026
       Houston, Texas

---

[12]  *See, e.g., Stancavage v. Northumberland County*, 2025 U.S. Dist. LEXIS 75390, * 6-8 (M.D. Pa. Apr. 21, 2025) (allowing due process claim to proceed when "processes that were generally available to others were unavailable to [plaintiff]… made it effectively impossible for [plaintiff] to pursue her appeal rights").

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.

By:     /s/ Mark D. Sherrill
Mark D. Sherrill (TBN 24034678)
1200 Smith Street, Suite 1400
Houston, TX  77002
Telephone:    (713) 658-1818
Facsimile:    (713) 658-2553
e-mail: mark.sherrill@chamberlainlaw.com

*Proposed Counsel for The Official*
*Committee Of Non-Union Retirees*

## BLR 9013-1(I) CERTIFICATE

Pursuant to BLR 9013-1(i), I hereby certify that the information contained in the foregoing document with respect to the need for emergency relief is true and correct to the best of my knowledge.

/s/ Mark D. Sherrill
Mark D. Sherrill