# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| FIRST BRANDS GROUP, *et al.*, | ) | Case No. 25-90399 (CML) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
| FIRST BRANDS GROUP, *et al.*, | ) |  |
|  | ) |  |
|  | ) | Adv. Pro. No. 25-03803 (CML) |
| Plaintiffs | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| PATRICK JAMES, THE PATRICK JAMES TRUST, ALBION REALTY, LLC, ALESTER TECHNOLOGIES LLC, BATTERY PARK HOLDINGS LLC, LARCHMONT LLC, PEGASUS AVIATION, LLC, MICHAEL BAKER, PETER ANDREW BRUMBERGS, STEPHEN GRAHAM, JOHN AND JANE DOE(S) 1-100, and ABC CORPORATION(S) 1-100, | ) ) ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants | ) |  |
|  | ) |  |

## PETER ANDREW BRUMBERGS'S MOTION TO DISMISS
### DEBTORS' AMENDED COMPLAINT

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

FBG_CH1_00089924

> **This motion seeks an order that may adversely affect you.  If you oppose the motion, you should immediately contact the moving party to resolve the dispute.  If you and the moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Peter Andrew Brumbergs moves to dismiss the Amended Complaint in the above-captioned adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012(b) for failure to state a plausible claim for relief. In support of this motion, Mr. Brumbergs respectfully states as follows:

## BACKGROUND

1. On September 24 and 28, 2025, First Brands Group, LLC ("First Brands" or the "Company") and its debtor affiliates filed voluntary petitions under Chapter 11 of the Bankruptcy Code. *See In re First Brands Group, et al.*, No. 25-90399 (S.D. Tex.).

2. On November 3, 2025, the Debtors initiated this adversary proceeding against Patrick James and his related entities, *i.e.*, The Patrick James Trust, Albion Realty, LLC, Alester Technologies LLC, Battery Park Holdings LLC, Larchmont LLC, and Pegasus Aviation, LLC (collectively, the "Entity Defendants") "to recover significant sums of money . . . for the benefit of Debtors' estates and their creditors." (Dkt. 17 ¶ 15).

3. On January 19, 2026, the Debtors filed an Amended Complaint against Mr. James and the Entity Defendants and added Stephen Graham, Michael Baker, and Mr. Brumbergs as additional defendants (collectively, "Defendants"). (Dkt. 141).

1

FBG_CH1_00089925

4. The Amended Complaint alleges that Mr. James "caused First Brands to fraudulently incur debt financing only to then divert—routinely and regularly—funds from First Brands for his and his family's personal benefit." (*Id.* ¶ 13). The Amended Complaint contains eleven causes of action, eight of which have been asserted against only Mr. James and the Entity Defendants to recover alleged fraudulent transfers from First Brands to Mr. James and the Entity Defendants between 2018 and 2025. (*Id.* ¶ 71; *see id.* ¶¶ 127-192 (alleging claims for turnover of estate property (Count I), actual fraudulent transfer (Count II), constructive fraudulent transfer (Count III), money had and received (Count IV), unjust enrichment (Count V), constructive trust (Count VI), accounting (Count VII), and illegal dividend and unlawful distribution (Count VIII))).

5. The Amended Complaint asserts three causes of action against Mr. Brumbergs: breach of fiduciary duty (Count IX); aiding and abetting breach of fiduciary duty (Count X); and civil conspiracy (Count XI). (*Id.* ¶¶ 193-216).

6. On February 2, 2026, Mr. James and the Entity Defendants filed a motion to dismiss the Amended Complaint. (Dkt. 155).

## ARGUMENT

7. Mr. Brumbergs has pleaded guilty to federal criminal offenses related to his employment at First Brands. *See United States v. Brumbergs*, No. 26 Cr. 25 (S.D.N.Y.). He accepts full responsibility for his conduct and, for the avoidance of doubt, does not through this motion raise any factual arguments about his conduct or legal arguments about his criminal liability. Rather, Mr. Brumbergs files this motion solely to address the legal sufficiency of the three civil causes of action brought against him in the Amended Complaint.

