**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | **Docket No. 3017** |

**NOTICE OF FILING OF
REVISED PROPOSED ORDER (I) AUTHORIZING
AND DIRECTING THE UNITED STATES TRUSTEE TO APPOINT A
COMMITTEE OF RETIRED EMPLOYEES AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT**, on June 16, 2026, First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Emergency Motion of Debtors for Order (I) Authorizing and Directing the United States Trustee to Appoint a committee of Retired Employees and (II) Granting Related Relief* (Docket No. 3017) (the "**Motion**"),[2] with a proposed form of order granting the relief requested therein attached thereto (the "**Proposed Order**").

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors hereby file a revised Proposed Order attached hereto as **Exhibit A** (the "**Revised Proposed Order**"), which reflects informal comments received from the Office of the United States Trustee for Region 7 (the "**UST**). The UST does not object to entry of the Revised Proposed Order.  The relief sought in the Motion and the modifications reflected in the Revised Proposed Order are also supported by the Ad Hoc Group, the ABL Secured Parties, and the Creditors' Committee.

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**PLEASE TAKE FURTHER NOTICE THAT** attached hereto as **Exhibit B** is a redline of the Revised Proposed Order marked against the Proposed Order.

Dated:  June 21, 2026
　　　　Houston, Texas

　　　　　　　　　　　　　　　　　　　 */s/  Clifford W. Carlson*
　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　Gabriel A. Morgan (24125891)
　　　　　　　　　　　　　　　　　　　Clifford W. Carlson (24090024)
　　　　　　　　　　　　　　　　　　　700 Louisiana Street, Suite 3700
　　　　　　　　　　　　　　　　　　　Houston, Texas 77002
　　　　　　　　　　　　　　　　　　　Telephone:  (713) 546-5000
　　　　　　　　　　　　　　　　　　　Facsimile:  (713) 224-9511
　　　　　　　　　　　　　　　　　　　Email:   gabriel.morgan@weil.com
　　　　　　　　　　　　　　　　　　　　　　　clifford.carlson@weil.com

　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　Matthew S. Barr (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Sunny Singh (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Andriana Georgallas (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Kevin Bostel (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　Jason H. George (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　　　　　Telephone:  (212) 310-8000
　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 310-8007
　　　　　　　　　　　　　　　　　　　Email:  matt.barr@weil.com
　　　　　　　　　　　　　　　　　　　　　　　sunny.singh@weil.com
　　　　　　　　　　　　　　　　　　　　　　　andriana.georgallas@weil.com
　　　　　　　　　　　　　　　　　　　　　　　kevin.bostel@weil.com
　　　　　　　　　　　　　　　　　　　　　　　jason.george@weil.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Debtors*
　　　　　　　　　　　　　　　　　　　*and Debtors in Possession*

## Certificate of Service

I hereby certify that on June 21, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/  Clifford W. Carlson_
Clifford W. Carlson

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | **Re: Docket No. 3017** |

**ORDER (I) AUTHORIZING AND DIRECTING THE UNITED STATES TRUSTEE
TO APPOINT A COMMITTEE OF RETIRED EMPLOYEES
AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated June 16, 2026 (the "**Motion**"),[2] of First Brands Group, LLC

and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11

cases (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 1114 and 105(a) of

the Bankruptcy Code, (i) authorizing and directing the U.S. Trustee to appoint a committee

(the "**Retiree Committee**") of retired employees that receive benefits under the Retiree Benefit

Arrangements that at the time of retirement were (a) not covered by a collective bargaining

agreement or (b) that are covered by a collective bargaining agreement if the Union party thereto

has not elected to serve as the authorized representative of persons receiving retiree benefits

thereunder by the date of entry of this Order (collectively, the "**Retirees**") and (ii) granting related

relief, all as more fully set forth in the Motion; and this Court having jurisdiction and authority to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and

1334(b); and consideration of the Motion and the requested relief being a core proceeding pursuant

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon the Haughey Declaration and the record of any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT

1. The Motion is granted to the extent set forth in this Order.

2. The U.S. Trustee is authorized and directed to appoint the Retiree Committee as contemplated under section 1114 of the Bankruptcy Code. The U.S. Trustee shall appoint such Retiree Committee as soon as practicable following entry of this Order.

