**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | x | |
| **In re:** | : | **Chapter 11** |
| | : | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | : | **Case No. 25-90399 (CML)** |
| | : | |
| **Debtors.**[1] | : | **(Jointly Administered)** |
| | : | |
| | : | |
| | x | |

**DEBTORS' OPPOSITION TO EMERGENCY MOTION OF PATRICK JAMES AND THE RELATED ENTITIES TO EXCLUDE PORTIONS OF DECLARATION OF CHARLES M. MOORE AND ENTIRE DECLARATION OF MARC S. KIRSCHNER**

---

[1]      A complete list of the Debtors in the above-captioned jointly administered Chapter 11 cases (the "Chapter 11 Cases") may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for the Chapter 11 Cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**TABLE OF CONTENTS**

Page

I.    PRELIMINARY STATEMENT ........................................................................... 1

II.   ARGUMENT ................................................................................................. 1

     A.    The Declarations Offer Admissible Testimony ......................................... 3

     B.    The James Defendants' Arguments for Exclusion Are Meritless ........................... 4

          1.    The Stay of the Adversary Proceeding Does Not Block Confirmation Proceedings. ........................................................ 4

          2.    The James Defendants' Evidentiary Objections are Unavailing ................ 7

              a.    The Declarations Are Well Founded ............................................. 7

              b.    The Declarations Are Not Inadmissible Hearsay ......................... 11

              c.    The Declarations Are Not Improper Legal Conclusions .............. 13

III.   CONCLUSION ............................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Bullard v. Blue Hills Bank*,
   575 U.S. 496 (2015)..................................................................................................10

*In re Cont'l Common, Inc.*,
   2011 WL 6370632 (Bankr. N.D. Tex. Dec. 9, 2011) ...............................................6

*In re Couture Hotel Corp.*,
   536 B.R. 712 (Bankr. N.D. Tex. 2015)....................................................................13

*Flat River Farms, LLC v. MRC Energy Co.*,
   2024 WL 3488079 (W.D. La. July 19, 2024) ............................................................9

*Gomez v. Massey*,
   2020 WL 1495255 (S.D. Tex. Feb. 26, 2020) .........................................................12

*Hoffman v. Bailey*,
   257 F. Supp. 3d 801 (E.D. La. 2017)......................................................................12

*Kickz v. Chubb Lloyds Ins. Co.*,
   2025 WL 3272098 (N.D. Tex. Nov. 4, 2025)...........................................................10

*Null v. Wainwright,*
   508 F.2d 340 (5th Cir. 1975) ..................................................................................11

*Pipitone v. Biomatrix, Inc.*,
   288 F.3d 239 (5th Cir. 2002) ..................................................................................10

*Simpson v. Osteostrong Franchising, LLC*,
   2025 WL 2723281 (S.D. Tex. Aug. 8, 2025) ..........................................................12

*Stringer v. Pablos*,
   2017 WL 11638257 (W.D. Tex. Nov. 14, 2017)......................................................14

*Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*,
   662 F. Supp. 2d 623 (S.D. Tex. 2009) .....................................................................9

*In re Tex. Rangers Baseball Partners,*
   2010 WL 4106713 (Bankr. N.D. Tex. Oct. 12, 2010) ..............................................6

*United Healthcare Servs., Inc. v. Synergen Health LLC*,
   2023 WL 4186370 (N.D. Tex. June 26, 2023) ........................................................10

*United States v. Carrillo-Morones*,
   564 F. Supp. 2d 707 (W.D. Tex. 2008)......................................................................9

*United States v. Hinds County*,
2022 WL 439481 (S.D. Miss. Feb. 12, 2022)..........................................................................11

*United States v. Locke*,
643 F.3d 235 (7th Cir. 2011) ...............................................................................................14

*United States v. Scop*,
846 F.2d 135 (2d Cir. 1988)..................................................................................................14

*United States v. Thomas*,
847 F.3d 193 (5th Cir. 2017) ................................................................................................13

