**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **First Brands Group, LLC, et al.,**[1] | § | |
| | § | **Case No. 25-90399 (cml)** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
CHAMBERLAIN HRDLICKA WHITE WILLIAMS & AUGHTRY, P.C. AS
COUNSEL FOR COMMITTEE OF RETIREES
EFFECTIVE AS OF JULY 10, 2026**

Upon the Application[2] of the Official Committee of Non-Union Retirees (the "Retiree **Committee**") in the above-captioned chapter 11 case for entry of an order authorizing the Committee to employ and retain Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C.("**CHWWA**") as its counsel effective as of July 10, 2026, the date the Committee determined to employ CHWWA as counsel in this chapter 11 case, pursuant to § 1103 of title 11 of the Bankruptcy Code; and upon the Declaration of Mark D. Sherrill of CHWWA in Support of the Application ("**Sherrill Declaration**"), attached to the Application as Exhibit A; and the Court having jurisdiction pursuant to §§ 157 and 1334 of title 28 of the United States Code to consider the  Application and the relief requested therein; and venue being proper in this Court pursuant to  §§ 1408 and 1409 of title 28

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not otherwise defined herein shall have the same meanings ascribed to them in the Application.

35335636.v4

of the United States Code; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this Application was appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application and the Sherrill Declaration that CHWWA does not represent or hold any interest adverse to the Debtors or their estates as to the matters upon which CHWWA has been and is to be employed, and that CHWWA is a "disinterested person" as such term is defined in § 101(14) of the Bankruptcy Code; and the Court having determined that the relief sought in the Application is in the best interests of the Retiree Committee, the Debtors, its creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Application and in the Sherrill Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Application is **GRANTED** to the extent set forth herein.

2. In accordance with § 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Retiree Committee is authorized to employ and to retain CHWWA as its counsel, effective as of July 10, 2026, on the terms and conditions set forth in the Application and in the Sherrill Declaration.

3. CHWWA shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Bankruptcy Rules, and such other orders as this Court may direct**; provided that, in accordance with paragraph 5 of the Order (I) Authorizing and Directing the United States Trustee to Appoint a Committee of Retired**

35335636.v4

**Employees and (II) Granting Related Relief (Docket No. 3060), reasonable and documented fees and out-of-pocket expenses of CHWWA shall not exceed $100,000 in the aggregate, unless otherwise agreed to by the Debtors or ordered by the Court**.

4.      CHWWA shall apply for compensation and reimbursement in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Local Rules, any order establishing procedures for interim compensation, and any fee and expense guidelines of this Court.

5.      CHWWA will provide ten (10) business days' notice of any rate increases by notifying the Retiree Committee, the Debtors, the U.S. Trustee, and by filing a notice with the Court.  The Retiree Committee, the U.S. Trustee, and all parties in interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code.

6.      No agreement or understanding exists between CHWWA and any other person, other than as permitted by § 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with this chapter 11 case, nor shall CHWWA share or agree to share compensation received for services rendered in connection with this chapter 11 case with any other person other than as permitted by § 504 of the Bankruptcy Code.

7.      The Retiree Committee and CHWWA are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

35335636.v4

8.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.


Dated: _____, 2026.


_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

35335636.v4