**Exhibit 1**

**Forbearance**

## FORBEARANCE OF THE SENIOR SECURED SUPERPRIORITY
## DEBTOR-IN-POSSESSION CREDIT AGREEMENT

This ***Forbearance of the Senior Secured Superpriority Debtor-in-Possession Credit Agreement*** (this "***Forbearance***"), dated as of [●], is entered into by and among **FIRST BRANDS GROUP, LLC**, a Delaware limited liability company, as a debtor and debtor-in-possession (the "***Borrower***"), **FIRST BRANDS GROUP INTERMEDIATE, LLC**, a Delaware limited liability company, as a debtor and debtor-in-possession (the "***Parent***"), the other Loan Parties party hereto, **WILMINGTON SAVINGS FUND SOCIETY, FSB**, as administrative agent and collateral agent (in such capacities, the "***DIP Agent***"), and the Lenders party hereto constituting the Required Lenders. Capitalized terms used but not otherwise defined herein have the meanings given to them in the DIP Credit Agreement (as defined below).

### RECITALS

**WHEREAS,** the Borrower, the Parent, the other Loan Parties, the Lenders from time to time party thereto and the DIP Agent are party to that certain *Senior Secured Superpriority Debtor-in-Possession Credit Agreement*, dated as of October 2, 2025 (as amended by the First Amendment dated as of November 5, 2025, and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "***DIP Credit Agreement***");

**WHEREAS,** the DIP Credit Agreement was authorized and approved pursuant to the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Dkt. No. 608) (as amended, supplemented or otherwise modified, the "***DIP Order***"), entered by the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") on November 9, 2025 in the jointly administered chapter 11 cases of the Borrower and its debtor affiliates, Case No. 25-90399 (CML) (the "***Chapter 11 Cases***");

**WHEREAS,** the Maturity Date under the DIP Credit Agreement occurred on June 29, 2026, and the Borrower is unable to repay the DIP Obligations in full or to satisfy the conditions to a Borrower Maturity Election under Section 2.18 of the DIP Credit Agreement;

**WHEREAS,** one or more Defaults or Events of Default have occurred and are continuing, including the Borrower's failure to repay the DIP Obligations in full on the Maturity Date (the "***Maturity Date Default***"), under the DIP Credit Agreement (together with any other Default or Event of Default (i) that has occurred and is continuing for any reason as of the date hereof under the DIP Credit Agreement and/or the DIP Order or (ii) arising from or in connection with the Plan, the Plan Settlement, or any of the transactions or occurrences contemplated thereunder) (collectively, the "***Specified Defaults***");

**WHEREAS,** this Forbearance is in connection with the global settlement among the Debtors, the Ad Hoc Group, the ABL Lenders and the Creditors' Committee on the terms of a chapter 11 plan (the "***Plan***");

**WHEREAS,** this Forbearance is attached as Exhibit 1 to the *Stipulation and Agreed Order Regarding Forbearance from the Exercise of Remedies Arising from the Occurrence of the Maturity Date under the DIP Credit Agreement* (the "***Stipulation***"), and, pursuant to the Stipulation, upon entry thereof the Required Lenders shall be deemed to have consented to this Forbearance and to have given the DIP Agent a Direction of the Required Lenders directing the DIP Agent to enter into this Forbearance;

**WHEREAS,** in connection with the Plan and the Stipulation, the Borrower has requested that the DIP Agent, acting at the Direction of the Required Lenders, forbear from exercising any and all rights and remedies against any Loan Party or Collateral arising as a result of the Specified Defaults (whether arising under the DIP Credit Agreement, the Loan Documents related thereto or otherwise under applicable law), and the Required Lenders are willing to do so solely on the terms and subject to the conditions set forth herein; and

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**Section 1.  Definitions.**

As used herein, (a) "***Ad Hoc Group SteerCo***" means the steering committee of the Ad Hoc Group; (b) "***Forbearance Effective Date***" means the date on which the conditions set forth in Section 6 are satisfied; (c) "***Forbearance Period***" means the period commencing on the Forbearance Effective Date and ending on the Forbearance Termination Date; (d) "***Forbearance Termination Date***" has the meaning given in Section 3(b); and (e) "***Stipulation***" has the meaning given in the recitals.

**Section 2.  Acknowledgments.**

Each Loan Party acknowledges that (a) the Maturity Date under the DIP Credit Agreement occurred on June 29, 2026; (b) the Maturity Date Default and certain other Events of Default have occurred and are continuing; and (c) but for the forbearance set forth herein, the DIP Agent and the Lenders would be entitled to exercise their rights and remedies under the DIP Documents and applicable law, subject to the DIP Order (including the notice and remedies provisions thereof).

