United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**STIPULATION AND AGREED
ORDER REGARDING ALLOWANCE OF ADMINISTRATIVE
EXPENSE CLAIM OF SMURFIT KAPPA NORTH AMERICA LLC AND AFFILIATES**

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**") and (ii) Smurfit Kappa North America LLC, Corrugados de Baja California S de RL de CV, WestRock Converting, LLC, and Victory Packaging, L.P. (collectively, the "**Smurfit Entities**" and together with the Debtors, the "**Parties**" and each, a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on September 24, 2025 (the "**Petition Date**"), Global Assets LLC and 12 debtor affiliates filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and, commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**WHEREAS**, the Bankruptcy Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

**WHEREAS**, on October 9, 2025, the Office of the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (Docket No. 313).

**WHEREAS**, the Smurfit Entities asserted an administrative expense claim against the Debtors in the amount of $1,000,482.00 in connection with goods and/or services provided to the Debtors after the Petition Date (the "**Administrative Claims**").  For the avoidance of doubt, the Administrative Claims do not include administrative expense claims for goods and/or services provided to the Debtors prior to the Petition Date which may be entitled to administrative expense priority pursuant to section 503(b)(9) of the Bankruptcy Code.

**WHEREAS**, the Parties have entered into this Stipulation and Agreed Order with respect to full satisfaction of the Administrative Claims, as set forth below.

**IT IS HEREBY STIPULATED AND ORDERED THAT:**

1.      The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

2.      This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court.

2

3. The Applicable Smurfit Entity[2] shall have an allowed administrative expense claim against the Applicable Debtor[3] in the aggregate amount of $1,000,482.00 for goods and/or services provided post-petition (as against each Applicable Debtor, an "**Allowed Administrative Claim**" and collectively against the Applicable Debtors, the "**Allowed Administrative Claims**").

4. For the avoidance of doubt, other than the Allowed Administrative Claims, all other Administrative Claims filed or asserted by the Smurfit Entities shall be deemed withdrawn with prejudice and the Smurfit Entities shall not assert any other claims against the Debtors on account of the Administrative Claims; *provided* that the Smurfit Entities reserve their rights to asset an administrative expense claim pursuant to section 503(b)(9) of the Bankruptcy Code and the Debtors' rights to object to such claims are likewise reserved.  The Smurfit Entities shall not seek payment of any Allowed Administrative Claim prior to the earliest of (i) the effective date of any chapter 11 plan in the Applicable Debtor's chapter 11 case, (ii) the dismissal of the Applicable Debtor's chapter 11 case, or (iii) the conversion of the Applicable Debtor's chapter 11 case to a case under chapter 7 of the Bankruptcy Code, without prior written consent of the Debtors.

5. Other than with respect to the Allowed Administrative Claims, the Debtors are hereby released and forever completely discharged from, and the Smurfit Entities hereby waive, any and all causes of action and any other debts, obligations, rights, suits, damages, actions, derivative claims, remedies, and liabilities against the Debtors whatsoever, whether known or unknown, foreseen or unforeseen, in law, at equity, or otherwise, based in whole or in part upon

---

[2]   "**Applicable Smurfit Entity**" mean, with respect to any Allowed Administrative Claim, the Smurfit Entity which asserts such Allowed Administrative Claim, as reflected in **Exhibit A** attached hereto.

[3]   "**Applicable Debtor**" means, with respect to any Allowed Administrative Claim, the Debtor against which such Allowed Administrative Claim is asserted, as reflected in **Exhibit A** attached hereto, and "**Applicable Debtors**" means all such Debtors, collectively.

3

any act or omission, transaction, or other occurrence or circumstances existing or taking place following the Petition Date, including arising from or related in any way to the Administrative Claims or any Claims (as that term is defined in section 101(5) of the Bankruptcy Code) or any other cause of action related to the Administrative Claims.  For the avoidance of doubt, nothing in this paragraph 5, specifically, or in this Stipulation and Agreed Order, generally, shall affect the validity or allowance of any non-priority or non-secured prepetition claims filed by the Smurfit Entities (including, without limitation, the general unsecured claims and section 503(b)(9) administrative claims as referenced in the proofs of claim filed by Smurfit Entities), and all Parties reserve all rights with respect to such claims.

