United States Bankruptcy Court
Southern District of Texas

**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |

**STIPULATION AND AGREED ORDER
REGARDING FORBEARANCE FROM THE
EXERCISE OF REMEDIES ARISING FROM THE OCCURRENCE
OF THE MATURITY DATE UNDER THE DIP CREDIT AGREEMENT**

This Stipulation and Order (this "**Stipulation**") is entered into by and among (i) the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), (ii) the Ad Hoc Group, (iii) the ABL Agent (on behalf of the ABL Secured Parties), and (iv) the Creditors' Committee (together with the Debtors, the "**Parties**"). Effective as of entry of this Stipulation by the Bankruptcy Court (as defined herein), the Parties hereby stipulate and agree as follows:

WHEREAS, on or around September 24, 2025 and September 28, 2025 (as applicable, the "**Petition Date**"), the Debtors commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

WHEREAS, on September 30, 2025, the Debtors filed the *Emergency Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (C) Grant Liens and Provide Claims with Superpriority Administrative Expense Status, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying*

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

*Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 49];

WHEREAS, the Bankruptcy Court entered (a) on October 1, 2025, the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 217]; and (b) on November 9, 2025, the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Docket No. 608] (the "**DIP Order**"), authorizing the *Senior Secured Superpriority Debtor-in-Possession Credit Agreement*, dated as of October 2, 2025 (as amended by the First Amendment dated as of November 5, 2025, and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**DIP Credit Agreement**") and the facility thereunder (the "**DIP Facility**") on a final basis;

WHEREAS, under the DIP Credit Agreement, the Maturity Date (as defined in the DIP Credit Agreement) (the "**Maturity Date**") occurred on June 29, 2026, and on the Maturity Date, the Borrower[2] was required to repay the aggregate outstanding principal amount of all DIP Loans, together with all accrued and unpaid interest and all other DIP Obligations then outstanding, and

---

[2]   Unless otherwise specified, capitalized terms used but not defined herein shall have the meanings ascribed to them in the DIP Order or the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Docket No. 3019] (as amended, supplemented, or otherwise modified, the "**Plan**"), as applicable.

such amounts thereupon became due and payable (*see* DIP Credit Agreement § 1.01 (definition of "Maturity Date"), § 2.07(a));

WHEREAS, on the Maturity Date, the Borrower did not repay the DIP Obligations in full and did not satisfy the conditions to a Borrower Maturity Election (as defined in the DIP Credit Agreement) under section 2.18 of the DIP Credit Agreement;

WHEREAS, the Borrower's failure to repay the DIP Obligations in full on the Maturity Date, among other things, constitutes an Event of Default under the DIP Credit Agreement, and, upon required notice by the DIP Agent, constitutes an Event of Default under the DIP Order (together with any other Default or Event of Default (i) that has occurred and is continuing for any reason as of the date hereof under the DIP Credit Agreement or (ii) arising from or in connection with the Plan, the Plan Settlement, or any of the transactions or occurrences contemplated thereunder, the "**Specified Defaults**") (*see* DIP Credit Agreement § 9.01(a); DIP Order ¶ 25(b));

WHEREAS, as a result of the Specified Defaults, all DIP Obligations are currently due and payable and the DIP Secured Parties are entitled to exercise all rights and remedies available to them under the DIP Documents subject to (i) the provisions thereof, (ii) the DIP Order, and (iii) the Bankruptcy Code including the automatic stay provided by section 362 of the Bankruptcy Code, as applicable (*see* DIP Credit Agreement § 9.02(b), (c); DIP Order ¶¶ 12(d), (f));

WHEREAS, the hearing to consider confirmation of the Plan currently is scheduled for July 28, 2026, and the Debtors seek (i) continued access to Cash Collateral of the DIP Secured Parties and the Prepetition Secured Parties and (ii) a forbearance from the exercise of remedies in respect of the Specified Defaults in order to prosecute confirmation and consummation of the Plan;

WHEREAS, the Debtors have requested that the DIP Agent, acting at the direction of the Required Lenders (as defined in the DIP Credit Agreement) under the DIP Credit Agreement

through the Ad Hoc Group, forbear from exercising certain rights and remedies arising as a result of the Specified Defaults;

WHEREAS, as a result of the Specified Defaults, the outstanding DIP Obligations bear interest at the Default Rate (as defined in DIP Credit Agreement), and the DIP Secured Parties are entitled to charge interest at the Default Rate under the DIP Documents (*see* DIP Credit Agreement § 2.08(b); DIP Order ¶ 12(d));

