**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § § § | **Case No. 25-90399 (CML)** |
|  | § § | **(Jointly Administered)** |
| Debtors.[1] | § |  |

**STIPULATION AND
AGREED ORDER REGARDING
APPLICATION FOR ADMINISTRATIVE EXPENSE
CLAIM FILED BY LONGKOU HAIMENG MACHINERY CO., LTD.**

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) First Brands Group, LLC and its affiliated debtors and debtors in possession in the above-captioned jointly administered chapter 11 cases (collectively, the "**Debtors**"), including Brake Parts Inc. LLC ("**BPI**") and (ii) Longkou Haimeng Machinery Co., Ltd. ("**LHM**", and, together with the Debtors, the "**Parties**").  The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, commencing on September 24, 2025, the Debtors filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), including the filing of a voluntary petition for relief by BPI on September 28, 2025 (the "**Petition Date**").

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**WHEREAS**, the Bankruptcy Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

**WHEREAS**, on October 9, 2025, the Office of the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (Docket No. 313).

**WHEREAS** on March 11, 2026, LHM filed a proof of claim (Claim No. 1960) (the "**LHM POC**") asserting (i) a general unsecured claim in the amount of $110,130,843.59 and (ii) a claim entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code in the amount of $21,847,509.27 against BPI on account of prepetition goods allegedly provided to BPI by LHM (the "Asserted 503(b)(9) Claim").

**WHEREAS**, on May 4, 2026, LHM filed *Longkou Haimeng Machinery Co., LTD.'s Application for Entry of an Order (i) Allowing and Directing Payment of its Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) and (ii) Granting Related Relief* (Docket No. 2569)  (the "**Application**"), seeking entry of an order authorizing the allowance of an a claim entitled to administrative expense priority under section 503(b)(1) of the Bankruptcy Code against the Debtors in the amount of $53,307,342.79 in connection with the Goods (as defined herein) (the "**Asserted Administrative Expense Claim**") and directing payment thereof.

**WHEREAS**, the Parties deem it preferable, expeditious and in the interest of administrative efficiency to stipulate to the following facts, findings and procedures governing the Application.

**IT IS HEREBY STIPULATED AND ORDERED THAT:**

1. The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

2. This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court (the date of such approval, the "**Approval Date**"). Each Party (i) shall use reasonable best efforts to obtain, and shall support and shall not directly or indirectly oppose, delay, or interfere with, approval of this Stipulation and Agreed Order, and (ii) waives, as between the Parties, any argument or defense that its own covenants and undertakings hereunder are unenforceable prior to, or absent, approval of this Stipulation and Agreed Order by the Bankruptcy Court.

3. The deadline to object to the Application (the "**Objection Deadline**") has passed other than with respect to the Debtors, for which LHM has extended the Objection Deadline in accordance with paragraph 22 hereof. No party has filed an objection to the Application as of the date hereof.

   *i.* ***General Background***

4. LHM is a wholly-owned subsidiary of Brake Parts Inc Hong Kong Limited, a wholly-owned non-Debtor subsidiary of Brake Parts Inc China LLC, a Debtor entity incorporated in Delaware.

5. LHM is currently the subject of an insolvency proceeding in mainland China (the "**China Proceeding**").

6. On July 31, 2023, LHM and BPI entered into a Products Export Contract for the purchase by BPI of certain components of brakes systems. (the "**2023 Contract**"). On June 17, 2025, LHM and BPI entered into a Products Export Contract for the purchase by BPI of certain

components of brakes systems (the "**2025 Contract**," and together with the 2023 Contract, the "**Contracts**") attached to the Application as Exhibit A.

7. Both prior to and following the Petition Date, LHM supplied goods associated with the Debtors' brakes business unit (collectively, the "**Parts**") to BPI and certain of its affiliates in the ordinary course of business.

8. Various purchase orders, invoices, bills of lading and shipping invoices (the "**Records**") were created by the Parties pertaining to the transfer of Parts produced by LHM.

9. The Records pertaining to the Parts shipped or supplied to the Debtors following the Petition Date (the "**Goods**") are voluminous and cannot conveniently be examined by the Bankruptcy Court.[2]

10. The Schedule attached to the Application as Exhibit B (the "**Schedule**") accurately summarizes, to the best of the Parties' current knowledge, the Records pertaining to the Goods.

