**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC**, *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re:  Docket No. 1244** |

**NINTH NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES**
**AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**

---

**BANKRUPTCY RULE 6006 NOTICE TO UNEXPIRED LEASE COUNTERPARTIES**

**PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR RESPECTIVE NAMES AND UNEXPIRED LEASES LISTED ON SCHEDULE 1 ANNEXED HERETO.**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

Commencing on September 28, 2025, First Brands Group, LLC and its debtor affiliates in the above-captioned chapter 11 cases (collectively, the "**Debtors**") each filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On November 21, 2025, the Debtors filed with the Bankruptcy Court a motion (Docket No. 758) (the "**Motion**") seeking, among other things, entry of an order approving procedures for the rejection of certain unexpired leases (the "**Leases**") and executory contracts and the abandonment of any personal property, including inventory, furniture, fixtures, equipment, and/or other material, at any premises subject to a Lease under which one of the Debtors is a lessee (the "**Leased Premises**") (collectively, the "**Remaining Property**").

On January 8, 2026, the Bankruptcy Court entered the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**").  An electronic copy of the Procedures Order can be accessed at https://restructuring.ra.kroll.com/firstbrands/.

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**Lease Rejection & Abandonment of Property**

In accordance with the Procedures Order, the Debtors hereby notify you that they have determined, in the exercise of their businesses judgment, that each Lease set forth on **Schedule 1**, attached hereto, is hereby rejected effective as of the date set forth on the applicable schedule, or such other date as the Debtors and the counterparty or counterparties to any such Lease agree (the "**Rejection Date**"); *provided* the Rejection Date with respect to Leases of real property will be the later of (i) the Debtors' unequivocal surrender of the Leased Premises via the delivery of any keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable lease counterparty, or in the absence of delivering such keys and codes, providing notice to the landlord or counterparty that such party may enter and re-let the Leased Premises, and (ii) the date provided for in the applicable Rejection Order (as defined below).

Any Remaining Property at the premises subject to the Leases as of the Rejection Date shall be deemed abandoned by the Debtors; *provided*, however, absent further Court order, any such abandoned property shall not include any hazardous materials and/or confidential proprietary information or customer data, and the Debtors shall not abandon and must remove all such property prior to the Rejection Date.  With respect to any Remaining Property abandoned at one of the Debtors' leased properties, the applicable landlord, counterparty, or other designee shall be free to dispose of such property without notice or liability to any Debtor or non-Debtor third party and without further notice or order of the Court and without liability for such disposal.

With respect to any personal property that is leased to the Debtors by a third party or otherwise owned by a third party and currently remains at a Leased Premises, such third party shall contact the Debtors and remove or cause to be removed such personal property from the Leased Premises prior to the Rejection Date of the applicable Lease.  For the avoidance of doubt, if any such personal property remains on the Leased Premises after the Rejection Date of the applicable Lease, the landlord may dispose of any and all such property as set forth above and in the Procedures Order.

Absent an objection being timely filed, the Debtors may submit to the Bankruptcy Court a proposed order, substantially in the form annexed hereto as **Exhibit A** (each such order, a "**Rejection Order**"), and the Bankruptcy Court may enter such order without a hearing, approving the rejection of each Lease which shall become effective on the applicable Rejection Date set forth on **Schedule 1**, attached hereto, or such other date as the Debtors and the counterparty or counterparties to such Lease agree.  If an objection is filed for fewer than all of the Leases included on this Rejection Notice, the Debtors may submit a proposed Rejection Order for the Leases for which no objection was filed.

If an objection to the rejection of any Lease or to the Debtors' proposed abandonment of any property located at Leased Premises is timely filed and served in compliance with the foregoing and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Lease or Leases to which such objection relates and shall provide at least seven (7) calendar days' notice of such hearing to each objecting party and the Objection Service Parties (as defined below).  If such objection is overruled or withdrawn, such Lease or Leases shall be rejected as of the Rejection Date set forth on **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to such Lease agree.

2

Parties seeking to object to the proposed rejection of a Lease, or the abandonment of personal property remaining on the Leased Premises, must file a written objection[2] with the Court and serve such objection by email on:

(i) the Debtors, c/o First Brands Group, LLC, 127 Public Square, Suite 5300, Cleveland, OH 44114 (Attn:  Charles M. Moore, Interim Chief Executive Officer (cmoore@alvarezandmarsal.com) and Daniel Jerneycic, Chief Restructuring Officer (djernycic@alvarezandmarsal.com);

(ii) counsel for the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana Street, Suite 3700, Houston, TX 77002 (Attn: Clifford W. Carlson, Esq. (clifford.carlson@weil.com)) and 767 Fifth Avenue, New York, NY 10153 (Attn: Matthew S. Barr, Esq. (matt.barr@weil.com), Sunny Singh, Esq. (sunny.singh@weil.com), Andriana Georgallas, Esq. (andriana.georgallas@weil.com), Kevin Bostel, Esq. (kevin.bostel@weil.com), and Jason H. George, Esq. (jason.george@weil.com));

