**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al*.,[1] | Case No. 25-90399 (CML) |
| Debtors. | (Jointly Administered) |

**APPLICATION OF APPLIED INDUSTRIAL TECHNOLOGIES, INC. FOR
ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

> **This motion seeks an order that may adversely affect you. If you oppose this motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this motion was served on you. Your response must state why the motion should not be granted. <u>If you do not file a timely response, the relief may be granted without further notice to you</u>. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

Applied Industrial Technologies, Inc. ("<u>Applied Industrial</u>"), by and through undersigned counsel, respectfully submits its *Application for Allowance and Payment of Administrative Expense Claim* (the "<u>Application</u>"), seeking entry of an order, substantially in the form attached hereto as **Exhibit A**, allowing, and directing immediate payment of, an administrative expense in the total amount of $53,139.91. This administrative expense is based on Applied Industrial's postpetition sale and delivery of various parts and other industrial inputs to four of the Debtors: First Brands Group, LLC ("<u>FBG</u>"); Jasper Rubber Products, Inc. ("<u>Jasper Rubber</u>"); Walbro LLC ("<u>Walbro</u>"); and Champion Laboratories, Inc. ("<u>Champion Labs</u>," and, with FBG, Jasper Rubber,

---

[1] A complete list of the debtors in these chapter 11 cases (the "<u>Debtors</u>") may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

and Walbro, the "Postpetition Customers").[2] In support of the Application, Applied Industrial states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and General Order No. 2012-6, entered by the United States District Court for the Southern District of Texas on May 24, 2012.

2.      This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3.      Venue is proper in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.      On September 24, 2025, Global Assets LLC and twelve other Debtors each filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").[3] By September 29, 2025 (the "Petition Date"), each of the ninety-nine remaining Debtors had filed voluntary petitions for relief under chapter 11, including the four Postpetition Customers. All of the Debtors' cases are being jointly administered. *See* Dkt. No. 9.

5.      On June 16, 2026, the Debtors proposed a joint chapter 11 plan of reorganization (the "Plan"). *See* Dkt. No. 3019. Section 2.1 of the Plan provides that allowed administrative expense claims will be satisfied through distributions made "in accordance with the Litigation Trust Waterfall and the DIP Collateral Trust Waterfall," permitting them to receive full payment—but not until the "Litigation Trust" or the "DIP Collateral Trust" have sufficient cash on hand to satisfy allowed administrative expense claims, which may take years, according to the Debtors. *See* Dkt. No. 3019 at 99.

---

[2] The Postpetition Customers' case numbers are as follows: FBG, No. 25-90399, filed September 28, 2025; Jasper Rubber, No. 25-90406, filed September 29, 2025; Walbro, No. 25-90430, filed September 29, 2025; and Champion Labs, 25-90445, filed September 29, 2025.

[3] All statutory references are to the Bankruptcy Code unless otherwise noted.

2

6. Instead of providing administrative expense creditors full payment of their claims on a reasonable timeframe, the Plan offers holders of administrative expense claims the opportunity to participate in the Administrative Expense Claims Consent Program (the "Consent Program"). *See* Dkt. No. 3019 at 10. An administrative expense creditor that opts into the Consent Program is deemed to hold a "Settled Administrative Expense Claim," payable "before payment of other Allowed Administrative Expense Claims," but only in an amount equal to half of the claim; such consenting administrative expense creditor agrees to forfeit the other half. *See* Dkt. No. 3019 at 32.

7. Prior to the Petition Date, Applied Industrial supplied goods, including parts and other manufacturing inputs, to multiple Debtors, including the Postpetition Customers, in support of their business operations.

8. Since the Petition Date, Applied Industrial has continued to do business with the Postpetition Customers in the ordinary course of their business operations. Postpetition, and in response to purchase orders issued by the Postpetition Customers, Applied Industrial repeatedly shipped goods and issued invoices to the Postpetition Customers. Starting in November 2025, the Postpetition Customers stopped paying for postpetition goods as and when due, and twenty-one total invoices issued to the Postpetition Customers between November 24, 2025 and February 20, 2026 remain unpaid (the "Postpetition Invoices"):

