**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |
| | § | |

**STIPULATION AND AGREED ORDER**
**BETWEEN DEBTORS AND LBA RV-COMPANY XVII, LP FURTHER EXTENDING**
**TIME TO ASSUME OR REJECT LEASE OF NONRESIDENTIAL REAL PROPERTY**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and LBA RV-Company XVII, LP (the "**Landlord**" and, together with the Debtors, the "**Parties**") hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**") as follows:

**RECITALS**

A.      On September 24, 2025, Global Assets LLC and twelve (12) debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").  Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

B.      The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

No trustee has been appointed in these chapter 11 cases.  On October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (Docket No. 113).

C.       The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

D.       The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E.       On September 9, 2010, Brake Parts Inc LLC (the "**Debtor Tenant**"), as successor-in-interest to Affinia Group, Inc., and Landlord, as successor-in-interest to Patterson Industrial Center LLC, entered into that certain *Industrial Space Lease* (as may have been amended, modified, or supplemented from time to time, the "**Lease**") regarding certain nonresidential real property located at 2701 Keystone Pacific Parkway, Patterson, CA 95363.

F.       On April 16, 2026, the Bankruptcy Court entered the *Order Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* (Docket No. 2453), extending the period within which the Debtors may assume or reject unexpired leases of nonresidential real property (the "**Assumption/Rejection Period**") through and including April 22, 2026.

G.       On April 23, 2026, the Bankruptcy Court entered the *Stipulation and Agreed Order Between Debtors and LBA RV-Company XVII, LP Extending Time to Assume or Reject Lease of Nonresidential Real Property* (Docket No. 2527), extending the Assumption/Rejection Period through and including June 30, 2026.

H.      On July 1, 2026, the Bankruptcy Court entered the *Stipulation and Agreed Order Between Debtors and LBA RV-Company XVII, LP Further Extending Time to Assume or Reject Lease of Nonresidential Real Property* (Docket No. 3105), extending the Assumption/Rejection Period through and including July 31, 2026.

I.      On March 23, 2026, the Debtors filed the *Emergency Motion of the Debtors for Entry of an Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* (the "**Wind Down Motion**").

J.      The Landlord has agreed to accept one-week pro-rated rent in the amount of $69,587.88 for the first week of August.  The ABL Lenders (as defined in the Wind Down Motion and elsewhere) have consented to the use of cash collateral to make such payment.

K.      Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Parties hereby agree to extend the Assumption/Rejection Period for the Lease through and including August 7, 2026 (the "**Extension Date**"), without prejudice to potential further extensions of time.

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, it is hereby **ORDERED** that:

1.      Pursuant to section 365(d)(4)(B)(ii) of the Bankruptcy Code, the Assumption/Rejection Period for the Lease is extended through and including the Extension Date.

2.      Except as otherwise provided herein, nothing in this Stipulation and Agreed Order or any action taken pursuant hereto is intended to be or shall be deemed as (i) an implication or admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of, any claim; (iii) a

waiver or limitation of the Debtors' or any party in interest's rights and remedies under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a waiver of the obligation of any party in interest to file a proof of claim; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

3.      The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

4.      The terms and conditions of this Stipulation and Agreed Order shall be immediately effective and enforceable upon entry by the Bankruptcy Court.

5.      This Stipulation and Agreed Order is intended by the Parties to be binding upon their successors, agents, or assigns, including bankruptcy trustees and estate representatives.

6.      The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

7.      The Parties agree that each of them has had a full opportunity to participate in the drafting of, and obtain the advice of counsel with respect to, this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

8.      This Stipulation and Agreed Order constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

9.      This Stipulation and Agreed Order shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives or further order of the Bankruptcy Court.

10.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

Dated: _____, 2026
          Houston, Texas

_____
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY**:

Dated: July 31, 2026

<table>
<tr>
<td>

 /s/  Clifford W. Carlson

**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Gabriel.Morgan@weil.com
             Clifford.Carlson@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:   (212) 310-8007
Email:  Matt.Barr@weil.com
             Sunny.Singh@weil.com
             Andriana.Georgallas@weil.com
             Kevin.Bostel@weil.com
             Jason.George@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

</td>
<td>

 /s/  Ivan M. Gold

**ALLEN  MATKINS  LECK  GAMBLE
  MALLORY &NATSIS LLP**
Ivan M. Gold (admitted *pro hac vice*)
3 Embarcadero Center, 25th Floor
San Francisco, CA 94111-4074
Telephone:     (415) 837-1515
Facsimile:     (415) 837-1516
Email: igold@allenmatkins.com

-and-

**KELLEY DRYE & WARREN LLP**
Robert L. LeHane, Esq.
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: rlehane@kelleydrye.com

*Attorneys for Landlord*

</td>
</tr>
</table>