1

Q32sGRAp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

        v.                               26 CR 25 (AT)

STEPHEN GRAHAM,

            Defendant.

------------------------------x

                                         March 2, 2026
                                         12:15 p.m.

Before:

                    HON. ANALISA TORRES,

                                         District Judge


                         APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
BY:  MARGUERITE COLSON
     NICHOLAS W. CHIUCHIOLO
     Assistant United States Attorneys

KOBRE & KIM
     Attorney for Defendant
BY:  MATTHEW I. MENCHEL
     JESSICA FENDER
     ADRIANA RIVIERE-BADELL

ALSO PRESENT:

VANESSA PERDOMO, SDNY Pretrial Services
BRANDON RACZ, Special Agent
BABORTUNDE ADEDIRAN, Special Agent


                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

CONFIDENTIAL                                    FBG_CH1_00093700

DEBTORS' EXHIBIT NO. 163
Page 1 of 30
JOINT EXHIBIT NO. 39
Page 1 of 30

2

Q32sGRAp

(Case called)

THE COURT:  Would you make your appearances, please.

MS. COLSON:  Good morning, your Honor.

For the United States, Assistant U.S. Attorney Marguerite Colson, joined at counsel table by Pretrial Services Officer Vanessa Perdomo, Special Agents Babortunde Adediran and Brandon Racz of the FBI, and Assistant United States Nicholas Chiuchiolo.

MR. MENCHEL:  Good morning, your Honor.  Matthew Menchel, Jessica Fender on behalf of Stephen Graham.  We will be filing our notice of appearance later today and a pro hac vice motion for Ms. Riviere.

THE COURT:  All right.  Please be seated.

Where is Ms. Riviere currently admitted?

MS. RIVIERE-BADELL:  In the state of Florida, your Honor.

THE COURT:  All right.  My law clerk will now swear Mr. Graham.

(Defendant sworn)

THE COURT:  Sir, you understand you're now under oath, and if you answer any of my questions falsely, you may be prosecuted for perjury?

THE DEFENDANT:  Yes.

THE COURT:  Please be seated.

I understand that I must first arraign Mr. Graham, is

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                      FBG_CH1_00093701

**DEBTORS' EXHIBIT NO. 163**
**Page 2 of 30**
**JOINT EXHIBIT NO. 39**
**Page 2 of 30**

3

Q32sGRAp

that right?

MS. COLSON:  Yes, your Honor.

THE COURT:  Mr. Graham, have you received a copy of the superseding information in this case?

THE DEFENDANT:  Yes.

THE COURT:  Have you had an opportunity to read it and discuss it with your lawyer?

THE DEFENDANT:  Yes.

THE COURT:  Do you want me to read it to you now or do you waive its public reading?

THE DEFENDANT:  I'll waive it.

THE COURT:  The superseding information is a document which contains the charges against you.  It's been issued by the United States Attorney.  Under the Constitution, you have a right to be charged by an indictment instead issued by a grand jury.  The grand jury is a group of 23 ordinary citizens that are called to jury service to hear the government's evidence in criminal cases and decide whether the evidence is sufficient to justify bringing you to trial.  In order to return an indictment, at least 12 members of the grand jury must vote for the indictment, finding that there is probable cause to believe that an offense was committed and that you committed it.

You have a right to have these charges considered by a grand jury, which means that without your consent, these charges could not even be brought unless approved by the grand

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                    FBG_CH1_00093702

**DEBTORS' EXHIBIT NO. 163**
**Page 3 of 30**
**JOINT EXHIBIT NO. 39**
**Page 3 of 30**

4

Q32sGRAp

jury.  But if you waive indictment by the grand jury, the case will proceed against you based on the United States Attorney's information just as if you had been indicted.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  My law clerk will now show you the waiver of indictment which I have marked as Court Exhibit No. 1.

Is that your signature on the waiver of indictment form?

THE DEFENDANT:  Yes.

THE COURT:  Before you signed it, did you discuss it with your lawyer?

THE DEFENDANT:  Yes.

THE COURT:  He explained it to you?

THE DEFENDANT:  Yes.

