**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.,* | Case No. 25-90399 (CML) |
| Debtors. | (Jointly Administered) |

**NOTICE OF RULE 2004 REQUEST FOR
PRODUCTION OF DOCUMENTS**

**PLEASE TAKE NOTICE** that pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2004-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), Prospect Capital Corporation and Prospect Floating Rate & Alternative Income Fund, Inc. (together, "**Prospect**"), by and through their undersigned counsel, hereby commands Debtor First Brands Group, LLC and its debtor and non-debtor affiliates (together, "**First Brands**") to produce the documents and information in the attached **Exhibit A** (the "**Requests**," and each individually a "**Request**") for inspection and copying on or before August 21, 2026 at the offices of Grant & Eisenhofer P.A., 485 Lexington Avenue, New York, NY 10017, or by electronic means at a mutually agreeable time and place following a conference among the parties.

Please take further notice that Prospect reserves its rights under title 11 of the United States Code (the "**Bankruptcy Code**"), the Bankruptcy Rules, the Local Rules, and any applicable law regarding the subject matter of this Notice. Prospect further reserves its rights to amend, supplement, and/or modify Exhibit A.

Dated: August 7, 2026

Respectfully Submitted,

**COKINOS | YOUNG**

By: */s/ Reagan H. "Tres" Gibbs, III*
Reagan H. "Tres" Gibbs, III
Texas Bar No. 24095619
Nicholas S. Forger
Texas Bar No. 24142911
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
Tel. (713) 535-5500
Fax (210) 298-5007
tgibbs@cokinoslaw.com
nforger@cokinoslaw.com

**GRANT & EISENHOFER**
Abe Alexander
*(pro hac vice application pending)*
Lauren J. Salamon
*(pro hac vice application pending)*
Edith D. Hanly
*(pro hac vice application pending)*
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501
aalexander@gelaw.com
lsalamon@gelaw.com
ehanly@gelaw.com

*Counsel to Prospect*

## CERTIFICATE OF CONFERENCE

On August 7, 2026, I attempted to confer with counsel for the Debtors regarding their position on the foregoing Notice. As of filing, I have not received a response. Accordingly, Prospect considers the Debtors opposed to the discovery sought. Prospect reserves the right to supplement this certificate of conference if necessary.

/s/ Nicholas S. Forger
Nicholas S. Forger

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing system for the United States Bankruptcy Code for the Southern District of Texas on those users authorized to receive such service.

/s/ Reagan H. "Tres" Gibbs, III
Reagan H. "Tres" Gibbs, III

## EXHIBIT A

## PROSPECT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS FROM FIRST BRANDS PURSUANT TO BANKRUPTCY RULE 2004

## DEFINITIONS

1.      "**1L Loan**" means the loans and related business transactions contemplated by the First Lien Term Loan Agreement dated as of February 2, 2018 (as amended, supplemented, or otherwise modified), by and among First Brands as borrower, Jefferies, as administrative agent and collateral agent, and the lenders party thereto.

2.      "**2L Loan**" means the loans and related business transactions contemplated by the Second Lien Term Loan Agreement, dated as of February 26, 2019 (as amended, supplemented, or otherwise modified), by and among First Brands as borrower, Jefferies, as administrative agent and collateral agent, and the lenders party thereto.

3.      "**Company**," "**First Brands**," "**You**," and "**Your**" mean First Brands Group, LLC, together with its employees, managers, officers, directors, attorneys, agents, direct and indirect subsidiaries, special purpose vehicles, and affiliates, including but not limited to Crowne Automotive Aftermarket, LLC, Trico Group, LLC, Trico Limited, Trico Belgium, and First Brands Group Intermediate, LLC (f/k/a Trico Group Holdings, LLC).

4.      "**Jefferies**" means Jefferies Financial Group Inc. together with its employees, managers, officers, directors, attorneys, agents, direct and indirect subsidiaries, special purpose vehicles, and affiliates, including but not limited to Jefferies Finance LLC, Leucadia Asset Management, LLC, Point Bonita Capital, LAM Trade Finance Group LLC, LAM Trade Finance Group I SPV LLC, and LAM Trade Finance Group II LLC.

5. "**Prospect**" means Prospect Capital Corporation and Prospect Floating Rate & Alternative Income Fund, Inc., together with their employees, managers, officers, directors, attorneys, agents, direct and indirect subsidiaries, special purpose vehicles, and affiliates.

6. "**Chapter 11 Cases**" means the above-captioned Chapter 11 cases of First Brands Group, LLC, *et al.*, pending before the United States Bankruptcy Court for the Southern District of Texas.

7. "**Communication**" or **Communications**" shall be construed in the broadest possible sense under the Federal Rules of Civil Procedure (the "**Federal Rules**") and refers to the transmittal of information of any kind in any form. This includes but is not limited to any oral or written transmittal or receipt of facts, information, thoughts, inquiries, opinions, including meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions, letters, reports, memoranda, formal statements, press releases, and newspaper stories. References to Communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

8. "**Concerning**" means related to, relating to, reflecting, referring to, pertaining to, containing, describing, regarding, illustrating, mentioning, evidencing, embodying, substantiating, involving, analyzing, reporting on, commenting on, constituting, supporting, discussing, or having any logical or factual connection whatsoever with the subject matter in question.

