## LETTER AGREEMENT

This Letter Agreement ("Agreement") dated as of December 30, 2022 is entered into by among Qualitor Holdings, LLC, a Delaware limited liability company ("Qualitor Holdings"), in its individual capacity and as the Pylon Equityholder Representative (as defined below), TAE Brakes, LLC, a Delaware limited liability company (the "Company"), First Brands Group, LLC, a Delaware limited liability company ("Parent") and Paul Johnson, an individual ("Johnson" and together with Qualitor Holdings, the Company and Parent each a "Party" and collectively, the "Parties").

Reference is made to that certain Agreement and Plan of Merger (the "IBI Merger Agreement"), dated as of the date hereof, by and among, the Company, Parent, Viper Acquisition II, LLC, a Delaware limited liability and wholly owned Subsidiary of Parent, Qualitor Holdings, solely in its capacity as the representative of the Equityholders and, solely for the purposes of Section 6.11, Qualitor Holdings, pursuant to which, upon the terms and subject to the conditions set forth therein, Merger Sub will be merged with and into the Company, with the Company surviving as a wholly owned subsidiary of Parent. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the IBI Merger Agreement.

Reference is also made to that certain Agreement and Plan of Merger (the "Pylon Merger Agreement"), dated as of July 29, 2022, by and among Parent, Viper Acquisition, LLC, a Delaware limited liability company and wholly-owned subsidiary of Parent, Qualitor Acquisition Holdings, Inc. ("Qualitor Acquisition"), a Delaware corporation and Qualitor Holdings, solely in its capacity as the representative of the Equityholders (as defined therein) thereunder (the "Pylon Equityholder Representative") and, solely for the purposes of Section 6.15 and Section 9.2(b), Qualitor Holdings as Principal Seller.

Qualitor Holdings (in its capacity as Pylon Equityholder Representative) and Parent hereby acknowledge and agree (i) that Parent is entitled to a Parent Adjustment Amount (as defined in the Pylon Merger Agreement) in the amount of $1,500,000 and (ii) in full satisfaction of such liability, Parent and the Pylon Equityholder Representative would have caused the Escrow Agent to release such amount to Parent. The Parties further acknowledge and agree that Parent has certain payment obligations pursuant to the IBI Merger Agreement.

For administrative convenience, in lieu of (i) releasing the Parent Adjustment Amount to Parent, (ii) Parent using such proceeds to partially satisfy its obligation to pay the 2022 July Promissory Notes Cash Payoff Amount to the Company pursuant to Section 2.8(d) of the IBI Merger Agreement, and (iii) the Company using such amounts received to partially satisfy its obligation to pay a portion of the 2022 July Promissory Notes Cash Payoff Amount to Qualitor Holdings in redemption of the 2022 July Promissory Note held by Qualitor Holdings pursuant to Section 2.8(d) of the IBI Merger Agreement, the Parties shall direct that all amounts currently remaining in the Escrow Account (as defined in the Pylon Merger Agreement) be released to Qualitor

CONFIDENTIAL

FBG_CH1_00095209

Holdings pursuant to the joint release notice attached hereto as Exhibit A in partial satisfaction of (x) Parent's obligation to pay the 2022 July Promissory Notes Cash Payoff Amount to the Company and (y) the Company's obligation to pay the 2022 July Promissory Notes Cash Payoff Amount to Qualitor Holdings in redemption of the 2022 July Promissory Note held by Qualitor Holdings, each  pursuant to Section 2.8(d) of the IBI Merger Agreement. The authorizations, directions and instructions described in this Agreement are issued and agreed to by the Parties solely for administrative convenience in order to facilitate and complete the transactions described in the IBI Merger Agreement. The transactions described herein shall be treated for tax purposes as if the transactions described in Section 2.8(d) of the IBI Merger Agreement and (i) through (iii) of this paragraph had actually occurred. The Parties shall to file their tax returns accordingly, except as otherwise required by a change in applicable law or a final determination.

