**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | **Re:  Docket No. 1244** |

**ORDER APPROVING THE (I) REJECTION OF CERTAIN**
**UNEXPIRED LEASES; AND (II) GRANTING RELATED RELIEF**

Pursuant to and in accordance with the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**");[2] and the Debtors having properly filed with this Court and served on the Master Notice Parties a notice (Docket No. __) (the "**Rejection Notice**") of their intent to reject the unexpired leases (the "**Leases**") identified on **Schedule 1**, attached hereto, in accordance with the terms of the Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2]   Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order.

**IT IS HEREBY ORDERED THAT:**

1.      The Leases are hereby rejected as set forth herein, effective as of the date set forth for each Lease on **Schedule 1**, attached hereto; (the "**Rejection Date**").

2.      If a Counterparty has a claim for damages as a result of the Debtors' rejection of any applicable Leases set forth in the Rejection Notice, such Counterparty must submit a proof of claim on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the entry of this Order, and (iii) any applicable date established by further order of this Court.  If no proof of claim is timely filed, such Counterparty shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.      Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) except as expressly set forth herein, an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

4.      Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

5.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6.     The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

7.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2026
         Houston, Texas

_____
Christopher Lopez
United States Bankruptcy Judge

## Schedule 1

## List of Rejected Leases[1]

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | REJECTION DATE |
|---|---|---|---|---|
| 1. | Kingsbridge Holdings, LLC | *Master Lease Agreement*, dated November 28, 2017, among Kingsbridge Holding, LLC and Champion Laboratories, Inc. (the "**Master Lease Agreement**") | Champion Laboratories, Inc. | July 31, 2026 |
| 2. | Kingsbridge Holdings, LLC | Schedule 002 to the Master Lease Agreement, dated January 31, 2018 | Champion Laboratories, Inc. | July 31, 2026 |
| 3. | Kingsbridge Holdings, LLC | Schedule 012 to the Master Lease Agreement, dated November 20, 2019 | Champion Laboratories, Inc. | July 31, 2026 |
| 4. | Kingsbridge Holdings, LLC | Schedule 013 to the Master Lease Agreement, dated November 20, 2019 | Champion Laboratories, Inc. | July 31, 2026 |

---

[1] The inclusion of a Lease on this list does not constitute an admission (i) that a particular Lease is an unexpired lease within the meaning of the Bankruptcy Code, (ii) as to the executory or non-executory nature of the Lease, (iii) as to the expired or unexpired nature of such Lease, or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Lease.