**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC,** *et al.*, | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**STIPULATION AND AGREED ORDER
REGARDING ALLOWANCE OF ADMINISTRATIVE
EXPENSE CLAIM OF SCOTLAND ENTERPRISES, INC.**

This stipulation and agreed order (the "**Stipulation and Agreed Order**") is entered into by and among (i) Trico Products Corporation ("**Trico**") and its debtor affiliates, as debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "**Debtors**") and (ii) Scotland Enterprises, Inc. ("**Scotland Enterprises**" and, together with the Debtors, the "**Parties**" and each, a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on September 24, 2025 (the "**Petition Date**"), Global Assets LLC and 12 debtor affiliates filed voluntary petitions for relief under title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") and, commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**WHEREAS**, the Bankruptcy Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

**WHEREAS**, on October 9, 2025, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (Docket No. 313) (the "**Creditors' Committee**").

**WHEREAS**, Scotland Enterprises asserted an administrative expense claim against Trico in the amount of $20,928.00 in connection with goods provided to Trico after the Petition Date, by its *Request of Scotland Enterprises, Inc. for Allowance and Payment of Administrative Expenses Under 11 U.S.C. § 503(b)(1)(A)* (Docket No. 2959) (the "**Request**").

**WHEREAS**, Scotland Enterprises also filed a proof of claim against Trico (Claim No. 2388) (the "**Proof of Claim**") asserting a prepetition claim in the amount of $500,751.59, (i) $10,464.00 of which Scotland Enterprises has asserted is entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code (the "**503(b)(9) Claim**" and, together with the postpetition administrative expense claims asserted in the Request, the "**Administrative Claims**")[2] and (ii) $490,287.59 of which Scotland Enterprises has asserted as a general unsecured claim (the "**General Unsecured Claim**").

**WHEREAS**, the Parties have entered into this Stipulation and Agreed Order with respect to the allowance and full satisfaction of the Administrative Claims asserted in the Request and the Proof of Claim by Scotland Enterprises, as set forth below, and, for the avoidance of doubt,

---

[2]   For the avoidance of doubt, the Administrative Claims do not include the General Unsecured Claims asserted in the Proof of Claim.

not with respect to the General Unsecured Claim or any other claim asserted by Scotland Enterprises.

**IT IS HEREBY STIPULATED AND ORDERED THAT:**

1.    The above recitals are fully incorporated herein and made an express part of this Stipulation and Agreed Order.

2.    This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court.

3.    Scotland Enterprises shall have an allowed administrative expense claim in the amount of $31,392.00 against Trico (the "**Allowed Administrative Claims**"), which comprises the postpetition administrative expense claim asserted in the Request and the 503(b)(9) Claim.

4.    For the avoidance of doubt, other than the Allowed Administrative Claims, all other claims for post-petition administrative expenses under Section 503(b)(1)(A) of the Bankruptcy Code filed or asserted by Scotland Enterprises shall be deemed withdrawn with prejudice and Scotland Enterprises shall not assert any other claims against the Debtors on account of the Administrative Claims; provided that, for the avoidance of doubt, all of Scotland Enterprises' rights to pursue the General Unsecured Claim asserted in the Proof of Claim, and all of the Debtors' defenses thereto, are hereby preserved.  Scotland Enterprises shall not seek payment of the Allowed Administrative Claims prior to (i) the effective date of Trico's chapter 11 plan or (ii) the dismissal of Trico's chapter 11 case or the conversion of Trico's chapter 11 case to a case under chapter 7 of the Bankruptcy Code without prior written consent of the Debtors, except

as otherwise provided in the Plan[3] or any other chapter 11 plan confirmed by the Bankruptcy Court in Trico's chapter 11 case; provided, further, that nothing in this Stipulation and Agreed Order shall constitute, or be deemed to constitute, (a) Scotland Enterprises' agreement, for purposes of section 1129(a)(9)(A) of the Bankruptcy Code, to any treatment of the Allowed Administrative Claims other than payment in full in cash, or (b) an election by Scotland Enterprises to participate in the Administrative Expense Claims Consent Program or any similar program; any such election may be made, if at all, only by Scotland Enterprises' timely submission of an election in accordance with the procedures approved by the Bankruptcy Court, and Scotland Enterprises' rights with respect to any such election are expressly reserved.

5.      Other than with respect to the Allowed Administrative Claims, the Debtors are hereby released and forever completely discharged from, and Scotland Enterprises hereby waive(s), any and all causes of action and any other debts, obligations, rights, suits, damages, actions, derivative claims, remedies, and liabilities against the Debtors whatsoever, whether known or unknown, foreseen or unforeseen, in law, at equity, or otherwise, based in whole or in part upon any act or omission, transaction, or other occurrence or circumstances existing or taking place following the Petition Date and arising from or related to the Administrative Claims or the post-petition goods that are the subject of the Administrative Claims or any other cause of action related to the Administrative Claims.  For the avoidance of doubt, nothing in this paragraph 5, specifically, or in this Stipulation and Agreed Order, generally, shall affect the validity or allowance of any prepetition claims filed by Scotland Enterprises (including the General Unsecured Claims asserted in the Proof of Claim and any claims other than the 503(b)(9) Claim alleged to be entitled to

---

[3]   "**Plan**" means the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (Docket No. 3448).

