**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al*.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET TO THE THIRD INTERIM FEE APPLICATION OF
BROWN RUDNICK LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF FIRST BRANDS GROUP, LLC, ET AL.,
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT
OF EXPENSES INCURRED DURING THE PERIOD FROM APRIL 1, 2026
THROUGH AND INCLUDING JUNE 30, 2026**

| | | |
|---|---|---|
| Name of Applicant: | Brown Rudnick LLP ("Brown Rudnick") | |
| Applicant's Role in Case: | Co-Counsel to the Official Committee of Unsecured Creditors (the "Committee") | |
| Date Order of Employment Signed: | December 8, 2025, effective *nunc pro tunc* as of October 13, 2025 [Docket No. 891] | |
| Interim Application    (X)<br>Final Application    ( ) | Third Interim Fee Application | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application: | 4/1/2026 | 6/30/2026 |
| Time period(s) covered by prior Applications: | 10/13/2025 | 3/31/2026 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? | Yes | |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? | Yes | |

---

[1]    A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these Chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? | Yes |
| Do expense reimbursements represent actual and necessary expenses incurred? | Yes |
| **Compensation Breakdown for the Interim Fee Period Covered by the Interim Fee Application** | |
| Total attorney fees requested in this Application: | $5,103,513.80[2] |
| Total attorney hours covered by this Application: | 3,547.5 |
| Average attorney hourly rate covered by this Application: | $1,438.622 |
| Total paraprofessional fees requested in this Application: | $66,547.00 |
| Total paraprofessional hours covered by this Application: | 129.2 |
| Average paraprofessional hourly rate covered by this Application: | $515.07 |
| Total fees requested in this Application: | $5,170,060.80[3] |
| Reimbursable expenses incurred by Brown Rudnick sought in this Application: | $222,276.21 |
| **Total fees and expenses requested in the Application:** | **$5,392,337.01** |
| Total Fees Requested to Date: | $26,416,862.20 |
| Total Fees Paid to Date: | $25,392,846.04 |
| Total Disbursements Requested to Date: | $833,695.61[4] |
| Total Disbursements Paid to Date: | $833,695.61 |
| **Holdbacks and Other Amounts Due:** | **$1,024,016.16** |
| Date of confirmation hearing: | July 28, 2026 |
| Indicate whether plan has been confirmed: | No |
| **Plan Status:** On June 12, 2026, the Court entered an order [Docket No. 2990]: (a) scheduling a combined hearing on July 28, 2026, to approve the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (including any exhibits and schedules thereto and as may be modified, amended, or supplemented, the "<u>Disclosure Statement</u>") [Docket No. 2982] on a final basis and consider confirmation of the *Joint Chapter* | |

---

[2] Includes a credit of $12,495.00 for amounts erroneously billed by Brown Rudnick in its Eighth Monthly Fee Application.

[3] During the fee period covered by this Third Interim Fee Application, Brown Rudnick reduced its requested fee compensation by $58,396.00. This deduction pertains to, among other things, voluntary reductions for transient timekeepers and certain other fee application preparation time that is non-compensable under the guidelines promulgated by the Office of the United States Trustee.

[4] Excludes $4,527.23 in Committee member expense reimbursements.

*11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (including any exhibits and schedules thereto and as may be modified, amended, or supplemented, the "Plan") [Docket No. 2981]; (b) conditionally approving the Disclosure Statement and form and manner of notice of the Combined Hearing; (c) establishing solicitation and voting procedures; (d) establishing notice and opt-in procedures for the administrative expense claims consent program; (e) establishing notice and opt-in procedures for the preference settlement; (f) establishing notice and objections procedures for Plan confirmation; and (g) granting related relief. The Debtors filed solicitation versions of the Plan [Docket No. 3019] and the Disclosure Statement [Docket No. 3020] on June 16 and 17, 2026, respectively. The confirmation hearing commenced on July 28, 2026, and concluded on August 7, 2026. Upon the conclusion of the confirmation hearing, the Court took the matter under advisement.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al*.,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**THIRD INTERIM FEE APPLICATION OF BROWN RUDNICK LLP AS CO-COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST
BRANDS GROUP, LLC, ET AL., FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD
FROM APRIL 1, 2026 THROUGH AND INCLUDING JUNE 30, 2026**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov within twenty-one (21) days from the date this application was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within twenty-one (21) days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Brown Rudnick LLP ("Brown Rudnick"), as Co-Counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned matter, hereby files its third interim fee application for allowance of compensation for professional services rendered in the amount of $5,170,060.80 and expenses incurred by Brown Rudnick in the amount of $222,276.21 for the period of April 1, 2026 through June 30, 2026 (the "Interim Fee Period") pursuant to sections 330 and 331 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Federal Rules"), and Rule 2016-1

