**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | Case No. 25-90399 (CML) |
| Debtors. | (Jointly Administered) |

**SUMMARY COVER SHEET FOR THIRD INTERIM FEE A
PPLICATION OF COLE SCHOTZ P.C. FOR COMPENSATION FOR
SERVICES AND REIMBURSEMENT OF EXPENSES AS EFFICIENCY
AND LOCAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR THE PERIOD FROM APRIL 1, 2026 THROUGH JUNE 30, 2026**

| | | |
|---|---|---|
| **Name of Applicant:** | Cole Schotz P.C. | |
| **Applicant's Role in Case:** | Efficiency and Local Counsel to the Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | 12/8/25 [Docket No. 892] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 04/1/26 | 06/30/26 |
| **Time period(s) covered by prior Applications:** | 10/13/25 | 03/31/26 |
| **Total amounts awarded in all prior Applications:** | | $2,595,497.36 |
| **Total fees requested in this Application:** | | $333,887.50 |
| **Total professional fees requested in this Application:** | | $297,257.50 |

---

[1]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| **Total actual professional hours covered by this Application:** | 348.1 |
| **Average hourly rate for professionals:** | $853.94 |
| **Total paraprofessional fees requested in this Application:** | $36,630.00 |
| **Total actual paraprofessional hours covered by this Application:** | 86.2 |
| **Average hourly rate for paraprofessionals:** | $424.94 |
| **Reimbursable expenses sought in this Application:** | $2,398.87 |
| **Total to be Paid to Priority Unsecured Creditors:** | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | N/A |
| **Total to be Paid to General Unsecured Creditors:** | N/A |
| **Anticipated % Dividend to General Unsecured Creditors:** | N/A |
| **Date of Confirmation Hearing:** | July 28-30 and August 7, 2026 |
| **Indicate whether plan has been confirmed:** | No |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | Case No. 25-90399 (CML) |
| Debtors. | (Jointly Administered) |

**THIRD INTERIM FEE APPLICATION OF COLE
SCHOTZ P.C. FOR COMPENSATION FOR SERVICES
AND REIMBURSEMENT OF EXPENSES AS EFFICIENCY AND LOCAL
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR THE PERIOD FROM APRIL 1, 2026 THROUGH JUNE 30, 2026**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING.  UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED.  IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), the *Court Procedures* for Judge Christopher M. Lopez (the "Court Procedures"), the *U.S. Trustee Guidelines for Reviewing Applications for*

---

[1]   A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands.  The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

*Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "<u>UST Fee Guidelines</u>" and, collectively with the Court Procedures, the "<u>Fee Guidelines</u>"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 699] entered by the Court on November 17, 2025 (the "<u>Interim Compensation Order</u>"), Cole Schotz P.C. ("<u>Cole Schotz</u>"), efficiency and local counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), hereby files this interim fee application (this "<u>Application</u>") for interim allowance of $333,887.50 for services rendered and $2,398.87 for expenses incurred in these cases for the period from April 1, 2026 to June 30, 2026 (the "<u>Interim Fee Period</u>").  A proposed form of granting the relief requested herein is attached hereto as **Exhibit A**.  In support of this Application, Cole Schotz respectfully submits the declaration of Seth Van Aalten (the "<u>Van Aalten Declaration</u>"), attached hereto as **Exhibit B**, and states as follows:

<u>**Jurisdiction and Venue**</u>

1. The Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**Background**</u>

A. **General Background**

2. On September 24, 2025, Global Assets LLC and 12 of the Debtors in the above-captioned chapter 11 cases each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  Commencing on September 28, 2025, First Brands Group, LLC and the

2

remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On September 29, 2025, the Court entered an order [Docket No. 9], authorizing joint administration of these chapter 11 cases (the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b).

