**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**STIPULATION AND AGREED ORDER BETWEEN**
**DEBTORS AND 1995 BILLY MITCHELL BOULEVARD INC.**
**REGARDING ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), and 1995 Billy Mitchell Boulevard Inc. (the "**Sublandlord**" and, together with the Debtors, the "**Parties**") hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**") as follows:

**RECITALS**

A. On September 24, 2025, Global Assets LLC and twelve (12) debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"). Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

B. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

No trustee has been appointed in these chapter 11 cases. On October 9, 2025, the United States Trustee for Region 7 appointed an official committee of unsecured creditors (the "**Creditors' Committee**") (Docket No. 113).

C. The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

D. The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E. Trico Technologies Corporation (the "**Debtor Subtenant**") is the subtenant of Sublandlord with respect to certain nonresidential real property located at 1995 Billy Mitchell Boulevard, Brownsville, TX 78521 (the "**Leased Premises**") pursuant to that certain *Sublease* dated December 24, 2015 between the Parties (as may have been amended, modified, or supplemented from time to time, the "**Sublease**"). The Sublease is derived from and subject to that certain *Brownsville/South Padre Island International Airport Industrial Site Lease dated* April 18, 1986 (as may have been amended, modified, or supplemented from time to time, the "**Master Lease**"), between the City of Brownsville, as master landlord, and Debtor Subtenant (as successor-in-interest to Trico Manufacturing Corporation). Accordingly, Debtor Subtenant's rights as subtenant arise under and are governed by the Sublease, which incorporates and remains subordinate to the applicable provisions of the Master Lease.

F. On April 23, 2026, the Bankruptcy Court entered the *Stipulation and Agreed Order Between Debtors and 1995 Billy Mitchell Boulevard Inc. Extending Time to Assume or Reject*

*Lease of Nonresidential Real Property* (Docket No. 2524), extending the period within which the Debtors may assume or reject unexpired leases of nonresidential real property through and including October 31, 2026.

G. The Parties have entered into this Stipulation and Agreed Order with respect to the allowance of an administrative expense claim for accrued, but not yet due, 2026 real estate taxes (the "**2026 Real Estate Taxes**"), as set forth below.

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this Stipulation and Agreed Order, it is hereby **ORDERED** that:

1. This Stipulation and Agreed Order shall have no force or effect unless and until approved by the Bankruptcy Court.

2. Sublandlord shall have an allowed administrative expense claim against Debtor Subtenant for any 2026 real property tax payment obligation allocable to the Debtors' postpetition occupancy of the Leased Premises through the later of (i) October 31, 2026 or (ii) the rejection date of the Sublease (the "**Allowed Administrative Claim**"). The amount of the Allowed Administrative Claim shall be calculated on a pro rata basis and determined upon issuance of the applicable 2026 real estate tax bill.

3. For the avoidance of doubt, other than the Allowed Administrative Claim, all other administrative claims filed or asserted by the Sublandlord related to the 2026 Real Estate Taxes shall be deemed withdrawn with prejudice and the Sublandlord shall not assert any other claims against the Debtors on account of the 2026 Real Estate Taxes. The Sublandlord shall not seek payment of the Allowed Administrative Claim prior to (i) the effective date of any chapter 11 plan in the Debtor Subtenant's chapter 11 case, (ii) the dismissal of the Debtor Subtenant's chapter

11 case, or (iii) the conversion of the Debtor Subtenant's chapter 11 case to a case under chapter 7 of the Bankruptcy Code, without prior written consent of the Debtors.

4. The Debtors and the Debtors' claims and noticing agent, Kroll Restructuring Administration LLC ("**Kroll**"), are authorized to take all actions necessary or appropriate to give effect to this Stipulation and Agreed Order, and Kroll is authorized to update the claims register to reflect the terms of, and in accordance with, this Stipulation and Agreed Order.

5. Except as otherwise provided expressly herein, nothing contained in this Stipulation and Agreed Order shall (i) create, nor is anything herein intended to create, any rights in favor of or enhance the status of any Claim (as that term is defined in section 101(5) of the Bankruptcy Code) or any other cause of action held by any other person or entity or (ii) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim, except for the allowance and priority of the Allowed Administrative Claim in favor of the Sublandlord.

6. Except as otherwise provided expressly herein, nothing in this Stipulation and Agreed Order, nor any actions taken pursuant hereto, shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication, admission, or finding that any particular claim is an administrative expense claim, secured claim, other priority claim, or unsecured claim; (v) a request or authorization to assume or assign any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any

lien on, security interest in, or other encumbrance on property of the Debtors' estates; (vii) a waiver or limitation of the Debtors' or any other party in interest's claims, rights, remedies, or defenses under the Bankruptcy Code or any other applicable law; or (viii) an admission of liability by the Debtors or any of their affiliates regarding any claim or cause of action arising from or in relation to any claims (other than the Allowed Administrative Claim) or any other matter.

7. For the avoidance of doubt, nothing contained herein shall be construed as a waiver by the Debtors or any party in interest of their right to object to any and all proofs of claim that have or may be filed by the Sublandlord or any other party in the Debtors' chapter 11 cases.

8. Notwithstanding anything to the contrary herein, any and all of the Debtors' rights of setoff, recoupment, and any and all potential Claims (as that term is defined in section 101(5) of the Bankruptcy Code) and causes of action of the Debtors and/or the Creditors' Committee, including under chapter 5 of the Bankruptcy Code or applicable law, are expressly preserved.

9. This Stipulation and Agreed Order shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof. This Stipulation and Agreed Order may be executed in counterparts and by electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

10. The Parties agree to bear their own costs and fees incurred in connection with this Stipulation and Agreed Order.

11. This Stipulation and Agreed Order shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

12. The Parties are authorized and empowered to take all actions necessary to implement the relief requested in this Stipulation and Agreed Order.

13. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Agreed Order, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order.

14. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation and Agreed Order.

15. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and Agreed Order and any claimed ambiguity shall be construed neither for nor against either of the Parties.

Dated: ____________________, 2026
Houston, Texas

________________________________
CHRISTOPHER LOPEZ
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO BY**:

Dated: August 18, 2026


/s/ *Clifford W. Carlson*
**WEIL, GOTSHAL & MANGES LLP**
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: Gabriel.Morgan@weil.com
Clifford.Carlson@weil.com

-and-

**WEIL, GOTSHAL & MANGES LLP**
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: Matt.Barr@weil.com
Sunny.Singh@weil.com
Andriana.Georgallas@weil.com
Kevin.Bostel@weil.com
Jason.George@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

/s/ *David F. Irwin*
**RENTFRO, IRWIN & IRWIN, PLLC**
David F. Irwin (24061603)
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521
Telephone: (956) 542-4329
Facsimile: (956) 542-4320
Email: david@rentfrolawfirm.net

*Attorneys for Sublandlord*