**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**MOTION OF DEBTORS FOR AN ORDER FURTHER**
**EXTENDING DEADLINE BY WHICH DEBTORS MAY REMOVE CIVIL ACTIONS**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows:

**Relief Requested**

1. By this Motion, pursuant to section 1452 of title 28 of the United States Code (the "**Judicial Code**"), Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

(the "**Bankruptcy Local Rules**"), the Debtors[2] request entry of an order further extending the deadline by which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) (the "**Removal Deadline**") by 120 days from the current deadline of August 20, 2026 through and including December 18, 2026.[3]

2. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Background

3. In September 2025, First Brands Group, LLC and its Debtor affiliates each commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee has been appointed in these chapter 11 cases.

4. The Debtors' chapter 11 cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

5. On October 9, 2025, the Office of the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors (Docket No. 313).

6. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth

[2] The Debtors seeking relief pursuant to this Motion exclude (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC (collectively, the "**Converted Debtors**") and the defined term "Debtors" excludes the Converted Debtors for purposes of this Motion.

[3] Rule K.30 of the *Procedures for Complex Cases in the Southern District of Texas* provides that "if a motion is filed that complies with these procedures to extend the time to take any action before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules, or a confirmed plan, the time for taking the action is automatically extended until the Court rules on the motion." By filing this Motion prior to the expiration of the Removal Deadline, such deadline is automatically extended until the Court resolves the Motion.

in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22), filed on September 29, 2025 and incorporated herein by reference.

7. On December 19, 2025, the Debtors filed the *Motion of Debtors for an Order Extending Deadline by which Debtors May Remove Civil Actions* (Docket No. 1033). On January 12, 2026, the Court entered the *Order Authorizing Debtors to Extend Deadline by which Debtors May Remove Civil Actions* (Docket No. 1300), which extended the Debtors' deadline to remove civil actions to April 22, 2026.

8. On April 22, 2026, the Debtors filed the *Motion of Debtors for an Order Further Extending Deadline by which Debtors May Remove Civil Actions* (Docket No. 2520) (the "**Second Extension Motion**"). On May 18, 2026, the Court entered the *Order Further Extending Deadline by which Debtors May Remove Civil Actions* (Docket No. 2699), which further extended the Debtors' deadline to remove civil actions to August 20, 2026.

## Jurisdiction

9. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested Should be Granted

10. Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal of pending civil actions. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

11. Further, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods:
>
> > (A) 90 days after the order for relief in the bankruptcy case;
> >
> > (B) if the claim or cause of action has been stayed under § 362, 30 days after an order terminating the stay is entered; or
> >
> > (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

12. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> [W]ithin the shorter of these periods:
>
> > (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or
> >
> > (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

13. Bankruptcy Rule 9006(b)(1) provides that the Court may extend the period within which the Debtors may remove actions provided by Bankruptcy Rule 9027, without notice, upon a showing for cause:

> [W]hen these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period. . . . the court may—at any time and for cause—extend the time to act if:
>
> > (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires . . . .

Fed. R. Bankr. P. 9006(b)(1).

14. It is well settled that the Court is authorized to extend, for cause, the removal period provided under section 1452 of the Judicial Code and Bankruptcy Rule 9027. *See, e.g.*, *In re TPI Composites, Inc.*, Case No. 25-34655 (CML) (Bankr. S.D. Tex. June 5, 2026) (Docket No. 957) (granting a third extension of the removal period, extending such period by 91 days without prejudice to the debtors' right to seek a further extension); *In re Steward Health Care System LLC*, Case No. 24-90213 (CML) (Bankr. S.D. Tex. June 11, 2025) (Docket No. 5096) (granting a third extension of the removal period, extending such period by 120 days without prejudice to debtors' ability to seek additional extensions); *In re Talen Energy Supply, LLC*, Case No. 22-90054 (MI) (Bankr. S.D. Tex. Apr. 27, 2023) (Docket No. 2024) (granting a third extension of the removal period, extending such period by 60 days without prejudice to debtors' ability to seek additional extensions); *In re NPC Int'l, Inc.*, Case No. 20-33353 (DRJ) (Bankr. S.D. Tex. July 19, 2021) (Docket No. 1845) (granting a third extension of the removal period, extending such period by 120 days without prejudice to debtors' ability to seek additional extensions); *In re CBL & Assocs. Props., Inc.*, Case No. 20-35226 (DRJ) (Bankr. S.D. Tex. Sept. 22, 2021) (Docket No. 1460) (granting a third extension of the removal period, extending such period by 90 days without prejudice to debtors' ability to seek additional extensions).

