UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 25-90399 |
| FIRST BRANDS GROUP, LLC *et al* | Chapter 11 |
| Debtors. | |

_____________________________________/

**EMERGENCY MOTION OF RICHARD MERKELZ, JR. TO MODIFY THE AUTOMATIC STAY, AS TO EACH OF THE DEBTORS, SOLELY TO PERMIT NOMINAL PROSECUTION OF ILLINOIS PRODUCT LIABILITY ACTION**

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN ON SEPTEMBER 13, 2026. IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Richard Merkelz, Jr. ("movant"), by and through undersigned counsel, respectfully shows:

**RELIEF SOUGHT**

1. Movant is a products liability tort-claimant who asks this Court for permission to proceed to judgment against any debtor for the purpose of reaching applicable insurance. Movant is not asking permission to execute judgment against the debtors or their property. To be clear, movant asks that the Court lift the stay as to each debtor, including, without limitation, First Brands Group, LLC, Horizon Global Corporation, Horizon Global Company, LLC, Horizon Global Americas, Inc. The statute of limitations runs on or about September 29, 2026. Therefore, movant also asks this Court to waive the 14-day stay that would otherwise be in place by operation of Bankruptcy Rule 4001(a)(4).

2. For context, generally, under Illinois law, as a predicate to recovery from an insurer, the insured tortfeasor (here, the applicable debtor(s)) must be adjudicated liable. Direct actions

against insurers are generally not permitted. *See* Illinois Insurance Code IL ST CH 215 § 5/388; IL ST CH 735 § 5/2-406.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

4. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested are 11 U.S.C. §§ 362(d), 524, and 1141.

**BACKGROUND**

6. On April 15, 2024, movant suffered serious physical injuries in connection with use of equipment manufactured by one or more debtor (the "Incident").

7. In September of 2025, debtors commenced chapter 11 cases in this Court. The cases are jointly administered under case no. 25-90399. Debtor Horizon Global Americas Inc. ("HGAI") appears to have scheduled movant as a creditor.[1]

8. In April of 2026, this Court converted to chapter 7 the cases of Patterson Inventory, LLC, Patterson Inventory Holdings, LLC, Starlight Inventory I, LLC, and Starlight Inventory Holdings I, LLC.

9. On or about May 20, 2026, movant filed suit against Blain Supply, Inc. d/b/a Blain's Farm & Fleet, in the Circuit Court of Kane County, Illinois, case no. 2025-000276, asserting product liability claims against Blain arising from movant having suffered injuries from products

[1] See ECF #3354 (debtors' joint exhibit list, which describes exhibit #138 as a claim summary) and ECF #3385-2 (debtors' exhibit # 138, which reflects movant's name "source[d]" by a unique numeric identifier which, according to the search results of Kroll's online "claim" records is an unnamed creditor scheduled by AGAI).

manufactured and distributed by one or more of the debtors (the "Illinois Action"). A copy of the complaint is attached hereto and marked Exhibit A.

10. Blain defends the Illinois Action by asserting that the case against it should be dismissed for failure to bring suit against the debtor(s) manufacturer(s).[2] A copy of Blain's motion is attached hereto and marked Exhibit B.

## LEGAL STANDARD

1. **362(d) stay relief**. Section 362(d) of the Bankruptcy Code provides that for "cause." The circumstances described herein demonstrate 362(d) "cause." Crucially, the debtors have no interest in the proceeds payable from the applicable insurance. And movant does not ask this Court to allow it to execute any judgment against any debtor or its property. Lifting the automatic stay, as such, will cost debtors nothing. See the Fifth Circuit's ruling in *Romero v. Border Steel Rolling Mill,* discussed below (reversing and remanding with instruction to modify the chapter 11 plan injunction to allow tort-claimant to seek judgment against chapter 11 debtor because "What [movant] proposes will not take proceeds away from … creditors[.]").

2. By contrast, keeping the automatic stay in place-- unmodified --would be deeply inequitable, and subject movant to significant harm. First, declining to modify the stay in these

---

[2] "Under Illinois law, all entities in the chain of distribution for an allegedly defective product are subject to strict liability in tort, and the imposition of liability on them is justified based on their position in the marketing process, which enables them to exert pressure on the manufacturer to enhance the safety of the product. *Hammond v. North American Asbestos Corp.,* 97 Ill. 2d 195, 206, 73 Ill.Dec. 350, 454 N.E.2d 210 (1983). However, Illinois law recognizes a "seller's exception" to product liability actions that are based on strict liability. This exception … provides that nonmanufacturer defendants may be dismissed from a strict product liability action under certain circumstances. 735 ILCS 5/2-621(b) (West 1994). The purpose of this exception is to allow defendants, whose sole basis of liability is their role as a member of the distributive chain of an allegedly defective product, to extract themselves from a strict product liability action at an early stage, before they incur the expense of fully litigating the dispute, and to defer liability upstream to the ultimate wrongdoer, the manufacturer…. The seller's exception, however, is subject to section 2-621(b)'s reinstatement mechanism, whereby a plaintiff may be allowed to reinstate a previously dismissed nonmanufacturer defendant if the plaintiff's action." cannot reach the manufacturer or the manufacturer would not be able to satisfy a judgment or settlement. 735 ILCS 5/2-621(b) (West 1994)" *Cassidy v. China Vitamins, LLC,* 427 Ill.Dec. 892, 120 N.E.3d 959, 964 (Ill. 2018).

administratively insolvent cases (i) would create a windfall for the relevant insurers, contrary to the policy implemented by 524(e) of the Bankruptcy Code (nondebtors are not discharged of obligations), and (ii) would undermine Illinois's carefully balanced statutory scheme enacted, among other reasons, to protect the victims of manufacturing defects. See ¶ 3 herein. Second, subject to the Bankruptcy Code's 108 extension, the statute of limitations runs at the end of September 2026. Effectively refusing access to otherwise available insurance proceeds to an individual who has been permanently, physically harmed would serve no public policy, work an extreme hardship on movant, and only aggravate movant's suffering.

3. **<u>SIR non-payment does not excuse insurers</u>**. Next, movant's claim turns on Illinois law. To the extent that the insurance policies at issues contain self-insured retention ("SIR") provisions, debtors' non-payment of such SIR cannot excuse the insurer's coverage obligations.

> No policy of insurance against liability or indemnity for loss or damage to any person other than the insured, for which any insured is liable, shall be issued or delivered . . . unless it contains in substance a provision that the insolvency or bankruptcy of the insured shall not release the company from payment of damages for injuries sustained.

215 CS § 5/388; see also *Home Ins. Co. of Illinois v. Hooper,* 294 Ill. App. 3d 626, 632 (1998) ("The plain language of section 388 makes clear the legislative intent to prevent insurers from using the insured's bankrupt condition and resulting inability to make actual payment to satisfy a judgment or any portion thereof as grounds to avoid payment on a policy.")[3]

[3] "The public policy Illinois implemented by enacting Section 388 requires that liability policies contain a provision which guarantees that the 'insolvency or bankruptcy' of the insured shall not relieve the insurer of its obligations under the policy and the policy in *Hooper* contained similar language." *Nat. Fire & Marine Ins. Co. v. Glencrest Healthcare & Rehabilitation Centre*, case nos. 21 C 3653, 22 C 1697, U. S. Distr. Court, N.D. Illinois, E. Div., March 18, 2025, citing *Home Ins. Co. of Illinois v. Hooper*.

4. **<u>Allowance under confirmed plan</u>**. Last, at the time of filing of this motion, a chapter 11 plan was pending and no order converting the case has been entered.[4] The pending plan proposes an injunction against the litigation against the debtors. To the extent that the plan is confirmed this motion asks that the Court modify the plan to allow movant to proceed to judgment against the legally responsible debtors. *Romero v. Border Steel Rolling Mills Inc. (In re Border Ste el Rolling Mills Inc.)*, 54 F. App'x 591, 2002 WL 31730255 (5th Cir. 2002). In *Border Steel Rolling*, the district court affirmed a bankruptcy court's denial of the tort-claimant's request to proceed against a debtor for the purpose of reaching insurance proceeds. The Fifth Circuit reversed and remanded with instructions to enter an order modifying the plan injunction to allow tort claimant to proceed against the debtor in state court. *Border Steel Rolling Mills*, 2002 WL 31730255 at *2. "What [plaintiff] proposes will not take proceeds away from plan creditors, nor will it force [the debtor] or the court to alter the substance of the plan to accommodate [plaintiff's] suit." *Id*. at *3.

**<u>Certificate of Emergency Circumstances</u>**

5. On information and belief, I certify that the following time sensitive circumstances are present and that they merit emergency treatment of this motion: Subject to extensions under section 108 of the Bankruptcy Code, the statute of limitations runs on or about September 29, 2026. After accounting for Bankruptcy Rule 4001(a)(4), movant asks that the Court rule on or by September 13, 2026.

---

[4] However, on August 24, 2026, the Court announced that it would not be confirming the plan and would instead be converting the cases.

**Prayer**

Movant prays that the Court enter the attached proposed order authorizing movant's prosecution to judgment against any legally responsible debtor and granting such other and further limited relief as is just and proper to effectuate the foregoing.

Dated: August 25, 2026.

Respectfully submitted,

O'CONNORWECHSLER PLLC
By: ___*/s/ Annie Catmull*____
Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977

COUNSEL FOR RICHARD MERKELZ, JR.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on August 25, 2026 through the CM/ECF system to all parties receiving such notice.

*/s/ Annie Catmull*
Annie E. Catmull