**IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| RICHARD MERKELZ, JR., | ) | |
| Plaintiff, | ) | 2026-LA-000276 |
| vs. | ) | Case No.: |
| BLAIN SUPPLY, INC. d/b/a BLAIN'S FARM & FLEET, | ) | EXHIBIT A |
| Defendants. | ) | |

Clerk of the Circuit Court
Kane County, Illinois
5/20/2026 1:41 PM
FILED/IMAGED

## COMPLAINT AT LAW

NOW COMES Plaintiff, RICHARD MERKELZ, JR., by and through His attorneys, FEAGANS LAW GROUP, P.C., and for his Complaint against the Defendant, BLAIN SUPPLY, INC. d/b/a BLAIN'S FARM & FLEET, alleges as follows:

## COMMON ALLEGATIONS

1. At all relevant times, Plaintiff, Richard Merkelz, Jr. was a resident of the State of Illinois.

2. At all relevant times Defendant, Blain Supply, Inc. d/b/a Blain's Farm & Fleet ("Blain"), was a Wisconsin corporation operating throughout Illinois, including Kane County, with a registered agent located at CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

3. Venue is proper in Kane County pursuant to 735 ILCS 5/209(a)(1) in that this action arises out of the transaction of business in the State of Illinois, to wit, the sale of ramps to Plaintiff by Blain at a store located in Elgin, Illinois.

## COUNT I – STRICT PRODUCTS LIABLITY

4. Plaintiff, Richard Merkelz, Jr. realleges and incorporates herein by reference, Paragraphs 1 through 3 as and for His Paragraph 4 of Count I.

NOTICE
BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE BEFORE
Clancy Boles, Susan ON Please see our website for your court date.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED

5. On or before the date of September 30, 2024, Blain was in the business of distributing, offering for sale, supplying, selling, inspecting, servicing, repairing and warranting, among other things, ramps, including that certain ramp, Reese Explore Part Number 9515000, designed to hold 750 pounds per ramp ("Subject Ramp").

6. The manufacturer of the Subject Ramps, Reese Towerpower, a division of First Brands Group filed Chapter 11 bankruptcy in September of 2005.

7. On or before September 30, 2024, Blain sold to Plaintiff two of the Subject Ramps from its Elgin, Illinois location.

8. On or about September 30, 2024, the Plaintiff was using two of the Subject Ramps to unload a riding mower that weighed less than 600 pounds from his truck bed at his home in DeKalb, Illinois when one of the Subject Ramps bent causing the mower to slip off the Subject Ramps.

9. At that time and place, Plaintiff, who was using the Subject Ramps for their intended purpose and properly guiding the mower from the front of the mower down the Subject Ramps, lost his balance and fell from truck bed causing Plaintiff to suffer severe and permanent injuries.

10. On or before September 30, 2024, Blain knew or should have known that the Subject Ramps were not properly designed and manufactured to withstand the 750 pound load per ramp and were unreasonably dangerous.

11. On or before September 30, 2024, and prior thereto, Blain had actual or constructive knowledge that the Subject Ramps could and did fail, and that such failure could result in significant injury to users of the Subject Ramps.

12. Prior to September 30, 2024, Blain placed the Subject Ramps into the stream of commerce.

13. At the time that the Subject Ramps left Blain's possession they were defective and

unreasonably dangerous for use in one or more of the following respects:

a. Improperly and defectively designed in such a way as to permit the Subject Ramps to bend unexpectedly during their intended use;

b. Improperly and defectively manufactured in such a way as to permit the Subject Ramps to bend unexpectedly during their intended use;

c. Improperly and defectively manufactured in such a way as to permit the Subject Ramps to fail;

d. Failed to provide adequate warnings to operators of the Subject Ramps that during intended operation, the Subject Ramps could bend unexpectedly, when Blain knew or should have known that such warning was reasonably necessary to avoid potential injury; and

e. Failed to provide adequate instructions to owners of the Subject Ramps as to the proper means of maintaining the Subject Ramps so as to not allow the Subject Ramps to fail, when the Blain knew or should have known that such instructions were reasonably necessary to avoid potential injury.

14. As a direct and proximate result of aforementioned defective condition of the Subject Ramps and subsequent failure thereof, Plaintiff sustained severe, disabling injuries to his muscles, bones, brain and nervous system. He experienced pain and will in the future experience further pain and suffering from the injuries. He incurred expenses for necessary medical care, treatment and services and will in the future incur further similar expenses. He lost time and wages from his employment and will in the future lose additional time and wages. Because of the injuries, he has been prevented from participating in the enjoyments common to all people.

WHEREFORE, Plaintiff, RICHARD MERKELZ, JR., prays for judgement against Defendant BLAIN SUPPLY, INC. d/b/a BLAIN'S FARM & FLEET, in a sum in excess of $50,000, plus pre and post judgment interest, costs of this suit and for such other and further relief as is deemed just and equitable.

**COUNT II – NEGLIGENCE**

15. Plaintiff realleges and incorporates herein by reference, Paragraphs 1 through 3 as and for His Paragraph 15 of Count II.

16. On or before September 30, 2024, Blain sold to the Plaintiff two of the Subject Ramps from its Elgin, Illinois location.

17. On or about September 30, 2024, the Plaintiff was using two of the Subject Ramps to unload a riding mower that weighed less than 600 pounds from his truck bed at his home in DeKalb, Illinois when one of the Subject Ramps bent causing the mower to slip off the Subject Ramps.

18. At that time and place, Plaintiff, who was using the Subject Ramps for their intended purpose and properly guiding the mower from the front of the mower down the Subject Ramps, lost his balance and fell from truck bed causing Plaintiff to suffer severe and permanent injuries.

19. At all relevant times Blain had a duty to use care in the distributing, installing, offering for sale, supplying, selling, inspecting, servicing, repairing and warranting that certain ramp, Reese Explore Part Number 9515000, designed to hold 750 pounds per ramp ("Subject Ramp"), so that it was neither defective nor unreasonably dangerous when put to its intended use.

20. Blain knew or had reason to know that the Plaintiff, as a purchaser of the Subject Ramps for whose use they were placed into interstate commerce, would be likely to use the Subject Ramps in the manner described in this Complaint at Law.

21. Blain knew or reasonably should have known the danger associated with the manner and circumstances of Plaintiff's foreseeable use of the Subject Ramps which danger would not be obvious to the general public.

22. Notwithstanding the aforementioned duty, Blain negligently, and carelessly distributed, installed, supplied, sold, inspected, serviced, repaired and warranted the Subject Ramps for use and in doing so committed one or more of the following acts or omissions:

a. Sold and otherwise supplied a product for use that when used as intended and sold allowed the Subject Ramps to bend unexpectedly during its intended use;

b. Sold and otherwise supplied a product for use that when used as intended and sold permitted in the Subject Ramps to fail;

c. Sold and otherwise supplied a product for use with but failed to provide adequate warnings to users of the Subject Ramp that during intended operation, the Subject Ramps could fail and could cause the Subject Ramps to bend unexpectedly when Blain or should have known that such a warning was reasonably necessary to avoid potential injury; and

d. Sold and otherwise supplied a product for use but failed to provide adequate instructions to owners of the Subject Ramps as to the proper means of maintaining them so as to not allow it to bend unexpectedly, when Blain knew or should have known that instructions were reasonably necessary to avoid potential injury.

23. As a direct and proximate result of the aforementioned defective condition of the Subject Ramps and subsequent failure thereof, Plaintiff sustained severe, disabling injuries to his muscles, bones and nervous system. He experienced pain and will in the future experience further pain and suffering from the injuries. He incurred expenses for necessary medical care, treatment and

services and will in the future incur further similar expenses. He lost time and wages from his employment and will in the future lose additional time and wages. Because of the injuries, he has been prevented from participating in the enjoyments common to all people.

WHEREFORE, Plaintiff, RICHARD MERKELZ, JR., prays for judgement against Defendant BLAIN SUPPLY, INC. d/b/a BLAIN'S FARM & FLEET, in a sum in excess of $50,000, plus pre and post judgment interest, costs of this suit and for such other and further relief as is deemed just and equitable.

**JURY DEMAND**

Plaintiff herein demands a trial by jury.

Respectfully submitted,

FEAGANS LAW GROUP P.C.

By: /s/ Joshua M. Feagans
Attorney for Plaintiff

Joshua M. Feagans/#6286141
Attorney for the Plaintiff
FEAGANS LAW GROUP P.C.
477 S. Third St. #210
Geneva, IL. 60134
(630)524-2563
(630)524-9166 FAX
josh@feaganslawgroup.com