Kane County Circuit Court THERESA E. BARREIRO ACCEPTED: 7/20/2026 12:40 PM By: AB Env #39062348

**IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT**
**KANE COUNTY, ILLINOIS**

Theresa E. Barreiro
Clerk of the Circuit Court
Kane County, Illinois

7/16/2026 5:00 PM

FILED/IMAGED

| | | |
|---|---|---|
| RICHARD MERKELZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| BLAIN SUPPLY, INC. d/b/a BLAIN'S FARM & FLEET, | ) | 2026-LA-000276 |
| | ) | |
| | ) | EXHIBIT B |
| Defendants. | ) | |

**BLAIN SUPPLY, INC.'S 2-621 MOTION TO DISMISS**
**<u>COUNT I OF PLAINTIFF'S COMPLAINT AT LAW</u>**

NOW COMES Defendant, BLAIN SUPPLY, INC. d/b/a BLAIN'S FARM & FLEET ("Blain's") through its attorneys, COSTELLO GINEX & WIDEIKIS, P.C., and for its Motion to Dismiss Count I of Plaintiff's Complaint at Law pursuant to 735 ILCS 5/2-621, states:

**<u>Introduction</u>**

Plaintiff's Complaint at Law alleges (among other things) strict product liability against Defendant, Blain Supply, Inc., for injuries allegedly sustained when a foldable aluminum ramp bent while unloading a riding lawn mower from a truck bed.

Blain Supply did not manufacture the aluminum ramp and did not design the aluminum ramp. In Plaintiff's Complaint at Law, it is alleged that Reese Towpower was the manufacturer of the subject aluminum ramp. And because Blain Supply, Inc. did not manufacture or design the aluminum ramp, the strict liability count against Blain Supply, Inc. must be dismissed pursuant to the Illinois Distributor Statute contained in Section 2-621 of the Illinois Code of Civil Procedure.

**<u>Argument</u>**

The Illinois Distributor Statute states, in relevant part, as follows:

> (a) In any product liability action based on any theory or doctrine commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. . . .
>
> (b) Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court ***shall*** order the dismissal of a product liability action based on any theory or doctrine against the certifying defendant or defendants, provided the certifying defendant or defendants are not within [certain categories].

735 ILCS 5/2-621 (emphasis added). The categories referenced in section 2-621(b) relate to manufacturers that no longer exist, that are unable to satisfy a judgment or a settlement, where the statute of limitations bars a cause of action against the manufacturer, or where the identity of the manufacturer was incorrect, among other things. *Id.* at 2-621(b)(1) – (5). The dismissal of a distributor or seller once the correct manufacturer has been identified and has answered is not discretionary; it is mandatory. None of these exceptions apply because (1) there is no evidence that Reese Towerpower would be unable to satisfy a judgment or a settlement; (2) Reese Towpower is still in existence; and (3) Reese Towpower likely manufactured and designed the aluminum ramp at issue. Therefore, Count I for strict liability against Blain Supply, Inc. must be dismissed.

WHEREFORE, Defendant, BLAIN SUPPLY, INC., respectfully requests that this Honorable Court grant its Motion to Dismiss pursuant to 735 ILCS 5/2-621, dismiss Count I against it, and for any such further relief this Court deems just and fair.

Respectfully Submitted,

*/s/ Jessica Biagi*

Jessica Biagi / Samantha Smith
COSTELLO GINEX & WIDEIKIS, PC (#101998)
141 West Jackson Blvd, Suite 1400, Chicago, IL 60604
Office: 312-850-2651
jbiagi@cgw-legal.com / ssmith@cgw-legal.com