**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**NOTICE OF FILING OF PLAN OBJECTORS' PROPOSED ORDER (I) CONVERTING CHAPTER 11 CASES TO CASES UNDER CHAPTER 7, (II) ESTABLISHING DEADLINE FOR FILING FINAL CHAPTER 11 FEE APPLICATIONS AND SETTING A HEARING THEREON, AND (III) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT**:

1. On August 26, 2026, First Brands Group, LLC and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed the *Notice of Filing of Proposed Conversion Order* [Docket No. 3722] (the "**Initial Proposed Order Notice**"), which attached an initial version of the Debtors' proposed order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code (the "**Initial Proposed Order**").

2. As the Initial Proposed Order Notice indicated, the Initial Proposed Order did not reflect any comments from counsel for Katsumi Servicing, LLC, the LAM Parties, Onset Financial, Inc., the Carnaby Secured Lenders, the Aequum Secured Parties, and Evolution Credit Partners (collectively, certain "**Plan Objectors**").

3. The Debtors provided the Plan Objectors with a draft of the Initial Proposed Order shortly before filing, and thereafter the Plan Objectors worked quickly to provide the Debtors with

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

a joint markup reflecting the Plan Objectors' comments.

4. The Debtors responded that evening with a revised proposed order that did not accept most of the Plan Objectors' comments to the Initial Proposed Order.

5. On the morning of August 28, 2026, the Debtors filed the *Notice of Filing of Revised Conversion Order* [Docket No. 3729], which attached the version of the proposed conversion order without most of the Plan Objectors' comments (the "**Revised Proposed Order**").

6. The Plan Objectors have several outstanding issues with the Revised Proposed Order, including[2]:

- The Revised Proposed Order inappropriately seeks to pre-determine that fees and expenses of Debtor professionals are chargeable to the chapter 7 estate of any Debtor based on the professionals' determination that they have rendered services to or on behalf of such Debtor's estate. Parties in interest should have an opportunity to object to any such determinations regarding chargeability or allocation at the Final Fee Application stage.

- The Revised Proposed Order provides the DIP and ABL secured parties with protections against the use of their collateral that are not afforded to other secured creditors. At a minimum, the Debtors and their chapter 7 estates should be required to obtain (i) the consent of such other secured creditors to the use of their collateral, or (ii) an order of the Court authorizing such use. The Revised Proposed Order also fails to account for disputes over ownership of or rights in assets, cash, and collateral and instead contemplates payments to professionals and third parties from disputed sources of funds, as well as other use of such funds by the Converting Debtors. The Debtors' current approach impermissibly pre-determines parties' rights in a manner not permitted under the Code (*see, e.g.*, 11 U.S.C. 363(c)(2)). Use of disputed assets must depend on the consent of each interested party or an appropriate court order that resolves the dispute, and the conversion order must reflect this.

- Under Bankruptcy Rule 1019, a debtor-in-possession is obliged to turn over to the chapter 7 trustee all records and property of the estate, file a schedule of unpaid debts, and submit a final accounting. The Debtors likely require the services of their professionals to complete these tasks. The Court should not approve any withdrawals by the Debtors' professionals without assurances that the Debtors will be able to comply with their obligations.

---

[2] To avoid duplicative filings, the Plan Objectors have pooled comments. Certain comments are applicable only to a subset of Plan Objectors.

- The Revised Proposed Order also requests that all contested matters and adversary proceedings (other than professional fee applications) be stayed until 45 days after the appointment of permanent trustees. There is no legal basis to apply a blanket stay in these cases, and doing so would violate parties' due process rights. In connection with a conversion for a case of this size, parties-in-interest, including the newly appointed chapter 7 trustees, may well need to seek relief from this Court to ensure their rights are protected.

- The Revised Proposed Order would stay inventory sales and accounts receivable collection, including with respect to the ongoing Wind-Down process being conducted by the chapter 7 trustee for the Previously Converted Debtors, and does not clearly provide that the rights granted to the chapter 7 trustee for the Previously Converted Debtors under the Order Extending Wind Down Order to Chapter 7 Trustee are preserved, including to engage consultants for the sale of inventory and collections of accounts receivable. The FBG Debtors' proposed order would let inventory lie dormant for more than 45 days while expenses continue to accrue. The order should make clear that inventory sales and accounts receivable collection can continue without pause.

- The importance of protecting all case parties' Confidential Information was highlighted recently by an unauthorized publication of protected information from this case, of unknown origin. Given the Chapter 11 case will close upon the Conversion Date as such is contemplated in Paragraph 26 of the Agreed Protective Order [Docket No. 408], and the UCC will be dissolved concurrently without legal successor to hold the "Confidential Information" (as defined therein) and associated work product prepared therefrom, all such Confidential Information, including the associated work product containing or referencing the Confidential Information, held by the UCC (including its professionals) should be destroyed as contemplated in the Agreed Protective Order. The UCC should thereafter certify as such per paragraph 26 through a filing with this Court.

7. The Plan Objectors have attached, as **Exhibit A** hereto, a revised proposed order that includes language to address, among other things, the above issues (the "**Plan Objectors Proposed Order**"). A redline of the Plan Objectors Proposed Order against the Revised Proposed Order is attached hereto as **Exhibit B**.

8. The Plan Objectors respectfully request that the Court enter the Plan Objectors Proposed Order, and not the Revised Proposed Order.

9. To the extent desired by the Court, the Plan Objectors are available to participate

in a status conference to address any questions the Court may have regarding the Plan Objectors Proposed Order.

Dated: August 28, 2026
Houston, Texas

Respectfully Submitted,

*/s/ Charles S. Kelley*
MAYER BROWN LLP
Charles S. Kelley (TX Bar No. 11199580)
700 Louisiana Street, Suite 3400
Houston, Texas 77002
Telephone: (713) 238-3000
Email: ckelley@mayerbrown.com

Sean T. Scott (admitted pro hac vice)
Kyle J. TumSuden (admitted pro hac vice)
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Email: stscott@mayerbrown.com
ktumsuden@mayerbrown.com

Richard A. Stieglitz (admitted pro hac vice)
Lauren C. Blanchard (admitted pro hac vice)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: rstieglitz@mayerbrown.com
lblanchard@mayerbrown.com

***Counsel to Katsumi Servicing, LLC***

/s/ *Allan S. Brilliant*
DECHERT LLP
Allan S. Brilliant (admitted pro hac vice)
Gary J. Mennitt (admitted pro hac vice)
Stephen M. Wolpert (admitted pro hac vice)
Eric O. Hilmo (admitted pro hac vice)
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500 Email:
allan.brilliant@dechert.com
gary.mennitt@dechert.com
stephen.wolpert@dechert.com
eric.hilmo@dechert.com

-and-

John F. Higgins (TX Bar No. 09597500)
Megan Young-John (TX Bar No. 24088700)
James A. Keefe (TX Bar No. 24122842)
PORTER HEDGES LLP 1000 Main Street,
36th Floor Houston, Texas 77002 Telephone:
(713) 226-6000 Facsimile: (713) 226-6248
Email: jhiggins@porterhedges.com myoung-
john@porterhedges.com
jkeefe@porterhedges.com

***Counsel to the Carnaby Secured Lenders***

/s/ *Jason S. Brookner*
GRAY REED
Jason S. Brookner Texas Bar No. 24033684
Emily F. Shanks Texas Bar No. 24110350
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100

*/s/ Jason Kestecher*
MUNSCH HARDT KOPF & HARR, PC
Deborah M. Perry Texas Bar No. 24002755
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659 \
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: dperry@munsch.com

Email: jbrookner@grayreed.com
eshanks@grayreed.com

-and-

ELSBERG BAKER & MARURI PLLC
Michael Duke (admitted pro hac vice)
David Elsberg (admitted pro hac vice)
Vivek Tata (admitted pro hac vice)
Garrett Gerber (admitted pro hac vice)
Andrew Parks (admitted pro hac vice)
Ella Epstein (admitted pro hac vice)
350 Fifth Avenue, 38th Floor
New York, NY 10018
Telephone: (212) 597-2600
Email: delsberg@elsberglaw.com
mduke@elsberglaw.com
vtata@elsberglaw.com
ggerber@elsberglaw.com
aparks@elsberglaw.com
eepstein@elsberglaw.com

-and-

PROSKAUER ROSE LLP
Vincent Indelicato (admitted pro hac vice)
Matthew R. Koch (admitted pro hac vice)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Email: vindelicato@proskauer.com
mkoch@proskauer.com

- and –
Charles A. Dale (admitted pro hac vice)
One International Plaza
Boston, MA 02110-2600
Telephone: (617) 526-9600
Email: cdale@proskauer.com

***Counsel to Evolution***

-and-

MORRISON & FOERSTER LLP
James Newton (admitted pro hac vice)
Ben Butterfield (admitted pro hac vice)
Bryan Kotliar (admitted pro hac vice)
250 West 55th Street New York, NY 10019
Email: jnewton@mofo.com
Email: bbutterfield@mofo.com
Email: bkotliar@mofo.com

-and-

MORRISON & FOERSTER LLP
Anthony S. Fiotto (admitted pro hac vice)
Julia Koch (admitted pro hac vice)
200 Clarendon Street, Floor 21
Boston, MA 02116
Email: afiotto@mofo.com
Email: jkoch@mofo.com

-and-

MORRISON & FOERSTER LLP
Brian R. Michael (admitted pro hac vice)
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Email: bmichael@mofo.com

-and-

MILBANK LLP
Dennis Dunne, Esq. (admitted pro hac vice)
Lisa Laukitis, Esq. (admitted pro hac vice)
Jason Kestecher, Esq. (admitted pro hac vice)
55 Hudson Yards
New York, NY 10001-2163
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
Email: llaukitis@milbank.com
Email: jkestecher@milbank.com

-and-

MILBANK LLP
Andrew Leblanc, Esq. (admitted pro hac vice)
Erin Dexter, Esq. (admitted pro hac vice)
1101 New York Avenue, NW
Washington, DC 20005
Email: aleblanc@milbank.com
Email: edexter@milbank.com

***Attorneys for Onset Financial, Inc.***

*<u>/s/ Jennifer K. Malow</u>*
BLANK ROME LLP
Jennifer K. Malow (Bar No. 3925677)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: Jennifer.Malow@blankrome.com

Kenneth J. Ottaviano (admitted pro hac vice)
Stephanie K. Hor-Chen (admitted pro hac vice)
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Telephone: (312)776-2500
Facsimile: (312) 776-2601
Email: Ken.Ottaviano@blankrome.com
Stephanie.HorChen@blankrome.com

Matthew E. Kaslow (admitted pro hac vice)
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
Email: Matt.Kaslow@blankrome.com

***Counsel for Aequum Capital Financial II LLC***

*<u>/s/ Paul E. Heath</u>*
VINSON & ELKINS LLP
Paul E. Heath (TX 09355050)
Matthew D. Struble (TX 24102544)
845 Texas Avenue, Suite 4700
Houston, TX 77002
Tel: 713.758.2222
Email: pheath@velaw.com
mstruble@velaw.com

-and-

WACHTELL, LIPTON, ROSEN & KATZ
Emil A. Kleinhaus (admitted pro hac vice)
Angela K. Herring (admitted pro hac vice)
Michael H. Cassel (admitted pro hac vice)
51 West 52nd Street
New York, NY 10019
Tel: 212.403.1332
Email: eakleinhaus@wlrk.com
akherring@wlrk.com
mhcassel@wlrk.com

***Counsel to the LAM Parties***