brownrudnick

KENNETH J. AULET
direct dial:+1.212.209.4950
kaulet@brownrudnick.com

August 28, 2026

**VIA ECF**

Honourable Bankruptcy Judge Christopher M. Lopez
United States Bankruptcy Court
Southern District of Texas
515 Rusk St.
Houston, TX 77002

**RE: In re First Brands Group, LLC, *et al*; Case No. 25-90399**

Dear Judge Lopez:

My firm represents the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced cases. We write with respect to the proposed conversion order (the "Objector Proposed Conversion Order") submitted by certain parties (the "Plan Objectors").

The Objector Proposed Conversion Order contains the following paragraph (the "Paragraph"):

> "Upon the Conversion Date, the Chapter 11 cases shall be closed, as such term is used in paragraph 26 of the Agreed Protective Order [Dkt #408] entered in these cases, and in light of the fact there is no successor to the Unsecured Creditors Committee (the "UCC") which shall be dissolved, the UCC, including its counsel and advisors, shall commence destruction of all Confidential Information the UCC (and its counsel and advisors) possess, received or otherwise obtained during the Court of the Chapter 11 cases, including without limitation all work product or other materials that contain, include or use, in any respect, such Confidential Information. All such destruction and deletion shall occur not later than thirty (30) days following the Conversion Date. For avoidance of doubt, this Paragraph shall be deemed to be the written request of all such Producing Parties (defined therein) mandating such destruction upon the close of the Chapter 11 cases. None of such materials may be transferred upon entry of this order and the UCC shall file a certificate with this Court not later than thirty-five (35) days of the Conversion Date certifying compliance with this provision of the Order (and Paragraph 26 of the Agreed Protective Order)."

The Paragraph purports to simply implement sections of the Agreed Protective Order at Docket No. 408. It does not.

Among other issues, the Paragraph falsely represents the cases are closed rather than converted; seeks to require destruction of the Committee's work product (including that related to its investigation) which is not required under the Agreed Protective Order, and to prohibit transfer of such information to **any party** (which would include any chapter 7 trustee appointed in these cases) even if such party is entitled to receive it under the Agreed Protective Order (as a chapter 7 trustee would be entitled to), and is not limited to information provided by the Plan Objectors (who provided relatively minimal discovery to

the Committee, as opposed to information provided by the Debtors which a chapter 7 trustee would control rights regarding on appointment).

The Committee believes the Paragraph was proposed to handicap any potential chapter 7 trustee(s) appointed in this case by preventing the Committee from transferring any results of its investigation to any chapter 7 trustee(s) appointed in this case, including the results of the Committee's investigation into the Plan Objectors.

**None of the Plan Objectors contacted the Committee with respect to this proposed language. None of the Plan Objectors contacted the Committee with regard to this plainly pretextual allegation of concern over unauthorized disclosure, that has nothing to do with the Committee.**

The Committee only learned about the Plan Objectors' plan to file a proposed order containing the Paragraph from the Debtors earlier today. The Committee submits that the claim made by the Plan Objectors that "an unauthorized publication of protected information from this case, of unknown origin" is behind this request is plainly pretextual. No such allegation has *ever* been made by the Plan Objectors to the Committee. Based on the lack of communication by the Plan Objectors to the Committee related to this unauthorized disclosure, it is apparent that the Plan Objectors do not believe that the disclosure originated with the Committee – and, importantly, *it is not even a Plan Objector document that was disclosed*.[1] The Committee reserves all rights with respect to this entirely unfounded insinuation that the Plan Objectors appear to have made for improper reasons.

No Plan Objector issued any notice under the Agreed Protective Order to the Committee, and the Committee would respond to any such notice as appropriate under the Agreed Protective Order. The Committee submits that the terms of the Agreed Protective Order should be applied as agreed and ordered. To the extent that the Plan Objectors seek to modify the Agreed Protective Order, they should do so by motion on regular notice to all parties in interest.

Should the Court be inclined to enter the Objector Proposed Conversion Order or to include the Paragraph in any order, the Committee requests an opportunity to be heard prior to entry of such order.

Respectfully submitted,

**BROWN RUDNICK LLP**

*/s/ Kenneth J. Aulet*

Kenneth J. Aulet

---

[1] Although the Plan Objectors did not ever discuss the unauthorized disclosure with the Committee, the Committee believes the objectors refer to a Financial Times article entitled "Here's Apollo's big First Brands short presentation" available at https://www.ft.com/content/01165fdb-4957-45de-b612-85fac4836220. The article includes a link to a (reconstructed and partial) version of the document which appears to show it is a version produced by *the Debtors to the Plan Objectors* given that it includes "FBG_CH1" bates numbering in addition to the original "AGM-FBG" Apollo bates numbering.