**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**CHAPTER 7 TRUSTEE'S OBJECTION TO PROPOSED CONVERSION ORDER AND JOINDER IN EVOLUTION'S OBJECTION TO PROPOSED CONVERSION ORDER**

**(Relates to Docket No. 3729)**

Ronald J. Sommers, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Debtors Patterson Inventory, LLC, Patterson Inventory Holdings, LLC, Starlight Inventory I, LLC, and Starlight Inventory Holdings I, LLC (collectively, the "Previously Converted Debtors"), hereby submits this objection to the Revised Proposed Conversion Order filed by the FBG Debtors (the "Proposed Conversion Order") and joinder (the "Joinder") to *Evolution's (I) Objection to the Proposed Conversion Order and (II) Joinder to the Filing of the Competing Order* [Docket No. 3734] (the "Objection") submitted by Evolution Credit Opportunity Master Fund II-B, L.P. (together with its affiliated lending entities, Evolution Credit Partners Trade Finance Master, L.P., Evolution Credit Opportunity Master Fund III-B, L.P., and certain other Evolution-affiliated funds, collectively, "Evolution"). In support of this Joinder, the Trustee respectfully states as follows:

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, Ohio 44114.

**JOINDER AND OBJECTION**

1. The Trustee has reviewed Evolution's Objection and hereby adopts and incorporates by reference each and every argument set forth therein as if fully restated herein. In particular, and without limitation, the Trustee joins in Evolution's arguments that:

(a) The FBG Debtors' Proposed Conversion Order fails to preserve interested parties' rights to disputed collateral, potentially including those of the Previously Converted Debtors;

(b) The Proposed Conversion Order's stay of all contested matters is unreasonably broad and should be narrowed; and

(c) The Proposed Conversion Order fails to make clear that sales of inventory and collections of outstanding accounts receivable may continue, and that the Wind Down Order remains in effect.

2. The Trustee additionally objects to the Proposed Conversion Order to the extent that it purports to obligate the Converting Debtors to advance Post-Conversion Fees to professionals on an interim basis and outside the priority framework applicable to such expenses under chapter 7 of the Bankruptcy Code.

3. That provision is also fundamentally incompatible with paragraph 8 of the Proposed Conversion Order, which improperly deems all professionals of the Converting Debtors to "have resigned or otherwise have withdrawn from their respective roles with the Debtors, without the need to take any further action," with "no ongoing obligations to the Debtors on the basis of the position or role from which those parties have ceased," and with any post-conversion services requiring a separate retention by the chapter 7 estates. If that were permissible (and as set forth below, it is not), then there is no need for the Proposed Conversion Order to authorize payment of up to $15 million in Post-Conversion Fees to those same professionals.

4. The Trustee in any event objects to paragraph 8 because it purports to leave the Converting Debtor entities stranded without representation in their respective chapter 7 cases in

violation of U.S. law and this Court's rules. As explained in the Trustee's prior objection to Weil Gotshal's Motion to Withdraw as Counsel [Chapter 7 Case No. 25-90392, Docket No. 45]—which is hereby incorporated by reference as if set forth fully herein—conversion to Chapter 7 does not by its own terms result in the automatic termination of the obligations of the Converting Debtors' professionals, nor does it render the Converting Debtors "former clients," as the Proposed Conversion Order attempts to characterize them. So the FBG Debtors are instead improperly attempting to effectuate that withdrawal through the Proposed Conversion Order. But they cannot even fully commit to that position, with paragraph 2(a)(iii) of the Proposed Conversion Order, for example, nonetheless purporting to vest discretion to direct payment of Post-Conversion Fees in Charles Moore of Alvarez & Marsal. The Trustee therefore objects to these provisions.

5. The Trustee further objects to payment of professional fees by the chapter 7 estates for amounts in any Final Fee Application that may represent services and/or expenses incurred by those professionals in connection with post-April 9, 2026 work related to the chapter 7 estates of the Previously Converted Debtors.

6. Finally, for the avoidance of doubt, the Trustee objects to the Proposed Conversion Order to the extent it might be construed to obligate the chapter 7 estates of the Previously Converted Debtors to compensate the professionals of the Converting Debtors for work performed after the Previously Converted Debtors' own April 10, 2026 conversion.

## CONCLUSION

For the foregoing reasons and those set forth in the Objection, the Trustee respectfully requests that this Court reject the FBG Debtors' Proposed Conversion Order.

Respectfully submitted this 28th day of August, 2026,

**REID COLLINS & TSAI LLP**

*/s/ Scott D. Saldaña*
William T. Reid, IV (00788817)
Lisa S. Tsai (24046999)
Scott D. Saldaña (24083780)
Samuel W. Hilliard (24145178)
1301 S. Capital of Texas Hwy, Suite C-300
Austin, Texas 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
Email: wreid@reidcollins.com
ltsai@reidcollins.com
ssaldana@reidcollins.com
shilliard@reidcollins.com

-and-

John Hammel Strauss (*pro hac vice*)
420 Lexington Avenue, Suite 2731
New York, New York 10170
Telephone: (212) 344-5200
Email: jhstrauss@reidcollins.com

-and-

Brian J. Bah (24087130)
1601 Elm Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 420-8900
Facsimile: (214) 420-8909
Email: bbah@reidcollins.com

*Special Litigation Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Previously Converted Debtors*

-and-

**JONES MURRAY LLP**
Erin E. Jones
Chris R. Murray
602 Sawyer, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999

Facsimile: (832) 529-3393
Email: erin.jones@jonesmurray.com
chris@jonesmurray.com

*Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Previously Converted Debtors*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August, 2026, the undersigned caused a true and correct copy of the foregoing document to be served upon all parties via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Scott D. Saldaña*
Scott D. Saldaña