UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re: Case No. 25-90399

FIRST BRANDS GROUP, LLC *et al.* Chapter 11

Debtors.
_______________________________________/

**LIMITED OBJECTIONS BASED UPON NON-COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 65 OF RICHARD MERKELZ, JR., TO ANY PROPOSED CONVERSION ORDER THAT WOULD STAY HIS PENDING EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY AT ECF# 3715, SEEKING A HEARING ON OR BY SEPTEMBER 13, 2026, BROUGHT SOLELY TO PERMIT NOMINAL PROSECUTION OF ILLINOIS PRODUCT LIABILITY ACTION**
[Relates to ECF # 3729-1]

Richard Merkelz, Jr. ("Merkelz") respectfully shows:

1. **Product liability personal injury**. Merkelz is a products liability tort-claimant who, by way of the emergency motion at ECF# 3715, asks this Court for permission to proceed to judgment against any debtor for the purpose of reaching applicable insurance. Merkelz is not asking permission to execute judgment against the debtors or their property.

2. **Time sensitivity**. Subject to any 11 U.S.C. § 108 extension, the statute of limitations runs on or about September 29, 2026. Merkelz is also contending with a defendant's motion to dismiss the suit for failure to sue the product manufacturer. For these reasons, Merkelz is asking for a hearing on or before September 13, 2026.

3. **Insurance proceeds**. For context, generally, under Illinois law, as a predicate to recovery from an insurer, the insured tortfeasor (here, the applicable debtor(s)) must be adjudicated liable. Direct actions against insurers are generally not permitted. *See* Illinois Insurance Code IL ST CH 215 § 5/388; IL ST CH 735 § 5/2-406.

## Limited Objections to Proposed Order

4. **Non-compliance with Federal Rule 65**. For the reasons above, Merkelz filed an emergency motion for stay relief. ECF #3715. The problem is that the proposed conversion order at ECF# 3729-1 contains a provision that would stay all contested matters. To the extent that such provision is intended to enjoin ECF # 3715, Merkelz objects.

5. Bankruptcy Rule 7065 incorporates Federal Rule of Civil Procedure 65. Debtors have not complied with the rule in several material respects. One, Rule 65 provides that "the court may issue a preliminary injunction *only on* notice to the adverse party." Fed. R. Civ. P. 65(a) (emphasis added). Debtors have filed no motion and served no notice.[1] Thus, Debtors are effectively asking for a no-notice injunction against no fewer than all parties in interest in the cases.

6. Two, Rule 65 further contemplates issuance of a no-notice temporary restraining order but "*only if*" the party seeking such relief has demonstrated in a sworn document that "immediate and irreparable injury, loss, or damage will result" absent the injunctive relief, and a certification by counsel that efforts have been made to give notice to affected parties (or why notice should not be required). Fed. R. Civ. P. 65(b) (emphasis added). The Debtors have neither alleged irreparable injury, nor submitted a sworn document, nor explained what efforts have been made to give notice, nor explained why notice should not be required.

7. Three, Rule 65 limits the duration of a no-notice temporary restraining order to 14 days. *Id.* Debtors request a no-notice injunction in excess of 45 days. See ECF # 3729-1 at ¶9.

[1] The certificate of service attached to the notice of revised proposed order shows only service (of the proposed order itself, not of a motion as required by applicable rules, e.g., Bankruptcy Rule 9013 and its local corollary) by way of ECF notification. However, as written the proposed injunction would bind all parties in interest in the bankruptcy cases, not just recipients of ECF notifications.

8. For the reasons above and to protect his basic due process rights, Merkelz respectfully objects.

Dated: August 29, 2026.

Respectfully submitted,

O'CONNORWECHSLER PLLC
By: *___/s/ Annie Catmull____*
Annie E. Catmull
State Bar No. 00794932
aecatmull@o-w-law.com
4400 Post Oak Plaza, Suite 2360
Houston, Texas 77027
Telephone: (281) 814-5977

COUNSEL FOR RICHARD MERKELZ, JR.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on August 29, 2026 through the CM/ECF system to all parties receiving such notice.

*/s/ Annie Catmull*
Annie E. Catmull