**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**SUMMARY COVER**
**SHEET FOR SECOND INTERIM FEE APPLICATION**
**DUCERA PARTNERS LLC FOR COMPENSATION FOR**
**SERVICES AND REIMBURSEMENT OF EXPENSES AS INVESTMENT**
**BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD FROM JANUARY 1, 2026 THROUGH MARCH 31, 2026**

| | | |
|---|---|---|
| **Name of Applicant:** | Ducera Partners LLC | |
| **Applicant's Role in Case:** | Investment Banker to the Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | 01/08/26 [Docket No. 1249] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 1/1/26 | 3/31/26 |
| **Time period(s) covered by prior Applications:** | 10/20/25 | 12/31/25 |
| **Total amounts awarded in all prior Applications:** | | $417,741.94 |
| **Total fees requested in this Application:** | | $528,736.36 |
| **Total professional fees requested in this Application:** | | $525,000.00 |

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| **Total actual professional hours covered by this Application:** | 549.0 |
| **Average hourly rate for professionals:** | N/A |
| **Total paraprofessional fees requested in this Application:** | N/A |
| **Total actual paraprofessional hours covered by this Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Reimbursable expenses sought in this Application:** | $3,736.36 |
| **Total to be Paid to Priority Unsecured Creditors:** | N/A |
| **Anticipated % Dividend to Priority Unsecured Creditors:** | N/A |
| **Total to be Paid to General Unsecured Creditors:** | N/A |
| **Anticipated % Dividend to General Unsecured Creditors:** | N/A |
| **Date of Confirmation Hearing:** | N/A |
| **Indicate whether plan has been confirmed:** | No |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**SECOND INTERIM FEE APPLICATION**
**OF DUCERA PARTNERS LLC FOR COMPENSATION FOR**
**SERVICES AND REIMBURSEMENT OF EXPENSES AS INVESTMENT**
**BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD FROM JANUARY 1, 2026 THROUGH MARCH 31, 2026**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), the *Court Procedures* for Judge Christopher M. Lopez (the "Court Procedures"), and the *Order Establishing Procedures for Interim Compensation and*

---

1 A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

*Reimbursement of Expenses for Professionals* [Docket No. 699] entered by the Court on November 17, 2025 (the "Interim Compensation Order"), Ducera Partners LLC ("Ducera"), investment banker to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby files this interim fee application (this "Application") for interim allowance of $525,000.00 for services rendered and $3,736.36 for expenses incurred in these cases for the period from January 1, 2026 to March 31, 2026 (the "Interim Fee Period"). A proposed form of granting the relief requested herein is attached hereto as **Exhibit A**. In support of this Application, Ducera respectfully submits the declaration of Joshua Scherer (the "Scherer Declaration"), attached hereto as **Exhibit B**, and states as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A. General Background

2. On September 24, 2025, Global Assets LLC and 12 of the Debtors in the above-captioned chapter 11 cases each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code. Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 29, 2025, the Court entered an order [Docket No. 9], authorizing joint administration of these chapter 11 cases (the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b).

3. On October 9, 2025, the Office of the United States Trustee for Region 7 (the "U.S. Trustee") appointed a nine-member Committee consisting of: (i) First-Citizens Bank & Trust Company; (ii) Motion Industries; (iii) Napier Park Global Capital (US) LP; (iv) Pension Benefit Guaranty Corporation; (v) Raistone Purchasing LLC-Series XXVIII; (vi) Yusin Brake Corporation; (vii) Fasanara Capital; (viii) Transend Logistics, LLC; and (ix) T.H.I. Group (Shanghai) LTD. *See* Docket No. 313. The Committee selected Raistone Purchasing LLC-Series XXVIII as the chairperson of the Committee.

**B. The Committee's Retention of Ducera**

4. On November 19, 2025, the Committee filed the *Application of the Official Committee of Unsecured Creditors of First Brands Group, LLC, et al., for Entry of an Order (I) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker Effective as of October 20, 2025, and (II) Granting Related Relief* [Docket Nos. 736, 737] (the "Retention Application") which attached thereto as Exhibit B an engagement letter by and among the Committee and Ducera, dated as of October 20, 2025 (the "Engagement Letter").

5. On January 8, 2026, the Court entered the *Order (I) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker Effective as of October 20, 2025, and (II) Granting Related Relief* [Docket No. 1249] (the "Retention Order").

6. Among other things, the Retention Order authorizes the Debtors to compensate and reimburse Ducera in accordance with the terms set forth in the Retention Application and the Engagement Letter.

**Summary of Professional Compensation**
**and Reimbursement of Expenses Requested**

7. A summary of Ducera monthly statements subject to this Application is set forth as follows:

| Period | Fees Incurred | Fees Paid to Date | Expenses Incurred | Expenses Paid to Date | Total Fees and Expenses Incurred |
|---|---|---|---|---|---|
| 1/1/2026 – 1/31/2026 | $175,000.00 | $0.00 | $1,682.65 | $0.00 | $176,682.65 |
| 2/1/2026 – 2/28/2026 | $175,000.00 | $0.00 | $1,394.90 | $0.00 | $176,394.90 |
| 3/1/2026 – 3/31/2026 | $175,000.00 | $0.00 | $658.81 | $0.00 | $175,658.81 |

8. By this Application, Ducera seeks interim allowance of compensation for professional services performed during the Interim Fee Period in the amount of $525,000.00 and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $3,736.36. During the Interim Fee Period, Ducera professionals expended a total of 549.0 hours in connection with the necessary services performed.

**Supporting Documents**

9. Attached hereto as **Exhibit B** is the Scherer Declaration.

10. Attached hereto as **Exhibit C** is a summary of hours billed by Ducera during the Interim Fee Period.

11. Attached hereto as **Exhibit D** is an itemization of services rendered by project category for the Interim Fee Period.

12. Attached hereto as **Exhibit E** is a summary of hours billed by Ducera professionals during the Interim Fee Period.

13. Attached hereto as **Exhibit F** is a summary of expenses incurred by Ducera during the Interim Fee Period.

14. Attached hereto as **Exhibit G** is an itemization of expenses incurred by Ducera during the Interim Fee Period.

**Summary of Professional Services**
**Rendered During Interim Fee Period**

15. The following narrative provides a brief summary of the services rendered by Ducera on behalf of the Committee organized by project category. The summary that follows is not intended to be a detailed description of the work performed by Ducera during the Interim Fee Period. Rather, the following summary attempts to highlight certain of those areas in which services were provided to the Committee.

**A. Preparation of Materials / Analyses & Diligence**

Hours: 359.0

16. This category includes work performed in connection with the analysis and preparation of materials including, but not limited to: (i) reviewing and monitoring the case docket and certain filings in these Chapter 11 Cases, (ii) reviewing materials received from Lazard Inc. ("Lazard") and Alvarez & Marsal Holdings, LLC ("A&M", and collectively with Lazard, the "Debtors Professionals"), (iii) reviewing materials received from Brown Rudnick LLP ("Brown Rudnick"), M3 Advisory Partners, LP ("M3"), Cole Schotz P.C. ("Cole Schotz"), Nardello & Co. LLC ("Nardello" and, collectively with Brown Rudnick, Cole Schotz, M3, Ducera, and Nardello, the "Committee Professionals"), (iv) reviewing term sheets received as part of financing and sale processes, (v) preparing materials for distribution to the Committee, and (vi) preparing materials for distribution to the Debtors Professionals.

**B. Correspondence with UCC**

Hours: 62.0

17. This category includes time spent attending and preparing for meetings with the Committee regarding Committee matters.

**C. Correspondence with 3rd Parties**

Hours: 107.5

18. This category includes time spent attending and preparing for meetings with the Debtors Professionals and other third parties with an interest in these Chapter 11 cases.

**D. UCC Advisor Working Sessions**

Hours: 20.5

19. This category includes time spent attending and preparing for meetings with the Committee Professionals regarding Committee matters.

**Summary of Actual and Necessary**
**Expenses Incurred During the Interim Fee Period**

20. Ducera incurred out-of-pocket expenses during the Interim Fee Period in the amount of $3,736.36. Attached hereto as **Exhibit F** is a description of the expenses actually incurred by Ducera in the performance of services rendered as investment banker to the Committee. The expenses are broken down into categories of charges, including but not limited to the following charges: meals and ground transportation. It is Ducera's policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case. Ducera charges for these expenses in a manner and at rates consistent with charges made generally to its other clients.

**Basis for the Relief Requested**

21. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy

Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

22. The Fifth Circuit Court of Appeals has held that lower courts should consider the six factors found in section 330(a)(3) of the Bankruptcy Code when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

23. Ducera submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount. Ducera devoted a substantial amount of time and effort addressing the numerous issues involved in these Chapter 11 Cases during the Interim Fee Period. Whenever possible, Ducera sought to minimize the costs of its services to the Committee by utilizing junior professionals to handle the more routine aspects of case administration.

24. Ducera respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary and beneficial to effectively represent the Committee and were performed economically, effectively and efficiently. Accordingly, Ducera submits that the compensation requested is reasonable in light of the nature, extent, and value of such services provided to the Committee and approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

**Notice**

25. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## Conclusion

26. Ducera respectfully requests that the Court: (i) approve, on an interim basis, the allowance of $525,000.00 in compensation for professional services rendered to the Committee by Ducera during the Interim Fee Period; (ii) approve, on an interim basis, the reimbursement of $3,736.36 for Ducera's out-of-pocket expenses incurred in connection with the rendering of such services to the Committee during the Interim Fee Period; (iii) authorize and direct the Debtors to immediately pay to Ducera the unpaid portion of such allowed fees and expenses; and (iv) granting such other and further relief as the Court may deem just and proper.

Dated: September 2, 2026

**DUCERA PARTNERS LLC**

*/s/ Joshua Scherer*
Joshua Scherer
Partner

**Certificate of Service**

I hereby certify that on September 2, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Aaron D. Davidson*
Aaron D. Davidson