**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered)<br><br>**WD ELECTRONICS, LLC'S REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO SECTION 503 OF THE BANKRUPTCY CODE** |

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

Pursuant to 11 U.S.C. §§ 503 and 507(a)(2), WD Electronics, LLC (**"WDE"**), through counsel, hereby requests (the "**Application**") allowance and payment of administrative expenses

[1] A complete list of the debtors in these chapter 7 cases (the **"Debtors"**) may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

in the amount of $108,595.00 (as more fully explained and described below, the "**Administrative Expense(s)**"), which amount reflects the actual, necessary fees, costs and expenses incurred by WDE to when it made a post-petition deposit for the purchase of goods manufactured by Hopkins Manufacturing Corporation's (**"Debtor"** or **"Hopkins"**), a subsidiary of First Brands Group, LLC (**"First Brands"** or **"Debtors"**), whose chapter 11 case (and now chapter 7 cases) is jointly administered with First Brands.

The Administrative Expenses requested in this Application reflect the fees, costs, and expenses actually, reasonably and necessary incurred by WDE in making a post-petition deposit for the future purchase of inventory of the Debtor in the ordinary course of WDE's business with the Debtor. The relevant paid invoice and check is attached as Exhibit 1.

In support of this application, WDE respectfully states as follows:

## GENERAL BACKGROUND, JURISDICTION AND VENUE

1. On September 28, 2025, (the "**Petition Date**"), First Brands filed a voluntary petition under chapter 11 of the United States Code (the "**Bankruptcy Code**") (ECF No. 1). On September 29, 2025, First Brands filed a motion to jointly administer the chapter 11 cases of First Brands and its subsidiary and affiliate entities, including Hopkins (ECF No. 2). This motion was approved that same day (ECF No. 9).

2. Ronald J. Sommers was appointed, and currently serves, as the trustee (the "**Trustee**") of Debtor's Chapter 11 bankruptcy estate (the "**Estate**").

3. On August 24, 2026, the Court issued an oral ruling and order denying plan confirmation for First Brands and ordered that each of First Brands' Chapter 11 cases be converted to cases under chapter 7 of the Bankruptcy Code (ECF 3710).

4. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

5. The Application is a core proceeding arising under or arising in a case under the Bankruptcy Code, within the scope of 28 U.S.C. § 157(b)(1).

6. Venue of the above captioned bankruptcy case and the Application are proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The authorities applicable to and governing the relief sought in the Application include 11 U.S.C. §§ 503 and 507(a)(2).

**BACKGROUND SPECIFIC TO THE APPLICATION**

8. Prior to the Petition Date, Hopkins was engaged in the business of manufacturing and selling aftermarket automotive equipment and accessories, including vehicle-to-trailer wiring, lighting, and other automotive products.

9. WDE is a manufacturer of side-by-side (SxS) or Utility Task Vehicle (UTV) accessory products, such as aftermarket light bars, turn signal kits, and mirrors.

10. Both before and after the Petition Date, WDE relied upon Hopkins to manufacture and provide a number of the components it used in its own products, including taillight converters and other widgets.

11. Three days before the petition date, on September 25, 2025, WDE submitted an order to the Debtor under internal reference number H2212093. *See* Exhibit 2, *Communications with the Debtor* at 1. When placing the order, the Debtor noted that several of the units were on backorder and that they would likely come available on November 7. *Id*.

12. On October 3, 2025 — five days after the Petition Date — the Debtor confirmed an intent to deliver the units ordered by WDE, with 167 units shipping that day and additional units coming in the future. *Id.* at 8–9.

13. After numerous delivery delays, an employee of WDE reached out to the Debtor on October 9, 2025, noting that given the delays and lack of a confirmed shipping schedule, WDE was "hesitant to prepay the requested amount" of 50% of the total order cost of $217,190.00. *Id.* at 15–16.

14. On October 14, 2025 — 16 days after the Petition Date — a representative of the Debtor responded and asked WDE to "pay for half of the cost of this order up front when the product becomes available." *Id.* at 14–15. On November 3, 2025, the same representative of the Debtor sent WDE a pro forma invoice for $108,595.00 in relation to PO01291, which WDE paid. *Id.* at 13–14; *see also generally* Ex. 1, *Paid Invoice and Check*.

15. On November 11, 2025, months after the petition date and two days after entry of the Final DIP Order, WDE paid Hopkins $108,595.00 in deposit for a future purchase of inventory. *See* Ex. 1 at 2. WDE's check posted on November 18, 2025. *Id.*

16. Representatives of WDE followed up numerous times seeking a status update on the units WDE ordered; despite following up in November and December of 2025 as well as January and February of 2026, WDE was not told its order would not be fulfilled. Ex. 2 at 10–13. Instead, WDE first found out that the bankruptcy filing was impacting their order by email on April 6, 2026, more than six months after the Petition Date. *Id.* at 10.

17. WDE became aware of Hopkins' bankruptcy in early 2026, when an employee of Hopkins informed WDE that it would cease doing business. Prior to this disclosure, no one at Hopkins ever informed WDE that Hopkins was the subject of a chapter 11 case.

18. WDE requested a return of its deposit, but never received any answer from Hopkins. On April 13, 2026, this time through counsel, WDE contacted counsel for Debtor to inquire about whether Hopkins would refund WDE's post-petition deposit, whether there was any administrative claims bar date, and seeking any other information necessary to assert a claim for the return of the deposit. Ex. 2 at 21–22.

19. On April 25, 2026, counsel for the Debtor noted that the Debtor was being wound down. *Id.* at 20. In the same email, counsel for the Debtor noted that the Debtor was working on a proof of claim form for administrative expense claims, and that there was no deadline for filing such a claim. Instead, the deadline and applicable procedures and instructions would "be set forth in connection with a chapter 11 plan." *Id.* at 20.

20. Because the Debtor is administratively insolvent, no such procedures will be set forth by a chapter 11 plan. It appears that no such plan has been or will be confirmed. Instead, Hopkins is set to be liquidated in a chapter 7 proceeding, and as a result, WDE submits this Application.

## RELIEF REQUESTED

WDE requests entry of an order pursuant to 11 U.S.C. §§ 503 and 507(a)(2) awarding WDE an allowed administrative claim in the amount of $108,595.00 (i.e. the Administrative Expenses), and authorizing and directing the Trustee to pay WDE's allowed Administrative Expenses as soon as may be practicable if and when funds become available for distribution to the holders of chapter

11 administrative expenses (and, in no event later than the Trustee pays other administrative expenses in the Case of like priority and before it pays any claims of lesser priority).

## ARGUMENT

### I. The Administrative Expenses resulted in a substantial benefit to the Estate.

To "qualify as an 'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee [or debtor-in-possession] that benefitted the estate." *Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*, 931 F.3d 432, 441 (5th Cir. 2019). "[C]ourts have determined that an applicant's activities substantially contribute if they 'resulted in an actual and demonstrable benefit to the debtor's estate and the creditors.'" *In re Summit Metals, Inc.*, 379 B.R. 40, 50 (Bankr. D. Del. 2007), aff'd, 406 F. App'x 634 (3d Cir. 2011) (quoting *Lebron v. Mechem Fin. Inc.*, 27 F.3d 937, 944 (3d Cir.1994) and *Haskins v. United States* (*In re Lister*), 846 F.2d 55, 57 (10th Cir.1988)). A prima facie case under 503(b)(1) "may be established by evidence that (1) the claim arises from a transaction with the debtor-in-possession; and (2) the goods or services supplied enhanced the ability of the debtor-in-possession's business to function as a going concern." *Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992).

#### A. Hopkins Induced a Post-Petition Transaction with WDE.

In the context of commercial transactions for goods and services, a creditor "must show some inducement by the debtor-in-possession." *In re Whistler Energy, L.L.C.*, at 442. Inducement does not require an explicit request for services. *Id.* at 441–42. Inducement can also be shown

through the "knowing and voluntary post-petition acceptance of desired goods of services." *Id.* (citation omitted).

The Debtor itself issued the invoice to WDE on November 3, 2025, and WDE paid that invoice on November 11, 2025, both long after the Petition Date. In all of its communications with WDE to that point, the Debtor gave no indication that it would be unable to eventually fulfill WDE's order; it did not even reveal that the bankruptcy filing would cause fulfillment issues until spring of the following year. Instead, the only indication WDE received from the Debtor was that it would continue operating post-petition. WDE is hardly to blame for its attempt to continue doing business with what was, at the relevant time, a Debtor who had not yet committed to liquidation. It is indisputable that the Debtor induced WDE's payment and accepted the same after the Petition Date. WDE's post-petition payment of a $108,595.00 deposit for the purchase of future inventory satisfies the first element of an administrative expense claim under 11 U.S.C. § 503(b)(1).

**B. <u>WDE's Payment Was a Benefit to the Debtor's Estate.</u>**

A benefit to the estate can take various forms, and the 11 U.S.C. § 503 test can be satisfied if the estate receives "a 'discernible benefit' as a result of the expenditure." *In re ASARCO LLC*, 441 B.R. 813, 824 (S.D. Tex. 2010) (quoting *In re Jack/Wade Drilling, Inc.*, 258 F.3d 385, 387 (5th Cir. 2001)). Contribution of any resource that enables the preservation of the estate can be sufficient, and that includes deposits of money that enhance the ability of the Debtor to liquidate in an orderly fashion. *See Reading Co. v. Brown*, 391 U.S. 471, 475 (1968) ("preserving the estate" is read inclusively); *see also In re Northstar Offshore Grp., LLC*, 628 B.R. 286 (Bankr. S.D. Tex.

2020) ("preservation may also include and be means to other ends in the administration of the estate… [including] an orderly liquidation.") (citation and internal quotation omitted).

To fulfill the primary purpose of the benefit analysis under 11 U.S.C. § 503(b) and prevent "unjust enrichment to the estate," WDE's post-petition payment to the Debtor should be entitled to administrative priority. *E.g.*, *In re J.A.V. Ag., Inc.*, 154 B.R. 923, 929 (Bankr. W.D. Tex. 1993). The Debtors continued to do business with WDE after the petition date, and WDE attempted to purchase the same components it had frequently purchased from the Debtors in the ordinary course of business once more in November of 2025, several months after the Petition Date. The Debtors were already in the doldrums of bankruptcy and indisputably benefitted from receiving WDE's payment of $108,595.00, which the Debtors have since likely exhausted in their numerous unsuccessful efforts to reorganize and liquidate in First Brands' Chapter 11 case. WDE's payment, as well as its choice to continue doing business with the debtor-in-possession post-petition, were discernably beneficial to the estate, and as such satisfy the second element of an administrative expense claim under 11 U.S.C. § 503(b)(1).

**C. <u>WDE Already Gave Consideration to Hopkins and is Entitled to Priority.</u>**

Courts in the Fifth Circuit also recognize that conducting business as a debtor-in-possession often requires that certain resources be "available, even if ultimately not used." *E.g.*, *Matter of Whistler Energy II, L.L.C.*, 931 F.3d 432, 444 (5th Cir. 2019). Where a debtor-in-possession "induces availability" after the Petition Date, and the bankruptcy estate derives benefit from the resource made available to it, the cost of ensuring such availability qualifies as an administrative expense. *Id.* at 444. Even if the Court is not fully convinced that WDE's post-petition payment of Hopkins conferred any benefit on the estate, it remains true that Hopkins

induced WDE's "performance" and that same performance was "rendered to the estate." *In re Home Interiors & Gifts, Inc.*, No. 08-31961-11-BJH, 2008 WL 4772102, at *4-5 (Bankr. N.D. Tex. Oct. 9, 2008) (quoting *In re White Motor Corp.*, 831 F.2d 106, 110 (6th Cir. 1987)). This is enough to entitle WDE's claim to priority. *In re White Motor Corp.*, 831 F.2d at 110.

## CONCLUSION

Based on the foregoing, WDE respectfully requests that the Court enter an order as follows:

A. GRANTING and APPROVING this APPLICATION;

B. AWARDING WDE Administrative Expenses in the amount of $108,595.00;

C. ALLOWING the $108,595.00 awarded Administrative Expenses claim to WDE as a priority administrative expense pursuant to 11 U.S.C. §§503(b) and 507(a)(2);

D. AUTHORIZNG and DIRECTING the Trustee to pay WDE's allowed Administrative Expenses as soon as may be practicable if and when funds become available for distribution to the holders of chapter 11 administrative expense claims (and, in no event later than the Trustee pays other administrative expenses in the Case of like priority, and before it pays any claims of lesser priority); and

E. Granting such other and further relief as the Court sees as just and appropriate.

A Proposed Order to this effect is attached at Exhibit 3.

DATED this 3rd day of September, 2026.

PARSONS BEHLE AND LATIMER

/s/ Brian M. Rothschild

BRIAN M. ROTHSCHILD (USB 15316)
(*Admitted pro hac vice*)
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, UT 84111

Telephone: (801) 532-1234
Facsimile: (801) 536-6111
BRothschild@parsonsbehle.com
ecf@parsonsbehle.com
*Attorney for Creditor WD Electronics*

**CERTIFICATE OF ACCURACY**

I hereby certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2026, a true and correct copy of the foregoing **REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO SECTION 503 OF THE BANKRUPTCY CODE** was electronically filed and served via ECF parties requesting notice in this proceeding and that copies were sent to the following parties via email or US mail:

Ronald Sommers, Trustee
1400 Post Oak Blvd., Suite 300
Houston, TX 77056-6656
*Trustee*

**First Brands Group, LLC**
127 Public Square, Suite 5300
Cleveland, OH 44114-1219

**Clifford W. Carlson**
**Gabriel A. Morgan**
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Clifford.carlson@weil.com
Gabriel.morgan@weil.com
*Attorneys for Debtors*

**WEIL, GOTSHAL & MANGES LLP**
Matthew S. Barr (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
Andriana Georgallas (admitted *pro hac vice*)
Kevin Bostel (admitted *pro hac vice*)
Jason H. George
767 Fifth Avenue
New York, New York 10153
matt.barr@weil.com
sunny.singh@weil.com
andriana.georgallas@weil.com
kevin.bostel@weil.com
Jason.george@weil.com
*Attorneys for Debtors and Debtors in Possession*

/s/ Brian M. Rothschild
Brian M. Rothschild

**EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**ORDER GRANTING APPLICATION OF WD ELECTRONICS, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

This matter is before the Court on *WD Electronics, LLC's Request for Payment of Administrative Expenses Pursuant to Section 503 of the Bankruptcy Code* (Dkt. No. ___) (the **"Application"**). The Court, having reviewed the application; no applications having been filed, or any filed objections having been overruled; and the Court finding that (a) the Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and (c) good cause exists for granting the relief requested in the Application,

**IT IS HEREBY ORDERED THAT:**

2. The Application is **GRANTED** as set forth herein.

3. WD Electronics, LLC is allowed an administrative expense claim against the estates of the Debtors in the aggregate amount of $108,595.00.

4. Notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order is effective upon entry, and the Debtors are hereby authorized and directed

to pay the sum of $108,595.00 to WD Electronics, LLC, on the next business date immediately following the date of entry of this Order on the Docket for this case.

5. Nothing contained in this Order shall affect any other claims that WD Electronics, LLC holds or may hold against the Debtors in these chapter 11 cases.

6. The Court shall retain jurisdiction over the matters arising from or related to interpretation, implementation, or enforcement of this order.

Dated: ______________, 2026.
Houston, Texas.

______________________________
CHRISTOPHER M. LOPEZ
U.S. BANKRUPTCY JUDGE