**EXHIBIT C**

**(July 28 Transcript)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FIRST BRANDS GROUP LLC, | ) CASE NO: 25-90399 |
| | ) Houston, Texas |
| Debtor. | ) Tuesday, July 28, 2026 |
| | ) 9:03 a.m. to 6:44 p.m. |
| ------------------------------ | ) |

RULING ONLY

BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For Debtors: | SUNNY SINGH<br>MATT BARR<br>KEVIN BOSTEL<br>ROBERT BEREZIN<br>THEODORE E. TSEKERIDES<br>CHRISTINE CALABRESE<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153 |
| | CLIFFORD W. CARLSON<br>Weil, Gotshal & Manges LLP<br>700 Louisiana Street, Ste 3700<br>Houston, TX 77022 |
| For Retiree Committee: | MARK D. SHERRILL<br>Chamberlain Hrdlicka<br>1200 Smith Street, Ste 1400<br>Houston, TX 77002 |
| For Committee: | KENNETH AULET<br>MICHAEL WINOGRAD<br>JASNOOR HUNDAL<br>Brown Rudnick<br>7 Times Square<br>New York, NY 10036 |

| | |
|---|---|
| For LAM Parties: | EMIL A. KLEINHAUS<br>Wachtell Lipton Rosen & Katz<br>51 West 52nd Street<br>New York, NY 10019 |
| | MICHAEL H. CASSEL<br>Wachtell Lipton Rosen & Katz<br>51 West 52nd Street<br>New York, Ny 10019 |
| For Katsumi: | RICHARD A. STIEGLITZ<br>Mayer Brown<br>1221 Avenue of the Americas<br>New York, NY 10020 |
| | SEAN T. SCOTT<br>Mayer Brown<br>71 South Wacker Drive<br>Chicago, IL 60606 |
| | CHARLES S. KELLEY<br>Mayer Brown<br>700 Louisiana Street, Ste 3500<br>Houston, TX 77002 |
| For Onset: | LISA LAUKITIS<br>Milbank LLP<br>55 Hudson Yards<br>New York, NY 10001 |
| | ERIN DEXTER<br>Milbank LLP<br>1101 New York Avenue NW<br>Washington, DC 20005 |
| For Evolution entities: | MICHAEL DUKE<br>Elsberg Baker & Maruri<br>350 Fifth Avenue, 38th Floor<br>New York, NY 10118 |
| For Carnaby II and Carnaby III: | ALLAN S. BRILLIANT<br>Dechert LLP<br>1095 Avenue of the Americas<br>New York, NY 10036 |

For Patrick James and James defendants: JAMES C. TECCE
ANIL MAKHIJANI
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

ERICA S. WEISGERBER
Debevoise & Plimpton LLP
66 Hudson Boulevard East
New York, NY 10001

MATTHEW D. SARONSON
Debevoise & Plimpton LLP
28 Tudor Street
London EC4Y 0AY
United Kingdom

For Aequum Financial II, LLC: MATTHEW E. KASLOW
Blank Rome LLP
130 North 18th Street
Philadelphia, PA 19103

For U.S. Trustee: VIANEY GARZA
Office of the U.S. Trustee
515 Rusk Street, Ste 3516
Houston, TX 77002

Court Reporter: YESENIA LILA

Courtroom Deputy: YESENIA LILA

Transcribed by: Veritext Legal Solutions
330 Old Country Road, Suite 300
Mineola, NY 11501
Tel: 800-727-6396

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

HOUSTON, TEXAS; TUESDAY, JULY 28, 2026; 9:03 AM

THE COURT: This is Judge Lopez back on the record in First Brands. I'm going to rule on the motions in limine directed to Mr. Moore's testimony. And the motions are those at 3289 and 3447 together with evidentiary grounds raised and the objections at 3262, 3271, 3274, 3277. There may be some other joinders there. I tried to -- but they are all included. And those are the ones that I know for sure. And that includes the Onset objection last night. I considered it with full weight.

I'll just kind of talk about the procedural posture.

This Court conditionally approved a disclosure statement last month and entered a scheduling order governing objection deadlines, solicitation, voting, and the date of this hearing. I don't believe any party requested a scheduling order about depositions, expert designations, or expert reports. None was entered. The Moore declaration was filed that's being kind of originally discussed on July 14th.

About a week ago, this Court granted a motion to compel and ordered a production of documents that Moore relied on in support of the confirmation based on the statements in the declaration.

Mr. Moore was deposed on July 23rd and maybe 24th,

certainly. Bankruptcy Local Rule 9013-2 conditions the obligation to provide written expert reports on counsel having identified expert witness on a witness list. Moore was identified within the deadline. In the local rules on July 20th, three days before Moore's deposition, I would note that the James defendants wrote that the Debtors may attempt to redeploy the declarants as expert witnesses under Federal Rule of Evidence 702, and there were some other objections filed addressed in the declaration as containing opinion testimony. So parties anticipated this issue.

On this record, based upon the record before me, I don't find that there's any real surprise or unfair prejudice sufficient to preclude the witness from testifying. The Court is not prepared to hold that a Chapter 11 confirmation hearing requires a mandatory litigation scheduling order before a CRO or CEO may testify in support of feasibility. Parties certainly could have asked for one. I would have been open to it.

The Federal Rules of Evidence apply through the bankruptcy rules Bankruptcy Rule 9014(c) makes Rule 7026 apply, but not all of them. Not all in a contested matter. There are mandatory disclosures and a number of other matters don't apply, including with respect to experts.

Federal Rule of Evidence -- just one moment. I was writing fast. It's somewhere here. Yes.

Bankruptcy Rule 9017 provides that the Federal Rules of Evidence apply in a bankruptcy case.

Federal Rule of Evidence 602 requires personal knowledge for fact testimony. 701 Limits lay opinion. 702 Governs expert testimony and the gatekeeping obligation under Daubert and Kumho would extend to what I would call experience-based opinion.

The Fifth Circuit has certainly held in many cases cited that there has to be sufficient facts and a reliable methodology and in all instances mandatory on that 703 Governs the bases of expert opinion and 705 the disclosure. Rules 801 through 807 govern hearsay. Neither a lay witness nor an expert witness may offer legal conclusions, and there's plenty of cases on that. Rule 704 permits opinion on an ultimate issue of fact, but it does not permit opinion on what the law is or whether a law has been satisfied.

The motions to exclude Mr. Moore's testimony in its entirety are denied. He's going to testify live subject to cross-examination.

The declaration is not admitted, and it will not be admitted in the Debtors' affirmative case. It stands I think as kind of the disclosure of the subject matter of his testimony, so the Debtor is not going to be able to exceed it. Objecting parties may use the declaration, obviously, for any purpose available to them under the rules.

The witness remains subject to recall should the direct examination open territory in which the depositions could not reach.

The witness has testified, based on my understanding, that he -- from what I'm going on representations of counsel here, that he did not evaluate the support for Kirschner's conclusions as to the timing of recovery. Rule 703 permits an expert to rely on another expert's work, but that reliance must be reasonable, and an expert who adopts a conclusion without an examination has not informed an opinion of his own.

So to the extent Moore tries to get into relying on Kirschner for saying that he thinks that that's reasonable and that he's going to have to rely on Kirschner entirely, and Kirschner will stand on its own and will make those rulings. So all rights and objections are reserved. Nothing here that I say is going to limit any party's move to strike at the close of evidence or to argue that admitted testimony deserves little or no weight. This is a bench trial. This court is capable of disregarding what it should disregard.

I'd note that this is a confirmation hearing. It's not a trial of the estate claims, and it's not a mini trial of any adversary proceeding.

There is discovery. I should note that discovery

in Adversary Proceeding 25-03803, that's what I'd call the James and others litigation, that's been stayed at the request of the United States with support Of the Debtors. The James defendants oppose those stays. Those defendants have not had discovery, and they can't testify in their own defense. And because they're entitled to -- there's a parallel criminal proceeding here.

I'm going to note that I find that no issue bearing on the conduct or liability of any defendant in that adversary proceeding has been fully and fairly litigated here and that no such party has had a full opportunity to litigate the merits of the adversary proceeding. So no finding I make at this hearing and in any hearing is going to -- will have a preclusive effect. Collateral estoppel, issue of preclusion, law of the case in any adversary, in any court or in any other proceeding before me. That applies in both directions. Right? So to the Debtors to the litigation trustee and to any successor, if we get as far as litigation trust or any successor, to the objecting parties and to any defendant.

I make no findings as to the value or the merit of any individual estate claim, any category of estate claims, or any claim asserted against any identified defendant to date.

The Court's finding, if I'm going to

(indiscernible) really goes to 1129(a)(11) about the aggregated value of a portfolio, and nothing more. No party may cite any statement of this Court at this hearing or throughout this confirmation hearing as a -- that I am making a valuation of any claim in any other proceeding. And if someone tries to do it, cite this transcript. I am not adjudicating whether a Ponzi scheme presumption applies, whether any transfer is avoidable, whether any party has knowledge or inquiry notice, or whether any defense succeeds.

To the extent any such claim is one on which I lack constitutional authority to enter a final judgment at any subject trial to me, that's even further and an independent reason nobody can rely on anything that's found today.

So the Debtors have designated, from my understanding, Mr. Moore to offer opinion testimony to the extent of the Debtors' insolvency, the criteria for identifying indicators of irregularity in factoring, supply chain financing, and special-purpose entity transactions, and that those kind of give the impression of financial irregularities.

Mr. Moore has -- will have to come up and he'll have to establish his chops as a managing director of Alvarez serving as CRO and interim CEO and his experience.

I don't want to get into that and whether -- his knowledge in the automotive industry, right? And you're going to have to establish qualifications on subject, and you all know that already.

I would note, again, insolvency is an element of constructive fraud claims and preference claims. Inquiry notice as a standard governing the good faith defenses available to transferees. I am not adjudicating those questions. I'm receiving it solely as it bears on an aggregate value of portfolio for purposes of 1129(a)(11) and not a determination of any element of any claim against any party or defense to any claim to any party.

I think I'm going to allow the witness to testify as to -- and he will have to define as to what he means by insolvency, whether that's book, balance sheet insolvency. But if he's going to start to get into sum of equities and fair valuation of property, he'd better be prepared to talk about that and whether that's -- what methodology he's going to rely on for that. He can't testify that any transfer is avoidable, you know, as a matter of law, or that he -- he can say that he thinks that there's a fraudulent transfer claim, but he can't testify about anything more.

Testimony as to the custom and practice in an industry is a subject of expert opinion. If he can establish foundation, he can talk about what's customary in

accounts receivable factoring and supply chain financing, secured lending, that kind of stuff.

I'm not going to let him testify that any counterparty knew or should have known of a scheme, that any party was on inquiry notice, or that a reasonable participant would have discovered that conduct. Those are questions that some court will decide at some point if it goes forward against anyone. These are questions that I will not decide.

I think the witness can testify about -- if he can -- you know, we'll see if there's sufficient foundation that he can -- talk about statements that appear odd in an identified document and that underlying records state a different state of affairs. That's a documentary comparison in my -- from what I can see, and it requires no specialized expertise. But I'm not going to let him characterize statements as -- that some -- you know, what he may perceive to be a misrepresentation it's made knowingly or fraudulent. He's not going to be able to say that.

He's not going to be able to -- there were, at least in the declaration, statements made by quote-unquote, you know, kind of unidentified persons. I'm not talking about the A&M team. I'm talking about just, you know, there was some unidentified person in some emails. You're not going to be able to kind of attribute a statement to an

unidentified person and then characterize that person's conduct who is unknown.

My understanding based upon the record today is that the -- I'd rather call it the, you know, what I would call the $25 billion number. It has an arithmetic compilation and some kind of determination as to whether they're in furtherance of what he may or may not call a scheme. The arithmetic is competent. That's going to be math. It's going to be performed by -- but if he's selecting certain things, then that gets into opinion, right? He selected these as opposed to just arithmetic.

But the witness is going to have to state the criteria, if that's what he's going to do, by which he selected or didn't select them and whether criteria were applied consistently, and whether some of the ones that he selected kind of go to the parties receiving releases under the plan or something else. In other words, did you just kind of pick the ones where -- relate to the ones -- to the folks who aren't getting releases, or whether you thought about others. That's just information the Court will need.

I think the witness can testify about -- let me check my notes here.

If a document was placed in the public record, I think he can talk about a statement in the public record. That it was in the public record, not -- right? It's just

that he read it and it was in the public record. And I think that's -- the Court's rulings are -- it's -- I just note -- and I'm just looking at my notes here. It's not unusual or improper for a CEO or a CRO to offer testimony bearing on the requirements of Section 1129, including feasibility.

That's ordinary course confirmation practice in this district and in others, and the Court routinely receives such testimony. And I don't think anyone is debating that. All of your other cases would come to a screeching halt if that were the case.

Nor is it improper or unfounded that a CEO or CRO testify about the estate causes of action, including potential avoidance actions, right? Or a restructuring officer who supervised an investigation of a debtors' books and records and who has reviewed transactions giving rise to claim is often found competent to describe what the records show and what an investigation found. So I'm not doing anything that is groundbreaking here.

The question is, can this witness talk about that? And he's going to get crossed on these matters. I'm not going to let him -- and I want to be clear about this, and I think this is kind of going to a number of the communications disclosed or discussed, that were discussed before me in this hearing are attributed to individuals who,

obviously I said who aren't identified and they're not going to be able to talk about that.

But even if they are attributed to individuals, who are -- and I'm kind of going to the emails that may or may not come in, and we'll see where that goes. But I think Moore has to talk about them generally. I'm not going to kind of get into specific statements so somebody can cut and paste out of a transcript and then seam it up.

You can talk generally that there were emails. If you want to offer the email for the truth of the matter asserted, you can do that, and we'll take that up. But I don't want specific names, specific emails generally. But I think if a witness has filed a public document and says here's what I said, then I think one can say this was filed publicly and that's what he said. Again, we're going to have to kind of give a little bit of latitude on that and just -- but I think everyone can make smart determinations about that.

What I'm really focused on there is someone, you know, saying this person said this and they sent an email to someone who we can't even identify. That's the kind of stuff that I'm really conscious about.

I think there was also -- and I don't know if this applies to just Kirschner, but I think to the extent that applies to Moore, parties would know better than I do, but I

note it for the record.

In the papers, were there were some statements that there were some papers that were pulled back that I believe Kirschner may or may not have relied on. I think obviously if it applies to -- if Moore is relying on those same documents, then Moore can't talk about that stuff as well.

To the extent Moore is relying on Kirschner, and in my understanding it's just on the timing piece, then any objections, and I'm saying it now, when we get to Kirschner, if Kirschner comes in or not, then everybody's rights are reserved to then strike the portion.

So in other words, If Moore is relying on Kirschner and Kirschner gets struck, or a portion of the testimony that Moore is relying on is struck, at the close or at the appropriate time, everyone has the right to seek the court to strike any portion of Moore that relates to the testimony there, and we'll take that up.

So that's the Court's ruling. Everybody's rights are reserved. Moore will come on after lunch and we'll see where he goes. Yes.

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.



Sonya Ledanski Hyde

Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY 11501

Date: July 31, 2026