**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**SUMMARY COVERSHEET TO THIRD INTERIM FEE APPLICATION OF ALVAREZ AND MARSAL, NORTH AMERICA LLC, AS FINANCIAL ADVISOR FOR THE DEBTORS, FOR THE PERIOD FROM APRIL 1, 2026 THROUGH AND INCLUDING JUNE 30, 2026**

| | | |
|---|---|---|
| **Name of Applicant:** | Alvarez and Marsal North America, LLC | |
| **Applicant's Role in Case:** | Financial Advisor | |
| **Docket No. of Employment Order(s):** | Docket No. 896 | |
| **Interim Application (x) No. 3**<br>**Final Application ( )** | | |
| | **Beginning Date** | **End of Period** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | April 1, 2026 | June 30, 2026 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? (Y)** | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (Y)** | | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (Y)** | | |
| **Do expense reimbursements represent actual and necessary expenses incurred? (Y)** | | |
| **Compensation Breakdown for Time Period Covered by this Application** | | |
| **Total professional fees requested in this Application:** | | $13,607,749.00 |
| **Total professional hours covered by this Application:** | | 15,157.8 |
| **Average hourly rate for professionals:** | | $898 |

[1] A complete list of the chapter 11 Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters is 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| **Total expense reimbursements requested in this Application:** | $96,146.95 |
| **Total fees and expenses requested in this Application:** | $13,703,895.95 |
| **Total fees and expenses awarded in all prior Applications:** | $69,143,521.71 |

**Plan Status:** On August 24, 2026, the Court denied confirmation of the Plan (Docket No. 3710) and ordered that the Debtors' chapter 11 cases be converted to cases under chapter 7 of the Bankruptcy Code. On September 1, 2026, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code (Docket No. 3748).

**Primary Benefits:** During the period covered by this Application, Alvarez & Marsal's professionals continued to guide the Debtors through the operation of their business during the chapter 11 cases, including, among other things, by: (i) assisting the Debtors and their advisors with case strategy, mediation-related issues, and potential restructuring alternatives; (ii) preparing, reviewing, and updating cash forecasts, liquidity analyses, and weekly reporting required under the DIP credit agreement; (iii) supporting discussions and negotiations with key stakeholders, including the Ad Hoc Group of Secured Lenders, the ABL Secured Parties, and the Creditors' Committee, in connection with development and prosecution of the Plan; (iv) obtaining additional funding for the estates through OEM funding arrangements; (v) assisting with the M&A sale processes, including the (A) sale of TMD, Horizon, estate claims and causes of action, and various other assets, (B) preparation and review of marketing materials, diligence responses, prospective buyer communications, purchase agreement negotiations, (C) supporting sale pleadings filed with the court, and (D) facilitating sale closings upon receiving court approval; (vi) supporting business plan development, scenario planning, and wind-down analyses for various business units, including execution of 5 plant closures and the winddown of 3 business units; (vii) assisting with operational matters, vendor issues, customer communications, and employee and HR-related matters; (viii) supporting the Debtors' monthly operating reports and other regular reporting; (ix) providing accounting support to Debtors; (x) managing internal and external communications; (xi) reviewing and analyzing insurance programs (xii) supporting liquidation and collateral monetization efforts related to accounts receivable, inventory, intellectual property, and machinery and equipment, among other property, including coordination with liquidators and other stakeholders regarding related diligence, disposition planning, and recovery analyses, and preparing a hypothetical liquidation analysis, including valuation of inventory, machinery and equipment, accounts receivable, and other assets in coordination with the liquidator, to support the Debtors' best interests test; (xiii) assisting with drafting of the Disclosure Statement, Plan of Liquidation, and Plan Supplement, including amendments thereto, and negotiations with case constituents related to same; and (xiv) preparing declarations and providing testimony in court related to same.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**THIRD INTERIM FEE APPLICATION**
**OF ALVAREZ AND MARSAL NORTH AMERICA LLC, AS**
**FINANCIAL ADVISOR FOR THE DEBTORS, FOR THE PERIOD FROM**
**APRIL 1, 2026 THROUGH AND INCLUDING JUNE 30, 2026**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Alvarez and Marsal North America LLC ("**A&M**"), as financial advisor for the chapter 11 debtors in the above-captioned cases (collectively, the "**Debtors**"),[2] hereby files its third application (this "**Application**") for interim allowance of compensation for professional services performed by A&M during the period commencing April 1, 2026 through and including June 30, 2026 (the "**Compensation Period**") in the amount of $13,607,749.00, and for

[1] A complete list of the chapter 11 Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration (as defined herein).

reimbursement of its actual and necessary expenses incurred during the Compensation Period in the amount of $96,146.95, and respectfully represents as follows:

**Preliminary Statement**

1. As detailed in multiple court filings before this Court, the Debtors' chapter 11 cases were among the largest and most complex chapter 11 cases in history. During the Compensation Period, A&M's professionals guided the Debtors through the chapter 11 process, including, among other things: providing critical support related to accounting, asset sales, bankruptcy operations, business plan development, claims analysis, communications, contracts, cash flow analysis, employee compensation, insurance, investigations, litigation, plant operations, tax, and vendor management.

2. The professional services performed and expenses incurred by A&M during the Compensation Period were actual and necessary to preserve and protect the value of the Debtors' estates and maximize value to creditors in the extraordinarily difficult and complex chapter 11 cases. Accordingly, A&M respectfully requests that the Court grant this Application and allow interim compensation for professional services performed and reimbursement for expenses incurred during the Compensation Period.

**Background**

3. In September 2025, First Brands Group, LLC and its Debtor affiliates each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

4. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of the chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions*

(Docket No. 22) (the "**First Day Declaration**"), filed on September 29, 2025 and incorporated herein by reference.

5. On April 9, 2026, the Court entered an order converting the chapter 11 cases of (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC, to cases under chapter 7 of the Bankruptcy Code (Docket No. 2396).

6. On September 1, 2026, the Court entered an order converting the chapter 11 cases of the other Debtors to cases under chapter 7 of the Bankruptcy Code (Docket No. 3748).

**<u>Jurisdiction and Venue</u>**

7. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**<u>Relief Requested</u>**

8. The Debtors request approval of A&M's Application. This Application has been prepared in accordance with sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the *Court Procedures* for Judge Christopher M. Lopez (the "**Court Procedures**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**UST Fee Guidelines**" and, collectively with the Court Procedures, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 699) (the "**Interim Compensation Procedures Order**").

9. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Retention of Alvarez and Marsal North America, LLC**

10. On October 24, 2025, the Debtors filed the *Application of Debtors for Entry of an Order (I) Authorizing the Debtors to (A) Retain and Employ Alvarez & Marsal North America, LLC, (B) Designate Certain Executive Officers, and (C) Engage Additional Personnel, and (II) Granting Related Relief* (Docket No. 417) (the "**Retention Application**"), pursuant to which the Debtors sought, among other relief, authority to employ and retain A&M and designate certain A&M personnel as executive officers of the Debtors, effective as of the commencement of the chapter 11 cases (the "**Petition Date**"), in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and A&M, dated as of October 24, 2025 (the "**Engagement Letter**"), a copy of which is annexed to the Retention Application as Exhibit C.

11. On December 8, 2025, the Court entered the *Order (I) Authorizing the Debtors to (A) Retain and Employ Alvarez & Marsal North America, LLC, (B) Designate Certain Executive Officers, and (C) Engage Additional Personnel, and (II) Granting Related Relief* (Docket No. 896) (the "**Retention Order**"), approving the Retention Application and authorizing the employment and retention of A&M as of the Petition Date, pursuant to the terms of the Engagement Letter (as modified pursuant to the Retention Order).

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

12. A&M seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $13,607,749.00 and reimbursement of expenses incurred during the Compensation Period in connection with the rendition of such

services in the amount of $96,146.95. During the Compensation Period, 102 professionals expended a total of 15,157.8 hours in connection with the necessary services performed.

13. During the Compensation Period, Alvarez & Marsal provided important services to the Debtors in support of their restructuring efforts. Those services included:

A. Accounting/Cut-Off: Assist the Debtors with accounting-related matters, including prepetition and postpetition claims payment processes, accounting reconciliations, postpetition reporting requirements, internal controls for the accounting, finance, and treasury departments, bank-related matters, transaction support, and other accounting and financial reporting matters.

B. Asset Sales: Assist the Debtors and advisors with their marketing process, including compiling information for buyer diligence, supplying supporting analysis/forecasts, and creation/support of draft Asset Purchase Agreements, including schedules, supporting collateral monetization and liquidation efforts related to accounts receivable, inventory, and machinery and equipment, among other assets, including coordination with liquidators and other stakeholders regarding related diligence, disposition planning, and recovery analyses.

C. Bankruptcy Support: Advise and assist the Debtors with the planning, development, evaluation and implementation of the Debtors' strategic, business and operating plans, including the coordination and preparation of the related financial projections.

D. Claims: Assist the Debtors with review of claims filed against the Debtors, claim reconciliation, and related work required for various negotiations and filings.

E. Contracts / Executory Contracts: Review of executory contracts and leases and performance of cost/benefit evaluations with respect to the assumption and rejection of certain agreements. Assist the Debtors with contract renegotiation process.

F. Court Hearings (Prep & Attend): Preparation for and attendance at various Court hearings and provide testimony on specific topics.

G. DIP Financing/Cash Flow: Advise and assist Debtors' management in treasury matters, including the development of weekly cash forecasts, reporting on cash activity, liquidity, covenant compliance, and other reporting requirements pursuant to the DIP financing and cash collateral orders. Assist the Debtors and their advisors with DIP lender reporting and related diligence. Coordinate with the Debtors, advisors, OEM customers, and other stakeholders regarding OEM funding arrangements, including negotiating terms of OEM funding, tracking OEM funding receipts, preparing and updating OEM funding models and requirements, analyzing restricted OEM funds, reconciling customer funding activity, and incorporating OEM funding activity into liquidity and cash flow reporting.

H. Due Diligence & Information Requests: Address information requests from and attend meetings and calls with various stakeholder constituencies, including lenders, Creditors' Committee, and their respective advisors. Respond to inquiries from creditors and third parties.

I. Employee Compensation: Assist the Debtors with compensation matters, including market based compensation for the bankruptcy process.

J. Retention / Fee Application: Prepare monthly fee statements and interim fee applications in accordance with Interim Compensation Procedures Order and other Court guidelines.

K. Insurance: Advise the Debtors on insurance renewals and placements and other matters relating to insurance policies, surety bonds and letters of credit.

L. Liquidation Analysis: Prepare liquidation analyses and conducted wind down planning.

M. Litigation: Advise and assist management and/or the Debtors advisors in connection with various litigation matters.

N. Monthly Operating Reports / Reporting: Prepared monthly operating reports, 2015.3 reports, and other monthly reporting required under various first-day orders.

O. Meetings with Third Parties, Management and Counsel: Participate in meetings with Debtors' management, special committee, and advisors to present findings or discuss various matters related to the filing or operating the business.

P. Plant Operations: Assist management in various operational matters, including cash and financial performance, developing projects to improve operations, wind-down planning initiatives, execution of plant closures, business unit wind downs, and related operational transition activities.

Q. Plan / Disclosure Statement: Assist counsel with the preparation of the plan / disclosure statement, including the review of solicitation materials and requirements, review of various plan supplements and analyses.

R. Tax: Assist the Debtors with various tax related matters.

S. Vendor Management: Assist the Debtors with postpetition vendor management, including analyzing supplier agreements, tracking supplier contraction and prepetition payment activity, and attend supplier meetings to review and discuss supplier financial status. Assist the Debtors with all vendor-related items, including, but not limited to, vendor strategy, negotiation, settlements, stipulations, and advising Debtors on general accounts payable questions.

14. There is no agreement or understanding between A&M and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in the chapter 11 cases. During the Compensation Period, other than payment received by A&M on account of monthly fee statements in accordance with the Interim Compensation Procedures Order, A&M received no payment or promises of payment from any source for services rendered, or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

**Supporting Documents**

15. Attached hereto as **Exhibit B** is the Certification of Charles Moore, a Managing Director of A&M (the "**Moore Certification**"), regarding A&M's compliance with the Fee Guidelines.

16. Attached hereto as **Exhibit C** is a schedule of all A&M professionals who have performed services for the Debtors during the Compensation Period, the hourly billing rate charged by A&M for services performed by such individuals, and the aggregate number of hours expended in this matter and fees billed in connection therewith (the "**Schedule of Professional Fees**").

17. A&M maintains records of the time spent by all A&M professionals in connection with the prosecution of the chapter 11 cases. Attached hereto as **Exhibit D** is a

schedule of A&M's time records billed during the Compensation Period using project categories hereinafter described in the format specified by the Fee Guidelines (the "**Time Records**").

18. Attached hereto as **Exhibit E** is an itemized schedule of the expenses for which A&M is seeking reimbursement and a summary specifying the categories of expenses included in the schedule and the total amount for each such expense category (the "**Expenses**").

19. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, A&M reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

**Summary of Professional Services**
**Rendered During Compensation Period**

20. The below summary is organized in accordance with A&M's time-tracking and broken down by project or task codes applicable to work performed for the Debtors. Certain services performed may overlap between, or appropriately be allocated to, more than one task code.

| Task Description | Hours | | Fees |
|---|---|---|---|
| ACCOUNTING/CUT-OFF - DIP DEBTOR | 624.10 | $ | 569,391.00 |
| ACCOUNTING/CUT-OFF - NON DEBTOR ULTINON | 0.20 | $ | 135.00 |
| ACCOUNTING/CUT-OFF - NON DIP | 26.70 | $ | 25,523.00 |
| ASSET SALES - NON DEBTOR HORIZON | 10.00 | $ | 13,272.50 |
| ASSET SALES - NON DEBTOR TRICO | 10.80 | $ | 13,880.00 |
| ASSET SALES-DIP DEBTOR | 2,693.70 | $ | 2,264,574.52 |
| ASSET SALES-NON DIP DEBTOR | 46.40 | $ | 48,564.00 |
| BANKRUPTCY SUPPORT - DIP DEBTOR | 1,399.90 | $ | 1,134,433.50 |
| BANKRUPTCY SUPPORT - NON DEBTOR HORIZON | 1.20 | $ | 900.00 |
| BANKRUPTCY SUPPORT - NON DIP DEBTOR | 72.60 | $ | 63,522.00 |
| CLAIMS - DIP DEBTOR | 127.60 | $ | 118,422.50 |
| CLAIMS - NON DIP DEBTOR | 2.80 | $ | 2,660.00 |
| CONTRACTS / EXECUTORY CONTRACTS - DIP DEBTOR | 91.70 | $ | 49,198.50 |
| COURT HEARINGS (PREP & ATTEND) - DIP DEBTOR | 62.40 | $ | 66,280.00 |
| COURT HEARINGS (PREP & ATTEND) - NON DIP DEBTOR | 1.00 | $ | 950.00 |
| DIP FINANCING & CASH FLOW - DIP DEBTOR | 2,634.30 | $ | 1,903,933.00 |
| DIP FINANCING & CASH FLOW - NON DEBTOR TRICO | 67.30 | $ | 102,632.50 |

| Task Description | Hours | | Fees |
|---|---|---|---|
| DIP FINANCING & CASH FLOW - NON DIP DEBTOR | 1.10 | $ | 1,045.00 |
| DUE DILIGENCE & INFORMATION REQUESTS - DIP DEBTOR | 314.80 | $ | 281,704.50 |
| DUE DILIGENCE & INFORMATION REQUESTS - NON DEBTOR HORIZON | 1.00 | $ | 1,100.00 |
| DUE DILIGENCE & INFORMATION REQUESTS - NON DIP DEBTOR | 8.90 | $ | 7,087.50 |
| EMPLOYEE COMPENSATION – DIP DEBTOR | 0.8 | $ | 760 |
| EXECUTIVE OFFICERS - DIP DEBTOR | 1,341.00 | $ | 1,878,149.99 |
| FEE APP - DIP DEBTOR | 198.40 | $ | 109,832.50 |
| INSURANCE - DIP DEBTOR | 56.60 | $ | 55,575.00 |
| INSURANCE - NON DEBTOR ULTINON | 1.20 | $ | 1,200.00 |
| LIQUIDATION ANALYSIS - DIP DEBTOR | 302.40 | $ | 218,465.00 |
| LITIGATION - DIP DEBTOR | 60.70 | $ | 45,527.50 |
| LITIGATION - NON DIP DEBTOR | 1.70 | $ | 1,554.00 |
| MONTHLY OPERATING REPORT - DIP DEBTOR | 121.40 | $ | 87,620.00 |
| MTGS WITH THIRD PARTIES - DIP DEBTOR | 378.60 | $ | 385,734.00 |
| MTGS WITH THIRD PARTIES - NON DEBTOR HORIZON | 1.40 | $ | 1,540.00 |
| MTGS WITH THIRD PARTIES - NON DEBTOR TRICO | 23.80 | $ | 36,295.00 |
| OPERATIONS - DIP DEBTOR | 1,715.00 | $ | 1,538,917.50 |
| PLAN / DISCLOSURE STATEMENT - DIP DEBTOR | 831.70 | $ | 732,317.50 |
| PLAN / DISCLOSURE STATEMENT - NON DIP DEBTOR | 0.70 | $ | 647.50 |
| TAX - DIP DEBTOR | 991.00 | $ | 1,121,533.00 |
| TAX - NON DEBTOR HORIZON | 84.30 | $ | 92,753.00 |
| TAX - NON DEBTOR TRICO | 23.10 | $ | 25,970.00 |
| TAX - NON DEBTOR ULTINON | 0.80 | $ | 820.00 |
| TAX - NON DIP DEBTOR | 78.30 | $ | 90,515.00 |
| TRAVEL - DIP DEBTOR | 100.40 | $ | 89,491.00 |
| VENDOR MANAGEMENT - DIP DEBTOR | 646.80 | $ | 424,082.50 |
| **TOTAL:** | **15,157.80** | **$** | **13,607,749.00** |

21. The foregoing professional services were necessary and appropriate to the administration of the chapter 11 cases. The professional services performed by A&M were in the best interests of the Debtors and their stakeholders. Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in the chapter 11 cases. All of A&M's professional services were performed skillfully and efficiently.

22. The professional services performed by A&M on behalf of the Debtors during the Compensation Period required an aggregate expenditure of approximately 15,157.8 hours by A&M's professionals.

**Actual and Necessary Disbursements of A&M**

23. As set forth in **Exhibit E** attached hereto, A&M has disbursed $96,146.95 as expenses incurred in providing professional services during the Compensation Period. These expenses are reasonable and necessary and were essential to the overall administration of the chapter 11 cases.

24. A&M has made every effort to minimize its disbursements during the chapter 11 cases. The actual expenses incurred in providing professional services were those that were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates and creditors.

**Requested Compensation Should Be Allowed**

25. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

26. The Fifth Circuit Court of Appeals has held that lower courts should consider the six factors found in section 330(a)(3) of the Bankruptcy Code when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically,

under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

27. In the instant case, A&M submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

28. The requested compensation for the foregoing services is commensurate with the complexity, importance, and nature of the issues and tasks involved. Not only were A&M's professional services performed skillfully and efficiently, but whenever possible, A&M sought to minimize the cost of its services to the Debtors by utilizing talented junior professionals

to handle the more routine aspects of case administration. In addition, groups of the same A&M professionals were utilized for similar tasks during the chapter 11 cases to minimize the costs of intra-A&M communication and education about the Debtors' circumstances. As described above, the complexity of these cases required the use of specialists in tax, banking and finance, mergers and acquisitions, litigation, labor and employee benefits, and other areas to achieve the progress reached by the Debtors during the Compensation Period.

29. In sum, the services rendered by A&M were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the types of issues involved in the chapter 11 cases. Accordingly, approval of the compensation for professional services and reimbursement of expenses sought in this Application is warranted.

**Notice**

30. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

**Conclusion**

31. A&M respectfully requests that the Court (i) award interim allowance of A&M's compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $13,703,895.95, consisting of $13,607,749.00 (representing 100% of fees incurred) and reimbursement of $96,146.95 (representing 100% of actual and necessary expenses incurred), and that such allowance be without prejudice to A&M's right to seek additional compensation for services performed and expenses that were incurred during the Compensation Period but not processed at the time of this Application, (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors, and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: September 9, 2026
Chicago, IL

*/s/ Charles Moore*
Charles Moore
Managing Director

ALVAREZ & MARSAL NORTH AMERICA, LLC
755 W. Big Beaver Road, Suite 750
Troy, MI 48084

**Certificate of Service**

I hereby certify that on September 9, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson