**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**SECOND SUPPLEMENTAL DECLARATION OF KARIN SCHMITZ IN SUPPORT OF APPLICATION OF DEBTORS FOR AUTHORITY TO RETAIN AND EMPLOY ERNST & YOUNG LLP AS TAX ADVISOR FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

I, Karin Schmitz, hereby declare pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as follows:

1. I am a Managing Director of EY US LLP. I provide this second supplemental declaration (the "Second Supplemental Declaration") on behalf of Ernst & Young LLP ("EY LLP") in support of the application (the "Application") of the chapter 11 debtors in the above-captioned cases (the "Debtors") to retain EY LLP as their tax advisor, effective as of the Petition Date [Docket No. 418]. This Second Supplemental Declaration supplements my declaration that was filed with this Court as Exhibit A to the Application on October 24, 2025 (the "Initial Declaration") and my first supplemental declaration that was filed with this Court on January 12, 2026 [Docket No. 1309] (the "First Supplemental Declaration," and together with the Initial Declaration, the "Previous Declarations").[2]

---

[1] A complete list of the chapter 11 Debtors in the above-captioned cases may be obtained on the website of the claims and noticing agent retained by the chapter 11 Debtors at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but otherwise not defined herein shall have the meanings ascribed to such terms in the Previous Declarations.

2. The facts set forth in this Second Supplemental Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or professionals of EY LLP and EY US LLP or employees of other member firms of EYGL under my supervision and direction.

3. In paragraph 29 of the Initial Declaration, I stated that I'm informed that during the Debtors' chapter 11 cases, EYGL member firms in certain countries are expected to be engaged by non-Debtor affiliates of the Debtors to perform certain services, and that non-Debtor affiliates will pay such EYGL member firms directly for such services. In addition to the countries listed in paragraph 29 of the Initial Declaration, I am informed that an EYGL member firm in Thailand has also been engaged by non-Debtor affiliates of the Debtors to perform certain services, and that non-Debtor affiliates will pay the EYGL member firm directly for such services.

4. EY LLP has been approached by a client in the automotive industry ("Client") to provide tax integration and structuring services in connection with the Client's potential acquisition of certain assets from (a) KTRI Holdings, Inc., (b) Trico Products Pty. Ltd., and (c) Fox Acquisition Company Pty. Ltd. and certain directly and indirectly held foreign subsidiaries of Fox Acquisition Company Pty. Ltd. located in Australia, Malaysia, and Thailand (collectively, the "FMP Group Entities"). EY LLP would advise the Client on how to integrate and structure effectively the acquired assets if the acquisition were to occur. EY LLP would not be providing any due diligence services in connection with the acquisition and would not be advising on the terms and conditions of the acquisition. Additionally, the EY professionals who will provide services on the Client's engagement did not provide services to the Debtors during the bankruptcy (although one such EY professional did provide services to the Debtors prior to the bankruptcy),

and an ethical wall will be created to separate the EY professionals who will provide services to the Client and the EY professionals who provided services to the Debtors during the bankruptcy.

5. I do not believe that the above-described services that EY LLP would provide to the Client are adverse to the Debtors or would cause EY LLP to fail to meet the requirements necessary to be a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code in these chapter 11 cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: September 11, 2026

_/s/ Karin Schmitz___________
**Karin Schmitz**