**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | Jointly Administered |

**ORDER GRANTING EMERGENCY MOTION OF EVOLUTION CREDIT PARTNERS TO COMPEL TURNOVER AND DEPOSIT OF POST-PETITION ACCOUNTS RECEIVABLE PROCEEDS INTO THE COURT REGISTRY**

[Relates to Docket No. [_______]]

Upon the motion (the "Motion")[2] of Evolution for entry of an order, (a) compelling the FBG Debtors to immediately transfer no less than $21.2 million (or such greater amount as has been collected to date from post-petition accounts receivable generated from sales of inventory at the Warehouses) into the registry of this Court (the "Court Registry"), to be held pending resolution of the parties' competing claims to such funds in the adversary proceeding captioned Evolution Credit Opportunity Master Fund II-B, L.P. v. First Brands Group, LLC, et al., Adv. No. 25-03800 (the "Adversary Proceeding"); (b) compelling the FBG Debtors to provide Evolution with an accounting of all such collections, including the seller Warehouse location, the identity of each payor, the applicable invoice numbers, and the amounts and dates of each collection; (c) compelling the FBG Debtors to provide Evolution with ongoing weekly reporting of accounts receivable collected from the Warehouses, with such amounts to be immediately deposited into

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Court Registry on the same terms; (d) prohibiting the FBG Debtors from using, disbursing, or otherwise disposing of any funds collected on account of post-petition accounts receivable from the Warehouses pending deposit into the Court Registry; and (e) granting such other and further relief as this Court deems just and proper; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being empowered to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing on the Motion (the "Hearing"); and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The FBG Debtors are directed to transfer, within no more than two (2) Business Days hereof, no less than $21.2 million (or such greater amount as has been collected to date from post-petition accounts receivable generated from sales of inventory at the Warehouses) into the Court Registry, to be held pending resolution of the parties' competing claims to such funds in the Adversary Proceeding.

3. The FBG Debtors are compelled and directed to provide Evolution with an accounting of all collections of Evolution Collateral, including the seller Warehouse location, the identity of each payor, the applicable invoice numbers, and the amounts and dates of each collection since the Petition Date.

4. The FBG Debtors shall provide Evolution with ongoing weekly reporting of accounts receivable collected from the Warehouses, with such amounts to be immediately deposited into the Court Registry on the same terms as set forth in paragraph 2 hereof.

5. Absent further order of this Court, the Debtors are prohibited from using, disbursing, or otherwise disposing of any funds collected on account of post-petition accounts receivable from the Warehouses pending deposit into the Court Registry.

6. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Signed: __________, 2026

______________________________
Christopher M. López
United States Bankruptcy Judge