**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | Case No. 25-90399 (CML) |
| Debtors.[1] | (Jointly Administered) |

**APPLICATION OF UNITED PARCEL SERVICE, INC. FOR**
**ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

**This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**

**Represented parties should act through their attorney.**

United Parcel Service, Inc., together with its subsidiaries and affiliates ("UPS"), by and through its undersigned counsel, hereby files this application (this "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the allowance and payment of certain administrative expenses (the "Administrative Claim") pursuant to sections 503(b)(1)(A) and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). In support of this Application, UPS respectfully represents as follows:

[1] A complete list of the Debtors in these cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

## BACKGROUND

3. From September 24, 2025 to September 28, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief commencing their chapter 11 cases under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (this "Court"). Pursuant to an order of the Court, effective as of September 1, 2026, the Debtors' chapter 11 cases were converted to cases under chapter 7 of the Bankruptcy Code.

4. Prior to and after the Petition Date, UPS provided services to the Debtors for which the Debtors failed to make payments. On August 21, 2026, UPS filed three proofs of claim (the "Proofs of Claim") for unpaid prepetition claims in an amount no less than $2,768,054.98. The amounts sought pursuant to the Proofs of Claim are not included in this Application.

5. The Debtors continued to purchase UPS services post-petition, which UPS continued to provide but for which the Debtors have not remitted payment. As of the filing of this Application, certain amounts remain due and owing for the post-petition period.

6. UPS prepared and submitted invoices relating to these post-petition transactions which remain open and unpaid to the Debtors. Accordingly, UPS is entitled to an administrative

expense claim (i.e., the Administrative Claim) in the total amount of $1,121,047.10 as set forth below:

| UPS Post-Petition | Balance |
|---|---|
| UPS Custom House Brokerage | $88,297.81 |
| UPS SCS Forwarding/Ocean | $314,032.50 |
| UPS Small Package | $718,716.79 |
| **TOTAL** | **$1,121,047.10** |

7. The schedule of Invoices related to UPS Custom House Brokerage is attached hereto as **Exhibit B**. The schedule of Invoices related to UPS SCS Forwarding/Ocean is attached hereto as **Exhibit C**. The schedule of Invoices related to UPS Small Package is attached hereto as **Exhibit D**. The Invoices can be provided to counsel for the Debtors upon request.

**RELIEF REQUESTED**

8. Through this Application, UPS seeks entry of the Proposed Order, allowing the Administrative Claim in the amount of $1,121,047.10 and directing payment thereof.

**BASIS FOR RELIEF**

9. Under Bankruptcy Code sections 503(b)(1) and 507(a)(2), the actual, necessary costs and expenses of preserving the estate constitute administrative expenses and are entitled to priority in payment. *See* 11 U.S.C. §§503(b)(1) and 507(a)(2). By creating this priority for post-petition vendors, the Bankruptcy Code seeks to encourage vendors to continue to do business with debtors and to "ensure the survival of the estate above all other financial goals." *In re Espinosa*, 542 B.R. 403, 410 (Bankr. S.D. Tex. 2015).

10. An administrative expense claim is entitled to priority under Section 503(b)(1)(A) if the claim arises post-petition and the actions giving rise to the claim benefitted the estate. *See Matter of TransAmerican Nat. Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992).

11. The Administrative Claim constitutes an administrative expense. UPS provided valuable services on credit, in the form of shipping services that were essential to the Debtors' businesses. The services that UPS provided enabled the Debtors to maintain their ongoing business operations and maximize the value of their businesses, which in turn directly and substantially benefited the Debtors' estates. The Administrative Claim thus represents an actual and necessary cost of preserving the Debtors' estates through post-petition transactions, to the substantial benefit of the Debtors and their estates.

12. Based on the foregoing, UPS is entitled to payment of the Administrative Claim as an administrative expense pursuant to section 503(b)(1)(A) of the Bankruptcy Code since it represents an actual, necessary expense of preserving the Debtors' bankruptcy estates.

## CONCLUSION

**WHEREFORE**, for the reasons described herein, UPS respectfully requests the entry of the Proposed Order (i) granting the Application and allowing the Administrative Claim in the amount of $1,121,047.10 as an administrative expense pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (ii) providing for payment of the Administrative Claim in accordance with the priorities established under the Bankruptcy Code; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 15, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Kristen L. Perry*
Kristen L. Perry
State Bar No. 24090015
kristen.perry@faegredrinker.com
2323 Ross Avenue, Suite 1700
Dallas, TX 75201
Telephone: (469) 357-2500
Facsimile: (469) 327-0860

*Counsel for United Parcel Service, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 15, 2026, a true and correct copy of the foregoing document was electronically filed and served via CM/ECF on all parties that have entered an appearance and requested service in the above-referenced case.

*/s/ Kristen L. Perry*
Kristen L. Perry