**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| | § |
| **In re:** | § **Chapter 7** |
| | § **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § |
| | § **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § |
| | § **Jointly Administered** |

**TRUSTEE'S EMERGENCY MOTION FOR AUTHORITY TO OPERATE PURSUANT TO 11 U.S.C. § 721 EFFECTIVE AS OF SEPTEMBER 1, 2026**

**Emergency consideration is requested no later than Tuesday, September 22, 2026 or as soon as the Court's calendar will allow.**[2]

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] The Trustee is unavailable to testify, if necessary, on Monday, September 21, 2026.

**TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:**

Eva S. Engelhart, the chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors"),[3] in the above-styled jointly administered chapter 7 cases (the "Cases"), files this *Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 Effective as of September 1, 2026* (the "Motion") and would show the Court as follows.

**Summary of Relief Requested**

1. The Trustee seeks authority to continue to operate the Debtors on a limited basis in order to preserve and protect certain assets of the Debtors' estates, to preserve and protect the Debtors' records, and to wind-down the continuing administrative functions of the Debtors, all in order to preserve the value of the Debtors' assets and protect the interests of the Debtors' creditors and stakeholders. The limited operations will facilitate the chapter 7 transition and wind-down services. In connection with these limited operations, the Trustee intends to seek retention of previously retained professionals in a transitionary capacity to assist with the wind-down of the Debtors' operations.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408. Relief is proper pursuant to 11 U.S.C. §§ 105 and 721.

[3] The FBG Debtors do not include the 16 additional SPV debtors in the Carnaby Capital Holdings SPV silo or the "Previously Converted Debtors", comprised of: (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC. The Previously Converted Debtors' Chapter 11 Cases were previously converted to cases under chapter 7 of the Bankruptcy Code on April 9, 2026. *See* Docket No. 2396. Ronald J. Sommers serves as the chapter 7 trustee for these debtors' estates.

## **Background**

3. On September 28, 2025 (the "Petition Date"), First Brands Group, LLC and its debtor affiliates filed the jointly administered chapter 11 cases. The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On October 9, 2025, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee"). *See* Docket No. 313. On January 9, 2026, the Court entered an order approving the appointment of Martin De Luca as an examiner in the chapter 11 cases. *See* Docket No. 1260.

5. On August 24, 2026, the Court denied the Debtors' *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Docket No. 3448] and granted the U.S. Trustee's renewed request to convert the chapter 11 cases. *See* Docket Nos. 2670 and 3710.

6. On September 1, 2026 (the "Conversion Date"), the Court entered the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "Conversion Order"), which converted the converting Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

7. On September 1, 2026, the U.S. Trustee appointed Eva S. Engelhart as the interim chapter 7 trustee for the FBG Debtors (the "Trustee"),[4] as reflected in the notices of chapter 7 bankruptcy case. *See, e.g., Notice of Chapter 7 Bankruptcy Case* [Docket No. 3753]. The U.S. Trustee also appointed Ronald J. Sommers as the interim chapter 7 trustee for the remaining Converting Debtors (as defined in the Conversion Order) other than FBG Debtors, respectively.

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Conversion Order.

8. Based on her investigations to date, the Trustee believes that operating the FBG Debtors on a limited basis to facilitate the safe transition and disposition of the FBG Debtors' remaining assets, to ensure that assets of the FBG Debtors' estates and the FBG Debtors' records are preserved and protected, and to carry out the chapter 7 transition services and related wind-down activities, is prudent and warranted under the circumstances. The Trustee intends to file a notice of continued retention of certain previously retained professionals to assist with the chapter 7 transition services pursuant to the Court's Conversion Order. *See* Conversion Order, ¶ 9.

9. The Trustee seeks authority to operate the FBG Debtors' businesses on a limited basis, in order to preserve and protect assets of the FBG Debtors' estates and to facilitate the orderly wind-down and transition of the FBG Debtors' remaining operations and administrative functions.

10. As set forth above, the Trustee also seeks authority to employ previously retained professionals to assist in the wind-down of operations and related administrative functions.

**Request for Authority to Operate**

11. The Trustee is in negotiations with the FBG Debtors' lenders regarding the use of cash collateral and potential additional financing. In connection with the chapter 7 transition and related wind-down activities, the Trustee requests authority to take any actions necessary or advisable to operate the FBG Debtors effective September 1, 2026, on the limited basis as noted above, including but not limited to the following actions:

(i) Negotiate and enter into any agreements necessary or advisable to operate the FBG Debtors on the limited basis noted above and to carry out the chapter 7 transition services and related wind-down activities;

(ii) Make payments as necessary under any order approving the use of cash collateral;

(iii) Employ non-professional persons to assist in operations, including but limited to former employees of the FBG Debtors; and

(iv) Preserve and protect the FBG Debtors' records.

12. The Trustee contends that authority to operate the FBG Debtors under these limited conditions is necessary to preserve the value of the FBG Debtors for the benefit of creditors and to facilitate the orderly wind-down and transition of the FBG Debtors' estates.

**Grounds for Relief**

13. Section 721 of the Bankruptcy Code authorizes the Trustee, with the Court's approval, to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate. The Trustee believes that limited operations as set forth herein are in the best interest of the estates because they preserve the value of the FBG Debtors for the benefit of creditors.

**Request For Emergency Consideration**

14. The Trustee requests that the Court give expedited or emergency consideration to this Motion. Pursuant to Local Rule 9013-1(i), the undersigned, counsel for the Trustee, certifies that this Motion and the grounds set forth for emergency consideration are accurate, to the best of their information and belief, after diligent inquiry and investigation.

WHEREFORE, the Trustee prays that the Court grant this Motion and enter an order authorizing the Trustee to take any and all actions necessary to operate the FBG Debtors as going concerns on the limited basis described herein, carry out the chapter 7 transition services and related wind-down activities, and for such other relief to which she may be entitled.

Dated: September 16, 2026.

Respectfully Submitted,

By: *<u>/s/ Joshua W. Wolfshohl</u>*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Eric M. English (TX Bar No. 24062714)
M. Shane Johnson (TX Bar No. 24083263)
Grecia V. Sarda (TX Bar No. 24132092)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
gsarda@porterhedges.com

*Proposed Counsel for the*
*Chapter 7 Trustee, Eva S. Engelhart*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 16, 2026, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced cases.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

**CERTIFICATE OF ACCURACY**

The undersigned hereby certifies that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Bankruptcy Local Rules 9013-1(i).

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl