**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | Case No. 25-90399 (CML) |
| Debtors. [1] | (Jointly Administered) |

**JOINDER OF CHAPTER 7 SPV DEBTORS' TRUSTEE RONALD SOMMERS IN EVOLUTION CREDIT PARTNERS'S EMERGENCY MOTION TO COMPEL TURNOVER AND DEPOSIT OF DISPUTED POST-PETITION ACCOUNTS RECEIVABLE PROCEEDS INTO THE COURT REGISTRY**
[Relates to Docket No. 3792]

Ronald J. Sommers, as the Chapter 7 Trustee (the "Trustee") of Debtors Patterson Inventory, LLC, Patterson Inventory Holdings, LLC, Starlight Inventory I, LLC, and Starlight Inventory Holdings I, LLC (collectively, the "Evolution SPV Debtors"), joins in the *Emergency Motion of Evolution Credit Partners to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds into the Court Registry* [Docket No. 3792] (the "Motion") submitted by Evolution Credit Opportunity Master Fund II-B, L.P. (the "Evolution Inventory Lender" and, together with its affiliated lending entities, Evolution Credit Partners Trade Finance Master, L.P., Evolution Credit Opportunity Master Fund III-B, LP, and certain other Evolution affiliated funds, collectively, "Evolution"), and respectfully states as follows:

## JOINDER[2]

1. As the Chapter 7 Trustee for the bankruptcy estates of the Evolution SPV Debtors, the Trustee has an interest in maximizing the value of the Evolution SPV Debtors' estates for the

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms not defined herein shall have the meanings ascribed to such terms in the Motion.

benefit of the Evolution SPV Debtors' creditors. In furtherance of that interest, the Trustee agrees that collections of accounts receivable generated from sales of inventory at the Warehouses (defined below)—which is inventory owned by the Evolution SPV Debtors—should be transferred into the registry of this Court pending resolution of ownership of those funds in the adversary proceeding captioned *Evolution Credit Opportunity Master Fund II-B, L.P. v. First Brands Group, LLC, et al.*, Adv. No. 25-03800 (the "Adversary Proceeding").[3] Accordingly, the Trustee joins the Evolution Inventory Lender's Motion in full.

2. The Trustee maintains that as of the SPV Petition Date, the Evolution SPV Debtors owned the inventory stored at the warehouse facilities in McHenry, Illinois and Patterson and City of Industry, California (collectively, the "Warehouses"). That ownership extends to the proceeds and accounts receivable generated from the sale of that inventory.

3. First Brands Group, LLC, together with the other above-captioned debtors whose cases were converted to chapter 7 on September 1, 2026 (the "FBG Debtors"), disagree and assert that the FBG Debtors own the inventory in the Warehouses. *See, e.g.*, Jerneycic Decl. [Docket No. 1285] ¶ 23. The Trustee disputes this position and intends to demonstrate that the Warehouse inventory and the proceeds and receivables generated from its sale are property of the Evolution SPV Debtors.[4]

4. On July 8, 2026, Evolution filed an emergency motion seeking segregation of approximately $21.2 million in accounts receivable from sales of inventory at the Warehouses. Docket No. 3144. Evolution argued that the $21.2 million constituted proceeds of its collateral

---

[3] The Trustee moved to be added as a plaintiff to the Adversary Proceeding on July 22, 2026. Adv. No. 25-3800, Docket No. 56. That motion remains pending.

[4] Additionally, the Evolution Inventory Lender's pending adversary proceeding seeks, among other things, a declaration that the Evolution SPV Debtors own the disputed inventory. *See* Adv. No. 25-03800, Docket No. 9 ¶ 78.

and that the FBG Debtors had no right to retain, use, or commingle under this Court's January 20, 2026 oral directive. *See id.* ¶¶ 25–27; *see also* Jan. 20, 2026 Hr'g Tr. at 48:6–50:12. As Evolution explained, the FBG Debtors collected those receivables over the course of five months, failed to inform Evolution about the collections, segregated only approximately $1.5 million of $21.2 million, and commingled the remainder with general operating funds. *See* Docket No. 3144 ¶¶ 25–29, 32–33.

5. The Trustee joined Evolution's July 8 motion on July 9, 2026, on the basis that the disputed funds belong to the Evolution SPV Debtors' estates, and the Trustee has an interest in maximizing the value of those estates. Docket No. 3151. Evolution's July 8 motion and the Trustee's July 9 joinder remain pending.

6. For the reasons discussed above and in the Trustee's July 9 joinder, the Trustee's interests in the Warehouse inventory, and in the proceeds and receivables generated from its sale, align with Evolution's, and the Trustee therefore shares the concerns set forth in the Motion. Depositing these disputed funds into the Court's registry does not prejudice any party and preserves every party's rights, while leaving them in the FBG Debtors' control risks their misuse.

7. Furthermore, a motion filed yesterday by the newly appointed chapter 7 trustee for the FBG Debtors, Eva S. Engelhart (the "FBG Trustee")[5] provides further reason for the Trustee to join Evolution's Motion. The FBG Trustee's *Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 Effective as of September 1, 2026* requests, among other things, the authority to "[m]ake payments as necessary under any order approving the use of cash collateral." Docket No. 3796 ¶ 11. Given that the disputed $21.2 million has been commingled with the FBG

[5] The U.S. Trustee appointed Eva S. Engelhart as the interim chapter 7 trustee for the FBG Debtors on September 1, 2026. Docket No. 3753.

Debtors' other funds, the Trustee has no assurance that these funds will not be used to make the requested "payments." The only way to provide that assurance is to deposit $21.2 million into the Court registry pending resolution of the Adversary Proceeding.

**CONCLUSION**

For the reasons set forth herein, the Trustee joins in the Motion and respectfully requests that the Court enter an order compelling the FBG Debtors to transfer approximately $21.2 million into the Court Registry, to be held pending resolution of the Adversary Proceeding, in accordance with the proposed order attached to Evolution's Motion.

[*Remainder of page intentionally left blank*]

Dated: September 17, 2026.

Respectfully submitted,

**JONES MURRAY LLP**

*/s/ Erin E. Jones*
Erin E. Jones (24032478)
Christopher R. Murray (24081057)
602 Sawyer, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Email: erin@jonesmurray.com
chris@jonesmurray.com

-and-

**ELSBERG BAKER & MARURI PLLC**
David Elsberg
Michael Duke
Vivek Tata
Andrew Parks
Ella Epstein
350 Fifth Avenue, 38th Floor
New York, NY 10018
Telephone: (212) 597-2600
Email: delsberg@elsberglaw.com
mduke@elsberglaw.com
vtata@elsberglaw.com
aparks@elsberglaw.com
eepstein@elsberglaw.com

*Special Litigation Counsel for Ronald J. Sommers, Chapter 7 Trustee for the SPV Debtors*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of September 2026, she caused a true and correct copy of the foregoing document by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Erin E. Jones*
Erin E. Jones