**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **CASE NO. 25-90399 (CML)** |
| | § | |
| ***Debtors*** | § | **(Jointly Administered)** |

**ALPINE ELECTRONICS OF AMERICA INC.'S MOTION TO ENFORCE SALE ORDER AND COMPEL PAYMENT OF CURE AMOUNT**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Alps Alpine North America, Inc., successor by merger of Alpine Electronics of America, Inc. ("Alpine") respectfully moves for an order enforcing sale order and compelling payment of the cure amount pursuant to Dkt. No. 2675, 11 U.S.C. § 365, 11 U.S.C. § 105, and for related relief. In support, Alpine states:

## INTRODUCTION AND SUMMARY

1. The Debtors sold their business line titled Toledo Molding & Die ("TMD") to TNJ Ohio, LLC. The sale required TNJ Ohio, LLC to assume numerous executory contracts. Included in the executory contracts was Alpine's vendor agreement for car speakers with TMD. This Court approved the sale and assumption and assignment of the contracts, but TNJ Ohio has not paid, and refuses to pay, the ordered cure amount.

2. Thus, Alpine seeks an order from this Court, (1) compelling TNJ Ohio, LLC, to pay the cure amount of $338,803.00, (2) alternatively, compel the guarantor, WMC-KSA Holdings, LLC, to pay the cure amount of $338,803.00, and (3) any additional relief the Court may grant.

## FACTUAL BACKGROUND

3. Alpine entered into a contract with TMD, whereby TMD would purchase speakers for automobiles from Alpine. During performance of the contract, TMD's parent company, First Brands Group, LLC, and its debtor affiliates ("First Brands" or "Debtors"), filed a voluntary Chapter 11 petition in the Southern District of Texas on September 24, 2025.

4. First Brands began the process of selling certain lines of business to generate funds for the estate. One of those lines of business was TMD. According to First Brands, the sale process was robust, resulting in over 200 potential buyers.[1] First Brands ensured all of the potential buyers had sufficient opportunity to perform due diligence before submitting a bid for TMD. However, the sales process was delayed by First Brands liquidity issues but continued after the Court approved additional funding.[2]

5. After extended negotiations with major creditors and comprehensive valuation of the assets, First Brands set TMD's purchase price at $79.8 million.[3] Assignment of executory contracts was considered in the purchase price and required the purchaser to pay the cure claims.[4] First Brands filed an Emergency Motion for Order (A) Approving Sale Transaction for Debtor's TMD Business Line, (B) Approving Assumption, Assignment, and Sale of Certain Contracts and Unexpired Leases, and (C) Granting Related Relief ("Sale Motion") and announced TNJ Ohio,

---

[1] Dkt. No. 2590 (Emergency Motion for Order (A) Approving Sale Transaction for Debtor's TMD Business Line, (B) Approving Assumption, Assignment, and Sale of Certain Contracts and Unexpired Leases, and (C) Granting Related Relief).
[2] Dkt. No. 1848 (Order (I) Approving Funding Arrangement with Certain OEM Customers; (II) Modifying the Automatic Stay; and (III) Granting Related Relief).
[3] Dkt. No. 2590
[4] Dkt. No. 2675 ¶ Q.

LLC, as the buyer in the proposed order.[5] WMC-KSA Holdings, LLC, was revealed as the guarantor of the agreement.

6. The Court set a sale hearing for May 13, 2026, along with a cure objection deadline and an adequate assurance deadline for May 12, 2026. These deadlines give all parties in interest an opportunity to object to any assumption and assignment of executory contracts.

7. A day after First Brands filed its emergency Sale Motion, it filed an Amended Notice of Cure Costs, setting the cure amount for Alpine's contract with TMD at $338,803.00.[6] Crucially, no party, including Alpine, objected to the cure amount or required additional adequate assurance of performance for the Alpine contract.

8. The Court approved the TMD sale by order ("Sale Order") on May 14, 2026.[7] Attached to the Order was the Asset Purchase Agreement ("APA"). In pertinent part, the Sale Order states, "the Debtors are authorized to assume the Transferred Contracts designated for assumption and assignment in accordance with the APA, to cause the Buyer to pay the Cure Costs for the Transferred Contracts … and assign the Transferred Contracts to the Buyer, free and clear of all Claims and Interests of any kind or nature whatsoever, without the need for any further documentation."[8] Additionally, "[t]he Cure Costs shall not be subject to further dispute or audit, including any based on performance prior to the Assumption and Assignment Date…"[9] In addressing pre-assumption disputes, "[t]he validity of the assumption and assignment of the Transferred Contracts to the Buyer shall not be affected by any existing dispute between any of

---

[5] *Id.*
[6] Dkt. No. 2616 (Amended Notice of Cure Costs, Adequate Assurance Information, and Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale Transaction for Debtors' TMD Business Line).
[7] Dkt. No. 2675 (Order (A) Authorizing and Approving Sale of Debtors' Toledo Molding & Die Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief).
[8] Dkt. No. 2675 ¶ 19.
[9] *Id.* ¶ 23

the Debtors and any non-Debtor Counterparty to such Transferred Contract."[10] The "Buyer," TNJ Ohio, was ordered to pay "the cure cost for the Transferred Contracts … on (i) the Closing Date (or promptly thereafter) or (ii) such later date on which an applicable Transferred Contract is assumed and assigned in accordance with the terms of the APA[.]"

9. As required by Paragraph 28 of the Sale Order, "As soon as practicable following the Closing Date, Debtors shall file one or more notices identifying the Transferred Contract ultimately designated for assumption and assignment by the Buyer"[11] Debtor filed its final Notice of Assumption of Executory Contracts and Unexpired Leases in Connection with the Sale Transaction for Debtors' TMD Business Line ("Final Notice") on May 29, 2026.[12] The Final Notice, in pertinent part, states, "Pursuant to paragraph 28 the Sale Order and in accordance with the APA, each Transferred Contract identified on Exhibit A hereto has been assumed and assigned to the Buyer as of the Closing Date (or, if applicable, the date on which the cure amounts set forth in Exhibit A hereto are paid by the Buyer)." Alpine's contract was included in Exhibit A of the Final Notice and did not disclose a different cure date. Again, the closing date was May 15, 2026.[13]

10. If parties failed to adhere to the terms of the Sale Order, it provides, in pertinent part:

> "This Court shall retain exclusive jurisdiction and power to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order, the Sale Transaction, the Transaction Agreements, the APA and all amendments thereto and any waivers and consents thereunder, and each of the agreements executed in connection therewith and the transactions contemplated thereby."

11. To date, 110 days after closing, Alpine has not received the cure payment, even though this Court explicitly required it. After waiting sufficient time, Alpine's representative

---

[10] *Id.* ¶25.
[11] *Id.* ¶ 28.
[12] Dkt. No. 2843 attached hereto as **Exhibit A**.
[13] Dkt. No. 2684.

contacted TNJ Ohio's designated representative about receiving the cure amount on August 5, 2026. The Buyer's representative stated that it will not pay the cure amount. In response to TNJ Ohio's repudiation of its obligation to pay the cure amount, Alpine requests this Court compel payment of cure amount in accordance with the Sale Order.

## JURISDICTION

12. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (administration of the estate).

13. Venue is proper under 28 U.S.C. §§ 1408 and 1409. The Debtor identified Travis County, Texas as the location of its principal assets, and its principal place of business is 5333 East Parmer Lane, Austin, Texas 78754 ("the Property").

## LEGAL STANDARD

14. Assumption and rejection of executory contracts is governed by 11 U.S.C. § 365. With certain exceptions, "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."[14] If the debtor defaulted on an executory contract, it must "cure[], or provides adequate assurance that the trustee will promptly cure, such default," pay the other party "for any actual pecuniary loss to such party resulting from such default," and "provides adequate assurance of future performance under such contract."[15] Curing a default must be contemporaneous with assumption or promptly after.[16] Assumption or rejection is not effective without Court approval.[17]

15. Once the trustee has satisfied those three requirements, the executory contract may be assigned to a third party if trustee also shows "adequate assurance of future performance by the

---

[14] *Id.*
[15] 11 U.S.C. § 365(b)(1)(A)-(B).
[16] *Id.*
[17] *See In re Marple Pub. Co.*, 20 B.R. 660 (Bankr. E.D. Penn. 1982).

assignee of such contract" and within the trustee's sound business judgment.[18] If a Court cannot determine if a contract is sound business judgment, it must deny assumption and assignment.[19] After Court approval, "[a]ssignment by the trustee to an entity of a contract or lease assumed under this section relieves the trustee and the estate from any liability for any breach of such contract or lease occurring after such assignment."[20] All rights and obligations are transferred to the assignee after Court approval. If a party refuses to comply with the ordered approval, it is well within the discretion of the Bankruptcy Court to "enforce or implement court orders."[21]

## LEGAL ARGUMENT

16. Assumption and assignment of TMD's executory contracts were within the First Brands' power. First Brands qualifies as the trustee because they were the debtor-in-possession at the time of the Sale Motion.[22] It is within First Brands' business judgment to determine if a contract has value or should be rejected. Clearly the TMD business line was valuable as it generated approximately $80 million and reduced the amount owed to secured creditors.[23]

17. TMD had defaulted on the contract with Alpine, triggering the additional cure payment requirement under 11 U.S.C. § 365(b)(1). In pursuit of selling TMD, First Brands assured Alpine that its contract with TMD would be assumed and assigned by filing interim notice and final notice of assignment.[24] TNJ Ohio had plenty of opportunity to decline assignment of the contract but failed to do so. There was also no reason for Alpine to object because neither First Brands nor TNJ Ohio had indicated an absence of future performance. Alpine only became aware of no future performance several months after the Sale Order.

---

[18] 11 U.S.C. § 365 (f)(2); *In re Montgomery Ward Holding Corp.,* 242 B.R. 147, 153 (D. Del. 1999).
[19] *See In re ANC Rental Corp., Inc.*, 278 B.R. 714, 724 (Bankr. D. Del. 2002).
[20] 11 U.S.C. § 365(k).
[21] 11 U.S.C. § 105(a).
[22] *See* 11 U.S.C. § 1107(a).
[23] Dkt. No. 2590, ¶ 21.
[24] *See* Dkt. No. 2616 and Dkt. No. 2843.

18. Based on the parties' assurances and representations in the Sale Motion, Sale Order, and Final Notice, Alpine's contract is assigned to TNJ Ohio. The parties followed the correct procedure under 11 U.S.C. § 365, Federal Rule of Bankruptcy Procedure 6006, and this Court's Sale Order to assume and assign executory contracts. The assumption and assignment relieved First Brands and TMD of any obligations under the contract and transferred them to TNJ Ohio. The Sale Order required "<u>[TNJ Ohio] to pay the Cure Costs for the Transferred Contracts…</u>"[25] Alpine's Contract was included in the Final Notice, foreclosing on TNJ Ohio's right to contest any Court ordered obligations. After the Sale Order and Final Notice, payment of the cure costs must have been made at closing or a later date under the APA. Either way, TNJ Ohio's designated representative has stated it "has no plans to pay the cure amount [,]" violating the Sale Order.

19. This Court should enforce the provisions of the Sale Order and Final Notice and compel payment of the cure amount by TNJ Ohio. If TNJ Ohio believes it does not have to pay, its opportunity to object has long expired. Even before the objection period began, TNJ Ohio had since January 5, 2026, to conduct due diligence to fully understand and prepare for assignment of TMD's contracts. Presumably, TNJ Ohio could have excluded the Alpine contract in the negotiation phase up to the filing of the Final Notice and not had to pay the cure amount. Alpine should not suffer the consequences of TNJ Ohio's lack of due diligence.

20. Alternatively, if TNJ Ohio cannot pay the cure amount, WMC-KSA Holdings, LLC should. Under Section 6.12 of the APA, WMC "irrevocably and unconditionally guarantees the due and punctual performance of all obligations, covenants, agreements, terms, conditions and undertakings of Buyer under this Agreement."[26] The guarantee is "absolute and unconditional

---

[25] Dkt. No. 2675 ¶ 19.
[26] Dkt. No. 2675, page 98 (APA).

guarantee of payment and performance and not merely of collectability"[27] Because TNJ Ohio has stated that it will not pay the cure amount and, if any payment is received, it is not punctual, the Court should compel WMC-KSA Holdings, LLC to perform its duty as obligor and pay the cure amount.

21. To clarify, Alpine is not asking this Court to adjudicate the validity of the contract or potential breach of the contract. Validity and breach issues are properly adjudicated in an adversary proceeding because they involve state law and "[go] beyond the relief automatically provided under the Bankruptcy Code."[28]

22. If TNJ Ohio is unsatisfied with pre-assumption and assignment conduct by Alpine, its time to object to said conduct has expired. The Sale Order explicitly prohibits, "any existing dispute between any of the Debtors and any non-Debtor Counterparty to such Transferred Contract" "shall not [] affect[]" "[t]he validity of the assumption and assignment of the Transferred Contracts."[29] This clause should be applicable to any defense that Alpine did not perform under the contract.

23. Overall, TNJ Ohio's refusal to pay the cure amount is a violation of this Court's Sale Order. This Court unmistakably has the power to compel compliance of its own orders and should do so in this case. Alpine's contract was properly and validly assigned to TNJ Ohio. TNJ Ohio's lack of due diligence in deciding which contract it wanted to assume is no defense to the proper procedure followed in assigning the contract. Thus, Alpine requests this Court Compel TNJ Ohio to pay the cure amount, consistent with its Sale Order.

---

[27] *Id.*
[28] *In re Tommy's Fort Worth, LLC*, 671 B.R. 712, 732 (Bankr. N.D. Tex. 2025).
[29] Dkt. No. 2675 ¶ 23.

## PRAYER

Therefore, Alpine Electronics of America, Inc. respectfully requests that the Court enter an order: (a) Compelling TNJ Ohio, LLC to pay the cure amount of $338,803.00 to Alpine Electronics of America, Inc.;(b) Alternatively, compelling WMC-KSA Holdings, LLC, as guarantor, to pay the cure amount of $338,803.00 to Alpine Electronics of America, Inc.; and (c) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

ANDREWS MYERS P.C.

*/s/ T. Josh Judd*
T. JOSH JUDD
State Bar No. 24036866
Alexander Wilson
State Bar No. 24144276
1885 Saint James Place, 15th Floor
Houston, TX 77056
Tel: 713-850-4200
Fax: 713-850-4211
jjudd@andrewsmyers.com

**ATTORNEY FOR ALPINE ELECTRONICS OF AMERICA, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2026, a true and correct copy of the foregoing Motion was served via the Court's Electronic Notification System on all parties entitled to such notice and via U.S. Mail to the parties listed below at the address listed.

TNJ Ohio LLC
Attention: Jason Murar, President
42400 Merrill Road
Sterling Heights, MI 48314

Timothy Bradley
42400 Merrill Road
Sterling Heights, MI 48314

*/s/ T. Josh Judd*
T. JOSH JUDD