# Exhibit 10

# EXHIBIT 3

[REDACTED]

## TRANSFER NOTICE

## (LITIGATION TRUST INTERESTS)

To: Alan Halperin, Litigation Trustee and the Litigation Trust Advisory Board, both of that certain Litigation Trust Agreement, dated as of February 27, 2024, as amended, restated, supplemented or otherwise modified, from time to time (the "**Litigation Trust Agreement**"), by and among, the Litigation Trustee, and Corelle Brands Acquisition Holdings LLC (f/k/a Instant Brands Acquisition Holdings Inc.), on behalf of itself and the other parties set forth

| | |
|---|---|
| Transferor: | **Citadel Multi-Asset Master Fund Ltd.** (the "**Transferor**") |
| Transferee: | **InstaLit Funding 1 LLC** (the "**Transferee**") |
| Effective Date: | **March 3, 2025** |

1. The undersigned Transferor and Transferee hereby confirm to the Litigation Trustee and the Litigation Trust Advisory Board that the Transferor has agreed to transfer to the Transferee, and the Transferee has agreed to accept from the Transferor, **90,407.17** units of interests in the Litigation Trust (the "**Transferred Interests**").

2. The Transferor and the Transferee request the Litigation Trustee effect the transfer of the Transferred Interests on the Trust Register, and upon the execution and delivery by the Litigation Trustee of this Transfer Notice, the Transferred Interests shall be recorded in the name of the Transferee on the Trust Register effective as of the Effective Date.

3. Transferor and Transferee each represent and warrant to the Litigation Trustee and the Litigation Trust Advisory Board that (a) it has full power and authority to enter into the transfer of the Transferred Interest, and such transfer has been duly authorized, is valid and enforceable against it, and not in contravention of any law, order or agreement by which it is bound, and does not require any consent, notice, or filing of any kind except as expressly required by the Litigation Trust Agreement; (b) it is a sophisticated party with respect to the transfer of the Transferred Interest and has such knowledge and experience in financial and business matters that it is capable of evaluating the merits and risks of the transfer of the Transferred Interest, and has made sales and investments, as applicable, of a similar nature, so as to be aware of the risks and uncertainties inherent in the sale or purchase of the Transferred Interest, (c) it has adequate information concerning the Reorganized Debtors, the Litigation Trust, the Litigation Trustee and the Litigation Trust Assets to make an informed decision regarding the sale or purchase, as applicable, of the Transferred Interest, and (d) it has independently and without reliance upon any other party, and based on such information as the Transferor and Transferee each individually has deemed appropriate, has made its own analysis and decision to enter into a sale or purchase, as applicable, of the Transferred Interest.

4. The Transferee represents and warrants to the Litigation Trustee and the Litigation Trust Advisory Board that Transferee (a) has received and reviewed a copy of the Litigation Trust Agreement, (b) is familiar with the terms and conditions therein, and (c) has had the opportunity to consult with its own advisors and counsel with respect to the purchase of any interest in the Litigation Trust Interests.

5. Without characterizing the Litigation Trust Interests as a "security" under applicable securities laws, the Transferee acknowledges that the Litigation Trust Interests have not been registered under the federal laws of the United States, under the securities laws of any State of the United States of America or any other jurisdiction, and represents that the Transferred Interests were not traded on an established securities market or a readily tradeable secondary market (or the substantial equivalent thereof), in either case as defined in IRC section 7704(b). In the event the rights of Litigation Trust Beneficiaries arising under the Litigation Trust Agreement constitute "securities", the parties under the Litigation Trust Agreement intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to have applied to its issuance under the Plan (as defined in the Litigation Trust Agreement).

6. The Transferee acknowledges that (a) the Litigation Trust Interests are uncertificated and are reflected only on the books and records of the Litigation Trust maintained by the Litigation Trustee for the purposes of identifying Litigation Trust Beneficiaries and (b) the Litigation Trust Interests are not freely transferable and are subject to the transfer restrictions set forth in the Litigation Trust Agreement and absent any express provision allowing for any transfer under the Litigation Trust Agreement, the Litigation Trust Interests may not be offered or resold to any entity.

7. As of the Effective Date, the Transferee acknowledges that it is deemed to have assented and be bound by the terms and conditions of the Litigation Trust Agreement, including, without limitation, with respect to any transfer restrictions set forth therein.

8. All payments and notices in respect of the Litigation Trust Interests transferred to the Transferee are to be made (unless otherwise instructed by the Transferee) to the account and notice contact information below:

InstaLit Funding 1 LLC
c/o Parabellum Capital LLC
810 Seventh Avenue, Suite 1700/2900
New York, NY 10019

Bank Name: [redacted]
Account Name: [redacted]
SWIFT Code: [redacted]
ABA #: [redacted]
Account #: [redacted]

9. By his signature below, the Litigation Trustee acknowledges that the Litigation Trustee has received the written consent required by the Litigation Trust Advisory Board in accordance with the terms of the Ligation Trust Agreement.

10. This Transfer Notice may be executed by the Transferor, the Transferee and the Litigation Trustee in counterparts, each of which shall constitute an original and both of which taken together shall constitute one and the same Transfer Notice.

11. Terms defined in the Litigation Trust Agreement shall have the same meaning in this Transfer Notice.

*[signature page follows]*

By executing below, the parties hereto duly agree to the terms and conditions of this Transfer Notice:

**TRANSFEROR**

**CITADEL MULTI-ASSET MASTER FUND LTD.**

By: Its Portfolio Manager, Citadel Advisors LLC

By: ______________________________
Name: Jonny Cheatle
Title: Authorized Signatory

State of New York

County of New York

Subscribed and Sworn before me this 3rd day of March, 2025

by: ______________________________
Notary Signature

SARAH CATHERINE COOK
Notary Public - State of New York
NO. 01CO0014775
Qualified in Kings County
My Commission Expires Oct 23, 2027

**TRANSFEREE**

**INSTALIT FUNDING 1 LLC**

By: ______________________
Name:
Title:
HOWARD SHAMS
AUTHORIZED SIGNATORY

State of NY

County of Westchester

Subscribed and Sworn before me this 3 day of March, 2025

by: ______________________
Notary Signature

ANGELA NI
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Westchester County
02NI0002335
MY COMMISSION EXPIRES 03/06/2027

Acknowledged By as of Effective Date:

**ALAN HALPERIN, LITIGATION TRUSTEE OF THE LITIGATION TRUST AGREEMENT**

By: ______________________, Trustee
Name:
Title: