# Exhibit 27

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 23-90716 (MI) |
| Corelle Brands Acquisition Holdings LLC, et al., | : | (Jointly Administered) |
| Reorganized Debtors.[1] | : | (Emergency Hearing Requested) |

# THE TRUSTEE'S EMERGENCY MOTION IN SUPPORT OF A PROPOSED ORDER TO SHOW CAUSE REGARDING THE DELAWARE ACTION FILED AGAINST THE TRUSTEE

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Relief is requested not later than September 17, 2026, at 09:30 a.m. (prevailing Central Time).**

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Corelle Brands (Texas) Inc. (2526); Corelle Brands Acquisition Holdings LLC (9089); Corelle Brands Acquisition Intermediate Holdings Inc. (3303); Corelle Brands Holdings Inc. (3318); Corelle Brands (Charleroi) LLC (7347); Corelle Brands LLC (0566); Corelle Brands (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the reorganized debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

Alan D. Halperin, as Litigation Trustee of the Instant Brands Litigation Trust, respectfully moves for entry of an order to show cause directing Cornell Capital LLC ("Cornell") to explain why the action filed against him, captioned *Cornell Capital LLC v. Halperin*, C.A. No. 2026-0956-KSJM (the "Delaware Action") does not violate the *Barton* doctrine and why it should not be enjoined from prosecuting that action.

## INTRODUCTION

1. Cornell has sued this Court's appointed fiduciary for acts taken in his official capacity, without this Court's permission, in flagrant breach of the *Barton* doctrine, which forecloses suits against a court-appointed trustee without the appointing court's permission. This Court should order Cornell to show cause why it should not be directed to immediately dismiss the Delaware Action, and should award the Trustee the fees for having to bring this motion. And the Court should not entertain any further attempts by Cornell to file another Delaware Action.

2. On July 20, 2026, Cornell filed a new lawsuit in the Delaware Court of Chancery against the Trustee (the "Delaware Action"). Cornell seeks a declaration that a 2019 services agreement (the "Services Agreement" or "Agreement") bars ***every claim*** the Trustee is pursuing in the United States District Court for the Southern District of New York (the "SDNY Action") against Cornell, its affiliates, and its current and former employees. Compl. Ex. 1 ("Delaware Compl.") at 21. It also seeks attorney fees. *Id.* Cornell did not seek leave of this Court before filing suit.

3. Cornell did not raise the Services Agreement as a purported bar to the Trustee's claims in nearly ***two years*** of litigation between the parties. It did not raise it in this Court when the Plan was being confirmed, when the Trust was being formed, or when the avoidance actions were filed. It also did not raise it in its motion to dismiss or its motion

to transfer. Instead, it only raised the Agreement for the first time in a settlement letter dated June 2026, once the SDNY Action had turned against it. The SDNY Action has gone poorly for Cornell by all accounts: document discovery has further confirmed the Trustee's allegations, Cornell's representatives and affiliates have made incriminating admissions in depositions, and the Cornell Defendants' motion to dismiss has now been denied ***as to all counts.***

4. Nor did Cornell ever argue—in nearly two years of litigation—that any part of the dispute between the parties belonged in a Delaware court. The position Cornell now takes in Delaware is the exact opposite of the position it took before this Court when it moved to transfer the case. In February 2025, Cornell argued that the Southern District of New York was "***the exclusive forum*** for litigating the claims alleged in this action," and sought "to dispose of ***all their disputes***" in the chosen forum. Adv. Proc. No. 24-3232, ECF No. 73 at 1, 9 (emphases added). It asked this Court to transfer "this matter to New York ***as a whole***." *Id.* at 3 (emphasis added). In more than thirty pages of briefing, Cornell did not mention the Services Agreement once and did not identify Delaware as a forum for anything.[2]

5. Despite having obtained the forum it demanded, Cornell has now opened another litigation in a third court. It seeks an outcome that risks inconsistency with the

[2] Cornell has implied that it only recently discovered the Services Agreement because it was produced by the Trustee in the SDNY Action. *See* Ex. 2, Aug. 25, 2026 Hr'g Tr. at 25:5-10. That is not credible. Cornell has known about that Agreement for years: it required Instant Brands to enter into the agreement back in March 2019, collected approximately ***$16 million dollars*** under that agreement, and Cornell and its affiliates produced multiple copies of it in discovery.

SDNY Action. And above all, it is undisputed that Cornell has sued the Trustee, without leave, for the act of prosecuting claims the Plan assigned to the Litigation Trust.

6. The *Barton* doctrine forbids this: as a jurisdictional matter, a party must obtain leave of the bankruptcy court before initiating an action against the trustee for acts done in his official capacity. *See Villegas v. Schmidt*, 788 F.3d 156, 158-159 (5th Cir. 2015); *Rodriguez v. Schmidt (In re Rodriguez)*, 2021 WL 5236832, at *4 (Bankr. S.D. Tex. Nov. 10, 2021). Because Cornell never sought leave, the Chancery Court is therefore without jurisdiction.

7. Courts in this circuit uniformly enjoin foreign proceedings, or dismiss proceedings before them, if such proceedings are brought without leave against a bankruptcy fiduciary, as here. *See infra* Argument § II (collecting cases). Courts in other circuits are in accord. For example, the Bankruptcy Court for the Southern District of New York recently enjoined an action in Delaware on the same facts: where defendants sued a plan-appointed litigation trustee in Delaware for declaratory relief, without leave. *In re Endo Int'l plc*, 2025 WL 272853, at *6-9 (Bankr. S.D.N.Y. Jan. 22, 2025). The court held *Barton* applied, rejected an attempt to seek retroactive leave, enjoined the state court action, and ordered it dismissed. *See id.* Cornell has not even sought retroactive leave—but even if it were to do so any such belated attempt must be denied because its *Barton* violation rendered the Delaware Action void *ab initio*.

8. Since *Barton* is a jurisdictional doctrine, the Court need not delve into the merits here. But it bears noting that the Trustee cannot be bound by the Services Agreement on which Cornell relies. He was not party to the Agreement and never assumed its obligations, rather, the Trust rejected the Agreement in the chapter 11 bankruptcy plan (the "Plan"). Moreover, the Agreement was terminated in February 2024, meaning the Trustee

could not have breached it by filing claims in November 2024—months after it was extinguished. Additionally, the limitation of liability provision on which Cornell relies was forfeited when it acted in bad faith. And regardless, that limitation of liability cannot bar the Trustee's claims that rely upon conduct that falls outside the scope of the services contemplated by the Services Agreement (such as the fraudulent transfer claims) and cannot be immunized under Delaware law (such as the fiduciary duty claims).

9. *Barton* exists to protect the estate and the integrity of the bankruptcy system, and the Delaware Action threatens both. It asks a third court to declare the Litigation Trust's principal assets barred, inviting judgments irreconcilable with the SDNY Action. Absent relief from this Court, the Trustee will need to spend substantial Trust resources briefing and arguing a case in Delaware, depleting assets that could be used to recover assets through prosecution of the SDNY Action. Cornell had an independent duty to seek this Court's permission before filing the Delaware Action. It did not. And despite the Trustee having brought the *Barton* doctrine to Cornell's attention in filings in the Delaware Action and the SDNY Action, Cornell has yet to voluntarily dismiss the Delaware Action. Accordingly, the Trustee respectfully requests entry of an order to show cause or, in the alternative, an order directing Cornell to dismiss the Delaware Action.

## **EMERGENCY CONSIDERATION**

Pursuant to Bankruptcy Local Rule 9013 (i), the Trustee requests emergency consideration of this Motion. The Motion to Dismiss briefing schedule in the Delaware Action is in the process of being set; the Trustee anticipates seeking to respond by September 30, 2026 absent agreement or order of the Delaware Court. Therefore, failure to receive the requested relief on an emergency basis would result in the Trustee being required to brief and argue an action that is improper under the *Barton* doctrine. Accordingly, the Trustee

seeks a hearing no later than September 17, 2026 to ensure that he is not required to expend Estate resources on a litigation that should not be permitted to proceed.

## <u>LEGAL STANDARD</u>

10. Under the *Barton* doctrine, "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." *Villegas v. Schmidt*, 788 F.3d 156, 158 (5th Cir. 2015) (quoting *Barton v. Barbour*, 104 U.S. 126 (1881)).

11. The doctrine applies to bankruptcy and receiver cases alike. *See Villegas*, 788 F.3d at 158 (applying *Barton* to bankruptcy trustee); *In re Coastal Plains, Inc.*, 326 B.R. 102, 111 (Bankr. N.D. Tex. 2005) (applying *Barton* to state court lawsuit brought against Chapter 7 trustee); *Burch v. Aurzada*, 2019 WL 2089086, at *2 (N.D. Tex. Apr. 30, 2019) (applying *Barton* to lawsuit brought against chapter 7 trustee), *report and recommendation adopted*, 2019 WL 2085991 (N.D. Tex. May 13, 2019). Therefore, a party must obtain leave of the bankruptcy court before initiating an action "when the action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity." *Villegas*, 788 F.3d at 159.

12. The doctrine is jurisdictional—"a court will not have subject matter jurisdiction to adjudicate a suit against a trustee unless and until the bankruptcy court has granted leave for the lawsuit to be filed." *In re Rodriguez*, 2021 WL 5236832, at *2 (cleaned up).

13. The *Barton* doctrine applies to all "bankruptcy-court-appointed officer[s]," *see Villegas*, 788 F.3d at 159 (citations omitted), including litigation trustees like the Trustee here. *See, e.g.*, *In re Endo*, 2025 WL 272853, at *7. It authorizes courts to enjoin state court, as well as federal, actions. *See, e.g.*, *Id.* at *7; *In re Delta Invs. & Dev., LLC*, 2019 WL 137578, at *24 (Bankr. S.D. Miss. Jan. 8, 2019) (ordering plaintiff to dismiss state

court action filed in violation of *Barton*, and awarding Chapter 7 trustee attorneys' fees and expenses). Courts apply *Barton* to actions seeking declaratory relief. *See, e.g.*, *Endo*, 2025 WL 272853, at *7.

## ARGUMENT

### I. The Delaware Action Violates the *Barton* Doctrine

14. The Delaware Action is a transparent attempt to avoid litigation of the merits of the New York action, which is proceeding in the forum ***chosen by Cornell***. The Delaware Action seeks relief that would directly undermine the Trustee's lawsuit against Cornell, by seeking a declaration that the Services Agreement "bars" those claims, and by seeking an award of fees. Delaware Compl. at 21. The Trustee was authorized by this Court to pursue litigation for the benefit of estate creditors, and Cornell is seeking to collaterally attack that litigation through an action in another forum.

15. The *Barton* doctrine exists to prevent exactly this sort of forum-shopping. It requires the appointing court's permission for suits against a court-appointed trustee in his official capacity. *Villegas*, 788 F.3d at 158-59. Here, the Delaware Action is brought against the Trustee in his official capacity and for acts taken in that capacity. Cornell named as the sole defendant "Alan D. Halperin, as Litigation Trustee of the Instant Brands Litigation Trust," and sued him "in his sole capacity as Trustee." Delaware Compl. at 1. The conduct Cornell complains of is the Trustee's commencement and prosecution of the SDNY Action—the core function the Plan and this Court charged him to perform. Accordingly, Cornell was obligated to seek permission from the court that appointed the Trustee—this Court—before suing him. *See Villegas*, 788 F.3d at 158-59, *Barton*, 104 U.S. at 136-37. They did not do so, and that ends the *Barton* inquiry: the Delaware court has no jurisdiction to hear the case, and the case must be dismissed.

16. There are only two recognized exceptions to the *Barton* doctrine: (i) a statutory carve-out under 28 U.S.C. § 959(a); and (ii) the "ultra vires" exception. *See Equip. Leasing, LLC v. Three Deuces, Inc.*, 2011 WL 6141443, at *4 (E.D. La. Dec. 9, 2011); *Matter of Preferred Ready-Mix, L.L.C.*, No. 24-20158, 2024 WL 5252498, at *2 (5th Cir. Dec. 31, 2024). Neither exception is applicable here.[3]

17. Because the *Barton* doctrine clearly required the Cornell Defendants to seek leave of this Court before filing the Delaware Action, and they failed to do so, the Court should order the Cornell Defendants to dismiss the Delaware Action. Courts in this circuit uniformly enjoin foreign proceedings, or dismiss proceedings before them, if such proceedings are brought against a bankruptcy fiduciary without leave. *See Villegas*, 788 F.3d at 158-59 (affirming dismissal of suit filed against chapter 11 trustee without leave); *Howell v. Adler (In re Grodsky)*, 2019 WL 2006020, at *4 (Bankr. E.D. La. Apr. 11, 2019) (entering *Barton* injunction barring plaintiffs from suing chapter 7 trustee without permission of the bankruptcy court), *aff'd sub nom. Matter of Grodsky*, 799 F. App'x 271 (5th Cir. 2020); *In re Rodriguez*, 2021 WL 5236832, at *5 (dismissing complaint filed without leave against trustee); *In re Delta*, 2019 WL 137578, at *24 (entering mandatory injunction requiring defendants to dismiss the trustee from a state court action with prejudice, and awarding the trustee fees and costs); *In re Coastal Plains, Inc.*, 326 B.R. 102, 111 (Bankr.

---

[3] The statutory exception in 28 U.S.C. § 959(a) generally applies when the trustee conducts business connected with the estate but separate from his administrative duties, *see Equip. Leasing*, 2011 WL 6141443, at *4, and the Trustee conducts no such business. The ultra vires exception applies only where a fiduciary acts without appointing-court authority, *Matter of Foster*, No. 22-10310, 2023 WL 20872, at *5 (5th Cir. Jan. 3, 2023), and no such allegation is or could be made here. *C.f. Matter of Preferred Ready-Mix*, 2024 WL 5252498, at *2.

N.D. Tex. 2005) ("The *Barton* doctrine requires dismissal of the instant action against the Trustee.").

18. *Endo* is directly on point. There, a litigation trustee appointed under a chapter 11 plan sued in the Eastern District of Pennsylvania to recover assets assigned to his trust. *Endo*, 2025 WL 272853, at *1. A subset of defendant-insurers filed a declaratory judgment action in Delaware state court against the trustee seeking to resolve a portion of the same disputes without seeking leave of the bankruptcy court. *Id.* The court held that *Barton* applied to those actions for declaratory relief, rejecting the argument that the suit fell outside *Barton* because it concerned rights under pre-petition contracts. *Id.* at *8. The court enjoined the Delaware action and ordered the insurers to dismiss it. *Id.* at *9. Just like the enjoined suit in *Endo*, the Delaware Action concerns alleged rights under pre-petition contracts and Cornell is seeking declaratory relief. The same thing should happen here.

**II. An Order to Show Cause Should Issue**

19. It is blackletter law that it is *Cornell's* obligation to seek permission, not the Trustee's obligation to ask for relief. *See Villegas*, 788 F.3d at 158-59; *In re Rodriguez*, 2021 WL 5236832, at *2-3. Because Cornell has failed to seek permission to bring this action, the appropriate relief here is therefore that the Court issue an Order to Show Cause directing Cornell to show why that failure should not result in enjoining further prosecution of the Delaware Action.

20. Section 105(a) empowers this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]," including "to prevent an abuse of process." 11 U.S.C. § 105(a). The Fifth Circuit interprets Section 105(a) "liberally" so long as relief is "consistent with the rest of the Bankruptcy Code." *In*

*re Chiron Equities, LLC*, 552 B.R. 674, 695 (Bankr. S.D. Tex. 2016). An order requiring Cornell to show cause protects the Litigation Trust's assets and prevents "an abuse of process." 11 U.S.C. § 105(a).

21. Because an action commenced in violation of *Barton* is void *ab initio* as a jurisdictional matter, "[t]he only appropriate remedy . . . is to order cessation of the improper action." *Beck v. Fort James Corp. (In re Crown Vantage, Inc)*., 421 F.3d 963, 976 (9th Cir. 2005). Accordingly, courts in this circuit and other jurisdictions have enjoined actions brought in violation of *Barton*. *See, e.g.*, *In re Delta*, 2019 WL 137578, at *24; *In re Grodsky*, 2019 WL 2006020, at *4; *Endo*, 2025 WL 272853, at *9. And because the burden is on Cornell to seek permission from this Court, and because it failed to do so, an Order to Show Cause directing Cornell to explain why it should not be directed to dismiss the action properly places the burden on Cornell to justify its inaction.

## III. The Court Should Deny Any Attempt to Seek Leave for a Delaware Action Because the Delaware Action Is Meritless

22. To the extent that the Cornell Defendants attempt to belatedly seek leave to file the Delaware Action, such an attempt would be futile—"[a] complaint filed in violation of the Barton Doctrine is void ab initio and lacks subject matter jurisdiction" and "[t]he jurisdictional defect cannot be cured through retroactive leave." *See Endo*, 2025 WL 272853, at *9 (denying retroactive leave).

23. But even setting aside the *Barton* doctrine, Cornell's claims are meritless, and will interfere with the New York action, so any belated request by Cornell to seek leave for a second try should be denied.

24. According to Cornell, Section 5 of the Services Agreement purportedly bars the Trustee's claims against Cornell and its affiliates because ***Instant Brands*** agreed that

Cornell would not, "as a result of this Agreement or the provision of the services contemplated by the Agreement … (a) owe any fiduciary or other duties to [Instant Brands] or any equity holder of [Instant Brands] or (b) be liable, responsible or accountable for damages or otherwise to [Instant Brands] or any equity holder of [Instant Brands]." Ex. 3, Instant Brands Holdings Inc. Agreement (the "Services Agreement") § 5; Delaware Compl. ¶ 22, 64-68.

25. *First*, the Trustee is not a party to the Services Agreement and not bound by it. The Litigation Trust is a separate entity from the Debtors. ECF No. 1109-3 ("Litigation Trust Agreement") § 1.03. The Trust is not bound by the Debtors' agreements or obligations save for those it specifically assumes. *See* ECF No. 1146 ("Plan Confirmation Order") ¶ 18 ("Except as to obligations expressly assumed pursuant to the Plan, neither the Reorganized Debtors nor the Litigation Trust shall be deemed to be successor to any of the Debtors."). The Trust never assumed the Services Agreement—it was rejected.

26. *Second*, the Services Agreement terminated in February 2024—months before the Trustee filed his claims (in November 2024). The Services Agreement's term ran "at such time as neither Cornell nor any of its Affiliates owns, directly or indirectly, any equity interest in." Services Agreement § 1. The confirmation of the Plan extinguished Cornell's equity.[4] Therefore, the Trustee could not have breached the Agreement by filing claims months after that agreement was terminated.

---

[4] Specifically, the Plan Confirmation extinguished Cornell's interest in the ultimate parent entity, Instant Brands Acquisition Holdings Inc., which wholly owned Instant Brands Holdings Inc., and therefore terminated the Agreement. *See* Plan Confirmation Order at 122 (Plan Art. VI.A.8) (noting that "Existing Interests shall be cancelled, released, extinguished, or otherwise eliminated" upon plan effectiveness); 69 (Plan Art. I.A.92) (defining "Existing Interest" as "all Interests in Instant Brands Acquisition Holdings Inc."); 72 (Plan Art. I.A.127) (defining "Interest" as including "any equity security").

27. *Third*, Cornell forfeited whatever protection Section 5 affords by acting in bad faith. The limitation on liability provision on which Cornell relies expressly requires that Cornell and its affiliates "act in good faith" and comply with "all applicable laws in material respects." Services Agreement § 5. As the Trustee has alleged, Cornell and its affiliates acted in bad faith—defrauding lenders and breaching fiduciary duties. The Southern District of New York has sustained the Trustee's claims.

28. *Fourth*, even if the Trustee were bound by the Agreement (he is not), and even if Section 5 were available to Cornell (it is not), Section 5 cannot bar all of the Trustee's claims. The Agreement reaches only liability arising "as a result of this Agreement or the provision of the services contemplated by this Agreement," *id.* § 5. But the Trustee's fraudulent transfer claims, fraud claims, and breach of fiduciary duty claims are brought against Cornell employees in their capacity as Instant Brands ***directors***. These claims are not the result of the "services contemplated by th[e] Agreement." *Id.* Moreover, under blackletter Delaware law, directors cannot "contract away their fiduciary obligations"—any provision purporting to limit fiduciary duties is invalid and unenforceable. *See Paramount Commc'ns Inc. v. QVC Network Inc*., 637 A.2d 34, 48, 51 (Del. 1994).

29. If Cornell is permitted to proceed with the Delaware Action after seeking permission, the only result will be the expenditure of Trust assets to litigate in Delaware—rather than in the New York proceeding. Nothing stops Cornell from trying to introduce the Services Agreement to support a defense in the New York action, but it cannot be allowed to make an end run around the New York action by attacking the Trustee in another forum.

## IV. The Court Should Award Fees to the Trustee for this Motion and the Delaware Action

30. A trustee is entitled to recover the actual damages caused by a *Barton* violation, including the costs and attorneys' fees incurred in defending the unauthorized action and in bringing the enforcement proceeding. *See In re Delta*, 2019 WL 137578, at *24 ("[T]he Trustee is entitled to recover from the Defendants the attorneys' fees and expenses the estate incurred in defending the [*Barton* violating suit] as actual damages under 11 U.S.C. § 105(a)."); *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1241-42 (6th Cir. 1993) (finding the trustee is entitled to recover "actual damages, including costs and attorneys' fees and administrative expenses, if any … incurred as a result of the filing of the [*Barton* violating suit]"). Alternatively, the Court may award fees in the exercise of its inherent power. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *In re Cochener*, 360 B.R. 542, 570 (Bankr. S.D. Tex. Feb. 9, 2007).

31. Cornell brought the Delaware Action in violation of the *Barton* doctrine on July 20, 2026. It has yet to voluntarily dismiss that action—even after the Trustee brought the *Barton* doctrine to its attention both in a letter to the Court in the pending New York Action against Cornell, and in a Motion to Dismiss before the Delaware Court. And the Trustee has had to incur expenses (including the retention of Delaware counsel). The Court should therefore, in addition to granting the other relief sought in this motion, award the Trustee its fees associated with this motion and the Delaware Action. *See In re Delta*, 2019 WL 137578, at *24; *In re DeLorean Motor Co.*, 991 F.2d at 1241-42; *Ace Ins. Co. v. Smith (In re BCE West, L.P.)*, 2006 WL 8422206, at *8 (D. Ariz. Sept. 20, 2006) (affirming bankruptcy court's decision, which awarded trustee $100,000 in attorneys' fees and costs to remedy *Barton* violation); *Steffen v. Berman (In re Steffen)*, 406 B.R. 148, 152 (Bankr.

M.D. Fla. May 21, 2009) (awarding trustee thousands of dollars to remedy violations of *Barton* doctrine).

## CONCLUSION

Accordingly, the Trustee respectfully requests entry of the attached proposed order directing Cornell to show cause why it should not be ordered to dismiss the Delaware Action, and for fees associated with this motion.

Dated: August 28, 2026

Respectfully submitted,


**MCKOOL SMITH P.C.**

/s/ *Joshua J. Newcomer*
Joshua J. Newcomer (SBN 24060329)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344
Email: jnewcomer@mckoolsmith.com

-and-

**ELSBERG BAKER & MARURI PLLC**

Vivek Tata (admitted *pro hac vice*)
350 Fifth Avenue, 38th Floor
New York, New York 10118
Telephone: (212) 597-2600
Email: vtata@elsberglaw.com

*Counsel for Alan D. Halperin, as Trustee of the Instant Brands Litigation Trust*

## CERTIFICATE OF SERVICE

I certify that on August 28, 2026, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ *Joshua J. Newcomer*
Joshua J. Newcomer

## L.R. 9013-1(I) CERTIFICATION

Pursuant to Local Rule 9013-1(i) of the Southern District of Texas Bankruptcy Court, I hereby certify that I have reviewed this submission for accuracy and that it is true and correct to the best of my knowledge, information, and belief.

*/s/ Vivek Tata*
Vivek Tata