**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**SUMMARY COVERSHEET TO THIRD INTERIM FEE
APPLICATION OF LAZARD FRÈRES & CO. LLC,
AS INVESTMENT BANKER FOR THE DEBTORS, FOR THE PERIOD FROM
APRIL 1, 2026 THROUGH AND INCLUDING JUNE 30, 2026**

| | | |
|---|---|---|
| **Name of Applicant:** | Lazard Frères & Co. LLC | |
| **Applicant's Role in Case:** | Investment Banker for Debtors | |
| **Docket No. of Employment Order(s):** | Docket No. 897 | |
| **Interim Application (x) No. 3**<br>**Final Application ( )** | | |
| | **Beginning Date** | **End of Period** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | April 1, 2026 | June 30, 2026 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? (Y)** | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (Y)** | | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (Y)** | | |
| **Do expense reimbursements represent actual and necessary expenses incurred? (Y)** | | |
| **Compensation Breakdown for Time Period Covered by this Application** | | |
| **Total professional fees requested in this Application:** | | $9,863,646.79 |
| **Total professional hours covered by this Application:** | | 946.5 |

---

1 A complete list of the chapter 11 Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| **Average hourly rate for professionals:** | N/A |
| **Total paraprofessional fees requested in this Application:** | N/A |
| **Total paraprofessional hours covered by this Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Total fees requested in this Application:** | $9,863,646.79 |
| **Total expense reimbursements requested in this Application:** | $41,599.13 |
| **Total fees and expenses requested in this Application:** | $9,905,245.92 |
| **Total fees and expenses awarded in all prior Applications:** | $28,732,634.26 |
| **Plan Status:** On August 24, 2026, the Court denied confirmation of the Plan (Docket No. 3710) and ordered the Debtors' chapter 11 cases be converted to cases under chapter 7 of the Bankruptcy Code. On September 1, 2026, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code (Docket No. 3748). | |
| **Primary Benefits:** During the period covered by this Application, Lazard, as investment banker to the Debtors, provided invaluable financial expertise to the Debtors, including advising the Debtors in connection with negotiating and executing various going-concern and asset sales, maintaining ongoing case funding from certain OEM customers, and assisting the Debtors in formulating their proposed chapter 11 plan. | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |
| | § | |

**THIRD INTERIM FEE APPLICATION**
**OF LAZARD FRÈRES & CO. LLC, AS INVESTMENT BANKER**
**FOR THE DEBTORS, FOR THE PERIOD FROM**
**APRIL 1, 2026 THROUGH AND INCLUDING JUNE 30, 2026**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Lazard Frères & Co. LLC ("**Lazard**"), as investment banker for the chapter 11 debtors in the above-captioned cases (collectively, the "**Debtors**"), hereby files its third application (this "**Application**") for interim allowance of (i) compensation for professional services performed by Lazard during the period commencing April 1, 2026 through and including June 30, 2026 (the "**Compensation Period**") in the amount of $9,863,646.79, and (ii) reimbursement of its actual and necessary expenses incurred during the Compensation Period in the amount of $41,599.13, and respectfully represents as follows:

---

1 A complete list of the chapter 11 Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters 127 Public Square, Suite 5300, Cleveland, OH 44114.

## Preliminary Statement

1. As detailed in multiple court filings before this Court, the Debtors' chapter 11 cases were among the largest and most complex chapter 11 cases in history. During the Compensation Period, Lazard's professionals continued to guide the Debtors through the chapter 11 process, including, among other things: continuing to run its broad sale process, ultimately culminating in two going-concern sales and one asset sale; negotiating the sharing of proceeds, non-debtor transactions, buyer issues, and other open items pertaining to such sales among a wide range of stakeholders; assisting the Debtors in formulation of their chapter 11 plan and various analyses related thereto; and providing other general financial advisory services to the Debtors and their co-advisors.

2. The professional services performed and expenses incurred by Lazard during the Compensation Period were actual and necessary to preserve and protect the value of the Debtors' estates and maximize value to creditors in the extraordinarily difficult and complex chapter 11 cases. Accordingly, Lazard respectfully requests that the Court grant this Application and allow interim compensation for professional services performed and reimbursement for expenses incurred during the Compensation Period.

## Background

3. In September 2025, First Brands Group, LLC and its Debtor affiliates each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

4. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of the chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions*

(Docket No. 22) (the "**First Day Declaration**"), filed on September 29, 2025 and incorporated herein by reference.

5. On April 9, 2026, the Court entered an order converting the chapter 11 cases of (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC, to cases under chapter 7 of the Bankruptcy Code (Docket No. 2396).

6. On September 1, 2026, the Court entered an order converting the chapter 11 cases of the other Debtors to cases under chapter 7 of the Bankruptcy Code (Docket No. 3748).

## Jurisdiction and Venue

7. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8. The Debtors request approval of Lazard's Application. This Application has been prepared in accordance with sections 330(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Bankruptcy Local Rule 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the *Court Procedures* for Judge Christopher M. Lopez (the "**Court Procedures**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**UST Fee Guidelines**" and, collectively with the Court Procedures, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 699) (the "**Interim Compensation Procedures Order**").

9. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Retention of Lazard**

10. On October 24, 2025, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Lazard Freres & Co. LLC as Investment Banker for Debtors Effective as of Petition Date* (Docket No. 416) (the "**Retention Application**"), pursuant to which the Debtors sought authority to employ and retain Lazard as their investment banker, effective as of the commencement of the Debtors' chapter 11 cases (the "**Petition Date**"), in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Lazard, dated as of August 3, 2025 (the "**Engagement Letter**"), a copy of which is annexed to the Retention Application as Exhibit 2.

11. On December 8, 2025, the Court entered the *Order Authorizing Retention and Employment of Lazard Freres & Co. LLC as Investment Banker for Debtors Effective as of Petition Date* (Docket No. 897) (the "**Retention Order**"), approving the Retention Application and authorizing the employment and retention of Lazard as of the Petition Date, pursuant to the terms of the Engagement Letter (as modified pursuant to the Retention Order).

**Summary of Professional Compensation and Reimbursement of Expenses Requested**

12. Lazard seeks interim allowance of compensation for professional services performed during the Compensation Period in the amount of $9,863,646.79 and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $41,599.13. During the Compensation Period, eleven (11) professionals expended a total of 946.5 hours in connection with the necessary services performed.

| | |
|---|---|
| Monthly Fees | $500,000.00 |
| OEM Financing Fees Week ending 4/03 | $489,859.00 |
| OEM Financing Fees Week ending 4/10 | $430,399.45 |
| OEM Financing Fees Week ending 4/17 | $283,258.92 |
| OEM Financing Fees Week ending 4/24 | $213,540.00 |
| OEM Financing Fees Week ending 5/01 | $363,200.00 |
| OEM Financing Fees Week ending 5/08 | $287,080.00 |
| OEM Financing Fees Week ending 5/15 | $307,830.00 |
| OEM Financing Fees Week ending 5/22 | $430,480.00 |
| OEM Financing Fees Week ending 5/29 | $249,635.42 |
| OEM Financing Fees Week ending 6/05 | $308,364.00 |
| PGI Sale Fee | $1,000,000.00 |
| Horizon/ASC Sale Fee | $2,500,000.00 |
| TMD Sale Fee | $2,500,000.00 |
| **Total Fees** | **$9,863,646.79** |

13. There is no agreement or understanding between Lazard and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in the Debtors' chapter 11 cases. During the Compensation Period, other than payment received by Lazard on account of Monthly Fees in accordance with the Retention Order, Lazard received no payment or promises of payment from any source for services rendered, or to be rendered, in any capacity whatsoever in connection with the matters covered by this Application.

14. Prior to the Petition Date, the Debtors paid a $10,000.00 expense retainer to Lazard for expenses incurred but not yet processed in connection with its representation of the Debtors and in preparation of the Debtors seeking relief under chapter 11 (the "**Expense**

**Retainer**"). Based on a reconciliation of all expenses through the date of this Application, the balance of the Expense Retainer as of the date of this Application is $8,318.18.

**Supporting Documents**

15. Attached hereto as **Exhibit B** is the Certification of Tyler Cowan, a Managing Director of Lazard (the "**Cowan Certification**"), regarding Lazard's compliance with the Fee Guidelines.

16. Attached hereto as **Exhibit C** are summaries setting forth the name of each Lazard professional who provided services to the Debtors during the Compensation Period and the number of hours worked by such professional during the Compensation Period (the "**Schedule of Professional Fees**").

17. Attached hereto as **Exhibit D** is a schedule of Lazard's time records documenting the work performed during the Compensation Period using project categories hereinafter described in the format specified by the Fee Guidelines (the "**Time Records**").

18. Attached hereto as **Exhibit E** is an itemized schedule of the expenses for which Lazard is seeking reimbursement and a summary specifying the categories of expenses included in the schedule and the total amount for each such expense category (the "**Expenses**").

19. To the extent that compensation for services rendered or reimbursements for expenses incurred during the Compensation Period were not processed prior to the filing of this Application, Lazard reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application to the Court.

**Summary of Professional Services**
**Rendered During Compensation Period**

20. A summary of some of the services rendered by Lazard during and prior to the Compensation Period is as follows:

A. *Assistance with General Bankruptcy* – Lazard participated in frequent planning sessions and calls with the Debtors, their legal counsel, and their restructuring advisors concerning process and strategy issues related to the bankruptcy. Lazard participated in numerous meetings with the Debtors' management team and special committee on a range of bankruptcy and other strategic issues. In addition, Lazard participated in discussions with various creditors and parties-in-interest to keep them informed about the Debtors' operations, sale process, and other key events. Lazard professionals also worked with the Debtors to prepare court filings and attended court hearings.

B. *Assistance with Customer Funding* – Once the Debtors' OEM customer funding was put in place and approved, Lazard professionals routinely participated in bi-weekly and ad hoc calls with these customers and their advisors to facilitate diligence, provide updates on the sale process, and negotiate the terms of various sales. As a result of these efforts, the Debtors maintained access to the funds necessary to support their business needs during the Compensation Period and preserved value for the benefit of all stakeholders.

C. *Preparation of Court Filings* – Lazard assisted the Debtors and their legal counsel in the preparation and review of various court filings.

D. *Financial Analysis* – Lazard professionals assisted the Debtors' management team and restructuring advisors in preparing various presentations and analyses related to the Debtors' chapter 11 plan, potential litigation claims, and sale transactions.

E. *Management of Sale Process* – Along with the Debtors' other restructuring advisors, Lazard professionals managed various aspects of the Debtors' going-concern and asset-level sale processes. This included outreach, negotiation, and diligence efforts with over 400 parties; preparing declarations and other efforts in support of Court approval; and negotiating with various stakeholders regarding the amount and allocation of sale proceeds and non-debtor issues.

21. The foregoing professional services were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by Lazard

were in the best interests of the Debtors and their stakeholders. Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in the chapter 11 cases. All of Lazard's professional services were performed skillfully and efficiently.

22. The professional services performed by Lazard on behalf of the Debtors during the Compensation Period required an aggregate expenditure of approximately 946.5 hours by Lazard's professionals.

**Actual and Necessary Expenses of Lazard**

23. As set forth in **Exhibit E** attached hereto, Lazard has disbursed $41,599.13 as expenses incurred in providing professional services to the Debtors during the Compensation Period. These expenses are reasonable and necessary and were essential to the overall administration of the Debtors' chapter 11 cases.

24. Although Lazard has not charged the Debtors for any overtime expenses, consistent with firm policy, employees of Lazard who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation home from Lazard's offices. Lazard's regular practice is not to include components of those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts do not exceed those set forth in the Fee Guidelines or the Bankruptcy Local Rules.

25. Lazard has made every effort to minimize its disbursements during the chapter 11 cases. The actual expenses incurred in providing professional services were those that were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates and creditors.

**Requested Compensation Should Be Allowed**

26. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

27. The Fifth Circuit Court of Appeals has held that lower courts should consider the six factors found in section 330(a)(3) of the Bankruptcy Code when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

28. In the instant case, Lazard submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates. The services rendered by Lazard to the Debtors during Compensation Period were substantial, highly professional and instrumental to the Debtors in pursuing their restructuring efforts. Accordingly, Lazard respectfully submits that the amounts requested herein are fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations, and therefore, should be approved.

**Notice**

29. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

**Conclusion**

30. Lazard respectfully requests that the Court (i) award interim allowance of Lazard's (a) compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $9,863,646.79 (consisting of one (1) Monthly Fee of $250,000.00 and two (2) Monthly Fees of $125,000.00 for each month during Compensation Period — i.e., one Monthly Fee for April, May, and June 2026 for total Monthly Fees during the Compensation Period of $500,000.00 — plus three (3) Sale Transaction Fees in the aggregate amount of $6,000,000.00 and ten (10) Financing Fees in the aggregate amount of $3,363.676.79) and (b) reimbursement of $41,599.13, and that such allowance be without prejudice to Lazard's right to seek additional compensation for services performed and expenses that were incurred

during the Compensation Period but not processed at the time of this Application, (ii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors, and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: September 21, 2026
New York, New York

*/s/ Tyler Cowan*

Tyler Cowan
Global Head of Restructuring & Liability Management
30 Rockefeller Plaza
New York, NY 10112

**Certificate of Service**

I hereby certify that on September 21, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson