**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**APPLICATION OF NTT MANAGED SERVICES AMERICAS, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM FOR POST-PETITION SERVICES**

NTT Managed Services Americas, LLC ("NTT"), a creditor in the above-entitled and numbered case, respectfully submits this *Application for Allowance and Payment of Administrative Expense Claim for Post-Petition Services* (the "Motion") and requests entry of an order pursuant to 11 U.S.C. §§ 105, 503(b)(1)(A), and 507(a)(2) directing the allowance and payment of NTT's administrative expense claim in the amount of $66,995.63. In support of the relief requested, NTT respectfully shows the Court as follows:

## I. JURISDICTION

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

1. Under 28 U.S.C. §§ 157 and 1334, the Court has jurisdiction over the Motion and relief requested herein. Pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), this Motion presents a core proceeding.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested includes 11 U.S.C. §§ 503(b)(1)(A), 507(a)(2).

## II. BACKGROUND

4. On September 28, 2025 (the "Petition Date"), First Brands Group, LLC ("Frist Brands") and various related entities (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

5. The Amended Disclosure Statement states First Brands was formed in 2013 under the name Crowne Industries Group by First Brand's founder. (See Amended Disclosure Statement page 50). On information and belief, Crowne Industries Group and Crowne Group, LLC are related entities and both are owned by First Brands.

6. Secure-24, LLC was acquired by NTT Data, Inc. in 2018 and is now known as NTT Managed Services Americas, LLC.

7. Prior to the Petition Date, Secure-24, LLC and Crowne Group, LLC entered into a Master Service Agreement dated June 23, 2015 (the "MSA"). Concurrently, pursuant to the MSA, the Parties entered into a Statement of Work ("SOW"), and Service Level Agreement ("SLA") effective as of June 23, 2015, pursuant to which Secure-24, LLC provided management services to Crowne Group, LLC as more fully set forth in the Agreements. On or about August 23, 2021, the SOW was renewed. Crowne Group, in turn, agreed to pay NTT d/b/a Secure 24, LLC the monthly fees and charges for such services. The MSA, SOW and SLA are hereinafter

referred to collectively as the "Agreements." True and correct copies of the Agreements are attached hereto as **Exhibit A**.

8. On August 24, 2026, the Court issued an oral ruling and order denying plan confirmation for the Debtors and ordered that each of First Brands' Chapter 11 cases be converted to cases under chapter 7 of the Bankruptcy Code [Dkt. 3710].

9. Eva S. Engelhar was appointed, and currently serves, as the trustee (the "Trustee") of Debtors' Chapter 7 bankruptcy estate (the "Estate").

10. NTT continues to supply infrastructure support services to the Estate. Although Debtors have benefited of NTT's information technology and infrastructure support services, the Debtors have failed to pay for these post-petition services. As of the date of this Motion, the Debtors owe NTT a total of $66,995.63 (the "Administrative Expense Claim"). Attached hereto as **Exhibit B** are true and correct invoices, dated September 1, 2025, April 15, 2026, May 15, 2026, June 15, 2026 and July 1, 2026, August 9, 2026, and September 15, 2026 reflecting the amounts due and owing to NTT.

**III. RELIEF REQUESTED AND BASIS FOR RELIEF**

11. By this Motion, NTT seeks allowance and payment of $66,995.63 as an administrative expense pursuant to § 503(b)(1)(A) of the Bankruptcy Code for the technology services provided to Debtors in the ordinary course of business after the Petition Date.

12. The Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate" are characterized as administrative expenses and are entitled to priority. 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2). Administrative priority is given to post-petition vendors as an inducement to engage in business transactions with a debtor's estate. *Matter of*

*TransAmerican Nat. Gas Corp.*, 978 F.2d 1409, 1416, reh'g denied, 983 F.2d 1060 (5th Cir. 1993).

13. A request for payment qualifies as an administrative expense claim pursuant to Section 503 if it arose post-petition and results in a direct benefit to the estate. *In re Jack/Wade Drilling, Inc*., 258 F.3d 385, 387 (5th Cir. 2001). A debt is incurred on the date that a debtor becomes liable for it or "when . . . a resource is consumed." *Matter of Emerald Oil Co.*, 695 F.2d 833, 837 (5th Cir. 1983). Further, in order for an obligation to qualify as an actual and necessary cost, the obligation: (1) must have arisen from a transaction with the estate; and (2) the goods supplied enhanced the ability of the estate's business to function. *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1416 (5th Cir. 1992).

14. After the Petition Date, NTT continued to provide post-petition infrastructure support services to the Debtors, as evidence by the attached invoices. ***See*** **Exhibit B**. Because the services were provided to Debtors after the Petition Date, the debt is a post-petition debt. Further, the cost of those services constitutes an actual and necessary cost of preserving the Debtors' estates, the benefits include the preservations of the records and technology support that have allowed the Debtors to sell their business and to further support the litigation trust as proposed under the Debtors' Chapter 11 Plan with the data that is residing on NTT's platform.

15. NTT is therefore entitled, pursuant to § 503(b)(1)(A) of the Bankruptcy Code, to an administrative expense claim in the amount of $66,995.63 on account of the services being provided by NTT to Debtors after the Petition Date.

16. In addition to requesting an order allowing the Administrative Expense Claim in the amount set forth herein, NTT also requests that the Court order Debtors to pay the Administrative Expense Claim within twenty (20) days of an order granting this Motion and/or

alternatively as proposed under the Debtors' Chapter 11 Plan. The timing of payment of an administrative expense claim under § 503(b) is a matter within the Court's discretion. *In re NE Opco, Inc.*, 501 B.R. 233, 259 (Bank. D. Del. 2013); *In re Garden Ridge Corp.*, 323 B.R. 136, 143 (Bankr. D. Del. 2005); *In re Mr. Gatti's, Inc.*, 164 B.R. 929, 936 (Bankr. W.D. Tex. 1994).

## IV. RESERVATION OF RIGHTS

17. NTT reserves the right to amend or supplement this Motion to assert additional administrative expense claims against the Debtors.

## V. NO PRIOR REQUEST

18. No previous motion or request for the relief sought herein has been made to this or any other Court.

## VI. CONCLUSION

**WHEREFORE**, NTT respectfully requests that this Court enter an order (i) allowing NTT' administrative expense claim pursuant to § 503(b)(1)(A) of the Bankruptcy Code with respect to the Agreements and support services in the amount of $66,995.63 and (ii) granting NTT such other and further relief as is just and proper.

Dated: September __, 2026

Respectfully submitted,

**STREUSAND, LANDON, OZBURN & LEMMON, LLP**

By: */s/ Sabrina L. Streusand*
Sabrina L. Streusand
TX State Bar No. 11701700
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746
Telephone: (512) 236-9901
Facsimile: (512) 236-9904
Email: streusand@slollp.com

**ATTORNEYS FOR NTT MANAGED SERVICES AMERICAS, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing instrument has been served this __ day of September 2026 via ECF notification and/or regular U.S. mail, postage prepaid, on the following:

| | |
|---|---|
| Debtor's Attorney | Clifford William Carlson<br>Weil Gotshal and Manges<br>700 Louisiana Street, Suite 3700<br>Houston, TX 77002<br>713-546-5248<br>Email : clifford.carlson@weil.com |
| | Cindi M. Giglio<br>Grace A. Thompson<br>Katten Muchin Rosenman LLP<br>50 Rockefeller Plaza<br>New York, NY 10020<br>212-940-3828<br>Email: cgiglio@katten.com<br>Email: grace.thompson@katten.com |
| Debtor | First Brands Group, LLC<br>127 Public Square<br>Suite 5300<br>Cleveland, OH 44114 |
| Trustee | US Trustee<br>Office of the US Trustee<br>515 Rusk Ave, Suite 3516<br>Houston, TX 77002 |
| Chapter 7 Trustee | Eva S. Engelhart<br>Ross Banks May Cron and Cavin PC<br>7700 San Felipe, Suite 550<br>Houston, TX 77063 |

*/s/ Sabrina L. Streusand*
Sabrina L. Streusand