**IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**JOINDER OF EDWARD JAMES TO THE EXCESS ABC INSURERS' MOTION FOR ENTRY OF AN ORDER (I) CLARIFYING THAT THE MAY 29, 2026 ORDER (DKT. NO. 2845) MODIFIES THE AUTOMATIC STAY TO AUTHORIZE PAYMENTS BY THE EXCESS ABC INSURERS, OR ALTERNATIVELY (II) AUTHORIZING, AND, TO THE EXTENT NECESSARY, MODIFYING THE AUTOMATIC STAY TO ALLOW THE EXCESS ABC INSURERS TO MAKE PAYMENTS, INCLUDING THE ADVANCEMENT OF DEFENSE COSTS, OF INSURED PERSONS (DKT. NO. 3669)**

Edward James ("Mr. James") respectfully submits this joinder (the "Joinder") to the *Motion for Entry of an Order (I) Clarifying that the May 29, 2026 Order Modifies the Automatic Stay to Authorize Payments by the Excess ABC Insurers or Alternatively (II) Authorizing, and, to the Extent Necessary, Modifying the Automatic Stay to Allow the Excess ABC Insurers to Make Payments, Including the Advancement of Defense Costs, of Insured Persons* (the "Motion") (Dkt. No. 3669) filed by XL Specialty Insurance Company, Endurance American Insurance Company, Markel American Insurance Company, Berkley Insurance Company, Arch Insurance Company, Federal Insurance Company, Twin City Fire Insurance Company, Everest National Insurance Company, and Old Republic Insurance Company (collectively, the "Excess ABC Insurers").[2] In support of this Joinder, Mr. James respectfully states as follows:

[1] A complete list of the chapter 11 Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Motion.

**JOINDER**

Mr. James is an Insured Person under the Excess ABC Policies and has incurred substantial legal fees and costs defending against the Criminal Action, the Onset Adversary Proceeding, and related investigations, as well as in connection with these chapter 11 cases (since converted to cases under chapter 7). He has a direct and substantial interest in the Court confirming that the Excess ABC Insurers are authorized to advance Defense Costs consistent with their obligations under the Excess ABC Policies.

The Court authorized the Excess ABC Insurers to advance such costs in the Court's May 29, 2026 Order (the "May 29 Order") (Dkt. No. 2845). However, because the Official Committee of Unsecured Creditors of First Brands Group, LLC (the "Committee") disputed the meaning of the May 29 Order, the Excess ABC Insurers have withheld payment pending the resolution of the Motion.

The sole opposition to the Motion was filed by the Committee, which no longer exists. The Committee's objection (the "Objection") (Dkt. No. 3695) was filed before the Court denied confirmation of the FBG Debtors' proposed plan and ordered the Debtors' chapter 11 cases converted to cases under chapter 7. Dkt. No. 3748 (September 1, 2026 Order (I) Converting Chapter 11 Cases To Cases Under Chapter 7, (II) Establishing Deadline For Filing Final Chapter 11 Fee Applications And Setting A Hearing Thereon, And (III) Granting Related Relief (the "September 1 Order")). In accordance with the September 1 Order, the Committee was dissolved upon conversion. Dkt. No. 3748 at 6. Thus, the Motion stands unopposed at this time. Notably, the Debtors consented to the Motion's requested relief. *See* Motion at 18. Mr. James nonetheless submits this Joinder to briefly address a few points raised in the Objection and join the Excess ABC Insurers' request for relief.

First, the plain terms of the May 29 Order authorize the Excess ABC Insurers to make payments. More specifically, the May 29 Order authorizes the Primary Insurer "and all related Side A Insurers" to make payments, including the advancement of Defense Costs. Dkt. No. 2845. The May 29 Order further provides that undefined capitalized terms carry the meaning given to them in the D&O Stay Relief Motion (Dkt. 798), which defined "Side A Insurers" to include "any other insurance carrier of a directors and officers insurance policy listed on Exhibit C" to the Debtors' motion to continue insurance policies (Dkt. No. 10) – a list that includes the Excess ABC Policies. There is no colorable argument that the Excess ABC Insurers fall outside the May 29 Order's terms.

Second, the Committee's divestiture-of-jurisdiction argument raised in the Objection is both unavailing and untimely. On January 7, 2026, the Court entered an order holding that the Side A Policies and their proceeds are not property of the Debtors' estates, but that the Debtors have an interest in the proceeds of the ABC Policy that is property of the estate under 11 U.S.C. § 541 (the "January 7 Order") (Dkt. No. 1231). Mr. James' pending appeal of the January 7 Order is, by its own terms, expressly limited to the Court's finding as to whether the ABC Policy proceeds are estate property. *See* Dkt. No. 1647 (Notice of Appeal) at 2 (stating that "pursuant to Bankruptcy Rule 8003(a)(6), such appeal is limited to only the parts of the Order and Oral Ruling finding 'that Debtors have an interest in the proceeds of the ABC Policy, and that interest is property of the estate under § 541'").

The May 29 Order does not disturb, and the Motion does not ask this Court to revisit, that finding. The May 29 Order did not address whether the Debtors had an interest in the ABC Policy proceeds; rather, as stated in the Motion, the May 29 Order modified the automatic stay, to the extent applicable, to permit the Excess ABC Insurers to advance Defense Costs pursuant to the

Excess ABC Policies. *See* Motion at 2; May 29 Order. Accordingly, neither the May 29 Order nor the Motion "interfere[s] with or effectively circumvent[s]" the pending appeal. *In re Scopac*, 624 F.3d 274, 280 (5th Cir. 2010); *see also Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011) ("[A] narrow interpretation [of the divestiture doctrine] is normally appropriate."); *Matter of Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 727 (5th Cir. 1991) (rejecting "the broad rule that a bankruptcy court may not consider any request which either directly or indirectly touches upon the issues involved in a pending appeal"). The Court retained jurisdiction to enter the May 29 Order because this order did not modify and was not inconsistent with any ruling then on appeal. *See In re Acis Capital Mgmt., L.P.*, 604 B.R. 484, 522 (N.D. Tex. 2019), *aff'd sub nom. Matter of Acis Capital Mgmt., L.P.*, 850 F. App'x 302 (5th Cir. 2021). For the same reason, the Court retains jurisdiction to grant the Motion.

Moreover, no party appealed the May 29 Order, which has long been final. The now-dissolved Committee's attempt to relitigate the meaning and effect of that unappealed order in opposing the Motion is an impermissible collateral attack that this Court should reject.

Third, Mr. James continues to suffer mounting harm from his inability to access bargained for insurance proceeds. As the Motion explains, at the time of filing, Insured Persons had submitted more than $43 million in legal fees for advancement, tens of millions of which remained unpaid. Since the Motion was filed, even more claims have been submitted for payment. Mr. James is defending an active Criminal Action and continues to incur substantial ongoing fees. Among other things, Mr. James recently filed five pre-trial motions in the Criminal Action, including motions for a bill of particulars, for severance, to dismiss the indictment, for relief under Federal Rule of Criminal Procedure 16, and to suppress evidence obtained pursuant to a search warrant. *See* Ex. A (Criminal Action docket sheet) at Dkt Nos. 91, 111, 114, 118, 122. Several pre-trial deadlines are

set for the coming months in advance of the February 9, 2027 trial date. *See* Ex. B. (Criminal Action Dkt. No. 104). Every day of delay compounds this harm and deprives Mr. James of access to coverage to which he is entitled both contractually and under the Court's May 29 Order.

**CONCLUSION**

For the reasons set forth above, Mr. James respectfully joins the Motion and requests that the Court enter an order granting the relief requested in the Motion together with such other and further relief as the Court deems just and proper.

Dated: September 25, 2026

Respectfully submitted,

BRACEWELL LLP

*/s/ Rachel B. Goldman*

Rachel B. Goldman (admitted *pro hac vice*)
David A. Shargel (admitted *pro hac vice*)
Mark Wulfe (Texas Bar No. 24088381)
31 West 52nd Street
New York, New York 10019
Telephone: 212-408-6100
Email: rachel.goldman@bracewell.com
Email: david.shargel@bracewell.com
Email: mark.wulfe@bracewell.com

*Attorneys for Edward James*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 25, 2026, I caused a true and correct copy of the foregoing document to be served by electronic mail via the Court's ECF system on all parties authorized to receive electronic notice in this case.

*/s/ Mark Wulfe*
Mark Wulfe