**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.[1]** | § | |

**SUMMARY COVER SHEET FOR FINAL FEE APPLICATION OF ERNST & YOUNG LLP FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS TAX ADVISOR TO THE DEBTORS FOR THE PERIOD FROM SEPTEMBER 28, 2025 THROUGH JANUARY 31, 2026**

| | | |
|---|---|---|
| **Name of Applicant:** | Ernst & Young LLP | |
| **Applicant's Role in Case:** | Tax Advisor for the Debtors | |
| **Docket No. of Employment Order(s):** | November 24, 2025 [Docket No.774] | |
| **Interim Application ( ) No. ____________**<br>**Final Application ( X )** | Final Application | |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | N/A | N/A |

**Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?** Yes

**Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed?** Yes

**Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases?** Yes

**Do expense reimbursements represent actual and necessary expenses incurred?** Yes

| **Compensation Breakdown for Time Period Covered by this Application** | |
|---|---|
| **Total professional fees requested in this Application:** | $2,637,472.00 |

1 A complete list of the chapter 11 Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters is 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| **Total professional hours covered by this Application:** | 4,494.4 |
| **Average hourly rate for professionals:** | $586.84 |
| **Total paraprofessional fees requested in this Application:** | $0.00 |
| **Total paraprofessional hours covered by this Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | $0.00 |
| **Total fees requested in this Application:** | $2,637,472.00 |
| **Total expense reimbursements requested in this Application:** | $4,225.03 |
| **Total fees and expenses requested in this Application:** | $2,641,697.03 |
| **Total fees and expenses awarded in all prior Applications:** | $2,641,697.03 |

**Plan Status:** On August 24, 2026, the Court denied confirmation of the Plan (Docket No. 3710) and ordered the Debtors' chapter 11 cases be converted to cases under chapter 7 of the Bankruptcy Code. On September 1, 2026, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code (Docket No. 3748).

Primary Benefits: During the period covered by the Application, Ernst & Young LLP prepared and filed tax returns. Our advisory services included obtaining assistance with tax matters by answering one-off questions including client inquiries related to tax basis of fixed assets and intangibles, inquiries related to partner allocations, and inquiries related to IRS matter. Benefits also included continued meetings with management and financial analysis related to quality of earnings for Debtors.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**FINAL FEE APPLICATION OF ERNST & YOUNG LLP FOR COMPENSATION OF SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS TAX ADVISOR TO THE DEBTORS FOR THE PERIOD FROM SEPTEMBER 28, 2025 THROUGH JANUARY 31, 2026**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date of this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

Pursuant to section 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "**Fee Procedures Order**") [Docket No. 699], Ernst & Young LLP ("**EY LLP**"), as tax advisor to the chapter 11 debtors in the above-captioned cases (collectively, the "**Debtors**"), hereby files its *Final Fee Application of Ernst & Young LLP as Tax Advisors for the Debtors* (the "**Final Fee Application**").

---

[1] A complete list of the chapter 11 Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters is 127 Public Square, Suite 5300, Cleveland, OH 44114.

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 330 of the Bankruptcy Code, Bankruptcy Rule 2016, and Bankruptcy Local Rule 2016-1.

## Background

4. In September 2025, the Debtors each commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. During the chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Retention Of Ernst & Young LLP

5. On October 24, 2025 the Debtors filed the Application for an *Order Authorizing Retention and Employment of EY LLP as Tax Advisor for the Debtors Effective as of the Petition Date* [Docket No. 418] (the "**Retention Application**").

6. On November 24, 2025 the Court entered *the Order Authorizing the Retention and Employment of EY LLP as Tax Advisors for the Debtors Effective as of the Petition Date* [Docket No. 774] (the "**Retention Order**").

7. The Retention Order authorizes the Debtors to compensate EY LLP at EY LLP's hourly and fixed fee rates charged for services of this type and to reimburse EY LLP actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

**<u>Fees and Expenses Incurred During Fee Period</u>**

8. By this Final Fee Application, and pursuant to the Interim Compensation Procedures Order, EY LLP seeks interim payment of $2,637,472.00 as compensation for professional services rendered for the Debtors and reimbursement in the amount of $4,225.03 representing 100% of actual and necessary expenses incurred during the during the period from September 28, 2025 through January 31, 2026 (the "**Final Fee Period**")[2] to be paid upon expiration of the Objection Deadline.

9. During the Final Fee Period, EY LLP performed services for the Debtors. The total time spent by EY LLP with respect to such services for the Debtors was 4,494.4 hours for the Final Fee Period. The blended average hourly rate with respect to such services was $586.84 during the Final Fee Period.

10. In support of the Final Fee Application, EY LLP submits a *Summary by Professional for the Fee Period*, attached hereto as **<u>Exhibit A</u>**, a *Summary by Category for the Fee Period*, attached hereto as **<u>Exhibit B</u>**, a *Summary of Expenses for the Fee Period*, attached hereto as **<u>Exhibit C</u>**, and a *Detailed Record of Fees and Expenses as Tax Advisor for the Fee Period*, attached hereto as **<u>Exhibit D</u>**.

**<u>Applicable Law</u>**

11. Section 330(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> (a) (1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a … professional person employed under section 327 or 1103 –

---

[2] The Debtors' chapter 11 cases were converted to cases under chapter 7 on September 1, 2026 (Docket No. 3748). EY LLP, however, did not provide any services to the Debtors after January 31, 2026. Before filing this Application, the Court approved interim compensation to the EY LLP for the full period covered by the Final Fee Period. *See* Docket Nos. 2246 (first interim fee order covering September 28, 2025 through December 31, 2025) and 3122 (second interim fee order covering January 1, 2026 through March 31, 2026).

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

12. Section 330 of the Bankruptcy Code prescribes the general standards for determining the reasonableness of the amount of compensation sought by a professional. *See* 3 *Collier on Bankruptcy* ¶ 331.03 at 331-12. Congress enacted section 330 of the Bankruptcy Code to liberalize the practice of granting the allowance of compensation to professionals in bankruptcy cases in order to ensure that professionals be reasonably compensated and that future professionals not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation. *See In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996) (quoting *In re UNR Indus., Inc.*, 986 F.2d 207, 208-09 (7th Cir. 1993)).

13. Section 330(a) of the Bankruptcy Code provides for the compensation of reasonable and necessary services rendered by professionals based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case under the Bankruptcy Code. *See* 11 U.S.C. § 330. The test for determining necessity is objective; focusing on what services a reasonable professional would have performed under the same circumstances. *See, e.g.*, *In re Angelika Films 57th, Inc.*, 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998). This test does not rely on hindsight to determine the ultimate success or failure of the professional's actions. *See id.*; *In re Keene Corp.*, 205 B.R. 690, 696 (Bankr. S.D.N.Y. 1997). Ultimately, if the services of a professional are reasonably likely to benefit the debtor's estate, they should be compensable. *See Angelika Films*, 227 B.R. at 42.

14. The compensation sought in this Application is necessary and reasonable. The services that EY LLP rendered for the Debtors during the Final Fee Period required a high degree of professional competence, and EY LLP was required to expend substantial time and effort in

providing those services. EY LLP performed efficiently, effectively and economically, and the results obtained have benefited the Debtors, their estates and creditors.

15. Although every effort has been made to include all fees and expenses incurred in the Final Fee Period, some fees and expenses might not be included in this Final Fee Application due to delays caused by accounting and processing during the Fee Period. EY LLP reserves the right to make further application to the Court for allowance of such fees and expenses not included herein.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, EY LLP hereby respectfully requests allowance, on a final basis, of fees and expenses incurred during the Final Fee Period in the amount of $2,637,472.00 for fees incurred for professional services rendered, and reimbursement in the amount of $4,225.03 representing 100% of actual and necessary expenses incurred during the Final Fee Period.

Dated: September 30, 2026

*<u>/s/ Karin Schmitz</u>*
Managing Director