**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | ) | Case No. 25-90399 (CML) |
| Debtors. | ) | (Jointly Administered) |

**KINGSBRIDGE'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

KINGSBRIDGE HOLDINGS, LLC ("Kingsbridge"), by and through its undersigned counsel, respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit 1, allowing Kingsbridge's administrative expense claim (the "Motion") in the amount of $328,188.55 (the "Administrative Claim") against the Debtors pursuant to 11 U.S.C. §§ 503(b) and 365(d)(5) of title 11 of the United States Code (the "Bankruptcy Code"). In support of

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these Chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

this Motion, Kingsbridge submits the Declaration of Horace W. Jordan Jr. (the "Jordan Declaration"), attached hereto as Exhibit A. In support of this Motion, Kingsbridge respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (G).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested herein are §§105, 503 and 507 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

4. On September 28, 2025 (the "Petition Date"), First Brands Group, LLC, Champion Laboratories, Inc. and other debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On September 1, 2026, the cases were converted to Chapter 7.

## BACKGROUND

***a. Master Lease Agreement.***

5. On or about November 28, 2017, IEMFS, Ltd. d/b/a GSG Financial ("IEMFS"), as lessor, and Debtor Champion Laboratories, Inc., as lessee, entered into Master Lease Agreement No. xx409 (the "Master Lease") wherein IEMFS agreed to lease to the Debtor and the Debtor agreed to lease from IEMFS the equipment identified in each Schedule executed thereunder, together with all replacements, parts, attachments, accessories and substitutions therefor and the Debtor promised to pay the lease payments according to the terms of the payment schedule shown on each schedule thereto. See Master Lease, ¶ 1, attached to the Jordan Declaration as Exhibit 1.

6. In accordance with the Master Lease, IEMFS, Ltd. d/b/a GSG Financial purchased equipment from the vendor, Total Fleet Solutions, Ltd., for subsequent lease to Champion Laboratories, Inc.

7. To induce IEMFS to enter into the Master Lease and lease schedules thereto with the Debtor Champion Laboratories, Inc., co-debtor UCI International Holdings, Inc. guaranteed the payment of all the Debtor's obligations to IEMFS. See Exhibit 1.

8. Paragraph 3 of the Master Lease provides that "after the original Lease term expires the Schedule will automatically renew for successive one month terms unless (a) you send us written notice that you do not want it to renew or at least 60 days, but no more than 120 days, before the end of any term, or (b) following renewal we terminate the Schedule upon 60 days prior written notice to you. See Master Lease, ¶ 3, attached to the Jordan Declaration as Exhibit 1.

***b. Lease No. 002.***

9. On or about January 31, 2018, IEMFS, as lessor, and Champion Laboratories, Inc., as lessee, entered into Equipment Schedule No. 002 to the Master Lease ("Lease No. 002") pursuant to which IEMFS leased to Champion Laboratories, Inc. the equipment more fully described on Schedule A to Lease No. 002, including but not limited to certain forklifts, batteries, chargers, and order pickers (the "Lease No. 002 Equipment"). See Lease No. 002 attached to the Jordan Declaration as Exhibit 2.

10. Pursuant to Lease No. 002, the Lease No. 002 Equipment is to remain located at the Debtor's facility at 329 Industrial Drive, Albion, Illinois 62806. See Exhibit 2.

11. Pursuant to Lease No. 002, the Debtor Champion Laboratories, Inc. agreed to make forty-eight (48) consecutive monthly lease payments of $15,052.16, plus applicable taxes. Lease No. 002 also reflects an end of term purchase option for fair market value. See Exhibit 2.

12. On or about March 28, 2018, IEMFS assigned all its rights, title and interest in Lease No. 002, the Lease No. 002 Equipment, and right to payment under Lease No. 002 to Kingsbridge. See Purchase and Sale Agreement and Assignment of Lease regarding Lease No. 002 attached to the Jordan Declaration as Exhibit 3.

13. The Debtor Champion Laboratories, Inc. defaulted on Lease No. 002 by failing to make the monthly lease payment of $15,052.16 due for March 1, 2025, and all payments due thereafter. Pre-petition, the Debtor Champion Laboratories, Inc. failed to make seven (7) monthly lease payments of $15,052.16, totaling $105,365.12 due for March 1, 2025 to September 1, 2025.

***c. Lease No. 003.***

14. On or about August 23, 2018, IEMFS, as lessor, and Champion Laboratories, Inc., as lessee, entered into Equipment Schedule No. 003 to the Master Lease ("Lease No. 003") pursuant to which IEMFS leased to Champion Laboratories, Inc. the equipment more fully described on Schedule A to Lease No. 003, including but not limited to certain forklifts, batteries, chargers, and order pickers (the "Lease No. 003 Equipment"). See Lease No. 003 attached to the Jordan Declaration as Exhibit 4.

15. Pursuant to Lease No. 003, the Lease No. 003 Equipment is to remain located at the Debtor's facility at 200 South 4th Steet, Albion, Illinois 62806. See Exhibit 4.

16. Pursuant to Lease No. 003, the Debtor Champion Laboratories, Inc. agreed to make sixty (60) consecutive monthly lease payments of $17,313.72, plus applicable taxes. Lease No. 003 also reflects an end of term purchase option for fair market value. See Exhibit 4.

17. On or about December 31, 2018, IEMFS assigned all its rights, title and interest in Lease No. 003, the Lease No. 003 Equipment, and right to payment under Lease No. 003 to

Kingsbridge. See Purchase and Sale Agreement and Assignment of Lease regarding Lease Nos. 003 and 004 attached to the Jordan Declaration as Exhibit 5.

18. The Debtor Champion Laboratories, Inc. defaulted on Lease No. 003 by failing to make the monthly lease payment of $17,313.72, due for March 1, 2025, and all payments due thereafter. Pre-petition, the Debtor Champion Laboratories, Inc. failed to make seven (7) monthly lease payments of $17,313.72, totaling $121,196.04 due for March 1, 2025 to September 1, 2025.

***d. Lease No. 004.***

19. On or about December 11, 2018, IEMFS, as lessor, and Champion Laboratories, Inc., as lessee, entered into Equipment Schedule No. 004 to the Master Lease ("Lease No. 004") pursuant to which IEMFS leased to Champion Laboratories, Inc. the equipment more fully described on Schedule A to Lease No. 002, including but not limited to certain forklifts, batteries, and chargers (the "Lease No. 004 Equipment"). See Lease No. 004 attached to the Jordan Declaration as Exhibit 6.

20. Pursuant to Lease No. 004, the Lease No. 004 Equipment is to remain located at the Debtor's facility at 200 South 4th Steet, Albion, Illinois 62806. See Exhibit 6.

21. Pursuant to Lease No. 004, the Debtor Champion Laboratories, Inc. agreed to make forty-eight (48) consecutive monthly lease payments of $12,662.50, plus applicable taxes. Lease No. 004 also reflects an end of term purchase option for fair market value. See Exhibit 6.

22. On or about December 31, 2018, IEMFS assigned all its rights, title and interest in Lease No. 004, the Lease No. 004 Equipment, and right to payment under Lease No. 004 to Kingsbridge. See Purchase and Sale Agreement and Assignment of Lease regarding Lease Nos. 003 and 004 attached to the Jordan Declaration as Exhibit 5.

23. The Debtor Champion Laboratories, Inc. defaulted on Lease No. 004 by failing to make the monthly lease payment of $12,662.50 due for March 1, 2025, and all payments due thereafter. Pre-petition, the Debtor Champion Laboratories, Inc. failed to make seven (7) monthly lease payments of $12,662.50, totaling $88,637.50 due for March 1, 2025 to September 1, 2025.

24. On August 1, 2019, IEMFS d/b/a GSG Financial, a wholly owned subsidiary of OnPoint Group, announced completion of its company name change to OnPoint Capital, LLC.

***e. Lease No. 010.***

25. On or about June 25, 2019, OnPoint Capital, LLC, formerly known as IEMFS ("OnPoint Capital"), as lessor, and Champion Laboratories, Inc., as lessee, entered into Equipment Schedule No. 010 to the Master Lease ("Lease No. 010") pursuant to which OnPoint Capital leased to Champion Laboratories, Inc. the equipment more fully described on Schedule A to Lease No. 010, including but not limited to (1) forklift (the "Lease No. 010 Equipment"). See Lease No. 010 attached to the Jordan Declaration as Exhibit 7.

26. Pursuant to Lease No. 010, the Lease No. 010 Equipment is to remain located at the Debtor's facility at 200 South 4th Steet, Albion, Illinois 62806. See Exhibit 7.

27. Pursuant to Lease No. 010, the Debtor Champion Laboratories, Inc. agreed to make sixty (60) consecutive monthly lease payments of $478.33, plus applicable taxes. Lease No. 010 also reflects an end of term purchase option for fair market value. See Exhibit 7.

28. On or about June 28, 2019, OnPoint Capital, LLC, formerly known as IEMFS, assigned all its rights, title and interest in Lease No. 010, the Lease No. 010 Equipment, and right to payment under Lease No. 010 to Kingsbridge. See Purchase and Sale Agreement and Assignment of Lease regarding Lease No. 010 attached to the Jordan Declaration as Exhibit 8.

29. The Debtor Champion Laboratories, Inc. defaulted on Lease No. 010 by failing to make the monthly lease payment of $478.33 due for April 1, 2025, and all payments due thereafter. Pre-petition, the Debtor Champion Laboratories, Inc. failed to make six (6) monthly lease payments of $478.33, totaling $2,869.98 due for April 1, 2025 to September 1, 2025.

***f. Lease No. 011.***

30. On or about June 24, 2019, OnPoint Capital, formerly known as IEMFS, as lessor, and Champion Laboratories, Inc., as lessee, entered into Equipment Schedule No. 011 to the Master Lease ("Lease No. 011") pursuant to which OnPoint Capital leased to Champion Laboratories, Inc. the equipment more fully described on Schedule A to Lease No. 011, including but not limited to (1) Presto Lift Walker Stacker, S/N" GC1509035 (the "Lease No. 011 Equipment"). See Lease No. 011 attached to the Jordan Declaration as Exhibit 9.

31. Pursuant to Lease No. 011, the Lease No. 011 Equipment is to remain located at the Debtor's facility at 200 South 4th Steet, Albion, Illinois 62806. See Exhibit 9.

32. Pursuant to Lease No. 011, the Debtor Champion Laboratories, Inc. agreed to make forty-eight (48) consecutive monthly lease payments of $196.27, plus applicable taxes. Lease No. 011 also reflects an end of term purchase option for fair market value. See Exhibit 9.

33. On or about August 30, 2019, OnPoint Capital assigned all its rights, title and interest in Lease No. 011, the Lease No. 011 Equipment, and right to payment under Lease No. 011 to Kingsbridge. See Purchase and Sale Agreement and Assignment of Lease regarding Lease No. 011 attached to the Jordan Declaration as Exhibit 10.

34. The Debtor Champion Laboratories, Inc. defaulted on Lease No. 011 by failing to make the monthly lease payment of $196.27 due for March 1, 2025, and all payments due

thereafter. Pre-petition, the Debtor Champion Laboratories, Inc. failed to make seven (7) monthly lease payments of $196.27, totaling $1,373.89 due for March 1, 2025 to September 1, 2025.

***g. Lease No. 012.***

35. On or about November 20, 2019, OnPoint Capital, as lessor, and Champion Laboratories, Inc., as lessee, entered into Equipment Schedule No. 012 to the Master Lease ("Lease No. 012") pursuant to which OnPoint Capital leased to Champion Laboratories, Inc. the equipment more fully described on Schedule A to Lease No. 012, including but not limited to (1) forklift, order pickers, batteries and chargers (the "Lease No. 012 Equipment"). See Lease No. 012 attached to the Jordan Declaration as Exhibit 11.

36. Pursuant to Lease No. 012, the Lease No. 012 Equipment is to remain located at the Debtor's facility at 329 Industrial Drive, Albion, Illinois 62806. See Exhibit 11.

37. Pursuant to Lease No. 012, the Debtor Champion Laboratories, Inc. agreed to make sixty-three (63) consecutive monthly lease payments of $9,202.05, plus applicable taxes. Lease No. 012 also reflects an end of term purchase option for fair market value. See Exhibit 11.

38. On or about December 27, 2019, OnPoint Capital assigned all its rights, title and interest in Lease No. 012, the Lease No. 012 Equipment, and right to payment under Lease No. 012 to Kingsbridge. See Purchase and Sale Agreement and Assignment of Lease regarding Lease Nos. 012 and 13 attached to the Jordan Declaration as Exhibit 12.

39. The Debtor Champion Laboratories, Inc. defaulted on Lease No. 012 by failing to make the monthly lease payment of $9,202.05 due for April 1, 2025, and all payments due thereafter. Pre-petition, the Debtor Champion Laboratories, Inc. failed to make six (6) monthly lease payments of $9,202.05, totaling $55,212.30 due for April 1, 2025 to September 1, 2025.

***h. Lease No. 013.***

40. On or about November 20, 2019, OnPoint Capital, as lessor, and Champion Laboratories, Inc., as lessee, entered into Equipment Schedule No. 013 to the Master Lease ("Lease No. 013") pursuant to which OnPoint Capital leased to Champion Laboratories, Inc. the equipment more fully described on Schedule A to Lease No. 013, including but not limited to reach trucks, batteries, and chargers (the "Lease No. 013 Equipment"). See Lease No. 013 attached to the Jordan Declaration as Exhibit 13.

41. Pursuant to Lease No. 013, the Lease No. 013 Equipment is to remain located at the Debtor's facility at 329 Industrial Drive, Albion, Illinois 62806. See Exhibit 11.

42. Pursuant to Lease No. 013, the Debtor Champion Laboratories, Inc. agreed to make sixty-three (63) consecutive monthly lease payments of $7,920.41, plus applicable taxes. Lease No. 013 also reflects an end of term purchase option for fair market value. See Exhibit 13.

43. On or about December 27, 2019, OnPoint Capital assigned all its rights, title and interest in Lease No. 013, the Lease No. 013 Equipment, and right to payment under Lease No. 013 to Kingsbridge. See Purchase and Sale Agreement and Assignment of Lease regarding Lease Nos. 012 and 013 attached to the Jordan Declaration as Exhibit 12.

44. The Debtor Champion Laboratories, Inc. defaulted on Lease No. 013 by failing to make the monthly lease payment of $7,920.41 due for April 1, 2025, and all payments due thereafter. Pre-petition, the Debtor Champion Laboratories, Inc. failed to make six (6) monthly lease payments of $7,920.41, totaling $47,522.46 due for April 1, 2025 to September 1, 2025.

***i. Lease No. 017.***

45. On or about November 12, 2019, OnPoint Capital, as lessor, and Champion Laboratories, Inc., as lessee, entered into Equipment Schedule No. 017 to the Master Lease ("Lease No. 017") pursuant to which OnPoint Capital leased to Champion Laboratories, Inc. the equipment

more fully described on Schedule A to Lease No. 017, including but not limited to reach trucks, batteries, and chargers (the "Lease No. 017 Equipment"). See Lease No. 017 attached to the Jordan Declaration as Exhibit 14.

46. Pursuant to Lease No. 017, the Lease No. 017 Equipment is to remain located at the Debtor's facility at 200 South 4th Street, Albion, Illinois 62806. See Exhibit 14.

47. Pursuant to Lease No. 017, the Debtor Champion Laboratories, Inc. agreed to make sixty (60) consecutive monthly lease payments of $408.94, plus applicable taxes. Lease No. 017 also reflects an end of term purchase option for fair market value. See Exhibit 14.

48. On or about November 29, 2019, OnPoint Capital assigned all its rights, title and interest in Lease No. 017, the Lease No. 017 Equipment, and right to payment under Lease No. 017 to Kingsbridge. See Purchase and Sale Agreement and Assignment of Lease regarding Lease No. 017 attached to the Jordan Declaration as Exhibit 15.

49. The Debtor Champion Laboratories, Inc. defaulted on Lease No. 017 by failing to make the monthly lease payment of $408.94 due for April 1, 2025, and all payments due thereafter. Pre-petition, the Debtor Champion Laboratories, Inc. failed to make six (6) monthly lease payments of $408.94, totaling $2,453.64 due for April 1, 2025 to September 1, 2025.

50. On or about May 12, 2025, OnPoint Capital announced that it had completed its company name change to NextGen Equipment Finance LLC ("NextGen).

***j. Rejection of Kingsbridge Leases.***

51. Kingsbridge has not recovered the Lease No. 002 Equipment, the Lease No. 003 Equipment, the Lease No. 004 Equipment, the Lease No.010 Equipment, the Lease No. 011 Equipment, the Lease No. 012 Equipment, the Lease No. 013 Equipment, the Lease No. 017 Equipment (collectively, the "Equipment") from the Debtors.

52. Kingsbridge's Equipment remains located at the Debtors' facilities at (i) 200 South 4th Street, Albion, Illinois 62806; and (ii) 329 Industrial Drive, Albion, Illinois 62806.

53. The Debtors have acquired no equity interest in the Equipment, as the underlying agreements are true leases.

54. On February 25, 2026, Kingsbridge filed its Motion to Compel Debtors to Assume or Reject Unexpired Leases and Make Post-Petition Lease Payments with respect to the Master Lease and Lease Nos. 002, Lease No. 003, Lease No. 004, Lease No. 010, Lease No. 011, Lease No. 012, Lease No. 013 and Lease No. 017 (collectively the "Leases"). See Docket No. 1996.

55. On April 15, 2026, this Court entered the Stipulation and Agreed Order (I) Rejecting Certain Unexpired Equipment Leases and (II) Resolving Motion of Kingsbridge Holdings, LLC (the "Stipulation and Agreed Order"). See Docket No. 2434.

56. Pursuant to the Stipulation and Agreed Order, the Master Lease and Lease No. 003, Lease No. 004, Lease No. 010, Lease No. 011, and Lease No. 017 thereto were rejected as of March 31, 2026 (the "March 2026 Rejected Leases"). See Docket No. 2434.

57. The Debtors are liable to Kingsbridge for all unpaid post-petition lease payments with respect to Lease Nos. 002, Lease No. 003, Lease No. 004, Lease No. 010, Lease No. 011, and Lease No. 017, which include the amounts due for September 2025 to March 2026 in the aggregate amount of $167,315.46.

58. Pursuant to the Stipulation and Agreed Order, Kingsbridge obtained an allowed administrative expense claim against Debtor Lessee Champion Laboratories, Inc. in the amount of $167,315.46 with respect to the March 2026 Rejected Leases for the period of September 2025 to March 31, 2026. See Docket No. 2434.

59. On May 7, 2026, Kingsbridge filed its administrative claim (Claim No. 2248) in the amount of $167,315.46 against Debtor Lessee Champion Laboratories, Inc. with respect to the March 2026 Rejected Leases.

60. Pursuant to the Stipulation and Agreed Order, the Debtors made payment in the aggregate amount of $160,873.10 for the five-month post-petition period of December 2025 through April 2026 with respect to the Master Lease and Lease No. 002, Lease No. 012 and Lease No. 013 thereto. The payment of $160,873.10 appears to have been made to Kingsbridge from the Debtors' shared pool of assets.

61. On August 12, 2026, the Debtors filed their Tenth Notice of Rejection of Certain Unexpired Leases with respect to the Master Lease and Lease No. 002, Lease No. 012 and Lease No. 013. See Docket No. 3653.

62. On August 31, 2026, this Court entered an order rejecting the Master Lease and Lease No. 002, Lease No. 012, and Lease No. 013 (the "July 2026 Rejected Leases") effective as of July 31, 2026. See Docket No. 3744.

63. The Debtors are liable to Kingsbridge for all unpaid post-petition lease payments with respect to Lease Nos. 002, 012 and 013, which include the amounts due for September 2025, October 2025, May 2026, June 2026 and July 2026 in the aggregate amount of $160,873.10. The Debtors have been credited for the post-petition payment of $160,873.10 which was applied to the monthly amounts due under Lease Nos. 002, 012 and 013 for the months of November 2025 to April 2026.

## RELIEF REQUESTED

**A. Requirements for Administrate Expense Claims.**

64. Section 507(a)(2) of the Bankruptcy Code gives priority to any "administrative expenses" allowed pursuant to Section 503(b). See 11 U.S.C. § 507(a)(2). Section 503(b) provides an administrative priority for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

65. "To qualify as an 'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee (or debtor in possession that benefitted the estate." *Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*, 931 F.3d 432, 441 (5th Cir. 2019); *see also Texas v. Lowe (In re H.L.S. Energy Co.)*, 151 F.3d 434, 437 (5th Cir.1998); *and Szwak v. Earwood (In re Bodenheimer, Jones, Szwak, & Winchell L.L.P.)*, 592 F.3d 664, 672 (5th Cir. 2009).

66. The claimant of a Section 503(b)(1)(A) claim bears the burden of establishing that the transaction benefitted the estate by a preponderance of the evidence. *In re Express One Int'l, Inc.*, 217 B.R. 207, 210 (Bankr. E.D. Tex. 1998). After the movant has established a prima facie case, the burden of producing evidence shifts to the objector; but the burden of persuasion, by a preponderance of the evidence, remains with the movant. *See In re Buttes Gas & Oil Co.*, 112 B.R. 191, 193 (Bankr.S.D.Tex.1989).

**B. Administrative Claim as to Master Lease and Lease No. 003, Lease No. 004, Lease No.010, Lease No. 011, and Lease No. 017 thereto.**

67. In accordance with §503(b)(1), the Debtors' possession and use of the Equipment subject to the March 2026 Rejected Leases provided a benefit to the estate. *In re Templeton*, 154 B.R. 930, 932 (Bankr. W.D. Tex. 1993) (use of leased item benefits the estate); *see also In re*

*Omniplex Communications Group, LLC*, 297 BR 573, 577 (Bankr. E.D. Mo. 2003) (opportunity to use equipment provides a material benefit).

68. Kingsbridge is entitled to an administrative claim against the Debtors for the first sixty (60) days of the bankruptcy cases pursuant to §503(b)(1).

69. Pursuant to §365(d)(5), debtors are also required to perform all of its obligations under an unexpired lease of personal property, first arising from or after sixty (60) days from the entry of the order for relief, until such time as the lease is assumed or rejected notwithstanding §503(b) of the Bankruptcy Code. See 11 U.S.C. § 365(d)(5) (West 2026).

70. Accordingly, Kingsbridge is also entitled to an administrative claim against the Debtors as to the March 2026 Rejected Leases for the period starting sixty (60) days after the Petition Date until the lease rejection date of March 31, 2026.

### C. <u>Administrative Claim as to Master Lease and Lease No. 002, Lease No. 012, and Lease No. 013 thereto.</u>

71. In accordance with §503(b)(1), the Debtors' possession and use of the Equipment subject to the July 2026 Rejected Leases provided a benefit to the estate. *In re Templeton*, 154 B.R. 930, 932 (Bankr. W.D. Tex. 1993) (use of leased item benefits the estate); *see also In re Omniplex Communications Group, LLC*, 297 BR 573, 577 (Bankr. E.D. Mo. 2003) (opportunity to use equipment provides a material benefit).

72. Kingsbridge is entitled to an administrative claim against the Debtors for the first sixty (60) days of the bankruptcy cases pursuant to §503(b)(1).

73. Pursuant to §365(d)(5), debtors are also required to perform all of its obligations under an unexpired lease of personal property, first arising from or after sixty (60) days from the entry of the order for relief, until such time as the lease is assumed or rejected notwithstanding §503(b) of the Bankruptcy Code. See 11 U.S.C. § 365(d)(5) (West 2026).

74. Accordingly, Kingsbridge is entitled to an administrative claim against the Debtors as to the July 2026 Rejected Leases for the period starting sixty (60) days after the Petition Date until the lease rejection date of July 31, 2026.

75. After crediting the Debtors for amounts received post-petition, Kingsbridge is entitled to an administrative claim pursuant to §365(d)(5) for the three (3) month period of May 2026 to July 2026 with respect to the July 2026 Rejected Leases.

76. The aggregate amount of Kingsbridge's administrative claim with respect to the July 2026 Rejected Leases is $160,873.10, which includes the lease payments due for September 2025, October 2025, May 2026, June 2026, and July 2026.

77. Kingsbridge is therefore entitled to an administrative claim against the Debtors in the aggregate amount of $328,188.55, which includes $167,315.46 due with respect to the March 2026 Rejected Leases, and $160,873.10 due with respect to the July 2026 Rejected Leases.

WHEREFORE, KINGSBRIDGE HOLDINGS, LLC respectfully requests that this Court enter an Order allowing Kingsbridge an administrative expense claim against the Debtors pursuant to 11 U.S.C. § 503(b)(1)(A) and §365(d)(5) in the aggregate amount of $328,188.55, and granting such other and further relief as this Court deems just and proper.

Dated: September 30, 2026

KINGSBRIDGE HOLDINGS, LLC,

/s/ C. Randall Woolley
Alex Darcy
C. Randall Woolley
Darcy & Devassy PC
444 N. Michigan Ave, Suite 3270
Chicago, IL 60611
Tel: (312) 784-2400
Fax: (312) 784-2410
adarcy@darcydevassy.com
rwoolley@darcydevassy.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed electronically this 30th day of September 2026. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ C. Randall Woolley*
C. Randall Woolley

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors. | ) | (Jointly Administered) |

**ORDER GRANTING KINGSBRIDGE'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

Upon consideration of Kingsbridge Holding, LLC's Motion for Allowance of Administrative Expense Claim (the "Motion") and any responses thereto, and after opportunity for a hearing and due and sufficient cause appearing therefor, it is hereby,

ORDERED that:

1. The Motion is GRANTED;

2. Kingsbridge shall have an allowed administrative expense claim pursuant to 11 U.S.C. §§ 503(b)(1)(A) and 365(d)(5) against the Debtors in the aggregate amount of $328,188.55.

3. Nothing contained in this Order shall affect any other claims that Kingsbridge holds or may hold against the Debtors in these Chapter 11 Cases.

4. This Order shall be binding upon the Debtors, their bankruptcy estates, and any successors thereto, including, but not limited to, any bankruptcy trustee appointed over such estates.

5. This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

Dated: ____________________

____________________________________
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE