**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | Jointly Administered |

**NOTICE OF INTENT TO SERVE SUBPOENA FOR**
**RULE 30(B)(6) DEPOSITION OF ALVAREZ & MARSAL**

PLEASE TAKE NOTICE THAT, in connection with the *Emergency Motion of Evolution Credit Partners to Compel Segregation and Turnover of Post-Petition Accounts Receivable Collected* [Docket No. 3144], the *Emergency Motion of Evolution Credit Partners to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds Into the Court Registry* [Docket No. 3792], and the *Trustee's Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 Effective As of September 1, 2026* [Docket No. 3796] (together, the "Contested Matters"), and pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Southern District of Texas, Evolution Credit Opportunity Master Fund II-B, L.P. (the "Evolution Inventory Lender" and, together with its affiliated lending entities, Evolution Credit Partners Trade Finance Master, L.P., Evolution Credit Opportunity Master Fund III-B, LP, and certain other Evolution affiliated funds, collectively, "Evolution") and Ronald J. Sommers, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Patterson Inventory Holdings, LLC, Patterson

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Inventory, LLC, Starlight Inventory Holdings I, LLC, and Starlight Inventory I, LLC, by and through the undersigned counsel in the above-styled and numbered chapter 7 cases, will cause the attached subpoena to be served on Alvarez & Marsal North America, LLC ("A&M"), noticing its oral deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), which is currently set take to take place on Friday, October 16, 2026, beginning at 9:30 a.m. Eastern Time, or such other time as may be designated by the undersigned counsel or agreed by the parties, at the offices of Elsberg Baker & Maruri, PLLC, 350 Fifth Avenue, 38th Floor, New York, NY 10118, or at such other place as may be agreed among counsel for the parties, and continuing day to day until completed. The deposition will proceed before an officer authorized by law to administer oaths, and will be recorded by audio, video and/or stenographic means.

Respectfully submitted this 1st day of October, 2026,

**PROSKAUER ROSE LLP**

*/s/ Vincent Indelicato*
Vincent Indelicato (admitted *pro hac vice*)
Matthew R. Koch (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile:` (212) 969-2900
Email: vindelicato@proskauer.com
mkoch@proskauer.com

-and-

Charles A. Dale (admitted *pro hac vice*)
One International Plaza
Boston, MA 02110-2600
Telephone: (617) 526-9600
Email: cdale@proskauer.com

-and-

**GRAY REED**
Jason S. Brookner
Texas Bar No. 24033684
Emily F. Shanks
Texas Bar No. 24110350
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com
eshanks@grayreed.com

*Counsel to Evolution*

**JONES MURRAY LLP**

*/s/ Erin E. Jones*
Erin E. Jones
Chris R. Murray
602 Sawyer, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3393
Email: erin.jones@jonesmurray.com
chris@jonesmurray.com

*Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Evolution SPV Debtors*

-and-

**ELSBERG BAKER & MARURI PLLC**
David Elsberg (admitted *pro hac vice*)
Michael Duke (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Andrew Parks (admitted *pro hac vice*)
Ella Epstein (admitted *pro hac vice*)
350 Fifth Avenue, 38th Floor
New York, NY 10118
Telephone: (212) 597-2600
Email: delsberg@elsberglaw.com
mduke@elsberglaw.com
vtata@elsberglaw.com
aparks@elsberglaw.com
eepstein@elsberglaw.com

*Special Litigation Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Evolution SPV Debtors*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 1st day of October, 2026, he caused a true and correct copy of the foregoing document to be served on the following counsel by e-mail:

Tad Davidson (TadDavidson@hunton.com)
Kaylan Dunn (KaylanDunn@hunton.com)
Tim Powell (TPowell@hunton.com)
Brandon Bell (BBell@hunton.com)
Gabriel A. Morgan (gabriel.morgan@weil.com)
Clifford W. Carlson (clifford.carlson@weil.com)
Matthew S. Barr (matt.barr@weil.com)
Sunny Singh (sunny.singh@weil.com)
Joshua W. Wolfshohl (jwolfshohl@porterhedges.com)
Eric M. English (eenglish@porterhedges.com)
Shane M. Johnson (sjohnson@porterhedges.com)

*/s/ Michael Duke*
Michael Duke

# UNITED STATES BANKRUPTCY COURT

Southern District of Texas

In re First Brands Group, LLC
Debtor

Case No. 25-90399

(Complete if issued in an adversary proceeding)

Chapter 7

Plaintiff
v.

Adv. Proc. No. ________________

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Alvarez & Marsal North America, LLC, 100 Park Avenue, New York, NY 10017, c/o Timothy A. Davidson, Hunton Andrews Kurth LLP
*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Elsberg Baker & Maruri, PLLC, 350 Fifth Avenue, 38th Floor, New York, NY 10118 | October 16, 2026, at 9:30 a.m. EST |

The deposition will be recorded by this method: Audio, Video, and/or Stenographic

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/1/2026

CLERK OF COURT

OR

________________________ *Signature of Clerk or Deputy Clerk*

*/s/ Michael Duke*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Ronald J. Sommers, Chapter 7 Trustee for SPV Debtors , who issues or requests this subpoena, are:
Michael Duke, Elsberg Baker & Maruri PLLC, 350 5th Ave, New York, NY 10118; mduke@elsberglaw.com; 212-597-2605

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| | ) | |
| Debtors.[2] | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEPOSITION OF ALVAREZ AND MARSAL**
**AND REQUEST FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to this contested matter by Rules 7030 and 9014(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), Evolution Credit Opportunity Master Fund II-B, L.P. (the "Evolution Inventory Lender" and, together with its affiliated lending entities, Evolution Credit Partners Trade Finance Master, L.P., Evolution Credit Opportunity Master Fund III-B, LP, and certain other Evolution affiliated funds, collectively, "Evolution") and Ronald J. Sommers, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Patterson Inventory Holdings, LLC, Patterson Inventory, LLC, Starlight Inventory Holdings I, LLC, and Starlight Inventory I, LLC (collectively, the "Evolution SPV Debtors"), jointly submit this notice (the "Notice") that that they will take the deposition upon oral examination of Alvarez and Marsal North America, LLC ("A&M") through one or more officers, directors, managing agents, or other corporate representatives authorized to

[2] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

testify on its behalf, in connection with the *Emergency Motion of Evolution Credit Partners to Compel Segregation and Turnover of Post-Petition Accounts Receivable Collected* [Docket No. 3144], the *Emergency Motion of Evolution Credit Partners to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds Into the Court Registry* [Docket No. 3792], and the *Trustee's Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 Effective As of September 1, 2026* [Docket No. 3796] (together, the "Contested Matters").

PLEASE TAKE FURTHER NOTICE THAT the deposition will commence at 9:30 a.m. Eastern Time on October 1, 2026, or at such other time as may be designated by the undersigned counsel or agreed by the parties, at the offices of Elsberg Baker & Maruri, PLLC, 350 Fifth Avenue, 38th Floor, New York, NY 10118, or at such other place as may be agreed among counsel for the parties, and continuing day to day until completed. The deposition will proceed before an officer authorized by law to administer oaths, and will be recorded by audio, video and/or stenographic means.

PLEASE TAKE FURTHER NOTICE THAT, pursuant to Federal Rule 30(b)(6), A&M must designate one or more officers, directors, managing agents, or other corporate representatives authorized to testify on its behalf concerning the matters for examination identified in the attached **Exhibit A** (the "Topics," and each individually, a "Topic").

Evolution and the Trustee reserve all rights to amend, supplement, and/or modify this Notice and Exhibit A, and to depose any officer, director, employee, or agent of A&M in his or her individual capacity.

Respectfully submitted this 1st day of October, 2026,

**PROSKAUER ROSE LLP**

*/s/ Vincent Indelicato*
Vincent Indelicato (admitted *pro hac vice*)
Matthew R. Koch (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile:` (212) 969-2900
Email: vindelicato@proskauer.com
mkoch@proskauer.com

-and-

Charles A. Dale (admitted *pro hac vice*)
One International Plaza
Boston, MA 02110-2600
Telephone: (617) 526-9600
Email: cdale@proskauer.com

-and-

**GRAY REED**
Jason S. Brookner
Texas Bar No. 24033684
Emily F. Shanks
Texas Bar No. 24110350
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com
eshanks@grayreed.com

*Counsel to Evolution*

**JONES MURRAY LLP**

*/s/ Erin E. Jones*
Erin E. Jones
Chris R. Murray
602 Sawyer, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3393
Email: erin.jones@jonesmurray.com
chris@jonesmurray.com

*Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Evolution SPV Debtors*

-and-

**ELSBERG BAKER & MARURI PLLC**
David Elsberg (admitted *pro hac vice*)
Michael Duke (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Andrew Parks (admitted *pro hac vice*)
Ella Epstein (admitted *pro hac vice*)
350 Fifth Avenue, 38th Floor
New York, NY 10118
Telephone: (212) 597-2600
Email: delsberg@elsberglaw.com
mduke@elsberglaw.com
vtata@elsberglaw.com
aparks@elsberglaw.com
eepstein@elsberglaw.com

*Special Litigation Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Evolution SPV Debtors*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of October, 2026, he caused a true and correct copy of the foregoing document to be served on the following counsel by e-mail:

Tad Davidson (TadDavidson@hunton.com)
Kaylan Dunn (KaylanDunn@hunton.com)
Tim Powell (TPowell@hunton.com)
Brandon Bell (BBell@hunton.com)
Gabriel A. Morgan (gabriel.morgan@weil.com)
Clifford W. Carlson (clifford.carlson@weil.com)
Matthew S. Barr (matt.barr@weil.com)
Sunny Singh (sunny.singh@weil.com)
Joshua W. Wolfshohl (jwolfshohl@porterhedges.com)
Eric M. English (eenglish@porterhedges.com)
Shane M. Johnson (sjohnson@porterhedges.com)

*/s/ Michael Duke*
Michael Duke

# EXHIBIT A

Pursuant the Federal Rule 30(b)(6), A&M must designate one or more officers, directors, managing agents, or other corporate representatives authorized to testify on its behalf concerning the Topics set forth below.

## DEFINITIONS

1. The term "A&M" means Alvarez & Marsal North America, LLC, and each of its predecessors, successors, assigns, parent companies, subsidiaries, affiliates, as well as their present and former officers, employees, agents, advisors, and representatives.

2. The term "you" and "your" refer to A&M.

3. The term "FBG Debtors" means First Brands Group, LLC and each of its debtor affiliates in the above-captioned jointly administered cases, together with any chapter 7 trustee appointed for any of them. It also includes each of their predecessors, successors, assigns, parent companies, subsidiaries, affiliates, as well as their present and former officers, employees, agents, advisors, and representatives, including A&M and Hilco. For the avoidance of doubt, the term FBG Debtors does not include the Evolution SPV Debtors.

4. The term "Adequate Protection Stipulation" means that certain *Stipulation and Agreed Order Regarding Adequate Protection Among Debtors and Evolution Credit Partners* [Docket No. 609].

5. The term "Evolution SPV Debtors" means the bankruptcy estates of Patterson Inventory Holdings, LLC, Patterson Inventory, LLC, Starlight Inventory Holdings I, LLC, and Starlight Inventory I, LLC.

6. The term "Hilco" means, collectively, Hilco Merchant Resources, LLC, Hilco Receivables, LLC, and Hilco Global Professional Services, LLC, and each of their predecessors,

successors, assigns, parent companies, subsidiaries, affiliates, as well as their present and former officers, employees, agents, advisors, and representatives.

7. The term "Receivables" means all accounts receivable generated by sales of inventory during the Relevant Period from the Warehouses. To the extent you do not track sales or receivables at the Warehouse level, "Receivables" means all accounts receivable generated by sales of inventory during the Relevant Period from Brake Parts, Inc.'s ("BPI") West Coast Distribution Center ("WDC") and Midwest Distribution Center ("MDC"), of which the Warehouses are a part. The term includes any such receivables collected by or through Hilco or any other agent.

8. The term "Relevant Period" means September 24, 2025, to the present.

9. The term "Warehouses" means the warehouses located at 1100 and 1380 Corporate Drive, McHenry, Illinois; 14528 Bonelli Street, City of Industry, California; and 2701 Keystone Pacific Parkway, Suite 100, Patterson, California.

10. The term "Warehouse Receipts" means all amounts collected by any FBG Debtor, or by any agent on its behalf (including Hilco), in any form, in satisfaction of any Receivable, during the Relevant Period.

11. As used herein, the terms "all," "any," or "each" shall each be construed as encompassing any and all.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. The term "concerning" means reflecting, referring to, or relating to, in addition to its other customary and usual meaning, and includes, but is not limited to, discussing, constituting, pertaining to, describing, evidencing, identifying, touching upon, reflecting, and/or summarizing.

14. The term "including" shall mean including but not limited to.

15. The use of the singular herein shall be construed to include the plural and vice versa.

16. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Topics.

**DEPOSITION TOPICS**

1. The bank account(s) receiving customer payments on Receivables during the Relevant Period.

2. Each transfer of funds between the FBG Debtors and any non-FBG Debtor third party during the Relevant Period from any bank account(s) receiving customer payments on Receivables, including, but not limited to, the date, amount, payor, payee, and purpose of each transfer.

3. Each use, transfer, or disbursement of any Warehouse Receipts by the FBG Debtor entities during the Relevant Period, including, but not limited to, the date, amount, payor, payee, and purpose of such use, transfer, or disbursement.

4. The consolidated cash balances of all FBG Debtor accounts receiving any Warehouse Receipts during the Relevant Period.

5. The sales of inventory at the Warehouses giving rise to the Receivables, including, but not limited to, the date, invoice number, seller/transferor, purchaser/transferee, inventory description, SKUs, purchase price, and terms of each sale.

6. The Warehouse Receipts collected from the Receivables, including, but not limited to, the date of collection/receipt, the amounts collected/received, the recipient account(s), the

payor, payee, and the date, invoice number, seller/transferor, purchaser/transferee, inventory description, SKUs, purchase price, and terms of each sale giving rise to the Receivables collected.

7. The sales or transfers of inventory from the FBG Debtors to the Evolution SPV Debtors during the Relevant Period, including, but not limited to, the date, invoice number, seller/transferor, purchaser/transferee, inventory description, SKUs, purchase price, and terms of each sale or transfer.

8. The performance under the Adequate Protection Stipulation, including any sales and purchases between the Evolution SPVs and the FBG Debtors, whether through cash in immediately available funds or inventory of the same type that would constitute Eligible Inventory (as that term is used in the Stipulation) of Evolution Collateral (as that term is used in the Stipulation).

9. All facts and information forming the basis for Mr. Charles Moore's July 26, 2026 deposition testimony that the approximately $21.2 million in Receivables sought by Evolution's Turnover Motion is "long gone." [*See* Docket No. 3464 ¶ 14; Docket No. 3465.]

10. All facts and information forming the basis for the figures represented in the file titled "BPI Sales x Location Cash Application Report (9.29.25 - 6.5.26)," provided to counsel for the Trustee via e-mail on July 1, 2026 by Elaina Aquila of Weil, Gotshal & Manges LLP, counsel for the FBG Debtors.