**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | |
| | § | **Jointly Administered** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PORTER HEDGES LLP AS BANKRUPTCY COUNSEL FOR EVA S. ENGELHART, IN HER CAPACITY AS CHAPTER 7 TRUSTEE**

**This Application seeks an order that may adversely affect you. If you oppose the Application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the Application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the Application at the hearing.**

**Represented parties should act through their attorney.**

Eva S. Engelhart, the chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors"),[2] in the

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] The FBG Debtors do not include the 16 additional SPV debtors in the Carnaby Capital Holdings SPV silo or the "Previously Converted Debtors", comprised of: (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC. The Previously Converted Debtors' Chapter 11 Cases were previously converted to cases under chapter 7 of the Bankruptcy Code on April 9, 2026. *See* Docket No. 2396. Ronald J. Sommers serves as the chapter 7 trustee for these debtors' estates.

above-styled jointly administered chapter 7 cases (the "Chapter 7 Cases"), hereby files this application (the "Application") for the entry of an order, under Sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), authorizing the employment and retention of Porter Hedges LLP ("PH" or the "Firm") as the Trustee's general bankruptcy counsel effective as of September 2, 2026.[3] In support of this Application, the Trustee relies on the *Declaration of Joshua W. Wolfshohl in Support of Application for Entry of an Order Authorizing the Retention and Employment of Porter Hedges LLP as Bankruptcy Counsel for Eva S. Engelhart, in Her Capacity as Chapter 7 Trustee* (the "Wolfshohl Declaration"),[4] attached hereto as **Exhibit A**. The Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. § 1408.

[3] This Application shall refer to the above-referenced cases as the "Chapter 11 Cases" prior to their conversion to cases under chapter 7 of the Bankruptcy Code and as the "Chapter 7 Cases" for the time after conversion.

[4] As referenced in the Disclosure Schedule attached as Exhibit 2 to the Wolfshohl Declaration, the term "current client" means an entity listed as a client in PH's conflicts search system where that matter is reported as open and as having been last worked on within two years; the term "former client" means any entity listed as a client in PH's conflicts search system where the matter is reported as closed within the last five years or where the matter is reported as open with the last work done between two and five years ago. Whether an actual client relationship exists can only be determined by reference to the documents governing PH's representation rather than its potential listing in PH's conflicts search system.

3. The statutory bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

4. In September 2025, First Brands Group, LLC and its debtor affiliates filed the jointly administered chapter 11 cases. The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "Conversion Order") on September 1, 2026 (the "Conversion Date").

5. On the Conversion Date, the United States Trustee (the "U.S. Trustee") appointed Eva S. Engelhart as the interim chapter 7 trustee for the FBG Debtors,[5] as reflected in the notices of chapter 7 bankruptcy case. *See, e.g., Notice of Chapter 7 Bankruptcy Case* [Docket No. 3753]. The U.S. Trustee also appointed Ronald J. Sommers as the interim chapter 7 trustee for the remaining Converting Debtors (as defined in the Conversion Order) other than FBG Debtors, respectively.[6]

6. The Trustee now seeks to retain PH as general bankruptcy counsel in the Chapter 7 Cases.

[5] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Conversion Order.

[6] Pursuant to Federal Rule of Bankruptcy Procedure 2008(b)(1), Ronald J. Sommers rejected the appointment as it relates to the following estates: Eagle Casting Holdings, LLC, Case No. 25-90490 (CML); Carnaby Inventory Holdings IV, LLC, Case No. 25-90464 (CML); Carnaby Inventory IV, LLC, Case No. 25-90466 (CML); Carnaby FA Holdings, LLC, Case No. 25-90468 (CML); Carnaby FA, LLC, Case No. 25-90473 (CML); and Carnaby Capital, LLC, Case No. 25-90460 (CML). Catherine Curtis currently serves as chapter 7 trustee administering these estates.

## RELIEF REQUESTED

7. The Trustee seeks entry of an order authorizing the retention and employment of PH as general bankruptcy counsel to the Trustee in the Chapter 7 Cases. This Application is filed within 30 days of PH's provision of services to the Trustee in her capacity as Chapter 7 Trustee. Pursuant to Local Rule 2014-1, the Application is deemed contemporaneous with the date of the commencement of PH's service to the Trustee. *See* Local Bankr. R. 2014-1(b)(1) ("If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous.").

## PORTER HEDGES' QUALIFICATIONS

8. The Trustee seeks to retain PH as general bankruptcy counsel because of PH's recognized expertise and extensive experience and knowledge in chapter 7 trustee representations, large and complex business reorganizations, restructurings, asset sales, bankruptcy litigation, and liquidations. On September 2, 2026, the Trustee retained PH to represent her in connection with these Chapter 7 Cases and the wind-down of the FBG Debtors. Since that time, PH has become familiar with the FBG Debtors' business affairs and has become aware of many of the potential legal issues that might arise in the context of these Chapter 7 Cases.

9. PH possesses extensive experience and knowledge practicing before bankruptcy courts in chapter 7 and complex chapter 11 cases, including many cases before this Court. PH and its partners have previously represented numerous debtors and trustees in chapter 7 and chapter 11 cases. The Trustee believes that PH is well qualified to represent her in the Chapter 7 Cases and that such representation is critical to the efficient wind-down of the FBG Debtors' estates.

10. The Trustee has been informed that Joshua W. Wolfshohl, a partner at PH, as well as other partners of, counsel to, and associates of PH who will be working on this matter are

members in good standing of the Bar of the State of Texas.

11. For the foregoing reasons, the Trustee believes that PH is specially situated and well qualified to represent her in these Chapter 7 Cases in a most efficient manner. Accordingly, the Trustee believes that the retention of PH is necessary and in the best interests of the FBG Debtors, their estates, and creditors.

## SERVICES TO BE PROVIDED

12. The Trustee believes that employment of PH as her general bankruptcy counsel is necessary and that the services to be rendered by PH will include, but not be limited to the following:

a. Provide legal advice and services in connection with these Chapter 7 Cases;

b. Analyze the FBG Debtors' assets and liabilities and advise the Trustee on these matters and take appropriate action where necessary;

c. If warranted, assist the Trustee with the sale and/or liquidation of the FBG Debtors' remaining assets, including preparing the necessary pleadings for the Court to approve the terms of any such sale, participating in any hearings before this Court regarding the sale(s), including any auction(s) that may occur, and should the Court approve the sale(s), taking actions necessary to close the sale(s);

d. Assist the Trustee with obtaining financing, litigation funding, use of cash collateral and/or other arrangements to fund necessary tasks in these cases;

e. Assist the Trustee in employing one or more brokers, if necessary, to market and sell assets, and work with the broker(s) to resolve any related issues;

f. Analyze the FBG Debtors' post-petition disbursements, advise the Trustee regarding the same, and take appropriate action if necessary;

g. Analyze claims and, if warranted, prepare claim objections;

h. Provide general advice regarding the Bankruptcy Code and local bankruptcy rules;

i. At the request of the Trustee, appear in Court and at any meeting with the U.S. Trustee and any meeting of creditors at any given time on behalf of the Trustee as her general bankruptcy counsel;

j. Assist the Trustee with the wind-down of the FBG Debtors' businesses, general corporate matters, and other matters as the Trustee requests;

k. Assist, advise, and represent the Trustee in any manner relevant to preserving and protecting the FBG Debtors' estates;

l. Advise the Trustee concerning the rights and remedies of the FBG Debtors' estates and of the Trustee in regard to the secured, priority, and general unsecured claims of creditors;

m. Represent the Trustee in any proceeding or hearing, including, but not limited to, objections to claims and adversary proceeding(s) to avoid liens and transfers, in the Bankruptcy Court and in any action where the rights of the FBG Debtors' estates or the Trustee may be litigated or affected;

n. Respond to discovery requests, including document requests, interrogatories, and requests for admission, and handle matters related to any litigation and discovery that may already be pending or arise in connection with the administration of the FBG Debtors' estates;

o. Assist the Trustee in the settlement of any debts owed to the FBG Debtors;

p. Assist the Trustee in the disposition of any other assets of the FBG Debtors' estates;

q. Conduct examinations of witnesses, claimants, or adverse parties and prepare and assist in the preparation of reports, accounts, applications, and orders; and

r. Provide other legal advice and services, as requested by the Trustee, from time to time.

13. PH has stated its desire and willingness to act in these Chapter 7 Cases and render the necessary professional services as general bankruptcy counsel for the Trustee.

## PROFESSIONAL COMPENSATION

14. The professional services of PH are necessary to ensure that all matters related to the Chapter 7 Cases are handled in a diligent and expeditious manner. PH practices in a national marketplace for legal services in which rates are driven by multiple factors relating to the

individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. PH has advised the Trustee that, subject to this Court's allowance of compensation and reimbursement of expenses in accordance with applicable general orders and fee guidelines of this Court, sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other orders of the Court, it will charge the Trustee for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type in effect on the date such services are rendered, and for reimbursement of all costs and expenses incurred in connection with these Chapter 7 Cases, as set forth in the Wolfshohl Declaration filed concurrently herewith.

15. The hourly rates set forth in the Wolfshohl Declaration are the Firm's standard and customary hourly rates for matters of this type in effect on the date such services are rendered. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are revised on an annual basis. The current 2026 standard hourly rates range from $550.00 to $1,450.00 for partners, $625.00 to $1,300.00 for counsel, $475.00 to $880.00 for associates and staff attorneys, and $370.00 to $620.00 for paraprofessionals. These rates are subject to periodic adjustment to reflect economic and other conditions (which adjustments will be reflected in the first PH fee application following such adjustments) and are consistent with the rates charged elsewhere. The Firm has not agreed to any variations from, or alternatives to, its standard billing arrangements for this engagement.

16. In addition, PH customarily charges its clients for various costs and expenses incurred, including, among other things, certain telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing,

photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses approved by the client such as secretarial and other overtime. The Firm will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

**COMPENSATION RECEIVED BY PORTER HEDGES**

17. To date, PH has not received any compensation from the FBG Debtors' estates for post-conversion professional services performed on behalf of the Trustee. PH will seek compensation for its services and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of this Court.

18. Pursuant to Bankruptcy Rule 2016(b), PH has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, associates, and contract attorneys, and other personnel associated with PH or (b) any compensation another person or party has received.

**EFFORTS TO AVOID DUPLICATION OF SERVICES**

19. The Trustee may also file applications to employ additional professionals in the Chapter 7 Cases. PH will work closely with any additional professionals retained by the Trustee to delineate their respective duties to prevent duplication of services to the furthest extent possible. It is anticipated that the coordination of efforts of these professionals will greatly aid in the efficient and effective administration of these Chapter 7 Cases.

**DISCLOSURES AND DISINTERESTEDNESS**

20. To the best of the Trustee's knowledge, information and belief, and except as disclosed herein and in the Wolfshohl Declaration, PH does not hold any interest adverse to the FBG Debtors or their estates with respect to the matters on which PH is to be employed.

### A. **<u>Prior and Continuing Representation of the Carnaby II and III Secured Parties</u>**

21. PH discloses that attorneys John F. Higgins, Megan Young-John, and James A. Keefe were the lead attorneys (collectively, the "<u>Secured Party Attorneys</u>") representing GLAS Trust Company LLC, in its capacity as Administrative Agent, and the Carnaby II and III Secured Lenders (collectively, the "<u>Carnaby II and III Secured Parties</u>").[7] *See* Notice of Appearance filed at Docket No. 125.

22. Following conversion of certain of the chapter 11 cases to chapter 7, the Carnaby II and III Secured Parties hold secured claims in the estates now being administered by Catherine Curtis as chapter 7 trustee. The Carnaby II and III Secured Parties also hold or may hold claims in the estates being administered by Eva S. Engelhart. PH, through the Secured Party Attorneys, continues to represent the Carnaby II and III Secured Parties with respect to the estates being administered by Catherine Curtis, but PH does not and will not represent the Carnaby II and III Secured Parties in any matter arising in or related to the estates being administered by Eva S. Engelhart.

23. The Carnaby II and III Secured Parties' interests are primarily related to certain SPV Debtors and their estates, in particular, Carnaby Inventory II, LLC and Carnaby Inventory III, LLC. *See* Docket No. 3199, ¶¶ A–B. The Carnaby II and III Secured Parties and the Trustee have agreed that: (i) PH may represent the Trustee; (ii) PH may continue to represent the Carnaby II and III Secured Parties solely in connection with the SPV Debtors; (iii) the individuals involved in representing the Carnaby II and III Secured Parties that were privy to any privileged information

[7] The "<u>Carnaby II and III Secured Lenders</u>" are CVI AA Master Fund I LP, CarVal GCF Master Fund I LP, CVI AV Master Fund I LP, CVI EMCOF US, LLC, CarVal Contingent Credit Fund LP, CVI CVF V Pooling Fund I LP, and CVI CSF Master Fund I LP, each a fund managed by AB CarVal Investors L.P.

will not be involved in representing the Trustee; and (iv) appropriate ethical walls will be established. PH has agreed to, and has, enacted these measures.

**B. Ethical Wall and Screening Procedures**

24. To address this potential conflict, PH has implemented a strict ethical wall (the "Screening Procedures") to ensure complete separation between (a) the attorneys representing the Trustee (the "Trustee Attorneys") and (b) the Secured Party Attorneys representing the Carnaby II and III Secured Parties in the estates being administered by Catherine Curtis. Specifically, (i) the Secured Party Attorneys are screened from any involvement in the representation of the Trustee and the Secured Party Attorneys have no access to the files, documents, communications, or work product related to the estates being administered by the Trustee, Eva S. Engelhart; (ii) the Trustee Attorneys are screened from any involvement in the representation of the Carnaby II and III Secured Parties and the Trustee Attorneys have no access to the files, documents, communications, or work product related to PH's representation of the Carnaby II and III Secured Parties; (iii) no attorney or staff member on either side of the ethical wall will discuss, share, or otherwise communicate any confidential information relating to the other side's representation; and (iv) the Trustee Attorneys will not perform any legal services for the Trustee on any matter relating to the claims of the Carnaby II and III Secured Parties, and to the extent any issue arises that involves the claims or interests of the Carnaby II and III Secured Parties, PH is prepared to engage independent conflicts counsel to represent the Trustee with respect to such matters. PH believes that the foregoing Screening Procedures adequately protect against any actual or potential conflict of interest.

25. PH has also represented Parts Authority in connection with the purchase of inventory from the Debtors' City of Industry location. That transaction closed prior to conversion

of these Chapter 7 Cases. Additionally, PH provided legal advice to Parts Authority regarding potential collection of alleged accounts receivable and related claims and defenses. PH is no longer providing these legal services and will not represent Parts Authority in these cases going forward. PH will not be involved in any actions adverse to Parts Authority, including but not limited to, any efforts to collect accounts receivable.

26. In addition, a family member of a PH partner is currently employed by FTI Consulting, Inc. ("FTI"), which is listed under "Other Parties in Interest (Notices of Appearance/Equity Owner Professionals/Other Lender Professionals)" on the list of Potential Parties in Interest.[8]

27. Due to PH's extensive practice, PH currently provides, and has in the past provided, legal services to certain of the FBG Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these cases, except as disclosed herein. In the limited instances described in **Exhibit A**, PH's representations involve matters related to the FBG Debtors. These representations will not affect PH's representation of the Trustee in the specific matters set forth in this Application. The precautions taken by PH with respect to the FBG Debtors' creditors and other parties in interest to mitigate potential conflicts are sufficient to meet the requirements under the Bankruptcy Code.

28. To the extent that any new, relevant facts or relationships bearing on the matters described herein during the period of PH's retention are discovered or arise, the Trustee is advised that PH will use reasonable efforts to promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

[8] Scott Johnson, the brother of M. Shane Johnson, is a Director at FTI. Scott Johnson is not working on this matter.

## SUPPORTING AUTHORITY

29. The Trustee seeks retention of PH as general bankruptcy counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that the trustee, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

30. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

31. The Trustee submits that for all the reasons stated above and in the Wolfshohl Declaration, the retention and employment of PH as general bankruptcy counsel to the Trustee is necessary and in the best interest of the FBG Debtors and their estates and complies with the requirements of section 327(a) of the Bankruptcy Code. Accordingly, the Trustee requests that this Application be approved.

WHEREFORE the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in the Application and such other and further relief as may be just and proper.

Dated: October 2, 2026.

Respectfully Submitted,

By: *<u>/s/ Eva S. Engelhart</u>*
**ROSS, BANKS, MAY, CRON & CAVIN, PC**
Eva S. Engelhart (TX Bar No. 00796513)
7700 San Felipe St., Ste 550
Houston, Texas 77063
Telephone: (713) 626-1200
eengelhart@rossbanks.com

***Chapter 7 Trustee for the FBG Debtors***

By: *<u>/s/ Joshua W. Wolfshohl</u>*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Eric M. English (TX Bar No. 24062714)
M. Shane Johnson (TX Bar No. 24083263)
Grecia V. Sarda (TX Bar No. 24132092)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
gsarda@porterhedges.com

***Proposed Bankruptcy Counsel for the Chapter 7 Trustee, Eva S. Engelhart***

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on October 2, 2026, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced cases.

/s/ *Joshua W. Wolfshohl*
Joshua W. Wolfshohl