**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**COVER SHEET TO FIRST AND FINAL FEE APPLICATION OF THE FISHEL LAW GROUP, AS TEXAS COUNSEL TO THE SPV DEBTORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD DECEMBER 16, 2025 THROUGH AUGUST 31, 2026**

| | | |
|---|---|---|
| **Name of Applicant:** | Fishel Law Group ("FLG") | |
| **Applicant's Role in Case:** | Texas Counsel to the SPV Debtors | |
| **Docket No. of Employment Order(s):** | #1728 | |
| **Final Application (x)** | First and Final Fee Application | |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 12/16/25 | 08/31/26 |

| |
|---|
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? Yes** |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? Yes** |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? Yes** |
| **Do expense reimbursements represent actual and necessary expenses incurred? Yes** |

| **Compensation Breakdown for Time Period Covered by this Application** | |
|---|---|
| **Total professional fees requested in this Application:** | $29,830.00 |
| **Total professional hours covered by this Application:** | 31.4 |
| **Average hourly rate for professionals:** | $950.00 |
| **Total paraprofessional fees requested in this Application:** | n/a |

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| **Total paraprofessional hours covered by this Application:** | n/a |
| **Average hourly rate for paraprofessionals:** | n/a |
| **Total fees requested in this Application:** | $29,830.00 |
| **Total expense reimbursements requested in this Application:** | $1,100.00 |
| **Total fees and expenses requested in this Application:** | $30,930.00 |
| **Total fees and expenses awarded in all prior Applications:** | $0 |

**Plan Status:** On August 24, 2026, the Court denied confirmation of the FBG Debtors' proposed chapter 11 plan and directed conversion. On September 1, 2026, the Court entered the Conversion Order [Docket No. 3748], converting the applicable chapter 11 cases to chapter 7.

**Primary Benefits:** FLG served in a limited Texas local counsel role for the SPV Debtors, coordinating with lead counsel on local practice and filing matters, attending and assisting with hearings and contested matters as needed, and handling retention, notice, and case-administration matters. FLG's work was intended to avoid duplication of lead counsel and to provide efficient Texas bankruptcy-court support throughout the engagement.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**FIRST AND FINAL FEE APPLICATION OF THE FISHEL LAW GROUP, AS TEXAS COUNSEL TO THE SPV DEBTORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD DECEMBER 16, 2025 THROUGH AUGUST 31, 2026**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The Fishel Law Group ("FLG" or "Applicant"), as Texas counsel to Viceroy Private Capital, LLC ("Viceroy") and certain of its direct and indirect debtor subsidiaries (collectively, the "SPV Debtors"), respectfully submits this first and final fee application (the "Final Fee Application") for final allowance of compensation and reimbursement of expenses for the period from December 16, 2025 through August 31, 2026 (the "Compensation Period"). FLG seeks final allowance under sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2016, Bankruptcy Local Rule 2016-1, the Procedures for Complex Cases in the Southern District of Texas, the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 699] (the "Interim

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Compensation Order"), and the Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief [Docket No. 3748] (the "Conversion Order"). In support, FLG states as follows:

**PRELIMINARY STATEMENT**

1. FLG's role in these cases was intentionally limited. Simpson Thacher & Bartlett LLP ("STB") served as lead conflicts counsel to the SPV entities, while FLG served as Texas local counsel. FLG focused on matters for which Texas bankruptcy-court experience and local execution were useful, including local filing and procedural matters, selected hearings and contested matters, retention and pro hac vice matters, and coordination with Simpson Thacher and other case professionals. FLG did not seek to duplicate work performed by lead counsel.

2. Consistent with that limited role, FLG's fees are modest in the context of these cases. FLG did not file quarterly interim fee applications. Instead, FLG served monthly fee statements for December 2025 through May 2026 and received provisional payments under the Interim Compensation Order. FLG did not submit monthly statements for June, July, or August 2026, and no amounts for those months have been paid. FLG now requests final allowance of all fees and expenses incurred during the Compensation Period, while crediting all amounts actually received.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this Final Fee Application under 28 U.S.C. § 1334 and the applicable standing order of reference. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

4. he statutory and procedural predicates for the relief requested are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Bankruptcy Local Rule 2016-1, the Complex Case Procedures, the Interim Compensation Order, and the Conversion Order.

## RETENTION AND ROLE

5. By order entered at Docket No. 1728, the Court approved FLG's retention as Texas counsel to the SPV Debtors, effective nunc pro tunc as of December 16, 2025. FLG's approved hourly rate for Michael Fishel was $950.00. FLG did not employ paraprofessionals on this engagement.

6. Throughout the Compensation Period, FLG worked principally with Simpson Thacher in its role as lead conflicts counsel to the SPV entities. The allocation of responsibility was designed to keep FLG's participation targeted and avoid duplication, with FLG generally handling local procedural and filing matters and participating substantively where local counsel involvement was appropriate.

7. During the Compensation Period, FLG rendered services in the following principal categories:

- **Case Administration and Local Practice.** Reviewing material case developments and selected pleadings; coordinating with lead counsel on local procedural issues; preparing, reviewing, and filing notices, stipulations, certificates, and other papers; handling pro hac vice matters; and addressing local filing and hearing logistics.

- **Hearings and Court Matters.** Attending selected hearings and status conferences, including hearings concerning intervention, discovery-related matters, conversion, and other matters affecting the SPV Debtors, and coordinating with lead counsel regarding local procedure and presentation.

- **Retention and Fee Matters.** Preparing and prosecuting retention applications and related certificates of no objection; addressing comments from the U.S. Trustee; preparing and serving monthly fee statements; and attending to fee-application and compensation-procedure requirements.

8. Representative time entries and the monthly statements already served reflect this limited role. For example, FLG prepared its and STB's retention-related filings, attended selected hearings, reviewed and filed notices and stipulations, addressed local procedural issues in adversary proceedings, reviewed material plan and conversion filings, and coordinated pro hac

vice admissions. Detailed time and expense records for the full Compensation Period are attached as **Exhibit C**.

## COMPENSATION AND REIMBURSEMENT REQUESTED

9. FLG requests final allowance of all reasonable and necessary fees and expenses incurred during the Compensation Period. The reconciliation below reflects all fees, expenses, payments, and outstanding amounts for the Compensation Period:

| Period | Fees | Expenses | Fees Paid | Expenses Paid | Fees Outstanding | Expenses Outstanding |
|---|---|---|---|---|---|---|
| Dec. 16-31, 2025 | $1,330.00 | $700.00 | $1,330.00 | $700.00 | $0.00 | $0.00 |
| Jan. 1-31, 2026 | $7,980.00 | $0.00 | $7,980.00 | $0.00 | $0.00 | $0.00 |
| Feb. 1-28, 2026 | $2,185.00 | $0.00 | $1,748.00 | $0.00 | $437.00 | $0.00 |
| Mar. 1-31, 2026 | $1,995.00 | $0.00 | $1,596.00 | $0.00 | $399.00 | $0.00 |
| Apr. 1-30, 2026 | $2,945.00 | $0.00 | $2,356.00 | $0.00 | $589.00 | $0.00 |
| May 1-31, 2026 | $3,990.00 | $400.00 | $3,192.00 | $400.00 | $798.00 | $0.00 |
| June 1-30, 2026 | $3,800.00 | $0.00 | $0.00 | $0.00 | $3,800.00 | $0.00 |
| July 1-31, 2026 | $3,040.00 | $0.00 | $0.00 | $0.00 | $3,040.00 | $0.00 |
| Aug. 1-31, 2026 | $2,565.00 | $0.00 | $0.00 | $0.00 | $2,565.00 | $0.00 |
| **TOTAL** | **$29,830.00** | **$1,100.00** | **$18,202.00** | **$1,100.00** | **$11,628.00** | **$0.00** |

10. During the Compensation Period, FLG incurred $29,830.00 in fees (31.4 hours) and $1,100.00 in expenses. By project category, FLG incurred $15,105.00 in fees (15.9 hours) for Case Administration; $8,740.00 in fees (9.2 hours) for Retention / Fee Applications; $3,135.00 in fees (3.3 hours) for Hearings and Court Matters; $2,185.00 in fees (2.3 hours) for Plan and Disclosure Statement matters; and $665.00 in fees (0.7 hours) for Adversary Proceeding matters.

11. The Interim Compensation Order authorized payment, after the applicable monthly-statement objection period, of 80% of fees and 100% of expenses that were not subject to objection. During the Compensation Period, FLG received $18,202.00 in fee payments and $1,100.00 in expense reimbursements. This includes payment of 100% of the fees and expenses

reflected in FLG's December 2025 and January 2026 monthly statements, 80% of the fees and 100% of the expenses reflected in FLG's February through May 2026 monthly statements, and no payment for June through August 2026. After crediting all amounts received, the remaining unpaid balance is $**11,628.00**.

12. FLG did not file quarterly interim fee applications. The Interim Compensation Order expressly provides that failure to file an interim fee application by the stated interim deadline is not a basis for objection to or disallowance of a retained professional's fees and expenses. All monthly payments remained provisional and subject to final allowance. FLG therefore requests final allowance of the entire Compensation Period in this application, with prior payments credited against the amount ultimately allowed.

13. FLG did not serve monthly fee statements for June, July, or August 2026. Those fees and expenses were not paid and are included directly in this Final Fee Application. The Interim Compensation Order permits a retained professional that did not submit a monthly statement for a particular month to submit compensation from earlier months subsequently; in all events, the amounts requested here are subject to the Court's final review under section 330.

**FINAL FEE PROCEDURE FOLLOWING CONVERSION**

14. The Conversion Order was entered September 1, 2026 and requires applicable professionals to file final chapter 11 fee applications no later than 45 days after the Conversion Date. This Final Fee Application is timely. Objections are due 21 days after filing. If no objection or informal objection remains, FLG may file a certificate of no objection, and the Court may approve the application without a hearing.

**NOTICE**

15. FLG will serve this Final Fee Application on the parties required by the Interim Compensation Order, the Conversion Order, Bankruptcy Local Rule 2016-1, and the Complex Case Procedures. FLG submits that no other or further notice is required, subject to any

additional notice of hearing the Court may direct.

## CONCLUSION

**WHEREFORE,** FLG respectfully requests entry of the proposed order attached as Exhibit A: (a) allowing on a final basis fees of $29,830.00 and expenses of $1,100.00 for the Compensation Period; (b) crediting all prior payments received by FLG; (c) authorizing and directing payment of the remaining unpaid balance of $11,628.00 in accordance with the Conversion Order and other applicable orders; (d) granting such other and further relief as the Court deems appropriate.

Dated: October 3, 2026
Houston, Texas

**FISHEL LAW GROUP**

*/s/ Michael Fishel*
Michael Fishel (SBN 24082998)
602 Sawyer, Suite 400
Houston, TX 77007
Telephone: (713) 294-0379
michael@FishelLawGroup.com

*Co-Counsel to the SPV Debtors*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2026, a true and correct copy of the foregoing document was served through the Court's Electronic Case Filing System and on the Fee Notice Parties and other parties entitled to notice under the applicable orders and procedures.

*/s/Michael Fishel*
Michael Fishel