**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | ) | Case No. 25-90399 (CML) |
| Debtors. | ) | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KATTEN MUCHIN ROSENMAN LLP AS SPECIAL COUNSEL TO CHAPTER 7 TRUSTEE EFFECTIVE AS OF THE CONVERSION DATE**

Upon the application (the "Application")[2] of Eva Engelhart, the chapter 7 trustee (the "Chapter 7 Trustee") for First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors")[3] for entry of an order (this "Order") (a) authorizing the Chapter 7 Trustee to retain and employ Katten Muchin Rosenman LLP ("Katten") as special counsel effective as of the Conversion Date and (b) granting related relief, pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules"); and upon the Court having reviewed the Application, and the Giglio Declaration; and this Court having

---

1 A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

3 The FBG Debtors do not include the 16 additional SPV debtors in the Carnaby Capital Holdings SPV silo or the "Previously Converted Debtors", comprised of: (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC. The Previously Converted Debtors' chapter 11 cases were previously converted to cases under chapter 7 of the Bankruptcy Code on April 9, 2026. *See* Docket No. 2396. Ronald J. Sommers serves as the chapter 7 trustee for these debtors' estates.

jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges from the United States District Court for the Southern District of Texas*, entered May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application, and in the Giglio Declaration, that: Katten does not hold or represent an interest adverse to the FBG Debtors' estates with respect to the matters for which Katten is retained by the Chapter 7 Trustee and this Court having found that the relief requested in the Application is in the best interests of the Chapter 7 Trustee, the FBG Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Chapter 7 Trustee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Chapter 7 Trustee is authorized, pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Bankruptcy Local Rules 2014-1 and 2016-1, to retain and employ Katten effective as of the Conversion Date as special counsel in accordance with the Application.

2. Katten shall file fee applications for allowance of its compensation for professional

services rendered and reimbursement of expenses incurred in connection with these Chapter 7 Cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any fee and expense guidelines of this Court. Katten shall also make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures, both in connection with the Application and the interim and final fee applications to be filed by Katten in these Chapter 7 Cases.

3. Katten shall include in its fee applications, among other things, contemporaneous time records setting forth a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Chapter 7 Trustee in one-tenth (.10) hour increments.

4. Katten shall use its reasonable efforts to avoid any duplication of services provided by any of the Chapter 7 Trustee's other retained professionals in these Chapter 7 Cases.

5. Katten shall provide ten business days' notice to the Chapter 7 Trustee and the U.S. Trustee before any increases in rates set forth in the Application. The U.S. Trustee retains all rights to object to any hourly rate increases on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court may review any rate increase pursuant to Bankruptcy Code section 330.

6. No agreement or understanding exists between Katten and any other person, other than as permitted by section 504 of the Bankruptcy Code, to share compensation received for services rendered in connection with these Chapter 7 Cases, nor shall Katten share or agree to share compensation received for services rendered in connection with these Chapter 7 Cases with any other person other than as permitted by section 504 of the Bankruptcy Code.

7. Katten shall review its files periodically during the pendency of these Chapter 7 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Katten shall use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. Katten shall not charge a markup to the Chapter 7 Trustee with respect to fees billed by contract attorneys who are hired by Katten to provide services on behalf of the Chapter 7 Trustee, and Katten shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

9. To the extent that the Application or the Giglio Declaration is inconsistent with this Order, the terms of this Order shall govern.

10. The notice requirements of Bankruptcy Rule 6004(a) are deemed waived.

11. The Chapter 7 Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

12. Notice of the Application as provided therein shall be deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and Bankruptcy Local Rules are satisfied by such notice.

13. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, or enforcement of this Order.

Houston, Texas
Dated: ____________, 2026

_________________________________
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE