**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**APPLICATION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF TROUTMAN PEPPER LOCKE LLP AS SPECIAL COUNSEL EFFECTIVE AS OF THE CONVERSION DATE PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE**

**This Application seeks an order that may adversely affect you. If you oppose the Application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the Application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the Application at the hearing.**

**Represented parties should act through their attorney.**

Eva S. Engelhart, the chapter 7 trustee (the "Chapter 7 Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors")[2], states as follows in support of this application (the "Application"):

---

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] The FBG Debtors do not include the 16 additional SPV debtors in the Carnaby Capital Holdings SPV silo or the "Previously Converted Debtors", comprised of: (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC. The Previously Converted

## Relief Requested

1. Pursuant to sections 327(e), 328(a), and 330 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014, 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), the Chapter 7 Trustee seeks entry of an order, substantially in the form attached hereto (the "Order"), authorizing her to retain and employ the law firm of Troutman Pepper Locke LLP ("Troutman" or the "Firm") as special counsel ("Special Counsel") to represent the Chapter 7 Trustee in connection with the Special Counsel Matters (as defined herein) effective as of September 1, 2026 (the "Conversion Date"). In support of this Application, the Chapter 7 Trustee submits the *Declaration of Mark A. Silverman in Support of the Application of the Chapter 7 Trustee for Entry of an Order Authorizing Retention and Employment of Troutman Pepper Locke LLP as Special Counsel Effective as of the Conversion Date Pursuant to Sections 327(e), 328(a), and 330 of the Bankruptcy Code* (the "Silverman Declaration"), which is attached hereto as **Exhibit A** and incorporated herein by reference.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

Debtors' chapter 11 cases were previously converted to cases under chapter 7 of the Bankruptcy Code on April 9, 2026. *See* Docket No. 2396. Ronald J. Sommers serves as the chapter 7 trustee for these debtors' estates.

4. The statutory bases for the relief requested herein are sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 5002, and Bankruptcy Local Rules 2014-1 and 2016-1.

**Background**

5. On September 24, 2025 (the "Petition Date"), Global Assets LLC and 12 of the Debtors in the above-captioned cases each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On August 4, 2026, the FBG Debtors filed the *Notice of Filing Fifth Supplemental Schedule of Ordinary Course Professionals* [Dkt. No. 3580], in which the FBG Debtors identified Troutman as additional ordinary course professionals being retained as of July 1, 2026 to provide legal services in connection with the FBG Debtors' accounts receivable.[3]

7. On September 1, 2026, the Court entered that certain *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Dkt. No. 3748] (the "Conversion Order"). That same day, Eva S. Engelhart was appointed as the Chapter 7 Trustee for the FBG Debtors. [Dkt. No. 3753].

**The Special Counsel Matters and the Retention of Troutman**

8. The Chapter 7 Trustee wishes to retain Troutman as Special Counsel to assist with collection and litigation efforts regarding the FBG Debtors' accounts receivable (the "Special Counsel Matters").

---

[3] *See also Declaration and Disclosure Statement of Mark A. Silverman on Behalf of Troutman Pepper Locke LLP* [Dkt. No. 3581] (the "Troutman OCP Declaration").

9. The Chapter 7 Trustee believes it is in the best interests of the FBG Debtors' estates to retain Troutman in connection with the Special Counsel Matters. Troutman's historical and institutional knowledge obtained during its pre-conversion work with the FBG Debtors cannot be replaced without expending significant time, money, and other resources. Forcing the Chapter 7 Trustee to retain new counsel, counsel that would lack Troutman's institutional knowledge, would waste critical estate resources and impede these chapter 7 cases and the FBG Debtors' expedient and efficient exit from bankruptcy.

10. Given the foregoing, the Chapter 7 Trustee requests authority to retain Troutman as Special Counsel under 11 U.S.C. § 327(e) so it may continue providing necessary legal services to the Chapter 7 Trustee.

**<u>Troutman's Qualifications</u>**

11. The Chapter 7 Trustee seeks to retain Troutman as Special Counsel because of Troutman's extensive experience in collecting and litigating accounts receivable. The Chapter 7 Trustee selected Troutman as Special Counsel for this reason, as well as its exceptional reputation and extensive expertise in the relevant legal fields.

12. The Chapter 7 Trustee believes that Troutman has assembled a highly qualified team of professionals to provide the services described above. These professionals will provide critical services to the Chapter 7 Trustee as these chapter 7 cases progress.

**<u>Compensation</u>**

13. Troutman's hourly rates range from $930–$1,990 for partners and counsel, $750–$1,120 for associates, and $310–$630 for paraprofessionals.[4] Troutman's hourly rates are set at a

[4] Troutman hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.

level designed to compensate Troutman fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Subject to Court approval, Troutman intends to bill the Chapter 7 Trustee at its standard hourly rates.

14. Troutman did not receive any payments from the Debtors in the 90 days prior to the Petition Date.

15. If retained, Troutman will apply to the Court from time to time for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any applicable orders of this Court by submitting monthly fee statements and interim and/or final fee applications on appropriate notice. In light of privilege and confidentiality considerations, however, Troutman reserves the right to redact its time and expense records and to seek authority from the Court to file such time and expense records under seal. Troutman will seek compensation for the services of each professional and paraprofessional acting on behalf of the FBG Debtors in these chapter 7 cases at the then-current rate charged for such services, subject to the discounts discussed above. For billing purposes, Troutman will keep its time in one-tenth (1/10) hour increments.

16. Consistent with the Firm's policy with respect to all of its clients, Troutman will seek reimbursement from the FBG Debtors' estates for expenses incurred, which may include court costs, out of pocket and office expenses, and any other disbursements incurred in the rendition of services to the Chapter 7 Trustee. These may include photocopying, local messenger and intercity delivery service, computerized research, travel (including mileage, parking, airfare, lodging, meals, and ground transportation), support staff overtime and word processing, consulting, and expert costs, and other costs, expenses, and disbursements.

17. The Chapter 7 Trustee submits that the foregoing rates and charges are fair and reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of bankruptcy, and (c) the Firm's experience with respect to the contemplated services.

18. The Chapter 7 Trustee has determined that retaining Troutman as Special Counsel is necessary to assist in the collection and litigation of the FBG Debtors' accounts receivable, which will provide valuable benefit to the FBG Debtors' estates. Troutman will provide legal services in connection with the Special Counsel Matters, except to the extent that Troutman has a conflict with respect to a specific customer, in which case Clark Hill PLC, who is being retained as conflicts counsel in connection with the Special Counsel Matters, will handle such matter on behalf of the Chapter 7 Trustee. The services rendered by Troutman will not be duplicative of work performed by any other law firm rendering services on behalf of the Chapter 7 Trustee in these chapter 7 cases. Troutman will work closely with other professionals in these chapter 7 cases to avoid any unnecessary duplicative work.

**<u>Troutman's Disinterestedness</u>**

19. To the best of the Chapter 7 Trustee's knowledge and except as otherwise set forth in the Silverman Declaration:

a. neither Troutman nor any attorney at the Firm holds or represents an interest adverse to the FBG Debtors or their estates or the Chapter 7 Trustee with respect to the matters on which Troutman is to be retained;

b. neither Troutman nor any attorney at the Firm is an equity security holder or an insider of the FBG Debtors;

c. neither Troutman nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the FBG Debtors or an investment banker or other services professional of the FBG Debtors;

d. no attorney at Troutman is related to any United States District Judge or U.S. Bankruptcy Judge for the Southern District of Texas, to the U.S. Trustee for such district or to any known employee of the office thereof, or to the Chapter 7 Trustee; and

e. Troutman does not have an interest materially adverse to the interests of the FBG Debtors or their estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the FBG Debtors or any services professional specified in the foregoing paragraphs, with respect to the matters on which Troutman is to be retained.

20. As set forth in the Troutman OCP Declaration, the Firm previously provided limited legal services for Church & Dwight Co., Inc. and its affiliate, but such representation terminated prior to Troutman being retained as an OCP. Additionally, as a courtesy, the Firm prepared and filed a proof of claim for East West Manufacturing ("EWM") in the chapter 11 cases. However, the Firm was not retained to represent EWM in the chapter 11 cases and, other than with respect to the proof of claim, the Firm did not perform any work for EWM in the chapter 11 cases. Additionally, on August 14, 2026, certain attorneys at the Firm signed onto a motion filed by the Excess ABC Insurers in the chapter 11 cases, specifically on behalf of Berkley Insurance Company and Arch Insurance Company (the "Insurance Parties") (Docket No. 3669) (the "Insurance Motion"). The Insurance Motion seeks clarification from the Court concerning payments to be made to certain directors and officers under policies issued to the Debtors. The Firm is withdrawing from its representation of the Insurance Parties in connection with the Insurance Motion. Toward that end, on October 1, 2026, Berkley Insurance Company filed a Notice of Substitution of Counsel (Docket No. 3842) and on October 7, 2026 Arch Insurance Company filed a Notice of Substitution of Counsel (Docket No. 3864).

21. Troutman will review its files periodically during the pendency of these chapter 7 cases to ensure that no conflicts or other disqualifying circumstances arise or any new or additional connections to parties in interest arise. If any new relevant facts or relationships are discovered or arise, Troutman will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, to the extent required by Bankruptcy Rule 2014.

22. As set forth in the Silverman Declaration, Troutman previously represented, or currently represents, various creditors of one or more of the FBG Debtors and other parties who are, or may be, parties-in-interest in the FBG Debtors' cases, in matters that are substantially unrelated to the FBG Debtors' cases and the matters on which Troutman is to be retained.

23. Based on the foregoing, the employment and retention of Troutman as Special Counsel is warranted as Troutman is disinterested with respect to the matters for which it is being retained in these chapter 7 cases. Notably, Troutman's retention as special counsel under 11 U.S.C. § 327(e) does not require that Troutman be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code. Rather, section 327(e) requires only that Troutman not represent or hold any interest adverse to the FBG Debtors or their estates with respect to the matters on which Troutman is to be employed. *See* 11 U.S.C. § 327(e). Furthermore, "adverse interests that would disqualify an attorney from being retained under § 327(a) are distinguishable from adverse interests that would disqualify an attorney from being retained under § 327(e). Under § 327(e), the attorney being retained only needs to be disinterested with respect to the matter on which such attorney is to be employed." *In re Core Communs., Inc.*, 2017 Bankr. LEXIS 3846, at *7 (Bankr. D. D.C. Nov. 5, 2017) (quoting *Giuliano v. Young (In re RIH Acquisitions NJ, LLC)*, 551 B.R. 563, 569 (Bankr. D. N.J. 2016)); *see also Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847-48 (D. Del. 1996) ("For the exception in § 327(e) to apply, an attorney must establish that: (1) the attorney has already represented the debtor; (2) the attorney is for a special specific purpose approved by the court; (3) the appointment of the attorney is in the best interest of the estate; and (4) the attorney has no conflict of interest concerning the matter at hand.").

**<u>Basis for Relief</u>**

24. Section 327(e) of the Bankruptcy Code provides that the trustee, "with the Court's approval, may employ for a specified special purpose . . . an attorney that has represented the

debtor if it is in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

25. The Chapter 7 Trustee believes that the retention of Troutman as Special Counsel in these chapter 7 cases is in the best interests of the FBG Debtors' estates. Troutman has become familiar with the facts and circumstances underpinning the Special Counsel Matters. Troutman is therefore uniquely situated to represent the Chapter 7 Trustee cost-effectively as Special Counsel in connection with the Special Counsel Matters. Troutman has indicated its willingness to act in these chapter 7 cases as Special Counsel and to render the foregoing services. For the foregoing reasons, Troutman is well qualified to represent the Chapter 7 Trustee pursuant to section 327(e) of the Bankruptcy Code, and accordingly, Troutman's retention would be in the best interests of the FBG Debtors' estates, creditors, and other parties in interest.

26. Furthermore, the Chapter 7 Trustee requests that Troutman's retention be approved effective as of the Conversion Date. Approval of the employment of professionals retroactive to an earlier date is well within the discretion of this Court. *See In re Mohiuddin*, 627 B.R. 875, 882 (Bankr. S.D. Tex. 2021) ("The Bankruptcy Court for the Southern District of Texas authorizes retroactively effective employment applications by Local Rule."). Retroactive approval of Troutman's retention is appropriate under the circumstances. The Chapter 7 Trustee was appointed on September 1, 2026, and from the moment of her appointment was confronted with an immediate and demanding set of responsibilities. In the days and weeks following her appointment, the Chapter 7 Trustee took urgent steps to preserve and protect the assets of the FBG Debtors' estates, to assess the status of the FBG Debtors' remaining operations, and to facilitate an orderly wind-down and transition of the FBG Debtors' administrative functions. At the same

time, the Chapter 7 Trustee promptly began engaging with the FBG Debtors' lenders regarding the estates' continued use of cash collateral and potential additional financing, recognizing that the estates' ability to fund the wind-down depended on reaching agreement with the lenders on these terms. Only once the Chapter 7 Trustee and the lenders reached agreement on a budget governing the use of cash collateral did the Chapter 7 Trustee have the operational and financial certainty necessary to formally engage Troutman and proceed with this Application. Indeed, this Application was filed promptly after that budget was agreed upon, reflecting the Chapter 7 Trustee's diligence rather than any delay attributable to her or to Troutman. Under these circumstances, retroactive approval to the Conversion Date is warranted, as any gap between the Conversion Date and the filing of this Application is attributable to the practical necessities of the immediate post-appointment period, not to a lack of diligence.

## Notice

27. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

## No Prior Request

28. No prior motion for the relief requested in this Application has been made to this or any other court.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Chapter 7 Trustee respectfully requests entry of the Order, substantially in the form attached hereto, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Eva S. Engelhart*
Eva S. Engelhart
Chapter 7 Trustee for the FBG Debtors

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on October 9, 2026, a true and correct copy of the foregoing document was served via the Court's CM/ECF electronic filing system on all parties who receive service in these chapter 7 cases via ECF.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl