**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF TROUTMAN PEPPER LOCKE LLP AS SPECIAL COUNSEL EFFECTIVE AS OF THE CONVERSION DATE PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE**

Upon the application (the "Application")[2] of Eva S. Engelhart, the chapter 7 trustee (the "Chapter 7 Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors")[3], for entry of an order (this "Order") authorizing the Chapter 7 Trustee to retain and employ Troutman as Special Counsel, effective as of the Conversion Date, pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 5002, and Bankruptcy Local Rules 2014-1 and 2016-1, all as more fully set forth in the Application and the Silverman Declaration; and the United States District Court for the Southern District of Texas having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

---

1 A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

2 Capitalized terms used but not defined herein shall have the meanings given to such terms in the Application.

3 The FBG Debtors do not include the 16 additional SPV debtors in the Carnaby Capital Holdings SPV silo or the "Previously Converted Debtors", comprised of: (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC. The Previously Converted Debtors' chapter 11 cases were previously converted to cases under chapter 7 of the Bankruptcy Code on April 9, 2026. *See* Docket No. 2396. Ronald J. Sommers serves as the chapter 7 trustee for these debtors' estates.

§ 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the FBG Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Chapter 7 Trustee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted effective as of the Conversion Date.

2. The Chapter 7 Trustee is authorized to employ Troutman as Special Counsel pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code in connection with the Special Counsel Matters (as that term is defined in the Application) in accordance with the terms and conditions set forth in the Application.

3. Troutman shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 7 cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

4. The *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 699) (the "Compensation Order") shall apply to the fees and expenses of Troutman as modified herein:

a. The fees and expenses of Troutman shall be paid solely from accounts receivable paid by customers (the "Customer A/R"), wherever such Customer A/R is located or held, including Customer A/R deposited in any deposit account, lockbox, or other account maintained by or on behalf of the FBG Debtors or the Chapter 7 Trustee (each, an "A/R Account"). Troutman's right to payment from the Customer A/R shall be senior and prior in right to, and shall be paid in full before, any payment or distribution on account of any lien, claim, security interest, setoff right, administrative expense claim (including under 11 U.S.C. § 726(b)), or other interest of any kind asserted by any person in or against the Customer A/R; provided, however, Troutman's right to payment from the Customer A/R shall be *pari passu* with the right of Clark Hill PLC to payment from the Customer A/R.

b. Troutman shall be entitled to payment from the Customer A/R regardless of any agreement, stipulation, resolution, Court order, or other disposition of any dispute among any parties regarding which party's collateral the Customer A/R constitutes or to whom the Customer A/R is ultimately determined to belong (a "Collateral Dispute") and no resolution, settlement, or adjudication of any Collateral Dispute shall reduce, subordinate, delay, or otherwise impair Troutman's right to payment hereunder.

c. The definition of Fee Notice Parties as set forth in the Compensation Order is hereby revised to mean:

(i) Eva S. Engelhart, the Chapter 7 Trustee, Ross, Banks, May, Cron and Cavin, PC 7700 San Felipe, Suite 550, Houston, TX 77063 (Attn: Eva S. Engelhart) (eengelhart@rossbanks.com);

(ii) Counsel to the Chapter 7 Trustee, Porter Hedges LLP, 1000 Main St, 36th Floor, Houston, TX 77002 (Attn: Joshua W. Wolfshohl

(JWolfshohl@porterhedges.com), Eric M. English (EEnglish@porterhedges.com), M. Shane Johnson (SJohnson@porterhedges.com), and Grecia V. Sarda (GSarda@porterhedges.com)) and;

(iii) Counsel to the ABL Lenders, Winston Taylor, 300 N. LaSalle Dr. Chicago, IL 60654-3406 (Attn: Dan McGuire (dan.mcguire@winstontaylor.com) and Jason Bennett (jason.bennett@winstontaylor.com); and

(iv) Special Litigation Counsel for Ronald J. Sommers, Chapter 7 Trustee for the SPV Debtors, Jones Murray LLP, 602 Sawyer, Suite 400 Houston, Texas 77007 (Attn: Erin E Jones (erin@jonesmurray.com) and Christopher R. Murray (chris@jonesmurray.com) and Elsberg Baker & Maruri PLLC (Attn: David Elsberg (delsberg@elsberglaw.com), Michael Duke (mduke@elsberglaw.com), Vivek Tata (vtata@elsberglaw.com), Andrew Parks (aparks@elsberglaw.com) and Ella Epstein (eepstein@elsberglaw.com).

d. Any reference to the Debtors in the Compensation Order shall mean the Chapter 7 Trustee.

5. Notwithstanding anything to the contrary in the Final DIP Order (Docket No. 597), the Application, or this Order, Troutman shall not be considered a "Professional Person" under the terms of the Final DIP Order.

6. Troutman shall provide ten business days' notice to the Fee Notice Parties and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. Troutman shall use its reasonable best efforts to avoid duplication of services provided by any of the Chapter 7 Trustee's other retained professionals in these chapter 7 cases. In order to avoid any duplication of effort and provide services to the FBG Debtors in the most

efficient and cost-effective manner, Troutman shall coordinate with any additional firms the Chapter 7 Trustee retains regarding their respective responsibilities in these chapter 7 cases.

8. Notice of the Application as provided therein is deemed to be good and sufficient notice of the Application, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Chapter 7 Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11. To the extent the Application, the Compensation Order or the Silverman Declaration are inconsistent with this Order, the terms of this Order shall govern.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: ___________ _____ , 2026.

_________________________________
Honorable Christopher M. Lopez
United States Bankruptcy Judge