**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Previously Chapter 11) |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | |
| | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | |
| | ) | (Jointly Administered) |

**CHAPTER 7 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CLARK HILL PLC AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF THE CONVERSION DATE**

**This Application seeks an order that may adversely affect you. If you oppose the Application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the Application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the Application at the hearing.**

**Represented parties should act through their attorney.**

Eva S. Engelhart, the chapter 7 trustee (the "**Trustee**") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "**FBG Debtors**"),[2] in the above-styled jointly administered chapter 7 cases (the "**Cases**") hereby files this application (the "**Application**") for entry of an order (the "**Order**"), substantially in the form attached hereto,

[1] A complete list of the "**Debtors**" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] The FBG Debtors do not include the 16 additional SPV debtors in the Carnaby Capital Holdings SPV silo or the "**Previously Converted Debtors**", comprised of: (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC. The Previously Converted Debtors' Chapter 11 Cases were previously converted to cases under chapter 7 of the Bankruptcy Code on April 9, 2026. *See* Docket No. 2396. Ronald J. Sommers serves as the chapter 7 trustee for these debtors' estates.

authorizing the Trustee to employ and retain Clark Hill PLC ("**Clark Hill**" or the "**Firm**"), effective as of the Conversion Date (as defined below), pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), as the Trustee's special counsel for accounts receivable and conflicts to pursue accounts receivable still outstanding from certain of the FBG Debtors' customers ("**Special Counsel**"). In support of the Application, the Trustee relies upon and incorporates by reference (i) the declaration of Kevin H. Morse (the "**Morse Declaration**"), a Member at Clark Hill, attached hereto as **Exhibit A**. In further support of the Application, the Trustee respectfully states as follows:

## Relief Requested

1. By this Application, the Trustee requests entry of the proposed Order, substantially in the form attached hereto, authorizing the employment and retention of Clark Hill as Special Counsel to perform certain legal services that will be necessary during these chapter 7 cases, as described herein, in accordance with the terms and conditions set forth in the engagement letter between the Trustee and Clark Hill, dated September 30, 2026, attached to the proposed order as Exhibit 1 (the "**Engagement Letter**").

## Jurisdiction, Venue and Predicates for Relief

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Trustee consents to the entry of a final order by the Court. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

**3.** The predicates for the relief requested herein are sections 327(e), 328, and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## Background

4. On September 28, 2025 (the "**Petition Date**"), First Brands Group, LLC and its debtor affiliates filed the jointly administered chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). The FBG Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On August 4, 2026, the FBG Debtors filed the *Notice of Filing Fifth Supplemental Schedule of Ordinary Course Professionals* [Docket No. 3580], which employed Clark Hill as an ordinary course professional (an "**OCP**"). In its capacity as an OCP, Clark Hill was tasked to pursue certain of the FBG Debtors' customers that held outstanding accounts receivable.

6. On September 1, 2026 (the "**Conversion Date**"), the FBG Debtors' chapter 11 cases were converted to chapter 7 pursuant to the Court's *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "**Conversion Order**").

7. Also on September 1, 2026, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed Eva S. Engelhart as the interim chapter 7 trustee for the FBG Debtors, as reflected in the notice of chapter 7 bankruptcy case. *See, e.g., Notice of Chapter 7 Bankruptcy Case* [Docket No. 3753]. The U.S. Trustee also appointed Ronald J. Sommers as the interim chapter 7 trustee for the remaining Converting Debtors (as defined in the Conversion Order) other than FBG Debtors, respectively.

8. The Trustee believes Clark Hill is well qualified and uniquely suited to serve as Special Counsel in connection with the FBG Debtors' accounts receivable actions (the "**A/R Actions**"). Clark Hill has assembled a highly qualified team of professionals and related staff who

possess the requisite knowledge and experience necessary to provide exceptional representation to the Trustee regarding the A/R Actions. Clark Hill's extensive experience in adversary proceedings and litigation related to clawing back accounts receivable, particularly with respect to the FBG Debtors' A/R Actions given Clark Hill's previous role as an OCP, will aid the Trustee in connection with any matters arising out of assets owed to the FBG Debtors.

9. Clark Hill's services are appropriate and necessary and will enable the Trustee to execute her duties as fiduciary to the chapter 7 estates. The Trustee believes that Clark Hill's expertise regarding A/R Actions is critical to the Trustee's ability to maximize value for all stakeholders.

10. The Trustee believes that the retention of Clark Hill as described herein is in the best interests of the FBG Debtors and their estates and therefore should be approved.

**Professional Compensation**

11. Clark Hill will provide professional services to the Trustee at the current standard hourly rates charged by the Firm. Clark Hill's hourly rates range from $650–$1,000 for members, $400–$650 for senior attorneys and associates, and $300–$500 for paraprofessionals. Clark Hill's hourly rates are set at a level designed to compensate Clark Hill fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Subject to Court approval, Clark Hill intends to bill the Chapter 7 Trustee at its standard hourly rates.

12. Clark Hill has advised the Trustee that its hourly rates are subject to periodic increases in the normal course of the Firm's business. The hourly rates are designed to fairly compensate Clark Hill for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. The Trustee believes these rates are reasonable and appropriate given the facts of these chapter 7 cases.

13. Clark Hill is customarily reimbursed for all expenses it incurs in connection with its representation of a client in any given matter. Such expenses include, without limitation, travel costs (including mileage, parking, airfare, lodging, meals, and ground transportation), express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees, transcript costs, and other out of pocket costs, expenses, and disbursements as set forth in the Engagement Letter.

14. Clark Hill intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred on behalf of the Trustee in accordance with the scope of its engagement, applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders entered in these chapter 7 cases governing professional compensation and reimbursement for fees and expenses charged. Clark Hill will seek compensation for the services of each professional and paraprofessional acting on behalf of the Trustee in these chapter 7 cases at their then-current standard hourly rates. For billing purposes, Clark Hill shall keep its time in one-tenth (1/10) hour increments.

15. Pursuant to Bankruptcy Rule 2016(b), Clark Hill has disclosed that it has no agreement with any other entity to share any compensation received by Clark Hill, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**No Duplication of Services**

16. The Trustee believes that the services Clark Hill will provide will be complementary to, and not duplicative of, the services to be performed by any other professionals that have been or may be retained by the Trustee to collect other A/R Actions. The Trustee is mindful of the need to avoid unnecessary duplication of services, and appropriate procedures will be implemented to ensure minimal duplication of effort, if any, as a result of Clark Hill's role as Special Counsel.

## Clark Hill's Disinterestedness

17. To the best of the Trustee's knowledge, and except as otherwise set forth herein and in the accompanying Morse Declaration, Clark Hill has no connection with any of the FBG Debtors, their affiliates, their creditors, or any other party in interest, or their respective attorneys and accountants, the U.S. Trustee for the Southern District of Texas or any person employed in the office of the same, or any judge in the Bankruptcy Court or District Court for the Southern District Court of Texas or any person employed in the offices of the same.

18. As set forth in the Morse Declaration, Clark Hill in the past has represented, currently represents, and in the future likely will represent certain entities that are parties in interest in these chapter 7 cases in matters unrelated to the FBG Debtors, the FBG Debtors' chapter 7 cases, or such parties in interests' claims against or interests in the FBG Debtors.

19. The Trustee understands that, except as otherwise set forth in the Morse Declaration:

a) neither Clark Hill nor any attorney at the Firm holds or represents an interest adverse to the FBG Debtors' estates;

b) neither Clark Hill nor any attorney at the Firm is an equity security holder or an insider of the FBG Debtors;

c) neither Clark Hill nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the FBG Debtors; and

d) neither Clark Hill nor any attorney at the Firm has an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the FBG Debtors, or for any other reason.

20. In view of the above, the Trustee believes that Clark Hill does not hold or represent an interest adverse to the FBG Debtors or the FBG Debtors' estates with respect to the matters on which Clark Hill is to be employed.

21. Clark Hill will review its files periodically during the pendency of these chapter 7 cases to ensure that no conflicts or other disqualifying circumstances arise or any new or additional connections to parties in interest arise. If any new relevant facts or relationships are discovered or

arise, Clark Hill will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, to the extent required by Bankruptcy Rule 2014(a).

## Basis for Relief

22. The Trustee seeks to retain Clark Hill as her attorneys pursuant to section 327(e) of the Bankruptcy Code, which provides that a trustee, subject to Court approval:

> [M]ay employ for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*.

11 U.S.C. § 327(e) (emphasis added).

23. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

24. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand."). Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel . . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). Further, in exercising discretion under section

327, the Court should take "into account the particular facts and circumstances surrounding the case." *In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010). In general, however, subject to the requirements of section 327, a trustee is entitled to the counsel of its choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

25. For the reasons stated herein as well as the reasons stated in the Morse Declaration, the employment and retention of Clark Hill as Special Counsel is warranted. As required, this Application and the exhibits attached hereto set forth specific facts showing the specified special purpose for the employment, the reasons for selecting Clark Hill, the professional services to be rendered, the proposed arrangements for compensation, and Clark Hill's connections to parties in interest. Further, Clark Hill does not represent or hold any interest adverse to the FBG Debtors' estates and has no connection to the FBG Debtors, their creditors, or other parties in interest with respect to the matters on which Clark Hill is to be employed, except as may be disclosed in the Morse Declaration.

## **Notice**

26. The Trustee will provide notice of this Application to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the FBG Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

WHEREFORE, the Trustee requests that the Court enter the proposed Order granting the relief requested in the Application and such other and further relief as the Court deems appropriate under the circumstances.

Dated: October 9, 2026

Respectfully submitted,

**Eva S. Engelhart**

*/s/ Eva S. Engelhart*
Eva S. Engelhart
Chapter 7 Trustee

**Certificate of Service**

I certify that on October 9, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl