**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al*.,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |

**KATSUMI SERVICING, LLC'S OBJECTION TO EXCESS ABC INSURERS' MOTION FOR CLARIFICATION OR, ALTERNATIVELY, RELIEF FROM THE AUTOMATIC STAY**

Katsumi Servicing, LLC ("Katsumi") files this objection (this "Objection") to the *Motion for Entry of an Order (I) Clarifying that the May 29, 2026 Order (ECF No. 2845) Modifies the Automatic Stay to Authorize Payments by the Excess ABC Insurers, or Alternatively, (II) Authorizing, and, to the Extent Necessary, Modifying the Automatic Stay to Allow the Excess ABC Insurers to Make Payments, Including the Advancement of Defense Costs, of Insured Persons* (ECF No. 3669) (the "Motion"), to the Joinders filed by Edward James (ECF No. 3824) and the Side A Insurers (ECF No. 3825) (collectively, the "Joinders"), and to the Response of Patrick James (ECF No. 3848) (the "James Response").[2] In support of this Objection, Katsumi, by and through its undersigned counsel, respectfully states as follows:

## RELEVANT BACKGROUND

1. On November 26, 2025, certain of Debtors' former directors or officers moved for relief from the automatic stay in Section 362 of the Bankruptcy Code to permit payment of Defense Costs under certain directors and officers insurance policies, including a $10 million ABC Policy,

[1] A complete list of the Debtors in these Chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these Chapter 7 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

nine Excess ABC Policies with $90 million of total limits, and ten Side A Policies with $100 million of total limits. *See* ECF No. 798 (the "D&O Motion"). Both the UCC ***and Katsumi*** objected to the D&O Motion. *See* ECF Nos. 1145 and 1149.

2. On January 7, 2026, this Court held a hearing on the D&O Motion and entered an order, *see* ECF No. 1231 (the "January 7 Order"), permitting Insured Persons to access the Side A Policies, but not the ABC Policy or the Excess ABC Policies. Again, both the UCC and Katsumi argued against the D&O Motion. With respect to the ABC Policy and Excess ABC Policies, the January 7 Order provides that:

> Debtors have an interest in the proceeds of the ABC Policy, and that interest is property of the estate under § 541. The Court denies the request to lift the automatic stay for cause under § 362(d) without prejudice; and it is further ORDERED that this Order is effective immediately and any applicable stay is waived.

January 7 Order, ¶¶ 2, 3.

3. On January 22 and February 4, 2026, Edward James and the Side A Insurers noticed appeals of the January 7 Order, *see* ECF Nos. 1647, 1865, challenging the Court's finding that the Debtors have an interest in the proceeds of the ABC Policy and Excess ABC Policies, and that interest is property of the estate under Section 541 of the Bankruptcy Code. The appeals were subsequently consolidated and remain pending in the United States District Court for the Southern District of Texas. *See In re James*, No. 4:26-cv-513 (S.D. Tex.). While the briefing schedule has been on hold, the appeal remains on file, and it has not been compromised, resolved or withdrawn.

4. Without any noticed issue or pending motion, on May 29, 2026, the Court entered an order, *see* ECF No. 2845 (the "May 29 Order"); the foundation of its entry is not known. Specifically, despite the divestiture-of-jurisdiction rule that became effective upon the filing of the notices of appeal, in the May 29 Order, the Court entered an order that appears to (i) authorize Berkshire Hathaway Specialty Insurance Company, as Primary Insurer under the ABC Policy, and all related Side A Insurers to make payments, including the advancement of Defense Costs, to

eligible Insured Persons, and (ii) modify the automatic stay, to the extent applicable, to permit the Primary Insurer and Side A Insurers to pay and/or advance Defense Costs consistent with their obligations under the ABC Policy.

5. Three months later, on September 1, 2026, the Court entered its order converting these cases to Chapter 7. *See* ECF No. 3748. Edward and Patrick James incorrectly assert that the Motion is "unopposed" because the UCC dissolved upon conversion to Chapter 7. As one of the largest unsecured creditors, Katsumi is a party-in-interest that objected to the original D&O Motion (ECF No. 1149), is an appellee in the pending D&O appeal, and opposes the Motion, Joinders, and James Response. Moreover, the Debtors' Chapter 7 trustee, who is not limited by Debtors' prior non-objection to the relief sought in the Motion, has filed an objection. (Dkt. No. 2872).

## ARGUMENT

### I. The Requested Relief Would Impermissibly Modify the January 7 Order While it Remains on Appeal

6. By the Motion, the Excess ABC Insurers request that the Court either clarify that the May 29 Order modified the January 7 Order, in contravention of the fact it was on appeal or, alternatively, to now modify the January 7 Order, even though their appeal divested this Court of jurisdiction. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). The Fifth Circuit enforces this rule in bankruptcy appeals. *See In re Transtexas Gas Corp.*, 303 F.3d 571, 579 (5th Cir. 2002) (bankruptcy court divested of jurisdiction over matters on appeal).

7. For avoidance of doubt, the issue on appeal is whether the Debtors' estates have any property interest in the proceeds of the ABC Policy under Section 541 of the Bankruptcy Code. Nonetheless, the Insurers ask this Court for "clarification" or alternatively, to lift the automatic stay in their motion. Katsumi objects as this is procedurally improper. The Court should not, at this time, override the January 7 Order by authorizing payments from the ABC Policy tower while the appeal remains pending. Authorizing depletion of up to $90 million of ABC Policy proceeds while appellants seek a ruling that those proceeds are not estate property would hand appellants the practical result of winning the appeal and would render moot the appeal. Indeed, in their Status Report filed September 30, 2026 in the D&O appeal, Edward James and the Side A Insurers argued to the District Court: "If the Bankruptcy Court grants the Excess ABC Insurers' Motion and clarifies that the May 29 Comfort Order authorizes payments under the Excess ABC Policies, then this Appeal effectively will be resolved." *See In re James*, ECF No. 61. This contradicts the arguments made by Mr. James and the Side A Insurers to this Court in the Joinders that the relief requested now would not disturb the appeal. Either way, it impacts the relief the District Court, sitting as the appellate court, could render. The divestiture of jurisdiction rule is in place to prevent that from occurring.

8. The circumstances surrounding the issuance of the May 29 Order reinforce why the Excess ABC Insurers are not entitled to the relief sought. When the May 29 Order was entered, no motion related to Debtors' directors' and officers' insurance policies was ever pending in the Chapter 11 cases, and no notice was provided to parties to indicate that new relief was being sought on this issue. As noted, the relevant issue was already on appeal before the District Court. Because the appeal was and still is pending, respectfully, this Court was divested of jurisdiction to both enter the May 29th Order or clarify or modify it, to authorize payments under the Excess ABC Policies.

## II. The May 29 Order Does Not Authorize Payments by the Excess ABC Insurers

8. The January 7 Order drew a clear distinction between the Side A Policies and the ABC Policies. This Court held that the Side A Policies and their proceeds were not property of the estate and that the automatic stay did not apply to them. In contrast, this Court held that the Debtors have an interest in the proceeds of the ABC Policy and that interest is property of the estate under Section 541, and subsequently denied stay relief. The Joinders argue that "Side A Insurers," as defined in the D&O Motion (ECF No. 798), includes "any other insurance carrier of a directors and officers insurance policy listed on Exhibit C" to ECF No. 10, which includes the Excess ABC Policies. But that reading collapses the distinction the January 7 Order drew between Side A Policies, which are not estate property, and the ABC Policy, which is estate property. The January 7 Order applied the defined terms in the D&O Motion and treated the Excess ABC Policies not as Side A Policies but as tied to the ABC Policy. The Excess ABC Policies that follow form to the ABC Policy are not Side A policies.

9. The May 29 Order's operative language confirms that distinction. Paragraph 2 modifies the automatic stay, to the extent applicable, to permit the Primary Insurer and Side A Insurers to pay and/or advance Defense Costs consistent with their obligations under the ABC Policy. May 29 Order, ¶ 2. The Side A Insurers themselves call the Excess ABC Policies separate layers of the "ABC Policies," not Side A Policies. *See* ECF No. 3825. The May 29 Order does not name the Excess ABC Insurers or otherwise authorize payments under the Excess ABC Policies.

## III. No Cause Exists to Modify the Automatic Stay

10. Section 362(d)(1) of the Bankruptcy Code permits relief from the automatic stay "for cause" and the movant bears the burden of demonstrating cause. 11 U.S.C. § 362(d)(1); *see In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990).

11. The January 7 Order already denied the stay relief requested here, and the May 29 Order, at most, authorizes the Primary Insurer to advance Defense Costs solely under the ABC Policy. The $90 million in Excess ABC Policy limits remains a significant source of potential recovery for creditors and should not be touched at this time.

12. The Insured Persons' alleged need for advancement and payment of Defense Costs is both conclusory, not supported by evidence, and, at present, is not sufficient cause to modify the automatic stay, certainly not without evidence and documents evidencing cause exists provided in the face of contested proceedings. The Side A Policies, providing $100 million in total policy limits, remain available to pay Defense Costs, are not estate property, and have been paying Defense Costs in response to claims by Insured Persons. The Motion, Joinders, and James Response fail to claim, allege, much less, demonstrate that the $90 million in total policy limits of the Excess ABC Policies also needs to be made available to pay Defense Costs.

13. The balance of harms likewise weighs decisively against any further stay relief. Permitting the Excess ABC Insurers to disburse up to $90 million to pay the fees of individuals who are defendants in criminal proceedings and civil actions brought by the estate would expand the limited relief in the May 29 Order and deplete a critical asset. The Insured Persons' alleged hardship is addressed by the $100 million of available Side A Policies that Insured Persons have been able to access since the January 7 Order. Side A coverage remains available to the James brothers and other Insured Persons. The insurers and James brothers have not demonstrated cause for the requested relief.

## RESERVATION OF RIGHTS

14. Katsumi reserves all of its rights, claims, defenses, and remedies, under the Bankruptcy Code and applicable non-bankruptcy law, including, without limitation, the right to

amend, modify, or supplement this Objection, to seek discovery and to raise additional objections at any hearing on the Motion.

## CONCLUSION

15. Katsumi respectfully requests the Court enter an order denying the Motion and the Joinders, and granting such other and further relief as the Court deems just and proper.

Date: October 9, 2026
Houston, Texas

**MAYER BROWN LLP**

*/s/ Charles S. Kelley*
Charles S. Kelley (TX Bar No. 11199580)
Gary W. Johnson (TX Bar No. 24083257)
700 Louisiana Street, Suite 3400
Houston, Texas 77002
Telephone: (713) 238-3000
Email: ckelley@mayerbrown.com
GJohnson@mayerbrown.com

Sean T. Scott (admitted *pro hac vice*)
Kyle J. TumSuden (admitted *pro hac vice*)
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Email: stscott@mayerbrown.com
ktumsuden@mayerbrown.com

Richard A. Stieglitz (admitted *pro hac vice*)
Lauren C. Blanchard (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: rstieglitz@mayerbrown.com
lblanchard@mayerbrown.com

*Counsel to Katsumi Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy was sent to all counsel of record by electronic means on October 9, 2026.

*/s/ Charles S. Kelley*
Charles S. Kelley