**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, et al.,**[1] | § | **Case No. 25-90399 (cml)** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

## FEE APPLICATION SUMMARY

| | | |
|---|---|---|
| **Name of Applicant:** | Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. | |
| **Applicant's Role in Case:** | Counsel to the Retiree Committee | |
| **Date Order of Appointment Signed:** | 7/27/2026 [ECF No. 3436] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 7/10/2026 | 9/1/2026[2] |
| **Time period(s) covered by prior Applications:** | n/a | n/a |
| **Total amounts awarded in all prior Applications:** | | $0.00 |
| **Total fees requested in this Application and in all prior Applications:** | | $99,293.00 |
| **Total fees requested in this Application:** | | $99,293.00 |
| **Total professional fees requested in this Application:** | | $92,650.00 |
| **Total actual professional hours covered by this Application:** | | 91.20 |
| **Average hourly rate for professionals:** | | $1,015.90 |
| **Total paraprofessional fees requested in this Application:** | | $6,643.00 |
| **Total actual paraprofessional hours covered by this Application:** | | 18.20 |
| **Average hourly rate for paraprofessionals:** | | $365.00 |

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Applicant's time for the preparation of the final fee application was performed after September 1, 2026.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **FIRST BRANDS GROUP, LLC, et al.,**[1] | § | **Case No. 25-90399 (cml)** |
| | § | |
| **Debtors.** | § | **Jointly Administered** |

**FINAL FEE APPLICATION OF**
**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS, & AUGHTRY, P.C.**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Chamberlain Hrdlicka White Williams & Aughtry, P.C. ("**Applicant**" or "**CHWWA**"), Court-approved general counsel for The Official Committee of Non-Union Retirees (the "**Retiree Committee**") and hereby applies to this court pursuant to 11 U.S.C. §§ 327, 328 and 503 for compensation of attorneys' fees and expenses totaling $99,293.00 for services rendered and expenses advanced from July 10, 2026 through September 1, 2026, plus the cost to prepare and prosecute this final fee application. The fees requested are $99,293.00 and there are no

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

expenses to be reimbursed. Applicant respectfully submits the following in support of this Final Fee Application for Compensation and Expenses in connection with the Chapter 11 proceedings ("**Application**").

## JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This Motion is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory and procedural bases for the relief requested herein are 11 U.S.C. §§ 105(a) of the Bankruptcy Code,[2] Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure,[3] and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas ("**BLR**").

3. Venue is proper in pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Court has constitutional authority to enter an order regarding the Application. Court approval of fees and expenses of estate professionals has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[4] In the alternative, allowance and payment of professional fees under §§ 330(a) and 503 of the Bankruptcy Code is an essential bankruptcy matter which triggers the "public rights" exception.[5]

---

[2] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

[3] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

[4] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).).

[5] *Id.*

### A. The Debtors' Background and the Debtors' Operations

5. On September 24, 2025, Global Assets LLC and 12 of the above-captioned debtors (the "**Debtors**") each filed with the Court a voluntary petition for relief under chapter 11 the Bankruptcy Code. Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary petition under chapter 11.

6. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. The Debtors' cases are being jointly administered for procedural purposes pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas.

8. On June 25, 2026, the Court entered its *Order (I) Authorizing and Directing the United States Retiree Committee to Appoint a Committee of Retired Employees, and (II) Granting Related Relief* (the "**Retiree Committee Order**").[6] Pursuant to the Retiree Committee Order, the Office of the United States Retiree Committee appointed four individuals to the Retiree Committee and filed its *Notice of Appointment of Committee of Retirees* on July 9, 2026.[7]

9. Thereafter, on July 16, 2026, the Applicant filed its Application to Employ Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. as Counsel for the Official Committee of Non-Union Retirees ("**Employment Application**"),[8] which was granted by Order of this Court on July 27, 2026 ("**Employment Order**").[9] The Employment Order outlined the effective date as July 10, 2026.

---

[6] ECF No. 3060.

[7] ECF No. 3148.

[8] ECF No. 3212.

[9] ECF No. 3436.

10. Before the Debtors' *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "**Plan**")[10] could be confirmed, the bankruptcy case was converted to a case under Chapter 7 effective September 1, 2026,[11] and the Applicant's work ceased, except as to the preparation and prosecution of this Application.

11. This final Application for Applicant covers the services rendered by the Applicant to the Retiree Committee for the period from July 10, 2026 through September 1, 2026, plus the time necessary to prepare and prosecute this Application.

12. Retiree Committee's Application to Employ Counsel stated that Applicant would be paid from the assets of the Debtor' estates to the extent the Court allows fees and reimbursement of expenses after the filing and noticing of applications for compensation in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules up to a maximum of $100,000. Applicant is seeking compensation pursuant to 11 U.S.C. § 503(b) in the amount of $99,293.00.

### B. PROFESSIONAL COMPENSATION

13. On November 17, 2025, an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals was entered ("**Interim Compensation Order**").[12] The Interim Compensation Order permitted professionals, including the Applicant to submit monthly fee invoices to certain notice parties and barring objection, receive as interim compensation 80% of fees and 100% of expenses subject to approval by the Court through a fee application every 120 days. The Applicant has been paid $76,372.40 in interim compensation, leaving a balance of $22,920.60.

---

[10] ECF No. 3019.

[11] ECF No. 3748.

[12] ECF No. 699.

14. The following is a summary of the attorneys and paralegals who performed services for the Retiree Committee and for whom reimbursement is requested, and the total amounts requested for each individual:

| Timekeeper | Rate/Hour | Hours | Total |
|---|---|---|---|
| Mark D. Sherrill (MDS3) | $ 1,150.00 | 64.40 | $ 74,060.00 |
| Joshua A. Sutin (JAS2) | $ 825.00 | 18.00 | $ 14,850.00 |
| Jeffrey M. Della Rocco (JMD2) | $ 425.00 | 8.80 | $ 3,740.00 |
| Lara A. Coleman (LAC2) | $ 365.00 | 18.20 | $ 6,643.00 |
| TOTALS: | | **109.40** | **$ 99,293.00** |
| **AVERAGE HOURLY RATE:** | **$ 907.61** | | |

15. The total fees requested are $99,293.00.

16. The rates charged by Applicant are similar to the customary compensation rates charged by comparably skilled practitioners in cases other than cases under Title 11.

17. There were no expenses incurred by Applicant on behalf of the Retiree Committee.

18. This is the Final application for compensation and expenses for representation of the Retiree Committee in conjunction with the Debtor's Chapter 11.

19. [Not true because the Committee has been dissolved. The chair of the Committee reviewed our invoices that were issued before conversion. But let's just omit this sentence.]This Application is submitted with the understanding that, in evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases. These factors reflect the standards

articulated in § 330 and Bankruptcy Rule 2016 for awarding compensation to professionals employed under § 327 or § 1103.

## A. STANDARDS RELEVANT TO AWARDING REASONABLE COMPENSATION

20. Section 330 of the Bankruptcy Code authorizes the Court to award CHWWA reasonable compensation for its actual and necessary services rendered and reimbursement of its actual and necessary expenses incurred in the rendering of services as general counsel to the Retiree Committee. Section 330 provides:

> (a)(1) After notice to the parties in interest and to the United States Retiree Committee and a hearing, and subject to sections 326, 328, and 329, the court may award to a Retiree Committee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103:
>
> > (A) reasonable compensation for actual, necessary services rendered by the Retiree Committee, examiner, ombudsman, professional person or attorney and by any paraprofessional person employed by any such person; and
> >
> > (B) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).

21. This Fee Application substantiates the total amount that CHWWA seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications. These standards are set forth in (i) Bankruptcy Rule 2016 and (ii) *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977).

22. In *First Colonial*, the Fifth Circuit adopted the following twelve factors to apply to the determination of awards of attorneys' fees in bankruptcy cases: (i) time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations

imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.[13] These factors were taken from *Johnson v. Georgia Highway Express, Inc.*, a non-bankruptcy case, and are commonly referred to as the "Johnson factors."[14]

23. The original Johnson factors, as embraced by *First Colonial,* remain applicable to the determination of reasonableness of fees awarded under the Bankruptcy Code.[15] A majority of the *Johnson* factors are now codified under § 330(a).[16]

24. The Fifth Circuit has rejected the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.*[17] In its place, the Fifth Circuit enunciated a new, prospective standard based on whether the services of counsel were reasonably likely to benefit the estate at the time which they were rendered.[18] All services rendered by CHWWA satisfy the *Woerner* standard because they were reasonably likely to benefit the estate at the time rendered.

## B. <u>NATURE AND EXTENT OF SERVICES PROVIDED BY CHWWA</u>

25. Pursuant to the U.S. Trustee's Guidelines, CHWWA classified all services performed for which compensation is sought into categories. CHWWA generally utilizes the American Bar Association Code Set, although depending on the needs of the case, includes additional task codes. CHWWA attempted to divide the services it rendered the Retiree

---

13 *First Colonial*, 544 F.2d at 1298-99.

14 488 F.2d 714, 717-19 (5th Cir. 1974).

15 *See* 15 King, *Collier on Bankruptcy*, ¶ 330.04[3] at 330-35 to 330-41.

16 *Id.*

17 157 F.3d 414 (5th Cir. 1998).

18 *See In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015).

Committee for the benefit of the Bankruptcy Estates into the appropriate categories. However, because certain services may relate to more than a single category, services pertaining to one category may be included in another category. A summary of the time expended by CHWWA attorneys and paralegals, together with their respective hourly rates by project category are attached as **Exhibit A**. Detailed statements of the services rendered, time expended, and expenses incurred are attached hereto as **Exhibit B** provides detailed descriptions of the services CHWWA rendered with respect to each of these categories.

## C. ADDITIONAL STANDARDS FOR AWARDING OF ATTORNEYS' FEES

### I. NOVELTY AND DIFFICULTY OF LEGAL PROBLEMS INVOLVED

26. The first *Johnson* factor examines the degree of novelty and difficulty of the issues encountered by CHWWA. With respect to the matters described herein, numerous difficult and complex legal problems have been addressed and considered by CHWWA, all of which have required knowledge of the application of the Bankruptcy Code, Bankruptcy Rules, BLR and court decisions interpreting the same. The Applicant would note that Mr. Martin and CHWWA represented Retiree Committees in scores of cases, and this representation was novel in that there were issues related to exemptions in the bankruptcy estate, the sale of bankruptcy estate property, and priority claim disputes.

### II. CUSTOMARY FEE

27. The next relevant factor to be considered is the reasonable hourly rate by which the reasonable number of hours expended by CHWWA are to be multiplied. Subsumed in this analysis are the following guidelines, as noted in Johnson: the customary fee charged by the applicant,

awards in similar cases, the level of skill necessary, the amount involved, the results obtained, the reputation of the professional and the undesirability of the case.

28. CHWWA's hourly billing rates were set out in the Employment Application and are also included in **Exhibit B**, are computed at a reduced rate from what CHWWA regularly charges its hourly clients.

29. The hourly rates charged by CHWWA are also lower than or commensurate with the customary fees charged by professionals of similar experience, reputation and abilities in this community, as well as those rates charged regionally and nationally. Additionally, the hourly rates charged by CHWWA are consistent with the amount involved in these cases, the results obtained by CHWWA, and the level of skill necessary to perform the work. Further, the Applicant routinely uses paralegals to perform work at a reduced rate and with oversight, the average billing rates for clients are significantly reduced. Accordingly, the hourly billing rates charged by CHWWA are reasonable.

## III. Skill Required for Performance of Legal Services

30. The issues and matters addressed in these cases required skill and expertise. CHWWA's attorneys, with varying levels of experience and seniority, have been used effectively and efficiently to perform the tasks assigned to them and have provided valuable and effective assistance to the Retiree Committee. A thorough understanding of the Bankruptcy Code and Bankruptcy Rules was blended with business expertise to assist the Retiree Committee in the complex Chapter 11 case. The compensation requested by CHWWA is consistent with the compensation awarded in other cases of similar size and complexity.

## IV. RESULTS OBTAINED

31. CHWWA's actions in this case assisted the Retiree Committee in connection with this Bankruptcy Case in generally analyzing the benefits packages of the Debtors' non-union retirees; negotiating with the Debtors in their offers to the non-union retirees concerning modification of retirement benefits; employing the Applicant; objecting to the Plan, and other motions and objections; facilitating the distribution of payments to retirees; and finally preparing this Application for Applicant. Further the Applicant generally advised the Retiree Committee during this bankruptcy case regarding the the status of the case and strategic implications related to the Plan confirmation process. A complete description of services provided to the Retiree Committee is contained in **Exhibit B**, attached.

## V. EXPERIENCE, REPUTATION AND ABILITY OF CHWWA

32. CHWWA's attorneys have appeared throughout the United States providing legal representation to Retiree Committees, debtors, secured creditors, unsecured creditors, and creditors' committees in proceedings under the Bankruptcy Code. Furthermore, CHWWA has particular experience in the areas of insolvency, workout and corporate reorganization. CHWWA's clients include individuals, small business organizations, public companies, financial institutions, insurance companies, Court appointed committees and receivers, and many others. CHWWA has an active bankruptcy and restructuring practice but is also a full-service firm that provides the necessary expertise in a variety of issues affecting this Bankruptcy Case, including bankruptcy, corporate, labor and employment, finance, and insurance.

## VI. CONTINGENT NATURE OF FEES AND UNDESIRABILITY OF CASE

33. No contingent fees are requested in these cases.

## VII. Time Limitations Imposed By The Case

34. The time demands of this representation have not resulted in a disproportionate allocation of resources by CHWWA.

35. The fees requested during the Application Period $99,293.00. CHWWA rendered 109.40 hours in legal services to the Retiree Committee for the benefit of the Bankruptcy Estate during the Application Period. These fees were necessary for the proper and successful administration of this Bankruptcy Case. CHWWA made every effort to keep all fees and costs to a minimum and utilizes a paralegal in order to accomplish this.

36. As shown by this Fee Application and supporting exhibits, CHWWA spent its time economically and without duplication of time. For the convenience of the Court and all parties in interest, a summary of the time expended by CHWWA attorneys and paralegals, together with their respective hourly rates by project category are attached as **Exhibit A**. A detailed statement of the services rendered, time expended, and expenses incurred is attached hereto as **Exhibit B** and is incorporated herein by reference for all purposes.

37. The following statement is provided pursuant to C.5. of the Appendix B of the United States Retiree Committee's Guidelines:

(a) **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Answer**: No.

(b) **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**: N/A

(c) **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**: No.

(d) **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer**: No.

(e) **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: No.

(f) **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: No.

38. CHWWA does not request any expense reimbursement.

39. At all times covered by this Fee Application, CHWWA diligently fulfilled its duty as bankruptcy counsel for the Retiree Committee. All services rendered by CHWWA benefitted the estate at the time that such services were rendered. Services performed by CHWWA throughout the Application Period for this Bankruptcy Case were done in a professional, skilled and expeditious manner, requiring substantially less time than would have been required by counsel

with less experience and a cost significantly cheaper than many of CHWWA's counterparts. Every action of CHWWA was taken to reduce the legal hours expended and matters not demanding the services of senior level attorneys were assigned to associates, and paralegals.

40. No agreement exists between CHWWA and any other person, firm or entity for division or sharing of compensation in these cases.

41. The above narrative portion of this Fee Application is primarily intended to serve as a summary recapitulation of the major areas of CHWWA's activities and responsibilities. The exhibits provide complete recapitulations of the acts taken by CHWWA on behalf of the Retiree Committee during the Application Period for this Bankruptcy Case.

**WHEREFORE**, CHWWA requests that this Court approve compensation for services rendered by CHWWA during the Application Period in the total amount of $99,293.00 on a final basis, that CHWWA receive the remaining outstanding balance of $20,969.60; and for such other and further relief as may be just and proper.

Dated: October 14, 2026
Houston, Texas

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**

By: */s/ Mark D. Sherrill*
Mark D. Sherrill (TBN 24034678)
1200 Smith Street, Suite 1400
Houston, TX 77002
Telephone: (713) 658-1818
Facsimile: (713) 658-2553
e-mail: mark.sherrill@chamberlainlaw.com

***Counsel for The Official Committee of Non-Union Retirees***

## CERTIFICATE OF SERVICE

This is to certify that on October 14, 2026 a true and correct copy of the forgoing application has been forwarded by ECF to all parties registered to receive such notices, including the United States Trustee, Debtors' counsel, and the Chapter 7 Trustee.

*/s/ Mark D. Sherrill*
Mark D. Sherill