**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | |
| | § | **Jointly Administered** |

**ORDER GRANTING TRUSTEE'S *EMERGENCY* MOTION FOR AUTHORITY TO OPERATE PURSUANT TO 11 U.S.C. § 721 AS OF SEPTEMBER 1, 2026**
**[Related to Docket No. 3796]**

On this day came on to be considered the *Trustee's Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 as of September 1, 2026* [Docket No. 3796] (the "Motion")[2] filed by Eva S. Engelhart, interim chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, *et al.*, debtors in the above-styled jointly administered chapter 7 cases. The Court having considered the same is of the opinion that it should be in all things granted; it is therefore **ORDERED** that:

1. Trustee is authorized to operate the FBG Debtors effective September 1, 2026 and through and including March 31, 2027, subject to further extension by order of the Court.

2. The Trustee, subject to the express limitations set forth herein, is authorized to take any actions or enter into any further agreements as necessary or advisable to operate the FBG

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Debtors' businesses on the limited basis described in the Motion and to carry out the chapter 7 transition services and related wind-down activities, including but not limited to the following:

i. Make payments as necessary under any order approving the use of cash collateral;

ii. Employ non-professional persons to assist in operations, including but limited to former employees of the FBG Debtors; and

iii. Preserve and protect the FBG Debtors' records.

3. This Order shall be effective and enforceable immediately upon entry.

4. Notwithstanding anything to the contrary in this Order, nothing in this Order shall (a) constitute an authorization under any provision of the Bankruptcy Code other than section 721, (b) amend, modify or limit the effect of any order of the Court previously entered in these Cases or in the predecessor chapter 11 cases, including any order providing adequate protection to parties-in-interest or authorizing the wind down of the Debtors' operations, or (c) affect the Trustee's rights with respect to any records of any debtor other than the FBG Debtors. For the avoidance of doubt, nothing herein shall modify any requirements to obtain court approval that are set forth in sections 327, 363, 364 or any other provision of the Bankruptcy Code, except as otherwise authorized under prior orders of the Court in these Cases or in the predecessor chapter 11 cases.

5. The Trustee shall file monthly operating reports no later than 21 days after the completion of each month of operation in a format approved by the Office of the U.S. Trustee, provided that the report for September 2026 will be due by November 21, 2026.

6. The Court retains exclusive jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the implementation, interpretation, and enforcement of this Order.

7. This Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of any party in interest under the Bankruptcy Code or under non-bankruptcy law.

SIGNED ______________

____________________________________
THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE