**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, et al.,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |
| **Affected Debtor:** | § | |
| **Dalton Corporation, Warsaw** | § | |
| **Manufacturing Facility** | § | |
| **Case No. 25-90482** | § | |

**MOTION OF IA MECHANICAL INC. FOR ENTRY OF AN ORDER (I) ALLOWING PROOF OF CLAIM NO. 1760 AS A SECURED CLAIM AND (II) DIRECTING RELEASE OF THE ESCROWED SALE PROCEEDS**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S. BANKRUPTCY JUDGE:

IA Mechanical Inc. ("IA Mechanical" or the "Movant"), a secured creditor of Dalton Corporation, Warsaw Manufacturing Facility, files this Motion for entry of an order allowing its Proof of Claim No. 1760 as a secured claim and directing release of the sale proceeds escrowed on account of that claim, and in support states as follows:

## I. PRELIMINARY STATEMENT

1. IA Mechanical holds a secured claim of $502,750.71 against Dalton Corporation, Warsaw Manufacturing Facility, secured by a recorded Indiana mechanic's lien. When the Debtors sold the encumbered real property, the Court's Sale Order segregated the full amount of the claim, $502,750.71, in escrow, and provided that IA Mechanical's lien attached to those funds with the same validity and priority it had against the real property. The Sale Order directs that the escrowed funds be released upon a final order of this Court determining the allowance and priority of the claim. No party has objected to the claim. IA Mechanical asks the Court to allow Proof of Claim No. 1760 as a secured claim and to direct release of the escrowed funds.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other predicates for the relief requested are 11 U.S.C. §§ 105(a), 502, and 506, the Sale Order, the Wind Down Order, and this Court's retention of jurisdiction thereunder.

## III. FACTUAL BACKGROUND

4. On September 28, 2025, Dalton Corporation, Warsaw Manufacturing Facility and certain affiliated debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code; an initial group of affiliated debtors had filed on September 24, 2025. The cases are jointly administered under Case No. 25-90399.

5. On September 1, 2026, the Court entered its Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7 [ECF No. 3748], converting the cases, including the case of Dalton

Corporation, Warsaw Manufacturing Facility (Case No. 25-90482) (the "Debtor"), to cases under chapter 7. Eva S. Engelhart is serving as the chapter 7 trustee (the "Trustee").

6. IA Mechanical furnished skilled labor and materials in connection with the Debtor's manufacturing facility located at 1900 E. Jefferson Street, Warsaw, Indiana 46580 (the "Property"). True and correct copies of IA Mechanical's invoices are attached as **Exhibit A**.

7. IA Mechanical holds a mechanic's lien against the Property recorded on July 24, 2025 as Instrument No. 2025071587 in the Office of the Recorder of Kosciusko County, Indiana, as corrected by an Affidavit of Scrivener's Error recorded on December 22, 2025 as Instrument No. 2025120808 (the "Lien"). A true and correct copy of the recorded Lien, as corrected, is attached as **Exhibit B**.

8. On February 18, 2026, IA Mechanical timely filed Proof of Claim No. 1760 against the Debtor, asserting a claim of $502,750.71 secured in full by the Lien, with no portion asserted as unsecured. A true and correct copy of Proof of Claim No. 1760 is attached as **Exhibit C**.

9. Pursuant to the Order in Furtherance of the Wind Down Order Regarding Sale of Certain Assets of Dalton Corporation; Dalton Corporation, Warsaw Manufacturing Facility Inc.; and Dalton Corporation, Stryker Machining Facility Co. to MiddleGround Capital [ECF No. 3301] (the "Sale Order"), the Property was sold to MiddleGround Capital. The Sale Order provides that IA Mechanical "shall have a lien on the escrowed proceeds of the Sale," which lien "shall have the same validity, priority, extent, force, and effect, if any, that such lien had against the real property immediately before the Effective Date." Sale Order ¶ 44.

10. The Sale Order further directs that $502,750.71 be paid "to the SPV-DIP Wind Down Account to be held in escrow pending a final order of the Bankruptcy Court determining

the allowance, amount, validity, extent, priority, and/or enforceability of the IA Mechanical Claim." Sale Order ¶ 49 (the "Escrowed Funds").

11. The Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief [ECF No. 2454] (the "Wind Down Order") provides that funds in the SPV-DIP Wind Down Account may not be distributed without further order of the Court. Wind Down Order ¶ 38.

12. IA Mechanical filed Proof of Claim No. 1760 prior to the conversion of these cases, and that claim remains of record following conversion. No objection to Proof of Claim No. 1760 has been filed, and IA Mechanical is informed and believes that no lien senior to the Lien encumbers the Escrowed Funds.

## IV. Basis for Relief

### A. Proof of Claim No. 1760 Should Be Allowed as a Secured Claim.

13. A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim, and is deemed allowed under 11 U.S.C. § 502(a) unless a party in interest objects. No party has objected to Proof of Claim No. 1760.

14. Under 11 U.S.C. § 506(a), a claim is secured to the extent of the value of the creditor's interest in the collateral. The Escrowed Funds, in the amount of $502,750.71, equal the full amount of the claim, and the Lien attached to the Escrowed Funds under paragraph 44 of the Sale Order. Proof of Claim No. 1760 is therefore a fully secured claim in the amount of $502,750.71.

15. The Lien is valid, perfected, and enforceable under applicable Indiana law, and is senior in priority to the interests of all other parties in the Escrowed Funds. As reflected in the recorded Lien attached as Exhibit B, IA Mechanical first furnished labor and materials to the Property on February 3, 2025, and last furnished labor and materials on May 14, 2025. The Lien was recorded on July 24, 2025, seventy-one (71) days after the last date on which IA Mechanical furnished labor and materials, and well within the ninety (90) days required by Ind. Code § 32-28-3-3 for a structure that is not a Class 2 structure. The Lien was therefore timely and properly perfected, and no competing lien primes it in the Escrowed Funds.

**B. The Escrowed Funds Should Be Released to IA Mechanical.**

16. The Sale Order conditions release of the Escrowed Funds on a final order of this Court determining the allowance, amount, validity, extent, priority, and enforceability of the IA Mechanical Claim. Sale Order ¶ 49. Entry of the order requested by this Motion satisfies that condition.

17. Section 105(a) of the Bankruptcy Code authorizes the Court to issue any order necessary to carry out and enforce its own orders, including the Sale Order and the Wind Down Order. The Court expressly retained jurisdiction to hear and determine disputes concerning the SPV-DIP Wind Down Account and the funds deposited therein. Directing release of the Escrowed Funds to IA Mechanical carries out and enforces the Sale Order.

18. Release of the Escrowed Funds does not prejudice the estate or its creditors. The Escrowed Funds are encumbered by the Lien to their full amount and are not property available for distribution to general creditors. Directing their release to IA Mechanical returns the funds to the party entitled to them and closes a discrete, fully reserved matter.

19. To the extent any party timely disputes the validity, extent, or priority of the Lien, and the Court determines that such a dispute must be resolved through an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001(2), IA Mechanical reserves all rights and requests that the Court direct the further proceedings appropriate to determine the matter. Absent a timely response, the relief requested may be granted without a hearing.

## **PRAYER**

WHEREFORE, IA Mechanical Inc. respectfully requests that the Court enter an order:

a) allowing Proof of Claim No. 1760 as a secured claim against the Debtor in the amount of $502,750.71;
b) finding that IA Mechanical's Lien is valid, perfected, and enforceable, and is senior in priority to the interests of all other parties in the Escrowed Funds;
c) directing the Trustee, and any other custodian of the SPV-DIP Wind Down Account, to release and distribute the Escrowed Funds in the amount of $502,750.71 to IA Mechanical, by wire transfer to the account identified by counsel for IA Mechanical, within ten (10) days of entry of the order;
d) providing that entry of the order satisfies the release condition set forth in paragraph 49 of the Sale Order and paragraph 38 of the Wind Down Order; and
e) granting IA Mechanical such other and further relief as the Court deems just and proper.

Dated: October 15 2026

Respectfully submitted,

*/s/ Elias M. Yazbeck*
Elias M. Yazbeck
Texas State Bar No. 24132103
The Law Office of Elias M. Yazbeck, PLLC
4119 Montrose Blvd., Suite 470
Houston, Texas 77006
Telephone: (281) 755-7320
Email: elias@yazbecklaw.com

Counsel for IA Mechanical Inc.

## CERTIFICATE OF CONFERENCE

I certify that on October 14 2026, counsel for IA Mechanical conferred, or attempted in good faith to confer, with the chapter 7 Trustee and counsel to the DIP Secured Parties regarding the relief requested in this Motion. Their position is opposed.

*/s/ Elias M. Yazbeck*
Elias M. Yazbeck

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Elias M. Yazbeck*
Elias M. Yazbeck