**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, et al.,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |
| **Affected Debtor:** | § | |
| **Dalton Corporation, Warsaw** | § | |
| **Manufacturing Facility** | § | |
| **Case No. 25-90482** | § | |

**ORDER (I) ALLOWING PROOF OF CLAIM NO. 1760 AS A SECURED CLAIM AND (II) DIRECTING RELEASE OF THE ESCROWED SALE PROCEEDS**

Upon the Motion of IA Mechanical Inc. ("IA Mechanical") for entry of an order allowing its Proof of Claim No. 1760 as a secured claim and directing release of the sale proceeds escrowed on account of that claim (the "Motion"); and this Court having jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334; and this being a core proceeding under 28 U.S.C. § 157(b); and due and proper notice of the Motion having been given; and no timely response or objection to the Motion having been filed, or any such response or objection having been withdrawn, resolved, or overruled; and the Court having found that good and sufficient cause exists for the relief granted; it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein. Capitalized terms used but not defined in this Order have the meanings given to them in the Motion.

2. Proof of Claim No. 1760 is ALLOWED as a secured claim against Dalton Corporation, Warsaw Manufacturing Facility (the "Debtor") in the amount of $502,750.71.

3. IA Mechanical first furnished labor and materials to the Property on February 3, 2025, and last furnished labor and materials on May 14, 2025. IA Mechanical's mechanic's lien

recorded on July 24, 2025 as Instrument No. 2025071587 in the Office of the Recorder of Kosciusko County, Indiana, as corrected by Instrument No. 2025120808 (the "Lien"), was recorded within the ninety (90) days required by Ind. Code § 32-28-3-3 and is valid, perfected, and enforceable, and is senior in priority to the liens, claims, and interests of all other parties in and to the $502,750.71 held in the SPV-DIP Wind Down Account on account of the IA Mechanical Claim (the "Escrowed Funds").

4. Within ten (10) days after entry of this Order, the chapter 7 Trustee, and any other custodian of the SPV-DIP Wind Down Account, shall release and distribute the Escrowed Funds, in the amount of $502,750.71, to IA Mechanical by wire transfer to the account identified in writing by counsel for IA Mechanical.

5. Upon IA Mechanical's receipt of the Escrowed Funds, the Allowed secured claim shall be deemed fully satisfied, the Lien shall be deemed released and satisfied, and IA Mechanical shall execute and deliver any lien releases or satisfaction documents reasonably requested to evidence the foregoing.

6. Entry of this Order satisfies the release condition set forth in paragraph 49 of the Sale Order [ECF No. 3301] and paragraph 38 of the Wind Down Order [ECF No. 2454].

7. Nothing in this Order allows any deficiency, general unsecured, priority, or administrative claim of IA Mechanical, and IA Mechanical shall receive no distribution on account of the IA Mechanical Claim other than the Escrowed Funds.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: ______________________, 2026

_________________________________
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE