**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | ) | Case No. 25-90399 (CML) |
| Debtors. | ) | (Jointly Administered) |

**SUMMARY COVER SHEET TO THE FIRST AND FINAL FEE APPLICATION OF HILCO GLOBAL FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR LITIGATION SUPPORT SERVICES FOR THE PERIOD FROM <u>OCTOBER 7, 2025 THROUGH AND INCLUDING AUGUST 31, 2026</u>**

| | | |
|---|---|---|
| **Name of Applicant:** | Hilco Valuation Services, LLC, d/b/a Hilco Global and its designated affiliates and subsidiaries | |
| **Applicant's Role in Case:** | Appraiser | |
| **Docket No. of Employment Order(s):** | Docket No. 898 | |
| **Interim Application ( )**<br>**Final Application (X)** | First and Final Fee Application | |
| | **Beginning Date** | **End of Period** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | October 7, 2025 | August 31, 2026 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? Yes** | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? Yes** | | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? Yes** | | |
| **Do expense reimbursements represent actual and necessary expenses incurred? Yes** | | |
| **Compensation Breakdown for Time Period Covered by this Application** | | |
| **Total professional fees requested in this Application:** | $187,412.50 | |
| **Total professional hours covered by this Application:** | 316.50 | |

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

| | |
|---|---|
| **Average hourly rate for professionals:** | $519.00 |
| **Total paraprofessional fees requested in this Application:** | N/A |
| **Total paraprofessional hours covered by this Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Total fees requested in this Application:** | $187,412.50 |
| **Total expense reimbursements requested in this Application:** | $17,227.00 |
| **Total fees and expenses requested in this Application:** | $204,639.50 |
| **Total fees and expenses awarded in all prior Applications:** | N/A |

**Case Status:** On September 1, 2026, the Court entered the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] and commencing the chapter 7 cases.

**Primary Benefits:** During the Fee Period, Hilco provided litigation support services for the Debtors, including: (i) preparing a rolling valuation for the Debtors; (ii) analyzing field exam reports and fair market value reports; (iii) preparing expert report; (iv) reconciling reports of assets asserted by stakeholders against appraisals; (v) preparing for potential testimony or deposition testimony regarding the appraisal; (vi) communicating with certain of the Debtors' lenders; and (vii) communicating regularly with the Debtors' other professionals, including Weil, Gotshal & Manges LLP and Alvarez & Marsal North America LLC regarding the foregoing.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | ) | Case No. 25-90399 (CML) |
| Debtors. | ) | (Jointly Administered) |

**FIRST AND FINAL FEE APPLICATION OF HILCO GLOBAL FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR LITIGATION SUPPORT SERVICES FOR THE PERIOD FROM OCTOBER 7, 2025 THROUGH AND INCLUDING AUGUST 31, 2026**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this Fee Application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this Fee Application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Hilco Valuation Services, LLC, d/b/a Hilco Global and its designated affiliates and subsidiaries (collectively, "Hilco"), hereby represents as follows in support of this first and final fee application (this "Fee Application") for the allowance of compensation for professional services provided in the amount of $187,412.50 and reimbursement of actual and necessary expenses in the amount of $17,227 that Hilco incurred for the period from October 7, 2025 through and including August 31, 2026 (the "Fee Period"). In support of this Fee Application, Hilco submits the declaration of Eric Kaup, Executive Vice President, Co-Chief Commercial Officer and Special Counsel of Hilco Trading, LLC, the parent company of Hilco Valuation Services, LLC and certain of its affiliates and subsidiaries (the "Kaup Declaration"), attached hereto as

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

**Exhibit A** and incorporated herein by reference. In further support of this Fee Application, Hilco states as follows:

## PRELIMINARY STATEMENT

1. During the Fee Period, Hilco diligently and efficiently provided litigation support services (the "Litigation Support Services") to the above-captioned debtors (collectively, the "Debtors"). With respect to such Litigation Support Services, Hilco's work and the fees and expenses incurred were reasonable, necessary, and appropriate. In light of the complexity of the issues involved in the Chapter 11 Cases, Hilco maintained an appropriately team comprised of highly qualified advisors that completed the tasks with which they were charged in an efficient and effective manner. Accordingly, Hilco respectfully requests that the Court grant the relief requested herein.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Hilco confirms its consent to entry of a final order.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas* (the "Complex Case Procedures"), the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 699] (the "Interim Compensation Order"), and the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and*

*Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748], which established a deadline to file final fee applications as 45-days after the "Conversion Date."

## BACKGROUND

### A. The Chapter 11 Cases and Hilco's Retention

5. On September 24, 2025 (the "Petition Date"), Global Assets LLC and 12 of the Debtors in the above-captioned cases each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code (such cases, the "Chapter 11 Cases").

6. On October 14, 2025, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Hilco Global as Appraiser for Debtors Effective as of October 7, 2025* [Docket No. 331] (the "Retention Application").

7. On November 17, 2025, the Court entered the Interim Compensation Order.

8. On December 8, 2025, the Court entered the *Order Authorizing the Retention and Employment of Hilco Global as Appraisers for Debtors effective as of October 7, 2025* [Docket No. 898] (the "Retention Order"), approving the Retention Application and authorizing the employment and retention of Hilco as of October 7, 2025, pursuant to the terms of the Engagement Letter (as defined herein) attached as Exhibit 1 to the Retention Order.

9. The Retention Order authorized the Debtors to retain Hilco to provide certain services consistent with the Retention Application and Engagement Letter. The Retention Order also authorized the Debtors to compensate Hilco for fees and reimburse Hilco for expenses in the manner and time frames as set forth in the Retention Application and Engagement Letter, as modified by the Retention Order. The specific terms of Hilco's engagement are detailed in the Engagement Letter.

10. Pursuant to that certain engagement letter between Hilco, the Debtors, and non-Debtor affiliate FRAM Group Services Mexico S.A. de C.V., dated as of October 7, 2025 (the "Engagement Letter"), the Debtors engaged Hilco to provide (i) an appraisal of the Debtors' various assets located at warehouses and manufacturing and distribution facilities throughout the world, including inventory, machinery, and equipment; (ii) the Litigation Support Services, including, potentially, expert opinions, witness testimony, and/or declarations; and (iii) such other services as the Debtors may request and Hilco may agree to handle, including the potential appraisal of other assets of the Debtors.

**B. Hilco's Disinterestedness**

11. As disclosed in the *Declaration of Eric Kaup in Support of Application of Debtors for Authority to Retain and Employ Hilco Global, LLC as Appraiser for Debtors Effective as of October 7, 2025,* attached as Exhibit B to the Retention Application (the "Retention Declaration"), Hilco: (a) has no connection to the Debtors, their affiliates, their creditors, or other parties in interest, except as may be disclosed in the Retention Declaration; (b) is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code; and (c) does not represent and has not previously represented an interest adverse to the Debtors or the Debtors' estates.

12. To the best of Hilco's knowledge, Hilco and its affiliates have in the past advised and provided services to certain parties-in-interest in matters wholly unrelated to the Chapter 11 Cases, but Hilco has never represented any party-in-interest in any matter relating to the Debtors. In the Retention Declaration, Hilco disclosed its connections to parties-in-interest that it was able to ascertain using its reasonable efforts.

13. Hilco performed the services for which it is seeking compensation on behalf of and at the sole direction of the Debtors. Hilco has received no payment and no promises for payment

from any source other than the Debtors for services provided in any capacity whatsoever in connection with the Chapter 11 Cases.

14. Pursuant to Bankruptcy Rule 2016(a), in connection with its Litigation Support Services pursuant to the Retention Order, Hilco has not shared, nor has Hilco agreed to share, (a) any compensation it has received or may receive with another party or person other than with the employees of Hilco; or (b) any compensation another person or party has received or may receive.[2]

## SUMMARY OF COMPLIANCE

15. Hilco seeks allowance and approval on a final basis of compensation in the amount of $187,412.50 for its Litigation Support Services rendered on behalf of the Debtors, and reimbursement of actual and necessary expenses in the amount of $17,227 incurred during the Fee Period. During the Fee Period, Hilco personnel expended a total of 316.50 hours for which compensation is requested.

### A. Customary Billing Disclosures

16. Per the terms of the Engagement Letter, Hilco billed on an hourly basis for work performed providing Litigation Support Services based on the actual hours worked applying its standard hourly billing rates.

17. Hilco's hourly rates are set at a level designed to compensate Hilco fairly for the work of its personnel and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by Hilco in the Chapter 11 Cases were equivalent to the hourly rates and corresponding rate structure used by Hilco for other litigation support service matters, regardless of whether a fee application is required. The rates and rate structure reflect that such engagements

[2] Hilco shares its compensation with a joint venture partner in connection with its consulting services under the *Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 2454] (the "Wind Down Order"). Such compensation is not sought in this Fee Application nor subject to the Retention Order.

are typically national or international in scope and typically involve great complexity, high stakes, and severe time pressures.

**B. Fees Incurred During Fee Period**

18. As required by the Retention Order, Hilco maintained computerized records of the time expended to render the Litigation Support Services to the Debtors. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Fee Period, solely in connection with the Litigation Support Services, setting forth the following information:

- the name of each Hilco employee for whose work on the Chapter 11 Cases compensation is sought;
- the aggregate time expended and fees billed by each personnel during the Fee Period; and
- the hourly billing rate for each personnel at Hilco's billing rates during the Fee Period.

19. Under the Engagement Letter, as modified by the Retention Order, Hilco also performed appraisal services for the Debtors. Subject to the terms of the Retention Order, Hilco's Appraisal Work Fees (as defined in the Retention Application) and expenses were paid without Hilco having to file interim or final fee applications. Hilco's Fees and Expenses (as defined in the Wind Down Order) are paid pursuant to the Wind Down Order. As such, neither the Appraisal Work Fees nor the Fees and Expenses under the Wind Down Order are sought in this Fee Application.

**C. Expenses Incurred During the Fee Period.**

20. In the ordinary course of Hilco's practice, Hilco maintains a record of expenses incurred in the performance of the professional services required by the Debtors, and for which reimbursement is sought. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit C** is a summary setting forth the total amount of reimbursement sought, which

comprises fees Hilco's counsel, Katten Muchin Rosenman LLP ("Katten"), with respect to the Litigation Support Services.

## SUMMARY OF REASONABLE AND NECESSARY SERVICES PROVIDED BY HILCO

### A. Reasonable and Necessary Fees Incurred in Providing Services to the Debtors

21. As discussed above, during the Fee Period, Hilco provided important professional services on behalf of the Debtors in connection with the Chapter 11 Cases. Specifically, during the Fee Period, Hilco:

a. prepared a rolling valuation for the Debtors;

b. analyzed field exam reports and fair market value reports;

c. prepared an expert report;

d. reconciled reports of assets asserted by stakeholders against appraisals;

e. prepared for potential testimony or deposition testimony regarding the appraisal;

f. communicated with certain of the Debtors' lenders; and

g. communicated regularly with the Debtors' other professionals, including Weil, Gotshal & Manges LLP and Alvarez & Marsal North America LLC regarding the foregoing.

22. The foregoing professional services provided by Hilco on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate.

### B. Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors

23. Hilco engaged Katten as counsel in connection with its services under the Engagement Letter, which expressly provides for the reimbursement of "documented legal fees and expenses incurred in connection with the Debtors' chapter 11 cases. . . ." As counsel to Hilco, with respect to the Litigation Support Services, Katten advised Hilco regarding, among other things: (i) requests from and responses to examiner; (ii) examiner preservation request; and (iii) Hilco's compliance with the Retention Order and Interim Compensation Order. By this Fee

Application, Hilco seeks reimbursement of the expenses it incurred, which were reasonable and necessary to providing the Litigation Support Services.

24. As set forth in **Exhibit D** attached hereto, and as summarized in **Exhibit C** attached hereto, Hilco seeks reimbursement of a total of $17,227 for expenses incurred. These charges are intended to reimburse Hilco's costs, which are not incorporated into Hilco's hourly billing rates.

25. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors. Hilco made every effort to minimize its disbursements in the Chapter 11 Cases.

## C. Summary of Prior Monthly Fee Statements

26. Pursuant to the Interim Compensation Order, Hilco filed two monthly fee statements (the "Monthly Fee Statements"). The Monthly Fee Statements contain daily time logs describing the actual and necessary services provided by Hilco during the periods covered by such Monthly Fee Statements as noted below:

| Invoice Period | Fees Requested | Expenses Requested | Total Payment Requested | Total Payment Received | Total Outstanding |
|---|---|---|---|---|---|
| October 7, 2025 – December 31, 2025 | $68,725.00 | $0.00 | $68,725.00 | $54,980.00 | **$13,745.00** |
| January 1, 2026 – January 31, 2026 | $118,687.50 | $0.00 | $118,687.50 | $94,950.00 | **$23,737.50** |
| Katten Invoice (Expenses)[3] | N/A | 17,227.00 | 17,227.00 | $0.00 | **$17,227.00** |
| **TOTAL:** | **$187,412.50** | **$17,227.00** | **$204,639.50** | **$149,930.00** | **$54,709.50** |

27. Prior to this Fee Application, Hilco received payment of $149,930, comprising 80% of the fees requested in Hilco's (i) *First Monthly Fee Statement of Hilco Global for Litigation Support Services for the Period from October 7, 2025 Through December 31, 2025*; and (ii) *Second Monthly Fee Statement of Hilco Global for Litigation Support Services for the Period from*

[3] Katten's invoice was not submitted with either of the previous Monthly Fee Statements. As such, the total of $17,227 remains outstanding.

*January 1, 2026 Through January 31, 2026*. Accordingly, by this Fee Application, Hilco seeks payment of unpaid fees and reimbursement of unpaid expenses.

**HILCO'S REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE ALLOWED**

28. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29. The services for which Hilco seeks compensation in this Fee Application were necessary for and beneficial to the Debtors and were rendered to protect and preserve the Debtors' estates. Hilco performed the services for the Debtors economically, effectively, and efficiently,

and, as such, Hilco's work benefited Debtors and their stakeholders. The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors.

30. During the Fee Period, Hilco's hourly billing rates for its professionals ranged from $450 to $1,000. The hourly rates and corresponding rate structure utilized by Hilco in the Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Hilco for similar litigation support service matters, regardless of whether a fee application is required. These rates and the rate structure reflect that such matters are typically national or international in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in the Chapter 11 Cases.

31. Hilco's hourly rates are set at a level designed to compensate Hilco fairly for the work of its professionals and to cover certain fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

32. In sum, the professional services provided by Hilco on behalf of the Debtors during the Chapter 11 Cases were necessary and appropriate given the complexity of the Chapter 11 Cases, the time expended by Hilco, the nature and extent of Hilco's services provided, the value of Hilco's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code. Accordingly, the compensation sought herein is warranted and should be approved.

**Reservation of Rights**

33. It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application. Hilco reserves the right to supplement or amend this Fee Application.

## Notice

34. Notice of this Fee Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

[*Remainder of page intentionally left blank*]

Hilco requests that the Court enter an order (a) awarding Hilco compensation for professional services rendered during the Fee Period in the amount of $187,412.50, and reimbursement of actual, reasonable, and necessary expenses incurred in the Fee Period in the amount of $17,227; (b) authorizing and directing the Debtors, or the Chapter 7 Trustee on the Debtors' behalf, to remit payment to Hilco for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: October 16, 2026
Northbrook, Illinois

*/s/ Eric Kaup*
Eric Kaup
Hilco Valuation Services, LLC
EVP, CCO & Special Counsel, Hilco Global

**<u>Certificate of Service</u>**

I certify that on October 16, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*<u>/s/ Cindi M. Giglio</u>*
Cindi M. Giglio

# Exhibit A

## Kaup Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | ) | Case No. 25-90399 (CML) |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF ERIC KAUP IN SUPPORT OF THE FIRST AND FINAL FEE APPLICATION OF HILCO GLOBAL FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR LITIGATION SUPPORT SERVICES FOR THE PERIOD FROM OCTOBER 7, 2025 THROUGH AND INCLUDING AUGUST 31, 2026**

I, Eric Kaup, hereby declare the following under penalty of perjury:

1. I am the Executive Vice President, Co-Chief Commercial Officer and Special Counsel of Hilco Trading, LLC, the parent company of Hilco Valuation Services, LLC and certain of its affiliates and subsidiaries, which maintains a business address at 5 Revere Drive, Suite 300, Northbrook, IL 60062. I submit this declaration in connection with the *First and Final Fee Application of Hilco Global for Allowance and Payment of Fees and Expenses for the Period from October 7, 2025 Through and Including August 31, 2026* (the "Fee Application"). I am the lead professional from Hilco working on the above-captioned chapter 11 cases.

2. To the best of my knowledge, information, and belief, the statements contained in the Fee Application are true and correct. In addition, I believe that the Fee Application complies with Bankruptcy Local Rule 2016-1 and the Interim Compensation Order. In connection therewith, I hereby certify that:

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

a) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Fee Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b) except to the extent disclosed in the Fee Application, the fees and disbursements sought in the Fee Application are billed at rates customarily employed by Hilco for litigation support service matters and generally accepted by Hilco's clients, and none of the professionals seeking compensation varied their hourly rate based on the geographic location of the Debtors' cases;

c) in providing a reimbursable expense, Hilco does not make a profit on that expense, whether the service is performed by Hilco in-house or through a third party;

d) in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between Hilco and any other person for the sharing of compensation to be received in connection with the Litigation Support Services as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules;[2] and

e) all services for which compensation is sought were professional services to the Debtors, and not on behalf of any other person.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Northbrook, Illinois
Dated: October 16, 2026

*/s/ Eric Kaup*
Eric Kaup
Hilco Valuation Services, LLC
EVP, CCO & Special Counsel, Hilco Global

[2] Hilco shares its compensation with a joint venture partner in connection with its consulting services under the Wind Down Order. Such compensation is not sought in this Fee Application nor subject to the Retention Order.

## Exhibit B

**Summary of Total Fees Incurred and Hours Billed for the Fee Period of October 7, 2025 Through and Including August 31, 2026**

***In re First Brands Group LLC, et al.***
**Bankruptcy Case No. 25-90399 (Jointly Administered)**

**Summary of Timekeepers for the Fee Period of**
**October 7, 2025 Through and Including August 31, 2026**

| Name | Hourly Billing Rate | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|
| Jesse Marzouk | $1,000 | 53.50 | $ 53,500.00 |
| Joe Herz | 1,000 | 18.75 | 18,750.00 |
| Rebecca Sahlin | 600 | 35.00 | 21,000.00 |
| Alejandro Avila | 450 | 22.00 | 9,900.00 |
| Estaban Carlos | 450 | 16.00 | 7,200.00 |
| Hector Cervantes | 450 | 20.00 | 9,000.00 |
| Oscar Encisco | 450 | 20.00 | 9,000.00 |
| Joe Ferrari | 450 | 8.00 | 3,600.00 |
| Alejandro Hernandez | 450 | 21.00 | 9,450.00 |
| Ben Kloss | 450 | 4.00 | 1,800.00 |
| Jordan Helse | 450 | 3.50 | 1,575.00 |
| Noe Navar | 450 | 20.25 | 9,112.50 |
| Max Glickman | 450 | 7.00 | 3,150.00 |
| Tony Petrucci | 450 | 2.00 | 900.00 |
| Benigno Sanchez | 450 | 24.00 | 10,800.00 |
| Rudy Tardin | 450 | 13.50 | 6,075.00 |
| Joanna Thompson | 450 | 8.00 | 3,600.00 |
| Roberto Vargas | 450 | 20.00 | 9,000.00 |
| **Total for Professionals** | | **316.50** | **$ 187,412.50** |

# Exhibit C

## Summary of Actual and Necessary Expenses for the Fee Period of October 7, 2025 – August 31, 2026

***In re First Brands Group, LLC, et al.***
**Bankruptcy Case No. 25-90399 (Jointly Administered)**

**Summary of Actual and Necessary Expenses for the Fee Period of**
**October 7, 2025 Through and Including August 31, 2026**

| Expense | Amount |
|---|---|
| Legal Fees (Outside Counsel) | $ 17,227.00 |
| **Total** | **$ 17,227.00** |

# Exhibit D

**Detailed Description of Services Provided and**
**Detailed Description of Expenses and Disbursements**
**for the Fee Period of October 7, 2025 Through and Including August 31, 2026**

| | Jesse Marzouk | Joe Herz | Rebecca Sahlin | Ben Kloss | Max Glickman | Rudy Tardin | Total | Work Performed |
|---|---|---|---|---|---|---|---|---|
| 11/20/2025 | | | 1 | | | | | Working on rolling Aug valuation to September for SPV's |
| 11/21/2026 | | | 2 | 4 | 3 | 4 | | Working on rolling Aug valuation to September for SPV's |
| 11/22/2026 | | | 2 | | | | | Working on rolling Aug valuation to September for SPV's |
| 11/23/2026 | | | 3 | | | 1.5 | | Working on rolling Aug valuation to September for SPV's |
| 11/24/2026 | | | | | 1 | 5 | | Working on rolling Aug valuation to September for SPV's |
| 11/25/2026 | | | 1 | | | 3 | | Working on rolling Aug valuation to September for SPV's |
| 12/1/2025 | 1.5 | | 1 | | | | | Analysis of Aequum SPV field exam reports |
| 12/3/2025 | 2 | | 2 | | | | | Analsysis of Ankura FMV report |
| 12/8/2025 | | | | | 3 | | | Working on rolling Aug valuation to September for SPV's |
| 12/9/2025 | | 3 | | | | | | Working on lease reconciliation |
| 12/9/2025 | | 4 | | | | | | Working on lease reconciliation |
| 12/11/2025 | 1 | | 3 | | | | | Work on September values and discussion with Weil, etc. |
| 12/12/2025 | 2 | | 7 | | | | | Discuss with Weil and working on September values |
| 12/13/2025 | 8 | | 4 | | | | | Finalizing September values and writing report |
| 12/14/2025 | 2 | | 1 | | | | | Working on expert report |
| 12/15/2025 | 1 | | | | | | | Working on expert report |
| 12/16/2025 | 1 | | | | | | | Call with Weil and reviewing Ankura data request questions |
| 12/21/2025 | 3 | | | | | | | Revising report after Weil and A&M comments |
| 12/22/2025 | 4 | | | | | | | Further revising written report |
| 12/23/2025 | 3 | | | | | | | Further revising written report, including call with Weil/A&M, and SPV call |
| 12/24/2025 | 2 | | | | | | | Finalizing expert report |
| 12/26/2025 | 2 | | | | | | | Reviewing CV and preparing SPV excel files to send to Sean M. |
| 12/29/2025 | 1 | | | | | | | Call with A&M and company personnel regarding Ankura questions |
| 12/31/2025 | 1 | | | | | | | Call with Kyle F. at Weil re: expert report |
| | | | | | | | | |
| Total Hours | 34.5 | 7 | 27 | 4 | 7 | 13.5 | | |
| | | | | | | | | |
| Billing Rate | $ 1,000.00 | $ 1,000.00 | $ 600.00 | $ 450.00 | $ 450.00 | $ 450.00 | | |
| Amount to be Billed | $ 34,500.00 | $ 7,000.00 | $ 16,200.00 | $ 1,800.00 | $ 3,150.00 | $ 6,075.00 | $ 68,725.00 | |

| | Jesse Marzouk | Rebecca Sahlin | Joe Herz | Joe Ferrari | Noe Navar | Jordan Heise | Tony Petrucci | Alejandro Ávila | Alejandro Hernández | Héctor Cervantes | Benigno Sánchez | Roberto Vargas | Oscar Enciso | Esteban Carlos | Joanna Thompson | Total | Work Performed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/1/2026 | 1.5 | | | | | | | | | | | | | | | | Finalize expert report |
| 1/2/2026 | 2 | | | | | | | | | | | | | | | | Finalize expert report; Attend Onset calls. |
| 1/3/2026 | 1 | | | | | | | | | | | | | | | | Finalize expert report |
| 1/4/2026 | 0.5 | | | | | | | | | | | | | | | | Reviewing final report |
| 1/6/2026 | 3.5 | | | | | | | | | | | | | | | | Deposition preparation and reviewing expert reports |
| 1/7/2026 | 7 | 6 | | | | | | | | | | | | | | | Working on Evolution analysis and report |
| 1/8/2026 | 3.5 | 2 | | | | | | | | | | | | | | | Working on Evolution analysis and report |
| 1/14/2026 | | | 2 | | 2 | | | 6 | 6 | 5 | 6 | 5 | 5 | 4 | | | Reconciling Onset list to Hilco appraisal |
| 1/15/2026 | | | 2 | | 2 | 2.5 | | 6 | 6 | 5 | 6 | 5 | 5 | 4 | | | Reconciling Onset list to Hilco appraisal |
| 1/16/2026 | | | 1.5 | 4 | 4 | | | | | | | | | | | | DIP Lender call |
| 1/16/2026 | | | 2 | | | | | 6 | 5 | 5 | 6 | 5 | 5 | 4 | | | Reconciling Onset list to Hilco appraisal |
| 1/17/2026 | | | 0.5 | | | | | | | | | | | | | | Lazard, et al call |
| 1/17/2026 | | | 2 | | | | | | | | | | | | | | Reconciling Onset list to Hilco appraisal |
| 1/19/2026 | | | | 4 | 7.5 | 1 | 2 | 4 | 4 | 5 | 6 | 5 | 5 | 4 | 7 | | Reconciling Onset list to Hilco appraisal |
| 1/20/2026 | | | | | 3 | | | | | | | | | | 1 | | Reconciling Onset list to Hilco appraisal |
| 1/20/2026 | | | 0.5 | | 0.5 | | | | | | | | | | | | Call with Lazard, etc. |
| 1/21/2026 | | | 0.5 | | 0.5 | | | | | | | | | | | | Call with DIP Lenders |
| 1/21/2026 | | | 0.75 | | 0.75 | | | | | | | | | | | | Call with SPC |
| Total Hours | 19.00 | 8.00 | 11.75 | 8.00 | 20.25 | 3.50 | 2.00 | 22.00 | 21.00 | 20.00 | 24.00 | 20.00 | 20.00 | 16.00 | 8.00 | | |
| Billing Rate | $ 1,000.00 | 600 | $ 1,000.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | | |
| Amount to be Bille | $ 19,000.00 | $ 4,800.00 | $ 11,750.00 | $ 3,600.00 | $ 9,112.50 | $ 1,575.00 | $ 900.00 | $ 9,900.00 | $ 9,450.00 | $ 9,000.00 | $ 10,800.00 | $ 9,000.00 | $ 9,000.00 | $ 7,200.00 | $ 3,600.00 | $ 118,687.50 | |

Katten

Direct Billing Inquiries to:
**Lisa Henry**
lisa.henry@katten.com

**50 Rockefeller Plaza**
**New York, NY 10020-1605**

March 31, 2026

David Kurtz
Benjamin Nortman
Alan Felix
Hilco Global, LLC
5 Revere Drive, Suite 206
Northbrook, IL 60062

Invoice No. 40320222
Client No. 392664
Matter No. 00010

FEIN: 36-2796532

**Re: First Brands** (392664.00010)

| | |
|---|---|
| For legal services rendered in connection with Hilco's Litigation Support Services through March 31, 2026 | $17,127.00 |
| Disbursements and other charges | $ 100.00 |
| **CURRENT INVOICE TOTAL:** | **$17,227.00** |

Disbursements and other charges incurred which have not yet been posted as of the above date will be billed at a later date.

Katten Muchin Rosenman LLP is an Illinois limited liability partnership including professional corporations that has elected to be governed by the Illinois Uniform Partnership Act (1997).
Katten Muchin Rosenman UK LLP is a limited liability partnership of solicitors and Registered Foreign Lawyers registered in England and Wales.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | ) | Case No. 25-90399 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. _______** |

**ORDER GRANTING FIRST AND FINAL FEE APPLICATION OF HILCO GLOBAL FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR LITIGATION SUPPORT SERVICES FOR THE PERIOD FROM OCTOBER 7, 2025 THROUGH AND INCLUDING AUGUST 31, 2026**

The Court has considered the *First and Final Fee Application of Hilco Global for Allowance and Payment of Fees and Expenses for the Period from October 7, 2025 Through and Including August 31, 2026* (the "Fee Application"), filed by Hilco Valuation Services, LLC d/b/a Hilco Global (the "Applicant").[2] The Court Orders:

1. The Fee Application is allowed compensation and reimbursement of expenses in the amount of $204,639.50, comprising (i) $187,412.50 for compensation; and (ii) $17,227 for reimbursement of expenses, for the period set forth in the Fee Application.

2. The compensation and reimbursement of expenses allowed in this order are approved on a final basis.

3. The Chapter 7 Trustee and the Debtors, as applicable, are authorized to disburse any unpaid amounts allowed by paragraphs 1 or 2 of this order.

---

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Fee Application.

Dated: ___________, 2026
Houston, Texas

____________________________________
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE