**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION OF BROWN RUDNICK LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST BRANDS GROUP, LLC, ET AL., FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD FROM OCTOBER 13, 2025 THROUGH AND INCLUDING SEPTEMBER 1, 2026**

| | | |
|---|---|---|
| Name of Applicant: | Brown Rudnick LLP ("Brown Rudnick") | |
| Applicant's Role in Case: | Co-Counsel to the Official Committee of Unsecured Creditors (the "Committee") | |
| Date Order of Employment Signed: | December 8, 2025, effective nunc pro tunc as of October 13, 2025 [Docket No. 891] | |
| Interim Application () <br>Final Application (X) | Final Fee Application (the "Final Application" or "Application") | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application (the "Final Application Period"): | 10/13/2025 | 9/1/2026 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? | | Yes |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? | | Yes |

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these Chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? | Yes |
| Do expense reimbursements represent actual and necessary expenses incurred? | Yes |
| **Compensation Breakdown for the Time Covered by this Application** | |
| Total professional fees requested in this Application: | $28,081,283.20 |
| Total professional hours covered by this Application: | 21,874.0 |
| Average hourly rate for professionals: | $1,283.77 |
| Total paraprofessional fees requested in this Application: | $301,120.00 |
| Total paraprofessional hours covered by this Application: | 586.5 |
| Average hourly rate for paraprofessionals: | $513.42 |
| Total fees requested in this Application: | $28,602,403.20[2] [3] |
| Reimbursable expenses requested in this Application: | $929,825.17 |
| **Total fees and expenses requested in the Application:** | **$29,532,228.37**[4] |
| Total fees requested to date: | $28,602,403.20[5] |
| Total fees paid to date: | $27,985,278.20 |
| Total disbursements requested to date: | $929,825.17[6] |
| Total disbursements paid to date: | $926,038.61 |
| Total fees and disbursements paid to date: | $28,911,316.81 |
| **Total fees and expenses requested in the Application not yet paid:** | **$620,911.56** |
| Blended hourly rate in this Application: | $1,263.66 |

[2] During the Final Application Period, Brown Rudnick reduced its requested fees by $368,461.50. The deduction pertains to, among other things, voluntary reductions for transient timekeepers and certain other fee application preparation time that is non-compensable under the guidelines promulgated by the Office of the United States Trustee,

[3] Includes $220,000.00 in estimated post-Conversion Date fees and disbursements related to the preparation of monthly fee applications and this Final Application, as well as work related to the trustee transition.

[4] Excludes $4,527.23 in Committee member expense reimbursements.

[5] Includes $5,021.00 in fees detailed in the September 1, 2026, timesheet attached as Exhibit H.

[6] Includes $3,786.56 in expenses detailed in the September 1, 2026, timesheet attached as Exhibit H.

| | |
|---|---|
| Date of confirmation hearing: | July 28, 2026 |
| Indicate whether plan has been confirmed: | No |

**Plan Status:** On June 12, 2026, the Court entered an order [Docket No. 2990]: (a) scheduling a combined hearing on July 28, 2026, to approve the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (including any exhibits and schedules thereto and as may be modified, amended, or supplemented, the "Disclosure Statement") [Docket No. 2982] on a final basis and consider confirmation of the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (including any exhibits and schedules thereto and as may be modified, amended, or supplemented, the "Plan") [Docket No. 2981]; (b) conditionally approving the Disclosure Statement and form and manner of notice of the Combined Hearing; (c) establishing solicitation and voting procedures; (d) establishing notice and opt-in procedures for the administrative expense claims consent program; (e) establishing notice and opt-in procedures for the preference settlement; (f) establishing notice and objections procedures for Plan confirmation; and (g) granting related relief.

The Debtors filed solicitation versions of the Plan [Docket No. 3019] and the Disclosure Statement [Docket No. 3020] on June 16 and 17, 2026, respectively. The confirmation hearing commenced on July 28, 2026, and concluded on August 7, 2026.

On August 24, 2026, the Court entered an order denying confirmation of the Plan [Docket No. 3710]. On September 1, 2026, the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* (the "Conversion Order") [Docket No. 3748] was entered. The Chapter 11 cases converted to cases under Chapter 7 on September 1, 2026 effective upon entry of the Conversion Order.

**Primary Benefits:** As co-counsel to the Committee, Brown Rudnick (i) investigated and identified causes of action for the estate; (ii) evaluated and determined potential case exit strategies; (iii) negotiated and resolved case financing terms and concerns; (iv) met and conferred with Committee members and their advisors to strategize and resolve the Committee's concerns as needed; (v) worked with case parties to prepare for confirmation of a Plan; and (vi) interfaced with the Chapter 7 trustee upon conversion of the Chapter 11 cases.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION OF BROWN RUDNICK LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF FIRST BRANDS GROUP, LLC, ET AL., FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED DURING THE PERIOD FROM OCTOBER 13, 2025 THROUGH AND INCLUDING SEPTEMBER 1, 2026**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov within twenty-one (21) days from the date this application was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within twenty-one (21) days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Brown Rudnick LLP ("Brown Rudnick"), as co-counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned matter, hereby files this final fee application (the "Final Application") for allowance of compensation for professional services rendered in the amount of $28,602,403.20[2] and expenses incurred in the amount of

[1] A complete list of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these Chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Includes $220,000.00 in estimated post-Conversion Date fees and disbursements related to the preparation of monthly fee applications and this Final Application, as well as work related to the trustee transition.

$929,825.17 for the period of October 13, 2025 through September 1, 2026 (the "Final Application Period") pursuant to section 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "Conversion Order"), and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines"). In support of this Final Application, Brown Rudnick submits the declaration of Bennett S. Silverberg (the "Silverberg Declaration") attached hereto as **Exhibit A** and a proposed order granting the Final Application attached hereto as **Exhibit B**. In further support of this Final Application, Brown Rudnick respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are section 330 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and the U.S. Trustee Guidelines.

## BACKGROUND

3. The Debtors each filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court") between September 24 and 28, 2025 (the "Petition Date").

4. During the Chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. On October 9, 2025, the Office of the United States Trustee (the "U.S. Trustee") filed the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 313] appointing nine eligible creditors to the Committee. On October 13, 2025, the Committee selected Brown Rudnick to serve as its co-counsel in these cases.

6. On November 12, 2025, the Committee filed the *Application for Order Authorizing the Employment and Retention of Brown Rudnick LLP as Co-Counsel for the Official Committee of Unsecured Creditors of First Brands Group. LLC, et al., as of October 13, 2025* [Docket No. 650] (the "Retention Application"). On December 8, 2025, the Court entered an order approving the Retention Application [Docket No. 891].

7. On September 1, 2026 (the "Conversion Date"), the Court entered the Conversion Order, pursuant to which the Chapter 11 cases of each of the Debtors were converted to cases under Chapter 7 of the Bankruptcy Code.

8. This is Brown Rudnick's final fee application for allowance of compensation for services rendered and for reimbursement of expenses. Brown Rudnick has previously sought interim compensation through the service of eleven (11) monthly fee statements covering the period from October 13, 2025 through September 1, 2026 (collectively, the "Monthly Fee

Statements") in accordance with the Interim Compensation Order. Pursuant to the Interim Compensation Order, the Monthly Fee Statements were served upon the Fee Notice Parties (as defined therein).

**SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED**

9. Pursuant to this Final Application, Brown Rudnick seeks final allowance of $28,602,403.20 in fees calculated at the hourly billing rates of Brown Rudnick's personnel who worked on this case, and $929,825.17 in expenses actually and necessarily incurred by Brown Rudnick while providing services to the Committee during the Final Application Period. During the Final Application Period, Brown Rudnick attorneys and paraprofessionals expended a total of 22,460.5 hours for which compensation is requested.

10. The fees charged by Brown Rudnick in this case are billed in accordance with Brown Rudnick's existing billing rates and procedures in effect during the Final Application Period. The rates Brown Rudnick charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 cases generally are the same rates Brown Rudnick charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy-related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and similar complex non-bankruptcy cases.

11. Attached hereto as **Exhibit C** is a schedule of the total amount of fees incurred under each of Brown Rudnick's internal task codes during the Final Application Period.

12. Attached hereto as **Exhibit D** is a summary breakdown of hours and amounts billed by timekeeper. The summary lists those Brown Rudnick professionals, paraprofessionals, and

other non-legal staff who have performed services for the Committee during the Final Application Period, the capacities in which each individual is employed by Brown Rudnick, the department in which each individual practices, the hourly billing rate charged by Brown Rudnick for services performed by such individual, the year in which each attorney was first licensed to practice law, where applicable, and the aggregate number of hours expended in this matter and fees billed therefor.

13. Attached hereto as **Exhibit E** is a summary for the Final Application Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Brown Rudnick is seeking reimbursement.

14. Attached hereto as **Exhibit F** is Brown Rudnick's monthly fee statement for July 2026, which was not previously filed with the Court.

15. Attached hereto as **Exhibit G** is Brown Rudnick's monthly fee statement for August 2026, which was not previously filed with the Court.

16. Attached hereto as **Exhibit H** are the detailed time entries and disbursements incurred by Brown Rudnick through and including the Conversion Date not previously included on a monthly fee statement.

17. Attached hereto as **Exhibit I** is Brown Rudnick's case budget.

18. Brown Rudnick maintains computerized records of the time spent by all Brown Rudnick attorneys and paraprofessionals in connection with these Chapter 11 cases. Copies of these computerized records were served with Brown Rudnick's eleven monthly fee statements. Brown Rudnick also filed three interim fee applications. All prior monthly fee statements and interim fee applications are hereby incorporated by reference.

19. Brown Rudnick reserves the right to request additional compensation for the Final Application Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

## SUMMARY OF SERVICES RENDERED

20. The services rendered by Brown Rudnick during these cases can be grouped into the categories set forth below. Brown Rudnick attempted to place the services provided in the category that best related to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. The following provides narrative description of project categories to which attorneys and paraprofessionals of Brown Rudnick dedicated the most significant time (*i.e.*, time charges in excess of $50,000 in the aggregate) during the Final Application Period.

### A. Committee Investigation (Non-Lenders)/Avoidance Actions: Fees: $11,866,915.00; Total Hours: 10,153.0.

These fees pertain to the Committee's robust investigation into and analysis of claims and causes of action arising from the circumstances leading to the commencement of these Chapter 11 cases, including the widely reported fraudulent conduct of certain of the Debtors' former directors and officers, and third-party participants.

The Committee's investigation was extensive throughout the Final Application Period. During the Final Application Period, Brown Rudnick both served and responded to multiple discovery requests under Rule 2004; reviewed over 185,000 priority documents identified by the team of the more than five million produced to the Committee; conducted considerable research into, and analysis of, potential claims and causes of action held by the Debtors' estates; and prepared multiple motions for derivative standing and related complaints against litigation targets.

Brown Rudnick, in coordination with other Committee professionals, also spent significant time during the Final Application Period distilling its findings for the benefit of the Committee and certain other case parties.

**B. <u>Plan and Disclosure Statement: Fees: $5,635,642.00; Total Hours: 3,504.0</u>.**

These fees pertain to the Committee's work developing and executing Chapter 11 exit strategies for the Debtors. Throughout the Final Application Period, Brown Rudnick engaged in case resolution discussions with the Debtors and the ad hoc group of lenders (the "<u>Ad Hoc Group</u>"), participating in formal mediation from late January through late March, and settlement negotiations with the Debtors and the Ad Hoc Group through June 2026. In connection therewith, Brown Rudnick spent considerable time evaluating case exit options and presenting recommendations to the Committee for its consideration.

On June 12, 2026, the Debtors filed the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "<u>Plan</u>") [Docket No. 2981] and the *Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* (the "<u>Disclosure Statement</u>") [Docket No. 2982]. The Court commenced the combined hearing to consider the adequacy of the Disclosure Statement and confirmation of the Plan on July 28, 2026. The combined hearing concluded on August 7, 2026, after which the Court took the matter under advisement.

Leading up to the hearing, the Committee worked alongside the Debtors and the Ad Hoc Group to prepare for the confirmation hearing. This included, among other things, responding to discovery requests, monitoring the depositions of the Debtors' anticipated witnesses at the combined hearing, and finalizing the Plan supplement documents. Following the conclusion of

the hearing, Brown Rudnick devoted attention to advising the Committee on next steps while preparing for the Court's final decision.

On August 24, 2026, the Court issued an oral ruling denying confirmation of the Plan and converting the Chapter 11 cases to Chapter 7. Immediately after, Brown Rudnick spent time analyzing the impact and potential issues of conversion. Brown Rudnick partners also met with the Chapter 7 trustee at length to discuss, among other things, the conversion and trustee transition, and also provided the trustee with an extensive summary of estate claims and causes of action.

**C. DIP Financing/Cash Collateral: Fees: $2,780,385.50; Total Hours: 2,202.6.**

These fees pertain to the Committee's analysis and evaluation of the Debtors' funding status and financing proposals, including the Debtors' initial request for approval of an approximately $4.4 billion post-petition DIP financing.

With respect to the proposed DIP facility, Brown Rudnick, on behalf of the Committee, spent considerable time negotiating and analyzing modified terms with the proposed DIP lenders and the Debtors. Failure to come to a consensual resolution before the objection deadline led to the Committee's filing of the *Objection of the Official Committee of Unsecured Creditors to the Emergency Motion of Debtors for Interim and Final Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "DIP Objection") [Docket No. 465]. Following this, the Committee continued discussions with the Debtors and proposed DIP lenders and ultimately reached a resolution on the terms of the final DIP order [Docket No. 597].

Brown Rudnick's work then shifted to evaluation of proposed original equipment manufacturer ("OEM") financing and general case funding issues. Brown Rudnick provided analysis of and recommendations to the Committee regarding the same.

**D. Insurance: Fees: $1,535,579.00; Total Hours: 1,150.2.**

These fees pertain to the Committee's analysis of and objection to certain directors and officers' motions seeking authorization to access the director and office liability insurance proceeds to cover defense costs. Brown Rudnick, on behalf of the Committee, filed an *Omnibus Objection of the Official Committee of Unsecured Creditors to Motions and Joinders of Insiders Seeking to Modify the Automatic Stay to Allow the Use of Proceeds of Directors and Officers Liability Insurance Policies* [Docket No. 1149]. The Court sustained the Committee's objection, in part, by ordering that the directors' and officers' Side A policies and proceeds of the policies were not property of the estate so directors and officers could access funding under these policies without court authorization [Docket No. 1231].

The directors and officers, and certain insurers appealed the Court's decision to the United States District Court for the Southern District of Texas (the "District Court") (Case No. 4:26-cv-00513) (the "Insurance Appeal") and Brown Rudnick accordingly devoted attention to appellate motion practice and litigation preparation. This included preparation of a motion to dismiss the appeal and a responsive appellate brief in anticipation of the appellants' opening brief before the Insurance Appeal was ultimately stayed.

On May 29, 2026, the Court issued a subsequent order on the issue [Docket No. 2845], which prompted certain insurers' motion for clarification that the May 29, 2026 order modifies the automatic stay [Docket No. 3669], and Brown Rudnick's response to the insurers' motion.

E. **Meetings and Communications with the Committee: $1,258,556.50; Total Hours: 1,029.9**.

These fees pertain to Brown Rudnick's efforts to ensure that the Committee was adequately informed regarding the status of the Chapter 11 cases. Due to the size and complexity of these cases, it was necessary for Brown Rudnick and the Committee's professionals to be in regular communication with the Committee to provide updates and analysis and strategize the best path forward for unsecured creditors. To this end, Brown Rudnick provided regular briefings to the Committee on plan progress, investigation status, and hearing preparation. Brown Rudnick also prepared meeting materials and coordinated member input and direction.

These fees also include time spent preparing non-meeting communications, including regular written case updates, agendas, and other updates and analyses for the Committee's consideration and benefit.

F. **Hearings: Fees: $767,537.50; Total Hours: 534.2**.

These fees pertain to the Committee's preparation for and participation at hearings during the Chapter 11 cases. Brown Rudnick, on behalf of the Committee, attended and participated in a number of hearings and status conferences during the Final Application Period, including regarding the motions to quash; the directors' and officers' insurance dispute; Evolution's motion seeking adequate protection as it relates to the factored receivables; the OEMs' bridge funding arrangement following the Debtors' liquidity crisis; SPV lenders' motions for stay relief; the sales of various assets; the *United States Trustee's Motion to Convert or Dismiss Pursuant to 11 U.S.C. § 1112(b)* [Docket No. 2670], *Aequum Capital Financial II LLC's Motion to Dismiss* [Bank of America Adversary Docket No. 22] in the adversary proceeding between Bank of America and Aequum Capital Financial II LLC; *Plaintiffs' Motion to Consolidate Related Actions and Appoint*

*Interim Co-Lead Class Counsel* (Tapia Adversary Docket No. 42; Garza Adversary Docket No. 27) in the WARN Act adversary proceedings; and all Disclosure Statement and Plan confirmation-related hearings.

**G. <u>Committee Investigation (Lenders): Fees: $596,304.50; Total Hours: 555.2</u>.**

These fees pertain to the Committee's investigation and analysis of potential issues, causes of action, and claims against the Debtors' lenders. Brown Rudnick's work included substantial analysis of the Debtors' pre-petition financing arrangements and evaluation of the validity, perfection and enforceability of purported prepetition liens.

Throughout the Final Application Period, Brown Rudnick worked closely with Committee co-counsel Cole Schotz P.C. and financial advisor M3 Advisory Partners, LP to coordinate workstreams and avoid duplication of efforts.

**H. <u>SPV Lift Stay/Dismissal/Trustee Motions: Fees: $576,702.50; Total Hours: 408.4</u>.**

These fees pertain to the Committee's evaluation of motions for relief from the automatic stay, dismissal, or appointment of a Chapter 11 trustee commenced by certain SPV lenders including the Carnaby Secured Lenders, Aequum Capital Financial II LLC, UMB Bank N.A., Onset Financial Inc., and Evolution Credit Partners.

In response to motions filed by the SPV lenders, Brown Rudnick, on behalf of the Committee, prepared the *Objection of Official Committee of Unsecured Creditors to Emergency Motion of the Carnaby Secured Lenders for Relief from the Automatic Stay for Cause, Including Lack of Adequate Protection* [Docket No. 809] and *Objection of Official Committee of Unsecured Creditors to the Carnaby Secured Lenders Motion for Dismissal and Appointment of Chapter 11 Trustee* [Docket No. 949]. As the SPV lenders continued to press for relief, Brown Rudnick spent considerable time analyzing further motions filed by these parties, attending depositions in respect

thereof, and evaluating proposed adequate protection stipulations. Brown Rudnick conferred with the Debtors and provided comments with respect to such proposed adequate protection. Brown Rudnick also appeared at hearings on behalf of the Committee with respect to the various requests made by the SPV lenders.

**I. <u>Case Administration: Fees: $449,683.50; Total Hours: 482.5</u>.**

These fees pertain to the general administration of Committee matters rendered by Brown Rudnick. This work covers day-to-day case management, including docket monitoring, scheduling and coordination of filings and service, and maintaining the infrastructure necessary to support the Committee's plan, investigation, and hearing efforts.

**J. <u>Examiner Appointment: Fees: $413,110.50; Total Hours: 264.6</u>.**

These fees pertain to the Committee's analysis of requests for the appointment of an examiner in the Chapter 11 cases, the scope of the examiner's work upon appointment, and communications with the examiner regarding the same.

Brown Rudnick spent considerable time at the outset of the cases analyzing the issues surrounding the possible appointment of an examiner. Brown Rudnick, on behalf of the Committee, negotiated a consensual form of order providing for the appointment of an examiner with, among others, the Debtors, the Ad Hoc Group, Raistone Capital LLC, and the U.S. Trustee. On November 19, 2025, this Court issued an order directing the appointment of an examiner [Docket No. 726], and on January 9, 2026, this Court approved the appointment of Martin De Luca as examiner [Docket No. 1260]. Following his appointment, Brown Rudnick met with the examiner on several occasions to discuss workstreams, processes, and findings.

**K. Employment and Fee Applications: Fees: $392,475.50; Total Hours: 435.5.**

These fees pertain to Brown Rudnick's preparation and submission of its Monthly Fee Statements and interim fee applications in accordance with the Interim Compensation Order [Docket No. 699]. Over the course of the Final Application Period, Brown Rudnick prepared eleven monthly fee statements and three interim applications [Docket Nos. 1171, 2574, and 3671] in addition to reviewing other professionals' fee materials for compliance with the Court's interim compensation procedures.

**L. Asset Sales and Disposition: Fees: $332,903.50; Total Hours: 268.3.**

These fees reflect review of public and private sale transactions proposed by the Debtors concerning their operating business and assets. Throughout the Final Application Period, Brown Rudnick continuously evaluated proposed sales as they materialized on an ad hoc basis, with attention to employee and benefit matters as well as preservation of estate claims and causes of action. Brown Rudnick also reviewed and supported on behalf of the Committee the Debtors' proposed asset purchase agreement and sale transaction concerning certain OEM-related intellectual property and related assets, which the Court ultimately approved.

**M. Non-Working Travel (Billed at 50%): Fees: $324,914.70; Total Hours: 353.1.**

These fees include non-working travel time to hearings, as well as to meetings with the Debtors and Ad Hoc Group representatives, and the examiner, regarding case status, strategy, and findings.

**N. Business Operations: Fees: $322,895.50; Total Hours: 238.8.**

These fees pertain to the Committee's evaluation and analysis of the Debtors' business operations. Brown Rudnick's work included analysis of the Debtors' requested second day relief at the outset of the Chapter 11 cases, as well as preparation of a detailed memorandum concerning

the same. These fees also pertain to Brown Rudnick's work in connection with regular meetings with the Committee's other professionals and the Debtors' professionals to understand and strategize concerning operation of the Debtors' businesses, which included discussion and review of a preliminary business plan and analysis of performance by business unit.

**O. Committee Investigation (Capital Structure): Fees: $307,951.00; Total Hours: 305.4.**

These fees pertain to the Committee's analysis of the company's capital structure during the early stages of the Chapter 11 cases. Brown Rudnick worked with other Committee professionals to assess all aspects of the Debtors' pre-petition financing facilities, including funded debt facilities, factoring arrangements, SPV financings, and the intercreditor claims and interdependencies amongst these various arrangements. Brown Rudnick also produced written work product regarding its findings and analyses of these issues.

**P. Factoring: Fees: $270,140.00; Total Hours: 212.0.**

These fees pertain to the Committee's investigation and analysis of the Debtors' factoring programs. Considerable time was spent analyzing the Debtors' pre-petition conduct with regards to its factoring partners. Brown Rudnick also considered options concerning appropriate factoring procedures following the Debtors' proposal set forth in its *Motion for Order (I) Establishing Third-Party Factoring Procedures for (A) the Review and Reconciliation of the Debtors' Receipts, and (B) the Release of Funds to the Debtors' Estates and the Third-Party Factors; (II) Authorizing Customers to Remit Receivables Without Liability; and (III) Granting Related Relief* [Docket No. 807]. To this end, Brown Rudnick attended several related depositions, discussed options and alternatives with the Debtors and other case parties, and reviewed and evaluated a number of objections to and revisions of the relief requested therein on top of other factoring related

documents. Brown Rudnick also prepared for and appeared on behalf of the Committee at hearings and status conferences concerning the factoring procedures.

**Q. Employment and Fee Application Objections: Fees: $150,486.00; Total Hours: 91.9.**

These fees pertain to the Committee's review and analysis of other professionals' retentions where objection was warranted. At the outset of the Chapter 11 cases, Brown Rudnick reviewed the proposed retention of Lazard Frères & Co. LLC ("Lazard") as investment banker to the Debtors. Brown Rudnick, on behalf of the Committee, prepared an objection to Lazard's retention, though a compromise on Lazard's proposed retention terms was later reached following discussions with the Debtors' professionals and representatives of Lazard. The Court's order approving such retention was entered on December 8, 2025 [Docket No. 897].

**R. Employee Matters: Fees: $125,630.50; Total Hours: 80.2.**

These fees pertain to the Committee's review and response to several employee-related issues. Primarily, Brown Rudnick spent time at the outset of the Chapter 11 cases analyzing the Debtors' collective bargaining agreements and proposed extensions thereof, proposed executive resignation agreements, and a potential Key Employee Retention Program (KERP). Later work included review and analysis of WARN matters, the *Emergency Motion of Debtors for Order (I) Authorizing Debtors to Modify Retiree Benefits and (II) Granting Related Relief* [Docket No. 3194], as well as related correspondence with the Debtors' professionals. This ultimately led to the Court's entry of an order granting the motion [Docket No. 3472].

**S. Tax: Fees: $118,710.00; Total Hours: 74.6.**

These fees include all services rendered by Brown Rudnick in evaluating the tax implications of the Plan and negotiations of the Litigation Trust Agreement and other ancillary documentation. Brown Rudnick, on behalf of the Committee, reviewed and analyzed relevant Plan

and Disclosure Statement provisions and the applicable trust documentation, analyzed the tax implications of the proposed trust structure as it evolved, and participated in related conferences, negotiations, and correspondence to achieve a Plan structure reflecting the Committee's needs.

**T. Affiliated Non-Debtors TRO / Preliminary Injunction: Fees: $55,293.50; Total Hours: 38.4.**

These fees pertain to the Committee's monitoring of the adversary proceeding commenced by the Debtors against Patrick James and related entities (the "Patrick James Adversary Proceeding") [Adv. Proc. No. 25-03803] during the early stages of the Chapter 11 cases. On behalf of the Committee, Brown Rudnick reviewed the proposed temporary restraining order and related filings in the Patrick James Adversary Proceeding and attended the November 10, 2025 hearing on the matter.

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES

21. Brown Rudnick incurred $929,825.17 as actual and necessary expenses in providing professional services during the Final Application Period. None of these expenses exceeds the maximum rate set by the U.S. Trustee Guidelines. These charges are intended to cover Brown Rudnick's direct costs, which costs are not incorporated into the Brown Rudnick hourly fees. Only clients who use services of the types for which reimbursement is sought are separately charged for such service.

22. Brown Rudnick asserts that the foregoing services were necessary to the administration of the cases and were beneficial to the Committee at the time at which the services were rendered. All services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed. A summary

of Brown Rudnick's expenses incurred during the Final Application Period is provided in **Exhibit E**.

## SUPPORTING DOCUMENTATION

23. As noted above, Brown Rudnick was retained to serve in the capacity of co-counsel to the Committee by order of this Court dated December 8, 2025, which retention was effective *nunc pro tunc* as of October 13, 2025.

24. This Final Application represents Brown Rudnick's final fee application as co-counsel to the Committee and covers the period from October 13, 2025, through and including September 1, 2026.

25. The computerized time sheets included with the monthly fee statements are incorporated herein by reference, or, in the cases of July, August, and September, attached hereto as **Exhibits F, G, and H**, respectively, and detail the services rendered by the members and associates of Brown Rudnick, the hourly rate charged by each timekeeper, and the actual time expended in the performance of such services. The aforementioned time sheets reflect that Brown Rudnick has expended 22,460.5 hours in performing services for the Committee, resulting in charges of $28,602,403.20. The blended hourly rate charged herein is $1,263.66, which Brown Rudnick believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

26. The monthly fee statements also include a detailed breakdown of all out-of-pocket disbursements incurred by Brown Rudnick in the performance of its duties as co-counsel to the Committee, which total $929,825.17. In the normal course of Brown Rudnick's practice, expenses are only charged after the expenses are actually incurred by Brown Rudnick.

27. The following monthly fee statements which comprise this Final Application are set forth below:

| Date Served | Filing Period | Total Fees (at 100%) | 20% Holdback | Fees Requested (at 80%) | Expenses Requested (at 100%) |
|---|---|---|---|---|---|
| (First) 12/9/2025 | October 13, 2025 – October 31, 2025 | $3,041,106.50 | $608,221.30 | $2,432,885.20 | $15,147.40 |
| (Second) 12/12/2025 | November 1, 2025 – November 30, 2025 | $3,286,851.80 | $657,370.36 | $2,629,481.44 | $124,686.70 |
| (Third) 1/2/2026 | December 1, 2025 – December 31, 2025 | $5,736,509.50 | $1,147,301.90 | $4,589,207.60 | $68,666.64 |
| (Fourth) 2/20/2026 | January 1, 2026 – January 31, 2026 | $5,691,791.20 | $1,138,358.25 | $4,553,432.95 | $87,859.64 |
| (Fifth) 3/24/2026 | February 1, 2026 – February 28, 2026 | $1,895,418.40 | $379,083.68 | $1,516,334.72 | $243,417.98 |
| (Sixth) 4/14/2026 | March 1, 2026 – March 31, 2026 | $1,595,124.00 | $319,024.80 | $1,276,099.20 | $71,641.04 |
| (Seventh) 5/29/2026 | April 1, 2026 – April 30, 2026 | $1,813,477.00 | $362,695.40 | $1,450,781.60 | $81,210.43 |
| (Eighth) 7/6/2026[3] | May 1, 2026 – May 31, 2026 | $2,356,239.80 | $471,247.96 | $1,884,991.84 | $77,259.65 |
| (Ninth) 7/14/2026 | June 1, 2026 – June 30, 2026 | $1,000,344.00 | $200,068.80 | $800,275.20 | $63,806.13 |
| (Tenth) 9/1/2026 | July 1, 2026 – July 31, 2026 | $1,548,728.00 | $309,745.60 | $1,238,982.40 | $32,759.51 |
| (Eleventh) 9/21/2026 | August 1, 2026 – August 31, 2026 | $411,792.00 | $82,358.40 | $329,433.60 | $59,583.49 |
| Exhibit H | September 1, 2026 | $5,021.00 | $1,004.20 | $4,016.80 | $3,786.56 |
| **TOTAL** | | **$28,382,403.20** | **$5,676,480.65** | **$22,705,922.55** | **$929,825.17** |

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

28. Bankruptcy Code § 330 sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29. Brown Rudnick respectfully submits that it has satisfied the requirements of section 330 of the Bankruptcy Code. The services for which it seeks compensation in this Final Application were necessary for and beneficial to the Committee. As such, Brown Rudnick's request for compensation is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the

[3] Excludes $12,495.00 which had been erroneously billed and previously credited in the Third Interim Fee Application.

problem, issue, or task involved. These services were performed without unnecessary duplication of effort by professionals employed by Brown Rudnick. The compensation sought by Brown Rudnick is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. Indeed, Brown Rudnick's monthly fees are comparable with other similarly qualified legal advisors appearing in these and other Chapter 11 cases. For all of the foregoing reasons, Brown Rudnick respectfully requests that the Court grant this Final Application.

**SUPPLEMENTAL DISCLOSURE REQUIRED BY U.S. TRUSTEE GUIDELINES**

30. Pursuant to section C.3 of the U.S. Trustee Guidelines, Brown Rudnick's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex Chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Brown Rudnick's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

31. The following statements address the information pursuant to section C.5 of the U.S. Trustee Guidelines:

a. **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

**Answer**: No.

b. **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**: The fees sought in this Final Application are not more than 10% higher as compared to the budget provided in **Exhibit I**.

c. **Question**: Have any of the professionals included in this fee application varied their hourly rate based on geographic location of the bankruptcy case?

**Answer**: No.

d. **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees.

**Answer**: No.

e. **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: No.

f. **Question**: If the fee application includes any rate increases in retention did your client (i) review and approve those rate increases in advance?; and (ii) agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: Yes.

**WHEREFORE**, Brown Rudnick respectfully requests that the Court: (i) ratify the prior payments made to Brown Rudnick on account of its monthly fee statements and interim applications; (ii) approve and ratify the final allowance of compensation of $28,602,403.20 for the professional services rendered to the Committee by Brown Rudnick during the Final Application Period; (iii) approve and ratify the final allowance of reimbursement of $929,825.17 for Brown Rudnick's out-of-pocket expenses incurred in connection with the rendering of such services during the Final Application Period; (iv) authorize and direct the immediate payment to Brown Rudnick of the unpaid portion of such allowed fees and expenses; and (v) award such other relief as the Court deems just and proper.

Dated: October 16, 2026
Houston, Texas

Respectfully submitted,

*/s/ Bennett S. Silverberg*

Robert J. Stark, Esq. (admitted *pro hac vice*)
Jeffrey L. Jonas, Esq. (admitted *pro hac vice*)
Michael S. Winograd, Esq. (admitted *pro hac vice*)
Bennett S. Silverberg, Esq. (admitted *pro hac vice*)
Kenneth J. Aulet, Esq. (admitted *pro hac vice*)
Andrew M. Carty, Esq. (admitted *pro hac vice*)
Hayden A. Miller, Esq. (admitted *pro hac vice*)
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
rstark@brownrudnick.com
jjonas@brownrudnick.com
mwinograd@brownrudnick.com
bsilverberg@brownrudnick.com
kaulet@brownrudnick.com
acarty@brownrudnick.com
hmiller@brownrudnick.com

Tristan G. Axelrod, Esq. (admitted *pro hac vice*)
**BROWN RUDNICK LLP**
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
taxelrod@brownrudnick.com

*Counsel to the Official Committee of Unsecured Creditors*

**Certificate of Service**

I certify that on October 16, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Aaron D. Davidson*
Aaron D. Davidson