**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET TO THE COMBINED THIRD INTERIM AND FINAL FEE APPLICATION OF M3 ADVISORY PARTNERS, LP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE (I) INTERIM PERIOD FROM APRIL 1, 2026 THROUGH SEPTEMBER 10, 2026 AND (II) FINAL PERIOD FROM OCTOBER 15, 2025 THROUGH SEPTEMBER 10, 2026**

| | | |
|---|---|---|
| **Name of Applicant:** | M3 Advisory Partners, LP ("M3") | |
| **Applicant's Role in Case:** | Financial Advisor to the Official Committee of Unsecured Creditors | |
| **Docket No. of Employment Order(s):** | December 8, 2025 [Docket No. 893] | |
| **Interim Application (X)**<br>**Final Application (X)** | Third Interim and Final Fee Application | |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | 04/01/2026 | 09/10/2026 |
| **Time period(s) covered by prior Applications:** | 10/15/2025 | 3/31/2026 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? Yes** | | |

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

**Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? Yes**

**Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? Yes**

**Do expense reimbursements represent actual and necessary expenses incurred? Yes**

**Compensation Breakdown for Time Period Covered by this Application**

| | **Interim** | **Final** |
|---|---|---|
| **Total professional fees requested in this Application:** | $1,618,949.50[2] | $13,976,799.00[2] |
| **Total professional hours covered by this Application:** | 1,661.3[3] | 16,281.1[3] |
| **Average hourly rate for professionals:** | $956.45[4] | $856.63[4] |
| **Total paraprofessional fees requested in this Application:** | N/A | N/A |
| **Total paraprofessional hours covered by this Application:** | N/A | N/A |
| **Average hourly rate for paraprofessionals:** | N/A | N/A |
| **Total fees requested in this Application:** | $1,618,949.50[5] | $13,976,799.00[6,7,8] |
| **Total expense reimbursements requested in this Application:** | $2,213.03[9] | $32,788.40[10] |
| **Total fees and expenses requested in this Application:** | $1,621,162.53 | $14,009,587.40 |

---

2 This amount includes an additional $30,000 in estimated fees and expenses incurred after September 10, 2026, in connection with the preparation and prosecution of this Application. Following the filing of this Application and prior to the Application's objection deadline, M3 will file a supplement to this Application that discloses the actual amount of fees and expenses incurred by M3 after September 10, 2026. M3 agrees that it will only seek payment from the Debtors for the actual amount of fees and expenses incurred during the period. M3 reserves the right to seek additional amounts for fees and expenses incurred after September 10, 2026 if not accounted for herein.

3 The interim and final professional hours covered in this Application include actual incurred fees for services rendered through September 10, 2026.

4 Average hourly rate for professionals excludes the $30,000 estimate of fees for the preparation and prosecution of M3's Final Fee Application after September 10, 2026.

5 Over the course of the interim period, M3 proactively reduced its requested fee compensation by $324,640.05.

6 David Willetts is a contractor with M3. Mr. Willetts' costs are passed through without a markup.

7 Non-working travel time has been billed at 50% of the normal hourly rate.

8 Over the course of these cases, M3 proactively reduced its requested fee compensation by $810,571.90.

9 Over the course of the interim period, M3 proactively reduced its requested actual and necessary expense compensation by $396.72.

10 Over the course of these cases, M3 proactively reduced its requested actual and necessary expense compensation by $5,776.26.

| | |
|---|---|
| **Total fees and expenses awarded in all prior Applications:** | $12,388,424.87 |

**Plan Status:** The Debtors filed the *Chapter 11 Plan of Premier Marketing Group, LLC* [Docket No. 2544] and the *Disclosure Statement for Chapter 11 Plan of Premier Marketing Group, LLC* [Docket No. 2545] on April 28 and 29, 2026, respectively. The Court entered an Order denying plan confirmation for the FBG Debtors on August 24, 2026 [Docket No. 3710] and converted the FBG Debtors' cases to cases under chapter 7 of the Bankruptcy Code on September 1, 2026 [Docket No. 3748].

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**THE COMBINED THIRD INTERIM AND FINAL FEE APPLICATION OF M3 ADVISORY PARTNERS, LP FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE (I) INTERIM PERIOD FROM APRIL 1, 2026 THROUGH SEPTEMBER 10, 2026 AND (II) FINAL PERIOD FROM OCTOBER 15, 2025 THROUGH SEPTEMBER 10, 2026**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov within twenty-one (21) days from the date this application was filed. If you do not have electronic filing privileges, you must file a written response that is actually received by the clerk within twenty-one (21) days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), the *Court Procedures* for Judge Christopher M. Lopez, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 699] entered by the Court on November 17, 2025 (the "Interim

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Compensation Order"), M3 Advisory Partners, LP ("M3"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby files this combined interim and final fee application (this "Application") for (I) interim allowance of compensation in the amount of $1,588,949.50 for professional services rendered during the period from April 1, 2026 through September 10, 2026 ("Interim Period"), $30,000 of estimated fees for the preparation and prosecution of M3's Final Fee Application after September 10, 2026, and reimbursement of actual and necessary expenses in the amount of $2,213.03 incurred during the Interim Period, and (II) final allowance of compensation in the amount of $13,946,799.00 for professional services rendered during the period from October 15, 2025 through September 10, 2026 ("Final Period"), $30,000 of estimated fees for the preparation and prosecution of M3's Final Fee Application after September 10, 2026, and reimbursement of actual and necessary expenses in the amount of $32,788.40 incurred during the Final Period. A proposed form of order granting the relief requested herein is attached hereto as **Exhibit A**. In support of this Application, M3 respectfully submits the declaration of Robert Winning (the "Winning Declaration"), attached hereto as **Exhibit B**, and states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 328, 330, and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules, Local Rule 2016-1 of the Local Rules, and the Interim Compensation Order.

## BACKGROUND

3. The Debtors each filed voluntary petitions for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas between September 24 and 28, 2025 (the "Petition Date").

4. The Debtors operated and managed their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108 until September 1, 2026, when the Court converted the FBG Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 3748].

5. On October 9, 2025, the Office of the United States Trustee (the "U.S. Trustee") filed the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 313] appointing the Committee. On October 15, 2025, the Committee retained, subject to Bankruptcy Court approval, M3 to serve as its financial advisor in these cases.

6. On November 12, 2025, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of M3 Advisory Partners, LP, as Financial Advisor, Effective as of October 15, 2025* (the "Retention Application") [Docket No. 652]. On December 8, 2025, the Court entered an order approving the Retention Application [Docket No. 893].

7. This Application is M3's combined third interim and final fee application for allowance of compensation for services rendered and for reimbursement of expenses. M3 has previously sought interim compensation through the service of five (5) monthly fee statements covering the period from April 1, 2026 through and including September 10, 2026 (collectively, the "Monthly Fee Statements") in accordance with the Interim Compensation Order. Pursuant to the Interim Compensation Order, the Monthly Fee Statements were served upon the Fee Notice

Parties (as defined therein). A summary of M3's Monthly Fee Statements subject to this interim application is set forth as follows:

| Fee Period | Fees Incurred | Fees Paid to Date | 20% Holdback Amount | Expenses Incurred | Expenses Paid to Date | Total Fees and Expenses Incurred |
|---|---|---|---|---|---|---|
| (Seventh) 4/1/26 - 4/30/26 | $387,545.00 | $310,036.00 | $77,509.00 | $1,448.07 | $1,448.07 | $388,993.07 |
| (Eighth) 5/1/26 - 5/31/26 | $585,029.00 | $468,023.20 | $117,005.80 | $764.96 | $764.96 | $585,793.96 |
| (Ninth) 6/1/26 - 6/30/26 | $260,644.00 | $208,515.20 | $52,128.80 | – | – | $260,644.00 |
| (Tenth) 7/1/26 - 7/31/26 | $256,533.00 | $205,226.40 | $51,306.60 | – | – | $256,533.00 |
| (Eleventh) 8/1/26 - 9/10/26 | $99,198.50 | $79,358.80 | $19,839.70 | – | – | $99,198.50 |
| **Totals** | $1,588,949.50 | $1,271,159.60 | $317,789.90 | $2,213.03 | $2,213.03 | $1,591,162.53 |
| **Interim Estimate of Post-Sept. 10, 2026 Fees** | $30,000 | – | – | – | – | $30,000 |
| **Totals Incl. Estimate** | $1,618,949.50 | $1,271,159.60 | $317,789.90 | $2,213.03 | $2,213.03 | $1,621,162.53 |

8. As of the date hereof, M3 received payments for 80% of the fees and 100% of expenses requested for the Seventh, Eighth, Ninth, Tenth and Eleventh Monthly Fee Statements covering the Interim Period (the "Interim Payments"). By this Application, M3 is requesting allowance of all fees and expenses incurred during the Final Fee Period, including additional

payment of any amounts not paid as Interim Payments and rather retained as a holdback pursuant to the procedures set forth in the Interim Compensation Procedures Order.

**SUMMARY OF PROFESSIONAL COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES REQUESTED**

9. Pursuant to this Application, M3 seeks (i) interim allowance of $1,588,949.50 for the Interim Period and final allowance of $13,946,799.00 for the Final Period, inclusive of the Interim Period, each calculated at the hourly billing rates of M3's personnel who worked on this case, (ii) $30,000 of estimated fees for the preparation and prosecution of M3's Final Fee Application after September 10, 2026, and (iii) reimbursement of actual and necessary expenses incurred in connection with services provided to the Committee in the amounts of $2,213.03 for the Interim Period and $32,788.40 for the Final Period. During the Interim Period, M3 professionals expended a total of 1,661.3 hours, and during the Final Period, M3 professionals expended a total of 16,281.1 hours, for which compensation is requested.

10. The fees charged by M3 in this case are billed in accordance with M3's existing billing rates and procedures. The rates M3 charges for the services rendered by its professionals in these chapter 11 cases generally are the same rates M3 charges for professional services rendered in comparable bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by similarly skilled professionals for comparable services in other complex chapter 11 cases.

11. In conjunction with its engagement as provider of financial advisory services to the Committee and in accordance with its internal billing procedures, M3 established the following project categories relating to the various categories of work performed (the "Project Categories" or "Categories") by M3's professionals in conjunction with these chapter 11 cases. Attached hereto as **Exhibit C** is a schedule of the total summary of services rendered by Project Category for the Interim Period and Final Fee Period.

| **Project Category** |
| --- |
| Asset Sales |
| Business Operations |
| Business Plan |
| Case Administration |
| Claims/Liabilities Subject to Compromise |
| Contracts |
| Court Attendance/Participation |
| Depositions |
| Due Diligence & Information Requests |
| Fee Application |
| Financial Matters |
| Firm Retention |
| General Correspondence with Debtor & Debtors' Professionals |
| General Correspondence with Other Professionals |
| General Correspondence with UCC & UCC Counsel |
| Investigations and Litigation Support |
| Miscellaneous Motions |
| Non-Working Travel Time |
| Plan of Reorganization/Disclosure Statement |
| SOFAs & SOALs |

12. During the case, and in conjunction with the various and complex issues involved in advising the Committee in these chapter 11 cases, M3 expended time and rendered services to the Committee for each of the Categories that were both reasonable and necessary. M3 additionally submits that the time spent in conjunction with the matters and issues addressed in each Category is commensurate with the importance, novelty and difficulty of the issues and questions addressed. The numerous issues in these chapter 11 cases contributed to the complexity of the matters involved and the time and efforts required by M3 professionals.

13. M3 professionals performed work and billed time for each of the Categories as set forth below and as shown in the attached **Exhibit D**, a summary of hours billed by M3

professionals for the Interim Period and Final Fee Period. This summary includes the M3 professionals who have performed services for the Committee during the case, their title, the hourly billing rate charged by M3 for services performed by such individual, and the aggregate number of hours expended and amounts billed during the Interim Period and Final Fee Period.

14. Attached hereto as **Exhibit E** is a summary of expenses by Category incurred during the Interim Period and Final Fee Period for which reimbursement is being sought.

15. In conjunction with the reimbursement of expenses, and in accordance with M3's expense policy, M3 charged the actual cost of expenses paid, without any enhancement or other administrative charge. Accordingly, M3 submits that the expenses it incurred were actual expenses and were necessarily incurred in conjunction with M3's rendition of professional services to the Committee in these chapter 11 cases.

16. M3 maintains computerized records from its time entry system of the time spent by all M3 professionals in connection with these chapter 11 cases. Copies of these computerized records were served with M3's Monthly Fee Statements consistent with the Interim Compensation Order.

17. M3 utilized the services of one independent contractor during the Final Fee Period. The total costs of the independent contractor were $44,750.00, and have been passed through to the Debtors without mark-up.

18. M3 reserves the right to request additional compensation for the Interim Period and Final Fee Period to the extent that it is later determined that time or disbursement charges for services rendered or disbursements incurred during such time period have not yet been submitted.

**SUMMARY OF PROFESSIONAL SERVICES RENDERED**

19. During the case, and in conjunction with the various and complex issues involved in advising the Committee in these chapter 11 cases, M3 expended time and rendered services to the Committee for each of the Categories that were both necessary and beneficial to the Committee. M3 attempted to place the services provided in the Category that is best related to such services. However, because certain services may relate to one or more Categories, services pertaining to one Category may in fact be included in another Category. The following provides a narrative description of the Categories of services to which M3 professionals devoted material time during the Interim Period and Final Fee Period. The summary is qualified in all respects by the actual time entries appended to the Monthly Fee Statements.

**A. Asset Sales**

M3's services relating to this Category include, among other things, the Committee's analysis of marketing and sale of certain of the Debtors' operating businesses and assets. M3's work in this category includes review and analysis of the Debtors' proposed bidding procedures and related sales and marketing documents and correspondence with the Debtors' advisors regarding the same. Following the Debtors' decision to forgo prosecution of their proposed bidding procedures and related pivot to other sale processes, M3 attended to matters with respect to the sales on an ad hoc basis.

In connection with this Category, M3 expended 16.6 hours during the Interim Period, for a total of $18,758.50, and 116.5 hours during the Final Fee Period, for a total of $111,317.00.

**B. Business Operations**

M3's services relating to this Category include, among other things, addressing vendor issues and critical vendor negotiations. Time in this Category also includes analyzing the potential key employee retention program and evaluating and analyzing the Debtors' business operations.

In connection with this Category, M3 did not expend any hours during the Interim Period, and expended 74.3 hours during the Final Fee Period, for a total of $78,422.00.

**C. Business Plan**

M3's services relating to this Category include, among other things, analysis regarding the Debtors' historical and projected financial information at the business unit level, including the review of trial balance data, income statements, and inventory appraisals for the various business units. Time was also expended evaluating the Debtors' fill rate, ability to improve fill rates, and enhance profitability of certain products and segments. M3's services relating to this Category also include analysis re: the potential rationalization of business units and related potential recovery analyses by business unit.

In connection with this Category, M3 did not expend any hours during the Interim Period, and expended 1,790.7 hours during the Final Fee Period, for a total of $1,487,009.00.

**D. Case Administration**

M3's services relating to this Category include, among other things, the general administration of Committee matters rendered by M3 including discussing workstreams and case issues internally.

In connection with this Category, M3 expended 16.4 hours during the Interim Period, for a total of $19,527.00, and 112.2 hours during the Final Fee Period, for a total of $134,378.00.

**E. Claims/Liabilities Subject to Compromise**

M3's services relating to this Category include, among other things, reviewing the claims filed against the Debtors.

In connection with this Category, M3 expended 15.2 hours during the Interim Period, for a total of $13,894.00, and 33.1 hours during the Final Fee Period, for a total of $29,304.00.

**F. Contracts**

M3's services relating to this Category include, among other things, reviewing the Debtors' executory contracts and unexpired leases and analyzing proposed assumptions, rejections and related cure costs.

In connection with this Category, M3 did not expend any hours during the Interim Period, and expended 8.9 hours during the Final Fee Period, for a total of $6,077.00.

**G. Court Attendance/Participation**

M3's services relating to this Category include, among other things, preparing for and participating at hearings during these chapter 11 cases. M3, on behalf of the Committee, attended a number of hearings and status conferences, including hearings regarding DIP financing, discovery matters, the use of disputed cash and inventory, the original equipment manufacturers' ("OEMs") bridge funding arrangement following the Debtors' liquidity crisis, SPV lender's motions for stay relief, and the sales of various assets.

Time expended also includes M3's participation in mediation and settlement discussions with the Debtors and the ad hoc group of lenders (the "Ad Hoc Group").

In connection with this Category, M3 expended 99.1 hours during the Interim Period, for a total of $106,969.50, and 223.1 hours during the Final Fee Period, for a total of $235,636.50.

**H. Depositions**

M3's services relating to this Category include, among other things, preparing for and attending depositions taken in connection with the cases, and reviewing related transcripts and exhibits.

In connection with this Category, M3 expended 72.6 hours during the Interim Period, for a total of $80,095.00, and 72.6 hours during the Final Fee Period, for a total of $80,095.00.

**I. <u>Due Diligence & Information Requests</u>**

M3's services relating to this Category include, among other things, organizing and reviewing diligence received and obtaining necessary additional diligence. Thousands of diligence items were exchanged and transferred in these cases, on matters touching all aspects of the Debtors' then-current and historical operations, activity, and financials.

In connection with this Category, M3 expended 24.0 hours during the Interim Period, for a total of $19,986.00, and 1,044.9 hours during the Final Fee Period, for a total of $778,191.00.

**J. <u>Fee Application</u>**

M3's services relating to this Category include, among other things, preparing monthly fee statements, M3's First Interim Fee Application [Docket No. 2063], and M3's Second Interim Fee Application [Docket No. 2910] in compliance with the Interim Compensation Order [Docket No. 699].

In connection with this Category, M3 expended 103.5 hours during the Interim Period, for a total of $98,900.00, and 408.3 hours during the Final Fee Period, for a total of $442,214.00.

**K. <u>Financial Matters</u>**

M3's services relating to this Category include, among other things, analysis and evaluation of the Debtors' funding status and financing proposals, as well as the OEM financing and general case funding issues, and related monitoring and analysis of cash flow forecasts, variance reporting packages, and operational reporting.

M3's services relating to this Category also include analysis related to the Debtors' factoring programs and Debtors' proposal set forth in their *Motion for Order (I) Establishing Third-Party Factoring Procedures for (A) the Review and Reconciliation of the Debtors' Receipts, and (B) the Release of Funds to the Debtors' Estates and the Third-Party Factors; (II) Authorizing Customers to Remit Receivables Without Liability; and (III) Granting Related Relief* [Docket No. 807].

In connection with this Category, M3 expended 57.2 hours during the Interim Period, for a total of $61,126.50, and 2,271.0 hours during the Final Fee Period, for a total of $2,039,805.50.

**L. Firm Retention**

M3's services relating to this Category include, among other things, matters relating to M3's retention in these chapter 11 cases, including preparation of the retention application and supporting declarations and responding to related inquiries.

In connection with this Category, M3 did not expend any hours during the Interim Period, and expended 4.9 hours during the Final Fee Period, for a total of $5,607.50.

**M. General Correspondence with Debtor & Debtors' Professionals**

M3's services relating to this Category include, among other things, preparing for and participating in meetings and teleconferences with the Debtors and their advisors to diligence the business plan, rest of world ("RoW") businesses, fill-rate data, investments in business units, vendor management, customer engagement, and Quality of Earnings ("QoE")/financial restatement processes.

Time expended also includes correspondence with Debtor professionals relating to the investigation, factoring, cash flow, DIP financing, and Evolution's *Emergency Motion for Entry of an Order Converting Chapter 11 Cases of Certain SPV Debtors to Chapter 7* [Docket No. 2110].

In connection with this Category, M3 expended 50.8 hours during the Interim Period, for a total of $55,491.00, and 422.1 hours during the Final Fee Period, for a total of $445,658.50.

**N. General Correspondence with Other Professionals**

M3's services relating to this Category include, among other things, correspondence with other professionals involved in these chapter 11 cases regarding case workstreams and information requests.

In connection with this Category, M3 did not expend any hours during the Interim Period, and expended 1.0 hours during the Final Fee Period, for a total of $1,500.00.

**O. General Correspondence with UCC & UCC Counsel**

M3's services relating to this Category include, among other things, ensuring that the Committee is adequately informed regarding these chapter 11 cases and the Debtors' business and operations, and to obtain authorization from the Committee for its professionals to take action on the Committee's behalf. Due to the size and complexity of these cases, it was necessary for M3 and the Committee's professionals to be in regular communication with the Committee to provide updates and analysis and strategize the best path forward for the unsecured creditors. The fees in this category include time spent preparing for and participating in such Committee meetings, including M3's work preparing presentation materials and coordinating with the Committee's professionals on presentation items. M3 also spent time preparing non-meeting communications and attending calls with individual Committee members.

In connection with this Category, M3 expended 172.1 hours during the Interim Period, for a total of $183,721.00, and 1,475.7 hours during the Final Fee Period, for a total of $1,467,183.50.

**P. Investigations and Litigation Support**

M3's services relating to this Category include, among other things, the Committee's investigation of the circumstances leading to the commencement of these chapter 11 cases, including the widely reported conduct of certain of the Debtors' former directors and officers, as well as activities of third-parties.

The facts appear to include improprieties which caused considerable harm to the Debtors and their creditors. Claims and causes of action related to these issues may provide for significant recoveries to the Debtors' estates. M3's work during the Final Period included the review of numerous documents produced to the Committee as well as of publicly available information

relevant to, among other things, the Debtors' insiders, operations, financial reporting, transactions, inventory, and off-balance sheet and on-balance sheet borrowing. M3 worked with counsel to the Committee to develop approaches to discovery and the investigation and assist in their analysis of potential causes of action. Investigatory work developed significant, salient facts and analysis related to the Debtors' prepetition conduct and activities.

Time expended also included providing support to the Committee's counsel regarding multiple motions to quash requests for discovery under Rule 2004.

In connection with this Category, M3 expended 777.5 hours during the Interim Period, for a total of $678,153.50, and 7,550.7 hours during the Final Fee Period, for a total of $5,928,939.00.

**Q. <u>Miscellaneous Motions</u>**

M3's services relating to this Category include, among other things, reviewing various motions filed in these cases.

In connection with this Category, M3 expended 11.1 hours during the Interim Period, for a total of $12,079.00, and 136.8 hours during the Final Fee Period, for a total of $143,151.00.

**R. <u>Non-Working Travel Time</u>**

M3's services relating to this Category include non-working travel time billed at 50% of the normal hourly rate.

In connection with this Category, M3 did not expend any hours during the Interim Period, and expended 46.3 hours during the Final Fee Period, for a total of $52,681.50.

**S. <u>Plan of Reorganization/Disclosure Statement</u>**

M3's services relating to this Category include, among other things, time spent developing a case exit strategy in conjunction with the Debtors and the Ad Hoc Group. Time expended also includes evaluating various options and alternatives to be presented to the Committee for its consideration.

On June 12, 2026, the Debtors filed the Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors (the "Plan") [Docket No. 2981] and the Disclosure Statement for Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors (the "Disclosure Statement") [Docket No. 2982]. The Court commenced the combined hearing to consider the adequacy of the Disclosure Statement and confirmation of the Plan on July 28, 2026. Leading up to the hearing, M3, on behalf of the Committee, worked alongside counsel to the Committee, the Debtors, and the Ad Hoc Group to prepare for the confirmation hearing. This included, among other things, reviewing objections to Plan confirmation, and preparing for and sitting for a deposition.

In connection with this Category, M3 expended 233.8 hours during the Interim Period, for a total of $231,957.00, and 400.9 hours during the Final Fee Period, for a total of $419,317.50.

**T. <u>SOFAs & SOALs</u>**

M3's services relating to this Category include, among other things, reviewing and analyzing the Debtors' Statements of Financial Affairs and Statements of Assets and Liabilities.

In connection with this Category, M3 expended 11.4 hours during the Interim Period, for a total of $8,291.50, and 87.1 hours during the Final Fee Period, for a total of $60,311.50.

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES**

20. M3 incurred $2,213.03 as actual and necessary expenses in providing professional services during the Interim Period and $32,788.40 as actual and necessary expenses in providing professional services during the Final Fee Period. These charges represent M3's actual direct costs, which are not included in, or otherwise recovered through, M3's hourly rates. Consistent with M3's ordinary billing practice, such costs are charged only to those clients that use the services giving rise to them.

21. M3 asserts that the foregoing services were necessary for the administration of the cases and were beneficial to the Committee at the time in which the services were rendered. All services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed. A summary of M3's expenses incurred during the Interim Period and Final Fee Period is provided in **Exhibit E**.

**SUPPORTING DOCUMENTATION**

22. As noted above, M3 was retained to serve as financial advisor to the Committee by order of this Court dated December 8, 2025, which retention was effective as of October 15, 2025. M3 does not hold a retainer in respect of its services as financial advisor to the Committee.

23. This Application represents M3's combined third interim and final fee application as financial advisor to the Committee and covers the Interim Period from April 1, 2026, through and including September 10, 2026, and the Final Period from October 15, 2025, through and including September 10, 2026.

24. The time sheets from M3's billing system included with the Monthly Fee Statements are attached hereto as **Exhibit F**, **Exhibit G**, **Exhibit H**, **Exhibit I**, **Exhibit J**, **Exhibit K**, **Exhibit L**, **Exhibit M**, **Exhibit N**, **Exhibit O**, and **Exhibit P** and detail the services rendered by the professionals of M3, the hourly rate charged by each professional, and the actual time

expended in the performance of such services. As stated above, M3 has billed a total of 1,661.3 hours for the Interim Period in conjunction with its engagement as financial advisor to the Committee, resulting in charges of $1,588,949.50, and a total of 16,281.1 hours for the Final Fee Period, resulting in charges of $13,946,799.00. The average hourly rate charged herein is $956.45 for the Interim Period and $856.63 for the Final Fee Period, which M3 believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

25. The Monthly Fee Statements also include a detailed breakdown of all out-of-pocket disbursements incurred by M3 in the performance of its duties as financial advisor to the Committee, which total $2,213.03 for the Interim Period and $32,788.40 for the Final Fee Period. In the normal course of M3's practice, expenses are only charged after the expenses are actually incurred by M3.

**BASIS FOR THE RELIEF REQUESTED**

26. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to ... [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

27. Under the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, M3 submits that its request for compensation and reimbursement of expenses is for services that were, at the time rendered, believed to be necessary, reasonable, and proper, and that such request should be allowed in the requested amount. The professional services rendered by M3 on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, to deal with the many issues encountered with skill and dispatch.

28. M3 submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Committee. M3 further believes that it performed the services for the Committee economically, effectively, and efficiently. M3 further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Committee and all parties in interest.

29. M3 additionally submits that the time it spent in conjunction with the matters and issues addressed in each Category is commensurate with the importance, novelty and difficulty of the issues and questions addressed. The size of the Debtors' businesses and the large number of

creditors and parties-in-interest in the chapter 11 cases contributed to the complexity of the legal matters involved and the time and efforts required from M3 professionals.

30. Due to the size and complexity of the chapter 11 cases, the services performed by M3 professionals on behalf of the Committee during the Interim Period and Final Fee Period have required the services of skilled professionals with expertise and specialized background in complex chapter 11 cases. Wherever possible, M3 used professionals at various levels of seniority and experience as appropriate in relation to the complexity and requirements of the task performed. At all times, M3's professionals rendered their services economically and without unnecessary duplication of efforts.

31. The services rendered by M3 were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

32. No previous application for the relief sought herein has been made to this or any other Court.

33. Pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rule 2016(a), other than as among the members and employees of M3, there is no agreement or understanding between M3 and any other person for the sharing of compensation received or to be received for services rendered in or in connection with these chapter 11 cases.

34. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by M3.

**WHEREFORE**, M3 respectfully requests that the Court: (i) approve the allowance of $1,588,949.50 for compensation for professional services rendered to the Committee by M3 during the Interim Period from April 1, 2026 through and including September 10, 2026, and

$13,946,799.00 for the Final Period from October 15, 2025 through and including September 10, 2026; (ii) approve the allowance of $30,000 for estimated fees for the preparation and prosecution of M3's Final Fee Application on an interim basis; (iii) approve the reimbursement of $2,213.03 for M3's out-of-pocket expenses incurred in connection with the rendering of such services during the Interim Period and $32,788.40 for the Final Fee Period; (iv) authorize and direct the immediate payment to M3 of the unpaid portion of such allowed fees and expenses; and (v) award such other relief as the Court deems just and proper.

Dated: October 16, 2026

Respectfully submitted,

/s/ *Robert Winning*

Robert Winning
Managing Director
M3 Advisory Partners
1700 Broadway, 19th Floor
New York, NY 10019

**CERTIFICATION OF SERVICE**

I certify that on October 16, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*<u>/s/ Aaron D. Davidson</u>*
Aaron D. Davidson