**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7 (formerly Chapter 11)<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**SUMMARY COVER SHEET FOR FINAL FEE APPLICATION OF NARDELLO & CO. LLC FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIALIZED FORENSIC FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR THE PERIOD FROM DECEMBER 1, 2025 THROUGH APRIL 8, 2026**

| | | |
|---|---|---|
| **Name of Applicant:** | Nardello & Co. LLC. | |
| **Applicant's Role in Case:** | Specialized Forensic Financial Advisor to the Official Committee of Unsecured Creditors | |
| **Date Order of Employment Signed:** | 04/08/26 [Docket No. 2367] | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 12/01/25 | 04/08/26 |
| **Time period(s) covered by prior Applications:** | same | same |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? **Yes** | | |
| Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? **Yes** | | |

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

| | |
|---|---|
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? **Yes** | |
| Do expense reimbursements represent actual and necessary expenses incurred? **Yes** | |
| **Total professional fees awarded in all prior Applications:**<br>Note: This is the amount allowed pursuant to Nardello's First and Second Interim Fee Application, filed on May 5, 2026 [Docket No. 2576], which was granted by Order dated May 28, 2026 [Docket No. 2825] | $1,495,772.00 |
| **Total professional fees requested for approval on a final basis in <u>this</u> Application:** | $1,495,772.00 |
| **Total actual professional hours covered by this Application:** | 1,954.2 |
| **Average hourly rate for professionals:** | $765.41 |
| **Total paraprofessional fees requested in this Application:** | N/A |
| **Total actual paraprofessional hours covered by this Application:** | N/A |
| **Average hourly rate for paraprofessionals:** | N/A |
| **Total expense reimbursements sought in this Application:** | $62,401.68 |
| **Total fees and expenses requested in <u>this</u> Application:** | $1,558,173.68 |
| **Total fees and expenses requested in all <u>prior</u> Applications:** | $1,558,173.68 |
| **Indicate whether plan has been confirmed: No.**<br>On August 24, 2026, the Court denied confirmation of the Plan [Docket No. 3710] and ordered that the Debtors' chapter 11 cases be converted to cases under chapter 7 of the Bankruptcy Code. On September 1, 2026, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [Docket No. 3748]. | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | Case No. 25-90399 (CML) |
| Debtors. | (Jointly Administered) |

**FINAL FEE APPLICATION OF NARDELLO & CO. LLC FOR COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES AS SPECIALIZED FORENSIC FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM DECEMBER 1, 2025 THROUGH APRIL 8, 2026**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Pursuant to sections 328, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), the *Court Procedures* for Judge Christopher M. Lopez (the "Court Procedures"), and the *Order Establishing Procedures for Interim Compensation and*

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

*Reimbursement of Expenses for Professionals* [Docket No. 699] entered by the Court on November 17, 2025 (the "Interim Compensation Order"), Nardello & Co. LLC ("Nardello"), specialized forensic financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby files this final fee application (this "Application") for approval on a final basis of $1,495,772.00 for services rendered and $62,401.68 for expenses incurred in these cases for the period from December 1, 2025 to April 8, 2026 (the "Final Fee Period"), and respectfully states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction and authority to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

2. Nardello respectfully requests that the Court enter an order approving, on a final basis, compensation for professional services rendered during the Final Fee Period in the amount of $1,495,772.00 and reimbursement of actual and necessary expenses incurred during the Final Fee Period in the amount of $62,401.68, for a total of $1,558,173.68.

3. This Application incorporates by reference the *Interim Application for Compensation (Combined First and Second) of Nardello & Co. LLC for Compensation for Services and Reimbursement of Expenses as Specialized Forensic Financial Advisor to the Official Committee of Unsecured Creditors for the Period from December 1, 2025 Through April 8, 2026* [Docket No. 2576], filed on May 5, 2026, (the "Interim Application"). A *Certificate of No Objection* [Docket No. 2822] was filed on May 28, 2026, and the Court on that same day issued an *Order Allowing Interim Compensation and Reimbursement of Expenses of Nardello &*

*Co. LLC, Specialized Forensic Financial Advisor Counsel to the Official Committee of Unsecured Creditors for the Period from December 1, 2025 Through April 8, 2026* [Docket No. 2825]. That Order allowed approved on an interim basis compensation and reimbursement of expenses in the amount of $1,558,173.68.

4. A proposed form of order granting the relief requested herein is attached as **Exhibit A** (the "Proposed Order").

5. In support of this Application, Nardello respectfully submits the declaration of Howard S. Master (the "Master Declaration"), attached hereto as **Exhibit B**,

## Background

### A. General Background

1. As described more fully in the Interim Application, in September 2025, First Brands Group, LLC and other affiliates commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors operated their businesses and managed their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 29, 2025, the Court entered an order [Docket No. 9], authorizing joint administration of these chapter 11 cases (the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b).

2. On April 9, 2026 and September 1, 2026, the Court entered orders converting the Chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [Docket Nos. 2396 and 3748].

### B. The Committee's Retention of Nardello

3. On April 8, 2026, the Court entered the *Order (I) Authorizing the Retention and Employment of Nardello & Co. LLC as Specialized Forensic Financial Advisor, Effective as of December 1, 2025, and (II) Granting Related Relief* [Docket No. 2367] (the "Retention Order").

4. Among other things, the Retention Order authorizes the Debtors to compensate and reimburse Nardello in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these Chapter 11 Cases. The Retention Order also authorizes the compensation of Nardello at its standard hourly rates and the reimbursement of Nardello's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

**Summary of Professional Compensation**
**and Reimbursement of Expenses Requested**

5. By this Application, Nardello seeks final approval of compensation for professional services performed during the Final Fee Period in the amount of $1,495,772.00 and reimbursement of expenses incurred in connection with the rendition of such services in the amount of $62,401.68. During the Final Fee Period, Nardello professionals expended a total of 1,954.2 hours in connection with the necessary services performed.

6. The fees charged by Nardello in these Chapter 11 Cases were billed in accordance with Nardello's existing billing rates and procedures in effect during the Final Fee Period. The rates Nardello charges for the services rendered by its professionals in these Chapter 11 Cases are the same as the rates Nardello charges for professional services rendered in comparable matters. Such fees are reasonable based on the customary compensation charged by similarly skilled professionals for comparable services in other complex chapter 11 cases.

**Supporting Documents**

7. The attached exhibits to this Application are substantially identical to those in Nardello's Interim Application:

a. Attached hereto as **Exhibit B** is the Master Declaration, which details Nardello's compliance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

b. Attached hereto as **Exhibit C** is a summary of hours billed by Nardello professionals for the Final Fee Period.

c. Attached hereto as **Exhibit D** is an itemization of services rendered by project category for the Final Fee Period.

d. Attached hereto as **Exhibit E** is a summary of expenses incurred by Nardello during the Final Fee Period,

e. Attached hereto as **Exhibit F** is Nardello's corresponding invoice for the Final Fee Period, as submitted in Nardello's Interim Application.

**Summary of Professional Services**
**Rendered During Final Fee Period**

8. The following narrative, which was also submitted in the Interim Application, provides a brief summary of the services rendered by Nardello on behalf of the Committee organized by project category. The summary that follows is not intended to be a detailed description of the work performed by Nardello during the Final Fee Period, as those day-to-day services and the time expended in performing such services are fully set forth in the invoice that is attached hereto in **Exhibit F**. Rather, the following summary attempts to highlight certain of those areas in which services were provided to the Committee.

**A. Investigative Work**

Hours: 1,921.4

9. This category includes time spent (i) locating and tracing improperly diverted estate assets, (ii) analyzing the Debtors' books and records, as well as other sources of information, for evidence of fraud or financial manipulation, (iii) assisting in the evaluation and analysis of avoidance actions and other potential estate causes of action; and (iv) coordinating and conferring with Brown Rudnick LLP ("Brown Rudnick"), M3 Advisory Partners, LP ("M3"), Ducera Partners LLC ("Ducera"), Nardello & Co. LLC ("Nardello" and, collectively

with Brown Rudnick, Cole Schotz, M3, Ducera, and Nardello, the "Committee Professionals") regarding the forgoing.

**B. Retention Application**

Hours: 32.8

10. This category includes time spent (i) reviewing and editing drafts of Nardello's retention application, (ii) preparing disclosure schedules to be attached to the declaration in support of Nardello's retention, (iii) reviewing the ad hoc group's objection to Nardello's retention, and (iv) coordinating and coordinating with Committee Professionals to reply to the ad hoc group's objection and prosecute the application.

**Summary of Actual and Necessary**
**Expenses Incurred During the Final Fee Period**

11. Nardello incurred out-of-pocket expenses during the Final Fee Period in the amount of $62,401.68. Attached hereto as **Exhibit E** is a description of the expenses actually incurred by Nardello in the performance of services rendered as specialized forensic financial advisor to the Committee. The expenses are broken down into categories of charges, including but not limited to the following charges: corporate and court record searches, retrieval fees, copy fees, legal research, forensic data processing, web page preservations. It is Nardello's policy to charge its clients in all areas of practice for out-of-pocket expenses incurred in connection with the client's case. Nardello charges for these expenses in a manner and at rates consistent with charges made generally to its other clients.

**Basis for the Relief Requested**

12. Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

13. The Fifth Circuit Court of Appeals has held that lower courts should consider the six factors found in section 330(a)(3) of the Bankruptcy Code when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

14. Nardello submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that such request should be allowed in the requested amount. Nardello devoted a substantial amount of time and effort addressing the numerous issues involved in these Chapter 11 Cases during the Final Fee Period. Whenever possible, Nardello sought to minimize the costs of its services to the Committee by utilizing junior professionals to handle the more routine aspects of case administration.

15. Nardello respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary and beneficial to effectively represent the Committee and were performed economically, effectively and efficiently. Accordingly, Nardello submits that the compensation requested is reasonable in light of the nature, extent, and value of such services provided to the Committee and approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

## Notice

16. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## Conclusion

17. Nardello respectfully requests that the Court: (i) approve, on a final basis, the allowance of $1,495,772.00 in compensation for professional services rendered to the Committee by Nardello during the Final Fee Period; (ii) approve, on a final basis, the reimbursement of $62,401.68 for Nardello's out-of-pocket expenses incurred in connection with the rendering of such services to the Committee during the Final Fee Period; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: October 16, 2026

Respectfully submitted,

*/s/ Howard S. Master*
Howard S. Master
Managing Director and Counsel to the CEO

**Certificate of Service**

I hereby certify that on October 16, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Aaron D. Davidson*
Aaron D. Davidson