**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| FIRST BRANDS GROUP, *et al.*, | : | Case No. 25-90399 (CML) |
| Debtors.[1] | : | (Jointly Administered) |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING PATRICK JAMES TO FILE EXHIBITS UNDER SEAL**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleadings as unopposed and grant the relief requested.**

Patrick James (the "Movant") respectfully submits this Motion to Seal (the "Motion") and states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of Texas (this "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

[1] A complete list of the Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands (collectively, the affiliated debtors and debtors in possession are referred to herein as "**First Brands**" or the "**Debtors**" or the "**Company**"). The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

## SUMMARY

2. The Movant seeks an order authorizing the sealing of Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, and T (collectively, the "Exhibits") of the *Patrick James' Witness and Exhibit List for Hearing Scheduled For October 20, 2026* (ECF No. 3922) (the "Witness and Exhibit List") and directing that the Exhibits remain under seal and not be made publicly available.

## BACKGROUND

3. On September 28, 2025, First Brands Group, LLC and its debtor affiliates (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. As most relevant here, the Movant is a former director and/or officer of the Debtors who is entitled to seek coverage under directors and officers liability insurance policies issued to non-debtor Mayfair Enterprises, LLC (the "D&O Policies"), the particularities of which are detailed in the *Motion For Entry of An Order (1) Authorizing, And, to the Extent Necessary Modifying the Automatic Stay to Allow the Use of Proceeds of Directors and Officers Liability Insurance Policies Issued to Non-Debtor Mayfair Enterprises, LLC for Insureds' Defense Costs Or, In the Alternative (II) Confirming that Advancement of Defense Costs and Providing Notice in Accordance with Directors and Officers Liability Insurance Policies Does Not Violate the Automatic Stay* (ECF No. 798) (the "D&O Motion"), with two of the D&O Policies attached as exhibits filed under seal (ECF Nos. 798-1, 798-2).

5. On November 28, 2025, Stephen Graham, Patrick James, Edward James, and Michael Baker filed a motion to seal two of the D&O Policies attached to the D&O Motion. *See Motion for Entry of an Order Authorizing the Movants to File Exhibits Under Seal*, ECF No. 800. This Court granted that motion on December 29, 2025. *See Order Granting the Movants' Motion for Entry of an Order Authorizing the Movants to File Exhibits Under Seal*, ECF No. 1103.

6. The matters scheduled to be heard before this Court on October 20, 2026 concern the Court's orders with respect to the D&O Motion and fundamentally concern the status of the D&O Policies. ECF Nos. 1231, 2845, 3669.

**BASIS FOR RELIEF**

7. Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities with respect to certain confidential information. *See* 11 U.S.C. § 107(b). Additionally, section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. Bankruptcy Rule 9018 implements section 107(b) of the Bankruptcy Code and provides in pertinent part: "On motion or on its own initiative, the court may, with or without notice, issue any order that justice requires to: (1) protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

9. There is a strong presumption in favor of public access to court records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 602 (1978). However, sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorize this Court to limit public access under certain circumstances. *Accord Jones v. RealPage, Inc.*, 2021 WL 268824, at *2 (N.D. Tex. Jan. 27, 2021) (quoting *Rodriguez v. United Rentals (N. Am.), Inc.*, 2018 WL 4184321, at *1 (S.D. Miss. Aug. 31, 2018)) ("[F]ederal courts routinely limit the public's access to commercially sensitive and proprietary information.").

10. In particular, confidential commercial information is entitled to protection from disclosure under the Bankruptcy Code and Bankruptcy Rules and is defined as "information which would cause an unfair advantage to competitors by providing them information as to the

commercial operations of the debtor." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (quotation marks omitted).

11. Here, the Exhibits, which the Movant moves to seal, contain such commercial, proprietary information. These Exhibits are the D&O Policies, which are privately negotiated instruments between the insurer and the insured(s) that contain commercially sensitive information regarding the terms and scope of the coverage granted to the Debtors, non-Debtor entities, and the current and former directors and officers of such entities. The policies also incorporate proprietary insurer forms, endorsements, and manuscript provisions that reflect the insurers' proprietary underwriting judgment and product design. In addition, the Debtors have designated the Exhibits as Highly Confidential under the operative protective order in this case. *See* Agreed Protective Order, ECF No. 408. Accordingly, the Movant seeks an order authorizing the filing of these exhibits under seal.

12. An unredacted version of the Witness and Exhibit List is filed on the docket for public viewing (*See* ECF No. 3922). The Movant will furnish unredacted copies of the Exhibits to the Court and the parties to the October 20, 2026 hearing.

## **CONCLUSION**

13. WHEREFORE, the Movant respectfully request that this Court enter an order that: (a) grants the Motion; and (b) grants all other relief that this Court deems just and proper.

Respectfully submitted this 16th day of October, 2026.

**QUINN EMANUEL URQUHART & SULLIVAN LLP**

*/s/ Cameron M. Kelly*
Cameron M. Kelly
TX SBN: 24120936
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone: (713) 221-7000
cameronkelly@quinnemanuel.com

James C. Tecce*
Anil Makhijani*
Grace Sullivan*
295 5th Avenue
New York, NY 10016
Telephone: (212) 849-7000

-and-

**DEBEVOISE & PLIMPTON LLP**
Erica S. Weisgerber*
Matthew J. Sorensen*
Emily Morgan*
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000
eweisgerber@debevoise.com
mjsorensen@debevoise.com
elmorgan@debevoise.com
*admitted *pro hac vice*

*Attorneys for Patrick James*

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2026, a copy of the foregoing Motion to Seal was served through the Court's CM/ECF notification system to all parties who have appeared in this case through counsel or who have submitted a request for service by CM/ECF.

*/s/ Cameron Kelly*
Cameron Kelley