**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**SUMMARY COVER SHEET TO**
**FOURTH INTERIM AND FINAL FEE APPLICATION OF**
**LAZARD FRÈRES & CO. LLC, AS INVESTMENT BANKER FOR THE DEBTORS**

| **Name of Applicant:** | Lazard Frères & Co. LLC | |
|---|---|---|
| Applicant's Role in Case: | Investment Banker for Chapter 11 Debtors | |
| Docket No. of Employment Order(s): | [Docket No. 897] | |
| Interim Application (x) No. 4<br>Final Application (x) | Fourth Interim and Final | |
| | **Beginning of Period** | **End of Period** |
| Time period covered by this Application for which interim compensation has not previously been awarded: | 7/1/2026 | 8/31/2026 |
| Time period covered by prior Applications: | 9/29/25 | 6/30/26 |
| Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case? **(Y)** | | |
| Were the services performed in a reasonable amount of time commensurate with the | | |

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The service address for the chapter 7 estates of Viceroy Private Capital, LLC, First Brands Group Holdings, LLC ("**FBGH**"), and FBGH's Debtor subsidiaries is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002. The service address for the chapter 7 estates of Global Assets LLC, Global Lease Assets Holdings, LLC, Carnaby Capital Holdings, LLC, Broad Street Financial Holdings, LLC, Broad Street Financial, LLC, Carnaby Inventory II, LLC, Carnaby Inventory Holdings II, LLC, Carnaby Inventory III, LLC, Carnaby Inventory Holdings III, LLC, and Global Assets GmbH is Ronald J. Sommers, Chapter 7 Trustee c/o Jones Murray LLP, Erin E. Jones, 602 Sawyer, Suite 400 Houston, Texas 77007. The service address for the chapter 7 estates of Carnaby Capital, LLC, Eagle Casting Holdings, LLC, Carnaby IV, LLC, Carnaby IV Holdings, LLC, Carnaby FA, LLC, and Carnaby FA Holdings LLC is Catherine Stone Curtis, P.O. BOX 720788, McAllen, Texas 78504.

| | |
|---|---|
| complexity, importance and nature of the issues addressed? **(Y)** | |
| Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? **(Y)** | |
| Do expense reimbursements represent actual and necessary expenses incurred? **(Y)** | |
| **Fourth Interim Period (July 1, 2026 – August 31, 2026)** | |
| Total professional fees requested in this Application: | $250,000.00 |
| Total professional hours covered by this Application: | 113.0 |
| Average hourly rate for professionals: | N/A |
| Total paraprofessional fees requested in this Application: | N/A |
| Total paraprofessional hours covered by this Application: | N/A |
| Average hourly rate for paraprofessionals: | N/A |
| Total fees requested in this Application: | $250,000.00 |
| Total expense reimbursements requested in this Application: | $0 |
| Total fees and expenses requested in this Application: | $250,000.00 |
| Total fees and expenses awarded in all prior Applications: | $38,637,880.18 |
| **Final Period (September 29, 2025 – August 31, 2026)** | |
| Total professional fees requested in this Application: | $38,124,822.88 |
| Total professional hours covered by this Application: | 9,145.6 |
| Average hourly rate for professionals: | N/A |
| Total paraprofessional fees requested in this Application: | N/A |
| Total paraprofessional hours covered by this Application: | N/A |
| Average hourly rate for paraprofessionals: | N/A |
| Total fees requested in this Application: | $38,124,822.88 |
| Total expense reimbursements requested in this Application: | $763,057.30 |
| Total fees and expenses requested in this Application: | $38,887,880.18 |
| Total fees and expenses awarded in all prior Applications: | $38,637,880.18 |
| **Plan Status:** On June 12, 2026, the Court entered orders (i) conditionally approving the Disclosure Statement and authorizing the Debtors' to solicit votes on the Plan (Docket No. 2990) and (ii) denying the U.S. Trustee's motion to convert or dismiss the chapter 11 cases (Docket No. 2989). On August 24, 2026, the Court denied confirmation of the Plan (Docket No. 3710) and ordered that the Debtors' chapter 11 cases be converted to cases under chapter 7 of the Bankruptcy Code. On September 1, 2026, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code (Docket No. 3748). | |

**Primary Benefits:** During the period covered by this Application, Lazard, as investment banker to the Debtors, provided invaluable financial expertise to the Debtors, including (i) negotiating and executing their debtor-in-possession financing facility, (ii) advising on financing transactions in connection with the Debtors' rest of world subsidiaries, (iii) negotiating and executing various going-concern and asset sales, (iv) securing case funding from certain OEM customers, (iv) mediating disputes with various stakeholder constituencies, and (v) assisting the Debtors in formulating their proposed chapter 11 plan.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**FOURTH INTERIM AND FINAL FEE APPLICATION**
**OF LAZARD FRÈRES & CO. LLC, AS INVESTMENT BANKER FOR THE DEBTORS**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS: // ECF.TXSB.USCOURTS.GOV / WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Lazard Frères & Co. LLC ("**Lazard**"), as investment banker for the chapter 11 debtors in the above-captioned cases (collectively, the "**Debtors**"), hereby submits its fourth interim and final fee application for (i) interim allowance of compensation for services rendered and reimbursement of expenses incurred for the period from July 1, 2026 through August 31,

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The service address for the chapter 7 estates of Viceroy Private Capital, LLC, First Brands Group Holdings, LLC ("**FBGH**"), and FBGH's Debtor subsidiaries is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002. The service address for the chapter 7 estates of Global Assets LLC, Global Lease Assets Holdings, LLC, Carnaby Capital Holdings, LLC, Broad Street Financial Holdings, LLC, Broad Street Financial, LLC, Carnaby Inventory II, LLC, Carnaby Inventory Holdings II, LLC, Carnaby Inventory III, LLC, Carnaby Inventory Holdings III, LLC, and Global Assets GmbH is Ronald J. Sommers, Chapter 7 Trustee c/o Jones Murray LLP, Erin E. Jones, 602 Sawyer, Suite 400 Houston, Texas 77007. The service address for the chapter 7 estates of Carnaby Capital, LLC, Eagle Casting Holdings, LLC, Carnaby IV, LLC, Carnaby IV Holdings, LLC, Carnaby FA, LLC, and Carnaby FA Holdings LLC is Catherine Stone Curtis, P.O. BOX 720788, McAllen, Texas 78504.

2026 (the "**Fourth Interim Period**") and (ii) final allowance of compensation for services rendered and reimbursement of expenses incurred for the period from September 29, 2025 through August 31, 2026 (the "**Final Fee Period**"), and respectfully represents as follows in support of this Application:

**<u>Jurisdiction and Venue</u>**

1. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 330(a) and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Local Rule 2016-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Local Rules**"), the *Court Procedures* for Judge Christopher M. Lopez (the "**Court Procedures**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "**UST Fee Guidelines**" and, collectively with the Court Procedures, the "**Fee Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Docket No. 699) (the "**Interim Compensation Procedures Order"**).

**<u>Background</u>**

3. In September 2025, First Brands Group, LLC and its Debtor affiliates each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

4. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of the chapter 11 cases is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* (Docket No. 22) (the "**First Day Declaration**"), filed on September 29, 2025 and incorporated herein by reference.

5. On April 9, 2026, the Court entered an order converting the chapter 11 cases of (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC, to cases under chapter 7 of the Bankruptcy Code (Docket No. 2396).

6. On September 1, 2026, the Court entered an order converting the chapter 11 cases of the other Debtors to cases under chapter 7 of the Bankruptcy Code (Docket No. 3748).

**Relief Requested**

7. Lazard respectfully requests that the Court enter an order (i) allowing, on an interim basis, compensation for professional services rendered during the Fourth Interim Period in the amount of $250,000.00; and (ii) allowing, on a final basis, (a) compensation for professional services rendered during the Final Fee Period in the amount of $38,124,822.88 and (b) reimbursement of actual and necessary expenses incurred during the Final Fee Period in the amount of $763,057.30, for a total of $38,887,880.18.

8. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Retention of Lazard**

9. On October 24, 2025, the Debtors filed the *Application of Debtors for Authority to Retain and Employ Lazard Freres & Co. LLC as Investment Banker for Debtors*

*Effective as of Petition Date* (Docket No. 416) (the "**Retention Application**"), pursuant to which the Debtors sought authority to employ and retain Lazard as their investment banker, effective as of the commencement of the Debtors' chapter 11 cases (the "**Petition Date**"), in accordance with the terms and conditions set forth in that certain engagement letter between the Debtors and Lazard, dated as of August 3, 2025 (the "**Engagement Letter**"), a copy of which is annexed to the Retention Order (as defined below) as Exhibit 1.

10. On December 8, 2025, the Court entered the *Order Authorizing Retention and Employment of Lazard Freres & Co. LLC as Investment Banker for Debtors Effective as of Petition Date* (Docket No. 897) (the "**Retention Order**"), approving the Retention Application and authorizing the employment and retention of Lazard as of the Petition Date, pursuant to the terms of the Engagement Letter (as modified pursuant to the Retention Order).

**Summary of Interim Compensation**
**and Reimbursement of Expenses Requested**

11. Lazard seeks interim allowance of compensation for professional services performed during the Interim Compensation Period in the amount of $250,000.00. During the Interim Compensation Period, three (3) professionals expended a total of 113.0 hours in connection with the necessary services performed.

| | |
|---|---|
| Monthly Fees | $250,000.00 |
| **Total Fees** | **$250,000.00** |

12. There is no agreement or understanding between Lazard and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in the Debtors' chapter 11 cases. During the Interim Compensation Period Lazard received no payment or promises of payment from any source for services rendered, or to

be rendered, in any capacity whatsoever in connection with the matters covered by this Application.

13. Prior to the Petition Date, the Debtors paid a $10,000.00 expense retainer to Lazard for expenses incurred but not yet processed in connection with its representation of the Debtors and in preparation of the Debtors seeking relief under chapter 11 (the "**Expense Retainer**"). Based on a reconciliation of all expenses through the date of this Application, the balance of the Expense Retainer as of the date of this Application is $8,318.18.

**Supporting Documents**

14. Attached hereto as **Exhibit B** is the Certification of Tyler Cowan, a Managing Director of Lazard (the "**Cowan Certification**"), regarding Lazard's compliance with the Fee Guidelines.

15. Attached hereto as **Exhibit C** are summaries setting forth the name of each Lazard professional who provided services to the Debtors during the Final Compensation Period and the number of hours worked by such professional during the Final Compensation Period (the "**Schedule of Professional Fees**").

16. Attached hereto as **Exhibit D** is a schedule of Lazard's time records documenting the work performed during the Final Compensation Period using project categories hereinafter described in the format specified by the Fee Guidelines (the "**Time Records**").

17. Attached hereto as **Exhibit E** is an itemized schedule of the expenses for which Lazard is seeking reimbursement and a summary specifying the categories of expenses included in the schedule and the total amount for each such expense category (the "**Expenses**").

**Summary of Professional Services**
**Rendered During the Final Fee Period**

18. A summary of some of the services rendered by Lazard during and prior to the Final Fee Period is as follows:

A. *Assistance Prior to Bankruptcy Filing* – Lazard has been engaged by the Debtors since August 2025 to assist the Debtors in connection with, among other things, (i) evaluating strategic and financial alternatives to improve the Debtors' capital structure, liquidity and overall financial position, (ii) exploring a sale of the Company and/or its business segments, and (iii) reviewing and negotiating the terms and conditions of financings and related transactions, including forbearances, waivers, and debtor-in-possession financing. In providing the foregoing and other prepetition services, Lazard has worked closely with the Debtors' management team and their advisors, and has become well-acquainted with the Debtors' capital structure, liquidity needs, and business operations. These prepetition services by Lazard were critical to enable the Debtors to negotiate and execute the debtor-in-possession facility to fund the chapter 11 process in an effort to preserve the Debtors' going concern during the bankruptcy.

B. *Assistance with General Bankruptcy* – Lazard participated in frequent planning sessions and calls with the Debtors, their legal counsel, and their restructuring advisors concerning process and strategy issues related to the bankruptcy. Lazard participated in numerous meetings with the Debtors' management team and presented materials regarding the Debtors' business plan, restructuring strategy, bankruptcy process and other strategic issues. In addition, Lazard participated in discussions with various creditors and parties-in-interest to keep them informed about the Debtors' operations, sale process, financial projections, capital structure and other key events. Lazard professionals also worked with the Debtors to prepare court filings and attended court hearings.

C. *Assistance with Debtor-in-Possession Financing.* Prior to the chapter 11 cases, Lazard professionals assisted the Debtors in soliciting, structuring, and negotiating the terms of the Debtors' debtor-in-possession financing, which were approved by the Court. Lazard coordinated due diligence, negotiated the terms and conditions of proposals and ultimately secured committed debt financings that were approved by the Court. As a result of these efforts, the Debtors gained access to the funds necessary to support their business needs during the initial stages of the chapter 11 cases and preserved value for the benefit of all stakeholders. Lazard professionals played a significant role in assisting the Debtors in securing interim and final Court approval for the debtor-in-possession financing, as well as support for the closing of the debtor-in-possession facility.

D. *Assistance with Customer Funding* – Once the Debtors' OEM customer funding was put in place and approved, Lazard professionals routinely participated in bi-weekly and ad hoc calls with these customers and their advisors to facilitate diligence, provide updates on the sale process, and negotiate the terms of various sales. As a result of these efforts, the Debtors maintained access to the funds necessary to support their business needs during the Final Fee Period and preserved value for the benefit of all stakeholders.

E. *Meetings and Oversight of Diligence with Creditors* – Lazard prepared, reviewed, advised, and assisted in the preparation of presentation materials for the Debtors' creditors and their advisors. Lazard engaged in regular conversations and meetings with multiple creditors and their advisors. Lazard, in coordination with the Debtors' management and restructuring advisors, coordinated diligence meetings, management presentations and calls on a number of different topics and work streams.

F. *Preparation of Court Filings* – Lazard assisted the Debtors and their legal counsel in the preparation and review of various court filings.

G. *Financial Analysis* – Lazard professionals assisted the Debtors' management team and restructuring advisors in preparing various presentations and analyses related to the Debtors' chapter 11 plan, potential litigation claims, and sale transactions.

H. *Review and Diligence of Business Plan* – Lazard reviewed the Debtors' business plans and analyzed their financial forecasts and operating assumptions. Lazard professionals had numerous calls and meetings with the Debtors' management team and restructuring advisors to review the comprehensive model, debt schedule and emergence analysis integrated into the business plan.

I. *Mediation Support* – Over the course of mediation with the Honorable Marvin Isgur, Lazard actively participated in numerous discussions and negotiations with all mediation parties and prepared various analyses in support the mediation process.

J. *Management of Sale Process* – Along with the Debtors' other restructuring advisors, Lazard professionals managed various aspects of the Debtors' going-concern and asset-level sale processes. This included outreach, negotiation, and diligence efforts with over 400 parties; preparing declarations and other efforts in support of Court approval; and negotiating with various stakeholders regarding the amount and allocation of sale proceeds and non-debtor issues.

19. The foregoing professional services were necessary and appropriate to the administration of the Debtors' chapter 11 cases. The professional services performed by Lazard were in the best interests of the Debtors and their stakeholders. Compensation for such services is commensurate with the complexity, importance, and nature of the issues and tasks that were involved in the chapter 11 cases. All of Lazard's professional services were performed skillfully and efficiently.

20. The professional services performed by Lazard on behalf of the Debtors during the Final Fee Period required an aggregate expenditure of approximately 9,145.6 hours by Lazard's professionals.

**Actual and Necessary Expenses of Lazard**

21. As set forth in **Exhibit E** attached hereto, Lazard has disbursed $763,057.30 as expenses incurred in providing professional services to the Debtors during the Final Fee Period. These expenses are reasonable and necessary and were essential to the overall administration of the Debtors' chapter 11 cases.

22. Although Lazard has not charged the Debtors for any overtime expenses, consistent with firm policy, employees of Lazard who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation home from Lazard's offices. Lazard's regular practice is not to include components of those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The

reimbursement amounts do not exceed those set forth in the Fee Guidelines or the Bankruptcy Local Rules.

23. Lazard has made every effort to minimize its disbursements during the chapter 11 cases. The actual expenses incurred in providing professional services were those that were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors and their estates and creditors.

**Requested Compensation Should Be Allowed**

24. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. Section 330(a)(1) of the Bankruptcy Code provides that a Court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

25. The Fifth Circuit Court of Appeals has held that lower courts should consider the six factors found in section 330(a)(3) of the Bankruptcy Code when awarding compensation to professionals. *See In re Crager*, 691 F.3d 671, 676 (5th Cir. 2012). Specifically, under section 330 of the Bankruptcy Code, courts "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including—

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the

> complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

26. In the instant case, Lazard submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the preservation and maximization of value for all stakeholders and to the orderly administration of the Debtors' estates. The services rendered by Lazard to the Debtors during Final Fee Period were substantial, highly professional and instrumental to the Debtors in pursuing their restructuring efforts. Accordingly, Lazard respectfully submits that the amounts requested herein are fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations, and therefore, should be approved.

**Notice**

27. Notice of this Application will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Bankruptcy Local Rule 9013-1(d).

**Conclusion**

28. Lazard respectfully requests that the Court award (i) interim allowance of compensation for professional services rendered to the Debtors during the Fourth Interim Period

in the amount of $250,000.00 (ii) final allowance of Lazard's compensation for professional services rendered to the Debtors during the Final Fee Period in the amount of $38,887,880.12, consisting of $38,124,822.88 (representing 100% of fees incurred) and reimbursement of $763,057.30 (representing 100% of actual and necessary expenses incurred), (iii) direct payment by the Debtors of the difference between the amounts allowed and any amounts previously paid by the Debtors, and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: October 16, 2026
New York, New York

*/s/ Tyler Cowan*

Tyler Cowan
Global Head of Restructuring & Liability Management
30 Rockefeller Plaza
New York, NY 10112

**Certificate of Service**

I hereby certify that on October 16, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Clifford W. Carlson*
Clifford W. Carlson