# **Exhibit A**

## Engelhart Declaration

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Previously Chapter 11) |
| | ) | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | ) | Case No. 25-90399 (CML) |
| | ) | |
| Debtors. [1] | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF EVA S. ENGELHART IN SUPPORT OF CHAPTER 7 TRUSTEE OF THE FBG DEBTORS' EMERGENCY MOTION FOR ENTRY OF ORDER (A) AUTHORIZING CONSUMMATION OF MCHENRY WIND DOWN SALE PURSUANT TO THE WIND DOWN ORDER AND (B) GRANTING RELATED RELIEF**

I, Eva Engelhart, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct:

1. I submit this declaration (the "Engelhart Declaration") in support of the *Chapter 7 Trustee of the FBG Debtors' Emergency Motion for Entry of Order (A) Authorizing Consummation of McHenry Wind Down Sale Pursuant to the Wind Down Order and (B) Granting Related Relief* (the "Motion").[2]

2. I am the chapter 7 trustee (the "FBG Trustee") of the jointly administered estates of First Brands Group, LLC and its affiliated debtors (the "FBG Debtors" and such estates the "FBG Estates").[3]

---

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined in the Declaration have the meanings ascribed to such terms in the Motion.

[3] "FBG Debtors" includes First Brands Group Holdings, LLC, First Brands Group Holdings, LLC's direct and indirect Debtor subsidiaries, and Viceroy Private Capital, LLC.

3. Except as otherwise indicated, the statements in this Engelhart Declaration are based on my personal knowledge and experience, my review of relevant documents, and information provided to me by Hilco, as exclusive consultant under the Wind Down Order and the Consulting Agreement, and my proposed counsel. If called to testify, I could and would testify competently to the facts set forth herein

**Background**

4. On September 1, 2026, the Court entered the Conversion Order converting the FBG Debtors' chapter 11 cases to cases under chapter 7, and that same day the Office of the United States Trustee appointed me as interim chapter 7 trustee of the FBG Estates. Shortly thereafter, I met with Hilco personnel and my proposed counsel who have been facilitating the Wind Down Sales since entry of the Wind Down Order. The Hilco personnel discussed the Wind Down Sale process, Wind Down Sales completed to date, and remaining Wind Down Assets to be liquidated. Since then, I have coordinated frequently with and continued to rely on Hilco, as exclusive Consultant under the Wind Down Order.

**The McHenry Wind Down Sale Reflects a Sound Exercise of My Business Judgment**

5. My goal for each Wind Down Sale is to maximize the value of the Wind Down Assets. In evaluating Wind Down Sales, I consider all components of each proposal. Before agreeing to the McHenry Wind Down Sale, I carefully considered each component of the proposed transaction, an alternative transaction structure with Friction One proposed by the SPV Trustee and Evolution, and Hilco's comparative analysis of the competing bids received for the McHenry Wind Down Assets. I understand from Hilco that its marketing process produced four offers for some or all of the McHenry Wind Down Assets: a take-all, in-place bid from Friction One and

three partial bids, each of which covered only selected SKUs and would have required the estates to pick, pack, and ship the purchased inventory, at the estates' cost.

6. Following extensive negotiations, among Hilco as Consultant under the Wind Down Order, Friction One, the Landlord (where applicable), and counsel at my direction, I approved the Bill of Sale and the Lease Assignment and Assumption Agreement. Under those agreements, among other things, (a) JessCo Brakes Inc., an affiliate of Friction One, will acquire all inventory, machinery, and equipment located at 1100 Corporate Drive, 1380 Corporate Drive, and 4400 Prime Parkway, McHenry, Illinois; (b) the Purchaser will pay $12,000,000 in cash, not subject to adjustment, of which $10,000,000 is allocated to inventory and $2,000,000 to machinery and equipment; (c) the Purchaser will acquire the assets in place on an "as is, where is" basis, bear all Transfer Expenses, and assume sole responsibility for tariffs, duties, and customs charges arising from removal of the assets from the free trade zones or their entry into U.S. customs territory after the Effective Date; and (d) BPI will assume and assign the Leases to the Purchaser, with cure satisfied through the remaining letter of credit proceeds, the remaining security deposit, and a cash payment by the Purchaser.

7. In consultation with Hilco and my advisors, I have determined in my reasonable business judgment that the McHenry Wind Down Sale is the highest and best transaction available for the McHenry Wind Down Assets. Among other things, the McHenry Wind Down Sale (a) delivers the highest cash price of any offer received; (b) is a single take-all transaction that clears all three facilities without the FBG Debtors or SPV Debtors incurring Transfer Expenses or post-closing Location Expenses; (c) provides for the Purchaser's assumption of approximately $13–35 million of potential tariff liability to U.S. Customs and Border Protection that would otherwise burden the FBG Estates; (d) resolves the McHenry leases through assumption and assignment,

with the Purchaser funding the cash component of cure; and (e) helps facilitate Friction One's plan to reopen the McHenry facilities and potentially rehire the FBG Debtors' former local employees.

8. I believe the McHenry Wind Down Sale treats the FBG Estates and the SPV Estates evenhandedly and as the Wind Down Order intended. The Net Proceeds will be deposited into the SPV-ABL Wind Down Account, and consummation of the sale will not result in any finding or determination regarding ownership of the McHenry Wind Down Assets or Evolution's or any other party's claims, all of which are reserved.

9. I met with the SPV Trustee and his consultant, David Overbeeke, and listened to their proposal to sell the McHenry Wind Down Assets "free and clear" of the potential tariff liabilities. I considered that proposal carefully, in light of the totality of the interests of FBG Estates and the asserted interests of the SPV Estates. Having done so, I do not believe it is in the best interests of the estates, as a whole, to pursue a transaction that would burden the FBG Estates with potentially millions in additional administrative claims and benefit only one secured creditor.

10. I understand that the Ad Hoc Group, the ABL Secured Parties, Onset, and the Landlord support the McHenry Wind Down Sale, and that the U.S. Trustee, a Wind Down Sale Notice Party, did not object to the Wind Down Sale Notice served on October 10, 2026. Only the SPV Trustee and Evolution object.

**Emergency Relief is Warranted**

11. Time is of the essence. The Bill of Sale and Lease Assignment and Assumption Agreement become effective only upon entry of a final and unappealable order, and the Landlord may terminate the leases if the Effective Date does not occur by November 30, 2026. If the McHenry Wind Down Sale is further delayed, (a) the estates will be forced to incur additional

Location Expenses; (b) the value of the McHenry Wind Down Assets will continue to depreciate; and (c) the FBG Estates risk losing the Purchaser and/or facing additional obstacles to closing.

12. For these reasons, I believe the McHenry Wind Down Sale is in the best interests of the FBG Estates and their stakeholders, and I respectfully request that the Court grant the Motion.

[*Remainder of page intentionally left blank*]

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 18, 2026

*/s/ Eva S. Engelhart*
Eva S. Engelhart
Chapter 7 Trustee of the FBG Debtors