EXHIBIT 7

*Evolution's Emergency Motion to Enforce Stipulation and Agreed Order Regarding Adequate Protection Among Debtors and Evolution Credit Partners [Docket No. 1076]*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | Jointly Administered |

**EVOLUTION'S *EMERGENCY* MOTION TO ENFORCE STIPULATION AND AGREED ORDER REGARDING ADEQUATE PROTECTION AMONG DEBTORS AND EVOLUTION CREDIT PARTNERS**

**Emergency relief has been requested. Relief is requested not later than January 9, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**Evolution has requested that a hearing be conducted on this matter on January 9, 2026 at 9:30 a.m. (CT). Once a hearing has been set by the Court, notice will be provided.**

Evolution hereby files this emergency motion (the "Motion") to enforce the *Stipulation and Agreed Order Regarding Adequate Protection Among Debtors and Evolution Credit Partners* [Docket No. 609] (the "Stipulation and Order"), and requests that the Court enter an order (the "Proposed Order") compelling the Debtors to take Curative Actions within two (2) business days of entry of such order and, in the event the Debtors fail to take such actions, terminating the Debtors' use of Evolution Collateral, including Evolution cash collateral. In support of this Motion, Evolution submits the *Declaration of John Schlant in Support of Evolution's Emergency Motion to Enforce Adequate Protection Stipulation* (the "Schlant Declaration"), and respectfully states as follows:[2]

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Stipulation and Order.

## PRELIMINARY STATEMENT

1. Evolution and the Debtors entered into the Stipulation and Order to permit the continued use of Evolution Collateral, including inventory of the Patterson Borrower and Starlight Borrower critical to the ongoing operations of the Debtors' business, while also providing Evolution with adequate protection. Among other things, the Stipulation and Order requires the Debtors to maintain certain minimum collateral thresholds at each of the Patterson Borrower ($170,000,000 of Collateral Value) and the Starlight Borrower ($165,000,000 of Collateral Value). Stipulation and Order ¶ 4(b). Upon any breach of this Collateral Maintenance Covenant, the Debtors have five (5) business days (the "Cure Period") to cure by either (a) transferring cash in the amount by which the Collateral Maintenance Threshold exceeds the Collateral Value (such shortfall, the "Collateral Deficit") into one of the specified Segregated Accounts, or (b) purchasing or transferring to the Evolution Borrowers free and clear of any liens, claims, security interests, or other encumbrances new Eligible Inventory with a gross inventory valuation at cost equal to or exceeding the amount by which the Collateral Maintenance Threshold exceeds the Collateral Value. Stipulation and Order ¶ 4(c). Importantly, under the Evolution Inventory Facilities, inventory that is Starlight Collateral or Patterson Collateral must be maintained at the Approved Warehouse Locations.

2. The Debtors have breached the Collateral Maintenance Covenant of the Stipulation and Order, and have failed to take Curative Actions within the Cure Period. Specifically, as of December 12, 2025, there was a significant Collateral Deficit with respect to the Patterson Collateral and only a slightly smaller Collateral Deficit with respect to the Starlight Collateral. *See* Schlant Declaration at 16.[3] Evolution has met and conferred with advisors to the Debtors in an attempt to rectify the Collateral Deficits without Court involvement, but those efforts have not been successful, leaving Evolution with no option other than to file this Motion. Accordingly, Evolution respectfully requests the Court enter an order compelling the Debtors to take Curative

[3] The specific amounts of the respective Collateral Deficits will be discussed at the hearing on this matter. However, both are in the tens of millions of dollars.

Actions within two (2) business days of entry of such order and, in the event the Debtors fail to take such actions, terminating the Stipulation and Order, and ordering the Debtors to stop using Evolution Collateral.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are §§ 363 and 105(a) of the Bankruptcy Code.

## RELEVANT BACKGROUND

### A. The Stipulation and Order and Violations Thereof

5. Prior to and following the Petition Date, Evolution worked constructively to engage with the Debtors to permit the consensual use of the Evolution Collateral, recognizing the urgent need to unlock liquidity and promote stability in these chapter 11 cases. After arm's length and good faith negotiations, the parties reached an interim agreement and the Court ultimately approved the Stipulation and Order.

6. For relevant purposes, the Stipulation and Order expressly conditions the Debtors' use of Evolution Collateral on maintaining compliance with the Collateral Maintenance Covenant. Stipulation and Order ¶ 4(c). Under the Stipulation and Order, the Debtors are required to test the Collateral Value against the Collateral Maintenance Threshold at the end of each week (*e.g.*, the True-Up Date) to confirm compliance with the covenant. *Id.* Should the Debtors fail to comply with the Collateral Maintenance Covenant on any given week, the Stipulation and Order provides:

> If, on the True-Up Date, the Collateral Value is less than the Collateral Maintenance Threshold, the Debtors shall be permitted to cure such deficiency within five (5) business days of the applicable True-Up Date by any combination of (at the FBG Debtors' election) (i) transferring cash in immediately available funds in the amount by which the Collateral Maintenance Threshold exceeds the Collateral Value into one or more segregated accounts corresponding to the Evolution Collateral (the "**Segregated Accounts**") to be held as cash collateral subject to the asserted liens of Evolution to the extent such liens and their priority is validated as finally judicially determined by a court of competent jurisdiction (the "**Segregated**

> **Cash**"), or (ii) purchasing and transferring to the Evolution Borrowers free and clear of any liens, claims, security interests, or other encumbrances, new Eligible Inventory with a gross inventory valuation at cost equal to or exceeding the amount by which the Collateral Maintenance Threshold exceeds the Collateral Value (the actions described in clauses (i) and/or (ii), the "**Curative Actions**"). If the Debtors exercise Curative Actions within the five (5) business day cure period, the Debtors shall be permitted to continue purchasing without disruption the Evolution Collateral related to the Evolution Inventory Facilities (but not the Segregated Cash in the Segregated Accounts). In the event the Debtors fail to exercise Curative Actions prior to expiration of the five (5) business day cure period, the Debtors shall be prohibited from continuing to purchase Evolution Collateral.

Stipulation and Order ¶ 4(c).

7. As of December 12, 2025, the Debtors held (a) over $100 million of Starlight Collateral Value at the Approved Warehouse Locations in McHenry, IL, and (b) over $100 million of Patterson Collateral Value at the Approved Warehouse Locations in California. *See* Schlant Declaration at ¶ 16, Ex. A. The Collateral Maintenance Threshold with respect to the Patterson Collateral substantially exceeds the Collateral Value, and the Collateral Maintenance Threshold with respect to the Starlight Collateral also substantially exceeds the Collateral Value. *Id.* at ¶ 16, Ex. B.

8. To date, no Curative Actions have been taken, and the Cure Period has expired.

9. Accordingly, Evolution is entitled to either a cash or inventory cure in accordance with the Stipulation and Order. Absent such a cure, the Debtors must be prohibited from continuing to use Evolution Collateral.

## ARGUMENT

10. The Bankruptcy Code imposes an unequivocal prohibition on debtors for the protection of their secured lenders: a debtor may not use or sell collateral unless (and only to the extent that) the lender's interest in such collateral is adequately protected. 11 U.S.C. § 363(c), (e). The burden of compliance rests squarely on the debtor; the law affords no grace for gamesmanship or disregard of secured creditors' rights. *See* 11 U.S.C. § 361(p)(1) ("In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection").

11. Under the Stipulation and Order, Evolution consented to the use of its collateral for an interim period, but only to the extent that the Debtors complied with the adequate protection package heavily negotiated and memorialized in the Stipulation and Order.

12. As described above and in the Schlant Declaration, the Debtors are in clear breach of the Collateral Maintenance Covenant and have failed to cure the breach within the Cure Period. While the Debtors may assert that certain inventory located in Puerto Rico should be included for purposes of calculating compliance, the Evolution Facilities are clear and define the Starlight Collateral and Patterson Collateral by reference to specific warehouse locations (*i.e.*, the Approved Warehouse Locations). Indeed, the Stipulation and Order is specific and precise about the identity of the Approved Warehouse Locations in which the Debtors were required to maintain the inventory serving as Evolution Collateral. The Debtors, therefore, cannot simply point to another facility and proffer that inventory contained therein may serve as Evolution Collateral, particularly with the ongoing disputes regarding the collateralization and security of multiple Debtor facilities.

13. The Stipulation and Order is also clear about the consequences of violating its terms. "In the event the Debtors fail to exercise Curative Actions prior to expiration of the five (5) business day cure period, the Debtors shall be prohibited from continuing to purchase Evolution Collateral." Stipulation and Order ¶ 4(c). Because the Debtors are in clear violation of the Stipulation and Order, the Court must enter an order compelling the Debtors to take Curative Actions within two (2) business days of entry of such order and, in the event the Debtors fail to take such actions, ordering the Debtors to stop using Evolution Collateral.

14. To be clear, Evolution ***does not consent*** to the use of the Evolution Collateral (including cash collateral) if the Debtors are not in compliance with the terms of the Stipulation and Order. Any unauthorized use would constitute a clear violation of section 363(c) and (e) of the Bankruptcy Code, and an intentional infringement of Evolution's property interests. Adequate protection is a constitutional safeguard rooted in the Fifth Amendment's protection against uncompensated takings. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 339 (1977) ("The concept is derived from the fifth amendment protection of property interests."); *In re Timbers of Inwood*

*Forest Assocs., Ltd.*, 793 F.2d 1380, 1396 (5th Cir. 1986) ("The concept is derived from the fifth amendment protection of property interests.").

15. The Court must hold the Debtors to the terms of their agreement, particularly where the agreement was given the force of an Order of the Court. *See In re Cano*, 410 B.R. 506, 540 (Bankr. S.D. Tex. 2009) ("A bankruptcy court's authority under § 105 to enforce its own orders cannot be reasonably questioned.").

## EMERGENCY CONSIDERATION

16. Pursuant to Bankruptcy Local Rule 9013-1, Evolution respectfully requests emergency consideration of the Motion at the January 9, 2026 omnibus hearing. Further violation of the Stipulation and Order (including continued use of the Evolution Collateral on a nonconsensual basis) only further deteriorates Evolution's interests in the Evolution Collateral and risks further dissipation of such collateral. In advance of filing this Motion, Evolution met and conferred with the Debtors regarding both the relief requested herein as well as the request for an emergency hearing. The Debtors consent to the emergency hearing date requested.

## CONCLUSION

WHEREFORE, Evolution respectfully requests that the Court enter an order (i) granting the relief requested herein and (ii) granting such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of December 2025.

**GRAY REED**

By: */s/ Jason S. Brookner*
Jason S. Brookner
Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com

- and –

**PROSKAUER ROSE LLP**
Vincent Indelicato (admitted *pro hac vice*)
Matthew R. Koch (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: vindelicato@proskauer.com
mkoch@proskauer.com

- and -

Charles A. Dale (admitted *pro hac vice*)
One International Plaza
Boston, MA 02110-2600
Telephone: (617) 526-9600
Email: cdale@proskauer.com

*Counsel to Evolution*

## Certificate of Service

The undersigned hereby certifies that on the 23rd day of December 2025, he caused a true and correct copy of the foregoing document by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | Jointly Administered |

**ORDER GRANTING EVOLUTION'S *EMERGENCY* MOTION TO ENFORCE STIPULATION AND AGREED ORDER REGARDING ADEQUATE PROTECTION AMONG DEBTORS AND EVOLUTION CREDIT PARTNERS**

Upon the *Emergency Motion to Enforce Stipulation and Agreed Order Regarding Adequate Protection Among Debtors and Evolution Credit Partners* [Docket No. __] (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on such motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED as follows:

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

1. The Motion is granted as set forth herein.

2. The Debtors are directed to provide Evolution proof of satisfaction of the Curative Actions no later than two (2) Business Days following entry of this Order, with such proof being reasonably acceptable to Evolution.

3. If the Debtors fail to perform the Curative Actions in accordance herewith, the Stipulation and Order shall be deemed automatically and immediately terminated and the Debtors shall have no further right or authorization to use, sell, or otherwise transfer any of the Evolution Collateral, including the Evolution cash collateral, absent further order of this Court.

4. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: __________, 2025

________________________________
Christopher López
United States Bankruptcy Judge

Submitted by:

Jason S. Brookner
Texas Bar No. 24033684
**GRAY REED**
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com

- and -

**PROSKAUER ROSE LLP**
Vincent Indelicato (admitted *pro hac vice*)
Matthew R. Koch (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: vindelicato@proskauer.com
mkoch@proskauer.com

- and -

Charles A. Dale (admitted *pro hac vice*)
One International Plaza
Boston, MA 02110-2600
Telephone: (617) 526-9600
Email: cdale@proskauer.com

*Counsel to Evolution*