EXHIBIT 27

*Evolution Credit Partners' First Set of Interrogatories to First Brands Group, LLC, dated October 1, 2026*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | Jointly Administered |

**EVOLUTION'S FIRST SET OF**
**INTERROGATORIES TO FIRST BRANDS GROUP, LLC**

To: First Brands Group, LLC, et al. (as captioned above)
c/o Weil, Gotshal & Manges LLP
Porter Hedges LLP
Gabriel A. Morgan (gabriel.morgan@weil.com)
Clifford W. Carlson (clifford.carlson@weil.com)
Matthew S. Barr (matt.barr@weil.com)
Sunny Singh (sunny.singh@weil.com)
Joshua W. Wolfshohl (jwolfshohl@porterhedges.com)
Eric M. English (eenglish@porterhedges.com)
Shane M. Johnson (sjohnson@porterhedges.com)

In connection with the *Emergency Motion of Evolution Credit Partners to Compel Segregation and Turnover of Post-Petition Accounts Receivable Collected* [Docket No. 3144], the *Emergency Motion of Evolution Credit Partners to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds Into the Court Registry* [Docket No. 3792], and the *Trustee's Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. § 721 Effective As of September 1, 2026* [Docket No. 3796] (together, the "Contested Matters"), and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable to these Contested Matters by Rules 7026, 7033, and 9014(c)(1) of the Federal Rules of Bankruptcy

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Procedure (the "Bankruptcy Rules"), and the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), Evolution Credit Opportunity Master Fund II-B, L.P. (the "Evolution Inventory Lender" and, together with its affiliated lending entities, Evolution Credit Partners Trade Finance Master, L.P., Evolution Credit Opportunity Master Fund III-B, LP, and certain other Evolution affiliated funds, collectively, "Evolution") serves these Interrogatories (the "Interrogatories") on First Brands Group, LLC ("First Brands"), and hereby demands that it answer in writing, separately and fully, and under oath, each of the following Interrogatories, and serve such answers to counsel for Evolution, Gray Reed, 1300 Post Oak Blvd., Suite 2000, Houston, TX 77056, no later than 5:00 p.m. Eastern Time on October 12, 2026.

## DEFINITIONS

1. The terms "you" and "your" refer to any and each of the FBG Debtors.

2. The term "FBG Debtors" means First Brands and each of its debtor affiliates in the above-captioned jointly administered cases, together with any chapter 7 trustee appointed for any of them. It also includes each of their predecessors, successors, assigns, parent companies, subsidiaries, affiliates, as well as their present and former officers, employees, agents, advisors, and representatives, including A&M and Hilco. For the avoidance of doubt, the term FBG Debtors does not include the Evolution SPV Debtors.

3. The term "A&M" means Alvarez & Marsal North America, LLC, and each of its predecessors, successors, assigns, parent companies, subsidiaries, affiliates, as well as their present and former officers, employees, agents, advisors, and representatives.

4. The term "Adequate Protection Stipulation" means that certain *Stipulation and Agreed Order Regarding Adequate Protection Among Debtors and Evolution Credit Partners* [Docket No. 609].

5. The term "Curative Action" has the meaning given in paragraph 4.C of the Adequate Protection Stipulation.

6. The term "Evolution SPV Debtors" means the bankruptcy estates of Patterson Inventory Holdings, LLC, Patterson Inventory, LLC, Starlight Inventory Holdings I, LLC, and Starlight Inventory I, LLC.

7. The term "Factored Receivables Account" has the meaning given in the Cash Management Order at Docket No. 604 in the above-captioned case.

8. The term "Hilco" means, collectively, Hilco Merchant Resources, LLC, Hilco Receivables, LLC, and Hilco Global Professional Services, LLC, and each of their predecessors, successors, assigns, parent companies, subsidiaries, affiliates, as well as their present and former officers, employees, agents, advisors, and representatives.

9. The term "Receivables" means all accounts receivable generated by sales of inventory during the Relevant Period from the Warehouses. To the extent you do not track sales or receivables at the Warehouse level, "Receivables" means all accounts receivable generated by sales of inventory during the Relevant Period from Brake Parts, Inc.'s ("BPI") West Coast Distribution Center ("WDC") and Midwest Distribution Center ("MDC"), of which the Warehouses are a part. The term includes any such receivables collected by or through Hilco or any other agent.

10. The term "Relevant Period" means the Petition Date to the present.

11. The term "Warehouses" means the warehouses located at 1100 and 1380 Corporate Drive, McHenry, Illinois; 14528 Bonelli Street, City of Industry, California; and 2701 Keystone Pacific Parkway, Suite 100, Patterson, California.

12. The term "Warehouse Receipts" means all amounts collected by any FBG Debtor, or by any agent on its behalf (including Hilco), in any form, in satisfaction of any Receivable, during the Relevant Period.

13. The term "Segregated Account" has the meaning given in paragraph 4.C of the Adequate Protection Stipulation.

14. The term "Requests" means the *Requests for Production Pursuant to Fed. R. Civ. P. 30(b)(2) and 34* attached as Exhibit B to the *Notice of Deposition of First Brands Group, LLC and Request for Production of Documents*, served contemporaneously with these Interrogatories on October 1, 2026.

15. When referring to a person, the term "Identify" means to give, to the extent known or knowable with reasonable diligence, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, the dates of employment, and role/title at that employer. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person unless the subsequent request asks for additional information.

16. When referring to any fact, transaction, account, amount, document, communication, or other information other than a person, "Identify" means to (a) state the requested information with specificity, and (b) identify by Bates number each document produced in response to the Requests that reflects or supports that information. Identifying a document does not substitute for stating the requested information, except to the extent permitted by Federal Rule of Civil Procedure 33(d). If you rely on Rule 33(d), you must specify the records from which the

answer may be derived in sufficient detail to enable Evolution to locate and identify them as readily as you could.

17. The term “Petition Date” means September 24, 2025.

18. As used herein, the terms “all,” “any,” or “each” shall each be construed as encompassing any and all.

19. The connectives “and” and “or” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20. The term “concerning” means reflecting, referring to, or relating to, in addition to its other customary and usual meaning, and includes, but is not limited to, discussing, constituting, pertaining to, describing, evidencing, identifying, touching upon, and/or summarizing.

21. The use of the singular herein shall be construed to include the plural and vice versa.

22. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Interrogatories.

23. The term “including” shall mean including but not limited to.

**INSTRUCTIONS**

1. In answering these Interrogatories, you shall furnish all information that is available to you, including information that is in the possession of any of your present or former agents, employees or representatives, or otherwise subject to your custody or control.

2. You shall answer each Interrogatory separately and fully, in writing and under oath.

3. Each Interrogatory shall operate and be responded to independently and, unless otherwise indicated, no Interrogatory limits the scope of any other Interrogatory.

4. If you contend that you do not know or, after exercising due diligence, cannot determine the answer to any part of an Interrogatory, you shall: (a) state that you do not know or

cannot determine the remaining information; (b) describe the reason why you do not know or cannot determine the information; (c) describe the steps you took to attempt to determine the information; (d) provide the name and address of any person or entity that you believe might have that information; and (e) answer to the extent you do know any of the information requested.

5. If you contend that part of an Interrogatory is objectionable, you shall state the legal and factual basis for your objection with specificity, and you shall respond fully to that part of the Interrogatory that you do not believe is objectionable.

6. If you claim any ambiguity in interpreting any Interrogatory or any definition or instruction applicable to any Interrogatory, you may not use such a claim as a basis for refusing to respond to the Interrogatory, but shall respond to the Interrogatory applying the broadest interpretation possible.

7. If you contend that you do not understand the definition of any term or phrase used in an Interrogatory, you shall explain in detail what it is that you do not understand about the term or phrase at issue, and you shall respond to all parts of the Interrogatory that you do understand.

8. If you contend that any part of an Interrogatory is overbroad, you shall explain in detail why it is that you consider that part of the Interrogatory to be overbroad, and you shall respond to the remainder of the Interrogatory that you do not consider to be overbroad.

9. If you withhold any information responsive to an Interrogatory on the basis of a claim of privilege, work product, or other protection from disclosure, you shall, for each such Interrogatory, provide a statement of the basis upon which the privilege asserted is claimed. Such description(s) shall be sufficiently detailed to permit Evolution, and the Court to evaluate the claim(s) of privilege, including by describing whether the information contains a request for legal

advice (and if so, identifying the person who requested that advice); the nature of the privilege or protection asserted; and the general subject of the privileged or protected communication.

10. Evolution reserves the right to supplement these Interrogatories.

11. Unless otherwise specified, these Interrogatories are limited to the Relevant Period.

12. These Interrogatories shall be deemed continuing in nature, and the responses thereto shall be supplemented to the fullest extent required by Fed. R. Civ. P. 26 and 33 (as incorporated by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure).

## INTERROGATORIES

**Interrogatory No. 1**

Identify every bank account that received customer payments on the Receivables during the Relevant Period. For each bank account, Identify the account holder, bank, account number, and the role or purpose of the bank account (e.g., concentration, disbursement, Factored Receivables Account, etc.).

**Interrogatory No. 2**

Identify the date of receipt, amount, invoice date, source, and receiving bank account of each Warehouse Receipt.

**Interrogatory No. 3**

Identify whether any portion of the Warehouse Receipts has been spent, disbursed to non-FBG Debtor third parties, or otherwise no longer exists in a bank account that the FBG Debtors control. For each such portion, state the amount and the date(s) of disbursement, the account(s) from which Warehouse Receipts were disbursed, the payee(s), and the purpose of each payment.

**Interrogatory No. 4**

For each portion of the Warehouse Receipts that was transferred from the initial receiving account to any other FBG Debtor account, Identify:

a. The date and amount of each such transfer;

b. The account holder, financial institution, and account number of both transferor and transferee;

c. The identity of the person who authorized the transfer, or whether it was an automatic sweep;

d. Whether the transfer moved the entire balance of the transferor account; and

e. For each subsequent transfer of funds out of the transferee account to another account of any FBG Debtor, the information requested in subparts (a) through (d), continuing until the funds were disbursed to a person or entity other than an FBG Debtor or remained on deposit as of the date of your response.

**Interrogatory No. 5**

Identify the amount of Warehouse Receipts, if any, that remain on deposit in any account under the control of the FBG Debtors and Identify each such account. If no Warehouse Receipts remain, state the facts supporting that conclusion.

**Interrogatory No. 6**

For each account that received any Warehouse Receipts, and for the FBG Debtors' cash on a consolidated basis, Identify whether the balance fell below $21.2 million at any time after the first Warehouse Receipt was deposited, and if so, Identify each date on which it did so and the lowest balance reached.

**Interrogatory No. 7**

Identify each person with knowledge of the receipt, deposit, transfer, or use of the Warehouse Receipts, and describe the subject of each person's knowledge.

**Interrogatory No. 8**

Identify each transaction, from the Petition Date through January 20, 2026, in which any FBG Debtor purchased inventory from any Evolution SPV Debtor pursuant to paragraph 4.A of the Adequate Protection Stipulation. For each such transaction, state:

a. The date of the transaction and the FBG Debtor and Evolution SPV Debtor involved;

b. The SKUs, quantities, and cost value of any inventory purchased from the Evolution SPV Debtor;

c. The form and amount of any consideration provided to the Evolution SPV Debtor, including (1) for cash, the Segregated Account into which it was deposited and the amount, and (2) for inventory, the SKUs, quantities, cost value, and how the FBG Debtor designated the inventory as owned by the Evolution SPV Debtor;

d. Whether the consideration equaled at least 102% of the cost value of the inventory purchased; and

e. Each document recording the transaction, including but not limited to, invoices and other transaction documents.

**Interrogatory No. 9**

For each week during the Relevant Period, Identify the level of inventory held at each Warehouse (or, if Warehouse-level data does not exist, at the WDC or MDC facility), stating the week-ending date, quantity and cost value by SKU, and whether the quantity and cost value of any inventory was designated as owned by an Evolution SPV Debtor or as collateral of Evolution.

[*Remainder of Page Intentionally Left Blank*]

Respectfully submitted this 1st day of October 2026,

**ELSBERG BAKER & MARURI PLLC**

*/s/ Michael Duke*
David Elsberg (admitted *pro hac vice*)
Michael Duke (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Andrew Parks (admitted *pro hac vice*)
Ella Epstein (admitted *pro hac vice*)
350 Fifth Avenue, 38th Floor
New York, NY 10018
Telephone: (212) 597-2600
Email: delsberg@elsberglaw.com
mduke@elsberglaw.com
vtata@elsberglaw.com
aparks@elsberglaw.com
eepstein@elsberglaw.com
-and-

**GRAY REED**

Jason S. Brookner
Texas Bar No. 24033684
Emily F. Shanks
Texas Bar No. 24110350
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com
eshanks@grayreed.com

-and-

**PROSKAUER ROSE LLP**
Vincent Indelicato (admitted *pro hac vice*)
Matthew R. Koch (admitted *pro hac vice*)
Eleven Times Square
New York, New York 10036
Telephone: (212) 969-3000
Email: vindelicato@proskauer.com
mkoch@proskauer.com

- and -

Charles A. Dale (admitted *pro hac vice*)

One International Plaza
Boston, Massachusetts 02110-2600
Telephone: (617) 526-9600
Email: cdale@proskauer.com

*Counsel to Evolution*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 1st day of October, 2026, he caused a true and correct copy of the foregoing document to be served upon the following counsel via email:

Gabriel A. Morgan (gabriel.morgan@weil.com)
Clifford W. Carlson (clifford.carlson@weil.com)
Matthew S. Barr (matt.barr@weil.com)
Sunny Singh (sunny.singh@weil.com)
Joshua W. Wolfshohl (jwolfshohl@porterhedges.com)
Eric M. English (eenglish@porterhedges.com)
Shane M. Johnson (sjohnson@porterhedges.com)

*/s/ Michael Duke*___________
Michael Duke