EXHIBIT 55

*Transcript of September 28, 2026 Hearing before the Honorable Christopher M. Lopez*
*[Case No. 25-90399]*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FIRST BRANDS GROUP LLC, | ) | CASE NO: 25-90399-cml |
| | ) | Houston, Texas |
| Debtor. | ) | Monday, September 28, 2026 |
| | ) | 11:31 a.m. to 11:52 a.m. |
| PATTERSON INVENTORY, LLC, | ) | CASE NO: 25-90392-cml |
| And FIRST BRANDS GROUP LLC, | ) | |
| Debtors. | ) | |

HEARING

BEFORE THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| For Chapter 7 Trustee Ronald J. Sommers: | ERIN JONES<br>Jones Murray LLP<br>602 Sawyer Street, Suite 400<br>Houston, TX 77007 |
| For Eva Eghelhart: | JOSHUA WOLFSHOL<br>Porter Hedges<br>1000 Main Street, 36th Floor<br>Houston, TX 77002 |
| For OnSet Financial: | JASON KESTECHER<br>Milbank<br>55 Hudson Yards<br>New York, NY 10001 |
| For Ad Hoc Group: | ANNELYSE GAINS<br>Gibson Dunn<br>1700 M Street, N.W.<br>Washington, D.C. 20036 |

| | |
|---|---|
| For Evolution and Ron Sommers: | MICHAEL DUKE<br>Elsberg Baker & Maruri PLLC<br>Empire State Building<br>350 Fifth Avenue, 38th Floor<br>New York, NY 10118 |
| For Carnaby II and Carnaby III: | ERIC HILMO<br>Dechert LLP<br>1095 Avenue of the Americas<br>New York, NY 10036 |
| For Bank of America: | SCOTT AHMAD<br>Winston Taylor<br>300 N. LaSalle Drive, Suite 4400<br>Chicago, IL 60654 |
| For the LAM Parties: | ANGELA HERRING<br>Wachtell Lipton Rosen & Katz<br>51 West 52nd Street<br>New York, NY 10019 |
| For Evolution: | MICHAEL MERVIS<br>Proskauer Rose LLP<br>Eleven Times Square<br>New York, NY 10036 |
| Court Reporter: | Yesenia Lila |
| Courtroom Deputy: | Yesenia Lila |
| Transcribed by: | Veritext Legal Solutions<br>330 Old Country Road, Suite 300<br>Mineola, NY 11501<br>Tel: 800-727-6396 |

Proceedings recorded by electronic sound recording; Transcript produced by transcription service.

HOUSTON, TEXAS; MONDAY, SEPTEMBER 28, 2026; 11:31 AM

(Call to Order)

THE COURT: Okay, good morning. This is Judge Lopez. Today is September 28th. I'm going to call the 11:30 status conference in -- why don't I just call the case numbers. Patterson and First Brands, 25-90392 and 25-90399. I'll take appearances in the courtroom, and anyone on the line who wishes to make an appearance, please hit 5* and I will unmute your line. Good morning.

MS. JONES: Morning, Your Honor. Erin Jones for Ronald Sommers, Chapter 7 Trustee for today for the Patterson/Starlight SPDs. He's also Trustee for some other converted entities.

THE COURT: Okay, good morning.

MR. WOLFSHOL: Good morning, Your Honor. Joshua Wolfshol and Eric English from Porter Hedges, proposed counsel on behalf of Eva Engelhart, the Chapter 7 Trustee that's been appointed, and she's here as well.

THE COURT: Ms. Engelhart, welcome, I think.

MS. ENGELHART: Thank you, Your Honor. Thank you.

THE COURT: All righty, good morning. Anyone else in the courtroom wish to make an appearance? If not, I'll start unmuting a few lines. All righty, an 862 number.

MR. KESTECHER: Your Honor, Jason Kestecher, Millbank, on behalf of OnSet Financial.

THE COURT: Good morning.

MR. KESTECHER: Good morning.

THE COURT: An 847 number.

MS. GAINS: Am I on?

THE COURT: Yeah, you are. Sorry about that.

MS. GAINS: Good morning, Your Honor -- no. AnnElyse Gains with Gibson Dunn on behalf of the ad hoc group.

THE COURT: Okay. A 212 number.

MR. DUKE: Good morning, Your Honor. Michael Duke on behalf of Evolution and Ron Sommers.

THE COURT: Good morning. A 201 number.

MR. HILMO: Good morning, Your Honor. Eric Hilmo from Dechert on behalf of the Carnaby II and II secured lenders.

THE COURT: Yeah, good morning. A 630 number.

MR. AHMAD: Scott Ahmad from Winston on behalf of Bank of America.

THE COURT: Good morning. And I've got two more. A 212 number.

MS. HERRING: Good morning, Your Honor. Angela Herring, Wachtel Lipton Rosen & Katz on behalf of the LAM parties.

THE COURT: Good morning. And a 917 number.

MR. MERVIS: Good morning, Your Honor. Michael

Mervis, Proskauer Rose, for Evolution.

THE COURT: Good morning. Not sure who I should turn this over to.

MS. JONES: I can start.

THE COURT: That works.

MS. JONES: Thanks, Your Honor. We filed a joint notice -- well, notice of the status conference, really jointly requesting it. So, you know, this case was converted September 1. Ms. Engelhart was appointed Trustee for really all of them at the point of conversion. She resigned a few cases. Mr. Sommers was appointed to some of them; he resigned a few cases and some of those cases were reassigned to Ms. Curtis. None of those are at issue here today, the ones that Ms. Curtis has. And we've got a few pending motions that really kind of go back to the heart of the issues that people were really grappling with during the Chapter 11 but that also need attention in the Chapter 7, so -- or the Chapter 7 cases.

And so -- and in reality, they all kind of relate to each other and we wanted to be thoughtful about trying to -- because they're filed as emergencies. You know, it's important. We've got -- we've got assets. The Trustees are trying to get their arms around them. They're trying to figure out, "What do I need to manage so that, you know, things don't float away," but at the same time -- so,

they're all field as emergencies or expedited. So, we really wanted to get before Your Honor to try to be thoughtful about sequencing things and getting things scheduled.

THE COURT: I appreciate it.

MS. JONES: And making sure that this gets done in a way that makes sense. We've got in the -- in the Patterson and Starlight cases, which were jointly administered under 25-90392, there is Docket Number 96, which is a motion filed by Mr. Sommers for authority to collect accounts receivable that have not yet been collected. There is -- in the First Brands case, the main jointly administered case, the 90399 case, there is a motion by Evolution to deposit approximately $21 million to the Registry of the Court, which Mr. Sommers joined as well.

And then there is a motion by Ms. Engelhart to operate her -- some of her stays, which necessarily crosses over with the motion to deposit funds in the Registry. And so, we wanted to get those issues before Your Honor and I think Mr. Duke has taken the lead on the issues relating to the $21 million, so I'm going to kind of step aside and let him talk to you, but I think Mr. Wolfshol also has some announcements to make as well.

THE COURT: Okay. And if I'm looking at the 25-90392, 92 is the emergency motion to extend the deadlines

under 365(d)(1). 93 is the accounts receivable one and then 94 -- oh, it's just the sealed version.

MS. JONES: That's right.

THE COURT: 93, if I've got that right. So, I will -- I'll grant the motion to seal. We'll take that off the table. And then, let's talk about 92 and 93 first and then I'll turn to the other ones, unless there's some -- if that works for everyone.

MR. WOLFSHOL: That's fine, Your Honor. I will say that I'm going to probably propose similar deadlines for all of them. I do think that they ought to be heard. I think they should be heard relatively soon.

THE COURT: You mean just kind of pick a date. Whatever date we pick for the other ones, we just --

MR. WOLFSHOL: Exactly.

THE COURT: Yeah, no, I'm all for that.

MR. WOLFSHOL: That's what I was thinking.

THE COURT: Kind of more -- make it more omnibus --

MR. WOLFSHOL: That's exactly what I was thinking, Your Honor.

THE COURT: Okay. What dates do you all have in mind?

MR. WOLFSHOL: So -- and I'll tell the Court I've communicated with a number of parties. I don't know that I

have, like, affirmative buying on these dates from everyone, but several have expressed, you know, that they are okay with what I'm suggesting. But what I would ask for is an October 9th deadline to respond to each of the motions, and so speaking to the one that you're addressing now, Your Honor, it would be the motion -- the AR motion that was filed in the Patterson case.

THE COURT: Mm-hmm. Mm-hmm.

MR. WOLFSHOL: We would ask for an October 9th deadline. And then, I was going to suggest, subject to the Court's availability, a date the week of October 19th, other than the 22nd. So, any one of those dates as a hearing date. These -- it would be great to have this go out, you know, and have a lot of time to brief and a bunch of discovery, but I think everybody agrees that these need to be heard relatively quickly, especially given the request, and I'll also tell the Court that the Trustee is prepared to not let the estate's cash balance go below the -- I think it's $21.5 million in the interim.

And so, that's another reason why would like to get a hearing and hopefully a ruling relatively soon, because I think as of today the estate's holding in unrestricted funds is about $24.8 million and there are on ongoing expenses -- lease payments, data preservation payments -- that we absolutely have to make. And so, I

think that we need to know one way or the other what the issue -- you know, what the Court decides on that issue. So -- and that's also part of why they're all sort of intertwined in a way, so those are the dates I propose as to --

THE COURT: October 9 objection deadline, and then somewhere the week of October -- somewhere around there, except for the 22nd. That week of the 19th?

MR. WOLFSHOL: That's right, Your Honor.

THE COURT: Okay, and that would -- well, since I have you here, 25-903 -- I've identified the ones that I saw. Are there just -- any additional motions in the 25-90399 that I should --

MR. WOLFSHOL: I don't think so, Your Honor. I mean, I think as to the -- Ms. Jones also identified the Trustee's motion to operate. I don't think that needs a briefing deadline. Really, we did not file that to be controversial. We were filing it just because that's kind of a standard, as Your Honor knows, in Chapter 7s. It's a standard motion to file when you still have kind of ongoing winddown operations, and so we were --

THE COURT: Stuff to do.

MR. WOLFSHOL: We've exchanged with Millbank some language that, you know, I haven't shared with everybody, but I think it's mainly focused on making sure that we agree

that we're going to be -- remain bound by prior Chapter 11 orders, cash collateral orders, and adequate protection orders. We have no problem with that. We're not trying to go beyond that. We're really just trying to, you know, put in place an order that allows the Trustee to kind of do the typical stuff that you --

THE COURT: Yours are at 3792 -- I should say the motion is there at 3792. It's the Evolution motion to compel. And --

MR. WOLFSHOL: Yeah, the one I'm referring to, Your Honor, is --

THE COURT: You're talking about 3796, right?

MR. WOLFSHOL: That's correct. That's correct, Your Honor. I'm just pointing out that I don't think that necessarily needs a briefing deadline. I think we -- it was not intended to be a controversial issue.

THE COURT: No, no, no, no. I agree with that. I agree with that 100 percent.

MR. WOLFSHOL: Okay.

THE COURT: Just -- you'll be kind of stuck in limbo until -- for a month.

MR. WOLFSHOL: Yeah.

MS. JONES: Can I -- I think from our perspective, Your Honor, the issue with the motion for authority to operate is not for authority to cooperate; it's to just

ensure that assets for which there are disputes --

THE COURT: No, sometimes you just need a court order for someone to just tell you that you can do the basic stuff.

MR. WOLFSHOL: That's exactly what it was.

THE COURT: Yeah, no. I know what you're talking about. If there's agreement on language, I can -- just to make sure that we have notice on everything, why don't I just look to set certain matters for hearing. Why don't I hear with respect to the parties on these. Let me ask you, Mr. Wolfshol, before I turn it over. 3792, 3796. Do you need any other -- are there any other that I should set on that day from --

MR. WOLFSHOL: Other than those, Your Honor, no. I don't think so. I think we'd just like all of those set on the same date and the same response date.

THE COURT: Okay. Just so the record's clear so when notice goes out that we're clear about what it is, and maybe -- okay.

MR. KELLEY: Your Honor, Charles Kelley on behalf of Katsumi.

THE COURT: Good morning, Mr. Kelley.

MR. KELLEY: Good morning, Your Honor. We've been in regular conversations with the Trustee's counsel, largely because I think this is a unique case. And while I

understand the order -- the motion is a typical one you might see in a Chapter 7, its breadth and lack of definition created some concern. And so, what we were largely looking for was just clarity as to what that scope of authority would look like, either in the form of a draft order --

THE COURT: Mm-hmm.

MR. KELLEY: -- or in a dialog. I don't want to have to draft anything but we want to see exactly what it is to the best they can give us the pathways or the runways on which they're going to need to make decisions and action. The motion to operate in the abstract given everything about the nature of this business was way too broad for us to get comfortable, so all we're looking for is just some clarity on the authority the Court will be giving the Trustee.

THE COURT: Okay, thank you. I'll start -- I'll just go around the boxes. Mr. Duke, and then I'll turn to Ms. Gains.

MR. DUKE: Thank you, Your Honor. I wanted to note as you're looking for which motions for the hearing would be set, there's also 3144, which has a joinder, I believe, at 3151. These are similar to the issues raised in 3792, but I just wanted to go ahead and get those all resolved.

THE COURT: 3144, and you mentioned another number.

MR. DUKE: I believe 3151 is the Trustee's joinder.

THE COURT: Oh, okay. Got it, got it, got it, got it. And there's a -- okay, thank you. Does anyone else wish to be heard? Ms. Gains?

MS. GAINS: Yes, Your Honor, briefly. Thank you, Your Honor. For the record, AnnElyse Gains with Gibson Dunn on behalf of the ad hoc group. I just wanted to state we would like to go back and discuss those dates. We got them right before the hearing and I just want to make sure they work on our side, so I do want to just make sure -- obviously, a lot -- some of the disputes involves us a primary in relation to what counsel called unrestricted cash; we view that as collateral cash. So, we want to make sure that that hearing date works and those responses work, so I just wanted to make sure that was clear on the record, our view on that and that we'll come back and -- I don't think it'll be a problem getting to an agreed schedule, but we haven't gotten those dates down on our side yet.

THE COURT: Okay. Let me -- yeah, I -- why don't I just set the October 9 objection deadline for all these motions that we're talking, and in terms of dates, let me just put out two dates, Ms. Gain, so we can see -- well, let me -- I probably ought to give this one some time, just in case. Give me a second. Let me just take a look at

something. Just looking at my calendar here. So, we're going to look for a date that week and I can tell you that week is probably the best week for me, the following week. There's a lot of moving pieces there, but I could probably do the 21st. I have something at 10 o'clock, but I think I could move it. Just if -- that would just be a free day that parties could then look to and see how much time you needed, whether you needed a morning, whether you needed an afternoon, and any witnesses. You can talk and kind of work backwards from there.

We had to pick another -- I will tell you, on the 21st I'm going to set no matter what the Trustee motion to authorize. I think that one -- I don't want to -- that I feel like I can put on a separate track. So, I will set that for the 21st at 9:00 a.m. We'll start on that day. That'll be kind of the motion to operate, Ms. Engelhart's motion to operate. We'll set that for the 21st. If there's an agreed order, then maybe we don't need the hearing, but obviously, if we need to have a hearing, we'll have a hearing on that day. So, Ms. Gains, why don't you look -- why don't you look for like, the 21st or -- yeah. Hold on. What is that? Yeah, if you just needed an afternoon I could probably give you the 20th as well, if you needed more time. Just I don't know what else is there.

I will tell parties, if there's applications or

motions that you think may just make sense to just -- you know, that you think will be short and we just need to get a hearing date on them, I'll give you the -- you can go ahead. If you think you can file something soon, I'll give you the -- you can use the 21st at 9:00 a.m. if you just -- applications or stuff like that if you just think they -- if they're out there, pending, sure. We'll just use that as an omnibus date. But they'll -- btu they really have to kind of be the short and sweet and to the point ones. Why don't just parties just work with my case manager? We'll pick one of -- we'll pick one of those two days. I don't know, whichever one.

MR. DUKE: Okay.

THE COURT: Whichever one works. Ms. Gains, can you just check with your folks and just see what makes the most sense? I'd like to do this --

UNIDENTIFIED SPEAKER 1: (indiscernible).

THE COURT: If we're going to do something and it's going to be -- if it's just oral argument on law, I'm fine doing --

UNIDENTIFIED SPEAKER 1: Hello, (indiscernible)?

THE COURT: Yes.

UNIDENTIFIED SPEAKER 1: Hello. I'll let Angie know you called. She's in another call at the moment.

THE COURT: I'm sorry, who's --

UNIDENTIFIED SPEAKER 1: Hello?

THE COURT: Yes, who's this?

UNIDENTIFIED SPEAKER 1: This is (indiscernible) -- oh, I'm in the wrong number. I so apologize.

THE COURT: No, no, it's okay.

UNIDENTIFIED SPEAKER 1: Who is this? Who am I speaking to?

THE COURT: This is -- I had the same question. This is Judge Chris Lopez from the United States Bankruptcy Court.

UNIDENTIFIED SPEAKER 1: I'm going to hang it up. I'm going to hang it up.

THE COURT: No one wants to talk to me. Ms. Gains, why don't you check on the 20th or the 21st. If it's just going to be oral argument, I'm fine hybrid, but if we're going to have a lot of (indiscernible) I want everybody here and just to kind of be in Houston for that date. Mr. Ahmad, any questions or anything you wish to tell me or anything, or anyone else?

MR. AHMAD: No, nothing on -- nothing on my end, Your Honor, beyond what's already been said.

THE COURT: Okay. Mr. Duke?

MR. DUKE: Thank you, Your Honor. I just wanted to confirm that the motion that was filed at ECF 93 in the 25-90392 case is also contemplating settlement date. That's

the motion to authorize the Evolution SPD Trustee, Ron Sommers, to pursue accounts receivable for seven customers tied to the (indiscernible) --

THE COURT: Yeah, I think all of that -- that all seems to have kind of the same set of facts or relate to the same matters, so I think we set them all that date, unless somebody tells me that they're --

MR. DUKE: Okay, great. I --

THE COURT: That they're materially different, you know, if not, but I think they're all kind of related, so if we can do that -- and the thing that I would want clarity on is that -- so, there's an agreement, just speak to my case manager. I know which ones we mentioned on the record, but just a clean confirmation from both parties exactly what the parties want to proceed on, just so that we can put it on the docket and parties can send notice that we'll have it on that date. But that -- the Trustee authorization is set for that date. That one's already set in stone.

MR. DUKE: Okay.

MS. JONES: I can file a notice of hearing (indiscernible).

MR. DUKE: Great.

THE COURT: Yeah, that'd be great. That's what I'm saying, but just confirm on which date you want to use, and again, if it's the 20th -- let me -- well, don't let me

make up dates. Yes, if it's the 20th, we can do the afternoon. If it's -- if you want to do the 21st, we could start at 9:00 a.m. and just -- I'll block off -- I'll block off as much time as you need on that day.

MR. DUKE: Okay.

THE COURT: Okay?

MR. DUKE: Thank you, Your Honor.

THE COURT: Is there anything else we need to talk about or take care of today? Okay, thank you very much. Have a --

(Proceedings adjourned at 11:52 a.m.)

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.



Sonya Ledanski Hyde

Veritext Legal Solutions
330 Old Country Road
Suite 300
Mineola, NY 11501

Date: September 30, 2026