# EXHIBIT 1

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | § |
| | § **Chapter 7** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § **(Previously Chapter 11)** |
| | § |
| **Debtors.**[1] | § **Case No. 25-90399 (CML)** |
| | § |
| | § **Jointly Administered** |

**DECLARATION OF DANIEL JERNEYCIC IN CONNECTION WITH TRUSTEE'S OBJECTION TO THE EMERGENCY MOTION OF EVOLUTION CREDIT PARTNERS TO COMPEL TURNOVER AND DEPOSIT OF DISPUTED POST-PETITION ACCOUNTS RECEIVABLE PROCEEDS INTO THE COURT REGISTRY**

I, Daniel Jerneycic, pursuant to § 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true and correct:

1. I submit this declaration (the "Declaration") in connection with the Trustee's Objection to the Emergency Motion of Evolution Credit Partners to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds into the Court Registry (the "Objection") filed by Eva S. Engelhart, the chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors") in connection with the *Emergency Motion of Evolution Credit Partners to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds into the Court Registry* [Docket No. 3792] (the "Motion") filed by Evolution Credit Opportunity Master Fund II-B, L.P. (the

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

"Evolution Inventory Lender" and, together with its affiliated lending entities, Evolution Credit Partners Trade Finance Master, L.P., Evolution Credit Opportunity Master Fund III-B, LP, and certain other Evolution affiliated funds, collectively, "Evolution") as well as the *Joinder of Chapter 7 SPV Debtors' Trustee Ronald Sommers in Evolution Credit Partners' Emergency Motion to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds into the Court Registry* [Docket No. 3799] filed by Ronald J. Sommers, as the Chapter 7 Trustee (the "SPV Trustee") of Debtors Patterson Inventory, LLC, Patterson Inventory Holdings, LLC, Starlight Inventory I, LLC, and Starlight Inventory Holdings I, LLC (collectively, the "Evolution SPV Debtors").[2]

2. This Declaration is based on my personal knowledge, education, experience and review of documents and other information relevant to my testimony. If called to testify, I could and would testify competently to the matters set forth in my Declaration. My compensation is not contingent upon or influenced by the substance of my testimony or the outcome of the Objection. I am authorized to submit this Declaration.

## Qualifications and Professional Background

3. I am a Managing Director at Alvarez & Marsal North America LLC ("A&M"). On September 5, 2025, A&M was retained by the Company to, among other things, assist with liquidity management and forecasting, identifying cost-reduction opportunities, and contingency preparations for a potential chapter 11 filing.

4. On October 23, 2025, I was appointed co-Chief Restructuring Officer of First Brands Group, LLC and its debtor affiliates. From the outset of my appointment as co-Chief Restructuring Officer of First Brands Group, LLC and its debtor affiliates, I worked in

[2] Capitalized terms not otherwise defined in this Declaration carry the meanings ascribed to them in the Objection.

coordination with the Debtors' other advisors on numerous activities to support the Debtors' restructuring efforts. As a result of my role as co-Chief Restructuring Officer of First Brands Group, LLC and its debtor affiliates, I have become familiar with the Company's day-to-day operations, business and financial affairs, and the circumstances leading to the commencement of these chapter 11 cases. My role as co-Chief Restructuring Officer of First Brands Group, LLC and its debtor affiliates ceased upon conversion of the FGB Debtors to chapter 7 debtors.

5. I have nearly twenty-five years of experience as an advisor to large organizations, assisting them with analyzing and stabilizing their financial condition, and focused on financial analysis, operational turnarounds, and restructurings. I have experience in the automotive industry, specifically, where I have advised both OEMs and suppliers.

6. My experience includes liquidity management and cash forecasting, financial modeling, cost reductions, customer and labor negotiations, strategic planning, and business plan development. Prior to joining A&M, I was a Partner in Ernst & Young's Turnaround and Restructuring practice, where I served in a similar capacity. I earned a bachelor's degree from the University of Michigan, and a master's in accounting from University of Michigan's Ross business school. I am a Certified Public Accountant, Certified Insolvency Restructuring Advisor, and certified in Financial Forensics.

## **The Objection**

7. Historically, funds from the sale of BPI's inventory were received in four collection accounts with account numbers ending in 7312, 7294, 0667, and 3518 (collectively, the "BPI Collection Accounts"). Funds received in the 7312 and 7294 accounts (the "Bank of America BPI Collection Accounts") related to postpetition sales of the relevant inventory were transferred to the FBG Debtors' main concentration account held by First Brands Group LLC at Bank of America, N.A. (account number ending in 6975) (the "Concentration Account"). Funds received in the 0667

and 3518 accounts (the "Wells Fargo BPI Collection Accounts") related to postpetition sales of the relevant inventory were transferred from Wells Fargo Bank, N.A. to the Concentration Account through November 2025 and to the FBG Debtors' investment account held by First Brands Group LLC at Bank of America, N.A. (account number ending in 9852) (the "Investment Account") beginning in December 2025.

8. At the time of the January 20, 2026 hearing, the Debtors' did not track collections on account of inventory sourced from the four Warehouses, or at any level below the business unit (here, BPI) level.

9. Following the January 20 Ruling, the Debtors' advisors, including A&M and myself, met and conferred with Evolution's advisors regarding the tracking and segregation of receipts. The Debtors and Evolution reached agreement on a methodology under which the Debtors would, on a go-forward basis, track 100% of the cash proceeds of outstanding postpetition accounts receivable related to inventory sold from the Distribution Centers during the postpetition period. This was a necessarily overinclusive methodology as the Distribution Centers include several other facilities in addition to the Warehouses.

10. Using that methodology, the Debtors deposited all receipts related to postpetition inventory sales from the Distribution Centers collected after January 20, 2026 into segregated accounts with account numbers ending in 1438 and 8871 (the "Segregated Accounts"). The funds in the Segregated Accounts have not been used or commingled with other estate funds. Since conversion, the Trustee has maintained those funds in the segregated accounts. As of October 9, 2026, the Segregated Accounts held approximately $1.9 million, while the BPI Collection Accounts held zero.

11. In June 2026, at the SPV Trustee's request, A&M at my direction applied the same methodology retroactively to the Petition Date and determined that as of June 5, 2026, the Debtors had collected, in the aggregate, approximately $21.2 million of postpetition receipts related to inventory sold from the Distribution Centers during the postpetition period. Of that amount, approximately $19.5 million was collected before the January 20 Ruling. Of those amounts received through January 20, 2026, approximately $17.5 million were deposited into the Bank of America BPI Collection Accounts before being swept into the Concentration Account (which included amounts from many different sources) and used in the ordinary course of the Debtors' business and approximately $2.0 million were deposited into the Wells Fargo BPI Collection Accounts before being swept into the either the Concentration Account or the Investment Account (which included amounts from many different sources). After January 20, 2026, any funds collected into the BPI Collection Accounts attributable to postpetition sales from the Distributions Centers have been placed in the Segregated Accounts. The balance of the Concentration Account has fluctuated significantly since January 2026, with funds deposited from other sources, including funding from the DIP credit facility, with its lowest balance being $3,357,925 in June 2026. The balance of the Investment Account has fluctuated significantly since January 2026, with funds deposited from other sources, with its lowest balance being $363,152 in February 2026. The inventory at the Warehouses had a book value of approximately $293 million as of January 20, 2026 and approximately $295 million as of June 26, 2026.

[*Remainder of Page Intentionally Blank*]



18751073

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 9, 2026
Birmingham, Michigan

*/s/ Daniel Jerneycic*
Daniel Jerneycic
Former Co-Chief Restructuring Officer of First Brands Group, LLC and its debtor affiliates



18751073