# EXHIBIT 18

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | Jointly Administered |
| EVOLUTION CREDIT OPPORTUNITY MASTER FUND II-B, LP; EVOLUTION CREDIT PARTNERS TRADE FINANCE MASTER L.P.; and EVOLUTION CREDIT OPPORTUNITY MASTER FUND III-B, LP, | ) | Adversary. No. 26-_______ |
| Plaintiffs, | ) | |
| -against- | ) | |
| FIRST BRANDS GROUP, LLC; STRONGARM, LLC; CARTER FUEL SYSTEMS, LLC; TRICO PRODUCTS CORPORATION; ASC INDUSTRIES, INC.; FRAM GROUP OPERATIONS LLC; BRAKE PARTS INC. LLC; CHAMPION LABORATORIES, INC.; WILMINGTON SAVINGS FUND SOCIETY, FSB; BANK OF AMERICA, N.A.; GLAS USA LLC; and SAGARD HOLDINGS MANAGER (US) LLC, | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs Evolution Credit Opportunity Master Fund II-B, LP, Evolution Credit Partners Trade Finance Master L.P., and Evolution Credit Opportunity Master Fund III-B, LP (collectively "Evolution" or "Plaintiffs"), for its Complaint against Debtors First Brands Group, LLC; Strongarm, LLC; Carter Fuel Systems, LLC; Trico Products Corporation; ASC Industries, Inc.;

[1] A complete list of the debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands (collectively, the "Debtors"). The Debtors' service address for these chapter 11 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

Fram Group Operations LLC; Brake Parts Inc. LLC; Champion Laboratories, Inc. (collectively, the "Receivable Sellers"); Bank of America, N.A., in its capacity as administrative agent and collateral agent for certain prepetition secured asset-based loan lenders (the "ABL Agent"); Wilmington Savings Fund Society, FSB, in its capacity as administrative agent and collateral agent for the DIP loan lenders (the "DIP Loan Agent") and in its capacity as administrative agent and collateral agent for certain prepetition first lien term loan lenders (the "1L Term Loan Agent") and in its capacity as administrative agent and collateral agent for certain prepetition second lien term loan lenders (the "2L Term Loan Agent"); and Sagard Holdings Manager (US) LLC and GLAS USA LLC as administrative agents and collateral agents (the "Side Car Agents") for certain Side Car Loan lenders (the 1L Term Loan Agent, 2L Term Loan Agent, and Side Car Agents, collectively, the "Term Loan Agents"), allege as follows:

## NATURE OF THE ACTION

1. The Debtors are companies within the First Brands Group ("First Brands"), which sold automobile-related parts and accessories to various customers. Through a process referred to as "factoring," Evolution purchased invoices from eight of the Debtors, the Receivable Sellers, gaining the right to be paid on those invoices by the Receivable Sellers' customers. The Receivable Sellers represented and warranted that those receivables were authentic and valid, and provided Evolution with a first-priority lien on all receivables as security.

2. First Brands plunged into bankruptcy, and the Receivable Sellers now claim that they defrauded Evolution. Evolution is owed $60.5 million for receivables it purchased from the Receivable Sellers, which the Receivable Sellers now claim never existed. According to the Debtors, a substantial number of invoices sold to third-party factors like Evolution were fabricated: the Debtors sold invoices that either never existed (so no customer actually owed any money), were heavily inflated (so the receivable amount associated with an invoice was far less than the

factor had paid for that receivable), or the invoices were provided to more than one third-party factor. The Debtors asserted, in effect, that First Brands' pre-bankruptcy factoring arrangements and records were fraudulent and entirely unreliable—and they now assert that Evolution should be left with a likely worthless unsecured claim.

3. Even if it is true that the receivables Evolution purchased never existed, Evolution's $60.5 million in payments were secured through a first-priority, perfected security interest in ***all*** prepetition receivables of the Receivable Sellers, whether or not they were factored. The Debtors' claim that the Receivable Sellers' non-factored pre-petition receivables are property of the Debtors' estate ignores Evolution's rights as a secured creditor in those receivables.

## JURISDICTION AND VENUE

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to (i) determine the validity, priority, or extent of a lien or other interest in property, and (ii) obtain a declaratory judgment relating to the foregoing. Bankruptcy Rule 7001(b), (i).

5. This adversary proceeding also constitutes a Challenge[2] to any competing lien or claim held by any creditor asserting a competing lien or claim against the collateral.

6. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334. Pursuant to Bankruptcy Rule 7008 and Bankruptcy Local Rule 7008-1, Evolution consents to entry of final orders or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

[2] As the term "Challenge" is defined in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (II) Modifying the Automatic Stay; and (IV) Granting Related Relief* ["DIP Order," Bankruptcy Cases, Docket No. 608].

7. This Court has jurisdiction over this action because it is a core proceeding under 28 U.S.C. § 157(b)(2) and also pursuant to 28 U.S.C. § 1334.

8. This adversary proceeding relates to the chapter 11 cases being jointly administered for procedural purposes under *In re First Brands Group, LLC*, Case No. 25-90399 (CML) (Bankr. S.D. Tex.) (the "Bankruptcy Cases"), which are pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

9. Venue lies in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

10. Plaintiff Evolution Credit Opportunity Master Fund II-B, LP is a Delaware limited partnership with a principal place of business in Boston, Massachusetts.

11. Plaintiff Evolution Credit Partners Trade Finance Master L.P. (as successor in interest to Evolution Credit Partners Trade Finance L.P.), is a Delaware limited partnership with a principal place of business in Boston, Massachusetts.

12. Plaintiff Evolution Credit Opportunity Master Fund III-B, LP is a Delaware limited partnership with a principal place of business in Boston, Massachusetts.

13. Defendant First Brands Group, LLC is a Delaware limited liability company with a principal place of business in Cleveland, Ohio. First Brands Group, LLC was formerly known as Trico Group, LLC. It is one of the Debtors in these Bankruptcy Cases.

14. Defendant Strongarm, LLC is an Ohio limited liability company with an address in Cleveland, Ohio. It is one of the Debtors in these Bankruptcy Cases.

15. Defendant Carter Fuel Systems, LLC is a Delaware limited liability company with an address in Cleveland, Ohio. It is one of the Debtors in these Bankruptcy Cases.

16. Defendant Trico Products Corporation is a New York corporation with an address in Cleveland, Ohio. It is one of the Debtors in these Bankruptcy Cases.

17. Defendant ASC Industries, Inc. is a Delaware corporation with an address in Cleveland, Ohio. It is one of the Debtors in these Bankruptcy Cases.

18. Defendant Fram Group Operations LLC is a Delaware limited liability company with an address in Cleveland, Ohio. It is one of the Debtors in these Bankruptcy Cases.

19. Defendant Brake Parts Inc. LLC is a Delaware limited liability company with an address in Cleveland, Ohio. It is one of the Debtors in these Bankruptcy Cases.

20. Defendant Champion Laboratories, Inc. is a Delaware corporation with an address in Cleveland, Ohio. It is one of the Debtors in these Bankruptcy Cases.

21. Defendant Bank of America, N.A. ("BofA") is a national banking association with a principal place of business in North Carolina. BofA is named in its capacity as administrative agent and collateral agent for prepetition secured ABL Secured Parties pursuant to that certain ABL Credit Agreement, dated as of February 2, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "ABL Credit Agreement").

22. Defendant Wilmington Savings Fund Society, FSB ("WSFS") is a bank incorporated and with a principal place of business in Delaware. WSFS is named in its capacity as the administrative agent and collateral agent for prepetition term loan lenders pursuant to that certain First Lien Term Loan Agreement, dated as of February 2, 2018 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "First Lien Term Loan"); as administrative agent and collateral agent for prepetition term loan lenders pursuant to that certain Second Lien Term Loan Agreement dated as of February 26, 2019 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Second Lien Term Loan"); and as administrative agent and collateral agent for DIP lenders pursuant to that certain Senior Secured Superiority Debtor-In Possession Credit Agreement dated

as of October 2, 2025 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "DIP Facility").

23. Defendant GLAS USA LLC ("GLAS") is a New Jersey limited liability company with a principal place of business in New Jersey. GLAS is named in its capacity as the administrative and collateral agent for certain prepetition side car term loan lenders pursuant to that certain First Lien Term Loan Agreement, dated as of June 16, 2025 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "Side Car Loan"). The Side Car Loan, First Lien Term Loan, and Second Lien Term Loan are referred to herein collectively as the "Term Loans."

24. Defendant Sagard Holdings Manager (US) LLC ("Sagard") is a Delaware limited liability company with its principal place of business in New York, New York. Sagard is named in its capacity as the administrative and collateral agent for certain prepetition side car term loan lenders pursuant to the Side Car Loan.

## FACTUAL BACKGROUND

### A. The Debtors Enter Into The Factoring Agreement With Evolution

25. On March 28, 2023, Evolution entered into a Factoring Facility titled the *Master Receivables Purchase Agreement* (the "Factoring Agreement") with the Receivable Sellers, which are: (1) Strongarm, LLC, (2) Carter Fuel Systems, LLC, (3) Trico Products Corporation, (4) ASC Industries, Inc., (5) Fram Group Operations LLC, (6) Brake Parts Inc. LLC, (7) First Brands Group, LLC, and (8) Champion Laboratories, Inc. *See* Ex. 1, Factoring Agreement, Ex. 2, Amendment No. 1 to Factoring Agreement.

26. Under the Factoring Agreement, Evolution purchased receivables owed to the Receivable Sellers. Factoring Agreement § 1(e). When these "Purchased Receivables"[3] became due, Evolution had the right to receive payments on the invoice from the Receivable Sellers' customers. *Id.* §§ 1(a), 1(g). The Purchased Receivables were structured as absolute and irrevocable sales, and their purchases were treated as "true sale[s]" for all purposes. *Id.* § 1(g).

27. The Receivable Sellers made representations, warranties, and covenants relating to the authenticity and validity of the receivables and the underlying invoices. For example, the Receivable Sellers represented and warranted that each Transaction Document (*i.e.*, the invoices giving rise to the Receivables) "constitutes the legal, valid and binding obligation of such Person, enforceable against it in accordance with its terms," and that "[t]he Purchase Price payable for each Purchased Receivable by [Evolution] will represent fair consideration and reasonable equivalent value therefor." *See* Factoring Agreement at Exhibit B-1 ¶ (e), B-2 ¶ (m). The Receivable Sellers also represented and warranted that "each Proposed Receivable is an Eligible Receivable"—meaning that the Receivable met certain "Eligibility Criteria" confirming its validity and authenticity. *See* Factoring Agreement § 2; *see also id.* at Exhibit A-3 (definition of "Eligible Receivable"); *see id.* at Exhibit D (listing Eligibility Criteria).

28. Evolution also bargained for, and the Receivable Sellers agreed to perform, various covenants, *see* Factoring Agreement § 3, including the covenant that the Receivable Sellers would "refrain from any act or omission which might, individually or in the aggregate, in any material way prejudice, diminish or limit [Evolution's] rights" under the Factoring Agreement, *see id.* at Exhibit C-1 ¶ (i).

---

[3] The Factoring Agreement defines "Purchased Receivables" as "Proposed Receivables, once sold and purchased, or purported to be sold and purchased." Factoring Agreement § 1(a). The Factoring Agreement in turn defines "Proposed Receivables" to mean, "with respect to any Purchase Date, the Receivables proposed by Seller to the Purchase for purchase hereunder and described in a Purchase Request to be purchased on such Purchase Date." *Id.* at Exhibit A(a).

29. If any of (i) these representations and warranties were breached, (ii) covenants were not performed, or (iii) "Eligibility Criteria"—certain requirements confirming an invoice's validity and authenticity—were not met, then the Receivable Sellers were obligated to indemnify Evolution or repurchase the Purchased Receivables.

30. Under Section 5(g) of the Factoring Agreement, each of the Receivable Sellers' "existing and future obligations hereunder, due or to become due"—including, but not limited to, their obligations to indemnify Evolution or repurchase the Purchased Receivables—were secured by each Receivable Seller granting Evolution "a lien on and security interest in" "***all*** of the Receivables[4] now or hereafter owned or held by such [Receivable] Seller to the extent not sold and purchased pursuant to Section 1" of the Factoring Agreement, as well as "all Related Assets in connection with such Receivables" and "all Collections and proceeds of the foregoing." *See* Factoring Agreement § 5(g).

31. Evolution perfected its security interests arising from Section 5(g) of the Factoring Agreements. Evolution filed UCC-1 Financing Statements on March 31, 2023, and April 3, 2023, perfecting its security interest in "[a]ny and all present and future Receivables transferred or purported to be transferred to the Secured party pursuant to that certain Master Receivables Purchase Agreement … dated as March 28, 2023 …, all Related Assets in connection thereto and all Collections and proceedings of the forgoing."[5]

32. Prior to the Petition Date (as defined below), Evolution purchased what was represented to be $60.5 million worth of Receivables. To date, Evolution's balance remains outstanding.

---

[4] The Factoring Agreement defines "Receivables" broadly to cover "any right to payment of a monetary obligation" from "the obligor thereof." Factoring Agreement at 19, 20 (definitions of "Receivable" and "Account Debtor").

[5] Ex. 3 (UCC financing statements for Brake Parts Inc. LLC, Carter Fuel Systems, LLC, Champion Laboratories, Inc., Trico Products Corporation, ASC Industries, Inc., First Brands Group, LLC, Strongarm, LLC, and Fram Group Operations LLC).

### B. The Debtors File The Factoring Procedures Motion

33. On September 24 and 28, 2025 (together the "Petition Date"), the Debtors (including each of the eight Receivable Sellers) filed voluntary chapter 11 petitions.

34. Customers have continued to pay pre-petition invoices following the Petition Date to the Debtors, which payments have been segregated in a "Factored Receivables Account."

35. On December 1, 2025, the Debtors filed a motion (the "Factoring Procedures Motion," Bankruptcy Cases, Docket No. 807) seeking the release of over $100 million of these pre-petition receivables, which they claimed are "property of the Debtors' estate" because the receivables were allegedly not factored. The Debtors asserted that the invoices giving rise to those receivables did not match certain criteria in the Debtor's own invoice records, and concluded that the invoices were therefore fraudulent. In total, the Debtors claim that about $250 million of cash from what they claim are non-factored receivables should flow to the Factors Receivable Account and then into the Debtors' estate. *See* Factoring Procedures Motion ¶ 8.

36. On December 12, 2025, the Debtors filed a supplement to the Factoring Procedures Motion requesting emergency relief. [Bankruptcy Cases, Docket No. 931]. According to the Debtors, emergency consideration was necessary because the Debtors required "immediate access" to funds from invoices they deem "non-factored." *Id.* ¶ 2.

37. On December 22, 2025, Evolution filed a limited joinder in the Katsumi Objection and the Leucadia Objection [Bankruptcy Cases, Docket No. 1056]. In its Limited Joinder, Evolution explained that Bankruptcy Rule 7001(b) requires that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" be an adversary proceeding. Fed. R. Bankr. P. 7001(b); *see also* Bankruptcy Cases, Docket No. 1188 ¶ 4 ("At the [December 22, 2025] hearing, Evolution reiterated its position that any determination about the 'validity, priority,

or extent' of Evolution's security interest in the Receivables 'should be under an adversary proceeding pursuant to Rule 7001(b).'").

38. On December 31, 2025, the Court permitted the release of $60 million (which included a significant amount of cash from the Receivable Sellers) to the Debtors from funds associated with "Category 1" and "Category 2" invoices from the Factored Receivables Account—invoices identified by the Debtors as not being sold to factors. [Bankruptcy Cases, Docket No. 1132]. The Order allowed the use of Evolution's cash collateral without its consent.

39. The release of $60 million left only approximately $39.6 million of cash in the Factored Receivables Account which could constitute adequate protection for Evolution, resulting in Evolution facing a shortfall of $20.9 million. [Bankruptcy Cases, Docket No. 1133]. Moreover, whatever amounts remain will be shared among *all* pre-petition third-party factors with valid claims to the receivables. Even if additional funds enter the Factored Receivables Account, such amounts are expected to last only a few months before being depleted if the Debtors are permitted to use those funds on a rolling basis as they are currently seeking to do.

### C. Evolution Has A First Priority, Perfected Security Interest In The Receivables Of The Receivable Sellers

40. If the Debtors are correct that all (or part) of the receivables sold by the Receivable Sellers to Evolution were nonexistent or otherwise fraudulent, this breach of the Factoring Agreement triggers Evolution's first-priority lien in ***all*** of the Receivable Sellers' prepetition Receivables.

41. Under the Factoring Agreement, the Receivable Sellers made numerous representations and warranties that the Debtors now claim were false. They represented and warranted that "each Proposed Receivable [was] an Eligible Receivable," which meant, among other things, that "[t]he information contained with respect to such Receivable in the applicable

Purchase Request [wa]s true, accurate and correct and contains a true, accurate and correct … invoice number, Due Date and unpaid amount due in respect of such Receivable." *See* Factoring Agreement at § 2; *id.* at Exhibit D-1 ¶ (b). But the Debtors now admit the information the Receivable Sellers provided in those purchase requests was false, inaccurate, and incorrect. The Receivable Sellers also represented and warranted that each Purchased Receivable was "generated by the applicable Seller in the ordinary course of its business from the bona fide sale of goods or services," "constitute[d] the legal, valid and binding obligation" of the customers, and was "fair consideration and reasonable equivalent value" for the purchase price. *Id.* at Exhibit D-1 ¶¶ (a), (e), Exhibit B-2 ¶ (m). Those representations were false for every one of Evolution's Purchased Receivables because, according to the Debtors, none of them were real.

42. Evolution bargained for, and received, protection against the Receivable Sellers fabricating the receivables they purported to sell to Evolution. Under Section 5(g) of the Factoring Agreement, the Receivable Sellers, "[a]s collateral security for [their] existing and future obligations," "grant[ed] to [Evolution] a lien on and security interest in, and the right of set-off against … all of the Receivables now or hereafter owned or held by such Seller to the extent ***not*** sold and purchased pursuant to Section 1"—the section through which the Receivable Sellers sold Evolution receivables. Factoring Agreement § 5(g). Put differently, Evolution has a security interest in all Receivables of the Receivable Sellers that are ***not*** otherwise factored.

43. Under the Factoring Agreement, the Receivable Sellers are obligated to repurchase any Receivables that did not meet the Eligibility Criteria and to indemnify Evolution for any breach of a representation and warranty. *First*, the Receivable Sellers are obligated to repurchase any "Purchased Receivable" if any of the following events occurs, among others: "(i) such Purchased Receivable was not an Eligible Receivable at the time of purchase," "(ii) any representation or warranty by Seller hereunder with respect to any of the Purchased Receivables is incorrect when



4899-5244-0454

made or deemed made and shall or will have an adverse effect on the ability to collect the Net Invoice Amount of such Purchased Receivables," or "(iii) the applicable Seller fails to perform or observed any other term, covenant or agreement with respect to such Purchased Receivable." *See* Factoring Agreement § 5(b)(i)–(iii). *Second*, the Receivable Sellers are obligated to indemnify Evolution for any damages or losses, including attorneys' fees, resulting from any false representation or warranty. *See id.* § 5(c).

44. So, if the Receivable Sellers are correct that they sold fake receivables to Evolution, the Receivable Sellers breached numerous representations and warranties and sold Evolution Receivables that did not meet the Eligibility Criteria. That triggers the Receivable Sellers' obligation to repurchase any fake receivables and indemnify Evolution against losses for those false representations and warranties, which is secured by the security interest granted under Section 5(g) on all Receivables of the Receivable Sellers.

45. Evolution's UCC-1 Financing Statements perfected this security interest. Those filings assert a lien on "Collateral," defined as "[a]ny and all present and future Receivables transferred or purported to be transferred to the Secured party pursuant to that Master Receivables Purchase Agreement [the Factoring Agreement]." *See, e.g.*, Ex. 3 (UCC-1 Financing Statements). "Receivables" is defined as "any right to payment of a monetary obligation … owed to Debtor or Secured Party (as an assignee of Debtor) by an Account Debtor." *Id.* That matches the definition of Receivables under Section 5(g), putting any other creditor or potential creditor on notice of Evolution's lien. The term "transfer," as used in Evolution's UCC-1 statements is more than broad enough to cover the creation of the lien that all of the Receivable Sellers' Receivables conveyed to Evolution through Section 5(g) of the Factoring Agreement. This is true whether the Court

considers the common dictionary definition of the word "transfer," the Factoring Agreement, official commentary to the Uniform Commercial Code, or the Bankruptcy Code.[6]

46. The Debtors have asserted that the creditors under the ABL Credit Agreement, Term Loans, and DIP Facility have an interest in the Evolution's collateral under Section 5(g) of the Factoring Agreement. [Bankruptcy Cases, Docket No. 1054 ¶¶ 29-30]. But any security interests purportedly held by other creditors under the ABL Credit Agreement or Term Loans, or the DIP lenders pursuant to the DIP Order, are expressly not primary to the Evolution's security interest granted via the Factoring Agreement.

47. *First*, Evolution's security interest in the Receivables under Section 5(g) is expressly carved out from the definition of "Collateral" securing the ABL Credit Agreement and Term Loans.

48. *Second*, since Evolution had a valid, perfected, and non-avoidable security interest prior to the Petition Date, the DIP Liens (as defined in the DIP Order) are at most junior to Evolution's 5(g) interest in the Receivables and do not prime Evolution's security interest. [Bankruptcy Cases, Docket No. 608 ¶ 11].

49. Accordingly, the ABL Agent, the Term Loans Agents, and DIP Agent are named to ensure all necessary parties are added to this Adversary Proceeding.

---

[6] Both Black's Law Dictionary and Merriam-Webster's Dictionary define "transfer" to include the granting of a security interest. *See, e.g.*, *Transfer*, Black's Law Dictionary (12th ed. 2024) (defining "transfer" to include the "creation of a lien"); *Transfer*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/transfer (defining transfer to include the "conveyance of right, title or interest in … property"). Additionally, the use of "transfer" in the Factoring Agreement indicates that it includes the act of "providing something as security for a debt or obligation." *See* Factoring Agreement, at Exhibit D-1 ¶¶ (j), (v) (using "transferred" as synonymous with "pledged"); *see also Pledge*, Black's Law Dictionary (12th ed. 2024) (defining "pledge" as "the act of providing something as security for a debt or obligation"). Moreover, the term "transfer" in the Uniform Commercial Code includes a transferee "obtain[ing] a property interest." *See* U.C.C. § 9-332, Official Comment 2A ("A 'transfer' of property occurs when the transferee has obtained a property interest … [T]he term 'transfer' is broader in scope than 'purchase.'"). Finally, it is worth noting that the definition of "transfer" in the Bankruptcy Code explicitly includes "the creation of a lien." *See* 11 U.S.C. § 101(54)(A) (defining "transfer" to include "the creation of a lien").

## CLAIM FOR RELIEF[7]

### Declaratory Relief Pursuant to 28 U.S.C. § 2201

50. The allegations contained in paragraphs 1 through 49 are adopted as if fully restated herein.

51. Evolution provided $60.5 million to the Receivable Sellers to purchase what it believed to be Purchased Receivables under the Factoring Agreement. To the extent that the Receivables sold to Evolution under the Factoring Agreement were non-existent, the Receivable Sellers (i) breached representations and warranties, (ii) did not perform covenants, and (iii) sold Receivables that did not meet the Eligibility Criteria. Factoring Agreement §§ 5(b)(i)–(iii), 5(c), 5(g).

52. Pursuant to Section 5(g) of the Factoring Agreement, the Receivable Sellers, "[a]s collateral security for [their] existing and future obligations," "grant[ed] to [Evolution] a lien on and security interest in, and the right of set-off against … all of the Receivables now or hereafter owned or held by such Seller to the extent ***not*** sold and purchased pursuant to Section 1" of the Factoring Agreement, as well as "all Related Assets in connection with such Receivables" and "all Collections and proceeds of the foregoing."

53. Under the Factoring Agreement, the Receivable Sellers are obligated to repurchase any Receivables that did not meet the Eligibility Criteria and to indemnify Evolution for any breach of a representation and warranty. Factoring Agreement § 5(b), (c). The security interest granted under Section 5(g) on all Receivables of the Receivable Sellers secures the Receivable Sellers'

[7] Evolution reserves all rights to seek leave to amend this Complaint to add claims or causes of action, including damages claims against non-debtors that may become known to Evolution at any time during this adversary proceeding, through formal discovery or otherwise, and for such amendments to relate back to the filing of the original Complaint. Alternatively, Evolution reserves the right to bring such claims in a separate action in an appropriate forum.

obligation to repurchase any fake receivables and indemnify Evolution against losses for those false representations and warranties.

54. Evolution filed UCC financing statements to perfect its security interests in the Receivables under Section 5(g) of the Factoring Agreement, and those financing statements have not lapsed, nor been terminated, or otherwise amended.

55. Because the Receivables in which Evolution holds a security interest have been carved out from the Collateral under the ABL Credit Agreement and Term Loans, and the DIP Liens are at most junior to Evolution's 5(g) interest in the Receivables and do not prime Evolution's security interest, Evolution is first in priority.

56. Evolution now seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001(9) for the purpose of determining and adjudicating questions of actual controversy between the parties.

57. A declaratory judgment is necessary and appropriate because there exists an actual case and controversy between the Debtors, other creditors, and Evolution as to whether Evolution has a perfected, first-priority security interest in the Receivables Sellers' Receivables under Section 5(g) of the Factoring Agreement.

58. This Adversary Proceeding presents an actual controversy within the Court's jurisdiction.

59. Evolution is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Evolution has a perfected, first-priority lien and security interest in the Collateral.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment against Defendants, as follows:

(a) A declaratory judgment that Evolution has a perfected, first-priority security interest in the Receivables of the Receivable Sellers;

(b) Reasonable costs and expenses in bringing this action under Bankruptcy Rule 7054 and the Security Agreements § 3(p); and

(c) Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 9th day of January 2026.

**GRAY REED**
By: <u>*/s/ Jason S. Brookner*</u>
Jason S. Brookner
Texas Bar No. 24033684
Emily F. Shanks
Texas Bar No. 24110350
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com
eshanks@grayreed.com

- and –

**ELSBERG BAKER & MARURI PLLC**
David Elsberg (admitted *pro hac vice*)
Michael Duke (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Garrett Gerber (admitted *pro hac vice*)
Andrew Parks (admitted *pro hac vice*)
Ella Epstein (admitted *pro hac vice*)
1 Penn Plaza, Suite 4010
New York, NY 10119
Telephone: (212) 597-2600
Email: delsberg@elsberglaw.com
mduke@elsberglaw.com
vtata@elsberglaw.com
ggerber@elsberglaw.com
aparks@elsberglaw.com
eepstein@elsberglaw.com

- and –

**PROSKAUER ROSE LLP**
Vincent Indelicato (admitted *pro hac vice*)
Matthew R. Koch (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: vindelicato@proskauer.com
mkoch@proskauer.com

- and -

Charles A. Dale (admitted *pro hac vice*)
One International Plaza
Boston, MA 02110-2600
Telephone: (617) 526-9600
Email: cdale@proskauer.com

*Counsel to Evolution*

**<u>EXHIBIT 1</u>**

*Master Receivables Purchase Agreement*

**FILED UNDER SEAL**

**<u>EXHIBIT 2</u>**

*Amendment No. 1 to Master Receivables Purchase Agreement*

**FILED UNDER SEAL**

**<u>EXHIBIT 3</u>**

*UCC-1 Financing Statements*

[redacted]

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Emma Gargiulo 2129406471

B. E-MAIL CONTACT AT FILER (optional)
emma.gargiulo@katten.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, New York 10020

Delaware Department of State
U.C.C. Filing Section
Filed: 06:26 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461670

Service Request No: 20231252096

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME: BRAKE PARTS INC. LLC | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX | |
| 1c. MAILING ADDRESS: 127 Public Square, Suite 5300 | CITY: Cleveland | STATE: OH | POSTAL CODE: 44114 | COUNTRY: USA | |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME: Evolution Credit Opportunity Master Fund II-B, LP | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS: 28 State Street, 23rd Floor | CITY: Boston | STATE: MA | POSTAL CODE: 02109 | COUNTRY: USA |

4. COLLATERAL: This financing statement covers the following collateral:

See attached - Schedule I

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Delaware Secretary of State

## SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR**:
**BRAKE PARTS INC. LLC**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT OPPORTUNITY MASTER FUND II-B, LP**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Emma Gargiulo 2129406471

B. E-MAIL CONTACT AT FILER (optional)
emma.gargiulo@katten.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, New York 10020

Delaware Department of State
U.C.C. Filing Section
Filed: 06:27 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461720

Service Request No: 20231252142

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: BRAKE PARTS INC. LLC

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 127 Public Square, Suite 5300 | Cleveland | OH | 44114 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: Evolution Credit Partners Trade Finance, L.P.

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 28 State Street, 23rd Floor | Boston | MA | 02109 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

See attached - Schedule I

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Delaware Secretary of State

# SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR**:
**BRAKE PARTS INC. LLC**
127 Public Square, Suite 5300
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

**1. Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

**2. Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Emma Gargiulo 2129406471**

B. E-MAIL CONTACT AT FILER (optional)
**emma.gargiulo@katten.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Katten Muchin Rosenman LLP**
**50 Rockefeller Plaza**
**New York, New York 10020**

Delaware Department of State
U.C.C. Filing Section
Filed: 06:29 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461746

Service Request No: 20231252169

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME<br>**CARTER FUEL SYSTEMS, LLC** | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS<br>**127 Public Suare, Suite 5300** | CITY<br>**Cleveland** | STATE<br>**OH** | POSTAL CODE<br>**44114** | COUNTRY<br>**USA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME<br>**Evolution Credit Opportunity Master Fund II-B, LP** | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS<br>**28 State Street, 23rd Floor** | CITY<br>**Boston** | STATE<br>**MA** | POSTAL CODE<br>**02109** | COUNTRY<br>**USA** |

4. COLLATERAL: This financing statement covers the following collateral:
**See attached - Schedule I**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Delaware Secretary of State**



International Association of Commercial Administrators (IACA)

## SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR**:
**CARTER FUEL SYSTEMS, LLC**
127 Public Square, Ste 5300
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT OPPORTUNITY MASTER FUND II-B, LP**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Emma Gargiulo 2129406471

B. E-MAIL CONTACT AT FILER (optional)
emma.gargiulo@katten.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, New York 10020

Delaware Department of State
U.C.C. Filing Section
Filed: 06:31 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461795

Service Request No: 20231252187

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME: CARTER FUEL SYSTEMS, LLC | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS: 127 Public Square, Suite 5300 | CITY: Cleveland | STATE: OH | POSTAL CODE: 44114 | COUNTRY: USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME: EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P. | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS: 28 State Street, 23rd Floor | CITY: Boston | STATE: MA | POSTAL CODE: 02109 | COUNTRY: USA |

4. COLLATERAL: This financing statement covers the following collateral:

See attached - Schedule I

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Delaware Secretary of State

## SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR**:
**CARTER FUEL SYSTEMS, LLC**
127 Public Square, Suite 5300
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Emma Gargiulo 2129406471**

B. E-MAIL CONTACT AT FILER (optional)
**emma.gargiulo@katten.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
**Katten Muchin Rosenman LLP**
**50 Rockefeller Plaza**
**New York, New York 10020**

Delaware Department of State
U.C.C. Filing Section
Filed: 06:33 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461837

Service Request No: 20231252234

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
**CHAMPION LABORATORIES, INC.**

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 127 Public Square, Suite 5300 | Cleveland | OH | 44114 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
**Evolution Credit Opportunity Master Fund II-B, LP**

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 28 State Street, 23rd Floor | Boston | MA | 02109 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
**See attached - Schedule I**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Delaware Secretary of State**

## SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR**:
**CHAMPION LABORATORIES, INC.**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT OPPORTUNITY MASTER FUND II-B, LP**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Emma Gargiulo 2129406471**

B. E-MAIL CONTACT AT FILER (optional)
**emma.gargiulo@katten.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Katten Muchin Rosenman LLP**
**50 Rockefeller Plaza**
**New York, New York 10020**

Delaware Department of State
U.C.C. Filing Section
Filed: 06:34 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461852

Service Request No: 20231252248

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
**CHAMPION LABORATORIES, INC.**

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 127 Public Square, Suite 5300 | Cleveland | OH | 44114 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 28 State Street, 23rd Floor | Boston | MA | 02109 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
**See attached - Schedule I**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Delaware Secretary of State**

## SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR**:
**CHAMPION LABORATORIES, INC.**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

Emma Gargiulo 2129406471

205687

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, New York 10020

2023 APR -3 AM 10: 30

Drawdown #30

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: Trico Products Corporation

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 127 Public Square, Suite 5300 | Cleveland | OH | 44114 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| Not Applicable | | Corporation | New York, United States | 15149 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME:

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| Not Applicable | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME: Evolution Credit Partners Trade Finance, L.P.

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 28 State Street, 23rd Floor | Boston | MA | 02109 | USA |

4. This FINANCING STATEMENT covers the following collateral:

See attached - Schedule I

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA



**FILING NUMBER: 20230403011183 3**

## SCHEDULE I TO UCC FINANCING STATEMENT

<u>**SELLER/DEBTOR**</u>:
**TRICO PRODUCTS CORPORATION**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

<u>**PURCHASER/SECURED PARTY**</u>:
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**
28 State Street, 23rd Floor
Boston, MA 02109

<u>**COLLATERAL DESCRIPTION**</u>:

**1. Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

**2. Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

205687

2023 AP

Frank LaRose
Ohio Secretary of State

FS Number: OH00271797034
Date Filed: 31 March 2023 16:26:08

# UCC FINANCING STATEMENT

**FOR FILING OFFICE USE ONLY**

**NAME OF CONTACT AT FILER:** Kim Laughrey

**PHONE NUMBER:** 614-914-4400

**EMAIL CONTACT AT FILER:** kimberly.laughrey@wolterskluwer.com

**SEND ACKNOWLEDGEMENT TO:** Katie VanWinkle
4400 Easton Commons Way Suite 125
COLUMBUS
OHIO
43219
United States

## DEBTOR INFORMATION

**ORGANIZATION'S NAME:** ASC Industries, Inc.

**MAILING ADDRESS:** 127 Public Square, Suite 5300

**CITY:** Cleveland **STATE:** OHIO **POSTAL CODE:** 44114 **COUNTRY:** United States

## SECURED PARTY INFORMATION

**ORGANIZATION'S NAME:** Evolution Credit Opportunity Master Fund 11-B, LP

**MAILING ADDRESS:** 28 State Street, 23rd Floor

**CITY:** Boston **STATE:** MASSACHUSETTS **POSTAL CODE:** 02109 **COUNTRY:** United States

## COLLATERAL INFORMATION

**This financing statement covers the following collateral:**

Original Document

## FILING TYPE

Transmitting Utility: No

Public Finance: No

Manufactured Home: No

Agriculture Lien: No

Non-Ucc Filling: No

**ALTERNATIVE DESIGNATION**

Lessee/Lessor: No

Consignee/Consignor: No

Seller/Buyer: Yes

Bailee/Bailor: No

Licensee/Licensor: No

**MISCELLANEOUS:**

To be filed with the Ohio Secretary of State.

[redacted]

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Emma Gargiulo 2129406471**

B. E-MAIL CONTACT AT FILER (optional)
**emma.gargiulo@katten.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Katten Muchin Rosenman LLP**
**50 Rockefeller Plaza**
**New York, New York 10020**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME<br>**ASC Industries, Inc.** | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS<br>**127 Public Square, Suite 5300** | CITY<br>**Cleveland** | STATE<br>**OH** | POSTAL CODE<br>**44114** | COUNTRY<br>**USA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME<br>**Evolution Credit Opportunity Master Fund II-B, LP** | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS<br>**28 State Street, 23rd Floor** | CITY<br>**Boston** | STATE<br>**MA** | POSTAL CODE<br>**02109** | COUNTRY<br>**USA** |

4. COLLATERAL: This financing statement covers the following collateral:
**See attached - Schedule I**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Ohio Secretary of State.**

## SCHEDULE I TO UCC FINANCING STATEMENT

<u>**SELLER/DEBTOR**</u>:
**ASC INDUSTRIES, INC.**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

<u>**PURCHASER/SECURED PARTY**</u>:
**EVOLUTION CREDIT OPPORTUNITY MASTER FUND II-B, LP**
28 State Street, 23rd Floor
Boston, MA 02109

<u>**COLLATERAL DESCRIPTION**</u>:

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

Case 25-90000 Document 313-12 Filed in TXSB on 01/09/26 Page 48 of 54

Frank LaRose
Ohio Secretary of State

FS Number: OH00271797367
Date Filed: 31 March 2023 16:29:34

# UCC FINANCING STATEMENT

**FOR FILING OFFICE USE ONLY**

**NAME OF CONTACT AT FILER:** Kim Laughrey
**PHONE NUMBER:** 614-914-4400
**EMAIL CONTACT AT FILER:** kimberly.laughrey@wolterskluwer.com
**SEND ACKNOWLEDGEMENT TO:** Katie VanWinkle
4400 Easton Commons Way Suite 125
COLUMBUS
OHIO
43219
United States

## DEBTOR INFORMATION

**ORGANIZATION'S NAME:** ASC Industries, Inc.
**MAILING ADDRESS:** 127 Public Square, Suite 5300
**CITY:** Cleveland **STATE:** OHIO **POSTAL CODE:** 44114 **COUNTRY:** United States

## SECURED PARTY INFORMATION

**ORGANIZATION'S NAME:** Evolution Credit Partners Trade Finance, L.P.
**MAILING ADDRESS:** 28 State Street, 23rd Floor
**CITY:** Boston **STATE:** MASSACHUSETTS **POSTAL CODE:** 02109 **COUNTRY:** United States

## COLLATERAL INFORMATION

**This financing statement covers the following collateral:**

Original Document

## FILING TYPE

Transmitting Utility: No

Public Finance: No

Manufactured Home: No

Agriculture Lien: No

Non-Ucc Filling: No

## ALTERNATIVE DESIGNATION

Lessee/Lessor: No

Consignee/Consignor: No

Seller/Buyer: Yes

Bailee/Bailor: No

Licensee/Licensor: No

## MISCELLANEOUS:

To be filed with the Ohio Secretary of State.

[redacted]

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Emma Gargiulo 2129406471

B. E-MAIL CONTACT AT FILER (optional)
emma.gargiulo@katten.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, New York 10020

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME<br>ASC Industries, Inc. | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS<br>127 Public Square, Suite 5300 | CITY<br>Cleveland | STATE<br>OH | POSTAL CODE<br>44114 | | COUNTRY<br>USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | | |
|---|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME<br>Evolution Credit Partners Trade Finance, L.P. | | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS<br>28 State Street, 23rd Floor | CITY<br>Boston | STATE<br>MA | POSTAL CODE<br>02109 | | COUNTRY<br>USA |

4. COLLATERAL: This financing statement covers the following collateral:

See attached - Schedule I

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Ohio Secretary of State.

Ohio Secretary Of State Jon Husted

# SCHEDULE I TO UCC FINANCING STATEMENT

**<u>SELLER/DEBTOR</u>:**
**ASC INDUSTRIES, INC.**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**<u>PURCHASER/SECURED PARTY</u>:**
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**
28 State Street, 23rd Floor
Boston, MA 02109

**<u>COLLATERAL DESCRIPTION</u>:**

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Emma Gargiulo 2129406471**

B. E-MAIL CONTACT AT FILER (optional)
**emma.gargiulo@katten.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Katten Muchin Rosenman LLP**
**50 Rockefeller Plaza**
**New York, New York 10020**

Delaware Department of State
U.C.C. Filing Section
Filed: 06:36 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461878

Service Request No: 20231252263

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
**First Brands Group, LLC**

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **127 Public Square, Suite 5300** | **Cleveland** | **OH** | **44114** | **USA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
**Evolution Credit Opportunity Master Fund II-B, LP**

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **28 State Street, 23rd Floor** | **Boston** | **MA** | **02109** | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:
**See attached - Schedule I**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Delaware Secretary of State**

# SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR:**
**FIRST BRANDS GROUP, LLP**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY:**
**EVOLUTION CREDIT OPPORTUNITY MASTER FUND II-B, LP**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION:**

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Emma Gargiulo 2129406471**

B. E-MAIL CONTACT AT FILER (optional)
**emma.gargiulo@katten.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Katten Muchin Rosenman LLP**
**50 Rockefeller Plaza**
**New York, New York 10020**

Delaware Department of State
U.C.C. Filing Section
Filed: 06:37 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461902

Service Request No: 20231252313

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
**First Brands Group, LLC**

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **127 Public Square, Suite 5300** | **Cleveland** | **OH** | **44114** | **USA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
**Evolution Credit Partners Trade Finance, L.P.**

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **28 State Street, 23rd Floor** | **Boston** | **MA** | **02109** | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:

**See attached - Schedule I**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Delaware Secretary of State**

## SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR**:
**FIRST BRANDS GROUP, LLP**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

**1. Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

**2. Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

Frank LaRose
*Ohio Secretary of State*

FS Number: OH00271798046
Date Filed: 31 March 2023 16:33:17

# UCC FINANCING STATEMENT

**FOR FILING OFFICE USE ONLY**

**NAME OF CONTACT AT FILER:** Kim Laughrey
**PHONE NUMBER:** 614-914-4400
**EMAIL CONTACT AT FILER:** kimberly.laughrey@wolterskluwer.com
**SEND ACKNOWLEDGEMENT TO:** Katie VanWinkle
4400 Easton Commons Way Suite 125
COLUMBUS
OHIO
43219
United States

## DEBTOR INFORMATION

**ORGANIZATION'S NAME:** Strongarm, LLC
**MAILING ADDRESS:** 127 Public Square, Suite 5300
**CITY:** Cleveland **STATE:** OHIO **POSTAL CODE:** 44114 **COUNTRY:** United States

## SECURED PARTY INFORMATION

**ORGANIZATION'S NAME:** Evolution Credit Opportunity Master Fund II-B, LP
**MAILING ADDRESS:** 28 State Street, 23rd Floor
**CITY:** Boston **STATE:** MASSACHUSETTS **POSTAL CODE:** 02109 **COUNTRY:** United States

## COLLATERAL INFORMATION

**This financing statement covers the following collateral:**

Original Document

## FILING TYPE

Transmitting Utility: No

Public Finance: No

Manufactured Home: No

Agriculture Lien: No

Non-Ucc Filling: No

## ALTERNATIVE DESIGNATION

Lessee/Lessor: No

Consignee/Consignor: No

Seller/Buyer: Yes

Bailee/Bailor: No

Licensee/Licensor: No

## MISCELLANEOUS:

To be filed with the Ohio Secretary of State.

[redacted]

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Emma Gargiulo 2129406471

B. E-MAIL CONTACT AT FILER (optional)
emma.gargiulo@katten.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, New York 10020

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME: Strongarm, LLC | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS: 127 Public Square, Suite 5300 | CITY: Cleveland | STATE: OH | POSTAL CODE: 44114 | COUNTRY: USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME: Evolution Credit Opportunity Master Fund II-B, LP | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS: 28 State Street, 23rd Floor | CITY: Boston | STATE: MA | POSTAL CODE: 02109 | COUNTRY: USA |

4. COLLATERAL: This financing statement covers the following collateral:

See attached - Schedule I

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Ohio Secretary of State.

Ohio Secretary Of State Jon Husted

**SCHEDULE I TO UCC FINANCING STATEMENT**

**SELLER/DEBTOR**:
**STRONGARM, LLC**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT OPPORTUNITY MASTER FUND II-B, LP**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

Frank LaRose
Ohio Secretary of State

FS Number: OH00271798591
Date Filed: 31 March 2023 16:36:52

# UCC FINANCING STATEMENT

**FOR FILING OFFICE USE ONLY**

**NAME OF CONTACT AT FILER:** Kim Laughrey
**PHONE NUMBER:** 614-914-4400
**EMAIL CONTACT AT FILER:** kimberly.laughrey@wolterskluwer.com
**SEND ACKNOWLEDGEMENT TO:** Katie VanWinkle
4400 Easton Commons Way Suite 125
COLUMBUS
OHIO
43219
United States

## DEBTOR INFORMATION

**ORGANIZATION'S NAME:** Strongarm, LLC
**MAILING ADDRESS:** 127 Public Square, Suite 5300
**CITY:** Cleveland **STATE:** OHIO **POSTAL CODE:** 44114 **COUNTRY:** United States

## SECURED PARTY INFORMATION

**ORGANIZATION'S NAME:** Evolution Credit Partners Trade Finance, L.P.
**MAILING ADDRESS:** 28 State Street, 23rd Floor
**CITY:** Boston **STATE:** MASSACHUSETTS **POSTAL CODE:** 02109 **COUNTRY:** United States

## COLLATERAL INFORMATION

**This financing statement covers the following collateral:**

Original Document

## FILING TYPE

Transmitting Utility: No

Public Finance: No

Manufactured Home: No

Agriculture Lien: No

Non-Ucc Filling: No

**ALTERNATIVE DESIGNATION**

Lessee/Lessor: No

Consignee/Consignor: No

Seller/Buyer: Yes

Bailee/Bailor: No

Licensee/Licensor: No

**MISCELLANEOUS:**

To be filed with the Ohio Secretary of State.

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Emma Gargiulo 2129406471

B. E-MAIL CONTACT AT FILER (optional)
emma.gargiulo@katten.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, New York 10020

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
Strongarm, LLC

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 127 Public Square, Suite 5300 | Cleveland | OH | 44114 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
Evolution Credit Partners Trade Finance, L.P.

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 28 State Street, 23rd Floor | Boston | MA | 02109 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
See attached - Schedule I

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Ohio Secretary of State.

Ohio Secretary Of State Jon Husted

**SCHEDULE I TO UCC FINANCING STATEMENT**

**<u>SELLER/DEBTOR</u>:**
**STRONGARM, LLC**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**<u>PURCHASER/SECURED PARTY</u>:**
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**
28 State Street, 23rd Floor
Boston, MA 02109

**<u>COLLATERAL DESCRIPTION</u>:**

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Emma Gargiulo 2129406471

B. E-MAIL CONTACT AT FILER (optional)
emma.gargiulo@katten.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, New York 10020

Delaware Department of State
U.C.C. Filing Section
Filed: 06:39 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2461944

Service Request No: 20231252326

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME
**FRAM GROUP OPERATIONS LLC**

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 127 Public Square, Suite 5300 | Cleveland | OH | 44114 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME
**Evolution Credit Opportunity Master Fund II-B, LP**

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 28 State Street, 23rd Floor | Boston | MA | 02109 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
See attached - Schedule I

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
To be filed with the Delaware Secretary of State

## SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR:**
**FRAM GROUP OPERATIONS LLC**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY:**
**EVOLUTION CREDIT OPPORTUNITY MASTER FUND II-B, LP**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION:**

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.

[redacted]

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Emma Gargiulo 2129406471**

B. E-MAIL CONTACT AT FILER (optional)
**emma.gargiulo@katten.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Katten Muchin Rosenman LLP**
**50 Rockefeller Plaza**
**New York, New York 10020**

Delaware Department of State
U.C.C. Filing Section
Filed: 06:40 PM 03/31/2023
U.C.C. Initial Filing No: 2023 2462058

Service Request No: 20231252348

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME: **FRAM GROUP OPERATIONS LLC** | | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX | |
| 1c. MAILING ADDRESS: **127 Public Square, Suite 5300** | CITY: **Cleveland** | STATE: **OH** | POSTAL CODE: **44114** | COUNTRY: **USA** | |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | |
|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME: **EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.** | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS: **28 State Street, 23rd Floor** | CITY: **Boston** | STATE: **MA** | POSTAL CODE: **02109** | COUNTRY: **USA** |

4. COLLATERAL: This financing statement covers the following collateral:
**See attached - Schedule I**

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box: ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box: ☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☑ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**To be filed with the Delaware Secretary of State**

## SCHEDULE I TO UCC FINANCING STATEMENT

**SELLER/DEBTOR**:
**FRAM GROUP OPERATIONS LLC**
127 Public Square, Suite 5300,
Cleveland, Ohio 44114

**PURCHASER/SECURED PARTY**:
**EVOLUTION CREDIT PARTNERS TRADE FINANCE, L.P.**
28 State Street, 23rd Floor
Boston, MA 02109

**COLLATERAL DESCRIPTION**:

1. **Collateral**

Any and all present and future Receivables transferred or purported to be transferred to the Secured Party pursuant to that certain Master Receivables Purchase Agreement (as may be amended, restated or otherwise modified from time to time, the "**Receivables Purchase Agreement**"), dated as March 28, 2023, by and among, *inter alia*, the Debtor, as Seller/Debtor, and the Secured Party, as Purchaser/Secured Party, (collectively, the "**Purchased Receivables**" and each, a "**Purchased Receivable**"), all Related Assets in connection thereto and all Collections and proceedings of the forgoing.

2. **Definitions**

"**Account Debtor**" means one or more account debtors as shall be specified in the Receivables Purchase Agreement (or any annexes or supplements delivered in connection therewith) from time to time.

"**Collections**" means, with respect to any Receivable: (a) all funds that are received by any Seller or any other Person on its behalf in payment of any amounts owed in respect of such Receivable (including purchase price, finance charges, interest and all other charges), or applied to amounts owed in respect of such Receivable (including insurance payments and net proceeds of the sale or other disposition of repossessed goods or other collateral or property of the related Account Debtor or any other Person directly or indirectly liable for the payment of such Receivable and available to be applied thereon), (b) all Deemed Collections, (c) all proceeds of all Related Assets with respect to such Receivable and (d) all other proceeds of such Receivable.

"**Deemed Collections**" has the meaning set forth in the Receivables Purchase Agreement.

"**Person**" means an individual, partnership, sole proprietorship, corporation (including a business trust), limited liability company, limited partnership, joint stock company, trust, unincorporated association, joint venture or other entity, or a government or any political subdivision or agency thereof.

"**Receivable**" means any right to payment of a monetary obligation, whether or not earned by performance, owed to Debtor or Secured Party (as assignee of Debtor) by an Account Debtor, whether constituting an account, instrument, document, contract right, chattel paper, payment intangible or other general intangible, in each instance arising in connection with the sale of goods that have been or are to be sold or for services rendered or to be rendered, and includes, without limitation, the obligation of such Account Debtor to pay any finance charges, fees and other charges with respect thereto, together with the Related Assets with respect thereto, and with respect to each of the foregoing, all Collections and proceeds thereof.

"**Related Assets**" has the meaning set forth in the Receivables Purchase Agreement.