**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | |
| | § | **Jointly Administered** |

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE FILING UNDER SEAL OF CERTAIN EXHIBITS TO THE TRUSTEE'S WITNESS AND EXHIBIT LIST FOR THE OCTOBER 21, 2026 HEARING AND (II) GRANTING RELATED RELIEF**

[Related to Docket Nos. 3938 & 3936]

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the court may treat the pleading as unopposed and grant the relief requested.**

## RELIEF REQUESTED

Eva S. Engelhart, the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors"), by and through her undersigned proposed counsel, hereby files this motion (the "Motion") seeking entry of an order, substantially in the form attached hereto (the "Order"), (a) authorizing the Trustee to file under seal certain exhibits to the Trustee's Witness and Exhibit List for Hearing on October

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

21, 2026 [Docket No. 3938 (redacted), 3936 (sealed)] (the "W&E List"), and (b) granting related relief. In support of the Motion, the Trustee respectfully represents:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

2. The legal predicates for the requested relief herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9013-1 and 9037-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## THE SEALED EXHIBITS

3. Certain exhibits to the W&E List (the "Sealed Exhibits") contain sensitive and confidential commercial and financial information of the FBG Debtors' estates and third parties, including bank account statements, internal cash and accounts receivable data, and materials previously filed under seal in Case No. 25-90392 (the "Confidential Information"). Because the disclosure of the Confidential Information could harm the FBG Debtors' estates, their customers, and various third parties, the Trustee seeks to file the Sealed Exhibits under seal as provided herein.

## BASIS FOR RELIEF

4. Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section

107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). This section provides in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1); see also

5. Further, Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code. Specifically, Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

6. The Confidential Information falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Commercial information is information which would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor."

7. The Sealed Exhibits contain Confidential Information, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code for which filing under seal is appropriate. Specifically, the Confidential Information constitutes detailed, non-public financial and commercially sensitive information not typically disclosed to the public or to competitors. The

disclosure of the Confidential Information would likely cause substantial harm to the FBG Debtors' estates and applicable third parties, including by impairing the estates' ongoing collection efforts.

8. In light of the foregoing, the Trustee respectfully requests that the Court enter an order authorizing the Sealed Exhibits to be filed under seal. Although the Trustee seeks to file the Sealed Exhibits under seal, the Trustee has provided or will provide unredacted copies to the Court, the U.S. Trustee, Evolution Credit Partners, and Ronald J. Sommers, as chapter 7 trustee of the SPV Debtors (provided that the disclosure to such parties is on a confidential and "professionals' eyes only" basis). Thus, the parties with the greatest interest in the subject matter of the Hearing will have the ability to review the Sealed Exhibits and to react accordingly. The Trustee therefore submits that good cause exists to authorize the Trustee to file the Sealed Exhibits under seal because of the harm that would ensue if the Confidential Information became public.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the Order granting the relief requested herein and such other and further relief as the Court may deem appropriate under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted this 19th day of October 2026

By: */s/ Joshua W. Wolfshohl*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX 24038592)
Eric M. English (TX 24062714)
M. Shane Johnson (TX 24083263)
Jordan Stevens (TX 24106467)
Grecia V. Sarda (TX 24132092)
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Fax: (713) 226-6248
jwolfshohl@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
jstevens@porterhedges.com
gsarda@porterhedges.com

**PROPOSED COUNSEL FOR THE CHAPTER 7 TRUSTEE, EVA S. ENGELHART**

## CERTIFICATE OF SERVICE

I certify that on October 19, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl