**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**MOTION OF EDWARD JAMES FOR ENTRY OF AN ORDER AUTHORIZING FILING OF EXHIBITS UNDER SEAL**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleadings as unopposed and grant the relief requested.**

Edward James ("Mr. James") respectfully submits this motion (the "Motion") seeking an order authorizing the sealing of Exhibit A to the *Reply of Edward James in Support of Joinder to the Excess ABC Insurers' Motion for Entry of an Order (I) Clarifying that the May 29, 2026 Order (Dkt. No. 2845) Modifies the Automatic Stay to Authorize Payments by the Excess ABC Insurers, or Alternatively (II) Authorizing, and, to the Extent Necessary, Modifying the Automatic Stay to Allow the Excess ABC Insurers to Make Payments, Including the Advancement of Defense Costs, of Insured Persons (Dkt. No. 3669)* (Dkt No. 3928) (the "Reply") and Exhibit 1 to *Edward James'*

[1] A complete list of the chapter 11 Debtors may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The address of the Debtors' corporate headquarters is 127 Public Square, Suite 5300, Cleveland, OH 44114.

*Witness and Exhibit List For Hearing on October 20, 2026* (Dkt No. 3931) (the "Witness and Exhibit List").

**BACKGROUND**

On September 28, 2025, First Brands Group, LLC and its debtor affiliates (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

Mr. James is a former director and/or officer of the Debtors who is entitled to seek coverage under directors and officers liability insurance policies issued to non-debtor Mayfair Enterprises, LLC (the "D&O Policies").

On August 14, 2026, XL Specialty Insurance Company, Endurance American Insurance Company, Markel American Insurance Company, Berkley Insurance Company, Arch Insurance Company, Federal Insurance Company, Twin City Fire Insurance Company, Everest National Insurance Company, and Old Republic Insurance Company (collectively, the "Excess ABC Insurers") filed the *Motion for Entry of an Order (I) Clarifying that the May 29, 2026 Order Modifies the Automatic Stay to Authorize Payments by the Excess ABC Insurers or Alternatively (II) Authorizing, and, to the Extent Necessary, Modifying the Automatic Stay to Allow the Excess ABC Insurers to Make Payments, Including the Advancement of Defense Costs, of Insured Persons* (the "Clarification Motion") (Dkt. No. 3669).[2]

On September 25, 2026, Mr. James filed his *Joinder of Edward James to the Excess ABC Insurers' Motion for Entry of an Order (I) Clarifying that the May 29, 2026 Order (Dkt. No. 2845) Modifies the Automatic Stay to Authorize Payments by the Excess ABC Insurers, or Alternatively (II) Authorizing, and, to the Extent Necessary, Modifying the Automatic Stay to Allow the Excess*

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in the Clarification Motion.

*ABC Insurers to Make Payments, Including the Advancement of Defense Costs, of Insured Persons (Dkt. No. 3669)* (Dkt. No. 3824).

On October 16, 2026, Mr. James filed his Reply and the Witness and Exhibit List. *See* Dkt. Nos. 3928, 3931.

**BASIS FOR RELIEF**

Pursuant to section 107(b) of the Bankruptcy Code, the Court is authorized to issue orders to protect entities with respect to certain confidential information. *See* 11 U.S.C. § 107(b). In addition, section 105(a) of the Bankruptcy Code, which codifies the Bankruptcy Court's inherent equitable powers, empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Bankruptcy Rule 9018 implements section 107(b) of the Bankruptcy Code and provides in pertinent part, "On motion or on its own initiative, the court may, with or without notice, issue any order that justice requires to: (1) protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

While there is a strong presumption in favor of public access to court records, *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598, 602 (1978), sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorize the Court to limit public access under certain circumstances. *See Jones v. RealPage, Inc.*, 2021 WL 268824, at *2 (N.D. Tex. Jan. 27, 2021) ("[F]ederal courts routinely limit the public's access to commercially sensitive and proprietary information.") (quoting *Rodriguez v. United Rentals (N. Am.), Inc.*, 2018 WL 4184321, at *1 (S.D. Miss. Aug. 31, 2018)).

In particular, confidential commercial information is entitled to protection from disclosure under the Bankruptcy Code and Bankruptcy Rules and is defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (quotation marks omitted).

Here, the document filed as Exhibit A to the Reply and also as Exhibit 1 to the Witness and Exhibit List (the "Exhibit") is a letter that reveals terms and conditions of the D&O Policies, which is commercial, proprietary information. The D&O Policies are privately negotiated instruments between the insurer and the insureds that contain commercially sensitive information regarding the terms and scope of the coverage granted to the Debtors, non-Debtor entities, and their officers and directors. The policies also incorporate proprietary insurer forms, endorsements, and manuscript provisions that reflect the insurers' proprietary underwriting judgment and product design. Accordingly, Mr. James seeks an order authorizing the filing of the Exhibit under seal.[3]

Unredacted versions of the Reply and the Witness and Exhibit List are filed on the docket for public viewing. Dkt. Nos. 3930, 3932. Mr. James will provide unredacted copies of the Exhibit to the Court and the parties to the Clarification Motion.

[3] The Court previously granted the *Motion for Entry of an Order Authorizing the Movants to File Exhibits Under Seal* (Dkt. No. 800), wherein Mr. James and other directors and/or officers requested that the D&O Policies themselves be sealed. *See* Dkt. No. 1103. Here, because the Exhibit reveals terms and conditions of the D&O Policies, the same relief is warranted.

**CONCLUSION**

For the reasons set forth above, Mr. James respectfully requests that the Court enter an order authorizing the filing of the Exhibit under seal.

Dated: October 16, 2026.

Respectfully submitted,

**BRACEWELL LLP**

*/s/ Rachel B. Goldman*
Rachel B. Goldman (admitted *pro hac vice*)
David A. Shargel (admitted *pro hac vice*)
Mark Wulfe (Texas Bar No. 24088381)
31 West 52nd Street
New York, New York 10019
Telephone: 212-408-6100
Email: rachel.goldman@bracewell.com
Email: david.shargel@bracewell.com
Email: mark.wulfe@bracewell.com

*Attorneys for Edward James*

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 19, 2026, I caused a true and correct copy of the foregoing document to be served by electronic mail via the Court's ECF system on all parties authorized to receive electronic notice in this case.

*/s/ Mark Wulfe*
Mark Wulfe