UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FIRST BRANDS GROUP, LLC et al.,[1] | ) | CASE NO. 25-90399 (CML) |
| | ) | |
| DEBTORS. | ) | (Jointly Administered) |

**APPLICATION OF MACALLISTER MACHINERY CO., INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

MacAllister Machinery Co., Inc. ("MacAllister"), by counsel, respectfully requests that it be allowed administrative expenses in the total amount of $96,333.51 (the "Administrative Claim") and in support of its application states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334. This matter is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper in this Court pursuant to 28 U.S.C. Section 1409.

[1] A complete list of each of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is 127 Public Square, Suite 5300, Cleveland, OH 44114.

2. The legal predicates for the relief requested are sections 105, 503, and 507 of the Bankruptcy Code.

## BACKGROUND

3. On September 29, 2025, Dalton Corporation, Warsaw Manufacturing Facility ("Dalton"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code under case no. 25-90482 in the Court (the "Petition Date"). That case and its related cases are being jointly administered herein with a consolidation of those cases for filing purposes. On September 1, 2026 the cases were converted to chapter 7.

4. On May 2, 2012, Dalton submitted its credit application to MacAllister to begin its relationship for the rental of equipment and machinery for its Warsaw, Indiana plant.

5. MacAllister is in the business of leasing equipment and machinery to its customers.

6. Over the many years of their relationship, MacAllister has provided the requested machinery and equipment to Dalton, with their transactions documented by various invoices.

7. MacAllister's records reflect that, prior to the Petition Date, Dalton failed to pay for $505,740.34 in rental costs and late fees due to MacAllister.

8. After the Petition Date, Dalton continued to conduct business with MacAllister and rented equipment and machinery from MacAllister. Dalton initially made payments to MacAllister for the post-petition rental, but MacAllister has not received any payment on post-petition invoices dated January 17, 2026 through June 26, 2026 in the total amount of $58,724.30. Copies of the summary sheet of the unpaid invoices and the invoices themselves are attached to the Declaration of Scott Davidson which is attached as Exhibit A.

9. As a result of the continued rental of the machinery and equipment by Dalton, Dalton was able to continue to realize revenue from the use of same in its operations post-petition.

10. Additionally, when Dalton made the Caterpillar Model 226D (the "CAT") available to MacAllister for pickup, MacAllister discovered that the CAT had been damaged while in use by Dalton, resulting in $37,633.86 in damages as set forth in Invoice No. R72730289000 attached to the Declaration of Scott Davidson. The CAT is unusable by MacAllister for rental to another customer until the necessary repairs are made to it.

## **RELIEF REQUESTED**

11. MacAllister requests that the Administrative Claim be allowed as "actual, necessary costs and expenses of preserving the estate," pursuant to 11 U.S.C. Section 503(b)(1)(A), and the priority given to "administrative expenses" under Section 507(a)(2) of the Bankruptcy Code for such expenses allowed pursuant to Section 503(b).

12. Section 507(a)(2) of the Bankruptcy Code gives priority to any "administrative expenses" allowed pursuant to Section 503(b). See 11 U.S.C. § 507(a)(2). Section 503(b) provides an administrative priority for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A).

13. "To qualify as an 'actual and necessary cost' under section 503(b)(1)(A), a claim against the estate must have arisen post-petition and as a result of actions taken by the trustee (or debtor in possession that benefitted the estate." *Nabors Offshore Corp. v. Whistler Energy II, L.L.C. (In re Whistler Energy II, L.L.C.)*, 931 F.3d 432, 441 (5th Cir. 2019); *see also Texas v. Lowe (In re H.L.S. Energy Co.)*, 151 F.3d 434, 437 (5th Cir.1998); and *Szwak v. Earwood (In re Bodenheimer, Jones, Szwak, & Winchell L.L.P.)*, 592 F.3d 664, 672 (5th Cir. 2009).

14. The claimant of a Section 503(b)(1)(A) claim bears the burden of establishing that the transaction benefitted the estate by a preponderance of the evidence. *In re Express One Int'l, Inc.*, 217 B.R. 207, 210 (Bankr. E.D. Tex. 1998). After the movant has established a prima facie case, the burden of producing evidence shifts to the objector; but the burden of persuasion, by a preponderance of the evidence, remains with the movant. *See In re Buttes Gas & Oil Co.*, 112 B.R. 191, 193 (Bankr.S.D.Tex.1989).

15. Dalton's use and possession of the rented equipment and machinery from MacAllister for more than six months undoubtedly provided a benefit to the estate. *See Kimzey v. Premium Casing Equip., LLC*, No. 16-CV-01490, 2018 U.S. Dist. LEXIS 42744, at *18 (W.D. La. Mar. 14, 2018) (affirming bankruptcy court's ruling that a benefit can be established for the retention of the equipment for some purpose, actual use of the equipment is not required); *see also In re Omniplex Communications Group, LLC*, 297 BR 573, 577 (Bankr. E.D. Mo. 2003) (finding that opportunity to use equipment provides a material benefit).

16. MacAllister is also entitled to an administrative expense for the damage to the CAT that occurred while it was in Dalton's possession. *See In re J.A.V. Ag., Inc.*, 154 B.R. 923, 930 (Bankr. W.D. Tex. 1993) ("To allow the estate to benefit from the use and possession of the trucks without requiring it to pay the costs associated with their usage would be to unjustly enrich the estate"). In *In re United Trucking Service, Inc.*, 851 F.2d 159 (6th Cir. 1988), the Sixth Circuit Court of Appeals affirmed a bankruptcy court's finding that the debtor's failure to maintain and repair leased trailers in accord with lease obligations allowed the debtor to use the money saved (and not paid for the lessor's benefit) to continue its operations, which benefitted the bankruptcy estate. "Accordingly, the damages under the breached lease covenant, to the extent that they occurred post-petition, provided benefits to the bankrupt estate and were properly

accorded priority under § 503 to (the lessor).” *Id*. at 162. “The purpose of granting priority in these cases is to prevent unjust enrichment to the debtor's estate.” *Id*. (*citing American Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene, S.A.*, 280 F.2d 119, 126 (2d Cir. 1960).

17. Here, Dalton’s failure to perform repair and maintenance obligations with respect to the CAT undoubtedly provided a benefit to the estate. By not repairing the CAT, Dalton was able to use the money saved to continue its operations while passing the expense on to MacAllister.

18. MacAllister attaches a proposed order for this Application as Exhibit B.

19. MacAllister reserves all rights with respect to this Application and under applicable law, including, but not limited to, the right to amend and/or supplement this Application at any time prior to the Court’s determination of the Application, and to file additional papers with this Court as circumstances may warrant.

WHEREFORE, for the foregoing reasons, MacAllister Machinery Co., Inc. respectfully requests that this Court enter an Order allowing its Administrative Claim in the amount of $96,358.16 and in the priority afforded it under Section 507(a)(2) of the Bankruptcy Code and for all other relief just and proper.

RUBIN & LEVIN, P.C.

Attorneys for MacAllister Machinery Co., Inc.

By: /s/Matthew T. Barr
Matthew T. Barr, Atty. No. 30518-07
RUBIN & LEVIN, P.C.
135 N. Pennsylvania Street, Ste. 1400
Indianapolis, IN 46204
317/634-0300; FAX 317/263-9410
Mbarr@rubin-levin.net

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties receiving ECF notices in this chapter 7 case.

/s/ Matthew T. Barr
Matthew T. Barr

F:\WP80\GENLIT\MacAllister-Dalton-84212175\Bankruptcy of Dalton\App Allow Adm Clm.wpd