**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Previously Chapter 11) |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | (Jointly Administered) |

**CHAPTER 7 TRUSTEE OF THE FBG DEBTORS'**
**WIND DOWN SALE STATUS UPDATE**
[Related to Case No. 25-90399, Docket. No. 3933;
Case No. 25-90392, Docket Nos. 99 and 104]

Eva S. Engelhart, the chapter 7 trustee (the "FBG Trustee") of the jointly administered estates of First Brands Group, LLC and its affiliated debtors (the "FBG Debtors" and such estates the "FBG Estates"),[2] submits this Wind Down Sale status update in connection with the (i) the *Emergency Application to Authorize the SPV Debtors' Trustee to Sell Inventory Pursuant to the Wind Down Order* [Case No. 25-90392, Docket No. 99] (the "SPV Trustee Inventory Motion"); and (ii) the *Chapter 7 Trustee of the FBG Debtors' Emergency Motion for Entry of Order (A) Authorizing Consummation of McHenry Wind Down Sale Pursuant to the Wind Down Order and (B) Granting Related Relief* [Case No. 25-90399, Docket No. 3933] (the "McHenry Wind Down Sale Motion").

As discussed on the record at the Court's October 21, 2026 status conference, the FBG Trustee proposes an accelerated public auction and sale process conducted jointly by the FBG

1 A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

2 "FBG Debtors" includes First Brands Group Holdings, LLC, First Brands Group Holdings, LLC's direct and indirect Debtor subsidiaries, and Viceroy Private Capital, LLC.

Trustee and the SPV Trustee (defined below). Using the existing framework of the Court's Wind Down Order,[3] the proposed process would increase value for the estates and avoid costly litigation.

## BACKGROUND

1. On October 6, 2026, Ronald J. Sommers, the chapter 7 trustee (the "SPV Trustee") of the jointly administered estates of Patterson Inventory, LLC and its affiliated debtors (the "SPV Debtors") filed the SPV Trustee Inventory Motion seeking, among other things, to pursue a separate marketing and sale process subject to certain, but not all, components of the Wind Down Order.[4]

2. On October 18, 2026, the FBG Trustee filed the McHenry Wind Down Sale Motion, which proposed the sale of inventory, machinery, and equipment located at the FBG Debtors' McHenry, Illinois facilities (collectively, the "McHenry Wind Down Assets") and the assumption and assignment of the two unexpired nonresidential real property leases for the McHenry facilities, which gross sale value includes a $12 million cash purchase price and the purchaser's assumption of approximately $13-35 million in potential estate liabilities to U.S. Customs and Border Protection ("CBP") (such bid, the "Current Proposed Bid").

3. Filing the McHenry Wind Down Sale Motion triggered further engagement. In the last two days, the FBG Trustee's advisors received outreach from (i) a previous bidder seeking to "top" the Current Proposed Bid; and (ii) CBP seeking to open a dialogue regarding the sale of the McHenry Wind Down Assets and related tariff implications—which the FBG Trustee and SPV

---

[3] "Wind Down Order" means the *Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 2454]. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Wind Down Order.

[4] The FBG Trustee filed an objection to the SPV Trustee Inventory Motion and reserves all rights as set forth in the objection. *See* Case No. 25-90392, Docket No. 104.

Trustee have both raised as a critical issue. The FBG Trustee welcomes this engagement from stakeholders as she seeks to maximize value.

4. The FBG Trustee also understands the process-related concerns raised by the SPV Trustee in the SPV Trustee Inventory Motion. However, she maintains that a single process, driven by consensus and cooperation, is preferable to two competing processes that will lead to confusion and higher costs.

## SUMMARY OF PROPOSED JOINT AUCTION PROCESS

5. The FBG Trustee believes that a joint auction and sale process will remedy the parties' impasse, provide the opportunity for higher or otherwise better bids, and give parties-in-interest comfort that the trustees are working cooperatively to maximize value.

6. The FBG Trustee proposes the following procedures for a joint auction and sale process (the "Joint Auction Process"):

| Topic | Summary |
|---|---|
| Joint Selection | • FBG Trustee and SPV Trustee jointly select winning bidder<br>• If, at the conclusion of the auction, the trustees cannot agree, each trustee's selection will be presented to the Court |
| In Furtherance of Wind Down Order | • Wind Down Sale Notice Parties maintain notice and consent rights under the Wind Down Order<br>• Gross Proceeds and Net Proceeds usage and distribution subject to all terms of the Wind Down Order<br>• Hilco remains exclusive agent, with input and cooperation from the SPV Trustee's consultant, H. David Overbeeke |
| Marketing Process | • Hilco to contact previously interested bidders<br>• Coordination with Mr. Overbeeke for immediate marketing to additional potential bidders |
| Current Proposed Bid | • FBG Trustee and SPV Trustee agree that, absent a higher or otherwise better bid, they will close on Current Proposed Bid |

| Topic | Summary |
|---|---|
| | • No bid protections for purchaser under Current Proposed Bid |
| Bid Requirements | • FBG Trustee and SPV Trustee, in coordination with Hilco, to establish bid requirements<br>• ***All bid structures will be considered, regardless of tariff liability treatment*** |
| Litigation Standstill | • Adjournment of the SPV Trustee Inventory Motion and FBG Trustee McHenry Wind Down Sale Motion with no discovery conducted on either motion |

7. Time is of the essence. The FBG Estates cannot afford months or even weeks of delay, which will lead to increased Location Expenses and will further degrade the McHenry Wind Down Assets.

8. The FBG Trustee submits that the single, transparent Joint Auction Process—open to all bidders and all bid structures and conducted within the existing framework of the Wind Down Order—is the fastest and most cost-effective path to maximizing the value of the McHenry Wind Down Assets for all stakeholders, while preserving all parties' rights with respect to ownership and proceeds.

[*Remainder of page intentionally left blank*]

9. The FBG Trustee will promptly meet and confer with the SPV Trustee regarding the Joint Auction Process.

Dated: October 21, 2026
New York, New York

*/s/ Cindi M. Giglio*

**KATTEN MUCHIN ROSENMAN LLP**
Cindi M. Giglio
Grace A. Thompson
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: (212) 940-8800
Email: cgiglio@katten.com
grace.thompson@katten.com

- and -

Rachel M. Riley
2121 N. Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone: (214) 765-3600
Email: rachel.riley@katten.com

*Proposed Special Counsel for the FBG Trustee*

**Certificate of Service**

I hereby certify that on October 21, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Cindi M. Giglio*