**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |

**ONSET FINANCIAL, INC.'S PRELIMINARY LIMITED OBJECTION TO THE ALLOCATION OF ADMINISTRATIVE EXPENSES TO THE CARNABY DEBTORS' ESTATES ARISING FROM THE FINAL FEE APPLICATIONS**

Onset Financial, Inc. ("Onset"), by and through its undersigned counsel, hereby submits this preliminary limited objection (the "Objection") to the allocation of administrative expenses to the estates of the Carnaby Debtors (as defined below) arising from the Final Fee Applications,[2] and respectfully states as follows:

**OBJECTION**

1. Onset objects to the allowance or payment of fees or other administrative expenses under the Final Fee Applications (the "Fees") to the extent any such Fees are allowed against or allocated to Eagle Casting Holdings, LLC, Carnaby FA Holdings, LLC, Carnaby FA, LLC, Carnaby Capital, LLC, Carnaby Capital Holdings, LLC, Carnaby Inventory Holdings IV, LLC, and Carnaby Inventory IV, LLC (collectively, the "Carnaby Debtors"). Any order approving the Final Fee Applications must expressly preserve the right of Onset and all other parties in interest to object to allowance of any Fees against, or the allocation of any Fees to, the Carnaby Debtors'

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] "Final Fee Applications" means, collectively, the fee applications listed on Exhibit A hereto.

estates, which can be resolved at a later date.

2. Onset does not dispute that the professionals may be paid as requested in the Final Fee Applications, or that the source of such payment should be the Professional Fees Escrow Account.[3] *See Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superiority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* ¶¶ 7(c)–(d) [Docket No. 608] (the "Final DIP Order"). Onset objects only to the extent any party seeks to allocate the cost of Fees so paid to the Carnaby Debtors.

3. Professional expenses must be allocated on a per-debtor basis to reflect the services rendered to each debtor. *See In re Las Torres Development, L.L.C.*, 413 B.R. 687, 698 (Bankr. S.D. Tex. 2009) ("Although the same attorneys represent both Debtors, the Court concludes that the attorneys' fees must be allocated to reflect the compensation requested for services rendered to each Debtor."). Indeed, in accordance with section 503(b)(1)(A)'s requirement that administrative expenses represent "the actual, necessary costs and expenses of preserving the estate," the relevant goods or services must have provided a direct benefit to the estate of the debtor paying the price. *See*, *e.g.*, *In re Erin Energy Corp.*, No. 18-32106, 2024 WL 3616731 (Bankr. S.D. Tex. July 31, 2024) (finding that an administrative expense claim may only be asserted against the specific debtor whose estate directly received the benefit of the services in question, even where the two debtors are affiliated, share common ownership, and their cases are jointly administered). And such a claim must be justified by "evidence of either a direct request from the debtor-in-possession or other inducement via the knowing and voluntary post-petition acceptance of desired goods or

[3] As defined in the Final DIP Order.

services." *See In re Whistler Energy II, L.L.C.*, 931 F.3d 432, 443 (5th Cir. 2019).

4. The *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "Conversion Order") reinforces these requirements. It expressly requires the Final Fee Applications to "identify fees and expenses between and among the specific Debtor entities." Conversion Order ¶ 2(a)(v). Additionally, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 699] requires that each professional "record/track its time such that an allocation of fees incurred by or on behalf of the DIP Loan Parties (as defined in the DIP Orders) and fees incurred by or on behalf of the non-DIP Loan Parties may be determined." In large part, the Final Fee Applications do not do so.[4] To the extent that an allocation is eventually asserted, Onset is entitled to test the facts underlying such allocation.

5. These principles are of particular economic importance in this case, where the Carnaby Debtors are not obligors on the Debtors' DIP financing, have a distinct creditor body, and separate assets to fund recoveries to those creditors. And it is especially important where, as here, the joint professionals for all of the Debtors—including the Carnaby Debtors—have incurred significant time and expenses for matters clearly unrelated to, and not in the best interests of, the Carnaby Debtors' estates.

6. At this time, there is no evidence offered in support of the Final Fee Applications regarding allocation or supporting any allocation of any administrative expenses arising from the Final Fee Applications to the Carnaby Debtors' Estates. Onset anticipates that it will have

4 The only fee application that even asserts an allocation of costs and expenses by Debtor is that of Simpson Thacher & Bartlett LLP [Docket No. 3925] as conflicts counsel to Viceroy Private Capital, LLC and certain of its direct and indirect subsidiaries.

substantial objections to allocating professional fees to the Carnaby Debtors. As one example, the Court's confirmation ruling on the *Joint Chapter 11 Plan of First Brands Group, LLC and Certain Affiliated Debtors* [Docket No. 3019] indicates that plan confirmation had the potential to *harm* the Carnaby Debtors' estates. *See* Aug. 24, 2026 Hr'g Tr. [Docket No. 3727], 27:25–28:1, 28:4–5 (finding that "the transaction affects SPV related assets without an express agreement with the SPV Debtors," and that "there are SPV estate assets that will be transferred" to the Litigation Trust for the benefit of non-SPV creditors). And given the complexity of these cases, many other actions taken by the Debtors' professionals had nothing to do with the Carnaby Debtors at all.

7. The Court need not resolve the allocation question now. At this stage, the Court need only ensure that approving the Final Fee Applications does not approve an unwarranted allocation of Fees to estates that derived no benefit therefrom. Onset reserves the right to object to any future allocation, which dispute is likely to include significant factfinding and potential litigation regarding the degree to which the Carnaby Debtors in fact induced or benefited from the services giving rise to the Fees.

8. Onset therefore requests that any order approving the Final Fee Applications include the following language:

> "Notwithstanding anything to the contrary in this Order or the Final Fee Applications, neither this Order nor the allowance or payment of the fees and expenses approved herein shall determine whether or to what extent such fees and expenses are allocable to, or allowable as administrative expenses against, any particular Carnaby Debtor's estate, or establish any obligation of any Carnaby Debtor's estate to reimburse any other estate or person for such fees and expenses. Nothing herein shall limit or constitute a waiver of the right of any party in interest to object to any such allocation, estate-specific allowance, or reimbursement, and all such rights are expressly reserved."

## RESERVATION OF RIGHTS

9. This Objection is submitted without prejudice to, and with a full reservation of, Onset's rights, including to supplement, amend, or otherwise modify this Objection and to assert additional objections to the Final Fee Applications on any grounds that may be appropriate. Nothing herein shall be deemed or construed as a waiver of any rights, remedies, claims, defenses, or objections available to Onset, all of which are expressly reserved.

## CONCLUSION

10. For the foregoing reasons, Onset respectfully requests that the Court (a) include in any order approving the Final Fee Applications the proposed language set forth herein and (b) grant such other and further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank*]

Dated: October 21, 2026
Houston, Texas

**MUNSCH HARDT KOPF & HARR, PC**

*/s/ Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com

-and-

**MORRISON & FOERSTER LLP**
James Newton (admitted *pro hac vice*)
Ben Butterfield (admitted *pro hac vice*)
Bryan Kotliar (admitted *pro hac vice*)
250 West 55th Street
New York, NY 10019
Email: ccohen@mofo.com
Email: jnewton@mofo.com
Email: bbutterfield@mofo.com
Email: bkotliar@mofo.com

-and-

**MORRISON & FOERSTER LLP**
Anthony S. Fiotto (admitted *pro hac vice*)
Julia C. Koch (admitted *pro hac vice*)
200 Clarendon Street
Boston, MA 02116
Email: afiotto@mofo.com
Email: jkoch@mofo.com

-and-

**MORRISON & FOERSTER LLP**
Brian R. Michael (admitted *pro hac vice*)
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
Email: bmichael@mofo.com

-and-

**MILBANK LLP**
Dennis F. Dunne (admitted *pro hac vice*)
Lisa Laukitis (admitted *pro hac vice*)
Jason Kestecher (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 530 5858
Facsimile: (212) 530-5219
Email: ddunne@milbank.com
Email: llaukitis@milbank.com
Email: jkestecher@milbank.com

-and-

**MILBANK LLP**
Andrew M. Leblanc (admitted *pro hac vice*)
Erin E. Dexter (admitted *pro hac vice*)
1101 New York Avenue NW,
Washington, DC 20005
Telephone: (202) 835-7500
Facsimile: (202) 263-7586
Email: aleblanc@milbank.com
Email: edexter@milbank.com

*Attorneys for Onset Financial, Inc.*

# Exhibit A

## Final Fee Applications

| Application | Docket No. |
|---|---|
| *Final Fee Application of Ernst & Young LLP for Compensation of Services Rendered and Reimbursement of Expenses as Tax Advisor to the Debtors for the Period from September 28, 2025 through January 31,2026* | 3840 |
| *First and Final Fee Application of the Examiner and Boies Schiller Flexner LLP, Attorneys for the Examiner, for the Period from December 16, 2025 through and including May 31, 2026* | 3843 |
| *First and Final Fee Application of the Fishel Law Group, as Texas Counsel to the SPV Debtors, for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period December 16, 2025 through August 31, 2026* | 3857 |
| *Fourth Interim and Final Fee Application of Alvarez and Marsal North America, LLC as Financial Advisor to the Chapter 11 Debtors* | 3860 |
| *First and Final Fee Application of Okin Adams Bartlett Curry LLP, Counsel for the Examiner, for the Period of January 12, 2026 through September 1, 2026* | 3862 |
| *Final Fee Application of Chamberlain, Hrdlicka, White, Williams, & Aughtry, P.C.* | 3901 |
| *First and Final Fee Application of Hilco Global for Allowance and Payment of Fees and Expenses for Litigation Support Services for the Period from October 7, 2025 through and including August 31, 2026* | 3912 |
| *Final Fee Application of Brown Rudnick LLP as Co-Counsel to the Official Committee of Unsecured Creditors of First Brands Group, LLC, et al., for Compensation for Services Rendered and Reimbursement of Expenses Incurred During the Period from October 13, 2025 through and including September 1, 2026* | 3913 |
| *Final Fee Application of Cole Schotz P.C. for Compensation for Services and Reimbursement of Expenses as Efficiency and Local Counsel to the Official Committee of Unsecured Creditors for the Period from October 13, 2025 through October 16, 2026* | 3915 |
| *The Combined Third Interim and Final Fee Application of M3 Advisory Partners, LP for Compensation for Services and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the (I) Interim Period from April 1, 2026 through September 10, 2026 and (II) Final Period from October 15, 2025 through September 10, 2026* | 3917 |
| *Final Application of Ducera Partners LLC for Compensation for Services and Reimbursement of Expenses as Investment Banker to the Official Committee of Unsecured Creditors for the Period from October 20, 2025 through June 30, 2026* | 3918 |
| *Final Fee Application of Nardello & Co. LLC for Compensation for Services and Reimbursement of Expenses as Specialized Forensic Financial Advisor to the Official Committee of Unsecured Creditors for the Period from December 1, 2025 through April 8, 2026* | 3919 |
| *Fourth Interim and Final Fee Application of Simpson Thacher & Bartlett LLP for Allowance of Compensation and Reimbursement of Expenses as Counsel to the SPV Entities for the Fourth Interim Period of July 1, 2026, through September 1, 2026, and the Final Fee Period of December 7, 2025, through September 1, 2026* | 3925 |
| *Final Application / Fourth Interim and Final Fee Application of Weil, Gotshal & Manges LLP, Attorneys for the Debtors, for (I) Interim Compensation Period from July 1, 2026 through and including August 31, 2026 and (II) Final Compensation Period from September 29, 2025 through and including August 31* | 3926 |
| *Final Application for Compensation of Lineal Services, LLC, Electronic Discovery Service Provider to the Examiner, for the Period From January 5, 2026 through and including August 31, 2026* | 3927 |
| *Fourth Interim and Final Fee Application of Lazard Frères & Co. LLC, as Investment Banker for the Debtors* | 3929 |
| *Supplement to Final Fee Application of Cole Schotz P.C. for Compensation for Services and Reimbursement of Expenses as Efficiency and Local Counsel to the Official Committee of Unsecured Creditors for the Period from October 13, 2025 through October 16, 2026* | 3960 |

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed on this 21st day of October 2026, with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ *Deborah M. Perry*
Deborah M. Perry