# EXHIBIT A

## CERTIFICATION OF SANTIAGO BATISTA REGARDING COMPLIANCE WITH FEE GUIDELINES

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FIRST BRANDS GROUP, LLC *et al.*, | : | Case No. 25-90399 (CML) |
| Debtors. | : | (Jointly Administered) |

**CERTIFICATION OF SANTIAGO BATISTA IN SUPPORT OF FIRST AND FINAL FEE APPLICATION OF GUIDEPOST SOLUTIONS, LLC, AS FORENSIC ACCOUNTANT TO THE EXAMINER, MARTIN DE LUCA, FOR THE PERIOD FROM JANUARY 5, 2025 THROUGH AND INCLUDING MAY 31, 2026**

I, Santiago Batista, hereby certify as follows:

1. I am a Senior Managing Director with Guidepost Solutions, LLC ("**Guidepost**"), forensic investigator to the Examiner appointed in the above-captioned chapter 11 cases (the "**Examiner**"). I am authorized to submit this certification on behalf of Guidepost.

2. This Certification is provided pursuant to:

(a) the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed Under 11 U.S.C. § 330, promulgated by the Office of the United States Trustee (the "**U.S. Trustee Fee Guidelines**"); and

(b) the procedures and requirements applicable in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**"), including the Local Bankruptcy Rules, where applicable (collectively, the "**Local Rules and Procedures**").

3. I have reviewed the *First and Final Fee Application of Guidepost, for the Period from January 5, 2026 through and including May 31, 2026* (the "**Application**") filed by or on behalf of

Guidepost for allowance of compensation and reimbursement of expenses for that period (the "**Application Period**").

4. In connection with the preparation of the Application, I have exercised reasonable diligence to ensure that the Application complies, in all material respects, with the U.S. Trustee Fee Guidelines and the Local Rules and Procedures, including, to the extent applicable, the requirements of the Local Rules and Procedures governing professional fee applications in complex chapter 11 cases.

5. Without limiting the foregoing, and to the best of my knowledge, information, and belief, formed after reasonable inquiry:

**Timekeeping and Billing Judgment**

6. The time entries included in the Application are contemporaneously recorded and describe the services provided with sufficient detail to permit meaningful review, consistent with the U.S. Trustee Fee Guidelines.

7. The services for which compensation is sought were actually rendered and were reasonable, necessary, and beneficial at the time they were performed.

8. Guidepost exercised appropriate billing judgment, including the exclusion or reduction of excessive, duplicative, or non-compensable time.

**Staffing and Efficiency**

9. The Application reflects staffing decisions made with due regard for efficiency, cost-effectiveness, and the nature of the tasks performed, consistent with expectations under the Local Rules and Procedures.

10. Work was delegated to appropriate levels of professionals, and efforts were made to avoid unnecessary duplication of services.

**Compliance with Categories and Task Descriptions**

11. Time entries have been categorized in accordance with the U.S. Trustee Fee Guidelines, including the use of project categories where applicable.

12. Descriptions of services rendered comply with the requirements for clarity and specificity set forth in the U.S. Trustee Fee Guidelines and applicable Local Rules and Procedures.

**Expenses**

13. The expenses requested for reimbursement are actual and necessary expenses incurred in connection with the representation of the Examiner and are consistent with the U.S. Trustee Fee Guidelines and Local Rules and Procedures.

14. Such expenses are appropriately documented, reasonable in amount, and not of a type that is ordinarily considered overhead.

**Rates**

15. The hourly rates charged by Guidepost professionals and subcontractors are consistent with those customarily charged by Guidepost for comparably skilled practitioners in non-bankruptcy matters and are reasonable under the circumstances.

**No Billing of Non-Compensable Activities**

16. The Application does not seek compensation for services that are clerical in nature or otherwise non-compensable under applicable law, the U.S. Trustee Fee Guidelines, or applicable Local Rules and Procedures.

**Fee Sharing**

17. No agreement or understanding exists for the sharing of compensation with any other entity, except as disclosed in accordance with section 504 of the Bankruptcy Code.

**Compliance**

18. I further certify that the Application complies with all applicable requirements of the Court's Local Rules and Procedures, including those applicable to complex chapter 11 cases.

19. This Certification is intended to satisfy any certification requirement imposed by the U.S. Trustee Fee Guidelines and the Local Rules and Procedures, including those applicable to complex chapter 11 cases in this Court, and to assist the Court and parties in interest in their review of the Application.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Date: October 26, 2026
New York, New York

/s/ *Santiago Batista*

Santiago Batista
Senior Managing Director
Guidepost Solutions, LLC
260 Madison Avenue
New York, NY 10016-2401