United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **FIRST BRANDS GROUP, LLC, *et al.*** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | **(Jointly Administered)** |

**AGREED ORDER GRANTING MICHAEL BUENO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**
[Relates to Docket No. 3079]

This matter came before the Court upon consideration of *Michael Bueno's Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)* (the "Motion")[2] (ECF No. 3079) filed by Michael Bueno (the "Movant"), pursuant to which the Movant seeks relief from the automatic stay to proceed with the State Court Action, as more fully described in the Motion. The Court having considered the Movant's request and opposition thereto, if any; and it appearing that due and proper notice of the Motion has been provided under the circumstances; and it further appearing that that the Movant and Eva S. Engelhart, the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors" and together with the Movant, the "Parties") to the Motion have reached an agreement; and the Court finds that the Motion should be granted in the manner set forth below. It is hereby:

1. **ORDERED** that as to Debtor Cardone Industries, Inc. ("Cardone"):

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

a. The stay found in section 362(a) of the Bankruptcy Code is hereby modified solely to authorize Movant to prosecute to final judgment the State Court Action against Cardone to establish liability, determine damages, pursue recovery from applicable insurance policy proceeds, subject to the applicable insurance policy limits, and against non-debtors, and for no other purpose;

b. Other than as set forth in the immediately preceding subparagraph, the stay remains in full force and effect for all other purposes and continues to prohibit execution, garnishment, collection, attachment, or enforcement of any such judgment, if any, awarded to Movant, against Cardone, any FBG Debtor's estate, or their non-insurance assets;

c. By signature of Movant's counsel below, Movant waives his right to file or assert any proof of claim (or other claim) in any of the bankruptcy cases of any of the FBG Debtors, and any such proof of claim (whether already filed or filed in the future, including Claim No. 2433) or scheduled claim is hereby disallowed in its entirety;

d. Nothing in this Order shall be construed as Movant having waived his right(s), if any, to look to applicable insurance proceeds or to otherwise look to any non-debtor to be made whole, which rights, to the extent they exist, are hereby strictly preserved;

e. With respect to any and all parties in interest, nothing in this Order shall be construed as any admission of liability whatsoever or any waiver of any defense whatsoever, and all rights and defenses of the FBG Debtors and their estates are hereby expressly preserved; and

2. **ORDERED** that nothing in this stipulation and agreed order constitutes a determination of liability, damages, insurance coverage, policy limits, policy defenses, or the allowance or disallowance of any claim in the bankruptcy case.

3. **ORDERED** that the 14-day stay found in Bankruptcy Rule 4001(a)(4) is waived.

4. **ORDERED** that this Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

Signed: October 28, 2026

Christopher Lopez
United States Bankruptcy Judge

STIPULATED AND AGREED TO BY:

**HUSCH BLACKWELL LLP**

/s/ *Jennifer K. Pollan*
Lynn Hamilton Butler (SBN 03527350)
Lynn.Butler@huschblackwell.com
Jennifer Pollan (SBN 24150828)
Jennifer.pollan@huschblackwell.com
111 Congress Ave., Suite 1400
Austin, Texas 78701
Tel: (512) 472-5456
Fax: (512) 479-1101

**PORTER HEDGES, LLP**

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (SBN 24038592
jwolfshohl@porterhedges.com
Eric M. English (TX Bar No. 24062714)
eenglish@porterhedges.com
M. Shane Johnson (TX Bar No. 24083263)
sjohnson@porterhedges.com
Grecia V. Sarda (TX Bar No. 24132092)
gsarda@porterhedges.com
1000 Main, 36th Floor
Houston, TX 77002
Tel: 713-226-6000
Fax: 713-228-1331

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, a true and correct copy of the foregoing document was served via this Court's ECF notification system to all parties registered to receive notification, which includes Cardone.

*/s/ Jennifer K. Pollan*
Jennifer K. Pollan