**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | |

**ORDER GRANTING APPLICATION OF AHLSTROM FILTRATION LLC**
**<u>FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM</u>**

Upon the application (the "**Application**") of Ahlstrom Filtration LLC ("**Ahlstrom**" or the "**Applicant**") for allowance and payment of its administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing. The Court orders the following:

1. The Application is **GRANTED.**

2. The administrative expense claim of Ahlstrom Filtration LLC is hereby allowed pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code in the total amount of **$953,460.87** (collectively the "**Allowed Administrative Claim**") against the Debtors' estates as follows:

- Champion Laboratories Inc. (Case No. 25-90445): $367,655.51
- Trico Products Corp. (Case No. 25-90472): $433,248.60
- FRAM Group Operations LLC (Case No. 25-90403): $152,556.76.

3. The Allowed Administrative Claim represents the actual and necessary costs and expenses of preserving the Debtors' estates, arising from the Debtors' post-petition receipt and use of goods supplied by Ahlstrom in the ordinary course of business.

4. The Chapter 7 Trustee is hereby authorized and directed to pay the Allowed Administrative Claim from available estate funds.

5. Nothing in this Order shall impair Ahlstrom's rights with respect to any additional administrative expense claims arising after the date of the Application, all of which are expressly preserved.

6. The failure specifically to include any particular provision of the Application in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Application be approved in its entirety except as expressly modified herein.

7. Notwithstanding Bankruptcy Rule 6004(h) or any applicable Local Rule, this Order shall be effective and enforceable immediately upon entry.

8. The Court retains jurisdiction over the matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: ______________________, 2026.

______________________________
Christopher M. Lopez
United States Bankruptcy Judge