**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | **Jointly Administered** |
| **Debtors.** | § | |

**APPLICATION OF FAIRLANE INDUSTRIES, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney.**

Fairlane Industries, Inc. ("**Fairlane**"), by and through undersigned counsel, files this application (the "**Application**") for allowance and payment of its administrative expense claims pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code, and respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are §§ 503 and 507 of the Bankruptcy Code.

4. Fairlane confirms its consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

5. On or about September 28, 2025 (the "**Petition Date**"), First Brands Group, LLC and its affiliated debtors commenced these chapter 11 cases.

6. The Debtors initially operated their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On August 24, 2026, the Court denied confirmation of the Debtors' Joint Chapter 11 Plan; on September 1, 2026, the Court converted the cases to cases under Chapter 7. (Dkt. No. 3748.)

7. On or about December 12, 2025, Fairlane and certain Debtors, namely, Champion Laboratories, Inc. and Trico Products Corporation (together, the "**Contracting Debtors**"), entered into a Trade Agreement (the "**Trade Agreement**") pursuant to the Court's Final Order (I) Authorizing Debtors to Pay (a) Critical Vendor Claims, (b) Non-U.S. Vendor Claims, (c) Lien Claims, and (d) 503(B)(9) Claims, (II) Confirming Administrative Expense Priority of Undisputed Outstanding Prepetition Orders, and (III) Granting Related Relief (Dkt. No. 519) (the "**Critical Vendors Order**"). The Trade Agreement contains a confidentiality provision and, accordingly, is not attached hereto; Fairlane will make a copy available to the Court, the Chapter 7 Trustee, and other parties in interest upon request and subject to appropriate confidentiality protections. Champion Laboratories, Inc. is Case No. 25-90445 and Trico Products Corporation is Case No. 25-90472 (each jointly administered under Case No. 25-90399).

8. Under the Trade Agreement, the Contracting Debtors paid Fairlane's agreed prepetition claim, and Fairlane agreed to continue supplying goods to the Contracting Debtors post-petition on Customary Trade Terms (as defined in the Trade Agreement); the Contracting Debtors, in turn, agreed to accept and pay for such goods on net 45-day terms.

9. The Trade Agreement expressly contemplates that Fairlane holds administrative claims arising from the delivery of post-petition goods, and requires the Contracting Debtors to pay for goods delivered post-petition in accordance with its terms. (Trade Agreement §§ 3(a), 4(a), 5(d).)

10. Following execution of the Trade Agreement, Fairlane supplied goods to the Contracting Debtors in the ordinary course of business, which goods were accepted and used by the Contracting Debtors.

11. The Contracting Debtors failed to pay for certain post-petition deliveries in accordance with the agreed net 45-day terms.

12. On February 24, 2026, Fairlane, through counsel, issued a written notice of default pursuant to Section 5(d) of the Trade Agreement to the Contracting Debtors for failure to pay post-petition invoices totaling $13,430.90 when due, and demanded payment by March 6, 2026 (the "**First Notice of Default**"). A true and correct copy of the First Notice of Default is attached as **Exhibit 1**.

13. On April 6, 2026, Fairlane issued a second notice of default pursuant to Section 5(d) of the Trade Agreement, advising that the $13,430.90 identified in the First Notice of Default remained unpaid, identifying additional past-due invoices totaling $35,876.95, and demanding payment of all past-due amounts by April 15, 2026 (the "**Second Notice of Default**" and, together

with the First Notice of Default, the "**Notices of Default**"). A true and correct copy of the Second Notice of Default is attached as **Exhibit 2**.

14. The Contracting Debtors did not respond to either of the Notices of Default.

15. The Contracting Debtors failed to cure their payment defaults within the ten-day cure period provided in Section 5(d) of the Trade Agreement, or at any time thereafter.

16. Following the Contracting Debtors' failure to cure, Fairlane ceased supplying goods to the Contracting Debtors. In any event, by its terms the Trade Agreement governs only through the "Duration of the Cases," which ended upon conversion of these cases to Chapter 7 on September 1, 2026.

17. Based on the foregoing, Fairlane seeks payment of administrative expense claims as follows:

**A. Champion Laboratories, Inc. ("CHAMP")**

18. Fairlane supplied post-petition goods to CHAMP pursuant to the Trade Agreement, which CHAMP accepted and utilized in its operations.

19. CHAMP failed to pay fifteen invoices issued between December 18, 2025 and January 30, 2026, which became due between February 1, 2026 and March 16, 2026, each of which is identified in the Notices of Default. True and correct copies of the unpaid CHAMP invoices are included in **Exhibit 3.**

20. CHAMP remained in default following notice and failed to cure within the contractual period.

21. As of the date hereof, the total unpaid post-petition amount due from CHAMP is **$32,892.08**, consisting of $13,430.90 identified in the First Notice of Default and $19,461.18 identified in the Second Notice of Default, as reflected in the invoices attached as **Exhibit 3**.

22. These amounts constitute actual and necessary costs of preserving the estate and are entitled to administrative priority.

**B. Trico Products Corporation ("TRICO")**

23. Fairlane supplied post-petition goods to TRICO pursuant to the Trade Agreement, which TRICO accepted and utilized in its operations.

24. TRICO failed to pay nine invoices issued between January 12, 2026 and January 30, 2026, which became due between February 26, 2026 and March 16, 2026, each of which is identified in the Second Notice of Default. True and correct copies of the unpaid TRICO invoices are included in **Exhibit 4**.

25. TRICO remained in default following notice and failed to cure within the contractual period.

26. As of the date hereof, the total unpaid post-petition amount due from TRICO is **$16,415.77**, as reflected in the invoices attached as **Exhibit 4**.

27. These amounts constitute actual and necessary costs of preserving the estate and are entitled to administrative expense priority.

## RESERVATION OF RIGHTS

28. Fairlane does not intend to waive, and hereby does not waive, any rights it may otherwise assert against the Debtors or their estates with respect to goods or services provided after the Petition Date. Fairlane reserves all of its respective rights to amend and/or supplement its claims asserted in this Application as the circumstances may require, including but not limited to asserting additional administrative expense claims for any amounts that may accrue after the date hereof.

## NOTICE

29. Fairlane is providing notice of this Application to: (i) the Chapter 7 Trustee; (ii) counsel for the Debtors; (iii) the United States Trustee; (iv) counsel for the Official Committee of Unsecured Creditors; and (v) all parties registered to receive notice through the Court's CM/ECF system. Fairlane submits that, in light of the nature of the relief requested by this Application, no other or further notice need be given.

## RELIEF REQUESTED

29. By this Application, Fairlane requests allowance and payment of its administrative expense claim in the total amount of **$49,307.85**, representing the unpaid post-petition value of goods supplied to the Contracting Debtors.

30. The goods provided by Fairlane directly benefitted the Debtors' estates and were necessary to the Contracting Debtors' ongoing operations.

31. Accordingly, the claim satisfies the requirements of section 503(b)(1)(A) and is entitled to priority under section 507(a)(2).

## CONCLUSION

**WHEREFORE**, Fairlane respectfully requests entry of an order:

1. Allowing its administrative expense claim in the total amount of $**49,307.85**, against the two debtor-entities in the amounts set forth in the Application;
2. Directing immediate payment of such amounts; and
3. Granting such other and further relief as is just and proper.

Dated: October 29, 2026.

**MICHAEL BEST & FRIEDRICH LLP**

*/s/ Justin M. Mertz*
Justin M. Mertz

jmmertz@michaelbest.com
790 N. Water Street, Suite 2500
Milwaukee, WI 53202
Phone: (414) 225-4972

*Attorneys for Fairlane Industries, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | **Jointly Administered** |
| **Debtors.** | § | |

**ORDER GRANTING APPLICATION OF FAIRLANE INDUSTRIES, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Upon the application (the "**Application**") of Fairlane Industries, Inc. ("**Fairlane**" or the "**Applicant**") for allowance and payment of its administrative expense claim pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing. The Court orders the following:

1. The Application is **GRANTED.**

2. The administrative expense claim of Fairlane Industries, Inc. is hereby allowed pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code in the total amount of **$49,307.85** (collectively the "**Allowed Administrative Claim**") against the Debtors' estates as follows:

- Champion Laboratories, Inc. (Case No. 25-90445): $32,892.08
- Trico Products Corporation (Case No. 25-90472): $16,415.77.

3. The Allowed Administrative Claim represents the actual and necessary costs and expenses of preserving the Debtors' estates, arising from the Debtors' post-petition receipt and use of goods supplied by Fairlane in the ordinary course of business.

4. The Chapter 7 Trustee is hereby authorized and directed to pay the Allowed Administrative Claim from available estate funds.

5. Nothing in this Order shall impair Fairlane's rights with respect to any additional administrative expense claims arising after the date of the Application, all of which are expressly preserved.

6. The failure specifically to include any particular provision of the Application in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Application be approved in its entirety except as expressly modified herein.

7. Notwithstanding Bankruptcy Rule 6004(h) or any applicable Local Rule, this Order shall be effective and enforceable immediately upon entry.

8. The Court retains jurisdiction over the matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: ______________________, 2026.

______________________________________
Christopher M. Lopez
United States Bankruptcy Judge

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 29, 2026, a true and correct copy of the foregoing **APPLICATION OF FAIRLANE INDUSTRIES, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS** was served via the Court's CM/ECF system on all parties registered to receive electronic notice in this case, and via email or regular U.S. Mail on the following parties:

Ronald Sommers
Chapter 7 Trustee
1400 Post Oak Blvd., Suite 300
Houston, TX 77056-6656

Clifford W. Carlson
Gabriel A. Morgan
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 3700
Houston, Texas 77002
Email : clifford.carlson@weil.com;
gabriel.morgan@weil.com
Attorneys for Debtors

Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002

Ian Ross Phillips
COLE SCHOTZ P.C.
901 Main St., Suite 4120
Dallas, TX 75202
Email: iphillips@coleschotz.com
Counsel for the Official Committee of Unsecured Creditors

Date: October 27, 2026.

**MICHAEL BEST & FRIEDRICH, LLP**

*<u>/s/ Justin M. Mertz</u>*