**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 (Previously Chapter 11) |
| | ) | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | ) | Case No. 25-90399 (CML) |
| | ) | |
| Debtors. [1] | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FBG TRUSTEE'S *PROPOSED* ORDER IN FURTHERANCE OF THE WIND DOWN ORDER APPROVING BIDDING PROCEDURES AND AUCTION FOR MCHENRY WIND DOWN SALE**
[Related to Docket Nos. 3933, 2454]

Eva S. Engelhart, the chapter 7 trustee (the "FBG Trustee") of the jointly administered estates of First Brands Group, LLC and its affiliated debtors (the "FBG Debtors");[2] files this notice (the "Notice of Proposed Bidding Procedures") of the proposed order (the "Order") approving bidding procedures (the "Bidding Procedures") to govern the bidding and auction process for the inventory, machinery, and equipment located at the FBG Debtors' McHenry, Illinois facilities (the "McHenry Wind Down Assets"), to be conducted in furtherance of the Wind Down Order (defined below).

**PLEASE TAKE NOTICE THAT**, on April 16, 2026, the Court entered the *Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief*

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] "FBG Debtors" includes First Brands Group Holdings, LLC, First Brands Group Holdings, LLC's direct and indirect Debtor subsidiaries, and Viceroy Private Capital, LLC.

[Docket No. 2454] ("Wind Down Order"),[3] which approved Hilco as exclusive agent with respect to the marketing and sale of the Wind Down Assets; on July 9, 2026, the Court entered the *Order Extending Wind Down Order to the Chapter 7 Trustee and Related Relief* [Case No. 25-90392, Docket No. 61] (the "Extension Order"), extending the Wind Down Order to the jointly administered chapter 7 cases of Patterson Inventory, LLC and its affiliated debtors; and on September 1, 2026, the Court entered the O*rder (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "FBG Conversion Order"), pursuant to which the FBG Trustee was appointed;

**PLEASE TAKE FURTHER NOTICE THAT**, on October 18, 2026, the FBG Trustee filed the *Chapter 7 Trustee of the FBG Debtors' Emergency Motion for Entry of Order (A) Authorizing Consummation of McHenry Wind Down Sale Pursuant to the Wind Down Order and (B) Granting Related Relief* [Docket No. 3933] (the "McHenry Wind Down Sale Motion") seeking, among other things, approval of a sale of the McHenry Wind Down Assets, on the terms set forth in the McHenry Wind Down Sale Motion and pursuant to the Wind Down Order;

**PLEASE TAKE FURTHER NOTICE THAT**, since filing the McHenry Wind Down Sale Motion, the FBG Trustee received an additional offer for the purchase of the McHenry Wind Down Assets after which JessCo Brakes Inc., proposed buyer under the McHenry Wind Down Sale Motion, further increased its bid, the terms of which are set forth in the amended and restated Bill of Sale, dated as of November 1, 2026, attached as Exhibit 1 to the proposed Bidding Procedures (the "Stalking Horse Bill of Sale");

---

[3] Capitalized terms used herein but not otherwise defined have the meanings given in the Wind Down Order, the Bidding Procedures, or the Stalking Horse Bill of Sale, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT**, in order to maximize value for the McHenry Wind Down Assets, the FBG Trustee now seeks Court approval of an expedited auction and sale process on the terms set forth in the Bidding Procedures attached to the proposed order as Exhibit A;

**PLEASE TAKE FURTHER NOTICE THAT**, the FBG Trustee has determined that designation of JessCo Brakes Inc. as stalking horse bidder (the "Stalking Horse Bidder") and approval of the bid protections set forth in the proposed Bidding Procedures is in the best interests of the FBG Debtors' estates to (a) provide a baseline of value, which the FBG Trustee believes increases the likelihood of competitive bidding at the auction thereby increasing in the FBG Trustee's view the likelihood that the FBG Debtors' estates will receive the best possible price and terms for the McHenry Wind Down Assets; and (b) facilitate participation of other bidders in the sale process;

**PLEASE TAKE FURTHER NOTICE THAT**, the material terms of the Stalking Horse Bid and the proposed Bidding Procedures are summarized below. This summary is qualified in its entirety by the Stalking Horse Bill of Sale and the Bidding Procedures, which shall control in the event of any inconsistency:

(a) Purchase Price. $14,500,000 in cash (allocated $12,500,000 to inventory and $2,000,000 to machinery and equipment), not subject to adjustment.

(b) Break-Up Fee. 2% of the aggregate cash purchase price, or $290,000.

(c) Expense Reimbursement. Reasonable and documented out-of-pocket costs and expenses, up to a maximum of $100,000.

(d) Payment of Bid Protections. The Bid Protections are payable solely from Gross Proceeds of the McHenry Wind Down Sale if the Stalking Horse Bidder is not selected as the Successful Bidder (or is selected as the Back-Up Bidder but does not close). The Expense Reimbursement is also payable if the Sale Order approving the Stalking Horse Bidder is not entered on or before November 25, 2026, unless such failure results primarily from the Stalking Horse Bidder's uncured material breach. The Break-Up Fee and any unpaid Expense Reimbursement are also

payable from the Gross Proceeds of any Alternative Transaction entered into before, or within ninety (90) days after, expiration or termination of the Stalking Horse Bid that is thereafter consummated.

(e) Minimum Overbid and Bidding Increments. Any competing bid must provide cash consideration of at least $14,890,000 (the Purchase Price plus the Bid Protections), allocated by asset class. Subsequent Bids at the Auction must be made in minimum increments of the Bid Protections plus $500,000 (i.e., $890,000), subject to adjustment by Hilco in consultation with the FBG Trustee.

(f) Key Dates.

| Proposed Date and Time | Event or Deadline |
|---|---|
| November 2, 2026 at 1:00 p.m. (prevailing Central Time) | Status Conference |
| November 5, 2026 at 4:00 p.m. (prevailing Central Time) | Bid Deadline |
| November 5, 2026 at 9:00 p.m. (prevailing Central Time) | Notifications to Qualified Bidders |
| November 6, 2026 at 8:00 a.m. (prevailing Eastern Time) | Auction (if applicable) in person in NYC and via Zoom |
| By the later of: (i) 10:00 a.m. (prevailing Central Time) on November 9, 2026; and (ii) 24 hours after the conclusion of the Auction. | Deadline to:<br>(i) file Notice of Successful Bidder; and<br>(ii) serve Wind Down Sale Notice |
| As soon as reasonably practicable following conclusion of the Auction, subject to Court availability. | Sale Hearing |

(g) Objections. Objections to the McHenry Wind Down Sale are reserved for the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, the FBG Trustee does not seek final approval of the McHenry Wind Down Sale through the Bidding Procedures and will seek entry of a sale order, in furtherance of the Wind Down Order, at the Sale Hearing following the auction on the schedule set forth in the proposed Bidding Procedures.

**PLEASE TAKE FURTHER NOTICE THAT**, except as expressly set forth in the Order and the Bidding Procedures, (i) the Wind Down Order governs the McHenry Wind Down Sale and the Wind Down Order, the Consulting Agreement, and the Extension Order shall remain in full force and effect; (ii) the Wind Down Sale Notice Parties maintain their notice and consent rights

with respect to the McHenry Wind Down Sale; and (iii) nothing in the Order or the Bidding Procedures affects any party's rights regarding ownership of the McHenry Wind Down Assets or interest in the Net Proceeds of the McHenry Wind Down Sale, all of which rights are fully reserved and shall be determined in accordance with the Wind Down Order.

[*Remainder of page intentionally left blank*]

Dated: November 2, 2026

*/s/ Cindi M. Giglio*
**KATTEN MUCHIN ROSENMAN LLP**
Cindi M. Giglio
Grace A. Thompson
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: (212) 940-8800
Email: cgiglio@katten.com
grace.thompson@katten.com

- and -

Rachel M. Riley
2121 N. Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone: (214) 765-3600
Email: rachel.riley@katten.com

*Proposed Special Counsel for the FBG Trustee*

**Certificate of Service**

I hereby certify that on November 2, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Cindi M. Giglio*
Cindi M. Giglio