**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.[1]** | § | |
| | § | **Jointly Administered** |
| | | **Emergency Relief Requested** |

## ***EMERGENCY*** **MOTION TO EXTEND DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Emergency relief is requested at the Court's earliest convenience.**

Eva S. Engelhart, the chapter 7 Trustee (the "Trustee") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "FBG Debtors"),[2] in the above-styled jointly administered chapter 7 cases (the "Chapter 7 Cases"), hereby files this *Emergency Motion to Extend Deadline to Assume or Reject Executory Contracts and Unexpired Leases* (the "Motion") and respectfully states as follows:

**Summary of the Motion**

1. The Trustee seeks an extension of the current deadline for the FBG Debtors to assume executory contracts and unexpired leases in 11 U.S.C. § 365(d)(1) through and including Friday, January 29, 2027.

2. Expedited relief is requested at the Court's earliest convenience. Based on the Conversion Date (as defined below), the Trustee's current deadline under Section 365(d)(1) to assume executory contracts and unexpired leases is November 2, 2026.[3]

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

4. Venue is proper pursuant to 28 U.S.C. § 1408.

[2] The FBG Debtors do not include the 16 additional SPV debtors in the Carnaby Capital Holdings SPV silo or the "Previously Converted Debtors", comprised of: (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC. The Previously Converted Debtors' Chapter 11 Cases were previously converted to cases under chapter 7 of the Bankruptcy Code on April 9, 2026. *See* Docket No. 2396. Ronald J. Sommers serves as the chapter 7 trustee for these debtors' estates.

[3] The sixtieth day after the Conversion Date was Saturday, October 31, 2026; however, pursuant to Bankruptcy Rule 9006(a)(1), the period continues through November 2, 2026.

5. The statutory bases for the relief requested herein are sections 348 and 365(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## **Background**

6. In September 2025, First Brands Group, LLC and its debtor affiliates filed the jointly administered chapter 11 cases. Additional factual background information regarding the debtors, their business operations, their capital and debt structures, and the events leading to the filing of the Debtors' chapter 11 cases, is set forth in the *Declaration of Charles M. Moore in Support of Debtors' Chapter 11 Petitions* [Docket No. 22].

7. The Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "Conversion Order") on September 1, 2026 (the "Conversion Date").

8. On the Conversion Date, the United States Trustee (the "U.S. Trustee") appointed Eva S. Engelhart as the interim chapter 7 trustee for the FBG Debtors,[4] as reflected in the notices of chapter 7 bankruptcy case. *See, e.g., Notice of Chapter 7 Bankruptcy Case* [Docket No. 3753]. The U.S. Trustee also appointed Ronald J. Sommers as the interim chapter 7 trustee for the remaining Converting Debtors (as defined in the Conversion Order) other than FBG Debtors, respectively.[5] Since the Conversion Date, the Trustee and her professionals have been actively

[4] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Conversion Order.

[5] Pursuant to Federal Rule of Bankruptcy Procedure 2008(b)(1), Ronald J. Sommers rejected the appointment as it relates to the following estates: Eagle Casting Holdings, LLC, Case No. 25-90490 (CML); Carnaby Inventory Holdings IV, LLC, Case No. 25-90464 (CML); Carnaby Inventory IV, LLC, Case No. 25-90466 (CML); Carnaby

and diligently reviewing documents and information provided by various parties, while also attempting to identify any executory contracts and unexpired leases that are subject to the 60-day limitation period under 11 U.S.C. § 365(d)(1).

9. On October 27, 2026, the Trustee held the 341 meeting for the bankruptcy estates of the FBG Debtors, and no election was held to appoint a different, permanent chapter 7 trustee. The Trustee is the duly appointed chapter 7 trustee in this case.

10. The Trustee believes there could be contracts of the FBG Debtors that are executory in nature but that determination is still under investigation. Likewise, the value of any such contracts to the estates of the FBG Debtors is still unknown. The Trustee and her professionals have diligently worked to obtain possession of and review the books and records of the FBG Debtors, but due to the complexity of these cases, there has been insufficient time to identify and determine conclusively, (i) what contracts or unexpired leases even exist; (ii) whether they are executory in nature and covered by 11 U.S.C. § 365; and (iii) which executory contracts and leases should or could be assumed or rejected under section 365(d)(1) of the Bankruptcy Code.

11. Out of an abundance of caution, the Trustee needs additional time to complete her evaluation of any contracts and leases of the FBG Debtors to determine the best course of action to maximize the value, if any, to the estates. Accordingly, the Trustee requests an extension of deadline to assume or reject executory contracts under section 365(d)(1) through and including January 29, 2027.

**Requested Relief**

12. Section 365(d)(1) of the Bankruptcy Code provides:

---

FA Holdings, LLC, Case No. 25-90468 (CML); Carnaby FA, LLC, Case No. 25-90473 (CML); and Carnaby Capital, LLC, Case No. 25-90460 (CML). Catherine Curtis currently serves as chapter 7 trustee administering these estates.

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

13. The Court may grant an extension of time to assume or reject executory contracts and unexpired leases for residential property "for cause." *See also In re Tompkins*, 95 B.R. 722, 724 (B.A.P. 9th Cir. 1989) (the trustee must assume or reject executory contracts within 60 days of conversion of the case or seek an extension of time within the 60-day period). Courts consider various factors in determining whether such "cause" exists, including, but not limited to:[6]

a. whether the lease is the debtor's primary asset;

b. whether the debtor has had sufficient time to intelligently appraise its financial situation and potential value of its assets in terms of the formulation of a plan of reorganization;

c. whether the lessor continues to receive rent for the use of the property;

d. whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code;

e. whether the case is exceptionally complex and involves a large number of leases;

f. whether the debtor has failed or is unable to formulate a plan when it has had sufficient time to do so; and

g. any other factors bearing on whether the debtor has had a reasonable amount of time in which to decide whether to assume or reject the lease.

14. Weighing the foregoing factors based on the facts and circumstances of these cases, the scale tips in favor of finding "cause" exists to grant the requested extension of time within which the Trustee may assume or reject under 11 U.S.C. § 365(d)(1).

---

[6] *See, e.g., In re Panaco, Inc.*, 2002 WL 31990368, at *5 (Bankr. S.D. Tex. Dec. 10, 2002) (listing similar factors to consider when determining whether to extend deadline under Section 365); *South St. Seaport Ltd. P'ship v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (same); *see also In re Am. Healthcare Mgt., Inc.*, 900 F.2d 827, 830 (5th Cir. 1990) (recognizing that a court may extend the deadline under section 365(d)(4) if the motion is brought prior to expiration of the period and "there is 'cause' for granting the extension").

15. The Trustee is unaware of any harm or prejudice to counterparties to any potential contracts and leases if the deadlines under §365(d)(1) are extended as requested in this Motion. The relief requested in this Motion will preserve the status quo while the Trustee completes her analysis of whether the contracts and leases should be assumed or rejected under § 365(d)(1). *See, e.g., In re Am. Healthcare Mgt.*, 900 F.2d at 832 ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo.") (citation omitted).

16. As such, the Trustee respectfully requests that the Court extend the § 365(d)(1) through and including January 29, 2027, without prejudice to her right to seek further extensions.

**Basis for Emergency/Expedited Relief**

17. The Trustee seeks expedited relief because the deadline to assume executory contracts and unexpired leases is November 2, 2026. As set forth above, the Trustee has diligently sought to identify assets for each of the FBG Debtors to, among other things, decide which executory contracts and unexpired leases should be assumed for the benefit of the estates. The Trustee has been unable to complete this analysis within the deadlines provided by the statute due to the specific needs and circumstances of these cases. The Bankruptcy Rules authorize the Trustee to seek an extension of those deadlines for cause shown upon Motion to the Court filed before the expiration of the deadline.

**Notice**

18. The Trustee provided notice to all parties registered to receive notice of the motion through the Court's electronic case filing system. The Court has broad discretion to grant the relief requested in this Motion. The Trustee believes notice of this Motion sufficient under Fifth Circuit precedent, which provides that no notice to counterparties to the agreements is required to extend the statutory period to assume or reject leases. *In re Am. Healthcare Mgt.*, 900 F.2d at 833 (holding

that "neither section 365(d)(4) nor Rules 6006(a) and 9014 require notice and a hearing before a bankruptcy court grants an extension of time in which a lessee may assume or reject its leases").

**Reservation of Rights**

19. In this Motion, the Trustee only requests an extension of the statutory deadlines under Bankruptcy Code section 365(d)(1). The Trustee does not currently seek extension of any deadlines under Bankruptcy Code section 365(d)(4).

20. The Trustee does not request any finding or determination that any of the leases or contracts with the Debtors are in fact executory contracts or unexpired leases within the meaning of Bankruptcy Code section 365. The Trustee does not seek any findings or determination of any party's substantive rights relating to any contracts or leases of the Debtors. All parties' rights are expressly reserved with respect to a determination of this issue.

**PRAYER**

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the relief requested herein, extending the deadline under 11 U.S.C. § 365(d)(1) to assume or reject executory contracts or leases through and including January 29, 2027, without prejudice to further extensions, and for such other relief as the Court deems appropriate under the circumstances.

[*Remainder of Page Left Intentionally Blank*]

Dated: November 2, 2026.

Respectfully Submitted,

By: */s/ Joshua W. Wolfshohl*

**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Eric M. English (TX Bar No. 24062714)
M. Shane Johnson (TX Bar No. 24083263)
Grecia V. Sarda (TX Bar No. 24132092)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
gsarda@porterhedges.com

***Proposed Bankruptcy Counsel for the Chapter 7 Trustee, Eva S. Engelhart***

**CERTIFICATE OF ACCURACY**

I hereby certify that the facts and circumstances described in the above pleading giving rise to the request for expedited consideration are true and correct to the best of my knowledge, information, and belief.

/s/ *Eva S. Engelhart*
Eva S. Engelhart

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on November 2, 2026, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced cases.

/s/ *Joshua W. Wolfshohl*
Joshua W. Wolfshohl