**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | Case No. 25-90399 (CML) |
| Debtors.[1] | (Jointly Administered) |

**CHAPTER 7 TRUSTEE RONALD SOMMERS' OBJECTION TO ALLOCATION OF FEES AND ADMINISTRATIVE EXPENSES**

**[Relates to Docket Nos. 3912, 3913, 3915, 3917, 3918, 3919 & 3929]**

Ronald J. Sommers, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Debtors Patterson Inventory, LLC, Patterson Inventory Holdings, LLC, Starlight Inventory I, LLC, Starlight Inventory Holdings I, LLC, Global Assets LLC, Global Lease Assets Holdings, LLC, Global Assets GmbH, Carnaby Capital Holdings, LLC, Broad Street Financial Holdings, LLC, Broad Street Financial, LLC, Carnaby Inventory II, LLC, Carnaby Inventory Holdings II, LLC, Carnaby Inventory III, LLC, and Carnaby Inventory Holdings III, LLC (collectively, the "SPV Debtors"), hereby submits this objection to the allocation of fees and other administrative expenses to the SPV Debtors' estates. In support of this objection, the Trustee states as follows:

**OBJECTION**

On September 1, 2026, this Court issued an *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is 127 Public Square, Suite 5300, Cleveland, Ohio 44114.

"Conversion Order"). Among other things, the Conversion Order set out the following requirement: "In accordance with the Interim Compensation Procedures Order and retention agreements approved by this Court, Final Fee Applications . . . shall identify fees and expenses between and among the specific Debtor entities." *Id.* ¶ 2(a)(v). Likewise, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* ¶ 6 [Docket No. 699] (the "Interim Compensation Procedures Order") requires each professional to "record/track its time such that an allocation of fees incurred by or on behalf of the DIP Loan Parties (as defined in the DIP Orders) and fees incurred by or on behalf of the non-DIP Loan Parties may be determined." And bankruptcy law similarly requires that fee applicants specify to whom their requested fees are being charged. *See* Fed. R. Bankr. P. 2016(a)(1)(C) (requiring final fee application to show "the source of the paid or promised compensation"); *In re Las Torres Dev., L.L.C.*, 413 B.R. 687, 698 (Bankr. S.D. Tex. 2009) ("Although the same attorneys represent both Debtors, the Court concludes that the attorneys' fees must be allocated to reflect the compensation requested for services rendered to each Debtor.").

Several of the final fee applications submitted in these cases fail to follow those requirements:

- Hilco Valuation Services, LLC, d/b/a Hilco Global, Docket No. 3912 (Oct. 16, 2026) ("Hilco Application");
- Brown Rudnick LLP, Docket No. 3913 (Oct. 16, 2026) ("Brown Rudnick Application");
- Cole Schotz P.C., Docket No. 3915 (Oct. 16, 2026) ("Cole Schotz Application");
- M3 Advisory Partners, LP, Docket No. 3917 (Oct. 16, 2026) ("M3 Application");
- Ducera Partners LLC, Docket No. 3918 (Oct. 16, 2026) ("Ducera Application");

- Nardello & Co. LLC, Docket No. 3919 (Oct. 16, 2026) ("Nardello Application"); and
- Lazard Frères & Co. LLC, Docket No. 3929 (Oct. 16, 2026) ("Lazard Application") (collectively, the "Final Fee Applications").[2]

The Final Fee Applications do not identify which specific debtor entities the fees and expenses are being charged to. Nor do they even indicate the distribution of fees between DIP Loan Parties and non-DIP Loan Parties. Instead, for the most part, they simply summarize the categories of their services and seek approval of compensation by the "Debtors" or unspecified entities. *See, e.g.*, Hilco Application at 27–28; Brown Rudnick Application, Ex. B ¶ 3, Ex. C; Cole Schotz Application, Ex. A ¶ 2, Ex. D; M3 Application, Ex. A ¶ 3, Ex. C; Ducera Application, Ex. A ¶ 3, Ex. D; Nardello Application, Ex. A (not specifying payor), Ex. D; Lazard Application, Ex. A ¶ 3, Ex. D.

Rather than attempt to comply with the Court's orders, the Final Fee Applications seek to defer the allocation of fees to well beyond the deadline and shift the allocation burden to different parties. All but one of the Final Fee Applications' proposed orders contain language (the "Reservation of Rights Language") substantially similar to the following:

> Nothing herein, including entry of this Order and/or the payment of fees/expenses pursuant to this Order (or any other previously entered order of this Court), shall be deemed or implied to bar, waive, or prevent the FBG Debtors' estates and/or the DIP Secured Parties ***from asserting any and all claims or causes of action against any other party*** (excluding the Applicant) ***for the reimbursement of amounts incurred by or on behalf of non-DIP Loan Parties*** and paid to the Applicant under the Final DIP Order. Nothing in this Order shall be deemed or implied to waive any surcharge or other rights of the FBG Debtors' estates and/or the DIP Secured Parties against any other party, ***including the estates and/or lenders of any non-DIP Loan Party*** (but excluding, for the avoidance of doubt, the Applicant).

[2] *See* Exhibit A. The Trustee has separately agreed with Weil, Gotshal & Manges LLP and Alvarez & Marsal North America, LLC ("A&M"), to extend the objection deadlines for their final fee applications. *See Notice Regarding the Fourth Interim and Final Fee Application of A&M* [Docket No. 3998]. The Trustee accordingly reserves his right to object to those applications without objecting to them here.

Brown Rudnick Application, Ex. B ¶ 4 (emphases added); *see also* Cole Schotz Application, Ex. A ¶ 3; M3 Application, Ex. A ¶ 4; Ducera Application, Ex. A ¶ 4; Nardello Application, Ex. A ¶ 3; Lazard Application, Ex. A ¶ 4.[3]

The Reservation of Rights Language is an attempted end-run around the Court's prescribed procedure for charging fees to the debtors' estates. If the Final Fee Applications had complied with the Conversion Order and specified the fee allocation, then the Trustee would be able to determine whether the SPV Debtors' estates are even affected by the Final Fee Applications. If they were, he could assess whether the proposed allocation to the SPV Debtors' estates is proportionate to the services provided for each estate, *In re Las Torres*, 413 B.R. at 698, and whether the amount sought represents "reasonable compensation for actual, necessary services" and "actual, necessary expenses." 11 U.S.C. § 330(a)(1). In other words, the Trustee would be able to lodge an informed objection on the merits of the Final Fee Applications by the objection deadline. However, by forgoing the Court-ordered allocation procedures, the Final Fee Applications have curtailed the Trustee's ability to so object. If a party eventually did seek reimbursement from the SPV Debtors' estates, the Trustee would be relegated to a dispute over the allocation amount rather than being able to challenge the fee award itself. *See* Conversion Order ¶ 2(a)(ii) (setting a 21-day deadline for objections to final fee applications).

The applicants may argue that the Conversion Order contemplates the Reservation of Rights Language by providing: "All rights as between any Trustee, the Debtors, the Converting Debtors, and each of their estates are expressly reserved with respect to allocation or reimbursement of Allowed Professional Fees." Conversion Order ¶ 2(a)(v). That argument fails

[3] The only exception is the Hilco Application, which does not include the Reservation of Rights Language but still fails to identify which specific debtor entities the claimed fees and expenses are being charged to. *See* Hilco Application at 27–28.

because the quoted language does not relieve the applicants of the obligation, located in the very next sentence, to "identify fees and expenses between and among the specific Debtor entities." *Id.*

The Trustee accordingly objects to the Final Fee Applications insofar as they would permit a party to seek reimbursement of fees and expenses from the SPV Debtors' estates at some point in the future.[4] By failing to identify which SPV Debtors, if any, they seek compensation from, and by failing to specify the amount allocable to each SPV Debtor, the above-listed applicants have failed to carry their burden of showing that any fees allocable to the SPV Debtors' estates are for services actually performed, are reasonable, or are necessary. 11 U.S.C. § 330(a)(1); *see also Matter of U.S. Golf Corp.*, 639 F.2d 1197, 1207 (5th Cir. 1981) (burden on the fee claimant). They have therefore waived their right to seek compensation from the SPV Debtors' estates. *See Matter of Evangeline Ref. Co.*, 890 F.2d 1312, 1327 n.19 (5th Cir. 1989) (where application provides enough information to "establish that some fees and expenses are actual, necessary and reasonable but" not others, "the court should only award compensation to the extent that it is proven to be actual, necessary and reasonable").

**RESERVATION OF RIGHTS**

This objection is submitted without prejudice to, and with a full reservation of, the Trustee's rights, including to modify this objection, to assert additional objections to the Final Fee Applications, and to assert objections to fee applications not listed above. Nothing herein shall be deemed or construed as a waiver of any rights, remedies, claims, defenses, or objections available to the Trustee, all of which are expressly reserved.

---

[4] This objection extends as well to any supplements to the Final Fee Applications.

## CONCLUSION

The Trustee respectfully requests that the Court (i) deny the Final Fee Applications to the extent they would permit a party to seek reimbursement of fees and/or expenses from the SPV Debtors' estates in the future; (ii) omit the Reservation of Rights Language from any order entered pursuant to the Final Fee Applications; and (iii) enter an order finding that the applicants who submitted the Final Fee Applications have waived their right to seek compensation from the SPV Debtors' estates.

Dated: November 6, 2026

Respectfully submitted,

**REID COLLINS & TSAI LLP**

*/s/ Scott D. Saldaña*
William T. Reid, IV (00788817)
Lisa S. Tsai (24046999)
Scott D. Saldaña (24083780)
Julia D. Byrne (24132598)
Samuel W. Hilliard (24145178)
1301 S. Capital of Texas Hwy, Suite C-300 Austin, Texas 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
Email: wreid@reidcollins.com
ltsai@reidcollins.com
ssaldana@reidcollins.com
jbyrne@reidcollins.com
shilliard@reidcollins.com

-and-

John Hammel Strauss (*pro hac vice*)
420 Lexington Avenue, Suite 2731
New York, New York 10170
Telephone: (212) 344-5200
Email: jhstrauss@reidcollins.com

-and-

Brian J. Bah (24087130)

1601 Elm Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 420-8900
Facsimile: (214) 420-8909
Email: bbah@reidcollins.com

*Special Litigation Counsel for Ronald J. Sommers, Chapter 7 Trustee for the SPV Debtors*

-and-

**JONES MURRAY LLP**
Erin E. Jones (24032478)
Christopher R. Murray (24081057)
602 Sawyer, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3393
Email: erin.jones@jonesmurray.com
chris@jonesmurray.com

*Counsel for Ronald J. Sommers, Chapter 7 Trustee for the SPV Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2026, the undersigned caused a true and correct copy of the foregoing document to be served upon all parties via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Scott D. Saldaña*
Scott D. Saldaña

# EXHIBIT A

**Final Fee Applications**

| Application | Docket No. |
|---|---|
| *First and Final Fee Application of Hilco Global for Allowance and Payment of Fees and Expenses for Litigation Support Services for the Period from October 7, 2025 through and including August 31, 2026* | 3912 |
| *Final Fee Application of Brown Rudnick LLP as Co-Counsel to the Official Committee of Unsecured Creditors of First Brands Group, LLC, et al., for Compensation for Services Rendered and Reimbursement of Expenses Incurred During the Period from October 13, 2025 through and including September 1, 2026* | 3913 |
| *Final Fee Application of Cole Schotz P.C. for Compensation for Services and Reimbursement of Expenses as Efficiency and Local Counsel to the Official Committee of Unsecured Creditors for the Period from October 13, 2025 through October 16, 2026* | 3915 |
| *The Combined Third Interim and Final Fee Application of M3 Advisory Partners, LP for Compensation for Services and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the (I) Interim Period from April 1, 2026 Through September 10, 2026 and (II) Final Period From October 15, 2025 Through September 10, 2026* | 3917 |
| *Final Application of Ducera Partners LLC for Compensation for Services and Reimbursement of Expenses as Investment Banker to the Official Committee of Unsecured Creditors for the Period from October 20, 2025 through June 30, 2026* | 3918 |
| *Final Fee Application of Nardello & Co. LLC for Compensation for Services and Reimbursement of Expenses as Specialized Forensic Financial Advisor to the Official Committee of Unsecured Creditors for the Period from December 1, 2025 through April 8, 2026* | 3919 |
| *Fourth Interim and Final Fee Application of Lazard Frères & Co. LLC, as Investment Banker for the Debtors* | 3929 |