**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| FIRST BRANDS GROUP, LLC, *et al.*,[1] | § | Case No. 25-90399 (CML) |
| Debtors. | § | (Jointly Administered) |
| | § | |

**LBA RV-COMPANY XVII, LP'S MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO PAY POST-CONVERSION RENT AND OTHER OBLIGATIONS UNDER UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY AND REQUEST FOR ADEQUATE PROTECTION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, UNITED STATES BANKRUPTCY JUDGE:

LBA RV-Company XVII, LP (the "Patterson Landlord"), by and through its undersigned counsel, files this motion (the "Motion") for entry of an order, substantially in the form attached hereto (the "Proposed Order"), compelling Eva S. Engelhart, in her capacity as the Chapter 7

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main Street, 36th Floor, Houston, Texas 77002.

Trustee (the "Trustee") of the bankruptcy estate of Brake Parts Inc LLC (the "Brake Parts Estate"), to pay all post-conversion rent and other obligations due and unpaid under Debtors' Lease (as defined below) with the Patterson Landlord, or, alternatively, for adequate protection, as follows:

## PRELIMINARY STATEMENT

1. Since the jointly administered estates of First Brands Group, LLC and affiliated debtors (the "FBG Debtors") were converted to cases under Chapter 7 on September 1, 2026 (the "Conversion Date") [*see* Docket No. 3748], the Brake Parts Estate has continued to occupy, store inventory, equipment and other personal property at, and control the office, warehouse and distribution center premises leased by Brake Parts Inc LLC in Patterson, California, without paying for that privilege. Section 365(d)(3) of the Bankruptcy Code is unambiguous: the trustee "shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)." 11 U.S.C. § 365(d)(3). This mandate applies with full force in a Chapter 7 case.

2. As of the date of this Motion, the Trustee has failed to pay $924,524.70 in post-petition rent and related charges that came due under the Patterson, California lease on and after September 1, 2026, the Conversion Date, representing unpaid September, October and November rent and charges. Additional amounts continue to accrue at the rate of $308,174.90 per month. The Patterson Landlord is effectively financing the administration of the Brake Parts Estate involuntarily. The Patterson Landlord therefore requests that the Court compel the Trustee to pay all accrued post-petition obligations within seven (7) days of entry of an order granting this Motion, to timely perform all Lease obligations going forward until the Lease is assumed or rejected, and, at a minimum, to allow the unpaid amounts as a Chapter 7 administrative expense of the estate.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order No. 2012-6 (S.D. Tex. May 24, 2012). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O). Landlord confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith as consistent with Article III of the United States Constitution.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested herein are sections 105(a), 365(d)(3), 503(b)(1), and 507(a)(2) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6006 and 9014, and Rule 9013-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Cases in the Southern District of Texas*, to the extent applicable to this case.

## FACTUAL AND PROCEDURAL BACKGROUND

6. On September 25 and 28, 2025, the FBG Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

7. Landlord, as successor-in-interest to Patterson Industrial Center, LLC, and debtor Brake Parts Inc LLC, as successor-in-interest to Affinia Group Inc., as tenant, are parties to that certain Industrial Space Lease, dated September 9, 2010, as subsequently amended (the "Patterson Lease"), for office, warehouse and distribution center space commonly known as Suite 100 of Keystone Pacific Boulevard, Patterson, California, consisting of approximately 394,000 rentable

square feet in the Keystone West Business Park (the "Patterson Facility"). Monthly rent and charges under the Patterson Lease currently aggregate the sum of $308,174.90 per month, as detailed in Exhibit B, attached hereto.

8. At a hearing on August 24, 2026, this Court denied confirmation of the FBG Debtors' proposed plan of reorganization and, on September 1, 2026, the Chapter 11 cases of the FBG Debtors were converted to cases under Chapter 7 by this Court's *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "Conversion Order").

9. Prior to entry of the Conversion Order, this Court entered a *Stipulation and Agreed Order Between Debtors and LBA RV-Company XVII, LP Further Extending Time to Assume or Reject Lease of Nonresidential Real Property Further Extending Time to Assume or Reject Lease of Nonresidential Real Property* [Docket No. 3747], further extending the time to assume or reject the Patterson Lease until September 15, 2026.

10. Eva S. Engelhart was appointed as the interim chapter 7 trustee [Docket No. 3753] of the estates of the FBG Converting Debtors (as defined in the Conversion Order), including the Brake Parts Estate, and continues to serve as the Trustee pursuant to section 702(d) of the Bankruptcy Code.

11. It cannot be seriously disputed that the Patterson Lease is an unexpired lease of nonresidential real property within the meaning of Section 365 of the Bankruptcy Code. Prior to the Conversion Date, the Patterson Lease was not assumed or rejected by the FBG Debtors and remained a part of the Brake Parts Estate at the time of entry of the Conversion Order. By operation

of Bankruptcy Code section 348(c), the Trustee's time to assume, assume and assign, or reject the Patterson Lease does not expire until December 30, 2026.

12. Since her appointment, the Trustee has continued pre-Conversion Date efforts to sell inventory, machinery and equipment of the FBG Estates, and assign leases of nonresidential real property [*see* Docket No. 3933] pursuant to this Court's *Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 2454] (the "Wind Down Order"). While efforts to sell Debtors' inventory, machinery and equipment located at, or within, the Patterson Facility started earlier this year, and such personal property remains in the Patterson Facility, to date, the Trustee has apparently not been able to conclude any transaction with respect to its disposition.

13. As of the filing of this Motion, the Trustee has neither assumed nor rejected the Patterson Lease, nor surrendered possession of the Patterson Facility to Landlord. Nevertheless, the Trustee has not paid post-Conversion Date rent and charges accruing under the Patterson Lease for the months of September, October and November 2026, in the aggregate sum of $924,524.70 as of the date of this Motion (the "Post-Conversion Obligations"). Multiple communications with counsel for the Trustee regarding the accruing Post-Conversion Obligations have not produced a resolution, necessitating the relief sought by this Motion.

14. The 60-day window under Bankruptcy Code section 365(d)(3) during which the Court could have extended, for cause, the time for performance of obligations arising within sixty (60) days after the Conversion Date (the "order for relief" in this context, pursuant to § 348(c)) has expired, and no such extension was sought or granted.

## RELIEF REQUESTED

15. By its Motion, the Patterson Landlord seeks entry of an Order by this Court allowing and directing immediate payment of an administrative priority claim for unpaid post-petition rent and charges due under the Patterson Lease, as required by Bankruptcy Code section 365(d)(3), in the sum of $924,524.70 and any additional rent and charges that may become due before the hearing on the Motion. The Patterson Landlord should also be awarded its attorneys' fees in at least the additional sum of $6,000.00 incurred in making this Motion and compelling the payment of post-petition rent, as authorized by the terms of the Patterson Lease. At a minimum, the Patterson Landlord is entitled to allowance of an administrative expense claim pursuant to Bankruptcy Code sections 365(d)(3), 503(b)(1), and 507(a)(2) and adequate protection under Bankruptcy Code section 363(e) for the Trustee's post-Conversion Date use and occupancy of the Patterson Facility.

## BASIS FOR RELIEF

### A. Section 365(d)(3) Requires the Trustee to Timely Perform All Post-Petition Obligations Under the Lease.

16. The Bankruptcy Code affords lessors of nonresidential real property specific protections with regard to post-petition, pre-rejection rent. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

"Payment of rent is clearly one such obligation." *In re Compuadd Corp.*, 166 B.R. 862, 864 (Bankr. W.D. Tex. 1994) ("Therefore, under § 365(d)(3), the trustee [or debtor-in-possession] must make timely payment under such leases. It is mandatory."); *accord*, *In re CEC*

*Entertainment, Inc.*, 625 B.R. 344, 352 (Bankr. S.D. Tex. 2020). Nothing in Section 365(d)(3) limits its application to reorganization cases, indeed, by its express terms and through Section 103(a) of the Bankruptcy Code, it also applies in Chapter 7 cases.

17. The plain language of Section 365(d)(3) and applicable case law requires the Trustee's prompt payment of the post-petition, pre-rejection obligations under the Patterson Lease. The Trustee is "mandated to timely comply with all obligations of the debtor with regard to any unexpired leases of non-residential real property until it is assumed or rejected regardless of what § 503 may require other claimants to do to establish an administrative claim." *In re Compuadd Corp.*, *supra*, 166 B.R. at 864. "The plain and unconditional language of the statute demands that a trustee promptly pay the full amount of rent due under a nonresidential real property lease during the 60-day [now 120-day] period pending assumption or rejection [of the lease]." *Augusta Mall Partnership v. Twigland Fashions (In re Twigland Fashions, Inc.)*, 198 B.R. 199, 200 (W.D. Tex. 1996), citing *In re Pacific-Atlantic Trading Co*., 27 F.3d 401, 404 (9th Cir. 1994); *accord*, *In re Simbaki, Ltd*., 2015 WL 1593888 at *2 (Bankr. S.D. Tex. 2015) ("The plain language of § 365(d)(3) is clear: the debtor-tenant must fully and timely perform its obligations under the lease."); *In re Appletree Markets, Inc*., 139 B.R. 417, 421 (Bankr. S.D. Tex. 1992) ("The plain language of the statute is clear. Section 365(d)(3) provides for timely performance of all obligations of the debtor from and after the order for relief.").

18. The legislative history of Bankruptcy Code section 365 suggests that the purpose of the 1984 Amendments to Section 365 was "to relieve the burden placed on nonresidential real property lessors (or 'landlords') during the period between a tenant's bankruptcy petition and assumption or rejection of a lease." *Omni Partners, L.P. v. Pudgie's Development of NY, Inc*. (*In re Pudgie's Development of NY, Inc.*), 239 B.R. 688, 692 (S.D.N.Y. 1999) (citing 130 Cong. Rec.

S8894-95 (daily ed. June 29, 1984) (statement of Sen. Hatch); *accord*, *In re Appletree Markets, Inc.*, *supra*, 139 B.R. at 419-420 (discussing legislative history of 1984 amendments to Section 365); *see also In re CEC Entertainment, Inc., supra,* 625 B.R. at 352 (§ 365(d)(3) "was added to the Bankruptcy Code to prevent commercial lessors from unwillingly extending credit to debtor-lessees during the pendency of a chapter 11 case.")); *In re Warehouse Club, Inc.*, 184 B.R. 316, 317 (Bankr. N.D. Ill. 1995) ("The purpose of § 365(d)(3) is to prevent landlords from becoming involuntary post-petition creditors of the bankruptcy estate."). As Judge Isgur observed in *In re Simbaki, Ltd.*, *supra*, 2015 WL 1593888 at *2, "[u]nlike other creditors, landlords often cannot choose to cease doing business with the debtor."

19. The post-Conversion Date lease obligations of the Trustee are not subject to the ordinary "actual and necessary" benefit-to-the-estate showing under Section 503(b)(1). The phrase "notwithstanding section 503(b)(1)" makes clear that the Landlord need not demonstrate that the Trustee's continued possession of the Patterson Facility conferred any particular benefit on the Brake Parts Estate; the lease obligations must simply be performed at the contract rate. Indeed, in *In re Pacific-Atlantic Trading Co*., *supra*, cited in *In re Twigland Fashions, Inc*., the Ninth Circuit affirmed the grant of an administrative claim for the full contract rent where "the estate of a Chapter 7 debtor used the premises for little more than the storage of office furniture pending its sale to a liquidator." 27 F.3d at 404-405. "By requiring the trustee to timely pay the debtor's rent, Congress clearly placed the burden on the trustee to promptly and properly reject the lease if it has no intention of assuming it and, in the meantime, to continue to perform the debtor's obligations under the lease." *Id.* at 405. "[T]he statute is clear and the control of the date of rejection is in the hands of the trustee, not of the landlord." *In re Leather Factory Inc.*, 475 B.R. 710, 713 (Bankr. C.D. Cal. 2012).

20. While some bankruptcy courts have held that, under Bankruptcy Code section 365(d)(3), "[n]o notice or hearing is required, the [lease] obligations are simply required to be met in a timely fashion," *In re C.Q., LLC*, 343 B.R. 915, 917 (Bankr. W.D. Wisc. 2005), other cases have held that, if post-petition rent is not timely paid, a landlord must assert an administrative expense claim under Bankruptcy Code section 503(b), without the necessity of showing the reasonable benefit standard under Section 503(b)(1)(A). *See*, *e.g.*, *In re Amber's Stores, Inc*., 193 B.R. 819, 825 (Bankr. N.D. Tex. 1996); *In re Midway Airlines Corp*., 406 F.3d 229, 236 (4th Cir. 2005) (holding that "a [landlord] must still assert its administrative expense claim under § 503(b); it simply does not assert the claim under the specific provision of § 503(b)(1)(A).").

21. Whether or not the Trustee intends to pursue the sale of the assets of Brake Parts Estate remaining at the Patterson Facility, she must "pay the freight" for that optionality and comply with Trustee's post-Conversion Date Obligations, pre-rejection real property lease obligations, as mandated by Bankruptcy Code section 365(d)(3). Here, each of the requirements of section 365(d)(3) is satisfied, and the Trustee must pay the Post-Conversion Obligations.

22. Additionally, the Patterson Landlord has been forced to incur attorneys' fees to enforce its rights under the Patterson Lease and the Bankruptcy Code, and such fees, authorized by Sections 20.04 and 21.06 of the Patterson Lease, are recoverable as an administrative claim as well. *See*, *e.g.*, *In re Pac-West Telecomm, Inc*., 377 B.R. 119, 126 (Bankr. D. Del. 2007) (attorneys' fees for motion to compel payment of post-petition lease obligations); *In re Beltway Medical, Inc*., 358 B.R. 448, 453-455 (Bankr. S.D. Fla. 2006); *see also Travelers Casualty & Surety Co. of America v. Pacific Gas & Elec. Co*., 549 U.S. 443, 449, 127 S.Ct. 1199, 1203-1204 (2007) (holding that "an otherwise enforceable contract allocating attorney's fees ... is allowable

in bankruptcy except where the Bankruptcy Code provides otherwise.”). These attorneys’ fees are approximately $6,000.00 and will only increase through the hearing on this Motion.

**B. The Court Should Compel Prompt Payment of the Post-Conversion Obligations.**

23. Bankruptcy courts regularly compel trustees and debtors-in-possession to pay post-petition rent that has gone unpaid in violation of Bankruptcy Code section 365(d)(3). Bankruptcy Code section 105(a) empowers the Court to “issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of” the Bankruptcy Code. 11 U.S.C. § 105(a). An order compelling payment is the most direct means of carrying out section 365(d)(3)’s command that performance be “timely.” *See*, *e.g.*, *In re Seiscom Delta, Inc*., 857 F.2d 279, 280 (5th Cir. 1988); *In re Appletree Markets, Inc*., *supra*; *In re Art & Architecture Books of the 21st Century*, 522 B.R. 249 (Bankr. C.D. 2014).

24. The Patterson Landlord recognizes that some courts have declined to order immediate payment of section 365(d)(3) obligations in a chapter 7 case where the estate is or may be administratively insolvent, reasoning that such claims share pro rata with other chapter 7 administrative expenses under section 726(b). It is well established that, absent express statutory language, the bankruptcy court may not establish priorities among various administrative claimants. *See, e.g., In re Lazar*, 83 F.3d 306, 308-309 (9th Cir. 1996) ("Under the Bankruptcy Code, administrative expense creditors must be treated equally and the court should not set up its own order of priorities."); *In re Digital Impact, Inc.*, 223 B.R. 1, 7, fn. 2 (Bankr. N.D. Okla. 1998) (“The Court has a duty to insure an equitable distribution among like claims …”); *In re Vale*, 204 B.R. 716, 728 fn.15 (Bankr. N.D. Ind. 1996); *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994); *see also In re Valley Media, Inc.*, 290 B.R. 73, 77 (Bankr. D. Del. 2003) (“The language of § 365(d)(3) requires an estate representative to make immediate

payment of nonresidential lease obligations where the estate representative can meet those obligations consistent with its obligations to others."). At a minimum, the Patterson Landlord should be paid on an equal basis with other post-petition obligations of the Brake Parts Estate. *See In re Pacific-Atlantic Trading Co.*, *supra*, 27 F.3d at 405 (rejecting an interpretation of Section 365(d)(3) that would reward trustees for failing to timely perform lease obligations). The Trustee should not be permitted to pay other chapter 7 administrative expenses while not providing for payment of the Post-Conversion Obligations under the Patterson Lease.

25. The Trustee's continued use of the Patterson Facility, for the purpose of storing and liquidating assets for the benefit of the Brake Parts Estate's creditors, makes it inequitable to permit the Brake Parts Estate to realize that value while shifting the cost of occupancy to the Landlord. The Trustee should be required to pay all Post-Conversion Obligations as they come due, or else promptly reject the Patterson Lease and surrender possession of the Patterson Facility.

### C. Alternatively, the Post-Petition Obligations Should Be Allowed as an Administrative Expense.

26. To the extent the Court does not compel immediate payment, the Post-Conversion Obligations should be allowed in full as an administrative expense of the estate under sections 365(d)(3) and 503(b)(1), entitled to priority under section 507(a)(2) of the Bankruptcy Code. The Patterson Landlord further asserts that such amounts arising after the Conversion Date are chapter 7 administrative expenses entitled to priority under section 726(b) over chapter 11 administrative expenses. *See*, *e.g.*, *In re Simbaki, Ltd.*, *supra*, 2015 WL 1593888 at *4 ("In the context of case which has been converted from a chapter 11 to a chapter 7, the administrative expenses of the chapter 7 case have priority over the prior chapter 11 administrative expenses.").

**D. At a Minimum, the Patterson Landlord is Entitled to Adequate Protection**

27. Alternatively, the Patterson Landlord should be granted adequate protection under Bankruptcy Code section 363(e) for the Trustee's post-Conversion Date use and occupancy of the Patterson Leased Premises. Bankruptcy Code section 363(e) provides, in pertinent part, that:

> … [A]t any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

28. It is well-established that real property landlords are entitled to adequate protection. *See, e.g., Memphis-Shelby County Airport Authority v. Braniff Airways, Inc. (In re Braniff Airways, Inc.),* 783 F.2d 1283, 1286-1287 (5th Cir. 1986) (recognizing landlord's right to adequate protection); *In re P.J. Clarke's Restaurant Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) (noting that a "landlord's right to adequate protection seems to follow clearly from the language of §363(e) …."); *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994) (A landlord has the right to seek "adequate protection of its right to have obligations under its lease kept current."); *In re Attorneys Office Management, Inc.*, 29 B.R. 96, 98 (Bankr. C.D. Cal. 1983).

29. The mere allowance of an administrative priority claim for unpaid post-petition rent and charges is not adequate protection. *In re Attorneys Office Management, Inc*., *supra*, 29 B.R. at 99 ("In §361(3) it is made clear that an administrative claim under §503(b)(1) in itself will not constitute adequate protection.").[2]

30. Under the circumstances, the form of adequate protection that would even approach acceptability would be timely cash payments equal to the amount of rent and charges accruing under the Patterson Lease for the Trustee's ongoing use of the Patterson Facility for all dates

---

[2] Section 363(p)(1) places the burden of proving adequate protection on the Trustee.

subsequent to the Conversion Date and prior to the effective date of any rejection. This Court should order the Trustee to make timely cash payments of accruing post-petition, pre-rejection rent and charges, providing for expedited relief in the event timely payments are not made. Alternatively, if the Post-Conversion Obligations cannot be timely paid, this Court should consider appropriate alternative relief, including (a) granting the Patterson Landlord a "first dollars" lien on the proceeds of any sale of inventory, machinery or equipment located at the Patterson Facility to secure payment for occupancy costs, and (b) precluding the Trustee from making payments on account of other chapter 7 administrative expenses unless and until arrangements can be made for payment of the Post-Conversion Obligations on an equal basis.

**E. Reservation of Rights.**

31. The Landlord expressly reserves all of its rights, claims, and remedies under the Patterson Lease, the Bankruptcy Code, and applicable law, including without limitation, the right to (a) supplement or amend this Motion and the amounts set forth herein, including for amounts that come due after the date hereof; (b) assert additional administrative expense claims, including for attorneys' fees, interest, late charges, and damage to the Patterson Facility; (c) seek relief from the automatic stay; (d) object to any proposed assumption, assumption and assignment, or sale affecting the Patterson Lease or the Patterson Facility, including with respect to cure amounts and adequate assurance of future performance.

**NOTICE**

32. Notice of this Motion has been provided to: (a) the Trustee and the Trustee's counsel; (b) the Debtors and the Debtors' counsel; (c) the Office of the United States Trustee for Region 7; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The

Motion has been served with the 21-day negative notice language required by Bankruptcy Local Rule 9013-1.

## NO PRIOR REQUEST

33. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Landlord respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, (a) compelling the Trustee to pay the Post-Conversion Obligations in the amount of $924,524.70, plus the Patterson Landlord's attorneys' fees incurred with respect to this Motion, within seven (7) days of entry of the order; (b) directing the Trustee to timely perform all Post-Conversion Obligations as they come due until the Patterson Lease is assumed or rejected; (c) alternatively, allowing all unpaid Post-Conversion Obligations as an administrative expense of the estate under sections 365(d)(3), 503(b)(1), and 507(a)(2) of the Bankruptcy Code and granting the Patterson Landlord adequate protection for ultimate payment; and (d) granting the Patterson Landlord such other and further relief as is just and proper.

Dated: November 6, 2026

Respectfully Submitted,

*/s/ Robert L. LeHane*

**KELLEY DRYE & WARREN LLP**
Robert L. LeHane, Esq.
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: rlehane@kelleydrye.com

-and-

**ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP**
Ivan M. Gold (SBN 121486)
3 Embarcadero Center, 25th Floor
San Francisco, CA 94111-4074
Telephone: (415) 837-1515
Facsimile: (415) 837-1516
Email: igold@allenmatkins.com

*Counsel for LBA RV-Company XVII, LP*