# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| FIRST BRANDS GROUP, LLC,, *et al.*,[3] | § | Case No. 25-90399 (CML) |
| Debtors. | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING LBA RV-COMPANY XVII, LP'S MOTION TO COMPEL THE CHAPTER 7 TRUSTEE TO PAY POST-CONVERSION RENT AND OTHER OBLIGATIONS UNDER UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY AND REQUEST FOR ADEQUATE PROTECTION**

[Relates to Docket No. __]

Upon the motion (the "Motion")[4] of LBA RV-Company XVII, LP (the "Patterson Landlord") for entry of an order compelling the Trustee to pay the Post-Petition Obligations under the Patterson Lease; and the Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and [no objection having been timely filed / any objections having been withdrawn or overruled]; and the Court having found good cause for the relief granted herein, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth herein.

---

[3] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main Street, 36th Floor, Houston, Texas 77002.

[4] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

2. Within seven (7) days of entry of this Order, the Trustee shall pay to the Patterson Landlord the Post-Conversion Obligations in the amount of $924,524.70.

3. Pursuant to 11 U.S.C. § 365(d)(3), the Trustee shall timely perform all obligations under the Patterson Lease arising from and after the date of the Motion, as and when due under the Lease, until the Patterson Lease is assumed or rejected.

4. To the extent not paid in accordance with this Order, the Post-Conversion Obligations, and any further obligations arising under the Patterson Lease from and after the Conversion Date until the Patterson Lease is assumed or rejected, are allowed as a chapter 7 administrative expense of the estate pursuant to 11 U.S.C. §§ 365(d)(3), 503(b)(1), and 507(a)(2).

5. Nothing in this Order shall constitute a waiver of any of the Patterson Landlord's rights, claims, or remedies under the Patterson Lease, the Bankruptcy Code, or applicable law.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: ____________________

_________________________________
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE