**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | |
| | § | **Jointly Administered** |
| | § | |

**FBG TRUSTEE'S FIRST NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH**
**(Relates to Docket No. 1244)**

**BANKRUPTCY RULE 6006 NOTICE TO UNEXPIRED LEASE COUNTERPARTIES**

**PURSUANT TO BANKRUPTCY RULE 6006, PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR RESPECTIVE NAMES AND UNEXPIRED LEASES LISTED ON SCHEDULE 1 ANNEXED HERETO.**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On or around September 24, 2025 and September 28, 2025 (as applicable, the "***Petition Date***"), First Brands Group, LLC and its debtor affiliates (collectively, the "**Debtors**") each filed with the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Prior to the conversion of their cases as described below, the Debtors were authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On November 21, 2025, the Debtors filed with the Bankruptcy Court a motion (Docket No. 758) (the "**Motion**") seeking, among other things, entry of an order approving procedures for the rejection of certain unexpired leases (the "**Leases**") and executory contracts and the abandonment of any personal property, including inventory, furniture, fixtures, equipment, and/or other material, at any premises subject to a Lease under which one of the Debtors is a lessee (the "**Leased Premises**") (collectively, the "**Remaining Property**").

On January 8, 2026, the Bankruptcy Court entered the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts,*

[1] "**FBG Debtors**" means First Brands Group, LLC, First Brands Group Holdings, LLC ("**FBGH**"), FBGH's direct and indirect debtor subsidiaries, and Viceroy Private Capital, LLC. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

*(II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* [Docket No. 1244] (the "**Procedures Order**"). An electronic copy of the Procedures Order can be accessed at https://restructuring.ra.kroll.com/firstbrands/.

On September 1, 2026, the Bankruptcy Court entered the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "**FBG Conversion Order**"), and Eva Engelhart was named as the chapter 7 trustee (the "**FBG Trustee**") of the FBG Debtors whose cases were converted pursuant thereto. The FBG Conversion Order provides that, "Other than as expressly provided herein, nothing in this Order or the conversion of the Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify any order of this Court (or documents related thereto) entered during the Chapter 11 Cases, and all such orders entered by the Court in the Chapter 11 Cases shall remain in full force and effect in the Converting Debtors' chapter 7 cases unless and until expressly modified by further order of the Court." [Docket No. 3748 ¶ 12].

**Lease Rejection & Abandonment of Property**

In accordance with the Procedures Order, the FBG Trustee hereby notifies you by this notice (this "**Rejection Notice**") that she has determined, in the exercise of her business judgment, that each of the FBG Debtors' Leases set forth on **Schedule 1**, attached hereto, is hereby rejected effective as of the date set forth on the applicable schedule, or such other date as the FBG Trustee and the counterparty or counterparties to any such Lease agree (the "**Rejection Date**"); *provided* the Rejection Date with respect to Leases of real property will be the later of (i) the FBG Trustee's unequivocal surrender of the Leased Premises, on behalf of the FBG Debtors, via the delivery of any keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable lease counterparty, or in the absence of delivering such keys and codes, providing notice to the landlord or counterparty that such party may enter and re-let the Leased Premises; and (ii) the date provided for in the applicable Rejection Order (as defined below).

Any Remaining Property at the premises subject to the Leases as of the Rejection Date shall be deemed abandoned by the FBG Trustee; *provided*, however, absent further Bankruptcy Court order, any such abandoned property shall not include any hazardous materials and/or confidential proprietary information or customer data, and the FBG Trustee shall not abandon and must remove all such property prior to the Rejection Date. With respect to any Remaining Property abandoned at one of the Leased Premises, the applicable landlord, counterparty, or other designee shall be free to dispose of such property without notice or liability to the FBG Trustee, any Debtor, or any non-Debtor third party and without further notice or order of the Bankruptcy Court and without liability for such disposal.

With respect to any personal property that is leased to the FBG Debtors by a third party or otherwise owned by a third party and currently remains at a Leased Premises, such third party shall contact the FBG Trustee and remove or cause to be removed such personal property from the Leased Premises prior to the Rejection Date of the applicable Lease. For the avoidance of doubt, if any such personal property remains on the Leased Premises after the Rejection Date of the applicable Lease, the landlord may dispose of any and all such property as set forth above and in the Procedures Order.

Absent an objection being timely filed, the FBG Trustee may submit to the Bankruptcy Court a proposed order, substantially in the form attached hereto (each such order, a "**Rejection Order**"), and the Bankruptcy Court may enter such order without a hearing, approving the rejection of each Lease which shall become effective on the applicable Rejection Date set forth on **Schedule 1**, attached hereto and to the Rejection Order, or such other date as the FBG Trustee and the counterparty or counterparties to such Lease agree. If an objection is filed for fewer than all of the Leases included on this Rejection Notice, the FBG Trustee may submit a proposed Rejection Order for the Leases for which no objection was filed.

If an objection to the rejection of any Lease or to the FBG Trustee's proposed abandonment of any property located at Leased Premises is timely filed and served in compliance with the procedures set forth below and not withdrawn or resolved, the FBG Trustee shall file a notice for a hearing to consider the objection for the Lease or Leases to which such objection relates and shall provide at least seven (7) calendar days' notice of such hearing to each objecting party and the Objection Service Parties (as defined below). If such objection is overruled or withdrawn, such Lease or Leases shall be rejected as of the Rejection Date set forth on **Schedule 1**, or such other date as the FBG Trustee and the counterparty or counterparties to such Lease agree.

Parties seeking to object to the proposed rejection of a Lease, or the abandonment of personal property remaining on the Leased Premises, must file a written objection[2] with the Bankruptcy Court and serve such objection by email on:

(i) the FBG Trustee, Eva Engelhart (eengelhart@rossbanks.com);

(ii) proposed counsel for the FBG Trustee, Porter Hedges LLP (Attn: Joshua W. Wolfshohl, Esq. (jwolfshohl@porterhedges.com) and Eric M. English, Esq. (eenglish@porterhedges.com));

(iii) proposed special counsel for the FBG Trustee, Katten Muchin Rosenman LLP (Attn: Cindi M. Giglio, Esq. (cgiglio@katten.com) and Grace A. Thompson, Esq. (grace.thompson@katten.com));

(iv) counsel to the Ad Hoc Group, Gibson, Dunn & Crutcher LLP (Attn: Scott Greenberg, Esq. (SGreenberg@gibsondunn.com), AnnElyse Scarlett Gains, Esq. (AGains@gibsondunn.com), Christina Brown, Esq. (CBrown@gibsondunn.com), and Tommy Scheffer, Esq. (TScheffer@gibsondunn.com));

(v) the United States Trustee for the Southern District of Texas (Attn: Jayson Ruff, Esq. (Jayson.B.Ruff@usdoj.gov) and Vianey Garza, Esq. (Vianey.Garza@usdoj.gov)); and

[2] Any objection to the proposed rejection of any particular Lease listed in this Rejection Notice must state with specificity the Lease to which it is directed. An objection to the proposed rejection of any particular Lease listed in this Rejection Notice shall not constitute an objection to the rejection of any other Lease listed in this Rejection Notice, unless otherwise specified in such objection.

(vi) all parties that have requested notice pursuant to Bankruptcy Rule 2002 (the parties in subclauses (i)–(v), collectively, the "**Objection Service Parties**").

so as to be ***actually received*** by the Objection Service Parties no later than fourteen (14) calendar days, or such shorter period authorized by the Bankruptcy Court, after the date the FBG Trustee served this Rejection Notice.

Pursuant to the terms of the Procedures Order, if the FBG Debtors have deposited monies with a counterparty to a Lease as a security deposit or other similar arrangements, such counterparty may not set off, recoup, or otherwise use such monies without the prior authorization of the Bankruptcy Court or consent of the FBG Trustee.

Absent a timely objection, any personal property of the FBG Debtors that is listed and described on **Schedule 1** for any Lease shall be deemed abandoned by the FBG Trustee as of the Rejection Date; *provided*, however, absent further Bankruptcy Court order, any such abandoned property shall not include any hazardous materials and/or confidential proprietary information or customer data, and the FBG Trustee shall not abandon and must remove all such property prior to the Rejection Date.

Personal property that is subject to Leases will be made available to each applicable lessor or counterparty "as is, where is," and the FBG Trustee will negotiate in good faith with each applicable counterparty to determine a mutually convenient date and time for the applicable counterparty to retrieve its personal property. The FBG Trustee makes no representation or warranty regarding the condition or state of title of such property. If such property is non-serviceable, the FBG Trustee is under no obligation to repair such property to make it serviceable. For the avoidance of doubt, if any personal property subject to a Lease has not been retrieved by the applicable counterparty by the later of the Rejection Date for the relevant Lease and any other date agreed to between the FBG Trustee and the applicable counterparty as set forth in this paragraph, neither the FBG Trustee nor the FBG Debtors will be liable for any use or disposal of such remaining property.

To the extent you wish to assert a claim(s) with respect to rejection of your Lease(s), you must do so by the later of (i) the deadline for filing proofs of claim established in these cases, if any; (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the applicable Rejection Order is entered; and (iii) any applicable date established by further order of the Bankruptcy Court. **IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE FBG DEBTORS OR THEIR ESTATES.**

Dated: November 9, 2026
Houston, Texas

Respectfully Submitted,

By: *<u>/s/ Joshua W. Wolfshohl</u>*

**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Eric M. English (TX Bar No. 24062714)
M. Shane Johnson (TX Bar No. 24083263)
Grecia V. Sarda (TX Bar No. 24132092)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
gsarda@porterhedges.com

*Proposed Counsel for the*
*Chapter 7 Trustee, Eva S. Engelhart*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case on November 9, 2026 and on the Counterparties listed on Schedule 1 hereto by U.S. first-class mail, postage prepaid.

*<u>/s/ Joshua W. Wolfshohl</u>*
Joshua W. Wolfshohl

## Schedule 1

### List of Rejected Leases[1]

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | FBG DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES | REJECTION DATE |
|---|---|---|---|---|---|
| 1. | 1995 Billy Mitchell Boulevard, Inc., c/o PAR-Med Property Services Inc., 301-370 Queens Quay West, Toronto, Ontario M5V 3J3, Attn: Grant Anthony (Sublandlord); City of Brownsville (Master Landlord) | Sublease dated December 24, 2015 between 1995 Billy Mitchell Boulevard, Inc., as sublandlord, and Trico Technologies Corporation, as subtenant, of premises subject to the Brownsville/South Padre Island International Airport Industrial Site Lease dated April 18, 1986 with the City of Brownsville (as amended); approx. 395,050 rentable sq. ft. on a 55.534-acre tract at 1995 Billy Mitchell Boulevard, Brownsville, Texas 78521 | Trico Technologies Corporation | All furniture, fixtures, equipment, inventory, and other personal property remaining at the Leased Premises | October 31, 2026 |

[1] The inclusion of a Lease on this list does not constitute an admission (i) that a particular Lease is an unexpired lease within the meaning of the Bankruptcy Code; (ii) as to the executory or non-executory nature of the Lease; (iii) as to the expired or unexpired nature of such Lease; or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Lease.

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | FBG DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES | REJECTION DATE |
|---|---|---|---|---|---|
| 2. | SRE Miami, LLC, 7600 W. Dean Road, Milwaukee, WI 53223, Attn: Joseph Schultz (successor lessor by assignment from HMM Partners Hopkins Venture, LLC) | Amended and Restated Lease Agreement dated February 5, 2015 (as amended), originally between STORE Capital Acquisitions, LLC, as lessor, and Hopkins Manufacturing Corporation, as lessee; 2400, 2402, and 2505 NW Industrial Parkway, Miami, Oklahoma 74534 | Hopkins Manufacturing Corporation | All furniture, fixtures, equipment, inventory, and other personal property remaining at the Leased Premises | October 31, 2026 |