**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:**<br><br>**FIRST BRANDS GROUP, LLC, *et al.*,**<br><br>**Debtors.**[1] | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Chapter 7**<br>**(Previously Chapter 11)**<br><br>**Case No. 25-90399 (CML)**<br><br>**Jointly Administered** |

**ORDER APPROVING THE (I) REJECTION OF CERTAIN UNEXPIRED LEASES; (II) ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH; AND (III) GRANTING RELATED RELIEF**
**(Relates to Docket No. 1244 & _________)**

Pursuant to and in accordance with the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**");[2] and Eva Engelhart, the chapter 7 trustee (the "**FBG Trustee**"), having properly filed with this Court and served on the Master Notice Parties a notice [Docket No. [●]] (the "**Rejection Notice**") of her intent to reject the FBG Debtors' unexpired leases (the "**Leases**") identified on **Schedule 1**, attached hereto, and to abandon any personal property, including fixtures, furniture, and other equipment, at the Leased Premises as of the Rejection Date (such assets, the "**Remaining Property**") in accordance with the terms of the Procedures Order; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be

[1] "**FBG Debtors**" means First Brands Group, LLC, First Brands Group Holdings, LLC ("**FBGH**"), FBGH's direct and indirect debtor subsidiaries, and Viceroy Private Capital, LLC. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order.

provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief requested is in the best interests of the FBG Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Leases are hereby rejected as set forth herein, effective as of the date set forth for each Lease on **Schedule 1**, attached hereto; *provided* that the rejection date for real property leases will be the later of (i) the FBG Trustee's unequivocal surrender of the Leased Premises via the delivery of any keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable lease counterparty, or in the absence of delivering such keys and codes, providing notice to the landlord or Counterparty that such party may enter and re-let the Leased Premises, and (ii) the date provided for herein (the "**Rejection Date**").

2. The Remaining Property remaining at the Leased Premises as of the applicable Rejection Date shall be deemed abandoned upon the Rejection Date without further notice or order of the Court, free and clear of all liens, claims, interests, or other encumbrances; *provided* that, notwithstanding anything to the contrary herein, the FBG Trustee is not authorized to abandon any hazardous materials and shall remove all such materials prior to the Rejection Date.

3. With respect to any Remaining Property abandoned at one of the FBG Debtors' leased premises, the applicable landlord or other designee shall be free, after the Rejection Date, notwithstanding the automatic stay, to dispose of such Remaining Property without liability to any party and without further notice or order of the Court; and the applicable landlord's rights, if any, to file a claim for the costs of disposal of such property are fully reserved, as are the rights of any party in interest to object to any such claims.

4. If a Counterparty has a claim for damages as a result of the FBG Trustee's rejection of any applicable Leases set forth in the Rejection Notice, such Counterparty must submit a proof of claim on or before the later of (i) the deadline for filing proofs of claim established in these cases; (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the entry of this Order; and (iii) any applicable date established by further order of this Court. If no proof of claim is timely filed, such Counterparty shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these cases.

5. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the FBG Debtors; (ii) a waiver or limitation of the FBG Trustee's, the FBG Debtors', or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the FBG Trustee's or the FBG Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) an agreement or obligation to pay any claims; (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (vi) except as expressly set forth herein, an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

6. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

7. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

8. The FBG Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: ______________________, 2026
Houston, Texas

______________________________________
Honorable Christopher M. Lopez
United States Bankruptcy Judge

## Schedule 1

### List of Rejected Leases[1]

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | FBG DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES | REJECTION DATE |
|---|---|---|---|---|---|
| 1. | 1995 Billy Mitchell Boulevard, Inc., c/o PAR-Med Property Services Inc., 301-370 Queens Quay West, Toronto, Ontario M5V 3J3, Attn: Grant Anthony (Sublandlord); City of Brownsville (Master Landlord) | Sublease dated December 24, 2015 between 1995 Billy Mitchell Boulevard, Inc., as sublandlord, and Trico Technologies Corporation, as subtenant, of premises subject to the Brownsville/South Padre Island International Airport Industrial Site Lease dated April 18, 1986 with the City of Brownsville (as amended); approx. 395,050 rentable sq. ft. on a 55.534-acre tract at 1995 Billy Mitchell Boulevard, Brownsville, Texas 78521 | Trico Technologies Corporation | All furniture, fixtures, equipment, inventory, and other personal property remaining at the Leased Premises | October 31, 2026 |

[1] The inclusion of a Lease on this list does not constitute an admission (i) that a particular Lease is an unexpired lease within the meaning of the Bankruptcy Code; (ii) as to the executory or non-executory nature of the Lease; (iii) as to the expired or unexpired nature of such Lease; or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Lease.

| NO. | COUNTERPARTY | DESCRIPTION OF LEASE AND PROPERTY ADDRESS OR LOCATION | DEBTOR | FBG DEBTORS' PERSONAL PROPERTY TO BE ABANDONED AND ANY KNOWN THIRD PARTIES WITH AN INTEREST IN OTHER PROPERTY TO BE LEFT AT LEASED PREMISES | REJECTION DATE |
|---|---|---|---|---|---|
| 2. | SRE Miami, LLC, 7600 W. Dean Road, Milwaukee, WI 53223, Attn: Joseph Schultz (successor lessor by assignment from HMM Partners Hopkins Venture, LLC) | Amended and Restated Lease Agreement dated February 5, 2015 (as amended), originally between STORE Capital Acquisitions, LLC, as lessor, and Hopkins Manufacturing Corporation, as lessee; 2400, 2402, and 2505 NW Industrial Parkway, Miami, Oklahoma 74534 | Hopkins Manufacturing Corporation | All furniture, fixtures, equipment, inventory, and other personal property remaining at the Leased Premises | October 31, 2026 |