United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | § |
| | § **Chapter 7** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § **(Previously Chapter 11)** |
| | § |
| **Debtors.**[1] | § **Case No. 25-90399 (CML)** |
| | § |
| | § **Jointly Administered** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PORTER HEDGES LLP AS BANKRUPTCY COUNSEL FOR EVA S. ENGELHART, IN HER CAPACITY AS CHAPTER 7 TRUSTEE**
**[Relates to Doc. No. 3856]**

Upon consideration of the application (the "Application")[2] of the Trustee for entry of an order pursuant to Bankruptcy Code Sections 327(a) and 330, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, authorizing the Trustee to employ and retain Porter Hedges LLP ("PH" or the "Applicant") as the Trustee's general bankruptcy counsel effective as of September 2, 2026; and the Court being satisfied, based on the representations made in the Application and the Wolfshohl Declaration that, except as disclosed therein, PH does not hold or represent any interest materially adverse to the FBG Debtors' estates with respect to the matters upon which it is to be engaged, as required under Bankruptcy Code Section 327(a); and it appearing that the relief requested is in the best interest of the FBG Debtors' estates, their creditors, and other parties in interest; and it appearing that the Court has jurisdiction to consider the

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and it appearing that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and adequate notice of the Application and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to Bankruptcy Code Sections 327(a) and 330, Bankruptcy Rules 2014(a) and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, the Trustee is authorized to employ and retain PH as general bankruptcy counsel in these Chapter 7 Cases effective as of September 2, 2026 on the terms and conditions set forth in the Application.

2. PH is authorized to render professional services to Trustee as described in the Application. Specifically, but without limitation, PH may render the following services, among others:

a. Provide legal advice and services in connection with these Chapter 7 Cases;

b. Analyze the FBG Debtors' assets and liabilities and advise the Trustee on these matters and take appropriate action where necessary;

c. If warranted, assist the Trustee with the sale and/or liquidation of the FBG Debtors' remaining assets, including preparing the necessary pleadings for the Court to approve the terms of any such sale, participating in any hearings before this Court regarding the sale(s), including any auction(s) that may occur, and should the Court approve the sale(s), taking actions necessary to close the sale(s);

d. Assist the Trustee with obtaining financing, litigation funding, use of cash collateral and/or other arrangements to fund necessary tasks in these cases;

e. Assist the Trustee in employing one or more brokers, if necessary, to market and sell assets, and work with the broker(s) to resolve any related issues;

f. Analyze the FBG Debtors' post-petition disbursements, advise the Trustee regarding the same, and take appropriate action if necessary;

g. Analyze claims and, if warranted, prepare claim objections;

h. Provide general advice regarding the Bankruptcy Code and local bankruptcy rules;

i. At the request of the Trustee, appear in Court and at any meeting with the U.S. Trustee and any meeting of creditors at any given time on behalf of the Trustee as her general bankruptcy counsel;

j. Assist the Trustee with the wind-down of the FBG Debtors' businesses, general corporate matters, and other matters as the Trustee requests;

k. Assist, advise, and represent the Trustee in any manner relevant to preserving and protecting the FBG Debtors' estates;

l. Advise the Trustee concerning the rights and remedies of the FBG Debtors' estates and of the Trustee in regard to the secured, priority, and general unsecured claims of creditors;

m. Represent the Trustee in any proceeding or hearing, including, but not limited to, objections to claims and adversary proceeding(s) to avoid liens and transfers, in the Bankruptcy Court and in any action where the rights of the FBG Debtors' estates or the Trustee may be litigated or affected;

n. Respond to discovery requests, including document requests, interrogatories, and requests for admission, and handle matters related to any litigation and discovery that may already be pending or arise in connection with the administration of the FBG Debtors' estates;

o. Assist the Trustee in the settlement of any debts owed to the FBG Debtors;

p. Assist the Trustee in the disposition of any other assets of the FBG Debtors' estates;

q. Conduct examinations of witnesses, claimants, or adverse parties and prepare and assist in the preparation of reports, accounts, applications, and orders; and

r. Provide other legal advice and services, as requested by the Trustee, from time to time.

3. PH shall apply for compensation of professional services and reimbursement of expenses incurred in connection with these Chapter 7 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court. Notwithstanding anything to the contrary in the

Application, the Wolfshohl Declaration, any reimbursement provisions allowing for the reimbursement of fees earned and expenses incurred in connection with defending any objection to PH's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

4. PH shall serve its monthly fee statements and fee applications on the Trustee and the U.S. Trustee, with a copy to counsel for the Ad Hoc Group and the ABL Agent or its designee.

5. The Screening Procedures set forth in the Application shall be maintained during PH's representation of the Trustee.

6. PH shall use its reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals in these Chapter 7 Cases.

7. To the extent that PH uses the services of contract attorneys in these cases, PH (i) shall pass through the cost of such contract attorneys to the Trustee at the same rate that PH pays contract attorneys; (ii) shall seek reimbursement for actual out-of-pocket expenses only; and (iii) shall ensure that the contract attorneys are subject to the same conflict checks and disclosures as required of PH by FED. R. BANKR. P. 2014.

8. PH shall provide ten days' notice to the Trustee and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9. All billings shall be recorded in increments of 0.1 of an hour.

10. Notwithstanding anything to the contrary in the Final DIP Order,[3] the Application, or this Order, pursuant to the Application and this Order, the Applicant shall not be considered a "Professional Person" under the terms of the Final DIP Order.

11. The Interim Compensation Order shall apply to the Applicant under this Order as modified herein. Notwithstanding anything to the contrary in the Final DIP Order and the Interim Compensation Order, the Applicant shall be required to record/track its time such that an allocation of services performed, fees incurred, and expenses disbursed by the Applicant can reasonably be traced to the specific asset classes (i.e., lender, debtor, or other party in interest) related to or that primarily benefits from such services, fees, and expenses (collectively, the "Collateral Allocation"). The Applicant's monthly, interim, and final fee statements and applications (each, an "Application") shall provide a good faith estimation of the Collateral Allocation; *provided that*, all payments from cash collateral of the DIP Secured Parties shall be subject to an agreed budget or otherwise agreed by the DIP Secured Parties; *provided further* that services performed, fees incurred, and expenses of the Applicant attributable to parties other than the DIP Secured Parties shall only be paid by cash collateral of the DIP Secured Parties with the express written consent of the Ad Hoc Group (including via email from the applicable advisors).

12. Notwithstanding anything in the Final DIP Order or the Interim Compensation Order to the contrary (i) nothing in the Application or Order approves or implies approval of the subordination of the DIP Liens to any claim asserted or assertable by the Applicant; and (ii) nothing in the Application or this Order approves or implies approval or consent to the use of cash collateral by the DIP Secured Parties or Prepetition Secured Parties.

[3] "Final DIP Order" means *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Docket No. 608].

13. Notwithstanding anything to the contrary contained in the Application or this Order, any payment made, or to be made pursuant to the authority granted herein, shall be expressly subject to and in accordance with any applicable financing or cash collateral orders entered in these cases and any budget in connection with any use of cash collateral and/or postpetition debtor-in-possession financing authorized therein. Nothing in the Application or this Order shall constitute a waiver or substitution of any consent right required under any applicable financing order and/or budget.

14. To the extent the Application or the Wolfshohl Declaration is inconsistent with this Order, the terms of this Order shall govern.

15. The Trustee and PH are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

16. PH will review its files periodically during the pendency of the Chapter 7 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PH will promptly file a supplemental declaration, as required by Rule 2014 of the Federal Rules of Bankruptcy Procedure.

17. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

18. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: November 09, 2026

Christopher Lopez
United States Bankruptcy Judge