United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | |
| | § | **Jointly Administered** |

**REVISED STIPULATION AND AGREED ORDER EXTENDING DEADLINE FOR THE AD HOC GROUP AND EVA S. ENGELHART, CHAPTER 7 TRUSTEE, TO RESPOND OR OBJECT TO THE MOTION OF IA MECHANICAL INC. FOR ENTRY OF AN ORDER (I) ALLOWING PROOF OF CLAIM NO. 1760 AS A SECURED CLAIM AND (II) DIRECTING RELEASE OF THE ESCROWED SALE PROCEEDS**
[Relates to Docket Nos. 3909, 4046, and 4050]

**WHEREAS**, on September 24, 2025, Global Assets LLC and 12 debtor affiliates each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), and commencing on September 28, 2025, First Brands Group, LLC and the remaining Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

**WHEREAS**, on September 1, 2026, the Court entered the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "Conversion Order"),[2] which converted the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

---

[1] A complete list of the "Debtors" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Conversion Order.

**WHEREAS**, on September 1, 2026, the United States Trustee appointed Eva S. Engelhart as the interim chapter 7 trustee for the Debtors (the "Trustee"). *See* Docket No. 3753.

**WHEREAS**, on October 15, 2026, IA Mechanical Inc. ("IA Mechanical") filed its *Motion of IA Mechanical Inc. for Entry of an Order (I) Allowing Proof of Claim No. 1760 as a Secured Claim and (II) Directing Release of the Escrowed Sale Proceeds* [Docket No. 3909] (the "Motion").

**WHEREAS**, the original deadline for the Trustee and Ad Hoc Group to file an objection or response to the Motion was November 5, 2026 (the "Original Response Deadline").

**WHEREAS**, on November 5, 2026, the Bankruptcy Court entered an Order [Docket No. 4050] approving that certain *Revised Stipulation and Agreed Order Extending Deadline for Eva S. Engelhart, Chapter 7 Trustee, to Respond or Object to the Motion of IA Mechanical Inc. for Entry of an Order (I) Allowing Proof of Claim No. 1760 as a Secured Claim and (II) Directing Release of the Escrowed Sale Proceeds* [Docket No. 4046], pursuant to which IA Mechanical agreed to extend the Original Response Deadline for the Trustee and Ad Hoc Group (collectively with IA Mechanical and the Trustee, the "Parties") by one week, to and including November 12, 2026 (the "Revised Response Deadline").

**WHEREAS**, IA Mechanical has agreed to extend the Revised Response Deadline for the Trustee and Ad Hoc Group by one week, to and including November 19, 2026.

**NOW, THEREFORE, IT IS STIPULATED AND AGREED BY THE PARTIES HERETO AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED THAT:**

1. The above recitals are incorporated by reference herein with the same force and effect as if fully set forth hereafter.

2. The deadline for the Trustee and Ad Hoc Group to file responses and/or objections to the Motion is extended to and including **November 19, 2026**.

3. Nothing herein shall be construed to prohibit the Parties from seeking further extensions by agreement and/or by further order of the Court.

4. Notwithstanding anything in the Bankruptcy Code or the Bankruptcy Rules to the contrary, this *Stipulation and Agreed Order* shall be effective immediately upon the Court's approval.

5. The Court has exclusive jurisdiction and power regarding the implementation, interpretation, and enforcement of this *Stipulation and Agreed Order.*

**IT IS SO ORDERED.**

Signed: November 12, 2026

Christopher Lopez
United States Bankruptcy Judge

**Agreed as to form and substance:**

**The Law Office of Elias M. Yazbeck, PLLC**

By: /s/ *Elias M. Yazbeck*
Elias M. Yazbeck (TX Bar No. 24132103)
4119 Montrose Blvd, Suite 470
Houston, TX 77006
Telephone: (713) 259-3316
Email: elias@yazbecklaw.com

*Counsel to IA Mechanical Inc.*

**Gibson, Dunn & Crutcher LLP**

By: /s/ *AnnElyse S. Gains*
AnnElyse Scarlett Gains (admitted *pro hac vice*)
S. Robert Marsters, Jr. (admitted *pro hac vice*)
1700 M Street N.W.
Washington, D.C. 20036-3504
Telephone: (202) 955-8500
agains@gibsondunn.com
rmarsters@gibsondunn.com

*Counsel to the Ad Hoc Group*

**Katten Muchin Rosenman LLP**

By: /s/ *Cindi M. Giglio*
Cindi M. Giglio
Grace A. Thompson
50 Rockefeller Plaza
New York, New York 10020
Telephone: (212) 940-3828
Email: cgiglio@katten.com
grace.thompson@katten.com

*Proposed Special Counsel to the Chapter 7 Trustee, Eva S. Engelhart*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case on November 11, 2026.

*/s/ Cindi M. Giglio*
Cindi M. Giglio