United States Bankruptcy Court
Southern District of Texas

**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>FIRST BRANDS GROUP, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 25-90399 (CML)<br><br>(Jointly Administered) |
| In re:<br><br>GLOBAL ASSETS LLC,<br>GLOBAL LEASE ASSETS HOLDINGS, LLC,<br>CARNABY CAPITAL HOLDINGS, LLC,<br>BROAD STREET FINANCIAL HOLDINGS, LLC,<br>BROAD STREET FINANCIAL, LLC,<br>CARNABY INVENTORY II, LLC,<br>CARNABY INVENTORY HOLDINGS II, LLC,<br>CARNABY INVENTORY III, LLC,<br>CARNABY INVENTORY HOLDINGS III, LLC,<br>PATTERSON INVENTORY, LLC,<br>PATTERSON INVENTORY HOLDINGS, LLC,<br>STARLIGHT INVENTORY I, LLC,<br>STARLIGHT INVENTORY HOLDINGS I, LLC,<br>GLOBAL ASSETS GMBH,<br>CARNABY CAPITAL, LLC<br>CARNABY INVENTORY HOLDINGS IV, LLC<br>CARNABY INVENTORY IV, LLC<br>CARNABY FA HOLDINGS, LLC<br>CARNABY FA, LLC<br>EAGLE CASTING HOLDINGS, LLC<br><br>Debtors. | Chapter 7<br><br>Case No. 25-90383 (CML)<br>Case No. 25-90384 (CML)<br>Case No. 25-90385 (CML)<br>Case No. 25-90386 (CML)<br>Case No. 25-90387 (CML)<br>Case No. 25-90388 (CML)<br>Case No. 25-90389 (CML)<br>Case No. 25-90390 (CML)<br>Case No. 25-90391 (CML)<br>Case No. 25-90392 (CML)<br>Case No. 25-90393 (CML)<br>Case No. 25-90394 (CML)<br>Case No. 25-90395 (CML)<br>Case No. 25-90475 (CML)<br>Case No. 25-90460 (CML)<br>Case No. 25-90464 (CML)<br>Case No. 25-90466 (CML)<br>Case No. 25-90468 (CML)<br>Case No. 25-90473 (CML)<br>Case No. 25-90490 (CML) |

**CHAPTER 7 TRUSTEES' SUPPLEMENTAL AGREED PROTECTIVE ORDER**

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands and in the Court's conversion orders (Dkt. 2396 and Dkt. 3748).

This Supplemental Agreed Protective Order (the "Order") is entered into by and among: (a) Eva S. Engelhart as Chapter 7 trustee ("Trustee") of the Debtors listed in Appendix A; (b) Ronald J. Sommers as Trustee of the Debtors listed in Appendix B; and (c) Catherine S. Curtis as Trustee of the Debtors listed in Appendix C (together with Ms. Engelhart and Mr. Sommers, the "Trustees"), to govern the treatment of Joint Privilege Materials (as defined below) provided to the respective Trustees in the bankruptcy cases that were previously jointly administered in *In re First Brands Group, LLC, et al.*, No. 25-90399 (Bankr. S.D. Tex.) (the "Chapter 11 Cases"). This Order supplements and does not limit the Protective Order entered in the Chapter 11 Cases on October 23, 2025 [Dkt. 408], any other Protective Order entered into in the Chapter 11 Cases, or the Supplemental Agreed Protective Order entered in *In re Patterson Inventory, LLC, et al.*, No. 25-90392 on May 15, 2026 [Dkt. 27].

**RECITALS**

**WHEREAS**, on September 24, 2025, certain of the Debtors commenced with the Court a voluntary case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on September 28, 2025, the remaining Debtors each commenced with the Court a voluntary case (together, with the above case, the "Chapter 11 Cases") under the Bankruptcy Code;

**WHEREAS,** on October 23, 2025, the Court entered the Protective Order agreed to by the Debtors and the Official Committee of Unsecured Creditors [Dkt. 408]. The Protective Order was served upon all the parties named in the Master Service List in the Chapter 11 Cases [Dkt. 464];

**WHEREAS,** on April 9, 2026, the Court converted certain of the Chapter 11 Cases to cases proceeding under chapter 7 of the Bankruptcy Code [Dkt. 2396];

**WHEREAS,** on September 1, 2026, the Court converted the remaining Chapter 11 Cases to cases proceeding under chapter 7 of the Bankruptcy Code [Dkt. 3748];

**WHEREAS,** following the respective conversions of the Debtors, Eva S. Engelhart was appointed as Trustee of the Debtors listed in Appendix A, Ronald J. Sommers was appointed as Trustee of the Debtors listed in Appendix B, and Catherine S. Curtis was appointed as Trustee of the Debtors listed in Appendix C;

**WHEREAS,** the Trustees are respectively seeking turnover of records from the Debtors and various third parties (the "Trustee Materials"). The Trustees wish to obtain production of Trustee Materials and maintain the ability to share Trustee Materials with the other Trustees while preserving any applicable privilege, including the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or position;

**WHEREAS**, the Protective Order previously entered in the Chapter 11 Cases provides:

> Pursuant to Federal Rule of Evidence 502(d), and Federal Rule of Civil Procedure 26(b)(5)(B), disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure, whether inadvertent or otherwise ("Privileged Material"), shall not constitute a waiver of the privilege or protection in these Chapter 11 Cases, any Disputes, or in any other proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(b)(5)(B), and any similar rule that may exist under applicable foreign law.

Protective Order at ¶ 15, Dkt. 408 in Case No. 25-90399.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED** that:

1. The Trustees shall submit this Order to the Court for approval. Pending Court approval, the Trustees and all parties in possession of Joint Privilege Materials shall abide by the terms of this Order.

2. As used in this Order, "Joint Privilege Materials" means documents, communications, and information in which two or more Debtors are deemed to share a common attorney-client privilege, work-product protection, or other applicable privilege or immunity

arising out of a joint or common-interest representation or engagement that is enforceable against third parties. Joint Privilege Materials include, without limitation, privileged materials generated, received, or reviewed in connection with any matter in which any internal or external counsel jointly represented, advised, or provided services to multiple Debtors.

3. Consistent with and further supplementing the current Protective Order [Dkt. 408], any disclosure or production of Joint Privilege Materials to the Trustees shall not constitute a waiver of the privilege or protection in these Chapter 7 Cases, the earlier Chapter 11 Cases, any adversary proceedings, contested matters, or any other proceeding, whether in federal court, state court, or otherwise. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d), Federal Rule of Civil Procedure 26(b)(5)(B), and any similar rule that may exist under applicable law.

4. Any parties producing Trustee Materials shall in good faith designate any Trustee Materials that constitute Joint Privilege Materials by either marking those documents as "Subject to Joint Privilege" or by providing the Trustees with sufficient information to identify them. Nothing in this Order limits the Trustees' respective ability to share non-privileged factual information with the Court, the U.S. Trustee, or other government entities as provided by law or further order of the Court.

5. No Trustee, nor any of a Trustee's representatives, attorneys or agents, shall in any way (either directly or indirectly) disclose, produce, or otherwise make available Trustee Materials designated as "Subject to Joint Privilege" to any other party without (a) the express prior written consent of the other Trustees (or any successor thereto), or (b) an order of this Court authorizing such disclosure after notice and an opportunity to be heard. The Trustees shall maintain all Trustee

Materials designated as "Subject to Joint Privilege" in a reasonably secure manner so as to prevent unauthorized access or disclosure.

6. In the event that any of the Trustees or any successor thereto (the "Trustee Privilege Holder") subsequently determines in good faith that specific materials are not jointly privileged but are instead solely the privileged materials of one or more of the Trustees (*i.e.*, materials as to which certain Debtors hold no privilege interest) (such materials, "Narrowed Privilege Materials"), the Trustee Privilege Holder shall promptly provide written notice to the other Trustees identifying such materials with reasonable particularity. Within five (5) business days of receiving such notice, the other Trustees shall (a) return or destroy all copies of the identified Narrowed Privilege Materials (and any notes, summaries, or work product derived solely therefrom), (b) certify in writing to the Trustee Privilege Holder that the return or destruction has been completed, and (c) refrain from any further use or disclosure of such materials. If a Trustee disputes the Trustee Privilege Holder's determination that specific materials constitute Narrowed Privilege Materials, that Trustee shall notify the Trustee Privilege Holder in writing within the same five (5) business day period, and the dispute shall be resolved pursuant to the procedures set forth in Paragraph 7 below. Pending resolution of any such dispute, the materials at issue shall continue to be treated as Joint Privilege Materials subject to the restrictions of this Order.

7. A Trustee may challenge the designation of specific materials as Joint Privilege Materials at any time by serving upon the Trustee Privilege Holder(s) a written notice identifying the materials at issue and stating with particularity the grounds for the challenge. The purpose of a successful challenge is to permit Trustees to disclose or share the challenged materials with third parties or to use such materials without the restrictions imposed by this Order, including in public filings. The following procedures shall govern any such challenge:

(a) Meet and Confer. Within five (5) business days of service of the written challenge notice, counsel for the challenging Trustee and counsel for the other Trustee Privilege Holders shall meet and confer in good faith in an effort to resolve the dispute. The Trustee Privilege Holders shall at all times bear the burden of establishing that the challenged Trustee Materials qualify as Joint Privilege Materials or, as the case may be, Narrowed Privilege Materials.

(b) Motion to the Court. If the dispute is not resolved through the meet-and-confer process within ten (10) business days of service of the challenge notice, the challenging Trustee may file a motion with this Court seeking a determination as to whether the challenged materials properly qualify as Joint Privilege Materials or, as the case may be, Narrowed Privilege Materials. The other Trustee Privilege Holders shall have fourteen (14) days after service of such motion to file a response.

(c) Interim Treatment. Pending resolution of any challenge—whether through the meet-and-confer process or by the Court—the challenged materials shall retain their designation as Joint Privilege Materials, and all use and disclosure restrictions of this Order shall remain in full force and effect with respect to such materials.

(d) Effect of Successful Challenge. If the Court determines that specific materials do not qualify as Joint Privilege Materials, such materials shall no longer be subject to the restrictions of this Order, and the Trustees may thereafter use, disclose, or share such Trustee Materials with third parties without further order of this Court, subject to any other applicable protective order or confidentiality obligation. If the Court determines that specific materials identified as Narrowed Privilege Materials pursuant to Paragraph 6 above do not qualify as Narrowed Privilege Materials, such materials shall

retain their designation as Joint Privilege Materials, and all use and disclosure restrictions of this Order shall remain in full force and effect with respect to such materials.

8. In accordance with Federal Rule of Evidence 502(d), all privileges, protections, and immunities (including, without limitation, the attorney-client privilege and the work-product doctrine) shall remain in full force and effect as to any Joint Privilege Materials produced to the respective Trustees, and shall not be waived or in any way impaired in connection with the Chapter 7 Cases, the earlier Chapter 11 Cases, any adversary proceedings, contested matters, or any other proceeding, whether in federal court, state court, or otherwise by reason of production of Joint Privilege Materials to the Trustees or compliance with any other aspect of this Order.

9. The provisions of this Order constitute an Order of this Court and violations hereof are subject to enforcement in the same manner as any other Order of the Court.

10. This Court retains jurisdiction to interpret and enforce this Order.

Signed: November 12, 2026

Christopher Lopez
United States Bankruptcy Judge

SO STIPULATED:
Dated November 9, 2026

*/s/ Eric M. English*
**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Eric M. English (TX Bar No. 24062714)
M. Shane Johnson (TX Bar No. 24083263)
Grecia V. Sarda (TX Bar No. 24132092)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
gsarda@porterhedges.com

*Counsel for the Chapter 7 Trustee Eva S. Engelhart*

*/s/ Erin E. Jones*
**JONES MURRAY LLP**
Erin E. Jones
Chris R. Murray
602 Sawyer, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999 T
Facsimile: (832) 529-3393 F
erin.jones@jonesmurray.com
chris@jonesmurray.com

*-and-*

**REID COLLINS & TSAI LLP**
Lisa S. Tsai (TX Bar No. 24046999)
Scott D. Saldaña (TX Bar No. 24083780)
1301 S. Capital of Texas Hwy, Suite C-300
Austin, TX 78746
Telephone: (512) 647-6100
Facsimile: (512) 647-6129
ltsai@reidcollins.com
ssaldana@reidcollins.com

*Proposed Counsel for the Chapter 7 Trustee Ronald J. Sommers*

*/s/ Steven D. Shurn*
**HUGHES WATTERS ASKANASE, LLP**
Steven D. Shurn
1201 Louisiana St., 28th Floor
Houston, TX 77002
Telephone: (713) 590-4224
Facsimile: (713) 590-4230
sshurn@hwa.com

*Proposed Counsel for the Chapter 7 Trustee Catherine S. Curtis*

## APPENDIX A

| Case Number | Debtor Name |
|---|---|
| 25-90399 (CML) | First Brands Group, LLC |
| 25-90396 (CML) | Trico Technologies Corporation |
| 25-90397 (CML) | First Brands Group Holdings, LLC |
| 25-90398 (CML) | First Brands Group Intermediate, LLC |
| 25-90400 (CML) | Viceroy Private Capital, LLC |
| 25-90401 (CML) | FRAMAuto Holdings, LLC |
| 25-90402 (CML) | Autolite Operations LLC |
| 25-90403 (CML) | FRAM Group Operations LLC |
| 25-90404 (CML) | FRAM Group IP LLC |
| 25-90405 (CML) | Jasper Acquisition Corp. |
| 25-90406 (CML) | Jasper Rubber Products, Inc. |
| 25-90407 (CML) | Specialty Pumps Group, Inc. |
| 25-90408 (CML) | ASC Industries, Inc. |
| 25-90409 (CML) | Heatherton Holdings, LLC |
| 25-90410 (CML) | PHNX Acquisition Corp. |
| 25-90411 (CML) | Hopkins Acquisition, Inc. |
| 25-90412 (CML) | Hopkins Manufacturing Corporation |
| 25-90413 (CML) | Carrand Companies, Inc. |
| 25-90414 (CML) | Horizon Global Corporation |
| 25-90415 (CML) | Horizon Global Company LLC |
| 25-90416 (CML) | Horizon Global Americas Inc. |
| 25-90417 (CML) | Horizon International Holdings LLC |
| 25-90418 (CML) | Horizon Euro Finance LLC |
| 25-90419 (CML) | Strongarm, LLC |
| 25-90420 (CML) | Premier Marketing Group, LLC |
| 25-90421 (CML) | AVM Export, Inc. |
| 25-90422 (CML) | Carter Fuel Systems, LLC |
| 25-90423 (CML) | Carter Fuel Export, Inc. |
| 25-90424 (CML) | Carter Carburetor Holdings, LLC |

| | |
|---|---|
| 25-90425 (CML) | Walbro Midco LLC |
| 25-90426 (CML) | UCI Acquisition Holdings (No. 4) LLC |
| 25-90427 (CML) | WEM US Co. |
| 25-90428 (CML) | Dalton Corporation, Stryker Machining Facility Co. |
| 25-90429 (CML) | Reman Management International LLC |
| 25-90430 (CML) | Walbro LLC |
| 25-90431 (CML) | UCI-Airtex Holdings, Inc. |
| 25-90432 (CML) | Carter Carburetor, LLC |
| 25-90433 (CML) | Dalton Corporation, Ashland Manufacturing Facility |
| 25-90434 (CML) | Airtex Industries, LLC |
| 25-90435 (CML) | Smart Choice, LLC |
| 25-90436 (CML) | KTRI Holdings, Inc. |
| 25-90437 (CML) | Viper Acquisition, Inc. |
| 25-90438 (CML) | Viper Acquisition I, Inc. |
| 25-90439 (CML) | Tridonex USA LLC |
| 25-90440 (CML) | Airtex Products, LP |
| 25-90441 (CML) | Qualitor Acquisition Inc. |
| 25-90442 (CML) | UCI Pennsylvania, Inc. |
| 25-90443 (CML) | Qualitor, Inc. |
| 25-90444 (CML) | Global Reman Ventures, LLC |
| 25-90445 (CML) | Champion Laboratories, Inc. |
| 25-90446 (CML) | TAE Brakes, LLC |
| 25-90447 (CML) | Transportation Aftermarket Enterprise, LLC |
| 25-90448 (CML) | APC Parent, LLC |
| 25-90449 (CML) | Universal Auto Filter LLC |
| 25-90450 (CML) | TAE China Holdings, Inc. |
| 25-90451 (CML) | International Brake Industries, Inc. |
| 25-90452 (CML) | APC Intermediate Holdings, LLC |
| 25-90453 (CML) | Qualitor Subsidiary H, Inc. |
| 25-90454 (CML) | CWD Intermediate Holdings I, LLC |
| 25-90455 (CML) | Qualitor Subsidiary S, Inc. |
| 25-90456 (CML) | Fuel Filter Technologies, Inc. |
| 25-90457 (CML) | IBI International Holding Company, Inc. |

| | |
|---|---|
| 25-90458 (CML) | CWD Intermediate Holdings II, LLC |
| 25-90459 (CML) | Longman Enterprises, Inc. |
| 25-90461 (CML) | Pylon Manufacturing Corp. |
| 25-90462 (CML) | CWD Holding, LLC |
| 25-90463 (CML) | Qualitor Automotive, LLC |
| 25-90465 (CML) | CWD, LLC |
| 25-90467 (CML) | Pylon South Bend, Inc. |
| 25-90469 (CML) | Qualis Enterprises, LLC |
| 25-90470 (CML) | KTRI Offshore Holdings, LLC |
| 25-90471 (CML) | BPI Acquisition Company, LLC |
| 25-90472 (CML) | Trico Products Corporation |
| 25-90474 (CML) | Qualis Automotive, L.L.C. |
| 25-90476 (CML) | Trico Holding Corporation |
| 25-90477 (CML) | Brake Parts Inc LLC |
| 25-90478 (CML) | Toledo Molding & Die, LLC |
| 25-90479 (CML) | UCI International Holdings Parent Inc. |
| 25-90480 (CML) | BPI EC, LLC |
| 25-90481 (CML) | Dalton Corporation, Kendallville Manufacturing Facility |
| 25-90482 (CML) | Dalton Corporation, Warsaw Manufacturing Facility |
| 25-90483 (CML) | UCI International Holdings, Inc. |
| 25-90484 (CML) | Brake Parts Inc India LLC |
| 25-90485 (CML) | UCI International, LLC |
| 25-90486 (CML) | BPI Holdings International, LLC |
| 25-90487 (CML) | United Components, LLC |
| 25-90488 (CML) | Brake Parts Inc China LLC |
| 25-90489 (CML) | Eagle Machining, LLC |
| 25-90491 (CML) | Eagle Casting, LLC |
| 25-90492 (CML) | Dalton Corporation |
| 25-90493 (CML) | Cardone Industries, Inc. |
| 25-90494 (CML) | SDC TX, LLC |

## APPENDIX B

| | |
|---|---|
| Case No. 25-90383 | Global Assets LLC |
| Case No. 25-90384 | Global Lease Assets Holdings, LLC |
| Case No. 25-90385 | Carnaby Capital Holdings, LLC |
| Case No. 25-90386 | Broad Street Financial Holdings, LLC |
| Case No. 25-90387 | Broad Street Financial, LLC |
| Case No. 25-90388 | Carnaby Inventory II, LLC |
| Case No. 25-90389 | Carnaby Inventory Holdings II, LLC |
| Case No. 25-90390 | Carnaby Inventory III, LLC |
| Case No. 25-90391 | Carnaby Inventory Holdings III, LLC |
| Case No. 25-90392 | Patterson Inventory, LLC |
| Case No. 25-90393 | Patterson Inventory Holdings, LLC |
| Case No. 25-90394 | Starlight Inventory I, LLC |
| Case No. 25-90395 | Starlight Inventory Holdings I, LLC |
| Case No. 25-90475 | Global Assets GmbH |

**APPENDIX C**

| | |
|---|---|
| Case No. 25-90460 | Carnaby Capital, LLC |
| Case No. 25-90464 | Carnaby Inventory Holdings IV, LLC |
| Case No. 25-90466 | Carnaby Inventory IV, LLC |
| Case No. 25-90468 | Carnaby FA Holdings, LLC |
| Case No. 25-90473 | Carnaby FA, LLC |
| Case No. 25-90490 | Eagle Casting Holdings, LLC |