**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | (Previously Chapter 11) |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | |
| | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | |
| | ) | (Jointly Administered) |

**CHAPTER 7 TRUSTEE'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MURPHY BALL STRATTON LLP AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF OCTOBER 15, 2026**

**This Application seeks an order that may adversely affect you. If you oppose the Application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the Application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the Application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the Application at the hearing.**

**Represented parties should act through their attorney.**

Eva S. Engelhart, the chapter 7 trustee (the "**Trustee**") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "**FBG Debtors**"),[2] in the above-styled jointly administered chapter 7 cases (the "**Cases**") hereby files this application

[1] A complete list of the "**Debtors**" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] The FBG Debtors do not include the 16 additional SPV debtors in the Carnaby Capital Holdings SPV silo or the "**Previously Converted Debtors**", comprised of: (i) Patterson Inventory, LLC, (ii) Patterson Inventory Holdings, LLC, (iii) Starlight Inventory I, LLC, and (iv) Starlight Inventory Holdings I, LLC. The Previously Converted Debtors' Chapter 11 Cases were previously converted to cases under chapter 7 of the Bankruptcy Code on April 9, 2026. *See* Docket No. 2396.

(the "**Retention Application**") for entry of an order (the "**Order**"), substantially in the form attached hereto, authorizing the Trustee to employ and retain Murphy Ball Stratton LLP ("**MBS**" or the "**Firm**"), effective as of October 15, 2026, pursuant to section 327(e) of title 11 of the United States Code (the "**Bankruptcy Code**"), as the Trustee's special litigation counsel. In support of the Retention Application, the Trustee relies upon and incorporates by reference the declaration of Garland "Land" Murphy (the "**Murphy Declaration**"), a Partner at MBS, attached hereto as **Exhibit A**. In further support of the Retention Application, the Trustee respectfully states as follows:

## Relief Requested

1. By this Retention Application, the Trustee requests (i) entry of the Order, substantially in the form attached hereto, authorizing the employment and retention of MBS as special litigation counsel and (ii) granting related relief.

## Jurisdiction, Venue and Predicates for Relief

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "**Amended Standing Order**"). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The Trustee consents to the entry of a final order by the Court.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

4. The predicates for the relief requested herein are sections 327(e), 328, and 330 of the Bankruptcy Code, rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## <u>Background</u>

5. On September 28, 2025 (the "**Petition Date**"), First Brands Group, LLC and its debtor affiliates filed the jointly administered chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). The FBG Debtors operated their business and managed their properties as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code until the Court entered its *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "**Conversion Order**") on September 1, 2026 (the "**Conversion Date**").[3]

6. On the Conversion Date, the United States Trustee (the "**U.S. Trustee**") appointed Eva S. Engelhart as the chapter 7 trustee for the FBG Debtors, as reflected in the notice of chapter 7 bankruptcy case. *See, e.g., Notice of Chapter 7 Bankruptcy Case* [Docket No. 3753]. The U.S. Trustee also appointed Ronald J. Sommers as the chapter 7 trustee for the remaining Converting Debtors (as defined in the Conversion Order) other than FBG Debtors, respectively.[4]

7. The Trustee now seeks to retain MBS as special litigation counsel in the Cases.

## <u>The Trustee's Selection of MBS</u>

8. The Trustee believes MBS is well qualified and particularly well-suited to serve as the Trustee's special litigation counsel in the Cases. The attorneys at MBS have extensive experience in litigation matters, including representing bankruptcy trustees in adversary

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Conversion Order.

[4] Pursuant to Federal Rule of Bankruptcy Procedure 2008(b)(1), Ronald J. Sommers rejected the appointment as it relates to the following estates: Eagle Casting Holdings, LLC, Case No. 25-90490 (CML); Carnaby Inventory Holdings IV, LLC, Case No. 25-90464 (CML); Carnaby Inventory IV, LLC, Case No. 25-90466 (CML); Carnaby FA Holdings, LLC, Case No. 25-90468 (CML); Carnaby FA, LLC, Case No. 25-90473 (CML); and Carnaby Capital, LLC, Case No. 25-90460 (CML). Catherine Curtis currently serves as chapter 7 trustee administering these estates.

proceedings and have specialized knowledge regarding complex litigation before bankruptcy courts. This experience includes handling complex final fee application analysis and objections.

9. MBS has assembled a highly qualified team of professionals and related staff who possess the requisite knowledge and experience necessary to provide exceptional representation to the Trustee. MBS's extensive experience in adversary proceedings and bankruptcy litigation will greatly aid the Trustee.

10. MBS will serve as the Trustee's special litigation counsel and, in that capacity, will assist the Trustee with, among other things, (i) reviewing, analyzing, objecting and negotiating resolutions to fee applications filed by professionals retained in these Cases (including fee applications filed by professionals retained during the chapter 11 cases) and (ii) representing the Trustee and the estates in other litigation, as may be requested by the Trustee. Where the Trustee determines it is appropriate, MBS will aid the Trustee in preparing, filing, and prosecuting objections to such fee applications.

11. The Trustee believes that the retention of MBS as described herein is in the best interests of the FBG Debtors and their estates and therefore should be approved.

**Professional Compensation**

12. MBS will provide professional services to the Trustee at the current standard hourly rates charged by the Firm. MBS's hourly rates range from $775–$1,250 for partners, $550–$675 for associates and senior attorneys, and $300 for paraprofessionals. MBS's hourly rates are set at a level designed to compensate MBS fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Subject to Court approval, MBS intends to bill the Trustee at its standard hourly rates.

13. MBS has advised the Trustee that its hourly rates are subject to periodic increases in the normal course of the Firm's business. The Trustee believes these rates are reasonable and appropriate given the facts of these Cases.

14. MBS is customarily reimbursed for all expenses it incurs in connection with its representation of a client in any given matter. Such expenses include, without limitation, travel costs (including mileage, parking, airfare, lodging, meals, and ground transportation), express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees, transcript costs, and other out of pocket costs, expenses, and disbursements.

15. MBS intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred on behalf of the Trustee in accordance with the scope of its engagement, applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders entered in these Cases governing professional compensation and reimbursement for fees and expenses charged. MBS will seek compensation for the services of each professional and paraprofessional acting on behalf of the Trustee in these Cases at their then-current standard hourly rates. For billing purposes, MBS shall keep its time in one-tenth (1/10) hour increments.

16. Pursuant to Bankruptcy Rule 2016(b), MBS has disclosed that it has no agreement with any other entity to share any compensation received by MBS, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**No Duplication of Services**

17. The Trustee believes that the services MBS will provide will be complementary to, and not duplicative of, the services to be performed by any other professionals that have been or may be retained by the Trustee. The Trustee is mindful of the need to avoid unnecessary duplication

of services, and appropriate procedures will be implemented to ensure minimal duplication of effort, if any, as a result of MBS's role as special litigation counsel.

**The Firm Does Not Hold or Represent Any Interest Adverse to the FBG Debtors or the Chapter 7 Estates with Respect to the Special Matters on Which It Is To Be Employed**

18. To the best of the Trustee's knowledge, and except as otherwise set forth herein and in the accompanying Murphy Declaration, MBS does not hold or represent an interest adverse to the FBG Debtors' estates with respect to the matters on which the Firm is to be employed. Furthermore, to the best of the Trustee's knowledge, and upon the Murphy Declaration, the Firm has no connection to any creditor or other parties in interest, or the United States Trustee, except as may be disclosed in the Murphy Declaration.

19. MBS will review its files periodically during the pendency of these chapter 7 cases to ensure that no conflicts or other disqualifying circumstances arise or any new or additional connections to parties in interest arise. If any new relevant facts or relationships are discovered or arise, MBS will use reasonable efforts to identify such developments and will promptly file a supplemental declaration, to the extent required by Bankruptcy Rule 2014(a).

**Basis for Relief**

20. The Trustee seeks to retain MBS as her attorneys pursuant to section 327(e) of the Bankruptcy Code, which provides that a trustee, subject to Court approval:

> [M]ay employ for a specified special purpose . . . an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate *with respect to the matter on which such attorney is to be employed*.

11 U.S.C. § 327(e) (emphasis added).

21. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for

> compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

22. Retention of an attorney under section 327(e) does not require the same searching inquiry required for a debtor to retain general bankruptcy counsel under section 327(a). *See Meespierson Inc. v. Strategic Telecom Inc.*, 202 B.R. 845, 847 (D. Del. 1996) ("[S]pecial counsel employed under [section] 327(e) need only avoid possessing a conflict of interest concerning the matter at hand."). Nevertheless, the phrase "does not represent or hold any interest adverse to the debtor or to the estate" requires a factual determination of "all relevant facts surrounding the debtors' case, including, but not limited to, the nature of the debtor's business, all foreseeable employment of special counsel, [and] the expense of replacement counsel . . ." *In re Woodworkers Warehouse, Inc.*, 323 B.R. 403, 406 (D. Del. 2005). Further, in exercising discretion under section 327, the Court should take "into account the particular facts and circumstances surrounding the case." *In re Johnson*, 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010). In general, however, subject to the requirements of section 327, a trustee is entitled to the counsel of its choosing. *In re Vouzianas*, 259 F.3d 103, 108 (2d Cir. 2001) (observing that "[o]nly in the rarest cases should the trustee be deprived of the privilege of selecting his own counsel").

23. For the reasons stated herein as well as the reasons stated in the Murphy Declaration, the employment and retention of MBS as special litigation counsel is warranted. As required, this Retention Application and the exhibits attached hereto set forth specific facts showing the specified special purpose for the employment, the reasons for selecting MBS, the professional services to be rendered, the proposed arrangements for compensation, and MBS's connections to parties in interest. Further, MBS does not represent or hold any interest adverse to the FBG Debtors' estates

and has no connection to the FBG Debtors, their creditors, or other parties in interest with respect to the matters on which MBS is to be employed, except as may be disclosed in the Murphy Declaration.

**Notice**

24. The Trustee will provide notice of this Retention Application to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the FBG Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

WHEREFORE, the Trustee requests that the Court enter the proposed Order granting the relief requested in the Retention Application and such other and further relief as the Court deems appropriate under the circumstances.

Dated: November 13, 2026

Respectfully submitted,

**Eva S. Engelhart**

*/s/ Eva S. Engelhart*
Eva S. Engelhart
Chapter 7 Trustee

**Certificate of Service**

I certify that on November 13, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl