**<u>EXHIBIT A</u>**

**Murphy Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 7 (Previously Chapter 11) |
| FIRST BRANDS GROUP, LLC, *et al*., | Case No. 25-90399 (CML) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF GARLAND "LAND" MURPHY**
**IN SUPPORT OF CHAPTER 7 TRUSTEE'S APPLICATION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT**
**AND RETENTION OF MURPHY BALL STRATTON LLP AS SPECIAL COUNSEL**
**TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF OCTOBER 15, 2026**

I, Garland "Land" Murphy, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

**Relief Requested**

1. I am a partner at the law firm of Murphy Ball Stratton LLP ("**MBS**" or the "**Firm**") in the firm's Houston office located at 1001 Fannin Street, Suite 720, Houston, Texas 77002.

2. Eva S. Engelhart, the chapter 7 trustee (the "**Trustee**") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "**FBG Debtors**"), has requested that the Firm provide litigation services, and the Firm has consented to provide such services (the "**Services**").

3. I submit this declaration (the "**Declaration**") pursuant to sections 327(e), 328, 329 and 330 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of

[1] A complete list of the "**Debtors**" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**") in support of the *Chapter 7 Trustee's Application for Entry of an Order Authorizing the Employment and Retention of Murphy Ball Stratton LLP as Special Counsel to the Trustee Effective as of October 15, 2026* (the "**Retention Application**"), filed contemporaneously herewith.[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**Qualifications of MBS and Services to be Provided**

4. I believe MBS is well-qualified and uniquely suited to serve as special litigation counsel. MBS has assembled a highly qualified team of professionals and related staff who possess the requisite knowledge and experience necessary to provide exceptional representation to the Trustee. MBS will assist the Trustee with, among other things, (i) reviewing, analyzing, objecting and negotiating resolutions to fee applications filed by professionals retained in these Cases (including fee applications filed by professionals retained during the chapter 11 cases) and (ii) representing the Trustee and the estates in other litigation, as may be requested by the Trustee. Where the Trustee determines it is appropriate, MBS will aid the Trustee in preparing, filing, and prosecuting objections to such fee applications.

**Professional Compensation**

5. MBS will accept, as compensation for its work during the chapter 7 cases, such sums as may be allowed by the Court in accordance with the Bankruptcy Code. Additionally, MBS will seek compensation for all time and expenses associated with its retention in these chapter 7 cases, including the preparation of the Retention Application, this Declaration, and related documents, as well as any monthly fee statements and/or interim and final fee applications.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Retention Application.

6. MBS will provide professional services to the Trustee at the current standard hourly rates charged by the Firm. MBS's hourly rates range from $775–$1,250 for partners, $550–$675 for associates and senior attorneys, and $300 for paraprofessionals. MBS's hourly rates are set at a level designed to compensate MBS fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Subject to Court approval, MBS intends to bill the Trustee at its standard hourly rates.

7. MBS has advised the Trustee that its hourly rates are subject to periodic increases in the normal course of the Firm's business. The hourly rates are designed to fairly compensate MBS for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. I believe these rates are reasonable and appropriate given the facts of these chapter 7 cases.

8. MBS is customarily reimbursed for all expenses it incurs in connection with its representation of a client in any given matter. Such expenses include, without limitation, travel costs (including mileage, parking, airfare, lodging, meals, and ground transportation), express mail, messenger service, photocopying costs, document processing, computerized research charges, court fees, transcript costs, and other out of pocket costs, expenses, and disbursements.

9. MBS intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these chapter 7 cases in accordance with the scope of its engagement, applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders entered in these chapter 7 cases governing professional compensation and reimbursement for fees and expenses charged. MBS will seek compensation for the services of each professional and paraprofessional acting on behalf of the Trustee in these chapter 7 cases at their then-current standard hourly rates. For billing purposes, MBS shall keep its time in one-tenth (1/10) hour increments.

10. No arrangement is proposed between the Trustee and MBS for compensation to be paid in the chapter 7 cases.

11. Pursuant to Bankruptcy Rule 2016(b), MBS has no agreement with any other entity to share any compensation received by MBS, except as permitted under section 504(b)(1) of the Bankruptcy Code.

**No Duplication of Services**

12. I understand that the Trustee has filed applications for orders authorizing the retention of other professionals and may in the future file additional applications to retain other professionals. Although certain aspects of the matters on which MBS is to be retained may necessarily involve both MBS and other professionals, I believe that the services MBS will provide will be complementary to, and not duplicative of, the services to be performed by other professionals. Further, MBS shall use its reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals.

**The Firm Does Not Hold or Represent Any Interest Adverse to the FBG Debtors or the Chapter 7 Estates with Respect to the Special Matters on Which It Is Employed**

13. Except as disclosed herein, to the best of my knowledge after due inquiry, MBS has no connection with the FBG Debtors, their creditors, any other party in interest herein or their respective attorneys or professionals and does not hold or represent any entity having an adverse interest in connection with these Cases.

14. As more fully described herein, MBS maintains a list of MBS's current and former engagements, clients, and adverse parties going back three (3) years (the "**Client Database**"). MBS maintains and systematically updates its Client Database in the ordinary course of business, and it is the regular practice of MBS to make and maintain these records.

15. MBS obtained from the Trustee the list (the "**Applicant List**") of professionals who filed fee applications in these Cases (the "**Applicants**"). The Applicant List is attached hereto as **Schedule 1** and is categorized for ease of reference. MBS compared the names of the Applicant List against a list of MBS's Client Database. As the identify of any additional potentially interested party becomes known, MBS will supplement this Declaration to the extent necessary.

16. The inquiry did not reveal that any of the names on the Applicant List are current or former MBS clients. Accordingly, no client match list is attached to this Retention Application. To the best of MBS's knowledge, information, and belief, based on that inquiry and except as disclosed herein, MBS does not represent or hold any interest adverse to the FBG Debtors or these estates with respect to the matters on which MBS is to be employed, as required by section 327(e) of the Bankruptcy Code.

17. Except for the continued representation of the Trustee, neither I nor the Firm has or will represent any other entity in connection with these Cases. Neither I nor the Firm have or will accept any compensation from any creditor or other party in interest in these Cases, except compensation for services rendered to the Trustee and reimbursement of necessary expenses from the Chapter 7 estates upon appropriate application to the Court.

18. Based on the foregoing and except as set forth herein, neither I, MBS, nor any shareholder, counsel, or associate thereof, insofar as I have been able to ascertain based on the information currently available to me, represents any interest adverse to the Chapter 7 estates. To the best of my knowledge, information and belief, MBS is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that MBS, its shareholders, counsel and associates:

a) are not creditors, equity security holders or insiders of the FBG Debtors;

b) are not and were not, within two (2) years before the date of the filing of the FBG Debtors' chapter 11 petitions, a director, officer, or employee of the FBG Debtors; and

c) do not have an interest materially adverse to the interest of the estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the FBG Debtors or for any other reason.

19. To the best of my knowledge and information, other than as identified in this Declaration, MBS has no connection with the FBG Debtors, their significant creditors, other parties in interest herein, their current respective attorneys or professionals, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, and does not hold or represent any entity having an adverse interest in connection with these Cases, except as disclosed herein.

20. MBS has also advised the Trustee that it will conduct an ongoing review of its files to ensure no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relevant relationships are discovered or arise, MBS will supplement its disclosures to the Court.

21. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 13, 2026

Respectfully submitted,

*/s/ Garland "Land" Murphy*

Garland "Land" Murphy
TX Bar No. 24058010
MURPHY BALL STRATTON LLP
1001 Fannin Street, Suite 720
Houston, Texas 77002
Telephone: (281) 658-9060
Email: lmurphy@mbssmartlaw.com

**<u>Schedule 1</u>**

**Applicant List**

Ernst & Young LLP

Boies Schiller Flexner LLP

Alvarez & Marsal North America, LLC

Okin Adams Bartlett Curry LLP

Chamberlain, Hrdlicka, White, Williams, & Aughtry, P.C.

Hilco Global

Brown Rudnick LLP

Cole Schotz P.C.

M3 Advisory Partners, LP

Ducera Partners LLC

Nardello & Co. LLC

Simpson Tacher Bartlett LLP

Weil, Gotshal & Manges LLP

Lineal Services, LLC

Lazard Freres & Co. LLC

Guidepost Solutions, LLC