**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 7 (Previously Chapter 11) |
| FIRST BRANDS GROUP, LLC, *et al.*, | Case No. 25-90399 (CML) |
| Debtors.[1] | (Jointly Administered) |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MURPHY BALL STRATTON LLP AS SPECIAL COUNSEL TO THE TRUSTEE EFFECTIVE AS OF OCTOBER 15, 2026**

[Relates to Docket No. ____]

Upon the application (the "**Retention Application**")[2] of Eva S. Engelhart, the chapter 7 trustee (the "**Trustee**") of the jointly administered bankruptcy estates of First Brands Group, LLC, First Brands Group Holdings, LLC's direct and indirect subsidiaries, and Viceroy Private Capital, LLC (collectively, the "**FBG Debtors**") for entry of an order (this "**Order**"), authorizing the employment and retention of Murphy Ball Stratton LLP ("**MBS**") effective as of October 15, 2026, as the Trustee's special litigation counsel, as more fully set forth in the Retention Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue is proper pursuant to 28 U.S.C. § 1408; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, sufficient, and proper notice of the Retention Application having been provided under the circumstances and in

[1] A complete list of the "**Debtors**" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

accordance with the Bankruptcy Rules and the Bankruptcy Local Rules, and it appearing that no other or further notice need be provided; and upon consideration of the Retention Application, the Murphy Declaration, and all of the proceedings had before the Court; and this Court having found and determined that MBS's employment is necessary and in the best interests of the FBG Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in support of the Retention Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Trustee is authorized, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, to employ and retain MBS as special litigation counsel, effective as of October 15, 2026, on the terms and conditions set forth in the Retention Application and the Murphy Declaration, to perform the services described in the Retention Application, including assisting the Trustee with (i) reviewing, analyzing, objecting and negotiating resolutions to fee applications filed by professionals retained in these Cases (including fee applications filed by professionals retained during the chapter 11 cases) and (ii) representing the Trustee and the estates in other litigation, as may be requested by the Trustee. The terms of MBS's compensation are approved pursuant to section 328 of the Bankruptcy Code. To the extent the Retention Application, the Murphy Declaration, and this Order conflict, the terms of this Order shall govern.

2. In connection with the chapter 7 cases, MBS shall be compensated for professional services rendered, and reimbursement for expenses incurred, in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules and the Bankruptcy Local Rules, any other applicable procedures and orders of this Court.

3. MBS shall use its reasonable efforts to avoid any duplication of services provided by any of the Trustee's other retained professionals in these chapter 7 cases.

4. The Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 699] (the "**Compensation Order**") shall apply to the fees and expenses of MBS, except as modified herein.

5. The Trustee is authorized to employ MBS as special litigation counsel in accordance with the Application.

a. The definition of Fee Notice Parties as set forth in the Compensation Order is hereby revised to mean:

i. Eva S. Engelhart, the Chapter 7 Trustee, Ross, Banks, May, Cron and Cavin, PC 7700 San Felipe, Suite 550, Houston, TX 77063 (Attn: Eva S. Engelhart) (eengelhart@rossbanks.com);

ii. Counsel to the Chapter 7 Trustee, Porter Hedges LLP, 1000 Main St, 36th Floor | Houston, TX 77002 (Attn: Joshua W. Wolfshohl (JWolfshohl@porterhedges.com), Eric M. English (EEnglish@porterhedges.com), M. Shane Johnson (SJohnson@porterhedges.com), and Grecia V. Sarda (GSarda@porterhedges.com));

iii. Counsel to the Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 1700 M Street N.W., Washington, D.C. 20036-3504 (Attn: AnnElyse Scarlett Gains (agains@gibsondunn.com) and S. Robert Marsters, Jr. (rmarsters@gibsondunn.com);

iv. Counsel to the ABL Lenders, Winston Taylor, 300 N. LaSalle Dr. Chicago, IL 60654-3406 (Attn: Dan McGuire (dan.mcguire@winstontaylor.com) and Jason Bennett (jason.bennett@winstontaylor.com); and

v. Special Litigation Counsel for Ronald J. Sommers, Chapter 7 Trustee for the SPV Debtors, Jones Murray LLP, 602 Sawyer, Suite 400 Houston, Texas 77007 (Attn: Erin E. Jones (erin@jonesmurray.com) and Christopher R. Murray (chris@jonesmurray.com) and Elsberg Baker & Maruri PLLC (Attn: David Elsberg (delsberg@elsberglaw.com), Michael Duke (mduke@elsberglaw.com), Vivek Tata (vtata@elsberglaw.com), Andrew Parks (aparks@elsberglaw.com) and Ella Epstein (eepstein@elsberglaw.com).

b. Any reference to the Debtors in the Compensation Order shall mean the Chapter 7 Trustee.

6. Notwithstanding anything to the contrary in the Final DIP Order [Docket No. 597],[3] the Retention Application, or this Order, MBS shall not be considered a "Professional Person" under the terms of the Final DIP Order.

7. MBS shall provide ten business days' notice to the Fee Notice Parties and the U.S. Trustee before any increases in the rates set forth in the Retention Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increases pursuant to sections 330 of the Bankruptcy Code.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. Notice of the Retention Application as set forth therein shall be deemed good and sufficient notice of the Retention Application, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

10. The Trustee is authorized to execute and deliver such documents and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

11. Nothwithstanding anything in the Final DIP Order or the Compensation Order to the contrary (i) nothing in the Application or Order approves or implies approval of the subordination of the DIP Liens to any claim asserted or assertable by the Applicant; and (ii) nothing in the

[3] "Final DIP Order" means *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting Related Relief* [Docket No. 608].

Application or this Order approves or implies approval or consent to the use of cash collateral by the DIP Secured Parties or Prepetition Secured Parties.

12. Notwithstanding anything to the contrary contained in the Application or this Order, any payment made, or to be made pursuant to the authority granted herein shall be expressly subject to and in accordance with any applicable financing or cash collateral orders entered in these case and any budget in connection with any use of cash collateral and/or postpetition debtor-in-possession financing authorized therein. Nothing in the Application or this Order shall constitute a waiver or substitution of any consent right required under any applicable financing order and/or budget.

13. To the extent the Retention Application, the Compensation Order or the Murphy Declaration are inconsistent with this Order, the terms of this Order shall govern.

14. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: ________________, 2026

________________________________
Honorable Christopher M. Lopez
United States Bankruptcy Judge