# EXHIBIT 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 7 |
| | § | |
| FIRST BRANDS GROUP, LLC, *et al.*, | § | Case No. 25-90399 (CML) |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

**NOTICE OF FILING OF STIPULATION AND AGREED ORDER (I) MODIFYING THE AUTOMATIC STAY TO PERMIT THE DIP AGENT TO SWEEP AND APPLY CASH COLLATERAL OF THE FBG CONVERTING DEBTORS AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that this notice of stipulation and agreed order is submitted by the Ad Hoc Hoc Group[2] on behalf of itself, the FBG Trustee, and the DIP Agent (collectively, the "Parties"), to advise the Court and parties in interest of the filing of the proposed *Stipulation and Agreed Order (I) Modifying the Automatic Stay to Permit the DIP Agent to Sweep and Apply Cash Collateral of the FBG Converting Debtors and (II) Granting Related Relief* (the "Proposed Stipulation and Agreed Order"), a copy of which is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to paragraph 12(f) of the Pre-Conversion DIP Order, the DIP Secured Parties may seek automatic stay relief on not less than five (5) business days' notice to the Remedies Notice Parties.

**PLEASE TAKE FURTHER NOTICE** that in light if the applicable provisions of the Pre-Conversion DIP Order, the findings and stipulations contained in the Forbearance Stipulation,

---

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Pre-Conversion DIP Order or the Conversion Order (each as defined in the Stipulation and Agreed Order), as applicable.

and the Proposed Stipulation and Agreed Order, the Parties respectfully request that the Court enter the Proposed Stipulation and Agreed Order **by no later than Monday October 26, 2026**.

Dated: October 19, 2026
Houston, Texas

Respectfully submitted,

*<u>/s/ Tom A. Howley</u>*
Tom A. Howley (Texas Bar No. 24010115)
Eric Terry (Texas Bar No. 00794729)
HOWLEY LAW PLLC
700 Louisiana Street, Suite 4220
Houston, TX 77002
Telephone: 713-333-9125
Email: tom@howley-law.com
eric@howley-law.com

Scott J. Greenberg (admitted *pro hac vice*)
C. Lee Wilson (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-351-4000
Email: sgreenberg@gibsondunn.com
clwilson@gibsondunn.com

-and-

AnnElyse Scarlett Gains (admitted *pro hac vice*)
S. Robert Marsters, Jr. (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER
1700 M Street N.W.
Washington, D.C. 20036-3504
Telephone: 202-955-8500
Email: agains@gibsondunn.com
rmarsters@gibsondunn.com

*Counsel to the Ad Hoc Group*

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2026, I caused a copy of the foregoing document to be served by electronic transmission to all registered ECF users appearing in these cases.

*/s/ Tom A. Howley*
Tom A. Howley

**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | **Case No. 25-90399 (CML)** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**STIPULATION AND AGREED ORDER**
**(I) MODIFYING THE AUTOMATIC STAY TO PERMIT**
**THE DIP AGENT TO SWEEP AND APPLY CASH COLLATERAL OF**
**THE FBG CONVERTING DEBTORS AND (II) GRANTING RELATED RELIEF**
**(Relates to Docket Nos. 608, 3506, & 3748)**

This Stipulation and Order (this "**Stipulation**") is entered into by and among (i) Eva S. Engelhart, solely in her capacity as chapter 7 trustee (the "**FBG Trustee**") of the estates of the FBG Converting Debtors[2] (the "**FBG Estates**"), (ii) the Ad Hoc Group, (iii) Wilmington Savings Fund Society, FSB, as administrative agent and collateral agent under the Pre-Conversion DIP Credit Agreement (the "**DIP Agent**," and each of the foregoing (i)-(iii), a "**Party**" and collectively, the "**Parties**"). Effective as of entry of this Stipulation by the Bankruptcy Court (as defined herein), the Parties hereby stipulate and agree as follows:

**WHEREAS**, on or around September 24, 2025 and September 28, 2025 (as applicable, the "**Petition Date**"), the Debtors commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**");

**WHEREAS**, on November 9, 2025, the Bankruptcy Court entered the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Prepetition Secured Parties; (III) Modifying the Automatic Stay; and (IV) Granting*

---

[1] A complete list of the "**Debtors**" in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Pre-Conversion DIP Order or the Conversion Order (each as defined herein), as applicable.

*Related Relief* [Docket No. 608] (the "**Pre-Conversion DIP Order**"), authorizing the *Senior Secured Superpriority Debtor-in-Possession Credit Agreement*, dated as of October 2, 2025 (as amended by the First Amendment dated as of November 5, 2025, and as further amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**Pre-Conversion DIP Credit Agreement**") and the facility thereunder (the "**Pre-Conversion DIP Facility**") on a final basis;

**WHEREAS**, under the Pre-Conversion DIP Order, (a) the DIP Agent, for the benefit of the DIP Secured Parties, holds automatically perfected, first-priority DIP Liens on, and DIP Superpriority Claims against, substantially all property of the DIP Loan Parties and the Parent Guarantors, excluding Avoidance Actions, but including all Cash Collateral, which includes all of their cash "wherever located and held, including cash in deposit accounts;"[3] (b) all cash receipts, Cash Collateral, and proceeds of DIP Collateral coming into the Debtors' possession remain subject to the DIP Liens until the DIP Obligations are paid in full in cash, and the Debtors were prohibited from opening any deposit account not subject to DIP Liens;[4] (c) cash withdrawn from the Escrow Account or the Proceeds Account constitutes DIP Term Priority Collateral;[5] (d) any person receiving DIP Collateral or proceeds thereof prior to payment in full of the DIP Obligations holds the same in trust for the benefit of the DIP Agent and the DIP Secured Parties and must immediately turn it over;[6] and (e) the DIP Obligations, DIP Liens, DIP Superpriority Claims, and all rights and remedies of the DIP Secured Parties are enforceable in any Successor Cases, including against any chapter 7 trustee (including the FBG Trustee), survive conversion of the Chapter 11 Cases, and the DIP Liens and DIP Superpriority Claims remain in full force and effect until the DIP Obligations are indefeasibly paid in full in cash;[7]

**WHEREAS**, under the Pre-Conversion DIP Credit Agreement, the Maturity Date (as defined in the Pre-Conversion DIP Credit Agreement) (the "**Maturity Date**") occurred on June 29, 2026; the Borrower did not repay the DIP Obligations in full and did not satisfy the conditions to a Borrower Maturity Election (as defined in the Pre-Conversion DIP Credit Agreement) under section 2.18 of the Pre-Conversion DIP Credit Agreement; and such failure, among other things, constituted an Event of Default under the Pre-Conversion DIP Credit Agreement, and, upon notice by the DIP Agent, constituted an Event of Default under the Pre-Conversion DIP Order;[8]

**WHEREAS**, on July 29, 2026, the Bankruptcy Court entered the S*tipulation and Agreed Order Regarding Forbearance from the Exercise of Remedies Arising from the Occurrence of the Maturity Date Under the DIP Credit Agreement* [Docket No. 3506] (the "**Forbearance Stipulation**," and the *Forbearance of the Senior Secured Superpriority Debtor-In-Possession Credit Agreement* attached thereto as Exhibit 1, the "**Forbearance Agreement**"), in which the Debtors, the Ad Hoc Group, the ABL Agent, and the Creditors' Committee acknowledged, and the Bankruptcy Court found, that (a) the DIP Obligations are legal, valid, binding, and enforceable,

---

3 Pre-Conversion DIP Order ¶¶ F, 8(a), 11.
4 *Id.* at ¶ 22(n)-(o).
5 *Id.* at ¶ 19(b).
6 *Id.* at ¶ 59.
7 *Id.* at ¶¶ 5, 25(b), 25(d), 31, 39, 40.
8 *See* Pre-Conversion DIP Credit Agreement § 9.01(a); Pre-Conversion DIP Order ¶ 25(b).

and the DIP Liens are valid, binding, enforceable, and non-avoidable, and properly perfected;[9] (b) a Termination Notice was delivered, the Remedies Notice Period under the Pre-Conversion DIP Order lapsed, and an Event of Default has occurred and is continuing;[10] (c) "the DIP Agent satisfies the statutory predicates for relief from the stay under sections 362(d)(1) and (d)(2) of the Bankruptcy Code" and "cause exists to modify or lift the stay . . . because the DIP Secured Parties are not adequately protected;"[11] and (d) to the fullest extent of the law, the terms of the Forbearance Stipulation bind any chapter 7 trustee appointed for the estates of the Debtors;[12]

**WHEREAS**, at a hearing on August 24, 2026, the Bankruptcy Court denied confirmation of the FBG Debtors' plan of reorganization, and on September 1, 2026 (the "**Conversion Date**"), the Bankruptcy Court entered the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "**Conversion Order**");

**WHEREAS**, the Conversion Order provides that, upon the Conversion Date, (a) the Converting Debtors and any trustee shall not be authorized or entitled to any continued use of any DIP Collateral absent the express written consent of the DIP Agent, the DIP Liens shall continue to attach to all such DIP Collateral, and the DIP Agent continues to benefit from all rights and terms of the Pre-Conversion DIP Order and the Forbearance Stipulation;[13] (b) all FBG Converting Debtor accounts transferred to the Trustee's control remain subject to the Pre-Conversion DIP Order and the liens and claims granted thereunder;[14] and (c) all prior orders in the Chapter 11 Cases, including the Pre-Conversion DIP Order, remain in full force and effect in these chapter 7 cases;[15]

**WHEREAS**, on September 1, 2026, the U.S. Trustee appointed the FBG Trustee as interim trustee of the FBG Converting Debtors [Docket No. 3753];

**WHEREAS**, the Pre-Conversion DIP Order and the Pre-Conversion DIP Credit Agreement required the Debtors to maintain minimum liquidity of $50 million, which was reduced to $25 million in or around April 2026, and what remains of that cash (the "**Remaining DIP Cash Collateral**")[16] is held in certain of the FBG Debtors' deposit and concentration accounts (collectively, the "**FBG Estate Accounts**");

**WHEREAS**, the advisors to the DIP Secured Parties have requested that the FBG Trustee consent to the DIP Agent's sweep of the Remaining DIP Cash Collateral, and the FBG Trustee, in the exercise of her business judgment and in light of (a) the DIP Secured Parties' senior, perfected, unavoidable liens on and superpriority claims against the Remaining DIP Cash Collateral, (b) the Bankruptcy Court's findings in the Forbearance Stipulation and the Conversion Order, (c) the cost

---

9 *See* Forbearance Stipulation ¶ 2.
10 *Id.* at ¶ 3.
11 *Id.* at ¶ 7.
12 *Id.* at ¶ 10.
13 *See* Conversion Order ¶ 3.
14 *See id.* at ¶ 8.
15 *See id.* at ¶ 12.
16 As of October 15, 2026, the amount of Remaining DIP Cash Collateral was approximately $23.93 million.

and uncertainty of contested automatic stay relief litigation, and (d) the Parties' broader forthcoming settlement, including chapter 7 financing to be provided by certain members of the Ad Hoc Group, has agreed to the relief set forth herein;

**WHEREAS**, the Pre-Conversion DIP Order expressly allows the DIP Secured Parties to seek automatic stay relief on only five (5) business day notice following: (a) the delivery of a Termination Notice (which lapsed pursuant to the Forbearance Stipulation)[17] and (b) the expiration of the Remedies Notice Period(which lapsed pursuant to the Forbearance Stipulation);[18]

**WHEREAS**, in reliance on the Pre-Conversion DIP Order and the Conversion Order, and because the relief herein is consensual as between the FBG Trustee and the DIP Agent, the Parties present this Stipulation and request that the Bankruptcy Court find such notice sufficient and shorten any longer period required under Bankruptcy Rule 4001(d) or the Bankruptcy Local Rules pursuant to paragraph 12(f) of the Pre-Conversion DIP Order; and

**WHEREAS**, the Bankruptcy Court has reviewed the Stipulation and considered the relief requested herein; this Bankruptcy Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; the Bankruptcy Court has found that these are core proceedings pursuant to 28 U.S.C. § 157(b)(2); the Bankruptcy Court has found that it may enter a final order consistent with Article III of the United States Constitution; the Bankruptcy Court has found that venue of these proceedings and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Bankruptcy Court has found that the notice of the Stipulation was appropriate under the circumstances and no other notice need be provided; the Bankruptcy Court has determined that entry of this Stipulation is reasonable and appropriate.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:**

1. Upon all of the proceedings had before this Bankruptcy Court, and after due deliberation and sufficient cause appearing therefor, this Bankruptcy Court finds that: (i) it has jurisdiction over the matters raised in this Stipulation pursuant to 28 U.S.C. § 1334; (ii) notice of this Stipulation was appropriate under the terms of the DIP Documents, the Pre-Conversion DIP Order, and the circumstances, and no other notice need be provided.

2. The Parties acknowledge and reaffirm, and the Bankruptcy Court finds and reaffirms, that (a) the DIP Obligations constitute legal, valid, binding, and enforceable obligations of the DIP Loan Parties, the Parent Guarantors, and the FBG Estates; (b) the DIP Liens are valid,

---

[17] *See* Pre-Conversion DIP Order ¶ 12(d).
[18] *See id.* at ¶ 12(d).

binding, enforceable, non-avoidable, and properly perfected; (c) the DIP Superpriority Claims are allowed superpriority administrative expense claims against the FBG Estates with priority over all other claims; and (d) as of the date hereof, the FBG Trustee, the FBG Estates, and all other parties in interest in these chapter 7 cases have no valid defense, counterclaim, offset, recoupment, or claim of any kind against the DIP Agent, the Ad Hoc Group, or the DIP Secured Parties with respect to the DIP Obligations, subject only to a Challenge, as applicable, from the FBG Trustee.

3. All Remaining DIP Cash Collateral, regardless of where held and whether existing on the Conversion Date or thereafter received, constitutes "Cash Collateral" within the meaning of paragraph F of the Pre-Conversion DIP Order and section 363(a) of the Bankruptcy Code, and DIP Collateral subject to DIP Liens and DIP Superpriority Claims.

4. Consistent with paragraph 7 of the Forbearance Stipulation, the Parties acknowledge and consent to the Bankruptcy Court modifying and/or lifting the automatic stay under section 362 of the Bankruptcy Code to implement this Stipulation. The Bankruptcy Court orders that the automatic stay is modified and/or lifted to allow the DIP Agent, on behalf of the DIP Lenders, to implement the agreed terms outlined in this Stipulation. For the avoidance of doubt, the Parties acknowledge and agree, and this Bankruptcy Court finds, that the DIP Agent satisfies the statutory predicates for relief from the automatic stay under section 362(d) of the Bankruptcy Code; *provided* that no relief from the automatic stay is being sought other than as required to implement the terms of the Stipulation. The Parties acknowledge and agree, and this Bankruptcy Court finds, that cause exists to modify or lift the automatic stay to implement this Stipulation because the DIP Secured Parties are not adequately protected.

5. The automatic stay under section 362(a) of the Bankruptcy Code is modified, without further notice, hearing, or order, to permit the DIP Agent (acting at the direction of the

Required Lenders) to (a) sweep, collect, set off against, take possession and control of, and apply all Remaining DIP Cash Collateral to the DIP Obligations in accordance with the DIP Documents and the Pre-Conversion DIP Order; and (b) take all other actions the DIP Agent determines to be necessary, appropriate, or prudent in connection therewith, including delivering notices of exclusive control and sweep or transfer instructions to any bank at which an FBG Estate Account is maintained (each, a "**Depository Bank**"), exercising rights under any control agreement, collecting and endorsing items of payment constituting proceeds of DIP Collateral, and executing and delivering related documents. Each Depository Bank is authorized and directed to comply with the DIP Agent's instructions in respect of any FBG Estate Account without further consent of the FBG Trustee or any other person and without liability for doing so in good faith.

6. After entry of this Stipulation by the Court and within two (2) business days after the DIP Agent provides wire instructions to the FBG Trustee in writing (email shall suffice), the FBG Trustee shall (a) deliver to the DIP Agent a schedule of all FBG Estate Accounts and balances as of the immediately preceding business day, with supporting statements reasonably requested; and (b) wire all Remaining DIP Cash Collateral that does not constitute Excluded Property (as defined below) then held in the FBG Estate Accounts to the account(s) designated by the DIP Agent. The FBG Trustee shall execute such further instructions and documents and take such further actions as the DIP Agent reasonably requests to effectuate the foregoing, without prejudice to the DIP Agent's right to sweep the Remaining DIP Cash Collateral that does not constitute Excluded Property directly as provided herein.

7. The DIP Agent shall apply Remaining DIP Cash Collateral (once swept in accordance with the terms set forth herein) to the DIP Obligations in accordance with the Pre-Conversion DIP Credit Agreement and paragraph 54(e) of the Pre-Conversion DIP Order and shall

deliver to the FBG Trustee, within five (5) business days after each application, a statement (email shall suffice) of the amount applied and the remaining DIP Obligations.

8. Nothing in this Stipulation authorizes the sweep or application of, or constitutes a finding regarding the ownership or encumbrance of, funds held in a segregated account that may not be disbursed absent a further order of the Bankruptcy Court or consensual agreement of the parties (collectively, the "**Excluded Property**"), with respect to which the Parties shall comply with all orders and rulings of the Bankruptcy Court. For the avoidance of doubt, should the Bankruptcy Court deny the relief requested by the Evolution Motion,[19] only the funds in the Segregated Accounts (as defined in the Jerneycic Declaration)[20] and hereafter received in the BPI Collection Accounts (as defined in the Jerneycic Declaration) that are attributable to postpetition sales from the Distribution Centers (as defined in the Jerneycic Declaration) shall remain segregated pending further order of the Bankruptcy Court in the Inventory Adversary.[21] Excluded Property later determined by final order of the Bankruptcy Court or agreement by the parties to be property of the FBG Estates and/or DIP Collateral shall thereupon constitute Remaining DIP Cash Collateral subject to this Stipulation.

9. This Stipulation shall not (a) be modified, altered, amended, or vacated without the written consent of the FBG Trustee, the Ad Hoc Group, and the DIP Agent (email shall suffice), provided that paragraph 8 herein may not be modified, altered, or amended without authorization of the Court, or (b) except as expressly set forth herein, impair any right, defense, or obligation of

---

[19] "**Evolution Motion**" means the *Emergency Motion of Evolution Credit Partners to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds into the Court Registry* [Docket No. 3792].

[20] "**Jerneycic Declaration**" means the *Declaration of Daniel Jerneycic in Connection with Trustee's Objection to the Emergency Motion of Evolution Credit Partners to Compel Turnover and Deposit of Disputed Post-Petition Accounts Receivable Proceeds into the Court Registry* [Docket No. 3879-1].

[21] "**Inventory Adversary**" means *Evolution Credit Opportunity Master Fund II-B, L.P. v. First Brands Group, LLC et al.*, Adversary No. 25-03800 (CML) (Bankr. S.D. Tex.).

the DIP Secured Parties under the DIP Documents, including any future rights to file a Stay Relief Motion pursuant to the terms of the DIP Documents, subject to the terms thereof, the Pre-Conversion DIP Order, and the Bankruptcy Code.

10. Immediately upon entry of this Stipulation (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall be valid and effective, shall inure to the benefit of the FBG Trustee, the FBG Estates, and the DIP Secured Parties, and shall be binding upon the Parties and, to the greatest extent allowed under applicable law, the respective successors and assigns of the Parties, including any chapter 7 trustee or other fiduciary hereafter appointed or elected for the FBG Estates in these chapter 7 cases or any Successor Cases.

11. The fourteen-day stay provided under Bankruptcy Rule 4001(a)(3) shall not apply, and this Stipulation shall be immediately effective and enforceable upon entry.

12. Except as modified by this Stipulation, all of the terms, conditions, and provisions of the Pre-Conversion DIP Order, the Forbearance Stipulation, and the Conversion Order are ratified and reaffirmed in all respects and shall remain in full force and effect. The terms and conditions of this Stipulation are non-severable and mutually dependent. Nothing in this Stipulation shall order, imply, or be construed or interpreted to permit any termination, exercise of rights, or remedies of parties other than the DIP Secured Parties (in accordance with the DIP Documents) with respect to any Prepetition Collateral, Collateral that is not DIP Collateral, or any rights of any Prepetition Secured Party.

13. The delay or failure to exercise rights and remedies under the Pre-Conversion DIP Order, this Stipulation, or the DIP Documents shall not constitute a waiver of the DIP Secured Parties' rights thereunder or otherwise. The relief granted in this Stipulation is without prejudice to the DIP Agent's rights to seek additional relief.

14. The FBG Trustee, the FBG Converting Debtors, the Ad Hoc Group, and the DIP Agent are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Stipulation.

15. To the extent any provision of this Stipulation is inconsistent with the Pre-Conversion DIP Order, the Forbearance Stipulation, or any prior order of the Bankruptcy Court authorizing financing for or the use of Cash Collateral by the Debtors, this Stipulation shall govern.

16. The Bankruptcy Court retains sole and exclusive jurisdiction over all matters arising from or related to the interpretation, implementation, or enforcement of this Stipulation.

Dated: ____________________, 2026

________________________________________
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**
Dated: October 19, 2026

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl (TX 24038592)
Eric M. English (TX 24062714)
M. Shane Johnson (TX 24083263)
Grecia V. Sarda (TX 24132092)
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email: jwolfshohl@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
gsarda@porterhedges.com

*Proposed Counsel to Eva S. Engelhart, solely in her capacity as the chapter 7 trustee of the FBG Converting Debtors*

*/s/ Matthew R. Bentley*
Matthew R. Bentley
ARENTFOX SCHIFF LLP
233 South Wacker Drive, Suite 7100
Chicago, IL 60606
Telephone: 312-258-5500
Email: matthew.bentley@afslaw.com

*Counsel to the DIP Agent*

*/s/ Tom A. Howley*
Tom Howley (Texas Bar No. 24010115)
Eric Terry (Texas Bar No. 00794729)
HOWLEY LAW PLLC
700 Louisiana Street, Suite 4545
Houston, TX 77002
Telephone: 713-333-9125
Email: tom@howley-law.com
eric@howley-law.com

Scott J. Greenberg (admitted *pro hac vice*)
C. Lee Wilson (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-351-4000
Email: sgreenberg@gibsondunn.com
clwilson@gibsondunn.com

-and-

AnnElyse Scarlett Gains (admitted *pro hac vice*)
S. Robert Marsters, Jr. (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street N.W.
Washington, D.C. 20036-3504
Telephone: 202-955-8500
Email: agains@gibsondunn.com
rmarsters@gibsondunn.com

*Counsel to the Ad Hoc Group*

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Tom A. Howley*____________
Tom Howley