# EXHIBIT 9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.*, | ) | Case No. 25-90399 (CML) |
| Debtors.[1] | ) | Jointly Administered |

**EVOLUTION AND RONALD J. SOMMERS'**
**(I) OBJECTION TO THE PROPOSED STIPULATION AND ORDER**
**TO PERMIT THE DIP AGENT TO SWEEP AND APPLY CASH COLLATERAL**
**OF THE FBG CONVERTING DEBTORS; AND (II) RESERVATION OF RIGHTS**

**(Relates to Docket No. 3953)**

Evolution Credit Opportunity Master Fund II-B, LP, Evolution Credit Partners Trade Finance Master L.P., and Evolution Credit Opportunity Master Fund III-B, LP (collectively, and together with their successors and assigns, "Evolution") and Ronald J. Sommers, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of Patterson Inventory Holdings, LLC, Patterson Inventory, LLC, Starlight Inventory Holdings I, LLC, and Starlight Inventory I, LLC (collectively, the "Evolution SPV Debtors") hereby submit this objection (the "Objection") to the proposed *Stipulation and Agreed Order (I) Modifying the Automatic Stay to Permit the DIP Agent to Sweep and Apply Cash Collateral of the FBG Converting Debtors and (II) Granting Related Relief* [Docket No. 3953] (the "Proposed Stipulation"), and also file this notice and reservation of rights (the "Reservation of Rights"). In support of this Objection and Reservation of Rights, Evolution and the Trustee respectfully state as follows:

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

## OBJECTION AND RESERVATION OF RIGHTS

1. Evolution and the Trustee object to the Proposed Stipulation to preserve their rights in the disputed $21.2 million in post-petition accounts receivable proceeds, which the Trustee contends belong to the Evolution SPV Debtors' estates and which Evolution claims as its cash collateral.

2. The Proposed Stipulation would modify the automatic stay to permit the DIP Agent to "sweep, collect, set off against, take possession and control of, and apply all Remaining DIP Cash Collateral to the DIP Obligations." Proposed Stipulation ¶ 5(a).[2] It carves out of the sweep only "funds held in a segregated account that may not be disbursed absent a further order of the Bankruptcy Court or consensual agreement of the parties." *Id.* ¶ 8.

3. As written, the carve-out does not appear to reach the approximately $21.2 million of disputed funds at issue in the Evolution Motion. In her October 12, 2026 objection to the Evolution Motion, the FBG Trustee reported that the segregated accounts hold approximately $1.9 million and asserted that "all remaining estate unrestricted cash held by the estates is DIP Collateral." Docket No. 3879 ¶¶ 27, 29. On September 28, 2026, counsel for the FBG Trustee told the Court that the estates held "about $24.8 million" in "unrestricted funds." Sept. 28, 2026 Hr'g Tr. at 8:22–23 [Docket No. 3935-55].[3] Thus, the Proposed Stipulation appears to allow the DIP Agent to sweep the very cash from which Evolution and the Trustee ask the Court to fund a $21.2 million deposit into the Court's registry.[4]

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the Proposed Stipulation.

[3] The Proposed Stipulation states that, "[a]s of October 15, 2026, the amount of Remaining DIP Cash Collateral was approximately $23.93 million." Proposed Stipulation at 3 n.16.

[4] Although the Proposed Stipulation states that, "[f]or the avoidance of doubt, should the Bankruptcy Court deny the relief requested by the Evolution Motion, only the funds in the Segregated Accounts … and hereafter received in the BPI Collection Accounts … that are attributable to postpetition sales from the Distribution Centers … shall remain segregated pending further order of the Bankruptcy Court in the Inventory Adversary," Proposed Stipulation ¶ 8, it

4. Evolution and the Trustee have sought to preserve these proceeds of sales of Evolution's collateral, and the Evolution Motion remains pending.[5] In its October 12, 2026 objection to the Evolution Motion, the Ad Hoc Group announced that the DIP Lenders would "seek relief from the automatic stay … to obtain possession of their cash collateral" because the Ad Hoc Group "cannot risk continued attempts by purported creditors to seize the DIP Secured Parties' property." Docket No. 3880 ¶ 3. A week later, the FBG Trustee, the Ad Hoc Group, and the DIP Agent filed the Proposed Stipulation. The DIP Lenders cannot simply sweep the funds while proceeds of inventory sales are disputed; this is precisely why Evolution and the Trustee have requested that such disputed proceeds be deposited into the Court's registry.

5. At the Court's September 28, 2026 status conference, counsel for the FBG Trustee stated that the FBG Trustee is "prepared to not let the estate's cash balance go below" approximately $21.2 million "in the interim." Sept. 28, 2026 Hr'g Tr. at 8:17–19 [Docket No. 3935-55]. Counsel for the FBG Trustee also made the same commitment in emails dated September 18, 2026, and October 15, 2026. Following the Court's October 21, 2026 hearing, counsel for the FBG Trustee and the DIP Agent further confirmed to counsel for Evolution and the Trustee that the DIP Agent will not sweep the approximately $21.2 million of disputed funds that are the subject of the Evolution Motion while the motion remains pending.

6. Despite these representations, the Proposed Stipulation does not expressly exclude the $21.2 million from the sweep. Accordingly, Evolution and the Trustee object to the Proposed

---

does not make clear that at least $21.2 million of unrestricted cash in the FBG Estate Accounts will be preserved pending resolution of the Evolution Motion.

[5] Evolution moved to segregate the proceeds on July 8, 2026 [Docket No. 3144], and the Trustee joined that motion on July 9, 2026 [Docket No. 3151]. On September 15, 2026, Evolution filed the Evolution Motion [Docket No. 3792], which asks the Court to compel the FBG Trustee to deposit no less than $21.2 million into the Court's registry pending resolution of the Inventory Adversary. Evolution Motion ¶ 7. The Trustee joined on September 17, 2026 [Docket No. 3799].

Stipulation to the extent it would permit the sweep, transfer, setoff, or application of any portion of those funds. Any order approving the Proposed Stipulation should, consistent with the FBG Trustee's representations, expressly exclude the $21.2 million from the sweep and require the FBG Trustee to hold that amount pending further order of the Court.

7. Evolution and the Trustee also object to the Proposed Stipulation to the extent it purports to bar or limit avoidance actions or other claims or defenses against the DIP Agent, the Ad Hoc Group, or the DIP Secured Parties. Paragraph 2 of the Proposed Stipulation would have the Court find that the DIP Liens are "non-avoidable" and that "all other parties in interest in these chapter 7 cases have no valid defense, counterclaim, offset, recoupment, or claim of any kind against the DIP Agent, the Ad Hoc Group, or the DIP Secured Parties with respect to the DIP Obligations, subject only to a Challenge, as applicable, from the FBG Trustee." Proposed Stipulation ¶ 2(b), (d). Neither Evolution nor the Trustee signed the Proposed Stipulation, and an agreed order among other parties should not extinguish their potential claims or defenses. Any order approving the Proposed Stipulation should preserve Evolution's and the Trustee's rights to bring such actions and assert such claims or defenses, whether with respect to the disputed $21.2 million or not.

8. As written, Paragraph 2 would operate as an impermissible non-consensual third-party release of causes of action in favor of the DIP Agent, the Ad Hoc Group, and the DIP Secured Parties. *See, e.g.*, *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 227 (2024) ("[T]he bankruptcy code does not authorize a release and injunction that … effectively seeks to discharge claims against a nondebtor without the consent of affected claimants."); *In re Patriot Place, Ltd.*, 486 B.R. 773, 822 (Bankr. W.D. Tex. 2013) ("[N]on-consensual, non-debtor releases in bankruptcy proceedings in this circuit have been 'explicitly prohibited,' this circuit has 'firmly

pronounced its opposition to such releases,' and the 'Bankruptcy Code precludes non-consensual, non-debtor releases.'" (quoting *In re Vitro S.A.B. de C.V.*, 701 F.3d 1031, 1059, 1062, 1069 (5th Cir. 2012))); *see also In re Highland Cap. Mgmt., L.P.*, 132 F.4th 353, 358-59 (5th Cir. 2025) (explaining that the Fifth Circuit has "always recognized and enforced limitations on bankruptcy courts' power to shield non-debtors from liability").

9. Here, neither Evolution nor the Evolution SPV Debtors' estates provided releases of any claims arising out of the disputed funds to the DIP Agent, the DIP Secured Parties, or the Ad Hoc Group. For the avoidance of doubt, Evolution and the Trustee expressly reserve, and do not waive, release, or relinquish, any rights to assert avoidance actions, or to seek setoff, recoupment, or similar relief, or to assert any other claims or defenses, that they may have or be entitled to assert against the DIP Agent, the Ad Hoc Group, or the DIP Secured Parties. Evolution and the Trustee further reserve all rights with respect to the Evolution Motion, the Inventory Adversary, and any revised form of the Proposed Stipulation, and the right to be heard at any hearing on the Proposed Stipulation.

## CONCLUSION

10. For the reasons set forth herein, Evolution and the Trustee respectfully request that, if the Court enters the Proposed Stipulation, it make clear that (a) the unrestricted cash in the FBG Estate Accounts may not drop below $21.2 million absent further order of the Court; and (b) nothing in the Proposed Stipulation bars or limits Evolution's or the Trustee's rights to assert avoidance actions, or to seek setoff, recoupment, or similar relief, or to assert any other claims or defenses, against the DIP Agent, the Ad Hoc Group, or the DIP Secured Parties.

Respectfully submitted this October 23, 2026,

**GRAY REED**

*/s/ Jason S. Brookner*
Jason S. Brookner
Texas Bar No. 24033684
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: jbrookner@grayreed.com

-and-

**PROSKAUER ROSE LLP**
Vincent Indelicato (admitted *pro hac vice*)
Matthew R. Koch (admitted *pro hac vice*)
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900
Email: vindelicato@proskauer.com
mkoch@proskauer.com

-and-

Charles A. Dale (admitted *pro hac vice*)
One International Plaza
Boston, MA 02110-2600
Telephone: (617) 526-9600
Email: cdale@proskauer.com

*Counsel for Evolution*

**JONES MURRAY LLP**

*/s/ Erin E. Jones*
Erin E. Jones
Chris R. Murray
602 Sawyer, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Facsimile: (832) 529-3393
Email: erin.jones@jonesmurray.com
chris@jonesmurray.com

*Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Evolution SPV Debtors*

-and-

**ELSBERG BAKER & MARURI PLLC**
Michael Duke (admitted *pro hac vice*)
David Elsberg (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Andrew Parks (admitted *pro hac vice*)
Ella Epstein (admitted *pro hac vice*)
Victoria Klevan (admitted *pro hac vice*)
350 Fifth Avenue, 38th Floor
New York, NY 10118
Telephone: (212) 597-2600
Email: mduke@elsberglaw.com
delsberg@elsberglaw.com
vtata@elsberglaw.com
aparks@elsberglaw.com
eepstein@elsberglaw.com
vklevan@elsberglaw.com

*Counsel for Evolution and Special Litigation Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Evolution SPV Debtors*

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner