**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | **(Previously Chapter 11)** |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | § | |
| | § | **Case No. 25-90399 (CML)** |
| **Debtors.**[1] | § | |
| | § | **Jointly Administered** |
| | § | |

**ORDER APPROVING (I) THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND (II) GRANTING RELATED RELIEF**
**(Relates to Docket No. 1244 & _________)**

Pursuant to and in accordance with the *Order (I) Approving Procedures to (A) Assume or Assume and Assign or (B) Reject, Unexpired Leases and Executory Contracts, (II) Approving Abandonment of Property in Connection with Rejection of Unexpired Leases and (III) Granting Related Relief* (Docket No. 1244) (the "**Procedures Order**");[2] and Eva Engelhart, the chapter 7 trustee (the "**FBG Trustee**"), having properly filed with this Court and served on the Master Notice Parties a notice [Docket No. [●]] (the "**Rejection Notice**") of her intent to reject the FBG Debtors' executory contracts (the "**Contracts**") identified on **Schedule 1**, attached hereto; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and no timely objections having been filed to the Rejection Notice; and the Court having found and determined that the relief

[1] "**FBG Debtors**" means First Brands Group, LLC, First Brands Group Holdings, LLC ("**FBGH**"), FBGH's direct and indirect debtor subsidiaries, and Viceroy Private Capital, LLC. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order.

requested is in the best interests of the FBG Debtors, their estates, their creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Contracts are hereby rejected as set forth herein, effective as of the date set forth for each Contract on **Schedule 1**, attached hereto; *provided* that the rejection date for real property leases will be the later of (i) the FBG Trustee's unequivocal surrender of the Leased Premises via the delivery of any keys, key codes, and alarm codes to the Leased Premises, each as applicable, to the applicable lease counterparty, or in the absence of delivering such keys and codes, providing notice to the landlord or Counterparty that such party may enter and re-let the Leased Premises, and (ii) the date provided for herein (the "**Rejection Date**").

2. If a Counterparty has a claim for damages as a result of the FBG Trustee's rejection of any applicable Contract set forth in the Rejection Notice, such Counterparty must submit a proof of claim on or before the later of (i) the deadline for filing proofs of claim established in these cases; (ii) 4:00 p.m. (Central Time) on the first business day that is 30 calendar days after the entry of this Order; and (iii) any applicable date established by further order of this Court. If no proof of claim is timely filed, such Counterparty shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these cases.

3. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as: (i) an admission as to the validity of any claim against the FBG Debtors; (ii) a waiver or limitation of the FBG Trustee's, the FBG Debtors', or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the FBG Trustee's or the FBG Debtors' rights under the

Bankruptcy Code or any other applicable nonbankruptcy law; (iv) an agreement or obligation to pay any claims; (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (vi) except as expressly set forth herein, an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

4. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

5. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

6. The FBG Trustee is authorized to take all actions necessary to implement the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: ______________________, 2026
Houston, Texas

_____________________________________
Honorable Christopher M. Lopez
United States Bankruptcy Judge

## Schedule 1

**List of Rejected Contracts[1]**

| NO. | COUNTERPARTY | DESCRIPTION OF CONTRACT | DEBTOR | REJECTION DATE |
|---|---|---|---|---|
| 1. | SmartestEnergy US LLC<br>c/o Baker Botts L.L.P.<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Attn: Scott R. Bowling | Utility Contract<br>Utility Account No.<br>08065744972270016569<br>Billing Account No.<br>08065744972270016569<br>Customer Number: C000333338 | Eagle Machining LLC | November 11, 2026 |

[1] The inclusion of a Contract on this list does not constitute an admission (i) that a particular Contract is an executory contract within the meaning of the Bankruptcy Code, (ii) as to the executory or non-executory nature of the Contract, (iii) as to the expired or unexpired nature of such Contract, or (iv) as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.