**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| | § | **Case No. 25-90399 (CML)** |
| **FIRST BRANDS GROUP, LLC, et al.,** | § | **Re: Docket No. 2675** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors.**[1] | § | |

**ABL AGENT'S AGREED MOTION**
**FOR ENTRY OF AN ORDER GRANTING RELIEF**
**FROM THE AUTOMATIC STAY TO ALLOW RELEASE OF**
**CERTAIN FUNDS HELD IN ESCROW PURSUANT TO THE TMD SALE ORDER**

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 9, 2026.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Bank of America, N.A., in its capacity as the agent (the "ABL Agent") for the prepetition secured ABL lenders (the "ABL Lenders") of the majority of the First Brands Group, LLC debtors

[1] A complete list of the Debtors (as defined below) in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The Debtors' service address for these chapter 7 cases is Eva S. Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

(collectively, the "Debtors") in the above-captioned chapter 7 cases (the "Chapter 7 Cases"), hereby moves (this "Motion") the Court for entry of an order, substantially in the form filed with this Motion, granting relief from the automatic stay pursuant to section 362 of the Bankruptcy Code (the "Order"). In support of this Motion, the ABL Agent respectfully states as follows:

## RELIEF REQUESTED

1. By this Motion, and pursuant to sections 362(d)(1) and 362(d)(2) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), the ABL Agent requests entry of the Order (a) modifying the automatic stay under section 362(a) of the Bankruptcy Code, to the extent applicable, to permit the release from escrow to the ABL Agent, free of any restriction on its use, of the TMD escrowed funds being held in escrow by the ABL Agent for the benefit of the ABL Lenders pursuant to paragraph 43 of the TMD Sale Order (as defined below), in the amount of approximately $18,806,312.18 as of November 19, 2026 (together with any interest or earnings accrued thereon, the "TMD Escrowed Funds"), including for application to the obligations owed to the ABL Agent and the ABL Lenders (the "ABL Obligations"), (b) waiving the fourteen-day stay of the Order under Bankruptcy Rule 4001(a)(3), and (c) granting such other relief as the Court deems just and proper. The relief requested is strictly limited to the TMD Escrowed Funds. It does not extend to any other cash, account, or asset of the Debtors or of any other estate.

2. The chapter 7 trustee for the Debtors (the "Trustee") and the Ad Hoc Group do not oppose the relief requested in this Motion.

## **JURISDICTION AND VENUE**

3. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 1334(b) and 157 and the General Order of Reference from the United States District Court for the Southern District of Texas dated as of May 24, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory and legal predicates for the relief requested herein are section 362(d) of the Bankruptcy Code, Bankruptcy Rules 4001(a) and 9014, and Bankruptcy Local Rule 4001-1(a).

## **BACKGROUND**

6. On September 24, 2025, and September 28, 2025, as applicable (the "Petition Date"), the Debtors commenced chapter 11 cases in this Court.

7. Prior to the Petition Date, First Brands Group, LLC and certain of its affiliates, as borrowers and guarantors, the ABL Lenders, and the ABL Agent entered into the ABL Credit Agreement, dated as of February 2, 2018, and related loan and collateral documents.

8. On May 14, 2026, the Court entered the *Order (A) Authorizing and Approving Sale of Debtors' Toledo Molding & Die Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 2675] (the "TMD Sale Order"), approving the sale of the Debtors' TMD assets free and clear of liens, claims, encumbrances, and interests. The ABL Secured Parties, the Ad Hoc Group, the Creditors' Committee, and the Onset Parties each expressly consented to the sale on the terms set forth in the TMD Sale Order.

9. Paragraph 43 of the TMD Sale Order required Ford Motor Company and FCA US LLC to pay the Debtors the outstanding postpetition accounts receivable listed on Exhibit 3 to the

TMD Sale Order, and provides that, "[a]s part of the agreement with the ABL Agent . . . , the Postpetition AR in the amount indicated on Exhibit 3 will be transferred by the Debtors *to the ABL Agent* within five business days of the Closing to be held in escrow *for the benefit of the ABL Lenders*." TMD Sale Order ¶ 43 (emphasis added).[2] The ABL Lenders are the only beneficiaries of the TMD Escrowed Funds.

10. By contrast, the TMD Sale Order provides for different treatment of the Prepetition AR. Paragraph 43 of the TMD Sale Order provides that the Prepetition AR was to be deposited "into the Factored Receivables Accounts . . . in accordance with the Cash Management Order." *Id.* For the avoidance of doubt, the ABL Agent does not seek relief from the automatic stay in connection with the Prepetition AR or the Factored Receivables Accounts.

11. On or about May 26, 2026, TMD Escrowed Funds totaling approximately $18.8 million (approximately $14.5 million owed by Ford Motor Company and approximately $4.3 million owed by FCA US LLC (Stellantis)) were transferred to the ABL Agent, which the ABL Agent (not the Debtors) has continued to hold in escrow for the benefit of the ABL Lenders. While the TMD Escrowed Funds are being held solely for the benefit of the ABL Lenders, by its terms, the TMD Sale Order does not expressly permit the ABL Agent to use these escrowed funds. This Motion simply seeks entry of the attached Order authorizing the ABL Agent to use or apply these escrowed funds for the benefit of the ABL Lenders.

12. In connection with the going concern sales of the Debtors' assets, sale proceeds were treated differently depending on whether more than one party asserted a first priority lien on them. Where a competing interest was asserted, the proceeds were escrowed or segregated pending

[2] Reference in this Motion to the TMD Escrowed Funds refers to the "Postpetition AR" identified in ¶ 43 of the TMD Sale Order.

agreement of the parties or further order of the Court. For example, the *Order (A) Authorizing and Approving Sale of Debtors' Walbro Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 2154] (the "Walbro Sale Order") directed that the Walbro AR "be held in escrow for the benefit of the ABL Lenders *and* Evolution pending further order of the Court as to the entitlement to such amounts as between the ABL Agent and Evolution,"[3] because Evolution asserted a competing interest in those proceeds. Walbro Sale Order ¶ 46 (emphasis added). The Walbro Sale Order expressly reserves the rights of both "Evolution [and] the ABL Agent to assert a first priority secured claim against the Walbro AR." *Id.* ¶ 47. Similarly, cash in which Onset Financial, Inc. ("Onset") asserts an interest is held in segregated accounts, subject to Onset's asserted liens, that remain in place pending a written stipulation of the parties or further order of the Court. *See Stipulation and Agreed* Order *Regarding Adequate Protection Among Debtors and Onset Financial, Inc.* [Docket No. 732] (the "Onset AP Order") ¶¶ 4(A), 4(C), 5(B), 12; *see also Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind* Down *Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 2454] (the "Wind Down Order") ¶¶ 37–38 (directing that proceeds of Wind Down Assets subject to competing asserted interests be deposited into segregated accounts that "may not be distributed without further Court order"). The TMD Escrowed Funds do not fall into that category. No party asserted that the ABL Agent does not hold a first priority lien on the TMD Escrowed Funds, and the TMD Sale Order

[3] As used herein, "Evolution" refers to, collectively, Evolution Credit Opportunity Master Fund II-B, L.P., Evolution Credit Partners Trade Finance Master L.P. (as successor in interest to Evolution Credit Partners Trade Finance L.P.), Evolution Credit Opportunity Master Fund III-B, LP, and certain other Evolution affiliated funds.

accordingly directed that they be held in escrow for the benefit of the ABL Lenders alone. TMD Sale Order ¶ 43.

13. At a hearing on August 24, 2026, the Court denied confirmation of the FBG Debtors' chapter 11 plan. On September 1, 2026 (the "Conversion Date"), the Court entered the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "Conversion Order"), converting these cases to cases under chapter 7 of the Bankruptcy Code. On the Conversion Date, Eva S. Engelhart was appointed trustee of the Debtors.

14. The Conversion Order provides that all prior orders entered in the chapter 11 cases remain in full force and effect in these Chapter 7 Cases. Conversion Order ¶ 12. Accordingly, the TMD Sale Order is binding on, and not subject to rejection or avoidance by, the Trustee. *See* TMD Sale Order ¶ 53 ("The APA, the Sale Transaction, the Transaction Agreements, and this Sale Order shall be enforceable against and binding upon, and shall not be subject to rejection or avoidance by, any chapter 7 or chapter 11 trustee appointed in these chapter 11 cases.").

## **THE STAY PROTECTS NOTHING AND SHOULD BE LIFTED**

15. Section 362(d) of the Bankruptcy Code provides in relevant part that:

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1)–(2) (emphasis added).

16. The two grounds are independent. Once met, either one requires relief. The party requesting relief bears the burden of proof on the debtor's equity in the property, and the party opposing relief bears the burden on all other issues. 11 U.S.C. § 362(g).

**A. Cause Exists Under Section 362(d)(1)**

17. Lack of adequate protection is only one example of cause. The statute requires relief "*for cause*, including the lack of adequate protection." 11 U.S.C. § 362(d)(1) (emphasis added). The Bankruptcy Code does not define "cause," leaving courts with flexibility to grant relief based on the totality of the circumstances. *See Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238, 253 (5th Cir. 2006); *see also In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986) ("Both of these provisions allow relief to be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts."). Courts in this district look to, among other things, interference with the bankruptcy case, injury to the debtor and other creditors if the stay is modified, injury to the movant if it is not, and the proportionality of those harms. *In re Mosher*, 578 B.R. 765, 772 (Bankr. S.D. Tex. 2017) (analyzing five factors in addition to the *Xenon* factors); *In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106 (Bankr. S.D. Tex. 2014) (identifying twelve factors for deciding whether to lift the automatic stay).

18. Here, lifting the stay will not interfere with the administration of these Chapter 7 Cases, harm the Debtors, or impact any other parties in interest. As noted above, the TMD Sale Order provided for the TMD Escrowed Funds to be transferred to the ABL Agent "to be held in escrow for the benefit of the ABL Lenders." TMD Sale Order ¶ 43. No other party, including the Debtors, is a named beneficiary of the TMD Escrowed Funds. Therefore, the Debtors have no interest in the TMD Escrowed Funds that the automatic stay could protect. And no other party has

any claim to the TMD Escrowed Funds being held for the exclusive "benefit of the ABL Lenders." Because these funds are unavailable for use by the Trustee—or any other party—the release will have no effect on the assets available for administration in these Chapter 7 Cases.

19. By contrast, continuing the stay prejudices the ABL Agent and the ABL Lenders by restricting funds held for their sole benefit, all while giving the estates nothing in return. The balance of harms weighs entirely in favor of relief.

20. Accordingly, pursuant to section 362(d)(1), the Court should find cause exists to lift the stay and allow the ABL Agent access to the TMD Escrowed Funds.

**B. Alternatively, Section 362(d)(2) Also Requires Relief**

21. Independent of section 362(d)(1), the Court should grant the relief sought herein pursuant to section 362(d)(2). When, as here, both elements of section 362(d)(2) are met, relief is mandatory. "[T]he court *shall* grant relief . . ." 11 U.S.C. § 362(d).

22. First, for the reasons set forth above, the Debtors have no equity in the TMD Escrowed Funds. These funds are held in escrow by the ABL Agent for the sole benefit of the ABL Lenders under a final order. TMD Sale Order ¶ 43.

23. Second, the TMD Escrowed Funds are not necessary for an effective reorganization. An effective reorganization requires "a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 376 (1988); *see also In re W.B.S.S., L.P.*, 366 B.R. 629, 632 (Bankr. E.D. Tex. 2007). These cases converted to chapter 7 on the Conversion Date, after the Court denied confirmation of the FBG Debtors' chapter 11 plan. No reorganization is possible in a chapter 7 liquidation. Accordingly, the TMD Escrowed Funds are not necessary for an effective reorganization.

24. For these reasons, the Court should lift the automatic stay for the limited purpose of allowing the ABL Agent to access the TMD Escrowed Funds being held for the exclusive benefit of the ABL Lenders.

## THE ABL AGENT SEEKS LIMITED RELIEF

25. The ABL Agent has reviewed the *Stipulation and Agreed Order (I) Modifying the Automatic Stay to Permit the DIP Agent to Sweep and Apply Cash Collateral of the FBG Converting Debtors and (II) Granting Related Relief* [Docket No. 3952] (the "AHG Stipulation") and the objections thereto. While the ABL Agent does not believe that any of the objections to the AHG Stipulation apply to the relief sought herein, for clarity, the ABL Agent states as follows:

a. The ABL Agent does not seek a release of any party's claims against the ABL Agent or the ABL Lenders.

b. The TMD Escrowed Funds sit in a segregated account and have not been commingled with the $21.2 million that is the subject of the Evolution Motion [Docket No. 3792]. The ABL Agent is not seeking the release of any portion of the disputed $21.2 million. Furthermore, the ABL Agent is not seeking a release of any of the Walbro AR, and the rights of all parties in interest in the Walbro AR are preserved.

c. The TMD Escrowed Funds that are the subject of this Motion pertain exclusively to the funds held in the Bank of America, N.A. account ending 1143, for the exclusive benefit of the ABL Lenders.

## RESERVATION OF RIGHTS

26. Nothing in this Motion or the Order constitutes an admission, determination, or finding as to the validity, enforceability, priority, perfection, amount, or extent of any claim, lien, security interest, or other interest. The ABL Agent reserves all of its rights, claims, defenses, and

remedies, including, without limitation, with respect to the Factored Receivables Accounts, the Walbro postpetition accounts receivable, and any other disputed assets, which, for the avoidance of doubt, are not the subject of this Motion.

## WAIVER OF BANKRUPTCY RULE 4001(A)(3)

27. The ABL Agent requests that the Court waive the fourteen-day stay under Bankruptcy Rule 4001(a)(3). The TMD Escrowed Funds sit in a segregated account, held in escrow for the exclusive benefit of the ABL Lenders, and the relief sought is narrowly limited to the release of the TMD Escrowed Funds. Continued delay serves no purpose.

## STATEMENT PURSUANT TO BANKRUPTCY LOCAL RULE 4001-1

28. Counsel for the ABL Agent conferred with counsel for the Trustee regarding the relief requested in this Motion. The Trustee has advised that she does not oppose the relief requested.

## NOTICE

29. On the date hereof, the ABL Agent will serve this Motion in accordance with Bankruptcy Rules 4001(a)(1) and 9014 and Bankruptcy Local Rule 4001-1(a)(4) on: (a) the Trustee and her counsel; (b) the U.S. Trustee; (c) counsel to the DIP Agent; (d) counsel to the Ad Hoc Group; (e) counsel to Evolution; (f) the chapter 7 trustee for the Evolution SPV Debtors; (g) counsel to Onset; (h) the Carnaby Chapter 7 Trustee; (i) all parties registered to receive electronic service in these cases; and (j) all parties that have requested notice under Bankruptcy Rule 2002. In light of the nature of the relief requested, the ABL Agent submits that no other or further notice need be given.

## NO PREVIOUS REQUEST

30. No previous request for the relief sought herein has been made by the ABL Agent to this or any other court.

WHEREFORE, the ABL Agent respectfully requests that the Court enter the Order, substantially in the form filed contemporaneously with this Motion, and grant such other and further relief as the Court deems appropriate under the circumstances.

Dated: November 18, 2026

*/s/ Tatianna J. Witter*

Tatianna J. Witter
WINSTON TAYLOR LLP
800 Capitol St., Suite 2400
Houston, TX 77002-2925
Telephone: 713-651-2600
Email: tatianna.witter@winstontaylor.com

*and*

Daniel J. McGuire (admitted *pro hac vice*)
Scott Ahmad (admitted *pro hac vice*)
WINSTON TAYLOR LLP
300 N. LaSalle, Suite 4400
Chicago, IL 60654
Telephone: 312-558-5600
Email: dan.mcguire@winstontaylor.com
scott.ahmad@winstontaylor.com

*and*

Carrie V. Hardman (admitted *pro hac vice*)
WINSTON TAYLOR LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-294-6700
Email: carrie.hardman@winstontaylor.com

*Counsel for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I certify that on November 18, 2026, I caused a true and correct copy of the foregoing to be served (a) through the Court's CM/ECF system on all parties registered to receive electronic notice in these cases, (b) by email on the parties identified in paragraph 28 of this Motion for whom an email address is available, and (c) by first-class United States mail on all other parties identified in paragraph 28.

*/s/ Tatianna J. Witter*
Tatianna J. Witter