**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| FIRST BRANDS GROUP, LLC, *et al.* | § | Case No. 25-90399 (CML) |
| Debtors.[1] | § | (Jointly Administered) |
| | § | (Emergency Relief Requested) |

**FBG TRUSTEE'S EMERGENCY MOTION FOR AUTHORIZATION TO ENTER INTO SERVICE AGREEMENT FOR PERSONNEL SERVICES**

**Emergency relief has been requested. Relief is requested not later than November 24, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Eva S. Engelhart, solely in her capacity as chapter 7 trustee (the "***FBG Trustee***") of the estates of the FBG Debtors[2] and their respective estates (the "***FBG Estates***") hereby moves (the "***Motion***") this Court for the following requested relief and state as follows in support of the Motion:

**EMERGENCY RELIEF REQUESTED**

1. The FBG Trustee seeks emergency authorization from the Court to enter into and perform under the *Services Agreement for HR Recruitment Consulting and Support and Dedicated Services Team* attached hereto as **Exhibit 1** (the "***Agreement***"), with ERPA Premium Vision

[1] A complete list of the Debtors in these chapter 7 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/firstbrands. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Conversion Order.

S.R.L. ("***ERPA***"), a Romanian human resources and staffing agency. The Agreement provides for the employment by ERPA of approximately 5–6 Romanian employees who were terminated by the Romanian judicial liquidator, KPMG Restructuring S.R.L., for Trico RO S.R.L. ("***Trico RO***") as of October 30, 2026. These former Trico RO employees previously provided services to certain FBG Debtors as part of a shared services center. The back-office services provided by these employees are essential to the ongoing winddown of the FBG Debtors, including the collection of accounts receivable. The Agreement allows the FBG Debtors to continue to utilize the services of the former-Trico RO employees, who have knowledge of the FBG Debtors systems, books, and records, in spite of the Trico RO insolvency proceedings in Romania.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408. Relief is proper pursuant to 11 U.S.C. §§ 105 and 363(b) or (c).

## BACKGROUND

3. On or around September 24, 2025 and September 28, 2025, the Debtors commenced chapter 11 cases in the United States Bankruptcy Court for the Southern District of Texas.

4. At a hearing on August 24, 2026, the Bankruptcy Court denied confirmation of the FBG Debtors' plan of reorganization, and on September 1, 2026, the Bankruptcy Court entered the *Order (I) Converting Chapter 11 Cases to Cases Under Chapter 7, (II) Establishing Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 3748] (the "***Conversion Order***").

5. On September 1, 2026, the U.S. Trustee appointed the Eva S. Engelhart as interim chapter 7 trustee of the estates of the FBG Debtors [Docket No. 3753].

6. On October 27, 2026, the FBG Trustee held section 341 meetings for the bankruptcy estates of the FBG Debtors, and no election was held to appoint a different, permanent chapter 7 trustee. *See* 11 U.S.C. §§ 702(b)–(d).

7. On or about September 29, 2026, Trico RO entered into bankruptcy proceedings under Romanian insolvency law and has since been operating under the supervision of KPMG Restructuring S.R.L. as the Judicial Liquidator appointed after the initiating of the insolvency proceedings. As of October 30, 2026, Trico RO is no longer providing services to the FBG Debtors through its shared services center and terminated the Romanian employees providing such services to the FBG Debtors. The Romanian employees were the main points of contact with customers and have critical commercial knowledge of the FBG Debtors' business through the termination date. This legacy knowledge is crucial to the FBG Trustee's ongoing collection and liquidation efforts.

8. The Court entered the *Order Granting Trustee's Emergency Motion for Authority to Operate Pursuant to 11 U.S.C. 721 as of September 1, 2026* [Docket No. 4022] ("***Operation Order***"), which authorized the FBG Trustee to operate the FBG Debtors through and including March 31, 2026, subject to further extension by the Court. Operation Order ¶ 1. The Operation Order provides, that the FBG Trustee is authorized to [e]mploy non-professional persons to assist in operations, including but limited to former employees of the FBG Debtors." *Id.* ¶ 2(ii).

9. The proposed Agreement between ERPA and the FBG Trustee would provide for a 4-month deposit for the services of the 5–6 former-Trico RO employees. They will be employees of ERPA and not employees of any FBG Debtors. ERPA will handle all the administration of



18814246

payroll, including taxes and social contributions for employees, occupational health and safety, occupational medicine, recordation of working time, leave for the employees, and other matters necessary to comply with Romanian law. The Agreement will save the FBG Trustee and the FBG Debtors' estates from having to handle human resources and personnel-related tasks for individuals working and residing in Romania. The FBG Trustee will provide requirements, priorities, and tasks to ERPA and ERPA would coordinate the dedicated personnel to accomplish those tasks and priorities. The use of the former-Trico RO employees will also be well-positioned to provide support to external stakeholders via reporting, data consolidation, and dispute reconciliation.

10. The FBG Trustee further seeks authorization as part of the terms of the Agreement to make a security deposit with ERPA of four (4) months in the amount of approximately $129,431 to cover the costs associated with the personnel.[3] The total monthly cost for employees, inclusive of ERPA's human resources fee, is approximately $37,211.

**BASIS FOR RELIEF**

11. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 363 of the Bankruptcy Code allows that, a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate" (11 U.S.C. § 363(b)) or, when the Court has authorized a trustee to operate the business of a debtor, "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business

[3] The "Security Deposit" (as defined in the Agreement) is 618,616 RON but is invoiced in U.S. dollars at the National Bank of Romania rate on the invoice date.

without notice or a hearing" (11 U.S.C. § 363(c)). The Trustee has a duty under section 704(a) of the Bankruptcy Code "to collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). The Operation Order authorized the FBG Trustee to employ non-professional persons to further the operations of the FBG Debtors. *See* Operation Order ¶ 2(ii).

12. While the FBG Trustee believes that she is authorized under section 363(c) and the Operation Order to enter into and perform under the Agreement with ERPA, the FBG Trustee is seeking the Court's authorization to enter into and perform under the Agreement out of an abundance of caution.

13. To the extent entry into the Agreement is outside the ordinary course of business or prior authorization of the Court, a trustee's business judgment is entitled to substantial deference with respect to the use, sale, or lease of estate assets when there is "some articulated business justification for using, selling, or leasing the property outside the ordinary course of business." *See, e.g., In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *In re Crutcher Resources Corp.*, 72 B.R. 628, 631 (Bankr. N.D. Tex. 1987) ("A Bankruptcy Judge has considerable discretion in approving a § 363(b) sale of property of the estate other than in the ordinary course of business but the movant must articulate some business justification for the sale."). Whether the proffered reason for the business judgment is sufficient depends on the facts of each case. *See Cont'l Air Lines*, 780 F.2d at 1226.

14. Once a trustee articulates a valid business justification, the court should review that request under the business judgment rule. *See In re Gulf Coast Oil Corp.*, 404 B.R. 407, 415 (Bankr. S.D. Tex. 2009) (noting that a debtor in possession has the discretionary authority to exercise business judgment given to an officer or director of a corporation). The business judgment rule protects certain trustee decisions from reevaluation by a court with the benefit of hindsight. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F. 2d 1303, 1311 (5th Cir. 1985) ("More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially."). Thus, if a trustee's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code.

15. Authorizing entry into the Agreement with ERPA will allow the FBG to retain the services of the former-Trico RO employees with knowledge of the FBG Debtors operations, customers, and accounts receivable, which is critical to the overall winddown of the FBG Debtors. It is in the best interests of the FBG Debtors' estates to enter into the Agreement in order to maximize recovery from the FBG Debtors' accounts receivable and to efficiently winddown the FBG debtors remaining operations. The FBG Trustee believes the obligations under the Agreement are reasonable, particularly when compared with the potential loss of knowledge and experience that would result without the ability to continue utilizing the services of Trico RO's former employees. The ABL and DIP lenders do not oppose the relief requested in this Motion.

## REQUEST FOR EMERGENCY CONSIDERATION

16. The FBG Trustee requests that the Court give emergency consideration to this Motion. Pursuant to Local Rule 9013-1(i), the undersigned, counsel for the Trustee, certifies that

this Motion and the grounds set forth for emergency consideration are accurate, to the best of his information and belief, after diligent inquiry and investigation

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion and enter an order, substantially in the form attached hereto (i) authorizing the Trustee to enter into and perform under the Agreement with ERPA and (ii) granting such other relief to which she may be entitled.

Dated: November 18, 2026.

Respectfully Submitted,

By: */s/ Joshua W. Wolfshohl*

**PORTER HEDGES LLP**
Joshua W. Wolfshohl (TX Bar No. 24038592)
Eric M. English (TX Bar No. 24062714)
M. Shane Johnson (TX Bar No. 24083263)
Grecia V. Sarda (TX Bar No. 24132092)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
eenglish@porterhedges.com
sjohnson@porterhedges.com
gsarda@porterhedges.com

*Counsel for the Chapter 7 Trustee, Eva S. Engelhart*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 18, 2026, a true and correct copy of the foregoing document has been served on all parties receiving ECF notice in the above-referenced cases.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

**CERTIFICATE OF ACCURACY**

The undersigned hereby certifies that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief. This statement is made pursuant to Bankruptcy Local Rules 9013-1(i).

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl