United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 20, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7<br>(Previously Chapter 11) |
| **FIRST BRANDS GROUP, LLC, *et al.*,** | ) | Case No. 25-90399 (CML) |
| Debtors. | ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER REGARDING**
**PROCEDURE FOR MCHENRY WIND DOWN SALE**
[Related to Case No. 25-90399, Docket No. 3933;
Case No. 25-90392, Docket No. 99]

This stipulation and agreed order (this "Agreed Order")[1] is entered into by and among (i) Eva S. Engelhart, the chapter 7 trustee (the "FBG Trustee") of the jointly administered estates of First Brands Group, LLC and its affiliated debtors (the "FBG Debtors");[2] and (ii) Ronald J. Sommers, the chapter 7 trustee (the "SPV Trustee") of the jointly administered estates of Patterson Inventory, LLC and its affiliated debtors (the "SPV Debtors")[3] (collectively, the "Parties") regarding procedures to sell the McHenry Wind Down Assets (as defined herein).

The Parties hereby stipulate and agree as follows:

---

[1] Capitalized terms used but not otherwise defined in this Agreed Order have the meanings ascribed to such terms in the *Order Pursuant to Section 363 of the Bankruptcy Code (I) Approving and Authorizing the Debtors to Enter Into and Perform Under the Consulting Agreement; (II) Authorizing the Sale of Wind Down Assets Free and Clear of All Liens, Claims, and Encumbrances; and (III) Granting Related Relief* [Docket No. 2454] (the "Wind Down Order").

[2] "FBG Debtors" means First Brands Group, LLC, First Brands Group Holdings, LLC ("FBGH"), FBGH's direct and indirect debtor subsidiaries, and Viceroy Private Capital, LLC. The FBG Debtors' service address for these chapter 7 cases is Eva Engelhart, Chapter 7 Trustee c/o Porter Hedges LLP, Joshua W. Wolfshohl, 1000 Main St., 36th Floor, Houston, Texas 77002.

[3] "SPV Debtors" means Patterson Inventory, LLC, Patterson Inventory Holdings, LLC, Starlight Inventory I, LLC, and Starlight Inventory Holdings I, LLC. The SPV Debtors' mailing address is 127 Public Square, Suite 5300, Cleveland, OH 44114.

WHEREAS, on April 16, 2026, the Court entered the Wind Down Order, authorizing the Debtors (and the FBG Trustee, as successor) to sell Wind Down Assets pursuant to certain enumerated notice and sale procedures;

WHEREAS, on July 9, 2026, the Court entered the *Order Extending Wind Down Order to Chapter 7 Trustee and Related Relief* [Case No. 25-90392, Docket No. 61] (the "Wind Down Order Extension"), extending the Wind Down Order to the SPV Trustee;

WHEREAS, on October 6, 2026, the SPV Trustee filed the *Emergency Application to Authorize the SPV Debtors' Trustee to Sell Inventory Pursuant to the Wind Down Order* [Case No. 25-90392, Docket No. 99] (the "SPV Trustee Inventory Motion");

WHEREAS, on October 18, 2026, the FBG Trustee filed the *Chapter 7 Trustee of the FBG Debtors' Emergency Motion for Entry of Order (A) Authorizing Consummation of McHenry Wind Down Sale Pursuant to the Wind Down Order and (B) Granting Related Relief* [Case No. 25-90399, Docket No. 3933] (the "McHenry Wind Down Sale Motion") seeking, among other things, approval of a sale of inventory, machinery, and equipment located at the FBG Debtors' McHenry, Illinois facilities (the "McHenry Wind Down Assets"), on the terms set forth in the McHenry Wind Down Sale Motion and pursuant to the process set forth in the Wind Down Order;

WHEREAS, the FBG Trustee and the SPV Trustee have agreed to consider all bid structures, including bids assuming potential tariff liabilities applicable to the McHenry Wind Down Assets (such a bid, a "Tariff Assumption Bid") and bids not assuming such potential tariff liabilities (such a bid, an "All Cash Bid");

WHEREAS, the FBG Trustee and the SPV Trustee have determined that these agreed procedures regarding the sale of the McHenry Wind Down Assets (such sale, the "McHenry Wind Down Sale") represent the best path forward under the circumstances of these cases;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED THAT:**

1. This Agreed Order shall govern the process for consummating the McHenry Wind Down Sale and shall be binding on each of the Parties hereto. The Parties are authorized and directed to take all actions as are necessary or appropriate to implement the process set forth in this Agreed Order.

2. The agreed schedule for the McHenry Wind Down Sale is as follows:

| Date and Time | Event or Deadline |
|---|---|
| **November 16, 2026 at 11:59 p.m. (prevailing Central Time)** | Bid Deadline for Tariff Assumption Bids |
| **November 18, 2026 at 9:30 a.m. (prevailing Central Time)** | Auction for Tariff Assumption Bids (via Zoom) |
| **November 30, 2026 at 11:59 p.m. (prevailing Central Time)** | Bid Deadline for All Cash Bids |
| **December 1, 2026 at 12:00 p.m. (prevailing Central Time)** | Auction for All Cash Bids (via Zoom) |
| **December 1, 2026 at 11:59 p.m. (prevailing Central Time)** | Deadline to File Notice of Successful Bidder |
| **December 3, 2026 at 12:00 p.m. (prevailing Central Time)** | Sale Objection Deadline |
| **December 4, 2026 at 11:00 a.m. (prevailing Central Time) (subject to Court availability)** | Sale Hearing (if uncontested) |
| **December 9, 2026 at 1:00 p.m. (prevailing Central Time) (subject to Court availability)** | Sale Hearing (if contested) |

**Bid Deadlines and Auctions**

3. Tariff Assumption Bids were submitted by November 16, 2026 at 11:59 p.m. (prevailing Central Time).

4. A virtual auction (the "Tariff Assumption Auction") for the Tariff Assumption Bids commenced on November 18, 2026 at 9:30 a.m. (prevailing Central Time) and was facilitated by counsel to the FBG Trustee. The highest or otherwise best Tariff Assumption Bid at the conclusion of the Tariff Assumption Auction shall constitute the "Prevailing Tariff Assumption Bid," and the bidder that submitted it, the "Prevailing Tariff Assumption Bidder."

5. All Cash Bids shall be submitted to the Bid Recipients by email by November 30, 2026 at 11:59 p.m. (prevailing Central Time) to the following parties (the "Bid Recipients"):

**Hilco**

FirstBrandsLiquidation@Hilcoglobal.com

**Special Counsel to the FBG Trustee**

Katten Muchin Rosenman LLP
Cindi M. Giglio (cgiglio@katten.com)
Grace A. Thompson (grace.thompson@katten.com)

**Counsel to the SPV Trustee**

Jones Murray LLP
Erin Jones (erin@jonesmurray.com)

Elsberg Baker & Maruri PLLC
Michael Duke (mduke@elsberglaw.com)
Andrew Parks (aparks@elsberglaw.com)

**Consultant to the SPV Trustee**

H. David Overbeeke (david.overbeeke@championrco.com)

Each All Cash Bid must include a binding commitment by the bidder to pay all Location Expenses accruing from and after entry of the order approving the McHenry Wind Down Sale (the "Sale Order"), as set forth in paragraph 11 of this Agreed Order.

6. If the Bid Recipients receive two or more binding All Cash Bids by the Bid Deadline for All Cash Bids, counsel to the FBG Trustee and counsel to the SPV Trustee shall jointly conduct a second virtual auction, via Zoom, among the bidders that submitted such All Cash Bids (the "All Cash Auction") on December 1, 2026, at 12:00 p.m. (prevailing Central Time). Before the Bid Deadline for All Cash Bids, counsel to the FBG Trustee and counsel to the SPV Trustee shall inform prospective All Cash bidders that they must submit any All Cash Bid by the Bid Deadline for All Cash Bids and should plan to participate in the All Cash Auction on December 1, 2026, at 12:00 p.m. (prevailing Central Time), and shall provide instructions for participating. At the commencement of the All Cash Auction, counsel to the SPV Trustee will announce the starting bid, which shall equal the highest or otherwise best binding All Cash Bid received by the Bid Deadline for All Cash Bids, the minimum overbid, and other procedures for the All Cash Auction. Each bid submitted at the All Cash Auction must qualify as an All Cash Bid and must include the binding commitment to pay Location Expenses set forth in paragraph 5 of this Agreed

Order. The highest or otherwise best bid at the conclusion of the All Cash Auction shall constitute the "Prevailing All Cash Bid," and the bidder that submitted it, the "Prevailing All Cash Bidder." If the Bid Recipients receive only one binding All Cash Bid, the All Cash Auction shall be cancelled, counsel to the FBG Trustee and counsel to the SPV Trustee shall promptly notify that bidder of the cancellation, and that All Cash Bid shall constitute the Prevailing All Cash Bid.

7. Following the close or cancellation of the All Cash Auction, the FBG Trustee and the SPV Trustee shall evaluate the Prevailing Tariff Assumption Bid and the Prevailing All Cash Bid, if any, and: (a) if no binding All Cash Bid is received, the SPV Trustee shall consent to the sale of the McHenry Wind Down Assets to the Prevailing Tariff Assumption Bidder, and the Sale Hearing shall proceed on an uncontested basis; (b) if a binding All Cash Bid is received and the Prevailing All Cash Bid is one that the FBG Trustee, in her business judgment, values at less than the Prevailing Tariff Assumption Bid, the Parties shall seek approval of their respective proposed McHenry Wind Down Sales on a contested basis at the Sale Hearing; and (c) if a binding All Cash Bid is received and the Prevailing All Cash Bid is one that the FBG Trustee, in her business judgment, values at greater than the Prevailing Tariff Assumption Bid, the FBG Trustee shall consent to the sale of the McHenry Wind Down Assets to the Prevailing All Cash Bidder, and the Sale Hearing shall proceed on an uncontested basis. Each bid that the FBG Trustee or the SPV Trustee seeks to have approved at the Sale Hearing pursuant to this Paragraph shall constitute a "Successful Bid," and each bidder that submitted such a bid, a "Successful Bidder." Notwithstanding the receipt of a binding All Cash Bid, nothing in this Paragraph requires the Sale Hearing to proceed on a contested basis if the Parties agree on a single Successful Bid under either structure.

**Notice of Successful Bidder and Sale Hearing**

8. By no later than December 1, 2026 at 11:59 p.m. (prevailing Central Time), the FBG Trustee and the SPV Trustee shall file a Notice of Successful Bidder(s). The Notice of Successful Bidder will include, at a minimum:

a. a statement of whether the FBG Trustee and SPV Trustee have agreed to a single Successful Bid or whether they will seek approval of two competing proposed McHenry Wind Down Sales on a contested basis at the sale hearing (the "Sale Hearing");

b. the identity of the Successful Bidder(s);

c. the final form(s) of the Proposed Bill of Sale and any other Transaction Documents; and

d. a proposed form(s) of sale order.

Contemporaneously with the filing of the Notice of Successful Bidder, counsel to the FBG Trustee will serve a Wind Down Sale Notice on the Wind Down Sale Notice Parties. Any objection to the McHenry Wind Down Sale, including to any Successful Bid identified in the Notice of Successful Bidder(s), must be filed and served on the Parties by no later than December 3, 2026 at 12:00 p.m. (prevailing Central Time).

9. If the McHenry Wind Down Sale is uncontested, as between the FBG Trustee and SPV Trustee, the Sale Hearing shall be held on December 4, 2026 at 11:00 a.m. (prevailing Central Time), subject to the Court's availability. If the McHenry Wind Down Sale is contested, as between the FBG Trustee and SPV Trustee, the Sale Hearing shall be held on December 9, 2026 at 1:00 p.m. (prevailing Central Time), subject to the Court's availability.

## Location Expenses

10. If a Tariff Assumption Bid is approved at the Sale Hearing, Location Expenses[4] for the McHenry facilities from December 1, 2026 through the closing of the McHenry Wind Down Sale ("Closing") shall be deducted from and payable out of the Gross Proceeds of the McHenry Wind Down Sale.

11. If an All Cash Bid is approved at the Sale Hearing, (i) Location Expenses from December 1, 2026 through the date of entry of the order approving the McHenry Wind Down Sale (the "Sale Order") shall be deducted from and payable out of the Gross Proceeds of the McHenry Wind Down Sale; and (ii) Location Expenses accruing from and after entry of the Sale Order shall be paid by the Prevailing All Cash Bidder.

## Miscellaneous Provisions

12. Upon entry of this Agreed Order, the SPV Trustee shall withdraw the SPV Trustee Inventory Motion [Case No. 25-90392, Docket No. 99] solely as to the McHenry Wind Down Sale and the McHenry Wind Down Assets, without prejudice to the SPV Trustee's ability to re-assert it if the McHenry Wind Down Sale is not granted.

13. The Parties, together with their respective professionals and consultants (including Hilco and H. David Overbeeke), shall continue to cooperate in good faith in connection with the McHenry Wind Down Sale, including, without limitation, by promptly (1) disclosing to the other Party all bids received, (2) disclosing to each Party the available cost and tariff information relating to the McHenry Wind Down Assets, (3) providing prospective bidders with reasonable access to the McHenry facilities for site visits, (4) providing prospective bidders with available inventory

[4] "Location Expenses" refers to "any past-due amounts owed by the Debtors on account of pospetition rent, taxes, utilities, or other occupancy expenses for a particular Location." *See* Wind Down Order ¶ 22.

and SKU records, including quantities, locations, and condition information, (5) responding to prospective bidders' reasonable diligence inquiries, and (6) cooperating to arrange inspections and buyer discussions, as appropriate.

14. Except as expressly set forth herein, the Wind Down Order and Wind Down Order Extension shall remain in full force and effect, including the notice and consent rights of all parties-in-interest thereunder. Except as expressly set forth herein, nothing in this Agreed Order shall constitute a waiver or modification of any right under the Wind Down Order or Wind Down Order Extension.

15. The SPV Trustee reserves all rights to seek approval for his consultant, Mr. H. David Overbeeke, to be paid his fees from the Net Proceeds of the sale of the McHenry Wind Down Assets.

16. The Court shall retain exclusive jurisdiction to determine compliance with this Agreed Order, including whether the Parties have adhered to the procedures set forth herein.

17. Notwithstanding Bankruptcy Rule 6004(h), or any Local Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Agreed Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Agreed Order.

Signed: November 20, 2026

Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO BY:**
Dated: November 19, 2026

*/s/ Cindi M. Giglio*
**KATTEN MUCHIN ROSENMAN LLP**
Cindi M. Giglio
Grace A. Thompson
50 Rockefeller Plaza
New York, New York 10020-1605
Telephone: (212) 940-8800
Email: cgiglio@katten.com
grace.thompson@katten.com

- and -

Rachel M. Riley
2121 N. Pearl Street, Suite 1100
Dallas, Texas 75201
Telephone: (214) 765-3600
Email: rachel.riley@katten.com

*Special Counsel for the FBG Trustee*

*/s/ Erin E. Jones*
**JONES MURRAY LLP**
Erin E. Jones (24032478)
Christopher R. Murray (24081057)
602 Sawyer, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Email: erin@jonesmurray.com
chris@jonesmurray.com

*Counsel for the SPV Trustee*

- and -

**ELSBERG BAKER & MARURI PLLC**
Michael Duke (admitted *pro hac vice*)
David Elsberg (admitted *pro hac vice*)
Vivek Tata (admitted *pro hac vice*)
Andrew Parks (admitted *pro hac vice*)
Ella Epstein (admitted *pro hac vice*)
Victoria Klevan (admitted *pro hac vice*)
350 Fifth Avenue, 38th Floor
New York, NY 10118
Telephone: (212) 597-2600
Email: mduke@elsberglaw.com
delsberg@elsberglaw.com
vtata@elsberglaw.com
aparks@elsberglaw.com
eepstein@elsberglaw.com
vklevan@elsberglaw.com

*Special Litigation Counsel for the SPV Trustee*

**Certificate of Service**

I hereby certify that on November 19, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Cindi M. Giglio*
Cindi M. Giglio

United States Bankruptcy Court
Southern District of Texas

In re: Case No. 25-90399-cml
First Brands Group, LLC Chapter 7
WEM US Co.
Debtors

# CERTIFICATE OF NOTICE

District/off: 0541-4 User: ADIuser Page 1 of 3
Date Rcvd: Nov 20, 2026 Form ID: pdf111 Total Noticed: 14

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 22, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| intp | | Charmaine Thomas, New York, NY 10001 |
| intp | + | David Parker, Davis & Santos, 719 S. Flores Street, San Antonio, TX 78204, UNITED STATES 78204-1350 |
| intp | + | David Parker, Davis and Santos, PLLC, 719 S. Flores Street, San Antonio, TX 78204, UNITED STATES 78204-1350 |
| intp | | Deva Capital Investment Company S.L.U., Avenida de Cantabria s/n, Boadilla del Monte, 28660, SPAIN |
| intp | + | Flex-N-Gate LLC, Foley & Lardner LLP, 2021 McKinney Ave., Suite 1600, Dallas, TX 75201-3340 |
| intp | + | Husqvarna Business Support AB, c/o Sean A. Gordon, Thompson Hine LLP, 3560 Lenox Road Suite 1600, Atlanta, GA 30326-4274 |
| intp | + | Jeff Janson, 408 Coburn Lane, Franklin, TN 37069-1400 |
| intp | + | Marco Gaxiola, 5602 Buckeye Ct, Brownsville, TX 78526-4342 |
| intp | + | Patrick James, Quinn Emanuel Urquhart & Sullivan, LLP, 295 5th Avenue, New York, NY 10016-7103 |
| intp | #+ | Phoenix Brownsville Industrial Investors LLC, c/o David E. Lemke, Holland & Knight LLP, 511 Union St, Suite 2700, Nashville, TN 37219-1791 |
| intp | + | Twin City Fire Insurance Company, Phelps Dunbar, 1001 Fannin, Suite 2200, Houston, TX 77002 UNITED STATES 77002-6730 |

TOTAL: 11

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| tr | + | Email/Text: ccurtis@mcginnislaw.com | Nov 20 2026 19:53:00 | Catherine Stone Curtis, P.O. Box 720788, McAllen, TX 78504-0788 |
| intp | + | Email/Text: tom@howley-law.com | Nov 20 2026 19:52:00 | Ad Hoc Group of Lenders, 700 Louisiana Street, Suite 4220, Houston, TX 77002, UNITED STATES 77002-2881 |
| intp | + | Email/Text: usatxs.bankruptcy@usdoj.gov | Nov 20 2026 19:51:00 | United States Of America, United States Attorney's Office, 1000 Louisiana Street, Suite 2300, Houston, TX 77002, UNITED STATES OF AMERICA 77002-5010 |

TOTAL: 3

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| tr | | Eva Engelhart |
| intp | | 1970 Group, Inc. |
| intp | | A.N Webber Logistics, Inc. |
| intp | | AXIS Insurance Company |
| intp | | Adam S Wesley |
| intp | | Aequum Capital Financial II LLC |
| intp | | Akin Gump Strauss Hauer & Feld LLP |
| intp | | Allianz Global Risks US Insurance Company |
| intp | | Amanda Coxbill |

| | |
|---|---|
| intp | Arch Insurance Company |
| res | Argent Institutional Trust, as Litigation Trustee |
| intp | Banco Actinver, Sociedad Annima, Institucin de Ban |
| intp | Berkley Insurance Company |
| intp | CMX North America Inc. |
| intp | Carnaby II and III Secured Parties |
| intp | Edward James |
| intp | FCA US LLC |
| intp | Fair American Insurance and Reinsurance Company |
| intp | Federal Insurance Company |
| intp | Hannah Aiello |
| intp | Harish Uniyal |
| intp | Hilco Valuation Services, LLC, Dba Hilco Global an |
| intp | Ironshore Indemnity, Inc. |
| intp | Jefferies Financial Group Inc. |
| intp | JessCo Brakes Inc., an affiliate of Friction One B |
| intp | John Doe |
| intp | Karam Singh |
| intp | LAM TFG |
| intp | LAM TFG I SPV |
| intp | LAM TFG II |
| intp | Laurie Stein |
| intp | Leucadia Asset Management LLC |
| intp | Mahavir Die Casters Pvt Ltd |
| intp | Markel American Insurance Company |
| intp | Michael Baker |
| intp | Michael Baker |
| intp | Michael Baker |
| intp | Motorcar Parts of America, Inc. |
| intp | Naresh Sharma |
| intp | National Union Fire Insurance Co. of Pittsburgh, P |
| intp | Nelly Luna |
| intp | Nigel Crighton |
| intp | Nissan North America, Inc. |
| intp | Overdrive Acquisition, LLC, /, /, /, / |
| intp | PGI Northstar LLC |
| intp | Peter Andrew Brumbergs |
| intp | Polaris Industries Inc. |
| intp | Premium Guard Incorporated |
| intp | Press-Seal Corporation |
| intp | QBE Insurance Corporation |
| intp | Ryder Integrated Logistics, Inc. |
| intp | SPV Debtors |
| intp | Scott Wallace |
| intp | Shallendra Shukla |
| intp | Shekhar Kumar |
| intp | Stephen Graham |
| intp | The NOCO Company |
| intp | The Reinalt-Thomas Corporation d/b/a Discount Tire |
| intp | TransImpact, LLC |
| intp | Vineet Kumar Garg |
| intp | Westfield Select Insurance Company |
| intp | XL Specialty Insurance Company |
| intp | Zurich American Insurance Company |

TOTAL: 63 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 22, 2026 Signature: /s/Gustava Winters