## I. Legal Standard

8. Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of the claims advanced in the complaint." *Todd v. Am. Multi-Cinema, Inc.*, 222 F.R.D. 118, 121 (S.D. Tex. 2003);

DEBTORS' EXHIBIT NO. 168
Page 3 of 10

FBG_CH1_00089926

*see* Fed. R. Bankr. P. 7012(b). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. The Amended Complaint Should be Dismissed Against Mr. Brumbergs for Failure to State a Claim for Relief

### A. The Amended Complaint Fails to State a Claim for Breach of Fiduciary Duty

9. To state a claim for breach of fiduciary duty, a complaint must plausibly allege "(1) that the fiduciary duty exists and (2) that the fiduciary breached that duty." *In re Tropicana Ent., LLC*, 520 B.R. 455, 470 (Bankr. D. Del. 2014) (quoting *York Lingings v. Roach*, No. 16622-NC, 1999 WL 608850, at *2 (Del. Ch. July 28, 1999)).

10. Where a Limited Liability Company ("LLC") agreement "expressly eliminate[s] fiduciary duties," a claim for breach of fiduciary duty fails because "[t]here cannot be a breach of non-existent fiduciary duties." *Riverside Risk Advisors LLC v. Chao*, No. 2019-0789-KSJM, 2022 WL 14672745, at *30 (Del. Ch. Oct. 26, 2022), *aff'd*, 303 A.3d 51 (Del. 2023); *see Cygnus Opportunity Fund, LLC v. Washington Prime Grp., LLC*, 302 A.3d 430, 445 (Del. Ch. 2023) (dismissing claim for breach of fiduciary duty where LLC agreement provided that "[e]ach [c]overed [p]erson . . . shall . . . owe no duties (including fiduciary duties) to . . . the [c]ompany"); *In re Optim Energy, LLC*, No. 14-10262, 2014 WL 1924908, at *6 (Bankr. D. Del. May 13, 2014) (claim for breach of fiduciary duties "must fail" given "specific statement in the [d]ebtor's operating agreement that no fiduciary duties were owed"), *aff'd*, 527 B.R. 169 (D. Del. 2015); *see also* Del. Code Ann. tit. 6, § 18-1101(c) (providing that fiduciary duties of a "member or manager or other person . . . may be . . . eliminated by provisions in the limited liability company agreement; provided, that the limited liability company agreement may not eliminate the implied

3

FBG_CH1_00089927

contractual covenant of good faith and fair dealing"). Accordingly, the breach of fiduciary duty claim should be dismissed.

11.    In Mr. James's motion to dismiss the Amended Complaint, he stated that the First Brands LLC Agreement (the "LLC Agreement") eliminates "[a]ny duties," "including fiduciary duties," owed by a "Covered Person," which includes not only members and managers of the company but also its officers and employees. (*See* Dkt. 155 ¶ 67 & nn. 73, 74). If the LLC Agreement provides that fiduciary duties of officers, managers, and employees are eliminated, then the claim for breach of fiduciary duty against Mr. Brumbergs must fail under the case law set forth above. *See supra* ¶ 10.

**B.    The Amended Complaint Fails to State a Claim for Aiding and Abetting Breach of Fiduciary Duty**

12.    To state a claim for aiding and abetting others' breach of fiduciary duties, a complaint must allege "(1) the existence of a fiduciary relationship; (2) a breach of that relationship; and (3) knowing participation by the defendant in the fiduciary's breach." *In re Troll Commc'ns, LLC*, 385 B.R. 110, 120 (Bankr. D. Del. 2008). The Amended Complaint fails to allege a viable aiding and abetting claim because if the LLC Agreement eliminated fiduciary duties, "there was no fiduciary relationship that could support a claim for aiding and abetting a breach of fiduciary duty." *Bandera Master Fund LP v. Boardwalk Pipeline Partners, LP*, No. CV 2018-0372-JTL, 2019 WL 4927053, at *8 (Del. Ch. Oct. 7, 2019). To the extent that the Amended Complaint fails to allege that any of the other Defendants breached fiduciary duties, the aiding and abetting claim should be dismissed for that reason as well.[2] *See, e.g., Related Westpac LLC v. JER*

---

[2] The other Defendants have moved to dismiss the Amended Complaint on the grounds that it fails to adequately plead that they each breached fiduciary duties owed to First Brands. (*See* Dkt. 155 ¶¶ 69-76; Dkt. 170 ¶¶ 17-26; Dkt. 173 ¶¶ 27-40).

**DEBTORS' EXHIBIT NO. 168**
**Page 5 of 10**

FBG_CH1_00089928

*Snowmass LLC*, No. 5001-VCS, 2010 WL 2929708, at *8 (Del. Ch. July 23, 2010).

## C. The Amended Complaint Fails to State a Claim for Civil Conspiracy

13. The elements of a civil conspiracy claim under Ohio law are: "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *In re Nat'l Century Fin. Enters., Inc.*, 504 F. Supp. 2d 287, 326 (S.D. Ohio 2007) (quotations omitted).

14. A civil conspiracy claim requires an "underlying unlawful act," and "[w]here all the substantive causes of action on which a conspiracy claim is based are without merit, a conspiracy claim must also fail." *El-Shiekh v. Nw. Ohio Cardiology Consultants*, No. L-99-1380, 2000 WL 1298761, at *6 (Ohio Ct. App. Sept. 15, 2000); *see Sal's Heating & Cooling Inc. v. BERS Acquisition Co., LLC*, 192 N.E.3d 537, 544 (Ohio Ct. App. 2022). Because the Amended Complaint fails to plead a breach of fiduciary duty claim, breach of fiduciary duty cannot be the predicate for the civil conspiracy claim.[3] *See NPF IV, Inc. v. Transitional Health Servs.*, 922 F. Supp. 77, 83 (S.D. Ohio 1996) (dismissing civil conspiracy claim where the "only asserted underlying basis for the conspiracy" is dismissed for failure to state a claim).

---

[3] The Debtors' fraudulent transfer claims against Mr. James are not identified as predicate acts for the civil conspiracy claim. (Dkt. 141 ¶ 213). To the extent the Debtors allege that those claims against Mr. James are predicate acts for the conspiracy claim, the conspiracy claim should be dismissed if the Court grants Mr. James's motion to dismiss those substantive counts. (*See* Dkt. 155 ¶¶ 39-59).

5

FBG_CH1_00089929

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Amended Complaint against Mr. Brumbergs.[4]

Dated: April 6, 2026
      New York, New York

Respectfully submitted,

/s/ David Gopstein
Sean Hecker (admitted *pro hac vice*)
David Gopstein (admitted *pro hac vice*)
Nicole Ng (admitted *pro hac vice*)
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
shecker@heckerfink.com
dgopstein@heckerfink.com
nng@heckerfink.com

*Counsel for Peter Andrew Brumbergs*

---

[4] Mr. Brumbergs has rights to a trial by jury with respect to the claims filed in the adversary proceeding. Any and all rights to demand a trial by jury at the appropriate time are reserved. Mr. Brumbergs reserves any and all rights to seek to withdraw the reference at the appropriate time, and nothing herein should be construed as a waiver or admission with respect to the same.

**DEBTORS' EXHIBIT NO. 168**
**Page 7 of 10**

FBG_CH1_00089930

## __CERTIFICATE OF SERVICE__

I hereby certify that on April 6, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

/s/ David Gopstein_____

7

FBG_CH1_00089931

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FIRST BRANDS GROUP, *et al.*, | ) | Case No. 25-90399 (CML) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| FIRST BRANDS GROUP, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | Adv. Pro. No. 25-03803 (CML) |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK JAMES, THE PATRICK JAMES | ) | |
| TRUST, ALBION REALTY, LLC, ALESTER | ) | |
| TECHNOLOGIES LLC, BATTERY PARK | ) | |
| HOLDINGS LLC, LARCHMONT LLC, | ) | |
| PEGASUS AVIATION, LLC, MICHAEL | ) | |
| BAKER, PETER ANDREW BRUMBERGS, | ) | |
| STEPHEN GRAHAM, JOHN AND JANE | ) | |
| DOE(S) 1-100, and ABC CORPORATION(S) | ) | |
| 1-100, | ) | |
| | ) | |
| Defendants | ) | |

## [PROPOSED] ORDER GRANTING PETER ANDREW BRUMBERGS'S MOTION TO DISMISS DEBTORS' AMENDED COMPLAINT (Dkt. _____ )

The Court has considered Peter Andrew Brumbergs's motion to dismiss the debtors' Amended Complaint (the "Motion"). This Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and for sufficient cause, it is therefore

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

FBG_CH1_00089932

**ORDERED** that the Motion is granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and the claims in the Amended Complaint against Mr. Brumbergs are dismissed.

Dated: _____, 2026
        Houston, Texas


                                                _____
                                                CHRISTOPHER M. LOPEZ
                                                UNITED STATES BANKRUPTCY JUDGE

**DEBTORS' EXHIBIT NO. 168**
**Page 10 of 10**

FBG_CH1_00089933