3. The U.S. Trustee, in consultation with the Debtors, shall determine procedures for contacting and identifying candidates to serve on the Retiree Committee. Upon identifying the Retirees who will serve on the Retiree Committee, if any, the U.S. Trustee shall file the Appointment Notice on the Court's docket.

4. Upon its appointment, the Retiree Committee shall be the authorized representative for the Retirees for the limited purposes set forth in section 1114 of the Bankruptcy Code. The Retiree Committee shall have only those rights, powers, and duties conferred upon it pursuant to section 1114(b)(2) of the Bankruptcy Code.

**DEBTORS' EXHIBIT NO. 7**
**Page 5 of 13**

5.      The Retiree Committee may retain professionals by filing a retention application before the Court pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.  Any amounts payable to such professionals shall be subject to Court approval.  For the avoidance of doubt, the Retiree Committee's professionals may seek interim compensation and reimbursement of reasonable and documented out-of-pocket expenses in accordance with the procedures set forth in the Interim Compensation Order[3].  All fees and expenses incurred by the professionals retained by the Retiree Committee shall be held by the Debtors in a segregated account for the benefit of such professionals, and such professionals shall provide the Debtors with Weekly Statements (as defined in the DIP Order[4]) following their retention; *provided* that reasonable and documented fees and out-of-pocket expenses of legal counsel to the Retiree Committee shall not exceed $100,000 in the aggregate, unless otherwise agreed to by the Debtors or ordered by the Court.

6.      On the Confirmation Date (as defined in the Plan),[5] the Retiree Committee shall dissolve, and the members thereof shall be released and discharged from all rights and duties arising from, or related to, these chapter 11 cases; *provided* that the Retiree Committee shall continue to exist for the sole purpose of prosecuting any final fee applications of the professionals of the Retiree Committee.

7.      Nothing in the Motion or this Order is intended to be or shall be construed as (i) an admission as to the validity, priority or character of any claim against the Debtors

---

[3]   The "**Interim Compensation Order**" means the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 699).

[4]   The "**DIP Order**" means the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608).

[5]   The "**Plan**" means the *Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3019), as amended and supplemented from time-to-time.

3

(including any claim for any retiree benefits), (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (vi) a waiver of the obligation of any party in interest to file a proof of claim, or (vii) an approval, assumption, rejection, termination, or modification of any unexpired lease or executory contract (including any plan or agreement providing for retiree benefits) under section 365 of the Bankruptcy Code or otherwise.

8.    The Debtors and the U.S. Trustee are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9.    This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2026
          Houston, Texas

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

4

## Exhibit B

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re: Docket No. 3017** |

**ORDER (I) AUTHORIZING AND DIRECTING THE UNITED STATES TRUSTEE**
**TO APPOINT A COMMITTEE OF RETIRED EMPLOYEES**
**AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated June 16, 2026 (the "**Motion**"),[2] of First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for entry of an order, pursuant to sections 1114 and 105(a) of the Bankruptcy Code, (i) authorizing and directing the U.S. Trustee to appoint a committee (the "**Retiree Committee**") of retired employees that receive benefits under the Retiree Benefit Arrangements that at the time of retirement were (a)  not covered by a collective bargaining agreement or (b) that are covered by a collective bargaining agreement if the Union party thereto has not elected to serve as the authorized representative of persons receiving retiree benefits thereunder by the date of entry of this Order (collectively, the "**Retirees**") and (ii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction and authority to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)–(b) and 1334(b); and consideration of the Motion and the requested relief

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon the Haughey Declaration and the record of any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.      The Motion is granted to the extent set forth in this Order.

2.      The U.S. Trustee is authorized and directed to appoint the Retiree Committee as contemplated under section 1114 of the Bankruptcy Code.  The U.S. Trustee shall appoint such Retiree ~~c~~Committee ~~within fourteen (14) days after~~as soon as practicable following entry of this Order.

3.      The ~~Debtors and the~~ U.S. Trustee, in consultation with the Debtors, shall determine procedures for contacting and identifying candidates to serve on the Retiree Committee.  Upon identifying the Retirees who will serve on the Retiree Committee, if any, the U.S. Trustee shall file the Appointment Notice on the Court's docket ~~and shall serve such Appointment Notice upon the Notice Parties~~.

2

~~4. If the U.S. Trustee is unable to identify any candidates that are willing to serve on the Retiree Committee, the U.S. Trustee (with the consent of the Debtors) shall appoint a fiduciary to serve as authorized representative for the Retirees.  Promptly following the appointment of such authorized representative, the U.S. Trustee shall file a notice regarding the appointment on the Court's docket and shall serve such notice upon the Notice Parties.  For the avoidance of doubt, to the extent an authorized representative is appointed in accordance with this paragraph, such authorized representative shall be subject to the provisions of this Order applicable to the Retiree Committee.~~

4.        ~~5.~~ Upon its appointment, the Retiree Committee shall be the authorized representative for the Retirees for the limited purposes set forth in section 1114 of the Bankruptcy Code.  The Retiree Committee shall have only those rights, powers, and duties conferred upon it pursuant to section 1114(b)(2) of the Bankruptcy Code.

5.        ~~6.~~ The Retiree Committee may retain ~~legal counsel~~professionals by filing a retention application before the Court pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code.  Any amounts payable to such ~~legal counsel~~professionals shall be subject to Court approval.  For the avoidance of doubt, ~~legal counsel to~~ the Retiree Committee's professionals may seek interim compensation and reimbursement of reasonable and documented out-of-pocket expenses in accordance with the procedures set forth in the Interim Compensation Order[3]. ~~Reasonable and~~ All fees and expenses incurred by the professionals retained by the Retiree Committee shall be held by the Debtors in a segregated account for the benefit of such professionals, and such professionals shall provide the Debtors with Weekly Statements (as

---

[3]     The "**Interim Compensation Order**" means the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 699).

3

defined in the DIP Order[4]) following their retention; *provided* that reasonable and documented fees and out-of-pocket expenses of legal counsel to the Retiree Committee shall not exceed $100,000 in the aggregate, unless otherwise agreed to by the Debtors or ordered by the Court.

6.      On the Confirmation Date (as defined in the Plan),[5] the Retiree Committee shall dissolve, and the members thereof shall be released and discharged from all rights and duties arising from, or related to, these chapter 11 cases; *provided* that the Retiree Committee shall continue to exist for the sole purpose of prosecuting any final fee applications of the professionals of the Retiree Committee.

7.      Nothing in the Motion or this Order is intended to be or shall be construed as (i) an admission as to the validity, priority or character of any claim against the Debtors (including any claim for any retiree benefits), (ii) an agreement or obligation to pay any claims, (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder, (iv) a waiver of the Debtors' or any appropriate party in interest's rights to dispute any claim, (v) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (vi) a waiver of the obligation of any party in interest to file a proof of claim, or (vii) an approval, assumption, rejection, termination, or modification of any unexpired lease or executory contract (including any plan or agreement providing for retiree benefits) under section 365 of the Bankruptcy Code or otherwise.

---

[4]   The "**DIP Order**" means the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608).

[5]   The "**Plan**" means the *Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3019), as amended and supplemented from time-to-time.

4

8.     The Debtors and the U.S. Trustee are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9.     This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2026
        Houston, Texas

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**DEBTORS' EXHIBIT NO. 7**
**Page 13 of 13**