*United States v. Trevino Chavez*,
830 F. App'x 425 (5th Cir. 2020) .........................................................................................12

*Vazquez v. Aguilera*,
2022 WL 2292888 (S.D. Tex. Mar. 25, 2022).......................................................................13

**Statutes and Rules**

Fed. R. Bankr. P. 9014..............................................................................................................10

Fed. R. Civ. P. 26.....................................................................................................................10

Fed. R. Evid. 602 .....................................................................................................................10

Fed. R. Evid. 704 .....................................................................................................................14

First Brands Group, LLC and its debtor affiliates (the "**Debtors**") respectfully submit this opposition to the *Emergency Motion of Patrick James and the Related Entities to Exclude Portions of Declaration of Charles M. Moore and Entire Declaration of Marc S. Kirschner*, ECF No. 3289 ("**Motion**" or "**Mot.**") filed by Patrick James, the Patrick James Trust, Albion Realty, LLC, Alester Technologies LLC, Battery Park Holdings LLC, Larchmont LLC, and Pegasus Aviation, LLC (collectively, "**James Defendants**").

## I.   PRELIMINARY STATEMENT

1.      The James Defendants' Motion fails to justify the extraordinary relief they seek: the wholesale exclusion of testimony from the Debtors' Chief Executive Officer and the Debtors' retained expert before either witness has taken the stand. Both witnesses' testimony is well-founded, reliable, and admissible. And both witnesses will be available for cross-examination at the confirmation hearing, after which the Court can decide the appropriate weight to afford their testimony. The James Defendants offer no lawful reason for the Court to deny itself the opportunity to hear this testimony and allow it to be tested in the crucible of cross-examination.

2.      The Motion's lead argument is that analyzing estate claims for purposes of plan confirmation somehow violates the stay order in the adversary proceeding against the James Defendants and prejudices them. It does neither. Considering these witnesses' testimony in connection with confirmation in no way violates the stay of the adversary proceeding, which remains firmly in place: no discovery is being taken in that case, no motion is being litigated, and no relief is being sought. Moreover, nothing the Court finds at plan confirmation will bind the James Defendants in the adversary proceeding. They will have every opportunity to litigate the merits of the claims against them—in both the pending criminal proceeding and, once the stay lifts, any claims remaining in the adversary proceeding that were not resolved in the criminal action. Evaluating claims and the prospect of recovery for plan purposes is not adjudicating the claims on

the merits. The James Defendants cite no authority, and none exists, holding that a stay of an adversary proceeding bars a debtor from presenting evidence evaluating potential aggregate recoveries from contingent litigation claims at plan confirmation and the basis thereof.

3. The James Defendants' evidentiary objections are weaker still. Mr. Moore is the Debtors' Chief Executive Officer, an expert restructuring advisor, and turnaround consultant. His testimony will address facts drawn from his own involvement in the investigation, his extensive experience, and his review of company books and records, as he has done many times before. Mr. Moore's testimony is precisely the sort of testimony corporate officers and experts routinely give in chapter 11 cases. Mr. Kirschner is a highly qualified expert opining on whether there is a reasonable probability that the estate's claims will generate recoveries in excess of $2 billion by the end of 2028 based on facts made known to him—precisely what the Federal Rules permit every expert to do. This is standard confirmation testimony. It is not hearsay, it is not unfounded, and it offers no improper legal conclusions.

4. The upshot of the James Defendants' argument for exclusion is that no chapter 11 plan that monetizes contingent litigation claims could ever be confirmed. That is not the law, and this Court rejected materially identical objections to materially similar testimony when it recently confirmed the plan in *Steward Health Care System LLC*, No. 24-90213. The Motion is one more piece of the James Defendants' ongoing effort to harm First Brands and its creditors by derailing confirmation of a plan that represents creditors' best opportunity for recovery. The Motion should be denied.

## II.   ARGUMENT

### A.   The Declarations Offer Admissible Testimony

5.   The Debtors offer the Moore and Kirschner Declarations in support of plan confirmation—and they reflect precisely the sort of testimony routinely considered by bankruptcy courts across the country in similar cases.

6.   Charles Moore—a Certified Public Accountant and Certified Turnaround Professional with a certification in financial forensics, and the Debtors' CEO—summarizes the "activities of prior management and the FBG Debtors' prepetition business based on [his] extensive, and months-long, factual review and analysis of the FBG Debtors' books and records, financial data, electronic records, and prepetition transactions and events." *See* ECF No. 3188 ¶¶ 5, 58 ("**Moore Declaration**" or "**Moore Decl.**"). Mr. Moore has deep experience and expertise in "turnaround consulting and advisory services," serving in "senior management positions or as a restructuring advisor in large organizations," and will be offering testimony as an expert and as a fact witness. *Id.* ¶¶ 5, 6.

7.   Marc S. Kirschner—a restructuring professional with five decades of experience as a bankruptcy lawyer, chapter 11 trustee, litigation trustee, financial advisor, investment professional, and fiduciary—opines based on his expertise and analysis of the record that the estate's litigation claims are "reasonably probable to result in the recovery of proceeds in excess of … the approximately $2 billion required to satisfy certain obligations under the Plan." ECF No. 3190 ¶¶ 3, 21 ("**Kirschner Declaration**" or "**Kirschner Decl.**"). Mr. Kirschner provides this expert testimony after reviewing a voluminous assortment of materials, including, among other things, documents from the adversary proceeding against the James Defendants, the criminal proceedings against Patrick James, Edward James, Peter Andrew Brumbergs, and Stephen Graham, and other materials from the chapter 11 cases. *See id.* Ex. B.

3

8.      Both Mr. Moore and Mr. Kirschner provide ample foundation for the testimony they offer, and for the basis of any relevant knowledge and expertise. These declarations are well in line with exactly the sort of testimony offered in support of confirmation in similar bankruptcy cases.

9.      Indeed, this Court credited similar testimony in *Steward Health Care System LLC* on a similar issue. And the Court did so over an objection—similar to the James Defendants' here—that such testimony was inadmissible on hearsay and lack-of-foundation grounds, instead admitting the testimony and addressing objections "question-by-question." *See* Traco International Group S. de R.L.'s Motion *in Limine* to Exclude Certain Evidence from the Combined Hearing, *In re Steward Health Care Sys. LLC*, No. 24-90213, Doc. No. 5499 (Bankr. S.D. Tex. July 13, 2025); Traco International Group S. de R.L.'s Objection to Confirmation of the Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors, *In re Steward Health Care Sys. LLC*, No. 24-90213, Doc No. 5335 at 28–31 (Bankr. S.D. Tex. July 2, 2025); Transcript of Plan Confirmation Hearing 17:12–20, *In re Steward Health Care Sys. LLC*, No. 24-90213 (Bankr. S.D. Tex. July 14, 2025). This Court's ruling there confirms that the testimony the Debtors offer from Mr. Moore and Mr. Kirschner here is admissible.

**B.      The James Defendants' Arguments for Exclusion Are Meritless**

***1.      The Stay of the Adversary Proceeding Does Not Block Confirmation Proceedings***

10.      The James Defendants' principal argument is that the stay of the adversary proceeding against them should "preclude Debtors from prosecuting merits of claims under guise of confirmation presentation." Mot. ¶¶ 9–14. In the James Defendants' view, the submission of the Moore and Kirschner Declarations represents an "end run attempt to litigate the merits" of these claims. *Id.* ¶ 11. Moreover, according to the James Defendants, "the absence of discovery" in the adversary proceeding "precludes the Moore and Kirschner Declarations from having any probative

4

value." *Id.* ¶ 13. Even considering the Moore and Kirschner Declarations, the James Defendants conclude, would "violate both the letter and the spirit of the Stay Orders," and "prejudice the James Defendants." *Id.* ¶ 14.

11.     The James Defendants' argument is wrong at every step and finds no support in the facts or the law. Notably, the section of the Motion devoted to this argument fails to cite even a single case where any court anywhere has excluded testimony on this ground.

12.     The Court's consideration of the Moore and Kirschner Declarations in connection with confirmation would in no way violate the stay of the adversary proceeding. The adversary proceeding remains stayed. There is no discovery or motion practice or other proceedings occurring in that case. Nothing in the Court's stay of the adversary proceeding prevents the Debtors from marshalling evidence to support confirmation, which does not depend on resolving any issue concerning the merits of the underlying litigation. The Court should not condone the James Defendants' efforts to turn the stay of the adversary proceeding into a global stay of the bankruptcy cases.

13.     Indeed, the James Defendants' arguments reach far beyond this case. Their position, if adopted, would prevent confirmation of any plan involving an analysis of contingent litigation claims until discovery is complete in the underlying litigation. There is no legal authority supporting this untenable result.

14.     Moreover, the James Defendants will not be prejudiced by the Court's consideration of the Moore and Kirschner Declarations. The James Defendants are mixing apples and oranges when they argue that an analysis of potential aggregate recoveries for the purposes of confirmation will somehow bind them in the ultimate resolution of the merits of the specific claims against them. Mr. Kirschner does not purport to fix the value of the claims against the James

5

Defendants, or opine on how the merits of those claims should be decided. He opines only that the estate's litigation claims are reasonably likely, in the aggregate, to generate recoveries in excess of $2 billion. These are different issues calling for different inquiries in different proceedings.

15.    The James Defendants will have not one, but two opportunities to engage in discovery and defend the claims against them on the merits—first in the criminal proceedings scheduled for trial in early 2027, and then in the adversary proceeding, once the stay is lifted. The Court's consideration of Mr. Moore's and Mr. Kirschner's testimony in connection with confirmation will not impair the James Defendants' ability to defend themselves in those independent proceedings.

16.    To that end, courts in this Circuit have repeatedly refused to bind parties in an adversary proceeding to facts presented in support of plan confirmation. *See, e.g.*, *In re Tex. Rangers Baseball Partners*, 2010 WL 4106713, at *2 n.7 (Bankr. N.D. Tex. Oct. 12, 2010) ("[I]f any finding of fact is based in whole or in part on a proffer of testimony (including respecting any document, including exhibits) offered at the Confirmation Hearing, such finding of fact shall not have preclusive effect in any other case, suit, contested matter or adversary proceeding commenced in this or any other court[.]"); *In re Cont'l Common, Inc.*, 2011 WL 6370632, at *17 (Bankr. N.D. Tex. Dec. 9, 2011) ("Any evidence admitted or offered in connection with the Confirmation Hearing and admitted in support of this Confirmation Order is admitted solely for purposes of the Confirmation Hearing, and while any and all such evidence shall be binding on all parties except as expressly provided herein, such evidence may be used by PNC for its benefit and any and all such evidence is not binding on PNC in any future respect, including, without limitation, any future cases, matters, proceedings, controversies, or litigation.").

17. Finally, to the extent that the James Defendants' argument is that the declarations lack "any probative value" or are "one-sided" or "were created with license to spin," given the lack of discovery in the adversary proceeding, Mot. ¶¶ 11, 13, that concern is best handled through cross-examination, not exclusion. Again, though, the purpose of the proffered testimony is to demonstrate that the claims in the litigation are supported and valuable, not that the court should enter judgment on the merits against any of the defendants today.

18. Hearing testimony from Mr. Moore and Mr. Kirschner in no way conflicts with this Court's stay order. The James Defendants' unsupported argument for exclusion is nothing more than a back-door attempt to lift the stay and scuttle confirmation. It should be rejected.

### 2. *The James Defendants' Evidentiary Objections are Unavailing*

19. The James Defendants also offer three evidentiary objections, none of which has merit.

### a. The Declarations Are Well Founded

20. The James Defendants first contend that Mr. Moore and Mr. Kirschner lack adequate knowledge to support their testimony. Mot. ¶¶ 15–20. But Mr. Moore amply demonstrates the basis for his testimony—which was derived from his work as the Debtors' Interim CEO and Chief Restructuring Officer and his extensive industry experience and expertise. And Mr. Kirschner is testifying *only* as an expert witness, not a fact witness, making the James Defendants' arguments wholly inapposite.

21. *Mr. Moore*. Mr. Moore thoroughly describes the foundation for his testimony and expert analysis. *See* Moore Decl. ¶¶ 2–7 ("This Declaration is based on my personal knowledge …."). Mr. Moore was appointed as Chief Restructuring Officer of First Brands on September 24, 2025, and Interim Chief Executive Officer of First Brands on October 13, 2025. *Id.* ¶ 4. Since then, he has "become familiar with [First Brands'] day-to-day operations, business and

financial affairs, and the circumstances leading to the commencement of the[] chapter 11 cases." *Id*. Mr. Moore specifically explains that his declaration is based on his "review of documents," "books and records," and materials relating to "various business lines." Moore Decl. ¶¶ 2, 7. Mr. Moore's involvement in the "months-long, factual review and analysis of the FBG Debtors' books and records, financial data, electronic records, and prepetition transactions and events" informed his testimony about the "true nature of the activities of prior management." *Id.* ¶ 58. Importantly, Mr. Moore is not testifying to the truth of the matters asserted in his declaration regarding these facts.  He is merely testifying to what the investigation has uncovered that support the claims that have been and will be asserted.

22.     The James Defendants contend that Mr. Moore did not personally witness the James Defendants' fraudulent acts and thus cannot testify to them. Mot. ¶¶ 16–17. Yet Mr. Moore explains how he developed his understanding based on his and his team's review of the Company's records. *See, e.g.*, Moore Decl. ¶ 75 ("My team and I analyzed the impact of the 38,000 unsupported manual adjustments on the Company's reported profitability."); *id.* ¶ 78 ("[M]y team analyzed the FBG Debtors' adjustments for aged and obsolete inventory and found numerous instances in which clearly obsolete, worthless inventory remained on the books well past the point at which it should have been written off."); *id.* ¶ 81 ("To determine the extent and scope of the factoring Scheme, my team and I compared values of the factored invoices … to FBG's internal database of actual invoices."). In other words, Mr. Moore gained an understanding of the James Defendants' prepetition fraudulent activities through his involvement in the investigation and an examination of the Debtors' books and records.

23.     The authorities the James Defendants rely upon are irrelevant, as they do not involve the testimony of a corporate officer and expert and lack the supporting foundation that Mr.

Moore offers here.  *See* Mot. ¶¶ 15, 18 (citing *Flat River Farms, LLC v. MRC Energy Co.*, 2024 WL 3488079, at *2 (W.D. La. July 19, 2024); *United States v. Carrillo-Morones*, 564 F. Supp. 2d 707, 711 (W.D. Tex. 2008)). In *Flat River Farms*, the court considered whether a lay witness hired by the plaintiffs could testify about whether the plaintiffs were underpaid in a contract. 2024 WL 3488079, at *2. And in *Carrillo-Morones*, the court considered the circumstances under which a law enforcement officer could offer lay witness testimony. 564 F. Supp. 2d at 711. Neither of these cases call into question the strong foundation of Mr. Moore's testimony, who also provides an expert opinion.

24.     The James Defendants ignore that Mr. Moore also based his testimony on his extensive education and experience, and that Mr. Moore is also properly qualified as an expert witness. An expert witness is qualified if they "possess specialized knowledge, skill, experience, training, or education." *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.*, 662 F. Supp. 2d 623, 663 (S.D. Tex. 2009). It is then the Court's responsibility to ensure the expert, "whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 664 (citations omitted).

25.     Mr. Moore has more than thirty years of experience providing turnaround consulting services, significant expertise in identifying and correcting financial statement misstatements for analysis, and repeated appointments as Chief Restructuring Officer for distressed corporations. Moore Decl. ¶¶ 5, 6. The James Defendants cannot—and do not try—to argue that Mr. Moore is unqualified to provide any expert opinions set forth in his declaration.

26.     ***Mr. Kirschner***. The James Defendants' cursory argument about the Kirschner Declaration incorrectly characterizes Mr. Kirschner as a lay witness. Mot. ¶ 19. From that false

premise, the James Defendants contend that Mr. Kirschner "was not a percipient witness" to the facts in his declaration and improperly "relies on the Moore Declaration to make factual and legal conclusions." *Id.*

27.     But the Federal Rules of Evidence are clear that the requirement of personal knowledge "does not apply to a witness's expert testimony." Fed. R. Evid. 602. Instead, it is standard practice for an expert witness to rely on facts in the record, including facts established by the testimony of fact witnesses, to reach their opinions. So long as an expert's testimony has a "factual basis in the record and an underlying rationale," it is permissible. *Kickz v. Chubb Lloyds Ins. Co.*, 2025 WL 3272098, at *6 (N.D. Tex. Nov. 4, 2025). The James Defendants may dispute the facts on which Mr. Kirschner relies. But "[w]hen facts are in dispute, a trial court may not exclude an expert's testimony on the ground that the court believes one version of the facts and not the other." *United Healthcare Servs., Inc. v. Synergen Health LLC*, 2023 WL 4186370, at *5 (N.D. Tex. June 26, 2023) (citation modified). Any challenge to the facts upon which the Kirschner Declaration relies is a question of weight, not admissibility. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249–50 (5th Cir. 2002).

28.     ***Disclosure.*** The James Defendants also argue that the declarations are inadmissible because "the local rules … require expert reports to be produced in contested matters" and the Debtors have not made those materials available. Mot. ¶ 20. Even if Fed. R. Civ. P. 26(a)(2) applied—which it does not[2]—this argument is now moot. Since the James Defendants filed the Motion, the Debtors have produced to the James Defendants the qualifications and background of

---

[2]     The requirements the James Defendants cite (Mot. ¶ 20) regarding expert disclosures do not apply in contested matters. *See* Fed. R. Bankr. P. 9014 ("[T]he following subdivisions of Fed. R. Civ. P. 26, as incorporated by Rule 7026, do not apply in a contested matter: (a)(1), mandatory disclosure; (a)(2), disclosures about expert testimony; . . . ."); *see generally Bullard v. Blue Hills Bank*, 575 U.S. 496, 505 (2015) ("An objection to a plan initiates a contested matter.").

each witness, lists of their publications, and the documents they relied upon in writing these declarations.[3]

29.     Both Mr. Moore and Mr. Kirschner offer appropriate foundation for their testimony. To the extent the James Defendants are concerned with the support for Mr. Moore's and Mr. Kirschner's testimony or their qualifications to offer it, their remedy lies in cross-examination, not blanket exclusion.

### b.  The Declarations Are Not Inadmissible Hearsay

30.     The James Defendants also incorrectly assert that "[b]oth the Kirschner and Moore Declarations should be excluded because they are inadmissible hearsay." Mot. ¶¶ 21–26. In their view, "[t]he Moore Declaration contains out-of-court statements offered for the truth that the James Defendants were running a fraudulent 'scheme,'" and "[t]he Kirschner Declaration has out-of-court statements offered for the truth that … the Debtors' claims are meritorious and valuable." *Id.* ¶ 22. This argument fails for multiple reasons.

31.     At the outset, the James Defendants' request for wholesale exclusion of hearsay is misplaced in this non-jury proceeding. "[S]trict evidentiary rules of admissibility are generally relaxed in bench trials." *See Null v. Wainwright*, 508 F.2d 340, 344 (5th Cir. 1975). In a bench trial, hearsay objections "are taken into account when determining the weight the evidence should be afforded, rather than admissibility." *United States v. Hinds County*, 2022 WL 439481, at *2 (S.D. Miss. Feb. 12, 2022). As with all of the James Defendants' objections, the appropriate course

---

[3]     The James Defendants suggest in a footnote that the declarations "rely heavily on privileged communications with counsel." Mot. ¶ 20 n.38. Not so. Neither declarant relies on advice of counsel. The James Defendants' cursory, footnote-only reference to this argument is not sufficient to appropriately raise it for consideration here, and it is certainly no basis for exclusion, which is the only relief the James Defendants seek in this Motion.

is not exclusion but cross-examination and an ultimate assessment by the Court of the appropriate weight to afford the testimony.

32.     The James Defendants improperly seek to exclude all of Mr. Moore's and Mr. Kirschner's testimony based on a broad, generalized hearsay objection. Their argument can be rejected on this ground alone, because hearsay objections must "specifically identify the particular statements" being challenged. *United States v. Trevino Chavez*, 830 F. App'x 425, 428 (5th Cir. 2020) ("A defendant who challenges the improper admission of testimony that potentially includes hearsay must specifically identify the particular statements he is challenging." (citation modified)); *see also Simpson v. Osteostrong Franchising, LLC*, 2025 WL 2723281, at *8 (S.D. Tex. Aug. 8, 2025) (rejecting a hearsay objection as "too general" where the objection did "not delineate which statements [were] hearsay"). "Simply screaming 'hearsay' at the top of your lungs without pointing out the alleged hearsay statement is not sufficient." *Gomez v. Massey*, 2020 WL 1495255, at *4 (S.D. Tex. Feb. 26, 2020).

33.     The James Defendants' alternative position that "[e]ven if the Court does not find the Declarations to be hearsay in their entirety, any portion of the Declarations that references out-of-court statements should be excluded from consideration" suffers from this same flaw. Mot. ¶ 26. Again, the James Defendants fail to challenge any specific statement. *Id.* "It is not the Court's responsibility to comb through the record to determine the basis for [Defendants'] cursory objections." *Hoffman v. Bailey*, 257 F. Supp. 3d 801, 824 (E.D. La. 2017).

34.     The James Defendants identify "just one example" of a specific statement from the 112-page Moore Declaration, along with a small handful of references to various documents that they find objectionable. Mot. ¶ 24; *see id.* ¶ 25 (citing Moore Declaration's references to the Debtors' target financials, nomination files of factored invoices, and internal communications).

12

But none of Mr. Moore's testimony about the facts uncovered during the investigation are offered for the truth of the matter asserted; rather, they are only offered to demonstrate what that investigation uncovered. And as to the Kirschner Declaration, the James Defendants do not identify a single specific objectionable statement.

35.     The James Defendants further contend that Mr. Kirschner improperly references facts from the Moore Declaration or other background documents to prove the truth of the matter asserted. Mot. ¶ 22. But Mr. Kirschner is an *expert* witness. And it is "well settled that an expert may rely on hearsay when forming their opinions." *Vazquez v. Aguilera*, 2022 WL 2292888, at *3 n.4 (S.D. Tex. Mar. 25, 2022) (citing Fed. R. Evid. 703); *see also In re Couture Hotel Corp.*, 536 B.R. 712, 725–26 (Bankr. N.D. Tex. 2015) (holding that an expert may use "charts and data derived from third-party sources," to arrive at an ultimate opinion on the value of certain property). In any event, Mr. Kirschner considers these facts for the non-hearsay purpose of informing his opinion regarding the Debtors' potential recoveries. Mr. Kirschner does not cite facts underlying the Debtors' claims as truths; he uses those allegations to inform his analysis.

### c.   The Declarations Are Not Improper Legal Conclusions

36.     Lastly, the James Defendants argue that the declarations "impermissibly testify as to legal conclusions." Mot. ¶¶ 27–29. The James Defendants cite Mr. Moore's testimony about Patrick James' "fraud," and claim that "[t]he Kirschner Declaration contains nothing but legal conclusions." *Id.*

37.     This objection has little force in a hearing before the Court. The Fifth Circuit has explained that the chief concern with improper legal testimony is that such opinions will "merely tell the jury what result to reach." *United States v. Thomas,* 847 F.3d 193, 206 (5th Cir. 2017). That concern is absent here, where there is no jury to worry about and the Court can hear the testimony, consider any cross-examination, and decide the appropriate weight to give it.

38.     In any event, neither Mr. Moore nor Mr. Kirschner offers improper legal conclusions. Mr. Moore's testimony about Mr. James' conduct reflects his understanding of the factual record and presents a generalized description of the facts uncovered relating to the alleged improper and fraudulent nature of Mr. James' actions—not an ultimate legal opinion. An invoice with no underlying receivable is a fact. A financial statement that overstates earnings is a fact. "Fraudulent invoices" and "false financials" are factual characterizations of what the books and records show. *See, e.g.*, *United States v. Locke*, 643 F.3d 235, 242 (7th Cir. 2011) (holding that a witness' use of the term "fraud" and "misrepresentation" in a "colloquial sense, employing the vernacular of their financial professions," did not constitute a "commentary on the elements of wire fraud"). The only purportedly analogous case the James Defendants cite is a criminal jury case involving "highly prejudicial" legal conclusions, where the witness "made no attempt to couch the opinion testimony at issue in even conclusory factual statements." *United States v. Scop*, 846 F.2d 135, 140 (2d Cir. 1988). That is nothing like Mr. Moore's well-supported, practical descriptions of facts within his knowledge and review.

39.     Furthermore, expert opinions are not objectionable "just because [they] embrace[] an ultimate issue to be decided by the trier of fact." *Stringer v. Pablos*, 2017 WL 11638257, at *2 (W.D. Tex. Nov. 14, 2017) (citation modified); *see* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."). Mr. Moore's analysis of the Debtors' records does not assign any legal significance to them. And Mr. Kirschner's analysis offering opinions that the claims are valuable and about the likelihood of aggregate recoveries on the Debtors' claims does not encroach on the province of the Court by engaging in factfinding or providing a legal conclusion. Mr. Kirschner is not telling the Court how to resolve the merits of any specific outstanding claims. Rather, after assuming various facts, Mr. Kirschner calculates the

reasonable probability of potential aggregate recoveries and their timing based on his collective assessment of potential claims. *See, e.g.*, Kirschner Decl. ¶¶ 55, 86, 87 ("I believe it is reasonable to conclude that a litigation trustee would have colorable claims relating to the SCF programs," "I believe that a litigation trustee would have significant and cognizable claims for recovery against Onset and other SPV Lenders," and "I believe the Insider Claims are meritorious and reasonably likely to result in significant recoveries by the Litigation Trust.").

40.     Ultimately, this objection suffers from the same issues as all of the James Defendants' evidentiary objections: These are issues for cross-examination at the confirmation hearing, and arguments for the Court to afford the testimony less weight. None of the James Defendants' arguments is an appropriate basis for wholesale exclusion of the Debtors' confirmation case before a single witness has taken the stand.

### III.   CONCLUSION

41.     For these reasons, the Court should deny the Motion in its entirety and grant such other and further relief as is just and proper.

[*Remainder of page intentionally left blank.*]

15

Respectfully submitted this 26th day of July.

/s/ Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
         clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
David Lender (admitted *pro hac vice*)
Nili T. Moghaddam (admitted *pro hac vice*)
Robert Niles-Weed (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
         sunny.singh@weil.com
         david.lender@weil.com
         nili.moghaddam@weil.com
         robert.niles-weed@weil.com

*Attorneys for Debtors
and Debtors in Possession*

16

## <u>CERTIFICATE OF SERVICE</u>

I, Clifford W. Carlson, certify that on July 26, 2026, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF system on all parties entitled to notice, and was served by electronic mail on counsel.

/s/ *Clifford W. Carlson*
Clifford W. Carlson