**Section 3.  Forbearance.**

**(a)  Forbearance.**  Subject to entry of the Stipulation and during the Forbearance Period, the DIP Agent, acting at the Direction of the Required Lenders, shall forbear from the exercise of any rights and remedies against any Debtor (or any assets of any Debtor) as a result of any Specified Default including, without limitation, any breach, maturity, non-payment of any amounts due (including

interest), default or event of default (including relating to all covenants and/or other obligations under the DIP Credit Agreement or any documentation related thereto), now existing under the DIP Credit Agreement or any documentation related thereto.

**(b)  Forbearance Termination Date.**  The "*Forbearance Termination Date*" means the earliest to occur of the following (unless waived by the Ad Hoc Group SteerCo (which waiver may be confirmed via email (including via counsel's email))):

(i)     solely to the extent the Plan has not been confirmed, August 1, 2026;

(ii)    the effective date of the Plan;

(iii)   conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code;

(iv)    the date on which the confirmation order is overturned by a final, non-appealable order; and

(v)     the date the Bankruptcy Court denies approval of the Stipulation.

**(c)  Scope; Limited Effect.**  The Forbearance set forth in this Section 3 is limited solely to the Specified Defaults and shall not be construed as a waiver of, or consent to, any alleged default or event of default, or any other Default or Event of Default (whether now existing or hereafter arising), or any waiver of any right or remedy of the DIP Agent or any Lender under the DIP Documents (other than as expressly set forth in Section 3(a)), all of which are expressly reserved.

### Section 4.  Interim Forbearance.

The parties acknowledge that the Ad Hoc Group provided the Debtors with an interim forbearance through July 24, 2026, during which the terms of this Forbearance were to be finalized and executed. Upon the Forbearance Effective Date, this Forbearance supersedes and replaces such interim forbearance without any interruption to such forbearance agreed to by the Ad Hoc Group and constitutes the legal forbearance contemplated thereby.

### Section 5.  Default Interest.

Commencing as of June 29, 2026, the DIP Facility shall accrue interest at the Default Rate, as provided under the DIP Credit Agreement and the DIP Order and as approved by the Stipulation. For the avoidance of doubt, such default interest accrues against the chapter 11 estates (and any successor cases) but, under the Plan, does not result in any change to the Litigation Trust Waterfall or the Class 2 DIP Collateral Trust Interests under the DIP Collateral Trust Waterfall (each as defined in the Plan).

### Section 6.  Conditions to Effectiveness.

This Forbearance shall become effective on the Forbearance Effective Date upon satisfaction of the following conditions: (a) the DIP Agent shall have received counterparts hereof duly executed by the Borrower, the Parent, the other Loan Parties and the DIP Agent; and (b) the Stipulation shall have been entered by the Bankruptcy Court.

**Section 7.  Reservation of Rights.**

Upon the Forbearance Termination Date, the forbearance hereunder shall automatically terminate without further notice or action, and the DIP Agent and each Lender shall be entitled to exercise any and all rights and remedies available under and pursuant to the terms of the DIP Documents, the DIP Order and applicable law with respect to the Specified Defaults, in each case subject to the DIP Order (including the notice and remedies provisions thereof) and the Intercreditor Agreements. Nothing herein constitutes a course of dealing or obligates the DIP Agent or any Lender to grant any further forbearance, waiver or amendment.

**Section 8.  Ratification; No Other Amendments.**

Except as expressly set forth herein, the DIP Credit Agreement and the other DIP Documents remain in full force and effect and are hereby ratified and confirmed. This Forbearance is a DIP Document. Except as expressly provided herein, this Forbearance shall not constitute an amendment or modification of any provision of the DIP Credit Agreement or any other DIP Document.

**Section 9.  Miscellaneous.**

(a) This Forbearance shall be governed by, and construed in accordance with, the laws of the State of New York and, to the extent applicable, the Bankruptcy Code. (b) In the event of any conflict between this Forbearance and the DIP Order, the DIP Order shall control (for the avoidance of doubt, without affecting the forbearance agreed hereunder). (c) This Forbearance may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument; delivery by electronic transmission shall be effective as delivery of a manually executed counterpart. (d) The headings herein are for convenience only and shall not affect the construction hereof. (e) This Forbearance is for the benefit of the parties hereto and their respective successors and permitted assigns and is not intended to confer any rights upon any other person.

[Signature pages follow.]

5