6.      The Debtors and the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("**Kroll**"), are authorized to take all actions necessary or appropriate to give effect to this Stipulation and Agreed Order, and Kroll is authorized to update the claims register to reflect the terms of, and in accordance with, this Stipulation and Agreed Order.

7.      Except as otherwise provided expressly herein, nothing contained in this Stipulation and Agreed Order shall (i) create, nor is anything herein intended to create, any rights in favor of or enhance the status of any Claim (as that term is defined in section 101(5) of the Bankruptcy Code) or any other cause of action held by any other person or entity or (ii) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim, except for the allowance and priority of the Allowed Administrative Claims in favor of the Smurfit Entities.

8.      Except as otherwise provided expressly herein (including, without limitation, the allowance of the Administrative Claims), nothing in this Stipulation and Agreed

Order, nor any actions taken pursuant hereto, shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication, admission, or finding that any particular claim is an administrative expense claim, secured claim, other priority claim, or unsecured claim; (v) a request or authorization to assume or assign any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of the Debtors' or any other party in interest's claims, rights, remedies, or defenses under the Bankruptcy Code or any other applicable law; or (viii) an admission of liability by the Debtors or any of their affiliates regarding any claim or cause of action arising from or in relation to any claims (other than the Allowed Administrative Claims) or any other matter.

9.      For the avoidance of doubt, nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim that have or may be filed by the Smurfit Entities or any other party in the Debtors' chapter 11 cases.

10.      Notwithstanding anything to the contrary herein, any and all of the Debtors' rights of setoff, recoupment, and any and all potential Claims (as that term is defined in section 101(5) of the Bankruptcy Code) and causes of action of the Debtors and/or the Creditors' Committee, including under chapter 5 of the Bankruptcy Code or applicable law, are expressly preserved.

11.     This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

12.     The Parties agree to bear their own costs and fees incurred in connection with this Stipulation and Agreed Order.

13.     This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

14.     The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

15.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

16.     The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

17.     The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

Signed:  July 29, 2026

_____

Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated:  July 27, 2026

 /s/ Clifford W. Carlson
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
            Clifford.Carlson@weil.com


-and-


WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
            sunny.singh@weil.com
            andriana.georgallas@weil.com
            kevin.bostel@weil.com
            jason.george@weil.com



*Attorneys for Debtors*
*and Debtors in Possession*

Dated: July 27, 2026

 /s/ Allen M. DeBard
LANGLEY & BANACK INC.
Allen M. DeBard (24065132)
Trinity Plaza II, Suite 700
745 East Mulberry
San Antonio, Texas 78212-3166
Telephone: (210) 736-6600
Email: adebard@langleybanack.com


-and-


BAILEY & GLASSER, LLP
Jonathan Gold (*pro hac vice forthcoming*)
1055 Thomas Jefferson Street NW, Suite 540
Washinton, D.C. 20007
Telephone: (202) 462-2101
Email: jgold@baileyglasser.com


*Attorneys for the Smurfit Entities*

**Exhibit A**

| **Applicable Smurfit Entity** | **Applicable Debtor** | **Allowed Administrative Claim** |
|---|---|---|
| Smurfit Kappa North America LLC | ASC Industries, Inc. | $96,234.00 |
| Smurfit Kappa North America LLC | Cardone Industries, Inc. | $86,013.00 |
| Smurfit Kappa North America LLC | Carter Fuel Systems, LLC | $59,543.00 |
| Smurfit Kappa North America LLC | Champion Laboratories, Inc. | $75,599.00 |
| Smurfit Kappa North America LLC | Horizon Global Americas Inc. | $28,065.00 |
| Smurfit Kappa North America LLC | Trico Products Corporation | $92,379.00 |
| Corrugados de Baja California S de RL de CV | Brake Parts Inc LLC | $492,052.00 |
| Corrugados de Baja California S de RL de CV | Trico Products Corporation | $11,498.00 |
| WestRock Converting, LLC | Champion Laboratories, Inc. | $53,113.00 |
| Victory Packaging, L.P. | Horizon Global Americas Inc. | $5,986.00 |