WHEREAS, the Bankruptcy Court has reviewed the Stipulation and considered the relief requested herein; this Bankruptcy Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; the Bankruptcy Court has found that these are core proceedings pursuant to 28 U.S.C. § 157(b)(2); the Bankruptcy Court has found that it may enter a final order consistent with Article III of the United States Constitution; the Bankruptcy Court has found that venue of these proceedings and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Bankruptcy Court has found that the notice of the Stipulation was appropriate under the circumstances and no other notice need be provided; the Bankruptcy Court has determined that entry of this Order is reasonable and appropriate; and

WHEREAS, the Parties have engaged in arm's-length, good-faith negotiations regarding a forbearance with respect to the Maturity Date, and the Ad Hoc Group is willing to direct the DIP Agent to forbear, and the DIP Agent is willing to forbear, from the exercise of remedies in respect of the Specified Defaults, in each case on the terms and subject to the conditions set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:**

1.      Upon all of the proceedings had before this Bankruptcy Court, and after due deliberation and sufficient cause appearing therefor, this Bankruptcy Court finds that: (i) it has

jurisdiction over the matters raised in this Stipulation pursuant to 28 U.S.C. § 1334; and (ii) the Debtors' notice of this Stipulation was appropriate under the terms of the DIP Documents, the DIP Order, and the circumstances, and no other notice need be provided.

2.      The Parties acknowledge and reaffirm, and the Bankruptcy Court finds and reaffirms that (a) the DIP Obligations constitute legal, valid, binding, and enforceable obligations of the Borrower, the DIP Loan Parties, the DIP Guarantors, and the Parent Guarantors party to the DIP Documents, (b) the DIP Liens are valid, binding, enforceable, non-avoidable, and properly perfected, and (c) as of the date hereof, the Debtors, their Estates, and all other party in interest in this case have no valid defense, counterclaim, offset, recoupment, or claim of any kind against the DIP Agent, the Ad Hoc Group, or the DIP Secured Parties with respect to the DIP Obligations, subject only to a Challenge for any party where such Challenge Period has not expired pursuant to the terms of the DIP Order.

3.      The Parties further acknowledge and reaffirm and the Bankruptcy Court finds that (a) the Parties and the U.S. Trustee have received sufficient written notice of the occurrence of the Specified Defaults by the DIP Agent on behalf of the DIP Secured Parties, such notice constituting a Termination Notice under the DIP Order, (b) the Specified Defaults have occurred, are continuing, and have not been waived by the DIP Secured Parties; (c) the applicable Remedies Notice Period under the DIP Order for the DIP Secured Parties in relation to the Specified Defaults has lapsed; (d) the Maturity Date occurred on June 29, 2026; (e) upon the occurrence of the Maturity Date, the DIP Obligations became immediately due and payable; (f) but for the forbearance set forth herein, the DIP Secured Parties would be entitled to exercise their rights and remedies under the DIP Documents, the DIP Order, and applicable law in accordance with the terms thereof; and (g) the right to invoke and charge interest at the Default Rate under the DIP

Documents has been triggered, and such default interest shall (x) have been accruing against the Debtors and their Estates on all amounts outstanding under the DIP Facility (including, for the avoidance of doubt, the New Money DIP Loans and the Roll-Up Obligations) as additional DIP Obligations from June 29, 2026 and (y) continue to accrue until the DIP Obligations are repaid in full.  No Party has contested that an Event of Default (as defined in the DIP Credit Agreement or the DIP Order, as applicable) has occurred under the DIP Credit Agreement and the DIP Order and is continuing, and the Bankruptcy Court hereby finds that an Event of Default has occurred and is continuing.

4.    Subject only to entry of this Stipulation and effective as of the Forbearance Effective Date,[3] the Required Lenders (as defined in the DIP Credit Agreement) shall be deemed to have consented to the terms of the forbearance attached hereto as **Exhibit 1** (the "**Forbearance**") and to have given to the DIP Agent a Direction of the Required Lenders (as defined in the DIP Credit Agreement) under the DIP Credit Agreement directing that the DIP Agent enter into the Forbearance and thereby forbear until the Forbearance Termination Date,[4] on the terms set forth in the Forbearance, from the exercise of any rights and remedies against any Debtor (or any assets of any Debtor) as a result of the Specified Defaults.

5.    The Forbearance is limited solely to the Specified Defaults and solely for the duration of the period commencing on the Forbearance Effective Date and ending on the Forbearance Termination Date. The Forbearance and this Stipulation shall not be construed as a

---

[3]    "**Forbearance Effective Date**" shall be the date on which the following conditions are satisfied: (a) the Forbearance (as defined herein) has been executed and (b) this Stipulation has been entered.

[4]    "**Forbearance Termination Date**" shall mean the earlier of (unless waived by the Ad Hoc Group SteerCo): (i) solely to the extent the Plan has not been confirmed, August 1, 2026; (ii) the effective date of the Plan; (iii) conversion of the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code; (iv) the date on which the confirmation order is overturned by a final, non-appealable order; and (v) if applicable, the date the court denies approval of this Stipulation.

waiver of, or consent to, any alleged default or event of default, any other Default or Event of Default (whether now existing or hereafter arising), or any waiver of any right or remedy of the DIP Agent or any Lender under the DIP Documents (other than as expressly set forth herein or in the Forbearance), all of which are expressly reserved.

6.      Commencing as of June 29, 2026, the DIP Facility shall accrue interest against the Debtors and their Estates at the Default Rate (as defined in the DIP Credit Agreement), as provided under the DIP Order and the DIP Credit Agreement and approved by this Stipulation. For the avoidance of doubt, such default interest accrues only against the Debtors and their Estates (including any Successor Cases) but, under the Plan, does not result in any change to the Litigation Trust Waterfall or the Class 2 DIP Collateral Trust Interests under the DIP Collateral Trust Waterfall.

7.      The Parties acknowledge and consent to this Bankruptcy Court modifying and/or lifting the automatic stay under Section 362 of the Bankruptcy Code to implement this Stipulation. This Bankruptcy Court orders that the automatic stay is modified and/or lifted to allow the DIP Agent, on behalf of the DIP Lenders, to implement the agreed terms outlined in this Stipulation. For the avoidance of doubt, the Parties acknowledge and agree, and this Bankruptcy Court finds, that the DIP Agent satisfies the statutory predicates for relief from the stay under sections 362(d)(1) and (d)(2) of the Bankruptcy Code, provided that no relief from the automatic stay is being sought other than as required to implement the terms of the Stipulation. The Parties acknowledge and agree, and this Bankruptcy Court finds, that cause exists to modify or lift the stay to implement this Stipulation because the DIP Secured Parties are not adequately protected.

8.      Upon the Forbearance Termination Date, the agreement of the DIP Agent and the DIP Lenders to forbear shall automatically terminate without further notice or action, and the DIP

Agent and each DIP Lender shall be entitled to exercise any and all rights and remedies available under the DIP Documents, the DIP Order, and applicable law with respect to the Specified Defaults and any other Default or Event of Default (each as defined in the DIP Credit Agreement), in each case subject to the DIP Order (including the notice and remedies provisions thereof) and the requirements of the Bankruptcy Code, including, but not limited to, section 362(a) of the Bankruptcy Code. Nothing herein constitutes a course of dealing or obligates the DIP Agent or any Lender to grant any further forbearance, waiver, or amendment.

9.     This Stipulation shall not (a) be modified, altered, amended, or vacated without the written consent of the Debtors and the DIP Agent (email shall suffice), or (b) except as expressly set forth herein, impair any right, defense, or obligation of the DIP Secured Parties under the DIP Documents, including any future rights to file a Stay Relief Motion pursuant to the terms of the DIP Documents, subject to the terms thereof, the DIP Order, and the Bankruptcy Code.

10. Immediately upon entry of this Stipulation by this Bankruptcy Court (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall be valid and effective, shall inure to the benefit of the Debtors and the DIP Secured Parties, and shall be binding upon the Parties and, to the greatest extent allowed under applicable law, the respective successors and assigns of the Parties, including any chapter 7 or chapter 11 trustee or other fiduciary hereafter appointed or elected for the Estates of the Debtors or with respect to the property of the Estate of any Debtor in any of these Chapter 11 Cases, any Successor Cases, or upon dismissal or conversion of any such case or Successor Case.

11. The fourteen day stay provided under Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply, and this Stipulation shall be immediately effective and enforceable upon its entry.

12. Except as modified by this Order, all of the terms, conditions, and provisions of the DIP Order are ratified and reaffirmed in all respects and shall remain in full force and effect. The terms and conditions of this Order are non-severable and mutually dependent. Nothing in this Stipulation shall order, imply, or be construed or interpreted to permit any termination, exercise of rights, or remedies of parties other than the DIP Secured Parties (in accordance with the DIP Documents) with respect to any Prepetition Collateral, Collateral that is not DIP Collateral, or any rights of any Prepetition Secured Party.

13. The delay or failure to exercise rights and remedies under the DIP Order, this Order, or the DIP Documents shall not constitute a waiver of the DIP Secured Parties' rights thereunder or otherwise. The relief granted in this Stipulation is without prejudice to the DIP Agent's rights to seek additional relief.

14. The Debtors and the DIP Agent are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Stipulation.

15. To the extent any provision of this Stipulation is inconsistent with the DIP Order or any prior order of the Bankruptcy Court authorizing financing for, or the use of Cash Collateral by, the Debtors, this Stipulation shall govern and control.

16. The Bankruptcy Court retains sole and exclusive jurisdiction over all matters arising from or related to the interpretation, implementation, or enforcement of this Stipulation.

Signed:  July 29, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

9

**STIPULATED AND AGREED TO BY:**
Dated: July 27, 2026

/s/ Clifford W. Carlson

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
           clifford.carlson@weil.com
-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (pro hac vice pending)
Sunny Singh (pro hac vice pending)
Andriana Georgallas (pro hac vice pending)
Kevin Bostel (pro hac vice pending)
Jason H. George (pro hac vice pending)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email: matt.barr@weil.com
       sunny.singh@weil.com
       andriana.georgallas@weil.com
       kevin.bostel@weil.com
       jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

/s/ AnnElyse Scarlett Gains

Tom Howley (Texas Bar No. 24010115)
Eric Terry (Texas Bar No. 00794729)
HOWLEY LAW PLLC
700 Louisiana Street, Suite 4545
Houston, TX 77002
Telephone: 713-333-9125
Email: tom@howley-law.com
       eric@howley-law.com

Scott J. Greenberg (admitted *pro hac vice*)
C. Lee Wilson (admitted *pro hac vice*)
Christina M. Brown (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-351-4000
Email: sgreenberg@gibsondunn.com
       clwilson@gibsondunn.com
       christina.brown@gibsondunn.com

-and-

AnnElyse Scarlett Gains (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036-3504
Telephone: 202-955-8500
Email: agains@gibsondunn.com

*Counsel to the Ad Hoc Group*

/s/ Matthew R. Bentley

Matthew R. Bentley
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: 312-258-5500
Email: matthew.bentley@afslaw.com

*Counsel to the DIP Agent*

*/s/ Daniel J. McGuire*

Tatianna J. Witter
Tex. Bar No. 24127424
S.D. Tex. Bar No. 3755867
WINSTON TAYLOR LLP
2121 N. Pearl Street, Suite 900
Dallas, Texas 75201
Telephone: (214) 453-6440
Facsimile: (214) 453-6400
Email: tatianna.witter@winstontaylor.com

-and-

Daniel J. McGuire (admitted pro hac vice)
Scott Ahmad (admitted pro hac vice)
WINSTON TAYLOR LLP
300 N. LaSalle, Suite 4400
Chicago, IL 60654
Telephone: 312-558-5600
Email: dan.mcguire@winstontaylor.com
scott.ahmad@winstontaylor.com

-and-

Carrie V. Hardman (admitted pro hac vice)
WINSTON TAYLOR LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-294-6700
Email: carrie.hardman@winstontaylor.com

*Counsel to Bank of America, N.A.*

*/s/ Kenneth J. Aulet*

Ian R. Phillips
Texas Bar No. 24091239
Seth Van Aalten (pro hac vice)
Justin R. Alberto (pro hac vice)
COLE SCHOTZ P.C.
901 Main Street, Suite 4120
Dallas, TX 75202
Telephone: (469) 557-9390
Facsimile: (469) 533-1587
Email: iphillips@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com

-and-

Robert J. Stark (pro hac vice)
Jeffrey L. Jonas (pro hac vice)
Michael S. Winograd (pro hac vice)
Bennett S. Silverberg (pro hac vice)
Kenneth J. Aulet (pro hac vice)
Andrew M. Carty (pro hac vice)
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
jjonas@brownrudnick.com
mwinograd@brownrudnick.com
bsilverberg@brownrudnick.com
kaulet@brownrudnick.com
acarty@brownrudnick.com

-and-

Tristan G. Axelrod (pro hac vice)
Matthew A. Sawyer (pro hac vice)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Email: taxelrod@brownrudnick.com
msawyer@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 27, 2026 I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson

## Exhibit 1

**Forbearance**

### FORBEARANCE OF THE SENIOR SECURED SUPERPRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT

This *Forbearance of the Senior Secured Superpriority Debtor-in-Possession Credit Agreement* (this "*Forbearance*"), dated as of [●], is entered into by and among **FIRST BRANDS GROUP, LLC**, a Delaware limited liability company, as a debtor and debtor-in-possession (the "*Borrower*"), **FIRST BRANDS GROUP INTERMEDIATE, LLC**, a Delaware limited liability company, as a debtor and debtor-in-possession (the "*Parent*"), the other Loan Parties party hereto, **WILMINGTON SAVINGS FUND SOCIETY, FSB**, as administrative agent and collateral agent (in such capacities, the "*DIP Agent*"), and the Lenders party hereto constituting the Required Lenders. Capitalized terms used but not otherwise defined herein have the meanings given to them in the DIP Credit Agreement (as defined below).

### RECITALS

**WHEREAS,** the Borrower, the Parent, the other Loan Parties, the Lenders from time to time party thereto and the DIP Agent are party to that certain *Senior Secured Superpriority Debtor-in-Possession Credit Agreement*, dated as of October 2, 2025 (as amended by the First Amendment dated as of November 5, 2025, and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "*DIP Credit Agreement*");

**WHEREAS,** the DIP Credit Agreement was authorized and approved pursuant to the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* (Dkt. No. 608) (as amended, supplemented or otherwise modified, the "*DIP Order*"), entered by the United States Bankruptcy Court for the Southern District of Texas (the "*Bankruptcy Court*") on November 9, 2025 in the jointly administered chapter 11 cases of the Borrower and its debtor affiliates, Case No. 25-90399 (CML) (the "*Chapter 11 Cases*");

**WHEREAS,** the Maturity Date under the DIP Credit Agreement occurred on June 29, 2026, and the Borrower is unable to repay the DIP Obligations in full or to satisfy the conditions to a Borrower Maturity Election under Section 2.18 of the DIP Credit Agreement;

**WHEREAS,** one or more Defaults or Events of Default have occurred and are continuing, including the Borrower's failure to repay the DIP Obligations in full on the Maturity Date (the "*Maturity Date Default*"), under the DIP Credit Agreement (together with any other Default or Event of Default (i) that has occurred and is continuing for any reason as of the date hereof under the DIP Credit Agreement and/or the DIP Order or (ii) arising from or in connection with the Plan, the Plan Settlement, or any of the transactions or occurrences contemplated thereunder) (collectively, the "*Specified Defaults*");

**WHEREAS,** this Forbearance is in connection with the global settlement among the Debtors, the Ad Hoc Group, the ABL Lenders and the Creditors' Committee on the terms of a chapter 11 plan (the "***Plan***");

**WHEREAS,** this Forbearance is attached as Exhibit 1 to the *Stipulation and Agreed Order Regarding Forbearance from the Exercise of Remedies Arising from the Occurrence of the Maturity Date under the DIP Credit Agreement* (the "***Stipulation***"), and, pursuant to the Stipulation, upon entry thereof the Required Lenders shall be deemed to have consented to this Forbearance and to have given the DIP Agent a Direction of the Required Lenders directing the DIP Agent to enter into this Forbearance;

**WHEREAS,** in connection with the Plan and the Stipulation, the Borrower has requested that the DIP Agent, acting at the Direction of the Required Lenders, forbear from exercising any and all rights and remedies against any Loan Party or Collateral arising as a result of the Specified Defaults (whether arising under the DIP Credit Agreement, the Loan Documents related thereto or otherwise under applicable law), and the Required Lenders are willing to do so solely on the terms and subject to the conditions set forth herein; and

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**Section 1.  Definitions.**

As used herein, (a) "***Ad Hoc Group SteerCo***" means the steering committee of the Ad Hoc Group; (b) "***Forbearance Effective Date***" means the date on which the conditions set forth in Section 6 are satisfied; (c) "***Forbearance Period***" means the period commencing on the Forbearance Effective Date and ending on the Forbearance Termination Date; (d) "***Forbearance Termination Date***" has the meaning given in Section 3(b); and (e) "***Stipulation***" has the meaning given in the recitals.

**Section 2.  Acknowledgments.**

Each Loan Party acknowledges that (a) the Maturity Date under the DIP Credit Agreement occurred on June 29, 2026; (b) the Maturity Date Default and certain other Events of Default have occurred and are continuing; and (c) but for the forbearance set forth herein, the DIP Agent and the Lenders would be entitled to exercise their rights and remedies under the DIP Documents and applicable law, subject to the DIP Order (including the notice and remedies provisions thereof).

**Section 3.  Forbearance.**

**(a)  Forbearance.**  Subject to entry of the Stipulation and during the Forbearance Period, the DIP Agent, acting at the Direction of the Required Lenders, shall forbear from the exercise of any rights and remedies against any Debtor (or any assets of any Debtor) as a result of any Specified Default including, without limitation, any breach, maturity, non-payment of any amounts due (including

interest), default or event of default (including relating to all covenants and/or other obligations under the DIP Credit Agreement or any documentation related thereto), now existing under the DIP Credit Agreement or any documentation related thereto.

**(b)  Forbearance Termination Date.**  The "*Forbearance Termination Date*" means the earliest to occur of the following (unless waived by the Ad Hoc Group SteerCo (which waiver may be confirmed via email (including via counsel's email))):

(i)    solely to the extent the Plan has not been confirmed, August 1, 2026;

(ii)   the effective date of the Plan;

(iii)  conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code;

(iv)   the date on which the confirmation order is overturned by a final, non-appealable order; and

(v)    the date the Bankruptcy Court denies approval of the Stipulation.

**(c)  Scope; Limited Effect.**  The Forbearance set forth in this Section 3 is limited solely to the Specified Defaults and shall not be construed as a waiver of, or consent to, any alleged default or event of default, or any other Default or Event of Default (whether now existing or hereafter arising), or any waiver of any right or remedy of the DIP Agent or any Lender under the DIP Documents (other than as expressly set forth in Section 3(a)), all of which are expressly reserved.

### Section 4.  Interim Forbearance.

The parties acknowledge that the Ad Hoc Group provided the Debtors with an interim forbearance through July 24, 2026, during which the terms of this Forbearance were to be finalized and executed. Upon the Forbearance Effective Date, this Forbearance supersedes and replaces such interim forbearance without any interruption to such forbearance agreed to by the Ad Hoc Group and constitutes the legal forbearance contemplated thereby.

### Section 5.  Default Interest.

Commencing as of June 29, 2026, the DIP Facility shall accrue interest at the Default Rate, as provided under the DIP Credit Agreement and the DIP Order and as approved by the Stipulation. For the avoidance of doubt, such default interest accrues against the chapter 11 estates (and any successor cases) but, under the Plan, does not result in any change to the Litigation Trust Waterfall or the Class 2 DIP Collateral Trust Interests under the DIP Collateral Trust Waterfall (each as defined in the Plan).

### Section 6.  Conditions to Effectiveness.

This Forbearance shall become effective on the Forbearance Effective Date upon satisfaction of the following conditions: (a) the DIP Agent shall have received counterparts hereof duly executed by the Borrower, the Parent, the other Loan Parties and the DIP Agent; and (b) the Stipulation shall have been entered by the Bankruptcy Court.

**Section 7.  Reservation of Rights.**

Upon the Forbearance Termination Date, the forbearance hereunder shall automatically terminate without further notice or action, and the DIP Agent and each Lender shall be entitled to exercise any and all rights and remedies available under and pursuant to the terms of the DIP Documents, the DIP Order and applicable law with respect to the Specified Defaults, in each case subject to the DIP Order (including the notice and remedies provisions thereof) and the Intercreditor Agreements. Nothing herein constitutes a course of dealing or obligates the DIP Agent or any Lender to grant any further forbearance, waiver or amendment.

**Section 8.  Ratification; No Other Amendments.**

Except as expressly set forth herein, the DIP Credit Agreement and the other DIP Documents remain in full force and effect and are hereby ratified and confirmed. This Forbearance is a DIP Document. Except as expressly provided herein, this Forbearance shall not constitute an amendment or modification of any provision of the DIP Credit Agreement or any other DIP Document.

**Section 9.  Miscellaneous.**

(a) This Forbearance shall be governed by, and construed in accordance with, the laws of the State of New York and, to the extent applicable, the Bankruptcy Code. (b) In the event of any conflict between this Forbearance and the DIP Order, the DIP Order shall control (for the avoidance of doubt, without affecting the forbearance agreed hereunder). (c) This Forbearance may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument; delivery by electronic transmission shall be effective as delivery of a manually executed counterpart. (d) The headings herein are for convenience only and shall not affect the construction hereof. (e) This Forbearance is for the benefit of the parties hereto and their respective successors and permitted assigns and is not intended to confer any rights upon any other person.

[Signature pages follow.]