11. The Parties stipulate that the Schedule is admissible as evidence in any hearing pertaining to the Application or the subject matter of this Stipulation and Agreed Order.

*ii.* *Postpetition Sale Dispute*

12. The Debtors paid LHM approximately $37.9 million in  fifteen payments  in the postpetition period between October 2025 and January 2026 (the "**Postpetition Transfers**").

13. The Postpetition Transfers were made in the ordinary course of the Debtors' business and in compliance with and pursuant to paragraph 8 of the *Final Order*

---

[2] The Parties' use of the terms "shipped" or "supplied" herein shall not be deemed an admission, waiver or determination by either Party as to whether administrative expense priority attaches to any Parts based on the date of shipment, delivery or receipt thereof which is expressly reserved for determination in connection with the Transaction Timing Dispute or otherwise.

*(i) Authorizing Debtors to (A) Continue Using Existing Cash Management System and Bank Accounts, (B) Implement Ordinary Course Changes to Cash Management System, and (C) Honor Certain Related Prepetition Obligations, (ii) Granting Administrative Expense Priority for Postpetition Intercompany Claims, (iii) Extending Time to Comply with Requirements of 11 U.S.C. § 345(b), and (iv) Granting Related Relief* [Doc. No. 604] (the "**Cash Management Order**"), except that LHM does not stipulate that any of the Postpetition Transfers were loans.

14.     LHM asserts that (i) the transactions giving rise to the transfer of Goods to the Debtors constituted a sale of goods between LHM, as seller, and certain of the Debtors, as purchaser, for the prices listed on the applicable Records, for which no payment was rendered by the Debtors, and (ii) the Postpetition Transfers constituted payment by the Debtors on account of prepetition sale transactions for the purchased Goods.  The Debtors dispute each of these positions, and assert (i) the production of Goods by LHM and the transfer of such Goods to the Debtors did not constitute a sale transaction, (ii) the Postpetition Transfers constituted funds provided to maintain LHM's operations as an indirect subsidiary of the Debtors (and did not constitute funds provided for the purchase of goods on account of prepetition sale transactions), and (iii) to the extent any sale transactions took place between the Debtors and LHM in the postpetition period on account of the Goods, sufficient consideration has been provided to LHM on account of such transactions by virtue of the Postpetition Transfers (the "**Postpetition Sale Dispute**"). LHM disputes that the defenses raised by the Debtors are valid and contends that any defense related to the Postpetition Transfers is a defense to payment and not to allowance, may not be raised in the context of the hearing on the Application and must be raised in the context of an adversary proceeding or other legal proceeding.

### *iii.* *Transaction Timing Dispute*

15. To the extent any transactions between the Debtors and LHM took place on account of the Goods, the Debtors contend that LHM has failed to meet its burden to demonstrate that a total of $7,281,343 of the Asserted Administrative Expense Claim is entitled to administrative expense priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code because LHM has not provided sufficient evidence to demonstrate such alleged transactions were entered into by the Debtors (as opposed to the prepetition debtors) (the "**Transaction Timing Dispute**").

### *iv.* **Wind Down Dispute**

16. The Debtors contend that on or around February 1, 2026 (the "**Wind Down Date**"), the Debtors' brakes business unit, including the operations of BPI, ceased to continue as a going concern.

17. To the extent any transactions between the Debtors and LHM took place on account of the Goods, the Debtors contend that LHM has failed to meet its burden to demonstrate that $5,672,868 of the Asserted Administrative Expense Claim is entitled to administrative expense priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code because LHM has not provided sufficient evidence to demonstrate that any Goods received by the Debtors after the Wind Down Date benefitted the Debtors' estates (the "**Wind Down Dispute**").

### *v.* **Immediate Payment Dispute**

18. The Debtors contend that LHM has failed to make any showing that LHM is entitled to immediate payment on account of any portion of the Asserted Administrative Claim that may be entitled to administrative expense priority pursuant to section 503(b)(1)(A) (the "**Immediate Payment Dispute**," and together with the Postpetition Sale Dispute, the Transaction Timing Dispute, and the Wind Down Dispute, the "**Disputes**").

*vi.*     *Other Terms*

19.     The Disputes are the sole and exclusive grounds on which the Debtors or any Successor (as defined below) may object to allowance of the Asserted Administrative Expense Claim; *provided* that the Debtors or any Successor may object to or dispute the allowance of the Asserted Administrative Expense Claim on additional grounds if based on facts or information discovered after the entry of this Order that were (x) concealed by LHM, or (y) unavailable to the Debtors as the result of willful misconduct, knowing misrepresentation, concealment of material facts, fraud, or criminal conduct committed LHM; *provided further* that, for the avoidance of doubt, all rights of the Debtors to assert (i) any rights of subordination on any legal or equitable grounds or (ii) any rights of setoff or recoupment against any allowed portion of the Asserted Administrative Claim are each preserved and are not waived in accordance with paragraph 32 hereof.

20.     The Objection Deadline with respect to the Debtors or any Successor shall be August 31, 2026  (unless otherwise agreed to by the Parties (email shall suffice)).

21.     Unless otherwise agreed to by the Parties (email shall suffice), the Debtors shall produce to LHM on or before August 7, 2026 at 11:59 p.m. (prevailing Central Time) (the "**Production Date**") a document or document(s) (the "**Summary**") summarizing the following information:

a. The entries on the Debtors' general ledger that account for the transfer of the Goods by LHM to the Debtors, including, to the extent reasonably practicable, the original entries and any amended or corrected entries and the dates thereof, in a format as reasonably concise as practicable;

b. The entries on the Debtors' general ledger that account for the Postpetition Transfers, including, to the extent reasonably practicable, the original entries and any amended or corrected entries and dates thereof, in a format as reasonably concise as practicable; and

c. Any documents reflecting the dates that the Debtors took physical possession of each of the Goods in the United States.

If the Debtors elect to produce a summary of any such information list in a.-c. above, to the extent reasonably practicable, the Debtors shall produce the underlying records on which such summaries are based within fourteen (14) days of a written request by LHM (email shall suffice) and at the written election of LHM the documents reflecting the dates that that the Debtors took physical possession of the Goods in the United States.

22.      Unless otherwise agreed to by the Parties (email shall suffice), the Debtors may produce to LHM on or before the Production Date the following documentary evidence, if applicable; *provided* that, the Debtors agree not to introduce any document at the hearing on the Application that is not timely produced pursuant to the terms of this paragraph 22 prior to the Production Date unless such additional document was (x) concealed by LHM, or (y) unavailable to the Debtors as the result of willful misconduct, knowing misrepresentation, concealment of material facts, fraud, or criminal conduct committed LHM:

a.   Any document the Debtors reasonably believe is necessary to contextualize or verify the information contained in the Summary;

b.   Any document supporting a contention that the transfer of Goods by LHM to the Debtors on their general ledger or otherwise was something other than the purchase of goods on credit;

c.   Any document supporting a contention that the purchase prices reflected in the Records did not reflect the fair market value of such Goods;

d.   Any document supporting a contention that any of the Goods were received by the Debtors pre-petition;

e.   Any document supporting a contention that the Postpetition Transfers were not payments, partial or otherwise, on invoices;

f.   Any document supporting a contention that the Postpetition Transfers were loans;

g.   Any document supporting a contention that the Debtors did not identify to LHM in advance of each of the Postpetition Transfers the invoices provided by LHM to which each such Postpetition Transfer was to be applied;

h.   Any documents supporting a contention that the prices of the Goods shown on the invoices supplied by LHM to the Debtors were not the cost of the Goods used in computing the customs duties paid by the Debtors; and

i.   Any other document the Debtors wish to use at any hearing on the Dispute.

23.        Unless otherwise agreed to by the Parties (email shall suffice), LHM shall produce to the Debtors the following information by the Production Date:

a.   The bills of lading for the Goods.

24.        LHM acknowledges that the Debtors' access to information may be limited or delayed as a result of a lack of remaining employees given  the Debtors' ongoing wind-down efforts.  If any documents referenced in paragraphs 21–22 hereof are no longer available or cannot be produced until after the Production Date, the Debtors shall advise LHM on or before the Production Date and include the reasons why such documents are unavailable or otherwise cannot be produced by the Production Date.

25.        The hearing on the Application shall be scheduled and conducted on a date after each of (i) July 28, 2026 (the date set for the hearing on confirmation of the Debtors' proposed Joint Chapter 11 Plan of Reorganization [Doc. No. 3019] filed on June 16, 2026 (the "**Plan**") and final approval of the related disclosure statement [Docket No. 3020] (the "**Disclosure Statement**")) and (ii) the Objection Deadline, or on such later date as the Parties may agree (email shall suffice) and subject to the Court's availability.

26.        For purposes of the Plan:

a.   neither the LHM POC nor the Asserted Administrative Expense Claim constitute "Intercompany Claims" (as defined in the Plan);

b.   none of the claims asserted by LHM in the LHM POC or the Application shall be estimated by the Bankruptcy Court pursuant to Section 10.3 of the Plan absent LHM's advance written consent or in accordance with the Bankruptcy Code (provided that LHM reserves all rights to object thereto); and

c.   To the extent that any portion of the Asserted 503(b)(9) Claim or the Asserted Administrative Claim is allowed, LHM shall be entitled to participate in the Administrative Expense Claims Consent Program (as defined in the Plan), and

the deadline for LHM to opt-in to the Administrative Expense Claims Consent Program shall be 30 days after the date of a final and non-appealable order allowing such claim. LHM agrees that it will not object to the Plan and the final approval of the Disclosure Statement.  LHM's agreement under this paragraph, together with its agreement to adjourn the hearing on the Application and to extend the Objection Deadline as provided herein, is given in consideration of, and in reliance upon, the Debtors' execution of this Stipulation and Agreed Order, which shall be binding upon the Parties upon execution in accordance with paragraph 2 hereof.  The Debtors shall file this Stipulation and Agreed Order and seek entry of an order approving it as promptly as practicable.

27.     The Debtors shall not consent to any amendment to the Plan or any provision in any order confirming the Plan that is inconsistent with the terms of this Stipulation.

28.     LHM may present testimony remotely from mainland China in any hearing or other proceeding to consider approval of the Application.

29.     Nothing in this Stipulation and Agreed Order, generally, shall affect the validity or allowance of the LHM POC except as otherwise expressly provided herein, and all Parties reserve all rights with respect to such claims.

30.     Except as otherwise provided expressly herein, nothing in this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or applicable nonbankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication, admission, or finding that any particular claim is an administrative expense claim, secured claim, other priority claim, or unsecured claim; (v) a request or authorization to assume or assign any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of the Debtors' or any other party in interest's claims, rights, remedies, or defenses under the Bankruptcy Code or any other applicable law; or (viii) an admission of liability by the

Debtors or any of their affiliates regarding any claim or cause of action arising from or in relation to any claims or any other matter.

31.     For the avoidance of doubt, nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim that have been or may be filed by LHM or any other party in the Debtors' chapter 11 cases except as expressly provided herein.

32.     Notwithstanding anything to the contrary herein, any and all of the rights of setoff, recoupment, and any and all potential Claims (as that term is defined in section 101(5) of the Bankruptcy Code) and causes of action of the Debtors (and any of their successors) and/or the Creditors' Committee, including under chapter 5 of the Bankruptcy Code or applicable law, are expressly preserved and all defenses or other rights of LHM of any type to challenge or contest such setoff, recoupment and Claims remain preserved (including any alleged defenses that any right of setoff, recoupment, Claim, or cause of action (a) does not constitute a defense to allowance of the Asserted Administrative Expense Claim and (b) must be asserted and determined solely through an adversary proceeding commenced under Part VII of the Bankruptcy Rules) and/or another applicable legal proceeding.

33.     LHM reserves the right to, in accordance with applicable law and deadlines, (i) amend and/or supplement the proofs of claim deemed filed herein from time to time as it deems necessary or appropriate, (ii) file additional proofs of claim for additional claims which may be based upon the same or additional documents, and (iii) file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507 with respect to claims covered by this Stipulation and Agreed Order or any other claims; *provided* that all of the Debtors' defenses thereto are hereby preserved.

34.      Except to the extent expressly set forth herein, nothing contained in this Stipulation shall be construed as limiting any of the Parties' rights, remedies, and interests under the Bankruptcy Code or applicable law.   The Parties reserve any and all, claims, rights, defenses, and counterclaims with respect to (i) the jurisdiction of this Bankruptcy Court with respect to the subject matter of the proofs of claim deemed filed herein, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in these cases; (ii) the right of trial by jury in any proceeding so triable in the Chapter 11 Cases or any proceedings related thereto; (iii) any procedural or substantive defenses or counterclaims with respect to, or rights with respect to any claim that may be asserted against the Parties, any other party-in-interest, or any other person or entity whatsoever; (iv) any past, present, or future defaults or events of default; (v) any right to seek to have the reference withdrawn with respect to the subject matter of any claims asserted by LHM, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in the chapter 11 cases against or involving LHM; (vi) any right of subordination in favor of or against LHM of indebtedness or liens held by the Debtors or the creditors of the Debtors, including any rights of equitable subordination under the Bankruptcy Code or applicable nonbankruptcy law; (vii) any rights of setoff or recoupment under 11 U.S.C. § 553, applicable law or any applicable agreement; (viii) any claims, rights, and defenses the Parties may have pursuant to sections 362, 506(b), 510, 533, 544, 545, 547, 548, 549, 550, 555, or 742 of the Bankruptcy Code; (ix) any additional claims or other rights the Parties may have against each other; (x) a waiver or release of either Parties' rights against any other entity or person liable for all or any part of the claims asserted herein, whether any affiliate of the Debtors, an assignee, a guarantor, or otherwise; (xi) any election of remedies; (xii) a waiver of LHM's right to assert that no claims hereunder have been or may be discharged and to file other claims that are not covered by this Stipulation and Agreed Order; (xiii) a waiver of any obligation or any right to any security

that may be determined to be held by either Party or for its benefit; or (xiv) any additional rights, claims, or defenses that may be available under the Bankruptcy Code, applicable law or in equity; *provided* that nothing in the Stipulation and Agreed Order shall in any way impair, prevent, or affect the Debtors', LHM's, or any other party's rights to contest any of the foregoing rights or any other alleged rights except to the extent expressly provided herein.

35. This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof. This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

36. Except as expressly provided herein, nothing in this Stipulation and Agreed Order shall constitute a waiver or an election of remedies of LHM or the Debtors, including but not limited to any rights that LHM may have arising out of or related to the China Proceeding (or any of the Debtors' defenses thereto).

37. The Parties agree to bear their own costs and fees incurred in connection with this Stipulation and Agreed Order.

38. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

39. This Stipulation and Agreed Order shall be binding upon, and shall inure to the benefit of, the Parties and each of their respective predecessors, successors, and assigns, including, without limitation, the Claims Ombudsman (as defined in the Plan), any chapter 11 trustee, chapter 7 trustee, liquidating trustee, litigation trustee, wind-down administrator, plan administrator, estate representative, responsible person, or other fiduciary appointed in these

chapter 11 cases (or in any case resulting from any conversion, dismissal, or substantive consolidation thereof), and any entity established under, or vested with the Debtors' assets or the authority to reconcile the Application pursuant to, any confirmed plan (collectively, the "**Successors**").  Each Successor shall be bound by this Stipulation and Agreed Order to the same extent as the Debtors.

40.       The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

41.       The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

42.       The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

Signed:  July 29, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated:  July 27, 2026                    Dated: July 27, 2026

 */s/ Clifford W. Carlson*                     */s/ Lisa A. Powell*

WEIL, GOTSHAL & MANGES LLP        FISHERBROYLES, LLP
Gabriel A. Morgan (24125891)          Lisa A. Powell  (TX Bar No. 16204215)
Clifford W. Carlson (24090024)         Jiangang ("James") Ou (TX Bar No. 24127006)
700 Louisiana Street, Suite 3700        2925 Richmond Ave. Suite 1200
Houston, Texas 77002                   Houston, TX 77098
Telephone:  (713) 546-5000             Telephone: (713) 752-4246
Email: Gabriel.Morgan@weil.com         Email: Lisa.Powell@fisherbroyles.com
Clifford.Carlson@weil.com              James.Ou@fisherbroyles.com

*Attorneys for Longkou Haimeng Machinery Co., LTD.*

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153 Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
matt.barr@weil.com
 sunny.singh@weil.com
andriana.georgallas@weil.com
 kevin.bostel@weil.com
 jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*