(iii) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, TX 77002 (Attn: Jayson B. Ruff, Esq. (jayson.b.ruff@usdoj.gov) and Vianey Garza (vianey.garza@usdoj.gov));

(iv) counsel for the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: Scott J. Greenberg (sgreenberg@gibsondunn.com), Stephen D. Silverman (ssilverman@gibsondunn.com), AnnElyse Scarlett Gains (agains@gibsondunn.com), Christina Brown (christina.brown@gibsondunn.com), Jonathan Dunworth (jdunworth@gibsondunn.com), Nicholas Rosshirt (nrosshirt@gibsondunn.com), and Katharine E. Scott (kscott@gibsondunn.com));

(v) counsel for the Creditors' Committee, Brown Rudnick LLP, Seven Times Square, New York, NY 10036 (Attn: Robert Stark (rstark@brownrudnick.com), Bennett Silverberg (bsilverberg@brownrudnick.com), Kenneth Aulet (kaulet@brownrudnick.com), Andrew Carty (acarty@brownrudnick.com)), One Financial Center, Boston, MA 02111 (Attn: Tristan Axelrod (taxelrod@brownrudnick.com) and Matthew Sawyer (msawyer@brownrudnick.com)), and Cole Schotz P.C., 901 Main Street, Suite 4120, Dallas, TX 75202 (Attn: Ian Phillips (iphillips@coleschotz.com), Seth Van Aalten

---

[2] Any objection to the proposed rejection of any particular Lease listed in this Rejection Notice must state with specificity the Lease to which it is directed.  An objection to the proposed rejection of any particular Lease listed in this Rejection Notice shall not constitute an objection to the rejection of any other Lease listed in this Rejection Notice, unless otherwise specified in such objection.

(svanaalten@coleschotz.com), and Justin Alberto (jalberto@coleschotz.com)); and

(vi)    any party that has requested notice pursuant to Bankruptcy Rule 2002 (the parties in subclauses (i)–(vi), collectively, the "**Objection Service Parties**"),

so as to be *actually received* by the Objection Service Parties no later than fourteen (14) calendar days, or such shorter period authorized by the Court, after the date the Debtors served this Notice.

Pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a counterparty to a Lease as a security deposit or other similar arrangements, such counterparty may not setoff, recoup, or otherwise use such monies without the prior authorization of this Court or consent of the Debtors.

Absent a timely objection, any personal property of the Debtors that is listed and described on **Schedule 1** for any Lease shall be deemed abandoned by the Debtors as of the Rejection Date; *provided*, however, absent further Court order, any such abandoned property shall not include any hazardous materials and/or confidential proprietary information or customer data, and the Debtors shall not abandon and must remove all such property prior to the Rejection Date.

Personal property that is subject to Leases will be made available to each applicable lessor or counterparty "as is, where is," and the Debtors will negotiate in good faith with each applicable counterparty to determine a mutually convenient date and time for the applicable counterparty to retrieve its personal property. The Debtors make no representation or warranty regarding the condition or state of title of such property. If such property is non-serviceable, the Debtors are under no obligation to repair such property to make it serviceable. For the avoidance of doubt, if any personal property subject to a Lease has not been retrieved by the applicable counterparty by the later of the Rejection Date for the relevant Lease, or other date agreed to between the Debtors and the applicable counterparty as set forth in this subparagraph, the Debtors will not be liable for any use or disposal of such remaining property.

To the extent you wish to assert a claim(s) with respect to rejection of your Lease(s), you must do so by the later of (i) the claims bar date established in these chapter 11 cases, if any, (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the Rejection Order is entered, and (iii) any applicable date established by further order of the Court. **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (I) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (II) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (III) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.**

Dated:  July 31, 2026
      Houston, Texas

                     */s/  Clifford W. Carlson*
                     WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   gabriel.morgan@weil.com
         clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   matt.barr@weil.com
         sunny.singh@weil.com
         andriana.georgallas@weil.com
         kevin.bostel@weil.com
         jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**Schedule 1**

**List of Rejected Leases[1]**

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES[2] | REJECTION DATE |
|---|---|---|---|---|---|
| 1. | ALLESEE DEVELOPMENT INC. | COMMERCIAL LEASE AGREEMENT DATED FEBRUARY 17, 2021, FOR 645 TRAILVIEW COURT, WATERFORD, WI 53185, BETWEEN ALLESEE DEVELOPMENT INC. AND HEATHERTON HOLDINGS, LLC AND ALL RELATED AGREEMENTS | HEATHERTON HOLDINGS, LLC | N/A | July 31, 2026 |

---

[1] The inclusion of a Lease on this list does not constitute an admission (i) that a particular Lease is an unexpired lease within the meaning of the Bankruptcy Code, (ii) as to the executory or non-executory nature of the Lease, (iii) as to the expired or unexpired nature of such Lease, or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Lease.

[2] Capitalized terms used but not defined herein are given the meanings ascribed to such terms in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying The Automatic Stay; and (IV) Granting Related Relief* (Docket No. 608).

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES[2] | REJECTION DATE |
|---|---|---|---|---|---|
| 2. | ALLESEE DEVELOPMENT INC. | AMENDMENT TO LEASE OR RENTAL AGREEMENT DATED JAUNARY 3, 2023 AMENDING COMMERICAL LEASE AGREEMENT DATED FEBRUARY 17, 2021, FOR 645 TRAILVIEW COURT, WATERFORD, WI 53185, BETWEEN ALLESEE DEVELOPMENT INC. AND HEATHERTON HOLDINGS, LLC AND ALL RELATED AGREEMENTS | HEATHERTON HOLDINGS, LLC | N/A | July 31, 2026 |
| 3. | ALLESEE DEVELOPMENT INC. | AMENDMENT TO LEASE OR RENTAL AGREEMENT DATED AUGUST 31, 2023 AMENDING COMMERICAL LEASE AGREEMENT DATED FEBRUARY 17, 2021, FOR 645 TRAILVIEW COURT, WATERFORD, WI 53185, BETWEEN ALLESEE DEVELOPMENT INC. AND HEATHERTON HOLDINGS, LLC AND ALL RELATED AGREEMENTS. | HEATHERTON HOLDINGS, LLC | N/A | July 31, 2026 |

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES[2] | REJECTION DATE |
|---|---|---|---|---|---|
| 4. | BADGER INDUSTRIAL TRUCKS INC. | EQUIPMENT SCHEDULE NO. 1012 TO MASTER LEASE AGREEMENT DATED DECEMBER 19, 2024, FOR 645 TRAILVIEW CT BLDG 2 UNIT 7-9, WATERFORD, WI 53185, BETWEEN BADGER INDUSTRIAL TRUCKS, INC. AND HEATHERTON HOLDINGS, LLC AND ALL RELATED AGREEMENTS | HEATHERTON HOLDINGS, LLC | N/A | July 31, 2026 |
| 5. | ELHC VIII, LLC | INDUSTRIAL LEASE DATED FEBRUARY 2, 2018, FOR 30900 W. 185TH STREET, EDGERTON, KS 66030, BETWEEN ELHC VIII, LLC AND HOPKINS MANUFACTURING CORPORATION AND ALL RELATED AGREEMENTS | HOPKINS MANUFACTURING CORPORATION | • The DIP Secured Parties<br>• Onset | July 31, 2026 |
| 6. | ELHC VIII, LLC | FIRST AMENDMENT TO INDUSTRIAL LEASE DATED JUNE 29, 2018 AMENDING INDUSTRIAL LEASE DATED FEBRUARY 2, 2018, FOR 30900 W. 185TH STREET, EDGERTON, KS 66030, BETWEEN ELHC VIII, LLC AND HOPKINS MANUFACTURING CORPORATION AND ALL RELATED AGREEMENTS | HOPKINS MANUFACTURING CORPORATION | • The DIP Secured Parties<br>• Onset | July 31, 2026 |

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES[2] | REJECTION DATE |
|---|---|---|---|---|---|
| 7. | ELHC VIII, LLC | SECOND AMENDMENT TO INDUSTRIAL LEASE DATED NOVEMBER 20, 2020 AMENDING INDUSTRIAL LEASE DATED FEBRUARY 2, 2018, FOR 30900 W. 185TH STREET, EDGERTON, KS 66030, BETWEEN ELHC VIII, LLC AND HOPKINS MANUFACTURING CORPORATION AND ALL RELATED AGREEMENTS | HOPKINS MANUFACTURING CORPORATION | • The DIP Secured Parties<br>• Onset | July 31, 2026 |
| 8. | EMPORIA PARTNERS, LLC | LEASE DATED JANUARY 3, 2001, FOR 428 PEYTON STREET, EMPORIA, KS 66801, BETWEEN EMPORIA PARTNERS, LLC AND HOPKINS ENTERPRISES, INC. AND ALL RELATED AGREEMENTS | HOPKINS MANUFACTURING CORPORATION | • The DIP Secured Parties<br>• The ABL Secured Parties<br>• Onset | July 31, 2026 |
| 9. | EMPORIA PARTNERS, LLC | AMENDMENT TO LEASE DATED FEBRUARY 26, 2020 AMENDING LEASE DATED JANUARY 3, 2001, FOR 428 PEYTON STREET, EMPORIA, KS 66801, BETWEEN EMPORIA PARTNERS, LLC AND HOPKINS MANUFACTURING CORPORATION AND ALL RELATED AGREEMENTS | HOPKINS MANUFACTURING CORPORATION | • The DIP Secured Parties<br>• The ABL Secured Parties<br>• Onset | July 31, 2026 |