| Postpetition Customer | Date | Invoice No. | Amount |
|---|---|---|---|
| Champion Laboratories, Inc. | 2025-11-24 | 7033446657 | $ 11,471.61 |
| | 2025-12-22 | 7033621696 | $ 41.47 |
| | 2026-01-13 | 7033718183 | $ 126.73 |
| | 2026-01-13 | 7033718184 | $ 1,058.49 |
| | 2026-01-13 | 7033718832 | $ 269.76 |
| | 2026-01-13 | 7033719332 | $ 8,178.24 |
| | 2026-01-19 | 7033755692 | $ 17,406.68 |
| | 2026-01-23 | 7033791782 | $ 152.14 |
| | 2026-01-26 | 7033800380 | $ 3,058.38 |
| | 2026-01-26 | 7033801889 | $ 150.40 |
| | 2026-01-30 | 7033836916 | $ 261.15 |
| | 2026-02-03 | 7033857291 | $ 102.79 |
| | 2026-02-06 | 7033887344 | $ 896.14 |
| First Brands Group, LLC | 2025-12-05 | 7033514968 | $ 1,265.17 |
| | 2025-12-05 | 7033514969 | $ 1,014.72 |
| | 2026-01-14 | 7033728176 | $ 104.95 |
| | 2026-01-22 | 7033782733 | $ 1,526.40 |
| | 2026-02-20 | 7033981008 | $ 751.40 |
| | 2026-02-20 | 7033981009 | $ 1,256.47 |
| Jasper Rubber Products, Inc. | 2025-12-30 | 7033647463 | $ 1,757.22 |
| Walbro LLC | 2026-02-13 | 7033934183 | $ 2,289.60 |
| | | TOTAL | $ 53,139.91 |

Copies of the Postpetition Invoices are attached hereto as composite **Exhibit B** (Champion Labs Invoices), **Exhibit C** (FBG Invoices), **Exhibit D** (Jasper Rubber Invoice), and **Exhibit E** (Walbro Invoice).

9.     In summary, Applied Industrial is owed (i) $43,173.98 by Champion Labs, (ii) $5,919.11 by FBG, (iii) $1,757.22 by Jasper Rubber, and (iv) $2,289.60 by Walbro for the purchase and delivery of postpetition goods as shown on the Postpetition Invoices.

10.     The Postpetition Customers have not paid any of the twenty-one Postpetition Invoices. The total amount due and owing is $53,139.91.

## RELIEF REQUESTED

11.     Applied Industrial requests that, pursuant to 11 U.S.C. §§ 503(a), 503(b)(1)(A), and 507(a)(2), this Court enter an order allowing an administrative expense in the aggregate amount

of $53,139.91 to be immediately paid to Applied Industrial as compensation for the necessary services rendered to the Postpetition Customers postpetition, to the benefit of their respective bankruptcy estates.

## BASIS FOR RELIEF REQUESTED

12.     Section 507(a)(2) grants priority to "administrative expenses allowed under section 503(b)." 11 U.S.C. § 507(a)(2). Section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed . . . administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate including wages, salaries, and commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A).

13.     "Administrative priority serves 'to encourage third parties to provide necessary goods and services to the debtor-in-possession so that it can continue to conduct its business, thus generating funds from which prepetition creditors can be paid.'" *Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*, 931 F.3d 432, 442 (5th Cir. 2019) (quoting *Toma Steel Supply, Inc. v. TransAmerican Nat'l Gas Corp. (In re TransAmerican Nat'l Gas Corp.)*, 978 F.2d 1409, 1416 (5th Cir. 1992)).

14.     "To qualify as an 'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have [(1)] arisen post-petition and [(2)] as a result of actions taken by the trustee or debtor-in-possession that [(3)] benefitted the estate." *In re Whistler Energy II*, 931 F.3d at 441 (quoting *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)*, 258 F.3d 385, 387 (5th Cir. 2001)) (alterations accepted).

15.     As for the first requirement, the invoice dates of the Postpetition Invoices issued by Applied Industrial to the Postpetition Customers show that these claims arose postpetition.

5

16.     As for the second requirement, "a creditor can establish that its expenses are attributable to the actions of the bankruptcy estate through evidence of either a direct request from the debtor-in-possession or other inducement via the knowing and voluntary post-petition acceptance of desired goods or services." *In re Whistler Energy II*, 931 F.3d at 443. Here, Applied Industrial continued to accept orders placed by the Postpetition Customers, who requested and accepted the products shipped by Applied Industrial.

17.     As for the third requirement, Applied Industrial provided a substantial benefit to the Postpetition Customers' bankruptcy estates through its postpetition manufacturing and delivery of products as ordered by the Postpetition Customers. The use to which the products were put, or the ultimate profit the Postpetition Customers derived from Applied Industrial's products, is not relevant: the availability of goods or services is a benefit of the estate, regardless of whether the goods or services are used by a debtor. *See In re Marquez Constr. & Maint., LLC*, 675 B.R. 341, 348 (Bankr. W.D. Tex. 2025) (citing *In re Whistler Energy II*, 931 F.3d at 443–44).

18.     Accordingly, the sums due under the Postpetition Invoices are administrative expenses of the Debtors' estates, for which immediate payment is appropriate. The need to pay the claims immediately is underscored by the provisions of the Plan, which, if confirmed as filed, will inappropriately force Applied Industrial into a choice between delayed payment or partial payment, contrary to the intent of section 1129(a)(9)(B), the plain language of which contemplates payment of such claims in cash, on the effective date of a confirmed plan. By postponing its effective date to an indeterminate date keyed to the amount of funds in the liquidation trust, the Plan goes against the intent of the statute. *See* Dkt. No. 3019 at 99. To the extent the Plan has not already been confirmed, the Court should order the funds paid immediately.

## RESERVATION OF RIGHTS

19.    Nothing in this Application waives or limits Applied Industrial's rights with respect to its prepetition claims against the Postpetition Customers or any other Debtors, including any of its claims under section 503(b)(9), all of which are expressly reserved. Applied Industrial further reserves the right to supplement this Request and to assert any additional administrative expenses that may accrue.

## PRAYER FOR RELIEF

WHEREFORE, Applied Industrial respectfully requests that the Court enter an order: (1) allowing an administrative expense in the aggregate amount of $53,139.91; (2) directing the Debtors to pay such allowed administrative expense to Applied Industrial the day after the entry of an order granting this Application; and (3) granting such other and further relief as is just and proper.

Respectfully submitted this 31st day of July 2026,

**THOMPSON HINE LLP**

*/s/ Austin B. Alexander*
Austin B. Alexander
Georgia Bar No. 926059
Two Alliance Center
3560 Lenox Road, NE, Suite 1600
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile: 404-541-2905
*austin.alexander@thompsonhine.com*

*Counsel for Applied Industrial Technologies, Inc.*

7

## CERTIFICATE OF SERVICE

I certify that on July 31, 2026, I caused a copy of this Application, with exhibits, to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

Additionally, I hereby certify that I caused a copy of this Application, with exhibits, to be served on: (i) counsel for the Debtors; (ii) counsel for the Official Committee of Unsecured Creditors by e-mail; and (iii) the Office of the United States Trustee, as follows:

Counsel for Debtors, by Mail and E-Mail

Weil, Gotshal & Manges LLP
Attn: Gabriel A. Morgan, Clifford W. Carlson
700 Louisiana Street, Suite 3700
Houston, TX 77002
gabriel.morgan@weil.com
clifford.carlson@weil.com

Weil, Gotshal & Manges LLP
Attn: Matthew S. Barr, Sunny Singh, Andriana Georgallas,
Jason H. George, Kevin Bostel
767 Fifth Avenue
New York, NY 10153
matt.barr@weil.com
sunny.singh@weil.com
andriana.georgallas@weil.com
kevin.bostel@weil.com
jason.george@weil.com

Counsel for the Official Committee of Unsecured Creditors by Mail and E-Mail

Brown Rudnick LLP
Attn: Robert J. Stark, Jeffrey L. Jonas, Michael S. Winograd, Bennett S. Silverberg,
Kenneth J. Aulet, Andrew M. Carty, Elizabeth C. Castano
7 Times Square
New York, NY 10036
rstark@brownrudnick.com
jjonas@brownrudnick.com
mwinograd@brownrudnick.com
bsilverberg@brownrudnick.com
kaulet@brownrudnick.com
acarty@brownrudnick.com
ecastano@brownrudnick.com

Brown Rudnick LLP
Attn: Tristan G. Axelrod, Matthew A. Sawyer
One Financial Center
Boston, MA 02111
taxelrod@brownrudnick.com
msawyer@brownrudnick.com

Cole Schotz P.C.
Attn: Seth Van Aalten, Justin R. Alberto, Ian R. Phillips, Justin Alberto
901 Main Street, Suite 4120
Dallas, TX 75202

The Office of The United States Trustee by Mail and E-Mail:

Office of the United States Trustee
Attn: Jayson B. Ruff
515 Rusk Street, Suite 3516
Houston, TX 77002
jayson.b.ruff@usdoj.gov

By:   */s/ Austin B. Alexander*
        Austin B. Alexander