THE COURT:  You understand that by signing the form, you're giving up your right to have your case presented to a grand jury and you're agreeing to permit these charges to be filed by the United States Attorney instead?

THE DEFENDANT:  Yes.

THE COURT:  Have you discussed with your lawyer the advantages and disadvantages of waiving indictment?

THE DEFENDANT:  Yes.

THE COURT:  Have any threats or promises been made, other than by the prosecution in the written cooperation

CONFIDENTIAL

FBG_CH1_00093703

5

Q32sGRAp

agreement, to get you to waive indictment?

THE DEFENDANT:  No.

THE COURT:  Do you wish to give up your right to be charged by a grand jury?

THE DEFENDANT:  Yes.

THE COURT:  Does either attorney know of any reason that I should not find that the defendant has knowingly and voluntarily waived his right to be documented by a grand jury?

MS. COLSON:  No, your Honor.

MR. MENCHEL:  No, your Honor.

THE COURT:  I find that the defendant has knowingly and voluntarily waived his right to be indicted by a grand jury and I authorize the filing of the superseding information.

Mr. Graham, for the purpose of arraignment only, for the purpose of arraignment only, how do you plead to the charges listed in the superseding information, guilty or not guilty, for the purposes of arraignment only?

THE DEFENDANT:  Not guilty.

THE COURT:  I am told that you wish to enter a plea of guilty, is that correct?

THE DEFENDANT:  Yes.

THE COURT:  Before deciding whether to accept your guilty plea, I am going to ask you some questions.  It is important that you answer my questions honestly and completely. The purpose of these proceedings is to make sure that you

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                                    FBG_CH1_00093704

**DEBTORS' EXHIBIT NO. 163**
**Page 5 of 30**
**JOINT EXHIBIT NO. 39**
**Page 5 of 30**

6

Q32sGRAp

understand your rights, to decide whether you are pleading guilty of your own free will, and to make sure that you are pleading guilty because you are guilty and not for another reason.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  If you don't understand any of my questions or if you want at any time to consult with your attorney, please say so, because it is important that you understand every question before you answer.

How old are you?

THE DEFENDANT:  68.

THE COURT:  How far did you go in school?

THE DEFENDANT:  I went through university with a bachelor's degree and got a chartered accountancy in Canada after that.

THE COURT:  Where did you attend school?

THE DEFENDANT:  University of Toronto.

THE COURT:  Have you ever been treated or hospitalized for mental illness?

THE DEFENDANT:  No.

THE COURT:  Have you ever been addicted to drugs or alcohol?

THE DEFENDANT:  No.

THE COURT:  Are you now or have you recently been

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                                      FBG_CH1_00093705

**DEBTORS' EXHIBIT NO. 163**
**Page 6 of 30**
**JOINT EXHIBIT NO. 39**
**Page 6 of 30**

7

Q32sGRAp

under the care of any kind of doctor or a psychiatrist?

THE DEFENDANT:  No.

THE COURT:  Have you taken any drugs, medicines or pills, or drunk any alcoholic beverages in the last 24 hours?

THE DEFENDANT:  I took my medication for my prostate, which is Flomax and finasteride.  Nothing else.

THE COURT:  Is there any medication that you were supposed to take that you did not take?

THE DEFENDANT:  No.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes.

THE COURT:  You understand what's happening in this proceeding?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Menchel, have you discussed this matter with your client?

MR. MENCHEL:  I have.

THE COURT:  He understands the rights he would be waiving by pleading guilty?

MR. MENCHEL:  He does.

THE COURT:  He's capable of understanding the nature of these proceedings?

MR. MENCHEL:  Yes.

THE COURT:  Does either attorney have any doubt as to the defendant's competence to plead at this time?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL

8

Q32sGRAp

MS. COLSON:  No, your Honor.

MR. MENCHEL:  No, your Honor.

THE COURT:  On the basis of defendant's responses to my questions, my observations of his demeanor here in court and recommendations of counsel, I find that the defendant is fully competent to enter an informed plea of guilty at this time.

Mr. Graham, have you had enough time and opportunity to discuss your case with your attorney, including the decision of whether to plead guilty or not guilty?

THE DEFENDANT:  Yes.

THE COURT:  Have you discussed with him the charges contained in the superseding information and any possible defenses you might have to the charges?

THE DEFENDANT:  Yes.

THE COURT:  Have you discussed with your attorney all of the facts about your involvement in this case?

THE DEFENDANT:  Yes.

THE COURT:  Has he told you the consequences of pleading guilty?

THE DEFENDANT:  Yes.

THE COURT:  Are you satisfied with your attorney's representation of you?

THE DEFENDANT:  Yes.

THE COURT:  I am now going to explain certain constitutional rights that you have.  These are rights that you

CONFIDENTIAL

FBG_CH1_00093707

**DEBTORS' EXHIBIT NO. 163**
**Page 8 of 30**
**JOINT EXHIBIT NO. 39**
**Page 8 of 30**

Q32sGRAp

will be giving up if you enter a guilty plea.  Please listen carefully to what I am about to say, and if you do not understand something, stop me, and your attorney or I will explain the matter more fully.

Under the Constitution and laws of the United States, you have a right to plead not guilty to the charges in the superseding information.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  If you did plead not guilty, you would be entitled under the Constitution to a speedy and public trial by a jury.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  At trial you would be presumed to be innocent and the government would be required to prove you guilty beyond a reasonable doubt before you could be found guilty.  That means you would not have to prove that you were innocent.  And you could not be convicted unless a jury of 12 people agreed unanimously that you are guilty beyond a reasonable doubt.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  At trial and at every stage of your case, you would be entitled to be represented by a lawyer, and if you

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                    FBG_CH1_00093708

10

Q32sGRAp

could not afford one, one would be appointed at free of charge.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  At trial the witnesses for the prosecution would have to come to court and testify in your presence where you could see and hear them and your lawyer could cross-examine those witnesses.  And if you wanted, your lawyer could offer evidence on your behalf.  You would be able to use the court's power to compel witnesses to come could court to testify in your defense, even if they did not want to come.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  At trial you would have the right to testify if you wanted to, but you would also have the right not to testify, and if you chose not to testify, that would not be used against you in any way.  No inference or suggestion of guilt could be made from the fact that you didn't testify.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  If you were convicted at trial, you would have the right to appeal that verdict to a higher court.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  As I said before, you have the right to plead not guilty.  Even right now, even as you sit here for the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL

FBG_CH1_00093709

DEBTORS' EXHIBIT NO. 163
Page 10 of 30
JOINT EXHIBIT NO. 39
Page 10 of 30

11

Q32sGRAp

purpose of entering a guilty plea, you have the right to change your mind, persist in your not guilty plea, and go to trial. But if you do plead guilty and I accept your plea, you will be giving up your right to trial and all other rights that go with it that I have just described.  If you plead guilty, there will be no trial.  All that will remain to be done is to impose sentence.  I will enter a judgment of guilty and sentence you on the basis of your guilty plea after considering whatever submissions I get from you, your lawyer, and the government, as well as a presentence report prepared by the probation department.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  If you plead guilty, you will also have to give up your right not to incriminate yourself, because I will ask you questions about what you did in order to satisfy myself that you are guilty as charged.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  You understand each and every one of those rights I have just mentioned?

THE DEFENDANT:  Yes.

THE COURT:  You're willing to give up your right to a trial and those rights?

THE DEFENDANT:  Yes.

CONFIDENTIAL

FBG_CH1_00093710

**DEBTORS' EXHIBIT NO. 163**
**Page 11 of 30**
**JOINT EXHIBIT NO. 39**
**Page 11 of 30**

12

Q32sGRAp

THE COURT:  You said before that you have read the superseding information containing the charges against you.  I understand that you intend to plead guilty to Count One of the superseding information, conspiracy to commit wire fraud affecting a financial institution and to commit bank fraud, in violation of Title 18, United States Code, Section 1349.

Counts Two and Four of the superseding information, wire fraud affecting a financial institution, in violation of Title 18, United States Code, Sections 1343 and 2;

Count Three of the superseding information, bank fraud, in violation of Title 18, United States Code, Sections 1344 and 2.

Is that right?

THE DEFENDANT:  Yes.

THE COURT:  AUSA Colson, would you please state the elements of the offenses.

MS. COLSON:  Were Mr. Graham to proceed to trial, the government would have to prove the following elements beyond a reasonable doubt.

Count One, conspiracy to commit bank fraud and wire fraud affecting a financial institution has two elements:

First, two or more persons in some way or manner agreed to try to accomplish a common and unlawful plan to commit a fraud crime.  Here, bank fraud and wire fraud affecting a financial institution as charged in the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                                      FBG_CH1_00093711

**DEBTORS' EXHIBIT NO. 163**
**Page 12 of 30**
**JOINT EXHIBIT NO. 39**
**Page 12 of 30**

13

Q32sGRAp

information; and

Second, that the defendant knew the unlawful purpose of the plan and willfully joined in it.

The conspiracy here has two objects, bank fraud and wire fraud affecting a financial institution.

Bank fraud, in turn, has three elements:

First, the defendant (1) knowingly executed a scheme or artifice to defraud a financial institution or (2) knowingly executed a scheme to obtain the money, funds, or other property owned or under the control of a financial institution by means of materially false or fraudulent pretenses, representations, or promises;

The second element, that the defendant did so with the intent to deceive a financial institution and obtained financial institution property;

Third, the financial institution was then insured by the Federal Deposit Insurance Corporation, the FDIC.

Wire fraud affecting a financial institution has four elements:

First, that there was a scheme or artifice to defraud or obtain money or property by materially false and fraudulent pretenses, representations, or promises;

Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with specific intent to

CONFIDENTIAL

FBG_CH1_00093712

DEBTORS' EXHIBIT NO. 163
Page 13 of 30
JOINT EXHIBIT NO. 39
Page 13 of 30

14

Q32sGRAp

defraud;

Third, that in the execution of that scheme, the defendant used or caused the use of interstate wires; and

Fourth, that the scheme affected a financial institution.

For Counts Two and Four, your Honor, charge the defendant with wire fraud affecting a financial institution as a substantive offense, and that substantive offense has the same elements I just recited.

Count Three, your Honor, charges the defendant with bank fraud, in violation of Title 18, United States Code, Section 1344 as the substantive offense which has the same elements above.

Your Honor, finally, the government must prove venue by a preponderance of the evidence.

For wire fraud, venue requires showing that an interstate wire went from/to SDNY, this district.

For the conspiracy counts and bank fraud, venue requires a showing that some act in furtherance of the crime was perpetrated here in the Southern District of New York.

THE COURT:  Mr. Graham, you understand that if you were to go to trial, the government would have to prove all of those elements beyond a reasonable doubt, except the element of venue, which would have to be proved by a preponderance?

THE DEFENDANT:  Yes.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL

FBG_CH1_00093713

**DEBTORS' EXHIBIT NO. 163**
**Page 14 of 30**
**JOINT EXHIBIT NO. 39**
**Page 14 of 30**

15

Q32sGRAp

THE COURT:  Now I'm going to tell you about the maximum penalties.  The maximum penalty means the most that could possibly be imposed.  It does not mean that is what you necessarily will receive.  But you have to understand that, by pleading guilty, you're exposing yourself to the possibility of receiving any combination of punishments up to the maximums that I'm about to describe.

Counts One through Four all feature the same statutory maximum penalties.

First, with regard to your liberty, the maximum term of imprisonment for each of Counts One through Four is 30 years, which could be followed by up to five years of supervised release.  Supervised release means that if you are sentenced to prison, after you are released, you will be subject to supervision by the probation department.  There will be rules of supervised release that you will have to follow, and if you violate those rules, you can be returned to prison without a jury trial to serve additional time, even beyond your original sentence.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  You should also understand that parole has been abolished in the federal system, and that if you're sentenced to prison, you will not be released early on parole, although there is a limited opportunity to earn credit for good

CONFIDENTIAL

FBG_CH1_00093714

16

Q32sGRAp

behavior.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  In addition to these restrictions on your liberty, the maximum punishment for each of Counts One through Four also includes certain financial penalties.  The maximum fine is a million dollars or twice the gain you received from the crime or twice the loss to any victim, whichever is greater.

You understand that these are the maximum penalties for Count One through Four?

THE DEFENDANT:  Yes.

THE COURT:  I'm also required to impose a mandatory special assessment of $100 on each count of conviction for a total of $400.

In addition, I must order restitution to any persons or entities injured as a result of your criminal conduct.

The superceding information also includes a forfeiture allegation, which I will read to you now.

As a result of committing the offenses alleged in Counts One through Four of the information, you shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(A), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four,

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                                        FBG_CH1_00093715

DEBTORS' EXHIBIT NO. 163
Page 16 of 30
JOINT EXHIBIT NO. 39
Page 16 of 30

17

Q32sGRAp

including but not limited to a sum of money in United States
Currency representing the amount of proceeds traceable to the
commission of said offenses that you personally obtained.

THE COURT:  Do you understand that it is possible, taking all the
counts into account, all of the charges, that you could be
sentenced to prison for up to 120 years?

THE DEFENDANT:  Yes.

THE COURT:  Please understand that I am just telling
you about the punishments that are part of the sentence.  Being
convicted of a felony, even if by a plea of guilty, may have
other consequences.

Are you a U.S. citizen?

THE DEFENDANT:  Yes.

THE COURT:  How did you become a U.S. citizen?

THE DEFENDANT:  I was naturalized.

THE COURT:  Do you understand that as a result of your
guilty plea, there may be adverse effects on your immigration
status?

THE DEFENDANT:  Yes.

THE COURT:  You understand, for example, that you may
lose your citizenship if your naturalization was obtained by
concealment of a material factor, by willful misrepresentation,
or otherwise illegal obtained.  If that happened, you could be
removed or deported from the United States and denied admission
to the United States in the future.  You understand that if you

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                          FBG_CH1_00093716

**DEBTORS' EXHIBIT NO. 163**
**Page 17 of 30**
**JOINT EXHIBIT NO. 39**
**Page 17 of 30**

18

Q32sGRAp

were denaturalized, any children that obtained citizenship through you might lose their citizenship?

THE DEFENDANT:  Yes.

THE COURT:  You understand, if you were deported, you could be sent to a country that is not your country of origin?

THE DEFENDANT:  Yes.

THE COURT:  Did you discuss the possible immigration consequences of your plea with your lawyer?

THE DEFENDANT:  Yes.

THE COURT:  Did your lawyer tell you that you might be deported to a country that is not your country of birth?

THE DEFENDANT:  No.

THE COURT:  I'm going to give you an opportunity to discuss this with your lawyer, because it is certainly a very important element of this guilty plea.  I'm going to take a pause.

MR. MENCHEL:  Sure.  Thank you, your Honor.

(Recess)

THE COURT:  Do you understand that you'll be bound by your guilty plea regardless of the immigration consequences and regardless of any advice that you have received from your attorney or others regarding immigration consequences?

THE DEFENDANT:  Yes.

THE COURT:  As a U.S. citizen, you may lose certain valuable civil rights, to the extent that you have them now, as

CONFIDENTIAL                                                    FBG_CH1_00093717

19

Q32sGRAp

a result of your guilty plea, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

Mr. Menchel, is the defendant now serving a state other federal sentence or being prosecuted in state court for another crime?

MR. MENCHEL:  He is not, your Honor.

THE COURT:  In imposing a sentence, federal judges are required to consider the recommendations of the Federal Sentencing Guidelines.  The guidelines are a complicated set of rules for determining an appropriate sentence.  Judges must pay attention to the guidelines in determining a sentence.  But in the end, the judge is required to give the sentence that she believes best satisfies the purposes of the criminal law, even if that is higher or lower than the guideline recommendation.

Have you discussed the guidelines with your lawyer?

THE DEFENDANT:  Yes.

THE COURT:  And you understand that the guidelines are only recommendations to the court?

THE DEFENDANT:  Yes.

THE COURT:  I understand that there is a written cooperation agreement that you have signed, is that right?

THE DEFENDANT:  Yes.

THE COURT:  My law clerk will show you the original letter cooperation agreement, dated February 25, 2026, from

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                FBG_CH1_00093718

20

Q32sGRAp

Assistant United States Attorney Marguerite Colson to your attorneys.

          Is that your signature on the last page of the agreement?

          THE DEFENDANT:  Yes.

          THE COURT:  Did you read it before you signed it?

          THE DEFENDANT:  Yes.

          THE COURT:  You discussed it with your attorney before you signed it?

          THE DEFENDANT:  Yes.

          THE COURT:  I realize it is a long document which contains some technical legal language.  But after discussing it with your lawyer, do you understand the terms of the agreement?

          THE DEFENDANT:  Yes.

          THE COURT:  You understand, under this agreement, you are giving up your right to withdraw your plea or challenge your conviction on a few specific groups described in the agreement:

          First, under the agreement, you are giving up your right to withdraw your plea or to challenge your conviction on the grounds that the government has failed to produce the following categories of material of which I'm about to describe:  Any material that the government was required to produce during discovery, statements of any government witness

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                        FBG_CH1_00093719

DEBTORS' EXHIBIT NO. 163
Page 20 of 30
JOINT EXHIBIT NO. 39
Page 20 of 30

21

Q32sGRAp

relating to the subject matter about which the witness would be expected to testify, material that could be used to impeach or attack the testimony of any government witness, and material favorable to you that could cast doubt on your guilt or reduce your sentence, other than the information establishing your factual innocence.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  Second, under the agreement, you're also giving up your right to withdraw your guilty plea and the right to challenge your conviction or stipulation based on any actual or perceived adverse immigration consequences resulting from the plea and conviction.  So if there are adverse immigration consequences or if the government later turns over material that would tend to cast doubt on your guilt, other than material that establishes your innocence, you will not be able to withdraw your plea or challenge your conviction on those grounds.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Did you willingly sign the cooperation agreement?

THE DEFENDANT:  Yes.

THE COURT:  Does this agreement constitute your complete and total understanding of the agreement between you

CONFIDENTIAL

FBG_CH1_00093720

22

Q32sGRAp

and the government?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if your lawyer or anyone else has attempted to predict what your sentence will be, that their prediction could be wrong?

THE DEFENDANT:  Yes.

THE COURT:  I am asking you this because no one, not your lawyer or the prosecutor, not even I, can be sure now what your sentence will be because that sentence can't be determined until I receive the presentence report, until I have decided what is the correct calculation of the range recommended by the guidelines, and whether there is any basis for not following that recommendation.

Even if your sentence is different from what your attorney or anyone else has predicted, even if it's different from what you expect, once you've pleaded guilty, you will not be allowed to withdraw your plea.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that it is up to the government, and not to me, to decide whether your cooperation has been good enough and productive enough for the government to ask me to impose a sentence below the sentence that is recommended by the guidelines?

THE DEFENDANT:  Yes.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                           FBG_CH1_00093721

DEBTORS' EXHIBIT NO. 163
Page 22 of 30
JOINT EXHIBIT NO. 39
Page 22 of 30

23

Q32sGRAp

THE COURT:  Even if the government does make such a motion, it is still up to me to decide whether to give you any credit for your cooperation.  So the prosecutor cannot promise you that you will get credit for cooperation because that's going to be up to me.

You understand?

THE DEFENDANT:  Yes.

THE COURT:  Other than what is contained in the cooperation agreement, has anyone made any promise or offered you any inducement to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone threatened, bribed, or forced you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone made a promise to you as to what your sentence will be?

THE DEFENDANT:  No.

THE COURT:  Now that you've been advised of the charges against you, the possible penalties you face, and the rights that you're giving up, is it still your intention to plead guilty to Counts One through Four of the superseding information?

THE DEFENDANT:  Yes.

THE COURT:  Therefore, with respect to Counts One, Two, Three, and Four of the superseding information, how do you

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL

FBG_CH1_00093722

24

Q32sGRAp

plead?

THE DEFENDANT:  Guilty.

THE COURT:  Now tell me in your own words what you did that makes you believe that you are guilty of the charges in the superseding information.

THE DEFENDANT:  From approximately 2014 to 2025, I, Stephen Graham, served as the chief financial officer of First Brands Group.  I retired and resigned from First Brands Group effective October 22, 2025.

Counts One, Two, and Three.

Within the time period alleged in the information, I together with others at First Brands agreed to inflate and report a financial performance of First Brands on financial statements that were issued to First Brands' lenders.  I knew that the financial statements issued to First Brands' lenders contained false and misleading information.  I also participated in lender presentations where I presented the false and inflated financial statements to First Brands' lenders to obtain financing for First Brands on better terms than the banks would otherwise offer.  I knew this was wrong. At First Brands, we used electronic communications to issue the financial statements and to give lender presentations.

Count Four.  Within the time period alleged in the information, I knew that the financial statements, which contained false and misleading information about the financial

CONFIDENTIAL                                                    FBG_CH1_00093723

25

Q32sGRAp

performance of First Brands, were sent to First Brands' factors.  I, together with others at First Brands, also met with and presented the false and inflated financial statements to First Brands' factors to obtain financing for First Brands on better terms than the factors would otherwise offer.  I knew this was wrong.  At First Brands, we used electronic communications to issue the financial statements and to give presentations to First Brands' factors.

THE COURT:  So, Count One of the superceding information is conspiracy to commit wire fraud affecting a financial institution and to commit bank fraud.  Conspiracy is an agreement to commit a crime.  You made this agreement with someone else?

(Counsel confers with defendant)

THE DEFENDANT:  Yes.

THE COURT:  And how did you do that?

THE DEFENDANT:  We worked together to produce the final results that would be presented to the lenders.

THE COURT:  And you spoke about it, is that it?

THE DEFENDANT:  Yeah.  It was verbal, and there would be prepared documents that we would review and agree on.

THE COURT:  You did that in person?

THE DEFENDANT:  Yes.  Yes and over the phone and by e-mails, however.

THE COURT:  And you knew that when you did all the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                    FBG_CH1_00093724

**DEBTORS' EXHIBIT NO. 163**
**Page 25 of 30**
**JOINT EXHIBIT NO. 39**
**Page 25 of 30**

26

Q32sGRAp

things you described, that what you were doing was illegal?

THE DEFENDANT:  Yes.

THE COURT:  AUSA Colson, are there any additional questions that you would like me to pose to the defendant?

MS. COLSON:  No, your Honor.  Thank you.

THE COURT:  Would you summarize what the government's evidence would be if the defendant were to go to trial.

MS. COLSON:  Were this case to go to trial, your Honor, the government's evidence would include, among other things:  Testimony of coconspirators regarding ongoing financial fraud at First Brands Group, testimony from creditors who received the fraudulent financial statements referenced by Mr. Graham, fraudulent financial statements that were also disseminated to factors, documentary evidence including internal files reflecting fraudulent financial adjustments, and fraudulent financial statements disseminated to lenders, documentary evidence would also consist of communications among First Brands' executives regarding these adjustments to financial statements, we're talking about instant messages and e-mails and the like.

THE COURT:  Do both parties agree there is a sufficient factual predicate for a guilty plea?

MS. COLSON:  Yes, your Honor.

MR. MENCHEL:  Yes, your Honor.

THE COURT:  Mr. Menchel, do you know of any valid

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL

FBG_CH1_00093725

**DEBTORS' EXHIBIT NO. 163**
**Page 26 of 30**
**JOINT EXHIBIT NO. 39**
**Page 26 of 30**

27

Q32sGRAp

defense that would prevail at trial?

MR. MENCHEL:  No, your Honor.

THE COURT:  Does either attorney know of any reason that I should not accept the defendant's plea of guilty?

MS. COLSON:  No, your Honor.

MR. MENCHEL:  No, your Honor.

THE COURT:  Mr. Graham, because you acknowledge that you are, in fact, guilty as charged in this superseding information, because I am satisfied that you know of your rights, including your right to go to trial, and that you are aware of the consequences of your plea, including the sentence which may be imposed, and because I find that you are knowingly and voluntarily pleading guilty, I accept your guilty plea and enter a judgment of guilty on Count One through Four of the superseding information.

The probation department will want to interview you in connection with a presentence report that it will prepare.

Does defense counsel wish to be present for any interview in connection with that report?

MR. MENCHEL:  Yes, please, your Honor.

THE COURT:  Therefore, I direct that there shall be no interview unless counsel is present.  If you choose to speak to the probation department, Mr. Graham, make sure that anything you say is truthful and accurate.  I will read the report carefully.  It is important to me in deciding what sentence to

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                                                FBG_CH1_00093726

28

Q32sGRAp

impose.

You and your lawyer have a right to examine the report and to comment on it at the time of sentencing.  I urge you to read it and discuss it with your lawyer.  If there any mistakes in it, point them out to your lawyer so that he can point them out to me.

Sentencing is set for July 6, 2026, at 11:00 a.m.

The government shall provide the probation officer with its factual statement within seven days.

Defense counsel must arrange for the defendant to be interviewed by the probation within the next two weeks.

The defense sentencing submission with respect to sentencing are due on June 15, 2026.  The government's submission is due on June 20.

I understand the parties have reached an agreement on bail?

MS. COLSON:  Yes, your Honor.

Before going into the bail conditions, I would ask, Mr. Graham is expected to testify at a trial that your Honor has set for July 13 against Edward and Patrick James.  We would ask that a sentencing control date be set for sometime thereafter, anytime in August or September, if your Honor is available.

THE COURT:  OK.  August 3 at 11:00 a.m.

MS. COLSON:  Thank you, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                    FBG_CH1_00093727

DEBTORS' EXHIBIT NO. 163
Page 28 of 30
JOINT EXHIBIT NO. 39
Page 28 of 30

29

Q32sGRAp

THE COURT:  I understand that the defense travel is restricted to the continents of the United States, is that correct?

MS. COLSON:  Yes, your Honor.

And the only other amendment to the pretrial services report, which we discussed with Officer Perdomo, is that Mr. Graham should be released upon two financially responsible persons rather than three.  Those folks have already been interviewed and approved.

THE COURT:  And there is a $1 million personal recognizance bond, is that correct?

MS. COLSON:  Correct, your Honor.

THE COURT:  OK.  Mr. Menchel, you agree to those conditions, correct?

MR. MENCHEL:  We do, your Honor.  Thank you.

THE COURT:  All right.  Then Mr. Graham shall be released on the bail conditions that were just described.

Counsel, would you step up, please.

(At the sidebar)

THE COURT:  So, sometimes where the government provides the court with a compelling letter and after assessing the nature of the defendant's conduct, I determine that probation is a possibility.  And I'm not saying that I am doing that now because I'm not familiar enough with the facts.

I would like to know whether the defendant has any

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL                                    FBG_CH1_00093728

DEBTORS' EXHIBIT NO. 163
Page 29 of 30
JOINT EXHIBIT NO. 39
Page 29 of 30

30

Q32sGRAp

particular skills that could be useful to the community, were he to serve a significant probationary sentence involving many, many hours of community service.

MR. MENCHEL:  Sure.  Well, he is a registered accountant.

MS. RIVIERE-BADELL:  He is an accountant and he also does personal services for church, so I think he works quite extensively.

THE COURT:  All right.  Well, we'll visit that when the time comes.

MR. MENCHEL:  Thank you, your Honor.

MS. RIVIERE-BADELL:  Thank you, your Honor.

(In open court)

THE COURT:  All right then.  Are there any further applications?

MS. COLSON:  Not from the government, your Honor.

MR. MENCHEL:  No, your Honor.  Thank you.

THE COURT:  The matter is adjourned.

(Adjourned)

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

CONFIDENTIAL

FBG_CH1_00093729

**DEBTORS' EXHIBIT NO. 163**
**Page 30 of 30**
**JOINT EXHIBIT NO. 39**
**Page 30 of 30**