9. "**Debtors**" means each of the debtors and debtors in possession in the above-captioned Chapter 11 Cases, together with each of their employees, managers, officers, directors, agents, subsidiaries, special purpose vehicles, and affiliates.

10.     "**Document**" or "**Documents**" has the broadest meaning under the Federal Rules and Bankruptcy Rules, including but not limited to, any medium upon which information is or can be recorded, including any and all records, whether in paper or electronic form, and wherever stored or maintained, so long as they are in Your possession, custody, or control. This includes, without limitation, emails; word-processing documents; PDFs, database entries; text messages; messages on applications such as but not limited to, WhatsApp, Signal, Telegram, Zoom, Slack, and Teams; drafts; facsimiles; images; notes, including those maintained on a local or shared drive or in hard copy; presentations; spreadsheets; hard-copy binders; electronic binders; calendars; videos; meeting minutes; voicemail messages; and any other such material and files whether electronic or on paper. With respect to electronic Documents, this definition includes Documents which may exist on work devices; personal devices; in the cloud; on company servers (including in a network home directory, in a network group share, and on mainframes or other transactional data servers); on any external media (including CDs, DVDs, thumb drives/memory sticks, and/or external hard drives); or in any other storage media.

11.     "**Factoring Program**" means all First Brands' receivables factoring or receivables purchase arrangements, whether with or without recourse, including those factoring arrangements described in the Trade Finance Program (ECF No. 3188).

12.     "**Including**" is used to provide examples of certain types of information and should not be construed as limiting a request in any way. The term "including" shall be construed as if followed by the phrase "but not limited to."

13.     "**Off-Balance Sheet Transactions**" means any and all transactions, structures, or arrangements involving First Brands that were not fully reflected as indebtedness on First Brands' balance sheet, including:

a. Factoring Programs and Receivables Facilities;

b. asset-backed financing, securitizations, or structured finance transactions involving receivables, inventory, or other assets;

c. supply chain financing, payables financing, or reverse factoring arrangements;

d. special purpose vehicles, leases, partnerships, joint ventures or any other transaction or structure that provided financing or liquidity to First Brands without being recorded as debt on First Brands' balance sheet.

14. "**Offering Materials**" means all documents, communications, and information—whether written, electronic, oral (as reflected in notes or recordings), or otherwise—prepared, used, distributed, or relied upon in connection with the offer, marketing, solicitation, sale, or distribution of the 1L Loan or 2L Loan, including:

a. all offering memoranda, term sheets, roadshow materials, investor presentations, pitch books, slide decks, fact sheets, FAQs, talking points, scripts, emails, text messages, website content, social media content, webinars, videos, recordings, and notes or summaries of investor calls, meetings, or roadshows;

b. all data room contents, diligence questionnaires, expert reports, memoranda, and summaries prepared by or for First Brands, Jefferies, or any auditors, consultants, or advisors; and

c. all versions, drafts, markups, redlines, comments, and internal or external communications concerning the preparation, revision, or approval of any such materials.

15. "**Receivables Facility**" means any agreement, arrangement, or financial structure under which accounts receivables, invoices, or similar payment obligations owed to You were

sold, assigned, pledged, financed, factored, or otherwise transferred, including but not limited to all original agreements, modifications, or amendments.

16. "**Related**," "**relating**," and their variants means, in addition to their usual and customary meanings, concerning, constituting, compromising, identifying, referring to, dealing with, containing, embodying, illustrating, reflecting, stating, commenting on, describing, discussing, responding to, evidencing, demonstrating, showing, analyzing, or pertaining to in any way.

17. "**Request**" or "**Requests**" means each and all of the requests for production enumerated herein, as well as any future Requests that Prospect may serve on You in the Chapter 11 Cases.

18. "**Trade Finance Program**" means any transaction, facility, program, arrangement, or series of transactions through which First Brands obtained or sought to obtain financing, funding, liquidity, credit support, or an acceleration of cash receipts based upon, relating to, or purportedly supported by accounts receivable, invoices, customer obligations, accounts payable, supplier invoices, purchase orders, inventory, goods in transit, equipment, or other trade-related assets or obligations, including:

(a) factoring or receivables-purchase arrangement;

(b) accounts-receivable financing, securitization, discounting, or participation arrangement;

(c) supply-chain-finance, reverse-factoring, accounts-payable-finance, supplier-finance, or vendor-finance arrangement;

(d) inventory-finance, floor-plan-finance, goods-in-transit-finance, or purchase-order-finance arrangement;

(e) arrangements involving the sale, assignment, pledge, participation, nomination, submission, monetization, or purported transfer of any invoice, receivable, payable, inventory, or other trade-related asset;

(f) arrangements under which funds advanced in connection with one invoice, receivable, payable, or other trade-related asset were used, directly or indirectly, to satisfy obligations arising from another such transaction or arrangement; and

(g) any amendment, extension, renewal, refinancing, restructuring, side letter, fee letter, servicing arrangement, collection arrangement, account-control arrangement, guaranty, indemnity, repurchase obligation, or other agreement relating to any of the foregoing.

19.     The words "and" and "or" shall be construed disjunctively or conjunctively to bring within the scope of each request all documents which otherwise might be construed to be outside the scope of a request.

20.     The word "any" shall be construed to include "all" and vice versa.

21.     The word "each" shall be construed to include "every" and vice versa.

### INSTRUCTIONS

1.     These instructions incorporate by reference the requirements and duties of the Bankruptcy Rules, the Federal Rules, and the Local Rules.

2.     The Requests include all Documents and Communications in Your possession, custody, or control from January 1, 2020 through the present, unless otherwise indicated.

3.     The Requests include all versions of any requested Document or Communication, including drafts.

4.     Each Request shall be deemed to be continuing in nature. If at any time additional Documents or Communications responsive to the Requests come into Your possession, custody,

or control or are brought to Your attention, You shall promptly supplement Your responses to these Requests.

5.      You are requested to produce all Communications, Documents, and information requested herein within Your possession, custody, or control or in the possession, custody, or control of any individual or entity acting or purporting to act on Your behalf.

6.      The present tense shall be construed to include the past tense and vice versa. Terms not specifically defined herein shall be given their ordinary meaning and construed to require the fullest disclosure of all information.

7.      All Documents shall be produced in .tiff or .pdf format with OCR images, except for .xls or .xlsx files which should be produced in a native format. All Documents shall be produced with standard metadata fields, including but not limited to sender, recipients, subject, author, file name, date created, date last modified, date sent, and date received, and whether the document contains redactions.

8.      If You object to any Request, in whole or in part, you must still provide documents that are either (1) within a scope of production not covered by Your objection, and/or (2) responsive to the portion of the Request that is not objectionable. For such Documents that You may object are too burdensome to produce, describe the process or method required to obtain said Documents, the quantity and location of the Documents involved, and the estimated costs of the search.

9.      If You object to any part of a Request, You are to respond to that portion of the request that is not objectionable and specifically identify the aspect of the Request to which You object and the basis for Your objection. To the extent You consider any request to be ambiguous

or overbroad, please state what is ambiguous or overbroad and to what extent the Request is (and is not) being complied with.

10.     Any Document, Communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds shall be identified in a privilege log, the scope of which You and Prospect shall agree upon.

11.     If a Document which would be responsive to these requests is no longer in existence or in Your possession, custody, or control, please state whether it is missing, lost, destroyed, or otherwise disposed of and, in each instance, explain the circumstances surrounding such disposition and the date of such disposition. Additionally, describe the nature of the Document or Communication, identify the persons who created, sent, received, or reviewed the Document or Communication, and state in as much detail as possible the contents of the Document or Communication.

12.     Documents should be produced in the manner in which they are kept in the ordinary course of business. In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, shall be produced as is.

13.     By serving these Requests, Prospect expressly reserves the right to modify or otherwise supplement these Requests.

**REQUESTS FOR PRODUCTION**

1.     **Request No. 1**: All Documents concerning any Offering Materials, including (a) all internal analyses, projections, models, valuations, risk assessments, or memoranda prepared in

11

connection with such Offering Materials; and (b) Documents sufficient to identify all persons who drafted, edited, or otherwise assisted in the preparation or distribution of such Offering Materials.

2.    **Request No. 2**: All Communications with Jefferies concerning Off-Balance Sheet Transactions, including the Factoring Program and Receivables Facilities, and all Documents concerning such Communications.

3.    **Request No. 3**: All Documents concerning any audit of First Brands, including (a) all Documents provided to any auditor, consultant or advisor in connection with any such audit; (b) all Documents and Communications concerning Off-Balance Sheet Transactions or the Trade Finance Program; and (c) all Documents concerning the selection of any auditor, consultant or advisor in connection with any such audit.

4.    **Request No. 4**: All Documents concerning any financing or other extension of credit Jefferies provided to First Brands, including Documents sufficient to show the terms of such financing and Communications with Jefferies concerning such financing.

5.    **Request No. 5**: All Documents concerning any fees, premiums, incentives, or other forms of compensation—including but not limited to incentive fees, success fees, structuring fees, OID, make-whole amounts, exit fees, back-end fees, PIK interest, or any other economic consideration—You paid (or is payable) to Jefferies in connection with any financing, credit facility, Receivables Facility, Factoring Program, Trade Finance Program, or other extension of credit involving First Brands.

6.    **Request No. 6**: All Documents and Communications produced by You, or to You, in this proceeding to any other person or entity (including the examiner in this proceeding), in connection with any formal or informal request for information.

7.      **Request No. 7**: All Documents concerning the terms and conditions of Your relationship with Jefferies in connection with the 1L Loan and 2L Loan, including engagement letters, service agreements, or contracts.