In addition, Qualitor Holdings and Parent acknowledge that certain accrued bonus obligations related to the Pylon 2021 Bonus Plan in an aggregate amount of cash equal to $565,122.19 (the "2021 Bonus Payment Amount") are owed to the individuals and in the amounts set forth on Exhibit B and that such amounts are part of an additional adjustment to the Final Merger Consideration under the Pylon Merger Agreement.  For administrative convenience the Parties have requested that Parent fund such obligations (i) in lieu of Qualitor Holdings paying the 2021 Bonus Payment Amount to Parent as an adjustment to the Final Merger Consideration pursuant to the Pylon Merger Agreement (ii) Parent paying an amount in cash equal to the 2021 Bonus Payment Amount to partially satisfy its obligations to pay cash to the Company pursuant to the IBI Merger Agreement and (iii) the Company reducing the amount of cash payable to the 2022 July Noteholders under the IBI Merger Agreement.  Accordingly, if Parent shall pay, or cause to be paid, within ten (10) Business Days following the date hereof (the "Payment Deadline"), the 2021 Bonus Payment Amount to the individuals and in the amounts set forth on Exhibit B in full satisfaction of the obligation to pay the earned, but unpaid, bonus compensation pursuant to the terms of the Pylon 2021 Bonus Plan then the 2021 Bonus Payment Amount shall be deemed to have been paid by Parent to the Company under the Merger Agreement and from the Company to Qualitor Holdings in partial satisfaction of Parent's obligation to pay the 2022 July Promissory Notes Cash Payoff Amount and such amount shall be deemed to have been paid by Qualitor Holdings to Parent as a further purchase price adjustment under the Pylon Agreement in favor of Parent; provided, that if Parent has not paid, or cause to be paid, the 2021 Bonus Payment Amount in accordance with this sentence by the Payment Deadline then Parent shall immediately remit the 2021 Bonus Payment Amount to Qualitor Holdings. The transactions described herein shall be treated for tax purposes as if the transactions described in (i) through (iii) of this paragraph had actually occurred. The Parties shall to file their tax returns accordingly, except as otherwise required by a change in applicable law or a final determination. Parent shall withhold, or cause to be withheld, all applicable taxes and withholding with respect to payments to the individuals set forth on Exhibit B.

The provisions of Section 7.3 (*Amendment*), 7.6 (*Notices*), 7.9 (*Binding Effect; Assignment*), 7.10 (*No Third Party Beneficiaries*), 7.11 (*Counterparts*), 7.13 (*Governing Law and Jurisdiction*), 7.14 (*Consent to Jurisdiction and Service of Process*),

CONFIDENTIAL

7.15 (*Waiver of Jury Trial*), 7.17 (*Specific Performance*) and 7.19 (*Severability*) of the IBI Merger Agreement are incorporated herein *mutatis mutandis*.

[*Remainder of page intentionally left blank.*]

CONFIDENTIAL

FBG_CH1_00095211

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

**PARENT:**

FIRST BRANDS GROUP, LLC

By: _____

Name:  Michael Baker

Title:   Chief Corporate Strategy Officer

*[Signature Page to IBI – Side Letter Agreement]*

CONFIDENTIAL

FBG_CH1_00095212

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

QUALITOR HOLDINGS LLC

By: _____

Name:  Gary Cohen
Title:   President

**PYLON EQUITYHOLDER REPRESENTATIVE:**

QUALITOR HOLDINGS LLC

By: _____

Name:  Gary Cohen
Title:   President

*[Signature Page to IBI – Side Letter Agreement]*

CONFIDENTIAL

FBG_CH1_00095213

**DEBTORS' EXHIBIT NO. 249**
**Page 5 of 13**

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

TAE BRAKES, LLC

By: _____

Name: Shaun Mayfield
Title: President

*[Signature Page to IBI – Side Letter Agreement]*

CONFIDENTIAL

FBG_CH1_00095214

**DEBTORS' EXHIBIT NO. 249**
**Page 6 of 13**

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

PAUL JOHNSON

Name:  Paul Johnson

*[Signature Page to IBI – Side Letter Agreement]*

CONFIDENTIAL

FBG_CH1_00095215

**DEBTORS' EXHIBIT NO. 249**
**Page 7 of 13**

## Exhibit A

**Escrow Release Notice**

(See attached.)

CONFIDENTIAL                                                      FBG_CH1_00095216

JOINT RELEASE NOTICE

To: Citibank, N.A.,
as Escrow Agent
388 Greenwich St., 29th Floor
New York, New York 10013
Attn: Kerry McDonough, Director


This certificate is issued as of the 30th day of December, 2022 pursuant to Section 4(a) of that certain Escrow Agreement dated as of July 29, 2022 (the "Escrow Agreement") by and among First Brands Group, LLC, a Delaware limited liability company ("Parent"), Qualitor Holdings LLC, a Delaware limited liability company (the "Equityholder Representative"), and Citibank, N.A (the "Escrow Agent").  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Escrow Agreement.

The parties to this certificate jointly instruct the Escrow Agent to pay to the Equityholder Representative all funds currently held in the Escrow Account, by wire transfer to:

Qualitor Holdings LLC
Silicon Valley Bank
Routing Number: 121140399
Account Number: 3303853883
SWIFT: UBSWUS33

Each of the undersigned hereby represents and warrants that such Person has been authorized to execute this certificate.  This certificate may be signed in counterparts.

*[Signature Pages Follow]*

Doc#: US1:16752473v5

CONFIDENTIAL

FBG_CH1_00095217

**PARENT**:

FIRST BRANDS GROUP, LLC

By: _____
Name: Stephen Graham
Title:   Chief Financial Officer

*[Signature Page to Certificate of Escrow Joint Release Notice]*

**EQUITYHOLDER REPRESENTATIVE:**

QUALITOR HOLDINGS LLC

By: _____
Name: Gary Cohen
Title:  President

*[Signature Page to Certificate of Escrow Joint Release Notice]*

CONFIDENTIAL

FBG_CH1_00095219

## Exhibit B

## 2021 Bonus Payment Amounts

| Employee Name | Bonus Amount ($) |
|---|---|
| 1. Fretwell, Michael | 91,811.26 |
| 2. Harris, Steve | 48,264.24 |
| 3. Will Young | 30,994.29 |
| 4. Piedra, Harry | 30,924.24 |
| 5. Moreno, Carlos | 29,994.19 |
| 6. Palacios, Giselle Y | 20,970.30 |
| 7. Harris, Jason | 20,121.32 |
| 8. Kurvers, Craig | 21,108.56 |
| 9. Israel, Gary | 19,537.79 |
| 10. Bryce Pinnock, Fayon | 17,963.06 |
| 11. Cunningham, James | 18,930.57 |
| 12. Sennett, Keith | 9,455.05 |
| 13. Herceg, Stephen | 9,254.17 |
| 14. Wingate, Franklin | 8,942.49 |
| 15. Schwager, Gregory | 8,854.79 |
| 16. Imbrigiotta, Robert | 8,789.62 |
| 17. Suche, Stacey | 8,613.07 |
| 18. Bambino, Fernanda | 8,025.31 |
| 19. Ciminio, Rich | 19,505.96 |
| 20. Baquerizo, Maria Belen | 7,687.69 |
| 21. Stewart, Joe | 7,260.99 |
| 22. Hayes, Steven | 7,195.28 |
| 23. Faiber, Fran | 7,184.57 |

CONFIDENTIAL

FBG_CH1_00095220

| | |
|---|---|
| 24. Yee, Jesus | 7,098.96 |
| 25. Clark, Karen | 6,572.65 |
| 26. Aristud, Dyan | 6,528.91 |
| 27. Kawashima, Hiroshi | 6,116.66 |
| 28. Schiavone, Robert | 6,052.01 |
| 29. Laura Jacobs | 2,886.12 |
| 30. Orozco, Cristina | 5,257.62 |
| 31. Hina Patel | 2,563.51 |
| 32. Shames, Nicole | 4,631.14 |
| 33. Wagner, Randall | 4,601.17 |
| 34. Cherubin, Jepthe | 4,585.91 |
| 35. Claytor, Shaleen | 4,548.74 |
| 36. Wallen, Lori D | 4,441.13 |
| 37. Chavez, Victoria | 4,232.85 |
| 38. Kaselis, Catherine | 4,102.80 |
| 39. Jacobson,Brian | 3,978.00 |
| 40. Sumairsingh, Crystal | 3,798.63 |
| 41. Quast, Janice | 3,538.20 |
| 42. Moraes, Uiara | 3,520.26 |
| 43. Lusigan, Sylvie | 3,439.57 |
| 44. Delvania (Amie) Tyson | 1,724.41 |
| 45. Jara, Daniel | 3,042.57 |
| 46. Pena, Matthew | 2,530.04 |
| 47. Silig, Derek | 2,407.01 |
| 48. Dunn, Mark | 1,534.51 |

CONFIDENTIAL

FBG_CH1_00095221

**DEBTORS' EXHIBIT NO. 249**
**Page 13 of 13**