4

administrative priority under Section 503(b)(9) of the Bankruptcy Code), and all Parties reserve all rights with respect to such claims.  Furthermore, for the avoidance of doubt, nothing in this paragraph 5, specifically, or in this Stipulation and Agreed Order, generally, shall affect Scotland Enterprises' right to vote on, object to, or be heard with respect to any chapter 11 plan or disclosure statement in accordance with the solicitation and voting procedures and deadlines set forth in the *Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan, (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing, (III) Establishing Solicitation and Voting Procedures, (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures, (V) Establishing Preference Settlement Notice and Opt-In Procedures, (VI) Establishing Notice and Objection Procedures for Confirmation of Plan, and (VII) Granting Related Relief* (Docket No. 2990) (the "**Disclosure Statement Order**").

6.     The Debtors and the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("**Kroll**"), are authorized to take all actions necessary or appropriate to give effect to this Stipulation and Agreed Order, and Kroll is authorized to update the claims register to reflect the terms of, and in accordance with, this Stipulation and Agreed Order.

7.     Except as otherwise provided expressly herein, nothing contained in this Stipulation and Agreed Order shall (i) create, nor is anything herein intended to create, any rights in favor of or enhance the status of any Claim (as that term is defined in section 101(5) of the Bankruptcy Code) or any other cause of action held by any other person or entity or (ii) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim, except for the allowance and priority of the Allowed Administrative Claims in favor of Scotland

Enterprises.  For the avoidance of doubt, nothing in this Stipulation and Agreed Order shall impair, waive, limit, or prejudice the General Unsecured Claim or any of the Debtors' defenses thereto, all of which are expressly preserved.

8.      Except as otherwise provided expressly herein, nothing in this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication, admission, or finding that any particular claim is an administrative expense claim, secured claim, other priority claim, or unsecured claim; (v) a request or authorization to assume or assign any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of the Debtors' or any other party in interest's claims, rights, remedies, or defenses under the Bankruptcy Code or any other applicable law; or (viii) an admission of liability by the Debtors or any of their affiliates regarding any claim or cause of action arising from or in relation to any claims (other than the Allowed Administrative Claims) or any other matter.

9.      For the avoidance of doubt, nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim that have or may be filed by Scotland Enterprises or any other party in the Debtors' chapter 11 cases.

10.      Notwithstanding anything to the contrary herein, any and all of the Debtors' rights of setoff, recoupment, and any and all potential Claims (as that term is defined in section

101(5) of the Bankruptcy Code) and causes of action of the Debtors and/or the Creditors' Committee, including under chapter 5 of the Bankruptcy Code or applicable law, are expressly preserved.

11. Notwithstanding anything to the contrary herein, and except with respect to the Allowed Administrative Claims as expressly provided herein, all rights, claims, defenses, counterclaims, and remedies of Scotland Enterprises, and all of the Debtors' defenses thereto, are expressly preserved, including, without limitation: (i) the General Unsecured Claim; (ii) all rights and defenses of Scotland Enterprises with respect to any claim, setoff, recoupment, or cause of action asserted against it, including any avoidance action under chapter 5 of the Bankruptcy Code; and (iii) Scotland Enterprises' other rights as a creditor and party in interest, including the right to vote on, object to, and be heard with respect to any chapter 11 plan or disclosure statement in accordance with the solicitation and voting procedures and deadlines set forth in the Disclosure Statement Order or other matter in these chapter 11 cases.

12. This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.  This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

13. The Parties agree to bear their own costs and fees incurred in connection with this Stipulation and Agreed Order.

14. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

15. The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

16. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

17. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

18. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

Dated: _____, 2026

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**

Dated:  August 14, 2026

 */s/  Clifford W. Carlson*
WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 546-5000
Email: Gabriel.Morgan@weil.com
         Clifford.Carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  matt.barr@weil.com
        sunny.singh@weil.com
        andriana.georgallas@weil.com
        kevin.bostel@weil.com
        jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

Dated: August 14, 2026

 */s/  Philip D. Racusin*
HENDERSHOT COWART P.C.
Simon W. Hendershot, III
State Bar No. 09417200
Philip D. Racusin
State Bar No. 24054267
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:   (713) 783-2809
Email: trey@hchlawyers.com
        pracusin@hchlawyers.com

*Attorneys for Scotland Enterprises, Inc.*