---

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these Chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 699] (the "Interim Compensation Order"), and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines"). In support of this application (the "Application"), Brown Rudnick submits the declaration of Bennett S. Silverberg (the "Silverberg Declaration") attached hereto as **Exhibit A** and a proposed order granting the Application attached hereto as **Exhibit B**. In further support of this Application, Brown Rudnick respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules, Local Rule 2016-1 of the Local Rules, and the Interim Compensation Order.

## BACKGROUND

3. The Debtors each filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court") between September 24 and 28, 2025 (the "Petition Date").

4. The Debtors continue to operate and manage their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2

5. On October 9, 2025, the Office of the United States Trustee (the "U.S. Trustee") filed the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 313] appointing nine eligible creditors to the Committee. On October 13, 2025, the Committee selected Brown Rudnick to serve as its co-counsel in these cases.

6. On November 12, 2025, the Committee filed the *Application for Order Authorizing the Employment and Retention of Brown Rudnick LLP as Co-Counsel for the Official Committee of Unsecured Creditors of First Brands Group. LLC, et al., as of October 13, 2025* (the "Retention Application") [Docket No. 650]. On December 8, 2025, the Court entered an order approving the Retention Application [Docket No. 891].

7. This Application is Brown Rudnick's third interim fee application for allowance of compensation for services rendered and for reimbursement of expenses. Brown Rudnick has previously sought interim compensation through the service of three (3) monthly fee applications covering the period from April 1, 2026 through June 30, 2026 (collectively, the "Monthly Fee Applications") in accordance with the Interim Compensation Order. Pursuant to the Interim Compensation Order, the Monthly Fee Applications were served upon the Fee Notice Parties (as defined therein).

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

8. Pursuant to this Application, Brown Rudnick seeks interim allowance of $5,170,060.80 in fees calculated at the hourly billing rates of Brown Rudnick's personnel who worked on this case, and $222,276.21 in expenses actually and necessarily incurred by Brown Rudnick in connection with services provided to the Committee during the Interim Fee Period. During the Interim Fee Period, Brown Rudnick attorneys and paraprofessionals expended a total of 3,676.7 hours for which compensation is requested.

9. The fees charged by Brown Rudnick in this case are billed in accordance with Brown Rudnick's existing billing rates and procedures in effect during the Interim Fee Period. The rates Brown Rudnick charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases generally are the same rates Brown Rudnick charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy-related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and similar complex non-bankruptcy cases.

10. Attached hereto as **Exhibit C** is a schedule of the total amount of fees incurred under each of Brown Rudnick's internal task codes during the Interim Fee Period.

11. Attached hereto as **Exhibit D** is a summary breakdown of hours and amounts billed by timekeeper.  This summary identifies those Brown Rudnick professionals, paraprofessionals, and other non-legal staff who have performed services for the Committee during the Interim Fee Period, the capacities in which each individual is employed by Brown Rudnick, the department in which each individual practices, the hourly billing rate charged by Brown Rudnick for services performed by such individual, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended during the Interim Fee Period.

12. Attached hereto as **Exhibit E** is a summary setting forth the total amount of reimbursement sought with respect to each category of expenses during the Interim Fee Period.

13. Brown Rudnick maintains computerized records of the time spent by all Brown Rudnick attorneys and paraprofessionals in connection with these Chapter 11 cases.  Copies of these computerized records were served with Brown Rudnick's Monthly Fee Applications consistent with the Interim Compensation Order.

4

14. Brown Rudnick reserves the right to request additional compensation for the Interim Fee Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

## SUMMARY OF SERVICES RENDERED

15. The services rendered by Brown Rudnick during these cases can be grouped into the categories set forth below. Brown Rudnick attempted to place the services provided in the category that best related to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. The following provides narrative descriptions of project categories to which attorneys and paraprofessionals of Brown Rudnick dedicated the most significant time (*i.e.*, time charges in excess of $50,000 in the aggregate) during the Interim Fee Period.

**A.** **Plan and Disclosure Statement: Fees: $2,616,705.50; Total Hours: 1,579.9.**

These fees pertain to the Committee's continued work developing and prosecuting Chapter 11 exit strategies for the Debtors.

On June 12, 2026, the Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "Plan") [Docket No. 2981] and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "Disclosure Statement") [Docket No. 2982]. The Court commenced the combined hearing to consider the adequacy of the Disclosure Statement and confirmation of the Plan on July 28, 2026. The combined hearing concluded on August 7, 2026, after which the Court took the matter under advisement.

Leading up to the hearing, the Committee worked alongside the Debtors and the ad hoc group of lenders (the "Ad Hoc Group") to prepare for the confirmation hearing. This included,

among other things, responding to discovery requests, monitoring the depositions of the Debtors'

anticipated witnesses at the combined hearing, and finalizing the Plan supplement documents.

**B.**      <u>Committee Investigation (Non-Lenders): Fees: $1,330,304.00; Total Hours: 1,164.9.</u>

These fees pertain to the Committee's continued investigation into and analysis of claims

and causes of action following from the circumstances leading to the commencement of these

Chapter 11 cases, including the widely reported conduct of certain of the Debtors' former directors

and officers, as well as third-party participants.

The Committee's investigation continued to be extensive during the Interim Fee Period.

During the Interim Fee Period, Brown Rudnick conducted considerable research into potential

claims and causes of action held by the Debtors' estates and coordinated with other Committee

and case professionals regarding its findings.

Brown Rudnick, in coordination with other Committee professionals, also spent significant

time during the Interim Fee Period distilling its findings into several presentations for the benefit

of the Committee and certain other case parties.

**C.**      <u>Insurance: Fees: $585,897.50; Total Hours: 393.9.</u>

These fees pertain to the Committee's ongoing litigation in the United States District Court

for the Southern District of Texas (the "<u>District Court</u>") concerning certain of the Debtors' D&O

insurance assets (Case No. 4:26-cv-00513) (the "<u>Insurance Appeal</u>").  Among other things, during

the Interim Fee Period, Brown Rudnick, on behalf of the Committee, devoted attention to

preparation of its responsive appellate brief in anticipation of the appellants' opening brief, as well

as a Bankruptcy Rule 9024 motion for relief in connection to the *May 29, 2026 Order* issued by

this Court [Docket No. 2845].

**D.**     <u>Meetings and Communications with UCC: Fees: $116,555.50; Total Hours: 74.6.</u>

These fees pertain to Brown Rudnick's continued efforts to ensure that the Committee is adequately informed regarding the status of these Chapter 11 cases, including updates on the Committee's investigation and potential options for the Debtors' exit from Chapter 11. Counsel provided regular briefings to the Committee on plan progress, investigation status, and hearing preparation, prepared meeting materials, and coordinated member input and direction.

These fees also include time spent preparing non-meeting communications, including providing regular written case updates, agendas, and other updates and analyses for the Committee's consideration and benefit.

**E.**     <u>Hearings: Fees: $106,726.00; Total Hours: 73.1.</u>

These fees pertain to the Committee's preparation for and participation at hearings during these Chapter 11 cases.  Brown Rudnick, on behalf of the Committee, attended and participated in a number of hearings and status conferences during the Interim Fee Period, including regarding the *United States Trustee's Motion to Convert or Dismiss Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 2670], conditional approval of the Disclosure Statement under the *Emergency Motion of Debtors for Entry of Order (I) Scheduling Combined Hearing on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan; (II) Conditionally Approving Disclosure Statement and Form and Manner of Notice of Conditional Disclosure Statement Hearing; (III) Establishing Solicitation and Voting Procedures; (IV) Establishing Administrative Expense Claims Consent Program Notice and Opt-In Procedures; (V) Establishing Preference Settlement Notice and Opt-In Procedures; (VI) Establishing Notice and Objection Procedures for Confirmation of Plan; and (VII) Granting Related Relief* [Docket No. 2914], *Aequum Capital Financial II LLC's Motion to Dismiss* [Bank of America Adversary Docket No. 22] in the adversary proceeding between Bank of America and Aequum Capital Financial II LLC, and *Plaintiffs' Motion to Consolidate Related*

7

*Actions and Appoint Interim Co-Lead Class Counsel* (Tapia Adversary Docket No. 42; Garza Adversary Docket No. 27) in the WARN Act adversary proceedings.

**F.      Case Administration: Fees: $70,785.00; Total Hours: 131.4.**

These fees pertain to the general administration of Committee matters rendered by Brown Rudnick.  This work covers day-to-day case management, including docket monitoring, scheduling and coordination of filings and service, and maintaining the infrastructure necessary to support the Committee's plan, investigation, and hearing efforts.

**G.      Employment and Fee Applications: Fees: $65,800.00; Total Hours: 70.1.**

These fees pertain to Brown Rudnick's preparation and submission of its Monthly Fee Applications and Brown Rudnick's Second Interim Fee Application [Docket No. 2574] in accordance with the Interim Compensation Order [Docket No. 699].  Counsel prepared monthly fee statements and interim applications and reviewed other professionals' fee materials for compliance with the Court's interim compensation procedures.

**H.      Tax: Fees: $59,387.00; Total Hours: 33.9.**

These fees include all services rendered by Brown Rudnick in evaluating the tax implications of the Plan and negotiations of the Litigation Trust Agreement and other ancillary documentation.

**I.      Asset Sales and Disposition: Fees: $57,677.50; Total Hours: 41.3.**

These fees reflect review of sale transactions proposed by the Debtors as they proceeded to wind down their businesses.

**J.      Non-Working Travel: Fees: $53,661.80; Total Hours: 49.9.**

These fees include non-working travel time to hearings, as well as to meetings with the Debtors and Ad Hoc Group representatives to develop the Plan confirmation prosecution strategy and post-confirmation pursuit of estate causes of action.

8

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES

16.     Brown Rudnick incurred $222,276.21 as actual and necessary expenses in providing professional services during the Interim Fee Period.  None of these expenses exceeds the maximum rate set by the U.S. Trustee Guidelines.  These charges are intended to cover Brown Rudnick's direct costs, which costs are not incorporated into the Brown Rudnick hourly fees.  Only clients who use services of the types for which reimbursement is sought are separately charged for such service.

17.     Brown Rudnick asserts that the foregoing services were necessary to the administration of the cases and were beneficial to the Committee at the time which the services were rendered.  All services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed.  A summary of Brown Rudnick's expenses incurred during the Interim Fee Period is provided in **Exhibit E**.

## SUPPORTING DOCUMENTATION

18.     As noted above, Brown Rudnick was retained to serve in the capacity of co-counsel to the Committee by order of this Court dated December 8, 2025, which retention was effective *nunc pro tunc* as of October 13, 2025.

19.     This Application represents Brown Rudnick's third interim fee application as co-counsel to the Committee and covers the period from April 1, 2026, through and including June 30, 2026.

20.     The computerized time sheets included with the Monthly Fee Applications attached hereto as **Exhibit F**, **Exhibit G**, and **Exhibit H** detail the services rendered by the members and associates of Brown Rudnick, the hourly rate charged by each member, associate or paralegal, and the actual time expended in the performance of such services.  Said time sheets reflect that Brown Rudnick has expended 3,676.7 hours in performing services for the Committee, resulting in

9

charges of $5,170,060.80.[2]  The blended hourly rate charged herein is $1,406.17, which Brown Rudnick believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

21.    The Monthly Fee Applications also include a detailed breakdown of all out-of-pocket disbursements incurred by Brown Rudnick in the performance of its duties as counsel to the Committee, which total $222,276.21.  In the normal course of Brown Rudnick's practice, expenses are only charged after the expenses are actually incurred by Brown Rudnick.

22.    The following Monthly Fee Applications which comprise this Application were served pursuant to the Interim Compensation Order:

| Date Served | Filing Period | Total Fees (at 100%) | 20% Holdback | Fees Requested (at 80%) | Expenses Requested (at 100%) |
|---|---|---|---|---|---|
| (Seventh) 5/29/2026 | April 1, 2026 – April 30, 2026 | $1,813,477.00 | $362,695.40 | $1,450,781.60 | $81,210.43 |
| (Eighth) 7/6/2026 | May 1, 2026 – May 31, 2026 | $2,356,239.80 | $471,247.96 | $1,884,991.84 | $77,259.65 |
| (Ninth) 7/14/2026 | June 1, 2026 – June 30, 2026 | $1,000,344.00 | $200,068.80 | $800,275.20 | $63,806.13 |
| **TOTAL** | | **$5,170,060.80** | **$1,034,012.16** | **$4,136,048.64** | **$222,276.21** |

## BASIS FOR THE RELIEF REQUESTED

23.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code

---

[2]    Exhibit G attaches Brown Rudnick's Eighth Monthly Fee Application as originally served, which includes $12,495.00 that had originally been billed in error and which Brown Rudnick does not seek approval of in this Third Interim Application. This Third Interim Fee Application reflects a credit of this amount.

"reasonable compensation for actual necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to ... [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> A.    the time spent on such services;
>
> B.    the rates charged for such services;
>
> C.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> D.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> E.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> F.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

24.    Under the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, Brown Rudnick submits that its request for compensation and reimbursement of expenses is for services that were, at the time rendered, believed to be necessary, reasonable, and proper, and that such request should be allowed in the requested amount. The professional services rendered by Brown Rudnick on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, to deal with the many issues encountered with skill and dispatch.

11

25. Brown Rudnick submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Committee. Brown Rudnick further believes that it performed the services for the Committee economically, effectively, and efficiently. Brown Rudnick further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee and all parties in interest.

26. Brown Rudnick submits that the attorneys providing services to the Committee in these Chapter 11 cases have demonstrated skill and experience in the bankruptcy field. Brown Rudnick's attorneys practice extensively in the fields of bankruptcy and corporate restructuring, litigation, real estate, tax, corporate, finance and business transactions, employment, environmental, and other related areas of the law. Brown Rudnick has represented creditors' committees, creditors, debtors, fiduciaries, and numerous other parties in cases in bankruptcy courts throughout the country.

27. The services rendered by Brown Rudnick were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

28. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Brown Rudnick respectfully requests that the Court: (i) approve the allowance of $5,170,060.80 for compensation for professional services rendered to the Committee by Brown Rudnick during the Interim Fee Period from April 1, 2026 through and including June 30, 2026; (ii) approve the reimbursement of $222,276.21 for Brown Rudnick's out-of-pocket expenses incurred in connection with the rendering of such services during the Interim Fee Period from April 1, 2026 through and including June 30, 2026; (iii) authorize and direct the immediate payment to Brown Rudnick the unpaid portion of such allowed fees and expenses; and (iv) award such other relief as the Court deems just and proper.

[*remainder of page left intentionally blank*]

13

Dated: August 14, 2026
Houston, Texas

Respectfully submitted,

*/s/ Bennett S. Silverberg*
Robert J. Stark, Esq. (admitted *pro hac vice*)
Jeffrey L. Jonas, Esq. (admitted *pro hac vice*)
Michael S. Winograd, Esq. (admitted *pro hac vice*)
Bennett S. Silverberg, Esq. (admitted *pro hac vice*)
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Andrew M. Carty, Esq. (admitted *pro hac vice*)
Hayden A. Miller, Esq. (admitted *pro hac vice*)
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
rstark@brownrudnick.com
jjonas@brownrudnick.com
mwinograd@brownrudnick.com
bsilverberg@brownrudnick.com
kaulet@brownrudnick.com
acarty@brownrudnick.com
hmiller@brownrudnick.com

Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
Matthew A. Sawyer, Esq. (admitted *pro hac vice*)
**BROWN RUDNICK LLP**
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
taxelrod@brownrudnick.com
msawyer@brownrudnick.com

*Counsel to the Official Committee
of Unsecured Creditors*

14

## **Certificate of Service**

I certify that on August 14, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Aaron D. Davidson*
Aaron D. Davidson