3.        On October 9, 2025, the Office of the United States Trustee for Region 7 (the "U.S. Trustee") appointed a nine-member Committee consisting of: (i) First-Citizens Bank & Trust Company; (ii) Motion Industries; (iii) Napier Park Global Capital (US) LP; (iv) Pension Benefit Guaranty Corporation; (v) Raistone Purchasing LLC-Series XXVIII; (vi) Yusin Brake Corporation; (vii) Fasanara Capital; (viii) Transend Logistics, LLC; and (ix) T.H.I. Group (Shanghai) LTD.  *See* Docket No. 313.  The Committee selected Raistone Purchasing LLC-Series XXVIII as the chairperson of the Committee.[2]

**B.        The Committee's Retention of Cole Schotz**

4.        On December 8, 2025, the Court entered the *Order Authorizing the Employment and Retention of Cole Schotz P.C. as Efficiency and Local Counsel to the Committee Effective as of October 13, 2025* [Docket No. 892] (the "Retention Order").

5.        Among other things, the Retention Order authorizes the Debtors to compensate and reimburse Cole Schotz in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases.  The Retention Order also authorizes the compensation of Cole Schotz at its standard hourly rates and the reimbursement of Cole Schotz's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

---

[2] Raistone Purchasing LLC resigned from the Committee on or about February 24, 2026.

**Summary of Professional Compensation
and Reimbursement of Expenses Requested**

6.      A summary of Cole Schotz monthly statements subject to this Application is set forth as follows:

| Period | Fees Incurred | Fees Paid to Date | Expenses Incurred | Expenses Paid to Date | Total Fees and Expenses Incurred |
|---|---|---|---|---|---|
| 04/01/2026 – 04/30/2026 | $138,614.00 | $110,891.20 | $1,235.65 | $1,235.65 | $139,849.65 |
| 05/01/2026 – 05/31/2026 | $118,882.00 | $95,105.60 | $320.67 | $320.67 | $119,202.67 |
| 06/01/2026 – 06/30/2026 | $76,391.50 | $61,113.20 | $842.55 | $842.55 | $77,234.05 |

7.      By this Application, Cole Schotz seeks interim allowance of compensation for professional services performed during the Interim Fee Period in the amount of $333,887.50 and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $2,398.87.  During the Interim Fee Period, Cole Schotz attorneys, paraprofessionals, and non-legal staff expended a total of 434.3 hours in connection with the necessary services performed.

8.      The fees charged by Cole Schotz in these Chapter 11 Cases were billed in accordance with Cole Schotz existing billing rates and procedures in effect during the Interim Fee Period.  The rates Cole Schotz charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are no greater than the rates Cole Schotz charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy matters in a competitive national legal market.

**Supporting Documents**

9.     Attached hereto as **Exhibit B** is the Van Aalten Declaration regarding Cole Schotz compliance with the Fee Guidelines.

10.     Attached hereto as **Exhibit C** is a summary of hours billed by Cole Schotz attorneys and paraprofessionals for the Interim Fee Period.

11.     Attached hereto as **Exhibit D** is an itemization of services rendered by project category for the Interim Fee Period.

12.     Attached hereto as **Exhibit E** is a summary of expenses incurred by Cole Schotz during the Interim Fee Period,

13.     Attached hereto as **Exhibit F** are Cole Schotz corresponding invoices for the Interim Fee Period.

14.     Attached hereto as **Exhibit G** is the customary and comparable compensation disclosures chart.

**Summary of Professional Services
Rendered During Interim Fee Period**

15.     The following narrative provides a brief summary of the services rendered by Cole Schotz on behalf of the Committee organized by project category.  The summary that follows is not intended to be a detailed description of the work performed by Cole Schotz during the Interim Fee Period, as those day-to-day services and the time expended in performing such services are fully set forth in the invoices that are attached hereto in **Exhibit F**.  Rather, the following summary attempts to highlight certain of those areas in which services were provided to the Committee.

### A.        Committee Matters and Creditor Meetings

Fees: $12,300.00                    Hours: 14.1

16.      This category includes time spent attending and preparing for meetings with the Committee and communicating with Brown Rudnick LLP ("Brown Rudnick"), M3 Advisory Partners, LP ("M3"), Ducera Partners LLC ("Ducera"), Nardello & Co. LLC ("Nardello" and, collectively with Brown Rudnick, Cole Schotz, M3, Ducera, and Nardello, the "Committee Professionals") regarding Committee matters.

### B.        Document Review/Committee Investigation

Fees: $75,919.00                    Hours: 95.5

17.      This category includes time spent reviewing documents, investigating the circumstances leading to these Chapter 11 Cases, including the prepetition credit facilities, and preparing materials regarding the forgoing.

### C.        Fee Application Matters/ Objections

Fees: $36,214.00                    Hours: 58.2

18.      This category includes time spent preparing Cole Schotz's monthly fee statements and first interim fee application.  The category also includes time spent reviewing, commenting on, and filing other Committee Professional's first interim fee applications.

### D.        Litigation/Gen. (Except Automatic Stay)

Fees: $55,832.50                    Hours: 84.9

19.      This category includes time spent: (i) reviewing and analyzing pleadings filed in, or related to, the adversary proceeding filed by Bank of America, Wilmington Savings Fund Society, and GLAS USA against Aequum Capital, (ii) reviewing and analyzing Aequum Capital's objection to the Committee's standing motion, and (iii) corresponding and coordinating with certain Committee Professionals regarding the foregoing.

6

**E.      Preparation for and Attendance at Hearings**

Fees: $37,534.50                    Hours: 55.0

20.      This category includes time spent preparing for and attending hearings held in these Chapter 11 Cases.

**F.      Reorganization Plan**

Fees: $61,508.50                    Hours: 61.4

21.      This category includes time spent (i) reviewing drafts of the plan and various documents related thereto and (ii) calls and correspondence with Committee Professionals regarding the foregoing.

**Summary of Actual and Necessary
Expenses Incurred During the Interim Fee Period**

22.      Cole Schotz incurred out-of-pocket expenses during the Interim Fee Period in the amount of $2,398.87.  Attached hereto as **Exhibit E** is a description of the expenses actually incurred by Cole Schotz in the performance of services rendered as efficiency and local counsel to the Committee.  The expenses are broken down into categories of charges, including but not limited to the following charges: photocopying, filing fees, court fees, online research, and lien/litigation work.  It is Cole Schotz policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case.  Cole Schotz charges for these expenses in a manner and at rates consistent with charges made generally to its other clients.

**Basis for the Relief Requested**

23.      Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy

7

Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

24.     The Fifth Circuit Court of Appeals has held that lower courts should consider the six factors found in section 330(a)(3) of the Bankruptcy Code when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

25.     Cole Schotz submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount. Cole Schotz devoted a substantial amount of time and effort addressing the numerous issues involved in these Chapter 11 Cases during the Interim Fee Period. Whenever possible, Cole Schotz sought to minimize the costs of its services to the Committee by utilizing junior attorneys and paraprofessionals to handle the more routine aspects of case administration.

26.     Cole Schotz respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary and beneficial to effectively represent the Committee and were performed economically, effectively and efficiently.  Accordingly, Cole Schotz submits that the compensation requested is reasonable in light of the nature, extent, and value of such services provided to the Committee and approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## **Notice**

27.     Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

[*Remainder of Page Intentionally Left Blank*]

**Conclusion**

28.     Cole Schotz respectfully requests that the Court: (i) approve, on an interim basis, the allowance of $333,887.50 in compensation for professional services rendered to the Committee by Cole Schotz during the Interim Fee Period; (ii) approve, on an interim basis, the reimbursement of $2,398.87 for Cole Schotz's out-of-pocket expenses incurred in connection with the rendering of such services to the Committee during the Interim Fee Period; (iii) authorize and direct the Debtors to immediately pay to Cole Schotz the unpaid portion of such allowed fees and expenses; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Aaron D. Davidson*

Aaron D. Davidson, Esq.
Texas Bar No. 24007080
Seth Van Aalten, Esq. (admitted *pro hac vice*)
Justin R. Alberto, Esq. (admitted *pro hac vice*)
**COLE SCHOTZ P.C.**
901 Main Street, Suite 4120
Dallas, TX 75202
Tel:     (469) 557-9390
Fax:     (469) 533-1587
iphillips@coleschotz.com
svanaalten@coleschotz.com
jalberto@coleschotz.com

*Efficiency and Local Counsel to the Official Committee of Unsecured Creditors of First Brands Group, LLC, et al.*

10

## **Certificate of Service**

I hereby certify that on August 14, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Aaron D. Davidson*
Aaron D. Davidson