15. Cause exists to extend the Removal Deadline in these chapter 11 cases by 120 days from the current deadline of August 20, 2026 through and including December 18, 2026. Prior to and since the Second Extension Motion, the Debtors have made significant strides in these complex and large chapter 11 cases. Specifically, to date, the efforts of the Debtors and their advisors have addressed critical and time-sensitive matters, including:

- negotiating, filing, soliciting, and prosecuting confirmation of the Joint Plan (Docket No. 3448);

- negotiating, filing, and obtaining conditional approval of the Disclosure Statement (Docket No. 3020);

- defeating various objections to conditional approval of the Disclosure Statement as well as the U.S. Trustee's Conversion Motion (Docket No. 2670);

- negotiating and finalizing an agreed confirmation budget with the Debtors' key stakeholders;

- negotiating and finalizing an agreed wind-down budget with the Debtors' key stakeholders;

- drafting and filing the Plan Supplement (Docket No. 3046), including various trust agreements and related documents integral to implementation of the Joint Plan such as the Litigation Trust Agreement, the DIP Collateral Trust Agreement, and the ABL Collateral Trust Agreement;

- negotiating and consummating multiple going-concern sales, including of (i) the Debtors' Toledo Molding & Die business line (Docket No. 2675), and (ii) the Debtors' Horizon North America business line (Docket Nos. 2799 & 2800);

- negotiating and consummating numerous sales of other assets and inventory pursuant to the Wind Down Order;

- seeking and obtaining appointment of a committee of retired employees and conducting good-faith negotiations with the committee as well as the Debtors' unions regarding the modification of the Debtors' retiree benefit arrangements under section 1114 of the Bankruptcy Code, resulting in settlements with the Debtors' unions and the retiree committee providing for the termination of such arrangements (Docket No. 3472);

- defending the adversary proceeding filed by Evolution concerning the Debtors' non-factored receivables (Adv. Proc. No. 26-03006), including obtaining a ruling granting the Debtors partial summary judgment (Docket No. 67), finding that Evolution does not hold a perfected security interest in the non-factored receivables, and opposing Evolution's motion for leave to appeal (Adv. Proc. Docket No. 81);

- negotiating stipulations with various landlords providing for extensions of time to assume or reject nonresidential real property leases to allow for additional time to liquidate estate assets;

- negotiating and filing several stipulations providing for the abandonment of certain goods and materials burdensome to the Debtors' estates;

- rejecting undesired or burdensome contracts and leases to limit administration costs, and facilitating the assumption and assignment of certain contracts and leases to purchasers;
- negotiating and entering into multiple stipulations providing for the allowance of administrative expense claims, thereby avoiding the cost attendant to litigating motions to compel payment of such claims; and
- facilitating the wind down of the OEM Funding Arrangement in accordance with the OEM Funding Order, including by reconciling and truing up unused funding and collecting diminution payments from the applicable OEMs.

16. The Debtors are party to a number of civil actions in various jurisdictions across the country (collectively, with any other civil action in other jurisdictions to which the Debtors may become a party, the "**Civil Actions**"). The Debtors' analysis regarding which, if any, of the Civil Actions they may seek to remove depends on a number of factors, including (i) the importance of the Civil Action to the resolution of the chapter 11 cases, (ii) the relationship of the Civil Action to the matters to be considered in the chapter 11 cases, (iii) the presence of federal subject matter jurisdiction, and (iv) the timing required to complete the Civil Action in its current venue. Given the Debtors' focus to date, including on prosecuting confirmation of the Joint Plan, the Debtors have not yet had a sufficient opportunity to fully analyze and determine which Civil Actions, if any, they may seek to remove.

17. An extension of the Removal Deadline will afford the Debtors an opportunity to make more fully informed decisions concerning the removal of any Civil Action and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to the Debtors under section 1452 of the Judicial Code. Therefore, the Debtors believe that cause exists for the Court to grant an extension of the time prescribed under Bankruptcy Rule 9027(a) for filing notices of removal from the current deadline of August 20, 2026 through and including December 18, 2026. Furthermore, an extension would not prejudice the rights of the Debtors' adversaries in

the Civil Actions because any party to an action that is removed may seek to have the action remanded to state court pursuant to section 1452(b) of the Judicial Code.

18. For the reasons stated above, the relief requested herein is appropriate and in the best interests of the Debtors and their estates.

**Notice**

19. Notice of this Motion will be provided to (i) any party entitled to notice pursuant to Bankruptcy Rule 2002, (ii) the non-Debtor parties to the various Civil Actions, and (iii) any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: August 20, 2026
Houston, Texas

*/s/ Clifford W. Carlson*

WEIL, GOTSHAL & MANGES LLP
Gabriel A. Morgan (24125891)
Clifford W. Carlson (24090024)
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: gabriel.morgan@weil.com
clifford.carlson@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: matt.barr@weil.com
sunny.singh@weil.com
andriana.georgallas@weil.com
kevin.bostel@weil.com
jason.george@weil.com

*Attorneys for Debtors*
*and Debtors in Possession*

**Certificate of Service**

I hereby certify that on August 20, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson